IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-0275-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT**

---

    Plaintiffs Sports Rehab Consulting LLC ("Sports Rehab") and Lindsay Winninger ("Winninger") submit this Memorandum In Opposition To Defendant's Motion For An Extension Of Time To Answer Or Otherwise Respond to Plaintiffs' Complaint. Plaintiffs will respond in the sequence set forth in the motion.

    ***First***, the recitation of facts set forth in ¶ 1 of Defendant Vail Health's motion is essentially correct, other than its omission of several key reasons why Plaintiffs declined to agree to a lengthy extension. Among those facts is that Janet Savage and the Davis Graham law firm have been representing Vail Health in litigation concerning certain of the facts that give rise to this case since January 2016. This is not an entirely new matter of which Vail Health has not notice. Vail Health is also fully "lawyered-up" with 2 prominent Denver law firms with a total of about 7 lawyers directly involved in the dispute. So Vail Health is fully armed with legal counsel capable of responding within the time prescribed

1

by the rules.

***Second***, although Vail Health was not served with the summons and complaint until August 2, its lawyers have had actual knowledge of the filing of the complaint since July 18, 2019, and therefore has had a total of 35 days to marshal the legal resources to comply with the 21-day time for filing an answer or otherwise responding. Nevertheless, Vail Health's lawyers waited until 2 days before the time to respond to request an extension—hardly evidence of an over-abundance of diligence in responding to a Sherman Act antitrust case.

***Third***, the date for responding to the complaint is indeed August 23, 2019.

***Fourth***, Vail Health has accurately set forth the length of the complaint, although it has long been aware of many of the facts and antitrust theories of the complaint.

***Fifth***, Vail Health correctly states in ¶ 5 of its motion that the complaint asserts antitrust claims under the federal Sherman Act as well as the 1992 Colorado Antitrust Act.

***Sixth***, Plaintiffs are unaware of any jurisdictional or claim-splitting issues raised by the complaint.

***Seventh***, in ¶ 7 of its motion Vail Health asserts that "[i]t was unclear until a status conference in the Eagle County action yesterday, August 21, 2019, whether the [Colorado] antitrust claim would proceed." That assertion is not entirely true, however, unless Defendants had no knowledge of the statement that was made by Judge Russell Granger, Eagle County District Court, on July 18, 2019: ""Well, *if the antitrust case* – regardless of the Order, *if the antitrust had been filed in Federal Court, it's not before me. It's a Federal issue*."[1] So Vail Health and its attorneys were well aware that this

---

[1]   Hearing Transcript at p. 6, ll. 4-7, *Winninger, et al. v. Kirchner, et al.*, Case No. 2017CV020301, District Court, Eagle County, Div. 4 (July 18, 2019) (emphasis added).

case would proceed in federal court.

***Eight***, in ¶ 8 of its motion Vail Health makes the bald assertion that: "The Complaint also raises numerous procedural and ethical concerns as it relies on information provided to Plaintiffs in the Eagle County action pursuant to a protective order and incorporates allegations that were dismissed with prejudice by the Eagle County court."  It is unclear what Vail Health means by "procedural and ethical concerns" because it offers no facts or analysis to support the assertion.  If Plaintiffs guess correctly, however, Vail Health is referring to references to a joint venture and a lease in the complaint.

Those factual allegations are not protected because on numerous occasions Defendants waived any argument they might have had under the protective order in the Eagle County action.  In several depositions, Vail Health's attorney—Janet Savage—herself asked many questions of non-party witnesses about the joint venture and lease restrictions without ever designating the confidential nature of those facts.  For example:

- **Dan Drawbaugh deposition**:  Janet Savage: "Q. So on the joint venture, as I understand it [] is that Steadman and the hospital [Vail Health] both co-owned Howard Head and, therefore, shared in the profits?  Deponent Daniel Drawbaugh, CEO of The Steadman Clinic: A: "Correct."[2]

- **Dr. Marc Philippon deposition**:  Janet Savage questioning and Dr. Marc Philippon, Managing Partner of The Steadman Clinic answering: "Q. And you have a lease with the hospital?  A: Yes.  Q: And the lease has restrictions in it?  A: Absolutely.  Q: As far as doing physical therapy and using the space?  A: Absolutely, for sure, yeah."[3]

---

[2]   Daniel Drawbaugh Deposition at p. 154, ll. 23-25; p. 155, ll. 1-4 (August 28, 2018).
[3]   Deposition of Marc Philippon, p. 139, ll. 6-13 (September 27, 2018).

Plaintiffs could also cite *numerous* instances where the joint venture and lease restrictions involved questions, answers and the introduction of deposition exhibits where Ms. Savage, as counsel of record for Vail Health, failed to interpose any objections and failed to designate the confidential nature of the testimony or evidence being sought. Having failed to preserve whatever confidential designation Vail Health now seeks to assert, that designation has been waived by the express provisions of the protective order and applicable law.[4]

Defendants, therefore, should be provided no more than a 14 day extension of time to answer or respond to Plaintiffs' complaint.

Dated:  August 23, 2019

*s/ Jesse Weins*
Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
alkildow@aol.com

Attorneys for Plaintiffs Sports Rehab
Consulting LLC and Lindsay Winninger and

---

[4] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115-16 (2d Cir. 20016); *Fischman v. Mitsubishi Chem. Holding Am., Inc.*, at 4-5 (S.D.N.Y. July 11, 2019); *Hayse v. City of Melvindale*, Case No. 17-132943, at 1-8 (E.D. Mich. Aug. 2, 2018).