IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO DISMISS OR STAY PURSUANT TO *COLORADO RIVER* DOCTRINE OR, ALTERNATIVELY, STAY DISCOVERY

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") hereby moves to dismiss or stay this action pursuant to *Colorado River* or, in the alternative, stay discovery.[1]

### PRELIMINARY STATEMENT

By filing this lawsuit, Plaintiffs seek to further draw out an already protracted dispute that has been litigated in state court for years. In April 2017, Plaintiffs filed the lawsuit *Winninger v. Vail Health et al.*, No. 2017CV030102, in Eagle County district court (the "State Court Action"). The State Court Action has been aggressively litigated for nearly two and a half years. The docket contains almost 400 entries and thousands of filed documents. (*See* Ex. 1, Docket Sheet in State Court Action.) The parties have produced more than 65,000 pages of documents in discovery. The Eagle County Court—through the efforts of two judges, a special master, and an

---

[1] Defendant conferred with Plaintiffs regarding the motion. Plaintiffs' counsel indicated by email on September 17, 2019 and during a September 27 call that Plaintiffs oppose the relief requested.

- 1 -

independent forensic expert—has devoted substantial resources to the case, adjudicating approximately 80 motions, including 8 dispositive motions and more than 20 discovery motions. (*Id.*)  After litigating this case for more than two years, Plaintiffs appear to have filed this lawsuit ("Federal Court Action") because they are unsatisfied with recent rulings of the Eagle County court, which dismissed many of Plaintiffs' claims on summary judgment.

To foster the efficient resolution of disputes among the parties, prevent a waste of judicial resources by this Court, and avoid rewarding Plaintiffs' vexatious delay tactics, the Court should stay or dismiss this proceeding pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  In the alternative, the Court should stay discovery pending the resolution of this motion and Defendant's forthcoming motion to dismiss pursuant to Rule 12(b)(6).

## BACKGROUND

### A.   State Court Lawsuit

While a comprehensive recitation of the extensive proceedings in the State Court Action would require many more pages than available in this motion, below is a brief description of some of the key events.

Plaintiffs in this action are Lindsay Winninger and her company, Sports Rehab Consulting, LLC ("SRC") (collectively, "Plaintiffs").  In April 2017, Ms. Winninger and SRC filed the State Court Action against Vail Clinic Inc. ("Vail Health") and its CEO, Doris Kirchner. (Ex. 2, Verified Complaint and Jury Demand (Apr. 25, 2017) ("Initial Complaint").)  Plaintiffs alleged that Vail Health and Ms. Kirchner falsely stated to various members of the Vail Valley community that Plaintiffs and David Cimino (a physical therapist who left Vail Health to work for SRC) stole Vail Health documents, including patient records.  (*Id.* at 2.)  Plaintiffs alleged

that Vail Health and Ms. Kirchner made such allegedly false statements to monopolize the market—in Plaintiffs' words: "in an effort to dissuade orthopedic clinics, doctors, and patients from using Winninger and [SRC's] physical therapy services" and to "drive Winninger and her company out of business." (*Id.*)  Plaintiffs asserted four causes of action:  defamation, tortious interference with contract, tortious interference with current business relationship, and tortious interference with prospective business relationship.  (*Id.* ¶¶ 73-101.)

In July 2017, Defendants filed an answer, counterclaims against Plaintiffs, and a third-party complaint against Mr. Cimino.  Defendants asserted: (1) a breach of contract claim against Mr. Cimino, which alleged that he breached the confidentiality and non-solicitation provisions of his employment agreement with Vail Health; (2) an interference with contract claim against Ms. Winninger and SRC, for inducing Mr. Cimino to breach is employment agreement with Vail Health; (3) a breach of duty of loyalty claim against Mr. Cimino for soliciting Vail Health clients to SRC while still employed by Vail Health; (4) civil theft, conversion, and misappropriation of trade secrets claims against Ms. Winninger, SRC, and Mr. Cimino for stealing Vail Health's property, including patient files and confidential or trade-secret information; and (5) civil conspiracy / aiding and abetting against Ms. Winninger, SRC, and Mr. Cimino.  Notably, it is *undisputed* that Mr. Cimino downloaded thousands of documents from his Vail Health computer to two USB storage devices before his last day at Vail Health.

