**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

**SCHEDULING ORDER**

**1. DATE OF**
**CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE**
**PARTIES**

      The Court held a Scheduling Conference on October 23, 2019.  Appearing for

the parties was:

| For Plaintiffs: | For Defendant: |
|---|---|
| Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, CO 81657<br>Telephone: (970) 390-6675<br>E-mail:  alkildow@aol.com | Shannon Wells Stevenson<br>Jacqueline V. Roeder<br>DAVIS GRAHM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, Colorado 80202<br>303-892-7366<br>303-892-7328<br>E-mail:  jackie.roeder@dgslaw.com<br>E-mail:  shannon.stevenson@dgslaw.com |

## 2.  STATEMENT OF
## JURISDICTION

**The Parties' Joint Position:**

This Court has jurisdiction over the matter pursuant to Section 2 of the Sherman

Act, 15 U.S.C. § 4, and 28 U.S.C. §§ 1331 and 1337

**Plaintiffs' Position:**

Plaintiffs further state that the anticompetitive conduct of Vail Health alleged in

the Amended Complaint places unreasonable burdens on the free and uninterrupted

flow of interstate commerce, as follows:

(a)    The activities and conduct of Vail Health are within the flow of

interstate commerce and affect that commerce because Vail Health's Howard

Head physical therapy unit provides in excess of $20 million in physical therapy

services to patients not only from the Vail Valley, but to patients who come to

Vail Valley from throughout the United States and foreign countries.  Vail Health

is therefore engaged in interstate commerce.  Moreover, all or most of Vail

Health's physical therapy patients have been adversely affected by the

anticompetitive activities and conduct of Vail Health in violation of § 2 of the

Sherman Act that have resulted in supra-competitive prices, as hereinafter

alleged.  Vail Health has therefore had an effect on interstate commerce that is

decidedly adverse to consumers who are paying more than they otherwise would

have in a competitive market.

(b)    The physical therapy services provided by Vail Health, through its

Howard Head unit, were at all times relevant to this action offered to and continue

to be offered to and utilized by patients moving into and out of the Vail Valley, all

or most of whom have been adversely affected by the anticompetitive activities and conduct of Vail Health in violation of § 2 of the Sherman Act, as hereinafter alleged.  Vail Health has therefore had an effect on interstate commerce that is decidedly adverse to consumers who are paying more than they otherwise would have in a competitive market.

(c)     The physical therapy services provided by Vail Health, through its Howard Head unit, were in most instances paid for, or reimbursed by Medicare, Medicaid, health care insurers, health care plans, and third-party health care administrators (collectively, "insurers") who are located throughout the United States.  But two of many examples are United Health Care (Minnesota) and Anthem Blue Cross Blue Shield (ten states).

Vail Health was and is integral and indispensable to the administrative functions of accounting, invoicing, and collecting of patient medical expenses from interstate insurers arising out of the physical therapy services provided to Vail Health's interstate patients.  Vail Health is engaged in interstate commerce.

The insurers were and continue to be adversely affected in by millions of dollars in higher medical claims resulting from Vail Health's anticompetitive activities and conduct in violation of § 2 of the Sherman Act.  Vail Health, therefore, has had a negative effect on interstate commerce.

(d)     The physical therapy services provided by Vail Health, through its Howard Head unit, were at all times relevant to this action performed by and and continue to be performed by physical therapists moving into and out of the Vail Valley, all or most of whom have been adversely affected by the anticompetitive

restrictive employment covenants that illegally restrict their movement in the labor market.  Vail Health's activities and conduct with respect to these restrictive agreements are in violation of § 2 of the Sherman Act and have had a negative effect on interstate commerce.

