**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
PURSUANT TO *COLORADO RIVER* DOCTRINE
OR, ALTERNATIVELY, STAY DISCOVERY**

---

## INTRODUCTION

Although Vail Health admits Plaintiffs' claims fall within the exclusive jurisdiction of the federal court, it fails to cite any circuit authority that applies *Colorado River* abstention to the Sherman Act claims. Of the eighteen cases Vail Health does cite, none issue a stay or dismissal of a federal antitrust claim under *Colorado River.* And all but one deal with a court's *concurrent*, not exclusive, jurisdiction. Even the one unpublished district court case (not involving antitrust) that remotely addresses this issue—*Gerbino v. Sprint Nextel Corp.*—recognizes it is an outlier that goes against well-reasoned circuit authority that *Colorado River* is inapplicable when the federal court has exclusive jurisdiction over a claim. Given Congress's intent to permit simultaneous litigation when federal courts have exclusive jurisdiction, circuit courts have declined to abstain under *Colorado River.* Even if this were not the law, the *Colorado River* factors do not auger in Vail Health's favor. Its motion must therefore be denied in its entirety.

**FACTUAL BACKGROUND**

I. **THIS ACTION INVOLVES FEDERAL LEGAL ISSUES UNDER THE SHERMAN ACT, OVER WHICH THIS COURT HAS EXCLUSIVE JURISDICTION.**

Plaintiffs' amended complaint, together with Vail Health's motion to dismiss, demonstrate that this is an action under § 2 of the Sherman Act,[1] over which this Court has exclusive jurisdiction.[2] This antitrust case raises federal law issues that will not, nor could they be, decided by any state court.[3] Although certain facts may be common between this antitrust dispute and the state tort action involving essentially the same parties, most facts applicable to the federal antitrust claims will never be part of the state case. For example, this antitrust case involves legal and factual issues of relevant product and geographic markets, Vail Health's market share, barriers to entry and resulting monopoly power, Vail Health's anticompetitive exclusionary conduct, antitrust injury, harm to competition, and applicability of the *Noerr-Pennington* doctrine.[4]

The preponderance of facts and no federal legal issues will ever be addressed in the state court action, which involves state defamation and tortious interference claims that are based primarily upon other facts. The only factual overlap is Vail Health's false statements to Plaintiffs' business associates. More importantly, the state court does not have any Colorado antitrust case pending before it. Although the state court initially granted Plaintiffs' motion to amend to assert a state antitrust claim,[5] it quickly reversed itself and denied the Rule 15(a) motion on procedural grounds. It later made clear that

---

[1]   15 U.S.C. § 2.
[2]   15 U.S.C. § 15.
[3]   *Gen. Inv. Co. v. Lake Shore & Mich. S. R. Co.*, 260 U.S. 261, 287 (1922).
[4]   *See Lenox Maclaren Surgical Corp. v. Medtronic, Inc.,* 762 F.3d 1114, 1116 (10th Cir. 2014) (reversing dismissal because of factual disputes on antitrust claims).
[5]   Ex. 1 [Order granting Mot. to Amend].

it wanted nothing to do with antitrust case.[6]  Because the state court declined to hear the antitrust claim, on July 17, 2019, Plaintiffs filed this action.  When they informed the state court judge of the filing the following day, he gladly passed the ball, saying that "if the antitrust had been filed in Federal Court, it's not before me.  It's a Federal issue…."[7]

## II. THE STATE COURT ACTION INVOLVES TWO STATE LAW TORTS— DEFAMATION AND TORTIOUS INTERFERENCE.

On April 25, 2017, Plaintiffs filed an action in Eagle County against Doris Kirchner and Vail Health, with Judge Frederick Gannet presiding.  The complaint (as does the amended complaint) includes claims for defamation and tortious interference.  Early on, Defendants moved to dismiss a tortious interference claim, which was denied.[8]  Defendants then filed a Counterclaim, accusing Plaintiffs of conspiring with David Cimino (a former employee of Vail Health that joined Sports Rehab) in stealing Vail Health patient files and using those files to solicit patients, all of which was untrue.

