IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR STAY PURSUANT TO *COLORADO RIVER* DOCTRINE OR, ALTERNATIVELY, STAY DISCOVERY [DKT. 31]

Vail Health[1] submits this reply brief in support of its motion to dismiss or stay this action pursuant to *Colorado River* or, in the alternative, stay discovery ("Motion").

After more than two years of litigation in the State Court Action, Plaintiffs now seek to further prolong and complicate the dispute among the parties. Filing this Federal Court Action was a reactive and vexatious move following unfavorable rulings toward Plaintiffs in the State Court Action: precisely the situation in which a dismissal or stay is appropriate under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

In their Response, Plaintiffs fail to articulate any sound legal or factual basis for the Court to deny the Motion. Plaintiffs offer four arguments: (i) the *Colorado River* doctrine does not apply when a federal court has exclusive jurisdiction; (ii) alternatively, the State and Federal Court

---

[1] Capitalized terms herein have the same meaning as in the Motion.

- 1 -

Actions are not sufficiently parallel to justify a stay; (iii) even if the actions are parallel, the *Colorado River* factors do not favor a stay; and (iv) staying discovery would be contrary to precedent. But none of these arguments stand up.

First, numerous courts, including within the Tenth Circuit, have exercised their discretion to stay a matter even when it involved a claim over which the Court has exclusive jurisdiction. That is the best approach here, too. Second, while Plaintiffs highlight some technical differences between the State and Federal Court Actions, they are indeed parallel, because resolution of the former will avoid duplicative efforts and wasted resources. Third, when analyzed objectively, the discretionary *Colorado River* factors favor a stay. And fourth, contrary to Plaintiffs' conclusory claims, federal courts commonly stay discovery when a pending motion may dispose of the case entirely to prevent needless time and expense. This approach is particularly warranted here, where the parties face a pending parallel action; there is a pending motion to dismiss this case (fully briefed as of tomorrow); and Plaintiffs assert antitrust claims, for which discovery is notoriously burdensome. Thus, Vail Health respectfully urges the Court to stay or dismiss this action under *Colorado River* or, alternatively, stay discovery pending resolution of the dispositive motions.

## ARGUMENT

### I. *COLORADO RIVER* WARRANTS A STAY OR DISMISSAL OF THIS ACTION.

#### A. In the Tenth Circuit, a Court May Stay or Dismiss an Action Under *Colorado River* Even When a Federal Court Has Exclusive Jurisdiction.

Citing a few cases from other circuits, Plaintiffs contend that federal courts "uniformly" reject *Colorado River* abstention where federal courts have exclusive jurisdiction over a claim. Plaintiffs' statements are both factually and legally incorrect. While courts have acknowledged

both sides of this issue, courts in numerous circuits, including this one, have applied *Colorado River* to stay or dismiss claims over which they have exclusive jurisdiction.

In appropriate circumstances, courts have stayed or dismissed Sherman Act antitrust claims, just like the ones here, under *Colorado River*. *See, e.g.*, *Ricky's Diesel Serv., Inc. v. United Diesel, LLC*, 2003 WL 21939775, at \*1-\*2 (E.D. La. Aug. 12, 2003) (staying Sherman Act claim where related state-court case filed almost a year earlier); *Brown v. First State Bank of Harvard*, 1995 WL 756858, at \*2 (N.D. Ill. Nov. 27, 1995) (staying antitrust action under *Colorado River* where, *inter alia*, "the state court proceeding was initiated several years before the federal case and has progressed much further"); *Allied Mach. Serv., Inc. v. Caterpillar, Inc.*, 841 F. Supp. 406, 408-11 (S.D. Fla. 1993) (staying Sherman Act claims under *Colorado River*); *Pirkle v. Ogontz Controls Co.*, 1987 WL 19882, at \*2 (E.D. Pa. Nov. 12, 1987) (staying Sherman Act claims under *Colorado River* after concluding that "it is a waste of judicial resources for this court to rehear extensive evidence and arguments already presented before the state court"), *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988); *Kartell v. Blue Shield of Mass., Inc.*, 592 F.2d 1191, 1195 (1st Cir. 1979) (staying claims under Sections 1 and 2 of the Sherman Act in light of complex issues of state law).

