# EXHIBIT 2

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲ **COURT USE ONLY** ▲<br>Case Number:<br><br>Div.:    Ctrm: |
| Taggart Howard, Esq.<br>Inga H. Causey, Esq.<br>CAUSEY & HOWARD LLC<br>275 Main Street<br>Suite G-005<br>Edwards, CO 81632<br>Phone Number:  970.926.6556<br>FAX Number:    970.797.4929<br>E-mail: taggarthoward@me.com; inga.causey@me.com<br>Atty. Reg. #: 31770<br>Atty. Reg. #: 30987<br><br>Attorneys for Plaintiffs LINDSAY WINNINGER<br>and SPORTS REHAB CONSULTING LLC | |
| **VERIFIED COMPLAINT AND JURY DEMAND** | |

Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC for their Complaint against Defendants Doris Kirchner and Vail Clinic, Inc. d/b/a Vail Valley Medical Center ("Vail Valley Medical") (collectively "Defendants"), by and through their attorneys, Causey & Howard, LLC, state and allege as follows:

## NATURE OF ACTION

1.      Kirchner and Vail Valley Medical are prominent members of the Vail Valley medical community, with Kirchner serving as President and Chief Executive Officer of Vail Valley Medical.

2.      For the past year, Kirchner and Vail Valley Medical employees and at least one member of the Board of Directors have, upon information and belief, repeatedly made false and defamatory statements that Lindsay Winninger "stole over 3,000" Vail Valley Medical patient files.  Defendants knew these statements were false when they made the statements and yet continued to maliciously make them in an effort to dissuade orthopaedic clinics, doctors, and patients from using Winninger and her company's physical therapy services.   Upon information and belief, Defendants' statements were made to drive Winninger and her company out of business.

3.      Due to Defendants' false and defamatory statements, the Vail Valley medical community has been led to believe that Winninger is a thief engaged in criminal misconduct in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as well as other laws.

4.      Winninger repeatedly requested that Vail Valley Medical provide any evidence supporting Defendants' false statements.  None was ever given.

5.      Because Vail Valley Medical refused to retract Defendants' false and defamatory statements, Winninger and her company were left with no other choice but to file this action in an attempt to clear her name, restore her personal and professional reputation, and recover the lost business and the damages she has suffered.

## PARTIES

6.      Plaintiff Lindsay Winninger is an individual who resides in Eagle County, Colorado.

7.      Plaintiff Sports Rehab Consulting LLC is a Colorado limited liability company with an office at the Four Seasons Hotel located at 1 Vail Road, Vail, Colorado 81657, and also an office located at 3909 Fox Street, Denver, Colorado 80216. Winninger is the sole member of Sports Rehab.

8.      Defendant Doris Kirchner is the President and Chief Executive Officer of Vail Valley Medical, and upon information and belief, resides at 34900 Colorado River Road, McCoy, Colorado 80463.

9.      Defendant Vail Valley Medical Center is a Colorado nonprofit community hospital with its principal office located at 181 West Meadow Drive, Suite 100, Vail, Colorado.

2

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in this Court under Colo. Rev. Stat. § 13-1-124 because Vail Valley Medical has its principal office in Colorado, and upon information and belief, Kirchner resides in Colorado.  Further, Winninger and Sports Rehab's injuries, damages, and losses are as a result of Defendants' tortious and defamatory conduct, which occurred in Colorado.

11.     Venue is proper in the District Court for the County of Eagle under Colo. R. Civ. P. 98(c)(1) and (5) because Winninger and Sport Rehab are located in Eagle County, the events giving rise to this Complaint occurred within Eagle County, and upon information and belief, the Defendants are located in Eagle County.

## GENERAL ALLEGATIONS

### I.     WINNINGER AND SPORTS REHAB.

12.     Winninger founded Sports Rehab in spring 2014, to assist athletes in reaching maximal potential after injury.  Sports Rehab provides a concierge-type physical therapy service that is not generally offered in Vail Valley.  Sports Rehab's physical therapists generally treat a patient for 1-2 hours and at any location requested by the patient.  Additionally, Sports Rehab does not use protocols but offers an individualized rehabilitation program suited to each patient's needs.

13.     Winninger has been a practicing physical therapist for nine years.  She earned her Bachelor's in Exercise Science and completed her Master's Degree in Physical Therapy at St. Louis University in St. Louis, Missouri.

