**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**DEFENDANT VAIL HEALTH'S MOTION TO STAY DISCOVERY**
**PENDING ADJUDICATION OF ITS MOTION TO DISMISS UNDER**
**RULE 12(b)(6) AND *COLORADO RIVER* MOTION**

---

      Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") hereby submits this Motion to Stay Discovery Pending Adjudication of its Motion to Dismiss Under Rule 12(b)(6) and Motion to Dismiss or Stay Pursuant to *Colorado River* ("Motion").

      Vail Health has two motions pending that would substantively dispose of this case. On October 10, 2019, Vail Health filed a Motion to Dismiss or Stay Pursuant to the *Colorado River* Doctrine or, Alternatively, Stay Discovery (Dkt. 31) ("*Colorado River* Motion"). On October 11, 2019, Vail Health filed a Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. 32) ("Motion to Dismiss"). These motions have been fully briefed but are not yet resolved. Per the parties' discussion with the Court during the January 28, 2020 Scheduling Conference, Vail Health files this Motion to update the Court on the proceedings in the parallel state case, *Winninger v. Vail*

*Health et al.*, No. 2017CV030102, pending in Eagle County district court (the "State Court

Action"), including important proceedings in the State Court Action since the filing of Vail

Health's *Colorado River* Motion and Motion to Dismiss and to request a stay of discovery

pending resolution of the dispositive motions in this case.

STATEMENT OF CONFERRAL

Defendant first conferred with Plaintiffs concerning the relief requested herein in

September 2019.  Plaintiffs' counsel indicated by email on September 17, 2019 and during a

September 27 call that Plaintiffs oppose the relief requested.  In light of the Court's order, the

parties conferred by telephone on January 30, 2020.  Plaintiffs' counsel indicated that they

continue to oppose the relief requested.

PRELIMINARY STATEMENT

After nearly three years of litigation, the State Court Action—which involves the very

same facts as this case—is nearing conclusion.  On January 27, 2020, Plaintiffs filed a motion for

summary judgment on all of Plaintiffs' remaining claims.  Discovery in the State Court Action

will conclude in March 2020.  Trial, if necessary, likely will follow shortly thereafter.  As

demonstrated in Vail Health's *Colorado River* Motion, once Plaintiffs' claims in the State Court

Action are adjudicated, there will be nothing to decide in this case.  Further, as demonstrated in

Vail Health's Motion to Dismiss, Plaintiffs' antitrust claims in this Federal Court Action are

fatally flawed.  Under these circumstances, allowing discovery to proceed in the Federal Court

Action on Plaintiffs' antitrust claims would be manifestly unjust and impractical.  When

considered in the context of Plaintiffs' two-and-a-half year delay in bringing this antitrust action

- 2 -

in federal court, any delay resulting from a discovery stay would be *de minimis*.  Vail Health respectfully submits that this Court should stay discovery pending adjudication of Vail Health's Motion to Dismiss and *Colorado River* Motion.

As discussed, Vail Health filed its *Colorado River* Motion (Dkt. 31) on October 10, 2019 and its Motion to Dismiss (Dkt. 32) on October 11, 2019.  Those motions are fully briefed.

## BACKGROUND

### A.      Proceedings in State Court Lawsuit

Plaintiffs in this action are Lindsay Winninger and her company, Sports Rehab Consulting, LLC ("SRC") (collectively, "Plaintiffs").  In April 2017, Ms. Winninger and SRC filed the State Court Action against Vail Health and its CEO, Doris Kirchner.  (Ex. 1, Docket Sheet in State Court Action; Ex. 2, Verified Complaint and Jury Demand (Apr. 25, 2017) ("Initial Complaint").)  Plaintiffs alleged that Vail Health and Ms. Kirchner falsely stated to various members of the Vail Valley community that Plaintiffs and David Cimino (a physical therapist who left Vail Health's Howard Head physical therapy practice to work for SRC) stole Vail Health documents, including patient records.  (*Id.* at 2.)  Plaintiffs alleged that Vail Health and Ms. Kirchner made such allegedly false statements to monopolize the market—in Plaintiffs' words: "in an effort to dissuade orthopedic clinics, doctors, and patients from using Winninger and [SRC's] physical therapy services" and to "drive Winninger and her company out of business."  (*Id.*)  Plaintiffs asserted four causes of action:  defamation, tortious interference with contract, tortious interference with current business relationship, and tortious interference with prospective business relationship.  (*Id.* ¶¶ 73-101.)

