# EXHIBIT 8

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br>Court Address:<br>Eagle County Justice Center<br>885 Chambers Ave, PO Box 597<br>Eagle, CO 81631<br><br>_____<br><br>**Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited<br>liability company,<br>v.<br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL<br>CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER,<br>a Colorado nonprofit corporation, MICHAEL SHANNON, an<br>individual, and NICHOLAS BROWN, an individual,<br><br>**Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br>v.<br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>**Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL<br>VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br>v.<br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | DATE FILED: July 18, 2019 3:01 PM<br>CASE NUMBER: 2017CV30102<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>▲  **COURT USE ONLY**  ▲ |
| | Case Number: 17CV30102<br><br><br>Division: 3      Courtroom: 3 |
| **ORDER APPOINTING SPECIAL MASTER PER C.R.C.P. 53(a)** | |

THE COURT after due consideration of the pleadings, motions, status reports, and the record herein, and with the consent of the parties, does hereby find and order as follows:

1. This case includes extensive discovery including documents that may be protected by various privileges.  This discovery is in relation to disputed issues.  The parties continue to struggle to conform to deadlines and make time disclosures/discovery responses and there are ongoing discovery and other disputes.  The Court has granted extensions for deadlines and conducted conferences and hearings regarding discover.  The parties have stated that they were working to resolve the many disputes but then file additional motions and continued disputes.  The discovery is complex due to the sensitive nature of the material and the need for third party experts to obtain documents and computer data. The Court finds that resolution of ongoing discovery and other disputes will be time consuming and that the court cannot readily accommodate the need for frequent, expedited hearings in its docket in a manner consistent with the interest in the parties in being fully prepared for trial.  Accordingly, the court finds that appointment of a special master is appropriate.

2. This case is aging and need to proceed to final resolution in an efficient manner.   A Special Master will facilitate a quick resolution of discovery issues that will ultimately lead to a quicker resolution of the case.

3. The Court has utilized Hon. (ret) W. Terry Ruckriegle as special master in previous cases.  The court is familiar with Judge Ruckriegle and has a full measure of respect for his abilities as special master.  He is well qualified and available to participate immediately upon appointment.

**THEREFORE, IT IS ORDERED THAT:**

A. **Appointment:** This matter is referred to the Honorable (Ret.) W. Terry Ruckriegle to act as a Special Master pursuant to C.R.C.P. Rule 53.

B. **Responsibilities and Authority of Special Master:** The purpose of his appointment is to resolve all matters involving or related to any and all discovery disputes which have arisen, and or that will arise during the pendency of this case.  All current pending discovery disputes are hereby referred to the Special Master for determination.

In addition the Special Master shall have all powers, duties, and authority specified in C.R.C.P. Rule 53(c), including but not limited to, exercising all necessary powers needed to effectuate resolution of the

discovery issues whether raised by motion or otherwise occurring in this matter, to regulate any proceeding before him, and to do all acts and take all measures necessary or proper for the efficient performance of his duties.

These duties specifically include the following:

a.  disclosures pursuant to C.R.C.P. 16, 26(a)(1) and 26(a)(2);
b.  enforcement of the court's case management orders;
c.  interrogatories;
d.  requests for production and requests for admission;
e.  scheduling of depositions;
f.  inspection of real and personal property;
g.  disputes related to the deponents and subject matter of depositions;
h.  ruling on objections made during depositions and any privilege asserted or instructions to witnesses not to answer questions;
i.  amending all deadlines and due dates for discovery, including expert disclosure deadlines;
j.  accepting and reviewing motions, supporting memorandum, responsive briefs and reply briefs, as well as any supporting affidavits and materials from the parties as permitted by C.R.C.P. 121 § 1-15 pertaining to disputes between the parties concerning discovery issues;
k.  accepting and reviewing motions, supporting memorandum, responsive briefs and reply briefs, as well as supporting documentation, and, if deemed necessary, conducting evidentiary hearings,
l.  appearing before the Court for any hearings regarding discovery matters.
m.  Any and all issues regarding the examination of any computer which may contain data subject to discovery.

