# Exhibit 7

DISTRICT COURT, EAGLE COUNTY

STATE OF COLORADO

885 Chambers Avenue
Eagle, CO 81631

DATE FILED: May 28, 2019 11:48 AM
FILING ID: 679696DB89F6B
CASE NUMBER: 2017CV30102

**Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

v.

**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, MICHAEL SHANNON, an individual, and NICHOLAS BROWN, an individual.

**Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,

v.

**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

**Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,

v.

**Third-Party Defendant:** DAVID J. CIMINO, an individual.

▲   COURT USE ONLY   ▲

Case No: 2017CV030102

Div.: 4     Ctrm: 3

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail: fwlawyers@gmail.com

Attorneys for Plaintiffs/Counter-Defendants LINDSAY WINNINGER and SPORTS REHAB CONSULTING LLC

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION TO DISMISS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO FILE A SUPPLEMENT TO PLAINTIFFS' OPPOSITION**

## STATEMENT OF CONFERRAL

Pursuant to Rule 121, at 10:00 a.m. MDT on Friday, May 24, 2019, Plaintiffs' counsel Alan Kildow and Defendants' counsel Charles Casteel conferred by telephone regarding two procedural issues.  *First,* Mr. Kildow asked Mr. Casteel whether Defendants' Motion For Summary Judgement, as refiled on January 19, 2019, is directed toward Plaintiffs' First Amended Complaint or their Second Amended Complaint.  Mr. Casteel declined to answer that question directly, stating instead: "I don't know if it makes a difference.  The counts are all the same."  *Second*, Mr. Kildow informed Mr. Casteel that Defendants could not move for summary judgment directed at two different complaints and that since Defendants would not identify the amended complaint to which Defendants' Motion For Summary Judgment was directed, Plaintiffs would file a motion to have Defendants' motion dismissed.  Mr. Casteel responded, "It's a matter of form over substance.  You do whatever you have to do."  Plaintiffs have therefore met their Rule 121 obligations before filing this motion.

## MOTION FOR LEAVE

Plaintiffs Lindsay Winninger and Sports Rehab Consulting move the Court, the Hon. Russell H. Granger presiding, for an order granting them leave to file a motion to dismiss Defendants' motion for summary judgment.  Plaintiffs have attached as Exhibit A the proposed motion to dismiss, which outlines the procedural conundrum that faces Plaintiffs and the Court.  Defendants' motion for summary judgment focused exclusively on the allegations in Plaintiffs' First Amended Complaint, which did not include (and could not include) the testimony of multiple third-party witnesses who were deposed six months after the First Amended Complaint was filed.  At the time the summary judgment motion was being briefed, Plaintiffs had filed a motion for leave to file a Second Amended Complaint,

which changed and clarified the factual basis for the claims asserted against Defendants and specifically cited to the testimony of third-party witnesses.  As the proposed motion to dismiss makes clear, once the Court granted the motion to amend, the Second Amended Complaint became the operative pleading and the First Amended Complaint had no legal effect. [1]  In other words, Defendants' motion became moot. [2]

In addition to, or in the alternative, Plaintiffs move the Court for leave to file a supplement to their opposition to Defendants' motion for summary judgment.  Given that Plaintiffs' motion to amend had not yet been decided upon at the time they filed their opposition to the summary judgment motion, Plaintiffs were unable to cite to the Second Amended Complaint in support of their arguments.  Plaintiffs therefore seek leave to file the supplement, which is attached as Exhibit B.  Plaintiffs have also attempted to address the Court's issues as outlined in the May 22, 2019 notice to reschedule the conference. Plaintiffs have revised the citations to provide page and line numbers, compiled the exhibits in one place, and have identified the relevant passages in the Second Amended Complaint.  At all events, the Second Amended Complaint added significant factual detail resulting from the depositions and discovery that were not available at the time the First Amended Complaint was the operative pleading.  Attached as Exhibit C is a redlined version of the Second Amended Complaint, which identifies the differences between the First Amended Complaint and the Second Amended Complaint.

---

[1]     *In re Marriage of Lockwood*, 857 P.2d 557, 561 (Colo. Ct. App. 1993) (citing *Ireland v. Wyncoop*, 539 P.2d 1349, 1355 (Colo. 1975) ("The amended complaint, which reiterated and expanded the original complaint, superseded the original complaint.").  *See also Kalish v. Brice*, 274 P.2d 600, 602 (Colo. 1954) ("The amended complaint superseded the original complaint and thereby became the pleading which defendants were called upon to answer.")).

