# Exhibit 8

```
DISTRICT COURT, COUNTY OF EAGLE, STATE OF COLORADO

CASE NO. 2017 CV 030102, DIV. 3


TRANSCRIPT OF PROCEEDINGS  (Review Hearing)



IN THE MATTER OF

LINDSAY WINNINGER et al.,

     Plaintiffs,

v.

DORIS KIRCHNER et al.,

     Defendants.



     The above-entitled matter came on for hearing

on Thursday, July 18, 2019, at 1:13 p.m., before the

HONORABLE RUSSELL HOLTON GRANGER, District Judge.




APPEARANCES:

FOR THE PLAINTIFFS:      JESSE WIENS, ESQ.
                         ALAN KILDOW, ESQ.
                         SONYA BRAUNSCHWEIG, ESQ. (TEL.)
                         YVONNE CHAUHAN, ESQ. (TEL.)

FOR THE DEFENDANTS:      JOHN MADDEN, ESQ. (TEL.)
                         JANET SAVAGE, ESQ. (TEL.)
                         JACQUELINE ROEDER, ESQ. (TEL.)
                         JOHN M. MCHUGH, ESQ. (TEL.)
                         DANIEL M. REILLY, ESQ. (TEL.)
```

AB Court Reporting & Video

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Okay.  This is 17CV30102, Winninger v.
 3   Vail Clinic et al.  If Attorneys in the courtroom, state your
 4   name for the record?
 5           MR. WIENS:  Your Honor on behalf of Ms. Winninger
 6   and Sports Rehab, Jesse Wiens and Alan Kildow [phonetic].
 7           MR. KILDOW:  Good morning, Your Honor.
 8           THE COURT:  And on the phone?
 9           MS. ERAUNSCHWETG:  Sonya Braunschweig [phonetic]
10   and Yvonne Chauhan [phonetic] for Plaintiff,
11   Lindsay Winninger and Sports Rehab.
12           THE COURT:  Okay.
13           MR. MADDEN:  John Madden on behalf of the
14   Third-Party Defendant, Dave Cimino.
15           MS. SAVAGE:  And Janet Savage and Jackie Roeder on
16   behalf of Vail Health Hospital and the individual Defendants.
17           THE COURT:  All right.
18           MR. REILLY:  And good afternoon, Your Honor.  Also,
19   Dan Reilly and John McHugh on the phone on behalf of the
20   individual Defendants.
21           THE COURT:  Okay.  Have a number of issues that —
22   and I appreciate the status reports.  Some of those — the
23   motions that you cited, I thought they had been resolved at
24   the previous hearings:  the Discovery Motions, especially
25   the, the issues with the, the independent Experts.  Has that
```

1              MR. KILDOW: — may — just make a comment that I

2    think will truncate, at least some of the issues relating to,

3    for example, the Motion to Dismiss Plaintiffs' Second

4    Amendment Complaint?

5              On May 28, I believe it was, the Court issued an

6    Order saying that the Motion for Leave to File the Second

7    Amendment Complaint was denied. And therefore, that

8    Complaint is not before the Court.

9              And that included the Antitrust Claim, the Motion

10   for Exemplary Damages. And then, it also added the

11   individual Defendants. And since the Court denied that, it

12   wasn't [indiscernible] before the Court.

13             And yesterday, we filed that antitrust case in

14   Federal Court so that this Court doesn't have to deal — I, I

15   had a little discussion with Judge Gannett about that. And

16   he, he wasn't too thrilled about the Antitrust -- Trust

17   Claim. So, we filed that in Federal Court. So, this Court

18   doesn't have to worry about that.

19             THE COURT: All right.

20             MR. REILLY: Well, no. I think we should clarify

21   that.

22             MS. ROEDER: Yeah. Yeah. Your Honor I, I did not

23   understand your May 28th Order to indicate that. I'm pulling

24   up a copy right now to make sure. It, it —

25             THE COURT: Well, if —

```
1                MS. ROEDER:  Was that the intent of --
2                THE COURT:  *] if --
3                MS. ROEDER:  -- Your Honor's Order?
4                THE COURT:  Well, if the antitrust case --
5    regardless of the Order, if the antitrust had been filed in
6    Federal Court, it's not before me.  It's a Federal issue.  It
7    could, it could be removed to Federal Court.  Upon the filing
8    of a Notice, it gets removed anyway.  So --
9                MS. SAVAGE:  Well, he had brought the claim -- he
10   had brought the claims, Your Honor under the State Statute.
11   But we did not understand that they were out of the case.
12               THE COURT:  All right.
13               MR. KILDOW:  Well, I thought the, I thought the
14   Order was very clear that the Motion to File the Second
15   Amendment Complaint was denied.  There was no Ruling on the
16   Motion to Dismiss.  And so, we have filed the case in Federal
17   Court.
18               THE COURT:  Okay.  I'll -- I will look through the
19   Motion and the -- I, I would like the Parties then to file a
20   joint status of all the pending claims.
21               When the MSJs were filed, I mentioned to the
22   Parties, do you want to revise your MSJ because of Amended
23   Complaints?  Or do you want to stand on them, or how do you
24   want to proceed?  And everybody said, no, there's not that
25   much difference in them.  You can -- we can figure it out.
```

```
 1              And now in the status reports, it appears there's
 2   confusion of which claims are pending and which ones aren't.
 3   So — which was exactly what I was trying to avoid.
 4              So, I'm — frankly, I'm not terribly happy that I,
 5   I — I'm mad at myself that I didn't order you to redo your
 6   MSJs to comply with the, the Complaint, but nevertheless —
 7   so, I would, just to avoid any confusion in the future, order
 8   the Parties to file a joint status of pending claims that are
 9   properly before the Court.
10              And so, we can go forward and there's not confusion
11   and, and get into some kind of a motion or an issue down the
12   road, and then where Plaintiff says this, this claim is in
13   front of the jury.  And the Defense says, no, this one was
14   dismissed.  And then it's all messed up.  So, how much time
15   do you need to do that?
16              MR. KILDOW:  Are, are you asking the, the
17   Plaintiffs, Your Honor?
18              THE COURT:  Anybody, yeah.  Could you do it within
19   14 days?
20              MR. KILDOW:  Yes, I would say 14 days would be a
21   good time.
22              THE COURT:  Okay.  So, let's do that within 14 days.
23   Does that work for, for Defense, 14 days?
24              MS. ROEDER:  Yes, Your Honor.
25              THE COURT:  If you can't agree —
```