# Exhibit 9

DISTRICT COURT, COUNTY OF [      ] STATE OF COLORADO

CASE NO. 2017 CV 030102, DIV. 3

---

TRANSCRIPT OF PROCEEDINGS (Status Conference)

---

IN THE MATTER OF

LINDSAY WINNINGER, et al.,

    Plaintiffs,

v.

DORIS KIRCHNER, et al.,

    Defendants.

---

    The above-entitled matter came on for hearing on Wednesday, August 21, 2019, at 9:36 a.m. before the HONORABLE RUSSELL HOLTON GRANGER, District Judge.

APPEARANCES:

FOR THE PLAINTIFFS:    JESSE LUKE WIENS
    ALAN L. KILDOW
    S. BRAUNSCHWAG

FOR THE DEFENDANTS:    JANET A. SAVAGE
    JACQUELINE V. ROEDER
    JOHN WM. MADDEN
    DANIEL M. REILLY
    JOHN M. **MCHUGH**

 1                THE COURT:  All right.  This is Winninger, et al

 2    and Kirchner, et al.

 3                If parties on the line, please enter your

 4    appearances.

 5          (No audible response.)

 6                THE COURT:  If you're on the phone, please —

 7                MS. BRAUNSCHWAG:  (Unintelligible) Braunschwag on

 8    behalf of Plaintiff.

 9                THE COURT:  Anyone else?

10                MS. SAVAGE:  Yeah.  Janet Savage and Jackie Roeder

11    on behalf of defendants, Vail Health Hospital and the three

12    individuals.

13                MR. MADDEN:  John Madden on behalf of __

14                MR. REILLY:  Good morning, Your Honor —

15                MR. MADDEN:  John Madden on behalf of —

16                MR. REILLY:  Sorry, John.  Go ahead.

17                MR. MADDEN:  John Madden on behalf of the third—

18    party defendant, David Cimino.

19                MR. REILLY:  And good morning, Your Honor, this is

20    Dan Reilly, and I'm on the phone with John McHugh.  We're in

21    separate locations, but we represent the individual

22    defendants, Brown, Shannon, and Kirchner, who were asking

23    the Court to resolve, particularly Brown and Shannon, that

24    they are dismissed today.  So, that's it.

25                THE COURT:  And attorneys in the courtroom, please

3

1    enter appearances.

2            MR. WIENS:  Jesse Wiens and Allan Kildow on behalf

3    of plaintiffs.

4            THE COURT:  Okay.  This matter is set for a status

5    conference.

6            Mr. Wiens filed a report, I think yesterday.  I

7    haven't seen a lot from the defense regarding your position

8    on — I think the last time we spoke there was issues on

9    just what causes of action remain pending.  Mister — well,

10   the plaintiff stated that some of the causes of action that

11   were in dispute of whether or not they were pending or not

12   you filed in federal court so there's __ those are pending

13   in another court.  Is that still the case?

14           MR. KILDOW:  It is, Your Honor.

15           I just have one audiovisual question.  Do we have

16   to talk to this — into this —

17           THE COURT:  No.

18           MR. KILDOW:  — so they hear?

19           THE COURT:  You can talk into that one.

20           MR. KILDOW:  I see.  Okay.

21           THE COURT:  They're all interrelated.

22           MR. KILDOW:  Okay.

23           Yes, the federal case is still pending, Your

24   Honor.

25           THE COURT:  Okay.

1  out. You know, they're not in. Well, you know, **I** entered

2  an appearance, Mr. McHugh and I entered an appearance months

3  ago. We've been on 40 different pleadings, we defended a

4  deposition in the case, we've been working on the case for

5  months, thousands and thousands of dollars have been

6  expended, you know,' on it, and **I** can't get him to agree to

7  just let them out with prejudice.

8         And, you know, I don't care or think it matters

9  whether he's going to bring them into the federal case or

10 not. He's told me he doesn't have any intentions now at

11 this point. You know, he obviously can do that. If he

12 wants to do that, let him try and do that. But — but for

13 now, they're not in the case, and I would just —  I think

14 they're entitled to a dismissal because the claims have been

15 abandoned and — and they should be out.

16        THE COURT: Mr. Wiens. Or whoever is responding.

17        MR. KILDOW: Oh, let me respond, Your Honor.

18        THE COURT: **Okay**.

19        MR. KILDOW: First of all, the claims have not

20 been abandoned. All right?

21        The Court decided, on May 28th, in an order that

22 was very clear, that the motion to file a second amended

23 complaint was denied. And we take that — or took and still

24 take that denial of that second amended complaint at its

25 face value.

