IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS
MOTION TO DISMISS UNDER RULE 12(b)(6) AND
*COLORADO RIVER* MOTION**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") hereby submits this reply brief in support of its Motion to Stay Discovery Pending Adjudication of its Motion to Dismiss Under Rule 12(b)(6) and Motion to Dismiss or Stay Pursuant to *Colorado River* ("Motion").

**PRELIMINARY STATEMENT**

This is an exceptional case. Contrary to Plaintiffs' contention, this is not merely a run-of-the-mill case where a defendant seeks a discovery stay while a standard motion to dismiss under Rule 12(b)(6) in pending. Vail Health has filed both a Motion to Dismiss or Stay Pursuant to the *Colorado River* Doctrine (Dkt. 31) ("*Colorado River* Motion") in light of the years-long proceedings in Colorado state court ("State Court Action"), and a Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. 32) ("Motion to Dismiss"). Both motions, which have been fully briefed for three months, raise serious questions as to whether this matter should proceed at all. While Plaintiffs' brief in opposition to Vail Health's Motion ("Opp'n") cites cases where courts have exercised their discretion to deny a motion to stay discovery based on the facts before them, in none of those cases did a court address whether a stay should issue when both a Rule 12(b)(6)

motion to dismiss and *Colorado River* motion were pending. Here, given the pendency of those motions and the extreme burden of antitrust discovery, discovery should be stayed.

It is undisputed that this Court has the discretion to stay discovery. (Opp'n at 9-10.) Thus, the question before this Court (which Plaintiffs' opposition largely ignores) is whether a stay is warranted *on the facts of this case*, under the factors articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. March 30, 2006). Those factors clearly favor a stay. *First*, because Plaintiffs waited years after the events at issue to file an antitrust claim in state court, they clearly have no interest in proceeding expeditiously on their antitrust claims; that Plaintiffs filed suit in this Court about a month after the state court rejected their untimely antitrust claim is irrelevant. Moreover, Plaintiffs' claim that delay could cause discovery to be lost is nonsensical given that the parties have exchanged thousands of documents and taken scores of depositions in the State Court Action, thereby preserving that information. *Second*, with respect to the burden on defendant of denying a stay, Plaintiffs argue only that Vail Health has failed to articulate why discovery would be burdensome. However, the well-known burdensome nature of antitrust discovery, the history of the State Court Action, and the discovery requests Plaintiffs have already issued make clear that it would be. *Third*, with respect to the court's convenience, the likely burden on the court of managing antitrust discovery—and devoting resources to resolving discovery disputes—outweighs Plaintiffs' argument that the Court has an interest in preventing cases from going "stale" on its docket. *Fourth*, with respect to third parties' interests, Plaintiffs identify no third parties with an interest in having this litigation proceed—but make clear that numerous third parties will be burdened with third-party antitrust discovery. *Fifth*, the fact that Plaintiffs' claims are intended to rectify a private wrong,

rather than a public one, undermines any interest the public may have in this purported antitrust litigation. All *String Cheese* factors favor staying discovery.

Finally, as an "alternative" argument, Plaintiffs request that discovery proceed with respect to, *inter alia*, "[r]elevant antitrust markets (geographic and product)" and "Vail Health's financial-related information." Given the discovery that has occurred in the State Court Action—and that this Court will not permit to be repeated here—Plaintiffs' proposed "narrowed" discovery proposal is equally burdensome to permitting full antitrust discovery to proceed.

## ARGUMENT

### I.     THE *STRING CHEESE* FACTORS FAVOR A DISCOVERY STAY

This Court has the discretion to stay discovery in this matter. (Opp'n at 9 (acknowledging that a motion to stay discovery is "within the Court's sound discretion" (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936))).) When exercising that discretion, courts in this district consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese*, 2006 WL 894955, at *2. Here, contrary to Plaintiffs' argument, all of those factors favor a stay.

#### A.     Plaintiffs' Delay Demonstrates That They Have No Interest in Proceeding Expeditiously

The first *String Cheese* factor favors staying discovery because (a) Plaintiffs waited years to file an antitrust claim and (b) any stay would be of limited duration, as the State Court Action

has nearly concluded and Vail Health's Motion to Dismiss and *Colorado River* Motion have been pending for three months. (Mot. at 10-11.) Plaintiffs' contrary arguments are meritless.

