IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, and
LINDSAY WINNINGER,

     Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH,

     Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

---

This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's

(Vail Health) Motion to Stay Discovery Pending Adjudication of its Motion to Dismiss Under

Rule 12(b)(6) and Motion to Dismiss or Stay Pursuant to *Colorado River* (Motion) (D. 49)[1],

Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger's (Plaintiffs) response (D. 51),

and Defendant's reply (D. 52).  The motion has been referred to this Magistrate Judge for review

(D. 50).[2]  The Court has reviewed the pending motion, response, reply, and all attachments.  The

---

[1] "(D. 49)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Report and Recommendation.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case.  *See, e.g.,Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020).  Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been

Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary.  For the reasons that follow, the Court GRANTS the motion to stay discovery.

I.     FACTS

On July 17, 2019, Plaintiffs originally filed this action against Defendant Vail Health pursuant to the Sherman Act, 15 U.S.C. § 2, and the Colorado Antitrust Act of 1992, Colo. Rev. Stat. § 6-4-105.  (D. 1).  Plaintiffs allege that there are "high barriers to entry in the Vail Valley market, . . . which Vail Health controls through unlawful employment contracts" and that Defendant "engaged in a number of anticompetitive activities, including a broad-based campaign of defamatory and disparaging communications against Sports Rehab and its founder, Lindsay Winninger." (*Id.*, pp. 2-3).

On August 22, 2019, Vail Health moved for an extension of time to answer or respond to Plaintiff's complaint, which this Court granted in part.  (*See* D. 13, D. 15).  On August 23, 2019, Vail Health notified the Court of a related state civil case pursuant to D.C. Colo. L. Civ. R. 3.2. (D. 17).  On September 27, 2019, Plaintiffs filed an Amended Complaint.  (D. 26).  On October 3, 2019, Vail Health filed an unopposed motion to reset the Scheduling Conference, which this Court vacated and rescheduled for October 23, 2019.  (D. 27, D. 28, D. 29). On October 10, 2019, Vail Health filed a Motion to Dismiss or Stay Pursuant to the *Colorado River* doctrine, and the following day filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D. 31, D. 32).  This Court converted the Scheduling Conference to a Status Conference where the

---

shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this nondispositive Order within fourteen (14) days.  FED. R. CIV. P. 72(a).

parties and Court discussed the pending motions and consensus to wait to set a Scheduling Conference.  (D. 35).

On January 24, 2020, Vail Health filed a Motion to Dismiss or Stay, but the motion was stricken for failure to comply with the conferral requirements of D.C. Colo. L. Civ. R. 7.1A.  (D. 46, D. 47).  On January 28, 2020, a Scheduling Conference was held where the Court addressed discovery, limits, and deadlines, but this Court declined to issue a Scheduling Order until the Motion to Stay Discovery was decided.  (D. 48).  On January 30, 2020, Vail Health filed the instant Motion to Stay Discovery Pending Adjudication of its Motion to Dismiss Under Rule 12(b)(6) and Motion to Dismiss or Stay Pursuant to *Colorado River*.  (D. 49).

II.     LEGAL STANDARD

Courts in this District generally disfavor the stay of all discovery.  *See Rocha v. CCCF Admin.*, No. 09–cv–01432–CMA–MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010).  Nevertheless, the decision to grant or deny a motion to stay discovery is vested in the district court's discretion. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).  While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power for a court to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is appropriate, the court should consider the:  (1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay"; (2) "burden on the defendants"; (3) "convenience to the court"; (4) "interests of persons not parties to the civil litigation"; and (5) "public interest."  *String Cheese Incident, LLC v. Stylus*

*Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers of Am.*, 322 F.3d at 1227.  However, a stay of discovery "may be appropriate if resolution of a preliminary motion may dispose of the entire action."  *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-CV-02089-CMA-NYW, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019), *report and recommendation adopted*, No. 18-CV-02089-CMA-NYW, 2019 WL 1081002 (D. Colo. Jan. 25, 2019) (quoting *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-CV-02624-WYD-MEH, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)); *see also Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).  While courts may be less inclined to stay discovery pending resolution of a Rule 12(b)(6) Motion to Dismiss, *see, e.g., De Leon v. Marcos*, No. CIVA09CV-02216MSKMEH, 2009 WL 3756374, at *1 (D. Colo. Nov. 9, 2009), courts may be more inclined to stay discovery if the motion impacts immunity or jurisdictional issues, *see, e.g., Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

