**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S MOTION FOR RECONSIDERATION
OF THE COURT'S MINUTE ORDER STRIKING VAIL HEALTH'S
MOTION TO DISMISS UNDER RULE 12(b)(6), OR FOR
ALTERNATIVE RELIEF**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this Motion for Reconsideration of the Court's Minute Order Striking Vail Health's Motion to Dismiss Under Rule 12(b)(6), or for Alternative Relief ("Motion").

**STATEMENT OF CONFERRAL**

On August 21, 2020, Vail Health sent an email to Plaintiffs' counsel describing the bases for Vail Health's proposed motion for reconsideration and inquiring whether Plaintiffs would consent to the relief requested in Vail Health's motion for reconsideration or to certain alternative relief. On August 24, 2020, Vail Health sent a second email to Plaintiffs' counsel following the Court's denial of Vail Health's motion under *Colorado River*, which updated the alternative relief sought. Plaintiffs responded on August 24, 2020 stating that they oppose the relief requested in this Motion.

- 1 -

## PRELIMINARY STATEMENT

In October 2019, Vail Health filed two key motions: (1) a Motion to Dismiss or Stay Pursuant to the *Colorado River* Doctrine or, Alternatively, Stay Discovery (Dkt. No. 31) ("*Colorado River* Motion"), and (2) a Motion to Dismiss pursuant to Rule 12(b)(6) ("12(b)(6) Motion") (Dkt. No. 32). On August 12, 2020, the Court entered a *sua sponte* minute order striking Vail Health's 12(b)(6) Motion ("Minute Order"). (Dkt. No. 45.) The Court reasoned that the motions violated the Court's Practice Standard III.D.2, which prohibits more than one motion "under any part of Rule 12." (*Id.*)

Vail Health respectfully requests that the Court reconsider and vacate its Minute Order for two reasons. *First*, controlling authority and decisions in this district make clear that *Colorado River* is a prudential, not jurisdictional, doctrine. Thus, a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or a motion under any other portion of Rule 12. *Second*, this Court previously held that Vail Health could file its proposed *Colorado River* motion separately from its motions under Rule 12. That holding constitutes law of the case and should control.

Alternatively, to the extent the Court still has concerns about Defendants having filed separate *Colorado River* and Rule 12(b)(6) motions, Vail Health respectfully requests that the Court grant Vail Health alternative relief. Such relief could include retroactively extending Vail Health's page limits for a motion under Rule 12(b)(6) and *Colorado River*, permitting Vail Health to file a 12(b)(6) motion of up to 10 pages.

## BACKGROUND

As described in the *Colorado River* Motion (Dkt. No. 31), for more than three years, Plaintiffs and Vail Health have litigated in Colorado District Court in Eagle County ("State Court Action") the very facts at issue in this case. That litigation is ongoing and is scheduled for trial in February 2021.

On July 17, 2019, Plaintiffs filed this lawsuit, naming Vail Health as the sole defendant. (Dkt. No. 1.) In light of legal deficiencies in Plaintiffs' complaint, Vail Health conferred with Plaintiffs regarding the anticipated bases for Vail Health's motion to dismiss.

As described in further detail below, while that conferral was ongoing, on September 18, 2019, Vail Health sought the Court's guidance regarding the sequencing of anticipated motions via its Motion for Briefing Schedule Regarding Motions Under Rule 12 and Motion to Stay ("Scheduling Motion"). (Dkt. No. 23.) Vail Health previewed that it intended to file three motions: a 12(f) motion to strike, a 12(b)(6) motion to dismiss, and a motion under *Colorado River*. (*Id.*) The following day, the Court held that Vail Health's Rule 12 motions should be filed together on the deadline for motions to dismiss, but that the *Colorado River* motion could be filed at any time. (Dkt. No. 24.)

