**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

  Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

  Defendant.

---

**ORDER GRANTING DEFENDANT VAIL HEALTH'S MOTION FOR
RECONSIDERATION OF THE COURT'S MINUTE ORDER
STRIKING VAIL HEALTH'S MOTION TO DISMISS UNDER RULE
12(b)(6), OR FOR ALTERNATIVE RELIEF**

---

THIS MATTER having come before the Court on Defendant Vail Health's Motion for

Reconsideration of the Court's Minute Order Striking Vail Health's Motion to Dismiss Under

Rule 12(b)(6), or for Alternative Relief ("Motion"), the Court hereby GRANTS the Motion.

On October 10, 2019, Vail Health filed its *Colorado River* Motion (Dkt. No. 31).  The

*Colorado River* Motion asked the Court to dismiss or stay this litigation in light of the parallel

State Court Action due to, among other factors, the substantial progress in the State Court

Action.  (Dkt. No. 31.)  The *Colorado River* Motion sought no relief under Rule 12.

The following day, Vail Health filed its motion to dismiss under Rule 12(b)(6) ("12(b)(6)

Motion").  The 12(b)(6) Motion sought dismissal of Plaintiffs' Amended Complaint because (a)

its proposed geographic market of a single county in Colorado was not plausible; (b) its proposed

product market of physical therapy services was not plausible; (c) it failed to plead antitrust

standing because the alleged wrongful conduct was not anticompetitive, as a matter of law; and (d) conduct that is contemplated but not pursued cannot be the basis for an attempted monopolization claim.  (Dkt. No. 32.)

On August 12, 2020, the Court struck Vail Health's 12(b)(6) Motion, holding as follows: "WJM Revised Practice Standard III.D.2 provides that 'All requests for relief under any part of Rule 12 must be brought in a single motion.'  Given this limitation, Defendant's second-filed Motion to Dismiss 32 is STRICKEN.  Defendant's first-filed Motion to Dismiss or Stay Pursuant to Colorado River Doctrine, or, Alternatively, Stay Discovery 31, is currently under consideration by the Court."  (Dkt. No. 54.)

The Supreme Court has made clear that the *Colorado River* doctrine is a prudential doctrine that is not based on any particular rule or statute.  In *Colorado River*, the Supreme Court recognized the *Colorado River* doctrine as based on "considerations of (w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  424 U.S. 800, 817 (1976).  Indeed, the *Colorado River* doctrine comes into play only where the court indisputably *has subject matter jurisdiction* but is deciding *whether to exercise that subject matter jurisdiction* in light of prudential concerns associated with simultaneously litigating the same facts in state and federal court.  *See id.* at 813 ("The doctrine of abstention . . . [allows] a District Court [to] decline to exercise or postpone the exercise of *its jurisdiction*." (emphasis added)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) ("[O]ur task in [determining whether to abstain under *Colorado River*] is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances . . . to justify

the *surrender* of that jurisdiction." (internal quotation marks omitted)).  In fact, in *Colorado River*, the Supreme Court neither cited nor discussed Rule 12.  *Colorado River*, 424 U.S. at passim.  The same is true for other Supreme Court cases addressing the *Colorado River* doctrine. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281-288 (1995); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988); *Moses H. Cone*, 460 U.S. 1.

Tenth Circuit authority further demonstrates that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  The Tenth Circuit has concluded that abstention doctrines, like *Colorado River* and *Younger*, are not jurisdictional. *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (holding that *Younger* abstention is not based on a lack of jurisdiction and "differs from a case in which the district court is barred at the outset from exercising its jurisdiction").  Moreover, like the Supreme Court, Tenth Circuit decisions discussing the *Colorado River* doctrine do not cite or discuss Rule 12.  *See, e.g.*, *Id.* at 1234 (never mentioning Rule 12); *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (same).

Numerous other courts have concluded that the *Colorado River* doctrine is a prudential doctrine, not jurisdictional.  *See, e.g.*, *Stuart v. Ryan*, No. 19-11376, 2020 WL 3073901, at *2 (11th Cir. June 10, 2020) ("*Colorado River* abstention is not jurisdictional."); *Allian v. Allian*, No. 18 C 3825, 2018 WL 6591422, at *4 (N.D. Ill. Dec. 14, 2018) ("*Colorado River* abstention is prudential, not jurisdictional . . . ." (collecting cases)); *Thomas-Wise v. Nat'l City Mortg. Co.*, 14 C 3460, 2015 WL 641770, at *2 (N.D. Ill. Feb. 13, 2015) ("The court does not believe *Colorado River* abstention to be jurisdictional." (collecting cases)); *Rabo AgriFinance v. Veigel Farm Partners*, No. 2:05-CV-243, 2006 WL 1540765, at *5 (N.D. Tex. June 5, 2006)

("*Colorado River* abstention principles rest on principles of comity and restraint rather than purely on jurisdictional grounds."); *Kent v. Cook*, 637 F. Supp. 1005, 1007 (N.D. Ind. 1986) (holding that *Colorado River* abstention is "not jurisdictional"). Some courts in other jurisdictions have held that *Colorado River* motions are "analogous" to motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and analyzed them in a similar manner. S*ee Green v. Aranas*, 775 F. App'x 310 (9th Cir. 2019). However, that does not change the fact that a *Colorado River* motion is not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Christian Action Network v. Maine*, 679 F. Supp. 2d 140, 143 n.2 (D. Me. 2010) ("Rule 12(b)(1) deals with jurisdictional attacks, whereas abstention is a prudential rather than a jurisdictional ground for dismissal."). In any event, in this district, courts commonly decide *Colorado River* motions without citing or discussing Rule 12. *See, e.g.*, *Vail Servs. Grp., LLC v. Dines*, No. 17-cv-02428, 2018 WL 3069525, at *1-4 (D. Colo. June 21, 2018); *Long v. Cordain*, No. 13-cv-03475, 2015 WL 5081624, at *5-6 (D. Colo. Aug. 28, 2015); *MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-2586, 2015 WL 1311241, at *3-5 (D. Colo. Mar. 19, 2015); *Big O Tires, LLC v. Felix Bros., Inc.*, No. 10-cv-00362, 2011 WL 6181448, at *2-5 (D. Colo. Dec. 13, 2011).

In light of the above authority, this Court concludes that Vail Health's *Colorado River* Motion was not a "requests[] for relief under any part of Rule 12." WJM Practice Standard III.D.2. Thus, Vail Health's 12(b)(6) Motion was not an improper second-filed motion under Rule 12.

There Court therefore VACATES its August 12, 2020 minute order, reinstates Vail Health's 12(b)(6) Motion, and will consider Vail Health's 12(b)(6) Motion. Discovery shall be

stayed pending resolution of Vail Health's 12(b)(6) Motion, per the Magistrate Judge's April 21, 2020 order (Dkt. No. 53).

Dated: _____, 2020                    BY THE COURT

                                               _____
                                               U.S. DISTRICT JUDGE