**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO VAIL HEALTH'S MOTION
FOR EXTENTION OF TIME TO FILE AN ANSWER**

---

### INTRODUCTION

Plaintiffs do not object to Defendant Vail Health being provided an extension of time to serve and file its answer to the amended complaint. Plaintiffs are of the view that the extension should not exceed two weeks from today—which would mean that the answer would be due by September 8, 2020, the alternative extension date requested in Vail Health's motion. Although Plaintiffs do not object to September 8, they indeed do object to the other proposed extensions requested in Vail Health's motion. Those extensions would be contingent upon how Judge Martinez treats Vail Health's motion for reconsideration, including another round of possible Rule 12(b)(6) motions. Such a process would likely involve months of additional motion practice. The Court should deny Vail Health's requests to extend the time to answer to some unknown time in the future because that would result, at this late date, in months of unreasonable delay.

1

## **PROCEDURAL BACKGROUND**

This case has been pending since July 17, 2019. The Court has now denied Vail Health's motions to dismiss and instructed the parties to proceed with discovery. In considering this motion, it should be noted that in August 2019, the Court granted Vail Health its first extension (30 days) to answer or otherwise respond to Plaintiffs' complaint, so this is Vail Health's second time requesting an extension of time. It is also worth noting that if one accepts Vail Health's arguments in its motion for reconsideration (*i.e.*, that its *Colorado River* motion for dismissal was not a Rule 12 motion), then Vail Health's answer is due tomorrow—August 26 as Vail Health initially noted[1]—not September 4 as Vail Health now states at page 3 of its motion.

This would be so because Vail Health's motion for reconsideration, now pending before Judge Martinez, clearly states that it "submits this Motion for Reconsideration of the Court's *Minute Order Striking Vail Health's Motion to Dismiss Under Rule 12(b)(6)*…." The Minute Order [Dkt. No. 54] was filed August 12, 2020. Under Fed. R. Civ. P. 12(a)(4)(A), Vail Health has 14 days to answer from the denial of the Rule 12(b)(6) motion. And if Vail Health is to be taken at its word that the *Colorado River* motion does not fall within Rule 12, then the 14-day period set forth in 12(a)(4)(A) would be inapplicable. Regardless, Plaintiffs contend that the *Colorado River* motion is a Rule 12 motion so Rule 12(a)(4)(A) provides Vail Health with the 14 days from the denial of the August 21 Order denying Vail Health's Rule 12 *Colorado River* motion. That is, September 4, 2020. This merely demonstrates the inconsistencies in Vail Health's arguments.

---

[1]     *See* Ex. 1 {email from Vail Health admitting that its answer is "arguably due" on August 26). Based on that representation, Plaintiffs agreed to an additional week to answer—that is, 21 days from the August 12 Order.

2

Vail Health's *Colorado River* doctrine motion contends (incorrectly) that this case and the Eagle County state court action against Vail Health are based upon the same facts, so if Vail Health really believes what it has argued to Judge Martinez, it does not have a steep learning curve with respect to factual issues that might otherwise warrant the more attenuated extensions requested.  Moreover, Vail Health filed extensive motions to dismiss, so its legal analyses have essentially been completed, thereby obviating the need for significant additional legal research that might warrant an extension.  And Vail Health has known since August 12 that Judge Martinez denied Vail Health's Rule 12(b)(6) motion, so it should have begun drafting an answer rather than apparently lying in wait expecting dismissal of the case under the *Colorado River* doctrine, which did not happen.

## **ARGUMENT**

### I.   THE PRINCIPLE EXTENTIONS REQUESTED IN VAIL HEALTH'S MOTION SHOULD BE DENIED ON THE GROUNDS THAT THEY WOULD RESULT IN UNREASONABLE DELAY OF THE ADJUDICATION OF THIS CASE.

Although Plaintiffs do not oppose a limited extension to September 8, Plaintiffs object to the two proposed extensions requested on page 4 of Vail Health's motion, both of which are contingent upon the outcome of any pending or proposed motions.  Vail Health's first proposal would not require Vail Health to serve or file an answer if Judge Martinez grants Vail Health's motion for reconsideration.  If granted, then the filing of an answer would be indefinitely deferred during the period that the re-filed Rule 12(b)(6) motion is being re-briefed and then considered and ruled upon by Judge Martinez.  Under this proposal, no answer would be filed until 14 days after a denial of Vail Health's Rule 12(b)(6) motion.  Obviously, this entire process would likely take months, perhaps many months. (Likely the desired result.)  Under this scenario, if the Rule 12(b)(6) motion is ultimately denied, the case will have been pending for (probably) about 18 months

without any answer having been filed.  Such an outcome would certainly be inconsistent with the objective of Fed. R. Civ. P. 1, that being "the just, speedy, and inexpensive determination of every action…."

Vail Health's second proposal is to defer filing any answer until Judge Martinez decides whether to grant or deny Vail Health's motion for reconsideration of the August 12, 2020 Order striking the second filed Rule 12 motion.  If reconsideration is denied, Vail Health would file its answer within 14 days after the denial.  While this proposal would involve a shorter time period before an answer is filed, it too involves delay.  Plaintiffs will certainly be objecting to the motion for reconsideration and that briefing will certainly take time.  Although it would be hoped that a decision from Judge Martinez would be swift in coming, such hopes carry no guarantee.

One final consideration is that the climb is steep to achieve reconsideration.  One case alone, *National Business Brokers, Ltd., v. Jim Williamson Productions, Inc.,*[2] shows how high the bar is set for such motions:

> Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments." Rather, as a practical matter, "[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convince nature to induce the court to reverse its prior decision." "A motion to reconsider … should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."[3]

In this instance, it is doubtful that Vail Health can meet these standards, and their motion for reconsideration will be denied.  And so should this motion.

---

[2]    115 F. Supp. 2d 1250 (D. Colo. 2000).

[3]    *Id.* at 1256 (citations omitted).

## **CONCLUSION**

For the foregoing reasons, Vail Health's motion for an extension should be granted, in part, to provide it until September 8, 2020 to serve and file its answer to Plaintiffs' amended complaint. The remainder of its motion should be denied.

Dated:  August 25, 2020                          *s/ Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiffs Sports Rehab
Consulting LLC and Lindsay Winninger

## CERTIFICATE OF SERVICE

    I hereby certify that on August 25, 2020, I served a true and correct copy of Plaintiffs' Opposition to Vail Health's Motion for Extension of Time to File an Answer, including exhibit, through the Court's CM/ECF system, on the following:

Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
Janet Savage
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202

Attorneys for Defendant

                                                *s/ Alan L. Kildow*
                                                Alan L. Kildow, MN# 0143133