IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' OPPOSITION TO VAIL HEALTH'S MOTION FOR RECONSIDERATION OF THE COURT'S MINUTE ORDER STRIKING VAIL HEALTH'S MOTION TO DISMISS UNDER RULE 12(b)(6), OR FOR ALTERNATIVE RELIEF**

---

## INTRODUCTION

Vail Health's motion should be denied for the principal reason that it does not satisfy the standards for reconsideration under the law of this federal district or circuit courts. It does not identify any controlling legal authority that this Court misapprehended with respect to its August 12 Order. On the contrary, the overwhelming body of case law (controlling and persuasive) demonstrates that Vail Health is incorrect that a *Colorado River* dismissal motion does not raise jurisdictional issues or implicate Fed. R. Civ. 12(b). Vail Health's motion, therefore, falls far short of the high standards required for reconsideration and should be denied in its entirety. Vail Health's disregard for legal standards is also demonstrated by its declination to follow the Court's August 21 Order that lifted the stay on discovery—it now refuses to even discuss when it will respond to written discovery that has been outstanding for nearly eleven months. Instead, it takes the position that discovery is still stayed until a Scheduling Order is issued.

1

**PROCEDURAL BACKGROUND**

Plaintiffs will not rehash the facts that are uncontested.  Plaintiffs dispute, however, Vail Health's characterization of its September 18, 2019 motion and the Court's September 19 Order, which is addressed at pages 5-7 of this opposition.

**ARGUMENT**

**I.    VAIL HEALTH HAS NOT MET THE STANDARDS FOR RECONSIDERATION.**

   **A.    Vail Health Has Not Shown A Misapprehension Of Controlling Law.**

Before entry of final judgment, courts have the inherent authority to alter or amend orders, such as the Court's August 12, 2020 Order striking Vail Health's Rule 12(b)(6) motion.[1]  But the bar is high:  "[a] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law,"[2] or when there is a clear demonstration of *manifest error* of law or fact or when newly-discovered evidence is presented.[3]  Vail Health has not argued that there was any change in law, that new evidence was discovered, or that the Court misapprehended its position.  Its only argument is that the Court misapprehended the law, so the analysis must begin there.

Perhaps because the standards for reconsideration are so high, Vail Health' insists (beyond what is supportable) that the Court failed to follow "controlling authority" or "binding precedent and decisions."  [ECF No. 56 at 2, 5-6, 9].  The gravamen of its motion is twofold: (1) "controlling authority and decisions in this district make clear that *Colorado River* is a prudential, **not jurisdictional, doctrine**;" and (2) "a *Colorado River* motion is

---

[1]    *Nat'l Business Broker, Ltd v. Jim Williamson Prods, Inc.*, 115 F. Supp. 2d 1250, 1255-56 (D. Colo. 2000) (citation omitted)); *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1121-22 (D. Colo. 2000) (citation omitted)).
[2]    *Gunn v. Carter*, Civil Action No. 13-cv-2197-WJM-MEH, 2016 WL 8416759, at *1 (D. Colo. July 1, 2016) (Martínez, J.) (citation omitted).
[3]    *Nat'l Business*, 115 F. Supp. 2d at 1255-56 (emphasis added).

2

***not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or a motion under any other portion of Rule 12.*** " [*Id.* at 2 (emphasis added)]. The argument is that the Court wrongly struck Vail Health's Rule 12(b)(6) motion because its *Colorado River* motion was not a Rule 12 motion.

But neither postulate is correct as a matter of law, nor is it consistent with Vail Health's motion. For example, at page 7 of its motion, Vail Health says that in *Colorado River* "the Supreme Court neither cited nor discussed Rule 12" and says "[t]he same is true" for the other three [Supreme Court] cases it cites." While those cases do not discuss Rule 12(b) in the context of a *Colorado River* motion to dismiss, the Supreme Court has "**treated [Younger] abstention as jurisdictional.**"[4] Vail Health also asserts that "Tenth Circuit decisions discussing the *Colorado River* doctrine do not cite or discuss Rule 12." [ECF No. 56 at 9.] But in *D.L. Unified School Dist. No. 497*, the Tenth Circuit held that "***Younger* abstention is jurisdictional**."[5] And finally, Vail Health says, "in this district, courts commonly decide *Colorado River* motions without citing or discussing Rule 12." [ECF No. 56 at 8]. While that statement may be correct as far as it goes, it overlooks the many cases that do cite Rule 12(b).[6] The point here is that Vail Health does not supply *any* "controlling authority" or "binding precedent" with respect to *Colorado River* that demonstrates this Court misapprehended the law or committed manifest error when striking Vail Health's Rule 12(b)(6) motion, as the following sections demonstrate.

