IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MINUTE ORDER STRIKING VAIL HEALTH'S MOTION TO DISMISS UNDER RULE 12(b)(6), OR FOR ALTERNATIVE RELIEF**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this reply brief in further support of its Motion for Reconsideration of the Court's Minute Order Striking Vail Health's Motion to Dismiss Under Rule 12(b)(6), or for Alternative Relief ("Motion") (Dkt. No. 56).

**PRELIMINARY STATEMENT**

Plaintiffs' brief in opposition to Vail Health's Motion (Dkt. No. 62) confirms that the Motion's requested relief is warranted. Plaintiffs fail to refute or distinguish the controlling authority cited in the Motion demonstrating that a *Colorado River* motion is not a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), or any other provision of Rule 12. Moreover, Plaintiffs fail to identify a single Supreme Court or Tenth Circuit case that has analyzed a *Colorado River* motion as a motion under Rule 12—despite that those courts have

addressed the *Colorado River* doctrine repeatedly over the past half-century. Thus, Vail Health respectfully requests that the Court vacate its August 12, 2020 Minute Order.[1] However, even if the Court declines to vacate its Minute Order, it should allow Vail Health to present critically important arguments that Plaintiffs' Amended Complaint presents facially deficient antitrust theories that are not legally cognizable under Rule 12(b)(6).

## ARGUMENT

### I. THE COURT SHOULD CONSIDER THAT THE MINUTE ORDER WAS ISSUED *SUA SPONTE* IN APPLYING THE RECONSIDERATION MOTION STANDARDS

Generally, motion for reconsideration standards are heightened because a party is asking the court to revisit a decision it made after fully considering the parties' briefing or argument. Here, in contrast, the Court struck Vail Health's 12(b)(6) Motion *sua sponte*, relying on an argument that Plaintiffs never made, and to which Vail Health had no opportunity to respond. Thus, if this Court concludes that Vail Health's position is stronger than Plaintiffs', it should vacate the Minute Order. *See Nat'l Business Brokers, Ltd v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("[A] court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.").

---

[1] Capitalized terms herein have the same meaning as in Vail Health's Motion.

## II.  PLAINTIFFS FAIL TO REFUTE OR DISTINGUISH CONTROLLING AUTHORITY CITED IN VAIL HEALTH'S MOTION

Vail Health's Motion cites authority demonstrating that the Supreme Court does not consider a *Colorado River* motion to be a motion under Rule 12.  (Dkt. No. 56 at 6-7 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281-288 (1995); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).)  Plaintiffs fail to refute or distinguish this authority.  In fact, Plaintiffs acknowledge that the Supreme Court cases Vail Health cites "do not discuss Rule 12(b) in the context of a *Colorado River* motion to dismiss."  (Dkt. No. 62 at 3.)  Moreover, despite the fact that the *Colorado River* doctrine has existed since at least 1976 and the Supreme Court has addressed the doctrine on numerous occasions, Plaintiffs could not locate a single Supreme Court case that analyzes a *Colorado River* motion under Rule 12.

Plaintiffs also fail to distinguish or refute the Tenth Circuit authority Vail Health's Motion cites.  Plaintiffs incorrectly characterize *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223 (10th Cir. 2013) (cited in Dkt. No. 56 at 7), as discussing "abstention doctrines" generally, rather than *Colorado River*.  (Dkt. No. 62 at 4.)  In *D.A. Osguthorpe*, the district court dismissed a lawsuit primarily based on the *Rooker-Feldman* doctrine, which holds that district courts lack subject-matter jurisdiction to hear challenges to state court judgments because Congress vested such authority in the U.S. Supreme Court only.  *Id.* at 1232.  On appeal, the Tenth Circuit concluded that the *Rooker-Feldman* doctrine was inapplicable and that the "federal district court had subject-matter jurisdiction to hear the case."  *Id.*  It nonetheless concluded that the district court properly dismissed the case, as abstention was warranted under

