**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF
CONFERENCE AND
APPEARANCES OF
COUNSEL AND PRO SE
PARTIES**

The Court held a Scheduling Conference on October 9, 2020.  Appearing for

the parties was:

| For Plaintiffs: | For Defendant: |
|---|---|
| Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, CO 81657<br>Telephone: (970) 390-6675<br>E-mail:  alkildow@aol.com | Shannon Wells Stevenson<br>Jacqueline V. Roeder<br>DAVIS GRAHM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, Colorado 80202<br>303-892-7366<br>303-892-7328<br>E-mail:  jackie.roeder@dgslaw.com<br>E-mail:  shannon.stevenson@dgslaw.com |

7

## 2.  STATEMENT OF
## JURISDICTION

**The Parties' Joint Position**:

This Court has jurisdiction over the matter pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 4, and 28 U.S.C. §§ 1331 and 1337.

**Plaintiffs' Position**:

Plaintiffs further state that the anticompetitive conduct of Vail Health alleged in the Amended Complaint places unreasonable burdens on the free and uninterrupted flow of interstate commerce, as follows:

(a)     The activities and conduct of Vail Health are within the flow of interstate commerce and affect that commerce because Vail Health's Howard Head physical therapy unit provides in excess of $20 million each year in physical therapy services to patients not only from the Vail Valley, but to patients who come to Vail Valley from throughout the United States and foreign countries.  Vail Health is therefore engaged in interstate commerce.  Moreover, all or most of Vail Health's physical therapy patients have been adversely affected by the anticompetitive activities and conduct of Vail Health in violation of § 2 of the Sherman Act that have resulted in supra-competitive prices, as hereinafter alleged.  Vail Health has therefore had an effect on interstate commerce that is decidedly adverse to not only Plaintiffs, but also consumers who are paying more than they otherwise would have in a competitive market.

(b)     The physical therapy services provided by Vail Health, through its Howard Head unit, were at all times relevant to this action offered to and continue to be offered to and utilized by patients moving into and out of the Vail Valley, all

or most of whom have been adversely affected by the anticompetitive activities and conduct of Vail Health in violation of § 2 of the Sherman Act. Vail Health has therefore had an effect on interstate commerce that is decidedly adverse to consumers who are paying more than they otherwise would have in a competitive market.

(c)     The physical therapy services provided by Vail Health, through its Howard Head unit, were in most instances paid for, or reimbursed by Medicare, Medicaid, health care insurers, health care plans, and third-party health care administrators (collectively, "insurers") who are located throughout the United States. But two of many examples are United Health Care (Minnesota) and Anthem Blue Cross Blue Shield (ten states).

Vail Health was and is integral and indispensable to the administrative functions of accounting, invoicing, and collecting of patient medical expenses from interstate insurers arising out of the physical therapy services provided to Vail Health's interstate patients. Vail Health is engaged in interstate commerce.

The insurers were and continue to be adversely affected in by millions of dollars in higher medical claims resulting from Vail Health's anticompetitive activities and conduct in violation of § 2 of the Sherman Act. Vail Health, therefore, has had a negative effect on interstate commerce.

(d)     The physical therapy services provided by Vail Health, through its Howard Head unit, were at all times relevant to this action performed by and and continue to be performed by physical therapists moving into and out of the Vail Valley, all or most of whom have been adversely affected by the anticompetitive

restrictive employment covenants that illegally restrict their movement in the labor market. Vail Health's activities and conduct with respect to these restrictive agreements are in violation of § 2 of the Sherman Act and have had a negative effect on interstate commerce.

