# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

## STIPULATED PROTECTIVE ORDER AND
## HIPAA QUALIFIED PROTECTIVE ORDER

    This Protective Order and HIPAA Qualified Protective Order, stipulated by the parties, is designed to preserve the confidentiality of certain testimony given by witnesses and certain information contained in produced documents or provided in interrogatory responses or expert disclosures.  The parties also anticipate that protected health information may be produced, and so to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), the parties stipulate to a qualified protective order with respect to protected health information in accordance with 45 C.F.R. § 164.512(e)(1)(v).

    To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of Plaintiffs and Defendant (collectively referred to as "parties") and under the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

1

1. **Definitions.** As used in this protective order:

   (a) "AEO" means "attorneys' eyes only" as defined in § 4 below;

   (b) "attorney" or "attorneys" mean counsel of record and their respective partners, of counsel, associates, paralegals, and similar professional or paraprofessional staff;

   (c) "confidential" means those documents designated under § 4 below;

   (d) "document" means all materials within the scope of Fed. R. Civ. P. 34(a);

   (e) "Eagle County action" means *Winninger et al. v. Kirchner et al.,* Case No. 2017CV030102 (Colo. Dist. Court, Eagle County);

   (f) "outside independent persons" means persons or firms retained by a party or its attorneys to provide technical or expert services, including trial and jury project consultants;

   (g) "outside vendors" means messenger, copy, coding, document management, document review, court reporters, videographers, and other service vendors not employed by a party or its attorneys; and

   (h) "protected information" means "confidential," "PHI," or "AEO;" and

   (i) "PHI" means "protected health information" as defined in § 3 below.

2. **This Action And Eagle County Action.**

A similar protective order was entered in the Eagle County action related to PHI and confidential documents. Protected information produced in the Eagle County action need not be rebranded or reproduced for purposes of this action. All protected information may be used in this action or the Eagle County action. Prior designations of "confidential," "attorneys' eyes only" and "attorney's eyes only protected health information" in the Eagle County action remain the same under this protective order. Nothing, however, precludes any party from requesting a change in the designation of any information previously designated protected information under § 9, regardless of whether it was first produced in this action or the Eagle County action.

**3.   Documents Designated "Attorneys' Eyes Only Protected Health Information."**

(a)   The parties and their attorneys are authorized to receive, subpoena, and transmit "PHI" related to this action to the extent and subject to the conditions outlined in this protective order.

(b)   "PHI" has the same scope and definition under 45 C.F.R. §§ 160.103 and 164.501 and includes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(c)   All "covered entities" as defined by 45 C.F.R. § 160.103 are authorized to disclose PHI to attorneys for the parties in response to a court order, subpoena, discovery request, or other lawful process.

(d)   The parties and their attorneys shall be permitted to use or disclose any party's PHI under the terms of this protective order. Before disclosing PHI, the attorney shall inform each recipient that PHI may not be used or disclosed for any purpose other than this action. The attorney shall take all other reasonable steps to ensure that anyone receiving PHI does not use or disclose the information for any purpose other than this action.

(f)   Within 45 days after the conclusion of the action, the parties, the attorneys, and any person or entity in possession of PHI from this action, shall return the PHI to the covered entity or destroy all copies of PHI, *except* that the attorneys are not required to secure the return or destruction of PHI submitted to the court.

(g)   This protective order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(h)   Nothing in this protective order authorizes an attorney for any party to this action to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process such as court orders.

(i)   All PHI produced in this action shall be branded "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION," which is the same way has been produced in the Eagle County action.

(j)   No person receiving an attorneys' eyes only protected health information document may reveal it except to those identified in § 6 below.

**4.     Documents Designated "Confidential" or "Attorneys' Eyes Only."**

A party may designate documents as confidential, including produced documents, written discovery responses, or portions of transcripts of depositions or hearings but only to protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(G).  A party may designate such materials as attorneys' eyes only to protect nonpublic information that the producing party deems so competitively sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors.

**5.     Designating "Protected Information."**

For protected information to be protected by this Protective Order, the party producing the protected information shall:

(a)    Brand the document "CONFIDENTIAL." "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION."  If the entire document does not constitute protected information, only those pages or sections that constitute protected information are to be branded as protected information.  If branding the document is not practical, the producing party may separately designate in writing by description or document identification number.

(b)    If the protected information is contained in ESI that is disclosed in native format, the producing party shall produce a metadata field or affix upon the document image an identifier that identifies the level of protection as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION."

(c)    Any information designated in this action as attorneys' eyes only under § 4 of this protective order shall be branded "ATTORNEYS' EYES ONLY FED" so as to differentiate those documents from the Eagle County action.

(c) Deposition testimony may be designated as protected information:

    (1) on the record at the deposition for only those portions containing protected information; or

    (2) after the deposition by notifying the parties in writing within 14 days of the full and complete deposition being sent to the deponent and identifying by page and line number those portions containing protected information.  All deposition transcripts taken in this action will be treated as "attorneys' eyes only" for this 14-day period.

