IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Vail Clinic, Inc.'s Motion for Reconsideration of the Court's Minute Order [("Order")] Striking Vail Health's Motion to Dismiss Under Rule 12(b)(6), or For Alternative Relief ("Motion for Reconsideration").  (ECF No. 56.) Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger (jointly, "Plaintiffs") filed a response (ECF No. 62), and Defendant replied (ECF No. 64).  Familiarity with the facts of this case is presumed and will not be repeated here.

On September 18, 2019, Defendant filed its Motion for Briefing Schedule Regarding Motions Under Rule 12 and Motion to Stay.  (ECF No. 23.)  In response to the Motion for Briefing Schedule, on September 19, 2019, the Court entered the following order:

> ORDER: This matter is before the Court on Defendant's
> Motion for Briefing Schedule Regarding Motions under Rule
> 12 and Motion to Stay [23].  The "potential tension" between
> Fed. R. Civ. P. 12(f)(2) and Revised Practice Standard
> III.D.2, if any, is immaterial.  Rule 12(f)(2), even as

> Defendant appears to interpret it, is not self-executing or jurisdictional. Revised Practice Standard III.D.2 controls in front of the undersigned. All Rule 12 requests for relief must be brought in a single motion. Defendant's motion is therefore DENIED to the extent it requests a staggered briefing schedule for Rule 12(b) and 12(f) motions. Defendant is further advised that the undersigned generally enforces Revised Practice Standard III.D.1 as to Rule 12(f) motions. Concerning the proposed motion to stay, there is no deadline of which the Court is aware, so that portion of the motion is DENIED AS MOOT.

(ECF No. 24.) On October 10, 2019, Defendant filed its Motion to Dismiss or Stay Pursuant to *Colorado River* Doctrine Or, Alternatively, Stay Discovery. (ECF No. 31.) On October 11, 2019, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 32.)

On August 12, 2020, the Court entered the Order:

> ORDER: WJM Revised Practice Standard III.D.2 provides that "All requests for relief under any part of Rule 12 must be brought in a single motion." Given this limitation, Defendant's second-filed Motion to Dismiss [32] is STRICKEN. Defendant's first-filed Motion to Dismiss or Stay Pursuant to *Colorado River* Doctrine, or, Alternatively, Stay Discovery [31], is currently under consideration by the Court.

(ECF No. 54.) On August 21, 2020, the Court issued an order denying Defendant's Motion to Dismiss or Stay Pursuant to *Colorado River* Doctrine. (ECF No. 55.)

On August 24, 2020, Defendant filed the Motion for Reconsideration, asking the Court to vacate the Order for two reasons. (ECF No. 56.) First, Defendant argues that controlling authority in this District makes clear that *Colorado River* is a prudential, not jurisdictional doctrine. (*Id.* at 2.) Thus, a *Colorado River* motion is not a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or a motion under any other part of Rule 12. (*Id.*) Second, Defendant argues

2

that the Court previously held that Defendant could file its proposed *Colorado River* motion separately from its motions under Rule 12. (*Id.*) Alternatively, Defendant proposes that the Court grant alternative relief and retroactively extend its page limits for a motion under Rule 12(b)(6) and *Colorado River*, and permit Defendant to file a 12(b)(6) motion of up to ten pages. (*Id.*)

In response, Plaintiffs argue that the Motion for Reconsideration should be denied for the principal reason that it does not satisfy the standards for reconsideration under the law of this federal district or circuit courts. (ECF No. 62 at 1.) Moreover, Plaintiffs argue that the overwhelming body of case law, controlling and persuasive, demonstrates that Defendant is incorrect that a *Colorado River* dismissal motion does not raise jurisdictional issues or implicate Rule 12(b). (*Id.*)

Where, as here, final judgment has not been entered, a trial court retains the power under Federal Rule of Civil Procedure 54(b) to reconsider and modify its interlocutory orders. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). In this circuit, grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).

The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Servants of the*

*Paraclete*, 204 F.3d at 1012.  Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In the Motion for Reconsideration, Defendant does not establish any intervening change in the controlling law, new evidence, or the need to correct a clear error.  To the extent Defendant misunderstood the Court's September 19, 2019 order, that misapprehension is not a basis for reconsideration.  The Court's order speaks for itself.  As a consequence, the Court finds that Defendant has failed to demonstrate that reconsideration of its Order is in these circumstances warranted, and the Motion for Reconsideration (ECF No. 56) is DENIED.

Dated this 10th day of February, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4