**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:19-cv-02075-WJM-GPG**

**SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and LINDSAY WINNINGER, an individual**,

**Plaintiffs**,

v.

**VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation**,

**Defendant**.

---

**DEFENDANT VAIL HEALTH'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH**

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this Motion to Quash Plaintiffs Sports Rehab Consulting, LLC's and Lindsay Winninger's Subpoena to Michael Horwith ("Motion").

## STATEMENT OF CONFERRAL

On March 8, 2021, Plaintiffs served Vail Health with a copy of a subpoena they issued to Michael Horwith, attached as **Exhibit 1**. On March 9, Vail Health informed Plaintiffs that its objections to the Horwith subpoena would need to be raised in the discovery dispute conference with Magistrate Gallagher that was then scheduled for March 16. On March 22, 2021, Vail Health served Plaintiffs with objections to the subpoena. (Vail Health's Objections (Mar. 22, 2021), attached as **Exhibit 2**.) Plaintiffs did not respond or withdraw the subpoena. Between March 22 and March 26, the parties exchanged information about their positions with respect to the subpoena. On March 30, 2021, Vail Health sent an email to Plaintiffs' counsel inquiring whether

Plaintiffs had considered Vail Health's Objections and whether Plaintiffs would oppose the relief requested herein. On April 1, 2021, Plaintiffs sent Vail Health a proposed stipulation that would instruct Mr. Horwith to reproduce certain materials that had already been produced in the related state case and would deem such documents admissible in the federal case, attached as **Exhibit 3**. On April 1, 2021, Vail Health responded, *inter alia*, that Plaintiffs' proposed stipulation was unnecessary in light of the Scheduling Order in this case that states that discovery from the State Court Action may be used in this case; Vail further offered to stipulate to the authenticity of certain documents if necessary; but Vail Health did not agree to stipulate that all such documents were admissible, attached as **Exhibit 4**. On April 2, 2021, Plaintiffs responded, arguing, *inter alia*, that Vail Health's objection was invalid because it was served by email and that Vail Health did not have standing to object to the subpoena, attached as **Exhibit 5**. Accordingly, the parties have reached an impasse with respect to the issues raised in Vail Health's objections and require Court intervention.

## INTRODUCTION

Plaintiffs have issued a subpoena for documents and deposition to Michael Horwith, who is an independent forensic computer expert appointed by the Eagle County District Court in *Winninger et al. v. Vail Clinic, Inc., et al.*, 2017CV30102 (Colo. Dist. Ct., Eagle Cnty.) ("State Court Action" or "State Court"). As this Court is aware, the Plaintiffs brought the State Court Action in 2017, and it concerns factual and legal allegations that substantially overlap with the allegations in this case.

Mr. Horwith was appointed by the State Court to examine certain computers and devices owned by Plaintiff Lindsay Winninger and her employee, David Cimino. Mr. Cimino had taken

thousands of Vail Health patient files and other documents when he left Vail Health to work for Ms. Winninger and Plaintiff Sports Rehab Consulting, LLC ("SRC"). Mr. Horwith was given the narrow task of performing a forensic analysis of certain electronically stored information in the possession of Ms. Winninger and SRC to determine to what extent the documents that Mr. Cimino downloaded had been transferred to Ms. Winninger and SRC. The protocols governing Mr. Horwith's limited work were the subject of protracted negotiation and litigation in the State Court Action, and resulted in a series of forensic protocol orders issued by the State Court to govern Mr. Horwith's work and the parties' communications with him. Mr. Horwith ultimately issued a report setting forth his findings.

Vail Health moves to quash the subpoena to Mr. Horwith for two reasons. *First*, the subpoena itself, the document production requested of Mr. Horwith, and a deposition of Mr. Horwith all violate the forensic protocol orders issued by the State Court. Although Vail Health moved the State Court to enforce the protocols, the State Court Action was stayed by the Colorado Supreme Court just one day after Vail Health's motion was filed; thus, the State Court cannot address the motion yet. Because the subpoena conflicts with the State Court's orders, allowing it to remain in force would place an undue burden on Vail Health (and Mr. Horwith) to risk being in contempt of the State Court's orders and would violate principles of comity.

