# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**DEFENDANT VAIL HEALTH'S OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO MICHAEL HORWITH**

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health"), pursuant to Federal Rule of

Civil Procedure 45, submits the following objections to the Subpoena that Plaintiffs Sports Rehab

Consulting, LLC and Lindsay Winninger (collectively, "Plaintiffs") issued to Michael Horwith.

## GENERAL OBJECTIONS

1.     Vail Health objects to the Subpoena in that it violates orders issued in *Winninger,*

*et al. v. Vail Health et al.*, Case No. 2017CV30102, in Eagle County district court (the "State

Court" or "State Court Action").  On February 6, 2018, the State Court appointed Michael Horwith

as the independent expert responsible for creating forensic images of the parties' devices and

conducting a forensic examination of the same.  To protect the independence of Horwith, his work,

and the forensic images, the State Court ordered as follows:

- "The independent expert shall ***not*** disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court." (Order for Selection of the Independent Expert, Imaging of Computers and Devices, and Forensic Exam, at 3 (Feb. 6, 2018), attached hereto as **Exhibit 1**; *see* Amendment to February 6, 2018 Order, at 5 (Aug. 16, 2018) (same), attached hereto as **Exhibit 2** (emphasis in originals).)

- "The independent expert may **not** have any independent communications with the parties or attorneys except [in circumstances not relevant here]." (Exhibit 1, at 4; *see* Exhibit 2, at 5 (same) (emphasis in originals).)

- "Any communications that the independent expert may have [] will be communicated to all three experts appointed by the parties at the same time, either orally or in writing." (Exhibit 1, at 4; *see* Exhibit 2, at 5 (same).)

In sum, the State Court prohibits Horwith from disclosing the forensic images to anyone or communicating directly with the parties or their attorneys. In violation of these prohibitions, Plaintiffs' subpoena commands Horwith to produce, *inter alia*, "event and activity logs *from the image* of Winninger's computer" and commands Horwith to sit for a deposition, where Plaintiffs' counsel will communicate directly with Horwith for several hours. Based on this objection, Vail Health requests that Plaintiffs withdraw the subpoena in its entirety.

2.  Vail Health further objects to the Subpoena as overly broad, unduly burdensome, and disproportionate to the needs of the case because all issues concerning Horwith, his work, and the forensic images he collected fall squarely within the scope of discovery and litigation in the State Court Action. The court's Scheduling Order in this case provides that the parties agree that "discovery in the State Court Action may be used in this matter and should not be duplicated." (Doc. 71, at § 6.e, p. 19.)

Dated:  March 22, 2021

_s/ Shannon Wells Stevenson_

Janet Savage
Shannon Wells Stevenson
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: janet.savage@dgslaw.com
         shannon.stevenson@dgslaw.com
         jackie.roeder@dgslaw.com
         daniel.richards@dgslaw.com

_Attorneys for Defendant VAIL CLINIC, INC.,
d/b/a VAIL HEALTH, a Colorado nonprofit
corporation._

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S OBJECTIONS TO PLAINTIFFS' SUBPOENA ON MICHAEL HORWITH was served via email on this 22nd day of March 2021:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

*s/ Paige Finnell*
Paige Finnell

# EXHIBIT 1

<table>
<tr><td>

DISTRICT COURT, EAGLE COUNTY
STATE OF COLORADO

885 Chambers Avenue
Eagle, CO 81631

**Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

v.

**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation.

**Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,

v.

**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

</td><td>

DATE FILED: February 6, 2018
CASE NUMBER: 2017CV30102

▲   COURT USE ONLY   ▲

Case No:  2017CV030102

Div.: 4      Ctrm: 4

</td></tr>
</table>

### PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S PROPOSED ORDER FOR SELECTION OF THE INDEPENDENT EXPERT, IMAGING OF COMPUTERS AND DEVICES, AND FORENSIC EXAMINATION

The parties agree that a computer forensic examination of certain devices and information may be required as part of the discovery process.  To streamline this process, the Court orders that a third-party independent expert make and maintain an exact bit-stream copy of the computers and devices and to conduct a forensic examination as set out in this Order.

