# EXHIBIT 4

| | |
|---|---|
| **From:** | Stevenson, Shannon |
| **Sent:** | Thursday, April 1, 2021 9:23 PM |
| **To:** | sonya braunschweig |
| **Cc:** | Alan Kildow; fwlawyers@gmail.com; Savage, Janet; Roeder, Jackie; Richards, Daniel |
| **Subject:** | RE: Horwith Subpoena conferral |

Alan, Sonya,

Thank you for circulating the draft Stipulation as to Michael Horwith.

In light of the federal court's scheduling order, we do not think it is necessary to require Mr. Horwith to reproduce documents that have already been produced in the state case. Pursuant to Paragraph 6(f) of the Scheduling Order (Dkt. No. 71), "[w]ithout waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated." Mr. Horwith produced in the state case the documents listed in Paragraphs 3(a)-(c) of the draft stipulation. We also believe that Vail Health produced in the state case the invoices referenced in Paragraph 3(d). Plaintiffs' expert has been included on multiple communications in which Mr. Horwith has stated that Vail Health has paid his invoices, so it is unclear why Plaintiffs need the information described in Paragraph 3(e) (or why it would be relevant to either case). However, to the extent such documents are produced in the state case, they would not need to be reproduced in the federal case, per the scheduling order.

Vail Health is amenable to entering into a stipulation with Plaintiffs that the types of documents described in Paragraphs 3(a)-(d) (which have previously been produced in the state case) are authentic, subject to our reviewing the specific documents and a proposed stipulation. If Plaintiffs send us a draft stipulation and copies of the documents Plaintiffs would like Vail Health to stipulate are authentic, we are happy to review it.

At this juncture, Vail Health is not able to stipulate that all the documents described in Paragraphs 3(a)-(e) are admissible, as requested in Paragraph 5 of the draft stipulation. We believe questions of admissibility and relevance were reserved pursuant to the scheduling order and are best addressed closer to trial.

In addition to the stipulation being unnecessary in light of the federal court's scheduling order, we believe a stipulation instructing Mr. Horwith to take certain actions in response to the document subpoena served by Plaintiffs, which presumably would then have to be sent to Mr. Horwith, violates the state court's order prohibiting the parties' counsel from directly communicating with Mr. Horwith. We do not believe the parties should enter into a stipulation that would violate an order of the state court.

Please let us know if you are willing to (1) work with Vail Health to enter into a stipulation regarding the authenticity of the documents referenced in the stipulation and (2) withdraw the deposition and document subpoena issued to Mr. Horwith. We also want to confirm that Plaintiffs would not seek Mr. Horwith's deposition in the future.

We believe that we are required to file the motion to quash before the initial compliance date on Monday, but are willing to continue working on a resolution tomorrow to avoid that if possible.

Thanks much, Shannon

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Thursday, April 1, 2021 8:25 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; fwlawyers@gmail.com; Savage, Janet <Janet.Savage@dgslaw.com>; Roeder,

Jackie <Jackie.Roeder@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** Re: Horwith Subpoena conferral

Shannon,

Attached is a stipulation related to Horwith. We assume that you will have no issues with this, as it resolves all issues you have with the Horwith deposition.

Best regards,

Sonya

On Tue, Mar 30, 2021 at 5:44 PM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:

> Alan:
>
> Just following up to confer about our motion to quash the Horwith subpoena—let me know if you have any suggestions on how to handle in light of our objections (attached).  Also, do you know what Horwith is planning to do?
>
> Because the deadline for his response on documents is Monday, April 5, I think we need to file our motion on or before then for it to be timely, unless we want to otherwise agree to defer the subpoena to a later date.
>
> **SHANNON WELLS STEVENSON** ▪ **Partner**
>
> P: 303.892.7328 ▪ F: 303.893.1379 ▪ vcard
>
> Davis Graham & Stubbs LLP
>
> 1550 17th Street, Suite 500 ▪ Denver, CO 80202
>
> A **LexMundi** Member

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.