# EXHIBIT 5

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Friday, April 2, 2021 11:13 AM |
| **To:** | Stevenson, Shannon |
| **Cc:** | Roeder, Jackie; Savage, Janet; Richards, Daniel; fwlawyers@gmail.com; 'sonya braunschweig' |
| **Subject:** | Sports Rehab, et al. v. Vail Health--Horwith Subpoena |

Counsel:

There are many issues that need to be addressed as part of this conferral process. I have identified them below:

First, before turning to the substance of your email, it must first be pointed out that Vail Health does not have a valid objection to the Horwith subpoena. Despite having been served with the subpoena by US Mail in accordance with Fed. R. Civ. P. 5, Vail Health "served" its objection by email. Under Fed. R. Civ. P. 5(b)(2)(E), service by electronic means is only allowed if the receiving "person consented in writing." Consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E) must be expressly given, in writing, and it cannot be implied. *See* Fed. R. Civ. P. 5, Advisory Committee Notes to 2001 Amendments ("The consent must be express, and cannot be implied from conduct"); *Standard Morgan Partners, Ltd. v. Union Ins. Co.*, No. H-09-4145, 2011 WL 1806499, at *1 (S.D. Tex. May 11, 2011) ("electronic service is permissible only when the person served has agreed to such service in writing").

The parties have no such written agreement, as is evident by Plaintiffs service of their Rule 26(a)(1) disclosures and the Rule 45 subpoena by U.S. Mail. The local rule, only compels service by email with respect to discovery requests and responses. Plaintiffs are aware of no other rule that would allow Vail Health to "serve" an objection to the subpoena by email. If we are somehow mistaken, please provide us the legal authority for Vail Health to "serve" its objection by email.

Second, the only purported "objection" in the March 22 email to the subpoena *duces tecum* relates to Winninger's connection logs from *her* computer. I am sure that your colleagues informed you that David Penrod produced the very same connection logs--in native form--from Winninger's computer. He also produced an Excel spreadsheet of the very same files. Upon agreement of the parties' representatives and in accordance with the Special Master's Order, Horwith obtained the connection logs from Penrod's image of Winninger's computer. In no way does Vail Health have any privacy interest in the connection logs of Winninger's computer and thus does not have standing to assert an objection based on *Winninger's image of her computer. See Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.*, Civil No. 3:16-CV-2470, at *4 (M.D. Pa. May 17, 2017) ("Generally speaking, "a party does not have standing to quash a subpoena served on a third party." *Castle v. Crouse*, 2004 U.S. Dist. LEXIS 9950, at *3 (E.D. Pa. May 25, 2004)(*citing Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (further citations omitted). If, however, a party claims a property right or privilege in the subpoenaed documents, then an exception to this general rule may arise and provide that individual or entity with standing. *Id; Barcelon v. Landforce Corp.*, No. 2:18-cv-01493-GMN-DJA, at *4 (D. Nev. June 3, 2020) (""[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007)).

Third, as to the a deposition of Horwith, it is unclear under what provision of the Forensic Protocol Order you are relying upon to assert that a party cannot depose a court-appointed expert. Please explain where in the Forensic Protocol Order that the Eagle County district court changed in any way the standing rule under C.R.E. 706, which expressly provides parties the right to take the deposition of a court-appointed expert. Additionally, if it is somehow improper for the parties' attorneys to ask Horwith any questions about this report or the documents he produced, then how are attorneys going to be able to question him at trial? Further, if questioning Horwith is not permitted, then please explain why the Eagle County district court apparently gave Horwith permission to communicate with the attorneys directly on January 5, 2020, as Horwith stated in a January 5 email sent to your colleagues?

Fourth, in response to the proposed stipulation, you have now raised additional issues with the subpoena duces tecum. Those purported "objections" are untimely and we need not address them here.

1

Finally, it is clear what Vail Health intends to do here.  They are trying to preclude relevant and admissible evidence from being presented in this action, which is relevant to Plaintiffs' claims of sham litigation.  As you likely know, Horwith is retiring and plans to travel for 5 months beginning at the end of this month. By "objecting" to the subpoena on baseless grounds, Vail Health seeks to delay the deposition long enough so that Horwith will be gone when Plaintiffs seek to present this evidence to the Court.  This is evident from the improper communications that Defendants' expert representative sent to Horwith, which were clearly drafted by Vail Health's counsel to influence Horwith to not comply with a valid federal court subpoena.

Please let us know when you would like to discuss these issues by phone.  We are available this afternoon.

Alan Kildow
970-390-6675