# EXHIBIT 6

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: February 6, 2018<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲   COURT USE ONLY   ▲<br>Case No:  2017CV030102 |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Div.: 4      Ctrm: 4 |
| **PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S PROPOSED ORDER FOR SELECTION OF THE INDEPENDENT EXPERT, IMAGING OF COMPUTERS AND DEVICES, AND FORENSIC EXAMINATION** | |

The parties agree that a computer forensic examination of certain devices and information may be required as part of the discovery process. To streamline this process, the Court orders that a third-party independent expert make and maintain an exact bit-stream copy of the computers and devices and to conduct a forensic examination as set out in this Order.

Based on the foregoing, the Court orders that the parameters of a forensic examination in this action be completed as follows:

1. **Definitions.**  As used in this Order:

    (a)  "action" means the above-captioned matter including any appeals;

    (b)  "attorney" or "attorneys" mean counsel of record for a party to the action;

    (c)  "Cimino USB devices" means the two physical electronic storage devices that Vail Health asserts that Cimino used to download Vail Health data and which Vail Health says have the following identification numbers:

    (1)  AC87HCC1000000221PNY; and

    (2)  NA05WMWE Seagate FreeAgent GoFlex USB Device;

    (d)  "Cimino personal computer" means his personal laptop used from October 1, 2015, to the date the image is made;

    (e)  "Cimino work computer" means the physical computer assigned to and used by Cimino during his employment with Vail Health;

    (f)  "independent expert" means a certified forensic computer examiner selected by the computer forensic experts appointed by each party group;

    (g)  "party" or "parties" mean a named party to this action;

    (h)  "party group" means respectively:  (1) Winninger and Sports Rehab; (2) Kirchner and Vail Health (collectively "Vail Health"); and (3) Cimino;

    (i)  "Vail Health spreadsheet" is branded VAIL_00000041-00000156 and is the universe of documents that Vail Health claims were taken by Cimino; and

    (j)  "Winninger and Sports Rehab computers" mean the following:

    (1)  Winninger's personal laptop used from October 1, 2015, to the date the image is made;

    (2)  Brad Schoenthaler's personal laptop used from October 1, 2015, to the date the image is made; and

    (3)  Ron Harder's personal laptop used from October 1, 2015, to the date the image is made.

**2.    Selecting The Independent Expert.**

The parties have each designated a computer forensic expert to represent them, at each party's own cost, in selecting the independent expert:

(a) **Winninger And Sports Rehab.** Winninger and Sports Rehab identify David Penrod of PenrodEllis Forensic Data Discovery.

(b) **Vail Health.** Vail Health identifies Craig Bernard of Cyopsis.

(c) **Cimino.** Cimino identifies Robert Kelso of Forensic Pursuit.

Within 14 days after the Court enters this Order, the parties' three experts shall confer and unanimously agree on the appointment of the independent expert. The independent expert shall be a certified forensic computer examiner with at least 10 years of experience and located in the Denver or Boulder greater metropolitan area.

The independent expert selected must agree to be bound by the Protective Order and HIPAA Qualified Protective Order ("Protective Order") by signing the required Written Assurance substantially in the form of Exhibit A to the Protective Order.

**3.    Scope Of The Independent Expert's Engagement Is Limited.**

The independent expert's engagement shall be limited to the work specified in this Order, that is: (1) to make a bit-stream image of the computers and devices subject to this Order; (2) to maintain the bit-stream images of the computers and devices for the pendency of this action; and (3) to conduct a forensic examination of the computers and devices as further set out in this Order.

The independent expert shall *not* disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court.

3

The independent expert shall *not* engage in any general electronic discovery of electronically-stored information as defined in C.R.C.P 26, such as word searches, predictive coding, and the like. The independent forensic examiner shall also *not* search e-mails, text messages, or documents other than those identified on the Cimino USB devices. If there is any question as to the scope of the independent expert's engagement, those questions should be addressed in writing to the three experts appointed by the parties.

The independent expert may *not* have any independent communications with the parties or attorneys except when providing a parties' attorney those documents that appear to be a match as more fully discussed in § 10 below. Any communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing.

**4.     Parameters For Creating Bit-Stream Images Of The Computers And Devices.**

The independent expert shall preserve the integrity of all the electronically-stored information on all computers and devices by extracting mathematically verified forensic bit-stream images that are verified by using a SHA-1 cryptographic hashing algorithm.

**5.     The Parties To Provide Their Computers And Devices To The Independent Expert.**

Once an independent expert is selected, a schedule will be set for each party to deliver and have imaged the computers and devices identified in this Order. Because the Winninger, Sports Rehab, and Cimino computers are used for business purposes, the independent expert shall image the Winninger, Sports Rehab, and Cimino

computers as they are delivered and shall return the computers to Winninger, Sports Rehab, and Cimino that same day. Winninger, Schoenthaler, Harder, and Cimino shall personally maintain custody of their respective personal laptop computer that is forensically imaged in this action.

