# EXHIBIT 8

| | |
|---|---|
| **DISTRICT COURT, EAGLE COUNTY, COLORADO**<br><br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, Colorado 81631 | DATE FILED: March 15, 2021 11:10 AM<br>FILING ID: 935C503CFDE7B<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:**<br>DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, | ☐ COURT USE ONLY ☐ |
| **Counter-Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Counter-Defendants:**<br>LINDSAY WINNINGER, an individual and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No. 2017CV030102<br><br>Division 3 |
| **Third-Party Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:**<br>DAVID J. CIMINO, an individual. | |

- 2 -

| | |
|---|---|
| Janet Savage, #11653<br>Jacqueline V. Roeder, #48046<br>Daniel A. Richards, #50457<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, Colorado 80202<br>Telephone: 303.892.9400<br>Facsimile:  303.893.1379<br>E-mail:     janet.savage@dgslaw.com<br>               jackie.roeder@dgslaw.com<br>               daniel.richards@dgslaw.com<br><br>*Attorneys for Defendant Doris Kirchner and Counter-Plaintiff and Third-Party Plaintiff Vail Clinic, Inc. d/b/a Vail Health* | |
| **[JUDGE GRANGER] DEFENDANTS' MOTION TO ENFORCE THE FORENSIC PROTOCOL ORDER AND REQUEST FOR EXPEDITED BRIEFING** | |

Defendants hereby move the Court, the Honorable Russell Holton Granger Presiding, to enforce the Forensic Protocol Order and order expedited briefing on this matter as follows.

**CERTIFICATE OF CONFERRAL**

As detailed below, Defendants twice explained to Plaintiffs' counsel that Defendants believe certain conduct by Plaintiffs' counsel violates the Forensic Protocol Order.  Plaintiffs did not respond.  Hence, Defendants now seek to enforce the Forensic Protocol Order.

**INTRODUCTION**

The independent forensic expert, Michael Horwith, seeks to resign, and it has become clear in recent days that Plaintiffs do not intend to comply with the Forensic Protocol Order as to Horwith and his work.  They have issued a subpoena in the related federal case requiring that Horwith sit for a deposition and produce data in Horwith's possession.  Plaintiffs have also

communicated directly with Horwith in connection with the documents they are seeking and his appearance at the deposition. Defendants are filing this Motion to enforce the Forensic Protocol Order as applied to Plaintiffs' conduct. As described in more detail below, the Court's enforcement is important—it will affect how Horwith should transfer of the devices and data as well as the acceptable parameters of discovery from all parties.

## BACKGROUND

Pursuant to the Court's February 6, 2018 Order on Forensic Examination, Michael Horwith was appointed to conduct an examination of certain devices and information as part of the discovery process in this case. (*See generally* Pls.' and Third-Party Def.'s Proposed Order For Selection of the Ind. Expert, Imaging of Computers and Devices, and Forensic Exam. (Feb. 6, 2018), attached hereto as Exhibit 1.) The Court thereafter issued several Amendments to the February 6, 2018 Order—the only Amendment relevant to this Motion was issued on August 16, 2018. (*See* Amendment (Aug. 16, 2018), attached hereto as Exhibit 2 (the August 16, 2018 Order and all Amendments, together, the "Forensic Protocol Order").

The Forensic Protocol Order contains several provisions designed to maintain the independence of Horwith and the data and information he collected:

- "The independent expert shall **not** disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court." (Exhibit 1, at 3; *see* Exhibit 2, at 5 (same) (emphasis in originals).)

- "The independent expert may **not** have any independent communications with the parties or attorneys except [in circumstances not relevant here]." (Exhibit 1, at 4; *see* Exhibit 2, at 5 (same) (emphasis in originals).)

- "Any communications that the independent expert may have [] will be communicated to all three experts appointed by the parties at the same time, either orally or in writing." (Exhibit 1, at 4; *see* Exhibit 2, at 5 (same).)

