IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO VAIL HEALTH'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' SECOND SET OF WRITTEN DISCOVERY (30-DAY EXTENSION)**

---

## INTRODUCTION

Plaintiffs agreed to a 21-day extension for Vail Health to respond to discovery due on March 3, 2021, with the proviso that Vail Health would serve any objections it may have by the March 31 deadline. Plaintiffs deemed that reasonable because by requiring timely service of objections the Discovery Dispute Procedures of Magistrate Judge Gallagher could, if necessary, be commenced and the parties would not lose further time in moving forward with discovery in a case filed on July 17, 2019. And in agreeing to a 21-day extension Vail Health could provide thorough and complete responses to the discovery requests. Vail Health rejected that proposal. As time will bear out, this motion is not about whether Vail Health can have an extension of time to fully respond, it is about delaying the discovery process through extensive objections that must thereafter be

1

decided through the court's Discovery Dispute Procedures  At this point, it is unknown how long that process will take but experience to date suggests it will take months.

This entire process raises the issue of interposing objections to unnecessarily delay the discovery in violation of Fed. R. Civ. P. 26(g).  It is widely recognized that "[f]ormal discovery under the Federal Rules of Civil Procedure is one of the most abused and obfuscated aspects of our litigation practice."[1]  Here, Plaintiffs served their first Rule 34 document requests on October 7, 2019 but still have not received any meaningful responses.  With respect to this second tranche of discovery, if Vail Health thought it needed additional time it should have used the 30-day response period to interpose its objections so that the Discovery Dispute Procedure could begin.  Mark this date—Plaintiffs will not see any discovery from their second set of discovery requests for the next 2 to 4 months.  Plaintiffs forewarn the Court that this is but a sneak preview of future events to come.  In the Eagle County state case, there are over 1,000 docket entries in a tort case.  This is a federal *antitrust* case!  Without appropriate discipline and supervision by the Court, the docket entries here will make the docket entries in the Eagle County case look pale by comparison.

Nevertheless, as to the instant motion, Plaintiffs do not object to a 21-day extension for the actual responses to be served, although Plaintiffs request that the Court impose two conditions on such an extension: (1) Vail Health should be given until Friday, April 9 to serve any objections it may have, and those objections should comply with Rules 26(g), 33, 34, and 36; (2) any order granting the extension should be expressly conditioned upon Vail Health fully responding to the discovery requests, as required by

---

[1] Francis E. McGovern & E. Allan Lind, *The Discovery Survey*, 51 LAW & CONTEMP. PROBS. 41, 41 (1988).

2

the Federal Rules of Civil Procedure and applicable case law interpreting those rules. If Vail Health fails to comply with those indisputably required rules of discovery, the motion should be deemed to be denied *nunc pro tunc,* and all objections to discovery requests deemed admitted for all purposes in this action.

## ARGUMENT

**I.    VAIL HEALTH'S REQUEST FOR AN EXTENSION SHOULD BE CONDITIONED UPON COMPLIANCE WITH RULE 26(g).**

This particular dispute involves the request by Vail Health to extend the time within which it may respond to discovery served under Fed. R. Civ. P. 33, 34, and 36. If Plaintiffs understand the Dispute Resolution Procedures and Local Rule 6.1 correctly, a party requesting an extension need only meet and confer, and if the opposing party declines to agree, the party requesting the extension is free to file a motion. If this is correct, without discipline from this Court, this will be very extended discovery indeed, and there will be virtually no possibility of complying with the Scheduling Order.

In considering Vail Health's motion, the following observation bears consideration:

> [Surveys have] found that, "[a]lthough the civil justice system is not broken, it is in serious need of repair. In many jurisdictions, today's system takes too long and costs too much." Few practicing attorneys would be surprised that discovery was singled out as "the primary cause for cost and delay," and often "can become an end in itself."[2]

"By some estimates, discovery costs now comprise between 50 and 90 percent of the total litigation costs in a case" and "[d]iscovery abuse also represents one of the principal

---

[2] Hon. Paul W. Grimm and David S. Yellin, *A Pragmatic Approach to Discovery Reform: How Small Changes Can Make a Big Difference in Civil Discovery*, 64 S.C. L. REV. 495, 495–96 (2013) (citations omitted).

causes of delay and congestion in the judicial system."[3]  Plaintiffs predict that Vail Health will be serving objections and motions to quash to unduly delay discovery at every turn.

To obviate such delay, there is Fed. R. Civ. P. 26(g), which imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rule 26 through the imposition of sanctions.  Rule 26(g) provides a "deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection."[4]  One of the objections interposed by Vail Health with respect to Plaintiffs' First Rule 34 Requests may be a harbinger of where this case will be going in the absence of strict discipline over the discovery process. Vail Health interposed the following objection to Plaintiffs' Request No. 7: "Vail Health further objects to Request No. 7 as vague and ambiguous to the extent it seeks documents related to Vail Health's **'combination[s]'** with The Steadman Clinic." (emphasis added.)  The term "combination," of course, is part of the original language of Sherman Act §§ 1 and 2, and has been around for over 130 years.[5]  The term "combination" has been used in federal antitrust cases , such as this one.[6]  For Vail Health

---

[3]   John H. Beisner, *Discovering A Better Way: The Need for Effective Civil Litigation Reform*, 60 DUKE L.J. 547, 549 (2010).

