# Exhibit 6

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: January 12, 2018 4:45 PM<br>FILING ID: A3CD2E9EBD9EC<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation.<br><br>**Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>**Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | ▲   COURT USE ONLY   ▲<br>Case No: 2017CV030102<br><br>Div.: 4      Ctrm: 4 |
| **[PROPOSED] ORDER PROVIDING FOR FORENSIC EXAMINATION OF ELECTRONIC DEVICES** | |

The Court finds that a computer forensic examination of certain devices and information may be required as part of the discovery process. To streamline this process, the Court orders the parties to use a third-party independent expert to make and maintain

4427449.2

an exact bit-stream copy of the computers and devices and to conduct a forensic examination as set out in this Order.

**1.** **Definitions.** As used in this Order:

- (a) "action" means the above-captioned matter including any appeals;

- (b) "attorney" or "attorneys" mean counsel of record for a party to the action;

- (c) "Cimino USB devices" means the two physical electronic storage devices that Vail Health asserts that Cimino used to download Vail Health data and which Vail Health says have the following identification numbers:
  - (1) AC87HCC1000000221PNY; and
  - (2) NA05WMWE Seagate FreeAgent GoFlex USB Device;

- (d) "Cimino computer" means any computer he used from October 1, 2015 to the date the image is made;

- (e) "Cimino work computer" means the physical computer assigned to and used by Cimino during his employment with Vail Health;

- (f) "independent expert" means a certified forensic computer examiner selected by the computer forensic experts appointed by each party group;

- (g) "party" or "parties" mean a named party to this action;

- (h) "party group" means respectively:  (1) Winninger and Sports Rehab; (2) Kirchner and Vail Health (collectively "Vail Health"); and (3) Cimino;

- (i) "Winninger and Sports Rehab computers" mean the following:
  - (1) Winninger's computer used from October 1, 2015 to the date the image is made;
  - (2) Brad Schoenthaler's computer used from October 1, 2015 to the date the image is made; and
  - (3) Ron Harder's computer used from October 1, 2015 to the date the image is made.
  - (4) All computers used by any other Sports Rehab employees from October 1, 2015 to the date the image is made.

2. **Selecting The Independent Expert.**

The parties have each designated a computer forensic expert to represent them, at each party's own cost, in selecting the independent expert:

(a) **Winninger And Sports Rehab.** Winninger and Sports Rehab identify David Penrod of PenrodEllis Forensic Data Discovery.

(b) **Vail Health.** Vail Health identifies Craig Bernard of Cyopsis.

(c) **Cimino.** Cimino identifies Robert Kelso of Forensic Pursuit.

Within 14 days after the Court enters this Order, the parties' three experts shall confer and unanimously agree on the appointment of the independent expert. The independent expert shall be a certified forensic computer examiner with at least 10 years of experience and located in the Denver greater metropolitan area.

The independent expert selected must agree to be bound by the Protective Order and HIPAA Qualified Protective Order ("Protective Order") by signing the required Written Assurance substantially in the form of Exhibit A to the Protective Order.

3. **Scope of The Independent Expert's Engagement Is Limited.**

At this time, the independent expert's engagement shall be limited to the work specified in this Order, that is: (1) to make a bit-stream image of the devices subject to this Order; and (2) to provide the bit-stream images of the devices subject to this Order to the parties' experts as provided below in Section 7. The independent expert shall not disclose any information from the bit-stream images or provide the bit-stream images to anyone, other than as provided below in Section 7 or unless authorized to do so in writing by all the parties or by order of the court.

3

==The independent expert's engagement does not include any forensic review of any data.==  The independent expert may not have any independent communications with the parties or attorneys except as provided in Section 7 below.  Any communications that the independent expert may have will be communicated to all three experts appointed by the parties at the same time, either orally or in writing.

4. **Parameters for Creating Bit-Stream Images of The Computers and Devices.**

The independent expert shall preserve the integrity of the electronically-stored information on all computers and devices by extracting mathematically verified forensic bit-stream images that are verified by using a SHA-256 cryptographic hashing algorithm.

5. **The Parties to Provide Their Computers and Devices to The Independent Expert.**

Once an independent expert is selected to image the devices subject to this Order, a schedule will be set for each party to deliver and have imaged the computers and devices identified in this Order.  Because the Winninger, Sports Rehab, and Cimino computers are used for business purposes, the independent expert shall image the Winninger, Sports Rehab, and Cimino computers as they are delivered and shall return the computers to Winninger, Sports Rehab, and Cimino that same day, or as soon thereafter as possible.  Winninger, Schoenthaler, Harder, and Cimino shall each maintain custody of their respective computers following the forensic imaging.

The Cimino USB devices are currently being held by the Vail Police Department.  The parties will agree in writing to an authorized, independent courier, who will transport the Cimino USB devices to the independent expert at an agreed upon scheduled time.  The Cimino work computer is currently being held by Cyopsis.  Cyopsis will transport the

Cimino work computer to the independent expert at an agreed upon scheduled time. Once imaged, the Cimino work computer shall be returned to Cyopsis, and the Cimino USB devices shall be maintained by the independent expert until the conclusion of this action, or until the parties agree in writing that the Cimino USB devices and Cimino work computer should be transferred to another entity.

Once a party delivers all the required devices and computers to the independent expert, each party shall serve an affidavit verifying that all the required devices and computers have been provided to the independent expert. The affidavit shall contain the following information: (1) the description of each device and computer; (2) the chain of custody for each device and computer; (2) the identity of the owner of each device or computer; (3) the beginning and end dates each device and computer was used (if known); and (4) all persons who had access to each device and computer (if known).

6. **The Independent Expert's Certification.**

After making the bit-stream images of the computers and devices, the independent expert shall issue a certification identifying that each bit-stream image conforms to the parameters set forth in § 4. The certification shall be specific to each party, computer, and device and include a forensic imager authentication log. The certification shall be in writing and provided to all parties. To the extent that the bit-stream image does not comply with the requirements of this Order, a party may request in writing that the computer or device be reimaged and recertified.

7. **Providing the Bit-Stream Images to the Parties' Experts.**

Contemporaneous with providing the independent expert's certification as outlined in § 6, the independent expert shall provide to the parties' experts designated in § 2 the

bit-stream image of the device so certified. The bit-stream image shall be designated attorneys' eyes only pursuant to the Protective Order.

**8.    Preliminary Match List.**

Within 21 days of receiving the last bit-steam image prepared by the independent expert, Vail Health's expert shall prepare a preliminary match list for each of the other party groups. The preliminary match list shall identify the documents that "match," as that term is used in the protective order. Vail Health shall serve the preliminary match lists on the other party groups, respectively. The preliminary match lists, and the documents listed thereon, will then be treated as provided for in the protective order.

**9.    Allocation of Costs.**

Each party group will be responsible for paying one-third of the costs of the services performed by the independent expert under this Order so long as the total costs for the independent expert's work do not exceed $10,000. No party will be responsible for paying the costs of another party's expert.

In the event the total costs for the bit-stream imaging exceed $10,000, the parties shall meet and confer regarding the scope of the independent expert's work and allocation of costs.

**10.   Imaging and Forensic Review of Additional Computers, Devices, And Information Systems.**

The parties reserve the right to request a bit-steam imaging of additional computers, devices, and information systems based on information obtained through any forensic examinations and discovery.

**SO ORDERED**

Dated: January \_\_\_, 2018.

                                **BY THE COURT:**

                                Frederick W. Gannett
                                District Court Judge