# Exhibit 7

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Monday, January 4, 2021 1:37 PM |
| **To:** | mhorwith@mhforensics.com |
| **Cc:** | 'Madden Law'; 'sonya braunschweig'; 'Savage, Janet'; 'Roeder, Jackie'; 'McHugh, John' |
| **Subject:** | Winninger, et al. v. Kirchner, et al.--Independent Expert Issues |
| **Attachments:** | Order Granting Vail Health's Motion Enforce Special Master's September 12  2019 Order Granting Defendants' Motion Enforce Court's Order Dated August 15  2018 Concerning the Penrod Connection Logs.pdf |

Mr. Horwith,

I am writing to you directly regarding the recent emails regarding the Winninger v Kirchner matter in which you were appointed by the Court as the independent forensic expert. I am doing so because the independent examination has been complete for a long time now and there has been no need to employ Mr. Penrod any longer as the parties' representative as to the  forensic examination.  This email therefore relates solely with your request for payment and return of information to the parties, which is solely administrative.

Several issues were raised by you in your various emails, including the payment of an invoice for storage of the electronic information. There appears to be a misunderstanding as to the party that must pay from the storage of the data. One of your emails references an order by the Court regarding the payment by Plaintiffs, but there is no such order. Rather, the only order for payment of any of your services by Plaintiffs relates solely to extracting the system logs from the Winninger computer. Under the March 5, 2020 Order of the Special Master at page 2, which is attached, Plaintiffs were required to pay your fees in doing the "extraction, copying, and transmission of the" system logs only.  We have not received any invoice for that work.

You have also indicated that you intend to download the parties' stored data to storage devices and provide those to the parties.  It is unclear from your emails as to what you intend to provide the parties.  The Order appointing the independent expert has restrictions as to whom may receive the data.  For example, Vail Health and Kirchner are not entitled to any of Sports Rehab's images of their computers, which would include Winninger, Harder, and Schoenthaler.  Nor are Vail Health and Kirchner entitled to receive the image of the Cimino computer.  And Plaintiffs are not entitled to receive the image of Cimino's USB devices.  Given this, the parties (and to the extent necessary the Court) will provide you specific information regarding the production of these materials to the parties.

You have also indicated that you are terminating your appointment as the independent expert. The parties have not yet had a chance to discuss this but will do so shortly.

Alan Kildow
Attorney for Plaintiff
970-390-6675

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br><br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, Colorado 81631 | DATE FILED: March 5, 2020 10:48 PM<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:**<br>DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, | ☐ COURT USE ONLY ☐ |
| **Counter-Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Counter-Defendants:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No. 2017CV030102<br><br>Division 4  Courtroom 4 |
| **Third-Party Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:**<br>DAVID J. CIMINO, an individual. | |
| **SPECIAL MASTER ORDER GRANTING VAIL HEALTH'S MOTION TO ENFORCE THE SPECIAL MASTER'S SEPTEMBER 12, 2019 ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE COURT'S ORDER DATED AUGUST 15, 2018 CONCERNING THE PENROD CONNECTION LOGS** | |

THIS MATTER having come before the Special Master by Vail Health's motion, filed December 30, 2019, the Special Master orders as follows:

On June 18, 2018, Plaintiffs' expert, David Penrod, appeared at a deposition pursuant to a subpoena and subpoena duces tecum. He testified that he had found at least one instance where Plaintiff, Lindsay Winninger, had plugged an external device into her computer in 2016. Mr. Penrod testified that he had saved that information in a system log that he had bookmarked and kept on a USB device. *See Penrod deposition of June 18, 2018 at pages 79-80 attached hereto as Exhibit A*. Mr. Penrod further testified in June 2018 that he had that USB device with him at his deposition. Counsel for Plaintiffs instructed him not to provide the USB device to Defendants. *See Penrod deposition of June 18, 2018 at pages 52-53, attached hereto.*

On August 15, 2018, the Court entered an order compelling David Penrod to produce the system log of connected devices that he testified in his deposition in June 2018 he had bookmarked on a system log on the USB device he brought with him to his deposition.

Plaintiffs, however, did not produce the system log of connected devices that Mr. Penrod testified he had saved onto the USB device that he brought with him to his deposition in June 2018.

Defendants thereafter filed a motion in January 2019 to compel Plaintiffs to produce the log previously ordered to be produced by the Court that he had bookmarked and kept on the USB device. The Special Master entered an order compelling the production of those logs on September 12, 2019, enforcing the previous order of the Court[1].

---

[1] The court understood at the time that it was ordering Plaintiffs to produce the logs of the devices plugged in by Plaintiff and that the information it was ordering Plaintiffs to provide would contain that information.

1

Plaintiffs did not produce any logs showing when Plaintiff Winninger connected USB devices in 2016. Instead, in October 2019, Plaintiffs produced logs that showed connections of USB devices in February 2017, when Mr. Penrod already had custody of Winninger's computers.

Thereafter, Defendants filed a motion to compel enforcement of the Court's order.

The Court therefore orders as follows:

Plaintiffs are to have David Penrod turn over the USB device containing the system log of connected devices to Michael Horwith no later than March 6, 2020.

Mr. Horwith is instructed to locate the system log of connected devices Plaintiff Lindsay Winninger plugged into her computer that David Penrod testified he had bookmarked and kept on the USB device Mr. Penrod brought with him to his deposition in June 2018. Mr. Horwith is instructed to provide this bookmarked log of connected devices no later than March 13, 2020, to the parties' experts, including Defendants' expert Craig Bernard, who will thereafter provide it to Defendants. Plaintiffs shall also pay Michael Horwith's fees in doing this extraction, copying and transmission of the information to Craig Bernard.

Entered this March 5, 2020.

BY THE SPECIAL MASTER

*W Terry Ruckriegle*

W. Terry Ruckriegle

2