# Exhibit 9

| | |
|---|---|
| **From:** | Savage, Janet <Janet.Savage@dgslaw.com> |
| **Sent:** | Thursday, February 18, 2021 7:03 PM |
| **To:** | Madden Law; sonya braunschweig; 'Alan Kildow' |
| **Cc:** | Roeder, Jackie; Richards, Daniel; Azmoudeh, Omeed; jmchugh@rplaw.com; Anderson, Suzie; Werth, Debbie |
| **Subject:** | Draft Joint Motion Related to Independent Expert (DGS edits).DOCX |
| **Attachments:** | Draft Joint Motion Related to Independent Expert (DGS edits).DOCX |

Counsel, I haven't heard back from Plaintiffs counsel or received any revised draft from plaintiffs' counsel to reflect the additional information Michael Horwith as to the size of the data and the physical devices. To avoid further delay, we have revised Plaintiffs' draft motion to incorporate this information. We do not, at this point, believe that ending his engagement triggers a preservation deposition. I think that is especially true since you never sought any discovery from him during his engagement and during the discovery period, nor do I believe you have listed him as a witness in your disclosures. We have therefore removed that paragraph. Please note that because Michael Horwith provided a chain of custody showing that he had provided certain devices to David Penrod and you have apparently discharged David Penrod, we need these Penrod devices to be given to Michael Horwith to be placed in the box along with the other physical and electronic evidence. Thank you.

**JANET A. SAVAGE** ▪ **Partner**

P: 303.892.7341 ▪ F: 303.893.1379 ▪ C: 303.905.2459 ▪ vcard

Davis Graham & Stubbs LLP
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Saturday, February 27, 2021 1:07 PM |
| **To:** | Savage, Janet |
| **Cc:** | Madden Law; jmchugh@rplaw.com; Roeder, Jackie; Richards, Daniel; Azmoudeh, Omeed; Werth, Debbie; Anderson, Suzie; Alan Kildow |
| **Subject:** | Re: Pls Revisions to Draft Joint Motion Related to Independent Expert_ revised.DOCX |
| **Attachments:** | Pls Feb 27 Revisions to Draft Joint Motion Related to Independent Expert.pdf; Pls Feb 27 Revisions to Draft Joint Motion Related to Independent Expert.docx |

Counsel,

Attached are revisions to your draft sent yesterday. I accepted the changes that have been agreed upon by the parties thus far. ==Please provide us your legal authority that a court-appointed expert must be disclosed by a party as a witness. C.R.E. 706 already addresses this issue.== Finally, Plaintiffs and Cimino do not agree that the costs of Horwith are to be split by 3 parties. That is Vail Health's obligation by Court order.

As we do not yet have agreement on this motion, you have no right to transfer anything to Horwith via Bernard. If you have done so, please have it withdrawn immediately.

Best regards,

Sonya

On Fri, Feb 26, 2021 at 12:00 PM Savage, Janet <Janet.Savage@dgslaw.com> wrote:

> I have made redline revisions to your revisions. The primary points I have changed/clarified is to remove the repeated references to "consistent with the June 10 order". This transfer is not consistent with the June 10 order since it is under Rule 67 and the June 10 order was in response to John Madden's replevin request. ==I have also clarified (at your request) Horwith as a witness. I think the point here is that this order doesn't otherwise affect whether he can be a witness or not. In other words, If Horwith has been appropriately identified and the court allows him to be called at trial, nothing in this order should impact that. It does not allow you to take his preservation deposition without a court order and I want those revisions to make that clear since you have never listed him as a witness.== Finally, I put back in the cost sharing for the transfer. I will also send this to our expert to forward to Mr. Horwith to ensure that he is in agreement with this procedure before we finalize. Janet

