# Exhibit 10

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br><br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, Colorado 81631 | DATE FILED: March 5, 2021 11:53 AM<br>FILING ID: C1AA39CD33348<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:**<br>DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, | ☐ COURT USE ONLY ☐ |
| **Counter-Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Counter-Defendants:**<br>LINDSAY WINNINGER, an individual and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No. 2017CV030102<br><br>Division 3 |
| **Third-Party Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:**<br>DAVID J. CIMINO, an individual. | |

|  |  |
|---|---|
| Janet Savage, #11653<br>Jacqueline V. Roeder, #48046<br>Daniel A. Richards, #50457<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, Colorado 80202<br>Telephone: 303.892.9400<br>Facsimile:  303.893.1379<br>E-mail:      janet.savage@dgslaw.com<br>                  jackie.roeder@dgslaw.com<br>                  daniel.richards@dgslaw.com<br><br>*Attorneys for Defendant Doris Kirchner and Counter-Plaintiff and Third-Party Plaintiff Vail Clinic, Inc. d/b/a Vail Health* |  |

**[JUDGE GRANGER] DEFENDANTS' CROSS-MOTION RELATED TO THE INDEPENDENT EXPERT MICHAEL HORWITH**

On March 4, 2021, Plaintiffs and Cimino filed a Motion Related to the Independent Expert Michael Horwith (the "Motion"). Defendants will file a short response to that Motion before the deadline, but given that Defendants seek affirmative relief on the same topic, Defendants Vail Clinic, Inc. d/b/a Vail Health and Doris Kirchner file this cross-motion requesting that the Court, the Hon. Russell Holton Granger presiding, address issues related to the resignation of the independent forensic expert, Michael Horwith (the "Cross-Motion").

## RULE 121 STATEMENT OF CONFERRAL

As Plaintiffs and Cimino state in their Motion, the parties reached agreement on several items related to this issue during a weeks-long conferral process that involved exchanging several drafts. As Plaintiffs and Cimino also acknowledge, the parties could not agree on everything. Hence, Defendants file this Cross-Motion.

## BACKGROUND

Earlier in this lawsuit, the Court appointed a computer forensic expert, Michael Horwith, to conduct an examination of certain devices and information as part of the discovery process. To streamline this process, the Court ordered that Horwith make and maintain an exact bit-stream copy of the computers and devices and conduct an initial forensic examination, as set forth in the Court's February 6, 2018 Order for the Selection of the Independent Expert, Imaging of Computers and Devices, and Forensic Examination ("February 6, 2018 Forensic Exam Order") (Exhibit 1). Since that time, the Court also ordered amendments to the February 6, 2018 Forensic Exam Order, including but not limited to those amendments set forth in the Court's May 14, 2018 Order (Exhibit 2) and February 13, 2019 Order (Exhibit 3) (the February 6, 2018 Forensic Exam Order and any amendments, together, the "Forensic Protocol Order").

Pursuant to the Forensic Protocol Order, Michael Horwith was selected as the independent forensic expert to perform the duties set forth therein. However, in early January 2021, Horwith informed the parties that he seeks to terminate his appointment as the independent forensic expert under the Forensic Protocol Order.

Initially, to effectuate his resignation, Defendants proposed that Horwith transfer the devices and data that he has maintained in connection with this action to another agreed upon court-appointed independent forensic expert. Defendants proposed three such potential independent experts to take possession of and maintain the devices and data: Iron Mountain; Trent Walton of Forensic Discovery LLC; and Business Intelligence Associates ("BIA"). All three are located or have offices in Denver. All three have the ability to take possession of the devices and

data and to maintain it. Plaintiffs and Third-Party Defendant have rejected each of these options and have refused to provide any names of any other proposed third-party independent expert.

Instead, as reflected in their Motion, the only option they have said they would consider is to have the Court take possession of these devices and data. Defendants initially agreed to this approach thinking that it would potentially resolve the problem. However, Plaintiffs and Cimino also wanted Defendants to agree to several other provisions that were impractical, unlawful, and without justification (addressed below). Hence, Plaintiffs, Cimino, and Defendants ultimately could not agree upon a procedure to effectuate Horwith's resignation.

## **CROSS-MOTION**

To start, Defendants agree with certain foundational assertions in Plaintiffs' and Cimino's Motion. Namely, Defendants agree that Horwith seeks to resign as independent expert, and that the Court can relieve Horwith of his obligation to store devices, data, and his case file and work product if the Court orders some form of procedure to effectuate his resignation. (Mot. at 3.) Further, Defendants agree that Horwith stated that he has custody of the parties' physical devices and data according to the table set forth in the Motion; that Horwith has maintained a case file and work product (about three terabytes of data) and can transfer this data onto two external hard drives; and that Horwith will have seven devices that he has agreed he will place in one sealed box. (*Id.* at 3-4.)[1] However, Defendants' agreement with the Motion ends there.

