**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION FOR PROTECTIVE ORDER

Defendant Vail Clinic, Inc., d/b/a/ Vail Health ("Vail Health") submits this motion for protective order regarding the Subpoena to Michael Horwith ("Subpoena") served by Plaintiffs Sports Rehab Consulting, LLC ("SRC") and Lindsay Winninger (collectively, "Plaintiffs"). Vail Health requests that the document production and deposition deadlines imposed by the Subpoena be stayed, and that Plaintiffs' counsel be instructed to return any documents produced by Mr. Horwith, pending resolution of Vail Health's Motion to Quash the Subpoena ("Motion to Quash") (Doc. 85.)

## **CONFERRAL**

As described in Vail Health's Motion to Quash, the parties have conferred extensively regarding Plaintiffs' Subpoena to Mr. Horwith. (Doc. 85, at 1-2.) Specifically, Vail Health objected to the Subpoena because it violates the Forensic Protocol Orders issued by the Eagle County District Court in *Winninger, et al. v. Vail Clinic, et al.*, 2017CV30102 ("State Court Action"), and violates this Court's Scheduling Order. (Doc. 85-2.)

4823727

- 2 -

Based on these objections, Vail Health moved to quash the Subpoena on April 2. (Doc. 85.) Plaintiffs filed a response on April 5. (Doc. 89.) Although Vail Health has objected that the Subpoena and communications with Mr. Horwith violate the state court's Forensic Protocol Orders, Plaintiffs' counsel emailed Mr. Horwith on April 7, demanding the production of the documents requested by the Subpoena, and confirming his participation in the deposition noticed for April 9. (**Exhibit 1,** attached hereto.) Counsel for Vail Health promptly requested that Plaintiffs' counsel defer these deadlines to allow this Court to rule on the Motion to Quash and offered to work with Plaintiffs' counsel to request an expedited ruling so the matters could be resolved before Mr. Horwith's planned travel. (*Id.*) At almost the exact same time, Mr. Horwith produced documents to Plaintiffs' counsel. (**Exhibit 2**, attached hereto.) Plaintiffs' counsel then confirmed receipt of the documents and advised Mr. Horwith that the court reporter would send a Zoom link for the deposition. (*Id.*) Counsel for Vail Health emailed Plaintiffs' counsel stating its understanding that this email to Mr. Horwith indicated Plaintiffs' counsel's refusal to defer the deadlines. (*Id.*) Plaintiffs' counsel confirmed that they would not continue the deadlines. (*Id.*)

## ARGUMENT

Federal Rule of Civil Procedure 26(c) allows the court for good cause to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including by specifying the time for certain discovery. Fed. R. Civ. P. 26(c)(1)(B). Here, Vail Health seeks a very limited protective order simply deferring the time for the disclosure of documents and deposition sought in the Subpoena until after the Court has ruled on the Motion to Quash.

Good cause exists for the Court to grant this limited relief. As detailed in the Motion to Quash, the Subpoena imposes two significant burdens on Vail Health. First, the Subpoena itself, the request for documents, and the deposition all violate the State Court's Forensic Protocol Orders, which govern Vail Health, Plaintiffs, and Mr. Horwith. (Doc. 85, at 9-12.) Second, this Court's scheduling order provides that the parties shall not duplicate discovery from the State Court Action. Because the Subpoena seeks a do-over of that discovery, this also places an undue burden on Vail Health. (*Id.*)

Deferring the Subpoena deadlines until the Court rules on the Motion to Quash will result in no prejudice to Plaintiffs. The fact discovery deadline in this case is not until August 1. Although Plaintiffs make much of the fact that Mr. Horwith is set to begin travelling on April 27, this matter can likely be handled before then; and, if not, there is no indication that Mr. Horwith is going somewhere that he cannot participate in a one-hour deposition via Zoom, which are the conditions Plaintiffs' counsel has agreed to. By contrast, the prejudice to Vail Health is high. Allowing the document subpoena and deposition to go forward and permitting Plaintiffs to obtain discovery to which they are not entitled is a significant prejudice. Furthermore, allowing the deposition to go forward forces Vail Health to choose whether to forgo its opportunity to participate in the deposition or to otherwise risk being in contempt of the state court's Forensic Protocol Orders. This prejudice can be avoided by modestly extending these deadlines and allowing the Court to rule on the Motion to Quash.

## **CONCLUSION**

Vail Health requests that the Court stay the deposition noticed for April 9, 2021 and extend the deadlines for production of documents and deposition requested in the Subpoena until

- 4 -

the Court has ruled on Vail Health's Motion to Quash.  Vail Health further requests that Plaintiffs' counsel be ordered to return any documents already produced by Mr. Horwith in response to the Subpoena.  Vail Health further requests its fee and costs associated with this Motion.

Respectfully submitted this 7th day of April, 2021.

   *s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

- 5 -

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S MOTION FOR PROTECTIVE ORDER** was filed via CM/ECF on this 7th day of April, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Blvd., Suite 236<br>Avon, Colorado 81620<br>Email: fwlawyers@gmail.com | Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, Colorado 81657<br>Email: akildow@aol.com |

                             *s/Brigid Bungum*

4823727.1