**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

**PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

---

**<u>INTRODUCTION</u>**

Vail Health's latest motion hearkens back to Queen Gertrude's comment to her son Hamlet: ***"The lady doth protest too much, methinks."***[1]  The history of Vail Health's efforts in this case primarily involve motions to stay discovery, motion for reconsideration, objections to discovery, objection to Rule 45 subpoena, motion to quash Rule 45 subpoena, and now an eleventh hour motion for a protective order to block a deposition compelled by the Rule 45 subpoena.  The Court should take note that after 21 months, discovery has *barely* begun because all we have seen is a fusillade of motions seeking to delay and impede discovery.  And to a significant extent, the strategy has worked.  As this case unfolds, the Court will come to understand why there are over 1,000 docket entries in the Eagle County case.  There is an insanity afoot, and it will not end unless the

---

[1]     Shakespeare, William, *Hamlet*, Act 3, scene 2.

Court compels it to end.  Plaintiffs will be serving a number of nonparty subpoenas, and it can be predicted with certainty that we will be back before the Court on each one.

As to the latest motion, it should be denied for the same reasons set forth in Plaintiffs' opposition to Vail Health's motion to quash.  Moreover, two cases from this jurisdiction also provide guidance as to why it should be denied.  In *Ecrix Corp. v. Exabyte Corp.*, this Court, under similar procedural facts, held that only a motion for a protective order brought under Fed. R. Civ. P. 26(c) stays discovery until the motion is decided.  Vail Health's initial objection to the Horwith subpoena and its original motion to quash were not made under this rule and thus did not stay the subpoena.[2]  And the Tenth Circuit has held that "[a] motion under Fed. R. Civ. P. 26(c) for protection from a subpoena is timely filed if made before the date set for production."[3]  Here, the motion was filed after the compliance date so Vail Health's motion is moot.  And as the *Ecrix* court observed, "[a]llowing a party a protective order until motions before the court are decided creates a precedent for discovery abuse. Parties can simply file motions and then seek protective orders, delaying discovery."[4]  And there, the court noted that to obtain a protective order under Fed. R. Civ. P. 26(c) a party needs to show "annoyance, embarrassment, oppression, or undue burden or expense...."  Here, Vail Health has not specifically claimed any of these factors in its motion nor is there any evidence to support such an argument, so its motion should be denied.[5]

---

[2]    191 F.R.D. 611, 617 (D. Colo. 2000).
[3]    *Florida v. Kerr-McGee Corp.*, 669 F.2d 620, 622 n. 2 (10th Cir. 1982).
[4]    *Ecrix*, 191 F.R.D. at 617.
[5]    *Id.*

## VAIL HEALTH HAS NOT COMPLIED WITH
## THE DISCOVERY DISPUTE PROCEDURES

Vail Health never called, nor requested any call to discuss the motion for a protective order.  Vail Health did not attempt to comply with the Court's Discovery Dispute Procedures and schedule a conference call with the Court to comply with informal dispute resolution procedures.  It filed the motion and then proposed the parties contact the Court.

## FACTUAL BACKGROUND

Plaintiffs served the Horwith subpoena on March 8, with a return date for document production on Monday, April 5, and a return date for the deposition on Friday, April 9. Late on Friday, April 2, Vail Health filed a Rule 45 motion to quash the subpoena.  On April 5, Vail Health sent Horwith its motion papers and advised Horwith to "not produce documents or appear for his deposition this week until the court rules on [the motion to quash]"[6]—an email, notably, that Vail Health never sent to Plaintiffs.  A motion to quash, however, does not automatically stay the discovery.[7]  If it did, then there would have been no reason for Vail Health to instruct Horwith not to comply with a federal subpoena.

