# Exhibit 6

Civil Action No. 15-cv-01057-PAB-MEH
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

# Rivera v. Exeter Fin. Corp.

Decided Feb 1, 2016

Civil Action No. 15-cv-01057-PAB-MEH

02-01-2016

EDGAR RIVERA, on behalf of himself and all others similarly situated, Plaintiff, v. EXETER FINANCE CORP., Defendant.

Michael E. Hegarty United States Magistrate Judge

## ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS

Before the Court is Defendant's Motion to Stay Proceedings [filed November 12, 2015; docket #32]. The matter is briefed, and has been referred to this Court for disposition [docket #33]. For the reasons that follow, Defendant's motion is **denied without prejudice.**

## I. Background

Plaintiff filed this class action lawsuit alleging a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq. Plaintiff contends that he and others similarly situated received debt collection telephone calls on their cell phones when, in fact, those calls were intended not for them but for the prior subscriber of their cell telephone number ("reassigned number" theory, for short). Defendant contends that Plaintiff's ability to prevail depends on the definition of an "automatic telephone dialing system" (or ATDS) under the TCPA, and on whether the statute supports liability for calls to reassigned telephone numbers. Defendant further contends that both these issues were addressed by

2

the Federal Communication Commission's (FCC) latest Declaratory Ruling and Order (Ruling), and that this Ruling has been appealed to the United States Court of Appeals for the D.C. Circuit (*ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir.)). According to *2 Defendant, because the outcome of that appeal will affect the efficacy of Plaintiff's lawsuit here, this Court should enter a stay pending the conclusion of the appeal (final briefing will be completed within weeks). Plaintiff does not dispute any of the above *per se*, but disagrees with the Defendant on the effect the appeal will have on this lawsuit, claiming that regardless of what the FCC does, this lawsuit will still have a viable theory of recovery.

## II. Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). "[T]he power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. North Am. Co.*, 229 U.S. 248, 254 (1936)). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from the burdensome expense of discovery at this stage in the case.

Case No. 1:19-cv-02075-WJM-SKC   Document 93-6   filed 04/08/21   USDC Colorado   pg 3 of 5

Rivera v. Exeter Fin. Corp.    Civil Action No. 15-cv-01057-PAB-MEH (D. Colo. Feb. 1, 2016)

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

In determining whether to grant a stay, courts typically balance the following factors taking *3 into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda*, 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)).

Here, Defendant seeks to stay discovery in this matter indefinitely (or, pending a decision in the D.C. Court of Appeals and maybe a decision by the United States Supreme Court). Staying the case in this manner could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and party/witness availability. The case is already over eight months old, and no party disputes that only minimal discovery has taken place (if any) thus far. The Court finds that this factor weighs against granting the requested stay.

Defendant contends that it would be unduly burdened by discovery when the landscape under which Plaintiff is operating may be drastically changed by the D.C. Circuit's decision. The parties make conflicting arguments about the impact that any appeal ruling may have on this lawsuit. At this point, I find it speculative at best. In any event, unless the challenged discovery is unduly burdensome on its face, a party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003). I do not find the Defendant's burden carried here, especially in light of the fact that the Court has already built in an accommodation to Defendant's cost concerns, in the Scheduling Order in this case. Specifically, Defendant stated in that Order:

*4

> Defendant has taken steps to preserve electronically stored information relating to Plaintiff's allegations and will provide additional detail regarding those steps to the Court at the Scheduling Conference. However, Defendant objects to and disagrees with Plaintiff's proposal to the extent it calls for broad discovery of electronic records regarding putative class members when no class has been certified. Defendant objects because, among other reasons, such a proposal ignores the competing interests at this stage of discovery, namely: (1) Plaintiff's interest in obtaining information regarding Rule 23's class certification requirements; (2) putative class members' (and other non-parties') interest in protecting the confidentiality of their personal information; and (3) Defendant's interest in minimizing the interference with its day-to-day business operations that rely on its use of the electronic database. Accordingly, as outlined below, Defendant believes that discovery should be bifurcated in order to avoid unnecessary, expensive, and burdensome discovery regarding putative class members (and individuals who are not even potentially putative class members) until and unless a class is certified.

Case No. 1:19-cv-02075-WJM-SKC   Document 93-6   filed 04/08/21   USDC Colorado   pg 4 of 5

Rivera v. Exeter Fin. Corp.   Civil Action No. 15-cv-01057-PAB-MEH (D. Colo. Feb. 1, 2016)

Scheduling Order, docket #25, at 6. The Court granted Defendant's request and bifurcated this case, permitting only discovery about Plaintiff's individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase One Discovery") to proceed. Any remaining discovery, such as expert and fact discovery about the claims of the absent class members ("Phase Two Discovery"), will be deferred until after the Court's ruling on class certification. *See id*. at 8. Furthermore, if the appeal is still pending at that time, Defendant may submit another motion for stay. Therefore, the Court finds this factor weighs against granting the requested stay.

A stay of all discovery is generally disfavored in this District. *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). This is particularly true in cases requesting indefinite stays, which will have the effect of delaying proceedings that may adversely affect the scheduling of the case or other cases. The general interests of controlling the court's docket and the fair and speedy administration of justice prompt the Court to find that this factor weighs against granting the requested stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of *5 either position. Defendant makes no material argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a stay of these proceedings.

Finally, the parties note that other courts have addressed this precise issue with regard to the appeal of the latest FCC Ruling. The cases have gone both directions. *Compare Lee v. LoanDepot.com, LLC*, 2015 WL 5032175, *3 (D. Kan. Aug. 25, 2015), *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, *3 (D.N.J. Sept. 28, 2015) *and Lathrop v. Uber Technologies, Inc.*, 2016 WL 97511, *5 (N.D. Cal. Jan. 8, 2016) *with Fontes v. Time Warner Cable Inc.*, 2015 WL 9272790, *5 (D.C. Cal. Dec. 17, 2015), *Kolloukian v. Uber Technologies, Inc.*, 2015 WL 9598782, *1 (C.D. Cal. Dec. 14, 2015) *and Acton v. Intellectual Cap. Mgmt., Inc.*, 2015 WL 9462110, *3 (E.D.N.Y. Dec. 28, 2015). This is simply another example of courts exercising their authority and making a particularized determination based on the facts before them.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that Defendant's request must be denied. The Court cannot justify the imposition of an indefinite stay of discovery in this matter in light of the limited scope of discovery that the Court has already imposed at Defendant's request.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Proceedings [filed November 12, 2016; docket #32] is **denied without prejudice.** In the event the appeal of the FCC Ruling is still pending at the time the parties must proceed with merits, class and expert discovery, Defendant may renew its motion.

Dated at Denver, Colorado, this 1st day of February, 2016. *6

BY THE COURT:

/s/

Michael E. Hegarty

United States Magistrate Judge

 casetext