**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

---

**MINUTE ORDER**

---

    This matter comes before the Court based on the parties' request for a discovery dispute hearing on the pending deposition of Michael Horwith by Plaintiffs. On April 2, 2021, Defendant filed a motion to quash Plaintiffs' subpoena to Mr. Horwith. (D. 85).[1] On April 5, 2021, Defendant sent Mr. Horwith its motion and advised Mr. Horwith to not produce documents or appear for the deposition until this Court ruled on the motion to quash. (D. 93, p. 3). On April 7, 2021, Mr. Horwith produced documents subject to the subpoena. (*Id*., p. 4). On April 7, 2021, Defendant filed a motion for a protective order. (D. 91). The motions have been referred to this Magistrate

---

[1] "(D. 85)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

Judge. (D. 87, D. 92).[2] However, neither motion is ripe. Pursuant to D.C.COLO.LCivR 30.2(a), "[p]ending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered." The District Court of Colorado "has consistently interpreted this rule narrowly as concerning only a motion for protective order (or a motion to limit examination) which is directed at specific discovery requests." *Kerr v. City of Boulder, Colorado*, No. 19-CV-01724-KLM, 2020 WL 6383224, at *2 (D. Colo. Oct. 30, 2020). Here Defendant has filed a motion for a protective order under Rule 26(c). (D. 91, p. 2). Plaintiffs argue that the motion for a protective order is untimely because it was filed after the date set for production. *See In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 622 n.2 (10th Cir. 1982). Mr. Horwith has already produced the documents subject to the subpoena, thus the motion for a protective order regarding these documents is untimely. However, Mr. Horwith was due to be deposed on Friday, April 9, 2021. (D. 93, p. 3). As such, the motion to stay is timely filed regarding the noticed deposition, and the deposition is stayed until the motion for a protective order is resolved. *In re Coordinated Pretrial Proc.*, 669 F.2d at 622, n.2 ("As the district court below correctly noted, a motion under Fed.R.Civ.P. 26(c) for protection from a subpoena is timely filed if made before the date set for production.") (citing *United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.1976)).

This Court notes that, under the current Scheduling Order, fact discovery will end on August 1, 2021. (D. 69, p. 18). Plaintiffs argue that Mr. Horwith will be out-of-state and on vacation for approximately five months and that they desire to proceed with the scheduled one-hour deposition on Friday, April 9, 2021. (*See* attachment). However, the Court is not convinced

---

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. Fed. R. Civ. P. 72(a).

that Plaintiffs cannot reschedule a remote deposition with Mr. Horwith in the future before August 2021.  *Rodriguez v. Chavez*, No. 12-CV-01071-PAB-MJW, 2015 WL 13613410, at *2 (D. Colo. Jan. 5, 2015)  ("As a threshold matter, neither side provides any indication that, after the automatic stay provision of D.C.COLO.LCivR 30.2(a) stayed the subject depositions, the parties had any difficulty rescheduling the subject depositions or that plaintiff's counsel was deprived of sufficient time to prepare for the rescheduled depositions.").  Accordingly, the deposition of Mr. Horwith is stayed until the motion for a protective order is resolved.

Dated at Grand Junction, Colorado this April 8, 2021.

Gordon P. Gallagher
United States Magistrate Judge