IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

   Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

   Defendant.

### DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this Reply in Support of its Motion to Quash Plaintiffs Sports Rehab Consulting, LLC's and Lindsay Winninger's Subpoena to Michael Horwith ("Motion").

Plaintiffs ask this Court to deny Vail Health's Motion for three reasons: (i) failure to meet and confer; (ii) untimeliness; and (iii) lack of grounds to quash the subpoena. None of these reasons are supported by the facts or law or provide a basis to deny the Motion. First, as both the Motion and Plaintiffs' response reveal, the parties had conferred for months in the State Court Action regarding preservation of Mr. Horwith's materials and then extensively on the subpoena Plaintiffs issued over the course of three weeks. Unable to reach an agreement, Vail Health filed the Motion. Second, a motion to quash is timely if filed prior to the time for compliance, and Vail Health filed the Motion prior to Mr. Horwith's deadline for document production and deposition. Third, Plaintiffs claim there is no basis to quash the subpoena because (i) Mr.

4827019.3

Horwith did not move to quash it, (ii) Mr. Horwith's documents and testimony are relevant, (iii) the State Court Forensic Protocol Orders do not explicitly forbid Mr. Horwith's deposition, and (iv) the subpoena does not seek discovery duplicative of State Court discovery, because Mr. Horwith has not been deposed in the State Case. These arguments miss the point. Vail Health is not advocating for or against the discovery Plaintiffs seek. Nor is Vail Health arguing that Mr. Horwith's work in the State Case is irrelevant to this action. Rather, Vail Health seeks to protect its interests—hard-fought and heavily litigated for two years in the State Court—by not permitting Plaintiffs to forum shop their discovery disputes and circumvent the State Court's jurisdiction. This Court anticipated such tactics and expressly rejected them during the Scheduling Conferences and in the Scheduling Order by decreeing that this case may not be used as a do-over of the State Court Action. The State Court is undoubtedly the correct forum to resolve any disputes the parties have regarding discovery directed to the expert it appointed. Thus, Vail Health respectfully requests that this Court grant its Motion and quash the subpoena to Mr. Horwith to permit the State Court time to resolve these issues, which are much more familiar to it and based upon years of litigation in that case.

## ARGUMENT

### I. VAIL HEALTH SATISFIED THIS COURT'S CONFERRAL REQUIREMENTS

Plaintiffs' contention that Vail Health did not adequately confer is belied by the page-long statement of conferral in Vail Health's Motion, as well as the numerous emails Vail Health attached as exhibits to its Motion and with this reply. As the Court knows, on March 8, 2021, Plaintiffs served Vail Health with a copy of a subpoena they issued to Mr. Horwith (*see* **Exhibit 1**). On March 9, 2021, Vail Health informed Plaintiffs that its objections to the Horwith

subpoena would need to be raised in the discovery dispute conference with Magistrate Gallagher that was then scheduled for March 16.  (Attached as **Exhibit 9**.)  On March 22, 2021, Vail Health served Plaintiffs with objections to the subpoena.  (*See* **Exhibit 2**.)  Plaintiffs did not respond or withdraw the subpoena.  Between March 22 and March 26, the parties exchanged information about their positions with respect to the subpoena, including in a discovery dispute chart submitted to this Court.  (*See, e.g.*, excerpts from the discovery dispute chart submitted to the Court on March 26, 2021, attached as **Exhibit 10**.)  On March 30, 2021, Vail Health sent an email to Plaintiffs' counsel inquiring whether Plaintiffs had considered Vail Health's Objections and whether Plaintiffs would oppose the relief requested herein.  (*See* **Exhibit 3**.)  On April 1, 2021, Plaintiffs sent Vail Health a proposed stipulation that would instruct Mr. Horwith to reproduce certain materials that had already been produced in the related state case and would deem such documents admissible in the federal case, *see* **Exhibit 3**.  On April 1, 2021, Vail Health responded, *inter alia*, that Plaintiffs' proposed stipulation was unnecessary in light of the Scheduling Order in this case that states that discovery from the State Court Action may be used in this case; Vail Health further offered to stipulate to the authenticity of certain documents if necessary but did not agree to stipulate that all such documents were admissible, *see* **Exhibit 4**. On April 2, 2021, Plaintiffs responded, arguing, *inter alia*, that Vail Health's objection was invalid because it was served by email and that Vail Health did not have standing to object to the subpoena, *see* **Exhibit 5**.  Accordingly, Vail Health filed its Motion on April 2, 2021.

