# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

## THE PARTIES' JOINT DISCOVERY DISPUTE CHART

**PLAINTIFFS:** Plaintiffs' dispute with respect to Vail Health's responses to the First Set of Discovery Requests focuses on the objections made by Vail Health. To that end, Plaintiffs have provided to the Court the following exhibits related to their discovery disputes with Vail Health:

- Exhibit 1:  Plaintiffs' First Set of Requests for Production of Documents;
- Exhibit 2:  Vail Health's Responses to First Set of Requests for Production of Documents

Plaintiffs' dispute does not address the 57 documents produced and the multitude of issues presented by that production. Plaintiffs have begun addressing those issues separately with Vail Health and, to the extent necessary, will bring those issues to the attention of the Court if they cannot be resolved by way of the conferral process.

1

| Plaintiffs' Subpoena to Michael Horwith | | Plaintiffs served a subpoena on Michael Horwith seeking documents and a deposition. Michael Horwith is forensic expert appointed by the court in the State Court Action.  He has custody of the parties' devices as well as the images of those devices.  His appointment and duties are governed by the terms of the forensic protocol order entered by the state court.   Among other things, that protocol does not allow the parties to have access to Horwith's data, devices and images.  It also does not allow parties to have direct communication with Horwith.  Vail Health had filed a motion with the state court seeking guidance on these issues.   However, because Plaintiffs filed a Rule 21 petition with the Colorado Supreme Court on an unrelated issue, the State Court Action is temporarily stayed and it is not clear when it will be able to address this issue. | **PLAINTIFFS' COMMENTS"** <br><br> After learning that Horwith, the court-appointed computer forensic expert in the Eagle County action, intended to retire and travel, Plaintiffs served a deposition notice and *subpoena duces tecum* for the report and documents he produced to the parties in the Eagle County action per the Forensic Protocol Order and subsequent modifications to the Order.  Attached as **Exhibit 3** is the Subpoena. <br><br> The Eagle County action has been stayed by the Colorado Supreme Court pursuant to a Rule 21 Petition filed by Plaintiffs and Cimino.  Vail Health attempted to lift the stay but that was denied.  Given Horwith's intention to retire and travel, the deposition is necessary to preserve his testimony.  No deposition was taken of Horwith in the Eagle County action, so there is no duplication. <br><br> The restriction on communication with the expert related solely to the forensic exam, which has been completed for over a year.  To avoid any dispute as to the actual report and documents produced by Horwith to the parties, Plaintiffs |

| | | | requested he reproduce the same information already produced in the Eagle County action. The purpose of the deposition is to authenticate his report and corresponding documents and preserve his testimony. In an objection served on March 22, Vail Health asserts that it would be improper to depose Horwith because the Forensic Protocol Order prohibits direct communications with Horwith—but that is about the forensic examination itself, not his authentication of the documents he has already produced. But that directly contradicts C.R.E. 706, which expressly allows any party to take a deposition of a court-appointed expert. A deposition could be avoided if Vail Health stipulates to the authentication and admissibility of Horwith's report and documents produced in the action.

The report and documents Horwith has already produced in the Eagle County action shows that Cimino did not transfer any of the documents Vail Health alleged he had transferred to Winninger and Sports Rehab, which is directly relevant to the allegations in this |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | action, including sham litigation and Vail Health's false statements.<br><br>Vail Health appears to object to one set of files in particular, those are the connection logs from Winninger's computer.  Connection logs provide data about devices that may have been attached to a computer.  The connection logs from Winninger's computer were already produced to the parties in native format and in spreadsheet form by Plaintiffs' forensic expert, David Penrod.  So the production of the connection logs from the image of Winninger's computer that Penrod provided to Horwith is no different.  All parties—through their expert representatives— agreed that Horwith should produce those logs.<br>Further, the Eagle County court permitted Horwith to correspond with the parties, and in particular, Plaintiffs' counsel to discuss issues related to an unpaid invoice.<br>In serving the federal subpoena, Horwith sent a letter to all counsel and the Eagle County court claiming that he is entitled to $1500 for three hours of his time gathering the documents already produced and sitting for a one hour |

| | | | |
|---|---|---|---|
| | | | deposition. Plaintiffs have corresponded with Horwith regarding the fee issue, and all parties were provided a copy of that communication. *See a*ttached Exhibit 4<br><br>**Vail Health's Comments:**<br><br>Horwith, his work, and the images he collected are squarely within the scope of discovery in the State Court Action, where they have been the subject of extensive litigation and multiple court orders and protocols. Vail Health has already moved the State Court to enforce the forensic protocol which prohibits Plaintiffs from enforcing their subpoena. That motion must be adjudicated before Plaintiffs may proceed (or not) with their subpoena.<br><br>As addressed in that motion, the State Court's orders prohibit Horwith from communicating directly with the parties and their attorneys (*i.e.*, during the deposition Plaintiffs seek) and from disclosing images of the parties' devices to the parties (i.e., the components of the image that Plaintiffs request in their subpoena). Plaintiffs here attempt to reshape those orders and |

| DISPUTE | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION | FURTHER CONFERRAL |
|---|---|---|---|
| | | | mitigate the problems with their subpoena—those arguments are for the State Court to decide.<br><br>Furthermore, the Scheduling Order prohibits duplicating state court discovery here. For instance, Plaintiffs appear to want to relitigate their false statement that Cimino did not transfer any documents to Winninger, when Horwith's report, Cimino's and Winninger's own testimony, and their experts' testimony all *confirm* that fact. |
| **Deadline for Vail to respond to Plaintiffs' second discovery requests** | | Vail requests an extension to April 30 to respond to Plaintiffs' discovery requests that were served on March 1, 2021. | **PLAINTIFFS' COMMENTS:**<br>This is the first time Plaintiffs have heard anything about an extension and therefore this is not the time or place for such a discussion. |
| **Vail's second discovery requests to Plaintiffs** | | Vail is concerned that Plaintiffs will try to claim they did not receive Vail's second discovery requests, which were served on plaintiffs on March 1, 2021. Vail requests Plaintiffs confirm they will respond to those requests. | This is not something that Plaintiffs can even respond to at this point. |

48

| | |
|---|---|
| Dated: March 26, 2021 | *s/ Alan L. Kildow*<br>Alan L. Kildow, MN# 0143133<br>790 Potato Patch Drive<br>Vail, CO 81657<br>Telephone: (970) 390-6675<br>E-mail:  alkildow@aol.com<br><br>Jesse Wiens, Colo. #33903<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Boulevard<br>Suite 236<br>Avon, CO 81620<br>Telephone: (970) 949-6500<br>E-mail:  fwlawyers@gmail.com<br><br>Counsel for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC |
| Dated:  March 26, 2021 | *s/ Shannon Wells Stevenson*<br>Janet Savage<br>Jacqueline V. Roeder<br>Shannon Wells Stevenson<br>Daniel A. Richards<br>Davis Graham & Stubbs LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>janet.savage@dgslaw.com<br>jackie.roeder@dgslaw.com<br>shannon.stevenson@dgslaw.com<br>daniel.richards@dgslaw.com<br><br>Counsel for Defendant Vail Clinic, Inc. |