# EXHIBIT 12

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Tuesday, March 9, 2021 11:40 AM |
| **To:** | mhorwith@mhforensics.com |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; Savage, Janet; Richards, Daniel; fwlawyers@gmail.com; jmchugh@rplaw.com; 'sonya braunschweig'; 'Madden Law' |
| **Subject:** | Federal Case--Horwith Letter Regarding Subpoena |
| **Attachments:** | Federal Case--Horwith Letter Regarding Subpoena.pdf |

Mr. Horwith:

Attached is my response to your letter of yesterday.

Alan Kildow
970-390-6675

**ALAN L. KILDOW**
**ATTORNEY AT LAW**
**790 Potato Patch Drive**
**Vail, Colorado 81657**
**970-390-6675**

March 9, 2021

Michael Horwith
7717 Torrey Court
Arvada, CO 80007

RE: *Sports Rehab Consulting, LLC, et al. v.*
   *Vail Clinic, Inc., d/b/a Vail Health*,
   Civil Action No. 1:19-cv-02075-WJM-GPG

Dear Mr. Horwith:

I am writing in response to your letter of yesterday regarding the subpoena served upon you pursuant to Federal Rule of Civil Procedure 45 from the federal court, U.S. District Court for the District of Colorado.  From the attorneys that you copied on that letter, as well as that you have asked the state court to file your letter in the state court action, it appears that you have misunderstood that the subpoena was issued from the Colorado *federal* district court action, not the Eagle County action in which the court appointed you as an independent forensic expert under the Forensic Protocol Order.  To ensure this confusion is corrected, I ask that you please send a clarifying letter to the Eagle County Court, Judge Granger presiding, clarifying that the subpoena was not issued in the Eagle County state court action, but rather in the federal court action.

Given this, I would also like to point out that the rules in federal court related to Rule 45 subpoenas are not the same as in Colorado state court, particularly as it relates to costs and fees.  In particular, under Fed. R. Civ. P. 45(b)(1), the rule requires that the fees for a deposition are for "1 day's attendance" as allowed by law.  The witness fee is $40, which was tendered to you yesterday.  Although we do not believe that the $500 per hour you have requested for a deposition is reasonable—in comparison to the $350 hourly rate charged in the Eagle County action—Plaintiffs are willing to compensate you $500 per hour for the amount of time that Plaintiffs question you during the deposition, which we anticipate should take an hour.  If Plaintiffs take over an hour, Plaintiffs will reimburse your pro rata fees associated with any additional time it takes for Plaintiffs to complete the deposition.

As to the production of documents requested in the Rule 45 subpoena, it should be pointed out that the documents and information requested flow directly from your work in the Eagle County action.  The Rule 45 subpoena essentially seeks that you reproduce the documents and information that you have already produced there.  Under

Fed. Rule Civ. P. 45(d)(2)(B)(ii), the cost shifting you request here—that is $500 an hour for producing documents already produced—is not applicable because you will not incur "significant expense," as required under that rule, to comply with the subpoena.[1]  This is evident from your statement that it would take approximately 2 hours to reproduce the documents requested under the Rule 45 subpoena.

In light of this, please let me know if you are amenable to withdrawing your March 8 letter.  If so, we will issue a check in the amount of $460 to you once all of this has been clarified and before the deposition.  The $460 takes into account the $40 witness fee that was served on you yesterday.  If these procedures are not acceptable to you, we will consider this issue ripe for the Federal District Court for the District of Colorado to address by way of a motion to enforce the Rule 45 subpoena.

Finally, Plaintiffs issued a check for the $1,200 payment despite not receiving any breakdown of the work entailed.  I will note that the invoice stated that there was a storage fee, but we are not aware of any fee associated with storage.  In any event, if you have not received the check today, or by tomorrow at the latest, please let me know.

If there is anything else that you would like to discuss regarding the Rule 45 subpoena, I am available.  Please make sure to include my email address on any communication, as I was only received your March 8 letter through my partner.

Sincerely,

*/s/ Alan L. Kildow*

Alan L. Kildow
970-390-6675

Cc:

Shannon Stevenson
Jackie Roeder
Janet Savage
Jesse Wiens
Sonya Braunschweig

---

[1]      *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, Civil Action No. 11-cv-01611-MSK-CBS, 2014 WL _____, at *___ (D. Colo. Mar. 27, 2014) ("'[A] non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *Sound Security, Inc. v. Sonitrol Corp.,* No. 3:08-cv-05350-RBL, 2009 WL 1835653, at *2 (W.D. Wash. June 26, 2009) (quoting *In re Exxon Valdez,* 142 F.R.D. 380, 383 (D.D.C. 1992)).")