**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this reply in support of its motion for protective order regarding the Subpoena to Michael Horwith ("Subpoena") served by Plaintiffs Sports Rehab Consulting, LLC ("SRC") and Lindsay Winninger (collectively, "Plaintiffs") (Doc. #91.) Vail Health requests that the deposition deadline imposed by the Subpoena be stayed pending resolution of Vail Health's Motion to Quash the Subpoena ("Motion to Quash") (Doc. #85), and that, should the Court grant the Motion to Quash, Plaintiffs be precluded from using any documents produced by Mr. Horwith in response to the Subpoena.

### ADDITIONAL PROCEDURAL BACKGROUND

Vail Health filed its Motion for Protective Order on Wednesday, April 7, and asserted that, pursuant to D.C.Colo.LCivR 30.2(a), Mr. Horwith's deposition had been automatically stayed. Plaintiffs filed a response to the motion on Thursday, April 8, and indicated their intent

to move forward with the deposition. The parties contacted Magistrate Judge Gallagher's chambers for an expedited ruling regarding whether Mr. Horwith's deposition scheduled for Friday, April 9 was stayed or could proceed.

On April 8, Magistrate Judge Gallagher issued an order holding that the motion for protective order was untimely as to the production of documents, but timely as to Mr. Horwith's deposition. (Doc. 94, at 2.) He further held that the motion for protective order stayed Mr. Horwith's deposition pending its resolution, and that Plaintiffs had not demonstrated that there would be any significant difficulty scheduling the deposition in the future. (*Id.* at 2-3.)

On April 19, Vail Health submitted its reply brief in support of the Motion to Quash, which completed the briefing on that motion. (Doc. 95.)

## ARGUMENT

By this motion, Vail Health seeks a very limited protective order simply deferring the deposition sought in the Horwith Subpoena until after the Court has ruled on the Motion to Quash. This motion was necessary only because Plaintiffs intended to proceed with the deposition even though the Motion to Quash was outstanding. Because the Horwith Subpoena places unique and significant burdens on Vail Health, the Court should grant this limited protective order deferring those burdens until after the Court has the opportunity to rule on the issues presented in the Motion to Quash. In addition, should the Court grant the Motion to Quash, Plaintiffs should be precluded from using the documents produced by Mr. Horwith just hours before this Motion for Protective Order was filed.

Plaintiffs offer four arguments that the motion for protective order should be denied.

First, Plaintiffs contend that the Motion should be denied for failure to confer. The parties have spent months discussing what discovery should be allowed from Mr. Horwith. There are multiple motions pending in the State Court Action on this precise topic. As detailed in the Motion to Quash and Reply (Doc. #85, 95), the parties conferred extensively about the Motion to Quash. With respect to this particular motion, as soon as Vail Health learned that Plaintiffs intended to proceed with Mr. Horwith's deposition, they requested that it be deferred, and Plaintiffs conclusively rejected that path. (Doc. #91-2.) The conferral requirement has been met.

Second, Plaintiffs contend that the motion is untimely and that the production of documents by Mr. Horwith moots the issue. The Court has already held that the motion is timely with respect to Mr. Horwith's deposition, but untimely with respect to the document production. Vail Health accepts the Court's ruling that its motion for protective order to defer the production of documents is untimely given Mr. Horwith's production of certain documents. However, should the Court ultimately conclude that the subpoena to Mr. Horwith should be quashed, Vail Health requests that the Court preclude use of those documents in this action. The Court "is authorized to make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and may "fashion a protective order to fit the facts and circumstances of the case." 6 Moore's Federal Practice - Civil § 26.105 (2021). Here, where Vail Health filed a timely motion to quash the subpoena, documents produced pursuant to that subpoena should be excluded from the case if the Court agrees that the subpoena should be quashed.

Third, Plaintiffs argue that using a motion for protective order to stay compliance with a subpoena is inappropriate.  The Court has already rejected this argument in its April 8 Minute Order.  Further, Plaintiffs' position is untenable.  They argue both (1) that a motion to quash a subpoena to a third party does not stay the effect of the subpoena and (2) that the objecting party cannot seek a protective order to defer the subpoena obligations until the motion to quash is ruled on.  This would leave the objecting party with no means to assert its rights under Rule 45.  Plaintiffs' cited authority does not support this result, and cases from this district indicate that it is appropriate to file a protective order to defer compliance with a subpoena.  *See, e.g.*, *Scott v. Antero Res. Corp.*, 2020 U.S. Dist. LEXIS 231758, at *3 (D. Colo. Feb. 6, 2020); *EEOC v. Original Honeybaked Ham Co.*, 2012 U.S. Dist. LEXIS 139252, at *7 (D. Colo. Sept. 27, 2012) ("[B]oth a notice of deposition and a subpoena would be automatically stayed by the filing of a motion for protective order.").

Fourth, plaintiffs argue Vail Health has not established good cause for a protective order, and that in fact it is Plaintiffs that will be prejudiced by the protective order.  As detailed in the Motion to Quash, the Subpoena imposes two significant burdens on Vail Health.  First, the Subpoena itself, the request for documents, and the deposition all violate the State Court's Forensic Protocol Orders, which govern Vail Health, Plaintiffs, and Mr. Horwith.  (Doc. #85, at 9-12.)  Second, this Court's scheduling order provides that the parties shall not duplicate discovery from the State Court Action.  Because the Subpoena seeks a do-over of that discovery, this also places an undue burden on Vail Health.  (*Id.*)  Plaintiffs make no response to these burdens.  And, with respect to Plaintiffs' contention that they will be prejudiced by the protective order, the Court rejected that argument in its April 8 Minute Order, holding that it did not see any

- 5 -

reason why Mr. Horwith's deposition could not be scheduled before the August fact discovery cutoff (assuming that the deposition is not precluded by the Court's ruling on the Motion to Quash).

## **CONCLUSION**

Vail Health requests that the Court enter a protective order deferring the deposition requested in the Subpoena until the Court has ruled on Vail Health's Motion to Quash. Vail Health further requests that, should the Court grant the Motion to Quash, Plaintiffs be precluded from using the documents produced pursuant to the Subpoena. Vail Health further requests its fees and costs associated with this Motion.

Respectfully submitted this 22nd day of April 2021.

   *s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S RELY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** was filed via CM/ECF on this 22nd day of April 2021, which will forward notice to the following:

Jesse Wiens  
Fahrenholtz & Wiens LLC  
100 West Beaver Creek Blvd., Suite 236  
Avon, Colorado 81620  
Email: fwlawyers@gmail.com  

Alan L. Kildow  
790 Potato Patch Drive  
Vail, Colorado 81657  
Email: akildow@aol.com  

      *s/ Jeannette L. Iglehart*