# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

## PLAINTIFFS' MOTION SEEKING THE INTERVENTION OF JUDGE MARTÍNEZ IN DISCOVERY DISPUTES UNDER PRACTICE STANDARD II.C.

---

## CONFERRAL STATEMENT

Counsel for Plaintiffs initially attempted to contact three of Vail Health's counsel by phone to discuss Plaintiffs' intent to file a motion requesting that Judge Martínez take over discovery in this case, but none of them answered or returned the calls. Plaintiffs then scheduled multiple meet-and-confer calls, but they did not participate. Plaintiffs sent repeated emails about a meet and confer about the motion, and in a May 21, 2021 email, Daniel Richards, on behalf of Vail Health, stated there was no basis for such a motion and that "Plaintiffs may represent that Vail Health opposes the motion." He did not provide alternative dates for a meet-and-confer call. On May 26, 2021, Vail Health's counsel finally participated in a telephonic meet and confer regarding this motion, at which time Vail Health confirmed it opposition to the motion and that no conferral was necessary.

## INTRODUCTION

Plaintiffs move the Court, the Honorable William J. Martínez presiding, to intervene in the discovery processes under the Court's Practice Standard II.C.  As described below, discovery has gone wildly astray though abusive discovery tactics of Defendant Vail Health.  Although Plaintiffs' complaint was filed on July 17, 2019, and their First Set of Requests for Production of Documents was served on October 7, 2019, Plaintiffs have received virtually no discovery to date—only legal objections that are in reality another attempt at a Rule 12(b)(6) motion to dismiss, which the Court previously denied.  As described in the Declaration of Alan Kildow, Plaintiffs' lead counsel, Vail Health has essentially erected an embargo of discovery by:

- Refusing to engage in discovery for months and even after this Court had lifted the discovery stay in August 2020.

- Failing to respond to written discovery within the 30-day time limit without leave of court.

- Taking five months to produce 57 documents and even then the production is incomplete and does not include even those documents identified in the Rule 26(a)(1) disclosures.

- Even after taking 60 days to serve responses to a second set of discovery requests, then Vail Health asserted it needed an additional 30 days to produce documents, which still have not been produced.

- Failing to fully and forthrightly answer interrogatories served under Rule 33.

- Refusing to respond to certain requests for admissions served under Rule 36 and improperly qualifying others.

- Refusing to engage in meet-and-confer calls in a timely fashion, as required by the rules and practices of this Court.

- Refusing to discuss all discovery issues when Vail Health finally agreed to participate in a meet and confer and then terminating the call that was less than one-third complete.

- Insisting that the only issues that can be discussed during a meet and confer are those items set out specifically identified in an email well before a call takes place.
- Asserting documents are privileged and yet have produced no privilege log.
- Objecting to subpoenas served on third parties and filing motions to quash and for protective orders.
- Obstructing the discovery process in violation of Rules 26 and 37.

Plaintiffs move the Court to intervene in the discovery process because Vail Health is interposing Rule 12(b)(6) dispositive legal arguments (that have no merit under controlling Sherman Act case law) into discovery objections, thereby taking the position that they are not required to respond because there is no legally cognizable claim. This is justified, says Vail Health's lead counsel Shannon Stevenson, because "[o]ur Rule 12(b)(6) motion was filed in October 2019, fully briefed, and was struck by the court [o]n August [12] 2020, with no substantive ruling."[1] *Ipso facto*, according to Stevenson, Vail Health is free to do whatever it wants.

The legal issues have been before the Magistrate Judge for two months, and they involve basic antitrust principles. While Practice Standard II.C. states that generally the Magistrate Judge will "manage pretrial discovery and adjudicate any pretrial discovery matters," the Court reserves "the right, however, to handle any pretrial matters that [the Court] deem[s] necessary, including matters relating to pretrial discovery disputes." Without saying more, the intervention of this Court, with its knowledge of antitrust law, is desperately needed in this case.

