# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

## DECLARATION OF ALAN KILDOW

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct:

1.    I am the one of Plaintiffs' attorneys of record in the above-captioned action. I am a commercial litigation attorney who has been a member of the bar of the State of Minnesota since 1982 and have been admitted to practice in the United States District Courts for the District of Colorado. I have practiced before the Third, Seventh, and Eighth Circuit Courts Of Appeal, numerous federal district courts throughout the country courts, as well as the courts of 20 states. Unless otherwise stated, I have direct personal knowledge of the facts set forth in this declaration.

2.    I have filed a motion requesting that Judge William Martínez intervene in the discovery process in this case because of what I consider the most abusive discovery tactics I have experienced in my 39 years in the law. I feel compelled to provide this declaration to draw attention to what I strongly believe are unethical discovery practices that violate the Federal Rules of Civil Procedure as well as the Colorado Rules of

1

Professional Responsibility.  This is the first time in my career that I have filed such a declaration.  I cannot enumerate all of the objectionable tactics in this declaration, but I will attempt to highlight some of the most egregious.

3. On October 7, 2019, Plaintiffs served requests for production of documents. (Ex. 1)  Although Vail Health had filed two Rule 12(b) motions with the Court, no stay of discovery was initially entered.  Vail Health did not respond to the discovery in anyway when it was due.  On January 24, 2020, Vail Health moved to supplement its motion for a stay of discovery, which this Court struck on January 27, 2020.  Vail Health then filed a separate motion for a stay of discovery while the motions to dismiss were pending, which the Magistrate Judge granted on April 21, 2020.

4. I suppose the stay imposed on discovery by Magistrate Judge Gallagher in granting Vail Health's motion cannot be criticized because it is not an uncommon practice during the pendency of Rule 12 motions, although it delayed discovery by least 10 months.  Once this Court denied Vail Health's Rule 12 motions on August 21 and 25, 2020, and lifted the stay on discovery, discovery should have moved forward apace.  But they did not.

5. On August 25, 2020, Plaintiffs immediately contacted Vail Health's legal counsel stating that it was time for Vail Health to respond to Plaintiffs' Rule 34 discovery requests and followed up with a series of emails and a meet & confer on September 3, 2020.  (Ex. 2)  Despite Plaintiffs repeated requests that Vail Health respond to the October 7, 2019 discovery requests (Ex. 5), it refused to do so until its October 9, 2020 objections and responses were served, with innumerable objections, most of which having no basis in well-settled U.S. Supreme Court and circuit court antitrust law.  (Ex. 3)

Although Vail Health stated it would produce documents in November 2020, it did not do so until February 22, 2021, and even 16 months after the Rule 34 requests were serve and 5 ½ months after the responses were served, Vail Health produced only 55 documents—in an antitrust case. (Ex. 3)

6. What ensued after that can only be characterized as a magical mystery tour the continues to this day. After finally producing the documents, on March 5, 2021, Plaintiffs requested a meet and confer about Vail Health's objections. Only one call was held, with Vail Health insisting on exchanging positions in writing. After several calls with the Magistrate Judge, an informal discovery dispute conference was held on March 30, 2021. The focus of the informal call was to address Vail Health's objections to document requests served in the fall of 2019.

7. Many objections at issue relate to standard principles under antitrust law as established by the U.S. Supreme Court, such as the time period that is relevant in a monopoly case, that an attempt to monopolize does not have to be consummated to be actionable. (Other issues were also presented during the dispute resolution process before the Magistrate Judge.) In any event, the Magistrate Judge ended the March 30 telephonic hearing after only about half of the objections to production of document had been addressed, and he has not rescheduled another hearing since. So as of the date of this declaration—almost 20 months after the Rule 34 discovery was served—only half of the objections have been submitted to the Magistrate Judge for an "advisory" opinion.

8. Even though only half of the disputed objections have been placed at issue for the advisory decision, the Magistrate Judge did not authorize Plaintiffs to file any motions to compel. Plaintiffs must wait for his advisory opinion on the objections, and two

3

months later, we are still awaiting the advisory opinion on Plaintiffs' *first* set of discovery requests.  Discovery is scheduled to end on August 1, 2012, but this "informal dispute resolution" process takes a long time indeed, and we have not even begun to address Plaintiffs' *second* round of written discovery that was timely served on March 1, 2021— that is, Rule 33 interrogatories, Rule 36 requests for admission, and a second set of Rule 34 document requests.

9. As the following paragraphs will show, at the current pace of resolving discovery disputes, Vail Health's (baseless) objections to that written discovery will not be forthcoming for months—long after the August 1 discovery deadline has come and gone.  But that is precisely what Vail Health's attorneys are attempting to achieve: the utter halt to discovery in this case.  The Magistrate Judge has not imposed any discipline on this case and this is permitting Vail Health to take advantage of his informal dispute resolution, deprive Plaintiffs of the discovery to which they are entitled, and Vail Health will object to any extensions on discovery.

