# Exhibit 7

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Thursday, March 4, 2021 12:25 PM |
| **To:** | 'Stevenson, Shannon'; 'Roeder, Jackie' |
| **Cc:** | 'Savage, Janet'; fwlawyers@gmail.com; fwlawyers@gmail.com; 'sonya braunschweig' |
| **Subject:** | RE: Federal Case: Sports Rehab Consulting, et al. v. Vail Health--Delinquent Discovery Requests |

Shannon:

Your e-mail states that "we will respond to your email below," which presumably refers to the legal authority I cited regarding the lookback that is inherent in sec. 2 monopoly cases. I will be frank with you. We do not anticipate this federal case proceeding in the manner that the Eagle County case has proceeded. Instead, we look forward to Vail Health conducting discovery in a manner consistent with the rules of civil procedure and the substantive law that this case implicates. So I suggest that you and your colleagues carefully consider the few authorities that I cited below. There are dozens, even hundreds just like them.

Those authorities demonstrate that Vail Health's objections to Plaintiffs' First Set of Requests for Production of Documents, based upon certain arbitrary time limitations, are not supported by applicable law, nor are the cases we have cited likely to be overturned. If Plaintiffs are required to file a motion to compel production of obviously relevant documents, interjecting objections that have no basis in the law, we will not only seek sanctions under Rule 37, we will also seek sanctions under Rule 11. And if Magistrate Judge Gallagher declines to impose sanctions, we will appeal that denial to Judge Martinez.

We therefore expect a fulsome production of all the Vail Health documents responsive to Plaintiffs' First Set of Requests for Production of Documents by the close of business on Monday, March 8. Please confirm in writing by the end of today that you will be producing responsive documents and data, absent the objections. If you do so, I will not alert Magistrate Judge Gallagher to the need to crank up his discovery-dispute resolution procedures. Otherwise, I will do so immediately tomorrow.

In all further communications regarding this case, Jesse and I will appreciate your inclusion of Sonya Braunschweig. In the meantime, I look forward to your compliance with the rules.

Alan Kildow

970-390-6675

---

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Thursday, March 4, 2021 3:12 AM
**To:** Alan Kildow <alkildow@aol.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Savage, Janet <Janet.Savage@dgslaw.com>; fwlawyers@gmail.com
**Subject:** RE: Federal Case: Sports Rehab Consulting, et al. v. Vail Health--Delinquent Discovery Requests

Alan –

Thank you for your message. I recall that in our last communication on these issues, you had indicated that you would contact the magistrate judge for some hearing dates. We then did not hear from you on this case for many months; the plaintiffs did not make initial disclosures (which were due in early October) until February 15, and plaintiffs did not respond to discovery requests Vail Health served months ago.

In any event, now that it appears plaintiffs are intending to move this case forward, we will respond to your email below and produce documents on Monday, as you've requested.

We also request that plaintiffs now respond to Vail Health's First Set of Discovery Requests to Plaintiffs ("Requests"). The Requests were served on November 6, 2020 with your response and objections due on December 7, 2020. Plaintiffs never served any objections or responses to the Requests nor requested an extension. We ask that you likewise provide these responses and produce documents by Monday, March 8.

**SHANNON WELLS STEVENSON** ▪ Partner

P: 303.892.7328  ▪  F: 303.893.1379  ▪  vcard

Davis Graham & Stubbs LLP
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, March 2, 2021 12:36 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Savage, Janet <Janet.Savage@dgslaw.com>; fwlawyers@gmail.com
**Subject:** Federal Case: Sports Rehab Consulting, et al. v. Vail Health--Delinquent Discovery Requests

Counsel:

As you know, Plaintiffs served Rule 34 First Requests For Production Of Documents on Defendant Vail Health on October 7, 2019. I will not go into the procedural background of these discovery requests other than to make two points:

*First*, to the extent that Vail Health did not object to certain requests or portions of certain requests, production of those document is long overdue. I have asked them in the past, they were promised, but they have not been forthcoming. Those documents are due immediately. If we do not have them by the end of business on Monday, March 8, we will alert Magistrate Judge Gallagher to that fact and will have no choice but to begin motion practice. And we will ask for sanctions. I see no reason for that to be necessary, so I will look for your immediate confirmation of the production of those documents.

*Second*, in its response to Plaintiffs' RFPs, Vail Health objected to the production (in any event, Vail Health waived any objections) beyond certain very limited time parameters. Ms. Roeder and I had a meet & confer on those objections, at which time I informed her of legal precedent rendering Vail Health's objections on the grounds of time limitations to be without merit in a Sherman sec. 2 case. I now reiterate a couple of the cases that I brought to her attention that demonstrate that Sec. 2 Sherman monopoly cases lookback decades to lay the factual foundation for the evolution of the violator's monopoly power. Examples are:

- ***U.S. v. Grinnell Corp.,*** **384 U.S. 563 (1966).** In 1906, Grinnell purchased 76% of the stock of ADT and thereafter began building monopolies in the burglary and fire alarm business in various areas of the country. The Supreme Court reviewed Grinnell's aquisitory behavior during the period from 1906 to 1954 and the time of trial in 1964. *Grinnell* is an object lesson that how a competitor acquires its monopoly power is a fundamental element of any § 2 antitrust case, and the lookback on the violator's monopolistic behavior finds no arbitrary cutoff period as to how far that analysis can go. In *Grinnell*, the analysis went back over 50 years.

- ***U.S. v. Microsoft, Inc.,*** **253 F.3d 34 (D.C. Cir. 2000).** *See U.S. v. Microsoft Corp.*, Civil Action No. 98-1232 (TPJ), District Court Findings of Fact, (Nov. 5, 1999). In those findings, the district court chronicled the evolution of Microsoft's monopolization of the operating system software market beginning with its initial release of its Microsoft Disk Operating System in 1981. (FOF No. 7) The court continued with Microsoft's 1985 distribution of

2

Windows and then its Windows 95 in 1995.  (FOF No. 8)  The Findings of Fact continue through a painstaking analysis of a decade of Microsoft's growing market share (FOF No. 35), and through over 400 Findings of Fact that end with No. 412, ultimately leading the district court to issue its separate Conclusions of Law finding that Microsoft was a monopolist that violated § 2 of the Sherman Act.  So in *Microsoft* there is about 18 or 19 years of lookback.

- ***U.S. v. Dentsply International, Inc.*, 399 F,3d 181, 185 (3d Cir. 2005).**  This is another Sherman § 2 case, where here the Third Circuit examined the aggressive sales campaigns and predatory pricing of a dental implant manufacturer dating back 15 years.

So 15, 20, and 50 years of factual background of a monopolists behavior is not uncommon in section 2 cases.  Vail Health's objections have no basis is law.  I will look for your very *prompt* response as to when all of the documents requested in Plaintiffs' First Set of Requests for Production of Documents will be produced.

Alan Kildow
970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

3