# Exhibit 10

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Friday, May 14, 2021 9:59 AM |
| **To:** | 'Stevenson, Shannon'; 'Roeder, Jackie'; 'Savage, Janet' |
| **Cc:** | fwlawyers@gmail.com; 'sonya braunschweig' |
| **Subject:** | RE: Discovery Dispute Letter To Shannon Stevenson |

Counsel:

We would appreciate it if you would provide a response to our request for alternative dates/times for a meet & confer.

Alan Kildow
970-390-6675

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, May 12, 2021 11:08 AM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>
**Cc:** 'fwlawyers@gmail.com' <fwlawyers@gmail.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Discovery Dispute Letter To Shannon Stevenson

Counsel:

Attached is a letter regarding the deficiencies in Vail Health's Objections And Responses To Plaintiffs' First Set of Interrogatories. Please provide us with alternative dates and times within the next 7 days for a meet & confer to discuss resolution of what is obviously a significant discovery dispute.

Alan Kildow
970-390-6675

**ALAN L. KILDOW**
**ATTORNEY AT LAW**
**790 Potato Patch Drive**
**Vail, Colorado 81657**
**970-390-6675**

May 12, 2021

VIA ELECTONIC MAIL

Shannon Wells Stevenson
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202

RE: *Sports Rehab Consulting, LLC, et al. v.*
 *Vail Clinic, Inc., d/b/a Vail Health*,
 Civil Action No. 1:19-cv-02075-WJM-GPG

Counsel:

Plaintiffs contend that Vail Health's discovery-related responses thus far are incomplete, based on improper objections, and do not properly identify the information sought. Most of these objections are so weak and baseless that they are asserted in bad faith and warrant a motion for sanctions against the attorney who signed these documents. This letter therefore addresses these deficiencies, so that the parties can hold a meet and confer before raising these issues with the Court. Separate letters will follow regarding requests for production and admissions (which suffer the same deficiencies), as well as deficiencies with respect to documents already produced.

**Rule 26(a)(1) Disclosures:**

Vail Health identified only two individuals with knowledge about the antitrust action: Doris Kirchner and Nicolas Brown. Vail Health inappropriately incorporated the disclosures from the state court action as part of its disclosures in the federal antitrust action. As there is no antitrust claim in the state court action, Vail Health's incorporation

1

of those disclosures here is inappropriate and fails to comply with Fed. R. Civ. P. 26(a)(1). Plaintiffs do not know from those disclosures who has relevant information related to the antitrust claim. Moreover, in answering multiple interrogatories, Vail Health asserts that "third parties" have information relevant to this action. Vail Health has not identified these third parties or the information that they have relevant to this suit. Plaintiffs therefore request that Vail Health amend its disclosures to identify those individuals with relevant knowledge related to the antitrust suit.

**Interrogatory Objections:**

Vail Health has objected to multiple interrogatories on the ground that the use of the term "each and every" is too broad. The term "each and every" is synonymous with "all," which was defined in the discovery requests as: " "All" means all documents that can be located by a reasonably diligent search of places you reasonably believe to contain such documents." Likewise, "each and every" in the context of the interrogatories means the same thing—that is, information that can be identified after a reasonably diligent search is conducted by Vail Health. That ubiquitous objection, therefore, is not well grounded and must be removed.

Vail Health has also objected to numerous interrogatories on the grounds that the information sought is "duplicative of the state court action." For each such interrogatory in which this objection is made, Vail Health must specifically identify what was duplicative, including the specific interrogatory and citation to any documents that Vail Health asserts is duplicative of the discovery requests in this action. This particular objection is interposed in bad faith because virtually every assertion that some piece of discovery was produced in the state court action is baseless—it did not happen. You were not an

attorney of record in the state court action and perhaps did little or no investigation as to what was or was not produced, so perhaps further investigation on your part with permit you to correct your misimpressions and withdraw these objections.  At all events, in each instance that such an objection is asserted, we will look forward to precise identification of the interrogatory answer or document that supports the objection.  In the event that you, as the attorney signing these objections, cannot come forward with the supporting evidence, we will bring appropriate motions for the bad faith obstruction of discovery.

Vail Health has objected to various interrogatories on the basis of attorney-client privilege and work-product doctrine.  In most instances, you have interposed the objection that the name of an attorney will not be identified on the grounds of attorney-client privilege.  It is indeed elementary that the identity of an attorney is not a basis for the assertion of the attorney-client privilege, and thus we can only conclude that the refusal to identify particular attorneys who were engaged to perform particular legal work on behalf of Vail Health is in bad faith, thus warranting sanctions.  We also note that after over 45 days since service of the interrogatories, no privilege log has been produced that prides the relevant information that would justify the invocation of any such privileged communications.  Please produce that log.

