# Exhibit 14

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, May 25, 2021 7:20 AM |
| **To:** | Richards, Daniel |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; Savage, Janet; FW LLC<fwlawyers@gmail.com>; Alan Kildow |
| **Subject:** | Re: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call |

Ms. Stevenson,

The issues to be discussed have been outlined in the emails and letter addressed to you since May 12.  If you need me to resend them, just let me know.

Best regards,

Sonya

On Mon, May 24, 2021 at 5:56 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

> Counsel:
>
> Can you please identify the issues about which you would like to confer?  Thank you.
>
> Regards,
>
> **DANIEL RICHARDS ▪ Associate**
>
> **D: 303.892.7452** ▪ vcard
> **Davis Graham & Stubbs LLP**
> 1550 17th Street, Suite 500 ▪ Denver, CO 80202
>
> **A LexMundi Member**
>
> ---
>
> **From:** sonya braunschweig <sonya.braunschweig@gmail.com>
> **Sent:** Monday, May 24, 2021 7:26 AM
> **To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
> **Cc:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>; Alan Kildow <Alkildow@aol.com>
> **Subject:** Fwd: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Ms. Stevenson,

Alan requests a meet and confer on Tuesday, at 11 am mdt.  The conference call information is below.

Dial-in number: 605-472-5307

Pass code: 175061#

Best regards,

Sonya

---------- Forwarded message ---------
From: **Richards, Daniel** <Daniel.Richards@dgslaw.com>
Date: Fri, May 21, 2021 at 7:21 PM
Subject: RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call
To: Alan Kildow <alkildow@aol.com>, sonya braunschweig <sonya.braunschweig@gmail.com>
Cc: Roeder, Jackie <Jackie.Roeder@dgslaw.com>, Savage, Janet <Janet.Savage@dgslaw.com>, FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>, Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>

Alan and Sonya:

As discussed, attached is a chart in which Vail Health responds to the issues raised in Plaintiffs' letter regarding Vail Health's interrogatory responses.  While we believe the parties have reached an impasse regarding certain issues raised in Plaintiffs' letter, we are happy to confer further next week.  If there are issues on which you would like to further confer, please identify them with specificity.

As to the additional issues you have raised in emails after your May 12, 2021 letter, Vail Health responds as follows:

(1) Plaintiffs state that they intend to file a motion to remove Magistrate Judge Gallagher from the case and ask Judge Martinez to take over discovery matters.  We do not believe that there is any basis for Plaintiffs' proposed motion,

particularly given Plaintiffs' repeated delays in prosecuting this case. Plaintiffs may represent that Vail Health opposes the motion.

(2) Plaintiffs state that they also wish to confer regarding Vail Health's contention that attempted monopolization does not condemn potential conduct. However, the parties have already conferred regarding that issue, and it was one of the issues presented to Magistrate Judge Gallagher during the most recent discovery hearing. It is unclear why Plaintiffs seek further conferral regarding an issue about which the parties have conferred and that has been presented for adjudication.

Regards,

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

**A LexMundi Member**

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, May 19, 2021 1:45 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>
**Subject:** Re: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Ms. Stevenson,

Below is a message from Mr. Kildow addressed to you:

You and Vail Health took 60 days to analyze, discuss, and answer the interrogatories. I would assume--given the 60 days you took--that you and your client understand very well the positions taken in answering the interrogatories and the reasons why you did so. These are the very same positions that you asserted in the Rule 12(b)(6) motion in October 2019, which are deemed to have been denied by the Court. Plaintiffs' issues with your objections should therefore come as no surprise. You and your client can easily decide to either tell us whether you will supplement the interrogatory answers, in whole or part, or will stand by the numerous objections and answers asserted. In fact, you have had sufficient time to supplement the interrogatory answers with any information that you may agree to

3

supplement.  Instead, Vail Health proposes to provide a letter 9 days after being served with Plaintiffs' letter, which was provided to outline some of the main issues that I wanted to discuss during a meet and confer.  I have repeatedly requested that you comply with the rules and hold a meet and confer, and from your responses and actions, it is clear that Vail Health does not intend to do so.  Your gameplan is clear--you and Vail Health intend to string this process out as long as possible.  If you and Vail Health had fully answered the interrogatories instead of hiding behind obfuscations and legally unfounded objections, this process would be unnecessary.  Further, it should be pointed out that you only responded to Plaintiffs' letter after I again had to request a meet and confer.  Over a week later, and despite attempting to hold a conference call with you yesterday, Plaintiffs still have no date from you for a meet and confer.  Whether or not oral meet and confers are productive--they generally are not because you and your client continue to assert baseless objections--is of no matter.  Meet and confers are required by the rules of civil procedure, as well as the court's practice standards.

As to a meet and confer regarding your and Vail Health's objection related to the attempt to monopolize, you did not provide us a date for a meet and a confer on that either.  Nor have you provided us any case law to support that objection.  We will take your refusal to cite any legal support as meaning that you have none.  If I am incorrect, please provide the case law supporting that objection.  If Plaintiffs do not receive the legal authority by the end of business today, they will move forward with the procedure articulated by Rule 11.

