IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION SEEKING THE INTERVENTION OF JUDGE MARTÍNEZ IN
DISCOVERY DISPUTES UNDER PRACTICE STANDARD II.C**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this brief in opposition to Plaintiffs' Motion Seeking the Intervention of Judge Martínez in Discovery Disputes Under Practice Standard II.C (Dkt. 97) ("Motion").

**PRELIMINARY STATEMENT**

As this Court may recall, Plaintiffs and Vail Health have been litigating the facts at issue in this case in Eagle County District Court for more than four years ("State Case"). (*See* Ex. 1 (350-page docket sheet).) As in the State Case, Plaintiffs allege here that Vail Health sought to push Plaintiffs out of the alleged market for physical therapy services in the Vail Valley by falsely accusing Plaintiff Lindsay Winninger of stealing patient files from Vail Health—even though it is undisputed that she downloaded more than 8,000 documents from Vail Health's server, including documents containing patients' protected health information. The parties

produced more than 65,000 pages of documents and conducted scores of depositions.  The Eagle County Court adjudicated approximately 80 motions.  Discovery in the State Case is complete.

Plaintiffs' Motion is their latest attempt to search for a forum that will be receptive to their meritless claims and tolerant of their vexatious discovery tactics.  For example:

- In the State Case, despite the fact that the court appointed the Special Master to reduce the burden on the court of Plaintiffs' endless discovery filings, Plaintiffs repeatedly (and unsuccessfully) appealed the Special Master's discovery orders to the District Judge, needlessly increasing the burden on the State Court and Vail Health;

- After the State Court issued a number of orders unfavorable to Plaintiffs, including dismissing most of their defamation claims, Plaintiffs filed this case, seeking to further draw out this already protracted litigation; and

- After the State Court issued further orders unfavorable to Plaintiffs—including sanctioning Plaintiffs multiple times for discovery violations, ordering an evidentiary hearing regarding Plaintiffs' spoliation of text messages between the two principals of Plaintiff Sports Rehab Consulting, LLC, and issuing an order interpreting Colorado's civil theft statute in a manner that is nearly certain to result in summary judgment for Vail Health—Plaintiffs filed an interlocutory appeal in the Colorado Supreme Court, which is currently pending.

Plaintiffs' Motion, which seeks the extraordinary remedy of removing Magistrate Judge Gallagher from presiding over discovery matters in this case, appears to be yet another instance in a years-long pattern of forum shopping.

Vail Heath's primary interest with respect to Plaintiffs' Motion is to ensure that a procedure is in place to resolve promptly discovery disputes, so this case can proceed past the discovery stage to an adjudication on the merits.  Given the workload of District Judges, Vail Health believes that Magistrate Judges are generally best positioned to adjudicate discovery disputes promptly.  However, Vail Health ultimately defers to the Court and Magistrate Judge Gallagher as to the most efficient manner to resolve discovery disputes, given their greater visibility into their respective workloads and preferences regarding division of responsibility.

However, Vail Health emphatically disagrees with Plaintiffs' characterization of this case. Plaintiffs' Motion grossly mischaracterizes this case's procedural history and the scope of discovery that has already occurred. Plaintiffs also ignore the extensive discovery that has already occurred in the State Case, which is based on identical facts as this case. Under the Scheduling Order, discovery from the State Case may be used in this matter as if produced here. As the record shows, Vail Health has timely and thoroughly responded to Plaintiffs' discovery requests and conferred with Plaintiffs regarding every discovery dispute Plaintiffs have raised. Those efforts have been met with a multitude of frivolous discovery disputes (even where Vail Health has confirmed that it is not withholding documents or information based on its objections), repeated threats of sanctions, and unprofessional personal attacks. Simply put, Plaintiffs' Motion grossly mischaracterizes these proceedings and disparages Vail Health's counsel and Magistrate Judge Gallagher to gain strategic advantage. Plaintiffs' arguments for the removal of Magistrate Judge Gallagher from supervising discovery matters are baseless.

## RESPONSE TO PLAINTIFFS' CONFEERAL STATEMENT

While Vail Health ultimately defers to the Court and the Magistrate Judge regarding the most efficient manner to resolve discovery disputes in this case, Plaintiffs accurately indicate that Vail Health opposes this motion. As the written record reflects, Vail Health has dutifully conferred with Plaintiffs on every issue they have properly raised.

