# EXHIBIT 12

**Richards, Daniel**

| | |
|---|---|
| **From:** | Richards, Daniel |
| **Sent:** | Friday, May 21, 2021 6:21 PM |
| **To:** | Alan Kildow; sonya braunschweig |
| **Cc:** | Roeder, Jackie; Savage, Janet; FW LLC<fwlawyers@gmail.com>; Stevenson, Shannon |
| **Subject:** | RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call |
| **Attachments:** | Discovery Dispute Chart re Vail Health Interrogatory Responses.pdf |

Alan and Sonya:

As discussed, attached is a chart in which Vail Health responds to the issues raised in Plaintiffs' letter regarding Vail Health's interrogatory responses.  While we believe the parties have reached an impasse regarding certain issues raised in Plaintiffs' letter, we are happy to confer further next week.  If there are issues on which you would like to further confer, please identify them with specificity.

As to the additional issues you have raised in emails after your May 12, 2021 letter, Vail Health responds as follows:

(1) Plaintiffs state that they intend to file a motion to remove Magistrate Judge Gallagher from the case and ask Judge Martinez to take over discovery matters.  We do not believe that there is any basis for Plaintiffs' proposed motion, particularly given Plaintiffs' repeated delays in prosecuting this case.  Plaintiffs may represent that Vail Health opposes the motion.

(2) Plaintiffs state that they also wish to confer regarding Vail Health's contention that attempted monopolization does not condemn potential conduct.  However, the parties have already conferred regarding that issue, and it was one of the issues presented to Magistrate Judge Gallagher during the most recent discovery hearing.  It is unclear why Plaintiffs seek further conferral regarding an issue about which the parties have conferred and that has been presented for adjudication.

Regards,

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452 ▪** vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

**A LexMundi Member**

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, May 19, 2021 1:45 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>
**Subject:** Re: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Ms. Stevenson,

Below is a message from Mr. Kildow addressed to you:

1

*Sports Rehab Consulting, LLC et al. v. Vail Health*, No. 1:19-cv-02075 (D. Colo.)

