# EXHIBIT 13

# Richards, Daniel

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Monday, May 17, 2021 8:44 PM |
| **To:** | Richards, Daniel |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; Savage, Janet; 'sonya braunschweig'; fwlawyers@gmail.com |
| **Subject:** | RE: Discovery Dispute Letter To Shannon Stevenson |

Mr. Richards:

I did not leave any voicemail for you. I left it for your three colleagues, each of whom did not have the professional courtesy to either pick up the phone or call back. Virtually nothing in the narrative described below is accurate, but we will not dissemble it here. We will be here tomorrow so you or your colleagues can do what you what you are obligated to do under the rules. That is, a meet & confer on the last set of discovery responses that Vail Health served. You have spent 60 days since service to say virtually nothing. On your own, you are taking 90 days to produce any documents that you decide you will produce. We do not think this is the way the federal rules of civil procedure are supposed to work. So we need a meet & confer, yet you declined to do so.

That is not the only issue that needs to be discussed. We intend to file a motion with Judge Martinez requesting that he take over discovery in this case. Over 22 months have passed and we have received virtually no discovery from Vail Health. We have not even resolved the issues relating to the discovery filed on October 7, 2019! Something needs to change. We would like to discuss this with you to see if you agree. So there are actually two meet & confers that we are requesting. Under the applicable rules, we do not believe you have that right not to participate.

So once more, please get back to us tomorrow, May 18, to meet & confer on these two issues.

Alan L. Kildow
970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Monday, May 17, 2021 7:08 PM
**To:** Alan Kildow <alkildow@aol.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; fwlawyers@gmail.com
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Discovery Dispute Letter To Shannon Stevenson

Alan:

I'm following up on a voicemail we received from you this afternoon. Your voicemail indicates that Plaintiffs intend to file a motion concerning the objections you sent to Vail Health three business days ago. Your May 12 letter is sixteen pages in length and raises purported discovery disputes regarding 24 of Vail Health's 25 interrogatory responses. It is not reasonable to request an immediate oral conferral from Vail Health given the number of issues raised. Plaintiffs took more than two weeks to prepare their thoughts and reduce them to writing. Vail Health needs a similar opportunity to consider and respond to the issues presented. The Magistrate Judge has ordered that the parties thoroughly confer regarding each discovery dispute before any dispute is presented to the Court. The most efficient way to ensure such conferral occurs is for each party to present its position in writing. If necessary, we can follow that written exchange of positions by oral conferral on issues on which the parties have not reached a clear impasse.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Friday, May 14, 2021 5:02 PM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; fwlawyers@gmail.com
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Discovery Dispute Letter To Shannon Stevenson

Shannon:

This is unacceptable and I am holding you responsible for it. This is not the way it works. We insist upon a meet & confer as required by the rules. We are available Monday and Tuesday, so tell us which of those days works for you. If not, we will address this with the Court.

Alan Kildow
970-390-6675

Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Friday, May 14, 2021 4:49 PM
**To:** Alan Kildow <alkildow@aol.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; fwlawyers@gmail.com
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Discovery Dispute Letter To Shannon Stevenson

Alan,

In light of the number of issues raised in your May 12 letter, we think the most productive path forward would be for Vail Health to respond to your letter in writing in the first instance. We agree to do so by May 21. Once you have had an opportunity to review our written response, we can determine what additional conferral is necessary.

Regards,

**DANIEL RICHARDS** ▪ Associate

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Friday, May 14, 2021 8:59 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Cc:** fwlawyers@gmail.com; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Discovery Dispute Letter To Shannon Stevenson

Counsel:

We would appreciate it if you would provide a response to our request for alternative dates/times for a meet & confer.

Alan Kildow
970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, May 12, 2021 11:08 AM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>
**Cc:** 'fwlawyers@gmail.com' <fwlawyers@gmail.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Discovery Dispute Letter To Shannon Stevenson

Counsel:

Attached is a letter regarding the deficiencies in Vail Health's Objections And Responses To Plaintiffs' First Set of Interrogatories.  Please provide us with alternative dates and times within the next 7 days for a meet & confer to discuss resolution of what is obviously a significant discovery dispute.

