# EXHIBIT 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

## DECLARATION OF DANIEL A. RICHARDS

I, Daniel A. Richards, state as follows:

1.      I am a member of the State Bar of Colorado and an associate at the law firm Davis Graham & Stubbs LLP.  I have been a practicing attorney since 2011.

2.      I am counsel of record for Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") in the above-captioned matter.  I am also counsel of record for Vail Health in *Winninger et al. v. Vail Health et al.*, 2017CV030102 (Dist. Ct., Eagle Cnty.) ("State Case"). I have represented Vail Health in both cases for several years.

3.      I submit this declaration to address certain allegations in Plaintiffs' Motion Seeking the Intervention of Judge Martínez in Discovery Disputes Under Practice Standard II.C (Dkt. 97) ("Motion"), primarily to apprise the Court of certain facts that are not reflected in the written record.

4.      On May 12, 2021, Plaintiffs sent Vail Health via email a sixteen-page letter raising purported discovery disputes regarding 24 of Vail Health's 25 interrogatory responses, as well as Vail Health's initial disclosures.

5.      Two business days later, on May 14, I responded to Plaintiffs' counsel as follows:  "In light of the number of issues raised in your May 12 letter, we think the most productive path forward would be for Vail Health to respond to your letter in writing in the first instance.  We agree to do so by May 21.  Once you have had an opportunity to review our written response, we can determine what additional conferral is necessary."

6.      As described in Vail Health's response to the Motion (and reflected in exhibits attached thereto), between May 14 and May 21, Plaintiffs' counsel sent a series of emails in which they raised multiple additional issues about which they wished to confer, threatened Rule 11 sanctions, unilaterally scheduled conferrals and then chided Vail Health for failing to attend those conferrals, and responded to emails I sent by ignoring me (counsel of record in this action) and addressing their responses to more senior attorneys representing Vail Health.

7.      On Friday, May 21, Vail Health responded to Plaintiffs' sixteen-page discovery letter, responding to every issue raised in Plaintiffs' letter in a twenty-page conferral chart.

8.      Between Monday, May 24, and Wednesday, May 26, Plaintiffs raised numerous additional issues about which they wished to confer.  They continued to request an oral conferral but refused to narrow in any way the issues about which they sought to confer.  On May 25, despite Plaintiffs' refusal to narrow or identify with specificity the issues for conferral, I offered to "make myself available to confer regarding Plaintiffs' responses to Vail Health's positions, as stated in the discovery dispute chart."

9.      On Wednesday, May 25, the parties conferred by telephone, with myself and Jackie Roeder representing Vail Health and Alan Kildow and Sonya Braunschweig representing Plaintiffs.

10.     Plaintiffs refused to focus the conferral on issues on which there might be room for compromise and instead insisted on discussing each of the scores of issues Plaintiffs had raised, despite the fact that Vail Health had already identified its positions in detail in the conferral chart.

11.     At times, Plaintiffs' counsel appeared to have not even read Vail Health's conferral chart.  For example, Plaintiffs' counsel sought to discuss Vail Health's purported improper withholding of attorney identities on the basis of its attorney-client privilege objections, even though Vail Health's conferral chart stated unambiguously, "Vail Health is not withholding attorney identities on the basis of attorney-client privilege."

12.     Plaintiffs' counsel frequently interrupted Vail Health's counsel during the conferral, asking for Vail Health's position and then cutting me off when I tried to explain Vail Health's position.

13.     On several occasions, Plaintiffs' counsel admonished me not to lecture Plaintiffs' counsel on the law given their years of experience.  For example, one of the issues Plaintiffs raised during the conferral was Vail Health's purportedly improper failure to identify in its initial disclosures every person with knowledge of relevant facts.  When Plaintiffs' counsel asked for Vail Health's response, I explained that, unlike the Colorado Rules of Civil Procedure, which require disclosure of "each individual likely to have discoverable information", the Federal Rules of Civil Procure require only disclosure of "individual[s] likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  Despite specifically asking me to explain Vail Health's position, Mr. Kildow cut me off, and advised me to dispense with the "tutorial" given his and Ms. Braunschweig's decades of experience.

14.     Based on my observations, rather than attempt to reach a compromise, Plaintiffs' counsel included within the scope of the oral conferral an extraordinarily long list of discovery disputes to ensure that it would be impractical for the parties to have a productive discussion or orally discuss all issues in one sitting.

15.     After approximately an hour and a half, I asked Plaintiffs' counsel whether they saw any room for compromise regarding the positions stated in Vail Health's conferral chart. Plaintiffs' counsel refused to answer and insisted on discussing each of the scores of issues Plaintiffs had raised at that point, as well as others that they raised for the first time during the oral conferral.  At that point, I informed Plaintiffs that I did not believe that further discussion would be fruitful and terminated the conferral.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of June, 2021, at Denver, Colorado.

_____
Daniel A. Richards