IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH AND MOTION FOR A PROTECTIVE ORDER**

---

This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's motion to quash Plaintiffs Sports Rehab Consulting, LLC, and Lindsay Winninger's subpoena to Michael Horwith (D. 85)[1], Plaintiffs' response (D. 89), and Defendant's reply (D. 95).  Also, before this Court is Defendant's motion for a protective order (D. 91), Plaintiffs' response (93), and Defendant's reply (D. 96).  The motions have been referred to this Magistrate Judge. (D. 87, D. 92).[2]  The Court has reviewed the pending motions, responses, replies, and all attachments.

---

[1] "(D. 85)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case.  Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this nondispositive Order within fourteen (14) days. Fed. R. Civ. P. 72(a).

1

The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary. This Magistrate Judge GRANTS the motions for the reasons specifically set forth below.

I.   FACTS

There is no need for this Court to restate the facts that lead up to Plaintiffs filing this civil action. (*See* D. 53, pp. 2-3; D. 55, pp. 1-5). This Court, however, will briefly summarize the procedural history of this case. On July 17, 2019, Plaintiffs filed this civil action against Defendant Vail Health pursuant to the Sherman Act, 15 U.S.C. § 2, and the Colorado Antitrust Act of 1992, Colo. Rev. Stat. § 6-4-105. (D. 1, p. 64).

On August 23, 2019, Vail Health notified the Court of a related state civil case pursuant to D.C. Colo. L. Civ. R. 3.2. (D. 17). Plaintiffs, in April 2017, filed an action against Vail Health and Doris Kirchner, CEO of Vail Health, in the Eagle County District Court, Case 2017CV30102 (hereinafter, the State Court Action). (D. 31-2). In the State Court Action, Plaintiffs allege four causes of action against all the Defendants: (1) defamation; (2) tortious interference with contract; (3) tortious interference with current business relationship; and (4) tortious interference with prospective business relationship. (*Id.*, pp. 11-14). In January 2019, Plaintiffs attempted to amend their complaint to add claims regarding exemplary damages and monopolization under the Colorado Antitrust Act. (D. 38-1). The state court did not permit amendment and, among other things, dismissed the state antitrust claims without prejudice. (D. 38-9; D. 41-1). This litigation is still ongoing, but according to the parties, the State Court Action has been stayed by the Colorado Supreme Court while it considers Plaintiffs' petition under Colorado Rule of Appellate Procedure 21. (D. 85, pp. 3, 8; D. 101, pp. 45-46).

In the instant case, on September 27, 2019, Plaintiffs filed an Amended Complaint, alleging two causes of action: (1) monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 and (2) attempt to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. (D. 26, pp. 70-75). On October 3, 2019, Vail Health filed an unopposed motion to reset the Scheduling Conference, which this Court vacated and rescheduled for October 23, 2019. (D. 27, D. 28, D. 29). On October 10, 2019, Vail Health filed a motion to dismiss or stay pursuant to the *Colorado River* doctrine, and the following day filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D. 31, D. 32). This Court converted the Scheduling Conference to a Status Conference, wherein the parties and Court discussed the pending motions and obtained a consensus to defer setting a Scheduling Conference. (D. 35). On January 28, 2020, a Scheduling Conference was held where the Court addressed discovery, limits, and deadlines, but this Court declined to issue a Scheduling Order until the motion to stay was decided. (D. 48). On January 30, 2020, Vail Health filed a motion to stay discovery, which this Court granted. (D. 49, D. 53). On August 21, 2020, the Court denied Defendant's motion to dismiss pursuant to the *Colorado River* doctrine. (D. 55). Defendant filed its Answer to the Amended Complaint on September 8, 2020. (D. 63). On September 21, 2020, this Court ordered the parties to confer and settle on dates and deadlines for the proposed Scheduling Order. (D. 67). On September 30, 2020, this Court vacated the Scheduling Conference after the parties failed to come to an agreement on the proposed Scheduling Order and discovery plan. (D. 68). This Court finally issued a Scheduling Order on October 9, 2020, and a Protective Order on October 23, 2020. (D. 71). Finally, the Court denied Defendant's motion for reconsideration of its motion to dismiss on February 10, 2021. (D. 77).

