**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P 5.2 and D.C.COLO LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 8 and 9 of Plaintiffs' Motion Seeking the Intervention of Judge Martínez in Discovery Disputes Under Practice Standard II.C ("Plaintiffs' Motion") (Dkt. 97, 98) and Exhibits 3 and 6 of Vail Health's Brief in Opposition to Plaintiffs' Motion ("Defendant's Response") (Dkt. 102, 103). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C. Colo.LCivR 7.1(a), Vail Health's counsel certifies that he conferred with Plaintiff's counsel via email on June 9, 2021, who opposes the relief requested in this motion.</u>

1.    Plaintiffs' Exhibits 8 and 9 and Defendant's Exhibits 3 and 6 are the same documents—namely, Defendant's responses to Plaintiff's First Set of Requests for Admission and responses to Plaintiffs' First Set of Interrogatories and Second Requests for the Production of Documents ("Discovery Responses"). These Exhibits contain confidential commercial

4841388.2

information, including sensitive non-public financial and business information relating to billing, referral sources, negotiations regarding joint ventures and services agreements, internal operating procedures, and other significant information driving Vail Health's marketing and strategic commercial decisions. Further, Plaintiff's First Set of Requests for Admission and Defendant's Responses incorporate information subject to the protective order entered in the Eagle County District Court. This information includes, but is not limited to, Medicare reimbursements, health insurance reimbursements, commercial lease negotiations, and discussions regarding Protected Health Information ("PHI").

2. On October 23, 2020, this Court entered a Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)."

3. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting

pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

4. Plaintiffs' Exhibits 8 and 9 and Defendant's Exhibits 3 and 6 were marked as "CONFIDENTIAL."[1]

5. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

6. If the information contained in Plaintiffs' Exhibits 8 and 9 and Defendant's Exhibits 3 and 6 were to be made public, Defendant would be competitively damaged and would be in violation of the Eagle County District Court Protective Order. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

7. Redaction of the confidential commercial information in these exhibits is not practicable, because confidential commercial information is interwoven throughout the responses provided by Vail Health and no less intrusive alternatives will provide Vail Health with adequate protection from harm.

8. Further, the public disclosure of the confidential commercial information is likely

---

[1] Plaintiffs' Exhibit 8 was originally designated as ATTORNEYS' EYES ONLY, however, after review of the information, Vail Health amended that designation to the less restrictive designation of CONFIDENTIAL.

to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreement and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

9. Vail Health is requesting restriction of only certain confidential documents. The remaining Exhibits attached to the Plaintiffs' Motion and Defendant's Response are not being filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 9th day of June, 2021.

  *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
            janet.savage@dgslaw.com
            jackie.roeder@dgslaw.com
            daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS was filed via CM/ECF on this 9th day of June, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens | Alan L. Kildow |
| Fahrenholtz & Wiens LLC | 790 Potato Patch Drive |
| 100 West Beaver Creek Blvd., Suite 236 | Vail, Colorado 81657 |
| Avon, Colorado 81620 | Email: akildow@aol.com |
| Email: fwlawyers@gmail.com | |

                                        *s/ Suzie Anderson*
                                        Suzie Anderson