# Exhibit 1

| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>Court Address:<br>885 Chambers Avenue, P.O. Box 597, Eagle, CO, 81631-0597 | DATE FILED: February 6, 2018 1:42 PM<br>CASE NUMBER: 2017CV30102 |
|---|---|
| **Plaintiff(s)** LINDSAY WINNINGER et al.<br>v.<br>**Defendant(s)** DORIS KIRCHNER et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2017CV30102<br>Division: 4    Courtroom: |
| **Order: Proposed Order - Stipulation for Protective Order and HIPAA Qualified Protective Order** | |

The motion/proposed order attached hereto: GRANTED.

Issue Date: 2/6/2018

*[signature: Frederick Walker Gannett]*

FREDERICK WALKER GANNETT
District Court Judge

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br>885 Chambers Avenue<br>Eagle, CO 81631 | |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲ COURT USE ONLY ▲<br>Case No: 2017CV030102 |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Div: 4  Ctrm: 4 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |
| **STIPULATION FOR PROTECTIVE ORDER AND<br>HIPAA QUALIFIED PROTECTIVE ORDER** | |

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of information should be treated as confidential, protected from disclosure outside this action, and used only for purposes of prosecuting

or defending this action and any appeals. The parties jointly request entry of this Protective Order and HIPAA Qualified Protective Order ("Protective Order") to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The parties further request this Protective Order so as to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), which provides that a qualified protective order may be issued by a court "with respect to protected health information…." 45 C.F.R. § 164.512(e)(1)(v).

In support of their request, the parties stipulate and agree that protection of the identified categories of confidential information is necessary, in part, because this case involves physical therapy services and certain patient health information. Some of the documents that may be produced in this case may also contain confidential employment, financial, trade secrets, or other proprietary commercial information. Moreover, some of the documents may contain records maintained in a complaint, investigation, or other confidential research.

Based on the foregoing, the parties stipulate that the Court may enter the following Protective Order:

**1.    Definitions.** As used in this Protective Order:

    (a)    "action" means the above-captioned matter including any appeals;

    (b)    "attorney" or "attorneys" mean counsel of record for a party to the action;

    (c)    "attorneys' eyes only" means nonpublic information that the producing party deems so competitively sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors;

    (d)    "attorneys' eyes only protected health information" means documents that the producing party contends contains PHI;

2

(e) "confidential" means documents containing trade secret, or other confidential research, development, or commercial information within the scope of C.R.C.P. 26(c)(7);

(f) "court" means the Eagle County District Court and its personnel;

(g) "document" means information disclosed or produced in discovery, including at a deposition. Such information includes (a) materials within the scope of C.R.C.P. 34(a); (b) exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all written, recorded, graphic, or electronically-stored information; (c) copies, notes, abstracts, excerpts, or summaries; (d) pleadings, affidavits, declarations, briefs, motions, transcripts, or other writings; and (e) expert reports, exhibits to support expert opinions, and data or other information considered by the expert in forming opinions subject to any limitations under C.R.C.P. 26(a)(2)(B) and 26(b)(4);

(h) to "destroy" electronically-stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(i) "forensic examination" means the forensic examination of certain devices and information stipulated to by the parties or ordered by the court;

(j) "match" means the documents of Winninger, Sports Rehab, or Cimino that are found to be in common with Vail Health as demonstrated by the forensic examination;

(k) "notice" or "notify" means written notice;

(l) "outside independent persons" means persons or firms retained by a party or its attorneys to provide technical or expert services, including trial and jury project consultants;

(m) "outside vendors" means messenger, copy, coding, document management, document review, court reporters, videographers, and other service vendors not employed by a party or its attorneys;

(n) "party" or "parties" means any party named in this action and "party group" means respectively (1) Winninger and Sports Rehab, (2) Kirchner and Vail Health, and (3) Cimino;

(o) "PHI" means "protected health information" as defined in § 3 below;

3

(p) "physical therapy patient overlap" means the physical therapy patients of Winninger, Sports Rehab, or Cimino that are in common with Vail Health as demonstrated by the forensic examination or otherwise agreed to by the parties;

(q) "privileged document" means a document protected by a privilege or the work-product doctrine; and

(r) "protected information" means information designated as either "attorneys' eyes only," "attorneys' eyes only protected health information," or "confidential" under this Protective Order and includes any document, transcript, or other material containing or summarizing any protected information.

