# Exhibit 1

**DISCOVERY DISPUTE PROCEDURES**

United States Magistrate Judge Gordon P. Gallagher

United States District Court for the District of Colorado
Wayne Aspinall United States Courthouse
400 Rood Avenue
Grand Junction, CO  81501
(970) 241-8932
Gallagher_Chambers@cod.uscourts.gov

These Discovery Dispute Procedures are intended to help clarify the procedures that this court uses, but they are not intended to be exhaustive. Nor are they intended to supersede either the Practice Standards of a presiding Article III District Judge, or the Local Rules of the District of Colorado. The discovery procedures set forth herein apply in all cases before me, unless the presiding Article III District Judge has different requirements that would explicitly supersede these procedures.

**DUTY TO MEET AND CONFER**

Consistent with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice of the District of Colorado, parties have an obligation to meet and confer prior to filing certain motions and to initiate an informal discovery dispute resolution process with this Magistrate Judge. The duty to meet and confer requires the parties to discuss the specific dispute at issue and the requested relief, **preferably by telephone or in person and not through written correspondence**, and provide opposing counsel a reasonable amount of time to respond prior to the filing of the motion.

This informal discovery dispute procedure is applicable to any case for which I am the presiding judge by consent or the referral Magistrate Judge for purposes of pretrial proceedings including discovery, **EXCEPT** cases involving *pro se* prisoners.

Prior to contacting Chambers to initiate an informal discovery conference, Counsel shall fully meet and confer in accordance with D.C.COLO.LCivR 7.1(a) in an attempt to narrow or resolve discovery-related disputes.

If the dispute is not resolved or not resolved in-full through conferral with opposing counsel, counsel then must agree on a mutually convenient time to call the Court to inquire about setting an informal discovery conference regarding all disputes about which they have fully conferred but failed to reach agreement. Requests to extend deadlines are not considered discovery disputes, and, as such, parties should not call my chambers to set an informal discovery conference to obtain an extension of deadlines.

1

No attorney can insist on contacting the Court to discuss the potential setting of an informal discovery conference at a time when another attorney is not available. If an attorney is not available for a conference call to the Court, he/she must provide opposing counsel with alternate dates and times to contact the Court. This provision is designed to eliminate the possibility that one party will have an unfair advantage over another in preparation for an informal discovery conference.

**Before** filing any discovery motion, please contact my Chambers with all counsel representing Parties to the particular discovery dispute or the *pro se* party to set an informal discovery conference. I expect that before the Parties contact my Chambers requesting an informal discovery conference, the Parties will have met and conferred, either in person or by telephone.  The duty to confer is important and not to be given lip-service.  Have a cup of coffee, really talk to your opposing counsel.  I know many of you do and it makes the practice of law so much more pleasant and better for all involved.

Your conferral shall include the following:

- Discussion in detail of the dispute to be presented to the court;
- Each Party clearly stating its position and any position of compromise that is acceptable to it; and
- Each Party identifying its basis for its position.

*Written Discovery*. If the dispute involves written discovery, **at least one day prior** to the informal discovery conference, the Parties must complete and submit a written discovery dispute chart in the following example form, with the most persuasive authority included:

| Issue | Moving Party's Position | Opposing Party's Position |
|---|---|---|
| Interrogatory No. 1 | Party has a privacy interest with respect to health care condition which has not been waived by the fashion in which it has been placed at issue in the case. *Carter v. Loucks*, No. 12-CV-01381-WYD-KMT, 2013 WL 328959 *2 (D. Colo. Jan. 29, 2013). | Party relying on their mental condition as an element of their claim may not assert the privilege. *Fox v. Gates Corp.*, 179 F.R.D. 303, 306 (D. Colo. 1998). |

The moving party must submit the chart, the disputed discovery request, and the response to the disputed discovery request to my Chambers to the following email address: Gallagher_Chambers@cod.uscourts.gov. It should not be filed on the court's Electronic Court Filing system. The Parties should only submit *one* final version of the chart reflecting each Party's position in the same document. Separate charts containing only one Party's position on each of the issues will not be accepted. Should a formal discovery motion follow, the chart may then be included in any filing.

2

*Document Privilege Issues.* Parties having issues related to the invocation of privilege are expected to provide a privilege log with respect to the documents at issue that can be submitted to the court. To the extent that a party contends that creating such a privilege log would be too onerous, the court expects that the party forwarding that position will be prepared to address the burden in specific terms during the informal discovery conference.

*Depositions.* If a dispute arises at a deposition, the Parties still must meet and confer regarding the issue in the manner set forth above before contacting Chambers. That meet and confer can/should occur immediately as both counsel are present at the deposition and the Court may be contacted immediately if doing so can prevent cancellation/conclusion of a pending/active deposition. Parties must meet and confer immediately during depositions except under the most extreme circumstances. Parties who have disputes over the topics and/or scope of a Rule 30(b)(6) deposition, as written in the notice of deposition, are expected to raise such issues prior to the commencement of the Rule 30(b)(6) deposition.

If it becomes clear that the Parties have not had an adequate meet and confer, or that one Party is trying to use the informal discovery process as improper leverage, I may *sua sponte* terminate the informal discovery conference and impose other sanctions if warranted.

The informal discovery conferences occur on the record. I conduct these conferences on the record in hopes of avoiding further disputes over what occurred or how the court ruled or provided guidance during such conference. Unless you advise my staff otherwise, you should expect that these informal discovery conferences will be limited to 30 minutes. You may order transcripts of these informal discovery conferences by contacting my Courtroom Deputy, Angela Barnes, at (970) 241-8932.

Effective: March 1, 2017

Gordon P. Gallagher
United States Magistrate Judge