**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-2075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION SEEKING THE INTERVENTION OF
JUDGE MARTÍNEZ IN DISCOVERY DISPUTES UNDER PRACTICE STANDARD II.C**

---

This contentious antitrust dispute is before the Court on Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger's (jointly, "Plaintiffs") Motion Seeking the Intervention of Judge Martínez in Discovery Disputes Under Practice Standard II.C ("Motion"), filed on May 27, 2021.  (ECF No. 97.)  Defendant Vail Clinic, Inc. ("Vail Health") responded in opposition on June 4, 2021.  (ECF No. 102.)

In the Motion, Plaintiffs request that the undersigned intervene in the discovery process in this case pursuant to WJM Practice Standard II.C, which provides:

> The Magistrate Judge and I will work together as a team to manage your case and administer justice to the best of our abilities.  Among other responsibilities s/he has in your case, the Magistrate Judge will generally manage pretrial discovery and adjudicate any pretrial discovery disputes which might arise.  I reserve the right, however, to handle any pretrial matters that I deem necessary, including matters relating to pretrial discovery disputes.  I strongly encourage the parties to consult the Court's Electronic Discovery Guidelines and Checklist, available on the Court's website at

http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/ ElectronicDiscoveryGuidelinesandChecklist.aspx.

According to Plaintiffs, "discovery has gone wildly astray through abusive discovery tactics of Defendant Vail Health." (ECF No. 97 at 2.) Plaintiffs provide a lengthy list of complaints against Vail Health's conduct during discovery, including:

- Refusing to engage in discovery for months and even after this Court had lifted the discovery stay in August 2020.

- Failing to respond to written discovery within the 30-day time limit without leave of court.

- Taking five months to produce 57 documents and even then the production is incomplete and does not include even those documents identified in the Rule 26(a)(1) disclosures.

- Even after taking 60 days to serve responses to a second set of discovery requests, then Vail Health asserted it needed an additional 30 days to produce documents, which still have not been produced.

- Failing to fully and forthrightly answer interrogatories served under Rule 33.

- Refusing to respond to certain requests for admissions served under Rule 36 and improperly qualifying others.

- Refusing to engage in meet-and-confer calls in a timely fashion, as required by the rules and practices of this Court.

- Refusing to discuss all discovery issues when Vail Health finally agreed to participate in a meet and confer and then terminating the call that was less than one-third complete.

- Insisting that the only issues that can be discussed during a meet and confer are those items set out specifically identified in an e-mail well before a call takes place.

- Asserting documents are privileged and yet have

2

>  produced no privilege log.
>
>  - Objecting to subpoenas served on third parties and filing motions to quash and for protective orders.
>
>  - Obstructing the discovery process in violation of Rules 26 and 37.

(*Id.* at 2–3.)  Further, Plaintiffs accuse Vail Health of interposing Federal Rule of Civil Procedure 12(b)(6) dispositive legal arguments into their discovery objections.  (*Id.* at 3.)

Plaintiffs also raise a litany of complaints about the manner in which United States Magistrate Judge Gordon P. Gallagher has presided over the discovery process thus far.  Specifically, they complain that the discovery procedures implemented by Judge Gallagher have "prevented [them] from filing any motions to compel because such motions are not authorized by the Magistrate Judge's practices unless, and until, the Magistrate Judge authorizes such motions, which is antithetical to the rules of civil procedure."  (*Id.* at 8.)

Further, Plaintiffs argue that "the intervention of this Court, with its knowledge of antitrust law, is desperately needed in this case."  (*Id.* at 3.)  They state that "it is necessary to have a referee grounded in basic antitrust law" to move this case forward, and are of the view that the undersigned "could quickly break this discovery logjam."  (*Id.* at 10.)  Incredibly, Plaintiffs then state that "if the Magistrate Judge is not well grounded in at least some of the basic principles of antitrust law," they will be unable to meet their discovery deadline, and discovery "will drag on interminably."  (*Id.* at 10–11.)

In its response in opposition to the Motion, Vail Health disagrees with Plaintiffs' characterization of this case, arguing that the Motion "grossly mischaracterizes these

3

proceedings and disparages Vail Health's counsel and Magistrate Judge Gallagher to gain strategic advantage." (ECF No. 102 at 3.) Vail Health states that it believes that Magistrate Judges are generally best positioned to adjudicate discovery disputes, and thus opposes the removal of Judge Gallagher from his supervisory role over discovery here. (*Id.* at 2.) While the Court will not recount all of the details of the response, the Court acknowledges that Vail Health addresses Plaintiffs' arguments and provides thorough responses and explanations regarding the parties' purported discovery disputes.

For the following reasons, the Court agrees with Vail Health's account of the proceedings and will deny the Motion. In making the following observations, the Court reminds counsel for Plaintiffs of the undersigned's power under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Given this statutory language, "[a] court may assess attorney[s'] fees against an attorney under § 1927 if (a) the actions of the attorney multiply the proceedings, and (b) the attorney's actions are vexatious and unreasonable." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000).

