**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS'
OBJECTION AND APPEAL OF THE JUNE 6, 2021 ORDER GRANTING
DEFENDANT'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO
MICHAEL HORWITH AND MOTION FOR PROTECTIVE ORDER**

---

Defendant Vail Clinic, Inc., d/b/a/ Vail Health ("Vail Health") submits this brief in opposition to Plaintiffs' Objection and Appeal of the June 6, 2021 Order Granting Defendant's Motion to Quash Plaintiffs' Subpoena to Michael Horwith and Motion for Protective Order (Doc. 108) ("Objection").

**PRELIMINARY STATEMENT**

Plaintiffs object to Judge Gallagher's June 6, 2021 order (Doc. 105 ("Order")), which quashed a document and deposition subpoena Plaintiffs served on Michael Horwith, the independent forensic expert appointed by the State Court in *Winninger et al. v. Vail Clinic, Inc., et al.*, 2017CV30102 (Colo. Dist. Ct., Eagle Cnty.) ("State Court Action" or "State Court"). The Order held that because the State Court forensic protocol prohibited the parties from having direct communications with Mr. Horwith, enforcement of the subpoenas would violate State Court orders,

which could place Vail Health and its counsel at risk of contempt. The Order also reached the sensible conclusion that what, if any, measures should be taken to preserve the testimony of Mr. Horwith—the independent expert appointed by the State Court—should be decided by the State Court. In response to Judge Gallagher's common-sense, well-supported Order, Plaintiffs' Objection raises at least ten distinct purported errors. All of Plaintiffs' arguments are meritless, and many are frivolous and vexatious. For example, Plaintiffs even accuse Judge Gallagher of being biased against Plaintiffs and in favor of Vail Health. The arguments in Plaintiffs' Objection are meritless and provide no basis for overturning the Order.

In any event, there will soon be no need for this Court to be involved in any way in matters related to Mr. Horwith. The Colorado Supreme Court issued its opinion with respect to Plaintiffs' C.A.R. 21 petition on June 14, 2021. Once the mandate issues (likely in the next week), the State Court stay will be lifted, and the State Court can address any issues concerning Mr. Horwith. That the State Court will soon be able to adjudicate Plaintiffs' arguments regarding Mr. Horwith provides yet an additional reason not to disturb the Order.

## BACKGROUND

On March 8, 2021, Plaintiffs issued a subpoena for documents and deposition to Michael Horwith ("Horwith Subpoena"), who is an independent forensic computer expert appointed by the State Court. (Doc. 85-2.) As this Court is aware, Plaintiffs brought the State Court Action in 2017, and it concerns factual and legal allegations that substantially overlap with the allegations in this case. Mr. Horwith was appointed by the State Court to examine certain computers and devices owned by Plaintiffs Lindsay Winninger and Sports Rehab Consulting, LLC ("SRC") and their employee, David Cimino. While working on behalf of SRC prior to the termination of his

employment with Vail Health, Mr. Cimino downloaded thousands of Vail Health patient files and other documents. Mr. Horwith was given the narrow task of performing a forensic analysis of certain electronically stored information in the possession of Ms. Winninger and SRC to determine to what extent the documents that Mr. Cimino downloaded while working on behalf of SRC had been transferred to Ms. Winninger and SRC. The protocols governing Mr. Horwith's limited work were the subject of protracted negotiation and litigation in the State Court Action, and resulted in a series of forensic protocol orders issued by the State Court to govern Mr. Horwith's work and the parties' communications with him. Mr. Horwith ultimately issued a report setting forth his findings.

On March 22, 2021, Vail Health served Plaintiffs with an objection to the Horwith Subpoena. (Doc. 85-2.) After negotiations regarding the Horwith Subpoena were unsuccessful, Vail Health filed a motion to quash the subpoena on April 2, 2021 ("Motion to Quash"). (Doc. 85.) After Plaintiffs expressed their intention to proceed with enforcement of the document and deposition subpoena (including Mr. Horwith's deposition) despite Vail Health's motion to quash, Vail Health filed a motion for protective order on April 7, 2021 ("Motion for Protective Order"), which sought a limited stay of enforcement of the Horwith Subpoena until the Motion to Quash could be decided. (Doc. 91.) Vail Health moved to quash the Horwith Subpoena for two reasons:

- *First*, the subpoena itself, the document production requested of Mr. Horwith, and a deposition of Mr. Horwith all would violate the forensic protocol orders issued by the State Court. Although Vail Health moved the State Court to enforce the protocols after Plaintiffs served the Horwith Subpoena, the State Court Action was stayed by the Colorado Supreme Court just one day after Vail Health's motion was filed. Because

- the subpoena conflicts with the State Court's orders, allowing it to remain in force would place an undue burden on Vail Health (and Mr. Horwith) to risk being in contempt of the State Court's orders and would violate principles of comity.

