IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

## ORDER OVERRULING PLAINTIFFS' OBJECTION AND APPEAL OF THE JUNE 6, 2021 ORDER GRANTING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO MICHAEL HORWITH AND MOTION FOR A PROTECTIVE ORDER

    This antitrust dispute is before the Court on Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger (jointly, "Plaintiffs") Objection and Appeal of the June 6, 2021 Order Granting Defendant's Motion to Quash Plaintiffs' Subpoena to Michael Horwith and Motion for a Protective Order ("Objection"), filed on June 10, 2021. (ECF No. 108.) On June 21, 2021, Defendant Vail Clinic, Inc. ("Vail Health") filed a response in opposition. (ECF No. 114.) For the following reasons, the Objection is overruled.

### I. LEGAL STANDARD

    "Discovery is a nondispositive matter . . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous

standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. BACKGROUND

Michael Horwith is the independent forensic expert appointed by Judge Frederick W. Gannett in *Winninger v. Vail Clinic, Inc.*, 2017CV30102 (Colo. Dist. Ct., Eagle Cnty) (the "State Court Action") to examine Plaintiffs' computers and electronic systems to determine whether David Cimino transferred Vail Health documents to Plaintiffs. (ECF No. 108 at 1.) In January 2021, Horwith informed the state court and the parties that he was retiring and that he would be traveling extensively beginning in April 2021. (*Id.* at 2.) Because he was retiring, Horwith stated he would no longer maintain his case file, the parties' devices, and the images he used for his forensic review. (*Id.*)

Plaintiffs filed a document and deposition subpoena in this case, seeking to lay the evidentiary foundation for Horwith's findings relevant to this case. (*Id.*) In April 2021, Vail Health filed a motion to quash the subpoena and a motion for a protective

2

order, arguing that should the deposition proceed, it would violate the state court's Forensic Protocol Order, which governed the communications and disclosure of information by Horwith to the parties. (ECF Nos. 85, 91; ECF No. 105 at 6.)

On June 6, 2021, United States Magistrate Judge Gordon P. Gallagher issued the Order Granting Defendant's Motion to Quash Plaintiffs' Subpoena to Michael Horwith and Motion for a Protective Order ("Order"). (ECF No. 105.) He observed that while Plaintiffs did not contest the validity of the Forensic Protocol Order, they wished to depose Horwith nonetheless to preserve his testimony before his retirement. (*Id.* at 6.) Plaintiffs argued that Vail Health's motions should be denied for failure to confer, untimeliness, and a lack of grounds to quash the subpoena or grant a protective order. (*Id.*)

In the Order, as an initial matter, Judge Gallagher concluded that Vail Health had standing to move to quash the challenged subpoena. (*Id.* at 9.) In granting Vail Health's motions, Judge Gallagher found that "principles of comity require that this Court respect and comply with a state-court protective order." (*Id.* at 13.) He declined to modify another court's protective order or the Forensic Protocol Order, finding that if Plaintiffs wish to modify the Forensic Protocol Order or any other state court order, they must petition the court that has jurisdiction to address the issue of production and disclosure of confidential information. (*Id.*) Second, he observed that the parties in this case have agreed that discovery in the State Court action may be used in this matter and should not be duplicated. (*Id.*) In serving the subpoena, Plaintiffs "ignore the fact that Horwith was appointed by the state court," which ordered that Horwith should not disclose certain information unless authorized in writing by all the parties or the court,

3

among other restrictions. (*Id.* at 14–15.) Judge Gallagher found that Plaintiffs "fail to argue that their deposition of Horwith would not be a prohibited communication under the state court's Forensic Protocol Order," and that whether or not Plaintiffs are entitled to a preservation deposition is a matter for the state court to decide, not the federal court. (*Id.* at 15.)

### III. ANALYSIS

In their Objection, Plaintiffs cite no less than ten reasons why the Court should overrule the Order, including, but not limited to: it makes little sense to "throw two years of expert analysis . . . out the window"; neither Vail Health nor Judge Gallagher identified any injury that would result from the deposition; Judge Gallagher did not identify a privilege or privacy interest related to Vail Health; Judge Gallagher does not consider the issue of comity on the federal level; Judge Gallagher did not cite a provision of the state court Stipulated Protective Order and HIPAA Qualified Protective Order supporting the finding that the subpoena must be quashed; and nothing in the Forensic Protocol Order trumped Colorado Rule of Evidence 706. (ECF No. 108 at 4–11.) The Court declines to analyze all ten reasons and will discuss only what the undersigned deems necessary to resolve the dispute.

In its response, Vail Health argues that many of Plaintiffs' objections are "frivolous and vexatious," including Plaintiffs' apparent accusation that Judge Gallagher is biased in favor of Vail Health. (ECF No. 114 at 2.)

Upon due consideration, the Court sees no clear error in Judge Gallagher's Order. The Court agrees that a deposition of Horwith would violate the state court Forensic Protocol Order's prohibition on direct communications between Horwith and

4

the parties' counsel and that "[w]hether or not Plaintiffs are entitled to a preservation deposition of the state-court appointed forensic expert is a matter for the state court to decide, not the federal court."  (ECF No. 105 at 14–15.)  Moreover, the Court also concurs with Judge Gallagher's conclusion that the document subpoena was unnecessary to the extent it sought protection of documents already produced in the State Court Action, which under the Scheduling Order (ECF No. 71 at 13), may also be used in this case.  (*Id.* at 14.)

Had this matter been before the undersigned in the first instance, the undersigned would have reached the same result as Judge Gallagher.  The Court finds that it was within Judge Gallagher's discretion to respect the state court's Forensic Protocol Order and quash the subpoena and grant the motion for a protective order.  Therefore, Plaintiffs' Objection will be overruled.

\*\*\*

While the Court did not address all ten arguments Plaintiffs set forth in the Objection, the Court reviewed them and agrees with Vail Health that numerous of these arguments are meritless and frivolous.  Moreover, as in their motion for this Court's intervention in discovery (ECF No. 97), which this Court denied (ECF No. 113), Plaintiffs *again* disparage Judge Gallagher by all but accusing him of outright bias in Vail Health's favor.  (*See* ECF No. 108 at 11 ("The Magistrate Judge has been extraordinarily tolerant and generous to Vail Health, giving them everything they ask for (and more), but Plaintiffs' subpoena to take a 1-2 hour deposition to preserve the trial testimony of a retired, court-appointed expert is another matter altogether.").)
5

The Court will not tolerate repeated meritless arguments and *ad hominem* attacks against a fellow judicial officer. For the *second time* in one month, the Court reminds Plaintiffs' counsel of the expectations of professionalism in this District Court including, without limitation, avoiding altogether future meritless objections to or appeals from Judge Gallagher's discovery orders. For the second, and final, time, Plaintiffs' counsel is on notice that if he persists in this type of behavior, he will expose himself personally, and/or jointly and severally with his clients, to individual or joint liability for substantial economic sanctions. (*See* ECF No. 113 at 7–8.)

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiffs' Objection (ECF No. 108) is OVERRULED;

2. Judge Gallagher's Order (ECF No. 105) is AFFIRMED;

3. Plaintiffs' counsel is ORDERED to serve a copy of this Order on his clients no later than **tomorrow, June 30, 2021**; and

4. Plaintiffs' counsel is ORDERED to file with this Court, by no later than **July 1, 2021**, a Certificate of Service evidencing his compliance with Item No. 3.

Dated this 29th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge