# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

---

## DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' AMENDED OBJECTION AND APPEAL OF JUNE 9, 2021 MINUTE ORDER

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this brief in opposition to Plaintiffs' Amended Objection and Appeal of June 9, 2021 Minute Order ("Objection").

## PRELIMINARY STATEMENT

Plaintiffs object to Judge Gallagher's June 9, 2021 order (Doc. 107 ("Order")), which held that Plaintiffs may seek discovery for the period November 1, 2012 through the present. That time period—which spans nearly a decade—commences three years before late 2015, when Plaintiffs entered the alleged market and when Plaintiffs allege Vail Health's exclusionary behavior began.  (Am. Compl. ¶ 24 (Doc. 26) ("Sports Rehab opened the Vail Location in December 2015 . . . ."); *id.* ¶ 41 ("Vail Health's exclusionary behavior *did not begin* until [Plaintiff Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (emphasis added)).)  It also far precedes the applicable statute of

limitations period.  Courts commonly limit discovery in antitrust cases to a time period that roughly coincides with a private plaintiff's entry into the alleged market and the beginning of the applicable limitations period.

In holding that the applicable time period for discovery is November 1, 2012 forward, Judge Gallagher *rejected* Vail Health's argument that the permissible temporal scope of discovery should be December 2015 forward, thereby permitting Plaintiffs to obtain evidence for *three additional years*.  Though Vail Health respectfully disagreed with Judge Gallagher's decision, it did not appeal it.  Plaintiffs, in contrast, have burdened this Court with yet another (15-page) appeal about a discovery matter—even though Judge Gallagher's order gave Plaintiffs access to discovery for a period of several years before they entered the alleged market.  Vail Health asked Plaintiffs via email if they intended to withdraw the Objection, but they have declined to do so, notwithstanding this Court's recent orders (Docs. 113, 118).  In their Objection, Plaintiffs seek discovery back to 2009, though precisely what discovery they seek or why they believe it is relevant to their claims is unclear.  Plaintiffs' Objection is baseless and should be denied.

## ARGUMENT

A Magistrate Judge's order regarding nondispositive matters should be set aside only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72.  Plaintiffs contend that Judge Gallagher's Order should be reversed due to at least six purported clearly erroneous findings or

4847225.2

holdings that are contrary to law.  None of the issues Plaintiffs raise provide any basis to disturb the Order.  Vail Health responds to each issue Plaintiffs raise below.[1]

**(1) Purported Unconstitutionality of Judge Gallagher's Discovery Dispute Resolution Procedures:**  Plaintiffs' first claimed error is that Judge Gallagher's informal discovery dispute resolution procedures violate Plaintiffs' due process rights under the United States Constitution. (Doc. 112 at 2-4.)  Plaintiffs' contention that they have been deprived of their constitutional rights via Judge Gallagher's informal discovery dispute procedures has already been rejected by this Court.  (Doc. 113 at 7 ("Plaintiffs' complaints about Judge Gallagher's 'informal dispute resolution process' are unfounded.").)

In any event, Plaintiffs' contention that they were denied their "right to be heard" is baseless.  (Doc. 112 at 4.)  Plaintiffs first had an opportunity to present—and did present—their arguments in the 48-page discovery dispute chart, which was presented to Judge Gallagher and is available on the public docket.  (*See, e.g.*, Doc. 107-1 at 2-9 (citing and discussing, in connection with their arguments regarding the permissible temporal scope of discovery, *U.S. v. Grinnell Corp.*, 384 U.S. 563, 572 (1966); *U.S. v. Microsoft Corp.*, 253 F.3d 34, 50 (D.D.C. 2001); *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985); *Broadcom Corp. v. Qualcom Inc.*, 501 F.3d 297, 308 (3d Cir. 2007); *Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 888 F.2d 683, 695 (10th Cir. 1989).)  Then, at the March 30, 2021 discovery dispute hearing, Judge Gallagher stated to Plaintiffs' counsel:  "And I'll turn to Mr. Kildow, and I'll ask you particularly with regard to this argument that we've been fleshing out in terms of relevant time period, what

---

[1] For reasons that are unclear, Plaintiffs number the purported errors by Judge Gallagher 1, 2, 3, 19, 20, and 21.  This appears to be an error, and Vail Health will address them as issues 1-6.

