# Exhibit 4

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Tuesday, May 18, 2021 11:28 AM |
| **To:** | 'Stevenson, Shannon' |
| **Cc:** | 'Roeder, Jackie'; 'Savage, Janet'; 'Richards, Daniel'; fwlawyers@gmail.com; 'sonya braunschweig' |
| **Subject:** | Meet &  Confer At 3:00 MDT on Tuesday, May 18 |

Ms. Stevenson:

I have repeatedly asked that you provide us with alternative times for a meet and confer, but you have not responded.  We therefore request that a meet & confer be held today, May 18, at 3:00 MDT.  The dial-in numbers are as follows:

       Dial-in:         -5307
       PC:   5061#

In addition to the topics previously identified for the meet & confer, Plaintiffs wish to discuss the authority supporting Vail Health's contention in its Rule 12(b)(6) Motion To Dismiss, at page 15, that "attempted monopolization does not condemn potential conduct.  As a matter of law, Plaintiffs fail to show attempted monopolization as a matter of law and Claim II should be dismissed."  Vail Health made a legal assertion in its motion but did not cite any case law supporting that authority.  In its reply brief at page 11, Vail Health reiterated the same assertion but again did not supply any authority there either.  Then, in the informal dispute resolution document submitted to Magistrate Judge Gallagher, Vail Health again makes the same argument in objecting to Plaintiffs' discovery requests, but again Vail Health supplies no legal authority.  This same pattern is seen throughout Vail Health's most recent responses to Plaintiffs' discovery requests.  Again, no authority.

Plaintiffs have repeatedly pointed to authorities that spell out the elements of Sherman Action sec. 2 attempt to monopolize.  For example, at page 14 of Plaintiffs' Opposition to Vail Health's Motion to Dismiss, Plaintiffs cited *Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 456 (1993), which identified the required elements as follows: "To prevail on an attempted monopolization claim, a plaintiff must show: (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power."  *Spectrum* has been cited in 956 court opinions and has never been overruled.  Another case that bears noting is *Bright v. Moss Ambulance Service, Inc.*, 824 F.2d 819, 823 (10th Cir. 1987) (identifying 4 elements for an attempt to monopolize).  Quite simply, the consummation of an anticompetitive agreement "is not an absolute prerequisite for the offense for the attempted monopolization."  U.S. v. American Airlines, Inc., 743 F.2d 1114, 1122 (5th Cir. 1984).

We note that the briefs referred to above, and perhaps the submission to Magistrate Judge Gallagher, were certified under Rule 11 by you.  We have been unable to locate any legal authority supporting the legal positions you have repeatedly advanced and which now impedes discovery.  Out of an abundance of caution before we file a Rule 11 motion, which would be directed toward your certification, we request that you provide the legal authority to which you have relied upon since your Motion To Dismiss was filed in October of 2019.  We wish to discuss this in the meet & confer today at 3:00 MDT.  If you cannot do so, then you are obligated to withdraw the discovery objections immediately.  If you do not do so, we will indeed file a motion under Fed. R. Civ. P. 11.

We look forward to speaking with you this afternoon.

Alan Kildow
970-390-6675