

# Exhibit 5

| | |
|---|---|
| **From:** | Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> |
| **Sent:** | Tuesday, May 25, 2021 6:04 PM |
| **To:** | Alan Kildow |
| **Cc:** | 'Jesse Wiens'; Roeder, Jackie; Savage, Janet; Richards, Daniel; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab v Vail Health—deposition scheduling |

Mr. Kildow –

With respect to your proposed Rule 11 motion:  Our Rule 12(b)(6) motion was filed in October 2019, fully briefed, and was struck by the court in August 2020, with no substantive ruling.  This issue was then re-raised by you, conferred on by the parties, and submitted for decision to Magistrate Judge Gallagher at the end of March.  While it appears that we have a dispute about the law, there is nothing about this dispute that even approaches the realm of Rule 11.  It appears to me that you are threatening a Rule 11 motion now for purposes of harassment, and I do not believe further conferral is warranted.

With respect to the other issues you have raised, Mr. Richards will address those shortly.  Please address your further conferral on those issues to Mr. Richards – he is the attorney on our team who is taking the lead on our responses.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 10:06 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

We seem to be having a difficult time scheduling a meet & confer discussion.  We have not heard from you on this case for some time now.  You are the attorney who has signed the Rule 12(b)(6) motion as well as the objections to the discovery responses, so you would be the most appropriate counsel for Vail Health to discuss these issues, most of which are purely legal issues encompassed in the Rule 12(b)(6) motion filed in October 2019.  Moreover, many of these issues were discussed with you when we were on the phone with Magistrate Judge Gallagher.  It would therefore seem that you would need no time prepare for such a meet & confer now.  Since you have not provided us with the courtesy of a response, we will accept your silence as a declination to participate in the required meet & confer.

Your associate now says that even he is not be available this morning, although he did not inform us of that fact in yesterday's communication.  We are ready to move forward at 11:00 today, as we were ready to participate in a meet & confer last week when you did not even have the professional courtesy to show up or to advise us in advance that you would not be participating at that time.  We have previously asked you to provide us with alternative times for a meet &

1

confer, although you have not done so.  We will, therefore, expect at least one of the four counsel of record to participate at 11:00 MDT today.  We will limit the topics for today to the following:

1. Motion requesting Judge Martinez to take over discovery of the case.
2. Rule 11 motion to be filed against Shannon Stevenson regarding the Sherman Section 2 "attempt to monopolize" argument asserted in Vail Health's Rule 12(b)(6) motion and which is a basis for objections to numerous written discovery requests.  We well understand the procedural requirements of Rule 11, but wish to confer in advance of embarking on that process before drafting the motion and submitting it to you pursuant to the safe-harbor provision.
3. The scheduling of the depositions of Mary Crumbaker and Will Cook.  (We can discuss others tomorrow when your associate is available.)
4. The improper designation of discovery responses as "AEO" documents and "Confidential."
5. The failure to identify those individuals who made presentations along with Nicholas Brown in a power point presentation to someone, some management group, or the Vail Health board, and the identification of those to whom the presentation was made.
6. Is the Davis Graham law firm still representing Nicholas Brown and/or Doris Kirchner?

If one of your attorneys does not participate at 11:00 today, we will move forward and advise Judge Martinez of the declination of Vail Health's attorneys of record.

We agree to a second installment of this meet & confer tomorrow, May 26, at 1:30 MDT.  At that time, we will discuss the issues outlined in my letter of May 12, 2021.  Fourteen days should provide you and/or your associate sufficient time to be prepared to discuss those issues.  The letter (at 16 pages) should provide you with a sufficient understanding of the issues we need to discuss.  We are somewhat wonderous as to why your associate continues to ask us to identify what those items are.  The issues are in the letter.

Alan Kildow
970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Tuesday, May 25, 2021 9:06 AM
**To:** Alan Kildow <alkildow@aol.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Alan and Sonya,

Yesterday I requested that Plaintiffs identify the topics about which they wish to meet and confer.  This morning Sonya responded stating that Plaintiffs were unwilling to do so and referring me to Plaintiffs' prior communications.  Given the large number of purported discovery disputes that Plaintiffs have raised in since May 12, we think it would be more efficient if Plaintiffs identify a discrete number of issues about which they believe oral conferral may be productive.  Conferring orally about multiple purported issues concerning 24 interrogatories, as well as additional issues, is not practical or productive.

Alan's email immediately below demonstrates this point.  It raises yet another issue for conferral that Plaintiffs have not previously raised.

As to the timing of our conferral, I'm not available today at 11 MDT.  I have some availability tomorrow afternoon but will need a list of topics for conferral by this afternoon so I can be prepared to discuss those topics.

Regards,

**DANIEL RICHARDS** ▪ Associate

D: 303.892.7452  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, May 25, 2021 8:44 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Jesse Wiens' <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

That issue will be discussed on the conference call at 11:00 MDT today.

Alan Kildow

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Tuesday, May 25, 2021 8:30 AM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Jesse Wiens <jesse@fwcoloradolaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health—deposition scheduling

Counsel:

Pursuant to the Scheduling Order (Dkt. No. 71), each party is limited to ten discovery depositions. In the below email, Plaintiffs list 13 depositions that they would like to schedule, which is impermissible under the Scheduling Order. Please identify which depositions Plaintiffs intend to pursue.

**DANIEL RICHARDS** ▪ Associate

D: 303.892.7452  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Monday, May 24, 2021 8:49 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Jesse Wiens <jesse@fwcoloradolaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** Sports Rehab v Vail Health—deposition scheduling

Ms. Stephenson,

We would like to schedule the following depositions:

Mary Crumbaker on June 8
Will Cook on June 10
Jason (identified in the Brown PowerPoint) on June 15
Don Auten on June 18
Dan Drawbaugh on June 24
Charlie Crevling on July 7

As to former employees Doris Kirchner and Nico Brown, please tell us whether you continue to represent those individuals. We would like to schedule their depositions as follows:

Doris Kirchner during the week of July 19
Nico Brown during the week starting July 6-13

Additionally, we have third parties to schedule, including Anthem/Blue Cross Blue Shield, United HealthCare, Medicare, and DORA.

Finally, please confirm whether you will accept service of a subpoena duces tecum on Davis Graham and a subpoena of Ms. Savage for a deposition.

This list is not meant to be exhaustive of all individuals who we wish to depose, and we reserve the right to identify additional deponents.

Best regards,

Sonya

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

4