# Exhibit 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

## DEFENDANT VAIL HEALTH'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby makes the following initial disclosures as follows:

### VAIL HEALTH'S PRELIMINARY STATEMENT

In April 2017, Plaintiffs filed the lawsuit *Winninger, et al. v. Vail Health et al.*, Case No. 2017CV30102, in Eagle County district court (the "State Court Action"). The State Court Action includes allegations largely duplicative of the allegations in the Amended Complaint and has been aggressively litigated for three and a half years. Over that period, Vail Health has served **thirty-five** disclosures identifying witnesses and documents that Vail Health will rely on to support its defenses here. Vail Health thus incorporates those thirty-five disclosures and any future disclosures it may make in the State Court Action. However, by doing so, Vail Health does not waive any objection to the relevance of those witnesses or items, or any other appropriate objections, including, among others, the attorney-client privilege or work product doctrine.

4674502.2

### A. Individuals

The following individuals may have discoverable information not previously disclosed which Vail Health may use to support its defenses. By making this disclosure, Vail Health does not waive any objection to the relevance of testimony of any of the following persons or any other appropriate objections, including, among others, the attorney-client privilege or work product doctrine. Vail Health reserves the right to supplement this disclosure as discovery proceeds in this action, pursuant to Fed. R. Civ. P. 26(e).

1. Nicholas Brown
   Senior Vice President
   Howard Head Sports Medicine
   Mr. Brown may be contacted through counsel at Davis Graham & Stubbs.

This witness is expected to have knowledge of the variety of services that are offered by Howard Head Sports Medicine (HHSM) and of substitutes for those services. He also is expected to have knowledge of HHSM's geographic market and its competitors. This witness is expected to have knowledge of HHSM's third-party market analyses that are used to set competitive prices for HHSM's services and of the business acumen and superior services that lead to HHSM's success. He is expected to have knowledge of HHSM's costs and revenues. Finally, he is expected to have knowledge of the attempted joint ventures referenced in the pleadings, the terms of HHSM's lease with the Steadman Clinic, and HHSM's employment agreements with its physical therapists.

2. Doris Kirchner
   Former President and CEO
   Ms. Kirchner may be contacted through counsel at Reilly LLP and Davis Graham & Stubbs.

This witness is expected to have knowledge of the non-renewal of Vail Health's service agreement with RPC-Vail and the renewal and terms of its lease with The Steadman Clinic.

    3. Lindsay Winninger
       c/o Alan Kildow

This witness is expected to have knowledge of her involvement in the 2012 and 2015 thefts of Vail Health's patient files, protocols, and other confidential information. She also is expected to have knowledge of Sports Rehab Consulting LLC's (SRC) business model, which "works on a cash payment system and does not directly contract with insurance companies."

    4. Brad Schoenthaler
       c/o in the State Court Action, Alan Kildow

This witness is expected to have knowledge of Ms. Winninger's statements to Mr. Schoenthaler and SRC in 2016 (prior to Plaintiffs' filing the complaint in the State Court Action) admitting that she took documents from the Vail Health server when she left RPC-Vail in 2012. He also is expected to have knowledge of SRC's business model, which "works on a cash payment system and does not directly contract with insurance companies."

    5. David Cimino
       c/o in the State Court Action, the Madden Law Firm

This witness is expected to have knowledge of his involvement in the 2015 theft of Vail Health's patient files, protocols, and other confidential information. As a former SRC employee, he also is expected to have knowledge of SRC's business model, which "works on a cash payment system and does not directly contract with insurance companies."

    6. Terri Kildow
       15204 Wildwood Road
       Burnsville, MN 55306

This witness is expected to have knowledge regarding plaintiff SRC's employment agreements, non-solicitation clauses, and employee handbook.

**B.**    **Documents**

Vail Health identifies the following categories of documents not previously disclosed which it may use to support its defenses. Vail Health reserves the right to supplement this disclosure as discovery proceeds in this action, pursuant to Fed. R. Civ. P. 26(e). By making this disclosure, Vail Health does not waive any objection to the relevance of any document or any other appropriate objections, including, among others, the attorney-client privilege or work product doctrine. To the extent Vail Health withholds or redacts documents in this case on the basis of an

applicable privilege, such documents will be identified in a privilege log. The categories are as follows:

- Documents reflecting the services HHSM provides and the geographic area where HHSM provides these services;

- Documents reflecting HHSM's competitors for its services;

- Documents reflecting prices charged by HHSM for its services, including Charge Description Master market analyses used to set HHSM's prices; and

- Vail Health's Community Health Needs Assessments.

### C. Damages

Vail Health is not seeking any damages in this litigation, but reserves the right to seek its attorneys' fees and costs.

### D. Insurance Agreement

A copy of applicable insurance policies will be made available for inspection and copying.

Dated: October 16, 2020

    *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S INITIAL DISCLOSURES** was served by email on this 16th day of October, 2020, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, Colorado 81653
Email: alkidlow@aol.com

                                               *s/      Paige Finnell*