IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' RULE 37 MOTION TO COMPEL #3
RELATING TO RFP NO. 15 (BOARD DOCUMENTS), INTERROGTORY NOS. 12-13, 20-21, AND 23 (IDENTIFICATION OF POTENTIAL WITNESSES), FAILURE TO PRODUCE PRIVILEGE LOG, AND REDACTED DOCUMENTS**

---

## INTRODUCTION

Plaintiffs move the Court under Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), for an order compelling Vail Health to produce Board documents that are relevant to the *willful acquisition or maintenance* of monopoly power.  These documents are also relevant to other issues addressed in Plaintiffs first two motions to compel—that is geographic market, market share, profitability, attempt to monopolize, etc.  Plaintiffs also seek an order compelling Vail Health to answer certain interrogatories identifying potential witnesses, which Vail Health has not answered.  Finally, Plaintiffs seek an order deeming Vail Health has waived any claim of privilege for its failure to produce a privilege log and that Vail Health should be ordered to produce redacted documents in unredacted form .  And because it should have been unnecessary to file this motion to compel such basic information, Plaintiffs seek attorneys' fees under Rule 37(a)(5).

1

## CERTIFICATION OF CONFERRAL

Plaintiffs attempted to resolve this discovery dispute.[1] Plaintiffs also requested a conferral on May 12, 14, 17, 18, 24, and 25.[2] On May 26, 2021, a call was held, but after approximately an hour, Vail Health stated it had no more time to confer. Although only seven interrogatories were discussed, Vail Health stated it stood by its objections. During that call, Vail Health agreed to produce a privilege log on May 28; it did not. It then agreed to produce one on July 25;[3] it did not. Plaintiffs identified other discovery deficiencies[4] and requested a conferral on June 14, 17, and 24, and July 1, 14, and 19,[5] which Vail Health would not agree to hold.[6]

## INADEQUATE DISCOVERY RESPONSES

On October 9, 2019, Plaintiffs served their first set of documents requests on October 9, 2019, and Vail Health responded on October 9, 2020. Five months later, Vail Health produced 55 documents. On March 1, 2021, Plaintiffs served a second set of discovery, and Vail Health responded on April 30.[7] Vail Health produced documents on May 28, July 15, and August, 6, 2021. The total number of documents produced by Vail Health thus far related to the antitrust discovery sought here, which spans approximately ten years, is less than 1,500 documents, including attachments to emails.

---

1   Ex. 1 at attached letter [Pls.' letter on interrogatories]; Ex. 2 at attached chart [Vail Health's response]. Vail Health does not return Plaintiffs' calls. *See, e.g.,* Ex. 3 at 1.
2   Exs. 3-5 [emails].
3   Ex. at 1 of chart [June 24 chart]; Ex. 10 at 1 [Vail Health's response].
4   *See generally id*.
5   *See* Exs. 6-9, 11 [emails].
6   Ex. 11 at 1 (stating conferrals should be done via email). *But see* ECF No. 105 at 12 [June 6, 2021 Order] ("this Court requires counsel to properly comply with the conferral requirements" and confer by email if the parties wish). Plaintiffs did not agree. *See* Ex. 7.
7   Ex. 12 [Pls.' 2d Set of discovery]; Ex. 13 [Vail Health's Resp. to 2d Set of discovery].

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO AN ORDER COMPELLING VAIL HEALTH TO COMPLY WITH ITS DISCOVERY OBLIGATIONS.

This motion is brought to compel Vail Health to produce documents and answer interrogatories. Rule 37 provides, in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if…(iii) a party fails to answer an interrogatory submitted under Rule 33; or…(iv) a party fails to produce documents…as requested under Rule 34." Rule 37 also provides that "an evasive or incomplete…response must be treated as a failure to disclose, answer, or respond." This motion is necessary because Vail Health has not produced relevant documents, answered basic interrogatories identifying potential witnesses, or complied with its discovery obligations by producing a privilege log.

### II. PLAINTIFFS ARE ENTITLED TO DISCOVERY OF WILLFUL ACQUISITION OF MONOPOLY POWER.

#### A. The Intent To Monopolize.

This is an action under the Sherman Act, 15 U.S.C. § 2, which makes it unlawful for a firm to "monopolize, or attempt to monopolize...any part of the trade or commerce among the several states…." Monopolization is "(1) the possession of monopoly power in the relevant market and (2) the *willful acquisition or maintenance* of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historical accident."[8] Plaintiffs' two prior discovery motions deal in significant part with monopoly power. This one seeks production of Vail Health Board

---

[8] *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966) (emphasis added); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1119 (10th Cir. 2014).

