

# Exhibit 24

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Friday, July 23, 2021 11:19 AM |
| **To:** | 'Stevenson, Shannon' |
| **Cc:** | 'sonya braunschweig'; 'Roeder, Jackie'; 'Savage, Janet'; fwlawyers@gmail.com; 'McHugh, John'; 'Richards, Daniel' |
| **Subject:** | Sports Rehab, et al. v. Vail Health--Status of Discovery, Document Production, and Depositions |

Counsel:

The informal discovery dispute resolution conference held March 30, 2021 was not completed, so the issues beyond the temporal scope of antitrust discovery have not been resolved, and even that issue remains subject to Plaintiffs' objection that is pending before Judge Martinez.  In light of the most recent Order of Magistrate Judge Gallagher, those issues remaining from March 30 will need to be presented by way of Rule 37 motions to compel, which Plaintiffs will be filing as expeditiously as practicable.  In addition, there are many documents that have not been produced that Vail Health's Rule 34 responses indicate should have been.  (Those documents are the subject of the most recent chart provided by Plaintiffs that Vail Health responded to on July 7.)  Then there are the documents that Vail Health has still not produced even though they were referenced in Judge Martinez's Order.   Ms. Roeder indicated on Monday that Plaintiffs would receive a response to those document yesterday, although we have yet to receive anything.  And, of course, we have yet to see a privilege log either.

Despite representations to both Magistrate Judge Gallagher and Judge Martinez to the contrary, Vail Health has produced only a small fraction of the documents that applicable federal case law confirms are relevant to this Sherman Act sec. 2 case.   For example, Vail Health has not produce important documents relevant to key antitrust issues such as the relevant geographic market, competitive price levels, Vail Health's supracompetitive pricing, vertical and horizontal contractual constraints, etc.  Vail Health's refusal to produce relevant documents or answer interrogatories or admissions  directly relevant to these issues means that Rule 37 motions are required, and that will take time.  In the interim, depositions of Nicholas Brown, Doris Kirchner, and certain non-party witnesses will need to be scheduled in a way that permits this motion practice to be meaningfully completed and relevant documents produced by Vail Health, to the extent determined by the Court to be produced.  In the meantime, depositions of non-parties can proceed, although some may result in motion practice as well.

Given the status of discovery, therefore, it appears unavoidable that an extension on the discovery period will be required.  Please let us know whether Vail Health will agree to a 60-day extension of the discovery deadline and the expert disclosure deadline.  With the prompt filing of motions to compel and prompt responsive briefing, hopefully that will be enough time to complete discovery. For the time being, however, the depositions of Brown and Kirchner are premature and so is the deposition of Lindsay Winninger (documents only recently produced by Vail Health shed new light on the anticompetitive conduct of Vail Health).  What would be helpful is what we long ago requested: dates when counsel for Vail Health will not be available for depositions.  That would be helpful to us because we will be circulating a proposed deposition schedule for non-party witnesses shortly.

We look forward to your prompt response.

Alan Kildow
970-390-6675