**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS
UNDER FILING RESTRICTIONS**

Pursuant to Fed. R. Civ. P 5.2 and D.C.COLO LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 15, 18, 19, 20, 21, 22, 23, and 25 of Plaintiffs' Rule 37 Motion to Compel #2 Relating to Vail Health's Monopoly Power ("Plaintiffs' Motion") (Dkt. 129, 130). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C. Colo.LCivR 7.1(a), Vail Health's counsel certifies that she conferred with Plaintiffs' counsel via email on August 22, 2021.  Plaintiffs indicated on August 24, 2021 that they do not oppose the motion.</u>

1.    Plaintiffs' Exhibit 15 is Defendant's responses to Plaintiffs' First Set of Interrogatories and Second Requests for the Production of Documents ("Discovery Responses"). This Exhibit contains confidential commercial information, including sensitive non-public financial and business information relating to billing, referral sources, negotiations regarding joint ventures and services agreements, internal operating procedures, and other significant information

- 2 -

driving Vail Health's marketing and strategic commercial decisions. Vail Health has previously filed a Motion to place this Exhibit under a Level 1 filing restriction (Dkt. 106) which was granted on August 15, 2021 (Dkt. 136).

2. Plaintiffs' Exhibit 18 is a letter from Haverford Healthcare Advisors ("Haverford") to Doris Kirchner, then-Chief Executive Officer of Vail Health. The letter—labeled "Personal and Confidential"—provides a detailed description of Haverford's proposed methodology for conducting a business valuation of Howard Head Sports Medicine, along with information concerning Haverford's terms of engagement. The letter also attaches Howard Head's detailed financial information for 2015. This document therefore contains confidential commercial information, including sensitive non-public financial and business information relating to the value of the business and Haverford's work.

3. Plaintiffs' Exhibit 19 is a compilation of three years of detailed non-public financial information Vail Health employees created for Howard Head. The compilation includes details on income and revenue streams for Howard Head, as well as expenses such as salaries, benefits, supplies, and rent. The cover email attaching this compilation includes non-public discussion of the assumptions underlying the financial information and how it might be used for future business negotiations.

4. Plaintiffs' Exhibit 20 includes the same detailed non-public financial information including Howard Head's sources of income, revenue, and expenses as in Exhibit 19, as well as confidential communications between Vail Health and representatives of The Steadman Clinic in connection with a potential joint venture. The communications discuss Vail Health's and The Steadman Clinic's "confidential" information memorandum and quality of earnings reports.

5. Plaintiffs' Exhibit 21 is an approximately 100-page PowerPoint presentation shared internally with Vail Health's leadership team that details Howard Head's qualitative and quantitative performance. The presentation includes detailed non-public information about, among other things, Howard Head's outcome statistics, patient satisfaction ratings, internal audits, budgets, financial metrics, and future strategic planning.

6. Plaintiffs' Exhibit 22 is an internal Vail Health document which contains sensitive non-public financial information for Howard Head for fiscal years 2015 through 2020. The spreadsheet includes, by month, charges, payments, costs, margins, indirect costs, and net income.

7. Plaintiffs' Exhibit 23 is an internal Vail Health document which contains confidential commercial information including sensitive non-public financial and business planning information relating to strategic planning, including an analysis of service lines, market trend, and community needs.

8. Plaintiffs' Exhibit 25 is a Vail Health spreadsheet containing Protected Health Information ("PHI"), identifying charges, and identifying insurance providers billed for each patient. Vail Health has previously filed a Motion to place this Exhibit under a Level 1 filing restriction (Dkt. 137) which the Court has taken under advisement (Dkt. 139).

9. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents

as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

10. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

11. Plaintiffs' Exhibits 15[1] and 18 were marked as "CONFIDENTIAL."

12. Plaintiffs' Exhibits 19, 20, 21, 22, and 23 were marked as "ATTORNEYS' EYES ONLY"

13. Plaintiffs' Exhibit 25 was marked as "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION."

14. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a

---

[1] Plaintiffs' Exhibit 15 was originally designated as ATTORNEYS' EYES ONLY, however, after review of the information, Vail Health amended that designation to the less restrictive designation of CONFIDENTIAL.

party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

15. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

16. If the information contained in Plaintiffs' Exhibits 15, 18, 19, 20, 21, 22, 23, and 25 were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)). Further, if the information contained in Plaintiffs' Exhibit 25 were to be made public, Defendant would be in violation of the Health Insurance Portability and Accountability Act ("HIPAA").

- 6 -

17.     Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. With respect to Plaintiffs' Exhibit 15, confidential commercial information is interwoven throughout the responses provided by Vail Health. With respect to Plaintiffs' Exhibit 22, the entire document reflects confidential commercial information. With respect to Plaintiffs' Exhibits 18, 19, 20, 21, 23, and 25, either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

18.     Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

19.     Vail Health is requesting restriction of only certain confidential and attorneys' eyes only documents. The remaining Exhibits attached to the Plaintiffs' Motion are not being filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 24th day of August, 2021.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS** was filed via CM/ECF on this 24th day of August, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Blvd., Suite 236<br>Avon, Colorado 81620<br>Email: fwlawyers@gmail.com | Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, Colorado 81657<br>Email: akildow@aol.com |

                                                       *s/ Melissa Kemp*