IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' MEMORANDUM REGARDING DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS**

---

## INTRODUCTION

Vail Health's motion to restrict access to the exhibits filed with Plaintiffs' motion raises issues of the public's common law right to judicial proceedings and records. The existence of such a right is beyond dispute.[1] Access means more than the ability to attend open court proceedings; it also encompasses the right of the public to inspect and to copy judicial records. The public's exercise of its common-law access right in civil cases promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.[2] Although our courts recognize a general common-law right to inspect and to copy judicial records and documents, the right is not absolute.[3] "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a

---

[1]    *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978).
[2]    *See* 6 J. Wigmore, *Evidence* § 1834 (J. Chadbourne rev. 1976).
[3]    *Nixon*, 435 U.S. at 598.

1

vehicle for improper purposes."[4]  Despite the heavy presumption in favor of public access, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.[5]

Although this is a case brought under § 2 of the Sherman Act, Plaintiffs believe that there are important differences between a nonprofit hospital like Vail Health and commercial firms operating as purely private competitors in a market economy.  As the Colorado Supreme Court observed many years ago: "A hospital, like the plaintiff, whose doors are open to those needing medical and surgical treatment for which no charge is made to those unable to pay, and which depends for its support and maintenance upon the fees of patients and gifts and donations and cares for recipients of public welfare sent to it by the city at reduced rates and is conducted in the interests of the general public and strictly as a non-profit organization, is a public charity.  Such a hospital is not conducting a business or commercial enterprise.  It is not engaged in industry and trade."[6]  As the reasoning of the Colorado Supreme Court suggests, the obligations that Vail Health has to the public alter any purely commercial arguments it might have that it can withhold from the public information regarding its strategies, prices, and profits that are revealed in this action.

On that score, at some point in Vail Health's motion to restrict, U.S. Supreme Court case law required it to face "the task of weighing the interests advanced by the parties in light of the public interest and the duty of the courts."[7]  But Vail Health did not do so.

---

[4]     *Id.*
[5]     *Id.*
[6]     *St. Luke's Hosp. v. Indus. Comm'n of Colo.*, 349 P.2d 995, 998 (Colo. 1960) (citation omitted).
[7]     *Nixon*, 435 U.S. at 602.

Instead, it focused solely on its own commercial, profit-oriented interests without even mentioning that Vail Health is a nonprofit hospital that has substantial community obligations to the citizens and residents of Eagle County who rely on it for affordable health care and who have helped subsidize it.  Nor does the motion even attempt to explain how Vail Health's countervailing commercial interests "heavily outweigh the public interests in access," as the Tenth Circuit would require it to do. [8]  Vail Health's failure to conduct any balancing of these interests is alone should be a sufficient ground to deny the motion.

Having said all that, Plaintiffs advise the Court that they will not at this time file an opposition to Vail Health's motion to restrict public access.  Plaintiffs have substantial arguments that they believe auger strongly against granting the restriction motion.  But there are significant Rule 37 motions to compel discovery that have been filed that need to be adjudicated.  The Court and the parties have much to do to meet the deadlines set forth in the Scheduling Order.  Plaintiffs, therefore, have reluctantly concluded that it is in the best interest of all concerned that the Court not be required to engage a debate over Vail Health's motion and should not at this time be required to invest the time necessary to conduct the "weighing" of interests process that the Tenth Circuit requires.  Plaintiffs do, however, reserve the right to provide the public with access to such documents at a later time in the proceedings.

Plaintiffs have an issue with respect to Vail Health's motion and the facts surrounding the conferral process, which are further addressed below.

---

[8]     *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

**VAIL HEALTH'S CERTIFICATION OF CONFERRAL**

In its certification of conferral, Vail Health stated: "<u>Pursuant to D.C. Colo.L.Civ.R. 7.1(a), Vail Heath's counsel certifies that she attempted to confer with Plaintiffs' counsel via e-mail on August 19, 2021, but Plaintiffs' counsel has not responded to either e-mail.</u>"[9] That "certification" is correct as far as it goes. Attached is Plaintiffs' Exhibit 1, which is Ms. Stevenson's e-mail sent to Alan Kildow at 12:18 p.m., M.D.T., on Thursday, August 19. Exhibit 1 shows Mr. Kildow receiving the e-mail at 9:18 p.m., which is correct for the Athens, Greece time zone where Mr. Kildow was on vacation. Ms. Stephenson's e-mail states that "Vail Health plans to *file today a motion* to keep as restricted the exhibits to [Plaintiffs'] Motion to Compel #1…." (emphasis added). The "file today" language demonstrates that Ms. Stephenson expected Plaintiffs' counsel to respond to her e-mail within half a business day, despite having had 14 days to address this issue.

Then, at 3:18 p.m., M.D.T. Ms. Stephenson sent a follow-up e-mail again asking for Plaintiffs' position as to the motion to restrict. Looking at Plaintiffs' Exhibit 2, it indicates that Mr. Kildow received the second e-mail at 12:18 a.m., Athens time, on August 20. And finally, the e-mail Mr. Kildow received from the Court Administrator indicates that Vail Health's motion to restrict was electronically filed at 7:57 p.m., M.D.T on August 19. A question Ms. Stevenson's conferral certification raises is whether, under D.C. Colo.L.Civ.R. 7.1(a), two e-mails requiring opposing counsel to respond within 5 business hours prior to the filing of a motion is sufficient to satisfy the "reasonable, good faith efforts to confer" requirement of the rule.

---

[9]     Vail Health Mot. to Restrict at 1.

4

Plaintiffs also wish to explain to the Court that at the time of Ms. Stevenson's e-mails, Mr. Kildow was on a vacation in the Mediterranean Sea and did not have internet or phone coverage from Friday morning until Sunday night.  Sonya Braunschweig, who is an attorney who is also working on the case, was on a vacation with her family in the mountains and did not have internet and limited phone connection until Monday morning.  Although Ms. Stevenson did not know about the vacations of Mr. Kildow and Ms. Braunschweig, her conferral certification might have said something like, "Gee, we didn't get at this motion until rather late and we only gave Plaintiffs' counsel half-a-day to tell us yes or no as to any opposition to it, but at least we sent them a couple of e-mails."  The fact that Plaintiffs counsel had very little time to respond—even if they had not been on vacation—should make the conferral process more understandable.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully inform the Court that Plaintiffs' are not filing an opposition to Vail Health's motion to restrict.

Dated:  August 25, 2021         *s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

5

## CERTIFICATE OF SERVICE

      I hereby certify that on August 25, 2021, I served a true and correct copy of Plaintiffs' Memorandum Regarding Vail Health's Motion to Place Exhibits Under Filing Restrictions, including exhibits, some of which are filed as restricted under the protective order issued in this case, via the Court's ECF system on:

    Shannon Wells Stevenson
    Janet Savage
    Jacqueline V. Roeder
    Daniel A. Richards
    David Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, Colorado, 80202

    Attorneys for Defendant Vail Clinic, Inc.