# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH,

    Defendant.

## ORDER GRANTING, IN-PART, DEFENDANT'S MOTIONS TO RESTRICT

This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's (Vail Health) Motions to Restrict (D. 137 & D. 146)[1], Vail Health's supplement (D. 144), and Plaintiffs' response (D. 146). The motions have been referred to this Magistrate Judge for review (D. 138 & D. 145).[2] The Court has reviewed the pending motion, supplement, response, and all attachments. The Court has also considered the entire case file, the applicable law, and is

---

[1] "(D. 137)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. *See, e.g., Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020). Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. FED. R. CIV. P. 72(a).

sufficiently advised in the premises. Oral argument is not necessary. For the reasons that follow, the Court GRANTS, in-part, the motions to restrict.

Defendant Vail Health moves to restrict a number of attachments to recent motions that have been docketed in this case. For purposes of brevity, the docket numbers will be outlined and listed below. The Court notes that there has been some dispute over conferral which is moot at this time as it appears that adequate conferral has now occurred. The Court also notes that Plaintiffs take the positions that while they do not necessarily agree that any or all of the requested documents should be restricted, they do not choose to require the Court to invest time in the weighing the interest process with all else that is pending in this action. (D. 146, p. 3). Plaintiffs instead reserve the right "to provide the public with access to such documents at a later time in the proceedings." *Id*.

The Court's obligation to balance the interest of public access to the operations of the Court against the harm of disclosure exists independently of whether the parties believe it to be a good use of Court time to engage in the necessary weighing analysis. Put another way, even if the parties to a case stipulate to restricted access, the Court must apply the weighing test as the Court has an obligation to the public and the confidence that public access to the operation of the courts brings to our democracy.

The Court has engaged in that analysis. With regard to the following documents (D. 128-1, 128-2, 128-3, 128-4, 128-5, 128-6, 130-1, 130-2, 130-3, 130-4, 130-5, 130-6, and 130-7) the Court finds that the danger of harm to Vail Health's interests due to the sensitive business nature of the documents outweighs the public right of access. With regard to D. 128, pp. 1-59 and D. 130, pp. 1-59, the Court finds that these documents are subject to redaction. While some portions

2

of the documents are subject to restriction, other portions do not need to be kept from the public. The Court will leave it to Vail Health, in the first instance, to attempt appropriate redaction.

It is therefore Ordered that all listed documents SHALL be maintained at Level 1 Restriction.

It is further Ordered that, within fourteen (14) days, Vail Health SHALL submit proposed redactions for documents 128 and 130.

Dated at Grand Junction, Colorado this August 26, 2021.

Gordon P. Gallagher
United States Magistrate Judge

3