## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

  Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

  Defendant.

---

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

---

   Pursuant to Fed. R. Civ. P 5.2 and D.C.COLO LCivR 7.2, Defendant Vail Clinic Inc., d/b/a

Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 13 – 19, 21 and

25 – 29 of Plaintiffs' Motion to Compel #3 Relating to RFP No. 15 (Board Documents),

Interrogatory Nos. 12-13, 20-21, and 23 (Identification of Potential Witnesses), Failure to Produce

Privilege Log, and Redacted Documents ("Plaintiffs' Motion") (Dkt. 132, 133).[1] In support of this

motion, Vail Health states as follows:

---

[1] Vail Health is not seeking restriction on Plaintiffs' Exhibits 20 and 22. These documents are emails referencing attachments, which were not included. The attachments contain confidential commercial information, and Vail Health reserves the right to file a motion to restrict access to these attachments to the extent they are filed as exhibits in future filings.

Pursuant to D.C. Colo.LCivR 7.1(a), Vail Health's counsel certifies that she conferred with Plaintiffs' counsel via email on August 24, 2021, who do not oppose the relief set forth in this motion. (Exh. 1, Email from Plaintiffs' Counsel Regarding Conferral).[2]

1.      Plaintiffs' Exhibit 13 is Defendant's responses to Plaintiffs' First Set of Interrogatories and Second Requests for the Production of Documents ("Discovery Responses"). This Exhibit contains confidential commercial information, including sensitive non-public financial and business information relating to billing, referral sources, negotiations regarding joint ventures and services agreements, internal operating procedures, and other significant information driving Vail Health's marketing and strategic commercial decisions. Vail Health has previously filed a Motion to place this Exhibit under a Level 1 filing restriction (Dkt. 106) which was granted on August 15, 2021 (Dkt. 136).[3]

2.      Plaintiffs' Exhibit 14 is a compilation of internal Vail Health documents consisting of Board Minutes of the Joint Meeting of VHS and VVMC Governing Board. This exhibit contains confidential information including sensitive non-public financial and business planning information relating to internal budgeting, financial planning, proposals for new initiatives, and growth plans including for a proposed surgical center.

---

[2] Although Plaintiffs indicated they do not oppose Vail Health's motions to restrict these exhibits, on August 25, 2021, Plaintiffs filed a Memorandum Regarding Defendant Vail Health's Motion to Place Exhibits Under Filing Restrictions ("Memorandum"). (Dkt. 146). Plaintiffs maintain in the Memorandum that they do not oppose Vail Health's motions, but nonetheless interpose objections. Vail Health reserves the right to file a Reply to this Memorandum.

[3] This Exhibit is identical to Plaintiffs' Exhibit 15 (Dkt. 128) and Plaintiffs' Exhibit 15 (Dkt. 130), and Vail Health also filed Motions to place these Exhibits under a Level 1 filing restriction (Dkt. 137, 143). Vail Health will submit a redacted version of this Exhibit consistent with the Order of this Court issued today. (Dkt. 147).

3.     Plaintiffs' Exhibit 15 is a compilation of internal Vail Health documents consisting of the minutes of additional Board Meetings. This exhibit contains confidential commercial information including sensitive non-public financial and business planning information relating to internal deliberations of contemplated partnerships, development opportunities, and the acquisition and transition of Howard Head to Vail Health.

4.     Plaintiffs' Exhibit 16 is an internal Vail Health document which contains confidential commercial information including sensitive non-public financial and business information including a discussion of the partnership with The Steadman Clinic, the strategy behind the partnership, growth areas and opportunities, areas for expansion, and available markets.

5.     Plaintiffs' Exhibit 17 is a Vail Health document circulated to the Vail Health Steering Committee and to the Steadman Clinic in connection with a potential joint venture concerning an ambulatory network plan. This document contains confidential commercial information including sensitive non-public financial and business information relating to market growth opportunities and a detailed overview of locations for an ambulatory network plan, planning, volume estimates, and proposed next steps. This document was provided by non-party The Steadman Clinic in response to a subpoena served by Plaintiffs.

6.     Plaintiffs' Exhibit 18 is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains a discussion of a potential joint venture, the outcome of a meeting to discuss the joint venture, and discusses a new meeting to discuss strategies for alignment and next steps.

