**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' RULE 37 MOTION TO COMPEL #3 RELATING TO RFP NO. 15 (BOARD DOCUMENTS), INTERROGATORY NOS. 12-13, 20-21, AND 23 (IDENTIFICATION OF POTENTIAL WITNESSES), FAILURE TO PRODUCE PRIVILEGE LOG, AND REDACTED DOCUMENTS**

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this response to Plaintiffs Sports Rehab Consulting LLC's and Lindsay Winninger's (collectively, "Plaintiffs") Rule 37 Motion to Compel #3 Relating to RFP No. 15 (Board Documents), Interrogatory Nos. 12-13, 20-21, and 23 (Identification of Potential Witnesses), Failure to Produce Privilege Log, and Redacted Documents ("Motion").

**PRELIMINARY STATEMENT**

In June 2021, Judge Martinez warned Plaintiffs and their counsel that they could be held personally liable for attorneys' fees and costs if they continue to "multiply the proceedings" or engage in conduct that is "vexatious and unreasonable." (Ex. 1, Dkt. 113.) Several weeks later, after rejecting a "meritless and frivolous" objection by Plaintiffs to an order by Judge Gallagher, Judge Martinez reiterated his warning, stating: "For the second, and final, time, Plaintiffs'

4864091.2

counsel is on notice that if he persists in this type of behavior [filing frivolous motions and objections], he will expose himself personally, and/or jointly and severally with his clients, to individual or joint liability for substantial economic sanctions." (Ex. 2 at 2, Dkt. 118.) This Motion—one of three 15-page motions to compel Plaintiffs filed in a matter of days—demonstrates that Plaintiffs remain undeterred.

Plaintiffs' Motion acknowledges that Vail Heath produced a substantial volume of documents in response to Plaintiffs' requests for production, referencing the responsive documents Vail Health produced throughout the Motion. However, instead of accepting Vail Health's substantial production and pivoting to depositions, obtaining any necessary third-party and expert discovery, and litigating the merits of the dispute, Plaintiffs' Motion seeks to leverage Vail Health's document production to obtain even more (irrelevant or cumulative) discovery. Moreover, Plaintiffs seek to compel Vail Health's responses to numerous extraordinarily burdensome and overly broad interrogatories. Plaintiffs' arguments are meritless, and Plaintiffs' Motion represents precisely the kind of vexatious discovery tactics that Judge Martinez advised Plaintiffs to avoid. The Motion should be denied.

## ARGUMENT

### I. Vail Health Has Produced Documents Responsive to RFP No. 15.

Plaintiffs claim that Vail Health's document production in response to Request for Production ("RFP") No. 15, which requests production of certain materials from Vail Health's Board of Directors, is inadequate. (Dkt. 132 at 5-6.) Plaintiffs' contention is meritless.

RFP No. 15 requests the production of "[a]ll agendas, minutes, minutes of action, and all other records of of [sic] the Board of Directors of Vail Health and all committees of the Board of

Directors of Vail Health, from January 1, 2004." (Ex. 3 at 40.) RFP No. 15 seeks a large volume of sensitive documents that have no bearing on Plaintiffs' claims. Plaintiffs' claims are limited to their allegation that Vail Health has a monopoly with respect to *physical therapy services in the Vail Valley*. (Dkt. 26 ¶ 35.) In contrast, the Vail Health Board of Directors has supervisory responsibility for the entire Vail Health healthcare system, of which Howard Head is but one of many service lines. Given the broad mandate of Vail Health's Board of Directors, they are rarely tasked with making decisions about Vail Health's Howard Head physical therapy practice. As such, Plaintiffs' request that Vail Health produce "all" materials of Vail Health's Board of Directors is overly broad and disproportionate to the needs of the case and seeks documents not relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

Notwithstanding the extraordinary overbreadth of Plaintiffs' RFP No. 15, Vail Health agreed to produce "non-privileged portions of Vail Health Board of Directors agendas and minutes . . . that relate to Howard Head and Vail Health's physical therapy services in the Vail Valley." (Ex. 3 at 40.) Plaintiffs acknowledge that Vail Health has produced Board minutes from January 9, March 5, July 2, September 17, and October 15, 2012; December 7, 2015; October 3, 2016; January 9, April 10, and July 3, 2017; and January 8, 2018. (Dkt. 132 at 5-6.) They fail to mention that Vail Health has also produced Board minutes for April 9, 2012; July 7, 2014; January 4, March 7, April 11, May 9, and July 5, 2016; and October 2, 2017. (Ex. 4.) Those Board minutes were produced either (1) in unredacted form or (2) in redacted form leaving any non-privileged references to Vail Health's physical therapy services in the Vail Valley unredacted. (*See* Ex. 4 (compilation of Board Minutes produced).) Plaintiffs claim that Vail Health failed to produce Board minutes for certain time periods, based on the fact that the

