IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #2 RELATING TO VAIL HEALTH'S MONOPOLY POWER

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this response to Plaintiffs Sports Rehab Consulting LLC's and Lindsay Winninger's (collectively, "Plaintiffs") Motion to Compel #2 Relating to Vail Health's Monopoly Power (Dkt. 129) ("Motion").

### PRELIMINARY STATEMENT

Plaintiffs' Motion is the second of three filed in rapid succession concerning Vail Health's discovery responses. This Motion, like the others, ignores that Vail Health conducted an extensive search of its documents, produced approximately 6,900 pages of documents related to antitrust issues that had not been litigated in the related state case, and provided detailed responses to Plaintiffs' 164 Interrogatories and Requests for Admission. This discovery has included, among other things, financial statements for Howard Head; Chargemaster information for physical therapy services provided by Howard Head, which is a comprehensive list of Vail Health's physical therapy products, procedures, and services with each of their unique prices;

4864327.4

and all of Vail Health's provider and payer agreements for physical therapy services from 2012 through the present.

Rather than focus on the discovery Vail Health has provided or tailored additional information Plaintiffs really need, Plaintiffs spend half their Motion speculating about the idea of monopoly power and the various ways they might go about proving it, *if* they had information that corroborated their theory.  Herein lies the problem.  It is not the case that Vail Health has provided insufficient information or documents for Plaintiffs to conduct their analysis; it's that the facts, as reflected in the documents and information Vail Health has produced, do not support Plaintiffs' allegation that Vail Health exercises monopoly power.  Thus, Plaintiffs conclude—without evidence or basis—that Vail Health must not have produced enough documents and information.  Plaintiffs specifically complain about a lack of discovery concerning (i) prices, costs, and profitability and (ii) market share.  Vail Health has appropriately responded to Plaintiffs' written discovery requests and produced responsive documents located through a reasonable search concerning both categories.  Vail Health also has agreed to supplement this discovery with additional patient and pricing information.  Thus, Plaintiffs' Motion should be denied.

## ARGUMENT

**I.     Vail Health Has Produced Documents and Information Relating to Pricing, Costs, and Profitability.**

Plaintiffs seek additional discovery from eight discovery requests related to pricing and financial information.  These requests can be broken down into sub-categories:  Vail Health's Chargemaster information; information concerning payer and provider arrangements; and Vail

Health's financial information. Vail Health has fulfilled its discovery obligations with respect to these requests.

### A. Vail Health Has Produced Chargemaster Information and Documents.

Plaintiffs complain that Vail Health has not provided adequate information in its response to Interrogatory No. 18 about how it set prices for physical therapy services between 2012 and 2018. Specifically, Plaintiffs complain that Vail Health has not provided (i) the names of employees involved in setting prices from 2012-2015 and (ii) has not confirmed "the precise process" or "components used" to set prices. As for the first, as Plaintiffs acknowledge, Vail Health has provided this information for 2015 through the present. Vail Health will supplement its response to include the names of individuals involved in developing the Chargemaster for physical therapy services between 2012 and 2015, to the extent that information is reasonably discoverable within Vail Health.

As for the second, Vail Health explained in its response to Interrogatory No. 18 that none of the three individuals involved in price-setting from 2015 to 2018 is currently employed by Vail Health. Moreover, having conducted internal interviews and a diligent search, Vail Health is not aware of documents that describe the process used five to ten years ago. Thus, the information Plaintiffs seek is not reasonably available to Vail Health. To the extent this information becomes available, Vail Health will supplement its response to describe the process. The rules do not require anything more. *See, e.g.*, *Miller v. Love's Travel Stops & Cntry Stores*, No. CIV-06-1008-D, 2008 LEXIS 130247, *21-22 (W.D. Okla. Apr. 17, 2008) ("[A] party is only obligated to respond to an interrogatory with information in its possession or information reasonably available to it.").

