# Exhibit 6

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Thursday, July 1, 2021 9:42 AM |
| **To:** | Stevenson, Shannon; Richards, Daniel; Roeder, Jackie; Savage, Janet |
| **Cc:** | Alan Kildow; fwlawyers@gmail.com |
| **Subject:** | Re: Sports Rehab v Vail Health--Civil Action No. 19-cv-02075-WJM-GPG |

Counsel,

We sent the chart of missing documents to you a week ago but have not yet heard from you about it.  Could you please confirm whether Vail Health will be producing the missing documents identified in the chart, and if so, when?  If not, please let us know that as well. We asked for a meet and confer about the chart as well, but you have not responded to our request.

Best regards,

Sonya


On Thu, Jun 24, 2021 at 2:02 PM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:
Counsel,

Attached is the chart of documents not produced, many of which should have been produced from Brown's files but were not.  We have prioritized those that are needed before Mr. Brown's deposition (underlined items).  If you produce the prioritized documents by July 1, we may be able to proceed with the depositions of Brown on July 6, depending, of course, on how complete the production is.  Otherwise, as we proposed above given Mr. McHugh's scheduling conflict, we will have to push Mr. Brown off until Mr. McHugh is available.  Please confirm this week whether you will first produce the prioritized documents that we have requested so that we can proceed with depositions.

Best regards,

Sonya

## IDENTIFICATION OF VAIL HEALTH'S FAILURE TO PRODUCE RELEVANT DOCUMENTS

This chart identifies those documents that have not been produced even though they are referenced in the documents that have been produced thus far.  While this list is not exhaustive, Plaintiffs have identified below the documents that are responsive to the Rule 34 Requests for Production of Documents.  Plaintiffs have underlined the "Item At Issue" to prioritize the production—that is, Plaintiffs request that this information be produced first.

