

**Exhibit 40**

DISTRICT COURT, EAGLE COUNTY
STATE OF COLORADO

885 Chambers Avenue
Eagle, CO 81631

DATE FILED: December 30, 2019 9:52 AM
FILING ID: D18E653BFF730
CASE NUMBER: 2017CV30102

---

**Plaintiffs:**  LINDSAY WINNINGER, an individual, and
SPORTS REHAB CONSULTING LLC, a Colorado limited
liability company,

v.

**Defendants:**  DORIS KIRCHNER, an individual, and VAIL
CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER,
a Colorado nonprofit corporation,

---

**Counter-Plaintiff:**  VAIL CLINIC, INC., D/B/A VAIL VALLEY
MEDICAL CENTER, a Colorado corporation,

v.

**Counter-Defendants:**  LINDSAY WINNINGER, an individual,
and SPORTS REHAB CONSULTING LLC, a Colorado limited
liability company,

---

**Third-Party Plaintiff:**  VAIL CLINIC, INC., D/B/A VAIL
VALLEY MEDICAL CENTER, a Colorado nonprofit
corporation,

v.

**Third-Party Defendant:**  DAVID J. CIMINO, an individual.

---

▲   COURT USE ONLY   ▲

Case No:  2017CV030102

Div.: 4      Ctrm: 4

---

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone:  (970) 949-6500
E-mail:  fwlawyers@gmail.com

Attorneys for Plaintiffs/Counter-Defendants LINDSAY
WINNINGER and SPORTS REHAB CONSULTING LLC

---

**[SPECIAL MASTER] PLAINTIFFS' STATEMENT RELATED TO DEFENDANTS'
SUBMISSION OF *IN CAMERA* DOCUMENTS TO BE REVIEWED BY THE COURT**

## **INTRODUCTION**

At the last discovery hearing on December 16, 2019, the Special Master requested a statement outlining the purpose of the *in camera* review with respect to documents submitted by Defendants in August 2018.  Although Defendants submitted the documents the documents for *in camera* review, during the meet and confer on this issue, Defendants demanded that Plaintiffs identify what Defendants submitted to the Court for *in camera* review.  Because Plaintiffs did not submit the documents, they cannot identify the specific documents or the claim of privilege because Defendants provided no document log when the documents were submitted for *in camera* review.  Plaintiffs can only provide the Special Master with the information that they and the Court were provided at the August 14, 2018 hearing before Judge Gannett—that is, the documents were redacted because of confidential information related to the business relationship between Steadman and Vail Health.  So to the extent the documents go beyond what was discussed at the August 14 hearing, Plaintiffs have no way to provide the Court any context for Defendants' submission of the *in camera* documents.

### **PLAINTIFFS' UNDERSTANDING OF WHY DOCUMENTS WERE SUBMITTED BY DEFENDANTS FOR *IN CAMERA* REVIEW**

On May 31, 2018, Plaintiffs filed a Motion to Compel The Steadman-Related Information.  The motion was fully briefed and argued to the Court on August 14, 2018. Plaintiffs' motion sought improperly redacted documents related to Steadman, documents and communications related to the physical therapy joint venture between Steadman and Vail Health (including the letters of intent), and the financial information exchanged

1

between those two parties.   The Court granted Plaintiffs' motion to compel, which is memorialized in the August 14, 2018 hearing transcript:

> THE COURT:  Now I want to go back to the first component of the motion to compel because I want to get these four topics.  Four letters of intent I've gone over.  The email number seven I've gone over.  **All communications about the joint venture**, that's pretty broad but—
>
> MR. KILDOW:  We're not looking for attorney/client privilege stuff.  Stuff that goes to the heart of—
>
> THE COURT:  **Subject to that explanation, disclose those communications that are not privileged or provide me a privilege log**…..
>
> So on this motion to compel…I don't intend to reduce this to a written order but it should be pretty clear.  Produce the letters of intent, produce the email to me in the form of a privilege log.  In terms of the pro forma by Nico Brow, provide that.  **Then any documents that relate to the Steadman letter of intent with Vail Health, produce those**.[1]

Defendants' only explanation for potentially submitting documents *in camera* related to redactions in documents that had been produced, which apparently relate to the business relationship between Steadman and Vail Health.[2]  Defendants indicated that they redacted those documents purportedly based on relevancy and confidential and sensitive information.

> MR. KOTLARCZYK [Defendants' counsel]:  Exhibit 8 [to Plaintiffs' motion] is the excerpt from our privilege log that explains those redactions.

---

[1]    Ex. 1 at 83, lines 19-25; *id.* at 84, lines 1-3, 8-16 (emphasis added) [Aug. 14, 2018 Hearing Tr.].

[2]    The Court already determined the business relationship and related documents to be relevant. *See, e.g., id.* at 64, lines 3-12 ("here's the thing is that I've speculated for a long time that what would induce one big entity and a smaller entity from engaging in the expensive litigation that's occurred up to date, and the vociferous viciousness of that litigation.  The argument advanced to me today is that this was an effort to keep somebody from obtaining a portion of the business that's available as a consequence of surgeries conducted at Vail Hospital.  That makes a little bit of sense to me in terms of a potential motivation.").

