**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

     Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

     Defendant.

---

**PLAINTIFFS' REPLY TO RULE 37 MOTION TO COMPEL #1
RELATING TO RELEVANT GEOGRAPHIC MARKET**

---

## <u>INTRODUCTION</u>

Vail Health's opposition is based on factual inaccuracies and a disregard of fundamental principles of antitrust law. *First*, Vail Health states that "the parties have been litigating the underlying facts at issue here for more than four years in the Eagle County state court action."[1] While certain exclusionary conduct involving Vail Health has been litigated in Eagle County, "the underlying [antitrust] facts" were not, including (1) relative geographic market,[2] (2) relative product market,[3] (2) barriers to entry,[4]

---

[1]    Vail Health Opp'n at 1 [ECF No. 152].

[2]    *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993); *United States v. Brown Shoe Co.*, 370 U.S. 294, 336 (1962); *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1024 (10th Cir. 2002).

[3]    *United States v. E.I. du Pont de Nemours & Co.,* 353 U.S. 586, 593 (1957); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1120 (10th Cir. 2014).

[4]    *United States v. Microsoft Corp.*, 253 F.3d 334, 351 (D.C. Cir. 2001); *Nobody in Particular Presents, Inc. v. Clear Channel Comm'ns, Inc.*, 311 F.Supp.2d 1048, 1087 (D. Colo. 2004); 3B Phillip E. Areeda & Herbert Hovenkamp, ANTITRUST LAW, ¶ 801a, at 383 (3d ed. 2008).

1

(3) structure of the market,[5] (4) market share,[6] (5) competitors,[7] (6) whether those factors resulted in Vail Health possessing or intending to possess monopoly power,[8] (7) supracompetitive pricing,[9] (8) Vail Health's costs,[10] (9) and persistency of its profits.[11] Vail Health makes no showing what documents, interrogatories, or legal arguments from the Eagle County case were directed to any of these essential antitrust elements.

*Second*, Plaintiffs' motion cites U.S. Supreme Court and Tenth Circuit law explaining the requirement to define the relevant geographic market in most § 2 cases and the economic methodologies courts rely on to define it.[12] Vail Health's opposition, on the other hand, does not mention those controlling cases and thus fails to apply principles essential to analyzing geographic market for § 2 purposes—a fatal flaw. As previously mentioned, this case represents a significant antitrust claim that will likely be reviewed by the Tenth Circuit, so a rigorous adherence to the law governing the Sherman Act will benefit everyone. Vail Health's opposition has not done so, but at the same time, it has not disputed that the cases cited by Plaintiffs must be followed here.

*Third*, Vail Health also essentially asserts that "it has produced enough documents that may bear on the implausibility of Plaintiffs' proposed market definition and therefore

---

[5]     *Brown Shoe*, 370 U.S. at 336-37.
[6]     *Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 885 F. 2d 683, 693 (10th Cir. 1989).
[7]     *Lantec,* 306 F.3d at 1027; *HDC Medical, Inc. v. Minntech Corp.,* 474 F.3d 543, 547 (8th Cir. 2007) (there must be economic evidence of the state of competition); *F.T.C. v. Advocate Health Care Network*, 841 F.3d 460, 468 (7th Cir. 2016).
[8]     *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966).
[9]     *Id.; Advocate Health*, 841 F.3d at 468; *F.T.C. v. Penn State Hershey Med. Center*, 838 F.3d 327, 338 (3d Cir. 2016).
[10]    *Colorado Interstate*, 885 F. 2d 687-88.
[11]    *Id.* at 695.
[12]    Pls.' Mot Compel # 1 at 1, 5-9 [ECF No. 127].

no further document production is necessary."[13]  But that contention is inadequate.  Vail Health does not address any of the evidentiary methods courts use to define relevant geographic market.  It does not mention authentication and foundational issues or that Plaintiffs are entitled to the underlying data under Fed. R. Evid. 1006.  And it cites no legal authority that it may unilaterally determine what is relevant evidence and what is not.

*Fourth*, Vail Health makes boilerplate objections that Plaintiffs' discovery requests are too burdensome.  But it is required to show what the undue burden or expense actually involves and whether it is unreasonable, which must be provided by way of an affidavit or evidentiary proof.  That objection, therefore, is legally unjustified.

*Finally*, Vail Health cannot wait nine months to say it will produce patient data required by antitrust law after Plaintiffs filed a Rule 37(a)(3)(B)(iii) and (iv) motion.  Despite this, the data still has not been produced. Plaintiffs are entitled to their attorneys' fees.

