**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS FILED IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #1 UNDER FILING RESTRICTIONS**

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 1, 2 and 4 filed in support of Vail Health's Response to Plaintiffs' Rule 37 Motion to Compel #1 Relating to Geographic Market ("Vail Health's Response") (Dkt. 152, 153). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C. Colo.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on September 3, 2021. Plaintiffs confirmed on September 13, 2021 that they do not oppose the motion.</u>

Plaintiffs' counsel requested that Vail Health include the following statement:

> Plaintiffs believe that Vail Health's motion to restrict access to exhibits it contends are commercially sensitive raises issues of the public's common-law right of access to judicial proceedings and records. Moreover, Vail Health is in an (sic) different position than most commercial enterprises due to its status as a non-profit hospital and its use of public

funding, which make it a public charity. Any commercial argument that it might have to protect information is outweighed by the public's right of access. *See* Plaintiffs' prior statement [ECF No. 146]. The residents of Eagle County and the general public need to know why Vail Health is among the most expensive hospitals in an already expensive health care market. The public is entitled to know why its "non-profit" hospital puts about $50 million a year in profits to its bottom line. If it is because of illegal monopolistic practices, the public needs to know that.

In light of the urgent work needed on this case, however, Plaintiffs cannot afford the time necessary to file an opposition to Vail Health's request and Plaintiffs are of the opinion that the Court is already burdened with other issues in the case. Although Plaintiffs do not believe Vail Health's request to restrict is well grounded, they will not file an opposition. Nevertheless, Plaintiffs reserve the right to move the Court to unseal the documents at a later time in the proceedings.

1. Exhibit 1 to Vail Health's Response, Dkt. 153-1, is a compilation of excerpted pages from documents supporting Vail Health's contention that materials regarding the geographic market were produced. This compilation includes documents designated as both "confidential" and "attorneys' eyes only" because they contain financial projections, operation summaries, and revenue streams for Howard Head, as well as internal strategic plans for both Howard Head and Vail Health as a whole. Further, this compilation includes excerpted pages from the same documents, or other versions of the same documents, the Court granted Level 1 Restricted Access on August 26, 2021 (Dkt 147). Specifically, certain pages from the same exhibits at Dkt 128-2, 128-5, 128-6, and 130-6 are included in this compilation.

2. Exhibit 2 to Vail Health's Response, Dkt. 153-2, is a compilation of emails and excerpted pages from documents supporting Vail Health's contention that materials regarding competitors were produced. This compilation includes documents designated as both

- 2 -

"confidential" and "attorneys' eyes only" because they contain internal strategic plans for both Howard Head and Vail Health as a whole. Further, this compilation includes excerpted pages from the same documents, or other versions of the same documents, that the Court granted Level 1 Restricted Access on August 26, 2021 (Dkt. 147). Specifically, certain pages from the same exhibits at Dkt. 128-2, 128-5, and 128-6 are included in this compilation.

3.  Exhibit 4 to Vail Health's Response, Dkt. 153-3, is a document which contains confidential commercial information including sensitive non-public financial and business planning information relating to strategic planning, and market share by county, comparing different product lines. This document is also included in Exhibit 1 to Vail Health's Response and was reproduced separately to address Plaintiffs' contention that Vail Health had not produced an underlying analysis conducted by Boston Consulting Group.

4.  On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

5.  Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or

be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

6. Exhibits 1 and 2 to Vail Health's Response contain documents marked both "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY."

7. Exhibit 4 to Vail Health's Response is marked as "ATTORNEYS' EYES ONLY."

8. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

9. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party

representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

10.     If the information contained in Exhibits 1, 2 and 4 were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

11.     Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. With respect to Exhibits 1, 2 and 4 to Vail Health's Response, all of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

12.     Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other

competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

13.     Vail Health is requesting restriction of only certain confidential and attorneys' eyes only documents. The remaining Exhibits attached to Vail Health's Response to Motion to Compel #1 are not being filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 16th day of September, 2021.

    *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS FILED IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #1 UNDER FILING RESTRICTIONS was filed via CM/ECF on this 16th day of September, 2021, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan L. Kildow
790 Potato Patch Drive
Vail, Colorado 81657
Email: akildow@aol.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
Email: sonya.braunschweig@gmail.com

                                                        _s/Shannon Stevenson_