IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS FILED IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #3 UNDER FILING RESTRICTIONS**

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 3, 4, 5 and 6 filed in support of Vail Health's Response to Plaintiffs' Rule 37 Motion to Compel #3 ("Vail Health's Response") (Dkt. 154, 155). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on September 3, 2021.  Plaintiffs confirmed on September 13, 2021 that they do not oppose the motion.</u>

Plaintiffs' counsel requested that Vail Health include the following statement:

> Plaintiffs believe that Vail Health's motion to restrict access to exhibits it contends are commercially sensitive raises issues of the public's common-law right of access to judicial proceedings and records. Moreover, Vail Health is in an (sic) different position than most commercial enterprises due to its status as a non-profit hospital and its use of public funding, which make it a public charity. Any commercial argument that it might have to protect information is

> outweighed by the public's right of access. *See* Plaintiffs' prior statement [ECF No. 146]. The residents of Eagle County and the general public need to know why Vail Health is among the most expensive hospitals in an already expensive health care market. The public is entitled to know why its "non-profit" hospital puts about $50 million a year in profits to its bottom line. If it is because of illegal monopolistic practices, the public needs to know that.
>
> In light of the urgent work needed on this case, however, Plaintiffs cannot afford the time necessary to file an opposition to Vail Health's request and Plaintiffs are of the opinion that the Court is already burdened with other issues in the case. Although Plaintiffs do not believe Vail Health's request to restrict is well grounded, they will not file an opposition. Nevertheless, Plaintiffs reserve the right to move the Court to unseal the documents at a later time in the proceedings.

1. Exhibit 3 to Vail Health's Response, Dkt. 155-1, is Vail Health's April 30, 2021 Confidential Responses to Plaintiffs' First Set of Interrogatories and Second Requests for the Production of Documents ("Discovery Responses"). These Discovery Responses are the same as Dkt. 128 which the Court ordered to be submitted as redacted in its August 26, 2021 Order. (Dkt 147.) With respect to Exhibit 3, Vail Health is concurrently submitting a proposed redacted version of this Exhibit consistent with the Court's order and its previously filed proposed redactions. (Dkt. 147, 162.)

2. Exhibit 4 to Vail Health's Response, Dkt. 155-2, is a chronological set of Board meeting minutes produced in the litigation. Many of the documents are the same as those contained in Plaintiffs' Exhibits 14 and 15 in support of their Motion to Compel #3. (Dkt. 133-1 and 133-2.) Vail Health filed a Motion to Restrict Dkt. 133-1 and 133-2 on August 26, 2021. (Dkt. 148.) Exhibit 4 consists of internal Vail Health Board Minutes of the Joint Meeting of VHS and VVMC Governing Board. This exhibit contains confidential information including sensitive non-public

financial and business planning information relating to internal budgeting, financial planning, proposals for new initiatives, growth plans including for a proposed surgical center, internal deliberations of contemplated partnerships, and development opportunities.

3. Exhibit 5 to Vail Health's Response, Dkt. 155-3, is a compilation of emails and other documents, as well as Vail Health's Board meeting minutes, agendas, and presentation materials related to proposed collaboration between Vail Health and potential partners. It includes internal Vail Health documents which contain confidential commercial information including sensitive non-public financial and business information regarding a discussion of partnership opportunities, the strategy behind the potential partnership, growth areas and opportunities, areas for expansion, and available markets, as well as confidential communications between Vail Health and representatives of the potential partner in connection with a potential joint venture. Vail Health has previously sought Level 1 restriction of certain portions of this compilation, including the Board minutes (Dkt. 133-1 and 133-2), other Board meeting materials and presentations (Dkt. 133-3 and 133-6).

4. Exhibit 6 to Vail Health's Response, Dkt. 155-4, is a compilation of emails and documents related to a proposed physical therapy joint venture. It includes internal Vail Health documents which contain confidential commercial information including sensitive non-public draft confidentiality agreements, summaries of confidential discussions with the potential joint venture partner, legal positions on the joint venture, the strategy behind the joint venture, growth areas and opportunities, areas for expansion and available markets, financial arrangements of the joint venture, as well as confidential communications between Vail Health and representatives of the potential joint venture partner in connection with a potential joint venture.

5. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

6. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

7. Exhibits 3 and 4 to Vail Health's Response include documents that were marked as "CONFIDENTIAL."

8. Exhibits 5 and 6 to Vail Health's Response include documents marked as both "CONFIDENTIAL and "ATTORNEYS' EYES ONLY."

9. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

10. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

11. If the information contained in Exhibits 3-6 to Vail Health's Response were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might

serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

12. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. With respect to Exhibits 4-6 to Vail Health's Response, either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm. With respect to Exhibit 3 to Vail Health's Response, the redacted portions of the exhibit are nonpublic information that is highly sensitive, and its release would irreparably harm Vail Health if seen by competitors or potential competitors.

13. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

14. Vail Health is requesting restriction of only certain confidential and attorneys' eyes only documents. The remaining Exhibits attached to the Vail Health's Response to Motion to Compel #3 are not being filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 16th day of September, 2021.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS FILED IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #3 UNDER FILING RESTRICTIONS was filed via CM/ECF on this 16th day of September, 2021, which will forward notice to the following:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan L. Kildow
790 Potato Patch Drive
Vail, Colorado 81657
Email: akildow@aol.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, Minnesota 55419
Email: sonya.braunschweig@gmail.com

                                                    *s/Shannon Stevenson*