IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health"), moves to place Level 1 filing restrictions on Exhibits 15, 17-20, 23-39, and 42-44 to Plaintiffs' Motion to Compel #4 Relating to Joint Ventures and Other Combinations (Dkts. 157, 158). In support of this motion, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email, and Plaintiffs' counsel requested that Vail Health include the following statement:

> Plaintiffs believe that Vail Health's motion to restrict access to exhibits it contends are commercially sensitive raises issues of the public's common-law right of access to judicial proceedings and records. Moreover, Vail Health is in an (sic) different position than most commercial enterprises due to its status as a non-profit hospital and its use of public funding, which make it a public charity. Any commercial argument that it might have to protect information is outweighed by the public's right of access. *See* Plaintiffs' prior statement [ECF No. 146]. The residents of Eagle

4866151.5

> County and the general public need to know why Vail Health is among the most expensive hospitals in an already expensive health care market. The public is entitled to know why its "non-profit" hospital puts about $50 million a year in profits to its bottom line. If it is because of illegal monopolistic practices, the public needs to know that.
>
> In light of the urgent work needed on this case, however, Plaintiffs cannot afford the time necessary to file an opposition to Vail Health's request and Plaintiffs are of the opinion that the Court is already burdened with other issues in the case. Although Plaintiffs do not believe Vail Health's request to restrict is well grounded, they will not file an opposition. Nevertheless, Plaintiffs reserve the right to move the Court to unseal the documents at a later time in the proceedings.

1.  Plaintiffs' Exhibit 15, Dkt. 158, is Vail Health's April 30, 2021 Confidential Responses to Plaintiffs' First Set of Interrogatories and Second Requests for the Production of Documents ("Discovery Responses"). These responses are the same as Dkt. 128 and 130 which are the subject of the Court's August 26, 2021 Order requiring Vail Health to submit proposed redactions to these documents. (Dkt. 147). With respect to Exhibit 15, Vail Health is concurrently submitting a proposed redacted version of this Exhibit consistent with the Court's August 26 Order.

2.  Plaintiffs' Exhibit 17, Dkt. 158-1, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains a discussion of a potential joint venture, including a discussion of a term sheet, ownership allocations, and non-compete issues.

3.  Plaintiffs' Exhibit 18, Dkt. 158-2, is an internal Vail Health email communication and draft presentation to the Vail Health Board of Directors. This document contains confidential

commercial information including sensitive non-public commercial and financial information. Among other things, this document contains a discussion of potential joint venture opportunities, expansion into new markets, and market and industry trends. A subsequent version of this document, which was presented to the Vail Health Board of Directors is contained at Dkt. 133-6, and is a subject of Vail Health's August 26, 2021 Motion to Restrict. (Dkt. 148.)

4. Plaintiffs' Exhibit 19, Dkt. 158-3, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains a discussion of a potential joint venture, including potential issues regarding non-competition provisions and waiver, ownership interests, and scheduling meetings to discuss strategies for alignment.

5. Plaintiffs' Exhibit 20, Dkt. 158-4, is an internal Vail Health email which contains confidential communications regarding discussions with a potential joint venture collaborator, including potential non-compete issues and a purchase that the potential joint venture collaborator was contemplating.

6. Plaintiffs' Exhibit 23, Dkt. 158-5, is a confidential email chain with a potential joint venture collaborator and internal Vail Health discussions regarding a potential joint venture, including margin summaries, potential actualization rates, and equity share.

7. Plaintiffs' Exhibit 24, Dkt. 158-6, contains internal Vail Health documents consisting of an agenda and the minutes of Board Meetings. This exhibit contains confidential commercial information including sensitive non-public financial and business planning information relating to internal deliberations of contemplated partnerships and strategic alignments. Several of these documents are duplicative of Exhibit 15 to Plaintiffs' Motion to

Compel #3 and are one of the subjects of a Motion to Restrict filed by Vail Health on August 26, 2021. (Dkt. 148.)