In the course of discovery, the Court entered an Order Providing for Forensic Examination of Electronic Devices ("Initial Forensic Order").  The Initial Forensic Order called for the appointment of an independent forensic expert who would create images of the USB devices Mr. Cimino used to download documents from Vail Health's server and computers of

Winninger, SRC, and Mr. Cimino, and then identify files common to the USB devices and the computers. (Ex. 3, Initial Forensic Order at 3, 6-10.)

In February 2018, Plaintiffs filed an Amended Complaint, which asserted 24 defamation claims and three tortious interference claims. (Ex. 4, Amended Complaint ¶¶ 118-399.) At the core of the Amended Complaint was Plaintiffs' allegation that "Vail Health made defamatory statements to maintain its market dominance and drive Winninger and Sports Rehab out of business." (*Id.* at 14 (all caps omitted).)

As the litigation progressed, the parties engaged in extensive discovery. Many disputes arose among the parties, resulting in the scores of motions to compel, motions for protective orders, and motions for sanctions. (*See* Ex. 1, Docket Sheet in State Court Action.) The parties also filed multiple motions regarding the scope of the examination by the independent forensic expert. This flurry of motions caused the independent forensic expert to observe in 2019 that the State Court Action was the most adversarial he had ever been involved in, despite conducting thousands of forensic examinations.

In January 2019, Defendants moved for summary judgment with respect to Plaintiffs' defamation claims, arguing primarily that there was no evidence the statements were made or, alternatively, that the statements were privileged as a matter of law. In May 2019, the Court largely granted Defendants' motion for summary judgment, dismissing sixteen of Plaintiffs' defamation counts. (*See* Ex. 5, Order Granting in Part Defendants' Motion for Summary Judgment as to Plaintiffs' Defamation Claims.)

While the motion for summary judgment was pending—and more than a year and a half after filing their initial complaint—Plaintiffs moved for leave to file a *Second* Amended Complaint, seeking to add claims for exemplary damages and monopolization claims under the

Colorado Antitrust Act.  After initially granting Plaintiffs' motion to file a Second Amended Complaint (*see* Ex. 6, Order Granting Plaintiff's Motion to Amend Complaint (Mar. 5, 2019)), and after Defendants filed a motion to dismiss that Second Amended Complaint, the Court *sua sponte* concluded that the Second Amended Complaint claims should not stand:  "The Plaintiff also has requested that a Second Amended Complaint be filed.  This request is also denied.  The Plaintiff herself, through her attorney, has recently complained that this case is 2 ½ years old and needs to get to trial.  An amended complaint will cause additional delay."  (Ex. 7, Order (May 28, 2019).)  After several hearings, Plaintiffs ultimately did not oppose Defendants' motion to dismiss claims in the Second Amended Complaint, including the monopolization claim.

In July 2019, in light of delays resulting from discovery disputes, the Court appointed Hon. W. Terry Ruckriegle as a special master.  (Ex. 8, Order Appointing Special Master per C.R.C.P. 53(a) (July 18, 2019).)  Multiple discovery motions have already been briefed and argued before the special master.

   B.   **Federal Court Action**

Thereafter, Plaintiffs filed this lawsuit, naming Vail Health as the sole defendant.  (Dkt. No. 1.)  After the parties met and conferred regarding Defendant's proposed motion to dismiss, Plaintiffs filed an amended complaint ("Amended Complaint").  (Dkt. No. 26.)  Like the complaints in the State Court Action, the Amended Complaint alleges that Vail Health made false statements regarding Plaintiffs and their involvement in the theft of Vail Health files in an effort to prevent Ms. Winninger and SRC from competing with Vail Health in the alleged Vail Valley physical therapy market.  (*See, e.g.*, Am. Compl. ¶¶ 7-8, 94-226.)  Plaintiffs assert two causes of action:  monopolization under Section 2 of the Sherman Act and attempted monopolization under Section 2 of the Sherman Act.  (*Id.* ¶¶ 242-273.)