(e)     Over the time period at issue in this case, the negative effect of Vail Health's anticompetitive behavior exceeds $20 million.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**<u>Plaintiffs' Position</u>:**

Plaintiffs allege that Defendant Vail Health has violated of § 2 of the Sherman Act through the anticompetitive conduct alleged in the Amended Complaint, which asserts two causes of action: monopolization and attempt to monopolize.  Vail Health, through its Howard Head Sports Medicine physical therapy unit ("Howard Head"), provides over 80% of the physical therapy services in the Vail Valley market and possesses monopoly power to raise prices and exclude competition.  Vail Health has possessed that power for at least the past four years.  The most significant potential threats to Vail Health's monopoly power was the loss of The Steadman Clinic ("Steadman") as a referral source of patients to its Howard Head physical therapy unit and the entry of Steadman into the Vail Valley physical therapy market as a competitor. Vail Health attempted to secure and expand its monopoly by entering into a joint venture arrangement with Steadman and other orthopedic clinics to "lock up" its referral sources and keep Steadman from becoming a competitor.  That attempt to combine would have

increased Vail Health's 80% market share and assured Vail Health's continued dominance in the Vail Valley market.

Another significant potential threat to Vail Health's monopoly power was the entry of Sports Rehab and Lindsay Winninger into the Vail Valley physical therapy market. To protect its monopoly against such a potential competitive threat, Vail Health engaged in a number of anticompetitive activities, including a broad-based campaign of defamatory and disparaging communications against Sports Rehab and its founder, Lindsay Winninger. The consequence of this exclusionary conduct is that Vail Health has directly interfered with and destroyed Winninger and Sports Rehab's business relationships in the Vail Valley. Collectively, Vail Health's attempt to combine to expand its monopoly, its unnecessarily restrictive contracts, and its exclusionary conduct have unreasonably restrained competition, and will continue to restrain competition (unless enjoined) in the market for physical therapy in the Vail Valley market.

Vail Health's statements below regarding the Eagle County action are not entirely accurate. *First,* on May 28, 2019, the Eagle County district court declined to hear Plaintiffs' antitrust claims by denying Plaintiffs' C.R.C.P. 15(a) motion to amend their complaint to add a claim. At a hearing held July 18, 2019, the court stated on the record: "[I]f the antitrust [claim] had been filed in Federal Court, it's not before me. It's a Federal issue." (July 18, 2019 Tr. at 6, lines 5-7, July 18, 2019.) *Second*, the summary judgment order to which Vail Health refers is a nullity. Even if it were not a nullity, the court found that the record demonstrated that Vail Health had engaged in defamation *per se* and over ten causes of action against Vail Health remain.

**Defendant's Position**:

As stated in Defendant's motion dated October 10, 2019, this case should be dismissed or stayed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  By filing this lawsuit, Plaintiffs seek to further draw out an already protracted dispute that has been litigated in state court for years.  In April 2017, Plaintiffs filed the lawsuit *Winninger v. Vail Health et al.*, No. 2017CV030102, in Eagle County district court (the "State Court Action").  The State Court Action has been aggressively litigated for nearly two and a half years.  The docket contains almost 400 entries and thousands of filed documents.  The parties have produced more than 65,000 pages of documents in discovery.  The Eagle County Court—through the efforts of two judges, a special master, and an independent forensic expert—has devoted substantial resources to the case, adjudicating approximately 80 motions, including 8 dispositive motions and more than 20 discovery motions.  After litigating this case for more than two years, Plaintiffs appear to have filed this lawsuit because they are unsatisfied with recent rulings of the Eagle County court, which dismissed many of Plaintiffs' claims on summary judgment.  To foster the efficient resolution of disputes among the parties, prevent a waste of judicial resources by this Court, and avoid rewarding Plaintiffs' vexatious delay tactics, the Court should stay or dismiss this proceeding pursuant to *Colorado River*.