Contrary to Vail Health's assertion, the state court is not nearly as far along as is it represents.  The state court action has proceeded very slowly.  Virtually nothing was started until spring 2018 because, in large part, it took five months for the entry of a protective order and forensic protocol order.  By fall 2018, the parties had engaged in written discovery and most depositions had been taken.  (It took over five months to schedule four third-party depositions.)  While discovery has been exchanged, much is still in dispute.  The number of documents that Vail Health asserts has been produced— 65,000 pages—is misleading:  55,000 pages come from the two USB devices[9] that

---

[6]     Ex. 2 [Order denying Mot. to Amend].
[7]     Ex. 3 at 6, lines 5-6 [July 18, 2019 Tr.].
[8]     Ex. 4 [Order on Mot. to Dismiss].
[9]     Plaintiffs dispute Cimino used two USB storage devices to download documents before his last day at Vail Health, although it is not necessary to address that issue now.

3

Cimino had in his possession, the remainder was produced by four parties. So the amount of discovery exchanged is actually very little. More importantly, discovery is ongoing and is not duplicative of the discovery that has been served in this action.

A substantial amount of time has revolved around the forensic protocol order. Dissatisfied with that order, Defendants filed multiple motions to expand the forensic protocol, the last of which was heard just this month. Even after the forensic order was expanded multiple times, the independent forensic expert did not find the patient files or "trade secret" documents Vail Health repeatedly stated Cimino transferred to Plaintiffs.

Causing further delays was Judge Gannett's retirement in late 2018. A number of pending motions were yet undecided. And in December 2018, when Judge Russell Granger took over the case, he ordered the parties to mediate those motions. After that failed, the parties refiled their motions, and were still pending when the special master was appointed in July 2019. In March 2019, Judge Granger did, however, grant Vail Health's motion to amend to assert a new counterclaim. Judge Granger also granted Plaintiffs' motion to amend, which included a state antitrust claim, but that order was issued *after* the parties had briefed Defendants' motion for partial summary judgment on the prior Amended Complaint. Over Plaintiffs' objections,[10] Judge Granger did not require Defendants to refile their summary judgment motion on the then-operative Second Amended Complaint, which he now recognizes was a mistake.[11]

In the meantime, on May 28, 2019, Judge Granger reversed his decision on Plaintiffs' motion to amend, denying it on the basis of "delay." With the issuance of that

---

[10]   Ex. 5 [Statement]; Ex. 6 [Mot. for Leave].
[11]   Ex. 3 at 7, lines 4-6 [July 18, 2019 Tr.]; Ex. 7 at 10, lines 1-18 [Aug. 22, 2019 Tr.].

4

order,[12] the Second Amended Complaint became a nullity, and no longer had any legal effect. Three days later, Judge Granger issued an order on Defendants' summary judgment motion, which solely addressed the (inoperative) Second Amended Complaint by citing to allegations in the Amended Complaint. [13] Given that the Second Amended Complaint is a nullity,[14] the summary judgment order is a nullity as well.

In August 2019, Defendants filed a motion to dismiss on procedural grounds—that is, Plaintiffs did not identify claims from the (inoperative) Second Amended Complaint in a status report.[15] Through this back door attempt, Defendants sought to dismiss Plaintiffs' state antitrust claim *with prejudice,* likely so that it could assert here that Plaintiffs' antitrust claim was already decided. Judge Granger rightly refused to do so, and instead dismissed the claims in the proposed Second Amended Complaint *without prejudice* to correct the confusion caused by his competing orders.[16] So as of this filing, Defendants' two motions to dismiss have been adversely decided to them.[17]

Finally, on July 18, 2019, Judge Granger appointed a special master to address discovery issues. Although there is a December 2019 discovery cut-off date, the special master recently stated that the date was a "target," likely because Vail Health's amended counterclaim requires substantial additional discovery on a new front dating back to 2012. At Defendants' request, no trial date has been set. So contrary to Vail Health's contention, the state court action is not nearly as far along as it represents.

---

[12]     Ex. 2 [Order denying Mot. to Amend].
[13]     Ex. 6 [Order on Summ. J. on inoperative Second Am. Compl.].
[14]     Ex. 7 at 15-16, lines 1-25, at 17, lines 1-8 [Aug. 22, 2019 Tr.].
[15]     Ex. 8 [Mot. to Dismiss].
[16]     Ex. 9 [Order on Mot. to Dismiss without prejudice].
[17]     *See id.*; Ex. 4 [Order on Mot. to Dismiss]. Plaintiffs filed a motion to dismiss the Amended Counterclaim, but it was denied on the basis of a factual dispute. Ex. 10.