Moreover, Sherman Act claims are just one example of many exclusively federal claims that courts have stayed pursuant to *Colorado River*. *See, e.g.*, *Krieger v. Harris Teeter Supermarkets, Inc.*, 2013 WL 5304847, at \*4 (W.D.N.C. Sept. 19, 2013) (staying exclusive federal claims and reasoning that an "inflexible" rule precluding abstention of exclusive federal claim is "impractical and contrary to notions of wise judicial administration")[2];*Calleros v. FSI Int'l, Inc.*, 892 F. Supp. 2d 1163, 1170-71 (D. Minn. 2012) (staying exclusively federal claims); *In re Novell,*

---

[2] Internal quotation marks and citations are omitted, unless otherwise stated.

- 3 -

*Inc. S'holder Litig.*, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012) (staying exclusively federal securities fraud claims and rejecting case law that exclusively federal claims cannot be stayed); *McCreary v. Celera Corp.*, 2011 WL 1399263, at *4 (N.D. Cal. Apr. 13, 2011) (staying Exchange Act claim because it is "duplicative of the [state] plaintiffs' state law claims"); *Int'l Jensen Inc. v. Emerson Radio Corp.*, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27, 1996) (staying exclusive federal claim where plaintiff was "attempting to litigate what is essentially the same claim under two different laws in two different systems"); *One Up, Inc. v. Webcraft Techs., Inc.*, 1989 WL 118725, at *5 (N.D. Ill. Sept. 22, 1989) (staying exclusively federal claim where "there is a strong likelihood [it] is merely a state law contract action cloaked as a patent infringement claim"); *Klein v. Walston & Co.*, 432 F.2d 936, 937 (2d Cir. 1970) (affirming stay of Securities Exchange Act claims "until final determination of [related] state action").[3]

Ignoring these decisions, Plaintiffs urge this Court to adopt a *per se*, inflexible rule that exclusively federal claims can **never** be stayed or dismissed under *Colorado River*. Plaintiffs rely primarily on cases from the Second, Seventh, Eighth, and Ninth Circuits. (Opp. at 7 & nn.23-26.) Read fairly, these cases do not impose such an inflexible rule (as subsequent cases have concluded) and are distinguishable from the case at hand:

- The Second Circuit case *Andrea Theatres* is distinguishable because there "the state court *defendant*, not the plaintiff, filed the subsequent federal action to protect its own interests," *Allied Mach.*, 841 F. Supp. at 409 (distinguishing *Andrea Theatres*), and there was "limited progress [in] the state court suit," which was filed just six months before the federal action, *see*

---

[3] *See also Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 994-95 (S.D.N.Y. 1990) ("[G]iven that plaintiff's § 10(b) claim is premised on the exact same allegations of misconduct which underlie the claim of fraud [] presented to the New Jersey state court, and given that plaintiff had access to the federal courts when he in the first instance freely chose to submit the adjudication of these underlying facts to the New Jersey state court, we can perceive of no injustice to require plaintiff to be bound by his original voluntary choice of forum and not permit the litigation of these hoary claims to occupy the energies of two courts at the same time.").

*Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 61, 64 (2d Cir. 1986). Subsequent decisions in the Second Circuit have stayed exclusively federal claims under *Colorado River* in appropriate circumstances. *See, e.g.*, *Lorentzen*, 754 F. Supp. at 993 ("[T]he fact that this court has exclusive jurisdiction over [plaintiff's] § 10(b) claim . . . alone is not dispositive of whether or not abstention is appropriate.").