14.     She is recognized as a leading sports physical therapist in the evaluation and treatment of hip and knee injuries.

15.     From January 2008 to May 2012, Winninger worked for John Atkins and Topper Hagerman at Howard Head Sports Medicine and was never a Vail Valley Medical employee.  While at work with Atkins and Hagerman, Winninger was very fortunate to team up with some of the most well-known and well-respected orthopedic doctors at The Steadman Clinic, including Dr. Richard Steadman and Dr. Marc Philippon.

16.     From May 2012 to April 2014, Winninger worked and traveled as the head physical therapist for the U.S. Women's Ski Team for two seasons, including the 2014 Winter Olympic Games in Sochi.

3

17.     After the 2014 Olympics, Winninger became alpine skiing champion Lindsey Vonn's private, full-time physical therapist for two-and-a-half years.  Vonn has credited Winninger with helping her come back after multiple injuries, including last year's arm injury.

18.     Winninger has treated and rehabbed athletes in the NFL, NHL, NBA, MLB, PGA, WTA, USSA, as well as collegiate and Olympic athletes in various sports.  She has treated many of her patients for well over five years.

19.     Winninger and Sports Rehab have also collaborated with a number of physical therapists from Howard Head, co-treated patients with Howard Head physical therapists, and provided physical therapy services to two members of Vail Valley Medical's Board of Directors.

20.     While Winninger is located in Vail, she has four therapists located in Denver.  Each of the therapists has a strong educational background, holding either Master's or Doctorate degrees.  Each also has a strong professional background working with prominent athletes, including the U.S. Olympic Sports Medicine team, the International Triathlon Union's Sports Development team, NBA, NFL, NHL, PGA, USSA, MLB, and multiple professional ballet companies.

21.     Sports Rehab's services go beyond just physical therapy and include a holistic approach that involves customizing treatment plans tailored to each individual's injury and sport, which includes a patient-specific program of training, rehabilitation, nutrition, and injury prevention.  Sports Rehab is also unique in that it provides physical therapist services not only in a clinic setting (like at its Vail office in the Four Seasons Hotel), but also on location—that is, in homes, offices, gyms, hotels, or wherever (and whenever) a client requests.  Sports Rehab also works on a cash payment system and does not directly contract with insurance companies.

22.     Winninger and Sport's Rehab have routinely worked with The Steadman Clinic and other orthopedic clinics in the Vail Valley.  The Steadman Clinic constitutes a significant portion of Winninger's and Sport Rehab's physical therapy referrals.

23.     In summer 2016, The Steadman Clinic and the Steadman Philippon Research Institute approached Winninger, seeking to engage her services to provide advice and consulting services specific to developing patient-centered and patient-specific programs for musculoskeletal health and sports injury prevention programs.

24.     In summer 2016, The Steadman Clinic and the Steadman Philippon Research Institute both entered into separate consulting services agreements with Winninger for these consulting services.

## II.   VAIL VALLEY MEDICAL CENTER AND HOWARD HEAD SPORTS CLINIC.

25.   Based on the conduct of Defendants, it appears that Vail Valley Medical and Howard Head see Winninger and Sports Rehab as a direct threat and competitor for physical therapy services in Vail and the surrounding areas.

26.   Vail Valley Medical is an independent nonprofit hospital, which is now home to Howard Head.  The internationally renowned The Steadman Clinic and the Steadman Philippon Research Institute are separately owned and operated entities that share some operational facilities with Vail Valley Medical.

27.   From the 1990s until 2012, Atkins and Hagerman were closely aligned with The Steadman Clinic, which was previously known as the Steadman Hawkins Clinic.  Atkins, Hagerman, and Dr. Steadman had assembled one of the first sports medicine teams, integrating orthopaedic medicine, exercise physiology, athletic training, and sports psychology.   While Dr. Steadman pioneered revolutionary surgical techniques, Atkins and Hagerman helped Dr. Steadman's patients by devising cutting-edge rehabilitation concepts.

28.   In late 2012, Atkins and Hagerman sold their physical therapy consulting business to Vail Valley Medical, which then fully took over and operated under the name Howard Head.  Prior to that time, Vail Valley Medical owned Howard Head's facilities and equipment, but not the business itself.  Winninger chose not to become an employee of Howard Head upon the sale but went out on her own as an independent physical therapist, eventually forming Sports Rehab.