In July 2017, Defendants filed an answer, counterclaims against Plaintiffs, and a third-party complaint against Mr. Cimino.  Defendants asserted: (1) a breach of contract claim against Mr. Cimino, which alleged that he breached the confidentiality and non-solicitation provisions of his employment agreement with Vail Health; (2) an interference with contract claim against Ms. Winninger and SRC, for inducing Mr. Cimino to breach is employment agreement with Vail Health; (3) a breach of duty of loyalty claim against Mr. Cimino for soliciting Vail Health clients to SRC while still employed by Vail Health; (4) civil theft, conversion, and misappropriation of trade secrets claims against Ms. Winninger, SRC, and Mr. Cimino for stealing Vail Health's property, including patient files and confidential or trade-secret information; and (5) civil conspiracy / aiding and abetting against Ms. Winninger, SRC, and Mr. Cimino.  Notably, it is *undisputed* that Mr. Cimino downloaded thousands of documents from his Vail Health computer to two USB storage devices before his last day at Vail Health.  Further, as discussed below, it has recently come to light that Ms. Winninger also downloaded thousands of documents from the Howard Head shared drive—including documents containing protected patient health information—before she left Howard Head in 2012.

In the course of discovery, the state court entered an Order Providing for Forensic Examination of Electronic Devices ("Initial Forensic Order").  The Initial Forensic Order called for the appointment of an independent forensic expert who would create images of the USB devices Mr. Cimino used to download documents from Vail Health's server and computers of Winninger, SRC, and Mr. Cimino, and then identify files common to the USB devices and the computers.  (Ex. 3, Initial Forensic Order at 3, 6-10.)

In February 2018, Plaintiffs filed an Amended Complaint, which asserted 24 defamation claims and three tortious interference claims. (Ex. 4, Amended Complaint ¶¶ 118-399.) At the core of the Amended Complaint was Plaintiffs' allegation that "Vail Health made defamatory statements to maintain its market dominance and drive Winninger and Sports Rehab out of business." (*Id.* at 14 (all caps omitted).)

As the litigation progressed, the parties engaged in extensive discovery. Many disputes arose among the parties, resulting in the scores of motions to compel, motions for protective orders, and motions for sanctions. (*See* Ex. 1, Docket Sheet in State Court Action.) The parties also filed multiple motions regarding the scope of the examination by the independent forensic expert. (*Id.*) This flurry of motions caused the independent forensic expert to observe in 2019 that the State Court Action was the most adversarial he had ever been involved in, despite conducting thousands of forensic examinations.

In January 2019, Defendants moved for summary judgment with respect to Plaintiffs' defamation claims, arguing primarily that there was no evidence the statements were made or, alternatively, that the statements were privileged as a matter of law. In May 2019, the Court largely granted Defendants' motion for summary judgment, dismissing sixteen of Plaintiffs' defamation counts. (*See* Ex. 5, Order Granting in Part Defendants' Motion for Summary Judgment as to Plaintiffs' Defamation Claims.)

While the motion for summary judgment was pending—and more than a year and a half after filing their initial complaint—Plaintiffs moved for leave to file a *Second* Amended Complaint, seeking to add claims for exemplary damages and monopolization claims under the

Colorado Antitrust Act.  After initially granting Plaintiffs' motion to file a Second Amended

Complaint (*see* Ex. 6, Order Granting Plaintiff's Motion to Amend Complaint (Mar. 5, 2019)),

and after Defendants moved to dismiss that Second Amended Complaint, the Court *sua sponte*

concluded that the Second Amended Complaint claims should not stand:  "The Plaintiff also has

requested that a Second Amended Complaint be filed.  This request is also denied.  The Plaintiff

herself, through her attorney, has recently complained that this case is 2 ½ years old and needs to

get to trial.  An amended complaint will cause additional delay."  (Ex. 7, Order (May 28, 2019).)