The Special Master is hereby granted the authority to rule on whether discovery conduct is sanctionable and to impose sanctions against parties pursuant to C.R.C.P. 37 and 107, including but not limited to attorney fees and costs, as well as any portion of or all of his own fees, where he deems it appropriate. The Special Master may impose these sanctions without Court approval except for sanctions of dismissal of a party, a claim or a defense. Should the Special Master determine that dismissal of a party, a claim or a defense is an appropriate sanction, the Special Master shall file a recommendation of the sanction with the Court for the Court's determination.

The Special Master shall issue rulings on all discovery matters brought before him for determination and shall file copies of his Reports or Written Rulings with the Court.

The Court may alter or expand the scope of the Special Master's duties at any time. This appointment for said purposes shall continue until further order of the Court.

All future discovery motions, and any exhibits, shall be filed with the Court for purposes of the record, and shall also be sent directly to the Special Master by e-filing, U.S. Mail or hand delivery and confirmed. Judge Ruckriegle shall be added to the list of recipients for this case via JPOD/ICCES. All filings for the Special Master regarding discovery or temporary orders issues shall be prefaced in the title with the words, "Special Master" to ensure that the filing is directed to the attention of the Special Master and not to the Court. The Special Master will in turn file copies of his Report(s) or Written Ruling(s), with the Court.

Any party is authorized to contact the Special Master in writing to request the Special Master's forthwith attention to any dispute. However, nothing in this Order shall be construed to allow ex parte communication with the Special master. Pleadings shall not be required for disputes concerning objections made during depositions and any privilege asserted or instructions to witnesses not to answer questions during depositions. Such disputes may be presented orally to the Special Master for immediate resolution, subject to his availability. Rulings by the Special Master on objections made during depositions and any privilege asserted or instructions to witnesses not to answer questions during depositions shall be immediately enforced and the deposition shall continue in accordance with the Special Master's ruling.

C. **Objections**: A party may object to a finding reached by the Special Master by submitting a written statement of objection to the Court and Master within seven (7) days of the subject ruling. This Court may rule on disputed rulings either orally or in writing. A party's failure to submit a written statement of objection to the Court and Master within the allotted time period will constitute a waiver of the right to appeal any such finding.

D. **Willingness to serve and Compensation:** As indicated above the Court hereby appoints the Honorable (Ret.) W. TERRY RUCKRIEGLE as Special Master. Judge Ruckriegle is willing to so serve. His rate is

$295 per hour, and this includes time for preparation, hearings and rulings, and travel, plus expenses actually incurred. His rates are based upon rates that area reasonable and comparable with those of other persons with similar experience serving in his capacity. Any and all fees and costs incurred and charged by the Special Master shall be borne equally among the parties, subject to reallocation following trial. The Special Master shall maintain records of his hours and submit them monthly to the parties.

The Special Master's address is:

> W. Terry Ruckriegle
> Special Master, Mediator and Arbitrator
> Box 3305
> Breckenridge CO 80424
> terry.ruckriegle@judicial.state.co.us)

Judge Ruckriegle has represented to this Court that he has no conflicts that would prevent his serving in this matter.

E. **Other Requirements of the Parties:** The parties subject to this order shall contact the Special Master forthwith to set up an initial meeting with the Master per C.R.C.P. 53(d)(1); whether the meeting is in form of a telephone conference, or in person hearing, the Special Master has discretion.  Any such settings shall be facilitated through the Special Master directly.

If the parties and/or the Special Master deem it necessary to make a record, said may be made through an audio recording unless the parties provide for a shorthand reporter at their expense. The parties shall agree upon a registered professional court reporter to record any such proceedings that the Special Master determines should be so recorded. Any parties who are directly involved in the proceeding shall share equally the costs of the court reporter fees. Should the Special Master determine that a proceeding need not be recorded, any party at its own expense may retain a registered court reporter to record the proceedings.

F. **Orders for Status Reports**:  This Court ordered this date the parties to prepare two Joint status reports within 14 days.
   a.   One joint status report detailing each pending cause of action currently before the Court.

   b.  One Joint Status report detailing each pending motion.  If an
       extension of time is necessary to fully brief the motion, that
       should be stated.
   c.  If any disagreements exist regarding these reports, the party
       claiming that the claim or motion is pending or requesting an
       extension of time shall file a motion and response/reply
       according to C.R.C.P. 120 1-15.
   d.  Any motion or claim not listed as stated in this order shall be
       deemed dismissed or otherwise denied.


So Ordered this July 18, 2019.

By the Court:


_____

Russell H. Granger, District Court Judge