[2]     *Montrose v. Smith*, 534 P.2d 1231, 1232 (Colo. Ct. App. 1975) ("It was error to have dismissed the amended complaint which superseded the original complaint.")

Plaintiffs are mindful of the Court's March 26, 2019 Order stating that "[t]he Court shall consider Defendants' MSJ as fully briefed and ripe.  No amendments to the Motion, Response or Reply shall be permitted so that the Court may begin the review process and issue an order."  Nevertheless, the statements in the Court's May 22 Order raised some concern on the part of Plaintiffs as to whether the Court was focusing on Plaintiffs' First Amended Complaint or Second Amended Complaint with respect to Defendants' pending summary judgment motion.

This is an important issue for a number of reasons:  *First*, it would be an unfortunate waste of precious judicial resources for the Court to devote substantial time addressing a dispositive motion relating to a complaint that is no longer legally operative.  *Second*, it would also be unfortunate for this case to get off track procedurally at this late stage because, as the Court is undoubtedly aware, controlling Colorado case law holds that "[a]n amended complaint supersedes the original complaint and becomes the sole statement of the plaintiff's cause of action."[3]  Plaintiffs' First Amended Complaint, therefore, is a nullity that is of no legal affect and it would be error to dismiss the Second Amended Complaint that superseded the First Amended Complaint.[4]

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' motion should be granted.

---

[3]    *Lockwood*, 857 P.2d at 561.
[4]    *Montrose*, 534 P.2d at 1232 ("It was error to have dismissed the amended complaint which superseded the original complaint.").

Dated:  May 28, 2019                           _____*s/ Jesse Wiens*_____

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone:  (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig (admitted *pro hac vice*)
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone:  (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Alan L. Kildow (admitted *pro hac vice*)
15204 Wildwood Road
Burnsville, MN 55306
Telephone:  (970) 390-6675
E-mail:  alkildow@aol.com

Attorneys for Plaintiffs and Counter-Defendants
Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this May 28, 2019, I served a true and correct copy of Plaintiffs' Motion for Leave to File a Motion to Dismiss Defendants' Motion for Summary Judgment, or in the Alternative, to File a Supplement to Plaintiffs' Opposition, including exhibits, through the Court's e-filing system on:

> Janet A. Savage
> Jackie Roeder
> Charles Casteel
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
> Counsel for Defendants/Counter-Plaintiff
>
> Daniel M. Reilly
> Clare S. Pennington
> John M. McHugh
> Reilly Pozner LLP
> 1700 Lincoln Street, Suite 2400
> Denver, CO  80203
> Counsel for Defendants Kirchner, Brown, and Shannon
>
> John W. Madden, III
> The Madden Law Firm
> 999 18th Street
> Suite 1500 South
> Denver, CO  80202
> Counsel for Third-Party Defendant

*s/ Jesse Wiens*
Jesse Wiens

DATE FILED: May 28, 2019 11:48 AM
FILING ID: 679696DB89F6B
CASE NUMBER: 2017CV30102

# Exhibit A

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, MICHAEL SHANNON, an individual, and NICHOLAS BROWN, an individual. | ▲ COURT USE ONLY ▲ |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No: 2017CV030102<br><br>Div.: 4     Ctrm: 3 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |
| Jesse Wiens, Colo. #33903<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Boulevard<br>Suite 236<br>Avon, CO 81620<br>Telephone: (970) 949-6500<br>E-mail: fwlawyers@gmail.com<br><br>Attorneys for Plaintiffs/Counter-Defendants LINDSAY WINNINGER and SPORTS REHAB CONSULTING LLC | |
| **PLAINTIFFS' PROPOSED MOTION TO DISMISS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** | |

1

## STATEMENT OF CONFERRAL

Pursuant to Rule 121, at 10:00 am MDT on Friday, May 24, 2019, Plaintiffs' counsel Alan Kildow and Defendants' counsel Charles Casteel conferred by telephone regarding two procedural issues  *First,* Mr. Kildow asked Mr. Casteel whether Defendants' motion for partial summary judgement, as refiled on January 19, 2019, is directed toward Plaintiffs' First Amended Complaint or their Second Amended Complaint?  Mr. Casteel declined to answer that question directly, stating instead: "I don't know if it makes a difference.  The counts are all the same." *Second*, Mr. Kildow informed Mr. Casteel that Defendants could not have a motion for summary judgment directed at two different complaints at the same time.   And  since  Defendants  would  not  identify  the  amended  complaint  to  which Defendants' motion was directed, Plaintiffs would file a motion to have Defendants' motion dismissed.  Mr. Casteel responded: "It's a matter of form over substance.  You do whatever you have to do."  Plaintiffs have therefore met their Rule 121 obligations.