10

1          This case has gotten incredibly complex because of
2    the overlapping.  And I made a practice here or, I guess,
3    administrative error.  I should never have said I'll rule on
4    the motion to — on the motions for summary judgment when
5    there's other motions pending and I'll let the parties tell
6    me if that works, and you all said that was fine.  And then
7    I entered the — well —
8          MR. **KILDOW**:  No, I didn't say that was fine, Your
9    Honor.  I —
10         THE COURT:  That's what I recall.
11         And then everything falls apart, because now we
12-  can figure out what's — I mean, it's enough of a mess, I
13   will never do that in another case.  You file a motion to
14   dismiss and a motion to amend, they're not both going to be
15   pending at the same time.  I will never do that again.
16   Because this case is such a quagmire.  I don't ever recall
17   having hearings of just trying to figure out what causes of
18   action are pending before the Court.
19         So to clarify, though.  Shannon and Brown, the
20   Court will accept the plaintiff's statement that they never
21   were a part of the case;  I understand Defendant's position
22   that maybe they were a part of the case.  If they were a
23   part of the case, they're dismissed.  And we'll deal with
24   the attorney's fees and so forth in determining whether or
25   not they were ever a part of the case, but it is ridiculous

```
 1                THE COURT:  Okay.
 2                MS. SAVAGE:  -- that's fine with us.
 3                THE COURT:  Everybody agrees at this point that
 4   the second amended complaint is a nullity.  Is that correct?
 5                MR. KILDOW:  The plaintiffs would assert that the
 6   second amended complaint is a nullity as a matter of law.
 7                THE COURT:  Okay.  And the defense, I'm assuming,
 8   because you -- you contested the second amended complaint,
 9   you would agree that the second amended complaint is a
10   nullity.  Is that correct?
11                MR. MCHUGH:  Yes.  Sorry.
12                THE COURT:  Okay.
13                MR. MCHUGH:  John McHugh.  Yes.
14                MR. REILLY:  Yeah, let Janet go.
15                THE COURT:  Yes.  I just want to make it clear on
16   the record, all parties agree that the second amended
17   complaint at this point is a nullity.  Does anyone disagree
18   with that statement?
19                (No audible response.)
20                MS. SAVAGE:  And, Your Honor, this is Janet --
21                MR. MCHUGH:  Your Honor, this is John --
22                THE COURT:  Yeah.
23                MR. MCHUGH:  Go ahead, Janet.
24                MS. SAVAGE:  By virtue of the plaintiff's
25   abandonment of those claims, yes.
```

1          THE COURT:  But **they**'re abandoning the claims

2   **based** on the court order.  If someone disagrees that my

3   court order was in error, we need to resolve that.  If you

4   don't disagree that when **I** said the second amended complaint

5   is denied, then let's go forward.

6          Does someone disagree that the court order denying

7   the second amended complaint was in error, either

8   procedurally or legally or whatever?  Does anyone disagree

9   with that?

10         (No audible response.)

11         THE COURT:  I'm not hearing anybody.  So it sounds

12  like everybody agrees that the Court's order to deny the

13  second amended complaint is a valid court order, and whether

14  the plaintiffs have abandoned it because the Court says it's

15  denied, or whether it's just denied because the Court denied

16  it, is somewhat of an irrelevant point at this time.

17         Maybe, **I** mean, I assume people are preserving

18  records for appeal, so maybe the Court of Appeals can look

19  at it and say, well, it shouldn't have been denied or

20  whatever.  But at least for the — for the law of the case

21  right now, I'm not hearing anybody disagree that that second

22  amended complaint is gone, is a nullity.  Does anyone

23  disagree with that?

24         (No audible response.)

25         THE COURT:  All right.  Since everybody agrees

```
 1    with that, any claims that were in the second amended

 2    complaint are gone.

 3              MR. KILDOW:  Well __

 4              THE COURT:  The order is gone.

 5              MR. KILDOW:  They're a — they're a — they're a

 6    nullity.

 7              THE COURT:  Yeah, they're a nullity.  That — that

 8    document is a nullity.

 9              MR. KILDOW:  Right.

10              THE COURT:  So if that document, if that second

11    amended complaint brought up a cause of action that wasn't

12    there in the first amended complaint, that cause of action

13    is gone.

14              If that — if the second amended complaint

15    brought in a party that the first amended complaint didn't

16    bring'in, that party is gone.  That's what we just went

17    through with Shannon and Brown.

18              Now, you're telling me, and my recollection is,

19    that Kirchner was in the original complaint.  And so if

20    there are still causes of action in the original complaint

21    against Ms. Kirchner that are still alive and kicking, then

22    I cannot dismiss Ms. Kirchner.

23              I can say, based on what everybody has said here,

24    that any causes of action which were new in the second

25    amended complaint against Ms. Kirchner are not — are a
```

```
 1   nullity.
 2              Are we all on the same page?
 3              MR. KILDOW:  As far as the plaintiffs go, we are.
 4              THE COURT:  Okay.
 5              Defense, anybody disagree with what I'm saying?
 6   I'm trying to restate what I'm hearing.  Anybody disagree
 7   with any of that?
 8              (No audible response.)
 9              THE COURT:  Okay.
10              So you're moving forward with Judge Ruckriegle.
11   What's happening with that?  I mean, we didn't — I didn't
12   get anything substantive from Judge Ruckriegle, so somebody
13   tell me what's happening with — with your reviews with
14   Judge Ruckriegle and the
15    the — you say you're meeting again.  I know there's an
16   issue on fees is the only thing he mentioned, and I think
17   he's going to resolve that one way or the other.  And if you
18   don't think that's a correct resolution, then you can file a
19   motion and then I can review it.
20              MR. KILDOW:  Your Honor, I'll be glad to try to
21   summarize --
22              THE COURT:  Okay.
23              MR. KILDOW:  — to answer your question.
24              It was a, I think it was roughly a 3 hour and 15
25   minute
```