Plaintiffs argue that they did not unduly delay in filing this antitrust lawsuit. (Opp'n at 12.) However, Plaintiffs focus on the approximately one-month period between the state court's denial of Plaintiffs' motion to add an antitrust claim and the filing of this lawsuit (*id.*), which is irrelevant. The conduct at issue in the State Court Action and Federal Court Action occurred primarily in 2016. (*See* Am. Compl. ¶¶ 133-140, 152-170.) Although Plaintiffs filed their State Court Action in April 2017, they did not move to amend their complaint in that action to add an antitrust claim until January *2019*—nearly two years later. (Ex. 1, Mot. for Leave to File Second Am. Compl. at 12 (Jan. 21, 2019).) By voluntarily waiting years before asserting their purported antitrust claims, Plaintiffs demonstrated that they have no interest in "proceeding expeditiously with the civil action."[1] *String Cheese*, 2006 WL 894955, at *2. Plaintiffs' proposal in 2019 of an "aggressive scheduling order" (Opp'n at 12) cannot negate Plaintiffs' years-long delay in pursuing their purported antitrust claims.[2]

Plaintiffs also contend, without basis, that a short discovery stay will result in "degradation of evidence, including witness recollections." (Opp'n at 12.) While in some cases a discovery stay may result in the loss of relevant evidence, that is not the case here given the

---

[1] Plaintiffs cannot explain their delayed assertion of antitrust claims by arguing that they were unaware of the purportedly anticompetitive conduct until 2019. Plaintiffs' April 2017 State Court Action complaint alleged that Vail Health made false statements "to dissuade orthopaedic [sic] clinics, doctors, and patients from using Winninger and her company's physical therapy services" and "to drive Winninger and her company out of business." (Compl. ¶ 2.)

[2] The cases Plaintiffs cite (Opp'n at 12 n.36), *Gold, Inc. v. H.I.S. Juveniles, Inc.*, 2015 WL 1650900, at *2 (D. Colo. Apr. 8, 2015), and *Nelson v. Csajaghy*, 2015 WL 138132, at *2-3 (D. Colo. Mar. 24, 2015), are distinguishable because neither case involved both a pending Rule 12(b)(6) motion to dismiss and motion to dismiss under *Colorado River*, as here.

extensive discovery in the State Court Action regarding the very facts at issue in this case. In the State Court Action, the parties have produced thousands of documents and conducted scores of depositions. That discovery acts as a time capsule preserving evidence and witness testimony should it prove relevant to this matter.[3]

### B.     The Burden on Defendant of Antitrust Discovery Would Be Substantial

Vail Health's opening brief established that if antitrust discovery were to proceed here, the burden on Vail Health would be substantial. (Mot. at 11.) Plaintiffs admit that discovery would include discovery regarding the "relevant geographic and product markets and Vail Health's market power, as well as third-party discovery." (Opp'n at 12.) Such discovery is notoriously "costly and protracted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).

Plaintiffs' only response is to argue that Vail Health has failed to provide enough information regarding "how or why" discovery will be burdensome. First, the discovery requests Plaintiffs have already served demonstrate that discovery will be burdensome. For example, for an approximately ***ten-year period***, Plaintiffs request production of the following:

- "[a]ll annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic";

- "[a]ll documents relating to the prices charged and revenues realized for the physical therapy services provided to patients by Vail Health's physical therapy unit," including "all contracts, agreements, and documents relating to prices for which medical insurers,

---

[3] Plaintiffs assert—again, without basis—that Vail Health has "fail[ed] to produce and preserve relevant documents." (Opp'n at 7.) Vail Health has fully complied with its preservation obligations, and the state court has never found otherwise. Plaintiffs' argument regarding preservation is consistent with Plaintiffs' recent strategy in the State Court Action of engaging in "discovery about discovery" and raising preservation arguments, as Plaintiffs cannot prevail on the merits in light of Plaintiffs' belated disclosure that Lindsay Winninger stole documents containing protected health information when she left Howard Head.

> medical plans, third-party health care administrators, and other health care reimbursement mechanisms have agreed to indemnify Vail Health";
> 
> - "[a]ll documents concerning Vail Health's identification, analysis of, and any mention of the physical therapy providers that it has considered and/or does consider to be competitors of its physical therapy unit"; and
> 
> - "[a]ll employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic."

(Ex. 2, Pls.' First RFPs.)  In light of Plaintiffs' extremely broad discovery requests, Plaintiffs' argument that discovery will not overly burden Vail Health rings hollow.