III.    ANALYSIS

In weighing the factors outlined in *String Cheese Incident*, this Court finds that a temporary stay of discovery is appropriate.  As an initial matter, Plaintiffs cites *Estate of Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *4 (D. Colo. Dec. 12, 2019), for the premise that when deciding a motion to stay, a magistrate judge should not review the merits of a motion, which has not been referred to him or her.  While examining the merits of Vail Health's motions "would essentially require adjudication of the dispositive motion . . . thus

4

negating the entire purpose of the motion to stay and [would] inappropriately usurp[ ] the District Judge's authority," *id.* at *2, this Court can, without examining the contents of said motions, weight the factors and address both parties' claims.

Turning to the first factor, this Court addresses the Plaintiffs' interest in proceeding expeditiously with the case and any potential prejudice they might suffer if there was a delay. Plaintiffs oppose the motion to delay discovery, arguing that they wish to proceed expeditiously with this case and that Plaintiffs have already served discovery, desire an aggressive scheduling order, and are concerned that "delay could result in degradation of evidence, including witness recollections." (D. 51, p. 12). Based on both parties' filings, it appears that the parties are already conducting discovery on similar subjects in the Colorado state case, thus this Court is not entirely convinced that there would be a degradation of the evidence or witness recollection. However, based on the remaining considerations expressed by the Plaintiffs, this Court finds that the first *String Cheese Incident* factor weighs against granting Vail Health's motion to stay discovery.

Examining the second factor, this Court finds that Vail Health has demonstrated that proceeding with discovery presents an undue burden. Here, Vail Health has filed a motion to Dismiss or Stay Pursuant to the *Colorado River* doctrine. (D. 31). "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). While this motion has not been referred to this Court, it is cognizant of the fact that Vail Health would be unduly burdened in proceeding with discovery should the District Court later grant Vail Health's motion to dismiss or stay the case in its favor. *See Williams v.*

*Stewart Title Co.*, No. 18-CV-00397-PAB-NRN, 2018 WL 4926450, at *3 (D. Colo. Oct. 10, 2018) ("If Ms. Williams prevails in her appeal and her case is remanded back to the state trial court, on the other hand, the *Colorado River* doctrine may still preclude this Court from exercising jurisdiction.  Permitting extensive discovery while these issues are outstanding places an undue burden on STC.").  Accordingly, the second factor weighs in favor of a stay.

Regarding the third factor, while the Court generally disfavors a stay, judicial efficiency would be served by first resolving the pending motions that may be dispositive. *See Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case 'furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery.'" (citation omitted)).  Accordingly, the third factor weighs in favor of a stay.

Examining the fourth factor, this Court finds it bears no weight as there are no nonparties with significant particularized interests in the case.  And regarding the fifth factor, "the general public's primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019).  Accordingly, the fifth factor weighs in favor of a stay.

Accordingly, after considering all the *String Cheese Incident* factors, a stay of discovery is appropriate in this case.

IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

(1)  Vail Health's motion to stay discovery (D. 49) is GRANTED.

(2)  Discovery in this matter as to Plaintiffs' claims against Vail Health is STAYED pending resolution of Vail Health's pending Motion to Dismiss Under Rule 12(b)(6) and Motion to Dismiss or Stay Pursuant to *Colorado River*.  (D. 31, D. 32).

(3)  Within three (3) business days of the disposition of the pending motions, to the extent there are any remaining claims against Vail Health, the Parties will CONTACT the chambers of this Magistrate Judge to schedule a Status Conference to discuss further discovery and advise whether the proposed Scheduling Order should be resubmitted.

Dated at Grand Junction, Colorado this April 21, 2020.

_____
Gordon P. Gallagher
United States Magistrate Judge