Thereafter, on September 27, 2019, Plaintiffs filed their Amended Complaint ("Amended Complaint"). (Dkt. No. 26.) Like the complaints in the State Court Action, the Amended Complaint alleges that Vail Health made false statements regarding Plaintiffs and their involvement in the theft of Vail Health files and patient information in an effort to prevent Ms. Winninger and SRC from competing with Vail Health in the alleged Vail Valley physical therapy market. (*See, e.g.*, Am. Compl. ¶¶ 7-8, 94-226.) Plaintiffs asserted two causes of action:

monopolization under Section 2 of the Sherman Act and attempted monopolization under Section 2 of the Sherman Act.  (*Id.* ¶¶ 242-273.)

On October 10, 2019, Vail Health filed its *Colorado River* Motion.  The *Colorado River* Motion asked the Court to dismiss or stay this litigation in light of the parallel State Court Action due to, among other factors, the substantial progress in the State Court Action and Plaintiffs' vexatious delay in commencing this action. (Dkt. No. 31.)  The *Colorado River* Motion sought no relief under Rule 12.

The following day, Vail Health filed its 12(b)(6) Motion.  The 12(b)(6) Motion sought dismissal of Plaintiffs' Amended Complaint because (a) its proposed geographic market of a single county in Colorado was not plausible; (b) its proposed product market of physical therapy services was not plausible; (c) it failed to plead antitrust standing because the alleged wrongful conduct was not anticompetitive, as a matter of law; and (d) conduct that is contemplated but not pursued cannot be the basis for an attempted monopolization claim.  (Dkt. No. 32.)

On April 21, 2020, Magistrate Judge Gallagher stayed discovery pending resolution of both Vail Health's *Colorado River* Motion and 12(b)(6) Motion.

Then, on August 12, 2020, the Court, *sua sponte*, struck Vail Health's 12(b)(6) Motion, holding as follows:  "WJM Revised Practice Standard III.D.2 provides that 'All requests for relief under any part of Rule 12 must be brought in a single motion.'  Given this limitation, Defendant's second-filed Motion to Dismiss 32 is STRICKEN.  Defendant's first-filed Motion to Dismiss or Stay Pursuant to Colorado River Doctrine, or, Alternatively, Stay Discovery 31, is currently under consideration by the Court."  (Dkt. No. 54.)

- 4 -

On August 21, 2020, the Court denied Vail Health's *Colorado River* Motion, concluding that this proceeding and the State Court Action are not parallel, and lifted the discovery stay. (Dkt. No. 55.)

## LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not directly provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Hampden Auto Body Co. v. Auto-Owners Ins. Co.*, No. 17-cv-1894-WJM, 2020 WL 550591, at *2 (D. Colo. Feb. 4, 2020). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Gunn v. Carter*, No. 13-cv-2197-WJM, 2016 WL 8416759, at *1 (D. Colo. July 1, 2016).

## ARGUMENT

### I. VAIL HEALTH FILED ONLY ONE MOTION UNDER RULE 12 IN COMPLIANCE WITH THE COURT'S PRACTICE STANDARDS

Vail Health respectfully submits that the Court's Minute Order contained an error of controlling law. Prior to filing its motions, Vail Health carefully reviewed the Court's practice standards and understood that the Court permits only one motion for any relief sought under Rule 12. Vail Health proceeded to file its *Colorado River* Motion and its 12(b)(6) Motion separately, because the *Colorado River* Motion is not a motion "under any part of Rule 12." As such, Vail Health's 12(b)(6) Motion was not an impermissible second-filed Rule 12 motion.

### A. Controlling Authority Demonstrates that a *Colorado River* Motion Is Not a Motion Under Rule 12

Vail Health respectfully submits that this Court should vacate its Minute Order because controlling authority demonstrates that a *Colorado River* motion is not a motion "under any part of Rule 12 " (Practice Standard III.D.2).