Vail Health seems to suggest that *D.A. Osguthorpe Family Partnership v. ASC*

---

[4]   *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 134 n.3 (1998) (emphasis added).
[5]   392 F.3d 1223, 1228 (10th Cir. 2004) (citing S*teel,* 523 U.S. at 134 n.3) (emphasis added).
[6]   *See infra* §§ II-III.

3

*Utah, Inc.*[7] may provide controlling authority that would justify reconsideration.  There, the "district court primarily dismissed Osguthorpe's suit for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, but the court gave as alternative bases for dismissal the *Younger* abstention doctrine and 'general principles of abstention.'"[8]  The Tenth Circuit ultimately held that *Colorado River* applied and mandated the dismissal of Osguthorpe's suit.[9]  That case applies here only in the sense that Vail Health argues that the Tenth Circuit **held** that abstention doctrines, like *Colorado River* and *Younger*, are not jurisdictional.  [ECF No. 56 at 7]. The footnote cited by Vail Health actually states:

> [T]he district court suggested that the *Younger* doctrine is jurisdictional….  This is not *precisely* correct.  *Younger* is a doctrine of abstention.  An abstention doctrine is one 'under which a District Court may decline to exercise or postpone the exercise of its jurisdiction.'  This differs from a case in which the district court is barred at the outset from exercising its jurisdiction."[10]

But the Tenth Circuit **did not hold** that the *Younger* doctrine was not jurisdictional. It only said the district court might not have been "*precisely* correct" to clarify that there is a difference in jurisdictional analysis between a purely subject matter jurisdiction motion and one that is based on abstention.  Nor did it hold that the disposition of a case under *Colorado River* could not occur under Rule 12(b)(1) or 12(b)(6).  And in equating *Younger* with *Colorado River*, Vail Health did not mention that in *D.L. Unified*, the Tenth Circuit held that **"Younger abstention is jurisdictional**."[11]   So if *Younger* abstention provides analogue to *Colorado River* abstention, as Vail Health (correctly) seems to contend, then *D.L. Unified School* and *Steel* support the conclusion that *Colorado River* is also

---

[7]   705 F.3d 1223, 1230 n.8 (10th Cir. 2013).
[8]   *Id.* at 1231.
[9]   *Id.* (emphasis added).
[10]  705 F.3d at 1230 n.8 (citation omitted) (emphasis added).
[11]  392 F.3d at 1228 (citing S*teel*, 523 U.S. at 134 n.3) (emphasis added).

4

jurisdictional. If it is, and a defendant moves to dismiss under *Colorado River*, the motion ineluctably falls within Rule 12(b). Thus, the Court did not misapprehend the law, and Vail Health has not met the high standards warranting reconsideration.

### B. Vail Health Well Understood That Practice Standard III.D.2 Requires All Rule 12 Relief To Be Presented In A Single Motion.

At the core of its motion Vail Health suggests that it did not know it needed to file a single motion to dismiss. But the record shows that Vail Health knew that a *Colorado River* motion is jurisdictional when it chose to file two separate dismissal motions in October 2019. For example, in Vail Health's August 22, 2019 Motion for an Extension of Time, Vail Health represented to the Court that "Plaintiffs' Complaint raises ***complex jurisdictional…issues***, as it relates to the same facts as a case currently pending in state court in Eagle County, Colorado." [ECF No. 13, ¶ 4 (emphasis added)]. Tying "complex jurisdictional issues" to the Eagle County action strongly suggests that Vail Health contemplated an abstention motion, and it recognized that it would be jurisdictional in nature. In its September 18, 2019 Motion for Briefing Schedule, however, Vail Health did not point that out to the Court. Its motion reads in relevant part: "(3) a motion to stay the Federal Lawsuit pending the outcome of the Eagle County Lawsuit…." [ECF No. 23, ¶ 5]. There was no mention of *Colorado River,* nor was there any mention of coupling a *Colorado River* motion to stay with a motion to dismiss under the same doctrine.