- 3 -

*Colorado River*, rather than due to a lack of subject-matter jurisdiction. *Id.* at 1236. The Tenth Circuit then reviewed the district court's attorneys' fees award. *Id.* at 1236-37. In that analysis, the court distinguished between dismissal for want of subject-matter jurisdiction and dismissal under *Colorado River*: "[T]he federal district court principally relied on the *Rooker-Feldman* doctrine in dismissing Osguthorpe's suit for want of subject-matter jurisdiction. . . . Abstention under *Colorado River*, **not dismissal for lack of subject-matter jurisdiction**, was the proper course." *Id.* at 1236 (emphasis added). Thus, because the Tenth Circuit has concluded that a *Colorado River* dismissal is not a dismissal for lack of subject-matter jurisdiction, a *Colorado River* motion cannot be a motion to dismiss for "lack of subject-matter jurisdiction" under Rule 12(b)(1).

Plaintiffs also suggest that *D.L. v. Unified School District No. 497*, 392 F.3d 1223 (10th Cir. 2004), supports Plaintiffs' contention that a *Colorado River* motion is a motion to dismiss under Rule 12(b)(1). Plaintiffs are mistaken. First, *Unified School District* neither discusses nor cites *Colorado River*. *Id.* Second, in *D.A. Osguthorpe*—which was decided after *Unified School District*—the Tenth Circuit rejected the contention that a dismissal based on *Younger* is a dismissal for lack of subject-matter jurisdiction, concluding: "[T]he federal district court suggested that the *Younger* doctrine is jurisdictional. This is not precisely correct. *Younger* is a doctrine of abstention. An abstention doctrine is one under which a District Court may decline to exercise or postpone the exercise of its jurisdiction. This differs from a case in which the district court is barred at the outset from exercising its jurisdiction." *D.A. Osguthorpe*, 705 F.3d at 1230 n.8 (citations and internal quotation marks omitted); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 666-68, 669-672 (10th Cir. 2020) (distinguishing between

a dismissal for lack of subject-matter jurisdiction and abstention based on *Younger* or *Colorado River*). Third, if *Unified School District* were interpreted as Plaintiffs suggest, it would conflict with Supreme Court precedent distinguishing between a dismissal based on *Younger* and a dismissal based on lack of subject-matter jurisdiction. *See, e.g.*, *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 622 (1986) (holding that *Younger* abstention "does not arise from lack of jurisdiction in the District Court").

Vail Health's Motion also demonstrated that the Tenth Circuit does not analyze *Colorado River* motions as motions to dismiss under Rule 12. (Dkt. No. 56 at 7.) Plaintiffs fail to identify a single case to the contrary, conceding that the Tenth Circuit has never analyzed a *Colorado River* motion as a motion to dismiss under Rule 12.

In sum, neither the Supreme Court nor the Tenth Circuit has analyzed a *Colorado River* motion as a Rule 12 motion, and controlling authority demonstrates that a *Colorado River* dismissal is not based on a lack of subject-matter jurisdiction, or any other basis for dismissal under Rule 12. In light of that controlling authority, Vail Health respectfully requests that the Court vacate its August 12, 2020 Minute Order (Dkt. No. 55) and reinstate Vail Health's October 11, 2019 12(b)(6) Motion (Dkt. No. 32).

### III.   VAIL HEALTH SHOULD BE PERMITTED TO PRESENT ITS 12(b)(6) ARGUMENTS

As discussed above, Vail Health respectfully submits that the Court's Minute Order is inconsistent with controlling authority. However, even if the Court disagrees, or concludes there is ambiguity regarding the controlling law, Vail Health should nonetheless be permitted an opportunity to present its arguments that Plaintiffs' complaint fails to state a cognizable legal claim under Rule 12(b)(6). The ample authority supporting Vail Health's position and Vail

Health's good faith efforts to seek the Court's guidance regarding its planned motions support permitting Vail Health to present those arguments.