(e)     Over the time period at issue in this case, the negative effect of Vail Health's anticompetitive behavior exceeds $40 million.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**Plaintiffs' Position:**

Plaintiffs allege that Defendant Vail Health has violated of § 2 of the Sherman Act through the anticompetitive conduct alleged in the Amended Complaint, which asserts two causes of action: monopolization and attempt to monopolize. Vail Health, through its Howard Head Sports Medicine physical therapy unit ("Howard Head"), provides over 80% of the physical therapy services in the Vail Valley market and possesses monopoly power to raise prices and exclude competition. Vail Health has possessed that power for at least the past four years. The most significant potential threats to Vail Health's monopoly power was the loss of The Steadman Clinic ("Steadman") as a referral source of patients to its Howard Head physical therapy unit and the entry of Steadman into the Vail Valley physical therapy market as a competitor. Vail Health attempted to secure and expand its monopoly by entering into a joint venture arrangement with Steadman and other orthopedic clinics to "lock up" its referral sources and keep Steadman from becoming a competitor. That attempt to combine would have

increased Vail Health's 80% market share and assured Vail Health's continued dominance in the Vail Valley market.

Another significant potential threat to Vail Health's monopoly power was the entry of Sports Rehab and Lindsay Winninger into the Vail Valley physical therapy market. To protect its monopoly against such a potential competitive threat, Vail Health engaged in a number of anticompetitive activities, including a broad-based campaign of defamatory and disparaging communications against Sports Rehab and its founder, Lindsay Winninger. The consequence of this exclusionary conduct is that Vail Health has directly interfered with and destroyed Winninger and Sports Rehab's business relationships in the Vail Valley. Collectively, Vail Health's attempt to combine to expand its monopoly, its unnecessarily restrictive contracts, and its exclusionary conduct have unreasonably restrained competition, and will continue to restrain competition (unless enjoined) in the market for physical therapy in the Vail Valley market.

Vail Health's statements below regarding the Eagle County action are not entirely accurate. *First,* on May 28, 2019, the Eagle County district court declined to hear Plaintiffs' antitrust claims by denying Plaintiffs' C.R.C.P. 15(a) motion to amend their complaint to add a claim. At a hearing held July 18, 2019, the court stated on the record: "[I]f the antitrust [claim] had been filed in Federal Court, it's not before me. It's a Federal issue." (July 18, 2019 Tr. at 6, lines 5-7, July 18, 2019.) *Second*, the summary judgment order to which Vail Health refers is a nullity. Even if it were not a nullity, the court found that the record demonstrated that Vail Health had engaged in defamation *per se* and over ten causes of action against Vail Health remain.

**Defendant's Position:**

By filing this lawsuit, Plaintiffs seek to further draw out an already protracted dispute that has been litigated in state court for years. In April 2017, Plaintiffs filed the lawsuit *Winninger v. Vail Health et al.*, No. 2017CV030102, in Eagle County district court (the "State Court Action"). The State Court Action has been aggressively litigated for more than three years. The docket contains more than 500 entries and thousands of filed documents. The parties have produced more than 65,000 pages of documents in discovery. The Eagle County Court—through the efforts of two judges, a special master, and an independent forensic expert—has devoted substantial resources to the case, adjudicating more than 80 motions, including 8 dispositive motions and more than 30 discovery motions. After litigating this case for more than three years, Plaintiffs appear to have filed this lawsuit because they are unsatisfied with the rulings of the Eagle County court, which dismissed many of Plaintiffs' claims on summary judgment. And Plaintiffs' remaining claims in the State Court Action—which form the basis for their Amended Complaint in this action—may soon be resolved. After multiple orders from the discovery master, Plaintiff Winninger recently produced documents she testified she had downloaded from the Howard Head shared drive on the Vail Health server when she left Howard Head in 2012. Ms. Winninger's production revealed that **she downloaded more than 9,000 documents** from the Howard Head drive, including documents containing confidential Vail Health information and patient information that is protected under HIPAA. In other words, the statements that Plaintiffs claim to be false—*i.e.* that Ms. Winninger was involved in taking patient information from Vail Health—are true. Thus, Plaintiffs' remaining claims are frivolous and should be

dismissed.  Dismissal of Plaintiffs' remaining claims in the State Court Action, and the corresponding factual findings, will be further fatal to Plaintiffs' claims in this action.