(d) If a witness is expected to testify as to protected information, the party or nonparty that designated the protected information may insist that the witness's deposition be taken in the presence of only those persons entitled to receive protected information at the level of protection identified.  This provision only applies to those portions of the deposition in which the witness testifies about the protected information.

**6. Who May Receive "Protected Information."**

(a) No person receiving "confidential" information may reveal it, except to:

    (1) the court and its staff;

    (2) attorneys, their law firms, and outside vendors;

    (3) a party;

    4) a person shown on the face of the confidential document to have authored or received it;; and

    (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A.

(b) No person receiving "attorneys' eyes only protected health information" or "attorneys' eyes only" information may reveal it, except to:

    (1) the court and its staff;

    (2) attorneys, their law firms, and outside vendors;

    (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action.  The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information.  Rather, the party

        representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information;

    (4)    for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

  (c)    If protected information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**7.    This Protective Order And Nonparties.**

A party serving a subpoena on a nonparty must simultaneously serve a copy of this Protective Order. The nonparty may designate documents as protected information in accordance with this protective order. All documents produced by such nonparties shall be treated as confidential information for a period of 14 days from the date of their production to all parties, and during that period, any party may designate such documents as protected information under the terms of this protective order.

**8.    Correcting An Error In Designation.**

A party or nonparty that discloses or produces protected information not designated may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as protected information. The newly-designated document will be treated as if it had originally been designated as protected information.

**9.    Changing The Designation Of Protected Information.**

  (a)    **Document Disclosed Or Produced By A Party.** Protected information disclosed or produced by a party remains protected information unless the parties agree to change its designation or the court orders otherwise.

(b) **Document Produced By A Nonparty.** Protected information produced by a nonparty remains protected information unless the nonparty agrees to change its designation or the court orders otherwise after providing an opportunity for the nonparty to be heard.

(c) **Changing A Designation By Court Order.** A party who cannot obtain agreement to change a designation may move the court at any time for an order changing the designation. If the motion affects a document produced by a nonparty then, with respect to the motion, that nonparty is entitled to the same notice and opportunity to be heard as a party. The party or nonparty who designated a document as protected information has the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(G).

10. **Use Of Protected Information At Depositions And In Court.**

   (a) **Depositions.** Any party may use protected information during a deposition subject to the terms of this Protective Order.

   (b) **Filing.** If a party files another party's or a third party's protected information with the court, it shall file the protected information under Level 1 restriction and simultaneously notify the party or third party that it has filed their protected information with the court. The purpose of this notification is to permit the party or third party a reasonable opportunity to file a motion in compliance with Local Rule 7.2 of the U.S. District Court for the District of Colorado.

   (c) **Presentation At A Hearing Or Trial.** A party intending to present another party's or a nonparty's protected information at a hearing or trial must promptly notify the other party or the nonparty so that the other party or nonparty may seek whatever relief is deemed necessary from the court. A party is not precluded from seeking guidance from the court at any time regarding the use of protected information at trial or any other hearing of this action, including the removal of any designation of protected information placed on a specific document in this action.

11. **Inadvertent Disclosure Or Production To A Party Of A Privileged Document.**

   Fed. R. Civ. P. 26(b)(5)(G) governs the inadvertent disclosure of documents that are privileged, protected by the work-product doctrine, or otherwise immune from discovery.

**12. Security Precautions And Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any protected information disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**13. Handling Protected Information After Termination Of This Action And Eagle County Action.**

(a) Within 60 days after the termination of this action and the Eagle County action, whichever is later, each party must:

    (1) return or destroy all protected information; and

    (2) notify the disclosing or producing party that it has returned or destroyed all protected information within the 60-day period.

(b) Notwithstanding § 13(a), each attorney may retain a copy of any protected information submitted to the court subject to § 15.

**14. Modification Of This Protective Order.**

Any party may apply to the court for a modification of this protective order, and nothing in this protective order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**15. Survival of Obligations.**

The obligations imposed by this protective order survive the termination of this action.

IT IS SO ORDERED this ____ day of _____, 2020.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

8

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Stipulated Protective Order and HIPAA Qualified Protective Order entered by the Court in *Sports Rehab Consulting LLC v Vail Clinic, Inc.,* Civil Action No. 1:19-cv-02075-WJM-GPG, pending in the United States Federal District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order and HIPAA Qualified Protective Order. I understand that any violation of the Protective Order and HIPAA Qualified Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION" obtained under the Protective Order and Qualified Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order and Qualified Protective Order. I shall not copy or use such documents except for the purposes of this action and under the terms of the Protective Order and Qualified Protective Order.

As soon as practical, but no later than 28 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or if applicable, "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States Federal District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order and Qualified Protective Order.

Executed on _____      _____
              (Date)                                                                  (Signature)