*Second*, the subpoena imposes an undue burden on Vail Health because it seeks to duplicate discovery conducted in the State Court Action. In their scheduling order, the parties agreed that "[w]ithout waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Dkt. No. 71, § 6.e, p. 19.) Nearly all the documents sought from Mr. Horwith were

produced in the State Court Action and are thus already considered part of discovery in this case. Given the extensive amount of time and effort already expended on this issue, there is no need to re-litigate Mr. Horwith's work in this case or to allow Plaintiffs to avoid the limits the State Court placed on discovery that it authorized. For each of these reasons, the Court must quash the subpoena to Mr. Horwith.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Mr. Horwith's Work Relates to a Discrete Issue Already Exhaustively Litigated in the State Court Action.

In this case, Plaintiffs allege that Vail Health holds monopoly power in the market for physical therapy services in the Vail Valley. They further allege that Plaintiffs SRC and Lindsay Winninger were competitors in that market, and that Vail Health engaged in anticompetitive conduct by, *inter alia*, making defamatory statements that Ms. Winninger stole protected patient health information ("PHI") from Vail Health. Vail Health disputes that the alleged statements were made, and also asserts that, if they were made, they are not actionable because they are substantially true.

The issue of whether the statements were substantially true—*i.e.*, whether Ms. Winninger, in fact, stole PHI—is one of the central issues presented by the State Court Action and has been exhaustively litigated there. Plaintiffs filed that action in April 2017, asserting that Vail Health falsely accused Ms. Winninger of stealing PHI from Vail Health. After years of discovery, it is now undisputed that in 2012, when Ms. Winninger left the employment of Rehabilitation & Performance Center at Vail, LLC ("RPC-Vail"), which was then providing physical therapy services on behalf of Vail Health pursuant to a services agreement, she downloaded thousands of documents from Vail Health's server, including hundreds of documents containing PHI. It is also

undisputed that, in December 2015, when non-party David Cimino left employment with Vail Health to work for Ms. Winninger's company, SRC, he downloaded thousands of documents, including thousands of documents containing PHI. Discovery in the State Court Action is now over, and the parties are finishing summary judgment briefing and awaiting the State Court's rulings.

In the course of discovery on these issues in the State Court Action, the parties had significant disagreements over how to review the relevant computers and devices that contained evidence regarding the theft of the PHI. Although the parties each had their own independent forensic computer experts, the State Court appointed Michael Horwith as an independent forensic expert. Mr. Horwith created forensically sound copies of certain computers, USB storage devices, and cloud-based repositories for storing electronically stored information ("ESI") (including the USB devices Cimino used to download documents from Vail Health and certain computers and ESI belonging to Plaintiffs), performed court-ordered forensic analyses of the ESI in his possession, and produced his findings in a report to the parties and the State Court.

## II. The State Court Issued Several Forensic Protocol Orders Governing Mr. Horwith's Work and the Parties' Interaction with Him.

The parties extensively litigated over the rules governing Mr. Horwith's work, and the State Court ultimately entered several orders governing his work and how the parties were permitted to interact with him. (*See generally* State Court Order for the Selection of the Independent Expert, Imaging of Computers and Devices, and Forensic Examination (Feb. 6, 2018), attached as **Exhibit 6**; State Court Amendment to February 6, 2018 Order (Aug. 16, 2018), attached as **Exhibit 7**) (collectively, "Forensic Protocol Orders").

In light of Mr. Horwith's status as an independent expert, the State Court prohibited Mr. Horwith and the parties' counsel from communicating directly with each other and required communication to Mr. Horwith through the parties' respective experts only:

- "The independent expert may ***not*** have any independent communications with the parties or attorneys except [in circumstances not relevant here]." (Exhibit 6, at 4; *see* Exhibit 7, at 5 (same) (emphasis in originals).)

- "Any communications that the independent expert may have [] will be communicated to all three experts appointed by the parties at the same time, either orally or in writing." (Exhibit 6, at 4; *see* Exhibit 7, at 5 (same).)

The State Court also put restrictions on Mr. Horwith's ability to disclose certain information to the parties, *e.g.*:

- "The independent expert shall ***not*** disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court." (Exhibit 6, at 3; *see* Exhibit 7 at 5 (same) (emphasis in originals).)