Based on the foregoing, the Court orders that the parameters of a forensic examination in this action be completed as follows:

1. **Definitions.**  As used in this Order:

(a)   "action" means the above-captioned matter including any appeals;

(b)   "attorney" or "attorneys" mean counsel of record for a party to the action;

(c)   "Cimino USB devices" means the two physical electronic storage devices that Vail Health asserts that Cimino used to download Vail Health data and which Vail Health says have the following identification numbers:

    (1)   AC87HCC1000000221PNY; and

    (2)   NA05WMWE Seagate FreeAgent GoFlex USB Device;

(d)   "Cimino personal computer" means his personal laptop used from October 1, 2015, to the date the image is made;

(e)   "Cimino work computer" means the physical computer assigned to and used by Cimino during his employment with Vail Health;

(f)   "independent expert" means a certified forensic computer examiner selected by the computer forensic experts appointed by each party group;

(g)   "party" or "parties" mean a named party to this action;

(h)   "party group" means respectively:   (1) Winninger and Sports Rehab; (2) Kirchner and Vail Health (collectively "Vail Health"); and (3) Cimino;

(i)   "Vail Health spreadsheet" is branded VAIL_00000041-00000156 and is the universe of documents that Vail Health claims were taken by Cimino; and

(j)   "Winninger and Sports Rehab computers" mean the following:

    (1)   Winninger's personal laptop used from October 1, 2015, to the date the image is made;

    (2)   Brad Schoenthaler's personal laptop used from October 1, 2015, to the date the image is made; and

    (3)   Ron Harder's personal laptop used from October 1, 2015, to the date the image is made.

2.      **Selecting The Independent Expert.**

The parties have each designated a computer forensic expert to represent them, at each party's own cost, in selecting the independent expert:

    (a)   **Winninger And Sports Rehab.**  Winninger and Sports Rehab identify David Penrod of PenrodEllis Forensic Data Discovery.

    (b)   **Vail Health.**  Vail Health identifies Craig Bernard of Cyopsis.

    (c)   **Cimino.**  Cimino identifies Robert Kelso of Forensic Pursuit.

Within 14 days after the Court enters this Order, the parties' three experts shall confer and unanimously agree on the appointment of the independent expert.  The independent expert shall be a certified forensic computer examiner with at least 10 years of experience and located in the Denver or Boulder greater metropolitan area.

The independent expert selected must agree to be bound by the Protective Order and HIPAA Qualified Protective Order ("Protective Order") by signing the required Written Assurance substantially in the form of Exhibit A to the Protective Order.

3.      **Scope Of The Independent Expert's Engagement Is Limited.**

The independent expert's engagement shall be limited to the work specified in this Order, that is:  (1) to make a bit-stream image of the computers and devices subject to this Order; (2) to maintain the bit-stream images of the computers and devices for the pendency of this action; and (3) to conduct a forensic examination of the computers and devices as further set out in this Order.

The independent expert shall *not* disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court.

The independent expert shall ***not*** engage in any general electronic discovery of electronically-stored information as defined in C.R.C.P 26, such as word searches, predictive coding, and the like.   The independent forensic examiner shall also ***not*** search e-mails, text messages, or documents other than those identified on the Cimino USB devices.   If there is any question as to the scope of the independent expert's engagement, those questions should be addressed in writing to the three experts appointed by the parties.

The independent expert may ***not*** have any independent communications with the parties or attorneys except when providing a parties' attorney those documents that appear to be a match as more fully discussed in § 10 below.   Any communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing.

**4.      Parameters For Creating Bit-Stream Images Of The Computers And Devices.**

The independent expert shall preserve the integrity of all the electronically-stored information on all computers and devices by extracting mathematically verified forensic bit-stream images that are verified by using a SHA-1 cryptographic hashing algorithm.

**5.      The Parties To Provide Their Computers And Devices To The Independent Expert.**

Once an independent expert is selected, a schedule will be set for each party to deliver and have imaged the computers and devices identified in this Order.   Because the Winninger, Sports Rehab, and Cimino computers are used for business purposes, the independent expert shall image the Winninger, Sports Rehab, and Cimino

computers as they are delivered and shall return the computers to Winninger, Sports Rehab, and Cimino that same day.  Winninger, Schoenthaler, Harder, and Cimino shall personally maintain custody of their respective personal laptop computer that is forensically imaged in this action.

The Cimino USB devices are currently being held by the Eagle County District Attorney's Office.  The parties will agree in writing to an authorized, independent courier, who will transport the Cimino USB devices to the independent expert at an agreed upon scheduled time.  The Cimino work computer is currently being held by Vail Health's expert Cyopsis.  The parties will agree in writing to an authorized, independent courier, who will transport the Cimino work computer to the independent expert at an agreed upon scheduled time.  Once imaged, the Cimino USB devices and Cimino work computer shall be maintained by the independent expert until the conclusion of this action, or until the parties agree in writing that the Cimino USB devices and Cimino work computer should be transferred to another entity.