The Cimino USB devices are currently being held by the Eagle County District Attorney's Office. The parties will agree in writing to an authorized, independent courier, who will transport the Cimino USB devices to the independent expert at an agreed upon scheduled time. The Cimino work computer is currently being held by Vail Health's expert Cyopsis. The parties will agree in writing to an authorized, independent courier, who will transport the Cimino work computer to the independent expert at an agreed upon scheduled time. Once imaged, the Cimino USB devices and Cimino work computer shall be maintained by the independent expert until the conclusion of this action, or until the parties agree in writing that the Cimino USB devices and Cimino work computer should be transferred to another entity.

At the time the required devices and computers are delivered to the independent expert, the parties shall each serve an affidavit that shall contain: (1) the description of each device and computer; (2) the chain of custody for each device and computer; (3) the identity of the owner of each device or computer; (4) the beginning and end dates each device and computer was used (if known); and (5) all persons who had access to or were assigned to each device and computer (if known) and the dates when such person was in possession of the device or computer, regardless of the time period. Winninger and Sports Rehab will provide an affidavit for the Winninger and Sports Rehab computers. Cimino will provide an affidavit for the Cimino personal computer

5

and Cimino USB devices. Vail Health will provide an affidavit for the Cimino work computer and Cimino USB devices.

**6.   The Independent Expert's Certification.**

After making the bit-stream images of the computers and devices, the independent expert shall issue a certification identifying that each bit-stream image conforms to the parameters set forth in § 4. The certification shall be specific to each party, computer, and device and include a forensic imager authentication log. The certification shall be in writing and provided to all parties. To the extent that the bit-stream image does not comply with the requirements of this Order, a party may request in writing that the computer or device be reimaged and recertified.

**7.   Budget And Allocation Of Costs.**

Before beginning any work, the independent expert shall provide the parties with an estimate of the costs associated with the imaging and forensic examination of the computers and devices.

Each party group will be responsible for paying one-third of the costs of the services performed by the independent expert under this Order so long as the total costs for the forensic examination do not exceed $6,000. If the total costs exceed $6,000, the parties shall meet and confer regarding the allocation of costs. If the parties cannot agree on the allocation, any party may present this issue to the Court for final determination.

**8.   The Scope Of The Forensic Examination And The Independent Expert's Proposal.**

    (a)   **Winninger And Sports Rehab.** The purpose of the forensic examination as to Winninger and Sports Rehab is to determine whether (1) the Cimino

6

        USB devices were attached to the Winninger and Sports Rehab computers, and (2) any documents on the Cimino USB devices are also on the Winninger and Sports Rehab computers.

(b) **Cimino**. The purpose of the forensic examination as to Cimino is to determine whether (1) the Cimino USB devices were attached to the Cimino personal computer or Cimino work computer; (2) any documents on the Cimino USB devices are on the Cimino personal computer or Cimino work computer; and (3) any documents on the Cimino work computer are also on the Cimino personal computer.

*Based on this search, the independent expert shall also determine[1]:*

- *Which, if any, files are in common as between the Cimino USB devices, on the one hand, and the Winninger, Sports Rehab, and Cimino computers, on the other hand;*

- *Which, if any, files were accessed or downloaded from the Cimino USB devices on each of Winninger's, Sports Rehab's, and Cimino's computers;*

- *Which, if any, files were printed from the Cimino USB devices using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, files were deleted from the Cimino USB devices using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, files were transferred from the Cimino USB devices to any other device using Winninger's, Sports Rehab's, and/or Cimino's computers;*

- *Which, if any, files were deleted from Winninger's, Sports Rehab's,*

---

[1] The Court extracted from Defendant's Proposed Form of Order the above language to more particularly define the scope of the Independent Expert; to the extent the Independent Expert finds the bold and italicized language extracted from the Defendant's Proposed Form of Order contradicts the other language contained in this Order, the Independent Expert shall contact the Court, outside the presence of the parties and/or their attorneys and obtain clarification from the Court.

7

> *and/or Cimino's computers after such files were accessed, printed, or downloaded from the Cimino USB devices;*
> 
> - *Which files on the Cimino USB devices are also on the Cimino work computers;*
> - *Whether any wiping software has been used on Winninger's, Sports Rehab's, and/or Cimino's computers since December 1, 2015; and*
> - *When, if at all, the Cimino USB devices were connected to each of Winninger's, Sports Rehab's, and/or Cimino's computers.*

Throughout this examination process, the independent expert shall maintain the separate nature of the images being analyzed: that is, on the one hand Winninger and Sports Rehab and on the other Cimino. The forensic review does not include, as set forth in § 3 above, any general electronic discovery of electronically-stored information.

9. **The Relevant Period For The Forensic Examination.**

    (a) **Winninger And Sports Rehab Computers:** The relevant time period for the forensic review of the Winninger and Sports Rehab computers shall be October 1, 2015, to the imaged date.

    (b) **Cimino Personal Computer:** The relevant time period for the forensic review of the Cimino personal computer shall be October 1, 2015, to the imaged date.