- 3 -

As the Court may be aware from Plaintiffs' and Cimino's Motion Related to the Independent Expert Michael Horwith, filed March 4, 2021, and from Defendants' Cross-Motion on the same issue, filed March 5, 2021, Horwith seeks to resign from his court-appointed role. At the time of filing of these motions, Plaintiffs represented that they believed, in compliance with the Forensic Protocol Order, that no party should have access to any of Horwith's data or devices. Just days later, after making this representation to the court, Plaintiffs served a subpoena on Horwith to compel production of documents and data in his file and to compel him to appear for a deposition.

Until receiving Plaintiffs' subpoena Monday afternoon, Defendants believed it was indisputable that Horwith would provide his file devices and data in a manner consistent with the Forensic Protocol Order. In fact, Plaintiffs' and Cimino's Motion purports to reflect this supposed understanding. They represented to the Court that they believed that the Forensic Protocol Order required Horwith to place all the devices in "a sealed box," label the box "ONLY TO BE OPENED BY COURT ORDER," and deposit the sealed box with the Court. (*See generally* Pls.' and Cimino's Mot. (Mar. 4, 2021).) Of course, at the time they made this representation to the Court they did not disclose that Plaintiffs were planning to subpoena documents and data from Horwith. Plaintiffs and Cimino also ask that Cimino's counsel be permitted to deliver the sealed box to the Court, assuring the Court that Cimino's counsel will not "open a Court-ordered sealed box [or] tamper and destroy information in that box." (*Id.* at 7.) Finally, they request that "no one shall have access to any of the devices and data unless and until this Court so orders." (*Id.* at 5.)

However, just days after making these representations, on March 8, 2021, Plaintiffs issued a subpoena in Plaintiffs' pending and related federal case for Horwith's deposition and requested

- 4 -

that he produce, *inter alia*, the "activity logs" located on the image of Winninger's computer. (Pls.' Fed. Subpoena to Horwith, at 4, attached hereto as Exhibit 3.) Most striking, those activity logs from the image of Winninger's computer are located *on one of the devices* that Plaintiffs and Cimino urge the Court to keep secure and free from party interference. (Pls.' and Cimino's Mot. at 4 (chart identifying "Winninger Laptop Image" on a "hard drive . . . in [Horwith's] custody).)

In response to the subpoena, on March 8, 2021, Horwith issued a letter to Plaintiffs' counsel, explaining that he would not comply with the subpoena unless (a) Plaintiffs prepaid his costs in complying, and (b) Plaintiffs paid the $1,200 that Horwith incurred in performing work in August 2020 at Plaintiffs' request (and without Defendants' knowledge or consent). (*See* Horwith Ltr. to Kildow (Mar. 8, 2021), attached hereto as Exhibit 4.) In response to that letter, on March 9, 2021, Kildow then sent a letter to Horwith asserting, *inter alia*, that Horwith "must have misunderstood that the subpoena was issued from the Colorado *federal* district court action, not the Eagle County action in which the court appointed you as an independent forensic expert under the Forensic Protocol Order." (*See* Kildow Ltr. to Horwith (Mar. 10, 2021), attached hereto as Exhibit 5 (emphasis in the original).)

On March 9 and 10, 2021, counsel for Defendants twice requested that counsel for Plaintiffs withdraw the subpoena and cease communication with Horwith. Counsel for Plaintiffs did not respond. As a result, Defendants file this Motion to clarify the parties' and their counsel's existing obligations under the Forensic Protocol Order.

# MOTION

## I. Defendants Seek to Enforce the Forensic Protocol Order.

Absent an order from this Court and without authorization by all parties, Plaintiffs and Plaintiffs' counsel (a) seek to obtain data contained on the devices in Horwith's possession via their federal subpoena, and (b) have communicated directly with Horwith and will continue to do so at the proposed deposition. The cited paragraphs of the Forensic Protocol Order clearly indicate that such conduct is prohibited.