[4]   *Equal Employment Opportunity Comm'n v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LFG, 2013 WL 1195528,9 at *2 (D.N.M., Mar. 1, 2013).

[5]   15 U.S.C. § 1 ("Every contract, **combination** in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce") (emphasis added); 15 U.S.C. § 2 ("Every person who shall monopolize, or attempt to monopolize, or **combine** or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states") (emphasis added).

[6]   But three examples include: *Spectrum Sports Inc. v. McQuillan*, 506 U.S.447, 454 (1993) ("Sherman Act…§ 2 addresses the actions of single firms that monopolize, as well as conspiracies and **combinations** to monopolize.") (emphasis added); *Interstate Circuit, Inc. v. U.S. Paramount Pictures Distrib., Inc.*, 306 U.S. 208, 220 (1939) ("The court concluded as a matter of law that the agreement of the distributors…constituted a **combination** and conspiracy in restraint of interstate commerce in violation of the Sherman Act.") (emphasis added); *U.S. v. Paramount Pictures, Inc.*, 334 U.S. 131, 141 (1948) ("It charged that the vertical **combination** of producing, distributing, and exhibiting motion pictures") (emphasis added).

to have interposed an objection based upon the use of a statutory term used by the Supreme Court and in hundreds of federal circuit and district court cases raises the question of its purpose and whether it satisfies the standards imposed by Rule 26(g).

Plaintiffs predict that Vail Health's responses to Plaintiffs' Second Set of Discovery Request will look just like its responses to Plaintiffs First Set—chock-full of "boilerplate" language such as: "Vail Health objects to Request No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the case." Every member of the federal bar knows that such "boilerplate" objections do not, in fact, preserve any objections. Federal Rule of Civil Procedure 34 was amended effective December 1, 2015, to address this very practice. Now Rule 34 responses must:

- State grounds for objections with specificity;
- An objection must state whether any responsive materials are being withheld on the basis of that objection; and
- Specify the time for production and, if a rolling production, when production will begin and when it will be concluded.

Rule 34(b)(2)(B)-(C) as amended states (new language in bold):

> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state **with specificity the grounds for objecting** to the request, including the reasons. **The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.**
>
> (C) *Objections.* **An objection must state whether any responsive materials are being withheld on the basis of that objection**. An objection to part of a request must specify the part and permit inspection of the rest.

5

The 2015 Advisory Committee Notes to Rule 34 emphasize the reasons for the amendments:

> Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overboard, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.
>
> Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection. The response to the request must state that copies will be produced. The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.
>
> Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."[7]

---

[7]   2015 Adv. Comm. Notes to Rule 34 (emphasis added).

Vail Health's Responses to Plaintiffs' First Set of Rule 34 Requests do not meet these requirements, and we anticipate its objections to the Second Set will not either. The parties and the Court will be right back where we are now with the First Set and Plaintiffs will wait months to receive any meaningful discovery.  That is why Vail Health should be required to file its objections by Friday, April 9—to deter it from interposing objections "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" pursuant to Rule 26(g)(1)(B)(ii).[8]

## CONCLUSION

For the foregoing reasons, Vail Health's motion should be granted to the extent that it is given an additional 21 days from the March 31 due date to *fully respond* to the outstanding discovery, but Vail Health must serve any objections it may have to the discovery by April 9, 2021, and those objections must comply with Rule 26(g).  If they do not, the objections will be deemed waived, *nunc pro tunc*.

Dated:  April 5, 2021

        *s/ Alan L. Kildow*

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiffs Sports Rehab
Consulting LLC and Lindsay Winninger

---

[8]   *Kissing-Camels Surgery Center, LLC. v. Centura Health Corp.*, Civil Action No. 12-cv-03012-WJM-NYW, 2016 WL 277721, at *2-3 (D. Colo. Jan. 22, 2016).

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2021, I served a true and correct copy of Plaintiffs' Memorandum in Opposition to Vail Health's Motion for Extension of Time to Respond to Plaintiffs' Second Set of Written Discovery (30-Day Extension), through the Court's ECF system, on the following:

    Janet Savage
    Jacqueline V. Roeder
    Shannon Wells Stevenson
    Daniel A. Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO 80202
    janet.savage@dgslaw.com
    jackie.roeder@dgslaw.com
    shannon.stevenson@dgslaw.com
    daniel.richards@dgslaw.com

    Counsel for Defendant Vail Clinic, Inc.

                                          *s/ Alan L. Kildow*
                                          Alan L. Kildow