**JANET A. SAVAGE** ▪ Partner

P: 303.892.7341 ▪ F: 303.893.1379 ▪ C: 303.905.2459 ▪ vcard

Davis Graham & Stubbs LLP

1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

| | |
|---|---|
| **From:** | Savage, Janet <Janet.Savage@dgslaw.com> |
| **Sent:** | Monday, March 1, 2021 7:03 PM |
| **To:** | sonya braunschweig |
| **Cc:** | Alan Kildow; Madden Law; Roeder, Jackie; jmchugh@rplaw.com; Richards, Daniel; Azmoudeh, Omeed; Anderson, Suzie; Werth, Debbie |
| **Subject:** | Pls Feb 27 Revisions to Draft Joint Motion Related to Independent Expert with Horwith estimate.DOCX |
| **Attachments:** | Pls Feb 27 Revisions to Draft Joint Motion Related to Independent Exper....DOCX |

I have attached redlines to the proposed motion.   Given that Michael Horwith has said that Plaintiffs need to pay his outstanding invoice,  before anything further happens, I have added that to the motion.  Also,  we don't believe it is necessary to have the court hold the devices rather than a third party provider in Denver.   Given that Mr. Horwith will not charge anything for a metro area delivery and is charging $2,100 for a delivery to Eagle county that is an appropriate charge for the Plaintiffs and Cimino to pay.     I have added that to the motion as well.   We are willing to share the cost of the transfer which Mr. Horwith estimates to be $3,000.

I removed the section you have added about Mr. Horwith's deposition.  I note that in your disclosures served on Saturday (a year after discovery closed) you list Mr. Horwith as a potential disclosed witness.   We will of course, be addressing your disclosure of an additional ninety witnesses, including him.    To the extent you seek his deposition,  a rule 67 motion is not the appropriate place to do so.    Rather than debate this point further,  I simply removed your reference to his deposition.

I have sent this version as well to our expert.   Obviously,  to the extent the motion is directing Mr. Horwith to take certain actions,  it is entirely appropriate to make sure that he can do these steps and to find out the cost.    I was for example, unaware that you have not paid him for the search David Penrod directed him to do for Plaintiffs' benefit without our knowledge or consent.

**JANET A. SAVAGE** ▪ Partner

P: 303.892.7341  ▪  F: 303.893.1379  ▪  C: 303.905.2459  ▪  <u>vcard</u>

Davis Graham & Stubbs LLP
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

| | |
|---|---|
| **From:** | Savage, Janet <Janet.Savage@dgslaw.com> |
| **Sent:** | Wednesday, March 3, 2021 4:35 PM |
| **To:** | sonya braunschweig |
| **Cc:** | Alan Kildow; Madden Law; Richards, Daniel; Azmoudeh, Omeed; Roeder, Jackie; jmchugh@rplaw.com; Werth, Debbie; Anderson, Suzie |
| **Subject:** | Pls Mar 2 Revisions to Draft Joint Motion Related to Independent Expert with additional revisions.DOCX |
| **Attachments:** | Pls Mar 2 Revisions to Draft Joint Motion Related to Independent Expert....DOCX |

I have attached another redline.    I am proposing that both the transfer costs and the transport costs to Eagle county district court be split 1/3 each  as a compromise to having Plaintiffs and Cimino bear the cost of Michael Horwith transporting the devices to Eagle County.

I am not willing to agree that you can take Michael Horwith's preservation deposition for a number of reasons so I am not willing to agree to your language suggesting that he can be a "witness" rather than a witness at trial if allowed by the court.

I put the provision back in that Plaintiffs agree to pay Michael Horwith for the work he did this summer on behalf of Plaintiffs and at the request of David Penrod.   I don't believe he has received payment yet and hence,  I am not willing to agree to take that out.

Other than that, I removed the reference to the June 10 order.   You stated that you want to bring this under Rule 67.   Although I don't believe it is the appropriate way to proceed,  we have agreed to not oppose the Rule 67 motion.   We do not believe that Judge Granger's dicta in the replevin order has any application to this issue.

**JANET A. SAVAGE** ▪ Partner

P: 303.892.7341 ▪ F: 303.893.1379 ▪ C: 303.905.2459 ▪ vcard

Davis Graham & Stubbs LLP
1550 17th Street, Suite 500 ▪ Denver, CO 80202

**A LexMundi Member**

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.