---

[1] One practical difficulty with this approach, of course, is that both of Plaintiffs' actions in state and federal court remain pending and likely will remain pending, at least in the federal action for years.

- 4 -

I.     **Facilitating Horwith's Resignation.**

As an initial matter, Plaintiffs and Cimino are incorrect that either Rule 67 or the Court's June 10, 2019 Order authorizes Horwith to deposit the seven devices *with the Court*. (*Id.* at 4-5.) Rule 67 authorizes a party to deposit a "thing capable of delivery" with the Court only when the party is seeking "disposition" of that thing. Colo. R. Civ. P. 67(a). No party is seeking disposition of, for example, the two external hard drives where Horwith will store his case file and work product. Hence, Rule 67 is inapplicable. Likewise, the Court's June 10, 2019 Order stated that the Court was willing to hold Cimino's two USB devices, not seven devices and more than three terabytes of data. The proposition is now impractical.

Instead, to facilitate Horwith's resignation, Defendants urge the Court to appoint BIA as the new independent expert. BIA's willingness to perform this role is evidenced by the draft agreement that the parties began negotiating with BIA before Plaintiffs and Cimino decided to insist that the devices be deposited with the Court. *See* Exhibit 4, Draft Agreement. If the Court appoints BIA as an independent expert, the parties can and will finalize these terms to fit the parameters of the Order and engage BIA.

Then, Defendants urge the Court order Horwith to do the following (which are almost identical to Steps 1-7 in the Motion, except that Horwith ultimately delivers the devices to BIA):

1. Within 7 days of this Order, Horwith shall download his case file and work product onto the two external hard drives as referenced in his earlier communications with the parties;

2. Also within 7 days of this Order, Horwith shall submit to the parties a document identifying: (a) the chain of custody for all devices that Horwith has ever possessed with respect to this case, including the disposition of those devices; (b) all devices (including the two new external hard drives) that will be deposited with the Court-appointed expert, BIA; and (c) a description of the categories of information copied onto the two new external hard drives related to his case file and work product;

3. Once Horwith submits to the parties the document in Item No. 2, the parties shall have 3 business days to present any issues with that document to Horwith. Any such communication to Horwith must be by e-mail, with copies to all counsel. If Horwith needs any clarification about such issues, he can request a joint call with Craig Bernard, and Rob Kelso. If any issues are identified within that 3-day period, then the parties and Horwith shall have no more than 14 days following Horwith's submission of the list to resolve any such dispute

4. Once all issues are resolved, Horwith shall then place into a box all the devices identified in Item No. 2(b), taking reasonable precautions to avoid damage to the devices or the information therein;

5. Horwith shall place a hard copy of the chain of custody identified in Item No. 2(a) into the same box;

6. Horwith shall create a hard copy document that identifies the passwords for all devices that are password protected, place that document into a sealed envelope, and place that envelope into the same box;

7. Horwith shall then seal the box and deposit the sealed box with the Court-appointed expert, BIA, with the following label:

Court-Ordered Deposit of Devices in *Winninger et.al. v Vail Health et. al*, Case No. 2017cv030102, Eagle County District Court.

ONLY TO BE OPENED BY COURT ORDER

Delivering the devices to BIA will obviate the need for Horwith to charge $2,100 to deliver the sealed box to Eagle County Clerk of Court, and also obviate the Plaintiffs' and Cimino's proposed alternatives, including the inappropriate alternative of having Cimino's counsel handle the delivery. (Mot. at 6-7.) Instead, Horwith has stated that he will deliver the sealed box to a Denver-metro location (such as BIA's office) free of charge.

In carrying out these remaining duties, Defendants request that Horwith continue to comply with the provisions set forth in the Forensic Protocol Orders and the Written Assurance that he signed, including but not limited to those related to confidentiality, analysis of the devices, and

communications with the parties. Once all these steps are complete, Defendants agree that Horwith may resign as the Court-appointed expert witness under the Forensic Protocol Order.

Finally, Defendants do not agree to having Plaintiffs or Cimino conduct any type of preservation deposition (since Horwith still maintains a home in Denver), but do agree that Horwith's testimony may be drawn in whatever lawful manner as may be available.

**II.     BIA's Obligations.**

Once the Court has appointed BIA as the independent expert, and Horwith has completed Steps 1-7 above and resigned, Defendants request that the Court order BIA to: (1) preserve the sealed box received from Horwith; and (2) perform any additional work ordered by the Court and/or authorized by all parties.[2]

Indeed, Defendants request that the Court order that BIA only be permitted to open the box and access the information contained on any of the seven devices (in a manner that maintains the metadata of the same) if the Court orders, or all parties authorize, or if the federal court orders, any additional work to be completed. Absent such orders or authorization, BIA should not be permitted to open the box, engage in any general electronic discovery of electronically-stored information as defined in C.R.C.P 26, such as word searches, predictive coding, and the like, or search any e-mails, text messages, or documents.