Ignoring Vail Health's instructions, the independent court-appointed expert stated he would be producing documents requested in the subpoena and would be available on Friday for the scheduled deposition but was awaiting notification from the court reporter

---

[6]    Ex. 1 at 1-2 [Bernard/Savage email].  *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998) (noting counsel has an ethical obligation not to interfere with a subpoena's valid enforcement); *Desanzo v. AHS S.W. Hosp. Inc.*, Case No. 18-CV-353-JED-FHM, 2019 WL 2341666, at*4 (N.D. Okla. June 3, 2019) (noting it was improper for counsel to advise nonparty not to comply with subpoena).
[7]    *See, e.g.,* D.C.Colo.LCivR 30.2(a), which authorizes an automatic stay only for motions for protective orders filed under Rule 26(c) and 30(d).

about the video conference instructions.[8]   A little after noon on Wednesday, Horwith produced documents subject to the subpoena.[9]  In response, Vail Health sent an email— to both Horwith and Plaintiffs—contending that communications about the compliance of a federal subpoena, as well as the document production and deposition violated the state court's Forensic Protocol Order.[10]   Ironically, Vail Health made those statements to Horwith at the same time Vail Health argued that such communications were improper. Vail Health then stated it would be filing a motion for a protective order, which it filed in the evening on April 7.   After accusing Plaintiffs of purportedly having improper communications with Horwith, Vail Health then emailed its motion for protective order to both Plaintiffs and Horwith and stated that: "Vail Health has filed to delay the subpoena deadlines and deposition until after the court can rule on the motion to quash.  Pursuant to D.C.Colo.LCivR 30.2(a), the motion causes an automatic stay of the discovery sought by the subpoena."

## **ARGUMENT**

### I.    **THE MOTION SHOULD BE DENIED FOR FAILURE TO MEET AND CONFER.**

Vail Health failed to comply with Local Rule 7.1, which requires counsel to confer in good faith in an attempt to resolve discovery disputes before involving the Court.  Vail Health also refused to follow the Court's Discovery Dispute Procedures.  As a result, the motion to quash should be denied.

---

[8]      Ex. 2 at 1 [email].
[9]      Ex. 3 at 3 [email].  The production was provided to Vail Health before the motion for protective order was filed.  *See* Ex. 4 [email/production].
[10]      Ex. 2 at 1 [email] (email sent after Horwith said production was sent). *See* Ex. 3 at 4 (Horwith stating production was sent).

## II.   THE MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY AND THE PRODUCTION MOOTS THE ISSUE.

Horwith voluntarily produced documents on April 7 in response to the subpoena. The compliance date for the document production was April 5.  For a party to file a protective order to stop the production of documents, the Tenth Circuit in *Florida v. Kerr-McGee Corp.* stated that a motion for protection from a subpoena is timely filed only if made *before* **the date set for production.**[11]  The motion for protective order was filed two days after the compliance date, and therefore is untimely.

The document production also moots the April 2 motion to quash and April 7 motion for protective order.  A similar issue was recently addressed in *United States v Moya.*[12] There, the New Mexico federal district court addressed a trial subpoena for documents served by the defendant.  The third party produced some of the documents requested and then later the government objected to the subpoena *duces tecum* on the grounds that the Court had previously denied a motion to compel with respect to that party.  The third party also objected—after partial compliance with the subpoena and on the eve of the trial—on the grounds the document requests were overbroad and unreasonably burdensome.  The Court denied both motions.  As to the government, the Court concluded that the government did not have standing.  The court also denied the third-party's motion because its partial production mooted the issue and because it was untimely.  The third party had actually "responded to the subpoena, at least in part, and then sat on its hands

---

[11]   669 F.2d 620, 622 n.2 (10th Cir. 1982).
[12]   Cr. No. 15-1889 JCH, 2019 WL 1979661, at *3 (D.N.M. May 3, 2019).

until the last business day before trial was set to begin."[13]  Based on these circumstances, the court denied the motion to quash.