  On April 8, 2021, Plaintiffs contacted Mr. Horwith about the whereabouts of his document production and to discuss the deposition scheduled for April 9, 2021.  When Plaintiffs indicated, over Vail Health's objections and multiple conferral attempts, that they intended to

proceed, Vail Health filed a motion for protective order on April 8, 2021. The Court issued a minute order that day staying Mr. Horwith's deposition.

In addition to these weeks of conferral, the parties also were discussing and conferring about the subpoena in the context of the State Court Action. One day after Plaintiffs issued the subpoena, Vail Health informed Plaintiffs that they were in violation of the State Court's Forensic Protocol Orders and that it would seek to enforce the same with the State Court. (Attached as **Exhibit 11**.) Plaintiffs did not respond to Vail Health's email but instead sent a letter to Mr. Horwith in further violation of the State Court's orders. (Attached as **Exhibit 12**.) Vail Health thus emailed Plaintiffs' counsel again. (**Exhibit 11**.) When Plaintiffs refused to withdraw the subpoena, Vail Health filed with the State Court on March 15, 2021, a Motion to Enforce the Forensic Protocol Orders, noting that Plaintiffs were improperly seeking documents and testimony from Mr. Horwith in this case.

Thus, there is no legitimate argument that Vail Health has done anything but "make reasonable, good faith efforts to confer with [] opposing counsel [] to resolve" this dispute in keeping with D.C.Colo.LCivR 7.1.

## II. VAIL HEALTH TIMELY MOVED TO QUASH THE SUBPOENA

Plaintiffs suggest that Vail Health's Motion should be denied as untimely. But the rule Plaintiffs cite concerns the timeliness of objections (which Vail Health also timely served), not a motion to quash. After several rounds of negotiations and when it became clear that Plaintiffs would not modify, postpone, or withdraw the subpoena, Vail Health filed its motion to quash on April 2, 2021—before the subpoena's April 5, 2021 return date. This procedure and timing squarely comply with what constitutes a "timely" motion to quash under F.R.C.P 45(d)(3)(A).

*See, e.g.*, *Nelson v. State Farm Fire & Cas. Co.,* 2020 U.S. Dist. LEXIS 231193, at *6-7 (D.N.M. Dec. 9, 2020) ("[C]ourts have generally found such motions timely when filed within the time set in the subpoena for compliance."); *see also, Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena."); *MetroPCS v. Thomas*, 327 F.R.D. 600, 615 (N.D. Tex. 2018) (motion to quash was timely when filed the day before document production and presence at deposition were required).

In accusing Vail Health of an untimely motion to quash, Plaintiffs rely on F.R.C.P. 45(b)(2), which governs objections to a subpoena, not a motion to quash. Even though inapposite here, Vail Health also complied with this rule, which requires that objections to a subpoena be served before the earlier of 14 days after service or the date for compliance. As Plaintiffs concede, Vail Health served objections to the subpoena on March 22—within 14 days after Plaintiffs issued it to Mr. Horwith on March 8.

Plaintiffs also rely on inapposite case law from other jurisdictions to suggest that even if Vail Health's Motion was timely, it should have filed it sooner. This argument ignores the reality of the situation: even if Vail Health had filed its Motion the very day Plaintiffs issued the subpoena, it would not have been fully briefed until April 12 (a week after the subpoena's return date), which would not have afforded the Court any opportunity to review the briefing or make a decision. Moreover, several weeks before, on March 15, 2021, Vail Health had filed a motion with the State Court (the proper court to address disputes about discovery from the expert it appointed) in an effort to resolve the issue before requiring any intervention from this Court. Thus, through objections and repeated conferrals, Vail Health attempted to reach a negotiated

solution with Plaintiffs that would preserve the status quo and permit the parties and Court time to resolve the issues. Instead, Plaintiffs insisted on plowing ahead, forcing Vail Health to file this Motion and a subsequent emergency motion for a protective order, which the Court granted at least to stay Mr. Horwith's deposition on April 9.