---

[1]    Ex. 15. All exhibits referenced in this motion are attached to the Kildow declaration.

## FACTUAL BACKGROUND

On October 7, 2019, Plaintiffs served requests for production of documents.[2] Although Vail Health had filed two motions with the Court, one under Rule 12(b)(6) and the other under the Colorado River doctrine, no stay of discovery was initially ordered. Vail Health did not respond to the discovery in anyway when it was due. On January 24, 2020, Vail Health moved to supplement its motion for a stay of discovery, which this Court struck on January 27, 2020. Vail Health then filed a separate motion for a stay of discovery while the motions to dismiss were pending, which the Magistrate Judge granted on April 21, 2020. On August 21, 2020, the Court denied the motion to dismiss or stay under the Colorado River doctrine and lifted the discovery stay.

On August 25, 2020, Plaintiffs immediately sought Vail Health to comply with its obligations and respond to Plaintiffs' Rule 34 discovery requests.[3] Despite Plaintiffs repeated requests that Vail Health respond to the October 7, 2019 discovery requests, Vail Health refused to do so.[4] It only responded to the discovery requests a year later on October 9, 2020, asserting innumerable objections.[5] Plaintiffs made multiple requests to the Magistrate Judge to schedule a conference on the discovery issues, but no conference was set. Although Vail Health stated it would produce documents in November 2020 (again, 30 days after the responses),[6] it did not do so until March 2021,[7]

---

[2] Kildow Decl. ¶ 3; Ex. 1.
[3] Kildow Decl. ¶ 5; Ex. 2.
[4] Kildow Decl. ¶ 5.
[5] Kildow Decl. ¶ 5; Ex. 3.
[6] Ex. 5.
[7] Ex. 7.

4

and then, Vail Health produced only 57 documents.[8]  In October 2020, Vail Health also served its Rule 26(a)(1) disclosures, identifying only two Vail Health witnesses that purportedly have information relevant to the antitrust issues.[9]

On March 5, 2021, Plaintiffs requested a meet and confer about Vail Health's objections to the first discovery requests.  Only one call was held.  Instead, Vail Health insisted on exchanging positions in writing.[10]  After several calls with the Magistrate Judge, an informal discovery dispute conference was held on March 30, 2021, to address Vail Health's objections to document requests, only about half of which were discussed at the hearing.[11]  Many objections relate to standard antitrust principles established by the U.S. Supreme Court, such as the time period that is relevant in a monopoly case, that an attempt to monopolize does not have to be consummated to be actionable, as well as issues related to restrictive covenants in agreements relevant to the antitrust suit.  Other issues were also presented during the dispute resolution process.[12]  The Magistrate Judge did not authorize Plaintiffs to file any motions to compel but indicated that he intended to issue an advisory opinion on the objections.  Two months later, the parties are still awaiting the advisory opinion.  It has been nine months since the Court lifted the discovery stay, and still these disputes have not even been "informally" resolved.

On March 8, 2021, Plaintiffs also served a subpoena for documents and a one-hour deposition Michael Horwith, the independent computer forensic expert appointed by

---

[8]  Kildow Decl. ¶ 5.
[9]  Ex. 4.
[10] Kildow Decl. ¶ 6.
[11] *Id.* ¶ 7.
[12] *Id.* ¶¶ 7-8.

the court in the related state action.[13] Over two years, and multiple modifications to the state court forensic protocol order at the request of Vail Health, Horwith conducted multiple and expansive searches of Plaintiffs' computers, emails, medical records, and cloud-based storage system in an effort to locate documents that Vail Health repeated asserted had been transferred to Plaintiffs. Horwith found no such documents.[14] Horwith concluded his investigation in spring 2020. In about February 2021, Horwith informed the parties he was retiring and would be traveling for five months beginning on April 27, 2021. Plaintiffs timely served a subpoena on Horwith to complete a one-hour deposition before his departure. Vail Health first moved to quash Plaintiffs' federal subpoena, and then later, moved for a protective order—both without any meet and confer with Plaintiffs. As Horwith had already produced documents before the motion for a protective order was filed, the Magistrate Judge denied Vail Health's motion as to that issue. As to the one-hour deposition Plaintiffs sought before Horwith left town for five months, the Magistrate Judge took that issue under advisement with no order yet issued.[15]