10. Plaintiffs also served a subpoena for documents and a one-hour deposition of the state court-appointed independent computer forensic expert, Michael Horwith, in the related case venued in Eagle County.  Over two years, and multiple modifications to the forensic protocol order at the request of Vail Health, Horwith conducted multiple and expansive searches of Plaintiffs' computers, emails, medical records, and cloud-based storage system in an effort to locate documents that Vail Health repeated asserted had been transferred to Plaintiffs.  Horwith found no such documents.  Horwith concluded his investigation in spring 2020, and he later sought to turn over all his files because was retiring and would be traveling for five months beginning on April 27, 2021.

11. Vail Health first moved to quash Plaintiffs' federal subpoena, and then later, moved for a protective order—both without any meet and confer with Plaintiffs. As Horwith had already produced documents before the motion for a protective order was filed, the Magistrate Judge denied Vail Health's motion as to that issue. As to the one-hour deposition Plaintiffs sought before Horwith left town for five months, the Magistrate Judge took that issue under advisement and has not yet issued any order regarding Plaintiffs' right to take a deposition of a court-appointed expert to preserve his testimony for this case.

12. On March 1, 2021, Plaintiffs served additional discovery requests, interrogatories, and requests for admission. (Ex. 6) Vail Health requested 21 additional days to respond, which Plaintiffs agreed to with the caveat that Vail Health would at least serve any objections within the 30-day time period to respond to discovery. Plaintiffs made this request to ensure there would be no further delays related to objections. Instead of meeting and conferring with Plaintiffs about this, Vail Health filed a motion with the Magistrate Judge seeking 30 days to respond.

13. Plaintiffs immediately objected, but the Magistrate Judge never issued any order on Vail Health's motion. This lack of discipline gave Vail Health the green light to take its own initiative for a 30-day extension to respond to discovery, asserting many of the same objections (and more). It also stated that it would produce some documents 30 days from the date of the response (which Plaintiffs have not yet seen). In other words, taking 90 days to respond to Plaintiffs' discovery requests. With no discipline being imposed by the Magistrate Judge, Vail Health can behave as though there were not rules.

14.     On April 30, 2021, Plaintiffs' finally received answers to its first set of interrogatories (Ex. 8), responses to its second set of Rule 34 document requests (Ex. 6), and responses to its first set of Rule 36 admissions (Ex. 9).  Vail Health objected to virtually every written discovery request.  In my 39 years in the law, I have not seen such objections—ever.  Plaintiffs immediately registered their opposition to Vail Health's objections.  (Ex. 7)  We request that the Court take a look at those objections and responses, because they are long on objections and obfuscation, but short on providing any meaningful facts.  This contumacious behavior with respect to Plaintiffs' second tranche of discovery must be abated immediately if this case has any prospect of staying on course.

15.     On May 12, 2021, Plaintiffs sent Vail Health a letter outlining the deficiencies in Vail Health's interrogatory answers.  (Ex. 10)  Plaintiffs immediately requested a meet and confer.  Plaintiffs also placed telephone calls to Vail Health's three partners on the case, none of which extended the professional courtesy to answer or return Plaintiffs' calls.  Instead, on May 14, 2021, Daniel Richards sent an email stating Vail Health's refusal to hold the required meet and confer, instead stating that it intended to take another 9 days to respond to the letter in writing.  (Ex. 11)

16.     Plaintiffs continued to press for a meet and confer and scheduled one for May 18.  Plaintiffs participated in the call; Vail Health's attorneys did not respond or participate in the call. (Exs. 12 and 13) On Friday, May 21, 2021, at 6:21 p.m., Vail Health responded in writing to the May 12 letter.  On Monday, May 25, 2021, at 7:25 a.m., Plaintiffs scheduled a meet-confer-call for May 25, 2021.  (Ex. 14)  Despite having exchanged emails with Plaintiffs on May 25 Vail Health waited until shortly before the call

on May 25 to assert—despite having four attorneys appearing in the case—that it could not participate in the May 25 call.  (Ex. 15)

17.  Plaintiffs immediately responded to Vail Health and thereafter held the call; Vail Health did not attend.  Plaintiffs then scheduled a meet-and-confer call for May 26 at a time in which one of Vail Health's counsel indicated his availability, Vail Health did not respond.  Daniel Richards and Jacqueline Roeder appeared for Vail Health, but terminated the discussion after going through only 7 or 25 interrogatories.  They declined to further Vail Health's responses to requests for production of documents or admissions.

18.  Given Vail Health's refusals to participate further, Plaintiffs are not left with the prospect of preparing a "discovery dispute chart" under Magistrate Judge Gallagher's procedures, waiting for a hearing date, and then likely waiting for several months or more for an "advisory opinion," which will likely not end the dispute.  All of this will take months and push the case far beyond the Scheduling Order deadlines.  We need the Court's help and beseech the Court to intervene in discovery in this case.

Executed on the 27th day of May 2021, in Vail, Colorado.

                                               *s/ Alan L. Kildow*
                                               Alan L. Kildow