Additionally, Plaintiffs requested the home addresses for those individuals identified in the interrogatories.  For numerous individuals identified, the only address identified is Davis Graham's.  This is improper.  These witnesses, as well as their home addresses, long ago should have been identified in Vail Health's Rule 26(a)(1) disclosures, and they certainly must be included in these answers to interrogatories.  Please identity the proper contact information for each of these witnesses.

Finally, Vail Health has designated every page of the interrogatory as "attorneys' eyes only." Please identify why any such designation is necessary for each interrogatory and explain what information in each interrogatory answer requires such a designation. By the end of business on Friday, May 14, please confirm whether Vail Health will agree to removing this designation. If it does not, Plaintiffs will pursue the appropriate procedures to have the documents de-designated as "attorneys' eyes only."

With those general objections addressed, Plaintiffs now turn to the individual interrogatory answers.

**Interrogatory No. 1:**

On page 4, Vail Health asserts that there are certain agreements and documents such as physical therapy service agreements (plural), licensing agreements (plural), agreements related to intellectual property (plural), agreements related to patients (plural), lease agreements (plural), computer services agreements (plural), and any and all other agreements (obviously, plural). Vail Health interposed the objection that it had "already produced" all documents in its possession, custody, or control responsive to RFP. No. 2 inn the State Court Action." And those productions included "copies of all agreements, contracts, and understandings, and all documents relating thereto…." But in the Eagle County action, Vail Health only produced the Physical Therapy Services Agreement dated November 1, 2004 (Vail_00003426-00003446) (the "Service Agreement") and three extensions to the Service Agreement. It has also produced the License and Use Agreement dated June 29, 2008 (Vail_00003418-00003424) (the "License"). No other agreements were produced in the Eagle County state court action, although Vail Health's Answer to Interrogatory No. 1 clearly suggests that there are

4

numerous other agreements that exist.   with its statement that the agreements and documents responsive to Interrogatory No. 1 "are not limited to" the agreements and/or documents enumerated above.  If there are additional such agreements and/or documents, then Vail Health's Answer to Interrogatory No. 1 should identify them.  And Plaintiffs demand that they be identified.

Vail Health refused to identify the attorneys and law firms that were involved in the agreements referred to above between Vail Health and RPC-Vail on the basis of attorney-client privilege.  The attorney-client privilege, as you know, does not preclude the identification of the attorneys involved, as is evident from Vail Health's Answers to Interrogatory Nos. 3 and 11, for example.  Please identify the attorneys, and if you refuse to do so, please provide us your legal authority for such an objection.

Vail Health did not identify whether or not any accountants or consultants were involved in any way with respect to the Services Agreement.  If none were involved, please state that fact.  If not, please identify the individuals who served as the accountants.

**Interrogatory No. 2:**

The interrogatory seeks information about internal discussions about how billing would be done for RPC-Vail.  Nothing is identified with respect to the communications to reach the terms of the agreement as identified on pages 8-9.

In answering Interrogatory No. 4, Vail Health states that it terminated the service agreement because "Vail Health believed it could provider a higher quality of physical therapy care to patients and better value to patients and payers by managing those services directly…."  Any objection asserting that pricing is not relevant cannot be said to

have been interposed in good faith. This is a Sherman Act § 2 case alleging monopolization of relevant markets. There can be no good faith dispute that monopoly power is defined as "the power to control prices or exclude competition."[1] And by asserting that the nonrenewal of the Service Agreement was to provide patients with "better value," Vail Health itself acknowledges that pricing is relevant to this action.

Vail Health asserts that it is the owner of RPC-Vail documents and therefore, the manner in which RPC-Vail was disclosed to payers is relevant. Is it your contention that Vail Health will not assert here that it is the owner of those documents?

The manner in which Vail Health billed for physical therapy services—before and after RPC-Vail—is relevant to when and how the charging of supracompetitive occurred.[2] If Vail Health did not disclose the rendering provider, who provided the services?

**Interrogatory No. 3:**

Interrogatory No. 3 identifies three people, only one of which was an executive of Vail Health. Please confirm that there were no other discussions within the Executive Committee, Board members, or any other individuals within Vail Health.