Further, I have repeatedly asked for a meet and confer about a motion that Plaintiffs intend to file with Judge Martinez to take over the discovery process.  I understand from Vail Health's response that you object to such a motion.  If I am in any way incorrect, please let us know. A meet and confer on this will likely only take no more than 5-10 minutes, and I am available today or tomorrow to have that discussion, so just give me a call. If you refuse to hold such a call, Plaintiffs will inform Judge Martinez that I repeatedly requested such a call and held such a call yesterday but you refused to participate.

Finally, it bears repeating that Vail Health has refused to participate in fulsome discovery as required by the rules.  It took Plaintiffs a year to obtain discovery responses and a-year-and-a-half to obtain 55 documents, and even then, Ms. Stevenson represented in an email that there may be additional documents that will be produced.  That was in March, and to date, no additional documents have been produced.  And as to Vail Health's Rule 26(a)(1) disclosures, only two people were identified as having relevant information related to the antitrust action.  If that is all there is, then please let us know.  In an effort to deflect Vail Health's deficiencies, you attempt to point to purported delays by Plaintiffs.  But Plaintiffs served a comprehensive 59-page Rule 26(a)(1) disclosure, fully responded to discovery (with only a limited number of objections and for the most part, no objections at all).  Plaintiffs have timely produced documents and supplemented with additional information as it has become available.  You and Vail Health have not in any way been prejudiced by Plaintiffs' compliance with their discovery obligations.

Alan Kildow

970-390-6675



On Wed, May 19, 2021 at 12:59 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

Counsel:

We received Plaintiffs' sixteen-page letter raising purported discovery disputes regarding Vail Health's interrogatory responses on May 12, 2021.  That letter raised multiple issues regarding 24 of Vail Health's 25 interrogatory responses, such that there are more than 50 issues that Vail Health needs to respond to.  Two business days later, on May 14, I responded informing you that we intend to respond to the issues raised in Plaintiffs' letter in writing by May 21.  Vail Health responded to your letter promptly and provided you a date by which we would provide a substantive response.  Vail Health's response was very reasonable given the number of purported disputes.

What followed was a series of emails describing Vail Health's response as "unacceptable," stating that you will "hold [Ms. Stevenson] responsible" for our response, accusing Vail Health's counsel of a lack of "professional courtesy," and threatening Rule 11 sanctions.  Plaintiffs sent an email on May 17 adding an additional issue to the proposed meet and confer:  whether Judge Martinez should "take over" discovery from Magistrate Judge Gallagher.  On May 18, Plaintiffs sent another email unilaterally scheduling a meet and confer for 3 pm that day, adding an additional issue to the meet and confer, and threatening Rule 11 sanctions.  We do not believe that Plaintiffs' unprofessional rhetoric or threats are well founded or productive.

Part of the reason that we proposed to respond to your May 12 letter in writing initially is that past oral meet and confers have not been productive.  Plaintiffs often raise new issues during the meet and confers that have not been previously raised.  Oral meet and confers are frequently followed by emails from Plaintiffs purporting to "summarize" the conferral that contain numerous inaccuracies.  Moreover, the unprofessional rhetoric and threats and ad hominem attacks reflected in Plaintiffs' written communications are heightened during oral meet and confers.  In light of that history, we believe the best way to demonstrate to the Magistrate Judge that the parties have thoroughly conferred regarding discovery disputes is to exchange positions in writing in the first instance.

Finally, there is no basis whatsoever for Plaintiffs' claim that any delay in this case lays at the feet of Magistrate Judge Gallagher.  Rather, it is Plaintiffs that have failed to prosecute this case.  As one example, Magistrate Judge Gallagher issued the operative scheduling order in this matter on October 9, 2020.  Inexplicably, Plaintiffs waited nearly five months, until March 1, 2021, to serve any interrogatories or requests for admission, and further requests for production.  It is unreasonable for Plaintiffs to themselves delay five months in serving discovery and then object to

Vail Health requesting 7 business days to respond to a sixteen-page letter regarding Vail Health's responses to that discovery.  Moreover, Vail Health served its first set of discovery requests on November 6, 2020, making Plaintiffs' responses due on December 7, 2020.  Without requesting an extension, Plaintiffs failed to serve their responses until March 30, 2021—nearly four months late.  Also, Plaintiffs' initial disclosures were due in October 2020, but Plaintiffs failed to serve them until February 15, 2021—again nearly four months late.  Simply put, Plaintiffs are responsible for any delay in this case—not Magistrate Judge Gallagher.

Once Plaintiffs receive Vail Health's response, we are happy to discuss further.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

**A LexMundi Member**

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, May 19, 2021 8:53 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

You did not participate in the meet & confer yesterday and we have not heard anything from you other than you are responding to Plaintiffs' last letter.  We have informed you that we will file a motion requesting that Judge Martinez take over discovery in this case.  We have asked you for dates for a meet & confer on this issue as well as the other discovery issues.  It is our understanding that a meet & confer is necessary for motions filed with Judge Martinez.  This discussion should take a very short period of time and you have (at least) four attorneys who can handle such a conference.  If we do not hear from you, we will inform Judge Martinez of your refusal to participation in a meet & confer.

We look forward to your immediate response to our request.

Alan Kildow

970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 18, 2021 3:11 PM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

It is now 3:10 MDT and Sonya Braunschweig and I are on the conference call for the 3:00 MDT meet & confer.  Are any of you joining the call?

Alan Kildow

970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.