## ARGUMENT

Plaintiffs assert a laundry list of issues that they believe justify removing Magistrate Judge Gallagher from presiding over discovery in this case. However, an examination of each

demonstrates that discovery is proceeding apace and that any delay results from Plaintiffs' own actions (or inaction) and is not the fault of the Magistrate Judge or Vail Health.

**I.     Vail Health Is Not Withholding Documents or Information on the Basis of Its Objection that Joint Ventures Considered, But Not Consummated, Cannot Support an Attempted Monopolization Claim**

At the core of Plaintiffs' Motion is their argument that this Court's intervention is required to adjudicate Vail Health's objection that joint ventures considered, but ultimately not pursued, cannot support Plaintiffs' attempted monopolization claim. (Dkt. 97 at 9-11.) Plaintiffs claim that, based on that objection, Vail Health has "refus[ed] to respond to written discovery that goes to Vail Health's attempt to monopolize." (*Id.* at 10.) That is false, as Vail Health has repeatedly informed Plaintiffs.

Although Vail Health contends that joint ventures or mergers that were considered but ultimately not pursued cannot support an attempted monopolization claim ("Proposed Conduct Objection"), Vail Health nonetheless has agreed to produce documents and has responded to interrogatories regarding contemplated joint ventures or mergers concerning the provision of physical therapy services in the Vail Valley (Plaintiffs' alleged market). For example:

- Plaintiffs' Request for Production ("RFP") No. 7 seeks production of "[a]ll documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services." (Ex. 2 at 6.) After stating its objections, Vail Health agreed to produce responsive documents, to the extent not already produced in the State Case. (*Id.*)

- Plaintiffs' RFP No. 8 seeks production of "[a]ll documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services." (Ex. 2 at 7.) Vail Health agreed to produce responsive documents. (*Id.*)

- Interrogatory No. 11 requested that Vail Health identify, *inter alia*, the subject matter of "any joint venture, collaboration, or strategic partnership" considered by Vail Health. (Ex. 3 at 19.) Vail Health's response identified the joint ventures and strategic

- 4 -

partnerships it considered relating to the relevant time period and alleged market, most of which were the subject of extensive discovery in the State Case.  (*Id.* at 22-23.)

Moreover, Vail Health made clear to Plaintiffs during conferral that it *was not withholding documents or information* based on its Proposed Conduct Objection.  For example, in a written discovery dispute chart addressing Plaintiffs' RFP No. 7, Vail Health informed Plaintiffs, "Vail Health states it has not withheld any documents on these grounds [*i.e.*, its Proposed Conduct Objection]."  (Ex. 4 at 20.)  That discovery dispute chart has been submitted to Magistrate Judge Gallagher.  The fact that Plaintiffs proffer the need for adjudication of the Proposed Conduct Objection—on which no documents or information are being withheld—as the primary reason the Court should take over discovery from Magistrate Judge Gallagher speaks volumes about the merits of Plaintiffs' Motion.  Because Vail Health is not withholding documents or information based on it Proposed Conduct Objection, Plaintiffs effectively seek adjudication of a dispositive legal issue when no dispositive motion is currently pending.[1]

In any event, even if that objection were ripe for adjudication, Plaintiffs have identified no legitimate reason why the Magistrate Judge could not adjudicate it.  Remarkably, Plaintiffs claim that Magistrate Judge Gallagher is not "grounded" in even "the basic principles of antitrust law."  (Dkt. 97 at 10-11.)  The only basis Plaintiffs cite for that conclusion is an exchange during the March 30, 2021 discovery dispute conference during which Magistrate Judge Gallagher purportedly requested "an explanation of the meaning of the term 'combination' as used in § 2

---

[1] Plaintiffs briefly state that this Court's intervention is required to adjudicate other "Rule 12(b)(6)-type" objections.  (Dkt. 97 at 10.)  However, Plaintiffs fail to identify to what objections they are referring or explain why Magistrate Judge Gallagher in incapable of resolving those issues.

of the Sherman Act." (*Id.* at 10.) As the transcript reflects, Plaintiffs materially misrepresent the exchange with the Magistrate Judge (Ex. 5 at 39:7-16 ("[W]hat is your definition of combined or combination *as it specifically applies to this circumstance*?" (emphasis added)). In sum, Plaintiffs criticize Magistrate Judge Gallagher in their quest for strategic gain.

## II. Plaintiffs Falsely State that Vail Health Has Refused to Produce Relevant Documents

Plaintiffs argue that the Court's intervention is required because Vail Health has purportedly refused to produce the documents required for Plaintiffs to pursue their antitrust claims. (Dkt. 97 at 2.) Plaintiffs ignore both (a) that the extensive discovery in the State Case may be used in this case and (b) the detailed antitrust-related supplemental document discovery that has occurred in this case.