DISCOVERY DISPUTE CHART REGARDING VAIL HEALTH'S INTERROGATORY RESPONSES

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| Rule 26(a)(1) Disclosures: | Vail Health identified only two individuals with knowledge about the antitrust action: Doris Kirchner and Nicolas Brown. Vail Health inappropriately incorporated the disclosures from the state court action as part of its disclosures in the federal antitrust action. As there is no antitrust claim in the state court action, Vail Health's incorporation of those disclosures here is inappropriate and fails to comply with Fed. R. Civ. P. 26(a)(1). Plaintiffs do not know from those disclosures who has relevant information related to the antitrust claim. Moreover, in answering multiple interrogatories, Vail Health asserts that "third parties" have information relevant to this action. Vail Health has not identified these third parties or the information that they have relevant to this suit. Plaintiffs therefore request that Vail Health amend its disclosures to identify those individuals with relevant knowledge related to the antitrust suit. | Plaintiffs misconstrue Fed. R. Civ. P. 26(a)(1)(i).  It does not require a party to disclose every person "with relevant knowledge related to the antitrust suit."  Rather, Rule 26(a)(1)(i) requires a party to disclose "each individual likely to have discoverable information . . . *that the disclosing party may use to support its claims or defenses . . .*"  Fed. R. Civ. P. 26(a)(1)(i) (emphasis added); *cf.* C.R.C.P. 26(a)(1)(A) (requiring disclosure of "each individual likely to have discoverable information relevant to the claims and defenses of any party").  Vail Health's initial disclosures, which incorporate Vail Heath's initial disclosures in the State Case, disclose the individuals likely to have discoverable information that Vail Health may use to support it defenses.  If, in the course of discovery, Vail Health determines that there are additional individuals it may use to support its defenses, it will amend its initial disclosures.<br><br>Plaintiffs also claim that it is "inappropriate" for Vail Health to incorporate its initial disclosures from the State Case into its initial disclosures in the Federal Case.  Plaintiffs provide no authority for that proposition.  Moreover, Plaintiffs' position is inconsistent with the Court's order that "discovery conducted in the State Court Action may be used in this matter and should not |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | | be duplicated." *See* Scheduling Order ¶ 6(f) (Dkt. No. 71). |
| Interrogatory Objections: | Vail Health has objected to multiple interrogatories on the ground that the use of the term "each and every" is too broad. The term "each and every" is synonymous with "all," which was defined in the discovery requests as: " "All" means all documents that can be located by a reasonably diligent search of places you reasonably believe to contain such documents." Likewise, "each and every" in the context of the interrogatories means the same thing—that is, information that can be identified after a reasonably diligent search is conducted by Vail Health. That ubiquitous objection, therefore, is not well grounded and must be removed. | Plaintiffs did not narrow the commonly accepted meaning of "each and every" in their discovery requests. "When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face." *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003). Thus, Vail Health's objection to Plaintiffs' repeated request for "each and every" document or piece of information regarding a particular subject matter is proper.<br><br>Plaintiffs now state that by "each and every," they actually meant documents or information that can be identified after a reasonably diligent search.  With that narrowed definition of "each and every," Vail Health will not withhold documents or information on the basis of Plaintiffs' use of the term "each and every," subject to Vail Health's other objections. |
| Interrogatory Objections: | Vail Health has also objected to numerous interrogatories on the grounds that the information sought is "duplicative of the state court action." For each such interrogatory in which this objection is made, Vail Health must specifically identify what was duplicative, including the specific interrogatory and citation to any documents that Vail Health asserts is duplicative of the discovery requests in this action. This particular objection is interposed in bad faith because virtually every assertion that some piece of discovery was produced in the state court action is | Vail Health's responses identify, with specificity, examples of the discovery in the State Case that Plaintiffs' interrogatories seek to duplicate, including by identifying the specific interrogatories, requests for production, and deposition testimony (including page:line citations) addressing the very same topics on which Plaintiffs seek to duplicate discovery in this case.  If there are specific interrogatories for which you believe Vail Health's identification of |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | baseless—it did not happen. You were not an attorney of record in the state court action and perhaps did little or no investigation as to what was or was not produced, so perhaps further investigation on your part with permit you to correct your misimpressions and withdraw these objections. At all events, in each instance that such an objection is asserted, we will look forward to precise identification of the interrogatory answer or document that supports the objection. In the event that you, as the attorney signing these objections, cannot come forward with the supporting evidence, we will bring appropriate motions for the bad faith obstruction of discovery. | prior discovery is inadequate, please identify those interrogatories by number.<br><br>Plaintiffs' allegation that Vail Health's objections that Plaintiffs' interrogatories are duplicative of discovery that occurred in the State Case are in "bad faith" is baseless.  The Court has specifically ordered that discovery that occurred in the State Case should not be duplicated.  *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."); *id.* ¶ 8(b) (prohibiting deposing witnesses in this case regarding "topics already addressed in a witness's prior State Court Action deposition").  Clearly, the Court's order prohibits additional discovery on *topics* that were exhaustively litigated in the State Case, not just the service of discovery requests with *identical* language.  Plaintiffs cannot end-run the Court's prohibition of duplicative discovery by making minor tweaks to discovery requests served in the State Case.  Based on the breadth of Plaintiffs' interrogatories, Plaintiffs seem to disagree with that interpretation.  If so, it is likely this issue will require Court resolution. |
| Interrogatory Objections: | Vail Health has objected to various interrogatories on the basis of attorney-client privilege and work-product doctrine. In most instances, you have interposed the objection that the name of an attorney will not be identified on the grounds of attorney-client privilege. It is indeed elementary that the identity of an attorney is not a basis for the assertion of the attorney-client | We believe this issue is best addressed with reference to the specific interrogatories.  Vail Health is not withholding attorney identities on the basis of attorney-client privilege. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | privilege, and thus we can only conclude that the refusal to identify particular attorneys who were engaged to perform particular legal work on behalf of Vail Health is in bad faith, thus warranting sanctions. We also note that after over 45 days since service of the interrogatories, no privilege log has been produced that prides the relevant information that would justify the invocation of any such privileged communications. Please produce that log. | |