Alan Kildow
970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Richards, Daniel

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Tuesday, May 18, 2021 10:28 AM |
| **To:** | Stevenson, Shannon |
| **Cc:** | Roeder, Jackie; Savage, Janet; Richards, Daniel; fwlawyers@gmail.com; 'sonya braunschweig' |
| **Subject:** | Meet & Confer At 3:00 MDT on Tuesday, May 18 |

Ms. Stevenson:

I have repeatedly asked that you provide us with alternative times for a meet and confer, but you have not responded. We therefore request that a meet & confer be held today, May 18, at 3:00 MDT. The dial-in numbers are as follows:

> Dial-in: 605-472-5307
> PC: 175061#

In addition to the topics previously identified for the meet & confer, Plaintiffs wish to discuss the authority supporting Vail Health's contention in its Rule 12(b)(6) Motion To Dismiss, at page 15, that "attempted monopolization does not condemn potential conduct. As a matter of law, Plaintiffs fail to show attempted monopolization as a matter of law and Claim II should be dismissed." Vail Health made a legal assertion in its motion but did not cite any case law supporting that authority. In its reply brief at page 11, Vail Health reiterated the same assertion but again did not supply any authority there either. Then, in the informal dispute resolution document submitted to Magistrate Judge Gallagher, Vail Health again makes the same argument in objecting to Plaintiffs' discovery requests, but again Vail Health supplies no legal authority. This same pattern is seen throughout Vail Health's most recent responses to Plaintiffs' discovery requests. Again, no authority.

Plaintiffs have repeatedly pointed to authorities that spell out the elements of Sherman Action sec. 2 attempt to monopolize. For example, at page 14 of Plaintiffs' Opposition to Vail Health's Motion to Dismiss, Plaintiffs cited *Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 456 (1993), which identified the required elements as follows: "To prevail on an attempted monopolization claim, a plaintiff must show: (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Spectrum* has been cited in 956 court opinions and has never been overruled. Another case that bears noting is *Bright v. Moss Ambulance Service, Inc.*, 824 F.2d 819, 823 (10th Cir. 1987) (identifying 4 elements for an attempt to monopolize). Quite simply, the consummation of an anticompetitive agreement "is not an absolute prerequisite for the offense for the attempted monopolization." U.S. v. American Airlines, Inc., 743 F.2d 1114, 1122 (5th Cir. 1984).

We note that the briefs referred to above, and perhaps the submission to Magistrate Judge Gallagher, were certified under Rule 11 by you. We have been unable to locate any legal authority supporting the legal positions you have repeatedly advanced and which now impedes discovery. Out of an abundance of caution before we file a Rule 11 motion, which would be directed toward your certification, we request that you provide the legal authority to which you have relied upon since your Motion To Dismiss was filed in October of 2019. We wish to discuss this in the meet & confer today at 3:00 MDT. If you cannot do so, then you are obligated to withdraw the discovery objections immediately. If you do not do so, we will indeed file a motion under Fed. R. Civ. P. 11.

We look forward to speaking with you this afternoon.

Alan Kildow
970-390-6675

## Richards, Daniel

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 18, 2021 3:15 PM
**To:** Stevenson, Shannon
**Cc:** Roeder, Jackie; Savage, Janet; Richards, Daniel; 'sonya braunschweig'
**Subject:** RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

It does not appear that any of you are joining the call, so we are exiting.  So much for a meet & confer.

Alan Kildow

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 18, 2021 3:11 PM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

It is now 3:10 MDT and Sonya Braunschweig and I are on the conference call for the 3:00 MDT meet & confer.  Are any of you joining the call?

Alan Kildow
970-390-6675

1

## Richards, Daniel

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, May 25, 2021 6:20 AM |
| **To:** | Richards, Daniel |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; Savage, Janet; FW LLC<fwlawyers@gmail.com>; Alan Kildow |
| **Subject:** | Re: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call |

Ms. Stevenson,

The issues to be discussed have been outlined in the emails and letter addressed to you since May 12. If you need me to resend them, just let me know.

Best regards,

Sonya

On Mon, May 24, 2021 at 5:56 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

> Counsel:
>
> Can you please identify the issues about which you would like to confer? Thank you.
>
> Regards,
>
> **DANIEL RICHARDS ▪ Associate**
>
> D: 303.892.7452 ▪ vcard
> **Davis Graham & Stubbs LLP**
> 1550 17th Street, Suite 500 ▪ Denver, CO 80202
>
> A **LexMundi** Member
>
> **From:** sonya braunschweig <sonya.braunschweig@gmail.com>
> **Sent:** Monday, May 24, 2021 7:26 AM
> **To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
> **Cc:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>; Alan Kildow <Alkildow@aol.com>
> **Subject:** Fwd: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

1

Ms. Stevenson,

Alan requests a meet and confer on Tuesday, at 11 am mdt.  The conference call information is below.