At the parties' request, a discovery dispute hearing was held on March 30, 2021, wherein the Court noted that the parties were still in dispute about which topics should be addressed. (D.

3

81). The Court required the parties to consult as to all discovery dispute topics being proposed by either side and the Court would attempt to address all the topics within a joint discovery dispute chart. (*Id*.). On March 30, 2021, this Court conducted a discovery dispute hearing regarding a plethora of topics. (D. 88). However, it became apparent during the hearing, after about ninety minutes, that the parties had not sufficiently conferred and disagreed on a large portion of the issues, areas of the law, and the issues that pertained to the State Court Action. The Court instructed Defendant to file a motion to quash regarding Plaintiffs' subpoena to Horwith, instructed the parties to confer again, and noted that the Court would issue a preliminary order defining some of the scope of discovery in due time as the parties could not come to an agreement. This Court noted that it would entertain another discovery dispute hearing once the parties had properly conferred. (D. 101, pp. 43-46). Regarding the subpoena to Horwith (a forensic expert who was appointed in the State Court Action), the parties noted that they had filed multiple motions, some of which were fully briefed, in the State Court Action. The parties noted, however, that the state trial court had not been able to rule on the issue due to the Colorado Supreme Court's stay of the case. (D. 101, p. 45-46).

On April 2, 2021, Defendant filed a motion to quash Plaintiffs' subpoena to Horwith. (D. 85). This motion became ripe on April 19, 2021. On April 7, 2021, Defendant filed a motion for a protective order and Plaintiffs filed their opposition on April 8, 2021. (D. 91, D. 93). While the motion for a protective order was unripe, the parties contacted Chambers for an immediate discovery dispute hearing as Plaintiffs' counsel planned to proceed with the deposition of Horwith on April 9, 2021. (D. 94-1). This Court issued an Order that same day finding that the motion for a protective order was timely filed regarding the noticed deposition and that the deposition was stayed until the motion could be resolved. (D. 94, p. 2). Defendant's motion for the protective

4

order became ripe on April 22, 2021. This Court, in its discretion, decided that it would wait approximately sixty days before issuing any Orders in case the parties had come to a mutual agreement after conferring (as they were instructed in the March 2021 hearing) or the Colorado Supreme Court stay was lifted. Indeed, during the March 2021 hearing, this exact issue was addressed:

> MR. KILDOW: Your Honor, let me ask you this. Is conferral something that is required or desired in resolving these kinds of disputes?
>
> THE COURT: In which dispute specifically are you referring to?
>
> MR. KILDOW: Discovery disputes generally, like –
>
> THE COURT: Okay.
>
> MR. KILDOW: -- the subpoena.
>
> THE COURT: Absolutely. Discovery disputes are the disputes that probably are often in most need of conferral for a lot of reasons. One of the biggest ones is, unlike many of the filings that come before the Court, the Court doesn't know what has and hasn't been exchanged and a lot of discovery disputes in many cases can be resolved just by talking about them. So, yes, it is absolutely required.
>
> MS. STEVENSON: And because Mr. Kildow, we should –
>
> MR. KILDOW: Because (unintelligible) –
>
> MS. STEVENSON: We should absolutely, we should confer about Mr. Horwith and what we can do about that. I'm happy to do that.
>
> MR. KILDOW: There has been no discussions –
>
> THE COURT: Okay. Well, then –
>
> MR. KILDOW: -- (unintelligible) resolved.
>
> THE COURT: Then please have that discussion, because that may resolve the issue for you all. And if it doesn't, it might tailor it some.

(D. 101, p. 47). Given the parties' inability to confer, this Court will now rule on the motions. (*See, e.g.,* D. 97-11, D. 97-12, D. 97-13).