## 2. Protected Information Limited To This Action.

All protected information produced in this action shall be used for purposes of this action only and shall not be used for any other personal, business, commercial, or competitive purpose.

## 3. HIPAA Disclosures Of Protected Health Information.

(a) The parties and their attorneys are authorized to receive, subpoena, and transmit "PHI" related to this action to the extent and subject to the conditions outlined in this Protective Order.

(b) For purposes of this Protective Order, "PHI" shall have the same scope and definition set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(c) All "covered entities" as defined by 45 C.F.R. § 160.103 are authorized to disclose PHI to attorneys for the parties in response to a court order, subpoena, discovery request, or other lawful process.

(d) Subject to this Protective Order, the parties and their attorneys shall be permitted to use or disclose any party's PHI to outside independent persons, outside vendors, or the court for purposes of prosecuting or defending this action.

(e) Before disclosing PHI to anyone involved in this action, the attorney shall inform each person that PHI may not be used or disclosed for any purpose other than this action. The attorney shall take all other reasonable steps to ensure that anyone receiving PHI does not use or disclose the information for any purpose other than this action.

(f) Within 45 days after the conclusion of the action, the parties, the attorneys, and any person or entity in possession of PHI from this action, shall return the PHI to the covered entity or destroy any and all copies of PHI, *except* that the attorneys are not required to secure the return or destruction of PHI submitted to the court.

(g) This Protective Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(h) Nothing in this Protective Order authorizes an attorney for any party to this action to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process such as court orders.

(i) All PHI produced in this action shall be branded "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION" and shall only be used for purposes of this action.

(j) No person receiving an attorneys' eyes only protected health information document may reveal it except to those identified in § 7(a) below.

**4.     Designating Documents And Information As Protected Information.**

The parties shall not indiscriminately mark documents they produce as protected information. Rather, the designation shall be used only when there is a reasonable and good faith basis for designating each particular document at the level selected consistent with the definitions of "confidential," "attorneys' eyes only," and "attorneys' eyes only protected health information." The party designating a document as protected information bears the burden of proving the appropriateness of any such designation.

For protected information to be protected by this Protective Order, the party producing the protected information shall:

(a) Brand the document "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." If the entire document does not constitute protected information, only those pages or sections that constitute protected information are to be branded as protected information. If branding the document is not practical, the producing party may separately designate in writing by description or document identification number.

(b) If the protected information is contained in ESI that is disclosed in native format, the producing party shall produce a metadata field or affix upon the document image an identifier that identifies the level of protection as "CONF," "AEO," or "AEO PHI."

(c) Deposition testimony may be designated as protected information:

(1) on the record at the deposition for only those portions containing protected information; or

(2) after the deposition by notifying the parties in writing within 14 days of the full and complete deposition being sent to the deponent and identifying by page and line number those portions containing protected information. All deposition transcripts taken in this action will be treated as "attorneys' eyes only" for this 14-day period.

(d) If a witness is expected to testify as to protected information, the party or nonparty that designated the protected information may insist that the witness's deposition be taken in the presence of only those persons entitled to receive protected information at the level of protection identified. This provision only applies to those portions of the deposition in which the witness testifies about the protected information.

(e) Trade secrets may fall within various categories of protected information. The disclosure of information relating to a trade secret during this action shall not constitute a waiver of trade secret protection unless the trade secret owner expressly consents to such waiver. If a party inadvertently fails to designate a trade secret document as protected information, it may correct the designation upon discovering the error. A party's inadvertent failure to designate a document as protected information may not be used as evidence that such document does not qualify for trade secret protection, so long as the party promptly takes reasonable steps to rectify the error. In the event a trade secret document is corrected to include a

6

protected information designation, the parties shall seek return of any trade secret document that is so designated if it was previously distributed to someone not allowed to have access under this Protective Order. A party's identification of a claimed trade secret document in no way precludes any party from challenging the document's designation as protected information, disputing whether a document is a trade secret or not, or challenging the manner in which a document was maintained in the normal course of business.

**5.     This Protective Order And Nonparties.**

A party serving a subpoena on a nonparty must simultaneously serve a copy of this Protective Order. The nonparty may designate documents as protected information in accordance with § 4 above. Within 28 days of production, the parties may also designate any nonparty documents as protected information.