As an initial matter, the Court observes that Plaintiffs and Vail Health have been litigating the same facts at issue in this case in Eagle County District Court for over four years ("State Case"). To its response, Vail Health attaches the docket sheet for the State Case, which is over 350 pages long. (ECF Nos. 102-1–102-9.) Vail Health points

4

out that in the State Case, the parties have produced more than 65,000 pages of documents, conducted scores of depositions, and had approximately 80 motions adjudicated. (ECF No. 102 at 1–2.) Importantly, under the operative Scheduling Order, discovery from the State Case may be used in this case as if produced here. (*See* ECF No. 71.) However, while both parties may use the prodigious amount of discovery already produced, Plaintiffs nonetheless complain that they "have received virtually no discovery to date." (ECF No. 97 at 2.) Given Plaintiffs' access to discovery from the State Case for use in this litigation, this is a manifestly false and misleading statement by their counsel.

While the Court will not take up all of the myriad issues Plaintiffs raise in the Motion, it will address a representative sample which demonstrates the vexatious nature of Plaintiffs' Motion and the relief requested therein. First, Plaintiffs argue that Vail Health has refused to produce documents required for them to pursue their antitrust claims. (*Id.*) As noted above, Plaintiffs have access to the immense amount of discovery produced in the State Case and supplemental discovery that has already occurred and remains ongoing here. Moreover, Vail Health avers that it "does not contend that no supplemental discovery is necessary in this proceeding." (ECF No. 102 at 7.) To that end, Vail Health has agreed to produce documents such as financial documents for Howard Head Sports Medicine, documents reflecting prices charged for physical therapy services, and documents reflecting its evaluation of which physical therapy or other service providers it considers to be competitors of Howard Head Sports Medicine's physical therapy services, among others. (*Id.*)

Plaintiffs also take issue with Vail Health's responses to interrogatories and

5

requests for admission.  (ECF No. 97 at 2.)  While Vail Health acknowledges that it asserted objections, it also provided substantive, detailed responses to nearly all interrogatories and discovery and briefing on Plaintiffs' requests for admission remain ongoing.  (ECF No. 102 at 8–9.)  Overall, the Court discerns no abusive discovery practices by Vail Health.

Next, the Court addresses the highly unprofessional disparagement of Judge Gallagher by Plaintiffs' counsel in the Motion.  The Court is aware that Judge Gallagher felt forced to end one discovery conference in this case early due to Plaintiffs' counsel's unprofessional conduct; specifically, Plaintiffs' counsel was not listening to Judge Gallagher, would not stay silent, and came perilously close to contempt of court.

Further, the Court has described above some of the statements Plaintiffs have made in the Motion which challenge Judge Gallagher's knowledge of antitrust law and ability to supervise discovery in this case.  The Court takes extreme umbrage at Plaintiffs' disparaging statements about a fellow judicial officer.  For instance, Plaintiffs essentially accuse Judge Gallagher of not knowing the meaning of the term "combination" as used in § 2 of the Sherman Act when the issue arose at a discovery dispute conference on March 30, 2021.  (ECF No. 97 at 10.)  However, in the response, Vail Health clarifies that Plaintiffs "materially misrepresent the exchange" with Judge Gallagher, whose full question was: "[W]hat is your definition of combined or combination *as it specifically applies to this circumstance*?"  (ECF No. 102-12 at 12 (emphasis added).)

Plaintiffs' counsel's general insinuation that Judge Gallagher is not well grounded in the basic principles of antitrust law, and that this forms the basis of what he believes

6

to be the impediment to Plaintiffs' ability to meet their discovery deadlines is nothing short of outrageous.  (ECF No. 97 at 10–11.)  Vail Health points out in the response that Plaintiffs themselves have delayed progress in this matter by failing to serve discovery responses and objections until March 30, 2021, nearly four months late, and failing to serve initial disclosures until February 15, 2021, also four months late.  (ECF No. 102 at 9–10 (citing ECF Nos. 102-14, 102-15).)  Further, Plaintiffs did not serve their written discovery until the last day of the period to serve written discovery—March 1, 2021.

Additionally, Plaintiffs' complaints about Judge Gallagher's "informal dispute resolution process" are unfounded.  (ECF No. 97 at 13.)  While Judge Gallagher encourages parties to contact his chambers to set an informal discovery conference before filing any discovery motion, he does not *prohibit* any party from filing a discovery motion once they have taken the steps set forth in his Discovery Dispute Procedures.  Moreover, to the undersigned's understanding, a variation on this initial informal process for the resolution of discovery disputes is used by every other Magistrate Judge in this federal district court.

The Court also notes Plaintiffs' statement that the antitrust legal issues in Vail Health's objections to their discovery requests "will undoubtedly need to be addressed by the Court on appeal from any formal decision by the Magistrate Judge."  (ECF No. 97 at 15.)  Essentially, it appears as though Plaintiffs have decided to appeal *any* ruling by Judge Gallagher.  To wit, since Plaintiffs filed the instant Motion, they have also objected to not one, but two of Judge Gallagher's rulings under Federal Rule of Civil Procedure 72(a).  (ECF Nos. 108, 112.)  The Court takes strong exception to what appears to be a preemptive, strategic decision by Plaintiffs to reflexively appeal any and

7

all discovery orders. Plaintiffs and their counsel are on notice that if they file meritless objections to Judge Gallagher's orders, the Court will seriously consider the entire range of sanctions available to it under the authority cited above, including without limitation the imposition of significant monetary sanctions directly on Plaintiffs and/or their counsel.

Accordingly, for the foregoing reasons, the Motion (ECF No. 97) is DENIED. The Court is separately mailing a copy of this Order on Plaintiffs individually.

Dated this 18th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

8