- *Second*, the subpoena imposes an undue burden on Vail Health because it seeks to duplicate discovery conducted in the State Court Action. In their scheduling order, the parties agreed that "[w]ithout waiving objections as to relevancy or admissibility, . . . discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Dkt. No. 71, § 6.e, p. 19.) Nearly all the documents sought from Mr. Horwith were produced in the State Court Action and are thus already considered part of discovery in this case. Given the extensive amount of time and effort already expended on this issue, there is no need to re-litigate Mr. Horwith's work in this case or to allow Plaintiffs to avoid the limits the State Court placed on discovery that it authorized.

On June 6, 2021, after giving the parties an opportunity to further confer regarding the Horwith subpoena, Judge Gallagher granted Vail Health's motion to quash the Horwith Subpoena. (Doc. 105.) Judge Gallagher first concluded that Vail Health had standing to challenge the Horwith Subpoena, citing the provisions of the State Court Forensic Protocol Orders prohibiting the parties from directly communicating with Mr. Horwith and Vail Health's interest in not violating State Court orders. (*Id.* at 8.) Judge Gallagher then rejected Plaintiffs' argument that the parties failed to confer regarding the Motion to Quash, finding, *inter alia*, "the parties attempted to confer, but that Plaintiffs' counsel was ultimately non-responsive and planned to continue with the deposition." (*Id.* at 10-11.) Turning to the Motion to Quash's merits, Judge Gallagher

concluded that the deposition of Mr. Horwith would violate the State Court Forensic Protocol Orders' prohibition on direct communications between Mr. Horwith and the parties' counsel and that "[w]hether or not Plaintiffs are entitled to a preservation deposition of the state-court-appointed forensic expert is a matter for the state court to decide, not the federal court." (*Id.* at 14-15.)  With respect to the document subpoena, Judge Gallagher held that the subpoena was unnecessary to the extent it sought production of documents already produced in the State Court Action, which may be used in this action per the Scheduling Order. (*Id.* at 14.)  Judge Gallagher held that Plaintiffs were precluded from using the documents Mr. Horwith re-produced in this action in response to the Horwith Subpoena because the Horwith Subpoena "violated the Scheduling Order."  (*Id.* at 14.)

## LEGAL STANDARD

Under Rule 45, a court is permitted to quash a subpoena under certain circumstances, including preventing the "disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  Rule 26(c) allows the court for good cause to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(B).  The decision to grant or deny a protective order is "vested in the district court's discretion."  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

A Magistrate Judge's order regarding nondispositive matters should only be set aside if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72.

## ARGUMENT

Plaintiffs contend that Judge Gallagher's Order should be reversed due to at least *ten* purported clearly erroneous findings or holdings that are contrary to law.  None of the issues

Plaintiffs raise provide any basis to disturb the Order, and most are frivolous. Vail Health responds to each issue Plaintiffs raise, using the same numbering Plaintiffs use in their Objection.

**(1)** Plaintiffs' first claimed error is that "[i]t makes little or no sense to throw two years of expert analysis . . . out the window" and that "[t]he waste that may result if Horwith remains beyond the subpoena power of this Court . . . results in reversible error." (Doc. 108 at 4.) Plaintiffs cite no authority for that contention. In any event, Judge Gallagher's Order did not throw Mr. Horwith's analysis "out the window" or hold that Mr. Horwith's analysis was not admissible. Rather, the Order held that how, if at all, Mr. Horwith's analysis should be preserved is an issue for the State Court. (Doc. 105 at 15.) Now that the Colorado Supreme Court has issued its order on Plaintiffs' C.A.R. 21 petition, the stay will soon be lifted, and Vail Health expects that the State Court will address any issues regarding Mr. Horwith promptly. Plaintiffs' effort to blame Judge Gallagher for the purported risk that Mr. Horwith's analysis will be lost is unseemly given that Plaintiffs had an opportunity to depose Mr. Horwith in the State Case pursuant to C.R.E. 706(a) but chose not to take such a deposition.