4847225.2

further argument you like to make, sir." (Doc. 101 at 13.)  Plaintiffs' argument in response runs more than five transcript pages and cites several cases.  (*Id.* at 13-19.)  Judge Gallagher permitted Plaintiffs' counsel to present his argument uninterrupted.  (*Id.*)  After Judge Gallagher gave Vail Health's counsel an opportunity to respond, he stated:  "Mr. Kildow, can you give us some specific examples, so that we have it for the record, of what you are looking for prior to 2015?" (*Id.* at 22.) Plaintiffs' counsel's response runs approximately two pages. (*Id.* at 21-23.)  In sum, Plaintiffs had ample opportunity to present—and did present—their arguments regarding the permissible temporal scope of discovery, both in writing and orally.  Plaintiffs' contention that they were denied their "right to be heard" is frivolous.

Plaintiffs' conduct in this case demonstrates precisely why Judge Gallagher's discovery dispute resolution procedures are appropriate and necessary.  Plaintiffs have filed two objections to Judge Gallagher's discovery orders—each 15 pages.  If resolution of each discovery dispute in this district required the Court to review and adjudicate dueling 15-page briefs, the administration of justice would grind to a halt, which itself would be inconsistent with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

**(2) & (3) Judge Gallagher's Conclusion Regarding the Scope of Plaintiffs' Allegations:** Plaintiffs next claim that Magistrate Judge Gallagher arrived at a clearly erroneous factual finding by concluding that "Plaintiffs do not allege anything to support expanding the scope of discovery past November 1, 2012."  (Doc. 107 at 6; Doc. 112 at 4-9.)  Plaintiffs' argument ignores the unambiguous allegations in their own complaint.

Plaintiffs first argue that Magistrate Judge Gallagher's conclusion was incorrect because it "omits key arguments made by Plaintiffs at the March 30 hearing." (Doc. 112 at 4.) The temporal scope of discovery is governed by the well-pleaded allegations in Plaintiffs' complaint, not arguments made by counsel during a discovery dispute hearing. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) (determining permissible temporal scope of discovery based on allegations in complaint). In any event, Plaintiffs are wrong that Judge Gallagher ignored Plaintiffs' argument that the durability of an alleged monopolist's market power is relevant. Judge Gallagher *quoted* Plaintiffs' argument in a block quote on pages 2-3 of the Order. (Doc. at 2-3.) Judge Gallagher instead concluded that it was appropriate to place "reasonable limits" on the temporal scope of discovery and that a temporal scope extending three years prior to Plaintiffs' entry into the alleged market was a sufficient time period for Plaintiffs to examine the question of whether Vail Health possessed durable market power. (*Id.* at 4-5.)

Plaintiffs next argue that Judge Gallagher clearly erred when he concluded, "Plaintiffs have not alleged [in their complaint] 'anything to support expanding the scope of discovery past November 1, 2012.'" (Doc. 112 at 6 (quoting Doc. 107 at 6).) Judge Gallagher's conclusion is sound. Plaintiffs' Amended Complaint specifically alleges that "**Vail Health's exclusionary behavior did not begin until [Plaintiff Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015**." (Doc. 26 ¶ 41 (emphasis added).) That allegation alone is sufficient to support Judge Gallagher's decision regarding the temporal scope of discovery—and, in fact, would support narrowing the temporal scope of discovery even further, as Vail Health argued before Judge Gallagher. Moreover, Plaintiffs concede that they did

- 5 -

not enter the purported Vail Valley physical therapy market until "December 2015." (*Id.* ¶ 34.) Courts that have considered the permissible temporal scope of discovery in antitrust cases have rejected requests for information that pre-dates the plaintiff's entry into the market and/or the relevant limitations period. *See, e.g.*, *Inline Packaging*, 2016 U.S. Dist. LEXIS 192196, at *19 ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio Feb. 28, 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). Here, over Vail Health's objections, Judge Gallagher allowed discovery back to November 1, 2012—*three years* before Plaintiffs entered the purported Vail Valley physical therapy market.