3

documents relevant to the willful acquisition or maintenance of that power. In short, discovery of Vail Health's intent.

Intent determines whether the challenged conduct is fairly characterized as exclusionary or anticompetitive.[9] General intent is all that is necessary to establish a monopolization claim.[10] Section 2 is violated when monopoly power is gained or held by conduct constituting an abnormal response to market opportunities."[11] "In order to rise to a section 2 violation, however, the exclusionary conduct must appear reasonably capable of contributing significantly to creating or maintaining monopoly power."[12] Intending the natural consequences of acts that are lawful does not constitute the "exclusionary intent" required to find a § 2 violation. Relevant to Plaintiffs' claims, therefore, is whether the Vail Health Board of Directors, as well as its officers and employees, intended by the actions alleged in the Amended Complaint to "willfully" acquire monopoly power.

The relevancy and importance of the Board documents cannot be overstated. Board members are fiduciaries charged with representing the best interests of the community and ensuring that Vail Health is operated in compliance with the law. It is highly probable that Vail Health's officers, such as Doris Kirchner and Nicholas Brown, made revealing presentations to the Board (and its committees) regarding what they represented was a highly profitable medical practice—that is, physical therapy. Representations would have included the revenues generated by the 50-65 physical

---

[9] *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 602 (1985).
[10] *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.,* 899 F.2d 951, 973 (10th Cir.), *cert. denied,* 497 U.S. 1005 (1990).
[11] *Instructional Sys. Dev. Corp. v. Aetna Cas. & Sur. Co.,* 817 F.2d 639, 649 (10th Cir.1987).
[12] *Id.*

4

therapists, the costs incurred in operating the clinic, and the resulting profits. It is upon that kind of financial data that the Board considered numerous strategic initiatives to acquire, maintain, and expand the market share of the physical therapy practice. Vail Health has not produced the Board documents for the relevant period, and Plaintiffs are entitled to discover into them now.

> **B.    Vail Health's Inadequate Discovery Responses.**

**Request No. 15** seeks the production of Vail Health Board documents, including minutes, committee documents, resolutions, and actions taken by the Board or its committees from November 1, 2012 to the present.[13] Vail Health objected on the basis the request was overly broad and seeks privileged information. Vail Health also stated that it would produce Board only minutes and agendas within 30 days of its April 30 response. It did not. It also stated it would limit its production from 2015 to the present relating to Howard Head and physical therapy services in the Vail Valley to the extent not already produced.[14] No documents related to any committees or executive sessions have been produced. Vail Health produced no privilege log explaining what Board documents are being withheld and the basis of any claimed privilege.

Instead, on July 15, Vail Health produced **redacted** Board minutes for January 9, March 5, July 2, September 17, and October 15, 2012 and December 7, 2015.[15] Vail Health previously produced (in the state action) **unredacted** Board minutes for October 3, 2016; January 9, April 10, and July 3, 2017; and January 8, 2018.[16] The Board meets at

---

[13]   Ex. 13 at Request No. 15 [Vail Health's Resp. to 2d Set of Discovery].
[14]   *Id*. In the state action, Vail Health produced unredacted Board minutes for one meeting in 2016, three in 2017, and one in 2018. *See* Ex. 14 [Unredacted Board minutes]
[15]   Ex. 15 [Redacted Board minutes].
[16]   Ex. 14 [Unredacted Board minutes].

least four times a year, plus special meetings, and yet no board minutes were produced for parts of 2012, all of 2013 and 2014, most of 2015 to 2018; and all of 2019 to 2021.