7.     Plaintiffs' Exhibit 19 is an internal Vail Health document containing a presentation to the Vail Health Board of Directors. This document contains confidential commercial

information including sensitive non-public commercial and financial information. Among other things, this document contains a discussion of potential joint venture opportunities, expansion into new markets, and market and industry trends.

8.      Plaintiffs' Exhibit 21 is an internal Vail Health email concerning an upcoming presentation regarding a potential joint venture. This document contains confidential commercial information including sensitive non-public commercial and financial information. Among other items, this document discusses the current fair market valuation for the joint venture and a legal term sheet for the joint venture.

9.      Plaintiffs' Exhibit 23 is an internal Vail Health email discussing revenue variances. This document contains sensitive non-public commercial and financial information, including a discussion of specific Howard Head locations, revenue from those locations and variances in revenue from prior years.

10.     Plaintiffs' Exhibit 25 is a compilation of emails, both internal Vail Health emails and external emails with a potential joint venture partner. These emails discuss confidential commercial information including sensitive non-public commercial and financial information. Among other items, these emails discuss issues raised by the potential joint venture partner, a revised Research Affiliation Agreement and revised Letter of Intent, potential withdrawal issues, valuation issues, and the protected health information ("PHI") breach which is the subject of ongoing litigation between Vail Health and Plaintiffs in the Eagle County State Court Action.

11.     Plaintiffs' Exhibit 26 is a draft internal Vail Health presentation containing confidential commercial information including sensitive non-public commercial and financial information. Among other things, this draft presentation discusses potential joint venture

opportunities, potential equity stakes in the joint venture, and the financial arrangement of the joint venture.

12.     Plaintiffs' Exhibit 27 is a draft of internal Vail Health notes regarding Howard Head and potential growth opportunities. This document contains confidential commercial information including sensitive non-public commercial and financial information. Among other things, this document discusses competitors of Howard Head, referrals, service lines, direct contracts with employers, personnel management, and revenue trends.

13.     Plaintiffs' Exhibit 28 is a compilation of Vail Health employment offer letters to physical therapists. These documents contain a discussion of compensation, benefits, terms and conditions of employment, and access to confidential information.

14.     Plaintiffs' Exhibit 29 is a series of emails between Vail Health and a potential joint venture partner regarding a potential joint venture and contains confidential commercial information including sensitive non-public commercial and financial information. This document contains a discussion of the specific terms of the potential joint venture, including ownership interest, funding amounts, termination of funding and financial contributions.

15.     On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so

completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

16.     Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

17.     Plaintiffs' Exhibits 13[4] – 19, 23, 28, and 29 were marked as "CONFIDENTIAL."

18.     Plaintiffs' Exhibits 21, 25, 26 and 27 were marked as "ATTORNEYS' EYES ONLY."

19.     Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

---

[4] Plaintiffs' Exhibit 15 was originally designated as ATTORNEYS' EYES ONLY, however, after review of the information, Vail Health amended that designation to the less restrictive designation of CONFIDENTIAL.

20. Documents designated as "ATTORNEYS' EYES ONLY" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

21. If the information contained in Plaintiffs' Exhibits 13 – 19, 21, 23 and 25 - 29 were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

22. With respect to Plaintiffs' Exhibit 13, Vail Health will submit a redacted version of this Exhibit consistent with the Court's order today. (Dkt. 147.)

23. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in the remaining exhibits is not practicable.  With respect to Plaintiffs' Exhibits 14 – 19, 23, 28 and 29, either all or the substantial majority of the information set forth in each exhibit is confidential commercial information. With respect to Plaintiffs' Exhibits 21, 25, 26 and 27,

either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

24.     Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

25.     Vail Health is requesting restriction of only certain confidential and attorneys' eyes only documents. The remaining Exhibits attached to the Plaintiffs' Motion are not being filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 26th day of August, 2021.

- 9 -

   *s/ Jacqueline V. Roeder*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC.,*
*d/b/a VAIL HEALTH, a Colorado nonprofit*
*corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS was filed via CM/ECF on this 26th day of August, 2021, which will forward notice to the following:

Jesse Wiens                                         Alan L. Kildow
Fahrenholtz & Wiens LLC                             790 Potato Patch Drive
100 West Beaver Creek Blvd., Suite 236              Vail, Colorado 81657
Avon, Colorado 81620                                Email: akildow@aol.com
Email: fwlawyers@gmail.com


                                        *s/ Sandra Abram*
                                        Sandra Abram