- 3 -

Board meets multiple times per year.  (Dkt. 132 at 5.)  However, Vail Health did not agree to produce all Board minutes—only Board minutes including non-privileged information related to Vail Health's physical therapy services in the Vail Valley.  (Ex. 3 at 40.)  Vail Health has not produced Board Minutes that do not contain responsive information, which is why there are time periods for which no Board minutes have been produced.

Plaintiffs also fault Vail Health for redacting non-responsive information from certain of the Board Minutes it has produced.  (Dkt. 132 at 13-14.)  However, it is widely accepted that non-responsive information may be redacted from board minutes where the litigation relates to a small subset of the matters within the responsibility of a board of directors.  *See, e.g.*, *Ajuba Int'l, LLC v. Saharia*, No. 11-cv-12936, 2014 U.S. Dist. LEXIS 134873, at *9 (E.D. Mich. Sep. 25, 2014) (permitting the redaction of "[n]on-responsive information . . . from the board minutes"); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2179, 2011 U.S. Dist. LEXIS 158660, at *5 (E.D. La. July 1, 2011) (permitting defendants "to redact non-responsive information from the Board Minutes" because they "contain information which is not relevant to the claims or defenses of any party").  While most Board minute redactions are based on non-responsiveness, to the extent that responsive Board materials were redacted based on attorney-client privilege or the work product doctrine, those redactions will be identified on Vail Health's privilege log.

Further, Plaintiffs argue that Vail Health has failed to produce certain ancillary documents related to Vail Health's Board of Directors.  None of their arguments have merit.

Plaintiffs claim that Vail Health should have produced "documents related to any committees or executive sessions" of the Vail Health Board.  (Dkt. 132 at 5.)  Plaintiffs have

failed to identify why they believe such documents may be relevant. In any event, it would be unduly burdensome and disproportionate to the needs of the case to require Vail Health to review documents related to all Board committees for a decade-long period to find any passing references to Howard Head. Moreover, such discovery would be unnecessarily duplicative of other discovery that has already occurred in this case. For example, Vail Health has searched the email communications of Vail Health's current and former CEOs and the current and former leaders of Vail Health's Howard Head physical therapy practice. As another example, Vail Health has produced numerous financial statements and projections for Howard Head. The suggestion that some critical fact would be reflected in Board committee minutes that is not reflected in the email communications among Vail Health's and Howard Head's leaders, or in Howard Head financial statements, is baseless.

Plaintiffs claim that Vail Health has failed to produce documents regarding a proposed strategic partnership with The Steadman Clinic ("Steadman") and the Steadman Philippon Research Institute ("SPRI"). (Dkt. 132 at 6.) That is incorrect. Vail Health has produced such documents as located through a reasonable search to the extent they relate to physical therapy services. (*See, e.g.*, Ex. 5 (examples of documents related to proposed collaborations between Vail Health and Steadman/SPRI).) In any event, nearly all aspects of the relationship between Vail Health and Steadman/SPRI have nothing to do with physical therapy services, including the Steadman and SPRI agreements Plaintiffs seemingly reference. (Dkt. 132 at 6.) Vail Health has also produced extensive information regarding the proposed physical therapy joint venture with Vail-Summit Orthopedics ("VSO"). (*See, e.g.*, Ex. 6 (compilation of documents related to proposed physical therapy joint venture with VSO).) Given the large volume of responsive

documents Vail Health has produced related to the proposed, but not consummated, physical therapy joint ventures with Steadman and VSO, Plaintiffs cannot seriously contend that Vail Health failed to conduct a reasonable search for responsive documents.

Plaintiffs also claim that Vail Health should have produced certain documents related to Vail Health's operations in "Summit County and Basalt." (Dkt. 132 at 6.) Documents related to Howard Head's physical therapy services outside of the Vail Valley have no bearing on Plaintiffs' claims, which specifically allege that Vail Health has a monopoly on the provision of physical therapy services *in the Vail Valley*. (Am. Compl., Dkt. 26 ¶ 35 (defining the relevant geographic market as the Vail Valley, which "lies in the somewhat narrow Vail Valley stretching from East Vail to Gypsum, Colorado").) Plaintiffs cannot both (1) narrowly define the alleged geographic and product markets as being limited to physical therapy services in the Vail Valley to make Vail Health appear that it has market power in an artificially defined market and yet (2) seek discovery outside that narrowly defined market merely to increase the discovery burdens on Vail Health.