Plaintiffs concede that Vail Health *has* described the process used to set pricing for physical therapy services in 2019.  Yet, they complain about this, too, because Vail Health has not identified the "components" used to set the prices.  Plaintiffs' position assumes, without explanation, that Vail Health used "components" to set prices.  Plaintiffs' unfounded assumption is contradicted by the information Vail Health already has provided in response to Interrogatory No. 18.  Vail Health explained that it used nThrive's Knowledge Source tool and set prices at the 25th percentile price level found in the tool.  In other words, Vail Health did not rely on "components" to set prices in 2019, and thus has no component-related information to provide to Plaintiffs.

Plaintiffs also complain about Vail Health's response to Request for Production ("RFP") No. 18, which seeks, among other things, "[a]ll documents related to any chargemaster," including "documents discussing, supporting, or identifying any factors, costs, or expenses associated with any physical therapy services identified in any chargemaster."  On its face, Plaintiffs' request seeks every single document that relates to a physical therapy service.  That is patently unreasonable, and Vail Health objected to this request as overly broad and unduly burdensome on its face.  Plaintiffs have made no effort whatsoever to narrow the scope or clarify the information they seek.

Vail Health has provided the Chargemasters identifying the prices set for physical therapy services; it has explained how those prices were set in 2019 and agreed to provide information about how they were set from 2012-2018 if such information is reasonably available; it has produced financial statements showing Unique FINs (*i.e.*, patients treated), Charges, Payment Amounts, Direct Cost, Contribution Margin, Indirect Cost, and Net Income

for Howard Head for each month from FY2015 through FY2020 (the period for which such information is available in Vail Health's financial systems).  For the period prior to FY2015, Vail Health has searched the emails of Vail Health's CEO and the leader of Howard Head for financial statements or analyses concerning Howard Head created in the ordinary course of business and has produced many such documents.  Plaintiffs offer no explanation of what more they need nor why they need it.  The "market analyses" referred to in Vail Health's initial disclosures are the analyses performed using nThrive's KnowledgeSource tool—which Vail Health described in its interrogatory responses and about which Vail Health has produced responsive documents.  (*See, e.g.*, VH_Fed_00004361, VH_Fed_00004362, VH_Fed_00004363, VH_Fed_00004934, VH_Fed_00004936, VH_Fed_00005048, VH_Fed_00005050, VH_Fed_00005051, VH_Fed_00005054, VH_Fed_00005055, VH_Fed_00005057, VH_Fed_00006627, VH_Fed_00006628, VH_Fed_00002701, VH_Fed_00002702.)  Vail Health has produced the relevant documents in its possession, custody or control that are reasonably available to it and responsive to Plaintiffs' request.  Plaintiffs can take depositions on these topics if they feel they need additional information outside the documents available.  Plaintiffs' request for more written discovery should be denied.

      **B.**    **Vail Health Has Complied with Its Discovery Obligations Concerning Requests for Provider or Payer Information.**

Plaintiffs contend in relation to RFP No. 3 that Vail Health should be ordered to produce all payer contracts.  Vail Health *has* produced all payer contracts for 2012 through the present.  Plaintiffs complain that Vail Health has not produced its agreement with Tricare (a health benefit program for U.S. uniformed service members).  But Vail Health has produced its agreement with TriWest, third-party administrator for the Tricare program, at VH_FED_00001063-1096.  (*See*

https://www.triwest.com/en/about-triwest/our-history/.)  Plaintiffs complain that Vail Health has not produced Medicare and Medicaid agreements, but that is because there are no agreements with Medicare and Medicaid.  Rather, Vail Health participates in Medicare and Medicaid pursuant to their conditions of participation, which apply to every hospital that participates in Medicaid or Medicare.  Moreover, Medicare and Medicaid information is irrelevant to Plaintiffs' professed claim that Vail Health charges supracompetitive pricing and thus exercises monopoly power.  Each similarly situated hospital is reimbursed exactly the same amount under Medicare and Medicaid—such identical reimbursement rates are by definition not supracompetitive.  *See, e.g.*, 42 U.S.C. § 1396a (setting forth the requirements for a state Medicaid plan); *Wal-Mart Stores, Inc. v. Knickrehm*, 101 F. Supp. 2d 749, 750-51 (E.D. Ark. 2000) (under The Medicaid Act, "[e]ach state determines what it will pay for services provided to Medicaid recipients so long as the payments are consistent with federal requirements. Payments are made directly by the state to those furnishing the services to Medicaid beneficiaries."); *Lefler v. United Healthcare of Utah*, 72 F. App'x 818, 821 (10th Cir. 2003) ("Medicare pays the hospital a reduced fee set by government regulation and tied to a provider's reasonable cost.").