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| <u>Privilege and Redaction Log</u> | VH represented that a privilege log would be produced with the last production.  To date, none has been produced. Nor has any redaction log been produced even though redactions have been made in the federal production. | |
| Update to Interrogatory Answers Exhibit A | Although you represented that you would update Exhibit A with contact information for the following, it has not been done:  Luke O'Brien, Cindy Landsdowne, and Becky Puhl.  We have also requested whether you represent Luke O'Brien so that we can schedule his deposition.  To date, we have not received any response to our email. | |
| Rule 26(a)(1)—Documents reflecting the services HHSM provides | Services provided are only for 2016.  *See* Fed_Vail0142-43.  Please produce similar lists for the relevant time period. | |
| Rule 26(a)(1)—Documents reflecting the geographic area where HHSM provides those services | In answering Interrog. No. 9, VH identifies Frisco/Dillon/Silverthorne and Glenwood Springs as part of the relevant geographic market but has not produced any documents related to HHSM there, which would include all agreements/partnerships with Steadman and VSO, as well as all documents related to the health facility in Dillon.  Further, HHSM is, or will be, providing services in Aspen and Basalt, so documents relevant to relationship | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | between Steadman, HHSM, and Aspen hospital are relevant as well.  *See also* below. | |
| **Rule 26(a)(1)—Documents reflecting HHSM's competitors for its services** | *See* below for a more complete description. | |
| **Rule 26(a)(1)—Documents reflecting prices charged for its services, including Charge Description Master market analyses used to set HHSM's prices** | VH has not produced chargemasters from November 1, 2012 to 2014, and 2020.  For the chargemasters produced, they have a creation date of 2019 and are in different formats.  Please confirm that the chargemasters produced have not in any way been modified from the original, or alternatively, produce the Chargemasters as they were kept in the normal course of business.<br><br>VH has not produced the Charge Description Master market analyses used to set HHSM's prices for any of the years.  *See also* below. | |
| **Rule 26(a)(1)—VH's Community Health Needs Assessments** | Please produce the CHNA's from November 1, 2012 to the present; not all relevant years have been produced. | |
| **Rule 26(a)(1)—Insurance Policies** | Vail Health has not produced any insurance policies that cover this claim. | |
| **RFP No. 1—Financial statements of VH** | VH states they will not produce; to be addressed at a later time although objection part of discovery dispute at the conference with Magistrate. | |
| **RFP No. 2—Annual, Quarterly, and monthly financial statements of HHSM** | VH stated it will produce financial statements, projections, and financial analyses.<br><br>No P/L's produced; no annual, monthly, or quarterly financial statements produced as kept in the normal course of business; no underlying data produced with respect to the multiple spreadsheets/charts that | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | are inconsistent and differ from one to the next; no data whatsoever from November 1, 2012 to 2013, 2019 to the present.  It is also clear from the documents produced that income statements are created for HH by location, and yet those have not been produced. | |
| **RFP No. 3—Documents related to prices charged and revenues realized for PT services, as well as all payer contracts and self-pay documents** | VH stated it will produce documents reflecting prices charged and revenues realized. | |
| | Vail Health has not produced any agreements with Medicare, Medicaid, Tricare.  Nor does it appear to have produced the agreements with Anthem Mountain Enhanced Network, Humana Choicecare, UMR, or Rocky Mountain Health Plan.  It also appears there is a letter agreement with Kaiser Permanente, but no other agreements were produced.  If we are mistaken, please identify by bates number where these documents were produced. | |
| | Finally, limited documents have been produced related to self-pay for HH.  *See* Fed_Vail 0144.  The present relevant time period is from November 1, 2012 to the present.  Please update your production with the documents for this time period, including all changes in how self-pay was administered and communications regarding same. | |
| | 1125—documents related to self-pay rates and packages not competitive have not been produced except for 1574 below | |
| | 1574—references self-pay being too high; produce any other documents related to self-pay costs | |
| | 2065—new self-pay programs for hotel and assisted living (not produced) | |
| | The policies related to discounts and financial assistance all have attachments that have not been | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | produced.  *See* Fed_Vail0161 (missing attestation), Fed_Vail0169 (missing Appendices A-D, VVMC Sliding Scale) | |