THE COURT:  Exhibit 8 says that—it's an exhibit log and—

MR. KOTLARCZYK:  So you'll see that there's some entries in here involving Kelly Adair, who is a Steadman COO.   These communications are communications about the business relationship between Steadman and Vail Health.   Again, Your Honor—

THE COURT:  What's privileged about that?

MR. KOTLARCZYK:  Well, we're not claiming a privilege, Your Honor.  **We redacted them on the basis of them containing irrelevant, confidential, and sensitive**—

THE COURT:  Submit them to the Court, the Court will do a review and I'll treat it as a privileged log.  **To the extent I find that there's confidential information that has—I'm not too worried about relevance because I leave that ultimately for trial determination**. But if there's something that relates to an attorney/client privilege or some other form of privilege I'll look at that.  **But if you're asserting that this is just irrelevant material I'll tell you that I don't know that there's much of a basis for withholding information at this level today on that argument.**  You may have an argument if any of the these were sought to be admitted as an exhibit at trial, but submit it to the Court and I'll look at it and then determine what, if any, to disclose to Plaintiffs.[3]

After the Court ordered the documents be produced or alternatively, submitted for

*in camera* review, the Court stated that it would review the documents during August 2018:

MS. SAVAGE:  Practical matter, if we produce these documents to the Court for in camera review—

THE COURT:  I'll have to work on that when I least want to.  Yes.  I have surgery on the 21st and I will be back at work on the 24th.  I will have—if I have them before the 21st I can do it.[4]

On August 21, 2018, Defendants produced documents in response to the Court's

August 14, 2018 oral order on Plaintiffs' motion to compel.  In Defendants' August 21 email

---

[3]     *Id.* at 65, lines 21-25; *id.* at 1-22 (emphasis added).
[4]     *Id.* at 85, lines 1-6.

related to the production, they stated that:  "We will produce the portions that remain redacted to the court for in camera review."  On August 22, 2018, the Court issued a minute order noting that Defendants' *in camera* documents had been received:

**Minute Orders**

| | |
|---|---|
| Case Number: 2017CV030102 | Division: 3 |
| Case Type: Other | Judicial Officer: Russell Holton Granger |
| Case Caption: Winninger, Lindsay et al v. Kirchner, Doris et al | Court Location: Eagle County |

Order Date: 08/22/2018

CLERK RECEIVED EMAIL FROM ATTY R. LEE CONTAINING LINK TO DEFENDANT'S IN CAMERA REVIEW DOCUMENTS PER THE HEARING HELD 8/15/18 - PLACED DOCUMENTS IN SEALED ENVELOPE IN DIVISION 4 EXHIBIT ROOM /MJH

In sum, the documents submitted to the Court for *in camera* review appear to be documents related to the business relationship between Steadman and Vail Health that purportedly are somehow confidential in nature.  To the extent that is the case, the Court has already held those documents are relevant and, as Defendants themselves have repeatedly argued, can be adequately protected under the protective order in this case.

## CONCLUSION

Plaintiffs' therefore request that the Special Master review the *in camera* documents previously submitted to the Court (Judge Gannett presiding) in conformity with the Court's order issued on August 14, 2018.

Dated: December 30, 2019                    *s/ Alan L. Kildow*
                                            Jesse Wiens, Colo. #33903
                                            Fahrenholtz & Wiens LLC
                                            100 West Beaver Creek Boulevard
                                            Suite 236
                                            Avon, CO 81620
                                            Telephone: (970) 949-6500
                                            E-mail:  fwlawyers@gmail.com

                                            Sonya R. Braunschweig (admitted *pro hac vice*)
                                            5501 Irving Avenue South
                                            Minneapolis, MN  55419
                                            Telephone:  (612) 819-2304
                                            E-mail:  sonya.braunschweig@gmail.com

                                            Alan L. Kildow (admitted *pro hac vice*)
                                            15204 Wildwood Road
                                            Burnsville, MN 55306
                                            Telephone:  (970) 390-6675
                                            E-mail:  alkildow@aol.com

                                            Attorneys for Plaintiff and Counter-Defendants
                                            Lindsay Winninger and Sports Rehab Consulting LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30 2019, I served a true and correct copy of Plaintiffs' Statement Related to Defendants' Submission of *In Camera* Documents to be Reviewed by the Court, including exhibits, through the Court's e-filing system on:

> Janet A. Savage
> Jacqueline V. Roeder
> Daniel Richards
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
> Counsel for Defendants/Counter-Plaintiff

> Daniel M. Reilly
> Clare S. Pennington
> John M. McHugh
> 1700 Lincoln Street, Suite 2400
> Denver, Colorado 80203
> Counsel for Defendant Kirchner

> John W. Madden, III
> The Madden Law Firm
> 999 18th Street
> Suite 1500 South
> Denver, CO  80202
> Counsel for Third-Party Defendant

> *s/ Jesse Wiens*
> Jesse Wiens