## ARGUMENT

### I. VAIL HEALTH HAS PARTIALLY AND SELECTIVELY RESPONDED TO WRITTEN DISCOVERY SEEKING FINANCIAL INFORMATION.

Vail Health does not dispute that in most § 2 cases a plaintiff must provide evidence of a plausible geographic market.  Citing to its restricted Exhibits 1 and 2, it instead states that it "has produced documents relating to the proposed geographic market" and "fulfilled its discovery obligations."[14] Those exhibits indicate several important facts relevant to geographic market: (1) that Vail Health's Howard Head receives little business from residents of Summit or Garfield Counties;[15] and (2) the overwhelming bulk of its revenues

---

[13]   *See, e.g.,* Vail Health Opp'n at 4 [ECF No. 152].
[14]   *Id.* at 4.
[15]   Vail Health Ex. 1 at VH_FED_00244-45; VH_FED_001372 [ECF No. 153-1].

are generated from its Eagle County clinics.[16]   It also shows that Howard Head has a substantial share of the Eagle County market and an extraordinary net operating income margin of 62%.[17]  These facts strongly suggest that Vail Health has § 2 monopoly power.

But Vail Health has produced none of the underlying source documents or data that ensures that these documents will be admitted into evidence.  For example, we do not know what department within Vail Health this information came from, or who participated in putting the graphs and numbers together.  Plaintiffs also do not have any of the underlying, supporting data from which the summaries are derived, nor do we have original data that can be examined and tested by Plaintiffs' experts.  Looking at Vail Health document VH_FED_002632, there is a relatively complicated revenue and cost analysis that appears to end on a "case" basis of a negative ($194.57).  "[P]rice, costs, and customers.  This information is at the heart of this—indeed any—antitrust proceeding"[18]  Yet, Vail Health refuses to produce general ledger information, or any other revenue data used to create the summaries, including data supporting the direct and indirect costs.

This data is indisputably relevant to the definition of relevant geographic market.  Under the Department of Justice *Merger Guidelines*, a method used to define relevant geographic market is the hypothetical monopolist test.[19]  It "asks what would happen if a single firm became the only seller in a candidate geographic region….If that hypothetical monopolist could profitably raise prices above competitive levels, the region is a relevant

---

[16]   *Id.* at VH_FED-001372.
[17]   *Id.*
[18]   *Quadrozzi v. City of New York*, 127 F.R.D. 63, 75 (S.D.N.Y. 1989).
[19]   *The 1982 Merger Guidelines and the Ascent of the Hypothetical Monopolist Paradigm*, 71 Antitrust L.J. 253, 253 (2003); *F.T.C. v. Sanford Health*, 926 F.3d 959, 963 (8th Cir. 2019); *F.T.C. v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1038 (D.C. Cir. 2008).

geographic market….But if customers would defeat the attempted price increase by buying from outside the region, it is not a relevant market; the test should be rerun using a larger candidate region."[20]  The Tenth Circuit in *Lantec* also confirmed the relevancy of price and cost data for geographic market purposes,[21] but Vail Health still refuses to produce the cost data.

## II.   VAIL HEALTH HAS NOT PRODUCED DISCOVERY RELATING TO PATIENT PREFERENCE AND WILLINGNESS TO TRAVEL.

*Lantec* also held that customer convenience and preference are relevant to defining the relevant geographic market.[22]  Courts make this determination by considering the hospital's primary and secondary service areas, where the patients reside, and plans and strategies in competing for patients.[23]  Even Vail Health admits that "patients willingness to travel to providers outside of the Vail Valley" is relevant.[24]  So now, after declining innumerable conferral requests, Vail Health says it was willing to discuss what data they will produce[25] but that came only after a motion to compel was filed.

*Lantec* also makes clear that Plaintiffs are entitled to conduct a patient-preference survey,[26] which will be derived from a sample of Howard Head patients, so names and addresses are required, which Vail Health still refuses to provide.  As to confidentiality, the Protective Order ensures the data is protected; clients are prohibited from even seeing

---

[20]   *See* A*dvocate Health*, 841 F.3d at 468.
[21]   *Lantec*, 306 F.3d at 1027.  *See also In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litigation,* No. 09-ML-2048-C, 2011 WL 6826813, at *10 (W.D. Okla. Dec. 28, 2011).
[22]   *Id.*
[23]   *Republic Tobacco v. N. Atl. Trading Co., Inc.,* 381 F.3d 717, 738  (7th Cir. 2004).
[24]   Vail Health Opp'n at 2.
[25]   *Id.* at 9.
[26]   *Lantec,* 306 F.3d at 1027.

it[27]—a provision insisted upon by Vail Health.   There is no expense justification for denying Plaintiffs access because Vail Health now says it is willing to produce most of the information, and patient names and addresses would cost no more.  Finally, nine months after responding to Request No. 17, Vail Health raises, for the first time, data security concerns.  But Plaintiffs will maintain the data in a secure repository, just as they have with other PHI produced here and in Eagle County.  Plaintiffs are entitled to the data Vail Health finally said it would produce, including patient names and addresses.