8. Plaintiffs' Exhibit 25, Dkt. 158-7, is a confidential email communication between Vail Health's attorneys and a potential joint venture collaborator. This document contains a discussion regarding Vail Health's Board meeting about the potential joint venture and confidential commercial information in the form of a discussion of agreements and documents that the Vail Health Board of Directors had approved.

9. Plaintiffs' Exhibit 26, Dkt 158-8, is an internal Vail Health document which contains confidential commercial information including sensitive non-public financial and business information including a discussion of the partnership with a potential joint venture partner, the strategy behind the partnership, growth areas and opportunities, areas for expansion, and available markets. A nearly identical version of this Exhibit is set forth at Dkt. 133-3, which is one of the subjects of Vail Health's August 26, 2021 Motion to Restrict. (Dkt. 148.)

10. Plaintiffs' Exhibit 27, Dkt. 158-9, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains discussions regarding a potential joint venture and next steps.

11. Plaintiffs' Exhibit 28, Dkt. 158-10, is a draft internal Vail Health presentation containing confidential commercial information including sensitive non-public commercial and business information relating to market growth opportunities and competitors relating to wellness, injury prevention and sports medicine programs, including a potential joint venture.

12. Plaintiffs' Exhibit 29, Dkt. 158-11, is an engagement letter from a valuation firm to Vail Health's then-Chief Executive Officer. This letter details the proposed engagement and the

valuation services to be provided, including a detailed description of the proposed methodology for conducting a business valuation of Howard Head Sports Medicine and Howard Head's detailed financial information for 2015. This exhibit is identical to the document set forth at Dkt. 130-1, which the Court Ordered to remain at Level 1 Restriction in its August 26, 2021 Order. (Dkt. 147.)

13. Plaintiffs' Exhibit 30, Dkt. 158-12, is an internal Vail Health email containing confidential sensitive non-public draft model and financial information from the valuation firm regarding the proposed joint venture.

14. Plaintiffs' Exhibit 31, Dkt. 158-13, is an internal Vail Health confidential email which includes sensitive non-public commercial and financial information. Among other things, this document contains a discussion of potential joint venture opportunities, discussions of models, and financial information regarding the proposed joint venture.

15. Plaintiffs' Exhibit 32, Dkt. 158-14, is an internal Vail Health confidential sensitive non-public email concerning discussions with the valuation firm and a potential joint venture collaborator, including strategic discussion about the potential joint venture.

16. Plaintiffs' Exhibit 33, Dkt. 158-15, is the subject of a Fed. R. Civ. P. 26(b)(5)(B) letter and was inadvertently produced. This document contains attorney-client privileged communications and discussions. Vail Health has requested that Plaintiffs remove this Exhibit and replace it with a placeholder document that explains the document is attorney-client privileged.

17. Plaintiffs' Exhibit 34, Dkt. 158-16, is a confidential market analysis regarding a potential joint venture. This document contains a detailed description of financial information, net share pricing, anticipated revenue, and working capital calculations.

18. Plaintiffs' Exhibit 35, Dkt. 158-17, are Vail Health documents circulated to the Vail Health Steering Committee and a potential joint venture partner in connection with a potential joint venture concerning an ambulatory network plan. The documents contain confidential commercial information including sensitive non-public financial and business information relating to market growth opportunities and a detailed overview of locations for an ambulatory network plan, planning, volume estimates, and proposed next steps. These documents were provided by non-party The Steadman Clinic in response to a subpoena served by Plaintiffs. This document is the same as Dkt. 133-4, which is one of the subjects of Vail Health's August 26, 2021 Motion to Restrict. (Dkt. 148.)

19. Plaintiffs' Exhibit 36, Dkt. 158-18, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains sensitive non-public financial and business planning information relating to a potential joint venture, including a discussion of financial concerns, operating requirements, and equity interest.

20. Plaintiffs' Exhibit 37, Dkt. 158-19, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains sensitive non-public financial and business planning information relating to a potential joint venture.