# ARGUMENT

## I. THE FEDERAL COURT ACTION SHOULD BE STAYED OR DISMISSED PURSUANT TO THE *COLORADO RIVER* DOCTRINE

### A. *COLORADO RIVER* ANALYSIS

Federal courts have long recognized that there are circumstances where, for reasons of judicial economy and fairness, they should dismiss or stay a federal lawsuit due to a lawsuit pending in state court related to the same facts. In *Colorado River*, the Supreme Court observed that "considerations of (w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," can sometimes justify abstention by a federal court due to a parallel proceeding in state court. 424 U.S. at 817.

Subsequent decisions have expounded upon *Colorado River*. It is well established that "[t]he *Colorado River* Doctrine controls when deciding . . . whether a district court should have stayed or dismissed a federal suit pending the resolution of a parallel state court proceeding." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The *Colorado River* doctrine is commonly employed to stay or dismiss federal litigation that is *duplicative* of state-court litigation. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) ("[F]ederal courts have the power to refrain from hearing . . . cases which are duplicative of a pending state proceeding." (citing *Colorado River*, 424 U.S. at 800)); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013) ("It is well-established that federal courts have the power to refrain from hearing, among other things, cases which are duplicative of a pending state proceeding. This latter principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine." (internal quotation marks omitted)); *Brumfiel v. U.S. Bank, N.A.*, No. 14–cv–2453–WJM, 2014 WL 7005253, at *5 (D. Colo. Dec. 11, 2014) (Martinez, J.) (same).

In the Tenth Circuit, dismissing or staying a federal court proceeding pursuant to the *Colorado River* doctrine requires two findings: (1) a finding that the state and federal proceedings are parallel and (2) a finding that the eight *Colorado River* factors (discussed below) weigh in favor of abstention. *See, e.g.*, *Gerbino v. Sprint Nextel Corp.*, No. 12-2722, 2013 WL 2405558, at *3 (D. Kan. May 31, 2013).

*First*, "a federal court must . . . determine whether the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (internal quotation marks omitted); *Gerbino*, 2013 WL 2405558, at *3 ("The standard is one of 'substantial similarity,' not identicalness."). "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Abe v. New York Univ.*, No. 14-cv-9323, 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016). Parallelism cannot "be dispelled by repackaging the same issue under different causes of action." *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004).

*Second*, the court must determine whether eight identified factors weigh in favor of abstention:

> 1. the possibility that one of the two courts has exercised jurisdiction over property [*i.e.*, in rem jurisdiction]
>
> 2. the inconvenience from litigating in the federal forum
>
> 3. the avoidance of piecemeal litigation
>
> 4. the sequence in which the courts obtained jurisdiction
>
> 5. the 'vexatious or reactive nature' of either case
>
> 6. the applicability of federal law

>   7. the potential for the state-court action to provide an effective remedy for the federal plaintiff
>
>   8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121-22 (10th Cir. 2018). While *Colorado River* is a "narrow doctrine," it is satisfied when the above factors weigh in favor of abstention. *Id.* at 1121-22.

### B. THE STATE AND FEDERAL CASES ARE PARALLEL

As discussed, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox*, 16 F.3d at 1081; *see also CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 580 (10th Cir. 2018) ("Proceedings may be parallel even if they 'are far from identical.'" (quoting *D.A. Osguthorpe*, 705 F.3d at 1233). Proceedings are parallel if "Plaintiffs' claims implicate the same issues as those in the State Court Action." *Makeen Inv. Grp., LLC v. Woodstream Falls Condo. Ass'n, Inc.*, No. 16-cv-1250, 2018 WL 4481871, at *2 (D. Colo. Sept. 19, 2018) (Martinez, J.)