Alternatively, this case should be dismissed for failure to state a claim.  Plaintiffs' Amended Complaint identifies the relevant market as the physical therapy market in the Vail Valley, but their Amended Complaint lacks allegations that would make such an extremely narrow market definition plausible.  Further, Plaintiffs' allegations, taken as

true, fail to establish antitrust standing and/or anticompetitive conduct:  a joint venture contemplated by Defendant that never came to fruition cannot constitute anticompetitive conduct as a matter of law; Vail Health's leasing of property to the Steadman orthopedic clinic with a restriction that Steadman not open a competing physical therapy practice is not anticompetitive as a matter of law and resulted in no antitrust injury to Plaintiffs; Vail Health's inclusion of a non-solicitation provision in the employment agreement of David Cimino, a former employee of SRC, is not anticompetitive and caused no antitrust injury to Plaintiffs; petitioning regulatory and enforcement agencies is not anticompetitive conduct pursuant to the *Noerr-Pennington* doctrine; and other allegedly defamatory statements (even if made with malice) cannot constitute an antitrust violation because they were allegedly directed at a single competitor, and the antitrust laws are not designed to protect individual competitors.

While this case should not proceed to discovery, if it does Defendant will establish that Plaintiffs' market definition is unsupported and that Defendant does not have monopoly power even within the market defined by Plaintiffs.  Defendant will further establish that any market power it does have is a result of a superior product and business acumen, not anticompetitive conduct.

Further, Defendant disagrees with Plaintiffs' characterization of the State Court Action.  The relevant procedural history of the State Court Action in part is as follows:

- In January 2019, Defendant filed a motion for summary judgment seeking dismissal of the defamation claims in Plaintiffs' First Amended Complaint. Several days later, Plaintiffs filed a motion for leave to file a Second Amended Complaint, which proposed adding, *inter alia*, a monopolization claim under the Colorado Antitrust Act.

- In March 2019, the state court granted Plaintiffs' motion for leave to amend, and Plaintiffs filed their Second Amended Complaint.

- In April 2019, Defendant moved to dismiss the counts of the Second Amended Complaint that were not the subject of its summary judgment motion.

- On May 28, 2019, the Court *sua sponte* concluded that the Second Amended Complaint claims should not stand: "The Plaintiff also has requested that a Second Amended Complaint be filed. This request is also denied. The Plaintiff herself, through her attorney, has recently complained that this case is 2 ½ years old and needs to get to trial. An amended complaint will cause additional delay."

- Three days later, on May 31, 2019, the Court granted Defendant's motion for summary judgment, dismissing sixteen of Plaintiffs' defamation counts. Shortly after the state court's May 2019 decisions, which were unfavorable to Plaintiffs, Plaintiffs chose to file an antitrust action in federal court based on the same facts as the State Court Action.

After some confusion regarding the Court's orders, the Court instructed the parties to list in a status report all claims they believed were currently in the case. Plaintiffs did not list any of the claims from the Second Amended Complaint, including the antitrust claim, and the Court thus dismissed them. This week, however, Plaintiffs indicated that they are going to seek to amend the complaint in state court *again* to include all the claims that had been in the previous Second Amended Complaint, including ones dismissed on summary judgment. The only claim they are not seeking to add is the antitrust claim, even though they have admitted numerous times that the state and federal antitrust statutes have the very same elements. Plaintiffs would rather litigate their antitrust claim in this forum and force Defendant to fight the same battle on two different fronts. Plaintiffs are engaging in blatant forum shopping and are attempting to relitigate issues that have been, or are being, litigated in state court.

**Other Parties' Position:**

None.

## 4.  UNDISPUTED
## FACTS

The following facts are undisputed:  The parties could not agree on the undisputed facts.

## 5.  COMPUTATION OF
## DAMAGES

**Plaintiffs' Position:**

Vail Health is alleged to be a monopolist who has violated § 2 of the Sherman Act through its willful maintenance of monopoly power and its attempts to enhance that monopoly power.  This willful maintenance is demonstrated by intentionally exclusionary conduct alleged in Plaintiffs Amended Complaint.  In summary, the exclusionary conduct was intended to destroy Sports Rehab and Winninger as competitors in the relevant geographic and product markets.  Vail Health's strategy of engaging in exclusionary conduct has succeeded and has driven both Sports Rehab and Winninger from the Vail Valley geographic market.  There are several categories of damages that Plaintiffs have sustained as the direct and proximate result of Vail Health's anticompetitive conduct, as demonstrated in the table below:

| PARTY | CATEGORY | AMOUNT | BASIS |
|---|---|---|---|
| Sports Rehab | Referrals | $2,300,000 | Reduction of profit lost in physical therapy business and growth of business over time |
| SRC | Costs | $200,000 | Sunk costs lost |
| Winninger | Consulting | $1,700,000 | Lost consulting profits over time |
| SRC/ Winninger | Attorneys' fees | Estimated $3,000,000 | Statutory award of attorneys' fees and costs |

**Defendant's Position**:

Plaintiffs are entitled to no damages, costs, or attorney fees.  Defendant reserves its right to seek its costs and attorney fees.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.       **Date of Rule 26(f) meeting.**

September 27, 2019

b.       **Names of each participant and party he/she represented.**

Alan Kildow for Plaintiffs

Jackie Roeder and Shannon Stevenson for Defendant

c.       **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

**Plaintiffs' Position**:

Plaintiffs agree to provide their Rule 26(a)(1) disclosures by October 31, 2019.

**Defendant's Position**:

For the reasons stated in Defendant's Motion to Dismiss or Stay Pursuant to *Colorado River* Doctrine or, Alternatively, Stay Discovery (Dkt. No. 31) ("*Colorado River* Motion"), filed October 10, 2019, Defendant contends that this entire matter should be dismissed or stayed and that, in any event, discovery—including production of initial disclosures—should be stayed.  Good cause exists for all the reasons stated in the *Colorado River* Motion, including because the State Court Action has been pending in state court for more than two and a half years, discovery and related proceedings in the State Court Action have been extensive, and resolution of the State Court Action is likely to result in resolution of this matter.  In the State Court Action, Defendant already has

produced 24 sets of disclosures under Rule 26(a)(1) on the same allegations at issue in this case.

### d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

<u>**Plaintiffs' Position:**</u>

Plaintiffs propose that disclosures be completed eight days after the scheduling conference.

<u>**Defendant's Position:**</u>

As discussed immediately above, as stated in Defendant's *Colorado River* Motion, Defendant contends that this entire matter should be dismissed or stayed and that, in any event, discovery—including production of initial disclosures—should be stayed.

### e.   Statement concerning any agreements to conduct informal discovery:

<u>**Plaintiffs' Position:**</u>

The parties have not engaged in such discussions, as extensive discovery (but not all) has already occurred in the State Court Action.  Plaintiffs' position is that although there has been discovery in the State Court Action, those claims relate fundamentally to tort claims such as defamation and tortious interference.  The discovery there does not go the Sherman § 2 monopolization claims that are alleged in this federal court action.  The discovery that will be sought by Plaintiffs here is very different than what occurred in the State Court Action, which discovery is, in any event, far from being finished and there is no trial date set.

**Defendant's Position**:

The parties have not engaged in such discussions, as extensive discovery regarding the same facts at issue in this action has already occurred in the State Court Action.  The deadline for fact discovery in the State Court Action is December 13, 2019.  As explained in the *Colorado River* Motion, resolution of the State Court Action is likely to determine the outcome of this action and will help determine whether any different or additional discovery is even necessary.

     **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

**Plaintiffs' Position**:

The parties have discussed utilizing discovery from the State Court Action to streamline discovery in this matter, if discovery proceeds.  Plaintiffs, however, reiterate that the discovery in the discovery in this Sherman Act case will require discovery different from and substantially beyond that which has taken place in the State Court Action.

**Defendant's Position**:

The parties have discussed utilizing discovery from the State Court Action to streamline discovery in this matter, if discovery proceeds.