5

**ARGUMENT**

I.  ***COLORADO RIVER* ABSTENTION IS NOT ALLOWED HERE.**

   A.  **The *Colorado River* Doctrine.**

Vail Health omits several key principals under *Colorado River*. *First,* "federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them," meaning *Colorado River* applies only in "exceptional" circumstances."[18] *Second*, once it is found the actions are not parallel, no further analysis is necessary.[19] *Third,* if the actions are parallel, then eight factors are weighed, not as part of "a 'mechanical checklist'" but rather "carefully balanced 'with the balance heavily weighted in favor of the exercise of jurisdiction.'"[20] This obligation does not evaporate when both actions involve the same subject matter, or there is potential for conflict.[21] Finally, "*Colorado River* necessarily contemplates that the federal court will have nothing further to do" to resolve this case.[22] Given these principles, this Court cannot abstain under *Colorado River.*

   B.  ***Colorado River* Abstention Is Improper Because This Court Has Exclusive Jurisdiction Over The Sherman Act Claims.**

Vail Health glosses over a key threshold issue here—that is, whether *Colorado River* abstention applies at all when a federal court has *exclusive* jurisdiction over a claim, as the Court does here. Federal circuits addressing this question have uniformly held that *Colorado River* abstention is not appropriate when a plaintiff raises a nonfrivolous claim in the exclusive jurisdiction of the federal court, like the claims here.

---

[18] *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994).
[19] *See Prominent Consulting LLC v. Allen Bros.*, 543 F. Supp. 2d 877, 882 (N.D. Ill. 2008); *Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers, LLP,* 420 F. Supp. 2d 228, 236 (S.D.N.Y. 2005); *Kamerman v. Steinberg*, 681 F. Supp. 206, 212 (S.D.N.Y. 1988).
[20] *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995).
[21] *Colo. River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 813-14, 816-17 (1976).
[22] *Moses H. Cone Mem'l Hosp. v Mercury Constr. Corp.,* 460 U.S. 1, 28 (1983).

The Second Circuit has found abstention "clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts."[23]  The Seventh Circuit, relying on Congress's intent in conferring exclusive federal jurisdiction, held that there is "no discretion to stay proceedings as to [antitrust] claims within exclusive federal jurisdiction."[24] The Eighth Circuit also found *Colorado* River inapplicable and the suits not parallel even though issues raised in federal court were duplicated in state court.[25]  The Ninth Circuit further held *Colorado River* abstention "inapplicable" because "[t]here is no concurrent state and federal jurisdiction over the federal antitrust claims."[26] Other circuits have impliedly agreed,[27] including the Tenth Circuit.[28]

Vail Health has not cited to, nor could we find, any circuit court holding that a federal court may abstain under *Colorado River* in situations like this.  The cases Vail Health relies on (except one) involve *concurrent* jurisdiction.  The one unpublished district court case that is even remotely relevant (*Gerbino*) recognized that it was an outlier and contrary to substantial, well-reasoned authority supported by the law.[29]  Given this overwhelming legal authority, *Colorado River* cannot be applied here.

---

[23] *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986).
[24] *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213-14 (7th Cir. 1988).
[25] *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013).
[26] *Turf Paradise, Inc. v. Ariz. Downs*, 670 F.2d 813, 820-21 (9th Cir. 1982).
[27] *See Univ. of Md. v. Peat Marwick Main. Co.,* 923 F.2d 265, 276 n. 16 (3d Cir. 1991) ("there can be no possible basis for abstaining if the state court" lacks jurisdiction); *Evans v. Dale*, 896 F.2d 975, 978-79 (5th Cir. 1990) (concluding that *Burford* abstention was improper when there is exclusive federal jurisdiction). *Cf. Kruse v. Snowshoe Co.,* 715 F.2d 120, 214 (4th Cir. 1983) (affirming refusal to stay antitrust action); *San Carlos Apache Tribe of Ariz.,* 463 U.S. 545, 560 (1983) ("a dismissal or stay of the federal suits would have been improper if there was no jurisdiction" in state court).
[28] *See, e.g., Predator Int'l, Inc. v. Gamo Outdoor U.S., Inc.*, 793 F.3d 1177, 1189 (10th Cir. 2015) (noting *Colorado River* does not support abstention when federal court has exclusive jurisdiction); *Shepard's McGraw-Hill, v. Legalsoft*, 769 F. Supp. 1161, 1166 (D. Colo. 1991) (same).
[29] *Gerbino v. Sprint Nextel Corp.*, Case No. 12-2722-CM, at *9 (D. Kan. May. 31, 2013).