- The Seventh Circuit case *Medema v. Medema Builders, Inc.* involved a federal action filed just three months after the related state court action. In refusing to stay the federal action, the court expressly stated that it did "not mean to create a monolithic rule subject to no exceptions." 854 F.2d 210, 215 (7th Cir. 1988). Accordingly, subsequent decisions in the Seventh Circuit have continued to stay exclusively federal claims. *See, e.g.*, *Brown*, 1995 WL 756858, at *2 (staying federal antitrust action under *Colorado River*).

- *Turf Paradise, Inc. v. Ariz. Downs*, 670 F.2d 813 (9th Cir. 1982), is distinguishable because "the state court proceeding which the district court improperly deferred to was an action brought by a third party, not an action voluntarily brought in state court by the plaintiff who subsequently filed suit in federal court." *Allied Mach.*, 841 F. Supp. at 409 (distinguishing *Turf Paradise*). Moreover, *Turf Paradise* has not prevented courts in the Ninth Circuit from staying exclusively federal claims pursuant to *Colorado River*. *See McCreary*, 2011 WL 1399263, at *4 (staying Exchange Act claim under *Colorado River*).

- *Cottrell v. Duke* acknowledged that "other circuits have declined to adopt a categorical rule barring *Colorado River* when an exclusively federal claim is raised in the federal proceeding," and expressly left open whether there are circumstances where a federal court may stay an exclusively federal claim under *Colorado River*. 737 F.3d 1238, 1248 (8th Cir. 2013).

As such, none of these cases requires or even counsels this Court to reject *Colorado River* here.

While Plaintiffs baldly conclude that the Tenth Circuit has "impliedly agreed" that an exclusively federal claim may never be stayed under *Colorado River*, the case law indicates otherwise. *See Predator Int'l, Inc. v. Gamo Outdoor U.S., Inc.*, 793 F.3d 1177, 1189 (10th Cir. 2015) (analyzing exclusive federal jurisdiction as just one of several *Colorado River* factors relevant to determining whether abstention is appropriate); *Shepard's McGraw-Hill, Inc. v. Legalsoft, Corp.* 769 F. Supp. 1161, 1166 (D. Colo. 1991) (concluding abstention not justified where the parties made only "fleeting or inferential reference to the [Colorado River] doctrine").

The parties have found only one case within the Tenth Circuit addressing whether a court may stay an exclusively federal claim under *Colorado River*: *Gerbino v. Sprint Nextel Corp.*, 2013 WL 2405558, at *3 (D. Kan. May 31, 2013). The *Gerbino* court assessed whether *Colorado River* abstention was appropriate where federal securities claims were pending in federal court and breach of fiduciary duty claims were pending in state court. *Id.* at *4. "[T]he factual basis and issues" in the cases were "overwhelmingly the same." *Id.* After acknowledging a possible authority split, the court rejected "that the exclusive jurisdiction over one claim is sufficient to outweigh all of these other considerations [under *Colorado River*]." *Id.* at *5. The court reasoned:

> Otherwise, plaintiffs could effectively manipulate defendants into defending substantively identical cases in multiple forums. . . . This result is neither efficient nor economical. Rather, it promotes duplication of proceedings and a waste of judicial resources. For all of these reasons, the court determines that the state and federal proceedings are, indeed, parallel—despite the presence of the federal securities claim. . . . [T]he court finds the inflexible, automatic mandated refusal to stay when a case contains federal claims within the exclusive jurisdiction of federal courts to be impractical and contrary to notions of wise judicial administration.

*Id.* This Court should follow the carefully reasoned analysis in *Gerbino* and refuse to reward Plaintiffs' attempt to forum shop and circumvent *Colorado River* by filing an antitrust claim here practically identical to one they previously filed in the parallel State Court Action.