29.   Today, Howard Head employs over 60 physical therapists who provide physical therapy sessions at Howard Head's ten clinic locations.  Howard Head does not provide the personalized, at any location, and patient-specific programs like Winninger and Sports Rehab.  For example, Howard Head physical therapists are scheduled to see patients every 40 minutes at one of the ten clinic locations and generally do not have the ability to devote the same amount of time, or provide the same personalized services that Winninger and Sports Rehab offer.

## III.   IN LATE 2015, WINNINGER AND SPORTS REHAB HIRE A HOWARD HEAD PHYSICAL THERAPIST TO JOIN THEIR TEAM.

30.   In late winter 2015, Winninger and Sports Rehab hired David Cimino ("Cimino") to start employment on or about January 1, 2016.  Prior to coming to work for Sports Rehab, David Cimino was employed with Howard Head, whom he had been employed with since August 2012.

31.   Upon information and belief, in late November 2015, Cimino provided notice to his supervisor at Howard Head that he was resigning from Howard Head at the

end of December. Upon information and belief, Cimino provided a five-week notice as a courtesy to allow Howard Head adequate time to find his replacement.

32.   On or about January 1, 2016, Cimino began his full-time employment with Sports Rehab.

33.   Upon information and belief, on April 15, 2016, Vail Valley Medical posted on its website a "Notice to Vail Valley Medical Center patients regarding Privacy Incident," which is publicly available at https://www.vvmc.com/media/389360/vvmc.pdf. *See* attached **Exhibit 1**.

34.   The purpose of the Notice was to notify "patients about a potential disclosure of personal health information," which related to certain information that Cimino had apparently accessed while employed at Howard Head.

35.   This was not the only time Vail Valley Medical had encountered an issue with a patient's health information being improperly accessed. Upon information and belief, Vail Valley Medical employees had improperly accessed the patient files of a prominent professional athlete. Upon information and belief, those accessing the files were disciplined, not fired, and no criminal investigation was instituted.

36.   In the Notice, Vail Valley Medical stated that on February 16, 2016, it discovered that a former Howard Head physical therapist—(Cimino)—improperly copied physical therapy and occupational therapy records containing patient personal health information onto two USB electronic storage devices and "took those devices with him at the time he was starting with his new employer." The data apparently "did **NOT** include social security numbers, dates of birth, credit card or bank account information, or addresses."

37.   Importantly, the Notice also states that "[t]o date, VVMC has demanded and obtained the return of both electronic storage devices along with *a signed certification* from the former employee *that he has not retained copies or otherwise provided any of the data to any other person or company*." (emphasis added).

38.   The Notice further states that on or about April 15, 2016, Vail Valley Medical mailed separate letters to each of the patients whose personal health information was purportedly compromised. Upon information and belief, the letters made the same, or substantially the same, statements as those made in the Notice and were sent to 3,118 Vail Valley Medical patients.

39.   Accordingly, by about April 15, 2016, Vail Valley Medical had informed the public and its patients that it had demanded and obtained the return of the electronic storage devices from its former employee and that it had obtained a certification from the former employee in which he expressly stated that he had "not retained copies or otherwise provided any of the data to any other person or company."

40.     Even though Vail Valley Medical assured the public and its patients that the personal health information had been returned by its former employee and that no other person or company had the patient data, doctors and clinics using Winninger's physical therapy services were told something different.

41.     Many individuals associated with Vail Valley Medical, such as its President, Chairman of the Board, and Howard Head employees, have made a number of false statements to prominent members of the Vail medical community about Winninger.  These statements include that Winninger "stole over 3,000 patient files from Vail Valley Medical," which, if true, would be a serious criminal offense under HIPAA.

42.     Winninger's livelihood depends on her reputation for good character, integrity, and trustworthiness. She works with prominent orthopedic doctors and clinics on a daily basis, preparing physical therapy programs to serve the doctors' patients. She must abide by HIPAA, as well as other confidentiality requirements.   Any accusation that Winninger or her company stole patient records and violated HIPAA would be devastating to her and her business.

43.     After Winninger was repeatedly questioned about the truth of Defendants' statements, and the effect it was having on her personal and professional reputation in the community, Sports Rehab decided to terminate the former Howard Head physical therapist in October 2016.