After several hearings, Plaintiffs ultimately did not oppose Defendants' motion to dismiss claims

in the Second Amended Complaint, including the monopolization claim.

In July 2019, in light of delays resulting from discovery disputes, the Court appointed

Hon. W. Terry Ruckriegle as a special master ("Special Master").  (Ex. 8, Order Appointing

Special Master per C.R.C.P. 53(a) (July 18, 2019).)

Since the appointment of the Special Master, many outstanding discovery disputes have

been resolved, and the case is proceeding apace toward trial.  On November 4, 2019, the Special

Master issued a Fourth Amended Case Management Order ("CMO").  (Ex. 9, Fourth Amended

Case Management Order (Nov. 4, 2019).)  Pursuant to the CMO, the deadline for completion of

all discovery is March 13, 2020—less than two months away.  (*Id.* at 2.)  Further, the CMO sets

deadlines of March 13, 2020 for non-dispositive motions, including discovery motions.  (*Id.*)

The Court and Special Master have also adjudicated numerous outstanding motions in recent months.  Among the significant issues resolved by the Court or Special Master since the Special Master's appointment are the following (*see* Ex. 1):

- On August 22, 2019, the Court granted Defendants Nicholas Brown and Michael Shannon's motion to dismiss, dismissing with prejudice all claims against them.

- On September 12, 2019, the Special Master granted Vail Health's motion to enforce a prior court order requiring Plaintiffs to produce a report that reflects the results of Plaintiffs' forensic expert's analysis of Ms. Winninger's computer.

- On October 11, 2019, the Court granted Defendants Brown and Shannon's motion for costs due to their dismissal from the case.

- On November 2, 2019, the Special Master ordered (a) Ms. Winninger's partner in SRC, Brad Schoenthaler, to sit for a deposition to answer questions Plaintiffs' counsel instructed him not to answer during his prior deposition and (b) SRC to produce appointment calendars for Mr. Cimino and Ms. Winninger.

- On November 4, 2019, the Special Master ordered Plaintiff Winninger to produce the documents she downloaded from Vail Health's Howard Head server before leaving Howard Head in 2012.

- On November 4, 2019, the Special Master ordered Plaintiffs to produce a broad range of documents improperly withheld by Plaintiffs.

- On November 4, 2019, the Special Master ordered Plaintiffs to produce a document improperly withheld as privileged.

- On December 5, 2019, the Court awarded former Defendants Shannon and Brown costs, in light of their dismissal from the case.

- On January 4, 2020, the Special Master set a deadline of February 7, 2020 for discovery motions regarding issues previously raised.[1]

---

[1] During a January 16, 2020 telephonic hearing with the Special Master, the Special Master accelerated this deadline and asked the parties to file discovery motions on known issues by January 24, 2020.

Notably, after multiple orders from the Special Master, on November 1 and 5, 2019 Ms. Winninger produced the documents she downloaded from the Howard Head shared drive on the Vail Health server when she left Howard Head in 2012.  Ms. Winninger's production revealed that ***she downloaded 8,362 documents*** from the Howard Heard shared drive, including documents containing confidential Vail Health information and patient information that is protected under HIPAA.  As a result, Vail Health has once again had to undertake costly and burdensome patient notification procedures required by HIPAA.

Based on Plaintiffs' production of the 8,362 documents Ms. Winninger took, including protected health information, on January 27, 2020, Vail Health filed a motion for summary judgment on all of Plaintiffs' remaining claims in the State Court Action.  The defamatory statements Plaintiffs allege—which underlie Plaintiffs' claims in this case—are substantially true, and thus not defamatory as a matter of law.

### B.      Federal Court Action

In July 2019, Plaintiffs filed this lawsuit, naming Vail Health as the sole defendant.  (Dkt. No. 1.)  After the parties met and conferred regarding Vail Health's proposed motion to dismiss, Plaintiffs filed an amended complaint ("Amended Complaint").  (Dkt. No. 26.)  Like the complaints in the State Court Action, the Amended Complaint alleges that Vail Health made false statements regarding Plaintiffs and their involvement in the theft of Vail Health files and patient information in an effort to prevent Ms. Winninger and SRC from competing with Vail Health in the alleged Vail Valley physical therapy market.  (*See, e.g.*, Am. Compl. ¶¶ 7-8, 94-

226.)  Plaintiffs assert two causes of action:  monopolization under Section 2 of the Sherman Act and attempted monopolization under Section 2 of the Sherman Act.  (*Id.* ¶¶ 242-273.)