## INTRODUCTION

It is a universally subscribed rule that when an amended complaint is served on a defendant, the prior complaint, whether it be the original complaint or a prior amended complaint, is superseded.  When that happens, the prior pleading becomes a nullity, of no legal effect.  In other words, nonexistent.  If, as here, there has been a dispositive motion filed that is targeted at the preceding complaint, that motion should be dismissed as moot because there is no pending pleading to which it applies.  The defendant should then refile its dispositive motion and direct it toward the amended complaint that is in effect at that

time. If that procedure is not followed, the case becomes procedurally, and even substantively, very confused.

Applying this rule here is important for many reasons: *First*, it would be an unfortunate waste of precious judicial resources for the Court to devote substantial time addressing a dispositive motion relating to a complaint that is no longer legally operative. *Second*, it would also be unfortunate for this case to get off track procedurally at this late stage. As the Court is undoubtedly aware, controlling Colorado case law holds that "[a]n amended complaint supersedes the original complaint and becomes the sole statement of the plaintiff's cause of action."[1] *Third,* it is prejudicial to Plaintiffs because in responding to Defendants' motion, Plaintiffs did not have the advantage of arguing the motion based on the Second Amended Complaint. Instead, Plaintiffs responded to arguments based on the First Amended Complaint and were essentially blindsided by the new arguments raised in Defendants' reply memorandum, which is improper. *Finally,* because Defendants did not refile their summary judgment as to the Second Amended Complaint, the Court is left sorting out the facts in the Second Amended Complaint and comparing them to Defendants' motion. For example, Defendants move for summary judgment because they allege that no one directly said "Lindsay stole patient files" as alleged in the First Amended Complaint. But as the Second Amended Complaint makes clear, third-party witnesses testified that Shannon, Kirchner, and Brown all implicated Winninger in Cimino's theft of

---

[1]      *In re Marriage of Lockwood*, 857 P.2d 557, 561 (Colo. App. 1993), (citing *Ireland v. Wyncoop*, 539 P.2d 1349, 1355 (Colo. 1975) ("The amended complaint, which reiterated and expanded the original complaint, superseded the original complaint.").  See also *Kalish v. Brice*, 274 P.2d 600, 602 (Colo. 1954) ("The amended complaint superseded the original complaint and thereby became the pleading which defendants were called upon to answer.").

patient files.  While this may seem a distinction without a difference, Defendants seek summary judgment because the substance of the communications—which Plaintiffs could not confirm until the depositions of third-party witnesses were taken—was not alleged with the precision that became possible after the depositions had been taken.

Plaintiffs' First Amended Complaint, therefore, is a nullity that is of no legal affect and it would be error to dismiss the Second Amended Complaint that superseded the First Amended Complaint.[2]   The best procedural path out of this thicket is to dismiss Defendants' motion for summary judgment without prejudice.  In that way, the parties will be able to adequately address the factual assertions in the Second Amended Complaint, apply the applicable legal principles to those facts, and clarify for the Court the basis—and objections—to the motion for summary judgment.

## **PROCEDURAL BACKGROUND**

On April 25, 2017, Plaintiffs filed their complaint against Kirchner and Vail Health. On December 21, 2017, the Case Management Order was amended, including that the parties were automatically granted leave to amend pleadings until February 22, 2018. Plaintiffs timely filed its First Amended Complaint on February 22, 2018.  At that time, virtually no discovery—other than initial disclosures—was done.  Before filing its First Amended Complaint, Plaintiffs scheduled the deposition of Dan Drawbaugh of The Steadman Clinic, which was then cancelled because of Defendants' purported unavailability.  Subpoenas were then served.  After countless communications, the third-

---

[2]      *Montrose v. Smith*, 534 P.2d 1231, 1232 (Colo. Ct. App. 1975) ("It was error to have dismissed the amended complaint which superseded the original complaint.")

party witnesses were finally deposed:  Dan Drawbaugh on August 28, 2018; Kelly Adair on September 12, 2018; Dr. Philippon on September 27, 2018; and Al Perkins on October 9, 2018, the transcripts of which have been previously filed with the Court.