Second, the massive costs associated with antitrust discovery are well-established—not speculative or uncertain.  Parties defending antitrust matters commonly incur millions of dollars in attorneys' fees and costs and hundreds of thousands of dollars in fees for antitrust experts. *See, e.g.*, *Christou v. Beatport, LLC*, 2014 WL 1293296, at * 4 (D. Colo. Mar. 31, 2014) (antitrust expert fees of approximately $353,000); *Lifespan Corp. v. New England Med. Ctr., Inc.*, 2011 WL 3841085, at *7 (D.R.I. Aug. 26, 2011) (antitrust expert fees of approximately $87,000); *Auto. Prods. PLC v. Tilton Eng'g, Inc.*, 855 F. Supp. 1101, (C.D.Cal. 1994) (awarding prevailing plaintiff in antitrust action more than $1 million in attorneys' fees, $190,000 in costs, and $90,000 in expert fees).  If discovery proceeds, the parties likely will move quickly to the most burdensome aspects of antitrust discovery—discovery regarding market definition and market power—as much ordinary fact discovery has already occurred in the State Court Action.

Third, Plaintiffs' suggestion that antitrust discovery in this matter will not be unusually burdensome on Vail Health is belied by the State Court Action's record.  For example, Vail Health has had to depose witnesses multiple times due to Plaintiffs' counsel's instructions that

witnesses not answer relevant questions on a basis other than privilege.  (*See, e.g.*, Ex. 3, Order re Bradley Schoenthaler Dep.; Opp'n at 7.)  Moreover, as a brief glance at the 100+ page docket sheet in the State Court Action reflects, Vail Health has had to respond to scores of Plaintiffs' discovery motions, many of which were ultimately denied or withdrawn.  (Ex. 4, Docket Sheet in State Court Action.)  For example, on a single day in January 2020, Plaintiffs filed ***nine discovery motions***.  (*Id.*)  In light of this history, discovery in this matter is nearly certain to be exceptionally burdensome on Vail Heath—even for an antitrust case.

Finally, there is no merit to Plaintiffs' suggestion that courts in this district grant discovery stays only when a motion to dismiss is based on immunity or lack of jurisdiction.  (Opp'n at 13.)  Instead, discovery stays are appropriate if "resolution of a preliminary motion may dispose of the entire action."  *Sallie v. Spanish Basketball Federation*, 2013 WL 5253028, at *1 (D. Colo. Sept. 17, 2013).  Granting Vail Health's *Colorado River* Motion and resolution of the State Court Action may moot this case entirely.[4]  Moreover, Vail Health's Motion to Dismiss is based on, *inter alia*, Plaintiffs' lack of antitrust standing.  Thus, just like a motion to dismiss for lack of jurisdiction or based on immunity, resolving Vail Health's *Colorado River* Motion or Motion to Dismiss "may dispose of the entire action."  *Id.*  The second *String Cheese* factor strongly favors a discovery stay.

### C.  A Stay Would Further the Court's Convenience

Plaintiffs' only argument that a discovery stay would not further the court's convenience is that "[i]t is not convenient for the Court to have stale cases cluttering its docket."  (Opp'n at

---

[4] Indeed, Vail Health has filed a motion for summary judgement that would resolve all of Plaintiffs' remaining claims.

14.)  While that may be true as a generally matter, it is far *more* inconvenient for a court to have to devote judicial resources to resolution of scores of discovery disputes, especially ones that are being simultaneously litigated in state court.  The state court, despite its best efforts, had insufficient resources to resolve discovery disputes among the parties in a timely manner.  As a result, it appointed Hon. W. Terry Ruckriegle as Special Master to manage the discovery process.  (Ex. 5, Order Appointing Special Master per C.R.C.P. 53(a) (July 18, 2019).)  Plaintiffs have already appealed to Judge Granger two of the Special Master's orders denying relief they requested, ensuring that the state court will be further burdened by discovery disputes.  (*See* Ex. 6, Pls. Obj. to Special Master's Denial of Mot. No. 7—To Enforce Feb. 6, 2018 and May 22, 2018 Orders to Produce Native File of Ex. 8; Ex. 7, Pls.' Obj. to and Appeal from Sept. 11, 2019 Oral Order of the Special Master Compelling Winninger to Disclose Alleged Trade Secret Info. and Preservation of Other Discovery-Related Issues.)  Moreover, the discovery in this matter, which would relate to complex questions such as market definition and market power, would be far *more complex* than discovery in the State Court Action, which suggests that the complexity and frequency of discovery disputes would only increase here.  It is plainly in the Court's interest to stay discovery briefly pending resolution of the *Colorado River* Motion and Motion to Dismiss.  *See String Cheese*, 2006 WL 894955, at *2; *Ryberg v. City & Cnty. of Denver*, 2013 WL 6662503, at *2 (D. Colo. Dec. 17, 2013) ("[I]t is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward.").