Rule 12 provides for *only* the following motions:

- A motion under Rule 12(b) seeking to dismiss the compliant based on: (1) "lack of subject-matter jurisdiction," (2) "lack of personal jurisdiction," (3) "improper venue," (4) "insufficient process," (5) "insufficient service of process," (6) "failure to state a claim upon which relief can be granted," and (7) "failure to join a party under Rule 19," Fed. R. Civ. P. 12(b);
- A motion for judgment on the pleadings, Fed. R. Civ. P. 12(c);
- A motion for a more definite statement, Fed. R. Civ. P. 12(e); and
- A motion to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, Fed. R. Civ. P. 12(f).

Vail Health's *Colorado River* Motion did not seek relief under any of those provisions of Rule 12. Instead, it sought a stay or dismissal of Plaintiffs' claims in this litigation in light of the parallel State Court Action, the adjudication of which Vail Health contended would dispose of Plaintiffs' claims here.

The Supreme Court has made clear that the *Colorado River* doctrine is a prudential doctrine that is not based on any particular rule or statute. In *Colorado River*, the Supreme Court recognized the *Colorado River* doctrine as based on "considerations of (w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. 800, 817 (1976). Indeed, the *Colorado River* doctrine comes into play only where the court indisputably *has subject matter jurisdiction* but is deciding

- 6 -

*whether to exercise that subject matter jurisdiction* in light of prudential concerns associated with simultaneously litigating the same facts in state and federal court. *See id.* at 813 ("The doctrine of abstention . . . [allows] a District Court [to] decline to exercise or postpone the exercise of *its jurisdiction*." (emphasis added)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) ("[O]ur task in [determining whether to abstain under *Colorado River*] is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances . . . to justify the *surrender* of that jurisdiction." (internal quotation marks omitted)). In fact, in *Colorado River*, the Supreme Court neither cited nor discussed Rule 12. *Colorado River*, 424 U.S. at passim. The same is true for other Supreme Court cases addressing the *Colorado River* doctrine. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281-288 (1995); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988); *Moses H. Cone*, 460 U.S. 1.

Tenth Circuit authority further demonstrates that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). The Tenth Circuit has concluded that abstention doctrines, like *Colorado River* and *Younger*, are not jurisdictional. *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (holding that *Younger* abstention is not based on a lack of jurisdiction and "differs from a case in which the district court is barred at the outset from exercising its jurisdiction"). Moreover, like the Supreme Court, Tenth Circuit decisions discussing the *Colorado River* doctrine do not cite or discuss Rule 12. *See, e.g.*, *Id.* at 1234 (never mentioning Rule 12); *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (same). In fact, Vail Health has been unable to locate any Tenth Circuit case that analyzes a *Colorado River* motion as a motion under Rule 12.

Numerous other courts have concluded that the *Colorado River* doctrine is a prudential doctrine, not jurisdictional. *See, e.g.*, *Stuart v. Ryan*, No. 19-11376, 2020 WL 3073901, at *2 (11th Cir. June 10, 2020) ("*Colorado River* abstention is not jurisdictional."); *Allian v. Allian*, No. 18 C 3825, 2018 WL 6591422, at *4 (N.D. Ill. Dec. 14, 2018) ("*Colorado River* abstention is prudential, not jurisdictional . . . ." (collecting cases)); *Thomas-Wise v. Nat'l City Mortg. Co.*, 14 C 3460, 2015 WL 641770, at *2 (N.D. Ill. Feb. 13, 2015) ("The court does not believe *Colorado River* abstention to be jurisdictional." (collecting cases)); *Rabo AgriFinance v. Veigel Farm Partners*, No. 2:05-CV-243, 2006 WL 1540765, at *5 (N.D. Tex. June 5, 2006) ("*Colorado River* abstention principles rest on principles of comity and restraint rather than purely on jurisdictional grounds."); *Kent v. Cook*, 637 F. Supp. 1005, 1007 (N.D. Ind. 1986) (holding that *Colorado River* abstention is "not jurisdictional"). Some courts in other jurisdictions have held that *Colorado River* motions are "analogous" to motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and analyzed them in a similar manner. S*ee Green v. Aranas*, 775 F. App'x 310 (9th Cir. 2019). However, that does not change the fact that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Christian Action Network v. Maine*, 679 F. Supp. 2d 140, 143 n.2 (D. Me. 2010) ("Rule 12(b)(1) deals with jurisdictional attacks, whereas abstention is a prudential rather than a jurisdictional ground for dismissal."). In any event, in this district, courts commonly decide *Colorado River* motions without citing or discussing Rule 12. *See, e.g.*, *Vail Servs. Grp., LLC v. Dines*, No. 17-cv-02428, 2018 WL 3069525, at *1-4 (D. Colo. June 21, 2018); *Long v. Cordain*, No. 13-cv-03475, 2015 WL 5081624, at *5-6 (D. Colo. Aug. 28, 2015); *MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-2586, 2015 WL 1311241, at *3-5 (D. Colo.