Vail Health's September 2019 motion reads quite differently from the way Vail Health presents it on reconsideration. Vail Health now says its September 2019 motion "sought the Court's guidance regarding…a Rule 12(b)(6) motion to dismiss, and a motion ***under Colorado River***. The following day, the Court held that Vail Health's Rule 12 motions should be filed together…but that the ***Colorado River*** motion could be filed at

5

any time." [ECF No. 56 at 3 (emphasis added)]. Not surprisingly, the September 19 Order does not mention *Colorado River* (it was never raised by Vail Health): "Concerning the proposed ***motion to stay***, there is no deadline of which the Court is aware….*"* [ECF No. 24 (emphasis added)]. Vail Health's reconsideration motion, therefore, materially misstates its September 18 motion and the Court's September 19 Order. It interposes the words "*Colorado River"* for "stay" to give the impression that it previously alerted the Court to an abstention motion to dismiss when it never did. Vail Health's September 2019 motion also strongly suggests that it understood that Revised Practice Standard III.D.2 requires a single brief because it quoted the standard in that motion. [ECF No. 24, ¶ 6].

Further filings also suggest that Vail Health knew what it was doing when it filed the motions in the sequence that it did. It filed a jurisdictional motion, [ECF No. 31], based on *Colorado River* and a day later filed a Rule 12(b)(6) merits motion. This sequence is consistent with the long-standing (two centuries, according to Justice Scalia) jurisprudential practice of "affirming the necessity of determining jurisdiction before proceeding to the merits."[12] Here, the first filed motion would have eliminated the need to address the Rule 12(b)(6) merits motion if the Court had declined to exercise jurisdiction, or, at the very least, entered a stay. And if the Court denied the jurisdictional motion, Vail Health would still have had a second bite at the apple with its merits motion. But a two-bite procedure is precluded by the Court's Practice Standard III.D.2.

Vail Health claims that the law of the case doctrine applies because in the September 19 Order, this Court concluded "that there was no deadline for Vail Health's

---

[12] *Steel*, 523 U.S. at 98 (citation omitted). *See also Nationwide Mut. Fire v. Hamilton*, 571 F.3d 299, 307 (3d Cir. 2009) ("Because the question of abstention is jurisdictional and would dispose of the matter in its entirety, we address it first.").

proposed *Colorado River* motion and that it did not have to be filed with Vail Health's proposed motions under Rule 12, [so] the Court necessarily concluded that Vail Health's proposed *Colorado River* motion was *not* a motion under Rule 12." [ECF No. 56 at 10]. As pointed out above, however, Vail Health did not mention *Colorado River* in its September 18 motion. For the *Colorado River* motion to have been addressed by the Court, Vail Health would have had to have raised that issue in its motion, which it did not do.[13] Thus, the Court did not decide the merits of the issue,[14] it merely denied Vail Health's motion for a staggered briefing schedule and permission to file multiple briefs. There is no law of the case on Rule 12(b) and *Colorado River*.

## II. THE COURT'S AUGUST 21 DECISION APPLIED A RULE 12(b) STANDARD IN DECIDING THE *COLORADO RIVER* MOTION.

Vail Health's motion implies that because it did not identify the specific rule that it was moving under with respect to the *Colorado River* motion, it is now free to argue that it was not a Rule 12(b) motion. [ECF No. 56 at 6]. But its failure to cite the appropriate rule does not alter the fundamental nature of the motion. Courts have the discretion (and actually, a duty) to apply the appropriate standard. And when a party fails to identify a procedural rule, like Vail Health here, or incorrectly relies on an inapplicable rule, the Court is authorized to supply the correct one.[15]

---

[13] *See Gunn,* 2016 WL 8416759, at *1 (stating that motions for reconsideration are not appropriate to revisit issues "that could have been raised in prior briefing").

[14] *See, e.g., Proffitt v. Cornuke*, Civil Action No. 03-cv-00810-JLK-BNB, 2005 WL 2171860, at *3 n.1 (D. Colo. Sep. 7, 2005) ("While I denied Defendants' Motion for Partial Summary Judgment, I did so summarily….Any suggestion the denial was on the merits and constitutes the law of the case is not well taken.")

[15] *See, e.g., Robert E. Murray & the Ohio Coal Co. v. Tarley*, No. C2-01-693, 2002 WL 484537, at *3 (S.D. Ohio Feb. 21, 2002) (noting that defendant failed to identify the specific procedural rule for motion to dismiss, and so the court applied Rule 12(b)(1)); *J.R. v. Cox-Cruey*, Civil Action No. 14-149-DLB-JGW, 2015 WL 4080052, at *4 (E.D. Ky. July 6, 2015) ("Defendants have failed to explicitly identify the rules upon which their