There can be no doubt that Vail Health's position that a 12(b)(6) motion and *Colorado River* motion may be filed separately is supported by ample authority. Vail Health has been unable to locate, and Plaintiffs have not identified, any controlling authority analyzing a *Colorado River* motion as a motion under Rule 12. Moreover, Plaintiffs concede that the Supreme Court and courts in this district commonly decide *Colorado River* motions without citing or discussing Rule 12. (Dkt. No. 62 at 3.) Vail Health's Motion also identified numerous non-controlling cases that have held expressly that a *Colorado River* motion is neither a motion under Rule 12 nor based on a lack of subject-matter jurisdiction. (Dkt. No. 56 at 8-9.) It was likely due to the ample authority supporting Vail Health's position that Plaintiffs never argued, before the Court's Minute Order, that Vail Health's 12(b)(6) Motion should be struck as a second-filed motion under Rule 12. (Dkt. No. 39.)

Vail Health also proceeded in good faith in seeking the Court's guidance regarding its planned pre-discovery motions. (Dkt. No. 56 at 9-11.)[2] While Vail Health's Scheduling Motion did not use the words "*Colorado River*," it described Vail Health's planned motion as "a motion to stay the Federal Lawsuit pending the outcome of the Eagle County Lawsuit"—clearly describing a *Colorado River* motion. (*Id.*) The Court's decision on Vail Health's Scheduling Motion constitutes law of the case. (*Id.*) However, even if the Court disagrees, Vail Health's

---

[2] Plaintiffs' opposition incorrectly asserts that Vail Health "takes the position that discovery is still stayed until a Scheduling Order is issued." (Dkt. No. 62 at 1.) In fact, Vail Health has agreed to respond to Plaintiffs' first set of requests for production.

- 6 -

filing of the Scheduling Motion demonstrates Vail Health's efforts to comply with the Court's Practice Standards.

Plaintiffs suggest that Vail Health seeks to get a "second bite at the apple" by pursuing both a 12(b)(6) Motion and *Colorado River* Motion. (Dkt. No. 62 at 2.) However, Vail Health could have made both its 12(b)(6) and *Colorado River* arguments in a single motion if it had chosen to do so. Thus, there is nothing improper in Vail Health's request that the Court adjudicate both Vail Health's 12(b)(6) and *Colorado River* arguments.

Adjudication of Vail Health's 12(b)(6) Motion will materially advance this litigation's resolution, as well as help refine the disputed issues and scope of discovery. Vail Health's 12(b)(6) Motion raises, at a minimum, serious questions about whether the antitrust theories on which Plaintiffs' entire case is based are legally sound. For example, Vail Health's 12(b)(6) Motion demonstrates that Plaintiffs' proposed geographic market (a single Colorado county) and product market (physical therapy only) are facially deficient. (Dkt. No. 32 at 6-10.) Absent the Court's determination of whether Plaintiffs' proposed geographic and product markets are facially sound, the parties may need to seek discovery regarding a wide range of potential geographic and product markets.

In sum, Vail Health requests that the Court adjudicate its critically important arguments that Plaintiffs' facially deficient antitrust theories should be dismissed under Rule 12(b)(6). Even if the Court concludes that Vail Health's 12(b)(6) Motion was an improper second-filed Rule 12 motion, depriving Vail Health of any opportunity to present key legal arguments is an unduly harsh sanction—particularly given the ample authority supporting Vail Health's position and Vail Health's good-faith efforts to comply with the Court's Practice Standards.

## CONCLUSION

Vail Health respectfully requests that the Court vacate its Minute Order or grant the alternative relief requested Vail Health's Motion.

Dated:  September 11, 2020

      *s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Janet Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MINUTE ORDER STRIKING VAIL HEALTH'S MOTION TO DISMISS UNDER RULE 12(b)(6), OR FOR ALTERNATIVE RELIEF was filed via CM/ECF on this 11th day of September 2020, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

                                               *s/ Paige Finnell*
                                               Paige Finnell