Alternatively, this case should be dismissed for failure to state a claim.  Plaintiffs' Amended Complaint identifies the relevant market as the physical therapy market in the Vail Valley, but their Amended Complaint lacks allegations that would make such an extremely narrow market definition plausible.  Further, Plaintiffs' allegations, taken as true, fail to establish antitrust standing and/or anticompetitive conduct:  a joint venture contemplated by Defendant that never came to fruition cannot constitute anticompetitive conduct as a matter of law; Vail Health's leasing of property to the Steadman orthopedic clinic with a restriction that Steadman not open a competing physical therapy practice is not anticompetitive as a matter of law and resulted in no antitrust injury to Plaintiffs; Vail Health's inclusion of a non-solicitation provision in the employment agreement of David Cimino, a former employee of SRC, is not anticompetitive and caused no antitrust injury to Plaintiffs; petitioning regulatory and enforcement agencies is not anticompetitive conduct pursuant to the *Noerr-Pennington* doctrine; and other allegedly defamatory statements (even if made with malice) cannot constitute an antitrust violation because they were allegedly directed at a single competitor, and the antitrust laws are not designed to protect individual competitors.  In an order dated August 12, 2020, Judge Martinez sua sponte struck Vail Health's motion to dismiss Plaintiffs' Amended Complaint, reasoning that because Vail Health had also filed a *Colorado River* motion, Vail Health's 12(b)(6) motion was an impermissible second-filed motion under Rule 12.  (Dkt. No. 54.)  A *Colorado* River motion, however, is not a Rule 12 motion.

Thus, Vail Health has sought reconsideration of the Court's opinion striking Vail Health's 12(b)(6) motion to dismiss. (Dkt. No. 56.)

Defendant's further defenses are described in Defendant's Answer. (Dkt. No. 63.) Among other defenses, Defendant will establish that Plaintiffs' market definition is unsupported and that Defendant does not have monopoly power even within the market defined by Plaintiffs. Defendant will further establish that any market power it does have is a result of a superior product and business acumen, not anticompetitive conduct.

Defendant also disagrees with Plaintiffs' characterization of the State Court Action. The relevant procedural history of the State Court Action in part is as follows:

- In January 2019, Defendant filed a motion for summary judgment seeking dismissal of the defamation claims in Plaintiffs' First Amended Complaint. Several days later, Plaintiffs filed a motion for leave to file a Second Amended Complaint, which proposed adding, *inter alia*, a monopolization claim under the Colorado Antitrust Act.

- In March 2019, the state court granted Plaintiffs' motion for leave to amend, and Plaintiffs filed their Second Amended Complaint.

- In April 2019, Defendant moved to dismiss the counts of the Second Amended Complaint that were not the subject of its summary judgment motion.

- On May 28, 2019, the Court *sua sponte* concluded that the Second Amended Complaint claims should not stand: "The Plaintiff also has requested that a Second Amended Complaint be filed. This request is also denied. The Plaintiff herself, through her attorney, has recently complained that this case is 2 ½ years old and needs to get to trial. An amended complaint will cause additional delay."

- Three days later, on May 31, 2019, the Court granted Defendant's motion for summary judgment, dismissing sixteen of Plaintiffs' defamation counts. That order is not a "nullity," as Plaintiffs suggest, but instead will have preclusive effect in this case.

- Shortly after the state court's May 2019 decisions, which were unfavorable to Plaintiffs, Plaintiffs chose to file an antitrust action in federal court based on the same facts as the State Court Action.

**Other Parties' Position:**         None.

## 4. UNDISPUTED
### FACTS

The parties could not agree on the undisputed facts.