In December 2020, Mr. Horwith announced that he plans to retire and resign from his role as the independent expert. The parties were unable to reach agreement on certain matters regarding a replacement independent expert or how Mr. Horwith's work product and the data and devices in his possession should otherwise be preserved. On March 4 and 5, 2021—before Plaintiffs served the subpoena that is the subject of this Motion—Vail Health and Plaintiffs filed cross-motions seeking guidance from the State Court regarding amendments to the Forensic Protocol Orders to account for Mr. Horwith's retirement and the preservation of his work product and the data and devices in his possession.

## III. Plaintiffs' Subpoena to Mr. Horwith Violates the State Court's Forensic Protocol Order.

While the parties were briefing these issues to the State Court, Plaintiffs served the document and deposition subpoena on Mr. Horwith. (Exhibit 1.) The subpoena requests that Mr. Horwith produce the following categories of documents:

> (a) All written reports issued and signed by you in the Eagle County Action.
>
> (b) All documents that you produced to all the Parties in the Eagle County Action that were identified in any written report issued and signed by you in the Eagle County Action. These documents should be produced by the category in which they are referenced in any written report, so that it can be readily apparent how the produced documents relate to the written report.
>
> (c) All documents that you produced to all Parties in the Eagle County action in response to the Special Master's March 3, 2020 Order Granting Vail Health's Motion Regarding Forensic Examination of Trade Secrets With Create Dates Outside of Forensic Protocol and which were identified in Exhibit A provided to you by Craig Bernard.
>
> (d) The native files of the following event and activity logs from the image of Winninger's computer that David Penrod delivered to you on a hard drive on or about February 24, 2020. . . . .
>
> (e) All invoices that you issued for payment in the Eagle County Action.
>
> (f) All copies of checks, or other forms of proof, identifying the party who made the payment, when the payment was made, and the amount paid for the invoices you issued in the Eagle County Action.

Nearly all of those materials have been produced to all parties in the state case, and none of them are in the exclusive possession of Mr. Horwith.

Vail Health repeatedly requested that Plaintiffs withdraw the subpoena and cease communication with Mr. Horwith. Plaintiffs refused to do so. Thus, on March 15, 2020, Vail Health filed in the State Court Action a motion to enforce the Forensic Protocol Orders, requesting

an order that Plaintiffs' subpoena and proposed deposition violated the Forensic Protocol Orders. (*See* Defs.' Mot. to Enforce the Forensic Protocol Order (Mar. 15, 2021), attached as **Exhibit 8**.)

However, the very next day—before the State Court could decide the cross-motions regarding Mr. Horwith or Vail Health's Motion to Enforce—the Colorado Supreme Court entered an order staying the State Court Action while it considers Plaintiffs' C.A.R. 21 petition concerning a narrow statutory interpretation issue related solely to Vail Heath's civil theft counterclaim based on theft of medical records. Vail Health moved to partially lift the stay so that the State Court could decide the issues related to Mr. Horwith, but that motion was denied. Thus, the State Court is currently unable to address these issues.

On March 22, 2021, Vail Health served its objections to the Subpoena (Exhibit 2), including that: (1) that the Subpoena violates the State Court's Forensic Protocol Orders and (2) that the Subpoena is unduly burdensome because it seeks to duplicate discovery that has already occurred in the State Court Action, in violation of this Court's Scheduling Order. As described above, Vail Health has conferred with Plaintiffs in an effort to ensure, without violating the Forensic Protocol Orders, that information related to Mr. Horwith's work, if relevant and admissible, may be used in this litigation. However, the parties have been unable to reach agreement.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) requires the court to quash or modify a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). "The general rule is that a party has no standing to quash a subpoena served upon a third party." *Curtis Park Grp., LLC v. Allied World*

*Specialty Ins. Co.*, 2021 U.S. Dist. LEXIS 49917, *12-13 (D. Colo. Mar. 17, 2021); *Carbajal v. Serra*, 2012 U.S. Dist. LEXIS 83172, *5-6 (D. Colo. June 15, 2012) (internal quotations and citation omitted). However, a party does have standing to move to quash if it "claims some personal right or privilege with regard to the documents sought," or "when the subpoena infringes upon the movant's legitimate interests." *Curtis Park*, 2021 U.S. Dist. LEXIS 49917, *12-13 (quoting *United States v. Gonzales*, 2010 U.S. Dist. LEXIS 109188 (D. Colo. Sept. 8, 2010)); *Carbajal*, 2012 U.S. Dist. LEXIS 83172, *5-6 (same).