At the time the required devices and computers are delivered to the independent expert, the parties shall each serve an affidavit that shall contain:  (1) the description of each device and computer; (2) the chain of custody for each device and computer; (3) the identity of the owner of each device or computer; (4) the beginning and end dates each device and computer was used (if known); and (5) all persons who had access to or were assigned to each device and computer (if known) and the dates when such person was in possession of the device or computer, regardless of the time period. Winninger and Sports Rehab will provide an affidavit for the Winninger and Sports Rehab computers.  Cimino will provide an affidavit for the Cimino personal computer

and Cimino USB devices.  Vail Health will provide an affidavit for the Cimino work computer and Cimino USB devices.

**6.      The Independent Expert's Certification.**

After making the bit-stream images of the computers and devices, the independent expert shall issue a certification identifying that each bit-stream image conforms to the parameters set forth in § 4.  The certification shall be specific to each party, computer, and device and include a forensic imager authentication log.  The certification shall be in writing and provided to all parties.  To the extent that the bit-stream image does not comply with the requirements of this Order, a party may request in writing that the computer or device be reimaged and recertified.

**7.      Budget And Allocation Of Costs.**

Before beginning any work, the independent expert shall provide the parties with an estimate of the costs associated with the imaging and forensic examination of the computers and devices.

Each party group will be responsible for paying one-third of the costs of the services performed by the independent expert under this Order so long as the total costs for the forensic examination do not exceed $6,000.  If the total costs exceed $6,000, the parties shall meet and confer regarding the allocation of costs.  If the parties cannot agree on the allocation, any party may present this issue to the Court for final determination.

**8.      The Scope Of The Forensic Examination And The Independent Expert's Proposal.**

(a)      **Winninger And Sports Rehab.**  The purpose of the forensic examination as to Winninger and Sports Rehab is to determine whether (1) the Cimino

USB devices were attached to the Winninger and Sports Rehab computers, and (2) any documents on the Cimino USB devices are also on the Winninger and Sports Rehab computers.

(b)   **Cimino**.   The purpose of the forensic examination as to Cimino is to determine whether (1) the Cimino USB devices were attached to the Cimino personal computer or Cimino work computer; (2) any documents on the Cimino USB devices are on the Cimino personal computer or Cimino work computer; and (3) any documents on the Cimino work computer are also on the Cimino personal computer.

***Based on this search, the independent expert shall also determine[1]:***

- ***Which, if any, files are in common as between the Cimino USB devices, on the one hand, and the Winninger, Sports Rehab, and Cimino computers, on the other hand;***

- ***Which, if any, files were accessed or downloaded from the Cimino USB devices on each of Winninger's, Sports Rehab's, and Cimino's computers;***

- ***Which, if any, files were printed from the Cimino USB devices using Winninger's, Sports Rehab's, and/or Cimino's computers;***

- ***Which, if any, files were deleted from the Cimino USB devices using Winninger's, Sports Rehab's, and/or Cimino's computers;***

- ***Which, if any, files were transferred from the Cimino USB devices to any other device using Winninger's, Sports Rehab's, and/or Cimino's computers;***

- ***Which, if any, files were deleted from Winninger's, Sports Rehab's,***

---

[1] The Court extracted from Defendant's Proposed Form of Order the above language to more particularly define the scope of the Independent Expert; to the extent the Independent Expert finds the bold and italicized language extracted from the Defendant's Proposed Form of Order contradicts the other language contained in this Order, the Independent Expert shall contact the Court, outside the presence of the parties and/or their attorneys and obtain clarification from the Court.

> *and/or Cimino's computers after such files were accessed, printed, or downloaded from the Cimino USB devices;*
>
> - *Which files on the Cimino USB devices are also on the Cimino work computers;*
>
> - *Whether any wiping software has been used on Winninger's, Sports Rehab's, and/or Cimino's computers since December 1, 2015; and*
>
> - *When, if at all, the Cimino USB devices were connected to each of Winninger's, Sports Rehab's, and/or Cimino's computers.*

Throughout this examination process, the independent expert shall maintain the separate nature of the images being analyzed:  that is, on the one hand Winninger and Sports Rehab and on the other Cimino.  The forensic review does not include, as set forth in § 3 above, any general electronic discovery of electronically-stored information.

**9.    The Relevant Period For The Forensic Examination.**

(a)    **Winninger And Sports Rehab Computers:**  The relevant time period for the forensic review of the Winninger and Sports Rehab computers shall be October 1, 2015, to the imaged date.