    (c) **Cimino USB Devices And Cimino Work Computer:** There is no date restriction imposed on the Cimino USB devices or the Cimino work computer.

10. **The Forensic Examination And The Identification Of Any "Matching" Documents.**

The independent expert shall use the following steps for the forensic examination.

*First*, after imaging the computers and devices, the independent expert shall create a log of the documents, folders, and files found on (1) the Cimino USB devices; and (2) the Cimino work computer. These logs shall provide all the pertinent data regarding the documents, folders, and files, including the type of file or document; the name of the document, folder, or file; the date created, accessed, and modified (including the time); the size of the document or file; whether the document, folder, or file was deleted; and any other information the independent expert deems necessary. The logs of the documents, folders, and files on the Cimino USB devices and Cimino work computer shall be provided to the parties' attorneys immediately after the independent expert completes the logs of the USB devices and the Cimino work computer. The logs will initially be designated "attorneys' eyes only" under § 12 below.

*Second*, the independent expert shall compare the logs of the Cimino USB devices and the Vail Health spreadsheet to determine whether the documents, folders, and files on both are the same. (Vail Health shall provide the independent expert and the parties the Vail Health spreadsheet in its native Excel format within 7 days of the selection of the independent expert.) If there are any discrepancies between the independent expert's logs and the Vail Health spreadsheet, the independent expert shall immediately inform the parties' attorneys of those discrepancies. The independent expert's logs shall be the ones used for the forensic examination unless otherwise agreed to by all the parties, or ordered by the court.

*Third,* the independent expert shall determine whether the Cimino USB devices were attached to the Winninger and Sports Rehab computers. If the USB devices were attached, the independent expert shall determine: (1) when they were attached; and (2) whether any of the documents on the Cimino USB devices are also on the Winninger and Sports Rehab computer, including any deleted files or folders.

*Fourth,* the independent expert shall determine whether the Cimino USB devices were attached to the Cimino personal computer or the Cimino work computer. If the USB devices were attached, the independent expert shall determine: (1) when they were attached; and (2) whether any of the documents on the Cimino USB devices are also on the Cimino personal computer or Cimino work computer, including any deleted files or folders.

If the independent expert identifies any documents or files that the expert believes to be a match between the computers and devices, the independent expert shall provide those documents to the party on whose computer they were found (excluding the Cimino work computer). For example, if a potential match is found between a document on Cimino's computer and one of the Cimino USB devices, the "matching" documents shall first be provided to Cimino's attorney to determine whether any privilege protects the document from disclosure. If a document is privileged, the party claiming the privilege will identify the document on a privilege log. Vail Health will never be included as a party to any privilege review.

The independent expert shall not disclose any potentially "matched" documents or files to any other party until such time as the attorney's review is complete. The attorney reviewing any "matched" documents for privilege shall, within a reasonable

10

amount of time but not exceeding 14 days, inform the independent expert as to whether any documents should not be produced to the other parties on the basis of privilege. The independent expert shall not produce any document that a party has identified as privileged.

11. **The Report Of The Independent Expert.**

Once the forensic examination and the privilege review in § 10 above is complete, the independent expert will submit a report to the parties' attorneys.

The report is to include the following:

- Identifying information about each computer or device examined, including the manufacturer, model, serial number, current operating system, and whether and when the operating system was reinstalled or upgraded;

- The specific computers, if any, that the Cimino USB devices were connected to and each instance when they were connected;

- A detailed list of documents, folders, and files that the independent expert believes to be a match, along with identifying information as to each computer and device where the documents were found;

- A copy of any "matched" documents, along with identifying information as to each computer and device where the documents were found; and

- Identification of whether any wiping software was used on any of the computers or devices since December 1, 2015, to the imaged date.

12. **Confidentiality Designation For The Independent Expert Logs And Report.**

The independent expert logs and report, including any attachments and documents, will be designated "attorneys' eyes only" and subject to the Protective Order for 14 days after being provided to the parties' attorneys. Within 14 days of receipt, a party seeking to maintain the "attorneys' eyes only" designation must serve written notice to the parties and provide the basis for maintaining the "attorneys' eyes only" designation. If no notice is provided in 14 days, the independent expert report shall

11

cease to be designated "attorneys' eyes only" and shall be designated "confidential" under the Protective Order.

**13. Imaging And Forensic Review Of Additional Computers, Devices, And Information Systems.**

The parties reserve the right to request a forensic review of additional computers, devices, and information systems based on information obtained through any forensic examinations and discovery. The party making any such request must show that the review of additional computers, devices, and information systems is relevant to a claim or defense and that the discovery comports with the factors of proportionality, along with any other factors required by C.R.C.P. 26, or as may be ordered by the court. The party making the request to review additional computers, devices, and information systems shall pay the costs associated with any such additional work.

IT IS, THEREFORE, **HEREBY ORDERED** that the foregoing is and shall be the method for discovery to be used in this case as set forth herein.

Dated: February 6, 2018.

BY THE COURT:

_Frederick W. Gannett_
Frederick W. Gannett
District Court Judge