The Court's enforcement of the Forensic Protocol Order is important primarily because the parties are in the middle of determining how to facilitate Horwith's transfer of these devices and data. While Plaintiffs urge the Court that the only appropriate way to proceed is to have Horwith place the devices in a sealed box and deposit them with the Court, their own actions in preempting this process undermine their argument. Obviously, Plaintiffs are attempting to obtain data from Horwith that they are simultaneously seeking to prevent Defendants from getting. It appears that Plaintiffs' plan is to obtain data from these devices via their subpoena and then have them locked away unavailable to Defendants. This cannot be allowed. To note, if the Court does allow Plaintiffs to obtain the data, then there is all the more reason to have Horwith transfer the devices and data to a forensic platform maintained by another forensic expert, not the Court. (*See generally* Defs.' Cross-Mot. (Mar. 5, 2021).)

Indeed, if the Court agrees that Plaintiffs' conduct is prohibited under the Forensic Protocol Order, counsel for Plaintiffs will need to cease communication with Horwith and withdraw the subpoena (or risk being held in contempt). Thus far, Plaintiffs' counsel apparently believes that the Forensic Protocol Order does not apply to his conduct in federal court. (*See, e.g.*, Exhibit 4 (".

. . you must have misunderstood that the subpoena was issued from the Colorado *federal* district court action, not the Eagle County action in which the court appointed you as an independent forensic expert under the Forensic Protocol Order.") (emphasis in the original).)

Finally, the Court's enforcement of the Forensic Protocol Order will help provide guidance to the federal court in connection with Plaintiffs' issuance of this subpoena. Of course, another problem demonstrated by Plaintiffs' conduct is that they are obviously seeking to relitigate issues in federal court that have been fully litigated in state court.

## II. Defendants Request Expedited Briefing on this Motion.

Because resolution of this Motion will impact the outstanding briefing on Horwith's resignation,[1] and because Plaintiffs have ordered Horwith to produce documents by April 5, 2021, and to appear at a deposition on April 9, 2021, Defendants request expedited briefing on this Motion. Specifically, Defendants request that the Court order Plaintiffs and Cimino to file their responses (or joint response) to this Motion by March 19, 2021. Defendants will file a short reply in support of the Motion by March 22, 2021 so that briefing is complete as of that date.

## CONCLUSION

For these reasons, Defendants request the court to clarify the Forensic Protocol Order and order expedited briefing on this Motion. A separate proposed order for each request is attached hereto.

---

[1] The deadline for Defendants' Opposition to Plaintiffs' Motion Related to Michael Horwith is March 25, 2021. Meanwhile, the deadline for Plaintiffs' Opposition to Defendants' Cross-Motion Related to Michael Horwith is March 26, 2021.

- 7 -

- 8 -

Dated:  March 15, 2021  *s/Janet Savage*
Janet Savage, Colo. #11653
Daniel A. Richards, Colo. #48046
Jacqueline V. Roeder, Colo. #50457
Davis Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
E-mail:  Janet.savage@dgslaw.com
Daniel.richards@dgslaw.com
Jackie.roeder@dgslaw.com

*Attorneys for Defendants Doris Kirchner and Vail Clinic Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed via Colorado Courts E-Filing on this 15th day of March, 2021, which will serve notice to the following:

John W. Madden, III
THE MADDEN LAW FIRM
999 18th Street, Suite 1500 South
Denver, Colorado 80202
Telephone:  303.436.1111
Email: madden@themaddenfirm.com

*Counsel for Third-Party Defendant David Cimino*

Jesse Wiens
FAHRENHOLTZ & WIENS, LLC
P.O. Box 1988
Avon, Colorado 81620
Telephone:  970.949.6500
Facsimile:  970.331.0794
Email: fwlawyers@gmail.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

Daniel M. Reilly, Clare S. Pennington, John M. McHugh
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
Telephone:  303.893.6100
Email:   dreilly@rplaw.com
             cpennington@rplaw.com
             jmchugh@rplaw.com

*Counsel for Defendant Doris Kirchner*

Copy emailed to:

Sonya Braunschweig (admitted pro hac vice)
5501 Irving Avenue South
Minneapolis, Minnesota 55419
Telephone:  612.819.2304
E-mail:  sonya.braunschweig@gmail.com

Alan L. Kildow (admitted pro hac vice)
15204 Wildwood Road
Burnsville, Minnesota 55306
Telephone: 970.390.6675
E-mail:  alkildow@aol.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

         *s/Linda Frenette*
         Linda Frenette