---

[2] Plaintiffs and Cimino argue that a new independent expert is unnecessary. This suggestion ignores the reality of this difficult case—should it go to trial, forensic issues may arise in preparation for or during trial that may very much require the assistance of an independent expert. Moreover, as the Court is aware, Plaintiffs have filed a lawsuit in federal court implicating these same devices—there too, forensic issues may arise where the assistance of an independent expert may be necessary.

In addition, Defendants request that BIA not be permitted to have any independent communications with the parties or attorneys. Any communications that BIA may have will be communicated to Craig Bernard and Robert Kelso at the same time in writing.

Relatedly, at all times, Defendants request that BIA not be permitted to disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the Court. If there is any question as to the scope of the Replacement Independent Expert's engagement, Defendants request that those questions be addressed in writing to Craig Bernard and Robert Kelso.

**III.   Allocation of Costs.**

Plaintiffs and Cimino insist that Defendants should be responsible for all costs associated with this process. (Mot. at 8.) Their position is meritless.

As stated in the Court's May 14, 2018 Order, Vail Health was responsible for paying all costs associated with the "*initial* forensic examination*.*" (Ex. 2 at 2 (emphasis added).) Furthermore, the Order states that if Vail Health is the prevailing party in this case, Defendants may move the Court to request that the costs associated with that examination be shifted to the non-prevailing parties. (*Id.*)

The initial forensic examination having been completed, Defendants request that each party group be responsible for paying one-third of the costs associated with (1) Horwith completing the steps in Paragraphs 1-7 above (which Horwith estimates to be $3,000), and (2) BIA's preservation of the items and information received (cost TBD). To the extent the Court orders, or all parties authorize, BIA to complete any additional work with the data and devices, the party that initially

requested such work shall be fully responsible for such costs (unless the court orders or all parties agree otherwise).

Finally, prior to completing the steps in Paragraphs 1-7 above, Horwith has requested that Plaintiffs pay his invoice from August 2020 in connection with work that Plaintiffs asked him to perform for their benefit and without the knowledge and consent of Defendants. To date, Plaintiffs have not paid his invoice.[3] Defendants therefore request that the Court order them to pay Horwith's invoice within seven days of the date of the order.

## **CONCLUSION**

For the following reasons, Defendants request that the Court order:

(1) BIA to assume the role of the independent forensic expert;
(2) Horwith to complete the steps outlined in Paragraphs 1-7 above;
(3) the parties to pay their share of the costs;
(4) Plaintiffs to pay Horwith the outstanding balance of $1,200 within seven days of the date of the Court's order.

Defendants have attached a proposed order setting forth these terms in full.

---

[3] Horwith asked Plaintiffs to pay the invoice *for months*, and yet Plaintiffs ignored him repeatedly. In the Motion, Plaintiffs assert for the first time that they paid the invoice. However, as recently as today, Friday, March 5, 2021, Horwith has not yet received payment from Plaintiffs, so Defendants maintain this request.

- 9 -

Dated:  March 5, 2021

*s/Janet Savage*
Janet Savage, Colo. #11653
Daniel A. Richards, Colo. #48046
Jacqueline V. Roeder, Colo. #50457
Davis Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
E-mail:  Janet.savage@dgslaw.com
           Daniel.richards@dgslaw.com
           Jackie.roeder@dgslaw.com

*Attorneys for Defendants Doris Kirchner and Vail Clinic Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed via Colorado Courts E-Filing on this 5th day of March, 2021, which will serve notice to the following:

John W. Madden, III
THE MADDEN LAW FIRM
999 18th Street, Suite 1500 South
Denver, Colorado 80202
Telephone:  303.436.1111
Email: madden@themaddenfirm.com

*Counsel for Third-Party Defendant David Cimino*

Jesse Wiens
FAHRENHOLTZ & WIENS, LLC
P.O. Box 1988
Avon, Colorado 81620
Telephone:  970.949.6500
Facsimile:  970.331.0794
Email: fwlawyers@gmail.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

Daniel M. Reilly, Clare S. Pennington, John M. McHugh
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
Telephone:  303.893.6100
Email:   dreilly@rplaw.com
             cpennington@rplaw.com
             jmchugh@rplaw.com

*Counsel for Defendant Doris Kirchner*

Copy emailed to:

Sonya Braunschweig (admitted pro hac vice)
5501 Irving Avenue South
Minneapolis, Minnesota 55419
Telephone:  612.819.2304
E-mail:  sonya.braunschweig@gmail.com

Alan L. Kildow (admitted pro hac vice)
15204 Wildwood Road
Burnsville, Minnesota 55306
Telephone: 970.390.6675
E-mail:  alkildow@aol.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

                                   *s/Linda Frenette*
                                   Linda Frenette