Applying these same principles here, the outcome should be the same, particularly when the one objecting here is not the third party responding to the subpoena, but rather Vail Health.  Vail Health chose to file a Rule 45 motion to quash, which does not result in an automatic stay of the Rule 45 discovery.  Vail Health improperly advised Horwith not to comply with the subpoena, which Horwith declined to do.  Only after Horwith produced documents under the subpoena did Vail Health file a motion for protective order.  Not only is the motion for protective order untimely under Tenth Circuit law, but it was also rendered moot by Horwith's production.  The motion for protective order and motion to quash should therefore be denied on the same grounds articulated in *Moya.*

## III.   VAIL HEALTH'S USE OF RULE 26(c) TO PURPORTEDLY STAY COMPLIANCE WITH A FEDERAL SUBPOENA IS IMPROPER.

In an attempt to circumvent the fact that a motion to quash does not automatically stay compliance with a federal subpoena,[14] Vail Health has belatedly filed a motion for a protective order to now stay Horwith's decision to comply with the subpoena.  This Court in *Ecrix Corp. v. Exabyte Corp.,*[15] discussed the impropriety of a party filing a motion to stay, and then later, to ensure there was an automatic stay of discovery, then filed a motion for protective order.  There, the defendant did not seek a protective order to prevent discovery about antitrust violations under Rule 26(c).  The defendant attempted

---

[13]     *Id*.

[14]     *See, e.g.,* D.C.Colo.LCivR 30.2(a), which authorizes an automatic stay only for motions for protective orders filed under Rule 26(c) and 30(d).

[15]     191 F.R.D. 611 (D. Colo. 2000).

to cure the problem by filing a motion for protective order to prevent discovery until a decision on its motion to bifurcate was decided.   This Court denied the defendant's attempt to improperly use Rule 26(c), noting:   "Allowing a party a protective order until motions before the court are decided creates a precedent for discovery abuse.  Parties can simply file motions and then seek protective orders, delaying discovery."[16]

## IV.   VAIL HEALTH PROVIDES NO GROUNDS FOR A PROTECTIVE ORDER UNDER RULE 26(c).

Under Rule 26(c), Vail Health must first show "good cause" for a protective order and must show "annoyance, embarrassment, oppression, or undue burden or expense."[17] Like under Rule 45, Vail Health must have standing—that is, that it has an interest in the subject matter of the disclosure.[18]

"A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements.[19] The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection.[20]  "As a general rule, the " good cause" calculation requires that the Court

---

[16]     *Id.* at 617.
[17]     Fed. R. Civ. P. 26(c)
[18]     *See Firetrace USA, LLC v. Jesclard,* No. CV-07-2001-PHX-ROS, 2008 WL 514669 (D. Ariz. Dec. 8, 2008) ("The…interests required for a protective order under Rule 26(c) and the 'claim of personal right or privilege' required for a party to challenge a subpoena under Rule 45(c) to be the same.").
[19]     *United Fin. Cas. Co. v. Lapp*, Civil Action No. 12-cv-00432-MSK-MEH, at * 5 (D. Colo. Feb. 1, 2013) (citing *Tolbert-Smith v. Bodman,* 253 F.R.D. 2, 4 (D.D.C. 2008)), attached as Ex. 5.
[20]     *Id.* (citing *Tolbert-Smith,* 253 F.R.D. at 4; *Exum v. United States Olympic Comm.,* 209 F.R.D. 201, 206 (D. Colo. 2002)).

balance " the [moving] party's need for information against the injury which might result from unrestricted disclosure."[21]