Finally, Plaintiffs argue that the Motion should be denied as untimely, because in not filing the Motion until April 2, Vail Health secured some sort of tactical advantage by delaying the deposition until after Mr. Horwith's scheduled departure from Colorado. Again, this is simply incorrect. As noted above, even if Vail Health had filed its Motion the same day Plaintiffs issued the subpoena, the issues would not have been before this Court before the compliance date and could not have been resolved before Mr. Horwith left Colorado. In addition, throughout the conferral emails exchanged between March 8 and April 2, Vail Health offered to work with Plaintiffs to secure an expedited resolution of the issue. At the end of the day, however, this is no matter. Plaintiffs expected the documents to be produced electronically and noticed the deposition to occur via Zoom. Mr. Horwith's absence from the state of Colorado thus in no way affects his ability to comply with the subpoena, should the Court so order.

The timing of Vail Health's Motion, which conforms to F.R.C.P. 45(d)(3)(A), provides no basis to deny the Motion.

### III.     PLAINTIFFS' SUBPOENA SHOULD BE QUASHED

Having exhausted their procedural arguments, Plaintiffs finally argue that Vail Health's Motion should be denied, because (i) Vail Health does not identify a basis to quash the subpoena under F.R.C.P. 45(d)(3); (ii) the information Plaintiffs seek through the subpoena is relevant; (iii) the Forensic Protocol Orders in the State Court Action do not forbid Mr. Horwith's deposition;

and (iv) the discovery is not duplicative of State Court discovery.  None of these arguments provide a basis to deny Vail Health's Motion.  In fact, Plaintiffs' repeated reliance on and reference to orders and discovery in the State Court Action only emphasizes Vail Health's point that the State Court, not this Court, should determine whether additional discovery from the State Court's appointed expert is justified and if so, under what conditions.

First, Plaintiffs incorrectly state that Vail Health lacks standing to file a motion to quash and suggest that the subpoena may only be quashed if Vail Health identifies one of the enumerated bases under F.R.C.P 45(d)(3).  Plaintiffs, however, provide no support for this suggestion.  Vail Health explained in its Motion that in this Court, a party like Vail Health does have standing to move to quash if it "claims some personal right or privilege with regard to the documents sought," or "when the subpoena infringes upon the movant's legitimate interests." *Curtis Park Grp., LLC v. Allied World Speciality Ins. Co.*, 2021 U.S. Dist. LEXIS 49917, at *12-13 (D. Colo. Mar. 17, 2021) (quoting *United States v. Gonzales*, 2010 U.S. Dist. LEXIS 109188, at *5 (D. Colo. Sept. 8, 2010)); *Carbajal v. Serra*, 2012 U.S. Dist. LEXIS 83172, at *5-6 (D. Colo. June 15, 2012).  Plaintiffs do not address this case law or provide any reason for the Court to disregard it here.

Second, Plaintiffs' argument that the information they seek through the subpoena is relevant to this action is neither here nor there.  Vail Health has not asked the Court to quash the subpoena on relevance grounds.  Rather, Vail Health asks this Court to quash the subpoena, because enforcing it would potentially violate several State Court orders, circumvent several motions pending before the State Court, and effectively usurp the State Court's jurisdiction over an expert it appointed in the State Case and who performed work in the State Case for multiple

years at the State Court's direction. The issue is not whether the information is relevant; the issue is which court should decide whether the discovery Plaintiffs seek is timely, appropriate, or necessary.

Third, Plaintiffs argue the subpoena should be enforced, because C.R.E. 706 permits a party to depose a court-appointed expert and nothing in the State Court's Forensic Protocol Orders explicitly forbids it. Although the Forensic Protocol Orders include blanket language prohibiting party communications with Mr. Horwith, Plaintiffs argue that those prohibitions should be interpreted as effective only "during the forensic examination" itself. Plaintiffs further argue that the Orders' prohibition on disclosure of images or information absent court order or argument of the parties should be lifted, because it was the product of a different dispute between the parties at that time.