Finally, on March 1, 2021, Plaintiffs served additional discovery requests, interrogatories, and requests for admission.[16] Vail Health requested 21 additional days to respond, which Plaintiffs agreed to with the caveat that Vail Health would at least serve any objections within the 30-day time period to respond to discovery. Plaintiffs made this request to ensure there would be no further delays related to objections. Instead of

---

[13] Kildow Decl. ¶ 10.
[14] *Id.* ¶ 11.
[15] *Id.*
[16] Kildow Decl. ¶ 12; Ex. 6.

discussing the issue, Vail Health filed a motion with the Magistrate Judge seeking 30 days to respond. Plaintiffs objected, but the Magistrate Judge did not issue any order on Vail Health's motion. Despite this, Vail Health on its own initiative, took 30 days to respond to discovery, asserting many of the same objections (and more).[17] It also stated that it would produce some documents 30 days later. In other words, taking 90 days to respond.

On May 12, 2021, Plaintiffs sent Vail Health a letter outlining the deficiencies in Vail Health's interrogatory answers.[18] Plaintiffs twice requested a meet and confer.[19] On May 14, 2021, Vail Health sent an email refusing to hold the required meet and confer, instead stating that it intended to take another 9 days to respond to the letter in writing.[20] Plaintiffs attempted to call Vail Health's three partners on the case, none of which extended the professional courtesy to answer or return Plaintiffs' call.[21] Plaintiffs continued to press for a meet and confer and scheduled one for May 18.[22] Plaintiffs participated in the call; Vail Health's attorneys did not respond or participate.[23]

On Friday, May 21, 2021, at 6:21 p.m., Vail Health responded in writing to the May 12 letter.[24] On Monday, May 24, 2021, at 7:25 a.m., Plaintiffs scheduled a meet-confer-call for May 25, 2021.[25] Despite exchanging emails with Plaintiffs on May 24, Vail

---

[17] Kildow Decl. ¶ 13; Ex. 8-9. Vail Health asserts that its discovery responses are so highly sensitive that they are protected from public filing under the protective order, and so Exhibits 8-9 have been filed under Level 1.
[18] Kildow Decl. ¶¶ 14-15; Ex. 10.
[19] Ex. 10 at 1.
[20] Kildow Decl. ¶ 15; Ex. 11.
[21] Kildow Decl. ¶ 16; Ex. 12 at 1.
[22] Kildow Decl. ¶ 16; Ex. 13.
[23] Kildow Decl. ¶ 16; Ex. 14 at 6-7.
[24] Kildow Decl. ¶ 16; Ex. 14 at 2.
[25] Kildow Decl. ¶ 16; Ex. 14 at 1-2.

Health waited until shortly before the call on May 25 to assert—despite having four attorneys on the case—that one attorney could not participate in the May 25 call.[26] Plaintiffs held the call; Vail Health's other three attorneys did not attend; one responded 7 hours after the scheduled call.[27] Plaintiffs then scheduled a meet-and-confer call for May 26 at a time in which one of Vail Health's counsel indicated his availability, Vail Health did not respond. Daniel Richards and Jacqueline Roeder appeared for Vail Health, but terminated the discussion after going through only 7 of the 25 interrogatories. Apparently, counsel had set aside one hour to discuss the multitude of discovery issues. They refused to discuss Vail Health's responses to requests for production of documents or admissions, asserting that Plaintiffs had to send an email identifying the items to be discussed first.