**Interrogatory No. 4:**

Please identify the extensive discovery purportedly undertaken in the state court action related to this interrogatory.

**Interrogatory No. 5:**

Vail Health makes the assertion that "Vail Health concluded it owned such documents, or, at a minimum, had a right to possess and use such documents." These

---

[1] *U.S. v. Grinnell Corp.*, 384 U.S. 563, 570 (1966).
[2] *Bausch Mach. Tool Co. v. Aluminum Co. of Am.*, 72 F.2d 236, 239-40 (2d Cir. 1934).

are merely legal conclusions. Please identify the facts upon which these legal conclusions are based.

**Interrogatory No. 6-7:**

Interrogatory No. 6 is not the same as Interrogatory No. 1 in the state court action, which sought the identification of documents that were purportedly misappropriated. Interrogatory No. 6 seeks the trade secrets that Vail Health contends it has maintained since November 1, 2012 that require legal restriction in physical therapists employment agreements.

In answering Interrogatory No. 6, it appears that Vail Health is asserting that any purported trade secrets that it maintains are limited to the documents downloaded by Cimino. If so, then please confirm this. If there are other trade secrets, which your answer seems to imply—that is, the qualifying language "include, but are not limited to"—then please identify those other documents.

As to Interrogatory No. 7, for the purported trade secrets identified in Interrogatory No. 6, Vail Health has mot answered sections (a)-(d) in Interrogatory No. 7.

**Interrogatory No. 8:**

Vail Health failed to answer Interrogatory No. 8 by providing a description of each individual's "executive or management duties" that Vail Health contends falls within the exception to C.R.S. § 8-2-113(2).

**Interrogatory No. 9:**

Vail Health asserts that relevant geographic market will be the subject of "third-party discovery." Vail Health has not identified any third-parties. Please identify the third parties that you contend have responsive information as well as the subject matter of their

knowledge. This information should have been disclosed in Vail Health's Rule 26(a)(1) disclosures but was not.

Finally, Interrogator No. 9 seeks Vail Health to identify by bates number the documents that support or refutes the relevant geographic market. No such documents have been identified. If none exist, then so state.

**Interrogatory No. 10:**

As noted in the general objection of this letter, Vail Health has identified "third-party" discovery in answering Interrogatory No. 10, but no third parties have been identified by Vail Health with information relevant to Interrogatory No. 10. Please identify the third parties and the subject matter of their knowledge. This information should have been disclosed in Rule 26(a)(1) disclosures but was not.

Vail Health has identified information relevant to Interrogatory No. 10 that is the subject of attorney-client privilege and work-product doctrine. Again, as noted above in the general objection section, no privilege log has been produced identifying these communications.

Finally, Interrogator No. 10 seeks Vail Health to identify by bates number the documents that support or refutes the relevant product market. No such documents have been identified. If none exist, then so state.

**Interrogatory No. 11:**

Vail Health asserts that this interrogatory is duplicative of discovery in the state court action. Please specifically identify the information in the state court action that you contend is duplicative of this Interrogatory related to the joint venture. As you know, Vail Health only produced the letters of intent in the state court action, as well as two

8

communications between Vail Health and Steadman related to the exchange of proformas related to Steadman opening its own physical therapy clinic. No documents were produced with respect to VSO and VSOR, and no other communications with Steadman were produced either. If your contention is that Vail Health has produced all documents related to the joint venture with Steadman, VSO, or VSOF—that is, those found after a reasonable diligent search—then please so state. As to the Special Master's ruling, he concluded that Judge Gannett did not order all such documents to be produced, which we all know was not Judge Gannett's decision.

To the extent you claim that the relevant geographic market is outside the Vail Valley, then any documents related to joint ventures, strategic partnerships, and the like is relevant to that issue, so your objection to producing those documents is improper. Further, as to Aspen, those documents are relevant to the issue of Plaintiffs' damages. But for Vail Health's anticompetitive conduct, Plaintiffs would have opened an Aspen location to service Steadman patients. That Vail Health has now done just that proves that the Aspen location was viable and that Sports Rehab could have opened a location there.

Please explain what is vague, ambiguous, broad and unduly burdensome about the term "collaboration," particularly when Vail Health used the same term on page 23 in answering Interrogatory No. 11. Moreover, collaboration was defined as "any agreement or discussions between Vail Health, Howard Head, Steadman, or VSO related in any way to physical therapy services from January 1, 2014 to the present." Please confirm whether you have withheld any information in answering this interrogatory based on that objection.