Notably absent from Plaintiffs' Motion is any mention of the extensive discovery and proceedings that have already occurred in the State Case. The operative Scheduling Order provides as follows with respect to discovery from the State Case: "Without waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Dkt. 71 at 19.) In the State Case, the parties produced more than *65,000 pages of documents* regarding the same facts that are at issue here. Plaintiffs have had access to those documents for years. Any argument that Plaintiffs lack documents regarding the events underlying Plaintiffs' antitrust claims—*e.g.*, Cimino's and Winninger's downloading of thousands of documents from Vail Health's server, Vail Health's alleged statements regarding Winninger, Vail Health's relationship with The Steadman Clinic—is incredible.

To be clear, Vail Health does not contend that no supplemental discovery is necessary in this proceeding. As is clear from a review of Vail Health's responses to Plaintiffs' RFPs (*see* Ex. 2; Ex. 3), Vail Health has agreed to produce, and has produced, a broad range of documents that Plaintiffs argue are relevant to their antitrust claims. Vail Health has agreed to produce, *inter alia*, "financial statements, projections, and financial analyses for Howard Head Sports Medicine"; "documents . . . reflecting the prices charged and revenues realized for Howard Head Sports Medicine's physical therapy services"; "documents . . . reflecting [Vail Health's] evaluation of which physical therapy or other service providers Vail Health considered and/or does consider to be competitors of Howard Head Sports Medicine's physical therapy services"; documents concerning contemplated joint ventures with The Steadman Clinic and Vail Summit Orthopaedics; exemplars of Vail Health's employment agreements with physical therapists; and non-privileged portions of Vail Health's board of directors minutes and agendas that relate to Vail Health's Howard Head physical therapy practice in the Vail Valley.[2] (*Id.*) As of May 28, 2021, Vail Health has supplemented its document production in the State Case with hundreds of additional documents spanning thousands of pages. Among those documents are, for example:

---

[2] With respect to many of these categories, Vail Health has agreed to produce documents for the period 2015 forward, as Plaintiffs did not start their business until December 2015, and discovery from the period prior to Plaintiffs' entry into the alleged market is not relevant. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.,* 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.,* 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). The issue of the permissible temporal scope of discovery has been submitted to Magistrate Judge Gallagher in a discovery dispute chart, fully argued by the parties, and is ripe for adjudication.

monthly financial statements for Howard Head from FY 2015 through FY 2020, which include data regarding Unique FINs, Charges, Payment Amounts, Direct Cost, Contribution Margin, Indirect Cost, and Net Income (*see* VH_Fed_00000764); Vail Health's "chargemasters" from 2016 forward, which reflect the prices Vail Health charges for each individual physical therapy procedure (VH_Fed_00000246-249), and contracts with private payers (primarily insurance companies), which reflect discounts Vail Health provides to those payers with respect to its chargemaster pricing (*see, e.g.*, VH_Fed_00000250); email communications and analyses discussing competitors of Vail Health (*e.g.*, VH_Fed_00001369, VH_Fed_00001961); and email communications regarding the joint venture Vail Health considered entering into with Vail Summit Orthopaedics.  Plaintiffs' contention that Vail Health has imposed an "embargo" on document discovery is simply false.

While there remain disputes between Vail Health and Plaintiffs regarding the permissible scope of discovery, which will be the subject of further conferral, such disputes are best addressed through the Magistrate Judge's discovery dispute resolution procedures.  To proceed otherwise would result in extensive motion practice before this Court, drive up the costs of this litigation substantially, and likely slow resolution of discovery disputes.

### III.     Vail Health Provided Detailed Responses to Plaintiffs' Interrogatories and RFAs

Plaintiffs claim that Vail Health has failed to "fully and forthrightly answer interrogatories" and "refus[ed] to respond to certain requests for admission."  (Dkt. 97 at 2.)

The interrogatories propounded by Plaintiffs were extraordinarily burdensome and sought to duplicate discovery conducted in the State Case, in violation of the Scheduling Order.  Thus, Vail Health asserted a number of objections.  (*See* Ex. 3.)  However, notwithstanding its

objections, Vail Heath still provided substantive, detailed responses to nearly all of Plaintiffs' interrogatories. (*Id.*) While there may be disputes to resolve regarding Plaintiffs' interrogatories, a brief review of Vail Health's responses reveals that this is not a case where Vail Health objected to each interrogatory and refused to provide substantive responses.