| Interrogatory Objections: | Additionally, Plaintiffs requested the home addresses for those individuals identified in the interrogatories. For numerous individuals identified, the only address identified is Davis Graham's. This is improper. These witnesses, as well as their home addresses, long ago should have been identified in Vail Health's Rule 26(a)(1) disclosures, and they certainly must be included in these answers to interrogatories. Please identity the proper contact information for each of these witnesses. | Vail Health is not required to provide contact information for current Vail Health employees as Plaintiffs are prohibited from contacting such persons under Colorado Rule of Professional Conduct 4.2.  *See, e.g.,* *Theriot v. Dawson Prod. Servs.*, No. 97-1900, 1997 U.S. Dist. LEXIS 20169, at \*2 (E.D. La. Dec. 17, 1997) (holding that contact information for current employee need not be provided in interrogatory responses because plaintiff's counsel was "prohibited from contacting" the witness).  Vail Health will produce its current employees for depositions without the need for a subpoena, subject to Vail Health's right to seek relief from the Court regarding specific depositions.<br><br>With respect to former Vail Health employees, Vail Health has provided the contact information that it has been able to locate after reasonable investigation.  If there are particular former employees that Plaintiffs wish to contact and/or subpoena and are having difficulty contacting, Vail Health is happy to perform additional investigation to see if Vail Health or Vail Health |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | | personnel may have any contact information for those individuals.<br><br>With respect to Plaintiffs' comments that contact information should have been provided in Vail Health's Rule 26(a)(1) disclosures, see Vail Health's response regarding its initial disclosures above. |
| Interrogatory Objections: | Finally, Vail Health has designated every page of the interrogatory as "attorneys' eyes only." Please identify why any such designation is necessary for each interrogatory and explain what information in each interrogatory answer requires such a designation. By the end of business on Friday, May 14, please confirm whether Vail Health will agree to removing this designation. If it does not, Plaintiffs will pursue the appropriate procedures to have the documents de-designated as "attorneys' eyes only." | In light of Plaintiffs' objections to Vail Health's designation of its interrogatory responses as Attorneys' Eyes Only, Vail Health agrees to instead designate those responses as Confidential under the Protective Order.  Vail Health will serve an amended version of its interrogatory responses with a Confidential designation. |
| Interrogatory No. 1: | On page 4, Vail Health asserts that there are certain agreements and documents such as physical therapy service agreements (plural), licensing agreements (plural), agreements related to intellectual property (plural), agreements related to patients (plural), lease agreements (plural), computer services agreements (plural), and any and all other agreements (obviously, plural). Vail Health interposed the objection that it had "already produced" all documents in its possession, custody, or control responsive to RFP. No. 2 inn the State Court Action." And those productions included "copies of all agreements, contracts, and understandings, and all documents relating thereto…." But in the Eagle County action, Vail Health only produced the Physical Therapy Services Agreement | Vail Health's response to Interrogatory No. 1 does not state or suggest that there are agreements between Vail Health and RPC-Vail that have not been produced.  Vail Health has produced the agreements between Vail Health and RPC-Vail in its possession, custody, or control.  In any event, Interrogatory No. 1 does not request the identification of agreements; instead, it requests the identification of "individuals."<br><br>Vail Health has not refused to disclose the identities of attorneys, law firms, accountants, or consultants involved in negotiating, drafting, and signing the 2004 Physical Therapy Services |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | dated November 1, 2004 (Vail_00003426-00003446) (the "Service Agreement") and three extensions to the Service Agreement. It has also produced the License and Use Agreement dated June 29, 2008 (Vail_00003418-00003424) (the "License"). No other agreements were produced in the Eagle County state court action, although Vail Health's Answer to Interrogatory No. 1 clearly suggests that there are numerous other agreements that exist. with its statement that the agreements and documents responsive to Interrogatory No. 1 "are not limited to" the agreements and/or documents enumerated above. If there are additional such agreements and/or documents, then Vail Health's Answer to Interrogatory No. 1 should identify them. And Plaintiffs demand that they be identified. Vail Health refused to identify the attorneys and law firms that were involved in the agreements referred to above between Vail Health and RPC-Vail on the basis of attorney-client privilege. The attorney-client privilege, as you know, does not preclude the identification of the attorneys involved, as is evident from Vail Health's Answers to Interrogatory Nos. 3 and 11, for example. Please identify the attorneys, and if you refuse to do so, please provide us your legal authority for such an objection. Vail Health did not identify whether or not any accountants or consultants were involved in any way with respect to the Services Agreement. If none were involved, please state that fact. If not, please identify the individuals who served as the accountants. | Agreement.  Rather, given the passage of nearly two decades since the agreement was executed and staff turnover, Vail Health has had difficulty identifying definitively all parties involved in negotiating, drafting, and signing the 2004 Physical Therapy Services Agreement.  Vail Health believes it is highly likely that Duane Morris had some involvement in negotiating and drafting the Physical Therapy Services Agreement, but cannot say that with certainty.  Vail Health has not been able to identify through reasonable investigation what other attorneys, law firms, accountants, or consultants, if any, were involved in negotiating, drafting, and signing the 2004 Physical Therapy Services Agreement.  Vail Health has, however, identified in its response to Interrogatory No. 1 the individuals it has been able to identify as being involved in that process. |