Dial-in number: 605-472-5307

Pass code: 175061#

Best regards,

Sonya

---------- Forwarded message ---------
From: **Richards, Daniel** <Daniel.Richards@dgslaw.com>
Date: Fri, May 21, 2021 at 7:21 PM
Subject: RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call
To: Alan Kildow <alkildow@aol.com>, sonya braunschweig <sonya.braunschweig@gmail.com>
Cc: Roeder, Jackie <Jackie.Roeder@dgslaw.com>, Savage, Janet <Janet.Savage@dgslaw.com>, FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>, Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>

Alan and Sonya:

As discussed, attached is a chart in which Vail Health responds to the issues raised in Plaintiffs' letter regarding Vail Health's interrogatory responses.  While we believe the parties have reached an impasse regarding certain issues raised in Plaintiffs' letter, we are happy to confer further next week.  If there are issues on which you would like to further confer, please identify them with specificity.

As to the additional issues you have raised in emails after your May 12, 2021 letter, Vail Health responds as follows:

2

(1) Plaintiffs state that they intend to file a motion to remove Magistrate Judge Gallagher from the case and ask Judge Martinez to take over discovery matters.  We do not believe that there is any basis for Plaintiffs' proposed motion, particularly given Plaintiffs' repeated delays in prosecuting this case.  Plaintiffs may represent that Vail Health opposes the motion.

(2) Plaintiffs state that they also wish to confer regarding Vail Health's contention that attempted monopolization does not condemn potential conduct.  However, the parties have already conferred regarding that issue, and it was one of the issues presented to Magistrate Judge Gallagher during the most recent discovery hearing.  It is unclear why Plaintiffs seek further conferral regarding an issue about which the parties have conferred and that has been presented for adjudication.

Regards,

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, May 19, 2021 1:45 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; FW LLC<fwlawyers@gmail.com> <fwlawyers@gmail.com>
**Subject:** Re: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Ms. Stevenson,

Below is a message from Mr. Kildow addressed to you:

You and Vail Health took 60 days to analyze, discuss, and answer the interrogatories.  I would assume--given the 60 days you took--that you and your client understand very well the positions taken in answering the interrogatories and the reasons why you did so. These are the very same positions that you asserted in the Rule 12(b)(6) motion in October 2019, which are deemed to have been denied by the Court.  Plaintiffs' issues with your objections should therefore come as no surprise.  You and your client can easily decide to either tell us whether you will supplement the

interrogatory answers, in whole or part, or will stand by the numerous objections and answers asserted.  In fact, you have had sufficient time to supplement the interrogatory answers with any information that you may agree to supplement.  Instead, Vail Health proposes to provide a letter 9 days after being served with Plaintiffs' letter, which was provided to outline some of the main issues that I wanted to discuss during a meet and confer.  I have repeatedly requested that you comply with the rules and hold a meet and confer, and from your responses and actions, it is clear that Vail Health does not intend to do so.  Your gameplan is clear--you and Vail Health intend to string this process out as long as possible.  If you and Vail Health had fully answered the interrogatories instead of hiding behind obfuscations and legally unfounded objections, this process would be unnecessary.  Further, it should be pointed out that you only responded to Plaintiffs' letter after I again had to request a meet and confer.  Over a week later, and despite attempting to hold a conference call with you yesterday, Plaintiffs still have no date from you for a meet and confer.  Whether or not oral meet and confers are productive--they generally are not because you and your client continue to assert baseless objections--is of no matter.  Meet and confers are required by the rules of civil procedure, as well as the court's practice standards.

As to a meet and confer regarding your and Vail Health's objection related to the attempt to monopolize, you did not provide us a date for a meet and a confer on that either.  Nor have you provided us any case law to support that objection.  We will take your refusal to cite any legal support as meaning that you have none.  If I am incorrect, please provide the case law supporting that objection.  If Plaintiffs do not receive the legal authority by the end of business today, they will move forward with the procedure articulated by Rule 11.