5

In the instant motions, Defendant requests that the Court defer and, ultimately, quash a subpoena issued by Plaintiffs in connection with the State Court Action.  (D. 85, D. 96).  The subpoena was issued to Horwith, the state-court-appointed forensic computer expert, and orders that he testify at a deposition and produce the following:  (a) "All written reports issued and signed by you in the Eagle County Action"; (b) "All documents that you produced to all the Parties in the Eagle County Action that were identified in any written report issued and signed by you in the Eagle County Action"; (c) "All documents that you produced to all Parties in the Eagle County action in response to the Special Master's March 3, 2020 Order Granting Vail Health's Motion"; (d) "The native files of the following event and activity logs" that were "previously identified in the September 12, 2019 Special Master Order Granting Defendants' Motion to Enforce Court's Order Dated August 15, 2018"; (e) "All invoices that you issued for payment in the Eagle County Action"; and (f) "All copies of checks, or other forms of proof, identifying the party who made the payment, when the payment was made, and the amount paid for the invoices you issued in the Eagle County Action."  (D. 85-1, p. 8).  As discussed below, the state court issued a Forensic Protocol Order that governed the communications and disclosure of information by Horwith to the parties.  Plaintiffs do not contest the validity of this Forensic Protocol Order, but merely assert that the subpoena is "Plaintiffs' attempt to preserve the testimony of Michael Horwith—a court-appointed forensic computer expert—before he retires and leaves the state."  (D. 89, p. 1).  Plaintiffs primarily argue that the motions should be denied because of (1) failure to confer; (2) untimeliness; and (3) lack of grounds to quash the subpoena or grant a protective order.  (D. 89, pp. 7-16; D. 93, pp. 4-10).

II.     ANALYSIS

"Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence of a federal question or on diversity of citizenship." *Everitt v. Brezzel*, 750 F. Supp. 1063, 1065 (D. Colo. 1990). "A subpoena served on a third party pursuant to Federal Rule of Civil Procedure 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure." *Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-00047-NYW, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016) (citing *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)). Thus, a subpoena must request information relevant to a party's claims or defenses and are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Rule 45, a court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Moreover, a court on motion may quash or modify a subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

Regarding the request for a protective order, the decision to grant or deny a protective order is "vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Under Rule 26(c), a party must demonstrate good cause for an entry of a protective order. *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Thus, the movant must show that "disclosure will result in a clearly defined and serious injury to the party seeking protection." *Id*.

(citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).  The court must balance the need for one party to access information against the injury that might result from unrestricted disclosure while also considering any privacy interests of the parties and whether the case involves issues of public importance.  *Id*.

Regarding Defendant's motion, the primary question is whether Defendant has standing to move to quash the challenged subpoena.  Generally, "a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy interest is implicated."  *Mona Vie, Inc. v. Amway Corp.*, No. 08-CV-02464-WDM-KLM, 2009 WL 524938, at *3 (D. Colo. Mar. 2, 2009).  Here, it is undisputed that Defendant and Plaintiffs are parties to the State Court Action, wherein the state court appointed Horwith as the independent forensic expert under the Forensic Protocol Orders.  (D. 85-1, p. 5).  The state court required that the independent forensic expert be bound by the Protective Order and HIPAA Qualified Protective Order.  (D. 85-2, p. 9).  Furthermore, the state court ordered that:

> The independent expert shall not disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or by order of the court.
>
> [. . .]
>
> The independent expert may not have any independent communications with the parties or attorneys except when providing a parties' attorney those documents that appear to be a match as more fully discussed in § 10 below. Any communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing.