**6.     Who May Receive A "Confidential" Document.**

    (a)   No person receiving a confidential document may reveal it, except to:

        (1)   a party;

        (2)   an attorney or an attorney's partner, associate, or staff;

        (3)   a person shown on the face of the confidential document to have authored or received it;

        (4)   the court;

        (5)   outside vendors; and

        (6)   any outside independent persons who sign the declaration in substantially the form attached as Exhibit A.

    (b)   If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

7. **Who May Receive An "Attorneys' Eyes Only" Or "Attorneys' Eyes Only Protected Health Information" Document.**

   (a) No person receiving an attorneys' eyes only or attorneys' eyes only protected health information document may reveal it, except to:

   (1) an attorney or an attorney's partner, associate, or staff, which does not include inside counsel for the party;

   (2) a person shown on the face of the attorneys' eyes only or attorneys' eyes only protected health information document to have authored or received it by means unrelated to this action;

   (3) the court;

   (4) outside vendors; and

   (5) any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the form attached as Exhibit A.

   (b) Upon completion of the forensic examination, the attorneys' eyes only and attorneys' eyes only protected health information shall be modified to the extent the forensic examination demonstrates a match of documents or information between the parties. In the event there is a match, a party representative from each party with the match shall be allowed to review the documents or information. Additionally, for any match for any physical therapy patient, a party representative from each party with the match shall be allowed to review any documents or information related to those patients that are contained on the devices that are subject to the forensic examination. Parties may not view attorneys' eyes only or attorneys' eyes only protected health information documents except as allowed by this § 7(b). Before reviewing any documents or information under this subsection, the party representative must sign the written assurance in substantially the form attached as Exhibit A.

   (c) If an attorneys' eyes only or attorneys' eyes only protected health information document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

   (d) Nothing precludes the party designating a document as attorneys' eyes only or attorneys' eyes only protected health information from disclosing that document to a person or entity not listed above but who has prior knowledge of the information in the document. Any such disclosure will not be deemed a waiver as to the disclosing party's designation of a document as attorneys' eyes only.

8

**8.      Correcting An Error In Designation.**

A party or nonparty that discloses or produces protected information not designated may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as protected information. The newly-designated document will be treated as if it had originally been designated as protected information.

**9.      Changing The Designation Of Protected Information.**

  (a)   **Document Disclosed Or Produced By A Party.**  Protected information disclosed or produced by a party remains protected information unless the parties agree to change its designation or the court orders otherwise.

  (b)   **Document Produced By A Nonparty.**  Protected information produced by a nonparty remains protected information unless the nonparty agrees to change its designation or the court orders otherwise after providing an opportunity for the nonparty to be heard.

  (c)   **Changing A Designation By Court Order.**  A party who cannot obtain agreement to change a designation may move the court at any time for an order changing the designation.  If the motion affects a document produced by a nonparty then, with respect to the motion, that nonparty is entitled to the same notice and opportunity to be heard as a party.  The party or nonparty who designated a document as protected information must show that the designation satisfies C.R.C.P. 26(c).

**10.     Use Of Protected Information At Depositions And In Court.**

  (a)   **Depositions.**  Any party may use protected information during a deposition subject to the terms of this Protective Order.

  (b)   **Filing.**  If a party files protected information with the court, it shall e-file the protected information under the category "case parties and served parties—suppressed." Any party may file a motion to restrict public access under C.R.C.P. 121, § 1-5.  A document subject to a motion to restrict shall continue to be restricted until the motion is determined by the court.

(c) **Presentation At A Hearing Or Trial.** A party intending to present another party's or a nonparty's protected information at a hearing or trial must promptly notify the other party or the nonparty so that the other party or nonparty may seek whatever relief is deemed necessary from the court. A party is not precluded from seeking guidance from the court at any time regarding the use of protected information at trial or any other hearing of this action, including the removal of any designation of protected information placed on a specific document in this action.

11. **Inadvertent Disclosure Or Production To A Party Of A Privileged Document.**

    (a) **Notice.**

    (1) A party or nonparty who discovers that it has inadvertently disclosed or produced a privileged document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or nonparty provides such notice and description, the privilege or protection is not waived.