**(2)** Plaintiffs claim that Judge Gallagher erred by failing to find that Vail Health would suffer an injury if the subpoena were not quashed. (Doc. 108 at 4.) The premise of Plaintiffs' argument is incorrect. Participating in the deposition of Mr. Horwith in this matter, which Vail Health would be forced to do if it proceeded, would put Vail Health and its counsel at serious risk of contempt for violating the State Court's Forensic Protocol Orders (Doc. 85-6, 85-7), which prohibit direct communications with Mr. Horwith. *See, e.g.*, *Chen v. City of Medina*, 2012 U.S. Dist. LEXIS 144755, at *4-5 (W.D. Wash. Oct. 5, 2012) ("In cases where a subpoena would subject a nonparty to contempt sanctions for disclosure of the requested documents under a state

- 6 -

court protective order or injunction, federal courts have held that this creates an 'undue burden'. . . .") (collecting cases); *Donovan v. Lewnowski*, 221 F.R.D. 587, 588 (S.D. Fla. 2004) (same). The Order specifically cited the fact that the Horwith Subpoena and deposition would violate the Forensic Protocol Orders in holding that Vail Health had standing to challenge the subpoena. (Doc. 105 at 8-9.) Plaintiffs' contention that the Order failed to identify "any injury" is false.

**(3)** Plaintiffs next claim that Judge Gallagher erred by failing to find that Vail Health had a "privilege or privacy interest" in Mr. Horwith's findings. (Doc. 108 at 5-6.) As discussed immediately above, the primary reason for Vail Health's standing is its interest not to be held in contempt by the State Court, as the Order acknowledged. (Doc. 105 at 8-9.) In any event, Mr. Horwith has in his possession extensive Vail Health information, including the thousands of documents that Mr. Cimino downloaded from Vail Health's server, so Plaintiffs' suggestion that Mr. Horwith only has possession of Plaintiffs' computers and electronic systems (Doc. 108 at 5) is incorrect.

**(4)** Plaintiffs next argue that Judge Gallagher misconstrues his own Scheduling Order. (*Id.* at 6.) The Scheduling Order provides, in unambiguous terms, "the parties agree that discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Doc. 71 at 13.) Plaintiffs quibble with the word "should," claiming the language is "permissive" and does not actually prohibit the parties from duplicating discovery conducted in the State Court Action. (Doc. 108 at 6.) In the undersigned counsel's experience, when a court orders that a party "should not" take a certain action, that's an order, not a recommendation that may be disregarded. Neither of the cases Plaintiffs cite interpreting "should" as permissive involve the use of the word

"should" in a court order.  (*Id.* (citing *Lambert v. Austin Indus.*, 544 F.3d 1192, 1196 (11th Cir. 2008); *Vance v. Warren Cty. Fiscal Court*, No. 2005-CA-001331-MR, 2006 WL 3231362, at *2 (Ky. Ct. App. Nov. 9, 2006)).)

**(5)** Plaintiffs next argue that the Order improperly relies on principles of comity.  (Doc. 108 at 6-7.)  Plaintiffs cite no authority for the proposition that comity is an improper consideration.  In fact, federal courts have often quashed subpoenas that conflict with state court orders based on "principles of comity, courtesy, . . . and federalism."  *Chen*, 2012 U.S. Dist. LEXIS 144755, at *5-6; *see also Donovan*, 221 F.R.D. at 588 (holding that "principles of comity and respect for the effect of preexisting judicial orders" also require the federal court's prohibition of such discovery); *Flavorland Indus., Inc. v. United States*, 591 F.2d 524, 525 (9th Cir. 1979) (expressing "no desire to issue an order which would have the effect of contravening any purpose of [the state court judge] in preserving the orderly process of private litigation involving [the parties] which is pending before him," and directing the parties to address the issues with the state court).  Plaintiffs also fault the State Court for refusing to hear their antitrust claims (Doc. 108 at 7), but the State Court denied Plaintiffs' motion to amend their complaint to add an antitrust claim because they delayed nearly two years before attempting to add such a claim.