Other than recounting Plaintiff Winninger's and Mr. Cimino's employment history (Doc. 26 ¶¶ 19, 102), Plaintiffs' Amended Complaint is devoid of allegations from the time period prior to 2012. Plaintiffs point to allegations that Vail Health declined to renew its agreement with RPC-Vail and solicited RPC-Vail physical therapists on or about November 1, 2012.[2] (Doc. 112

---

[2] RPC-Vail was a managed service organization whose physical therapists provided physical therapy services to Vail Health's patients under the Howard Head trade name prior to November 1, 2012. The relationship between Vail Health and RPC-Vail was the subject of discovery in the state case because Plaintiff Winninger claimed in that case that she could not be held liable for downloading hundreds of documents containing protected health information from Vail Health's server because, *inter alia*, those documents actually belonged to non-party RPC-Vail rather than Vail Health. The documents produced in the state case concerning the relationship between Vail Health and RPC-Vail included, for example, the Physical Therapy Services Agreement between

at 6-7.) However, even if such events were relevant to Plaintiffs' monopolization claims, they are encompassed within the November 1, 2012 to present discovery period ordered by Judge Gallagher. Moreover, as Plaintiffs' citation to state-court evidence regarding the relationship between Vail Health and RPC-Vail demonstrates (Doc. 112 at nn.27, 28, 19, 31), the relationship between RPC-Vail and Vail Health has been the subject of extensive discovery in the related state court action. Such discovery should not be duplicated here, per the Scheduling Order. (Doc. 71 at 19.)[3]

Plaintiffs include in their Objection (but not in their Amended Complaint) certain contentions that there were allegedly anticompetitive aspects of the relationship between RPC-Vail and Vail Health beginning in approximately 2004, such as the purported existence of an "exclusive dealing contract" or unspecified issues regarding Vail Health's billing practices. (Doc. 112 at 7-9.) Even if there were any merit to such contentions, which there is not, they provide no basis for expanding the temporal scope of discovery for several reasons. First, such allegations have absolutely no bearing on *Plaintiffs'* antitrust claims. What Vail Health did or did not do a decade before Plaintiffs entered the alleged market in December 2015 could not have caused Plaintiffs any damages. Second, the statute of limitations on any claim related to the period prior to 2012 ran long ago. Third, Plaintiffs presented none of the purported "evidence" of pre-

---

Vail Health and RPC-Vail and communications regarding Vail Health's non-renewal of that agreement.

[3] Plaintiffs briefly reference certain purported Vail Health physical therapy prices for reasons that are unclear, citing their own interrogatory responses. (Doc. 112 at 7-8.) Plaintiffs provide no evidence that Vail Health's prices are supracompetitive—*e.g.*, they provide no evidence of competitors' prices. However, Vail Health notes that Plaintiffs misleadingly suggest that Vail Health's prices are higher than alleged in Plaintiffs' Amended Complaint by making an apples-to-oranges comparison between (a) a purported price for unspecified physical therapy procedures "per session" referenced in the Amended Complaint and (b) a price "per hour" for two specific procedures, which are not necessarily performed for an hour. (*Id.*) Plaintiffs also entirely ignore that payers are provided discounted pricing.

2012 misconduct to Judge Gallagher; rather, they argued that discovery regarding pre-2012 events was necessary to demonstrate the durability of Vail Health's ability to purportedly charge supracompetitive prices.  (Doc. 101 at 13-19; 107-1.)  Plaintiffs cannot fault the Magistrate Judge for failing to accept arguments Plaintiffs never made.

**(4) (Numbered "19" in the Objection) Plaintiffs' Contentions that Judge Gallagher Committed Legal Error**:  Plaintiffs argue that Judge Gallagher misconstrued relevant authority. Plaintiffs again claim that Judge Gallagher is "confus[ed] about the concept of monopoly power." (Doc. 112 at 11.)