Further, Vail Health's response is limited to the Board minutes themselves, and not any documents referenced in the minutes. For example, in the July 6, 2015 minutes, then Board Director, Michael Shannon, made a presentation on a strategic alliance with The Steadman Clinic,[17] the final presentation has not been produced. The July 2015 minutes also reflect Board approval of a number of Steadman and Steadman Philippon Research Institute agreements, but Vail Health has not produced the approved agreements either.[18] A draft PowerPoint presentation produced for the first time on August 6, 2021, states that the value of the agreements between Vail Health and Steadman's foundation SPRI to be $175 million—a presentation, by the way, that was subject to Board approval[19] but the Board documents have not been produced. Absent as well from Vail Health's production are any Board documents referencing Vail-Summit Orthopaedics, another party to the physical therapy joint venture and other collaborations, although VSO was told that such a presentation would be made in April 2016.[20]

Other relevant presentations appear to have been made to the Board, such as geographic expansion into Summit County and Basalt (a document Steadman produced, not Vail Health),[21] physical therapy joint venture with Steadman and Vail-Summit

---

[17]  Ex. 15 at VH_Fed002228 [July 6, 2015 Board minutes].
[18]  *Id.* The Board approved the Steadman joint venture and various lease agreements in July 2015, but the agreements were not executed until December 2015. Plaintiffs do not know to what extent the December 2015 agreements differ from those approved by the Board in July 2015, or whether the Board approved the December 2015 agreements.
[19]  Ex. 16 at VH_Fed004123 [SPRI Presentation[.
[20]  *Id.* at VH_Fed004102.
[21]  A Steering Committee was set up but Vail Health has produced no documents from that committee. *See, e.g.,* Ex. 17 at STEADMAN-002692 [Hammes PowerPoint].

6

Orthopaedics,[22] as well as financial presentations made to the Finance Committee.[23] These documents have not been produced. Nor has Vail Health produced the Finance Committee minutes referenced as attachments to produced Board minutes.[24] Finally, Board minutes state that presentations and other materials are available in "BoardEffect,"[25] which is a third-party board management tool used by Vail Health. According to BoardEffect's website, it offers "all the board portal features…need[ed] for managing board materials from the most basic features of online board books and event scheduling to the more robust like collaboration tools and reporting."[26] The Board documents requested should therefore be readily available there, including financial information presented to the Board or its committees,[27] which has not been produced.

### C. Vail Health Has Not Shown That The Withheld Or Redacted Board Documents Are Privileged.

Many Board documents have not been produced, while some Board minutes are heavily redacted. Because Vail Health produced no privilege log, it is unclear how the withheld and redacted documents are in any way privileged. In any event, the failure to produce a privilege log waives any claim of privilege.[28] Even if it does not, an attorneys' presence at a meeting does not automatically mean that communications are protected from disclosure. "The attorney-client privilege protects "'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his

---

[22]   Ex. 18 at VH_Fed001973 [email]; Ex. 19 at VH_Fed006674 [Presentation]; Exs. 20-21 [emails].
[23]   Ex. 22 [email].
[24]   Ex. 14 at VAIL_002856, 2865, 2870, 2878, 2890 [unredacted Board minutes].
[25]   *See, e.g., id* at. VAIL_002857, 2861, 2865-66, 2870-71.
[26]   *See https://www.boardeffect.com/g-brand/?utm_campaign.*
[27]   *See, e.g.,* Ex. 14 at VAIL_002857-59, 2871, 2877; Ex. 23 [email].
[28]   *See infra* at Argument at 4.B.

capacity as a legal advisor."[29] "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege,"[30] rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client."[31] A person withholding information on the basis of attorney-client privilege must make a clear showing that the privilege applies,[32] which Vail Health has not done. A Court cannot take a lawyer's word that the documents are privileged; privilege cannot be based on "mere conclusory or ipse dixit assertions."[33]

Likewise, the work-product doctrine protects an attorney's "mental impressions, conclusions, opinions, or legal theories, authored in *anticipation of litigation*."[34] Request No. 15 does not seek such information. Rather, it seeks Board documents relevant to Vail Health's alleged monopolistic business practices—that is, Howard Head, physical therapy services, geographic market, expansion of Vail Health into other markets, market share, pricing of services, analysis of patients and financial information related to Howard Head, Steadman's (including SPRI) and Vail-Summit Orthopaedics's (including VSOF, its foundation) relationship with Vail Health. None implicate the work-product doctrine.

---

[29] *In re Grand Jury Subpoena Duces Tecum Issued on June 9*, *1982*, 697 F.2d 277, 278 (10th Cir. 1983) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).
[30] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir. 1995);
[31] *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998).
[32] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994). *See also In re Grand Jury Subpoena*, 697 F.2d at 279 ("The burden of establishing the applicability of privilege rests on the party seeking to assert it.")
[33] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 683 (D. Kan. 2000) (internal quotations omitted). *See also Mize v. Kai, Inc.*, No. 17-CV-00915-NYW, 2018 WL 1035084, at *8 (D. Colo. Feb. 23, 2018) ("attorney argument, without more, does not demonstrate that the document is entitled to work product protection")
[34] *United States v. J-M Mfg. Co.*, No. 11-CV-01691-MSK-MJW, 2013 WL 424782, at *3 (D. Colo. Feb. 4, 2013) (internal quotation omitted).