In sum, Vail Health has reviewed all Vail Health Board minutes for responsive information and has produced the responsive portions of the Board minutes. In light of Vail Health's reasonable search of the email files of Vail Health's current and former CEO and current and former Howard Head leaders, and Vail Health's production of financial information, there is no basis to require the production of "all" Board committee minutes or each and every presentation to the Board, regardless of its subject matter.

## II. Vail Health's Responses to Plaintiffs' Interrogatories Are Proper.

Plaintiffs next argue that Vail Health failed to adequately respond to certain of Plaintiffs' interrogatories. Plaintiffs' arguments are baseless. Vail Health provided detailed responses to nearly all of Plaintiffs' interrogatories, and Vail Health has attached hereto its responses in full for the Court's review. (Ex. 3.) However, Vail Health objected to responding to a limited number of Plaintiffs' interrogatories, including because they were overly broad in the extreme and/or sought information not relevant to any party's claim or defense.

Plaintiffs claim that Vail Health improperly refused to respond to Interrogatory No. 12. Plaintiffs' Motion mischaracterizes the scope of Interrogatory No. 12, which is extremely broad. The text of Interrogatory No. 12 is as follows:

> Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, or consultant and his or her firm, who participated in discussions, meetings, or negotiations related to prices, pricing, price increases or decreases, costs, profits, terms and conditions, or Medicare or medical insurance reimbursement for physical therapy treatment relating to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:
> (a) Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;
> (b) The date and location of where each discussion, meeting, or communication was held;
> (c) Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement.
> (d) And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and
> (e) Identify by bates number all documents referred to or relied upon in answering this interrogatory.

(Ex. 3 at 23-24.) Vail Health properly objected to Interrogatory No. 12 as constituting multiple interrogatories and as unduly burdensome, overly broad, and disproportionate to the needs of the

case. (*Id.* at 24.) *See, e.g.*, *Convolve, Inc. v. Compaq Comput. Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (holding that a party need not identify in an interrogatory response all documents supporting a contention because "a contention interrogatory is not simply a vehicle for requiring an adversary to regurgitate all factual information obtained in discovery" (internal quotation marks omitted)); *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499, at *26 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face."). The fact that Plaintiffs served such an incredibly broad interrogatory—and now seek to compel a response to it—merely highlights their vexatious approach to this litigation. In any event, Vail Health's detailed response to Interrogatory No. 11 provides the core information requested by Interrogatory No. 12.

Plaintiffs also claim that Vail Health improperly refused to respond to Interrogatory No. 13. (Dkt. 132 at 10.) Again, Plaintiffs mischaracterize the scope of Interrogatory No. 13 as merely seeking information about persons and entities involved in a particular topic. Interrogatory No. 13 is nearly identical to Interrogatory No. 12 (quoted above), except it requests such information regarding "legal or regulatory issues relating to any joint venture, collaboration, or strategic partnership, including antitrust issues such as those prohibited by the Sherman Act, 15 U.S.C. § 2; kickback issues such as those prohibited under the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); or physician referral issues, such as those prohibited by the Stark Law, 42 U.S.C. § 1395nn." (Ex. 3 at 24-25.) In addition to being extremely overly broad like

Interrogatory No. 12, Interrogatory No. 13 seeks information protected by the attorney-client privilege.[1]

Interrogatory No. 20 (Dkt. 132 at 10-11) constitutes at least six separate interrogatories. As such, Vail Health properly objected to the interrogatory. However, Vail Health nonetheless identified in its response to Interrogatory No. 11 attorneys at Duane Morris as involved in joint venture discussions and has produced documents reflecting their involvement. (Ex. 3 at 20-23.)

Similarly, Interrogatories No. 21 and 23 (Dkt. 132 at 11) are wildly overly broad and each constitute multiple interrogatories. For example, the text of Interrogatory No. 23 is as follows:

> Identify each and every third-party vendor, healthcare consultant, strategic planning consultant, marketing consultant, or Medicare compliance consultant or expert, together with the name, address, and telephone number of each of their firms (such as McKinsey & Assoc.) that were employed or engaged by Vail Health during the period beginning January 1, 1999, and continuing to the present, for the purpose of providing billing services, healthcare consulting, strategic planning, healthcare analysis, financial analysis, marketing advice, counselling, planning, negotiating, consulting, or any other advisory or Medicare and compliance services to Vail Health, with respect to each of the following subject matters:
> 
>> (a) Healthcare marketing, financial, accounting, reporting, regulatory, or compliance issues relating to the planning, discussions, negotiations, or signing of the services agreement between Vail Health and RPC-Vail;
>> (b) Healthcare, marketing, financial, accounting, reporting, regulatory, or compliance issues arising from the methodology used by and manner in which Vail Health billed, charged, invoiced, and/or otherwise requested reimbursement from payers for physical therapy services provided by RPC-Vail;
>> (c) Healthcare, marketing, financial, accounting, reporting, regulatory, and/or compliance issues arising from the planning, discussions, and/or

---

[1] Aside from its overbreadth, Interrogatory No. 13 appears to be an attempted fishing expedition in search of purported regulatory violations that have no bearing whatsoever on Plaintiffs' monopolization claims.

> negotiations relating to the nonrenewal of any services agreement between Vail Health and RPC-Vail;
> (d) Healthcare, marketing, financial, accounting, reporting, regulatory, or compliance issues arising from the planning, discussions, drafting, and/or negotiations relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services; and
> (e) Third-party vendors providing any type of billing service, such as clearinghouses, Medicare Administrator Contractors, and billing software vendors.

Plaintiffs made no effort whatsoever to tailor their interrogatory to the specific facts of this case. Plaintiffs should not be permitted to serve compound, willfully overly broad interrogatories and then narrow them in a subsequent motion to compel. *Kelly*, 2003 U.S. Dist. LEXIS 30499, at *26 ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face.").

Plaintiffs' conduct of not only serving the remarkably overly broad interrogatories at issue in this Motion but also filing a motion to compel regarding those interrogatories, demonstrates that Plaintiffs' counsel have been undeterred by the Court's admonishment that they may be liable for fees and costs if their actions "multiply the proceedings" or "are vexatious and unreasonable."

### III.  Vail Health Will Produce a Privilege Log.

There is no dispute with respect to Vail Health's privilege log. Vail Health agrees that it must produce a log reflecting the documents it is withholding on the basis of privilege within a reasonable time after completing its document production. Vail Health will do so by September 10, 2021, nearly two months before the discovery deadline. Vail Health substantially completed its document production on August 6, 2021. On August 5, 2021, Plaintiffs filed their first 15-page motion to compel; on August 10, 2021, Plaintiffs filed their second 15-page motion to

compel; and on August 12, 2021, Plaintiffs filed their third 15-page motion to compel. Moreover, the undersigned counsel, the senior associate on this matter, was on vacation from August 14-23, 2021. While Vail Health's counsel has been working diligently to prepare a privilege log, it has had to devote significant resources to responding to the 45 pages of discovery motions filed by Plaintiffs raising scores of purported issues. Plaintiffs' contention that Vail Health has unreasonably delayed in producing its privilege log is baseless.[2]

Plaintiffs' argument that Vail Health unduly delayed in producing its privilege log is particularly unfounded because Plaintiffs did not produce their privilege log until August 12, 2021 (Ex. 7)—the day they filed this Motion accusing Vail Health of undue delay.

## IV. Plaintiffs are not Entitled to an Award of Attorneys' Fees.

Plaintiffs' Motion is meritless and should be denied. Further, in light of the groundless nature of Plaintiffs' Motion and the vexatious nature of the additional discovery they seek, Vail Health should be awarded its fees and costs incurred in responding to the Motion.

## CONCLUSION

The Court should deny Plaintiffs' Motion and award Vail Health its fees and costs in responding to the Motion.

---

[2] Vail Health previously produced a privilege log in the state case covering much of the subject matter at issue in this case.

Respectfully submitted this 2nd day of September, 2021.

   *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' RULE 37 MOTION TO COMPEL #3 RELATING TO RFP NO. 15 (BOARD DOCUMENTS), INTERROGATORY NOS. 12-13, 20-21, AND 23 (IDENTIFICATION OF POTENTIAL WITNESSES), FAILURE TO PRODUCE PRIVILEGE LOG, AND REDACTED DOCUMENTS was filed via CM/ECF on this 2nd day of September, 2021, which will forward notice to the following:

Jesse Wiens  
Fahrenholtz & Wiens LLC  
100 West Beaver Creek Blvd., Suite 236  
Avon, Colorado 81620  
Email: fwlawyers@gmail.com  

Alan L. Kildow  
790 Potato Patch Drive  
Vail, Colorado 81657  
Email: akildow@aol.com  

*s/ Sandra Abram*  
Sandra Abram