      Plaintiffs also complain that Vail Health has not identified all payer contracts for the relevant period in response to Interrogatory No. 17.  Vail Health identified in that response (which was served prior to the Court's ruling regarding the relevant time period) all payer contracts from December 2015 through the present and has produced all payer contracts located through a reasonable search in effect from 2012 through the present.  It is unclear what additional documents or information Plaintiffs need regarding Vail Heath's contracts with payers.

Plaintiffs also seek through RFP No. 19 "applications, revalidiations, renewals, changes in status, assignments, and reassignments submitted to any payer" and through RFP No. 17 "payer submissions and reimbursements" on a patient level basis.  As for RFP No. 19, Plaintiffs provide zero explanation for why they need this information.  As explained above, Plaintiffs concede they already have payer and provider agreements and, more importantly, the Chargemaster information—a comprehensive list of Vail Health's physical therapy products, procedures, and services with each of their unique prices.  There is no reason—other than to harass Vail Health—that Plaintiffs need the minutia of eight years of administrative correspondence between Vail Health and its payers.

As for RFP No. 17, Plaintiffs requested "[a]ll data identifying all physical therapy patients treated by RPC-Vail or Vail Health from November 1, 2004 to the present, including demographic information for each patient, insurance information (including insurer name, governmental entity such as Medicare Part A or Part B, self-pay etc.), referring and primary physicians, diagnoses based on an ICD9 Code, at what locations the patients were treated and when, and the amounts paid for any services billed for each patient." (Dkt. 128 at 43.)  Plaintiffs made this same objection in the first of three rapid-fire discovery motions they filed.  Vail Health therefore refers the Court and Plaintiffs to its response on this issue in Dkt. No. 152, p. 9-12.  In short, although Vail Health already has produced voluminous evidence reflecting pricing and treatment, Vail Health has agreed to produce certain additional data regarding private payer physical therapy transactions.  (*See id.* at 10.)

### C. Vail Health Has Produced Financial Information for Howard Head.

Plaintiffs catalogue various concerns with Vail Health's production of financial data. Specifically, with respect to RFP No. 4, Plaintiffs claim that Vail Health produced a summary created in November 2020 for purposes of this litigation and that Vail Health should be ordered to produce "detailed information about the actual costs incurred." Plaintiffs are incorrect. Contrary to their bald statement, Vail Health did not create any statements or documents for purposes of responding to Plaintiffs' discovery requests. Rather, the financial records and information Plaintiffs seek is stored in a database. The information must be exported in order to be printed and produced. Thus, in response to Plaintiffs' discovery requests, Vail Health exported the requested information from the database in November 2020 as it currently exists. That information was not altered in any manner for this litigation; it was simply exported at the time Vail Health prepared its document production for Plaintiffs.[1] Plaintiffs fail to explain what more they want regarding "actual costs incurred" or how costs are allocated; Vail Health has produced the financial information for Howard Head that it keeps in the ordinary course. Plaintiffs' allegations pertain only to Howard Head. Thus, Plaintiffs are not entitled to information concerning costs across the remainder of Vail Health's many other service and business lines.