| **RFP No. 4—Documents related to costs incurred and profits realized for HHSM** | VH stated it will produce documents reflecting the costs incurred and revenue realized.<br><br>Plaintiffs are entitled to this information in kept in the normal course of business.  VH has produced one document (Fed_Vail0764) summarizing this information that was created in 2020.  Please produce all underlying data that was used to create that document.  Under F.R.E. 1006, VH is required to produce the underlying data used for the summary.  Additionally, there is no description of each of the costs included in the summary chart. | |
| **RFP No. 5—Documents related to VH's contention as to correct relevant geographic and product market** | In answering Interrog. No. 9, VH identifies Frisco/Dillon/Silverthorne and Glenwood Springs as part of the relevant geographic market but has not produced any documents related to HHSM there, which would include all agreements/partnerships with Steadman and VSO, as well as all documents related to the health facility in Dillon.  Further, HHSM is, or will be, providing services in Aspen and Basalt, so documents relevant to relationship between Steadman, HHSM, and Aspen hospital are relevant as well.<br><br>As to relevant product market, no documents have been produced other than possibly one email in which Brown objects to VH telling its employees about the use of chiropractic services.  Please confirm that you do not intend to produce any other documents responsive to the relevant product market.<br><br>VH has produced a number of documents, some from consultants.  (It is curious that none of the | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | consultants have been identified in answers to Interrogatories.)  Please produce the following:<br><br>Fed_Vail0244-45—Boston Consulting Group created the bar chart; produce all documents to or from that consulting group, as well as any underlying data relied upon<br><br>1424—documents related to Boston Consulting's market analysis, including the underlying data | |
| **RFP No. 6—Competitors of HHSM** | VH stated it will produce documents reflecting its evaluation of PT or other service providers as competitors.<br><br>SHANNON015—Brown stated he was considering hiring Meredith Mueller and was contemplating hiring or acquiring others. | |
| **RFP No. 7—Any proposed JV, merger, or other combination with Steadman** | VH stated that responsive documents were produced in the state court action *or will be produced.*<br><br>To date, no documents have been produced in the federal action.<br><br>There are a number of missing and redacted documents in the VailJV production from the state court action that need to be produced:<br><br>No documents reflecting that the JV would be with nonprofit organizations, VSOF and SPRI<br><br>VailJV07—description of services has not been produced<br><br>VailJV013—Deloitte report; documents attached to email have not been produced, including restated resolution and draft letter of intent<br><br>VailJV016—Exhibit A to LOI; Haverford appraisal also referenced in Fed_Vail1942 | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | VailJV044—patient encounter data for 2013-15 that was requested by Steadman | |
| | VailJV057—research affiliation agreement | |
| | VailJV061--§ 25 of the lease as referenced in the email | |
| | VailJV0140—realignment proposals for TSC/VVMC/SPRI; HH financials for 2013-15 and going forward | |
| | VailJV176—patient information requested | |
| | Vail198—All agreements approved by the VH Board on or about 12.7.2015; Board minutes, resolutions, etc. from that date | |
| | Unredacted documents for documents beginning with VailJV089, 98, 137-39, 142, 149, 151, 155, 158, 176, 177 | |
| | SHANNON015—communications related to Corenman and Meredith Mueller, including those Brown stated he was contemplating to hire and acquire | |
| | SHANNON020-22—communications related to recruiting and collaboration ideas for HH; discussions/communications with Johnny Huard regarding Winninger and HH physical therapists; no documents produced from Johnny Huard in response | |
| | Vail_03489—PT visits, contribution margins per physician, payor mix; draft valuation report | |
| | Vail_03492—documents related to collaboration between SPRI/HH/SRC | |
| | Vail_03494-500—missing email for the two documents | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | Vail_03509—documents related to SPRI as minority equity partner in joint venture (none produced)<br><br>Vail_03501—documents related to Sports Performance and Regenerative Medicine Center (none produced)<br><br>Vail_03517—documents related to alignment and later characterized by Drawbaugh as a "reset" of relationship between Steadman/VVMC/SPRI<br><br>Vail03539—documents/communications related to Shannon/Kirchner's participation at Steadman meeting on April 5, 2017<br><br>Fed_Vail02019, 2164-66, 2179, 2183-85, 2188-91, 2202—all underlying VH data used for analyses | |
| **RFP No. 8—Any proposed JV, merger, or other combination with VSO** | VH stated that it will produce documents related to proposed joint ventures with VSO.<br><br>1117—limited documents produced related to discussions with VSO's prior CEO and interim CEO about JV (1968); appears to be missing documents related to VSO's intentions to set up own PT business in Summit<br><br>1121—term sheet not produced; no documents related to VSOF being offered 1/3 ownership of SPRI (no communications produced with Steadman/SPRI related to this term); no draft term sheets produced; no documents produced related to Steadman as medical director of JV<br><br>1605—no documents produced related to why the JV "was in a holding pattern"; no other response produced related to VSO and the JV after January 2017<br><br>2023—All versions of HHSM model have not been produced; please produce | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | 2042—references an LOI with VSO but none have been produced | |