III.   **PLAINTIFFS ARE ENTITLED TO DISCOVERY OF INFORMATION RELATING TO VAIL HEALTH'S DEFINITION OF THE CORRECT GEOGRAPHIC MARKET.**

The opposition contains a surprising statement:  "Vail Health contends that it does not have market power with respect to physical therapy services in *any* geographic market. Thus, the 'correct relevant geographic market' underlying the Complaint…simply does not exist."[28]  In other words, I am not a monopolist, so there is no correct geographic market, and I do not have to engage in discovery.  But that is not how antitrust law works.

A monopoly is the possession of monopoly power in the relevant market…."[29] "Monopolization and attempted monopolization claims…require proof of the relevant market."[30]   Courts, therefore, first define the relevant geographic market[31] and *then* evaluate the defendant's market share within the defined market.  If the share is 45-60%, monopoly power may be inferred.[32]   Vail Health suggests the opposite—the analysis

---

[27]   ECF No. 76 § 6 [Protective Order].
[28]   Vail Health Opp'n at 3 [ECF No. 152].  *See also id.* 4 ("there is no product or service market in which Vail Health has market power with respect to physical therapy services, so there is no 'correct' market underlying the Complaint for antitrust violations").
[29]   *Grinnell*, 384 U.S. at 570-71; *Lenox MacLaren*, 762 F.3d at 1119.
[30]   *Lantec*, 306 F.3d at 1027.
[31]   *Colo. Interstate*, 885 F. 2d at 693-64.
[32]   *Reazin v. Blue Cross & Blue Shield,* 899 F.2d 951, 973 (10th Cir. 1990) (collecting cases and discussing the extent of market share necessary to create a presumption of

*begins* with the conclusion that the defendant lacks monopoly power, so discovery into geographic market is unnecessary.  But a geographic market is "determined by the commercial realities faced by consumers."[33]  Vail Health, however, assumes that the geographic market determination and discovery is limited to the facts alleged in the complaint.  But Plaintiffs are entitled to discovery of other markets to prove that their market definition is correct.[34]  Moreover, Vail Health's argument incorrectly suggests that a plaintiff has no right to discovery into the geographic market proposed by the defendant.

Under Rule 26(b)(1), discovery may be obtained for "any party's claim or defense" and relevancy for discovery is broadly construed.[35]  Plaintiffs carry the burden of proof on relevant geographic market, but Vail Health still must respond to discovery of facts relevant to geographic market.  Given Vail Health's opposition, Plaintiffs sought to streamline discovery by drafting a stipulation that the relevant geographic market is the Vail Valley—from East Vail to Gypsum.  Vail Health would not agree.[36]  It thus has not basis to assert that Plaintiffs' definition is too narrow and then deny Plaintiffs discovery of those geographic markets that Vail Health may assert, which is why Summit County and Basalt are relevant.

Vail Health also contends it is relieved from answering Interrogatory No. 9 because it seeks identification of "all" documents that support or refute Vail Health's relevant

---

monopoly power and quoting *Bright v. Moss Ambulance Serv.,* 824 F.2d 819, 823 (10th Cir.1987) (quoting *Grinnell,* 384 U.S. at 570–71 (1966)), *cert. denied,* 497 U.S. 1005.

[33]    *F.T.C. v. Tenet Health Care Corp.,* 186 F.3d 1045, 1053  (8th Cir. 1999); *Queen City Pizza v. Domino's Pizza,* 124 F.3d 430, 436 (3d Cir. 1997).

[34]    *See In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 871 (Tex. Ct. App. 2013) (geographic market determination before discovery has been completed is preliminary).

[35]    *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[36]    Ex. 28 [email/stipulation].

geographic market. But during the conferral process, Plaintiffs informed Vail Health that the term "each and every" and "all" means "information that can be identified after a reasonably diligent search is conducted by Vail Health."[37]  Vail Health also states it produced documents,[38] and Plaintiffs can figure out the answer to No. 9.  Producing documents does not relieve a party from answering interrogatories.[39]  Nor can Vail Health place the burden on Plaintiffs to guess which documents Vail Health may use to refute Plaintiffs' relevant geographic market. Vail Health's "burden" flows the wrong way.

Additionally, there are various documents that Vail Health has not produced:[40]

**2013 Deloitte Study And Communications:**  Although the Board Chair relied on the 2013 Deloitte Study in a Board presentation about the Steadman/SPRI relationship[41] and in other presentations,[42] Vail Health now claims that the 2013 Study cannot be found, which seems strange.  It has not said where it looked or whether it contacted to Deloitte for a copy.  Nor has it produced any communications related to that report.

**The 2016 Deloitte Report:**  Deloitte also issued a report in 2016 that was shared with Steadman.  Communications about the report are found on Vail Health's privilege log.  Vail Health did not produce that report or any of the related communications.