21. Plaintiffs' Exhibit 38, Dkt. 158-20, is a confidential email communication between Vail Health and a potential joint venture collaborator. This document contains confidential commercial information including a response to a proposal on key business issues, ownership concerns, and funding.

22. Plaintiffs' Exhibit 39, Dkt. 158-21, is a compilation of confidential email communications between Vail Health and a potential joint venture collaborator, as well as internal

Vail Health discussions regarding the proposed joint venture. These documents contain sensitive non-public financial and business planning information relating to a potential joint venture, meetings regarding the joint venture, and strategies for alignment. It also includes documents that were produced in the Eagle County State Court Action, and which are the subject of the Protective Order in that matter.

23. Plaintiffs' Exhibit 42, Dkt. 158-22, is a compilation of confidential documents including a mid-year performance review of David Cimino, and confidential emails between Vail Health and potential joint venture collaborators. Among other things, these documents contain sensitive non-public financial and business planning information relating to a potential joint venture, meetings regarding the joint venture, and strategies for alignment and next steps.

24. Plaintiffs' Exhibit 43, Dkt. 158-23, is a single page from a confidential PowerPoint presentation shared internally with Vail Health's leadership team. This document contains non-public financial data regarding growth opportunities and referral sources. This exhibit is contained within the same document as Dkt. 130-4 which the Court ordered to remain at Level 1 Restriction in its August 26, 2021 Order. (Dkt. 147.)

25. Plaintiffs' Exhibit 44, Dkt. 158-24, is a confidential draft internal Vail Health email and documents containing sensitive non-public financial and business planning information relating to a potential joint venture. This document contains confidential commercial information relating to referrals, payor mix, contribution margins, and patient flow.

26. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES

ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

27. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

28. Plaintiffs' Exhibits 15,[1] 17, 19, 20, 23, 24, 29, 32, and 35 were marked as "CONFIDENTIAL."

29. Plaintiffs' Exhibit 18, 25, 28, 30, 31, 33, 34, 36, 37, 38, 43 and 44 were marked as "ATTORNEYS' EYES ONLY."

---

[1] Plaintiffs' Exhibit 15 was originally designated as ATTORNEYS' EYES ONLY, however, after review of the information, Vail Health amended that designation to the less restrictive designation of CONFIDENTIAL.

30. Plaintiffs' Exhibits 39 and 42 are compilations containing documents that were marked both "CONFIDENTIAL" and "ATTORNEYS' EYES' ONLY."

31. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

32. Documents designated as "ATTORNEYS' EYES ONLY" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

33. If the information contained in Plaintiffs' Exhibits 17-20, 23-39, and 42-44 were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing")

(citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

34. With respect to Plaintiffs' Exhibit 15, Vail Health is concurrently submitting a redacted version of this Exhibit consistent with the Court's August 26, 2021 order. (Dkt. 147.)

35. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in the remaining exhibits is not practicable. With respect to Plaintiffs' Exhibits 17-20, 23-39, and 42-44, either all or the substantial majority of the information set forth in each exhibit is confidential commercial information and nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm. With respect to Plaintiffs' Exhibit 15, the redacted portions of the exhibit are nonpublic information that is highly sensitive and its release would irreparably harm Vail Health if seen by competitors or potential competitors.

36. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

37. Vail Health is requesting restriction of only certain confidential and attorneys' eyes only documents. The remaining Exhibits attached to the Plaintiffs' Motion are not being filed

under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

Respectfully submitted this 21st day of September, 2021.

   *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on this 21st day of September, 2021, which will forward notice to the following:

Jesse Wiens  
Fahrenholtz & Wiens LLC  
100 West Beaver Creek Blvd., Suite 236  
Avon, Colorado 81620  
Email: fwlawyers@gmail.com

Alan L. Kildow  
790 Potato Patch Drive  
Vail, Colorado 81657  
Email: akildow@aol.com

Sonya R. Braunschweig  
5501 Irving Avenue South  
Minneapolis, Minnesota 55419  
Email: sonya.braunschweig@gmail.com

                                      *s/ Sandra Abram*  
                                      Sandra Abram