Here, there can be no dispute that the parties in the State Court Action and the Federal Court Action are the same. Vail Health is a defendant in both lawsuits; and Ms. Winninger and SRC are plaintiffs in both lawsuits. The fact that there are additional parties in the State Court Action "is of no consequence." *Gerbino*, 2013 WL 2405558, at *3 (holding that parties were the "same" for purposes of *Colorado River* despite the presence of an additional defendant in the state action); *CNSP*, 753 F. App'x at 589 ("We fail to see how inclusion of [a company that is not a party to the federal action] as a state-court defendant defeats the determination that the state and federal cases are parallel.").

Further, the issues in dispute are "substantially the same." *Fox*, 16 F.3d at 1081. In determining whether the issues are substantially the same, "the substance of the claims [is] more

compelling than the nomenclature and nature of the claims." *Gerbino*, 2013 WL 2405558, at *3; *Prograde Ammo Grp. LLC. v. Perry*, No. 14-cv-00884, 2015 WL 1064266, at *5 (D. Colo. Mar. 9, 2015) (in determining whether a state and federal proceeding are parallel, the court should examine the factual allegations in the complaint, not the labels the parties assign to the causes of action). Even though Plaintiffs' federal antitrust claim is within the exclusive jurisdiction of the federal courts, that does not preclude a finding of parallelism. *Gerbino*, 2013 WL 2405558, at *3 (holding that Exchange Act claim in federal court was substantially the same as breach of fiduciary duty claim in state court). Where a prerequisite to a finding of liability in the federal lawsuit is being adjudicated in the state lawsuit, the proceedings are parallel. *Vail Servs. Grp., LLC v. Dines*, No. 17-cv-02428, 2018 WL 3069525, at *2 (D. Colo. June 21, 2018) (holding that federal lawsuit for breach of contract guarantee is parallel to state lawsuit alleging breach of underlying contract). Here, at its core, Plaintiffs' Federal Court Action alleges that Vail Health abused its alleged market power by making false statements regarding Plaintiffs. As discussed above, that is precisely the core of the allegations in the State Court Action—that Defendants made defamatory statements "to drive Winninger out of business." The substance of Plaintiffs' claims in the two actions—not whether they label them as antitrust claims or claims for defamation and tortious interference—determines whether the proceeding are parallel. *See, e.g.*, *Gerbino*, 2013 WL 2405558, at *3 (substance of claims, not labels, determines whether actions are parallel). The State Court Action and Federal Court Action are parallel.

### C.    THE *COLORADO RIVER* FACTORS WEIGH IN FAVOR OF A STAY

Nearly all the above factors weigh strongly in favor of *Colorado River* abstention here.

#### 1.    Jurisdiction Over Property

Where a state court exercises *in rem* jurisdiction over property, this factor weighs in favor of abstention; where a federal court exercises *in rem* jurisdiction over property, this factor

weighs against abstention; and where neither court has established *in rem* jurisdiction over property, this factor "does not apply" and is neutral. *D.A. Osguthorpe*, 705 F.3d at 1233; *Vail Servs. Grp.*, 2018 WL 3069525, at *2 (holding the jurisdiction over property factor is "neutral" where there is no real property at issue in either proceeding); *Long v. Cordain*, No. 13-cv-03475, 2015 WL 5081624, at *6 (D. Colo. Aug. 28, 2015) (holding that first factor is "inapplicable" where "there is no res at issue"). Here, neither court has established *in rem* jurisdiction over property, so this factor is neutral.

### 2. The Inconvenience of Litigating in the Federal Forum

Litigating this dispute in Eagle County is more convenient because the events at issue occurred in Eagle County and most witnesses reside in Eagle County. Thus, this factor weighs in favor of abstention. *Long*, 2015 WL 5081624, at *6 (holding that inconvenience of litigating in federal forum factor weighed slightly in favor of a stay where the parties and most of the witnesses were located in Larimer County, where state court action was proceeding, and federal action was proceeding in federal court in Denver).