     **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

**Plaintiffs' Position**:

Plaintiffs anticipate that there will be a substantial amount of discovery that will involve electronically stored information ("ESI").  Some of the discovery in the State

Court Action will likely be responsive to this case, a good portion of which has already been electronically produced.  Additionally, the ESI may include, but not be limited to, the following: (1) Vail Health's financial statements and managerial accounting data such as fees, revenues, costs, investments, and profits; (2) Vail Health's historical patient information such as residence, nature of injury, surgery, or reason for seeking physical therapy; (3) Vail Health's treating physician and referral source; duration of physical therapy treatment; (4) Vail Health's letters, memoranda, e-mails, and text messages relating to the subject matter of the facts alleged in the Amended Complaint. Given recent discussions among counsel, Plaintiffs have a significant concern that Vail Health has misplaced, lost, deleted, or destroyed documents and information formerly found on its shared drive that may be relevant to this action.

Plaintiffs will take reasonable steps to accurately identify as soon as it is reasonably possible the nature and each source of ESI so that Vail Health may begin assembling it.   Plaintiffs will also consult with Vail Health with respect to the media/format of ESI that they wish the ESI to be produced.  (In the State Court Action, many but not all of the documents produced by Vail Health were in electronic form with load files.)  Plaintiffs will provide Vail Health with a proposed protective order to ensure the protection of confidential and proprietary information.

**Defendant's Position**:

Defendant also anticipates that, if discovery proceeds, any discovery that will be necessary will involve a substantial amount of ESI discovery.  Further, in the State Court Action, the court appointed an independent forensic expert to image and examine

Plaintiffs' computers and the electronic storage devices Mr. Cimino used to surreptitiously download documents from Vail Health's server.

Plaintiffs provide no basis for their allegations concerning Defendant's preservation of relevant documents and information.  Defendant has complied with its preservation obligations.  The best means to limit ESI discovery costs in this matter is to dismiss or stay this proceeding pursuant to Defendant's *Colorado River* Motion.

Should discovery proceed, Defendant will work with Plaintiffs regarding the matters identified in Plaintiffs' position above.  Should discovery proceed, the parties will produce ESI in substantially the form it was produced in the State Court Action.

### h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Counsel had a brief conversation concerning settlement and agreed that such a discussion should take place, although the timing is something that needs to be determined.

**Plaintiffs' Position:**

It is Plaintiffs' view that settlement discussions will not be useful until the Court issues a decision on Vail Health's motions to dismiss or stay the action.

**Defendant's Position:**

Defendant believes that a settlement conference in the near term may be helpful in resolving the matter.

## 7.
## CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

<u>**Plaintiffs' Position**</u>:

Plaintiff proposes a limit of 10 discovery depositions and 25 interrogatories each for Plaintiffs and Vail Health.  Plaintiffs disagree with Vail Health's statements below concerning discovery.  Almost all of the depositions that will be taken in this action address fundamentally different issues that go the antitrust claims.  There will be very little duplicative overlap between the two cases in that regard.

<u>**Defendant's Position**</u>:

Defendant proposes a limit of 5 additional discovery depositions, plus a deposition of each expert, and 10 additional interrogatories.  In the State Court Action, the parties have already deposed approximately 20 persons related to the same facts alleged in this case.  In light of that, Plaintiffs' request for an additional 10 depositions is excessive.  Further, in the State Court Action, the parties have already posed scores of interrogatories to one another.

b.      **Limitations which any party proposes on the length of depositions.**

<u>**Plaintiffs' Position**</u>:

Plaintiffs propose a seven hour time limit for the testimony of any one single deponent.

**Defendant's Position:**

Defendant proposes a time limit of two hours for any witness already deposed in the State Court Action and that such deposition may not cover topics already addressed in the State Court Action deposition.  Any witnesses deposed in this action who were not deposed in the State Court Action may be deposed for 7 hours.

     **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Plaintiffs' Position:**

Plaintiffs propose a limit of 30 requests for production of documents for each side.

**Defendant's Position:**

Defendant proposes a limit of 15 requests for production, in light of the extensive document discovery that has already occurred in the State Court Action.