### C. Alternatively, The Cases Are Not Parallel.

But even if the Court assumes the doctrine applies, the two actions are not parallel. While both proceedings involve substantially the same parties and have some common facts, the cases are not duplicative.[30] Nor is there a "substantial likelihood that the state litigation will dispose of all the claims in the federal case."[31]

Vail Health asserts that "[w]here a prerequisite to a finding of liability in the federal lawsuit is being adjudicated in the state lawsuit, the proceedings are parallel."[32] Vail Health implies—without any analysis—that the state tort action will determine the outcome of the federal antitrust action. It then argues that if the state court action "finds that the allegedly defamatory statements were not made, or were true, it would gut Plaintiffs' antitrust claims" here.[33] That contention is untrue. *First,* false statements are only one of a significant number of predatory acts alleged, so even if a jury found one or two false statements were not made, there are numerous other grounds for § 2 liability.

*Second*, the thrust of Vail Health's argument confuses the somewhat complex rules of claim preclusion (res judicata) and issue preclusion (collateral estoppel) applied to state and federal court judgments. When state-federal jurisdiction is concurrent on the federal claim, the law of the state in which an earlier judgement is rendered governs its preclusive effect on factual issues raised in a subsequent federal action. This is not true as to claim preclusion when the federal court has exclusive jurisdiction.[34] As Vail Health

---

[30] *See Grynberg v. Grey Wolf Drilling Co.,* No. 07-cv-01742, 2008 WL 687363 (D. Colo. Mar. 11, 2008) (finding cases not parallel even though arose from same factual nucleus).
[31] Def.s' Mot. to Stay at 7 (citation omitted).
[32] *Id.* at 9.
[33] *Id.* at 11.
[34] 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons* 470 U.S. 373, 386 (1985).

8

admits, this case does not involve concurrent state-federal jurisdiction,[35] so the state court action might have a preclusive effect as to false statements, but certainly does not preclude Plaintiffs' antitrust claims for Vail Health's many other predatory acts.

*Third*, the question to ask here is *what* in particular will the state court decide. It will not be the proper definition of relevant markets, or whether Vail Health possesses monopoly power. It will not be whether Vail Health's attempt to monopolize through joint venture agreements created § 2 liability. The possibility that anything decided in the state court will block the antitrust claim under 28 U.S.C. § 1738 is remote because the state court lacks subject matter jurisdiction over the claims at issue. Plaintiffs' Sherman Act § 2 case, as Vail Health's Rule 12(b)(6) motion demonstrates, involves the panoply of federal law antitrust issues over which the state court has no jurisdiction.

*For example,* the proper definition of the relevant geographic market[36] will inevitably involve the debate over the fact that in about 2016, Vail Heath's theory of the relevant market for hospitals was rejected by the country's most distinguished health care antitrust experts,[37] three federal circuit courts, a federal district court, and the FTC.[38] The market definition at issue here will deal with patient convenience, patient flows, and the competitors' location and strength, among others, which have *no* commonality with the state action and will *never* be at issue there. The same is true with respect to the relevant product market.

---

[35]   *See* Def.'s Mot. to Stay at 9 ("Plaintiffs' federal antitrust claim is within the exclusive jurisdiction of the federal courts").
[36]   Def.'s Rule 12(b)(6) Mot. to Dismiss at 6-9.
[37]   See *FTC v. Penn State Hershey Med. Center*, 838 F.3d 323, 340 (3d Cir. 2016).
[38]   *Id.*; *FTC v. Advocate Health Care Network*, 841 F.3d. 460, 475-76 (7th Cir. 2016); *St. Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 784 (9th Cir. 2015); *Sidibe v. Sutter Health*, Case No 12-cv-04854-LB (N.D. Cal., April 12, 2019); *In re Evanston NW Healthcare Corp.*, 2007 WL 2286195, at *64 (FTC 2017).