### B.     The State and Federal Court Actions are Parallel.

Plaintiffs next argue that even if the Court's exclusive jurisdiction is not dispositive, the Court should decline to apply *Colorado River*, because the State and Federal Court Actions are not parallel. They claim that (i) a judgment in the State Court Action cannot preclude exclusively federal claims; (ii) the Sherman Act claims involve issues not present in the State Court Action claims; and (iii) the State Court Action will not entirely dispose of the Federal Court Action. Suits are parallel, however, "if substantially the same parties litigate substantially the same issues

in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). Plaintiffs concede that "both proceedings involve substantially the same parties and have some common facts." (Opp. at 8.) Their efforts to highlight the actions' differences do not change these undisputed facts.

First, Plaintiffs' argument that a state court judgment cannot preclude *claims* within the exclusive jurisdiction of federal courts is irrelevant. Here, *issue* preclusion would bar relitigation in federal court of the State Court Action or issues decided there. *See Rantz v. Kaufman*, 109 P.3d 132, 138 (Colo. 2005) ("Issue preclusion . . . can prevent relitigation of a factual or legal matter that was previously litigated and decided, in an earlier matter. Thus, [issue preclusion] is broader than [claim preclusion] since it applies to claims for relief different from those litigated in the first action . . . ."). The State Court Action indisputably concerns Vail Health's alleged attempts to "maintain its market dominance." (*See* Ex. 4, Feb. 22, 2018 First Am. Compl. ¶¶ 96-117 [Dkt. 31-4].) The operative complaint in the State Court Action alleges that "Vail Health, through its Howard Head physical therapy services unit, monopolized physical therapy services in the Vail area geographic market." (*Id.* ¶ 110.) The State Court Action complaint further alleges, among other things, that "Vail Health and Howard Head have sufficient market power to affect competition and cause antitrust injury in the relevant geographic and product markets." (*Id.* ¶ 111.) Regardless of the particular causes of actions, the underlying issues are parallel.

Second, Plaintiffs' argument that the Sherman Act claims involved unique issues, such as market definition and market power, also is irrelevant. (*See* Opp. at 9.) For proceedings to be parallel under *Colorado River*, the state and federal claims need not have precisely the same elements. "Perfect symmetry of . . . issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the

federal case." *Abe v. New York Univ.*, 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016). Here, as discussed above and below, there is a substantial likelihood that resolution of factual issues in the State Court Action will render litigation of the claims in the Federal Court Action unnecessary. The presence of additional elements that would be mooted is irrelevant.

Third, Plaintiffs incorrectly argue that adjudication of the State Court Action is unlikely to dispose of all claims in the Federal Court Action. (Opp. at 8.) As explained in Vail Health's opening brief, Plaintiffs' monopolization claims center on their allegations that Vail Health abused its market power by making allegedly defamatory statements about Plaintiffs. Whether those allegedly defamatory statements were made, whether they were true, and whether they were protected speech, are the core issues that have been and are being litigated in the State Court Action.[4] Plaintiffs also allege that Vail Health's non-solicitation agreements with employees are predatory. Vail Health alleges in its counterclaims in the State Court Action that Mr. Cimino breached the non-solicitation provision in his employment agreement; the propriety of that restriction is the subject of a summary judgment motion and will be litigated and resolved there. Litigating those very same issues in the Federal Court Action, while continuing to litigate them in the State Court Action, is precisely the kind of wasteful duplication that the *Colorado River* doctrine is intended to avoid. *See Colorado River*, 424 U.S. at 817.

---

[4] Plaintiffs argue that the summary judgment decision dismissing numerous defamation claims in the State Court Action is a "nullity," because the court refused to accept Plaintiffs' Second Amended Complaint. As described at length in state court briefing, the summary judgment motion was filed on the complaint *that is currently operative*. Regardless of the procedural confusion surrounding the Second Amended Complaint, the summary judgment briefing and decision remain in full force and effect. The state court in a recent order also denied Plaintiffs' request and refused to declare the Second Amended Complaint a "nullity." (*See* Ex. A, Oct. 20, 2019 Order.)