44.     This decision, however, did not stop Defendants from continuing to make false and defamatory statements about Winninger, as the following section shows.  In fact, the defamatory statements increased.

## IV.   VAIL VALLEY MEDICAL CEO, BOARD CHAIRMAN, AND EMPLOYEES TOLD DOCTORS AND CLINICS THAT WINNINGER "STOLE PATIENT FILES."

45.     After coming to work with Sports Rehab in January 2016, all appeared to be going well until Winninger later learned that Cimino was alleged to have downloaded certain protected patient health data from Vail Valley Medical.

46.     At no time prior to his employment with Sports Rehab did Winninger discuss taking Vail Valley Medical patient files, and Winninger was not aware any patient files had been taken when he started working at Sports Rehab.

47.     After Winninger learned about the allegations relating to patient files, Winninger asked Cimino whether he had downloaded the Vail Valley Medical patient files and what information he had taken.

48.     He told Winninger that he did not know what he had downloaded to a USB drive, but he said he never intended to download any Vail Valley Medial patient files.

49.     He further stated that if he had done so, he did so by mistake, and in any event, he had returned the USB drives to Vail Valley Medical.

50.     Cimino further informed Winninger that he had signed a sworn certificate stating that he did not transfer any of the alleged Vail Valley Medical patient files to Winninger.

51.     In fact, he never transferred any patient files that he may have obtained from Vail Medical Center to Winninger or any Sports Rehab employees or associates.

52.     Based upon the facts set forth above, Winninger thought the collection of patient information was inadvertent and was not disclosed to anyone by Cimino, but returned to Vail Valley Medical and therefore Cimino could continue his relationship with Sports Rehab.

53.     Beginning in spring 2016, however, Winninger learned that Vail Valley Medical's Chief Executive Officer Doris Kirchner had met with The Steadman Clinic Chief Executive Officer Dan Drawbaugh and told him that Winninger had known about and participated in the downloading of Vail Valley Medical patient files.

54.     Continuing into early summer 2016, Kirchner continued to make statements to Drawbaugh to the effect that Winninger had stolen Vail Valley Medical patient files.  Kirchner strongly suggested to Drawbaugh that The Steadman Clinic should not be professionally associated with Winninger.

55.     As summer turned into autumn 2016, Kirchner accelerated her false and defamatory statements about Winninger and the purported theft of Vail Valley Medical patient files.

56.     Kirchner continued to make statements to The Steadman Clinic CEO Dan Drawbaugh, as well as to the Chief Operating Officer of The Steadman Clinic.

57.     The Steadman Clinic asked Kirchner to provide proof of this alleged theft of patient files.

58.     Neither Kirchner nor Vail Valley Medical provided proof or any support for their statements.

59.     Kirchner apparently made similar statements to members of the Board of Directors of Vail Valley Medical because its Chairman stated to a Steadman Board member and physician that he could not understand why The Steadman Clinic was associating itself with Winninger when she had stolen patient files from Vail Valley Medical.

60.     By late 2016 and into early winter 2017, the false and defamatory statements made by Kirchner were circulating throughout the Vail Valley medical community, among physicians and staff members of The Steadman Clinic, the Steadman Philippon Research Institute, and upon information and belief, other orthopedic clinics.

61.     On January 25, 2017, Winninger had a meeting with the doctors at The Steadman Clinic.  She was specifically asked about the statements being made by those associated with Vail Valley Medical, and in particular, whether she stole patient files.  Winninger informed the doctors that she was not involved in any theft of patient files and informed them of the steps she had taken to clear her name and reputation, to no avail.

62.     At about the same time, Winninger provided Dan Drawbaugh and Dr. Philippon a signed copy of the sworn certification provided by the former Howard Head physical therapist, which stated that Winninger did not obtain or have access to the patient files.  Although Winninger had asked Vail Valley Medical to provide a copy of the certification, it refused to provide her with the sworn statement.

63.     Upon information and belief, during the week of February 6, 2017, the Vail Valley Medical Board Chairman had a telephone conversation with a Board member of the Steadman Philippon Research Institute.  Upon information and belief, the Chairman told the Steadman Philippon Board member that Winninger had "stolen 3,000 patient files" from Vail Valley Medical.