**ARGUMENT**

**I.    THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF VAIL HEALTH'S *COLORADO RIVER* MOTION AND MOTION TO DISMISS**

Discovery in this matter should be stayed pending resolution of Vail Health's *Colorado River* Motion and Motion to Dismiss.  Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(a); *Davidson v. Bank of America, N.A.*, 2015 WL 5444308 (D. Colo. Sept. 16, 2015); S*tring Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).

A stay of discovery is an appropriate exercise of the court's discretion.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

This court has discretion to stay discovery while a dispositive motion is pending.  *String Cheese Incident*, 2006 WL 894955, at *2 (finding that a thirty-day stay of discovery was

appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When considering a stay of discovery, courts have considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2.

Regarding the first factor, Plaintiffs waited years before filing their purported antitrust claim in federal court, thereby demonstrating that they do not have an interest in proceeding expeditiously. Any delay caused by a discovery stay is immaterial when compared to the delay caused by Plaintiffs. Further, the State Court Action is nearing conclusion. The deadline for discovery is in March 2020, and Defendant has filed a motion for summary judgment on all remaining claims that will be fully briefed within approximately one month  Thus, any discovery

stay would be short.  There is no urgency in resolving Plaintiffs' late-filed antitrust claims that would outweigh Vail Health's interest in a short discovery stay.

Regarding the second factor, discovery in antitrust cases is notoriously "costly and protracted."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).  Although the facts underlying the State Court Action and Federal Court Action are identical, extensive discovery would be required into, for example, Plaintiffs' proposed definitions of geographic and product markets, as well as Vail Health's market power, issues not addressed in the State Court Action. Because these issues likely require extensive expert and third-party discovery, the burden on Vail Health will be substantial.  Such discovery will be wasteful if the Motion to Dismiss is ultimately granted.

Regarding the third factor, as suggested by the history of the State Court Action described above, discovery in this matter is likely to require substantial judicial resources.  The docket sheet for the State Court Action runs *over 100 pages*.  (*See* Ex. 1.)  Accordingly, a discovery stay would further the convenience of the Court.

Regarding the fourth and fifth factors, proceedings are ongoing in the State Court Action. Thus, to the extent the case affects the public interest, no prejudice or harm will come from staying discovery in this duplicative action.  All factors weigh in favor of a discovery stay.

Finally, Vail Health's motion to stay discovery must be analyzed in the context of the undisputed facts that have come to light in the State Court Action.  In the Amended Complaint filed in this Court, Plaintiffs Ms. Winninger and SRC dispute that they were involved in Mr. Cimino's theft of patient health information from Vail Health's Howard Head unit in 2015.

However, it is **undisputed** that Ms. Winninger and Mr. Cimino each downloaded **thousands** of documents from Howard Head's shared drive in 2012 and 2015, respectively—including documents containing protected patient health information.  In light of those undisputed facts, the Federal Court Action—which alleges that Vail Health behaved anticompetitively by stating that Ms. Winninger stole patient health information—is frivolous.  This Court should not permit discovery to proceed on plainly frivolous claims when pending motions will resolve those claims entirely.

## CONCLUSION

Vail Health respectfully requests that the Court stay discovery pending adjudication of its Motion to Dismiss and *Colorado River* Motion.

Dated:  January 30, 2020

*s/ Jacqueline V. Roeder*
Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        shannon.stevenson@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6) AND *COLORADO RIVER* MOTION was filed via CM/ECF on this 30th day of January 2020, which will forward notice to the following:

       Jesse Wiens
       Fahrenholtz & Wiens LLC
       100 West Beaver Creek Blvd., Suite 236
       Avon, Colorado 81620
       Email: fwlawyers@gmail.com

       Alan J. Kildw
       Alan J. Kildow, Attorney at Law
       790 Potato Patch Drive
       Vail, CO 81653
       Email: alkildow@aol.com

                    *s/ Paige Finnell*
                    Paige Finnell