Before the third-party depositions took place, on July 12, 2018, Plaintiffs moved to file a Second Amended Complaint to include a claim for exemplary damages.  Although the motion was fully briefed, the Court (Judge Gannett presiding) did not rule on the motion and stated that he was not going to address the motion until after the forensic report was issued.  After Judge Gannett retired, the case was reassigned, and this Court dismissed the motion without prejudice on December 2, 2018, along with other pending motions.  (The only motion that was excluded from the December 2 Order was Plaintiffs' and Third-Party Defendant's motion for partial summary judgment on the solicitation claims, which is still pending.)

On January 18, 2019, Defendants filed a motion for partial summary judgment as to the defamation claims asserted in Plaintiffs' First Amended Complaint.  Prior to the filing, Plaintiffs informed Defendants that they would be seeking leave to amend their complaint to include the testimony of the third-party witnesses and to assert other claims. Despite this, Defendants chose to file a motion for summary judgment as to Plaintiffs' First Amended Complaint.  At the time that complaint was drafted the testimony of the third-party witnesses from The Steadman Clinic and Steadman Philippon Research Institute was unavailable because the depositions had not even occurred.

On January 21, 2019, Plaintiffs refiled its motion to amend, which changed the allegations in the First Amended Complaint.  The Second Amended Complaint included

testimony of The Steadman and Steadman Philippon Research Institute third-party witnesses, which is relevant to Plaintiffs' defamation claims, as well new claims for antitrust violations and exemplary damages. On March 5, 2019, the Court granted Plaintiffs' motion to amend, which Plaintiffs served on March 22, 2019. After granting Plaintiffs' motion to amend, on March 14, 2019, the Court issued an order granting Defendants leave to file an amended summary judgment motion, stating that:

> The Defendant has filed a Motion for Summary Judgement. After the motion was filed the complaint was amended. In general, it does not appear that the amended complaint alters the arguments presented in the MSJ. However, the Court requests either an amended MSJ or a statement that the MSJ may stand as it is despite the amended complaint. The pleading shall be filed within fourteen days.

On March 25, 2019, Defendants issued a statement that it would not be filing a new summary judgment on the Second Amended Complaint. Defendants instead claimed that the counts were the same, and so there was nothing new that need to be filed. On April 1, 2019, Plaintiffs timely objected to Defendants not being required to file a summary judgment motion on the Second Amended Complaint. Because Plaintiffs opposed the summary judgment motion based on the First Amended Complaint, Plaintiffs were precluded from responding to Defendants' reply memorandum, which raised new arguments. On April 1, 2019, the Court issued an order stating that it was going to allow Defendants to proceed with the summary judgment motion (even though Plaintiffs were precluded from responding to the newly-asserted arguments in Defendants' reply memorandum):

> The Defendant is the moving party in the MSJ. The Defendant has elected to let the motion stand on its own. The Court will

accommodate that request. The Court considers the MSJ to be fully briefed and the motion has already been staffed.

On May 22, 2019, the Court canceled a status conference, stating the following:

> The reason for the continuance is that the MSJ is still being considered.  This MSJ is taking two to three times longer than even the most complex cases due to the length of the response and the length of the Complaint.  In addition, the response contains cites to exhibits not attached to the Response but attached to other pleadings and cites to the deposition are to the page only and not the line.  All of these writing styles have made the order far more difficult and time consuming to prepare.

In light of the Court's Order, and the ambiguity as to the complaint at issue, Plaintiffs contacted Defendants to confer whether they were moving on the First Amended Complaint or the Second Amended Complaint.  Defendants refused to confirm which complaint they were moving on.  Instead, they said that the *counts* in the two complaints are not different, so it makes no difference which complaint is at issue.  As a matter of law, this is clearly wrong, and as a matter of procedural fact, it is wrong as well.  The two amended complaints are substantively different as a result of the discovery obtained after the First Amended Complaint was filed.