### D.  The Interests of Third Parties Favors Staying Discovery

Plaintiffs identify no third party whose interests weigh against a discovery stay.  To the contrary, Plaintiffs state that they intend to engage in "additional . . . third-party discovery."

(Opp'n at 14; *see also* Pls.' Proposed Sched. Order at 9 (Oct. 18, 2019) (Dkt. 33) (identifying third-party healthcare administrators, including interstate insurers such as United Healthcare and Anthem Blue Cross Blue Shield, as parties that may have relevant information).)  Fairness requires adjudication of whether Plaintiffs' novel antitrust theories are viable before those third parties are saddled with burdensome antitrust discovery.

### E. The Public Interest Favors Staying Discovery

Plaintiffs argue that discovery stays are inappropriate in antitrust cases because the public has an interest in prompt resolution of antitrust claims.  (Opp'n at 14.)  As an initial matter, Plaintiffs are incorrect that the public interest precludes discovery stays in antitrust cases.  *See, e.g.*, *DSM Desotech Inc. v. 3D Systems Corp.*, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (staying discovery on antitrust claims pending resolution of motion to dismiss).  In any event, Plaintiffs' argument assumes that their claim is actually an antitrust claim impacting the public, rather than a dispute between private parties.  But it is not.  As Vail Health demonstrates in its Motion to Dismiss, as a matter of law, Plaintiffs do not allege conduct that is actionable under the antitrust laws.  (Mot. to Dismiss at 10-15.)  Clogging this Court's docket with a burdensome antitrust case that is not legally cognizable is contrary to the public's interest.  *See Ryberg*, 2013 WL6662503, at *2 (granting discovery stay after acknowledging public's interest in "[a]voiding wasteful efforts by the Court and litigants"); 8 Wright, et al., Fed. Practice & Procedure § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

All *String Cheese* factors favor staying discovery.  Thus, this Court should stay discovery pending resolution of Vail Health's Motion to Dismiss and *Colorado River* Motion.

## II.  PLAINTIFFS' "PHASED DISCOVERY" PROPOSAL IS AKIN TO FULL DISCOVERY

Plaintiffs end their brief with an alternative argument that the Court should permit Rule 26 disclosures, written discovery, and third-party discovery regarding "[r]elevant antitrust markets (geographic and product)," "The Steadman Clinic and Vail Health joint venture," and "Vail Health's financial-related information requested in Plaintiffs' First Request for Production of Documents served in October 2019."  (Opp'n at 15.)  Plaintiffs' "alternative" request differs little from their request to permit all antitrust discovery to proceed.  The Court has made clear that it will not permit the parties to "re-do" years of discovery that occurred in the State Court Action regarding the same underlying events at issue here.  Thus, the core of the discovery that has yet to occur is precisely the discovery Plaintiffs propose:  discovery regarding "[r]elevant antitrust markets (geographic and product)" and "Vail Health's financial-related information." Further, as discussed above, "Vail Health's financial-related information requested in Plaintiffs' First Request for Production of Documents served in October 2019" is extremely broad and burdensome.  Even if antitrust discovery were permitted to proceed without limits, deposition and expert discovery likely would not begin for months.  Accordingly, there is little difference between Plaintiffs' "alternative" discovery proposal and permitting full antitrust discovery to proceed.  Because Plaintiffs' alternative proposal suffers from the same flaws as their proposal to let all antitrust discovery proceed, the Court should reject it as well.

## CONCLUSION

Vail Health respectfully requests that the Court stay discovery pending adjudication of its Motion to Dismiss and *Colorado River* Motion.

Dated:  March 5, 2020

   *s/ Jacqueline V. Roeder*
Janet Savage
Shannon Wells Stevenson
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  janet.savage@dgslaw.com
       shannon.stevenson@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS UNDER RULE 12(B)(6) AND *COLORADO RIVER* MOTION was filed via CM/ECF on this 5th day of March 2020, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

          *s/ Paige Finnell*
          Paige Finnell