Mar. 19, 2015); *Big O Tires, LLC v. Felix Bros., Inc.*, No. 10-cv-00362, 2011 WL 6181448, at *2-5 (D. Colo. Dec. 13, 2011).[1]  In fact, this Court decided Vail Health's *Colorado River* Motion without citing or discussing Rule 12.  (Dkt. No. 55.)

In sum, binding precedent and decisions from this district establish that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or a motion under any other provision of Rule 12.  Thus, Vail Health has only filed one motion under Rule 12—its motion to dismiss under Rule 12(b)(6).  Accordingly, Vail Health respectfully requests that the Court vacate its Minute Order and consider Vail Health's 12(b)(6) Motion.

### B. Under the Law of the Case, a *Colorado River* Motion Is Not a Motion Under Rule 12

Vail Health respectfully submits that the Court has already held, in this case, that a *Colorado River* Motion is not a motion under Rule 12.  As such, that holding is the law of the case and should be followed here.

On September 18, 2019, Vail Health filed its Scheduling Motion.  (Dkt. No. 23.)  In that motion, Vail Health informed the Court that it intended to file three motions:  "(1) a motion to strike certain allegations from the complaint pursuant to Rule 12(f) (*e.g.*, those that have already been found by the Eagle County Court to be unfounded); (2) a motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to plead an antitrust claim; and (3) a motion to stay the

---

[1] This Court has previously distinguished between motions under Rule 12 and under the *Colorado River* doctrine.  In *ALPS Property & Casualty Insurance Co. v. Bell*, No. 14-cv-1868, 2015 WL 2148430, at *2 (D. Colo. May 6, 2015), the defendant "ma[de] his Motion pursuant to 'Rule 12(b).'"  *Id.*  However, the Court observed, "a review of the Motion indicates that what Defendant *truly seeks* is the Court's abstention from this matter under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976), based on the parallel litigation in the Nevada Suit."  *Id.* (emphasis added).

Federal Lawsuit [under *Colorado River*] pending the outcome of the Eagle County Lawsuit, as the resolution of the Eagle County lawsuit would very likely fully resolve the Federal Lawsuit." (*Id.* ¶ 5.)[2] In an effort to ensure Vail Health complied with the Court's Individual Practices, the Scheduling Motion requested a staggered briefing schedule where the motion to strike under Rule 12(f) would be briefed prior to the motion to dismiss under Rule 12(b)(6). (*Id.* at 3.)

On September 19, 2019, the Court issued a minute order regarding Vail Health's Scheduling Motion, which held as follows:

> This matter is before the Court on Defendant's Motion for Briefing Schedule Regarding Motions under Rule 12 and Motion to Stay. The "potential tension" between Fed. R. Civ. P. 12(f)(2) and Revised Practice Standard III.D.2, if any, is immaterial. Rule 12(f)(2), even as Defendant appears to interpret it, is not self-executing or jurisdictional. Revised Practice Standard III.D.2 controls in front of the undersigned. All Rule 12 requests for relief must be brought in a single motion. Defendant's motion is therefore DENIED to the extent it requests a staggered briefing schedule for Rule 12(b) and 12(f) motions. Defendant is further advised that the undersigned generally enforces Revised Practice Standard III.D.1 as to Rule 12(f) motions. **Concerning the proposed motion to stay, there is no deadline of which the Court is aware**, so that portion of the motion is DENIED AS MOOT.