In any event, courts routinely review *Colorado River* motions to dismiss or stay under Rule 12(b), including with respect to this Court and this matter.[16]  Whether the analysis is under Rule 12(b)(1) or Rule 12(b)(6), for purposes of Vail Health's motion, the distinction between the two rules did not affect the Court's decision.  Rule 12(b)(1) challenges are generally presented in one of two forms: (1) a facial attack of the complaint's allegations; or (2) a factual attack that goes beyond the complaint's allegations by presenting evidence.[17]  When resolving a facial attack, more akin to the one here, a court must "accept the allegations in the complaint as true,"[18] which is the same standard applied under Rule 12(b)(6).[19]  Nor does Vail Health's submission of filings from the Eagle County case change that analysis.  Under both Rule 12(b)(1) and Rule 12(b)(6), a court may take judicial notice of court documents,[20] which means there is no difference here in deciding the *Colorado River* motion under either rule.

---

Motion is based," and so the court applied Rule 12(b)(1) and 12(b)(6)); *Equal Emp't Opportunity Comm'n v. Evans Fruit Co.*, No. CV-11-3093-LRS, 2013 WL 6328837, at *1 (E.D. Wash. Dec. 5, 2013) ("While Plaintiffs' motion did not identify the particular civil rule on which it was based, the court properly treated the motion as one brought pursuant to Fed. R. Civ. P. 59(e)"); *Castle Stone Homes, Inc. v. Chartway Fed. Credit Union*, No. 2:12-cv-1007 DN, 2013 WL 5777024, at *1 (D. Utah Oct. 25, 2013) (stating that defendants did not identify civil procedure rule for the motion to dismiss, and so court construed the motion as one being brought under Rule 12(b)(6)).

[16]   *See also* infra § III.
[17]   *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).
[18]   *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995).
[19]   *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).
[20]   *Choice Genetics USA, LLC v. Peetz Coop. Co.*, Civil Action No. 16-cv-0154-WJM-KLM, 2017 WL 3086608, at *1 (D. Colo. Feb. 28, 2017) (Martínez, J.) ("The Court may take judicial notice of [bankruptcy proceeding] materials and rely on them under either Rule 12(b)(1) or 12(b)(6)" and citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."); *Mid-S. Iron Workers Welfare Plan v. Harmon*, 645 F. App'x 661, 665 (10th Cir. 2016) ("Courts may take judicial notice of proceedings in other courts…if those proceedings have a direct relation to the matters at issue.")).

With these principles in mind, we must address Vail Health's assertion that "this Court decided Vail Health's *Colorado River* Motion without citing or discussing Rule 12." [ECF No. 56 at 9].  Although the words "Rule 12" were not explicitly stated, the Order says the Court's "factual summary is drawn from Plaintiffs' Amended Complaint (ECF No. 26), except where otherwise stated.  *The Court assumes the allegations in the Amended Complaint to be true for deciding the Motion.*"  [ECF No. 55 at 1 (emphasis added).]   As if anything more needed to be said about Rule 12(b)(6), the Court then cited *Ridge at Red Hawk, L.L.C. v. Schneider,*[21] which discussed and applied the Rule 12(b)(6) standard.  [ECF No. 55 at 1].  Given that the Court explicitly cited legal authority for the Rule 12(b)(6) standard and then applied it, it is rather incredulous for Vail Health to argue that the Court did not apply Rule 12(b) in deciding Vail Health's *Colorado River* motion.

In a footnote, Vail Health also cites *ALPS Property & Casualty Insurance*[22] and says that this Court did not analyze the *Colorado River* motion under Rule 12(b) in that case either.  [ECF No. 56 at 9 n.1].  While this Court noted that Vail Health's motion was filed under some unidentified subsection of "Rule 12(b)," the Court applied Rule 12(b) in deciding that motion.[23]  Specifically, the Court addressed the parties' submission of documents and state court records, concluding that it could take judicial notice of those documents "without converting the motion to dismiss to one for summary judgment."[24]  In support, the Court cited *Pace v Swerdlow*[25] and *Tal v. Hogan,*[26] both of which were Rule 12(b)(6) cases.  So contrary to Vail Health's assertion, this Court treated the

---

[21] 493 F.3d 1174, 1177 (10th Cir. 2007).
[22] No. 14-cv-1868, 2015 WL 2148430 (D. Colo. 2015).
[23] *See id.* at *1 n.1.
[24] *Id.*
[25] 519 F.3d 1067, 1072-73 (10th Cir. 2008).
[26] 453 F.3d 1244, 1264 n.24 (10th Cir. 2004).

9

*Colorado River* motion in *ALPS Property & Casualty* no differently than Vail Health's motion here—that is, as one brought under Rule 12(b).  This should come as no surprise to Vail Health because it cited and argued *ALPS Property & Casualty* in support of its October 2019 motion to dismiss under *Colorado River*.  [*See* ECF No. 31 at 10].