## 5. COMPUTATION OF
### DAMAGES

**Plaintiffs' Position:**

Vail Health is alleged to be a monopolist who has violated § 2 of the Sherman Act through its willful maintenance of monopoly power and its attempts to enhance that monopoly power.   This willful maintenance is demonstrated by intentionally exclusionary conduct alleged in Plaintiffs Amended Complaint.   In summary, the exclusionary conduct was intended to destroy Sports Rehab and Winninger as competitors in the relevant geographic and product markets.  Vail Health's strategy of engaging in exclusionary conduct has succeeded and has driven both Sports Rehab and Winninger from the Vail Valley geographic market.  There are several categories of damages that Plaintiffs have sustained as the direct and proximate result of Vail Health's anticompetitive conduct, as demonstrated in the table below:   Based on information currently available, Winninger and Sports Rehab will seek the following damages from Kirchner and Vail Health.

***Economic Damages.***   Winninger and Sports Rehab are each entitled to economic damages in the following categories:

(1)  Past loss of revenue that translates into loss of profit for Sports Rehab as the result of Defendants' defamatory conduct during the period from January 15, 2016 to December 31, 2019.  The calculation assumes the following:

- Full time licensed physical therapists billing 33 hours per week.

- Physical therapists working 48 weeks per year.

- Sports Rehab realization of 27% net profit before taxes.

- Present value discount rate of 3%.

The following chart depicts the number of physical therapists that would have been added by location in each year, exclusive of Lindsay Winninger, so there is no offset for her mitigation of her damages.

### SPORTS REHAB ANTICIPATED GROWTH
### ADDITIONAL PHYSICAL THERAPISTS HIRED BY YEAR

| CITY | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | TOTAL |
|------|------|------|------|------|------|------|------|------|-------|
| Denver | | 1@$80 | 1@$90 | | | | | | 2 |
| Vail | 2@$120 | 1@$125 | | | | 1@$145 | | | 4 |
| Aspen | 1@125 | | | | 1@$140 | | | | 2 |
| Boulder | | | 1@$95 | | | 1@$110 | | | 1 |
| Steamboat | | | 1@$110 | | | 1@$125 | | | 2 |
| Total | 3 | 2 | 3 | 0 | 1 | 3 | 0 | 0 | 12 |

### SPORTS REHAB TOTAL LOST PROFITS
### BY YEAR (2017-2024)

| CITY | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | TOTAL |
|------|------|------|------|------|------|------|------|------|-------|
| Denver | 0 | $134,640 | $285,120 | $300,960 | $316,800 | $498,960 | $522,720 | $546,480 | $2,605,680 |
| Vail | $380,160 | $594,000 | $617,760 | $641,520 | $665,280 | $918,720 | $950,400 | $982,080 | $5,749,920 |
| Aspen | $190,080 | $198,000 | $205,930 | $213,840 | $443,520 | $459,360 | $475,200 | $491,090 | $2,677,020 |
| Boulder | 0 | 0 | $150,480 | $158,400 | $166,320 | $348,480 | $364,320 | $380,160 | $1,568,160 |
| Steamboat | 0 | 0 | $174,240 | $182,160 | $190,080 | $396,000 | $411,840 | $427,680 | $1,782,000 |
| T'l Rev | $570,240 | $926,000 | $1,433,530 | $1,496,880 | $1,782,000 | $2,621,520 | $2,725,480 | $2,827,490 | $14,382,780 |
| NP@27% | $153,965 | $250,020$ | $387,053 | $404,157 | $481,140 | $707,810 | $735,880 | $763,422 | $3,883,447 |
| NPV@3% | $153,965 | $250,020 | $387,053 | $404,157 | $467,126 | $667,178 | $673,434 | $678,290 | $3,681,223 |

(2)     Past increased costs to Sports Rehab in the form of sunk costs caused by Defendants' defamatory conduct during the period from September 1, 2019 to December 31, 2018 is the amount of rent and related cost associated with the Four Seasons in an amount estimated to be $3,240, based upon the $810 per month rent.