**ARGUMENT**

Here, Vail Health has two personal rights and interests at stake in moving to quash the subpoena: (1) its right in enforcing (and not violating) the State Court's orders, and (2) its right in not duplicating discovery exhaustively pursued in the State Court Action.

**I. The Court Should Quash Plaintiffs' Subpoena Because It Violates the State Court's Forensic Protocol Orders.**

As quoted above, the Forensic Protocol Orders prohibit Mr. Horwith from communicating directly with the parties or their attorneys and from disclosing any component of the bit-stream images to anyone. (*See* Exhibits 6, 7.) Nevertheless, Plaintiffs' subpoena is a direct communication to Mr. Horwith, commands him to sit for a deposition (where Plaintiffs' counsel will have independent communications with Mr. Horwith for several hours), and commands him to produce activity logs (which Plaintiffs admit is a component of the image of Winninger's personal computer). (*See* Exhibit 1.) All of this violates the State Court's Forensic Protocol Orders, and for that reason alone, the Court should quash Plaintiffs' subpoena in its entirety.

Where compliance with a federal subpoena would result in the violation of a state court protective order, the subpoena creates an undue burden and must be quashed under Fed. R. Civ. P.

45. *See, e.g.*, *Chen v. City of Medina*, 2012 U.S. Dist. LEXIS 144755, at *4-5 (W.D. Wash. Oct. 5, 2012) ("In cases where a subpoena would subject a nonparty to contempt sanctions for disclosure of the requested documents under a state court protective order or injunction, federal courts have held that this creates an 'undue burden'. . . .") (collecting cases); *Donovan v. Lewnowski*, 221 F.R.D. 587, 588 (S.D. Fla. 2004) (same). Mr. Horwith's compliance with the subpoena would violate the Forensic Protocol Orders, which Vail Health spent significant amounts of time litigating to protect its interests. In addition, if Mr. Horwith's deposition were to go forward, Vail Health would have to choose between being in contempt of the Forensic Protocol Orders and waiving its rights to participate in his deposition. These circumstances place an undue burden on Vail Health and require that the Subpoena be quashed.

In addition, where a federal subpoena conflicts with a state court order, federal courts have often quashed based on "principles of comity, courtesy, . . . and federalism." *Chen*, 2012 U.S. Dist. LEXIS 144755, at *5-6; *see also Donovan*, 221 F.R.D. at 588 (holding that "principles of comity and respect for the effect of preexisting judicial orders" also require the federal court's prohibition of such discovery); *Flavorland Indus., Inc. v. United States*, 591 F.2d 524, 525 (9th Cir. 1979) (expressing "no desire to issue an order which would have the effect of contravening any purpose of [the state court judge] in preserving the orderly process of private litigation involving [the parties] which is pending before him," and directing the parties to address the issues with the state court).

These constraints are "not absolute," but should be imposed after consideration of the following factors: (1) the nature of the protective order issued by the state court (*i.e.*, comity and federalism are less constraining where the protective order was merely a "ministerial act"); (2) the

identity of the party from whom discovery is sought; (3) whether the state case remains pending; and (4) whether the federal court can enter its own protective order that will further the protections originally ordered by the state court. *See Donovan*, 221 F.R.D. at 589-90. In this case, each of these factors weigh in favor of quashing Plaintiffs' subpoena.

*First*, the Forensic Protocol Orders are not merely ministerial acts. They are the product of extensive negotiation and litigation and reflect a well-reasoned, case-specific effort by the State Court to delineate the rules and responsibilities surrounding the work of an independent, court-appointed expert. The Forensic Protocol Orders are by no means a run-of-the-mill protective order, agreed to by the parties, that the State Court merely rubber-stamped.

*Second*, Plaintiffs are seeking discovery from a court-appointed independent expert who functions as an officer of the State Court. As such, this Court should be particularly concerned with principles of comity, courtesy, and federalism in deciding whether to direct Mr. Horwith to comply with the subpoena absent further guidance from the State Court.

*Third*, at least three separate motions addressing these issues remain pending before the State Court. Although the State Court Action is currently stayed, the parties will have an opportunity to address these issues before the State Court without any undue burden on the Plaintiffs.