(b)    **Cimino Personal Computer:**  The relevant time period for the forensic review of the Cimino personal computer shall be October 1, 2015, to the imaged date.

(c)    **Cimino USB Devices And Cimino Work Computer:**  There is no date restriction imposed on the Cimino USB devices or the Cimino work computer.

**10.    The Forensic Examination And The Identification Of Any "Matching" Documents.**

The independent expert shall use the following steps for the forensic examination.

***First****,* after imaging the computers and devices, the independent expert shall create a log of the documents, folders, and files found on (1) the Cimino USB devices; and (2) the Cimino work computer.  These logs shall provide all the pertinent data regarding the documents, folders, and files, including the type of file or document; the name of the document, folder, or file; the date created, accessed, and modified (including the time); the size of the document or file; whether the document, folder, or file was deleted; and any other information the independent expert deems necessary. The logs of the documents, folders, and files on the Cimino USB devices and Cimino work computer shall be provided to the parties' attorneys immediately after the independent expert completes the logs of the USB devices and the Cimino work computer.  The logs will initially be designated "attorneys' eyes only" under § 12 below.

***Second****,* the independent expert shall compare the logs of the Cimino USB devices and the Vail Health spreadsheet to determine whether the documents, folders, and files on both are the same.  (Vail Health shall provide the independent expert and the parties the Vail Health spreadsheet in its native Excel format within 7 days of the selection of the independent expert.)  If there are any discrepancies between the independent expert's logs and the Vail Health spreadsheet, the independent expert shall immediately inform the parties' attorneys of those discrepancies.  The independent expert's logs shall be the ones used for the forensic examination unless otherwise agreed to by all the parties, or ordered by the court.

**Third,** the independent expert shall determine whether the Cimino USB devices were attached to the Winninger and Sports Rehab computers.  If the USB devices were attached, the independent expert shall determine:  (1) when they were attached; and (2) whether any of the documents on the Cimino USB devices are also on the Winninger and Sports Rehab computer, including any deleted files or folders.

**Fourth**, the independent expert shall determine whether the Cimino USB devices were attached to the Cimino personal computer or the Cimino work computer.  If the USB devices were attached, the independent expert shall determine:  (1) when they were attached; and (2) whether any of the documents on the Cimino USB devices are also on the Cimino personal computer or Cimino work computer, including any deleted files or folders.

If the independent expert identifies any documents or files that the expert believes to be a match between the computers and devices, the independent expert shall provide those documents to the party on whose computer they were found (excluding the Cimino work computer).  For example, if a potential match is found between a document on Cimino's computer and one of the Cimino USB devices, the "matching" documents shall first be provided to Cimino's attorney to determine whether any privilege protects the document from disclosure.  If a document is privileged, the party claiming the privilege will identify the document on a privilege log.  Vail Health will never be included as a party to any privilege review.

The independent expert shall not disclose any potentially "matched" documents or files to any other party until such time as the attorney's review is complete.  The attorney reviewing any "matched" documents for privilege shall, within a reasonable

amount of time but not exceeding 14 days, inform the independent expert as to whether any documents should not be produced to the other parties on the basis of privilege. The independent expert shall not produce any document that a party has identified as privileged.

**11.      The Report Of The Independent Expert.**

Once the forensic examination and the privilege review in § 10 above is complete, the independent expert will submit a report to the parties' attorneys.

The report is to include the following:

- ▪ Identifying information about each computer or device examined, including the manufacturer, model, serial number, current operating system, and whether and when the operating system was reinstalled or upgraded;

- ▪ The specific computers, if any, that the Cimino USB devices were connected to and each instance when they were connected;

- ▪ A detailed list of documents, folders, and files that the independent expert believes to be a match, along with identifying information as to each computer and device where the documents were found;

- ▪ A copy of any "matched" documents, along with identifying information as to each computer and device where the documents were found; and

- ▪ Identification of whether any wiping software was used on any of the computers or devices since December 1, 2015, to the imaged date.

**12.   Confidentiality Designation For The Independent Expert Logs And Report.**

The independent expert logs and report, including any attachments and documents, will be designated "attorneys' eyes only" and subject to the Protective Order for 14 days after being provided to the parties' attorneys.  Within 14 days of receipt, a party seeking to maintain the "attorneys' eyes only" designation must serve written notice to the parties and provide the basis for maintaining the "attorneys' eyes only" designation.  If no notice is provided in 14 days, the independent expert report shall

cease to be designated "attorneys' eyes only" and shall be designated "confidential" under the Protective Order.