Vail Health asserts that allowing Plaintiffs to take a deposition of the court-appointed expert about his court-ordered findings and obtaining the documents relevant to those findings will purportedly prejudice Vail Health.  But Vail Health has the prejudice going the wrong way.  It is Plaintiffs, not Vail Health, that will be prejudiced if the discovery does not go forward.  Horwith has agreed to comply with his Rule 45 obligations.  It is Vail Health that seeks to preclude Plaintiffs from preserving Horwith's testimony, a court-appointed expert that is retiring and plans to travel for at least the next five months.  Any purported prejudice to Vail Health has nothing to do with the process—it has everything to do with the court-appointed expert's **findings**.  Horwith found no evidence supporting Vail Health's contentions that Plaintiffs were involved in Cimino's purported theft of Vail Health files and documents.  And he found no evidence that any purported trade secrets were transferred to Plaintiffs either.  So the only "prejudice" is that the evidence is not favorable to Vail Health, and it wants to try to preclude it in this action.  That is not the purpose of issuing a  protective order of what Rule 26(c) is intended to protect.  Vail Health has failed to establish "good cause" for a protective order.

Under Rule 26(c), Vail Health must also show that **it** will suffer "annoyance, embarrassment, oppression, or undue burden or expense" if the discovery proceeds, and therefore the discovery should be forbidden.  Vail Health claims that the "undue burden"

---

[21]     *Landco Equity Partners, LLC v. City of Colorado Springs, Colorado*, 259 F.R.D. 510, 512 (D. Colo. 2009).

here is that discovery of a court-appointed expert violates a Forensic Protocol Order, which outlined the parameters of the forensic review.  (That Order in no way precluded discovery of the expert's findings.  And Rule of Evidence 706 permits depositions to be taken of a court-appointed expert.)[22]  Vail Health then asserts it will suffer undue burden because discovery will be duplicated.  (Horwith was not deposed in the state court action).[23]  So Vail Health has no standing to assert "undue burden or expense" here.

"Undue burden or expense" under Rule 26(c) relates to the "time, effort and expense"[24] a party would have to expend to respond to discovery. A party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense, including the time and expense involved.[25]  "[T]the party asserting an undue burden objection 'has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery'…."[26]

Vail Health has made conclusory statements about the burden here, and in doing so, has mischaracterized the type of burden at issue.  It is Vail Health's "burden or expense" to comply with the discovery that is at issue.  It has not submitted any affidavits to support the conclusion that Vail Health will "undue burden or expense" as required

---

[22]    *See* April 5 Pls.' Mot. to Quash at 12-13.
[23]    *Id.* at 14-15.
[24]    *Lapp*, at *6, attached as Ex. 5.
[25]    *See Rivera v. Exeter Fin. Corp.*, Civil Action No. 15-cv-01057-PAB-MEH, at *3 (D. Colo. Feb. 1, 2016) ("a party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense."  *Aikens v. Deluxe Fin. Servs.*, *Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003)"), attached as Ex. 6.
[26]    *Lapp,* at *5, attached as Ex. 5.

under Rule 26(c).  Nor can it because it is not the producing party.  Horwith has produced documents under the subpoena, and Plaintiffs paid him $1,000 to do so.  Horwith claimed no burden in producing them—it took no more than two hours of his time.  No "undue burden or expense" has ever been placed on Vail Health.  The only costs for Vail Health are the attorneys' fees associated with the machinations Vail Health has undertaken in an attempt to preclude Plaintiffs from relevant discovery of a court-appointed expert—that is, the countless emails, the motion to quash, and now the motion for a protective.  That, however, is not the "undue burden or expense" that is contemplated by Rule 26(c).

## CONCLUSION

Vail Health's motion for a protective order is nothing more than an abuse of the discovery process, and it should be denied.  Vail Health filed this motion after the court-appointed expert refused to follow Vail Health's instructions and violate a Rule 45 subpoena.  The only purpose was to delay relevant discovery and prejudice Plaintiffs.

Dated: April 8, 2021

*s/ Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiff Sports Rehab
Consulting LLC and Lindsay Winninger

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2021, I served a true and correct copy of Plaintiffs' Opposition to Motion for Protective Order, on the following:

Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
shannon.stevenson@dgslaw.com
daniel.richards@dgslaw.com

Counsel for Defendant Vail Clinic, Inc.

_s/ Alan L. Kildow_
Alan L. Kildow