These arguments only reinforce Vail Health's point that the State Court, not this Court, should determine whether, when and under what conditions Mr. Horwith might be required to produce documents and provide testimony. As Vail Health explained in its Motion, principles of comity and judicial efficiency, as well as common sense, dictate that this Court defer to the State Court on these issues. (*See* Motion at 10-11 (citing numerous decisions holding that principles of comity and respect for the effect of preexisting judicial orders also require the federal court's prohibition of such discovery).) As the court that issued the numerous Forensic Protocol Orders Plaintiffs invoke, the State Court should be the one to interpret those orders and apply them to discovery of the expert it appointed. In other words, if Plaintiffs wish to take a deposition of a *State Court*-appointed expert pursuant to the *Colorado* Rules of Evidence, Plaintiffs need to make that request to the *State Court*. Indeed, both Plaintiffs and Vail Health filed motions with

the State Court seeking clarification and interpretation of the Forensic Protocol Orders in light of Plaintiffs' subpoena.[1]  Plaintiffs have identified no reason why they cannot wait for the State Court to resolve these issues.[2]  They simply ignore the cases and analysis in Vail Health's Motion that overwhelmingly favor this Court deferring to the State Court's interpretation and judgment concerning the numerous Forensic Protocol Orders it entered that govern discovery from Mr. Horwith.[3]  Instead, they hope to circumvent and preempt the State Court by asking this Court to decide first discovery issues that already have extensively been litigated in the State Case.

Fourth, Plaintiffs claim that they are not seeking discovery duplicative of the State Court, because the documents Mr. Horwith produced in the State Case (which Plaintiffs admit they are requesting again through the subpoena) were not well organized, and Mr. Horwith was not deposed.  This argument again makes it clear that Plaintiffs seek to use this subpoena and this forum to redo or clean up what they did not or could not accomplish in the State Court.  Plaintiffs do not contest that the documents they seek have all been produced in the State Court Action or

---

[1] In one of Plaintiffs' draft motions on this issue, circulated to all parties, Plaintiffs indicated that they would request the State Court's permission to take a "preservation deposition" of Mr. Horwith.  Plaintiffs, however, never pursued that request in front of the State Court.

[2] While Mr. Horwith indicated he is traveling for a few months, he has not indicated that he cannot be reached by normal means, nor that he is never coming back.  And although the State Court Action is temporarily stayed to permit the Supreme Court to address Plaintiffs' interlocutory appeal, it will resume as soon as the Supreme Court renders its decision.

[3] Plaintiffs question why Vail Health's Motion analyzes when a federal court should defer to a state court's protective orders regarding discovery.  Plaintiffs apparently have not appreciated that the State Court's Forensic Protocol Orders *are* protective orders that govern the scope of Mr. Horwith's work and the parties' ability to obtain discovery about that work.

are otherwise independently available to them.  Plaintiffs do not dispute that the Scheduling Order in this case indicates that discovery obtained in the State Court Action may be used in this action.[4]  Plaintiffs do not dispute that the documents and reports Mr. Horwith provided in the State Court Action memorialize his findings and conclusions.

## CONCLUSION

Vail Health respectfully requests that the Court quash Plaintiffs' subpoena or at least stay the subpoena until the State Court has an opportunity to resolve the pending motions before it concerning the Forensic Protocol Orders.

Dated:  April 19, 2021

   *s/ Shannon Wells Stevenson*
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  jackie.roeder@dgslaw.com
       shannon.stevenson@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

---

[4] Plaintiffs' accusation that Vail Health seeks to quash the subpoena to avoid the admission of prejudicial discovery thus makes no sense.  It is also, importantly, incorrect, as Mr. Horwith's analysis indeed revealed an overlap in documents and information between Winninger and Cimino.

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH was filed via CM/ECF on this 19th day of April 2021, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO 81653
Email: alkildow@aol.com

              *s/ Paige Finnell*
              Paige Finnell