Given Vail Health's repeated refusals to participate in discovery and the required meet-and-confer calls, as well asserting unfounded objections, Plaintiffs seek the Court's intervention to move the discovery process forward. Under the Magistrate Judge's Informal Discovery Dispute Procedure, Plaintiffs have been prevented from filing any motions to compel because such motions are not authorized by the Magistrate Judge's practices unless, and until, the Magistrate Judge authorizes such motions, which is antithetical to the rules of civil procedure. Despite the fact that many of the objections can easily be addressed under the standard principles set by the U.S. Supreme Court, the Magistrate Judge has not yet addressed these issues.

---

[26]   Kildow Decl. ¶ 16; Ex. 15 at 2-3.
[27]   Kildow Decl. ¶ 17; Ex. 15 at 1.

8

To complete discovery by the August 1, 2021 discovery deadline, Plaintiffs request that the Court intervene in these discovery matters to ensure that no more time is wasted, Plaintiffs' due process right to file motions is protected, and Vail Health complies with its discovery obligations.

## ARGUMENT

I. **PLAINTIFFS REQUEST THAT THE COURT INTERVENE AND HANDLE THE PRESENT DISCOVERY DISPUTES.**

This is an action under § 2 of the Sherman Act, 15 U.S.C. § 2, to adjudicate Vail Health's liability for unlawful anticompetitive conduct. It is a serious action that seeks to address certain supracompetitive prices charged by Vail Health in the Vail Valley (Eagle County, Colorado). It asserts two separate causes of action: monopolization and "attempt to monopolize" the relevant markets. The case is not particularly complex as antitrust cases go, but it rests upon most of the fundamentals of § 2 such as relevant geographic and product markets, barriers to entry, market and monopoly power, the durability of that monopoly power, and the elements of an "attempt to monopolize." At their most elementary level, these antitrust principles are found in a handful of U.S. Supreme Court and circuit court opinions, such as *U.S. v. Grinnell Corp*[28] (monopoly power); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*[29] (durability of monopoly power); and *Spectrum Sports, Inc. v. McQuillan*[30] (attempt to monopolize).

---

[28] 384 U.S. 563, 571 (1966); *U.S. v. Dentsply Int'l, Inc.*, 399 F.3d 181, 188 (3d Cir. 2005).
[29] 762 F.3d 1114, 1123 (10th Cir. 2014).
[30] 506 U.S. 447, 456 (1993) ("To prevail on an attempted monopolization claim, a plaintiff must show: (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of

9

In refusing to respond to many (most) of Plaintiffs' written discovery requests, Vail Health has interposed a number of legal objections that are in reality Rule 12(b)(6)-type motions to deprive Plaintiffs of evidence underpinning their claims.  But one example is Vail Health's refusal to respond to written discovery that goes to Vail Health's attempt to monopolize.  Vail Health's objection is based on the legal assertion that because it did not consummate a joint venture, no discovery may be had.  That objection should be rejected under *Spectrum Sports*, where the U.S. Supreme Court set out the elements of § 2 for an "attempt to monopolize," which does not include that it has to be consummated.[31]  The Magistrate Judge has not yet resolved that issue.

To move this case forward, it is necessary to have a referee grounded in basic antitrust law.  By way of example, at the telephonic hearing regarding certain objections made by Vail Health as to Plaintiffs' October 7, 2019 discovery requests, the Magistrate Judge requested an explanation of the meaning of the term "combination" as used in § 2 of the Sherman Act.[32]  Because the legal nature of Vail Health's objections to Plaintiffs' written discovery, Plaintiffs are of the view that this Court could quickly break this discovery logjam and get the case moving forward.  But if the Magistrate Judge is not well

---

achieving monopoly power."); *Bright v. Moss Ambulance Serv., Inc.*, 824 F.2d 819, 823 (10th Cir. 1987).

[31]   *See U.S. v. Am. Airlines, Inc.*, 743 F.2d 1114, 1112, 1121 (5th Cir. 1984) ("We hold that an agreement is not an absolute prerequisite for the offense for the attempted joint monopolization" and "attempted monopolization may be established by proof of a solicitation along with the requisite intent").