9

Vail Health also states that discussions and meetings occurred on specific dates between Steadman and Vail Health but you have not identified who was in attendance at each meeting (or any meeting), or what was discussed at each meeting (or any meeting). It seems incredible that no one took any notes of these meetings that would further provide information about what was discussed at these meetings.

Vail Health has not identified when meetings with VSO took place, who attended, or what was specifically discussed.  No documents have been produced related to VSO, and no documents have been identified by bates number in answering this Interrogatory.

Nor has Vail Health explained why the joint venture with VSO and Steadman was not consummated.

As to the "collaboration" between Vail Health, Steadman and Sports Rehab, you have not identified what was said in the discussions between the parties identified, when those discussions occurred, and why the "collaboration" did not proceed.  Additionally, Vail Health identified "primary" participants," which implies that others were involved in those discussions.  Please identify those individuals.

Finally, please provide legal authority that supports your contention that an attempted monopolization must be consummated to be actionable.  And in doing so, please explain what you contend "attempt to monopolize" means under the Sherman Act and when such "attempts" would be actionable.

**Interrogatory No. 12:**

No answer has been provided.  Interrogatory No. 12 requests information as to how the joint venture was going to work.  Is it your contention that the parties undertook no analysis as to the number of patients that would have been treated under the joint

10

venture, how pricing would be set, the payer contracts that would be necessary, whether pricing or market share would increase or decrease, what costs would be incurred with the joint venture, how the parties would comply with Medicare and federal law, what the economics would be to establish a joint venture, including whether proformas were created, and any analysis of the probability of success? The parties renewed the letters of intent multiple times and purportedly worked on a joint venture for over a year, and yet, there are no documents that evidence anything analysis, discussions, or negotiations that were conducted relating to the proposed joint venture.

Further, Vail Health has objected to the interrogatory on the grounds that it contains subparts without identifying what was improper. The interrogatory seeks information about the meetings that took place between the parties, when the meetings took place, what was discussed, and who participated. These are the general types of interrogatories that parties routinely propound. Your objection is improper and is being interposed in an attempt to conceal relevant evidence.

**Interrogatory No. 13:**

Vail Health has not even attempted to respond to Interrogatory No. 13. The types of information requested is not subject to the attorney-client privilege or work-product doctrine. And even if certain communications are privileged, the date, location, who participated, and the subject matter of any discussions are not privileged. To the extent any agreements were drafted and exchanged between the parties, those communications are not privileged either. Further, Vail Health has produced any privilege log for any of the communications subject to Interrogatory No. 13.

11

Further, in answering Interrogatory No. 11, which Vail Health incorporates into its answer to interrogatory No. 13, Vail Health did not disclose any conversations related to pricing of physical therapy services under any joint venture, collaboration, or strategic partnership.

To the extent that you claim the relevant geographic market is outside the Vail Valley, then any such joint venture, collaboration, or strategic partnership is relevant and pricing of those services in those areas is relevant as well.

**Interrogatory Nos. 14-15**:

Brown produced a document to the Steadman Clinic identifying the number of referrals (not the number of visits generated by the referrals) when Steadman was contemplating opening its own physical therapy practice. Brown had to review information and likely generated reports to obtain that information, so to say that the information is unduly burdensome and not kept in the normal course of business is incorrect. This is clearly information that Vail Health has had and used for years, and to delay answering this Interrogatory for another 30 days is improper. Moreover, the document Vail Health references in its answer to Interrogatory No. 14 is incomplete. With respect to emergency room services, that involves essentially a one-time occurrence, and the chart does not reflect the number of visits that each patient has with Vail Health's physical therapy unit when surgery is involved with respect to Steadman and VSO. The chart is therefore incomplete and does not account for the number of visits for each patient and the revenues generated by multiple visits versus the single visit to the emergency room.

**Interrogatory No. 16:**

Vail Health did not fully respond to Interrogatory No. 16, which asked whether the clause or one similar had been included in any prior leases with Steadman. Please answer this interrogatory fully.

**Interrogatory No. 17:**

It does not appear that you have produced all payer contracts referenced on pages 29-30 in answering Interrogatory No. 17. First, Medicare and Medicaid are not even mentioned and no contracts have been produced at all. It also does not appear that Vail Health has produced the Anthem Mountain Enhanced Network, Humana Choicecare, Rocky Mountain Health Plan, Tricare, or UMR. If we are mistaken, please identify the bates number of the payer agreements you contend have been produced.