As to Vail Health's responses to Plaintiffs' Requests for Admission ("RFAs"), Plaintiffs have not yet even conferred with Vail Health regarding which RFA responses they believe are objectionable, and Plaintiffs' Motion provides no further detail. Plaintiffs served 129 RFAs. Vail Health responded to all 129 RFAs, either by responding to the substance of the RFA, or by asserting a valid objection. (*See* Ex. 6.) Nothing in Vail Health's interrogatory or RFA responses justifies the relief Plaintiffs seek.

### IV. Plaintiffs Seek to Scapegoat Magistrate Judge Gallagher and Vail Health's Counsel for Plaintiffs' Own Inexplicable Delays in Prosecuting This Case

The allegations of delay that Plaintiffs' Motion levies against Vail Health and Magistrate Judge Gallagher represent an effort to find a scapegoat for Plaintiffs' own failures to prosecute this case. As discussed below, Plaintiffs inexplicably did nothing—literally—on this case for months. Neither Magistrate Judge Gallagher nor Vail Health has caused undue delay.

As an initial matter, the Court should consider Plaintiffs' inexplicable, months-long delay in meeting its own discovery obligations in evaluating Plaintiffs' allegations of delay by Vail Health. Vail Heath served its First Set of Discovery Requests to Plaintiffs on November 6, 2020 (Ex. 7), making Plaintiffs' responses and objections due on December 7, 2020. Plaintiffs neither served any responses nor sought an extension from the Court. Plaintiffs failed to serve their responses and objections until March 30, 2021—*nearly four months late*. (Ex. 8.) Moreover,

while Plaintiffs' initial disclosures were due by October 16, 2020 (Dkt. No. 71 at 19), Plaintiffs did not serve their initial disclosures until February 15, 2021 (Ex. 9)—*four months late*.

Plaintiffs claim that Vail Health failed to timely respond to Plaintiffs' First Requests for Production of Documents ("Plaintiffs' First RFPs"). (Dkt. 97 at 2.) Plaintiffs' contention is frivolous. Plaintiffs raised this same argument before Magistrate Judge Gallagher at the March 30, 2021 discovery conference, arguing that Vail Health waived its objections to Plaintiffs' First RFPs by failing to timely serve objections. Magistrate Judge Gallagher rejected Plaintiffs' argument. (Ex. 5 at 6:23-8:15.) That holding was entirely correct, and *Plaintiffs did not appeal it*.

Nor is there any validity to Plaintiffs' argument that Vail Health unduly delayed in responding to Plaintiffs' second set of RFPs and first set of interrogatories and RFAs. (Dkt. 97 at 7.) Although Plaintiffs had nearly *five months* between the entry of the operative Scheduling Order on October 9, 2020 and the March 1, 2021 deadline to serve written discovery, Plaintiffs served no written discovery during that time. Rather, on March 1, 2021, Plaintiffs served on Vail Health 129 RFAs, 25 Interrogatories, and 11 RFPs—165 discovery requests in total. (Dkt. 82.) Given the number and breadth of those discovery requests—all served simultaneously on the deadline for written discovery—Vail Health needed more than the standard thirty days to draft responses and objections. When Plaintiffs refused, Vail Health filed a motion for thirty extra days and served its responses within that deadline. (*Id.*)

Finally, the Court should reject Plaintiffs' effort to shift blame for Plaintiffs' own discovery delays to the Magistrate Judge. (Dkt. 97 at 12-13.) Vail Health served it responses and objections to Plaintiffs' First RFPs on October 9, 2020. (Ex. 2.) Plaintiffs failed to raise any issues regarding Vail Health's responses and objections with the Magistrate Judge until March 9,

2021—five months after receiving the responses and objections. (Ex. 10.) Plaintiffs' Motion claims that "[i]n October 2020, Plaintiffs requested a conference with the Magistrate Judge to address discovery issues." (Dkt. 97 at 13.) Plaintiffs cite no document to support that contention. Upon reviewing the record, it appears that on October 23, 2020 Plaintiffs sent an email requesting a discovery conference but *failed to include the Magistrate Judge's chambers on the email*. (Ex. 11.) Plaintiffs never followed up with Vail Health or the Magistrate Judge when no discovery conference was scheduled in the weeks and months following Plaintiffs' October 23, 2020 email. This is yet another example of Plaintiffs improperly placing blame on the Magistrate Judge for Plaintiffs' own failure to prosecute this case.