| Interrogatory No. 2: | The interrogatory seeks information about internal discussions about how billing would be done for RPC- | Vail Health answered Interrogatory No. 2. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | Vail. Nothing is identified with respect to the communications to reach the terms of the agreement as identified on pages 8-9.<br><br>In answering Interrogatory No. 4, Vail Health states that it terminated the service agreement because "Vail Health believed it could provider a higher quality of physical therapy care to patients and better value to patients and payers by managing those services directly…." Any objection asserting that pricing is not relevant cannot be said to  have been interposed in good faith. This is a Sherman Act § 2 case alleging monopolization of relevant markets. There can be no good faith dispute that monopoly power is defined as "the power to control prices or exclude competition." 1 And by asserting that the nonrenewal of the Service Agreement was to provide patients with "better value," Vail Health itself acknowledges that pricing is relevant to this action.<br><br>Vail Health asserts that it is the owner of RPC-Vail documents and therefore, the manner in which RPC-Vail was disclosed to payers is relevant. Is it your contention that Vail Health will not assert here that it is the owner of those documents?<br><br>The manner in which Vail Health billed for physical therapy services—before and after RPC-Vail—is relevant to when and how the charging of supracompetitive occurred. If Vail Health did not disclose the rendering provider, who provided the services? | Plaintiffs state that "[n]othing is identified with respect to the communications to reach the terms of the agreement as identified on pages 8-9."  Vail Health does not understand this statement.  Please clarify.<br><br>Vail Health does not claim that pricing to private payers during the time period after Plaintiffs entered the alleged market is irrelevant.  For that time period, Vail Health has already produced its chargemasters as well as payer contracts that provide discounts from Vail Health's chargemaster prices.  Plaintiffs have the information they need for the relevant time period to identify Vail Health's pricing.<br><br>Vail Health's objection that pricing from the time period prior to Plaintiffs' entry into the alleged market is irrelevant has already been presented to the Magistrate Judge.<br><br>The last two paragraphs of the section of Plaintiffs' letter regarding Interrogatory No. 2 seem to expand the scope of Interrogatory No. 2 and request disclosure of additional information. That is improper. |
| Interrogatory No. 3: | Interrogatory No. 3 identifies three people, only one of which was an executive of Vail Health. Please confirm that there were no other discussions within the | Vail Health has identified the persons it is currently aware were involved in discussions regarding the non-renewal of the Physical Therapy Services Agreement. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | Executive Committee, Board members, or any other individuals within Vail Health. | |
| Interrogatory No. 4: | Please identify the extensive discovery purportedly undertaken in the state court action related to this interrogatory. | Examples of the extensive discovery that occurred in the State Case regarding the nonrenewal of the Physical Therapy Services Agreement are identified with specificity in Vail Health's response to Interrogatory No. 3. Vail Health's response to Interrogatory No. 4 specifically refers to Vail Health's response to Interrogatory No. 3 after stating that extensive discovery occurred in the State Case on the topic of the nonrenewal of the Physical Therapy Services Agreement. |
| Interrogatory No. 5: | Vail Health makes the assertion that "Vail Health concluded it owned such documents, or, at a minimum, had a right to possess and use such documents." These are merely legal conclusions. Please identify the facts upon which these legal conclusions are based. | Plaintiffs' Interrogatory No. 5 asks Vail Health to identify "each and every reason why" Vail Health purportedly declined to return documents to RPC-Vail. Vail Health's response to Interrogatory No. 5 did precisely that. The request in Plaintiffs' letter that Vail Health "identify the facts upon which" Vail Health's reasons are based appears nowhere in Interrogatory No. 5 and constitutes an improper attempt to supplement Interrogatory No. 5. |
| Interrogatory No. 6-7: | Interrogatory No. 6 is not the same as Interrogatory No. 1 in the state court action, which sought the identification of documents that were purportedly misappropriated. Interrogatory No. 6 seeks the trade secrets that Vail Health contends it has maintained since November 1, 2012 that require legal restriction in physical therapists employment agreements. In answering Interrogatory No. 6, it appears that Vail Health is asserting that any purported trade secrets that it maintains are limited to the documents | Vail Health does not contend that the trade secrets that justify employment offers to non-management/executive employees containing non-solicitation provisions are limited to the documents misappropriated by Cimino. However, Vail Health's response to Plaintiffs' Interrogatory No. 1 in the State Case contained a detailed, pages-long description of the information requested in Plaintiffs' Interrogatories No. 6 and 7 with respect to the |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | downloaded by Cimino. If so, then please confirm this. If there are other trade secrets, which your answer seems to imply—that is, the qualifying language "include, but are not limited to"—then please identify those other documents.<br><br>As to Interrogatory No. 7, for the purported trade secrets identified in Interrogatory No. 6, Vail Health has mot answered sections (a)-(d) in Interrogatory No. 7. | categories of trade secrets misappropriated by Cimino, which are nearly identical to the categories of trade secrets that justify employment offers to non-management/executive employees containing non-solicitation provisions, as identified in Vail Health's response to Interrogatory No. 6. Plaintiffs' Interrogatory No. 7 in this case requests nearly identical information as Plaintiffs' Interrogatory No. 1 in the State Case, which Vail Health supplemented numerous times in the State Case at Plaintiffs' request.  Vail Health's response to Plaintiffs' Interrogatory No. 7 incorporates its response to Interrogatory No. 1 in the State Case.  Thus, Plaintiffs' claim that Vail Health failed to provide the information in sections (a)-(d) of Interrogatory No. 7 is incorrect. |
| Interrogatory No. 8: | Vail Health failed to answer Interrogatory No. 8 by providing a description of each individual's "executive or management duties" that Vail Health contends falls within the exception to C.R.S. § 8-2-113(2). | Vail Health agrees to supplement its response to Interrogatory No. 8 with a summary of the duties of each employee identified in Vail Health's response to Interrogatory No. 8. |
| Interrogatory No. 9: | Vail Health asserts that relevant geographic market will be the subject of "third-party discovery." Vail Health has not identified any third-parties. Please identify the third parties that you contend have responsive information as well as the subject matter of their knowledge. This information should have been disclosed in Vail Health's Rule 26(a)(1) disclosures but was not.<br><br>Finally, Interrogator No. 9 seeks Vail Health to identify by bates number the documents that support or refutes the relevant geographic market. No such | Plaintiffs' contention that Vail Health has not identified any third parties is incorrect.  *See, e.g.*, Responses to Interrogatories No. 18, 24.<br><br>With respect to Plaintiffs' contention that Vail Health should have identified certain third parties in its Rule 26 disclosures, see Vail Health's Response regarding Rule 26(a)(1) Disclosures above. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | documents have been identified. If none exist, then so state. | |