Further, I have repeatedly asked for a meet and confer about a motion that Plaintiffs intend to file with Judge Martinez to take over the discovery process.  I understand from Vail Health's response that you object to such a motion.  If I am in any way incorrect, please let us know. A meet and confer on this will likely only take no more than 5-10 minutes, and I am available today or tomorrow to have that discussion, so just give me a call. If you refuse to hold such a call, Plaintiffs will inform Judge Martinez that I repeatedly requested such a call and held such a call yesterday but you refused to participate.

Finally, it bears repeating that Vail Health has refused to participate in fulsome discovery as required by the rules.  It took Plaintiffs a year to obtain discovery responses and a-year-and-a-half to obtain 55 documents, and even then, Ms. Stevenson represented in an email that there may be additional documents that will be produced.  That was in March, and to date, no additional documents have been produced.  And as to Vail Health's Rule 26(a)(1) disclosures, only two people were identified as having relevant information related to the antitrust action.  If that is all there is, then please let us know.  In an effort to deflect Vail Health's deficiencies, you attempt to point to purported delays by Plaintiffs.  But Plaintiffs served a comprehensive 59-page Rule 26(a)(1) disclosure, fully responded to discovery (with only a limited number of objections and for the most part, no objections at all).  Plaintiffs have timely produced documents and supplemented with additional information as it has become available.  You and Vail Health have not in any way been prejudiced by Plaintiffs' compliance with their discovery obligations.

Alan Kildow

970-390-6675

On Wed, May 19, 2021 at 12:59 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

Counsel:

We received Plaintiffs' sixteen-page letter raising purported discovery disputes regarding Vail Health's interrogatory responses on May 12, 2021.  That letter raised multiple issues regarding 24 of Vail Health's 25 interrogatory responses, such that there are more than 50 issues that Vail Health needs to respond to.  Two business days later, on May 14, I responded informing you that we intend to respond to the issues raised in Plaintiffs' letter in writing by May 21.  Vail Health responded to your letter promptly and provided you a date by which we would provide a substantive response.  Vail Health's response was very reasonable given the number of purported disputes.

What followed was a series of emails describing Vail Health's response as "unacceptable," stating that you will "hold [Ms. Stevenson] responsible" for our response, accusing Vail Health's counsel of a lack of "professional courtesy," and threatening Rule 11 sanctions.  Plaintiffs sent an email on May 17 adding an additional issue to the proposed meet and confer:  whether Judge Martinez should "take over" discovery from Magistrate Judge Gallagher.  On May 18, Plaintiffs sent another email unilaterally scheduling a meet and confer for 3 pm that day, adding an additional issue to the meet and confer, and threatening Rule 11 sanctions.  We do not believe that Plaintiffs' unprofessional rhetoric or threats are well founded or productive.

Part of the reason that we proposed to respond to your May 12 letter in writing initially is that past oral meet and confers have not been productive.  Plaintiffs often raise new issues during the meet and confers that have not been previously raised.  Oral meet and confers are frequently followed by emails from Plaintiffs purporting to "summarize" the conferral that contain numerous inaccuracies.  Moreover, the unprofessional rhetoric and threats and ad hominem attacks reflected in Plaintiffs' written communications are heightened during oral meet and confers.  In light of that history, we believe the best way to demonstrate to the Magistrate Judge that the parties have thoroughly conferred regarding discovery disputes is to exchange positions in writing in the first instance.

Finally, there is no basis whatsoever for Plaintiffs' claim that any delay in this case lays at the feet of Magistrate Judge Gallagher.  Rather, it is Plaintiffs that have failed to prosecute this case.  As one example, Magistrate Judge Gallagher issued the operative scheduling order in this matter on October 9, 2020.  Inexplicably, Plaintiffs waited nearly five

5

months, until March 1, 2021, to serve any interrogatories or requests for admission, and further requests for production.  It is unreasonable for Plaintiffs to themselves delay five months in serving discovery and then object to Vail Health requesting 7 business days to respond to a sixteen-page letter regarding Vail Health's responses to that discovery.  Moreover, Vail Health served its first set of discovery requests on November 6, 2020, making Plaintiffs' responses due on December 7, 2020.  Without requesting an extension, Plaintiffs failed to serve their responses until March 30, 2021—nearly four months late.  Also, Plaintiffs' initial disclosures were due in October 2020, but Plaintiffs failed to serve them until February 15, 2021—again nearly four months late.  Simply put, Plaintiffs are responsible for any delay in this case—not Magistrate Judge Gallagher.