(*Id*., pp. 9-10, 25).  The communications subject to section 10 are not relevant for this Court's analysis.  And within this Court's Scheduling Order, the parties agreed that "[w]ithout waiving objections as to relevancy or admissibility, . . . discovery conducted in the State Court Action may be used in this matter and should not be duplicated."  (D. 71, p. 13).  In light of the fact that the

8

Forensic Protocol Order was entered in the State Court Action to protect privileged or confidential information and the subpoenaed documents or deposition testimony are covered by the Forensic Protocol Order, this Court finds that Defendant has made the requisite showing and has standing to move to quash the challenged subpoena. *See Mona Vie, Inc.*, 2009 WL 524938, at *3; *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428–29 (10th Cir. 1990) ("Because defendants Cranford and International are parties to the collateral suits, they have both the interest and standing to raise in those courts any relevancy or privilege objections to the production of any materials.").

    A. Compliance with D.C.COLO.LCivR 7.1A

Plaintiffs contend that Defendant failed to hold a conferral call regarding the motions to quash and for a protective order, and therefore this Court should deny them. (D. 89, pp. 7-8; D, 93, p. 4). Plaintiffs served Defendant with a copy of the subpoena issued to Horwith on March 8, 2021. (*Id.*, p. 7). Plaintiffs concede that on March 9, 2021, Defendant sent two emails objecting to the subpoena, highlighting that such communications violated the Forensic Protocol Order and that Defendant planned to address this issue in both state and federal courts. (D. 89-13, p. 2; D. 89-14, p. 2). Both parties note that the issue was discussed as the parties exchanged information in preparation for the March 2021 discovery dispute hearing. (D. 89, p. 8; D. 95, p. 3). This issue was included in the joint discovery dispute chart. (D. 95-2, p. 3). During the March 2021 hearing, this Court instructed Defendant to file a motion to quash because such an issue could not be properly resolved in a discovery dispute hearing and the Court required a complete record. (D. 101, p. 46). The Court instructed the parties to confer again, which the parties agreed to do. (*Id.*, p. 47).

On April 1, 2021, the parties discussed Plaintiffs' proposed stipulation, whereby Plaintiffs would cancel Horwith's deposition scheduled on April 9, 2021, in exchange for Defendant not objecting to the admissibility of the documents or files produced by Horwith. (D. 85-3, p. 5). Defendant refused to waive objections regarding relevancy or admissibility of discovery conducted in the State Court Action as that contradicted the agreement in the Scheduling Order. (D. 85-4, p. 2). Plaintiffs responded to this and other issues in an email on April 2, 2021, arguing, among other things, that Defendant had not properly served an objection because it was sent via email. (D. 85-5, p. 2). On April 2, 2021, Defendant filed the motion to quash. (D. 85). On April 7, 2021, Plaintiffs' counsel emailed Horwith requesting that the documents be produced and noting that the deposition was scheduled for April 9, 2021. (D. 93, p. 5; D. 91-1, p. 3). In response, Horwith produced the requested documents to Plaintiffs that same day. (D. 93). On April 7, 2021, Defendant emailed Plaintiffs' counsel multiple times and requested that the parties confer about deferring the subpoena date for the deposition. (D. 93-2; D. 93-3). Plaintiffs' counsel refused to defer the date, noting that:

> Our goal is simple: Preserve the testimony of a witness who may later be unavailable and beyond subpoena power of this court. Mr. Horwith's testimony about his analysis and his conclusions can easily be preserved in a 1-hour deposition. We offered to stipulate to all of this but you refused to do so. Whatever arguments you make to Magistrate Judge Gallagher and perhaps later to Judge Martinez will be borne out in the weeks and months to come. For now, however, plaintiffs simply wish to preserve the testimony of Mr. Horwith, for which your client—a rural non-profit hospital—paid over $75,000. There is nothing in any court order that precludes our efforts to preserve what the Eagle County court previously ordered to be done, *and which was indeed done*.