    (2) A party who discovers that it may have received an inadvertently disclosed or produced privileged document must promptly notify the disclosing or producing party or nonparty.

    (b) **Handling Of Privileged Document.** A party who is notified or discovers that it may have received a privileged document must comply with C.R.C.P. 26(b)(5)(B).

    (c) **Limitations On Waiver.** The parties shall have the benefit of all limitations on waiver afforded by Colorado Rule of Evidence 502.

12. **Security Precautions And Data Breaches.**

    (a) Each party must make reasonable efforts to protect the confidentiality of any protected information disclosed or produced to that party.

    (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

13. **Handling Protected Information After Termination Of Action.**

    (a) Within 60 days after the termination of this action, each party must:

    (1) return or destroy all protected information; and

    (2) notify the disclosing or producing party that it has returned or destroyed all protected information within the 60-day period.

    (b)    Notwithstanding § 13(a), each attorney may retain a copy of any protected information submitted to the court subject to § 14.

**14.   Survival of Obligations.**

The obligations imposed by this Protective Order survive the termination of this action.

**AS AGREED AND STIPULATED BY:**

Dated this 8th day of January, 2018.

| | |
|---|---|
| *s/ Elizabeth M. Brama* <br> Elizabeth M. Brama, #48634 <br> Briggs and Morgan, P.A. <br> 2200 IDS Center <br> 80 South 8th Street <br> Minneapolis, MN  55402 <br> (612) 977-8400; (720) 778-5461 <br> ebrama@briggs.com <br><br> Alan L. Kildow (*pro hac vice*) <br> 15204 Wildwood Road <br> Burnsville, MN 55306 <br> alkildow@aol.com <br><br> Attorneys for Plaintiffs and Counter-Defendants Lindsay Winninger and Sports Rehab Consulting LLC <br><br> *s/ John W. Madden, III* <br> John W. Madden, III, #5125 <br> The Madden Law Firm <br> 999 18th Street <br> Suite 1500 South <br> Denver, CO  80202 <br> (303) 436-1111 <br> madden@themaddenfirm.com <br><br> Attorney for Third-Party Defendant David J. Cimino | *s/ Janet A. Savage* <br> Janet A. Savage, #11653 <br> Richard F. Lee, #46158 <br> Davis Graham & Stubbs LLP <br> 1550 Seventeenth Street <br> Suite 500 <br> Denver, CO  80202 <br> (303) 892-9400 <br> janet.savage@dgslaw.com <br> rick.lee@dgslaw.com <br><br> Attorneys for Defendant Doris Kirchner and Defendant, Counter-Plaintiff, and Third-Party Plaintiff Vail Clinic, Inc. |

11

## **EXHIBIT A**

### **Written Assurance**

_____ declares that:

I reside at _____in the City of _____, County of _____, State of _____.  My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Qualified Protective Order that is dated _____ filed in Case No. 2017CV030102, pending in the District Court for the County of Eagle, State of Colorado.  I agree to comply with and be bound by the provisions of the Protective Order and HIPAA Qualified Protective Order.  I understand that any violation of the Protective Order and HIPAA Qualified Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS EYES ONLY PROTECTED HEALTH INFORMATION" obtained under the Protective Order and Qualified Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order and Qualified Protective Order.  I shall not copy or use such documents except for the purposes of this action and under the terms of the Protective Order and Qualified Protective Order.

As soon as practical, but no later than 28 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or if applicable, "ATTORNEYS EYES ONLY PROTECTED HEALTH INFORMATION," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the Colorado District Court for the County of Eagle for the purpose of enforcing or otherwise providing relief relating to the Protective Order and Qualified Protective Order.

Executed on _____       _____
           (Date)                                                               (Signature)

## PROTECTIVE ORDER AND HIPAA QUALIFIED PROTECTIVE ORDER

Under C.R.C.P. 26(c) and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a Protective Order and HIPAA Qualified Protective Order as stipulated and requested by the parties.

IT IS, THEREFORE, **HEREBY ORDERED** that the foregoing, including any modifications made by the Court, is and shall be the Protective Order and HIPAA Qualified Protective Order in this case.

Dated: January ___, 2018.

**BY THE COURT:**

_____
Frederick W. Gannett
District Court Judge

8498052v14

Attachment to Order - 2017CV30102