**(6)** Plaintiffs incorrectly contend that Judge Gallagher held that the Horwith Subpoena violated the Protective Order and HIPAA Qualified Protective Order in the State Court Action.  (Doc. 108 at 7-8.)  While Judge Gallagher noted that Mr. Horwith was bound by the State Court Protective Order, he found that the Horwith Subpoena violated the State Court *Forensic Protocol Orders*, as those orders prohibited direct communications between the parties' counsel and

Mr. Horwith. (Doc. 105 at 8-9, 14-15.) Plaintiffs' contention is frivolous and provides no basis to reverse the Order.

**(7)** Plaintiffs next claim that Judge Gallagher erred by failing to address whether Mr. Horwith's deposition was authorized by C.R.E. 706. (Doc. 108 at 8-9.) However, Judge Gallagher found that he did not need to reach that issue because "[w]hether or not Plaintiffs are entitled to a preservation deposition of the state-court-appointed forensic expert is a matter for the state court to decide, not the federal court." (Doc. 105 at 15.) Given that the stay in the State Court Action likely will be lifted in approximately the next week, the State Court will soon have an opportunity to address that question, including by adjudicating several motions currently pending in the State Court regarding Mr. Horwith's retirement and the Horwith Subpoena.

**(8)** Plaintiffs next "object to the characterization of the discovery dispute process" in the Order. (Doc. 108 at 9-10.) This argument appears to be a repetition of Plaintiffs' argument in their motion to remove Judge Gallagher from supervising discovery matters that Judge Gallagher's discovery dispute resolution procedures are unlawful or unconstitutional, which the Court rejected. (Doc. 113 at 7.) In any event, Judge Gallagher's description of the discovery dispute process appears to have no bearing on the Motion to Quash, so it is unclear why Plaintiffs raise it in their Objection.

**(9)** Plaintiffs next raise issues regarding Vail Health's purported improper refusal to confer. (Doc. 108 at 10-11.) As described in detail in the Statement of Conferral in Vail Health's Motion to Quash, the parties extensively conferred prior to Vail Health filing its Motion to Quash, including by discussing a draft stipulation regarding the authenticity of Mr. Horwith's work product. (Doc. 85 at 1-2; *see also* Docs. 85-1, 85-2, 85-3, 85-4, 85-5; Doc. 91 at 1-2.) Thus,

Plaintiffs' contention that the parties failed to adequately confer is demonstrably false. Moreover, this Court has previously rejected Plaintiffs' arguments that Vail Health has refused to confer with Plaintiffs or otherwise improperly frustrated the conferral process. (Doc. 113.)

Plaintiffs also raise concerns regarding the Order's statement that the parties may confer by email. (Doc. 105 at 12.) However, Plaintiffs neither cite legal authority to support their objection to that ruling nor explain why it is "clearly erroneous or . . . contrary to law," Fed. R. Civ. P. 72. (Doc. 108 at 10-11.)

**(10)** As Plaintiffs' last argument, they accuse Judge Gallagher of bias. (Doc. 108 at 11.) They claim: "The Magistrate Judge has been extraordinarily tolerant and generous to Vail Health, giving them everything they ask for (and more), but Plaintiffs' subpoena to take a 1-2 hour deposition to preserve the trial testimony of a retired, court-appointed expert is another matter altogether." (*Id.*) That allegation, which seems to be yet another attempt to disparage Judge Gallagher for strategic advantage (*cf.* Doc. 97 at 10-11), is not only outrageous but also patently false. As just one example, Judge Gallagher's June 9, 2021 order rejected Vail Health's argument that the relevant time period for discovery should be December 2015 forward, expanding the temporal scope of discovery back more than three years, to November 1, 2012. (Doc. 107 at 6.) In light of the Court's recent order rejecting similar arguments (Doc. 113), Vail Health will not respond further other than to note that none of Plaintiffs' baseless allegations against Judge Gallagher establish that the Order was "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72.

## **CONCLUSION**

Plaintiffs' Objection to the Order is baseless and should be denied.

Respectfully submitted this 21st day of June, 2021.

  *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTION AND APPEAL OF THE JUNE 6, 2021 ORDER GRANTING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH AND MOTION FOR PROTECTIVE ORDER** was filed via CM/ECF on this 21st day of June, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Blvd., Suite 236<br>Avon, Colorado 81620<br>Email: fwlawyers@gmail.com | Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, Colorado 81657<br>Email: akildow@aol.com |

                          *s/ Katherine Henry*
                          Katherine Henry