Plaintiffs cite a number of cases for the proposition that discovery in antitrust cases "'goes beyond the damage period.'"  (Doc. 112 (quoting *Maritime Cinema Serv. Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 561 (S.D.N.Y. 1973)).)  That is exactly what Judge Gallagher ordered here.  Vail Health argued that the discovery period should be limited to December 2015 forward, the period after Plaintiffs entered the alleged market.  Judge Gallagher *rejected* that argument, providing Plaintiffs access to discovery for a *three-year* period prior to Plaintiffs' entry into the alleged market.

Plaintiffs rely heavily on *United States v. Grinnell Corp.*, 384 U.S. 563 (1966).  *Grinnell* is easily distinguishable.  The case was brought by the United States government, so there was no issue regarding the timing of the plaintiff's entry into the market, which courts addressing the scope of discovery in actions brought by private parties have consistently held limits the temporal scope of discovery.  (Doc. 107 at 5.)  Moreover, *Grinnell* involved allegations of a nationwide conspiracy; here, in contrast, the alleged market consists of a few mountain towns.

- 8 -

None of Plaintiffs' other arguments have merit:

- Plaintiffs cite *Bright v. Moss Ambulance Serv., Inc.*, 824 F.2d 819 (10th Cir. 1987). *Bright* did not address the permissible temporal scope of discovery.  In fact, the Court affirmed the district court's grant of summary judgment for the defendant, concluding that the plaintiff "failed to provide evidence sufficient to create a genuine issue of fact on the existence of monopoly or market power."  *Id.* at 825.

- Plaintiffs' criticism of Judge Gallagher's interpretation of *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.*, 885 F.2d 683 (10th Cir. 1989), is irrelevant.  (Doc. 107 at 3.)  Because the Court permitted Plaintiffs discovery for *three years* prior to their entry into the alleged market, Judge Gallagher *did* give Plaintiffs an opportunity to examine the durability of Vail Health's purported market power, if any.  Contrary to Plaintiffs' contention, Judge Gallagher did not conclude that Plaintiffs were entitled to no discovery into the durability of Vail Health's market power.  Rather, Judge Gallagher balanced Plaintiffs' claimed right to examine the alleged durability of Vail Health's market power against his obligation to place "reasonable limits" on discovery, including a "reasonable cut-off date."  (*Id.* at 4-5.)

- Plaintiffs also state that Judge Gallagher misconstrued *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001).  Like *Grinnell*, *Microsoft* is not an action between private parties.  Further, as Judge Gallagher correctly noted, the *Microsoft* court did not discuss the permissible temporal scope of discovery, and thus *Microsoft* is inapposite.

- Nor is there any merit to Plaintiffs' criticism of Judge Gallagher's citation of *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962).  Judge

4847225.2

Gallagher cited *Continental Ore* for the general proposition that a court may place "reasonable limits" on discovery, which is what Judge Gallagher did when he allowed Plaintiffs discovery for three years prior to their entry into the alleged market.  In any event, *Continental Ore* is distinguishable because there the plaintiff's complaint specifically alleged a conspiracy that commenced in 1933, and the court excluded evidence between 1933 and 1938.  Here, as discussed above, Plaintiffs' complaint contains no allegations regarding the period prior to 2012.

- Plaintiffs also criticize Judge Gallagher's characterization of *Quonset Real Est. Corp. v. Paramount Film Distrib. Corp.*, 50 F.R.D. 240, 241 (S.D.N.Y. 1970).  (Doc. 107 at 4.)  However, *Quonset* acknowledged the fact-specific nature of inquiries regarding the temporal scope of antitrust discovery and recognized that "[t]here can undoubtedly be found cases in which courts have restricted discovery to periods antedating the injury by substantially less than the period involved herein."  *Quonset*, 50 F.R.D. at 242.