It is not enough to assert that the Board and its committee documents are protected because some may have been "gathered" at counsel's direction.[35] "[T]he work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions," it does not protect the facts or documents that the attorney uses to create those strategies.[36] Thus, the fact that a document was "gathered" by counsel does not make it protected; even documents created by counsel do not automatically merit work-product protection.[37] The work-product doctrine protects only those documents that are "prepared in anticipation of litigation" and "intended to remain confidential."[38] Thus, documents "prepared in the ordinary course of business" are generally not protected, even if they are prepared by an attorney.[39] Here, the documents Plaintiffs seek do not implicate the work-product doctrine as they relate to business strategies of Vail Health.

Given this, the Court should order Vail Health to produce the minutes and agenda for the Board, Steering Committee, and Finance Committee, or any other relevant Committee.  Vail Health should also be ordered to produce any presentations, resolutions, or other similar documents presented to or approved by the Board or its committees relating to Steadman/SPRI; Vail-Summit Orthopedics/VSOF; Howard Head; physical therapy; the profitability of Vail Health and Howard Head, expansion into other geographic markets, insurance pricing; and any joint venture, collaboration or partnership related in any way to physical therapy.

---

[35]  See W. Nat'l Bank v. Emp. Ins. of Wausau, 109 F.R.D. 55, 57 (D. Colo. 1985) (documents "prepared in the ordinary course of business" and gathered at the direction of counsel are not protected work product).

[36]  Resol. Tr. Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995).

[37]  Id.

[38]  Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998).

[39]  W. Nat'l Bank, 109 F.R.D. at 57.

### III. VAIL HEALTH SHOULD BE ORDERED TO ANSWER INTERROGATORIES SEEKING THE IDENTIFICATION OF POTENTIAL WITNESSES.

**Interrogatory No. 12** seeks information about Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to the pricing, profits, terms and conditions, reimbursement for any joint venture, collaboration, or strategic partnership.[40] Vail Health did not answer this interrogatory. From the documents produced, we know that Vail Health engaged multiple consultants, including Haverford Healthcare Advisors, Healthcare Transaction Advisors, Hammes Company, AntrimRice Advisors, Boston Consulting Group, Jornada Partners, and Deloitte. No information has been disclosed as to those entities. Vail Health should be ordered to answer this interrogatory from November 1, 2012 to the present by identifying Vail Health's employees and other third parties who participated in any discussions.

**Interrogatory No. 13** seeks information about Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to antitrust issues, kickback issues, and referral issues prohibited by the Stark law.[41] Vail Health did not answer this interrogatory, and it should be ordered to do so from November 1, 2012 to the present.

**Interrogatory No. 20 and (e)-(f)** seek the identity of each in-house and outside counsel who was employed by or engaged by Vail Health for purposes of providing legal services related to any joint venture or collaboration relating in any way to physical therapy services, including legal or compliance issues.[42] Vail Health objected on the

---

[40] Ex. 13 at Interrog. No. 12 [Vail Health's Resp. to 2d Set of Discovery].
[41] *Id.* at Interrog. No. 13.
[42] *See Id.* at Interrog. No. 20, subsections (e)-(f). As to subsections (a)-(d), they fall outside the date parameters allowed by the Court. *See* ECF No. 107 at 6.

grounds it was duplicative of discovery in state court action. It is not.[43] It also objected based on attorney-client privilege and work-product doctrine.[44] But there is no privilege as to the *identity* of Vail Health's attorneys,[45] as Vail Health concedes when it answered Interrogatory Nos. 3 and 5. Vail Health should be ordered to answer Interrogatory No. 20 and subsections (e) and (f) from November 1, 2012 to the present.

**Interrogatory No. 21 and (d)-(e)** seek the identity of each internal and external accountant who was employed or engaged by Vail Health to provide advice related to any joint venture or collaboration relating to physical therapy services, including legal or compliance issues.[46] Vail Health did not answer this interrogatory, claiming it was duplicative of the state court action. It is not.[47] Vail Health should be ordered to answer Interrogatory No. 21 and subsections (d) and (e) from November 1, 2012 to the present.