Likewise, in RFP No. 2, Plaintiffs requested annual, quarterly, and monthly financial statements, projections, and analyses for Howard Head—a request largely duplicative of RFP No. 4. Again, Vail Health has produced the information that exists in its financial system and is

---

[1] Plaintiffs inexplicably appear to question the reliability of the information because it shows Howard Head operating at a loss during periods when Howard Head expanded its operations and hired additional staff. Companies, however, often operate at a loss during periods of growth.

available in the ordinary course of business and has searched email files for copies of Howard Head financial reports created in the ordinary course of business.[2] Plaintiffs complain that Vail Health has not produced annual budgets for Howard Head. First, Plaintiffs did not request budgets. But second, and perhaps more importantly, Plaintiffs fail to explain why budgets are relevant to their claims, especially when they have the actual financials. Plaintiffs also call out financial and other reports made to the Board or committees. Plaintiffs concede that Vail Health has produced some of these reports but complain that they do not appear to have a full set. This is because, as Vail Health indicated in its response and as is consistent with the rules, Vail Health produced such reports that were relevant to Howard Head. Where reports were made to the Board about other service lines or areas of the business, Vail Health did not produce them because they were non-responsive. Here, again, Vail Health has produced the relevant available information Plaintiffs requested.

## II. Plaintiffs' Request for All Employment Records Has No Bearing on Market Share.

Plaintiffs next fault Vail Health for purportedly failing to produce all documents responsive to RFPs 9 and 10. RFPs 9 and 10 seek production of, *inter alia*, "[a]ll employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic doing business under the trade name of 'Howard Head Medical Center,'" including "any changes in policies, procedures, and/or training related to nonsolicitation, noncompete, trade secrets, and confidentiality with respect to

---

[2] The fact that someone exported and sent a financial report in 2015 or a roll up statement for 2016-2018 does not mean such reports were exported, printed and saved in the ordinary course for the past ten years.

the categories of individuals listed above" and "any internet or net learning type of applications in which physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff had to acknowledge or agree to any policy updates or changes related to employment." Plaintiffs' request for *all* employment records for *all* Vail Health personnel in any way associated with Howard Head is extremely overly broad, and Vail Health properly objected to it. *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499, at *26 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face."). However, as Plaintiffs acknowledge, Vail Health agreed to produce, and has produced, exemplars of the offer letters that Vail Health physical therapists signed for the relevant period, which are sufficient for Plaintiffs to determine what non-solicitation and other employment terms Howard Head physical therapists were subject to. Plaintiffs claim that they need the employment records requested in RFPs 9 and 10 to perform a "yearly market-share analysis," but they provide no explanation for why they need employment records of all persons associated with Howard Head to perform such an analysis. Moreover, Plaintiffs' counsel has a history of harassing former Vail Health employees by repeatedly contacting them. Plaintiffs' request for the identifies of all Vail Health personnel associated with Howard Head seems a further effort to engage in such conduct.

### III.     Plaintiffs are not Entitled to an Award of Attorneys' Fees.

There is no basis to award Plaintiffs attorneys' fees. As detailed above, Vail Health has produced the vast majority of the documents and information Plaintiffs have requested. Where Vail Health has objected to Plaintiffs' requests, it has done so because Plaintiffs' requests are unduly burdensome and/or seek information that has no bearing on their claims. This Motion,

like Plaintiffs' other two motions to compel, represents a continuation of the vexatious conduct that Judge Martinez has cautioned Plaintiffs to avoid. (Dkt. 154, Exs. 1, 2.) Plaintiffs should not be rewarded for such conduct with an award of attorneys' fees.

## CONCLUSION

As is set forth above, Vail Health has diligently worked to respond in good faith to Plaintiffs' burdensome discovery requests. Vail Health has produced numerous documents which tend to disprove Plaintiffs' theories concerning Vail Health's pricing and market share. That Plaintiffs believe Vail Health should have more documents does not mean that these documents exist. Vail Health has complied in good faith with its discovery obligations, especially given the extensive discovery that has already occurred regarding the facts at issue in this litigation. The Court should deny Plaintiffs' Motion.

Respectfully submitted this 7th day of September, 2021.

   *s/ Jacqueline V. Roeder*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #2 RELATING TO VAIL HEALTH'S MONOPOLY POWER was filed via CM/ECF on this 7th day of September, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Blvd., Suite 236<br>Avon, Colorado 81620<br>Email: fwlawyers@gmail.com | Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, Colorado 81657<br>Email: akildow@aol.com |

                                            *s/      Katherine Henry*
                                            Katherine Henry