| | 2042—Proforma from Integrity Rehab Group (not produced); communications about purchasing Avalanche (limited emails produced); "referral data" to be sent to Brown (not produced); any Avalanche data shared with VH (not produced); notes of any communications with VSO, including follow-up meeting on Jan. 28 (not produced) | |
| | 2045—communications related to overall Summit market or VH wants to play or not (not produced); discussions related to buy up of rehab facilities (not produced) | |
| **RFP No. 9—Employment records identifying each PT employed by VH;**<br><br>**Any agreements with Brown and O'Brien** | VH stated that it will not produce employment records for every PT it has employed.<br><br>Plaintiffs will agree to modify this request for documents related to any exit interviews with departing employees, documents related to HIPAA violations, and the offers of employment.<br><br>Further, any agreements or understandings with former executives to cooperate in litigation, provide consulting services, compensation for any services, and providing counsel with respect to any deponent in this case are relevant, responsive to this request, and should be produced, which includes Brown and O'Brien.<br><br>VH produced a list of PTs employed in 2016.  *See* Fed_Vail0769-70.  Please produce a similar yearly list from November 1, 2012 to the present. | |
| **RFP No. 10—Employment agreements with PT, staff, etc. for PT services** | VH will produce exemplars of its employment agreements with PTs and employment policies to the extent not produced in the state court action. VH has not provided any legitimate basis to not | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | produce the employment agreements with PTs and staff that worked for the physical therapy unit. In any event, the five exemplars produced all appear to be examples of agreements with physical therapists—the same as that used with Mr. Cimino. It does not appear that Vail Health produced any agreement with those serving in a management role as identified in Answer to Interrogatory No. 8. Further, there was no need to redact the names from the exemplars given the protective order in this case, and so Plaintiffs request that the exemplars be reproduced without redaction. | |
| RFP No. 11—Documents mentioning LW, BS, SRC, or any employee of SRC | VH states that responsive documents have been produced in the state court action.  Documents that were clearly relevant in the state court action were first produced in the federal action.  We will table this issue for now. | |
| RFP No. 12—Contracts and documents related to nonrenewal of RPC-Vail | VH states that responsive documents have been produced in the state court action.  We will table this issue for now due to the pending appeal before the Court. | |
| RFP No. 13—Documents related to the maintenance, modification, deletion, or restructuring of shared drive | VH states with respect to 2016 and 2017, these issues have been the subject of extensive discovery and numerous depositions in the state court action. This request was propounded before VH produced any documents.  Plaintiffs are tabling this issue for now. | |
| RFP No. 14—Documents produced in the state court action | "VH agrees that Plaintiffs may use in this action documents produced in the State Court Action" but "reserves all rights concerning the documents…including…to all objections to relevance or admissibility."  This was propounded | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | before the Protective Order and Scheduling Order was issued; no longer any issue here. | |
| **RFP No. 15—Board of Directors documents** | VH stated it would produce BOD minutes but it has not done so.  We only have board minutes from Oct 2016, Jan 2017, Apr 2017, and Jan 2018.  We have no minutes from Executive sessions, or other committees including the Finance Committee, despite there being references in the documents related to both, as the following shows.<br><br>1968—Brown says he presents to the BOD about JT venture; no documents related to that have been produced, including Board minutes<br><br>1979—Brown states he is presenting to BOD based on prior presentations on the JV; where are those documents?<br><br>1979—Shannon says resolution to be drafted (no resolutions produced, despite Don Auten stating that the BOD had approved JV)<br><br>2010—Shannon references discussions about JV with Finance Committee; no documents have been produced related to FC's involvement with JV | |
| **RFP No. 16—Fees paid to RPC-Vail** | Plaintiffs have tabled this request given that the relevant time period is on appeal to the Court. | |