---

[37]     Ex. 1 at 2 [email and deficiency letter] [ECF No. 127-1].

[38]     Vail Health Opp'n at 4 [ECF No. 152].  *But see United States ex rel. Hockaday v. Athens Orthopedic Clinic, P.A.*, No. 3:15-CV-122 (CDL), 2020 WL 6880835, at *7 (M.D. Ga. Nov. 23, 2020) ("Rule 33(d) requires that the responding party specify the records that must be reviewed; it does not permit a document dump that leaves Relator to guess where she may find the information requested in her interrogatories.")

[39]     *See, e.g., Leeb v. Charter Commc'ns*, No. 4:17-cv-02780-SRC, 2019 WL 4576450, at *2, *9 (E.D. Mo. Sept. 20, 2019) (ordering defendant to produce documents AND answer interrogatories to identify documents that support or refute its contention).

[40]     *See also* Ex. 29 (identifying missing documents from exhibits filed by Vail Health).

[41]     Vail Health Opp'n to #3, Ex. 5 at VH_Fed 004047 [ECF No. 155-3 at 117].

[42]     Pls.' Ex. 23 at VH_Fed003852 [ECF No. 128].

**Hammes Reports:**  Hammes analyzed the expansion into Summit County, which included physical therapy.  Vail Health produced no documents involving Hammes.

**One Boston:**  Other than a couple of emails and a two-page analysis, Vail Health has produced no documents related to One Boston.  Plaintiffs do not know what One Boston was engaged to do, or the extent of its communication with Vail Health.  No underlying data supporting One Boston's analyses has been produced, and it suffers from the same evidentiary issues as the other summaries Vail Health has produced.

## IV.    PLAINTIFFS ARE ENTITLED TO MEDICARE CLAIMS INFORMATION.

Vail Health correctly states that Plaintiffs have alleged that Vail Health's Medicaid and Medicare claims (collectively "Medicare") are relevant to the claim that "Vail Health's prices are supracompetitive."  But, it argues, because Medicare's rates are below market they could not be supracompetitive and thus are irrelevant.[43]   That overlooks why they are relevant.  Medicare is a cost-based reimbursement program requiring providers to submit a cost analysis to Medicare each year.[44]  The reimbursement rate for hospitals is then built on hospital and other provider costs.  Insurers use Medicare rates as a factor in the cost of hospital healthcare and the margin that goes into prices.  The annual costs that Vail Health represents to Medicare are relevant, including to conduct a Lerner index analysis and rates charged to Medicare beneficiaries and general patients.  Plaintiffs' assert that claims Vail Health submitted to Medicare were, for many reasons, higher than they should have been, resulting in supracompetitive reimbursement rates submitted to insurers and ultimately paid by patients.  They are relevant.

---

[43]    Vail Health Opp'n at 11 [ECF No. 152].
[44]    42 C.F.R. § 413.24.

## V.      VAIL HEALTH'S DISCOVERY ON COMPETITORS IS DEFICIENT.

Vail Health has not produced relevant documents related to competitors.   For example, Vail-Summit Orthopaedics proposed Vail Health acquire a competitor, Avalanche Physical Therapy.  VSO provided Vail Health financial information about that proposed acquisition, but the emails end there.   Vail Health has produced no other documents as to the outcome of that proposed transaction.  Further, as part of its strategic plan, Vail Health discussed acquiring other competitors.   Vail Health's privilege log confirms that one such "acquisition" resulted in the competitor (Axis) seeking to enforce its noncompete against Vail Health.  No documents related to that dispute were produced.

Vail Health's answer to Interrogatory No. 23 is deficient. Although it identified some competitors, it did not say why Vail Health viewed each party as a competitor.  It also did not identify competitors previously identified by Vail Health in business records, including Sports Rehab, nor did it provide address information for its competitors, which is also relevant to geographic market.  Vail Health should be ordered to fully answer No. 23.

## VI.     PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES.

Rule 37(5)(A) states that if the requested discovery is provided after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   It took a motion to compel before Vail Health agreed to produce customer (patient) data, which is fundamental discovery in any antitrust case, and even then, the data still has not been produced.  Vail Health's other objections and its narrow view of relevancy are not justified under Rule 26(b), nor under Tenth Circuit and Supreme Court antitrust law.  Attorneys' fees are therefore warranted here.

Dated:  September 16, 2021          *s/Alan L. Kildow*

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  cusonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and
Sports Rehab Consulting LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2021, I served a true and correct copy of Plaintiffs' Reply to Rule 37 Motion to Compel #1 Relating to Relevant Geographic Market, including exhibits, via the Court's ECF system on:

Shannon Stevenson
Janet A. Savage
Jackie Roeder
Daniel Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202

Counsel for Defendant

*s/ Alan L. Kildow*
Alan L. Kildow