### 3. The Avoidance of Piecemeal Litigation

"The '***paramount***' consideration in *Colorado River* [is] the third factor: 'the danger of piecemeal litigation.'" *D.A. Osguthorpe*, 705 F.3d at 1233 (emphasis added); *see also ALPS Prop. & Cas. Ins. Co. v. Bell*, No. 14-cv-1868, 2015 WL 2148430, at *4 (D. Colo. May 6, 2015) (Marintez, J.) (dismissing case under *Colorado River* after assigning "especially great weight" to the avoidance of piecemeal litigation factor); *MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-2586, 2015 WL 13111241, at *4 (D. Colo. Mar. 19, 2015) (Martinez, J.) (dismissing case under *Colorado River* after acknowledging that the piecemeal litigation factor is "arguably the central factor guiding application of the *Colorado River* doctrine, as it is directly connected to the goal of preserving judicial economy"). Where staying the federal action has the potential to avoid

piecemeal litigation, courts commonly stay the federal proceeding. *See, e.g.*, *Long*, 2015 WL 5081624, at *6 ("[T]his Court will not only avoid litigating the same issues in both courts, saving time, expense and judicial resources, but also avoid the potential of having contradictory or inconsistent factual findings."). Moreover, where "both the federal and state [claims] concern damages related to the same underlying conduct," the factor regarding "the potential for piecemeal and inconsistent rulings[] weighs heavily in favor of dismissal." *Prograde Ammo Grp.*, 2015 WL 1064266, at *5 (dismissing claims under *Colorado River*).

In this case, this factor weighs heavily in favor of abstention. Defendants deny that they made the allegedly defamatory statements that are the primary basis for Plaintiffs' antitrust claims and contend that, if they had, they were true. If a jury in the State Court Action finds that the allegedly defamatory statements were not made, or were true, it would gut Plaintiffs' antitrust claims in the Federal Court Action. At a minimum, the Federal Court Action would be materially narrowed.

### 4. The Sequence in Which the Courts Obtained Jurisdiction

In considering this factor, courts should consider both "which complaint was filed first" and "how much progress has been made in the two actions." *Vail Servs. Grp.*, 2018 WL 3069525, at *3; *see also Long*, 2015 WL 5081624, at *6 (granting stay where "State Court Action has proceeded substantially, with substantive, dispositive motions filed before the State Court"); *James v. San Diego Christian College*, No. 14cv314, 2015 WL 915366, *2 (S.D. Cal. Mar. 3, 2015) (staying federal-court Title VII action pending outcome of case filed in state court one year earlier). Here, the state court obtained jurisdiction more than two years before the Federal Court Action was filed. Further, while the Federal Court Action has just been filed, the State Court Action has proceeded through extensive discovery and forensic examination, and

dispositive motions have already been decided. This factor weighs heavily in favor of abstention.

### 5. The Vexatious or Reactive Nature of Either Case

Here, Plaintiffs waited more than two years before filing the Federal Court Action. They did so only after receiving a series of unfavorable decisions from the court in the State Court Action. It is clear that Plaintiffs' filing of the Federal Court Action is an attempt to prolong litigation between Plaintiffs and Vail Health to increase pressure on Vail Health to resolve the State Court Action. This factor weighs heavily in favor of abstention.

### 6. The Applicability of Federal Law

A stay may be warranted where "federal law provides rules for addressing [plaintiff's] claims." *John J. Pembroke Living Trust v. U.S. Bank Nat'l Ass'n for WaMu Series 2006-AR11 Trust*, No. 16-cv-00020, 2016 WL 9710025, at *8 (D. Colo. Oct. 24, 2016). Even where "federal law provides the rule of decision on the merits of the federal claims" and "the State Court cannot hear the federal claims," a stay may nonetheless be warranted where "the determination of some of the issues on the state law claims appears likely to impact the determination of the federal claims." *Long*, 2015 WL 5081624, at *6 (granting stay where "exclusively federal issues are interspersed with—and may be impacted by—state law issues"). Here, because, as discussed above, it is likely that determination of factual issues in the State Court Action will preclude Plaintiffs' antitrust claims in this action, this factor does not weigh against abstention, despite the presence of exclusive federal claims in the Federal Court Action.