     **d.**    **Other Planning or Discovery Orders**

**Plaintiffs' Position**:

An appropriate protective order will need to be issued in this case.

**Defendant's Position**:

As discussed, Defendant seeks dismissal or a stay of this proceeding pursuant to *Colorado River* or, alternatively, a stay of discovery.  Further, the parties will request the entry of a protective order that is adequate to protect HIPAA protected health information, which very likely will be within the scope of any discovery.

## 9.  CASE PLAN AND SCHEDULE

### a.      Deadline for Joinder of Parties and Amendment of Pleadings:

**Plaintiffs' Position**:

Plaintiffs propose January 2, 2020 for the joinder of parties and amendment of pleadings.

**Defendant's Position**:

If the *Colorado River* Motion is denied, Defendant proposes 90 days after the order on that motion is entered for joinder of parties and amendment of pleadings.

### b.      Discovery Cut-off:

**Plaintiffs' Position**:

Plaintiffs propose a fact discovery deadline of March 13, 2020.

**Defendant's Position**:

If the *Colorado River* Motion is denied, Defendant proposes 150 days after the order on that motion as the deadline for fact discovery.

### c.      Dispositive Motion Deadline:

**Plaintiffs' Position**:

Plaintiffs propose a dispositive motion deadline of June 15, 2020.

**Defendant's Position**:

If the *Colorado River* Motion is denied, Defendant proposes a deadline of 250 days after the order on that motion as the deadline for dispositive motions.

### d.  Expert Witness Disclosure

### 1.  The parties shall identify anticipated fields of expert testimony, if any.

**<u>Plaintiffs' Position</u>**:

Plaintiffs anticipate experts in the fields of physical therapy, orthopedic medicine, antitrust and damages.

**<u>Defendant's Position</u>**:

Defendant anticipates experts in the fields of physical therapy, antitrust, and damages.

### 2.  Limitations which the parties propose on the use or number of expert witnesses.

Plaintiffs and Defendant do not anticipate that the parties will have a need for anything more than five experts, if that.

### 3.  Disclosure Schedule

**<u>Plaintiffs' Position</u>**:

Plaintiffs propose that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2020.

Plaintiffs propose that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2020.

**<u>Defendant's Position</u>**:

Defendant proposes that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) by 180 days after the order on the *Colorado River* Motion, if it is denied.

Defendants propose that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) by 220 days after the order on the *Colorado River* Motion, if it is denied.

### e.    Identification of Persons to Be Deposed:

**<u>Plaintiffs' Position</u>**:

Plaintiffs anticipate the need to depose the following:

Nicholas Brown—7 hours
Vice President of Vail Health/Howard Head Sports Medicine Division

Luke O'Brien—7 hours
Vice President, Vail Health/Howard Head Sports Medicine Division

Chief Financial Officer—7 hours
Vail Health

Michael Shannon—7 hours
Chairman of the Board, Vail Health

Doris Kirchner—7 hours
CEO (retired), Vail Health

Dan Drawbaugh—7 hours
CEO, The Steadman Clinic

Marc Phillipon, M.D.—7 hours
Managing Partner, The Steadman Clinic

Representative of Kaiser Permanente—7 hours

Representative of United Health Care—7 hours

Representative of Blue Cross/Blue Shield—7 hours

Plaintiffs disagree with the comments made by Vail Health below. The depositions of individuals previously deposed will cover subject matter not addressed in the prior depositions.

**Defendants' Position**:

Vail Health anticipates the need to depose the following:

In the event discovery is not stayed, Defendant anticipates deposing at least Plaintiff Lindsay Winninger, Plaintiff Sports Rehab Consulting, and David Cimino. Defendant contends that the number and length of the depositions Plaintiffs propose above is unreasonable.   Plaintiffs already have deposed multiple 30(b)(6) representatives of Vail Health (including Nicholas Brown, Luke O'Brien, Mary Crumbaker, Ryan Kolczak, and Thomas Olsen) as well as Nicholas Brown, Michael Shannon, Doris Kirchner, and Tanya Rippeth in their individual capacities.    Plaintiffs also have taken the depositions of Steadman witnesses Dan Drawbaugh and Marc Philippon in the State Court Action.  Plaintiffs have already deposed those witnesses about the relationship between Vail Heath and Steadman and SPRI and contracts with other Vail Valley orthopedic clinics.  Plaintiffs now seek a second bite at the apple in requesting another full-day deposition of each of these witnesses on the same topics.