Plaintiffs' federal complaint also alleges that Vail Health attempted to create a joint venture with orthopedic clinics to intentionally expand its already robust physical therapy monopoly.[39]  Vail Health asserts that its proposed "joint ventures never came to fruition," so it "cannot constitute anticompetitive conduct."[40]  But that contention implicates a significant body of federal law and factual issues as to whether Vail Health's "[a]ttempted monopolization employs 'methods, means and practices which would, if successful, accomplish monopolization, and which though falling short, nevertheless approaches so close as to create a dangerous probability of it."[41]  It also raises legal and factual issues as to whether Vail Health attempted "'to exclude rivals on some bases other than efficiency,'" which could be characterized as predatory.[42]  These strictly federal antitrust issues (and 80% of the facts giving rise to them) will never be addressed, let alone adjudicated, in state court.  Vail Health's anticompetitive exclusionary acts are exclusively matters of federal antitrust law that do not intersect with Colorado law.

Vail Health may attempt to argue in its reply that one legal and factual issue overlaps both actions—that is, whether Vail Health's petitioning of regulatory and law enforcement agencies is protected under *Noerr-Pennington*.  Such an argument would be incorrect for two reasons.  *First*, Vail Health's petitions to the Vail Police Department and the Colorado Department of Regulatory Affairs are factual claims that will be asserted only in the federal action.  *Second*, *Noerr-Pennington* is a federally-created doctrine and is solely a question of federal, not Colorado law.

---

[39]   Am. Compl. ¶¶ 60-73.
[40]   Def.'s Rule 12(b)(6) Mot. to Dismiss at 10.
[41]   *I.E. du Dupont Nemours & Co. v. Kolan Indus.*, Inc., 637 F.3d 435, 453 (4th Cir. 2011).
[42]   *Aspen Skiing Corp. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 605 (1985).

Plaintiffs could continue to distinguish the two actions, but space is short. These few examples should suffice to demonstrate that the two actions are not parallel, particularly when viewed in light of the Tenth Circuit's decision in *Fox*—that is, to find cases sufficiently parallel to justify abstention, the federal court must "necessarily contemplate that…[it] will have nothing further to do in resolving any substantive part of the case."[43] Because the two cases do not involve substantially the same issues, the proceedings are not parallel, and the Court must exercise jurisdiction over this matter.[44]

### D. The *Colorado River* Factors Do Not Favor A Stay Or Dismissal.

Contrary to Vail Health's assertion, the *Colorado River* factors do not weigh strongly in its favor. Rather, the factors weigh in Plaintiffs' favor.

Factor one is irrelevant. There is no relevant property at issue here.

Factor two—convenience of forum—does not weigh strongly in favor of abstention. Some witnesses reside in Denver, some in Eagle County. Vail Health's counsel is located in Denver. Some depositions in the state court action were taken in Denver, and Vail Health even insisted that all depositions be taken there, although that did not happen. Vail Health has substantial financial resources to litigate in federal court.

Factor three—avoidance of piecemeal litigation—weighs in favor of the federal court exercising jurisdiction. Because the federal court is the only forum that can exercise jurisdiction over the Sherman Act claims, this "necessarily result[s] in some degree of piecemeal litigation."[45] Further, Vail Health objected to Plaintiffs' filing an

---

[43]  *Fox,* 16 F.3d at 1081-82. *See also Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277 (1988) (holding that a federal court may only enter a stay under *Colorado River* if it has "full confidence" the state action will end parties' dispute).
[44]  *See Allen v. Bd. of Educ., Unified Sch. Dist. 436,* 68 F.3d 401, 403 (10th Cir. 1995).
[45]  *Predator Int'l*, 793 F.3d at 1189.