Plaintiffs brush aside this core nexus and instead note that the State Court Action does not concern a failed joint venture or the relevant definition of a geographic market. But the Court need never get to the question of relevant geographic market if there is no underlying predatory conduct. The State Court Action will resolve the vast majority of allegations concerning predatory conduct. As for the failed joint venture, per Vail Health's motion to dismiss (Dkt. 32), *as a matter of law*, that does not allege anticompetitive conduct. Thus, staying this action while the State Court Action proceeds will avoid duplication and likely leave this Court with nothing further to do.

### C. The *Colorado River* Factors Favor Abstention.

Plaintiffs offer no persuasive reason to deny a stay under the *Colorado River* factors. They admit that factor one (in rem jurisdiction) is neutral and that factors two (convenience of the forum) and four (order courts obtained jurisdiction) favor abstention. (Opp. at 11-12.) As to the third factor (avoidance of piecemeal litigation), Plaintiffs incorrectly reason that piecemeal litigation is unavoidable when a federal court exercises exclusive jurisdiction. (*Id.* at 11-12.) But as discussed above, resolution of the State Court Action will largely if not entirely avoid piecemeal litigation. Moreover, piecemeal jurisdiction *was* avoidable. Had Plaintiffs not waited a year-and-a-half to add an antitrust claim to the State Court Action, their claim could have been heard there.

Plaintiffs also incorrectly claim that factor five (the vexatious or reactive nature of the litigation) is neutral and factor eight (forum shopping) weighs against abstention. As described in Vail Health's opening brief, Plaintiffs clearly filed this lawsuit because they were dissatisfied with rulings in the State Court Action and preferred to force Vail Health to litigate here. Plaintiffs could have acted timely in amending their state court complaint or could have sought reconsideration of the state court's decision to deny the Second Amended Complaint that included their antitrust

claim. Plaintiffs did neither and instead refiled the claim here.[5] (Opp. at 3.) As to factor six (presence of federal issues), as discussed above, even the presence of exclusively federal issues does not prevent abstention where, as here, all other factors weigh in favor of abstention. Finally, on factor seven (effective remedy), the state court can provide an effective remedy on the issues underlying Plaintiffs' claims. In sum, nearly all discretionary factors weigh in favor of abstention.

## II.   THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THE MOTION TO DISMISS.

Contrary to Plaintiffs' contention, federal courts commonly stay discovery when a pending motion is likely to dispose of the entire matter. *See, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate to resolve a pending motion to dismiss); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"). Such a stay is particularly appropriate here where Vail Health has articulated two separate grounds for a stay or dismissal of the action (*Colorado River* and Rule 12(b)(6)) and discovery specific to the Sherman Act is notoriously "costly and protracted." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007). That discovery will be entirely unnecessary if the underlying issues are resolved in state court and/or this case is dismissed under Rule 12(b)(6).

## CONCLUSION

Defendant respectfully requests that this Court stay or dismiss this case, or alternatively, stay discovery pending resolution of Defendant's motion to dismiss under Rule 12(b)(6).

---

[5] Judge Granger did not make any judgment as to the proper forum for this claim. As Plaintiffs quoted earlier, he simply noted that a case filed in federal court is not before him. (Opp. at 3.)

Dated:  November 14, 2019

 *s/ Jacqueline V. Roeder*
Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       shannon.stevenson@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

# CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR STAY PURSUANT TO *COLORADO RIVER* DOCTRINE OR, ALTERNATIVELY, STAY DISCOVERY was filed via CM/ECF on this 14th day of November 2019, which will forward notice to the following:

 Jesse Wiens
 Fahrenholtz & Wiens LLC
 100 West Beaver Creek Blvd., Suite 236
 Avon, Colorado 81620
 Email: fwlawyers@gmail.com

 Alan J. Kildow
 Alan J. Kildow, Attorney at Law
 790 Potato Patch Drive
 Vail, Colorado 81653
 Email: alkidlow@aol.com

           *s/ Kathrine Gates*
           Kathrine Gates