64.     Given that Defendants had no evidence that Winninger had done anything improper—and actually were in possession of a sworn statement that stated otherwise—Defendants statements were malicious in nature and appeared to be made to destroy Winninger's personal and professional reputation and ultimately force Winninger and Sports Rehab out of business.

65.     To quash the false and defamatory statements being made about her, Winninger voluntarily had her computer forensically reviewed, at her own cost, by a certified forensic computer examiner.  The forensic review found no evidence of Vail Valley Medical patient electronic medical records, or electronic healthcare records on her computer.  Nor was there any evidence that USB thumb drives were attached to Winninger's computer during the relevant time period.  On March 2, 2017, Winninger voluntarily provided this report to Vail Valley Medical.

66.     Additionally, Winninger provided Vail Valley Medical with a sworn affidavit stating she and Sports Rehab were not involved in any theft of Vail Valley Medical patient files, nor did she ever see or use that information.  Winninger also offered to sit for a deposition, but Vail Valley Medical did not depose her.

67.    In contrast, Winninger requested that Vail Valley Medical provide any evidence that it had demonstrating that Winninger or Sports Rehab accessed Vail Valley Medical patient files.  Vail Valley Medical never provided any evidence.

68.    In early 2017, Winninger requested that Vail Valley Medical retract the statements made by Defendants and inform all Vail Valley Medical Board members, as well as the doctors at The Steadman Clinic and Vail Summit Orthopaedics, that Winninger and Sports Rehab did not take any Vail Valley Medical patient files.  Vail Valley Medical never responded to this request, and upon information and belief, Defendants never retracted their statements.

69.    Despite these efforts, Winninger was unable to undo or mitigate the damage to her professional reputation caused by the false, malicious and defamatory statements of Kirchner.  By late fall 2016, physicians at The Steadman Clinic, who formerly referred their patients to her and Sports Rehab, ceased referring patients to Winninger and Sports Rehab.

70.    Some physicians told Winninger directly that they needed to end their professional relationship with her and Sports Rehab until the alleged theft of patient files was "cleared up."  In other words, the physical therapy work would cease until Winninger cleared her name.

71.    Indeed, that is what happened.  The Steadman Clinic doctors have ceased sending Winninger and Sports Rehab orthopaedic physical therapy referrals. As a result of Kirchner's false and defamatory statements, Winninger and Sports Rehab has lost substantial portions of their business.

72.    Winninger and Sports Rehab have been damaged in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I—DEFAMATION
*(Against All Defendants)*

73.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 as if set forth fully herein.

74.    Defendants have made false and defamatory statements about Winninger relating to Winninger's trade or profession, including that she "stole over 3,000 patient files" from Vail Valley Medical.

75.     Defendants' false and defamatory statements about Winninger were broadcast to many prominent members of the Vail Valley medical community where Winninger is known and provides physical therapy services.

76.     Defendants' false and defamatory statements unquestionably relate to Winninger.

77.     Defendants' false and defamatory statements about Winninger involve criminal accusations that Winninger is a "thief" and stole patient records in violation of HIPAA and other laws.

78.     The false and defamatory statements made by defendants about Winninger and her professional integrity significantly tainted Winninger and her company's reputation within the Vail Valley medical community.

79.     Defendants' false and defamatory statements are not privileged.

80.     At the time Defendants made the false and defamatory statements, they knew such statements were false and/or acted with reckless and wanton disregard as to the truth or falsity of the statements.

81.     Defendants' false and defamatory statements were made in bad faith and were made with actual malice and reckless disregard as to the truth of such statements. Further, the statements were not made for a legitimate business purpose but were made in an effort to eliminate Winninger and Sports Rehab as competitors.

82.     Defendants have failed to issue a retraction of the false and defamatory statements and have rejected Plaintiffs' request to do so.

83.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the medical community, and loss of business opportunities, which includes a loss of referrals and referral sources.

### COUNT II—TORTIOUS INTERFERENCE WITH CONTRACT
### (Against All Defendants)

84.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 83 as if set forth fully herein.

85.     Winninger has valid contracts with The Steadman Clinic and the Steadman Philippon Research Institute relating to physical therapy services and research services.

11

86.     Defendants had knowledge of these valid contracts, as is evident by the orthopaedic clinic, research institute, and doctors that Defendants chose to speak to about Winninger.