## **ARGUMENT**

## I. **DEFENDANTS' MOTION IS DIRECTED TOWARD PLAINTIFFS' FIRST AMENDED COMPLAINT, WHICH HAS BEEN SUPERSEDED BY PLAINTIFFS' SECOND AMENDED COMPLAINT AND IS THEREFORE A LEGAL NULLITY.**

Plaintiffs' motion raises a straightforward procedural question:  When a defendant files a dispositive motion to dismiss a complaint, but before the motion is decided, the court grants the plaintiff's Rule 15(a) motion to amend the complaint, what happens to the motion?  Courts answering that question have dismissed the pending motion to dismiss

because it is moot.  This result arises from the *universally* accepted rule that the amended complaint supersedes the preceding complaint and renders it of no legal effect.

This application of C.R.C.P. 15(a) was first recognized by the Colorado Supreme Court in 1954 in *Kalish v. Brice*, when it held:  "The amended complaint superseded the original complaint and thereby became the pleading which defendants were called upon to answer."[3]  Numerous state and federal Colorado courts have consistently—actually, *universally*—held that the granting of a Rule 15(a) amendment to a complaint renders the prior pleading a legal nullity.[4]  Colorado's application of Rule 15(a) is consistent with the leading procedural treatise, which states: "A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies," and "[o]nce an amended pleading is interposed the original pleading no longer performs any function in the case."[5]  This rule is not only followed by Colorado courts, but by the U.S. Supreme Court and federal courts in every circuit.[6]  "This approach 'ensures that a particular claim will be decided on the

---

[3]     274 P.2d 600, 602 (Colo. 1954).

[4]     *In re Marriage of Lockwood*, 857 P.2d 557, 561 (Colo. App. 1993), (citing *Ireland v. Wyncoop*, 539 P.2d 1349, 1355 (Colo. 1975) ("The amended complaint, which reiterated and expanded the original complaint, superseded the original complaint."); *Pollock v. Highlands Ranch Community Ass'n*, 140 P.3d 351, 353 (Colo. Ct. App. 2006) ("The filing of an amended complaint ordinarily supersedes the original complaint.") (citing *Lockwood*); *Giles v. U.S.*, 906 F.2d 1386, 1389 (10th Cir. 1990) (a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies"); *Elliott v. Thompson Nat'l Props. LLC*, Civil Action No. 13-cv-0160-WJM-BNB, at *2 (D. Colo. Nov. 8, 2013) ("With respect to disposition of Defendants' Motions to Dismiss, it is well established that an "amended complaint ordinarily supersedes the original and renders it of no legal effect."); *Silli v. Meininger*, Case No. 12-cv-00289-LTB-CBA (D. Colo. Mar. 23, 2012) (quoting *Lockwood*); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original); *Davis v. TXO Prod, Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

[5]     6C WRIGHT, MILLER & KAYE, *FEDERAL PRACTICE & PROCEDURE* § 1476, at 556-57 (2d ed. 1990).

[6]     *Pacific Bell Tele. Co. v. Likeline Comm'ns, Inc.*, 555 U.S. 438, 129 S.Ct. 1109, 1123 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."); *Intergren NV v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) ("An amended complaint supersedes the original complaint); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("amended complaint ordinarily supersedes the original and renders it of no legal effect."); *King v. Dogon*, 31 F.3d 344, 346 (5th Cir. 1996) ("properly filed amended

merits rather than on technicalities.'"[7]

In the present case, on January 18, 2019, Defendants filed a motion for partial summary judgment as to the defamation claims asserted in Plaintiffs' First Amended Complaint.  At the same time, Plaintiffs refiled their motion for leave to amend—that is, the Second Amended Complaint.  On March 5, 2019, the Court granted Plaintiffs' motion to amend and Plaintiffs served the Second Amended Complaint on Vail Health on March 22, 2019, and the individually named defendants formally accepted service on April 30, 2018 (although their counsel said they would accept service before the Second Amended Complaint was served).   So the Second Amended Complaint has now completely superseded the First Amended Complaint, which has become a legal nullity— it ceased to exist.[8]  Issuing an order for partial summary judgment addressing arguments on a legal nullity would, to say the least, be a waste of judicial resources.

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DISMISSED WITHOUT PREJUDICE AS MOOT.

So what happens to Defendants' motion when the First Amended Complaint that the motion targeted is gone, nonexistent, and no longer performing any legal function?