(Dkt. No. 24 (emphasis added).) By concluding that there was no deadline for Vail Health's proposed *Colorado River* motion and that it did not have to be filed with Vail Health's proposed motions under Rule 12, the Court necessarily concluded that Vail Health's proposed *Colorado River* motion was *not* a motion under Rule 12.

The Court's September 19, 2019 order is law of the case and should control. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460

---

[2] After Plaintiffs filed their Amended Complaint on September 27, 2019, Vail Health determined that filing a motion to strike under Rule 12(f) was unnecessary.

U.S. 605, 618 (1983).  "The law of the case doctrine applies to all issues that were previously decided, whether explicitly or by implication."  *Rogers v. Wesco Props., LLC*, No. 10-cv-01854, 2011 WL 683784, at *1 (D. Colo. Feb. 17, 2011) (internal quotation marks omitted).  The doctrine is intended to, *inter alia*, "protect[] the settled expectations of the parties."  *Medina v. Astrue*, 847 F. Supp. 2d 1314, 1319 (D. Colo. 2012).

Here, the Court's September 19, 2019 order held that Vail Health's proposed *Colorado River* motion was not a motion under Rule 12.  (Dkt. No. 24.)  In reliance on that conclusion, and making all efforts to comply with the Court's Practice Standards, Vail Health filed its *Colorado River* Motion separately from its Rule 12 Motion.  Accordingly, to "protect[] the settled expectations of the parties," *Medina*, 847 F. Supp. 2d at 1319, Vail Health respectfully submits that the Court should follow the law of the case doctrine and vacate its Minute Order.

## II.   IF THE COURT DOES NOT VACATE ITS MINUTE ORDER, IT SHOULD GRANT ALTERNATIVE RELIEF

The Court's Minute Order effectively precludes Vail Health from challenging the legal sufficiency of Plaintiffs' facially deficient antitrust theories.  In choosing to file its *Colorado River* Motion and 12(b)(6) Motion separately, Vail Health was mindful of this Court's Practice Standard III.D.2.  However, it believed, in good faith, that it was complying with the Court's Practice Standard because, in Vail Health's view, (a) controlling authority holds that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) (or any other provision of Rule 12) and (b) the Court had already ruled that a *Colorado River* motion is not a motion under Rule 12.

Accordingly, to mitigate the significant prejudice to Vail Health in striking its motion to dismiss Plaintiffs' Amended Complaint on the merits, if the Court does not vacate its Minute

Order, Vail Health respectfully requests that the Court grant Vail Health alternative relief that would allay the Court's concerns and permit Vail Health to present its arguments.  For example, the Court could retroactively extend Vail Health's page limits for a motion under Rule 12(b)(6) and *Colorado River*, permitting it to file a 12(b)(6) motion of up to 10 pages.  Such alternative relief would ensure that Vail Health can present its key legal arguments, even if the Court declines to reconsider its Minute Order.

## CONCLUSION

Vail Health respectfully requests that the Court vacate its Minute Order or grant the alternative relief requested herein.

Dated:  August 24, 2020

    **s/ *Shannon Wells Stevenson***
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: jackie.roeder@dgslaw.com
      shannon.stevenson@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

# **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION FOR RECONSIDERATION OF THE COURT'S MINUTE ORDER STRIKING VAIL HEALTH'S MOTION TO DISMISS UNDER RULE 12(b)(6), OR FOR ALTERNATIVE RELIEF was filed via CM/ECF on this 24th day of August 2020, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

              *s/ Paige Finnell*
              Paige Finnell