To avoid Rule 12 and the Court's clear practice standard that all Rule 12 motions must be brought in one motion, Vail Health now argues for the first time here that no rule of civil procedure applies to abstention motions and cites a Maine district court case, *Christian Action Network v. Maine.*[27]  [ECF No. 56 at 8].  While most courts analyzing abstention motions look to either Rule 12(b)(1) or 12(b)(6), a small subset of courts apply neither, and *Christian Action* is one of them.  There, the court could not find a First Circuit case for the standard to be applied to abstention motions, so it simply declined to apply standards for either Rule 12(b)(1) or 12(b)(6) motions.  In doing so, the court did not discuss any alternative standard, suggesting that the court used a purely "drive-by" approach.[28]  After citing *Christian Action*, Vail Health's motion neglects to mention that two years after *Christian Action* was decided, the First Circuit held that Rule 12(b) does apply to abstention motions, but it declined to specify which subsection applies.[29]

Similarly, in *Donald J. Trump for President, Inc. v. Boockvar*,[30] the Pennsylvania federal district court recently addressed whether Rule 12(b)(1), Rule 12(b)(6), or neither (citing *Christian Action*) applies to abstention motions.  Other than citing *Christian Action* in passing, the court analyzed Rule 12(b)(1) and Rule 12(b)(6) in the context of *Pullman*

---

[27]     679 F. Supp. 2d 140, 143 n.2 (D. Me. 2010).
[28]     *Steel*, 523 U.S at 92 ("drive-by jurisdictional rulings of this sort (if [they] can even be called a ruling rather than a dictum) have no precedential effect").
[29]     *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33 (1st Cir. 2012).
[30]     No. 2:20-cv-966, --- F. Supp. 3d ---, 2020 WL 4920952, at *6 (D. Penn. Aug. 23, 2020).

abstention. Because a court granting abstention under *Pullman* stays a case and retains jurisdiction rather than dismisses it, the court found Rule 12(b)(1) not to be a good fit so instead applied a Rule 12(b)(6) standard. Other courts have decided abstention motions under Rule 12(b)(6).[31] But as the following section shows, abstention motions, including those brought under *Colorado River,* have also been decided under Rule 12(b)(1).

### III.   RULE 12(b)(1) PROVIDES AN ALTERNATIVE LEGAL BASIS FOR DISMISSAL ON GROUNDS OF ABSTENTION.

In its motion to dismiss under *Colorado River* [ECF No. 31], Vail Health cited and argued two other cases decided by this Court: *Brumfiel v. U.S. Bank, N.A.*[32] and *MacIntyre v. JP Morgan Chase Bank.*[33]  [ECF No. 31 at 6, 10]. Ironically, both of these cases were decided under Rule 12(b).

---

[31]   *See, e.g., Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (affirming dismissal under *Younger* after trial court converted Rule 12(b)(6) motion into Rule 56(c); *Heritage Farms, Inc. v. Solebury T'ship,* 671 F.2d 743, 745 (3d Cir. 1982) ("a dismissal without retention of jurisdiction on abstention grounds is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1181 (D. Colo. 1999) ("Defendants do not specify the provisions of Rule 12 under which they move to dismiss Plaintiffs' claims [including under *Younger* and *Colorado River*…the only applicable provisions are Rules 12(b)(1) and 12(b)(6)."); *Wells Fargo Bank v. Carnell*, No. 3:16-cv-130, 2017 WL 1498087, at *3 (W.D. Pa. Apr. 25, 2017) (applying Rule 12(b)(6) to abstention motion because "when a court abstains from exercising jurisdiction this necessarily means that the court *has* jurisdiction"); *MacNamara v. Cnty. Council of Sussex Cnty.,* 738 F. Supp. 134, 137 n.1 (D. Del. 1990) ("a dismissal on abstention grounds is a dismissal under Rule 12(b)(6)"); *McKenna v. DeSisto*, No. 11-cv-602-SJM-LM, 2012 WL 4486268, at *2 (D.R.I. Sept. 27, 2012) ("because the abstention issue can be resolved on the allegations of the complaint and public records…the court will apply Rule 12(b)(6)"); *Jonathan Club v. City of L.A.*, 680 F. Supp. 1405, 1408-09 (C.D. Cal. 1988) ("The *Younger* doctrine is properly raised in a motion to dismiss for failure to state a claim upon which relief can be granted"); *Porter v. Jones,* 319 F.3d 483, 489 (9th Cir.2003) (reviewing *Pullman* abstention brought under Rule 12(b)(6) and relying on the facts alleged in the complaint to review the district court's decision).