(3)     Sports Rehab owners' loss of future fair market value of Sports Rehab as an on-going business entity.  The reduction of revenues associated with the destruction of on-going business value caused by the loss of revenue and associated profits is calculated by Plaintiffs' damages expert Arthur H. Cobb.

(4)     Winninger's agreements with The Steadman Clinic and the Steadman Philippon Research Institute, Winninger should have been earning at least $7,200 per month for consulting services over the course of at least 5 years.  The estimated loss is approximately $700,000.

(5)     Winninger's estimated loss of future fair market value on the wellness business due to the destruction of her wellness business as a result of Defendants' tortious conduct is estimated on the basis of the following:

| YEAR | WELLNESS PROFIT | WINNINGER 10% | NPV @ 10% |
|------|-----------------|---------------|-----------|
| 2018 | $500,000 | $50,000 | $50,000 |
| 2019 | $600,000 | $60,000 | $60,000 |
| 2020 | $700,000 | $70,000 | $70,000 |
| 2021 | $800,000 | $80,000 | $79,200 |
| 2022 | $900,000 | $90,000 | $74,376 |
| | **Total** | **$350,000** | **$333,576** |

***Trebling of Damages:*** Pursuant to 15 U.S.C. § 15, Plaintiffs are entitled to an award of treble the amount of actual damages sustained as the result of Vail Health's anticompetitive conduct, together with their attorneys' fees and costs.

***Attorneys' Fees and Costs.***  Winninger and Sports Rehab are entitled to recover their reasonable attorneys' fees and costs incurred for this litigation including, but not limited to, expert witness fees and costs, transcription and other deposition costs, travel and photocopying costs, and trial exhibit preparation costs.

After the jury rules in Plaintiffs' favor, documents and information supporting this category of damages will be produced in accordance with the Rules of Civil Procedure and the Court's requirements.

**Defendant's Position**:

Plaintiffs are entitled to no damages, costs, or attorney fees. Defendant reserves its right to seek its costs and attorney fees.

In the State Court Action, Plaintiffs have submitted an expert report largely identical to their response above that seeks compensation for both (a) the conduct at issue in the State Court Action and (b) the allegedly anticompetitive conduct at issue in this case—without distinguishing between the two categories of damages. Accordingly, because permitting Plaintiffs to recover damages in the State Court Action and this action for the very same conduct would result in double recovery, Plaintiffs cannot recover any damages in this action. To the extent Plaintiffs' damages evidence is excluded or rejected in the State Court Action, it should also be excluded or rejected in this case.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting.**

September 27, 2019, September 17, 2020, and October 6, 2020.

**b.      Names of each participant and party he/she represented.**

Alan Kildow for Plaintiffs

Jackie Roeder and Shannon Stevenson for Defendant

c.      **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties agree to exchange initial disclosures no later than 7 days after the scheduling conference.

d.      **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties agree to exchange initial disclosures no later than 7 days after the scheduling conference.

e.      **Statement concerning any agreements to conduct informal discovery:**

Without waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated.

f.      **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Without waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated.

g.      **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

**Plaintiffs' Position:**

Plaintiffs anticipate that there will be a substantial amount of discovery that will involve electronically stored information ("ESI"). Some of the discovery in the State Court Action will likely be responsive to this case, a good portion of which has already been electronically produced. Additional ESI may include, but not be limited to, the

following: (1) Vail Health's financial statements and managerial accounting data such as fees, revenues, costs, investments, and profits; (2) Vail Health's historical patient information such as residence, nature of injury, surgery, or reason for seeking physical therapy; (3) contracts with health care insurers, insurance claim forms, Medicare insurance claim forms, communications with insurers and Medicare; (4) Medicare compliance submissions and compliance documents; (5) Vail Health's treating physician and referral sources, duration of physical therapy treatment; (6) Vail Health's letters, memoranda, e-mails, and text messages relating to the subject matter of the facts alleged in the Amended Complaint.  Given discussions among counsel, Plaintiffs have a significant concern that Vail Health has misplaced, lost, deleted, or destroyed documents and information that are relevant to this action.