*Fourth*, even if there are ways to modify the Forensic Protocol Order that would allow Plaintiffs to seek discovery from Mr. Horwith in this federal action, the Court should not do so. Discovery issues surrounding Mr. Horwith, his work, and the data and devices he collected fall squarely within the State Court Action, and thus there is no justification for circumventing the State Court's orders to allow Plaintiffs to duplicate discovery—any such discovery has already

occurred on the State Court's terms. By contrast, as discussed below, not only is it unnecessary to encroach upon the State Court's orders to allow Plaintiffs to duplicate discovery here, this Court already held that the duplication of discovery from the State Court Action is prohibited.

In sum, because Plaintiffs' subpoena both violates the Forensic Protocol Orders and implicates principles of comity, courtesy, and federalism, the Court should quash the subpoena.

## II. The Court Should Quash Plaintiffs' Subpoena for the Independent Reason that It Seeks Duplicative Discovery and Thus Violates This Court's Scheduling Order.

Even if Plaintiffs' subpoena did not violate the Forensic Protocol Orders, it must be quashed because it seeks to duplicate discovery from the State Court Action. A subpoena presents an "undue burden" and must be quashed if it compels disclosure of information that is not properly discoverable. *AF Holdings, LLC v. Doe*, 752 F.3d 990, 995 (D.C. Cir. 2014). Here, the documents requested are not discoverable because the Scheduling Order provides that "discovery in the State Court Action may be used in this matter and should not be duplicated." (Dkt. No. 71, § 6.e, p. 19.)

The documents that Plaintiffs seek have all been produced in the State Court Action, or are otherwise independently available to Plaintiffs. As stated above, Plaintiffs' subpoena requests that Mr. Horwith produce: (a) "[a]ll written reports issued and signed by [Mr. Horwith] in the Eagle County Action"; (b) "[a]ll documents that [Mr. Horwith] produced to all the Parties in the Eagle County Action that were identified in any written report issued and signed by [Mr. Horwith] in the Eagle County Action"; (c) "[a]ll documents that [Mr. Horwith] produced to all Parties in the Eagle County action in response to the Special Master's March 3, 2020 Order Granting Vail Health's Motion Regarding Forensic Examination of Trade Secrets With Create Dates Outside of Forensic Protocol"; (d) "[t]he native files of the following event and activity logs from the image of Winninger's computer that [Plaintiffs' forensic expert] David Penrod delivered to [Mr. Horwith]

on a hard drive on or about February 24, 2020"; (e) "[a]ll invoices that [Mr. Horwith] issued for payment in the Eagle County Action"; and (f) "[a]ll copies of checks, or other forms of proof, identifying the party who made the payment, when the payment was made, and the amount paid for the invoices you issued in the Eagle County Action." (Exhibit 1.)

Mr. Horwith produced documents in categories (a), (b), and (c) to all parties in the State Court Action, as acknowledged by the subpoena's language. Documents in category (d) were created by Plaintiffs' expert and came from Plaintiff Winninger's computer. Vail Health has produced to Plaintiffs the invoices in category (e). The documents in category (f) have not been produced in the State Court Action because they have no bearing on any party's claims or defenses. However, Vail Health possesses documentation regarding its payment of Mr. Horwith and could produce those records if ordered to do so by the State Court or this Court. In sum, five of the six categories of documents Plaintiffs request from Mr. Horwith are already in their possession, and the sixth category is in Vail Health's possession and not in Mr. Horwith's exclusive possession. There is no reason to require Mr. Horwith to violate the State Court's Forensic Protocol Orders to produce these documents. For this independent reason, the Court should quash Plaintiffs' subpoena.

## III. At a Minimum, the Court Should Quash Plaintiffs' Subpoena Until the State Court Provides Guidance.

As described above, there are several open questions in the State Court Action that affect Mr. Horwith, his work, and the devices and data he collected. The parties have addressed these issues in at least three separate motions that the State Court will address once the stay is lifted. If the Court does not quash the subpoena entirely and permanently, the Court should at a minimum quash the subpoena until the State Court addresses these issues.

**CONCLUSION**

Vail Health respectfully requests that the Court quash Plaintiffs' subpoena or grant the alternative relief requested herein.

Dated: April 2, 2021

***s/ Shannon Wells Stevenson***

Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: jackie.roeder@dgslaw.com
shannon.stevenson@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH was filed via CM/ECF on this 2nd day of April 2021, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

*s/ Sandra Abram*
Sandra Abram