**13.    Imaging And Forensic Review Of Additional Computers, Devices, And Information Systems.**

The parties reserve the right to request a forensic review of additional computers, devices, and information systems based on information obtained through any forensic examinations and discovery.  The party making any such request must show that the review of additional computers, devices, and information systems is relevant to a claim or defense and that the discovery comports with the factors of proportionality, along with any other factors required by C.R.C.P. 26, or as may be ordered by the court.  The party making the request to review additional computers, devices, and information systems shall pay the costs associated with any such additional work.

IT IS, THEREFORE, **HEREBY ORDERED** that the foregoing is and shall be the method for discovery to be used in this case as set forth herein.

Dated:  February 6, 2018.

BY THE COURT:

Frederick W. Gannett
District Court Judge

# EXHIBIT 2

| DISTRICT COURT, EAGLE COUNTY, COLORADO | |
| --- | --- |
| Court Address:<br>885 Chambers Avenue, P.O. Box 597, Eagle, CO, 81631-0597 | DATE FILED: August 16, 2018 9:32 AM<br>CASE NUMBER: 2017CV30102 |
| **Plaintiff(s)** LINDSAY WINNINGER et al.<br>v.<br>**Defendant(s)** DORIS KIRCHNER et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2017CV30102 |
| | Division: 4          Courtroom: |
| **Order: Proposed Amended Order for Selection of the Independent Expert, Imaging of Computers and Devices, and Forensic Examination** | |

The motion/proposed order attached hereto: GRANTED.


Issue Date: 8/16/2018

*Frederick Walker Gannett*

FREDERICK WALKER GANNETT
District Court Judge

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631<br><br>**Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲   COURT   ▲ |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No: 2017CV030102<br><br>Div.: 4   Ctrm: 4 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |

## [PROPOSED] AMENDED ORDER FOR SELECTION OF THE INDEPENDENT EXPERT, IMAGING OF COMPUTERS AND DEVICES, AND FORENSIC EXAMINATION

4492614.4

The Court previously entered a Forensic Protocol Order on February 6, 2018, which it subsequently amended on May 14, 2018, regarding the selection of an independent expert, the imaging of computers and devices, and a forensic examination. Since such time, the parties retained Michael Horwith as the independent expert, and the parties' computers and devices have been delivered and imaged. A forensic examination, however, has not yet been conducted and, after a hearing on August 1, 2018, the Court has decided that a Replacement Order regarding such matters should now be entered. This Replacement Order supersedes all prior orders related to the forensic protocol.

The parties have agreed that a computer forensic examination of certain devices and information may be required as part of the discovery process. To streamline this process, the Court now orders that the third-party independent expert complete and maintain an exact bit-stream copy of the computers and devices listed below and to conduct a forensic examination as set out in this Order.

Based on the foregoing, the Court orders that the parameters of a forensic examination in this action be completed as follows:

1. **Definitions**. As used in this Order:

    (a)   "action" means the above-captioned matter including any appeals;

    (b)   "attorney" or "attorneys" mean counsel of record for a party to the action;

    (c)   "Cimino USB devices" means the two physical electronic storage devices that Vail Health asserts that Cimino used to download Vail Health data and which Vail Health says have the following identification numbers:

        (1)   AC87HCC1000000221PNY (the "PNY device"); and

        (2)   NA05WMWE Seagate FreeAgent GoFlex USB Device (the "GoFlex device");

    (d)   "Cimino personal computer" means his personal laptop used from October

1, 2015 to the date the image is made;

(e)     "Cimino downloaded documents" means:

(1)     the files and documents downloaded on the PNY device on December 1, 2015, or December 30, 2015—that is, the created date of the files and documents is either December 1, 2015, or December 30, 2015; and

(2)     the files and documents on the GoFlex device that Vail Health previously designated as either "Confidential," "Trade Secret," or "PHI" on Exhibit 1 to Vail Health's Third Supplemental Response to Plaintiffs' First Set of Interrogatories, which Vail Health served on April 23, 2018.  Vail Health will provide sufficient information to the independent expert to enable him to identify these documents.