[32]   Under 15 U.S.C. § 2, provides that it is illegal for any person "to monopolize, attempt to monopolize, or *combine* or conspire with any other person" "to monopolize any part of trade or commerce."  *See also Grinnell,* 384 U.S. at 572 ("We see no barrier to *combining* in a single [service] market a number of different products or services where that *combination* reflects commercial realities.") (emphasis added).

grounded in at least some of the basic principles of antitrust law, Plaintiffs will not be able to meet the August 1, 2021 discovery deadline and discovery will drag on interminably.

This motion is premised on this Court's Practice Standard II.C., which states that "[t]he Magistrate Judge and I work together as a team to manage your case and administer justice to the best of our abilities.  Among other responsibilities s/he has in your case, the Magistrate Judge will generally manage pretrial discovery and adjudicate any pretrial discovery disputes which may arise.  I reserve the right, however, to handle any pretrial matters that I deem necessary, including matters relating to pretrial discovery disputes."  Because of the manner in which this case has proceeded, Plaintiffs request that the Court begin handling the pretrial discovery disputes, particularly as to the legal issues raised by Vail Health's objections.  The objections contradict basic principles of antitrust law established by the U.S. Supreme Court, circuit, and district courts.  This case will not move forward until these legal issues are resolved.

## II.  PLAINTIFFS HAVE BEEN IMPROPERLY PRECLUDED FROM FILING DISCOVERY MOTIONS UNDER THE INFORMAL DISCOVERY PRACTICES EMPLOYED BY THE MAGISTRATE JUDGE.

The original purpose of the Federal Rules of Civil Procedure was to promote consistency and efficiency within the federal judicial system, providing attorneys with consistent procedures for use in federal courts.  The federal rules were intended to simplify procedure, thus making it easier for litigants to bring a cause of action in federal court and providing a "just, speedy, and inexpensive determination of every action."[33] Under Fed. R. Civ. P. 83(a), district courts were authorized to adopt local rules so long as

---

[33] Fed. R. Civ. P. 1.

the rules are consistent with the federal rules and agreed to by a majority of the judges in the district. The enactment also provided judges the ability to regulate practice when there is no controlling law, so long as the practices are consistent with the federal rules and law, as well as the district court's local rules.[34] This means, however, that individual judges cannot amend the rules or adopt their own inconsistent rules. Here, the Magistrate Judge's "informal discovery dispute resolution procedure" conflicts with the Federal Rules of Civil Procedure. It is impossible for Plaintiffs to file motions under Rule 37 to compel discovery or seek sanctions until the informal discovery process has run its course— which in this § 2 Sherman Act case has taken months and is severely prejudicing Plaintiffs. As shall be demonstrated below, the process is procedurally defective.

In the Eagle County District Court action, that case has proceeded for over four years, involved over three years of discovery, and now comprises close to 1,100 filings on the docket. Plaintiffs stressed to the Magistrate Judge that an informal dispute resolution process would be unworkable in the context of this contentious dispute. This is evident from the plethora of objections asserted by Vail Health in its discovery responses. Only one issue was definitively addressed at the informal discovery dispute hearing on March 30, 2021—that is, whether Vail Health waived any objections by not responding to discovery from October 2019 to February 2020 when there was no stay of discovery, and after August 2020 when this Court lifted the discovery stay until Vail Health finally responded to discovery in October 2020. Other than that, no other guidance has been provided to the parties, despite the Magistrate Judge's statement two months ago

---

[34] Fed. R. Civ. P. 83(b).

that he would be issuing an advisory opinion about Vail Health's objections. In the meantime, Vail Health continues to assert the same objections in recently served discovery responses and refuses to engage in fulsome antitrust.