**Interrogatory No. 18:**

Vail Health has not identified the components of any prices or charges related in anyway related to physical therapy services that are on the chargemasters. Is it Vail Health's practice to set prices on its chargemaster not based on actual costs but on general information from a third-party vendor? If so, then please confirm. Further, it should be noted that cost information is required to be produced every year to Medicare. Is it Vail Health's contention that the costs it provided to Medicare are based on information from a third-party vendor? If not, then identify the breakdown of the actual Vail Health components included in the chargemaster.

**Interrogatory No. 19:**

Vail Health has improperly, and in bad faith, objected to this interrogatory on the grounds of relevancy, unduly burdensome, overly broad, and disproportionate to the needs of the case. Vail Health has not attempted to identify the individuals with

13

knowledge even for the limited time period that it claims is relevant, which is in and of itself, insufficient.

**Interrogatory No. 20:**

Vail Health's answer to this Interrogatory No. 20 is in bad faith. Other than a reference to Don Auten and one other attorney from Duane Morris, which related to a letter sent to RPC-Vail after the termination, Vail Health has not identified the attorneys or in-house counsel with respect to (a)-(f). Additionally, the identification of attorneys and the subject matter for which they represented Vail Health is not protected by the attorney-client privilege or work-product doctrine, as is evident form Vail Health's answers to Interrogatory Nos. 3 and 11.

The reference to interrogatories Nos. 1, 2-5, 11, and 13 do not answer this Interrogatory. No attorneys were identified in Interrogatories 1-2, or 4, or 11. And the attorneys identified were with the firm of Duane Morris. If Duane Morris represented, Vail Health respect to (a)-(f) it is required to identify the attorneys and the subject matter of the representation.

**Interrogatory No. 21:**

Vail Health's answer to this Interrogatory No. 21 is also in bad faith. It has not identified any accountants, internal or external, that were involved in any of the issues identified in (a)-(e) of the interrogatory. There is no basis to object. Further, to the extent Vail Health claims that the accountants were identified in the state court action, identify the documents in which they were disclosed and as to which provision the accountants have relevant information as to (a)-(e).

Vail Health also asserts that these are six different interrogatories. If that is true, there should be an identification of the accountants for each of the categories in the Rule 26(a)(1) disclosures. But as we know, there is no identification of any accountants, internal or otherwise, in the one-page disclosure of two witnesses that Vail Health identified.

**Interrogatory No. 22:**

Vail Health's answer to Interrogatory No. 22 is meaningless because there has been no production of the RVU tables referenced in your answer. Nor has Vail Health provided any explanation as to what the RVU tables provided, how it was applied, or what it contained. Vail Health has provided no information as to what information was in the monthly usage report, how that information was complied, or how that information was used. Vail Health has not identified any changes in the methodology, although they are identified in the answer to interrogatory. This does not include all issues with this answer but highlights some of the issues that we will be discussing.

**Interrogatory No. 23:**

Vail Health's answer to this Interrogatory No. 23 is also in bad faith. It has not identified any consultants, addresses, and telephone numbers of any consultants. Further, to the extent Vail Health claims that the consultants were identified in the state court action, identify the specific documents or discovery responses in which they were disclosed and as to which provision the consultants have relevant information as to (a)-(e).

**Interrogatory No. 24:**

Vail Health has an obligation to identify its competitors in answering Interrogatory No. 24. At page 38, Vail Health states that there are likely hundreds of competitors but has not attempted to identify the hundreds of competitors that it asserts exist or at which times they competed in the market. Identify the competitors that you are referring to in answering Interrogatory No. 24 by name, address, and telephone number, at what times they competed with Vail Health in the physical therapy market, and the reasons why the company nor individual was viewed as a competitor.

Vail Health has answered that portion of No. 24 relating to any "plans or strategies" of Vail Health with respect to those competitors on the grounds that the phrase is vague or ambiguous. This objection is interposed in bad faith. Please explain what is ambiguous about that term. Further, please explain why Sports Rehab is not identified in your answer to Interrogatory No. 24 despite Nico Brown referencing to Sports Rehab in documents as a "competitor." Further, you have not identified any communications with VSO or Steadman that Vail Health had about any competitors, which would include any discussions with doctors to ensure that they understood that the joint venture meant that referrals should be to Vail Health, not others like Meredith Mueller.

Plaintiffs request that we schedule an immediate meet & confer conference to address the deficiencies identified above. Please provide alternative dates and times so that the conference can occur within the next week.

Sincerely,

*Alan L. Kildow*

Alan L. Kildow