In sum, Plaintiffs failed to prosecute this case from approximately October 2020 through March 2021. The Court should reject Plaintiffs' efforts to blame Vail Health and Magistrate Judge Gallagher for a time crunch Plaintiffs created.

## V.  Vail Health Has Timely and Extensively Conferred with Plaintiffs Regarding Discovery Disputes

Plaintiffs claim that Vail Health has improperly frustrated the meet-and-confer process. (Dkt. 97 at 2.) That is untrue. The Court need look no further than the two conferral charts attached as Exhibits 4 and 12, which are 48 pages and 20 pages respectively. Vail Health has conferred regarding every single issue Plaintiffs have properly raised, exchanging detailed statements regarding the parties' positions and supporting authority and seeking common ground.

Plaintiffs' Motion focuses primarily on the parties' recent conferral, which related to purported discovery disputes regarding Vail Health's responses to Plaintiffs' interrogatories. Attached as Exhibit 13 is a compilation of emails regarding this conferral. As demonstrated in

those emails, on May 12, 2021, Plaintiffs sent Vail Health a sixteen-page letter raising purported discovery disputes regarding 24 of Vail Health's 25 interrogatory responses, as well as Vail Health's initial disclosures. (Ex. 14; Ex. 13 at 3.) On Friday, May 14, 2021, Vail Health responded to Plaintiffs as follows: "In light of the number of issues raised in your May 12 letter, we think the most productive path forward would be for Vail Health to respond to your letter in writing in the first instance. We agree to do so by May 21. Once you have had an opportunity to review our written response, we can determine what additional conferral is necessary." (Ex. 13 at 2.) What followed was a barrage of emails, often multiple emails per day, in which Plaintiffs raised multiple additional issues about which they wished to confer, threatened Rule 11 sanctions, unilaterally scheduled conferrals and then berated Vail Health for failing to attend those conferrals, and demeaned Vail Health's associate (counsel of record) by ignoring his emails and addressing their responses to partners representing Vail Health. (Ex. 13.) As promised, on Friday, May 21, Vail Health responded to Plaintiffs' sixteen-page discovery letter, responding to every issue raised in Plaintiffs' letter in a twenty-page conferral chart. (Ex. 12.)

The parties conferred by phone on Wednesday, May 26 to give Plaintiffs an opportunity to respond to Vail Health's positions in the conferral chart, to the extent there were any issues about which Plaintiffs believed an agreement could be reached. (Ex. 15 ¶¶ 9-10.) Plaintiffs refused to focus the conferral on issues on which there might be room for compromise and instead insisted on discussing each of the scores of issues Plaintiffs had raised, despite the fact that Vail Health had already identified its positions in detail in the conferral chart. (*Id.* ¶¶ 10, 15.) At times, Plaintiffs' counsel appeared to have not even read Vail Health's conferral chart. (*Id.* ¶ 11.) Moreover, Plaintiffs' counsel frequently interrupted Vail Health's counsel and

admonished Vail Health's counsel not to give Plaintiffs' counsel a "tutorial" on the Federal Rules of Civil Procedure given Plaintiffs' counsel's decades of experience. (*Id.* ¶ 13.) In short, it appears that Plaintiffs designed the conferral to move as slowly as possible to ensure that it would be impractical for the parties to have a productive discussion or discuss all issues in one sitting—all, it now seems, so they could paint Vail Health as unreasonable in this Motion. (*Id.* ¶ 14.) After approximately an hour and a half, Vail Health's counsel asked Plaintiffs' counsel whether they saw any room for compromise regarding the positions stated in Vail Health's conferral chart. (*Id.* ¶ 15.) Plaintiffs refused to answer. (*Id.*) At that point, Vail Health's counsel terminated the conferral. (*Id.*)

As the above sequence of events demonstrates, Vail Health conferred with Plaintiffs regarding every issue they raised, describing its positions in great detail in the conferral chart. Vail Health also gave Plaintiffs an opportunity to respond to Vail Health's positions orally, which they declined to do, spending an inordinate amount of time asking Vail Health to rehash its positions. While Magistrate Judge Gallagher's Discovery Dispute Procedures "require[] the parties to discuss the specific dispute at issue and the requested relief," they do not mandate oral conferral. *See* GPG Discovery Dispute Procedures at 1 (March 1, 2017). Instead, they state only that conferral occur "*preferably* by telephone or in person." *Id.* (emphasis added). Here, Vail Health fully complied with its conferral obligations.