| Interrogatory No. 10: | As noted in the general objection of this letter, Vail Health has identified "third-party" discovery in answering Interrogatory No. 10, but no third parties have been identified by Vail Health with information relevant to Interrogatory No. 10. Please identify the third parties and the subject matter of their knowledge. This information should have been disclosed in Rule 26(a)(1) disclosures but was not. Vail Health has identified information relevant to Interrogatory No. 10 that is the subject of attorney-client privilege and work-product doctrine. Again, as noted above in the general objection section, no privilege log has been produced identifying these communications.<br><br>Finally, Interrogator No. 10 seeks Vail Health to identify by bates number the documents that support or refutes the relevant product market. No such documents have been identified. If none exist, then so state. | Vail Health has provided a thorough response to Interrogatory No. 10 and does not believe supplementation is required.<br><br>With respect to Plaintiffs' contention that Vail Health should have identified certain third parties in its Rule 26 disclosures, see Vail Health's Response regarding Rule 26(a)(1) Disclosures above.<br><br>Vail Health has agreed to produce documents created on or after December 1, 2015, as located through a reasonable search, discussing or identifying competitors of Vail Health with respect to physical therapy and any plans or strategies with respect to those competitors, to the extent not already produced (*see, e.g.*, VH_Fed_00000772). |
| Interrogatory No. 11: | Vail Health asserts that this interrogatory is duplicative of discovery in the state court action. Please specifically identify the information in the state court action that you contend is duplicative of this Interrogatory related to the joint venture. As you know, Vail Health only produced the letters of intent in the state court action, as well as two 9 communications between Vail Health and Steadman related to the exchange of proformas related to Steadman opening its own physical therapy clinic. No documents were produced with respect to VSO and VSOR, and no other communications with Steadman | Vail Health's response to Interrogatory No. 11 specifically identified examples of the extensive discovery that occurred in the State Case regarding the subject matter of Interrogatory No. 11.  Nonetheless, Vail Health responded to Interrogatory No. 11.<br><br>Please provide authority for Plaintiffs' contention that they can recover damages with respect to locations outside of the geographic market that Plaintiffs allege in their complaint. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | were produced either. If your contention is that Vail Health has produced all documents related to the joint venture with Steadman, VSO, or VSOF—that is, those found after a reasonable diligent search—then please so state. As to the Special Master's ruling, he concluded that Judge Gannett did not order all such documents to be produced, which we all know was not Judge Gannett's decision. | The term "collaboration" is vague and ambiguous because it could refer to any relationship Vail Health has with any third party, even if such relationship has no bearing whatsoever on Plaintiffs' antitrust claims.  For example, if Vail Health retained a third party contractor to clean its facilities, that could be considered a "collaboration."  The vague nature of the term collaboration is exacerbated by the fact that Plaintiffs' Interrogatory No. 11 requests information regarding any collaboration, for any department at Vail Health, for any time period, even if wholly unrelated to physical therapy services.  Vail Health has not disclosed in its response to Interrogatory No. 11 all "collaborations" regarding any subject matter throughout the entire Vail Health system. |
| | To the extent you claim that the relevant geographic market is outside the Vail Valley, then any documents related to joint ventures, strategic partnerships, and the like is relevant to that issue, so your objection to producing those documents is improper. Further, as to Aspen, those documents are relevant to the issue of Plaintiffs' damages. But for Vail Health's anticompetitive conduct, Plaintiffs would have opened an Aspen location to service Steadman patients. That Vail Health has now done just that proves that the Aspen location was viable and that Sports Rehab could have opened a location there. | |
| | Please explain what is vague, ambiguous, broad and unduly burdensome about the term "collaboration," particularly when Vail Health used the same term on page 23 in answering Interrogatory No. 11. Moreover, collaboration was defined as "any agreement or discussions between Vail Health, Howard Head, Steadman, or VSO related in any way to physical therapy services from January 1, 2014 to the present." Please confirm whether you have withheld any information in answering this interrogatory based on that objection. | Vail Health has provided the information currently in its possession, custody, or control as located through a reasonable search regarding meetings that occurred with respect to joint ventures contemplated, but ultimately not pursued, with The Steadman Clinic and Vail Summit Orthopaedics.  Vail Health intends to supplement its document production shortly with additional documents regarding the contemplated joint venture with VSO. |
| | Vail Health also states that discussions and meetings occurred on specific dates between Steadman and Vail | The dispute regarding whether a contemplated joint venture must be consummated to constitute attempted monopolization has previously been |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | Health but you have not identified who was in attendance at each meeting (or any meeting), or what was discussed at each meeting (or any meeting). It seems incredible that no one took any notes of these meetings that would further provide information about what was discussed at these meetings. Vail Health has not identified when meetings with VSO took place, who attended, or what was specifically discussed. No documents have been produced related to VSO, and no documents have been identified by bates number in answering this Interrogatory.<br><br>Nor has Vail Health explained why the joint venture with VSO and Steadman was not consummated.<br><br>As to the "collaboration" between Vail Health, Steadman and Sports Rehab, you have not identified what was said in the discussions between the parties identified, when those discussions occurred, and why the "collaboration" did not proceed. Additionally, Vail Health identified "primary" participants," which implies that others were involved in those discussions. Please identify those individuals.<br><br>Finally, please provide legal authority that supports your contention that an attempted monopolization must be consummated to be actionable. And in doing so, please explain what you contend "attempt to monopolize" means under the Sherman Act and when such "attempts" would be actionable. | the subject of extensive conferral and has been presented to Magistrate Judge Gallagher. |