Once Plaintiffs receive Vail Health's response, we are happy to discuss further.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, May 19, 2021 8:53 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

You did not participate in the meet & confer yesterday and we have not heard anything from you other than you are responding to Plaintiffs' last letter.  We have informed you that we will file a motion requesting that Judge Martinez take over discovery in this case.  We have asked you for dates for a meet & confer on this issue as well as the other discovery issues.  It is our understanding that a meet & confer is necessary for motions filed with Judge Martinez.  This discussion should take a very short period of time and you have (at least) four attorneys who can handle such a conference.  If we do not hear from you, we will inform Judge Martinez of your refusal to participation in a meet & confer.

We look forward to your immediate response to our request.

Alan Kildow

970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 18, 2021 3:11 PM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v. Vail Health--3:00 MDT Meet & Confer Conference Call

Counsel:

It is now 3:10 MDT and Sonya Braunschweig and I are on the conference call for the 3:00 MDT meet & confer. Are any of you joining the call?

Alan Kildow

970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Richards, Daniel

| | |
|---|---|
| **From:** | Richards, Daniel |
| **Sent:** | Wednesday, May 26, 2021 11:47 AM |
| **To:** | Alan Kildow; Stevenson, Shannon |
| **Cc:** | 'Jesse Wiens'; Roeder, Jackie; Savage, Janet; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab v Vail Health—deposition scheduling |

Alan:

In my email below, I stated clearly that I was not available at 11:00 MDT yesterday, but could be available today, so it is unclear to me why you and Ms. Braunschweig dialed into the conference line yesterday.

As to the six issues raised in Plaintiffs' email of 10:06 am yesterday, our responses are as follows (the text of Plaintiffs' issues in black; Vail Health's responses in blue):

1. Motion requesting Judge Martinez to take over discovery of the case. As stated in my 5/21 email, Vail Health opposes Plaintiffs' proposed motion to remove Magistrate Judge Gallagher from the case. We do not believe any further conferral is necessary.
2. Rule 11 motion to be filed against Shannon Stevenson regarding the Sherman Section 2 "attempt to monopolize" argument asserted in Vail Health's Rule 12(b)(6) motion and which is a basis for objections to numerous written discovery requests. We well understand the procedural requirements of Rule 11, but wish to confer in advance of embarking on that process before drafting the motion and submitting it to you pursuant to the safe-harbor provision. See Shannon's email from yesterday evening.
3. The scheduling of the depositions of Mary Crumbaker and Will Cook. (We can discuss others tomorrow when your associate is available.) On 5/24, Plaintiffs proposed taking thirteen depositions, which is impermissible under the Scheduling Order, which limits each party to ten discovery depositions. I responded on 5/25 asking Plaintiffs to identify which ten depositions they intend to pursue. Plaintiffs have not responded to that request. Please confirm that Plaintiffs intend to include Ms. Crumbaker's and Mr. Cook's depositions among their ten discovery depositions. Ms. Crumbaker was not mentioned in Plaintiffs' initial disclosures. She also was deposed in the state case, and the Scheduling Order prohibits deposing witnesses regarding topics about which they were deposed in the state case. Please identify the topics about which Plaintiffs intend to depose Ms. Crumbaker that were not covered in the state case. Mr. Cook is Vail Health's CEO, who began working for Vail Health in 2019, and it is not clear that he has any unique knowledge regarding this case. Please provide additional information about the subjects on which you intend to depose Ms. Crumbaker and Mr. Cook. Vail Health can then evaluate Plaintiffs' request for dates.
4. The improper designation of discovery responses as "AEO" documents and "Confidential." In Vail Health's discovery dispute chart sent to Plaintiffs on 5/21, Vail Health agreed to designate its interrogatory responses as Confidential rather than Attorneys' Eyes Only, per Plaintiffs' request. (*See* Chart at 5.) Thus, this dispute appears to have been resolved.
5. The failure to identify those individuals who made presentations along with Nicholas Brown in a power point presentation to someone, some management group, or the Vail Health board, and the identification of those to whom the presentation was made. We do not understand this issue/request. Please identify with specificity the issue about which you wish to confer.
6. Is the Davis Graham law firm still representing Nicholas Brown and/or Doris Kirchner? We are conferring with Vail Health regarding representation of Mr. Brown and Ms. Kirchner in the federal antitrust action. We will let you know ASAP who will be representing Mr. Brown and Ms. Kirchner.