(D. 93-3) (emphasis added). Defendant then filed a motion for a protective order to delay the subpoena deadline and deposition until this Court could rule on the motion to quash. (D. 91). Plaintiffs' exhibits indicate that the parties attempted to confer, but that Plaintiffs' counsel was

ultimately non-responsive and planned to continue with the deposition on April 9, 2021. This District has noted that:

> [t]he language of Rule 7.1A is important. It requires that a moving party, before filing a motion, confer or make a reasonable effort to confer; the requirement is not satisfied by a party making a demand for compliance. To confer means "to hold a conference; compare views; consult together." . . . The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A . . . Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

*Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003) (citations omitted).

Based on the attached exhibits, Plaintiffs' counsel was aware that the motions for a protective order and to quash the subpoena would be based on Defendant's argument that such communications violate the state court's Forensic Protocol Order. Considering the history of discussions between counsel, both via email and during the discovery dispute hearing, this Court will consider the merits of the motions to quash and for a protective order. *See, e.g.*, *Peterson v. Nelnet Diversified Sols., LLC*, No. 17-CV-01064-NYW, 2020 WL 3978756, at *5 n.5 (D. Colo. May 20, 2020), *reconsideration denied*, No. 17-CV-01064-NYW, 2020 WL 3978758 (D. Colo. June 3, 2020) ("Given the significant amount of briefing associated with the taxation of costs that occurred before the costs were awarded by the Clerk, this court finds that lack of further conferral does not merit denial in this instance."); *Garsite/Progress, LLC v. Paul*, No. 13-2200-CM, 2014 WL 6066077, at *3 (D. Kan. Nov. 13, 2014) (permitting consideration of the motion despite failure to comply with D. Kan. Rule 37.2).

However, this Court's consideration of the motions does not diminish the requirements of D.C.COLO.LCivR 7.1A and this Court requires counsel to properly comply with the conferral requirements in all future motions practice. If the parties wish to confer via email to maintain an accurate record of the conversations, this Court will permit it; otherwise, the Court will consider appointing a Special Master who can be present for telephone conferrals and to memorialize the conversations.

B.  State Court Action's Forensic Protocol Order

Under Rule 45, a court is permitted to quash a subpoena under certain circumstances, including preventing the "disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). As noted in the Forensic Protocol Order, Horwith agreed to be bound by the Protective Order and HIPAA Qualified Protective Order and that "[a]ny communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing." (D. 85-2, pp. 9-10). Indeed, the Tenth Circuit has recognized that federal civil discovery "may not be used merely to subvert limitations on discovery in another proceeding. . . . [and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation." *United Nuclear Corp.*, 905 F.2d at 1428 (quoting *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980)).

Rather, the court that enters the protective order retains the power to modify it, even if the underlying lawsuit has been dismissed, and other courts cannot disregard such a protective order. *Id.* at 1427; *Mona Vie, Inc.*, 2009 WL 524938, at *3 ("The Court does not believe that it is appropriate for Defendant to attempt to circumvent the protections provided in the Protective Order

by attempting to obtain Plaintiffs' privileged and/or confidential documents."). Should Plaintiffs wish to modify the Forensic Protocol Order and any other protective orders issued by the state court, they must petition the court that has jurisdiction to address the issue of production and disclosure of confidential information. Plaintiffs cannot attempt to circumvent the state court's orders in this Court for two reasons.

First, the principles of comity require that this Court respect and comply with a state-court protective order. *See Chen v. City of Medina*, No. C11-2119-TSZ, 2012 WL 4757947, at *2 (W.D. Wash. Oct. 5, 2012) ("[F]ederal courts have found that principles of comity require federal courts to quash subpoenas for records protected against disclosure by prior state court orders."); *Donovan v. Lewnowski*, 221 F.R.D. 587, 591–92 (S.D. Fla. 2004) ("[T]his Court should refrain from circumventing the State Court's directives because the nondisclosure obligations imposed by the State Court specifically apply to the Special Master."). Unless a party was unable to intervene in the state court action before it was voluntarily dismissed, courts will generally be "constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000). Here, however, the State Court Action is merely stayed by the Colorado Supreme Court and both Plaintiffs and Defendant are parties to that action. This Court declines to modify another court's protective order or the Forensic Protocol Order and requires the parties to move for modification from the issuing court. *See, e.g., Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991).