- Plaintiffs themselves acknowledge that *Pappas v. Lowe's, Inc.*, held that discovery is limited to "[t]he asserted history of the conspiracy."  13 F.R.D. 471 (M.D. Pa. Feb. 12, 1953).  (Doc. 112 at 13-14.)  Plaintiffs' Amended Complaint contains no allegations— of conspiracy or otherwise—related to the period prior to 2012.

- *Stephens Theatre Corp. v. Loew's, Inc.*, 17 F.R.D. 494 (E.D.N.Y. 1955) (cited in Doc. 112 at 14), clearly supports Judge Gallagher's decision.  It held that the appropriate temporal scope of discovery should be "one year prior to [plaintiff's] entry into business."  17 F.R.D. at 495.  That rule applied in this case would support a discovery period of December *2014* through the present.

- Nor is there any basis for Plaintiffs' contention that *Invacare* does not support Judge Gallagher's Order.  (Doc. 112 at 14-15.)   The court held, contrary to Plaintiffs' arguments here, that "[a]ntitrust cases, while subject to an expansive interpretation as to the relevant time period for discovery, also do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy."  *Invacare*, 2006 U.S. Dist. LEXIS 7602, at * 20.  The Court concluded that evidence from the period prior to the statute of limitations period would be "cumulative" and would "impos[e] a significant burden."  *Id.* at * 20-21.

**(5) (Numbered "20" in the Objection)  Plaintiffs' Objection to Statement Regarding "Another Discovery Dispute Hearing":**  Plaintiffs state, "Plaintiffs object to the characterization that the Magistrate Judge stated 'it would entertain another discovery dispute hearing once the parties had properly conferred.'"  (Doc. 112 at 15.)  The basis for Plaintiffs' objection is unclear. Plaintiffs appear to be again arguing that Magistrate Judge Gallagher's informal discovery dispute resolution procedures are improper—an argument the Court has already rejected.

**(6) (Numbered "21" in the Objection)  Plaintiffs' Objection re Statement Regarding "Relevant Product and Geographic Markets":**  Plaintiffs state, "Plaintiffs object to the Magistrate's Judge's statement that '[d]uring the March 2021 discovery dispute, the parties had not determined, among other things, the scope of the relevant product and geographic markets.'" (Doc. 112 at 15.)  The basis for Plaintiffs' objection is unclear, and it appears to be frivolous and have no impact on the temporal scope of discovery.

4847225.2

## **CONCLUSION**

Vail Health asked Plaintiffs if they intended to withdraw this Objection, and they declined to do so.  Plaintiffs' Objection to the Order is baseless and should be denied.

Respectfully submitted this 30th day of June, 2021.

                                                                    *s/ Daniel A. Richards*

                                                                    Shannon Wells Stevenson
                                                                    Janet A. Savage
                                                                    Jacqueline V. Roeder
                                                                    Daniel A. Richards
                                                                    DAVIS GRAHAM & STUBBS LLP
                                                                    1550 17th Street, Suite 500
                                                                    Denver, Colorado, 80202
                                                                    Telephone:  303.892.9400
                                                                    Facsimile: 303.893.1379
                                                                    Email:  shannon.stevenson@dgslaw.com
                                                                           janet.savage@dgslaw.com
                                                                           jackie.roeder@dgslaw.com
                                                                           daniel.richards@dgslaw.com

                                                                    *Attorneys for Defendant VAIL CLINIC, INC.,*
                                                                    *d/b/a VAIL HEALTH, a Colorado nonprofit*
                                                                    *corporation.*

4847225.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' AMENDED OBJECTION AND APPEAL OF JUNE 9, 2021 MINUTE ORDER** was filed via CM/ECF on this 30th day of June, 2021, which will forward notice to the following:

Jesse Wiens                                   Alan L. Kildow
Fahrenholtz & Wiens LLC                       790 Potato Patch Drive
100 West Beaver Creek Blvd., Suite 236        Vail, Colorado 81657
Avon, Colorado 81620                          Email: akildow@aol.com
Email: fwlawyers@gmail.com


_s Sandra Abram_
Sandra Abram

- 13 -

4847225.2