**Interrogatory No. 23 and (d)-(e)** seeks the identity of each third-party vendor and consultant employed or engaged by Vail Health for purposes of providing healthcare consulting and analysis, strategic planning, financial consulting, and marketing advice for any joint venture or collaboration related in any way to physical therapy services.[48] Vail Health did not answer this interrogatory, claiming it was duplicative of the state court action. From the documents produced, we know Vail Health hired many consultants,

---

[43] Vail Health's reference to Interrog. Nos. 1-5, 11, 13, and Request No. 21 relate to RPC-Vail, which is not at issue in this motion.
[44] Ex. 13 at Interrog. No. 20 [Vail Health's Resp. to 2d Set of Discovery].
[45] *See Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, No. 08-cv-09117 (GBD)(HBP), 2010 WL 11594991, at *16 (S.D.N.Y. Oct. 14, 2010) ("Counsel's identity is not privileged").
[46] *See* Ex. 13 at Interrog. No. 21, subsections (d)-(e). As to subsections (a)-(c), they fall outside the date parameters allowed by the Court. *See* ECF No. 107 at 6.
[47] Vail Health's reference to Interrog. Nos. 1-5, 11, 13, and Request No. 21 relate to RPC-Vail, which is not at issue in this motion.
[48] Ex. 13 at Interrog. No. 23. As to subsections (a)-(d), they fall outside the date parameters allowed by the Court. *See* ECF No. 107 at 6.

including Haverford Healthcare Advisors, Healthcare Transaction Advisors, Hammes Company, AntrimRice Advisors, Boston Consulting Group, Jornada Partners, and Deloitte. None were disclosed in the state court action. Yet, Vail Health refused to answer the interrogatory as to even these individuals. Additionally, Plaintiffs requested the identity of any billing services, such as clearinghouses, Medicare Administrator Contractors, and billing software vendors. Vail Health should be ordered to answer Interrogatory No. 23 and subsections (d) and (e) from November 1, 2012 to the present.

## IV. VAIL HEALTH HAS NOT PRODUCED A PRIVILEGE LOG.

### A. Vail Health Has Waived Any Privilege.

As the party asserting the attorney-client privilege and work-product doctrine, Vail Health must "provide sufficient information to enable the plaintiffs and the court to determine whether each element of the asserted objection is justified."[49] A blanket claim of privilege does not suffice.[50] "[A] party seeking to assert [a] privilege must make a clear showing that it applies….The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document."[51] "The failure to produce a privilege log…may be deemed a waiver of the privilege asserted."[52]

Here, Vail Health has objected to discovery on the basis of attorney-client privilege and work-product doctrine in Request Nos. 5, 7, 8, 11, 12, 15 (as well as Interrogatory Nos. 13 and 20). Vail Health has failed to make an adequate showing to establish the applicability of these privileges[53] provides no justifiable excuse for not producing a log.

---

[49]  *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 648-49 (D. Colo. 2004).
[50]  *Id.*
[51]  *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984).
[52]  *Id. See also Lee v. State Farm Mut. Auto. Ins. Co.,* 249 F.R.D. 662, 683 (D. Colo. 2008); *Wildearth Guardians v. U.S. Forest Serv.,* 713 F. Supp. 2d 1243, 1266 (D. Colo. 2010).
[53]  *Atteberry,* 221 F.R.D. at 649.

Despite Plaintiffs raising the issue again on July 23,[54] Vail Health has still not produced its privilege log. Vail Health has therefore waived any defense of attorney-client privilege or the work-product doctrine, and it should be ordered to produce all withheld documents.

### B. Vail Health's Redaction Of Documents Is Improper.

In addition to redacting Board minutes,[55] Vail Health redacted emails,[56] PowerPoint presentations,[57] attachments to emails,[58] and employment agreements[59] without providing any privilege log, so any purported privilege was waived. Some redactions identify counsel as part of the email string,[60] but those emails relate to business discussions between Vail Health and others. There can be no claim for work-product privilege as to those because there was no threat of litigation.[61] And as to any attorney-client privilege, communications with counsel are protected if Vail Health sought or obtained legal advice.[62] But because Vail Health produced no privilege log, it has not proven any privileged communications and thus whether the redactions are proper. Vail Health should be ordered to produce the unredacted versions of those emails.