| **RFP No. 17—Data identifying PT patients** | None has yet been produced. VH's response indicates that VH does not know "whether it can produce this data" but similar data was produced to RPC-Vail, as outlined in documents produced by Winninger.<br><br>Plaintiffs would agree that the data can be deidentified for each patient, but Plaintiffs need each date of treatment; the city, state, Zip Code for each patient and service; CPT codes for each | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
| --- | --- | --- |
| | treatment billed, location of treatment, and amount billed and paid for each patient/services, as well as referring and primary physician name.<br><br>As to the referrals, VH has produced data for FY 2014-16 (2009). To the extent this data cannot be included in the with the information above, VH should produce the individual referrals and referral source by unit, along with the aggregate amount of PT services paid with respect to each referral. | |
| RFP No. 18—Chargemasters and the factors discussing, supporting, or identifying how prices were set for physical therapy | VH has not produced chargemasters from November 1, 2012 to 2014, and 2020.  Please confirm when we will receive those.  Additionally, the chargemasters produced note a creation date of 2019.  Please confirm that the chargemasters produced have not in any way been modified from the original.<br><br>This request also includes the documents discussing, supporting, or identifying, any factors, costs, or expenses for the physical therapy services identified in the chargemaster.  VH's Rule 26(a)(1) identifies these types of documents but none have yet been produced.  And in Answer to Interrogatory No. 18 no discussion, other than a very general reference to KnowledgeSource tool, has been provided. | |
| RFP No. 19—Approval or recognition as a provider | VH has refused to produce any documents in response to this request.  Approval status is relevant to the reimbursement submissions by VH for payment of physical therapy services.<br><br>To the extent VH objects to this request as RPC-Vail being irrelevant to this action, please confirm that VH does not intend to assert as part of its defense here that it owns any of the RPC-Vail | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | documents or that Winninger "stole" any documents from RPC-Vail or VH predating November 1, 2012. | |
| **RFP No. 20—Identification of RPC-Vail as rendering provider** | To the extent VH objects to this request as RPC-Vail being irrelevant to this action, please confirm that VH does not intend to assert as part of its defense here that it owns any of the RPC-Vail documents or that Winninger "stole" any documents from RPC-Vail or VH predating November 1, 2012.<br><br>VH also states that extensive discovery was conducted in the state court action.  Please confirm that you are referencing that: (a) VH produced no UB04 submissions; (b) limited documents for 40 patients were produced, which included a one-page consent of admission, internal Star billing summary, and redacted pages from the PT evaluation, (c) the 1½ hour deposition of Herota that focused exclusively on **her search** for **nonexistent hardcopy documents** of insurance claim submissions because, as she admitted, the billing department submitted this information electronically to payers and did not print it out; (d) the one hour deposition of Beairsto, in which she disclosed—after nine months of Plaintiffs' requesting information and VH leading Plaintiffs to believe that physical therapy claim submissions were in hard copy form and submitted on the CMS 1500 form—that physical therapy claims were submitted electronically using UB04 format and were only for facility charges. | |
| <u>**RFP No. 21—Termination of RPC-Vail**</u> | Please confirm the "extensive discovery" that was conducted on this issue in the state court action and provide the bates number for those documents or emails that were produced related to internal communications within RPC-Vail, communications and documents with the VH Board, and internal communications within VH. | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | The only documents produced were several letter exchanges between RPC-Vail and VH related to the termination, along with the nonrenewal letter. Depositions were not taken with respect to this issue because VH raised this issue after the depositions of Kirchner, Brown, and Shannon. | |
| **RFP No. 22—Medicare cost reporting** | The reporting of costs is relevant to the pricing of physical therapy services, and the amount of costs VH reported to the federal government supports the reimbursement rates obtained by VH.  VH cites to a one-page summary created in 2020, without any breakdown of the costs.  There is no identification of the breakdown of what is included and the document conflicts with other documents produced in the same production.  Nor does this document appear to be created in the normal course of business but rather is a summary created for this litigation.  Further, the summary is inconsistent with other financial information produced, including Income Statements. | |
| **RFP No. 23—Audits or investigations** | VH refuses to produce any documents on the grounds of relevancy.  Audits or investigations into VH's physical therapy business are relevant, if they relate to the pricing, submission of excessive claims, etc., or questions about VH's costs (Medicare reporting). | |