    7. <u>The Potential for the State-Court Action To Provide an Effective Remedy for the Federal Plaintiff</u>

In the Federal Court Action, Plaintiff seeks damages. (Am. Compl. at 75-76.) Such relief is available in the State Court Action, so the State Court Action would provide an effective remedy to Plaintiffs, and this factor weighs in favor of abstention.

Moreover, if it was the plaintiff that initially chose the state-court forum, that strongly suggests that the plaintiff believes the state-court proceedings are adequate to protect its rights. *Long*, 2015 WL 5081624, at *6. Here, Plaintiffs initially filed suit in state court, thereby conceding that the state court was sufficient to protect their rights.

    8. <u>The Possibility of Forum Shopping</u>

Here, the timing of Plaintiffs' filing of the Federal Court Action, following unfavorable rulings by the state court, strongly suggests forum shopping. This factor weighs strongly in favor of abstention.

Because the above factors are either neutral or weigh strongly in favor of abstention, the Court should stay or dismiss the Federal Court Action pursuant to *Colorado River*.

**II. IN THE ALTERNATIVE, THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THIS MOTION AND DEFENDANT'S MOTION TO DISMISS**

At a minimum, discovery in this matter should be stayed pending the resolution of this motion and Defendant's impending motion to dismiss.

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(a); *Davidson*

*v. Bank of America, N.A.*, 2015 WL 5444308 (D. Colo. Sept. 16, 2015); S*tring Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).

A motion to stay discovery is an appropriate exercise of the court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

This court has discretion to stay discovery while a dispositive motion is pending. *String Cheese Incident*, 2006 WL 894955, at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); C*havous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When considering a stay of discovery, courts have considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the

court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2.

Regarding the first factor, Plaintiffs waited years before filing their purported antitrust claim in federal court, thereby demonstrating that they do not have an interest in proceeding expeditiously, and any delay caused by a discovery stay is immaterial when compared to the delay caused by Plaintiffs. Regarding the second factor, discovery in antitrust cases is notoriously complex and expensive, so the burden on Defendant of discovery will be substantial and will be wasteful if the motion to dismiss is ultimately granted. Regarding the third factor, as suggested by the history of the State Court Action, discovery in this matter is likely to require substantial judicial resources, so a stay would further the convenience of the Court. Regarding the fourth and fifth factors, relevant discovery is continuing in the State Court Action, so to the extent the case affects the public interest, no prejudice or harm will come from staying discovery in this duplicative action. Thus, all factors weigh in favor of a discovery stay pending the outcome of Defendant's motion to dismiss.

Defendant's motion to dismiss will argue that Plaintiffs' antitrust claims are fatally defective because, *inter alia*, they have defined the market too narrowly. If successful, Defendant's motion to dismiss would dispose of this matter entirely. As the above factors demonstrate, a brief discovery stay is in the interest of all parties, the Court, and the public, and should be granted.

## CONCLUSION

Defendant respectfully submits that "this case should live out the rest of its days in the place where it began: the [Colorado] state courts." *D.A. Osguthorpe*, 705 F.3d at 1236. The Court should stay or dismiss this matter under *Colorado River*.

- 15 -

Dated: October 10, 2019

    ***s/ Jacqueline V. Roeder***
Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       shannon.stevenson@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION TO DISMISS OR STAY PURSUANT TO *COLORADO RIVER* DOCTRINE OR, ALTERNATIVELY, STAY DISCOVERY was filed via CM/ECF on this 10th day of October 2019, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kidlow
Alan J. Kidlow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkidlow@aol.com

           *s/ Paige Finnell*
           Paige Finnell