Further, as explained in the *Colorado River* Motion, the resolution of the legal and factual issues in the State Court Action and/or the legal issues in Defendant's motion to dismiss is very likely to dispose of this action entirely.  Thus, permitting Plaintiffs to embark upon extensive deposition discovery of witnesses they have already deposed in the State Court Action regarding the same facts at issue here would be unnecessary and wasteful.

### f.      Deadline for Interrogatories:

**Plaintiffs' Position:**

Plaintiffs propose that interrogatories be served by December 2, 2019.

**Defendant's Position**:

Defendant proposes that interrogatories be served by 90 days after the order on the *Colorado River* Motion, if it is denied.

### g.   Deadline for Requests for Production of Documents and/or Admissions

**Plaintiffs' Position**:

Plaintiffs propose that requests for production and requests for admissions be served by December 2, 2019.

**Defendant's Position**:

Defendant proposes that requests for production and requests for admission be served by 90 days after the order on the *Colorado River* Motion, if it is denied.

### 10.  DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____.

b.    A final pretrial conference will be held in this case on _____ at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

**Plaintiffs' Position**:

At the Rule 26(f) conference, Vail Health's counsel declined to enter into any discussions as to a discovery schedule or any other dates setting a schedule for the

case.  Instead, Vail Health's counsel stated that it would be filing a motion to stay the action altogether or motion to have discovery take place in stages after a ruling on its Rule 12(b)(6) motion to dismiss.

**Defendant's Position**:

The parties disagree on whether this matter should be dismissed or stayed pursuant to the *Colorado River* doctrine.  The parties further disagree on whether discovery should be stayed until Defendant's motion to dismiss pursuant to Rule 12(b)(6) is decided.  As a result, the parties disagree as to whether case deadlines should be fixed dates or keyed off of the date the *Colorado River* Motion is decided.

   b. **Anticipated length of trial and whether trial is to the court or jury.**

**Plaintiffs' Position**:

Plaintiffs have requested a jury trial and anticipate the length of trial to be five days.

**Defendant's Position**:

Defendants anticipate the length of trial to be five days.

   c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

  **12.  NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of

good cause.

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:

United States Magistrate Judge

APPROVED:

October 18, 2019                                _s/ Alan L. Kildow_____
                                    Alan L. Kildow, MN# 0143133
                                    790 Potato Patch Drive
                                    Vail, CO 81657
                                    Telephone: (970) 390-6675
                                    E-mail:  alkildow@aol.com

                                    Jesse Wiens, Colo. #33903
                                    Fahrenholtz & Wiens LLC
                                    100 West Beaver Creek Boulevard
                                    Suite 236
                                    Avon, CO 81620
                                    Telephone: (970) 949-6500
                                    E-mail:  fwlawyers@gmail.com

                                    Counsel for Plaintiffs Lindsay Winninger and
                                    Sports Rehab Consulting LLC


October 18, 2019                                _s/  Jacqueline V. Roeder_____
                                    Janet Savage
                                    Jacqueline V. Roeder
                                    Shannon Wells Stevenson
                                    Daniel A. Richards
                                    DAVIS GRAHM & STUBBS LLP
                                    1550 17th Street, Suite 500
                                    Denver, Colorado 80202
                                    janet.savage@dgslaw.com
                                    jackie.roeder@dgslaw.com
                                    shannon.stevenson@dgslaw.com
                                    daniel.richards@dgslaw.com

                                    Counsel for Defendant Vail Clinic, Inc.