11

antitrust claim in state court, and having ultimately succeeded on that motion, it should not now be heard to object to having to defend itself in federal court.[46]

Factor four—which court first obtained jurisdiction—is at best a weak factor favoring abstention. Although the state court proceeding was filed first, the case is still in the discovery stages, and no trial date has been set.[47] While some discovery in the state action is relevant here, much more discovery is needed on relevant geographic and product markets, monopoly power, and pricing. Further, the state forum is inadequate. A stay would deprive Plaintiffs of their ability to litigate the antitrust claims until the state court action is resolved. That outcome is inconsistent with Congress's policy choice to vest federal courts with exclusive jurisdiction over these types of claims.[48]

Factor five—the vexatious nature of either case—is a neutral factor. Plaintiffs only forum to adjudicate their antitrust claim—as the state court itself made clear—is the federal court. Plaintiffs timely sought to bring their antitrust claim once they had sufficient facts to support it. The state court declined to hear it, so this is the only forum for Plaintiffs' claim. And because the summary judgment order is a nullity, Vail Health's assertion that Plaintiffs filed suit here because of unfavorable decisions is untrue.

Factor six—which law applies—weighs strongly in favor of the federal court exercising jurisdiction. Plaintiffs' federal complaint alleges claim under the Sherman Act,

---

[46] *See, e.g., Adkins v. Vim Recycling, Inc.*, 644 F.3d 483, 502 (7th Cir. 2011) (stating that a party "cannot have it both ways").
[47] *See, e.g., Ackoff-Ortega v. Windswept Pacific Entertainment Co.*, 98 F. Supp. 2d 530, 537 (S.D.N.Y. 2000) ("Because the state court action is nowhere near final adjudication, this factor provides weak support for abstention." ); *McWsfpa v. Mawss*, CIVIL ACTION 07-0357-WS-M, at *8 (S.D. Ala. Aug. 27, 2007) (state court action predated the federal action by almost two years but was not a factor).
[48] *See Andrea Theaters,* 787 F.2d at 62-63.

a claim over which federal courts have exclusive jurisdiction.[49]  The state court "would therefore be incapable of protecting the rights in dispute here."[50]

Factor seven—effective remedy—weighs in favor of the federal court exercising jurisdiction.  While the state court action may provide a remedy for state tort claims, without jurisdiction, it provides no remedy for the Sherman Act violations.[51]

Factor eight—forum shopping—weighs heavily against abstention.  Plaintiffs first filed an antitrust claim in state court, but Judge Granger sent them packing, saying that this Court is the proper forum for resolving the antitrust claim, not the state court.

Since almost all relevant factors weigh in favor of the federal court exercising jurisdiction, Vail Health has failed to demonstrate the requisite extraordinary circumstances to warrant *Colorado River* abstention.  It cannot avoid this result by arguing that rather than dismissing the action, this Court should stay it.  The Supreme Court has made clear that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal."[52]  And given the Court's exclusive jurisdiction over the Sherman Act claims, "it would be a serious abuse of discretion to grant the stay or dismissal at all."[53]

---

[49]   *See, e.g., Philogene v. Duckett*, 17cv7224, at *6-7 (S.D.N.Y. Aug. 16, 2018) (noting that it is irrelevant whether some issues may be resolved in state court when a party has "strong federal rights" that can only be protected by the federal court).
[50]   *Kamerman v. Steinberg*, 681 F. Supp. 206, 214 (S.D.N.Y. 1988).
[51]   *See Colorado River*, 424 U.S. at 809 ("dismissal clearly would have been inappropriate if the state court had no jurisdiction to decide" the claims of Native American tribes); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) ("Where exclusive jurisdiction exists, only the federal courts can provide affirmative relief.").
[52]   *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.
[53]   *Id. See also McWsfpa v. Mawss*, CIVIL ACTION 07-0357-WS-M, at *8 (S.D. Ala. Aug. 27, 2007) (declining abstention because plaintiff "could not simply join its Sherman Act claims from a stayed federal case in the State Court Action").

## II.    ALTERNATIVELY, THE COURT SHOULD NOT STAY DISCOVERY.

Vail Health seeks to stay discovery until there is a ruling on this motion and its Rule 12(b)(6) motion. Although a motion to stay discovery may be within the Court's sound discretion,[54] the "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[55] A stay is the exception rather than the rule.[56] Further, Vail Health fails to mention this Court's long-standing admonition that "a stay of all discovery is generally disfavored in this District,"[57] except when addressing immunity or jurisdictional issues,[58] neither of which are at issue here.