87.     Defendants, acting without authorization or privilege, and with knowledge of these contracts, have, as a result of the actions described above, wrongfully interfered with these contracts.

88.     Defendants' intentional and unjustified conduct was motivated by ill will and malice and interfered with and caused breaches and disruptions of Winninger's contracts.

89.     As a direct and proximate result of Defendants' intentional and improper interference, Sports Rehab has suffered substantial economic injury, loss of goodwill, harm to their personal and business reputation, loss of esteem and standing in the medical community, and loss of business opportunities, including loss of referrals and referral sources.

**COUNT III—TORTIOUS INTERFERENCE WITH CURRENT BUSINESS RELATIONSHIP**
*(Against All Defendants)*

90.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 89 as if set forth fully herein.

91.     Plaintiffs have valid business relationships with orthopaedic clinics, research institutes, and doctors.

92.     Defendants had knowledge of these business relationships, as is evident by which orthopaedic clinics, research institutes, and doctors that Defendants spoke with about Winninger.

93.     Defendants, acting without authorization or privilege, and with knowledge of these business relationships, have, as a result of the actions set forth above, wrongfully interfered with these business relationships.

94.     Defendants' intentional and unjustified conduct was motivated by ill will and malice and interfered with and caused breaches and disruptions in Plaintiffs' business relationships.

95.     As a direct and proximate result of Defendants' intentional and improper interference, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their personal and business reputation, loss of esteem and standing in the medical community, and loss of business opportunities, including loss of referrals and referral sources.

## COUNT IV—TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP
### *(Against All Defendants)*

96.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 95 as if set forth fully herein.

97.     Plaintiff has valid expectations of prospective business relationships with other orthopaedic clinics and doctors in Vail Valley.

98.     Defendants had knowledge of these valid expectations of prospective business relationships.

99.     Defendants, acting without authorization or privilege, and with knowledge of these prospective business relationships, have, as a result of the actions described above, wrongfully interfered with these prospective business relationships.

100.     Defendants' intentional and unjustified conduct was motivated by ill will and malice and interfered with and caused breaches and disruptions of Plaintiffs' prospective business relationships.

101.     As a direct and proximate result of Defendants' intentional and improper interference, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their personal and business reputation, loss of esteem and standing in the medical community, and loss of business opportunities, including loss of referrals and referral sources.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC request the following relief:

(a)     Judgment in favor of Plaintiffs and against Defendants on all of Plaintiffs' claims for relief;

(b)     Award of compensatory, noncompensatory, and other allowable damages to Plaintiffs and against Defendants in an amount to be determined at trial plus interest;

(c)     Costs and reasonable attorneys' fees incurred in this matter, including expert witness fees; and

(d)     All other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated:  April 25, 2017                    **CAUSEY & HOWARD LLC**

By: _____
        Taggart Howard, #31770
        Inga Causey, #30987

        Attorneys for Plaintiffs Lindsay Winninger
        and Sports Rehab Consulting LLC

**Address of Plaintiffs:**
Lindsay Winninger
Sports Rehab Consulting LLC
1 Vail Road
Vail, Colorado  81657

14

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated:  April 25, 2017

CAUSEY & HOWARD LLC

By:

Taggart Howard, #31770
Inga Causey, #30987

Attorneys for Plaintiffs Lindsay Winninger
and Sports Rehab Consulting LLC

**Address of Plaintiffs:**
Lindsay Winninger
Sports Rehab Consulting LLC
1 Vail Road
Vail, Colorado  81657

14

## VERIFICATION

I, LINDSAY WINNINGER, one of the Plaintiffs and the principal ~~and only~~ member _LW_
of Plaintiff Sports Rehab Consulting LLC, declare under penalty of perjury under the
laws of the State of Colorado that I have read the Verified Complaint and Jury Demand
and that all the factual allegations contained therein are true and correct to the best of
my knowledge, information, and belief as of today's date.

Date:  April 25, 2017

Lindsay Winninger

STATE OF COLORADO
COUNTY OF EAGLE

Subscribed, sworn to, and acknowledged to me
on this 25th day of April, 2017.

My Commission Expires:  11/05/2017

Notary Public

8266340v3

MICKAILE R BARROS
Notary Public
State of Colorado
Notary ID 20134070434
My Commission Expires Nov 5, 2017