---

complaint superseded original complaint and was therefore the only effective complaint in the case.");*B & H Med., LLC v. ABP Admin. Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) ("A prior complaint is a nullity because an amended complaint supersedes all prior complaints."); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."); *In re Wireless Tele. Fed. Cost Recovery Fees*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-settled that an amended complaint supersedes an original complaint and renders the original complaint of no legal effect."); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) ("amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Lowry v. Ala. Power Co.,* 483 F.3d 1184, 1219-20 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.");

[7]    *West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

[8]    *Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

We know from the Colorado Court of Appeal's admonition in *Montrose* that "it [would be] error to … dismiss the [Second Amended] complaint that superseded the [First Amended] complaint."[9]  So there is no longer a target for Defendants' partial summary judgment motion.  Courts that have addressed this question have held that the pending dispositive motion must be dismissed as moot because the prior pleading is no longer in effect.[10] This is merely the logical application of the rule set forth above.  Because the preceding complaint is superseded and nullified by the amended complaint, it follows that "there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."[11]

Plaintiffs contend that the best procedure for all parties (and the Court) is for Defendants' present pending motion for summary judgment to be dismissed without prejudice.  Defendants already have a C.R.C.P. 12(b)(5) motion to dismiss pending.  That motion has been filed and fully briefed by all parties and is ready for disposition by the Court.  If the Court grants that motion, Defendants will have had their way.  And it would

---

[9]      *Montrose,* 534 P.2d at 1232.
[10]     *Id.  See also Kernan v. Health Care Servs. Corp.*, Case No. 2:18-cv-02491-PDW (SK) (D. Cal. June 6, 2018).
[11]     *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1383 (10th Cir. 1997) (recognizing that filing of amended complaint renders moot a previous Rule 12 motion); *Malibu Media, LLC v. Fantalis*, Civil Action No. 12-cv-00886-MEH, at *8 (D. Colo. Oct. 18, 2012) (dismissing motion to dismiss as moot); *Simpson v. Wells Fargo Nat'l Bank Ass'n*, Civil Action No. 12-cv-02923-REB-MEH, at *1 (D. Colo. Dec. 20, 2012) (same); *Wojdacz v. Colo. Springs City Police Dep't*, Civil Action No. 12-cv-01483-REB-MEH, at *1 (D. Colo. Aug. 6, 2012) (same); C*assirer v. San Miguel County Bd. of County Comm'rs,* 2009 WL 1600679 (D. Colo. June 5, 2009) (mooting pending motion for summary judgment based on ruling that plaintiff would be permitted to file an amended pleading); *Glass v. The Kellogg Co.,* 252 F.R.D. 367, 368 (W.D. Mich. 2008); *Ky. Press Ass'n, Inc. v. Ky.,* 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot."); . *El-Haddad v. Embassy of United Emirates*, 69 F. Supp. 2d 69, n.1 (D.C. 1994) (motion to dismiss "was mooted when plaintiff filed amended complaint"); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp.2 d 239, 240 (D. Del. 1992) (holding the motion to dismiss the original complaint moot); *Pure Country, Inc., v. Sigma Chi Fraternity*, 312 F.3d 952, 957 (8th Cir. 2002) (same).

have been done the correct way. On the other hand, if the Court denies their Rule 12(b)(5) motion, they can then update their summary judgment motion to fit the Second Amended Complaint—which is the pleading to which Defendants must now direct their artillery. Plaintiffs would then be provided the opportunity to focus on and argue the precise allegations of the Second Amended Complaint, which is something Plaintiffs did not have a chance to do with respect to the pending motion for summary judgment. The Court will have before it a much less ambiguous, much less confused set of pleadings and motion and the memoranda and exhibits will be more to the Court's liking from the standpoint of ease of reading and analysis. For Plaintiffs, that sounds like the most practical way to go. *And* it has the added benefit of being the legally correct way to go.

## III.   THE SECOND AMENDED COMPLAINT ALLEGES THE SPECIFIC DEFAMATORY STATEMENTS THAT DEFENDANTS CONTEND ARE LACKING IN THE FIRST AMENDED COMPLAINT

Plaintiffs' counsel asserted in the Rule 121 conference that it makes no difference whether the Court focuses on the First Amended Complaint or the Second Amended Complaint because the "counts," that is the causes of action following the factual allegations, are the same for both complaints. Although that is essentially correct, it completely ignores the factual allegations contained in paragraphs 1-237. It is there that Plaintiffs naturally included the allegations stemming from the deposition testimony of third-party witnesses such as Dr. Marc Philippon, Dan Drawbaugh, Al Perkins, and Kelly Adair. That testimony was not available until fall 2018 and therefore is not included in the First Amended Complaint.

The focus of Defendants' motion for summary judgment is that the First Amended Complaint did not have a sufficient factual basis—that is, direct testimony of witnesses—that Defendants made defamatory statements.   But now that we have that direct testimony, Defendants say "look at the First Amended Complaint with its lack of direct testimony."  And "the Court can ignore the Second Amended Complaint because it is just the same."  But it is not the same, as just a sampling of a few paragraphs demonstrates:

**Dan Drawbaugh Deposition Testimony (CEO, The Steadman Clinic):**

Q.  But did Mr. Shannon lead you to believe…with his words that she [Winninger] was involved in criminal activity through the theft of the patients' files of Vail Health?

A.  Yes.[12]


**Al Perkins Deposition Testimony(Chairman, Steadman Philippon)**

Q.  And tell me what Mike Shannon told you about this data theft.

A.  I think Mike mentioned that---said that we needed to get Dan and Marc focused, as they both had ADD, and that Mike said he didn't know why Dan was hanging around Lindsay Winninger because she had stolen records from Vail Health.

And then he just—he—Mike mentioned that he guessed it was because Dan's wife was friends with Lindsay Winninger.

Q.  What did Mike tell you who she was?

A. He just said she was—he didn't know why Dan Drawbaugh was hanging around her because she wasn't a good person and she had stolen records from Vail Health to start her own business.[13]

---

[12]     See Ex. B to the motion for leave at Ex. 7 at 92:19-23, 93:1 [Drawbaugh]; SAC ¶ 172.

[13]     See Ex. B to the motion for leave at Ex. 1 at Ex. 1 at 15:11-15, 16:6-13, 17:1-5 [Perkins Dep.], SAC ¶ 187.

**Dr. Marc Philippon Deposition Testimony (Chairman of Steadman Partners):**

Q.  Did Mike Shannon ever tell you that Lindsay Winninger had stolen documents?
A.  I don't know if he used that strong of words.  But I know Mike was just telling me, because I know her, that there were some implications.

\* \* \*

I don't remember exactly what he said, but here's what I understood, is that there's—Cimino was working for Lindsay, and there might be some kind of relationship in the—in the records taken from the hospital.

I think he was just telling me, Marc, there's an issue with David and there's implication that Lindsay might be connected to it.

[O]nce we found out that there might be some implication for her involving David with the files, we're very sensitive for any kind of HIPAA violation in our clinic, for many reasons.  So because of that we said, Well, let's resolve this to make sure we're 100 percent kosher that there is no issue here.  And we never had that resolution.  We never found out—never had a piece of paper saying that everything is kosher, everything is fine.  I never saw that.[14]

So these few paragraphs from the Second Amended Complaint dovetail with the deposition testimony of the Steadman witnesses.  These allegations could not have found their way into the First Amended Complaint because the depositions had not yet been taken when it was filed in February 2018.  Contrary to what Defendants' counsel asserts, the two amended complaints are not the same.  They are substantively very different.

And finally, Plaintiffs' motion here should be granted because Plaintiffs were deprived of the opportunity to respond to Defendants' misleading reply memorandum filed with respect to their summary judgment motion.  Given the obvious deficiencies in the motion that were pointed out by Plaintiffs in their opposition to the motion, Defendants'

---

[14]   *See* Ex. B to motion for leave at Ex. 6 at 110:15-19, 110:22-25, 111:1.181-83, 120:17-19, 132:23-25, 133:1-8 [Philippon Dep.]; SAC ¶¶ 171, 181-83.

reply memorandum is like a second motion in that it cites actual testimony but takes that testimony out of context, fails to cite deposition that is complete within the context of the testimony given, mischaracterizes testimony so that it gives the reader a false impression as to what was said, and omits to bring to the attention of the Court testimony that contradicts the testimony cited out by Defendants.  The manner in which Defendants directed this evidence renders it applicable to entirely different and additional legal authority.  And to all of these factual misstatements and the need for additional legal authority, Plaintiffs have been foreclosed from responding.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to dismiss Defendants' motion for summary judgment should be granted.