[32]   No. 14-cv-2453-WJM, 2014 WL 7005253 (D. Colo. Dec. 11, 2014) (Martínez, J.).

[33]   No. 12-cv-2586, 2015 WL 13111241 (D. Colo. Mar. 19, 2015) (Martínez, J.).

*Brumfiel*—not mentioned in Vail Health's motion for reconsideration—is a decision on a report and recommendation by the magistrate judge. The defendant's motion to dismiss was brought under both Rules 12(b)(1) and 12(b)(6).[34] The magistrate judge recommended dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction under *Younger,* as well as under *Colorado River*.[35] In discussing Rule 12(b)(1), the Court noted that "[d]ismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter…."[36] This Court then held that while *Younger* did not apply, *Colorado River* did and dismissed the complaint without prejudice under Rule 12(b)(1).[37] Thus, in *Brumfiel*—which was previously cited by Vail Health in its motion to dismiss or stay—the Court viewed the *Colorado River* doctrine as a Rule 12(b) motion.

Likewise, Vail Health cites *MacIntyre v. JP Morgan Chase Bank*[38] and claims that this Court did not discuss or cite to Rule 12(b), [ECF NO. 56 at 8-9], but that was because the motion was brought under Rule 59(e)—that is, to alter or correct a judgment. The Court did, however, reference its prior orders under *Younger* and *Colorado River*.[39] While the procedural background of *Macintyre* is too extensive for the limited space here, it should be noted that this Court initially affirmed a Rule 12(b)(1) under *Younger,*[40] and then later amended its decision under Rule 59(e) and granted dismissal under *Colorado River.* So contrary to Vail Health's assertion, this Court applied a Rule 12(b) standard in

---

[34] *Brumfiel,* 2014 WL 75005253, at *1, n.1.
[35] *Id.* at *1-3.
[36] *Id.* at *1.
[37] *Id.* at *3-5.
[38] 2015 WL 1311241, at *3-5.
[39] *Id.* at *1.
[40] *See MacIntyre,* 2013 WL 64849111, at *6 (D Colo. Sept. 11, 2013) (returning with instructions); 2014 WL 63766229, at *9 (D. Colo. July 31, 2014) (applying Rule 12(b)(1).

*MacIntyre*. Other Colorado federal district courts have similarly applied Rule 12(b)(1) in addressing abstention motions under *Younger* and *Colorado River*.[41] And many other federal district courts[42] and circuit courts[43] have done the same.

---

[41] *See, e.g., SBM Site Servs., LLC v. Garrett,* Civil No. 10-cv-00385-WJM-BNB, 2012 WL 628619, at *1, *6 (D. Colo. Feb. 27. 2012) (Martínez, J.) (applying Rule 12(b)(1) to *Colorado River* motion to dismiss; *East West Resort Transp., LLC v. Sopkin*, 371 F. Supp. 2d 1253, 1257-58, 1260-61 (D. Colo. 2005) (applying Rule 12(b)(1) to *Younger*); *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1134, 1137-38 (D. Colo. 2019) (applying Rule 12(b)(1) to *Younger*); *J. Lee Browning Belize Trust v. Aspen Mountain Condo. Ass'n, Inc.*, Civil Action No. 13-cv-03519-RM-MJW, 2015 WL 5244897, at *2 (D. Colo. Sept. 9, 2015) (applying Rule 12(b)(1) to *Younger*); *Rocky Mountain Gun Owners, Non-Profit Corp. v. Williams*, 119 F. Supp. 3d 1308, 1310 (D. Colo. 2015) (analyzing *Younger* abstention under Rule 12(b)(1), *rev'd,* 671 Fed. App'x 1021 (10th Cir. 2016) (reversing *Younger* dismissal)); *Conry v. Barker*, Civil Action No. 14-cv-02672-CMA-KLM, 2015 WL 5636405, at *3 n.12 (D. Colo. Aug. 11, 2015) (noting that although *Younger* motion to dismiss was brought under Rule 12(b)(6)*, Younger* "necessarily implicates" Rule 12(b)(1) as well); *Houlne v. Everts*, Civil Action No. 14-cv-3382-REB-MEH, 2015 WL 5451024, at *1-2 (D. Colo. Sept. 16, 2015) (applying Rule 12(b)(1) to *Younger* motion to dismiss); *Jackson v. People*, Civil Action No. 15-cv-01143-KMT, 2016 WL 879836, at *2 (D. Colo. Mar. 8, 2016) (applying Rule 12(b)(1) to dismiss under *Younger*); *Marshall v. Dupree,* Civil No. 08-cv-00561-LTB-KLM, 2008 WL 2751343, at *3 (D. Colo. July 11, 2008) (applying Rule 12(b)(1) to *Younger* motion to dismiss); *Masterpiece Cakeshop, Inc. v. Elenis,* 445 F. Supp. 3d, 1226, 1239 (D. Colo. 2019) (applying Rule 12(b)(1) to four abstention doctrines, including *Younger*); *Vail Development 09 LLC v. Ground Eng'g Consultants, Inc.,* Civil Action No. 10-cv-00568-NEH-BNB, 2010 WL 2867861, at *4 (D. Colo. July 20, 2010 (analyzing *Younger* and *Colorado River* under Rule 12(b)(1); *John J. Pembroke Living Trust v. U.S. Bank Nat'l Ass'n for WAMU Series 2006-AR11 Trust,* Civil Action No. 16-cv-00020-CMA-MEH, 2016 WL 9710021, at *6-13 (D. Colo. Sept. 21, 2016) (analyzing *Younger* and *Colorado River* under Rule 12(b)(1)).

[42] *See, e.g., Beres v. Village of Huntley, Ill.,* 824 F. Supp. 763, 766 (N.D.Ill.1992) ("a motion to dismiss for lack of subject matter jurisdiction" under Rule 12(b)(1) "appears to be an appropriate method for raising the issue of abstention"); *Miller Brewing Co. v. Ace U.S. Holdings, Inc.,* 391 F. Supp. 2d 735, 739 (E.D. Wis. 2005) (considering abstention motion under Rule 12(b)(1) because it "raises the question of whether a court should exercise subject matter jurisdiction"); *City of N.Y. v. Milhelm Attea & Bros., Inc.,* 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008) ("A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to Rule 12(b)(1)."); *McDonald v. Gurson*, No. C17-0724JLR, 2017 WL 3531766, at *2 (W.D. Wash. Aug. 17, 2017) ("A defendant may move under Rule 12(b)(1) for a stay or dismissal" under *Colorado River*); *Ambat v. City Cnty. of San Francisco*, No. C 07-3622 SI, 2007 WL 3101323, at *2 (N.D. Cal. Oct. 22, 2007) ("numerous courts have also considered abstention arguments within the framework of a motion to dismiss for lack of subject matter jurisdiction" under Rule

Finally, while Rule 12(b)(1) is often used to contest the Court's authority to hear and decide a case and is typically used when there is no diversity or reason for the federal court to exercise its jurisdiction, Rule 12(b)(1)'s use has not been so limited.  Courts have recognized that Rule 12(b)(1) is a flexible rule, that "often serv[es] as a vehicle for raising various residual defenses" 'such as failure to exhaust administrative remedies, lack of standing, or sovereign immunity.'"[44]  Another example is a motion to dismiss or stay in favor of arbitration, which are often brought in this district under Rule 12(b)(1).[45]  Some

---

12(b)(1)); *Hill v. Whetsel*, No. CIV-07-69-C, 2007 WL 963216, at *1 n.1 (W.D. Okla. Mar. 28, 2007) (noting *Younger* abstention is to be reviewed under Rule 12(b)(1)); *Sabre Oxidation Techs, Inc. v. Ondeo Nalco Energy Servs. LP*, No. Civ.A. H-04-3115, 2005 WL 2171897, at *2 (S.D. Tex. Sept. 6, 2005) (stating that a motion to dismiss or stay based on abstention "raises the question of whether a court should exercise subject matter jurisdiction" and "is properly considered" under Rule 12(b)(1)); *Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 649 (E.D. Pa. 2001) (stating that courts have considered abstention motions not only Rule 12(b)(6), but also "in the nature of motions challenging subject matter jurisdiction" under Rule 12(b)(1)), *aff'd*, 38 Fed. Appx. 829 (3d Cir. July 18, 2002).

[43]    *See, e.g., Gregory v. Daly,* 243 F.3d 687, 701-02 (2d Cir. 2001) (vacating dismissal under *Colorado River,* which had been raised under Rule 12(b)(1) in *Gregory v Daly,* 78 F. Supp. 2d 48, 49 (N.D.N.Y 1999)); *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC,* 438 F.3d 298, 303-04 n.3, 307 (3d Cir. 2006) (affirming denial of Rule 12(b)(6) motion under *Colorado River* but noting that the motion "might have been brought more appropriately under Fed. R. Civ. P. 12(b)(1) as it challenged the District Court's subject matter jurisdiction"); *Chambers v. Wells Fargo Bank,* 726 F. App'x 886, 887, 889 (3d Cir. 2018) (affirming *Colorado River* dismissal under Rule 12(b)(1)); *Midatlantic Int'l, Inc. v. AGC Flat Glass N.A., Inc.,* 497 F. App'x 279, 280, 284-85 (4th Cir. Nov. 14, 2012) (reversing Rule 12(b) dismissal under *Colorado River*); *Bailey v. Columbus Bar Ass'n,* 25 Fed. App'x 225, 227-28 (6th Cir. 2001) (affirming *Younger* dismissal under Rule 12(b)(1)); *Devlin v. Kalm,* 531 F. App'x 697, 702 (6th Cir. 2013) (discussing earlier reversal of motion to dismiss for lack of jurisdiction under *Younger*).

[44]    *Thompson v. Nienaber*, 239 F. Supp. 2d 478, 483 (D.N.J. 2002) (citation omitted).

[45]    *See Cherry Creek Card Party Shop v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001) (applying Rule 12(b)(1) to motion to dismiss or stay pending arbitration"); *Amazing Techs., LLC v. Blacklodge Studios, LLC*, Civil Action No. 10-cv-03077-WJM-KLM, 2012 WL 683512, at *1 (D. Colo. Mar. 2, 2012) (Martínez, J.) (same); *Janus Distribs. LLC v. Roberts*, Civil Action No. 16-cv-2130-WJM-MJW, 2017 WL 1788374, at *2 (D. Colo. May 5, 2017) (Martínez, J.) (same); *Sachdeva v. Cardone*, Civil Action No. 16-cv-00608-CMA-GPG, 2017 WL 1243029, at *1-2 (D. Colo. Jan. 6, 2017) (same); *Ohlfs v. Charles Schwab Co., Inc.*, Civil No. 08-cv-00710-LTB-MEH, 2008

courts apply Rule 12(b)(3) or Rule 12(b)(6) to motions to dismiss, compel, or stay arbitration.[46] In any event, arbitration dismissals are subject to Rule 12(b).

Given the plethora of authorities cited in this section, Vail Health faces a steep climb to successfully argue that a *Colorado River* motion is not jurisdictional or that the Court misapprehended the law in dismissing Vail Health's Rule 12(b)(6) motion.

### IV. VAIL HEALTH'S REQUEST TO RETROACTIVELY FILE ANOTHER RULE 12 MOTION SHOULD BE DENIED AS BEING CONTRARY TO PRACTICE STANDARD III.C.2.

Vail Health did not obtain permission to file multiple briefs in 2019 yet proceeded to file two separate motions anyway. In doing so, it attempted to game the system to obtain 30 pages for its motion to dismiss without requesting leave of the Court to file additional pages Vail Health now wants a third bite of the apple by "retroactively extend[ing] Vail Health's page limits for a motion under Rule 12(b)(6) and *Colorado River,* permitting it to file a 12(b)(6) motion of up to 10 pages." [ECF No. 56 at 12]. It did not seek permission under Practice Standard III.C.2 before, and it should not be given permission now.

---

WL 4426012, at *1 (D. Colo. Sept. 25, 2008) (same). *But see Fuller v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*, 88 F. Supp. 2d 1158, 1160 (D. Colo. 2000) (applying both Rule 12(b)(1) and 12(b)(6) to motion to compel arbitration and dismiss). *But see Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) (declining to decide whether arbitration motions should be brought under Rule12(b)(1) or 12(b)(6) but affirming lower court that applied Rule 12(b)(1)).

[46] *See, e.g., Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011) ("we have held that a motion to dismiss based on a contractual arbitration clause is appropriately "conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3)"); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) ("treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted").

## **CONCLUSION**

For the foregoing reasons, Vail Health's motion for reconsideration should be denied in its entirety.

Dated:  August 31, 2020          *s/ Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiffs Sports Rehab
Consulting LLC and Lindsay Winninger

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, I served a true and correct copy of Plaintiffs' Opposition to Vail Health's Motion for Reconsideration of the Court's Minute Order Striking Vail Health's Motion to Dismiss Under Rule 12(b)(6), or for Alternative Relief, through the Court's CM/ECF system, on the following:

Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
Janet Savage
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202

Attorneys for Defendant

                                          *s/ Alan L. Kildow*
                                          Alan L. Kildow, MN# 0143133