Plaintiffs will take reasonable steps to accurately identify as soon as it is reasonably possible the nature and each source of ESI so that Vail Health may begin assembling it.  Plaintiffs will also consult with Vail Health with respect to the media/format of ESI that they wish the ESI to be produced.  (In the State Court Action, many but not all of the documents produced by Vail Health were in electronic form with load files.)  Plaintiffs will provide Vail Health with a proposed protective order to ensure the protection of confidential and proprietary information.

**Defendant's Position:**

Defendant also anticipates that any discovery that will be necessary will involve a substantial amount of ESI discovery.  The parties should produce ESI in substantially the form it was produced in the State Court Action.  Further, in the State Court Action, the court appointed an independent forensic expert to image and examine Plaintiffs'

computers and the electronic storage devices Mr. Cimino used to surreptitiously download documents from Vail Health's server.

Plaintiffs provide no basis for their allegations concerning Defendant's preservation of relevant documents and information. Defendant has complied with its preservation obligations. In fact, it is Plaintiffs who have been sanctioned by the State Court on multiple occasions for intentionally deleting or failing to preserve highly relevant evidence, which the State Court has held will result in multiple adverse inference instructions at trial.

> **h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have participated in a mediation in the State Court Action that did not result in settlement. Neither party believes that settlement discussions will be useful at this time.

# 7.
# CONSENT

None of the parties have consented to the exercise of jurisdiction of a magistrate judge.

# 8. DISCOVERY
# LIMITATIONS

> **a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Plaintiffs' Position**:

Plaintiff proposes a limit of 15 discovery depositions and 25 interrogatories each for Plaintiffs and Vail Health. There are many reasons why Plaintiffs request this expanded number of depositions and interrogatories. In this antitrust case, Defendants'

September 8, 2020, Answer demonstrates that it disputes virtually every element of Plaintiffs case. This includes the definition of the geographic and product markets, whether there are barriers to entry into those markets, whether Vail Health exercises monopoly power in the relevant markets, its intent and purpose of attempting to form a joint venture with The Steadman Clinic and Vail Summit Orthopedics, whether its employment contracts with physical therapists are legal, whether there is meaningful competition in the relevant markets, whether its prices are supra-competitive, whether Vail Health engaged in exclusionary conduct, whether that conduct caused damages to Plaintiffs, and the extent to which Plaintiffs have been damaged. Almost none of those issues have been addressed in the State Court Action. It will take considerable written discovery and depositions to address those issues. And of the deponents identified by Plaintiffs below, only two of the proposed witnesses were deposed in the State Court action.

Plaintiffs disagree with Vail Health's statements below concerning discovery. As Plaintiffs have stated and will continue to emphasize, the facts at issue in this case are fundamentally different than in the State Court Action, so almost all of the depositions in this action will address different issues that go the antitrust claims. There will be very little duplicative overlap between the two cases.

**Defendant's Position**:

At the previous scheduling conference, Defendants requested a limit of 5 additional discovery depositions and 10 additional interrogatories. After hearing argument, the magistrate judge determined the parties could have 10 discovery depositions, 25 additional interrogatories, and 30 additional requests for production—

<u>The Court will allow: 10 discovery depositions, 25 additional interrogatories, and 30 additional requests for production.</u>

subject to the limitations described below. In the State Court Action, the parties have already deposed approximately 20 persons related to the same facts alleged in this case. Further, in the State Court Action, the parties have already posed scores of interrogatories to one another. In light of that, Plaintiffs' request for an additional 15 depositions and 25 interrogatories is excessive.

> **b. Limitations which any party proposes on the length of depositions.**

**Plaintiffs' Position**:

Plaintiffs propose a seven-hour time limit for the testimony of any one single deponent.

**Defendant's Position:**

At the last scheduling conference, the magistrate judge determined that there would be *(a) a time limit of four hours for any witness already deposed in the State Court Action and that such deposition may not cover topics already addressed in the State Court Action deposition and (b) that any witnesses deposed in this action who were not deposed in the State Court Action may be deposed for 7 hours.* Defendant asserts that some of Plaintiffs' identified witnesses have already been deposed multiple times over many days and hours, and that even four hours may be unduly burdensome.

This remains the order of the Court.

> **c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Plaintiffs' Position:**

Plaintiffs propose a limit of 40 requests for production of documents for each side.

**Defendant's Position**:          See above.

As determined by the magistrate judge at the last scheduling conference,

Defendant proposes a limit of 30 requests for production, which may not seek

information that was the subject of a request for production in the State Court Action.

   **d.**    **Other Planning or Discovery Orders**

The parties will submit a stipulated proposed protective order.

## 9. CASE PLAN AND SCHEDULE

   **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

**Plaintiffs' Position**:          The deadline is 2/1/2021.

Plaintiffs propose April 1, 2021 for the joinder of parties and amendment of

pleadings.

**Defendant's Position**:

Defendant proposes 90 days after entry of the scheduling order as the deadline

for joinder of parties and amendment of pleadings.

   **b.**    **Discovery Cut-off:**          Fact discovery closes 8/1/2021.

**Plaintiffs' Position**:

Plaintiffs propose a fact discovery deadline of October 1, 2021.

**Defendant's Position**:

As determined by the magistrate judge at the last scheduling conference, Vail

Health's position is that the deadline for fact discovery should be 150 days after entry

of the scheduling order.

### c.      Dispositive Motion Deadline:

**Plaintiffs' Position**:       <u>The dispositive motion deadline is 2/1/2022.</u>

Plaintiffs propose a dispositive motion deadline of February 1, 2022.

**Defendant's Position**:

As determined by the magistrate judge at the last scheduling conference, Vail

Health's position is that the deadline for dispositive motions should be 60 days after the

deadline for expert depositions.

### d.      Expert Witness Disclosure

<u>Each side is limited to 6 retained experts, inclusive of rebuttal experts.</u>

#### 1.      The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiffs' Position**:

Defendant anticipates experts in the fields of: (1) physical therapy, (2)

antitrust/economics, (3) HIPAA and Medicare compliance, (4) accounting, (5) computer

forensics and (6) damages.

**Defendant's Position**:

Defendant anticipates experts in the fields of physical therapy, antitrust,

computer forensics, HIPAA and Medicare compliance and breach reporting, and

damages.  Defendant contends that the parties should not be permitted to submit new

expert reports on issues already the subject of expert reports in the State Court Action.

#### 2.      Limitations which the parties propose on the use or number of expert witnesses.

As determined by the magistrate judge at the last scheduling conference,

Plaintiffs (collectively) and Defendant shall each be permitted to disclose no more than

five expert witnesses, including rebuttal experts.

### 3. Disclosure Schedule

**Plaintiffs' Position**:

Plaintiffs propose that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 1, 2021.

Plaintiffs propose that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 15, 2022.

**Defendant's Position**:

As determined by the magistrate judge at the last scheduling conference, Vail Health's position is that the deadline for affirmative expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) should be 60 days after the close of fact discovery.

As determined by the magistrate judge at the last scheduling conference, Vail Health's position is that the deadline for rebuttal expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) should be 45 days after the deadline for affirmative expert disclosures.

As determined by the magistrate judge at the last scheduling conference, Vail Health's position is that the deadline for expert depositions should be 45 days after the deadline for rebuttal expert disclosures.

### e. Identification of Persons to Be Deposed:

**Plaintiffs' Position**:

Plaintiffs anticipate the need to depose the following, but reserve their right to depose witnesses other than those designated below as they determine as discovery unfolds:

- Rule 30(b)(6) deposition of Vail Health—7 hours

- Representative of Kaiser Permanente—7 hours

- Representative of United Health Care—7 hours

- Representative of Blue Cross/Blue Shield—7 hours

- Representative of Medicare—7 hours

- Representative of Colo. Dep't of Regulatory Affairs—3 hours

- Nicholas Brown, Vice President of Vail Health—7 hours

- Chief Financial Officer of Vail Health—7 hours

- Vail Health physical therapist #1 to be identified—7 hours

- Vail Health physical therapist #2 to be identified—7 hours

- Doris Kirchner, former CEO (retired) of Vail Health—7 hours

- Janet Savage, Vail Health attorney—7 hours

- Dan Drawbaugh, CEO of The Steadman Clinic—7 hours
- Vail Valley physical therapy clinic #1 to be identified—7 hours

- Vail Valley physical therapy clinic #2 to be identified—7 hours

Plaintiffs disagree with the comments made by Vail Health below. The depositions of individuals previously deposed will cover subject matter not addressed in the prior depositions.

**Defendants' Position**:

Vail Health anticipates the need to depose the following: Plaintiff Lindsay Winninger, Plaintiff Sports Rehab Consulting, David Cimino, Terri Kildow, and certain of Vail Health's competitors and referral sources.

Defendant contends that the number and length of the depositions Plaintiffs propose above is unreasonable. Plaintiffs already have deposed multiple 30(b)(6)

representatives of Vail Health (including Nicholas Brown, Luke O'Brien, Mary Crumbaker, Ryan Kolczak, and Thomas Olsen) as well as Nicholas Brown, Michael Shannon, Doris Kirchner, and Tanya Rippeth in their individual capacities. Plaintiffs also have taken the depositions of Steadman witnesses Kelly Adair, Al Perkins, Dan Drawbaugh and Marc Philippon in the State Court Action. Plaintiffs have already deposed those witnesses about the relationship between Vail Heath and Steadman and SPRI and contracts with other Vail Valley orthopedic clinics. Plaintiffs now seek a second bite at the apple in requesting another full-day deposition of each of these witnesses on the same topics.

### f.    Deadline for Interrogatories:

<u>Interrogatories to be served by 3/1/2021.</u>

**Plaintiffs' Position:**

Plaintiffs propose that interrogatories be served by April 1, 2021.

**Defendant's Position:**

As determined by the magistrate judge at the last scheduling conference, Vail Health's position is that the deadline for interrogatories should be 90 days after entry of the scheduling order.

### g.    Deadline for Requests for Production of Documents and/or Admissions

<u>RFP and ROA SHALL be served by 3/1/2021.</u>

**Plaintiffs' Position:**

Plaintiffs propose that requests for production and requests for admissions be served by December 2, 2020.

**Defendant's Position:**

As determined by the magistrate judge at the last scheduling conference, Vail Health's position is that the deadline for requests for production of documents and requests for admission should be 90 days after entry of the scheduling order.

## 10. DATES FOR FURTHER CONFERENCES

   a.     Status conferences will be held in this case at the following dates and times:

   TBD at a later time

_____.

   b.     A final pretrial conference will be held in this case on _____ at o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

   **a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The matters on which the parties, after a good faith effort, have been unable to agree are identified herein with the headings "Plaintiffs' Position" and "Defendants' Position."

   **b.     Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs request a jury trial, and the parties anticipate the length of trial, if any, to be five days.

   **c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-**

2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of

good cause.

DATED at Denver, Colorado, this ____9____ day of ____Oct._____, 2020_.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

APPROVED:

October 5, 2000

      _s/ Alan L. Kildow_
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Counsel for Plaintiffs Lindsay Winninger and
Sports Rehab Consulting LLC


October 5, 2020

._s/_ Shannon Wells Stevenson
Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
shannon.stevenson@dgslaw.com
daniel.richards@dgslaw.com

Counsel for Defendant Vail Clinic, Inc.