(f)     "Cimino work computer" means the physical computer assigned to and used by Cimino during his employment with Vail Health;

(g)     "independent expert" means a certified forensic computer examiner selected by the computer forensic experts appointed by each party group;

(h)     "party" or "parties" mean a named party to this action;

(i)     "party group" means respectively:  (1) Winninger and Sports Rehab; Kirchner and Vail Health (collectively "Vail Health"); and (3) Cimino;

(j)     "Vail Health spreadsheet" is branded VAIL_00000041-00000156 and is the universe of documents that Vail Health claims were taken by Cimino;

(k)     Winninger and Sports Rehab computers" mean the following:

(1)     Winninger's personal laptop used from October 1, 2015 to the date the image is made;

(2)     Brad Schoenthaler's personal laptop used from October 1, 2015 to the date the image is made; and

(3)     Ron Harder's personal laptop used from October 1, 2015 to the date the image is made.

2.      **The Independent Expert**.

The parties have each designated a computer forensic expert to represent them, at each party's own cost to select and coordinate the forensic examination with the independent expert:

> (a)      **Winninger And Sports Rehab.**  Winninger and Sports Rehab identified David Penrod of PenrodEllis Forensic Data Discovery.
>
> (b)      **Vail Health.**  Vail Health identified Craig Bernard of Cyopsis.
>
> (c)      **Cimino.**  Cimino identified Robert Kelso of Forensic Pursuit.

Since the filing of the original forensic protocol order, the parties have engaged Michael Horwith to act as the independent expert under this Order.  Horwith shall remain the independent expert unless and until all the parties agree to his removal in writing or as ordered by the Court.  In such event, or if Horwith is unable to continue in such position for any other reason, within 14 days thereafter, the parties' three experts shall confer and unanimously agree on the appointment of a replacement independent expert.   The replacement independent expert shall be a certified forensic computer examiner with at least 10 years of experience and located in the Denver greater metropolitan area.

The replacement independent expert selected must agree to be bound by the Protective Order and HIPAA Qualified Protective Order ("Protective Order") by signing the required Written Assurance substantially in the form of Exhibit A to the Protective Order.

3.      **Scope Of The Independent Expert's Engagement Is Limited**.

The independent expert's engagement shall be limited to the work specified in this Order, that is:  (1) to make a bit-stream image of the devices subject to this Order; and

(2) to maintain the bit-stream images of the devices subject to this Order for the pendency of this action; and (3) to conduct a forensic examination of the computers and devices as further set out in this Replacement Order.

The independent expert shall *not* disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court.

The independent expert shall *not* engage in any general electronic discovery of electronically-stored information as defined in C.R.C.P 26, such as word searches, predictive coding, and the like.  The independent forensic examiner shall also *not* search e-mails, text messages, or documents other than those identified as the Cimino downloaded documents.  If there is any question as to the scope of the independent expert's engagement, those questions should be addressed to the three experts appointed by the parties in writing.

The independent expert may *not* have any independent communications with the parties or attorneys except when providing a parties' attorney those documents that appear to be a match as more fully discussed in § 10 below.  Any communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing.

4.    **Parameters For Creating Bit-Stream Images Of The Computers And Devices**.

The independent expert shall preserve the integrity of the electronically-stored information on all computers and devices by extracting mathematically verified forensic bit-stream images that are verified by using a SHA-1 cryptographic hashing algorithm.

5. **The Parties To Provide Their Computers And Devices To The Independent Expert**.

All computers and devices subject to the original and subsequent forensic protocol orders have been imaged by the independent expert.  The independent expert has returned the computers to Winninger, Sports Rehab, and Cimino.  Winninger, Schoenthaler, Harder, and Cimino shall each maintain custody of their respective personal laptop that is forensically imaged in this action.

The Cimino USB devices were held by the Eagle County District Attorney's Office. The parties agreed in writing to an authorized, independent courier to transport the Cimino USB devices to the independent expert.  The Cimino work computer was held by Cyopsis, and the parties agreed in writing to an authorized, independent courier to transport the Cimino work computer to the independent expert.  The Cimino USB devices and Cimino work computer have also been imaged and shall be maintained by the independent expert until the conclusion of this action, or until the parties agree in writing that the Cimino USB devices and Cimino work computer should be transferred to another entity.

Once a party delivers all the required devices and computers to the independent expert, each party shall serve an affidavit verifying that all the required devices and computers have been provided to the independent expert.  The affidavit shall contain the following information: (1) the description of each device and computer; (2) the chain of custody for each device and computer; (2) the identity of the owner of each device or computer; (3) the beginning and end dates each device and computer was used (if known); and (4) all persons who had access to each device and computer (if known).

6.      **The Independent Expert's Certification**.

After making the bit-stream images of the computers and devices, the independent expert shall issue a certification identifying that each bit-stream image conforms to the parameters set forth in § 4.  The certification shall be specific to each party, computer, and device and include a forensic imager authentication log.  The certification shall be in writing and provided to all parties.  To the extent that the bit-stream image does not comply with the requirements of this Order, a party may request in writing that the computer or device be reimaged and recertified.

7.      **Payment Of Costs**.

As ordered by the Court in its May 14, 2018 Order, Vail Health shall be responsible for paying all costs associated with the initial forensic examination.  If Vail Health is the prevailing party in this case, Defendant may move the Court at the conclusion of this case to request that the costs associated with the forensic examination be shifted to the nonprevailing parties.

8.      **The Scope Of The Forensic Examination**.

(a)     **Winninger And Sports Rehab**.  The purpose of the forensic examination as to Winninger and Sports Rehab is to determine whether (1) either of the Cimino USB devices were attached to the Winninger and Sports Rehab computers, and (2) any of the Cimino downloaded documents are found on the Winninger or Sports Rehab computers.  The time parameter for searching the Winninger and Sports Rehab computers for the Cimino downloaded documents is limited to November 1, 2015, up through the date the Winninger and Sports Rehab computers were imaged.

(b)     **Cimino**.  The purpose of the forensic examination as to Cimino is to determine whether (1) the Cimino USB devices were attached to the Cimino personal computer or Cimino work computer on or after November 1, 2015, and (2) any of the Cimino downloaded documents were downloaded on or after November 1, 2015, from the Cimino USB devices to the Cimino personal computer or Cimino work computer.

*Based on this search, the independent expert shall also determine*[1]:

- *Which, if any, files are in common between the Cimino downloaded documents, on the one hand, and the Winninger, Sports Rehab, and Cimino computers, on the other hand;*

- *Which, if any, of the Cimino downloaded documents were accessed or downloaded on each of Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, of the Cimino downloaded documents were printed using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, of the Cimino downloaded documents were deleted using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, of the Cimino downloaded documents were transferred to any other device using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, of the Cimino downloaded documents were deleted from Winninger's, Sports Rehab's, and/or Cimino's computers after such files were accessed, printed, or downloaded;*

- *Which files on the Cimino USB devices are also on the Cimino work computer;*

---

[1] The Court extracted from Defendant's Proposed Form of Order the above language to more particularly  define the scope of the independent expert; to the extent the independent expert finds the bold and italicized  language extracted from the Defendant's Proposed Form of Order contradicts the other language contained  in this Order, the independent expert shall contact the Court, outside the presence of the parties and/or  their attorneys and obtain clarification from the Court.

-8-

- ***Whether any wiping software has been used on Winninger's, Sports Rehab's, and/or Cimino's computers since December 1, 2015; and***

- ***When, if at all, the Cimino USB devices were connected to each of Winninger's, Sports Rehab's, and/or Cimino's computers.***

Throughout this examination process, the independent expert shall maintain the separate nature of the images being analyzed: that is, on the one hand Winninger and Sports Rehab and on the other Cimino.  The forensic review does not include, as set forth in § 3 above, any general electronic discovery of electronically-stored information.

9.     **The Relevant Period For The Forensic Examination**.

The independent expert's examination of the Winninger and Sports Rehab computers and the Cimino personal computer is limited to the Cimino downloaded documents.  The independent expert will then determine whether any of the Cimino downloaded documents were subsequently downloaded onto any Winninger and Sports Rehab computers and/or the Cimino personal computer on or after November 1, 2015 up through the date the computers were imaged, as previously ordered by the Court in its May 14, 2018 Order.

10.    **The Forensic Examination And The Identification Of Any "Matching Documents**."

The independent expert shall use the following steps for the forensic examination.

***First,*** after imaging the computers and devices, the independent expert shall create a log of the Cimino downloaded documents, as defined in § 1(e), above.  This log shall provide all the pertinent data regarding the documents, folders, and files, including the type of file or document; the name of the document, folder, or file; the date created,

accessed, and modified (including the time); the size of the document or file; whether the document, folder, or file was deleted; and any other information the independent expert deems necessary.  The log of the Cimino downloaded documents  shall be provided to the parties' attorneys immediately after the independent expert completes the log.  The log will be designated "attorneys' eyes only" under § 12 below.

*Second,* the independent expert shall determine whether the Cimino USB devices were attached to the Winninger and Sports Rehab computers.  If the USB devices were attached, the independent expert shall determine when they were attached.  Even if the Cimino USB devices were not attached to the Winninger or Sports Rehab computers, the independent expert shall determine whether any of the Cimino downloaded documents are found on the Winninger and Sports Rehab computers.  The time parameter for searching the Winninger and Sports Rehab computers for the Cimino downloaded documents is limited to November 1, 2015, up through the date the Winninger and Sports Rehab computers were imaged.

*Third,* the independent expert only will be given access to Sports Rehab's web-based platform where its electronic medical records are stored.  The independent expert shall not provide any information to any party as to what type of platform is used, how it is accessed, or what is stored there.  The sole purpose of providing the independent expert with access to the web-based platform is for the independent expert to determine whether any of the Cimino downloaded documents is stored in Sports Rehab's web-based platform.  The time parameter for searching the Sports Rehab web-based platform for the Cimino downloaded documents is limited to November 1, 2015, up through the date the system is examined.  To the extent any of the Cimino downloaded documents

-10-

are found on the Sports Rehab's web-based platform, the independent expert is authorized to make a copy of those documents.

**Fourth,** the independent expert shall determine whether the Cimino USB devices were attached to the Cimino personal computer or the Cimino work computer. If the USB devices were attached, the independent expert shall determine: (1) when they were attached; and (2) whether any of the Cimino downloaded documents are also on the Cimino personal computer or Cimino work computer, including any deleted files or folders. The time parameter for searching the Sports Rehab web-based platform for the Cimino downloaded documents is limited to November 1, 2015, up through the date the system is examined.

**Finally,** if the independent expert identifies any documents or files that the expert believes to be a match between the computers and devices, the independent expert shall provide those documents to the party on whose computer they were found (excluding the Cimino work computer). For example, if a potential match is found between a document on Cimino's personal computer and one of the Cimino USB devices, the "matching" documents shall first be provided to Cimino's attorney to determine whether any privilege protects the documents from disclosure. If a document is privileged, the party claiming the privilege will identify the documents on a privilege log. Vail Health will never be included as a party to any privilege review.

The independent expert shall not disclose any potentially "matched" documents or files to any other party until such time as the attorneys' review is complete. The attorney reviewing any "matched" documents for privilege shall, within a reasonable amount of time but not exceeding 7 days, inform the independent expert as to whether any

-11-

documents should not be produced to the other parties on the basis of privilege.   The independent expert shall not produce any document that a party has identified as privileged.

**11.    The Report Of The Independent Expert**.

Once the forensic examination and the privilege review in § 10 above is complete, the independent expert will submit a report to the parties' attorneys.

The report is to include the following:

- Identifying information about each computer or device examined, including the manufacturer, model, serial number, current operating system, and whether and when the operating system was reinstalled or upgraded;

- The specific computers, if any, that the Cimino USB devices were connected to and each instance when they were connected;

- A detailed list of documents, folders, and files that the independent expert believes to be a match, along with identifying information as to each computer and device where the documents were found;

- A copy of any "matched" documents, along with identifying information as to each computer and device where the documents were found; and

- Identification of whether any wiping software was used on any of the computers or devices since December 1, 2015, to the imaged date.

**12.    Confidentiality Designation For The Independent Expert Report**.

The independent expert report, including any attachments and documents, will be designated "attorneys' eyes only" and subject to the Protective Order for 14 days after it is provided to the parties' attorneys.  Within 14 days of receipt, a party seeking to maintain the "attorneys' eyes only" designation must serve written notice to the parties and provide the basis for maintaining the "attorneys' eyes only" designation.  If no notice is provided in 14 days, the independent expert report shall cease to be designated "attorney's eyes only" and shall be designated "confidential" under the Protective Order.  According to the

Court's May 14, 2018 Order, even if the information is designated "attorney's eyes only," the party representative is allowed to review the documents in the presence of the party's counsel.  The party representative shall not, however, take possession of any document marked "attorney's eyes only."

13.    **Imaging And Forensic Review Of Additional Computers, Devices, And Information Systems**.

The parties may request a forensic review of additional computers, devices, and information systems based on the information obtained through the forensic examination directed herein and discovery.  The party making any such request must show that the review of additional computers, devices, and information systems is relevant to a claim or defense and that the discovery comports with the factors of proportionality, along with any other factors required by C.R.C.P.  26, or as may be ordered by the court.  The party making the request to review additional computers, devices, and information systems shall pay the costs associated with any such additional work.

IT IS, THEREFORE, **HEREBY ORDERED** that the foregoing is and shall be the method for discovery to be used going forward in this case as set forth herein.

Dated: August ___, 2018.

BY THE COURT:

_____
Frederick W. Gannett District Court Judge