The Magistrate Judge's informal dispute resolution process—which does not address when a party may file motions to compel or for sanctions—raises procedural due process concerns.[35] The Magistrate Judge's practices make it impossible for Plaintiffs to file such pretrial motions and appeal any such decisions to this Court, which inherently conflict with the federal rules. As the Second Circuit noted in *Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, "a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure."[36] And in another Second Circuit case,[37] the Court noted that "[w]henever a court directs a lawyer that he or she may not make a motion, it is in effect cutting the lines of communication between the court and the litigants."[38] Only in "extraordinary" situations should litigants be prohibited from filing motions.[39] This case does not present such an "extraordinary" situation, and yet, Plaintiffs have been precluded from filing discovery motions.

In October 2020, Plaintiffs requested a conference with the Magistrate Judge to address discovery issues. A conference was held on March 30, 2020, and no decisions have yet been made about the scope of Plaintiffs' antitrust discovery. While Plaintiffs take

---

[35] *See Armstrong v. Manzo,* 380 U.S. 545, 552 (1965) (procedural due process requires opportunity to be heard "at a meaningful time and in a meaningful manner").
[36] 825 F.2d 647, 652 (2d Cir. 1987).
[37] *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926 (2d Cir. 1992).
[38] *Id.* at 935.
[39] *Id.* at 936.

no position whether it is appropriate to require a conference before a motion is filed,[40] Plaintiffs do take issue with the processes in that no advisory opinions or guidance have been provided in the two months since the discovery hearing was held. More importantly, Plaintiffs have been deprived of the right to file discovery motions under Rules 7, 77, and 78, which were enacted to facilitate a litigant's right to file motions. Justice in this instance is being sacrificed in contradiction to Rule 1, which mandates the federal rules "be construed to secure the just, speedy, and inexpensive determination of every action."

Further, the Magistrate Judge's processes preclude the filing of the informal discovery dispute chart required by his practices. It must be submitted jointly by the parties via email only and unless, or until, a formal discovery motion follows, it is not to be filed with the Court. The Magistrate Judge's practice standards, however, do not indicate when such discovery motions may be filed. There is therefore no present evidence of the discovery disputes between the parties on the docket, which inhibits this Court from monitoring the discovery process. And until a formal motion is allowed, there is no way for Plaintiffs to bring these issues to the attention of the Court or seek any review, which is essential as the Eleventh Circuit noted in *Brown*:

> We emphasize to the district court that it is essential that communications between the trial court and the parties to an action as well as all rulings affecting the procedural rights of parties be shown on the docket and contained in the record to afford complete review by this court. Parties' procedural rights cannot be sacrificed in the interest of moving busy dockets.[41]

---

[40]   *Compare Richardson,* 825 F.2d at 652 (appearing not to challenge a prescreening process) *with Brown v. Crawford Cnty.,* 960 F.2d 1002, 1008-09 (11th Cir. 1992) (holding that the trial court's prescreening of a summary judgment motion violated the litigant's procedural and substantive rights under Rule 56 and was therefore invalid).

[41]   *Brown,* 960 F.2d at 1008 n.7.

In this case, discovery closes on August 1, 2021, and Plaintiffs are essentially no further along then when they served discovery in October 2019. The Magistrate Judge's informal discovery practices impinges on Plaintiffs' rights to file motions in accordance with the federal rules, delays these issues from being brought to the Court for determination, and inhibits decisions on the merits.

## CONCLUSION

Plaintiffs therefore respectfully request that this Court assist in this case by handling the discovery, at least for the short term, to address the antitrust legal issues in Vail Health's objections. These issues, regardless of the Magistrate Judge's advisory opinions, will undoubtedly need to be addressed by the Court on appeal from any formal decision by the Magistrate Judge. At this point, however, we are not even close to that occurring, given that Magistrate Judge apparently intends to provide an advisory opinion. This will cause needless delays that will ultimately have to be addressed by this Court.

Dated: May 27, 2021

*s/ Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail: fwlawyers@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on May 27, 2021, I served a true and correct copy of Plaintiffs' Motion Seeking The Intervention Of Judge Martínez In Discovery Disputes Under Practice Standard II.C. via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202
    Counsel for Defendants/Counter-Plaintiff

                                            *s/ Alan L. Kildow*
                                            Alan L. Kildow