## VI. Plaintiffs Have Not Been Improperly Precluded from Filing Discovery Motions Under the Magistrate Judge's Discovery Dispute Procedures

Plaintiffs take issue with the informal discovery dispute mechanisms required by Magistrate Judge Gallagher prior to the filing of a formal discovery motion, arguing that because the mechanisms do not address when a party may file a formal discovery motion, they "raise[]

procedural due process concerns," and "make it impossible for Plaintiffs to file such pretrial motions and appeal any such decisions to this Court," in violation of the Federal Rules of Civil Procedure.  (Dkt. 97 at 11-15.)  These contentions misrepresent the requirements imposed by Magistrate Judge Gallagher.

Magistrate Judge Gallagher's Discovery Dispute Procedures ("Procedures") provide that "[b]efore filing any discovery motion, please contact my Chambers . . . to set an informal discovery conference." GPG Procedures at 2 (March 1, 2017).  Nothing in Magistrate Judge Gallagher's Procedures prohibits Plaintiffs from filing discovery motions once they have taken the steps described in the Procedures.  Courts in this district have consistently held that informal discovery dispute procedures like Magistrate Judge Gallagher's do not prohibit filing discovery motions.  *See, e.g.*, *Kokot v. Maxim Healthcare Svcs.*, 2019 LEXIS 234143, *4-5 (D. Colo. Feb. 25, 2019) (Tafoya, M.J.) ("Full briefing on contested issues is allowed subsequent to the informal conference when parties simply cannot come together on resolution.").  Plaintiffs' contention that "[t]he Magistrate Judge's practices make it impossible for Plaintiffs to file such pretrial motions and appeal any such decisions to this Court" is inaccurate in light of these decisions and the plain language of Magistrate Judge Gallagher's Procedures.

None of Plaintiffs' cited cases support the invalidity (or unconstitutionality) of Magistrate Judge Gallagher's Procedures.  The district court in *Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, prohibited a defendant from filing a motion for leave to amend its answer.  825 F.2d 647, 652 (2d Cir. 1987).  In *Schoenberg v. Shapolsky Publishers, Inc.*, the district court refused to entertain a defendant's motion to dismiss.  971 F.2d 926 (2d Cir. 1992).  Neither case

held that rules prescribing *when* a party may file a motion—as opposed to prohibiting it outright—violates the Due Process Clause or the Federal Rules of Civil Procedure.

Plaintiffs' last argument, that Magistrate Judge Gallagher's Procedures prohibit filing a discovery dispute chart, is inaccurate. The Procedures expressly state that, "[s]hould a formal discovery motion follow, the chart may then be included in any filing." GPG Procedures at 2 (March 1, 2017). Again, Magistrate Judge Gallagher's Procedures merely regulate the timing of filing the discovery dispute chart; they do not prohibit any filing.

Finally, Plaintiffs' argument that their constitutional rights are violated by a modest delay in an order by Magistrate Judge Gallagher must be evaluated in the context of delays caused by Plaintiffs. As discussed above, Plaintiffs did nothing to move this case forward from approximately October 2020 through March 2021. Had Plaintiffs diligently pursued discovery and diligently raised discovery issues with the Magistrate Judge, many of the discovery disputes at issue would have been resolved long ago. Moreover, Plaintiffs elide the volume of discovery disputes that Plaintiffs asked Magistrate Judge Gallagher to adjudicate. In the discovery dispute chart currently before Magistrate Judge Gallagher, Plaintiffs raised multiple issues regarding thirteen requests for production. (Ex. 4.) As a result, the portion of the discovery dispute chart devoted to issues Plaintiffs raised runs more than forty pages. (*Id.*)

## **CONCLUSION**

Plaintiffs' extraordinary Motion has no basis in fact or law.

Respectfully submitted this 4th day of June, 2021.

   *s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION SEEKING THE INTERVENTION OF JUDGE MARTÍNEZ IN DISCOVERY DISPUTES UNDER PRACTICE STANDARD II.C was filed via CM/ECF on this 4th day of June, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens | Alan L. Kildow |
| Fahrenholtz & Wiens LLC | 790 Potato Patch Drive |
| 100 West Beaver Creek Blvd., Suite 236 | Vail, Colorado 81657 |
| Avon, Colorado 81620 | Email: akildow@aol.com |
| Email: fwlawyers@gmail.com | |

                *s/Sandy Abram*