| Interrogatory No. 12: | No answer has been provided. Interrogatory No. 12 requests information as to how the joint venture was going to work. Is it your contention that the parties undertook no analysis as to the number of patients that would have been treated under the joint venture, how pricing would be set, the payer contracts that | Vail Health's response to Interrogatory No. 11 provided information responsive to Interrogatory No. 12, and Vail Health expressly incorporated its response to Interrogatory No. 11 into its response to Interrogatory No. 12. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | would be necessary, whether pricing or market share would increase or decrease, what costs would be incurred with the joint venture, how the parties would comply with Medicare and federal law, what the economics would be to establish a joint venture, including whether proformas were created, and any analysis of the probability of success? The parties renewed the letters of intent multiple times and purportedly worked on a joint venture for over a year, and yet, there are no documents that evidence anything analysis, discussions, or negotiations that were conducted relating to the proposed joint venture.<br><br>Further, Vail Health has objected to the interrogatory on the grounds that it contains subparts without identifying what was improper. The interrogatory seeks information about the meetings that took place between the parties, when the meetings took place, what was discussed, and who participated. These are the general types of interrogatories that parties routinely propound. Your objection is improper and is being interposed in an attempt to conceal relevant evidence. | The questions posed in your letter request additional information not requested by Interrogatory No. 12, which is improper.<br><br>Vail Health believes that Interrogatory No. 12 contains improper sub-parts, but it nonetheless provided information responsive to the interrogatory. Your allegation that Vail Health is attempting to "conceal relevant evidence" is inflammatory and baseless. |
| Interrogatory No. 13: | Vail Health has not even attempted to respond to Interrogatory No. 13. The types of information requested is not subject to the attorney-client privilege or work-product doctrine. And even if certain communications are privileged, the date, location, who participated, and the subject matter of any discussions are not privileged. To the extent any agreements were drafted and exchanged between the parties, those communications are not privileged either. Further, Vail Health has produced any privilege | Vail Health provided information responsive to Interrogatory No. 13 in its response to Interrogatory No. 11, and Vail Health incorporated its response to Interrogatory No. 11 into its response to Interrogatory No. 13. Vail Health identified lawyers that were involved in joint venture negotiations and analyses in its response to Interrogatory No. 11. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | log for any of the communications subject to Interrogatory No. 13.<br>Further, in answering Interrogatory No. 11, which Vail Health incorporates into its answer to interrogatory No. 13, Vail Health did not disclose any conversations related to pricing of physical therapy services under any joint venture, collaboration, or strategic partnership.<br>To the extent that you claim the relevant geographic market is outside the Vail Valley, then any such joint venture, collaboration, or strategic partnership is relevant and pricing of those services in those areas is relevant as well. | Vail Health stands on its objection that joint ventures or strategic partnerships outside of Plaintiffs' alleged geographic market are not relevant.  If you are aware of contrary authority, we are happy to consider it. |
| Interrogatory Nos. 14-15: | Brown produced a document to the Steadman Clinic identifying the number of referrals (not the number of visits generated by the referrals) when Steadman was contemplating opening its own physical therapy practice. Brown had to review information and likely generated reports to obtain that information, so to say that the information is unduly burdensome and not kept in the normal course of business is incorrect. This is clearly information that Vail Health has had and used for years, and to delay answering this Interrogatory for another 30 days is improper. Moreover, the document Vail Health references in its answer to Interrogatory No. 14 is incomplete. With respect to emergency room services, that involves essentially a one-time occurrence, and the chart does not reflect the number of visits that each patient has with Vail Health's physical therapy unit when surgery is involved with respect to Steadman and VSO. The chart is therefore incomplete and does not account for the number of visits for each patient and the revenues | As stated in Vail Health's response to Interrogatory No. 14, Vail Health agrees to produce, pursuant to Fed. R. Civ. P. 33(d), "documents maintained in the ordinary course of business summarizing referral sources of Vail Health's physical therapy patients in the Vail Valley" and has already produced an analysis of referral sources for 2013 through August 2016. (*See* VH_Fed_00000875.)  What Vail Health does not maintain in the ordinary course of business is analyses of *profits* attributable to referral sources.  To the extent that Plaintiffs believe the information Vail Health produces is insufficient, Vail Health is happy to confer further. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | generated by multiple visits versus the single visit to the emergency room. | |
| Interrogatory No. 16: | Vail Health did not fully respond to Interrogatory No. 16, which asked whether the clause or one similar had been included in any prior leases with Steadman. Please answer this interrogatory fully. | As a matter of law, a landlord may place restrictions in a lease prohibiting the tenant from operating a competing business in leased space owned by the landlord. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1196 (10th Cir. 2009) ("[I]t is not anticompetitive to refuse to grant access to [property a company owns] to competitors.").  Plaintiffs have provided no contrary authority, and this matter has been the subject of extensive conferral and has previously been presented to the Magistrate Judge.  Thus, the existence or non-existence of clauses prohibiting the provision of physical therapy services by a Vail Health tenant is not relevant. |
| Interrogatory No. 17: | It does not appear that you have produced all payer contracts referenced on pages 29-30 in answering Interrogatory No. 17. First, Medicare and Medicaid are not even mentioned and no contracts have been produced at all. It also does not appear that Vail Health has produced the Anthem Mountain Enhanced Network, Humana Choicecare, Rocky Mountain Health Plan, Tricare, or UMR. If we are mistaken, please identify the bates number of the payer agreements you contend have been produced. | Vail Health plans to supplement its production of payer contracts shortly. |
| Interrogatory No. 18: | Vail Health has not identified the components of any prices or charges related in anyway related to physical therapy services that are on the chargemasters. Is it Vail Health's practice to set prices on its chargemaster not based on actual costs but on general information from a third-party vendor? If so, then please confirm. | Vail Health's response to Interrogatory No. 18 identifies the process that Vail Health used to create its most recent chargemaster and the person involved in that process, as well as the persons likely involved in the development of prior chargemasters.  It has also produced |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | Further, it should be noted that cost information is required to be produced every year to Medicare. Is it Vail Health's contention that the costs it provided to Medicare are based on information from a third-party vendor? If not, then identify the breakdown of the actual Vail Health components included in the chargemaster. | chargemasters for the years 2016-2019. (VH_Fed_00000246-249.)  Vail Health has also produced to Plaintiffs payer contracts, which specify discounts private payers receive off of the prices in Vail Health's chargemaster.

Plaintiffs' request that Vail Health identify the "components" of the prices in Vail Health's chargemaster seems to reflect a misunderstanding of the manner in which Vail Health's chargemaster was developed.

With respect to Plaintiffs' questions regarding payments by Medicare to Vail Health, it is well known that payments by Medicare for medical services are far lower than payments from private insurers and are set and regulated by the federal government. If Plaintiffs contend that a healthcare provider's charges to Medicare can be supracompetitive, please provide authority for that proposition. |
| Interrogatory No. 19: | Vail Health has improperly, and in bad faith, objected to this interrogatory on the grounds of relevancy, unduly burdensome, overly broad, and disproportionate to the needs of the case. Vail Health has not attempted to identify the individuals with knowledge even for the limited time period that it claims is relevant, which is in and of itself, insufficient. | Plaintiffs claim that Vail Health "has not attempted to identify the individuals with knowledge" of contracts and pricing with healthcare insurers and payers such as Aetna, United Healthcare, Anthem, BlueCross/BlueShield, Humana, Medicare, and others."  That is wrong.  Vail Health's response to Interrogatory No. 19 identifies by |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | | name and title personnel "most knowledgeable regarding Vail Health's relationships with insurers and payers concerning physical therapy services from December 2015 forward," including personnel with senior positions at Vail Health.

Nearly every Vail Health employee has some knowledge of Vail Health's contracts and pricing with payers.  Listing each such employee would be unduly burdensome and the resulting list would be meaningless.  Vail Health believes its response to Interrogatory No. 19 is reasonable. |
| Interrogatory No. 20: | Vail Health's answer to this Interrogatory No. 20 is in bad faith. Other than a reference to Don Auten and one other attorney from Duane Morris, which related to a letter sent to RPC-Vail after the termination, Vail Health has not identified the attorneys or in-house counsel with respect to (a)-(f). Additionally, the identification of attorneys and the subject matter for which they represented Vail Health is not protected by the attorney-client privilege or work-product doctrine, as is evident form Vail Health's answers to Interrogatory Nos. 3 and 11.
The reference to interrogatories Nos. 1, 2-5, 11, and 13 do not answer this Interrogatory. No attorneys were identified in Interrogatories 1-2, or 4, or 11. And the attorneys identified were with the firm of Duane Morris. If Duane Morris represented, Vail Health | The interrogatories referenced in Vail Health's response to Interrogatory No. 20 identify numerous attorneys, including Christine Campbell, Donald R. Auten, and Matthew C. Jones of Duane Morris LLP.  Vail Health is not currently aware of other attorneys who advised Vail Health regarding joint ventures or strategic partnerships related to physical therapy services in the alleged Vail Valley market from December 2015 forward.  However, if in the course of discovery Vail Health becomes aware of additional attorneys, it will supplement its response to Interrogatory No. 20. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | respect to (a)-(f) it is required to identify the attorneys and the subject matter of the representation. | |
| Interrogatory No. 21: | Vail Health's answer to this Interrogatory No. 21 is also in bad faith. It has not identified any accountants, internal or external, that were involved in any of the issues identified in (a)-(e) of the interrogatory. There is no basis to object. Further, to the extent Vail Health claims that the accountants were identified in the state court action, identify the documents in which they were disclosed and as to which provision the accountants have relevant information as to (a)-(e). <br><br> Vail Health also asserts that these are six different interrogatories. If that is true, there should be an identification of the accountants for each of the categories in the Rule 26(a)(1) disclosures. But as we know, there is no identification of any accountants, internal or otherwise, in the one-page disclosure of two witnesses that Vail Health identified. | Vail Health is not currently aware of other persons who advised Vail Health regarding joint ventures or strategic partnerships related to physical therapy services in the alleged Vail Valley market from December 2015 forward, other than the persons identified in the interrogatory responses referenced in Vail Health's response to Interrogatory No. 21. However, if in the course of discovery Vail Health becomes aware of additional persons, it will supplement its response to Interrogatory No. 21. |
| Interrogatory No. 22: | Vail Health's answer to Interrogatory No. 22 is meaningless because there has been no production of the RVU tables referenced in your answer. Nor has Vail Health provided any explanation as to what the RVU tables provided, how it was applied, or what it contained. Vail Health has provided no information as to what information was in the monthly usage report, how that information was complied, or how that information was used. Vail Health has not identified any changes in the methodology, although they are identified in the answer to interrogatory. This does not include all issues with this answer but highlights some of the issues that we will be discussing. | Vail Health has fully answered Interrogatory No. 22, which requested a description of the "formula or methodology used in accounting for and distributing revenues or profits generated by the physical therapy services rendered or provided by RPC-Vail from 1999 until October 31, 2012." Plaintiffs' letter seeks to expand the scope of Interrogatory No. 22. |
| Interrogatory No. 23: | Vail Health's answer to this Interrogatory No. 23 is also in bad faith. It has not identified any consultants, | Vail Health stands on its objections to Interrogatory No. 23.   Interrogatory No. 23 is |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | addresses, and telephone numbers of any consultants. Further, to the extent Vail Health claims that the consultants were identified in the state court action, identify the specific documents or discovery responses in which they were disclosed and as to which provision the consultants have relevant information as to (a)-(e). | absurdly overly broad. The subject matters listed in Interrogatory No. 23 are so broad that the interrogatory essentially seeks the identification of any third-party vendor, healthcare consultant, strategic planning consultant, marketing consultant, or Medicare compliance consultant or expert that Vail Health engaged over more than two decades, even if completely unrelated to physical therapy. Plaintiffs made no effort whatsoever to tailor Interrogatory No. 23 to the claims and defenses of any party in this case. |
| Interrogatory No. 24: | Vail Health has an obligation to identify its competitors in answering Interrogatory No. 24. At page 38, Vail Health states that there are likely hundreds of competitors but has not attempted to identify the hundreds of competitors that it asserts exist or at which times they competed in the market. Identify the competitors that you are referring to in answering Interrogatory No. 24 by name, address, and telephone number, at what times they competed with Vail Health in the physical therapy market, and the reasons why the company nor individual was viewed as a competitor. Vail Health has answered that portion of No. 24 relating to any "plans or strategies" of Vail Health with respect to those competitors on the grounds that the phrase is vague or ambiguous. This objection is interposed in bad faith. Please explain what is ambiguous about that term. Further, please explain why Sports Rehab is not identified in your answer to Interrogatory No. 24 despite Nico Brown referencing to Sports Rehab in documents as a "competitor." Further, you have not identified any communications with VSO or Steadman that Vail Health had about any competitors, which | Contrary to Plaintiffs' contention, Vail Health did identify competitors in responding to Interrogatory No. 24, including identifying numerous competitors specifically by name. Contact information for those competitors is equally available to Plaintiffs.<br><br>Vail Health stands on its objections regarding the remainder of Interrogatory No. 24. |

| Request/Discovery | Issues Raised by Plaintiffs | Vail Health's Response |
|---|---|---|
| | would include any discussions with doctors to ensure that they understood that the joint venture meant that referrals should be to Vail Health, not others like Meredith Mueller. | |