As to the other issues Plaintiffs have raised since May 12, Vail Health notified Plaintiffs of Vail Health's position with respect to each issue in its 5/21 discovery dispute chart. Plaintiffs have not yet responded to those positions. I will

1

make myself available to confer regarding Plaintiffs' responses to Vail Health's positions, as stated in the discovery dispute chart, today at 1:30 MDT.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 11:19 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

Sonya Braunschweig and I have been on the conference call for the 11:00 MDT meet & confer discussion regarding the issues outlined below. Once again, you have not appeared to participate. As stated below, this will be reported to the Court as yet another example of the refusal of Vail Health and its counsel to engage in discovery and we seek attorneys' fees for your failure to participate.

The meet & confer will forward on tomorrow at 1:30 MDT. Please use the same dial-in info:

    Dial-in: 605-472-5307
    PC: 175061#

Alan Kildow
970-390-6675

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 10:06 AM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

We seem to be having a difficult time scheduling a meet & confer discussion. We have not heard from you on this case for some time now. You are the attorney who has signed the Rule 12(b)(6) motion as well as the objections to the discovery responses, so you would be the most appropriate counsel for Vail Health to discuss these issues, most of which are purely legal issues encompassed in the Rule 12(b)(6) motion filed in October 2019. Moreover, many of these issues were discussed with you when we were on the phone with Magistrate Judge Gallagher. It would therefore seem that you would need no time prepare for such a meet & confer now. Since you have not provided us with the courtesy of a response, we will accept your silence as a declination to participate in the required meet & confer.

2

Your associate now says that even he is not be available this morning, although he did not inform us of that fact in yesterday's communication.  We are ready to move forward at 11:00 today, as we were ready to participate in a meet & confer last week when you did not even have the professional courtesy to show up or to advise us in advance that you would not be participating at that time.  We have previously asked you to provide us with alternative times for a meet & confer, although you have not done so.  We will, therefore, expect at least one of the four counsel of record to participate at 11:00 MDT today.  We will limit the topics for today to the following:

1. Motion requesting Judge Martinez to take over discovery of the case.
2. Rule 11 motion to be filed against Shannon Stevenson regarding the Sherman Section 2 "attempt to monopolize" argument asserted in Vail Health's Rule 12(b)(6) motion and which is a basis for objections to numerous written discovery requests.  We well understand the procedural requirements of Rule 11, but wish to confer in advance of embarking on that process before drafting the motion and submitting it to you pursuant to the safe-harbor provision.
3. The scheduling of the depositions of Mary Crumbaker and Will Cook.  (We can discuss others tomorrow when your associate is available.)
4. The improper designation of discovery responses as "AEO" documents and "Confidential."
5. The failure to identify those individuals who made presentations along with Nicholas Brown in a power point presentation to someone, some management group, or the Vail Health board, and the identification of those to whom the presentation was made.
6. Is the Davis Graham law firm still representing Nicholas Brown and/or Doris Kirchner?

If one of your attorneys does not participate at 11:00 today, we will move forward and advise Judge Martinez of the declination of Vail Health's attorneys of record.

We agree to a second installment of this meet & confer tomorrow, May 26, at 1:30 MDT.  At that time, we will discuss the issues outlined in my letter of May 12, 2021.  Fourteen days should provide you and/or your associate sufficient time to be prepared to discuss those issues.  The letter (at 16 pages) should provide you with a sufficient understanding of the issues we need to discuss.  We are somewhat wonderous as to why your associate continues to ask us to identify what those items are.  The issues are in the letter.

Alan Kildow
970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Tuesday, May 25, 2021 9:06 AM
**To:** Alan Kildow <alkildow@aol.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Alan and Sonya,

Yesterday I requested that Plaintiffs identify the topics about which they wish to meet and confer.  This morning Sonya responded stating that Plaintiffs were unwilling to do so and referring me to Plaintiffs' prior communications.  Given the large number of purported discovery disputes that Plaintiffs have raised in since May 12, we think it would be more efficient if Plaintiffs identify a discrete number of issues about which they believe oral conferral may be productive.  Conferring orally about multiple purported issues concerning 24 interrogatories, as well as additional issues, is not practical or productive.

Alan's email immediately below demonstrates this point.  It raises yet another issue for conferral that Plaintiffs have not previously raised.

As to the timing of our conferral, I'm not available today at 11 MDT.  I have some availability tomorrow afternoon but will need a list of topics for conferral by this afternoon so I can be prepared to discuss those topics.

Regards,

**DANIEL RICHARDS** ▪ Associate

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪   Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 8:44 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

That issue will be discussed on the conference call at 11:00 MDT today.

Alan Kildow

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Tuesday, May 25, 2021 8:30 AM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Jesse Wiens <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

Pursuant to the Scheduling Order (Dkt. No. 71), each party is limited to ten discovery depositions.  In the below email, Plaintiffs list 13 depositions that they would like to schedule, which is impermissible under the Scheduling Order.  Please identify which depositions Plaintiffs intend to pursue.

**DANIEL RICHARDS** ▪ Associate

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪   Denver, CO 80202

A **LexMundi** Member

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Monday, May 24, 2021 8:49 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Jesse Wiens <jesse@fwcoloradolaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet

4

<Janet.Savage@dgslaw.com>
**Subject:** Sports Rehab v Vail Health—deposition scheduling

Ms. Stephenson,

We would like to schedule the following depositions:

Mary Crumbaker on June 8
Will Cook on June 10
Jason (identified in the Brown PowerPoint) on June 15
Don Auten on June 18
Dan Drawbaugh on June 24
Charlie Crevling on July 7

As to former employees Doris Kirchner and Nico Brown, please tell us whether you continue to represent those individuals. We would like to schedule their depositions as follows:

Doris Kirchner during the week of July 19
Nico Brown during the week starting July 6-13

Additionally, we have third parties to schedule, including Anthem/Blue Cross Blue Shield, United HealthCare, Medicare, and DORA.

Finally, please confirm whether you will accept service of a subpoena duces tecum on Davis Graham and a subpoena of Ms. Savage for a deposition.

This list is not meant to be exhaustive of all individuals who we wish to depose, and we reserve the right to identify additional deponents.

Best regards,

Sonya

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Richards, Daniel

| | |
|---|---|
| **From:** | Stevenson, Shannon |
| **Sent:** | Tuesday, May 25, 2021 5:04 PM |
| **To:** | Alan Kildow |
| **Cc:** | 'Jesse Wiens'; Roeder, Jackie; Savage, Janet; Richards, Daniel; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab v Vail Health—deposition scheduling |

Mr. Kildow –

With respect to your proposed Rule 11 motion:  Our Rule 12(b)(6) motion was filed in October 2019, fully briefed, and was struck by the court in August 2020, with no substantive ruling.  This issue was then re-raised by you, conferred on by the parties, and submitted for decision to Magistrate Judge Gallagher at the end of March.  While it appears that we have a dispute about the law, there is nothing about this dispute that even approaches the realm of Rule 11.  It appears to me that you are threatening a Rule 11 motion now for purposes of harassment, and I do not believe further conferral is warranted.

With respect to the other issues you have raised, Mr. Richards will address those shortly.  Please address your further conferral on those issues to Mr. Richards – he is the attorney on our team who is taking the lead on our responses.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 10:06 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

We seem to be having a difficult time scheduling a meet & confer discussion.  We have not heard from you on this case for some time now.  You are the attorney who has signed the Rule 12(b)(6) motion as well as the objections to the discovery responses, so you would be the most appropriate counsel for Vail Health to discuss these issues, most of which are purely legal issues encompassed in the Rule 12(b)(6) motion filed in October 2019.  Moreover, many of these issues were discussed with you when we were on the phone with Magistrate Judge Gallagher.  It would therefore seem that you would need no time prepare for such a meet & confer now.  Since you have not provided us with the courtesy of a response, we will accept your silence as a declination to participate in the required meet & confer.

Your associate now says that even he is not be available this morning, although he did not inform us of that fact in yesterday's communication.  We are ready to move forward at 11:00 today, as we were ready to participate in a meet & confer last week when you did not even have the professional courtesy to show up or to advise us in advance that you would not be participating at that time.  We have previously asked you to provide us with alternative times for a meet &