Second, this Court has already noted in its Scheduling Order that "[w]ithout waiving objections as to relevancy or admissibility, the parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (D. 71, p. 13).

13

Plaintiffs argue that they "subpoenaed Horwith to produce the 'matching' documents, his report, and other searches he conducted—under court order—and did so to avoid any dispute regarding the actual documents subject to his forensic review."  (D. 89, p. 14).  In a letter dated March 8, 2021, Horwith wrote to Plaintiffs' counsel, "since most of those documents were already produced to your office as a part of my previous expert services, you are welcome to gather them from your own records."  (D. 89-12, p. 5).  Indeed, in a letter dated March 9, 2021, Plaintiffs' counsel confirmed in his response:

> As to the production of documents requested in the Rule 45 subpoena, it should be pointed out that the documents and information requested flow directly from your work in the Eagle County action. The Rule 45 subpoena essentially seeks that you reproduce the documents and information that you have already produced there.

(D. 89-12, p. 3).

To the extent that the document production was duplicative, the parties shall use the documents produced from the State Court Action per the Scheduling Order.  Plaintiffs argue that the production is necessary because "the documents were not produced directly to the parties but through the parties' expert representatives."  (D. 89, p. 15).  However, that argument is unavailing. It remains undisputed that Plaintiffs already have the documents and the subpoena was both in contravention of the Scheduling Order and unnecessary.  As such, Plaintiffs are precluded from using any documents produced by Horwith on April 7, 2021, as such a subpoena violated the Scheduling Order.

In terms of the deposition, Plaintiffs argue that the point is "about preserving a court-appointed expert's testimony who is now retired and traveling extensively."  (D. 89, p. 12). However, Plaintiffs ignore the fact that Horwith was appointed by the state court and it ordered that (1) "[t]he independent expert shall not disclose any information from the bit-stream images or provide the bit-stream images to anyone unless authorized to do so in writing by all the parties or

14

by order of the court" and (2) "[a]ny communications that the independent expert may have (excluding those communications subject to § 10 below) will be communicated to all three experts appointed by the parties at the same time, either orally or in writing." (D. 85-6, p. 5). Under section 10 of the Forensic Protocol Order, the expert was permitted to contact counsel under certain, limited circumstances (e.g., if a potential match is found between a document on a party's computer and the party's USB devices, the "matching" documents should first be provided to the party's attorney to determine whether any privilege protects the document from disclosure.).

However, the communications anticipated by the state court under section 10 appear to have occurred as both parties have confirmed that Horwith completed his forensic examination and was scheduled to testify in the State Court Action in February 2021. Thus, Plaintiffs fail to argue that their deposition of Horwith would not be a prohibited communication under the state court's Forensic Protocol Order. Indeed, Plaintiffs concede that "the subpoena does not seek duplicative discovery" because "Horwith was not deposed in the state court action" and had not yet testified at trial due to the Covid-19 pandemic. (D. 89, p. 14). Whether or not Plaintiffs are entitled to a preservation deposition of the state-court-appointed forensic expert is a matter for the state court to decide, not the federal court. Given that the State Court Action is still active, although stayed, this Court is unwilling to modify the Forensic Protocol Order and will respect the principles of comity, courtesy, and federalism. *Tucker*, 191 F.R.D. at 499.

III.   CONCLUSION

For the foregoing reasons, this Magistrate Judge GRANTS Defendant's motion to quash the subpoena to Michael Horwith and motion for a protective order. (D. 85, D. 91).

It is FURTHER ORDERED that Plaintiffs are precluded from using the documents produced on April 7, 2021, as Plaintiffs violated the Scheduling Order.

Finally, Defendant's request for fees and costs associated with the motion for a protective order is DENIED.

Dated at Grand Junction, Colorado this June 6, 2021.

Gordon P. Gallagher
United States Magistrate Judge