As to the Board Minutes, PowerPoint presentations, other emails, and employment agreements,[63] they appear to have been redacted on relevancy grounds. But "[t]he Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that

---

[54] Ex. 24 [email].
[55] Ex. 15 [redacted Board minutes].
[56] Ex. 25 [examples of redacted emails].
[57] Ex. 26 at VH_Fed002989 [example of redacted PowerPoint].
[58] Ex. 27 [example of redacted email attachments].
[59] Ex. 28 [12 produced employment agreements].
[60] Ex. 29 [example of attorney emails].
[61] *U.S. v. J-M Mfg. Co.*, No. 11-CV-01691-MSK-MJW, 2013 WL 424782, at *3 (D. Colo. Feb. 4, 2013) (noting work product protects "mental impressions, conclusions, opinions, or legal theories, authored in *anticipation of litigation*") (emphasis added).
[62] See *Johnston*, 146 F.3d at 794.
[63] See Exs. 14, 25-28 [examples of redactions].

warrants redaction."[64]  "There is no express or implied support in either Rule 34 or Rule 1 for a party…to redact[]…irrelevant or non-responsive information"[65] because a document's relevancy is determined once as a single unit.[66]  "It is a rare document that contains only relevant information,"[67] and purportedly irrelevant information "may be highly useful to providing context for the relevant information."[68]  Nor can Vail Health assert the redactions were made to protect confidentiality—the stipulated protective order addresses that.[69]  In sum, because Vail Health cannot "redact certain portions it unilaterally deems irrelevant,"[70] Vail Health should be ordered to reproduce the documents in unredacted form.

    **C.**    **Alternatively, Vail Health Should Be Ordered To Produce A Log.**

Even if the Court finds that Vail Health has not waived any claim of privilege, or that the Court cannot yet discern whether the redactions are appropriate, Vail Health should be ordered to immediately produce its privilege log.

---

[64]    *Medtronic Sofamer Danek, Inc. v. Michelson*, 2002 WL 33003691, at *5 (W.D. Tenn. Jan. 30, 2002).
[65]    *McNabb v. City of Overland Park*, No. 12-2331, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014).
[66]    *See HR Tech., Inc. v. Imura Int'l, U.S.A., Inc.*, 2010 WL 4792388, at *5 (D. Kan. Nov. 17, 2010); *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D. Pa. Sep. 30, 2008) ("Rule 34 talks about the production of 'documents,' as opposed to the relevant information….There is no express or implied support…in which a party would scrub responsive documents of non-responsive information").
[67]    *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 4782860, at *2 (S.D. Ohio Aug. 18, 2020) (quoting *Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011)).
[68]    *Ewalt*, 2020 WL 4782860, at *2 (quoting *Bartholomew*, 278 F.R.D. at 451)).
[69]    *In re iPhone/ iPad Application Consumer Privacy Litig.*, No. 11-MD-2250, 2013 WL 843833, at *6 (N.D. Cal. Mar. 6, 2013) (holding party not "entitled to redact 'incredibly sensitive and highly confidential' irrelevant information" when the party could " not explain why the protective order to which it agreed…[wa]s insufficient").
[70]    *Stewart v. Credit One Bank*, Case No.16-2781-DDC-KGG, at *6 (D. Kan. Aug. 11, 2017), attached at Ex. 30.

## V. PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEY'S FEES.

Under Rule 37(a)(5), if a party moving to compel discovery is successful, the court "must" award the moving party its reasonable attorney's fees. Plaintiffs repeatedly made good faith efforts to resolve the dispute through numerous communications and repeated requests for conferrals. Vail Health's decision not to produce a privilege log, documents, and answer basic interrogatories is unjustified and warrants the award of attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel in its entirety.

Dated: August 12, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail: fwlawyers@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on August 12, 2021, I served a true and correct copy of Plaintiffs' Rule 37 Motion to Compel #3 Relating to RFP No. 15 (Board Documents), Interrogatory Nos. 12-13, 20-21, and 23 (Identification of Potential Witnesses), Failure to Produce Privilege Log, and Redacted Documents, including exhibits, some of which are filed restricted under the protective order, via the Court's ECF system on:

      Shannon Stevenson
      Janet A. Savage
      Jackie Roeder
      Daniel Richards
      Davis Graham & Stubbs LLP
      1550 17th Street, Suite 500
      Denver, CO  80202

      Counsel for Defendant

                        *s/ Alan L. Kildow*
                        Alan L. Kildow