| <u>**RFP No. 24—SPRI contributions**</u> | In December 2016, VH entered into a 10-year agreement with SPRI.  This is the same month that the capital campaign started and Winninger officially entered the market.  Prior to 2016, VH's donations to SPRI were approximately the same every year-- $300,000.  In 2016, the "donation" to SPRI is now $4.3 million on a yearly basis.  This "donation" also coincides with the termination of the joint venture, | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | VH's belief that Steadman/Winninger may be opening a "second" HH, and just a few days before Shannon and Kirchner went to Steadman and showed the draft complaint. <br><br> VH also made SPRI relevant by including SPRI in the JV, which was first disclosed in VH's second production in this action. | |
| **RFP No. 25—Physical therapy competitors** | VH objects to this request as irrelevant on the grounds it is broader than PT.  This is not so.  The RFP is limited to physical therapy services. <br><br> Limited documents have been produced related to Vail Health competitors, despite the fact that Brown was apparently working on ways to hire/acquire competitors.  No documents have been produced related to Brown's plans, the strategy to do so, etc. | |
| <u>**The VVMC Strategic Planning 2016** *See* Fed_Vail0771-866</u> | This document is set out separately because it identifies so many documents that have not been produced: <br><br> Produce all drafts and emails related to the presentation, including the final presentation and to whom it was sent. <br><br> 781—identifies budgets and actuals for physical therapy, but no budgets have been produced nor the underlying data supporting the actuals <br><br> 791—produce the data underlying the chart related to orthopedic services for FY 2015, as well as the relevant time period <br><br> 792-93—produce the data underlying chart related to physical therapy for FY 2015, as well as the relevant time period | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | 795-801—produce the underlying data used for the charts, including the Colorado Hospital Association data referenced | |
| | 805—produce the underlying data used to identify the orthopedic contribution margin | |
| | 833—produce the documents relevant to the identification of competitors | |
| | 852/854—produce the Deloitte study and any documents related to Hammes partners and the work conducted (both are relied upon as part of the presentation, including for PT); Steadman documents refer to the Hammes as the "Hammes Expansion Analysis," which would be relevant to geographic market | |
| | 856—produce the communications/documents related to Vail Resorts, Town of Vail, Eagle County Public Schools, and Eagle County (excluding the contracts already produced) | |
| | 857—documents related to ortho destination medicine, including sports performance center, telemedicine, and creating vailortho.com, including the purchase of the domain name, creating a "concierge" service, and HH as default provider of physical therapy services (none produced) | |
| **HHSM Leadership Presentations** *See* **Fed_Vail 857-964** | Despite this appearing to be a monthly meeting, only four presentations have been produced despite each one containing responsive information. Produce each monthly presentation during the relevant time period. | |
| | Additionally, the presentation identifies documents that have not been produced: | |
| | 870-71/906-08/918-21/940-42—underlying actuals and budgets supporting charts | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | 912—states there will be an extended meeting in November 2016 to discuss "HHSM performance, system alignment, and geographical expansion" (not produced)<br><br>943—underlying data/financial statement supporting financials<br><br>948—budget submitted for physical therapy and approvals in conjunction with time line identified<br><br>1954—discusses geographical expansion in Aspen as part of ELT meeting; no documents have been produced related to expansion in Aspen; notes are clearly taken of these meetings and should be produced for the relevant time period (*See* 1956)<br><br>No ELT have been produced related to expansion in Silverthorne, Frisco, Dillon | |
| **Spreadsheet Summary** *See* **Fed_Vail0764** | VH has produced one document purportedly summarizing financial information for HH.  This document was created in 2020 and is not, therefore, a document kept in the normal course of business.<br><br>Please produce all underlying data that was used to create that document.  Under F.R.E. 1006, VH is required to produce the underlying data used for any summary.  Additionally, there is no description of each of the costs, direct and indirect, included in the summary chart.<br><br>The data relates only to outpatient care, not inpatient physical therapy and therefore it is incomplete.  Further, as noted by Andrew Livingson, the manner in which Vail Health accounts for physical therapy services provided to those who have surgery is different than those who seek physical therapy without surgery.  *See* Fed_1447. | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | Finally, the summary spreadsheet is inconsistent with other financial documents, including data apparently summarized from income statements. Plaintiffs are entitled to the underlying data to see if the spreadsheet accurately reflects the financial data for HH, which it does not. | |
| Ellen Boersma documents | Sporadic production; have not produced the Boersma emails reporting to Brown and other documents.<br><br>1371--Produce all Boersma (or anyone else in her role) for year in review for all years<br><br>1372—underlying data identified in tables; documents identifying the redistribution of financials to new cost centers<br><br>1376—Produce all weekly operations update<br><br>1377--Brown gets two week financial report "from Harold" (none produced); communication tools updated to educate patients about the cost of care; utilization review process; value of services (cost v clinical outcomes) (none produced)<br><br>1386—productivity reports<br><br>1397—chargemaster adjustments<br><br>1402—data underlying operations update<br><br>1405—geographical expansion to Dillon and Basalt/Aspen (none produced) | |
| Income Statement Rollup *See Fed_Vail 1420* | Produce all underlying data for this spreadsheet for the years identified and by location; spreadsheet appears to extrapolate data from income statements generated in the normal course of business, we | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | request the actual income statements by office location for each year. | |
| | Produce all income statements and underlying data from November 1, 2012 to the present, *see* Fed_Vail2032 noting that Haverford would receive income statements for HH (2041 identifies 2015 income statement provided to Haverford, which shows HH has these documents) | |
| | Produce all emails related to the creation of the spreadsheet, as well as all iterations of the spreadsheet. | |
| Summary Table Fed_Vail 1423 | Produce all underlying data for the table | |
| HHSM Strategic Analysis *See* Fed_Vail 1432 | No communications have been produced as to what Brown and team were "asked to do"; nor does it appear that all drafts and communications have been produced related to this presentation; final presentation and who it was presented to have not been produced | |
| | 1440-42—all underlying data for the chart has not been produced; the chart discusses finalizing charts when data is "finalized" | |
| | 1447—related to presentation discusses that all revenue and costs that physical therapy provided to patients who will or had surgery is not included in HH numbers (no documents produced regarding this accounting methodology) | |
| Finance BOD Presentation *See* Fed_1512 | Communications and documents underpinning this presentation have not been produced. | |
| | 1518—identifies competitors and calculates number of PTs, no documents produced related to this analysis | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | 1521-22—documents underlying bar chart and financial analysis<br><br>1523—documents related to expanding into different markets have not been produced<br><br>1524—no board minutes have been produced for the Finance Committee | |
| VSO/Centura/Avalanche *See* Fed_1541 | All documents related to the VSO/Centura/Avalanche proposed joint venture | |
| HHSM Memo Summary *See* Fed_1546 | 1547—underlying data for HHSM financial performance; MSEC market data used to calculate PT range of compensation<br><br>1548—ERI data used | |
| HHSM MSO and Projection conducted by HTA *See, e.g,* Fed_1804 | Documents are clearly missing from the production.<br><br>No engagement letter was produced.<br><br>1812/1857—produce all documents provided to HTA as referenced in the report; the two reports differ on information provided by VH | |
| Haverford communications and report *See, e.g.,* Fed_Vail1942 | Engagement letter produced (2013); no documents produced related to report, including communications with Haverford, draft reports, or final reports.  This should have been produced but was not even though there are multiple references to Haverford's work.<br><br>1943—discusses changes in the structure of the PT services from prior JV to JV MSO; no documents have been produced related to this change, including letters of intent, term sheets, discussions with VSO and Steadman about the changes in structure, etc.; internal discussions about changing | |

| Item At Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| | the structure; any discussions about why the proposed structure was changed<br><br>1943—discusses attaching Haverford work papers but those were not produced<br><br>1959—excerpts from Haverford report; 1958 says "send to Mike and copy" Kirchner but that email has not been produced<br><br>2037-38—references report and workpapers, which have not been produced<br><br>2166-analysis references information provided by Haverford | |
| **Brown emails with Cook** *See* **Fed_Vail2058** | Only one email produced between Cook and Brown in 2018 related to HH; produce all communications between Cook and Brown related to HH<br><br>2059—documents related to margin analytics work (Discussion Point No. 15)<br><br>2061—1/17/19 emails from Brown to Cook related to JV and TC Sullivan Cotter Proforma (not produced)<br><br>2061—Frisco Basecamp proforma; Dillon/Basalt versions of document (not produced)<br><br>2062—Total joint service email from Cook 2/1/19 (not produced)<br><br>2070—underlying data to support chart | |