As is evident from Plaintiffs' proposed scheduling order, Plaintiffs have an interest in proceeding expeditiously with this matter. Vail Health asserts that Plaintiffs waited years before filing their antitrust suit in federal court but overlooks the fact that Plaintiffs filed a motion to amend their state complaint to add an antitrust claim in January 2019, which the state court ultimately denied. A month after the denial, Plaintiffs filed their claim in federal court, so there was no delay. And even if there was, this Court refused to issue a stay when a party waited five years to file suit.[59] Finally, Plaintiffs already served discovery and have sought an aggressive scheduling order

---

[54]    *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).
[55]    *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.,* 713 F.2d 1477, 1484 (10th Cir. 1983).
[56]    *Gold, Inc. v. H.I.S. Juveniles, Inc.*, Civil Action No. 14-cv-02298-RM-KMT, at *2 (D. Colo. Apr. 8, 2015).
[57]    *Wason Ranch Corp. v. Hecla Mining Co.,* No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007); *Chavez v. Young Am. Ins. Co*., No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).
[58]    *See, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding a thirty-day stay of discovery appropriate while motion to dismiss for lack of jurisdiction was pending).
[59]    *Gold*, *Inc. v. H.I.S. Juveniles, Inc.*, 14-cv-02298-RM-KMT, 2015 WL 1950900, at *2 (D. Colo. Apr. 8, 2015) (finding five-year delay between sending cease-and-desist letter and filing suit insufficient to rebut plaintiff's interest in proceeding with discovery).

Vail Health also argues that the discovery will be "complex and expensive" but fails to provide any specifics as to why that may be so.[60] It then argues that "relevant discovery" is continuing in the state action, which belies the notion that discovery will be complex and expensive, particularly when Vail Health's whole argument is premised on the notion that the federal and state actions are duplicative.

Finally, Vail Health does not maintain that the court lacks jurisdiction over Plaintiffs' claims or that it is entitled to immunity—rather it simply moves to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). Granting a stay of discovery under these circumstances would suggest that a stay is appropriate nearly any time a defendant files a motion to dismiss.[61] That result would not only be contrary to the disfavored status of stays in this district,[62] but it would also make the court's docket thoroughly unpredictable and, hence, unmanageable.[63] In contrast, public interest favors the prompt and efficient handling of cases, which augers in favor of this case proceeding.[64] Because Vail Health has failed to identify "extreme circumstances" to warrant a stay of discovery, this Court should deny that request.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Vail Health's motion in its entirety.

---

[60] *Christou v. Beatport, LLC* No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *2 (D. Colo. Feb. 10, 2011) (finding *String Cheese* factor failed to weigh in favor of stay when defendant did not explain why discovery would be "unusually expensive and protracted").

[61] *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2011 WL 4018207, at *2 (D. Colo. Sep. 8, 2011) (noting, absent special circumstances, civil procedure rules presume discovery may proceed despite filing motion to dismiss).

[62] *Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009).

[63] *Sanaah v. Howell*, 08-cv-02117, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

[64] *Id.*

15

| | |
|---|---|
| Dated:  October 31, 2019 | *s/ Alan L. Kildow* <br> Alan L. Kildow, MN# 0143133 <br> 790 Potato Patch Drive <br> Vail, CO 81657 <br> Telephone: (970) 390-6675 <br> E-mail:  alkildow@aol.com <br><br> Jesse Wiens, Colo. #33903 <br> Fahrenholtz & Wiens LLC <br> 100 West Beaver Creek Boulevard <br> Suite 236 <br> Avon, CO 81620 <br> Telephone: (970) 949-6500 <br> E-mail:  fwlawyers@gmail.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2019, I served a true and correct copy of Plaintiffs' Opposition to Defendant's Motion to Dismiss or Stay Pursuant to *Colorado River* Doctrine, or Alternatively, Stay Discovery, including exhibits, through the Court's e-filing system on:

    Janet A. Savage
    Shannon Stevenson
    Jacqueline V. Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202
    Counsel for Defendant

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow