CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

## VAIL HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby responds to Plaintiffs' First Set of Interrogatories and Second Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.      Vail Health objects to the terms "any," "all," and "each" used in certain of Plaintiffs' discovery requests. Vail Health cannot state that "any," "all," or "each" item of responsive information has been obtained and reserves the right to supplement its responses as more information becomes available. Vail Health further objects to any definition or instruction that attempts to alter Vail Health's obligations under the Federal Rules of Civil Procedure and any other relevant legal authority.

CONFIDENTIAL

2.      Vail Health has conducted a reasonable and diligent investigation in responding to these discovery requests. Thus, Vail Health's responses are based only on such information and documents as are presently available to Vail Health.

3.      Vail Health objects to each and every discovery request to the extent that they seek the disclosure of information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

4.      With respect to any information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, production of any such information or documents shall not constitute a waiver of any privilege, or with respect to the information contained therein. Any disclosure of privileged or protected documents by Vail Health will be deemed inadvertent and will not be construed as a waiver of any such privilege or protection. Any such information and documents inadvertently disclosed shall be returned to Vail Health's counsel immediately upon discovery thereof.

5.      Vail Health's responses are solely to discovery requests promulgated in this action, and should not be construed as an admission of relevancy, materiality, or admissibility. Vail Health reserves the right to seek exclusion of any response at trial and preserves all evidentiary objections, including, but not limited to, objections as to relevancy, materiality, and admissibility.

6.      Vail Health objects to each and every discovery request to the extent they seek to obtain from Vail Health or impose a duty upon Vail Health to obtain information that is not in Vail Health's possession, custody, or control and which is more properly obtained from third persons.

CONFIDENTIAL

7.     Vail Health objects to each and every discovery request to the extent that they seek the disclosure of information that is not relevant to any party's claim or defense and proportional to the needs of the case.

8.     Where in a response Vail Health states that its responses are subject to and without waiving objections, it means that a reasonable effort will be made to understand and respond to the discovery request by providing relevant information without producing or disclosing information that is privileged or subject to some other objection.

9.     All answers or other responses set forth below are subject to and without waiver of any of the general objections and to the other more specific objections set forth below. Vail Health will not in every instance repeat or specifically incorporate these objections although they are intended to apply throughout.

10.     The answer to any of these discovery requests does not constitute a waiver of the right to object to any future, additional or supplemental requests covering the same or similar subject matter.

11.     To the extent Vail Health states herein that it will be producing documents in response to the document requests, the documents will be produced electronically and subject to the HIPAA-qualified protective order in this matter.

12.     Vail Health objects to searching for and producing documents that have previously been produced in *Winninger et al. v. Vail Health et al.*, 2017CV030102 (Dist. Ct., Eagle Cnty.) ("State Court Action"), which has been pending since May 2017, or to producing documents concerning subject matter on which discovery has occurred in the State Court Action.

13.     Each below response to Plaintiffs' requests for production identifies the documents Vail Health intends to produce in response to the request for production, if any. To

the extent that a request for production requests the production of documents that Vail Health has not expressly agreed to produce, Vail Health states that it intends to withhold those documents on the basis of its objections, per Fed. R. Civ. P. 34(b)(2)(C).

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each individual who was involved in discussing, negotiating, drafting, and signing the services agreement, including, but not limited to, the names, addresses, and telephone numbers of each Vail Health director, officer, manager, and employee, as well as each attorney and his or her law firm, each accountant and his or her accounting firm, and each consultant and his or her firm. The individuals to be identified shall also include, but not be limited to, the names, addresses, and telephone numbers of each RPC-Vail shareholder, owner, director, officer, manager, and/or employee, as well as each attorney and his or her law firm, each accountant and his or her accounting firm, and each consultant and his or her firm.

### RESPONSE TO INTERROGATORY NO. 1

Vail Health objects to Interrogatory No. 1 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the agreements and relationship between Vail Health and Rehabilitation & Performance Center at Vail, LLC ("RPC-Vail"). Further, Vail Health has already produced all documents in its possession, custody, or control responsive to RFP No. 2 in the State Court Action, which requests that Vail Health "produce copies of all agreements, contracts and understandings, and all documents relating thereto, that Vail Health had with RPC-Vail and/or Proaxis and each of its related companies. These agreements and documents include, but are not limited to, physical therapy service agreements, licensing agreements, agreements related to any intellectual property, agreements related to patients, lease agreements, computer services agreements, and any and all other agreements and documents between and among Vail Health and RPC-Vail and

Proaxis." Vail Health further objects to Interrogatory No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests the identification of every individual that ever "discuss[ed]" the Physical Therapy Services Agreement between Vail Health and RPC-Vail.

Vail Health further objects to Interrogatory No. 1's request for identification of attorneys and law firms as intended to invade the attorney-client privilege and seeking information not likely to lead to the discovery of relevant evidence, as information and documents in the possession of such attorneys or law firms likely would be protected by attorney-client privilege.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows. The Physical Therapy Services Agreement between Vail Health and RPC-Vail, dated October 19, 2004 (VAIL_00003426-3461) was signed by Thomas J. Zellers, formerly President & Chief Executive Officer of Vail Health and John Atkins, President of RPC-Vail. Exhibit A to the Physical Therapy Services Agreement was signed by Mr. Zellers, Mr. Atkins, and Sean McEnroe. Contact information for these individuals, if available, is listed in Exhibit A. Given that seventeen years have passed since the Physical Therapy Services Agreement was executed, Vail Health has not been able to identify through reasonable investigation additional persons who were involved in discussing, negotiating, or drafting the Physical Therapy Services Agreement.

### INTERROGATORY NO. 2:

Describe in detail each and every discussion that any Vail Health director, officer, manager, and employee, as well as each Vail Health attorney and his or her law firm, each Vail Health accountant and his or her accounting firm, and each Vail Health consultant and his or her firm, conducted with RPC-Vail regarding the manner in which Vail Health would bill, charge, invoice, or otherwise request reimbursement from any payer for physical therapy services rendered or provided by RPC-Vail under the services agreement and whether RPC-Vail would be disclosed as the "rendering provider" to the payers.

CONFIDENTIAL

## RESPONSE TO INTERROGATORY NO. 2

Vail Health objects to Interrogatory No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests that Vail Health describe "in detail each and every discussion" Vail Health and its representatives "conducted with RPC-Vail regarding the manner in which Vail Health would bill, charge, invoice, or otherwise request reimbursement from any payer for physical therapy services rendered or provided by RPC-Vail under the services agreement and whether RPC-Vail would be disclosed as the 'rendering provider' to the payers." *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face.").

Vail Health objects to Interrogatory No. 2 as seeking information not relevant to any party's claim or defense. Plaintiffs' Amended Complaint contains no allegations regarding the manner in which Vail Health billed, charged, invoiced, or otherwise requested reimbursement from payers for physical therapy services during the term of the Physical Therapy Services Agreement between Vail Health and RPC-Vail. In any event, information regarding the manner in which Vail Health billed for physical therapy services during the term of the Physical Therapy Services Agreement—from 2004 to 2012—could have no relevance to this antitrust case because Plaintiffs did not enter the purported Vail Valley physical therapy market until December 2015. Moreover, according to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until [Ms. Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.) Information from a time period that precedes by many years Plaintiffs' entry into the market and the alleged anticompetitive conduct is not discoverable. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist.

CONFIDENTIAL

LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy").

Vail Health objects to Interrogatory No. 2 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the manner in which Vail Health would bill, charge, invoice, or otherwise request reimbursement from any payer for physical therapy services. For example, Vail Health has already responded to the November 4, 2019 order of the Special Master in the State Court Action, which ordered that "Defendant Vail Health shall identify and produce any documents that support or contradict that Vail Health was the medical provider (i.e., owner of the patient medical records) of the physical therapy treatment provided to patients at all times that RPC Vail/Proaxis operated the physical therapy clinic doing business under the trade name 'Howard Head Medical Center.'" Further, Plaintiffs conducted numerous 30(b)(6) depositions of Vail Health representatives regarding the manner in which Vail Health billed, charged, invoiced, or otherwise requested reimbursement from any payer for physical therapy services rendered or provided by RPC-Vail.

CONFIDENTIAL

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows. The manner in which Vail Health would bill, charge, invoice, or otherwise request reimbursement from any payer for physical therapy services provided by RPC-Vail is described in VAIL_00003426-3461, the Physical Therapy Services Agreement between Vail Health and RPC-Vail. ███████████████

CONFIDENTIAL

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

█████████████████████

## INTERROGATORY NO. 3:

Identify each and every individual who attended or participated in each and every discussion, meeting, or other communication *within* Vail Health, including each director, officer, manager, employee, attorney, accountant, consultant, physician, or other agent of Vail Health, relating to the possible nonrenewal of the services agreement, which ended as of October 31, 2012. For each and every such discussion, meeting, or communication:

(a)     Provide the date and location of the discussion, meeting, or communication;

(b)     What was communicated among the participants to the discussion, meeting, or communication; and

(c)     Whether any decision was reached during the discussion, meeting, or communication and the reasons for such nonrenewal of the services agreement.

## RESPONSE TO INTERROGATORY NO. 3

Vail Health objects to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests that Vail Health describe, for each and every discussion, meeting, or other communication relating to the possible nonrenewal of the services agreement, the date and location, what was communicated, and whether any decision was reached. *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face.").

Vail Health objects to Interrogatory No. 3 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the

CONFIDENTIAL

nonrenewal of the Physical Therapy Services Agreement between Vail Health and RPC-Vail.

For example, Vail Health has already produced documents responsive to Plaintiffs' RFP No. 4 in the State Court Action, which requests production of "[a]ll contracts, agreements, and documents that relate to the non-renewal and/or termination of Vail Health's contractual and business relationship with the physical therapy clinics in Colorado that had been operated by RPC-Vail and/or Proaxis that engaged in business under the Howard Head trade name. This request includes all emails, correspondence, and documents related to the takeover of the operations by Vail Health related in any way to the Vail Health shared documents, the documents created by RPC-Vail and/or Proaxis, and the patient files for those treated by RPC-Vail and/or Proaxis. The relevant period for this Request No. 4 is approximately January 1, 2011 to the present." Moreover, numerous witnesses have been deposed regarding the non-renewal of the Physical Therapy Services Agreement. (*See, e.g.*, Kirchner Dep. Tr. 233:13-237:18; Brown Dep. Tr. 248:2-6, 249:21-254:13.)

Vail Health further objects to Interrogatory No. 3's request for information regarding what was communicated during meetings with Vail Health's attorneys as calling for information protected by the attorney-client privilege.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows.



**INTERROGATORY NO. 4:**

Describe in detail each and every reason why Vail Health decided not to renew the services agreement that ended on October 31, 2012.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 4**

Vail Health objects to Interrogatory No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests that Vail Health describe "each and every reason why Vail Health decided not to renew the services agreement that ended on October 31, 2012." *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face.").

Vail Health objects to Interrogatory No. 4 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the nonrenewal of the Physical Therapy Services Agreement between Vail Health and RPC-Vail. *See* Response to Interrogatory No. 3.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows. Vail Health chose not to renew the Physical Therapy Services Agreement between Vail Health and RPC-Vail because ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

**INTERROGATORY NO. 5:**

Describe in detail each and every reason why, and each and every justification for, Vail Health declining to return the documents, data, and information that RPC-Vail had created prior to October 31, 2012 and were requested to be returned by RPC-Vail upon or after the nonrenewal of the services. Included in your answer to this Interrogatory No. 5, identify each and every

CONFIDENTIAL

individual, including each director, officer, manager, employee, attorney, accountant, consultant, physician, and other agent of Vail Health, who was involved with the decision not to return the documents to RPC-Vail that are referred to in this Interrogatory No. 5.

## RESPONSE TO INTERROGATORY NO. 5

Vail Health objects to Interrogatory No. 5 as vague and ambiguous insofar as it requests information regarding documents "requested to be returned by RPC-Vail upon or after the nonrenewal of the services [sic]" without identifying such documents. Vail Health also objects to Interrogatory No. 5 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the ownership of documents from 2012 or earlier, which is also the subject of summary judgment motions pending in the State Court Action. For example, per the November 4, 2019 Order of the Special Master in the State Court Action, Vail produced in the State Court Action "the name, address, and telephone number of each individual who has any information related to the ownership of the documents created by Proaxis [*i.e.*, RPC-Vail] doing business under the trade name Howard Head prior to Vail Health's takeover of the physical therapy services."

Vail Health further objects to Interrogatory No. 5's request for identification of attorneys as intended to invade the attorney-client privilege and seeking information not likely to lead to the discovery of relevant evidence, as discussions with attorneys regarding the subject matter of Interrogatory No. 5 would be protected by attorney-client privilege.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows. Any documents that Vail Health retained following non-renewal of the RPC-Vail Physical Therapy Services Agreement were retained because Vail Health concluded that it owned such documents or, at a minimum, had a right to possess and use such documents.

CONFIDENTIAL

Moreover, as stated in the Declaration of Gene "Topper" Hagerman produced by Plaintiffs in the State Court Action, while RPC-Vail initially "took the position that any intellectual property created by RPC-Vail/Proaxis prior to termination was owned by and the property of RPC- Vail/ Proaxis," "[i]n the end, RPC-Vail/Proaxis decided not to pursue this issue." (Hagerman Decl. ¶¶ 27-28.)

The following individuals were involved in decisions regarding ownership of documents from 2012 or earlier: Doris Kirchner, Nicholas Brown, Luke O'Brien, Don Auten, and Christiane Campbell. Contact information for these individuals, if available, is listed in Exhibit A.

**INTERROGATORY NO. 6:**

Leading up to or upon the termination of the services agreement in 2012, Vail Health hired a number of RPC-Vail physical therapists. In doing so, the physical therapists that Vail Health hired signed employment agreements with Vail Health that included noncompetition or nonsolicitation covenants. If you contend that noncompete or nonsolicitation covenants were then, and are now, necessary legal restrictions on the employment of physical therapists employed by Vail Health in its Howard Head physical therapy clinic, to the extent permitted by C.R.S § 8-2-113(d)(2), describe each and every trade secret that justifies the imposition of such restrictive covenants in the employment agreements with Vail Health from May 1, 2012 to the present.

**RESPONSE TO INTERROGATORY NO. 6**

Vail Health objects to Interrogatory No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests that Vail Health describe "each and every trade secret that justifies" the inclusion of nonsolicitation provisions in physical therapists' offers of employment over a period of nearly a decade. Vail Health further objects to Interrogatory No. 6 as duplicative of discovery that occurred in the State Court Action. For example, Plaintiffs' Interrogatory No. 1 in the State Court Action requested the following information:

> Describe in detail each trade secret that you allege was misappropriated under the Fifth Claim of your Counterclaim, including:
> (a) where each trade secret was stored or located within Vail Health;

CONFIDENTIAL

(b) the measures that Vail Health has taken to protect each trade secret;
(c) who had access to each trade secret;
(d) when each trade secret was developed or created and by whom;
(e) the cost to develop each trade secret; and
(f) every person that you claim misused each trade secret.

Subject to and without waiving those objections or the General Objections, Vail Health

states that the trade secrets to which some physical therapists may have access include, but are

not limited to:



Vail Health hereby incorporates herein its Eighth Supplemental Response to Plaintiffs'

Interrogatory No. 1 in the State Court Action.

## INTERROGATORY NO. 7:

If you answered Interrogatory No. 6 in the affirmative, identify and describe in detail each trade secret, as defined under the Colorado Uniform Trade Secrets Act , C.R.S. § 774-102(4), that you contend from May 1, 2012 to the present justifies the imposition of a restrictive covenant under C.R.S § 8-2-113(d)(2) and applicable case law, including:

    (a)    the identity of the person or corporate entity that created the trade secret;

    (b)    when each such trade secret was developed or created;

    (c)    the cost to develop each trade secret; and

    (d)    the measures that Vail Health has taken to protect each such trade secret.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 7**

Vail Health objects to Interrogatory No. 7 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests that Vail Health "identify and describe in detail each trade secret." Vail Health further objects to Interrogatory No. 7 as duplicative of discovery that occurred in the State Court Action. For example, Plaintiffs' Interrogatory No. 1 in the State Court Action requested the following information regarding Vail Health's trade secrets concerning physical therapy:

> (a) where each trade secret was stored or located within Vail Health;
> (b) the measures that Vail Health has taken to protect each trade secret;
> (c) who had access to each trade secret;
> (d) when each trade secret was developed or created and by whom;
> (e) the cost to develop each trade secret; and
> (f) every person that you claim misused each trade secret

Vail Health hereby incorporates herein its response to Interrogatory No. 6 and its Eighth Supplemental Response to Plaintiffs' Interrogatory No. 1 in the State Court Action.

**INTERROGATORY NO. 8:**

Identify the name and address (if known) of each and every Howard Head physical therapist and his or her executive or management duties from May 1, 2012 to the present that you contend fall within the exception to the C.R.S. § 8-2-113(2)(d) regarding the validity of noncompetition or nonsolicitation agreements under § 8-2-113(2). That is, identify each Howard Head physical therapist whose noncompetition or nonsolicitation agreement was *not* invalid because the physical therapist was "[e]xecutive and management personnel and officers and employees who constitute professional staff to executive and management personnel."

**RESPONSE TO INTERROGATORY NO. 8**

Vail Health objects to Interrogatory No. 8 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests the identification of each physical therapist with executive or management duties from May 1, 2012 through the present and all of their executive or management duties. Vail Health further objects to Interrogatory No. 8 as seeking information not relevant to any party's claim or defense insofar as it requests

CONFIDENTIAL

information from May 1, 2012 forward, whereas Plaintiffs did not enter the market until December 2015.

Vail Health states that physical therapists with executive or management duties from December 2015 through the present, include, but are not limited to:



CONFIDENTIAL



## INTERROGATORY NO. 9:

Identify and describe in detail Vail Health's contention as to the correct "relevant geographic market" underlying the Complaint for antitrust violations and identify all documents by bates number that support or refute those contentions. The relevant time period for this Request No. 9 is January 1, 2004 to the present.

## RESPONSE TO INTERROGATORY NO. 9

Vail Health objects to Interrogatory No. 9 as calling for a legal conclusion, calling for information subject to the attorney-client privilege and work product doctrine, and not relevant. Vail Health, a lay witness, need not and cannot identify a geographic market. Assuming it could, having Vail Health identify an arbitrary "correct" geographic market is not relevant—the only relevant question is whether Plaintiffs' alleged geographic market is cognizable. Vail Health also objects to Interrogatory No. 9 as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requires Vail Health to identify, describe, and support an arbitrary geographic market over a seventeen-year window, given that Plaintiffs did not start their physical therapy business until December 2015, and insofar as it requests that Vail Health identify "all documents" that support or refute its contention regarding the geographic market. Finally, Vail Health objects to the request in that it calls for information that will be subject of third-party and/ or expert discovery.

Subject to and without waiving those objections or the General Objections, Vail Health contends that Plaintiffs' proposed geographic market of the Vail Valley from East Vail to Gypsum, Colorado (Am. Compl. ¶ 35) is unduly narrow. The reasons that Plaintiffs' proposed geographic market is unduly narrow include, but are not limited to: (1) patients' willingness to

CONFIDENTIAL

travel to providers outside of the Vail Valley for physical therapy services, such as those in

Glenwood Springs and the Frisco/Dillon/Silverthorne area; (2) the willingness of physical

therapists, such as those employed by Sports Rehab Consulting LLC ("SRC"), to travel to treat

residents of or visitors to the Vail Valley; and (3) the availability of remote physical therapy and

at-home treatments as an alternative to in-person physical therapy.

**INTERROGATORY NO. 10:**

Identify and describe in detail Vail Health's contention as to the correct the product market (here, the service market) underlying the Complaint for antitrust violations. To the extent that Vail Health contends that there are alternative treatments or therapies to physical therapy, as discussed in Vail Health's Motion to Dismiss in this action, describe in detail each such treatment, how each such treatment provides alternative remedies to or benefits for the physical ailments that physical therapy provides, and identify all documents by bates number that support or refute those contentions. The relevant time period for this Request No. 10 is January 1, 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 10**

Vail Health objects to Interrogatory No. 10 as containing improper subparts in that it asks

Vail Health to support an arbitrary service market and also identify alternative services to

physical therapy. With respect to the subpart that requests Vail Health to support an arbitrary

"correct" service market, Vail Health incorporates its objections in response to Interrogatory

No. 9. With respect to the other subpart that requests Vail Health to identify alternative services

to physical therapy dating back to 2004, Vail Health objects to the interrogatory as not relevant,

overly broad, unduly burdensome, and disproportionate to the needs of the case, since Plaintiffs

did not start their physical therapy business until December 2015. Finally, Vail Health objects to

the request in that it calls for information that will be subject of third-party and/or expert

discovery, and information protected by attorney-client privilege and/or the work product

doctrine.

Subject to and without waiving those objections or the General Objections, the following

products and services can, depending on a broad range of circumstances including the nature of

CONFIDENTIAL

the patient and injury or condition, serve as reasonable alternatives to in-person physical therapy: injections, such as steroid injections; chiropractic care; remote physical therapy; physician-directed and/or self-guided physical therapy; acupuncture; massage; medication; surgical care; fitness classes, such as yoga and pilates; personal training and/or gym membership; aquatic therapy; at-home massage or percussive devices, such as Theragun; at-home compression devices, such as RecoveryAir; at-home cryotherapy devices, such as Polar Products Active Ice; at-home electrical stimulation devices, such as PowerDot; and at-home fitness equipment. The above alternatives to in-person physical therapy can assist in mitigating chronic and acute pain; facilitate athlete recovery; enhance athletic performance, such as flexibility and strength; and facilitate post-surgical recovery.

## INTERROGATORY NO. 11:

Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, and consultant and his or her firm, who participated in discussions, meetings, or negotiations related to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:

    (a)    Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;

    (b)    The date and location of where each discussion, meeting, or communication was held;

    (c)    Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement.

    (d)    And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and

    (e)    Identify by bates number all documents referred to or relied upon in answering this interrogatory.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 11**

Vail Health objects to Interrogatory No. 11 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the physical therapy related joint venture between Vail Health and The Steadman Clinic ("Steadman") that was contemplated, but ultimately not pursued, by Vail Health. For example, Plaintiffs served the following discovery requests in the State Court Action:

- REQUEST NO. 12: All documents sent to or received from The Steadman Clinic that relate to any potential joint venture for rehabilitation services as reflected in VAIL_00001476-78.

- INTERROGATORY NO. 19: Describe in detail each and every step taken to search Kirchner's, Brown's, and O'Brien's documents for documents responsive to the proposed joint venture with The Steadman Clinic as ordered to be produced by the Court on August 14, 2018 and documents responsive to Plaintiffs' document requests, including but not limited to, whether Kirchner, Brown, and O'Brien were allowed to search for responsive documents at any point in time (i.e., self-collection); the search terms respectively used to search for responsive documents related to each specific set of document requests; and when Kirchner's, Brown's, and O'Brien's documents were searched for responsive documents related to each specific set of document requests.

Documents regarding the contemplated joint venture between Vail Health and The Steadman Clinic have been produced at VAILJV000001-198, and VAIL_00003482-3569. Plaintiffs deposed numerous witnesses in the State Court Action regarding the contemplated joint venture between Vail Health and Steadman – for example: Nico Brown (7/19/18 Dep. Tr. 190:5-192:20, 195:2-196:20, 199:2-200:16, 206:23-208:12) and Doris Kirchner (8/30/18 Dep. Tr. 210:17-213:4). In fact, in January 2020, Plaintiffs filed a motion to compel in which they argued that Vail Health failed to adequately search for documents regarding the contemplated joint venture between Vail Health and Steadman. In March 2020, the Special Master in the State Court Action denied Plaintiffs' motion to compel.

CONFIDENTIAL

Vail Health also objects to Interrogatory No. 11 as seeking information not relevant to any party's claim or defense insofar as it requests information regarding joint ventures, collaborations, or strategic partnerships unrelated to physical therapy services or outside of the Vail Valley (as defined by Plaintiffs). Plaintiffs allege a monopoly only as to physical therapy services in the Vail Valley. (*See, e.g.*, Pls.' Am. Compl. ¶ 33 ("The history of Vail Health's Howard Head physical therapy unit demonstrates that it maintains remarkable market saturation."); *id.* ¶ 35.) Vail Health also objects to Interrogatory No. 11 as seeking information not relevant to any party's claim or defense insofar as it seeks information regarding joint ventures that were considered but ultimately not pursued, which as a matter of law cannot constitute "attempted monopolization."

Vail Health also objects to Interrogatory No. 11 as vague and ambiguous, and overly broad and unduly burdensome, insofar as it requests information regarding the undefined term "collaborations."

Vail Health also objects to Interrogatory No. 11 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests that Vail Health identify, for "each and every such discussion, meeting, and communication," the subject matter, the date and location, the terms of any agreement reached (or why no agreement was reached), and the bates number of all documents relied upon. *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face."). Interrogatory No. 11 is also overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests information from a time period prior to December 2015.

CONFIDENTIAL

Vail Health also objects to Interrogatory No. 11 as constituting multiple interrogatories. It requests both that Vail Health identify the individuals involved in certain meetings and that Vail Health describe five separate aspects of each meeting. Vail Health also objects to Interrogatory No. 11 insofar as it seeks information protected by the attorney-client privilege.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows.

CONFIDENTIAL



**INTERROGATORY NO. 12:**

Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, or consultant and his or her firm, who participated in discussions, meetings, or negotiations related to prices, pricing, price increases or decreases, costs, profits, terms and conditions, or Medicare or medical insurance reimbursement for physical therapy treatment relating to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:

    (a)    Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;

    (b)    The date and location of where each discussion, meeting, or communication was held;

    (c)    Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement.

CONFIDENTIAL

(d)     And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and

(e)     Identify by bates number all documents referred to or relied upon in answering this interrogatory.

## RESPONSE TO INTERROGATORY NO. 12

Vail Health incorporates its objections to Interrogatory No. 11. Vail Health objects to Interrogatory No. 12 as containing improper subparts in that it requests that Vail Health (a) identify all personnel, and their personal accountants and consultants, who participated in any "discussion" related to any physical therapy "collaboration"; (b) identify the subject of the collaboration; (c) identify the date and location of each "discussion"; (d) identify the result of each "discussion"; (e) identify the reasons for such results; and (f) produce and identify any related documents. Vail Health further objects to Interrogatory No. 12 as not relevant, unduly burdensome, overly broad, and disproportionate to the needs of the case in that in that it requests vast information about every "discussion" related to any "collaboration" regarding physical therapy services for an unlimited period of time—meanwhile, Plaintiffs' Amended Complaint describes a single proposed joint venture at the end of 2015.

## INTERROGATORY NO. 13:

Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, or consultant and his or her firm, who participated in discussions, meetings, or negotiations relating to legal or regulatory issues relating to any joint venture, collaboration, or strategic partnership, including antitrust issues such as those prohibited by the Sherman Act, 15 U.S.C. § 2; kickback issues such as those prohibited under the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); or physician referral issues, such as those prohibited by the Stark Law, 42 U.S.C. § 1395nn. For each and every such discussion, meeting and communication:

(a)     Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;

(b)     The date and location of where each discussion, meeting, or communication was held;

CONFIDENTIAL

(c)     Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement;

(d)     And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and

(e)     Identify by bates number all documents referred to or relied upon in answering this interrogatory.

## RESPONSE TO INTERROGATORY NO. 13

Vail Health hereby incorporates its objections and response to Interrogatory No. 11, which apply equally to Interrogatory No. 13. Vail Health also objects to Interrogatory No. 13 because it seeks to discover information protected by the attorney-client privilege and/or the work product doctrine.

## INTERROGATORY NO. 14:

Identify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head for each year from November 1, 2004 to the present, and in doing so, identify whether those referrals, revenues, or profits were realized by RPC-Vail or Vail Health.

## RESPONSE TO INTERROGATORY NO. 14

Vail Health objects to Interrogatory No. 14 as not relevant, overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks referral information and the resulting revenues and profits for a seventeen-year period, given that Plaintiffs did not start their physical therapy business until December 2015. Vail Health further objects to Interrogatory No. 14 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requires Vail Health to compile referral information that it does not maintain in the ordinary course of business.

Subject to and without waiving those objections or the General Objections, Vail Health states that, pursuant to Fed. R. Civ. P. 33(d), it will produce within 30 days documents maintained in the ordinary course of business summarizing referral sources of Vail Health's

CONFIDENTIAL

physical therapy patients in the Vail Valley. Vail Health has already produced an analysis of

referral sources for 2013 through August 2016. (*See* VH_Fed_00000875.) Vail Health states that,

after reasonable investigation, it does not maintain analyses of profits attributable to referral

sources in the ordinary course of business and it would be impractical and burdensome to create

such an analysis.

**INTERROGATORY NO. 15:**

Identify by year the two doctor groups of Steadman and VSO, the number of patients, revenues, and profits that were generated by referrals from each of them to Howard Head as a percentage of the total number of patients, revenues, and profits that were generated by RPC-Vail and Vail Health from November 1, 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 15**

Vail Health incorporates its objection and response to Interrogatory No. 14.

**INTERROGATORY NO. 16:**

During the approximate period of 2016-2018, Vail Health and Steadman signed a lease (the "Lease") with a term of approximately ten (10) years, whereby Steadman would continue to occupy its clinical facilities in the Vail Health medical building located at 181 W. Meadow Drive, Vail, Colorado. The Lease contains a provision that prohibits Steadman from providing physical therapy services within the space provided under the Lease. Explain in detail Vail Health's reasons for inserting the clause in the Lease that precludes Steadman from providing physical therapy services, whether that clause or one similar had been included in any prior leases, and identify by bates number all documents referred to or relied upon in answering this interrogatory.

**RESPONSE TO INTERROGATORY NO. 16**

Vail Health objects to Interrogatory No. 16 as seeking information not relevant to any

party's claim or defense. As a matter of law, a landlord may place restrictions in a lease

prohibiting the tenant from operating a competing business in leased space owned by the

landlord. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1196 (10th

Cir. 2009) ("[I]t is not anticompetitive to refuse to grant access to [property a company owns] to

competitors.").

CONFIDENTIAL

Vail Health objects to Interrogatory No. 16 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Vail Health produced the Office Lease between Vail Health and Steadman at VAIL_00001965, and the First Amendment to Office Lease at VAIL_00002043. Plaintiffs deposed numerous witnesses regarding the terms of the lease agreement between Vail Health and Steadman, including Nico Brown (7/19/18 Dep. Tr. 190:15-18, 192:22-195:1) and Kelly Adair (9/12/18 Dep. Tr. 16:15-17:11).

Vail Health objects to Interrogatory No. 16 as seeking information not relevant to any party's claim or defense insofar as it requests information regarding leases with Steadman dated prior to December 2015, when Plaintiffs entered the purported Vail Valley physical therapy market. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). According to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until [Ms. Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.)

CONFIDENTIAL

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows:



**INTERROGATORY NO. 17:**

Identify each and every payer that Vail Health has had provider contracts with during the period from November 1, 2004 to the present and for which Vail Health has submitted reimbursement claims for physical therapy services.

**RESPONSE TO INTERROGATORY NO. 17**

Vail Health objects to Interrogatory No. 17 as not relevant, unduly burdensome, overly broad, and disproportionate to the needs of the case in that it seeks payer identities dating back to 2004, given that Plaintiffs did not start their physical therapy business until December 2015. Vail Health further objects to Interrogatory No. 17 as not relevant because Plaintiffs admit that their business does not and never intended to accept payment by insurance carriers.

Subject to and without waiving those objections or the General Objections, Vail Health identifies the following as third-party payers with whom Vail Health has had provider contracts with for physical therapy services provided to patients in the Vail Valley between December 2015 and the present:



CONFIDENTIAL



**INTERROGATORY NO. 18:**

Describe in detail how Vail Health developed any chargemasters from November 1, 1999 to the present, and in doing so, identify the chargemasters in use during this period of time, the directors, officers, managers, employees, consultants, and accountants who were involved in setting prices or fees, and identify all components of any prices or charges related in any way to physical therapy services identified on the chargemaster during that same period of time.

**RESPONSE TO INTERROGATORY NO. 18**

Vail Health objects to Interrogatory No. 18 as overly broad, unduly burdensome, disproportionate to the needs of the case, and not relevant in that it seeks information about Vail Health's chargemasters (which include prices for the hospital's entire array of inpatient and outpatient services) dating back to 1999, given that Plaintiffs did not start their physical therapy business until December 2015. Vail Health also objects to the request to "identify all components of any prices or charges" as vague and ambiguous.

Subject to and without waiving those objections or the General Objections, Vail Health states that Howard Head's 2016-2019 Chargemasters (*i.e.*, Charge Description Master, or CDM) have been produced at VH_Fed_00000246-249.

Personnel involved in the development of Vail Health's chargemaster for physical therapy services for the 2016 through 2018 time period were Angela Parham, Cindy Lansdowne, and Becky Puhl. Ms. Parham, Ms. Lansdowne, and Ms. Puhl are no longer employed by Vail Health, so Vail Health continues to investigate and confirm the precise process that was used to develop Vail Health's chargemaster as it relates to physical therapy services for the 2016-2018 time period. To the extent Vail Health is able to confirm in the course of discovery the precise

CONFIDENTIAL

process that was used to develop Vail Health's chargemaster as it relates to physical therapy services for the 2016-2018 time period, Vail Health will supplement this interrogatory.

Ashley Yeo, Vail Health's Director of Health Information Management, managed the development of Vail Health's 2019 chargemaster. She began that process in approximately May 2018. Vail Health used the KnowledgeSource tool provided by third-party vendor nThrive to develop the 2019 chargemaster. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ ████████████████████████

████████████████████████

## INTERROGATORY NO. 19:

Identify each and every Vail Health director, officer, manager, or employee who has knowledge of Vail Health's provider contracts and pricing with healthcare insurers and payers such as Aetna, United Healthcare, Anthem, BlueCross/BlueShield, Humana, Medicare, and others from November 1, 2004 to the present related in any way to physical therapy services.

## RESPONSE TO INTERROGATORY NO. 19

Vail Health objects to Interrogatory No. 19 as not relevant, unduly burdensome, overly broad, and disproportionate to the needs of the case in that it seeks information about insurers and payers dating back to 2004, given that Plaintiffs did not start their physical therapy business until December 2015, and in that it seeks identification of "each and every" person with knowledge of the subject matter of the interrogatory. Vail Health further objects to Interrogatory No. 19 as not relevant because Plaintiffs admit that their business does not and never intended to accept payment by insurance carriers.

Subject to and without waiving those objections or the General Objections, Vail Health states the persons most knowledgeable regarding Vail Health's relationships with insurers and payers concerning physical therapy services from December 2015 forward are:

CONFIDENTIAL

- Matthew Smithson, Director of Occupational Health and Payer Contracting

- John Higgins, Senior Vice President/CFO

- Christine Clark, Revenue Cycle Management

- Ron Magness, Director, Patient Financial Services

## INTERROGATORY NO. 20:

Identify each and every attorney (in-house or outside counsel), together with the name, address, and telephone number each attorney and his or her law firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, litigation, and/or any other legal services to Vail Health with respect to each of the following subject matters:

(a)     The planning, discussions, negotiations, or signing of any services agreements between Vail Health and RPC-Vail from January 1, 1999 to October 31, 2012;

(b)     Legal, regulatory, or compliance issues or questions arising from the methodology used by and manner in which Vail Health billed, charged, invoiced, or otherwise requested reimbursement from payers for physical therapy services provided by RPC-Vail from January 1, 1999 to October 31, 2012;

(c)     The planning, discussions, negotiations, or any agreements relating to the nonrenewal of any services agreements between Vail Health and RPC-Vail from January 1, 2012 to December 31, 2013; and

(d)     Vail Health's refusal to return to RPC-Vail those documents referenced in Interrogatory No. 5 from January 1, 2012 to December 31, 2013;

(e)     The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present; and

(f)     Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present.

## RESPONSE TO INTERROGATORY NO. 20

Vail Health objects to Interrogatory No. 20 as constituting at least six interrogatories.

Vail Health also objects to Interrogatory No. 20 as seeking discovery that is duplicative of

discovery that occurred in the State Court Action. *See* Vail Health's responses to Interrogatories

CONFIDENTIAL

No. 1, 2, 3, 4, 5, 11, 13, and Request for Production No. 21. Vail Health further objects to Interrogatory No. 20's request for identification of attorneys as intended to invade the attorney-client privilege and seeking information not likely to lead to the discovery of relevant evidence, as information and documents in the possession of such attorneys likely would be protected by attorney-client privilege.

## INTERROGATORY NO. 21:

Identify each and every Vail Health accountant (such as Vail Health's Chief Financial Officers), together with the name, address, and telephone number of each and every accountant (such as public accountants) and his or her accounting firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, or any other accounting, financial, or compliance services to Vail Health with respect to each of the following subject matters:

  (a)  The planning, discussions, negotiations, or signing of any services agreements between Vail Health and RPC-Vail from January 1, 1999 to October 31, 2012;

  (b)  Accounting, financial, regulatory, or compliance issues or questions arising from the methodology used by and manner in which Vail Health billed, charged, invoiced, or otherwise requested reimbursement from payers for physical therapy services provided by RPC-Vail from January 1, 1999 to October 31, 2012;

  (c)  The planning, discussions, or negotiations relating to the nonrenewal of any services agreement between Vail Health and RPC-Vail from January 1, 2012 to December 31, 2013; and

  (d)  The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present; and

  (e)  Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present.

## RESPONSE TO INTERROGATORY NO. 21

Vail Health objects to Interrogatory No. 21 as constituting at least six interrogatories.

Vail Health also objects to Interrogatory No. 21 as seeking discovery that is duplicative of

discovery that occurred in the State Court Action. *See* Vail Health's responses to Interrogatories No. 1, 2, 3, 4, 5, 11, 13, and Request for Production No. 21.

**INTERROGATORY NO. 22:**

Describe in detail the formula or methodology used in accounting for and distributing revenues or profits generated by the physical therapy services rendered or provided by RPC-Vail from 1999 until October 31, 2012, including any changes in the methodology over the same time period.

**RESPONSE TO INTERROGATORY NO. 22**

Vail Health objects to Interrogatory No. 22 because it seeks information regarding conduct that precedes by many years Plaintiffs' entry into the market and the statute of limitations period, which is not relevant to Plaintiffs' claims. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). According to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until [Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.) Moreover, Interrogatory No. 22 seeks information not relevant to any party's claim or defense because Plaintiffs' complaint contains no allegations regarding the "formula or methodology used in accounting for and distributing revenues or profits generated by the physical therapy services rendered or provided by RPC-Vail from 1999 until October 31, 2012."

CONFIDENTIAL

Vail Health further objects to Interrogatory No. 22 insofar as the phrase "the formula or methodology used in accounting for and distributing revenues or profits generated by the physical therapy services" is vague and ambiguous.

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows.

CONFIDENTIAL



**INTERROGATORY NO. 23:**

Identify each and every third-party vendor, healthcare consultant, strategic planning consultant, marketing consultant, or Medicare compliance consultant or expert, together with the name,

CONFIDENTIAL

address, and telephone number of each of their firms (such as McKinsey & Assoc.) that were employed or engaged by Vail Health during the period beginning January 1, 1999, and continuing to the present, for the purpose of providing billing services, healthcare consulting, strategic planning, healthcare analysis, financial analysis, marketing advice, counselling, planning, negotiating, consulting, or any other advisory or Medicare and compliance services to Vail Health, with respect to each of the following subject matters:

(a)   Healthcare marketing, financial, accounting, reporting, regulatory, or compliance issues relating to the planning, discussions, negotiations, or signing of the services agreement between Vail Health and RPC-Vail;

(b)   Healthcare, marketing, financial, accounting, reporting, regulatory, or compliance issues arising from the methodology used by and manner in which Vail Health billed, charged, invoiced, and/or otherwise requested reimbursement from payers for physical therapy services provided by RPC-Vail;

(c)   Healthcare, marketing, financial, accounting, reporting, regulatory, and/or compliance issues arising from the planning, discussions, and/or negotiations relating to the nonrenewal of any services agreement between Vail Health and RPC-Vail;

(d)   Healthcare, marketing, financial, accounting, reporting, regulatory, or compliance issues arising from the planning, discussions, drafting, and/or negotiations relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services; and

(e)   Third-party vendors providing any type of billing service, such as clearinghouses, Medicare Administrator Contractors, and billing software vendors.

## RESPONSE TO INTERROGATORY NO. 23

Vail Health objects to Interrogatory No. 23 as constituting at least five interrogatories.

Vail Health also objects to Interrogatory No. 23 as seeking discovery that is duplicative of

discovery that occurred in the State Court Action. *See* Vail Health's responses to Interrogatories

No. 1, 2, 3, 4, 5, 11, 13, and Request for Production No. 23.

## INTERROGATORY NO. 24:

Identify each and every company or individual that Vail Health has considered a competitor for physical therapy services from November 1, 2004 to the present, and in doing so, identify the company or individual by name, address, and telephone number, as well as the reasons why the company or individual is or was viewed as a competitor, and any plans or strategies that Vail Health considered or developed with respect to those competitors, including, but not limited, communicating with doctors at Steadman or VSO regarding those competitors.

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 24**

Vail Health objects to Interrogatory No. 24 as containing improper subparts in that it asks Vail Health (a) to identify perceived competitors for a seventeen year window; (b) explain why they were perceived competitors; and (c) describe "strategies" with respect to them. Vail Health also objects to Interrogatory No. 24 as not relevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks several different types of information related to Vail Health's perceived competitors (*i.e.*, full-service hospitals providing a vast range of outpatient and inpatient services) for a seventeen-year window and because Plaintiffs did not start their physical therapy business until December 2015. In addition, Vail Health specifically objects to subpart (c) because the request to identify "plans or strategies" is vague and ambiguous. To the extent that "plans or strategies" are discernible terms, Vail Health also objects to subpart (c) as not relevant, overly broad, unduly burdensome, and disproportionate to the needs of the case in that it asks for any plan or strategy even "considered" over the course of seventeen years.



To the extent that Vail Health has performed analyses of competitors of its physical therapy practice, Vail Health will produce such analyses as located through a reasonable search, to the extent not already produced. (*See, e.g.*, VH_Fed_00000772.)

CONFIDENTIAL

█████████████████████████████████████

█████████████████████████████████████

████████████████████

## INTERROGATORY NO. 25:

If your response to Plaintiffs' Requests for Admission was anything other than an unqualified admission, for each such response, describe the facts upon which you base your response, including the reasons why you deny it or cannot admit it and each person who has knowledge of such facts

## RESPONSE TO INTERROGATORY NO. 25

Given that Plaintiffs have served 129 Requests for Admission, Vail Health objects to Interrogatory No. 25 as containing improper subparts, far exceeding the number of permissible interrogatories, as well as unduly burdensome, overly broad, and disproportionate to the needs of the case, particularly since Interrogatory No. 25 asks *three* questions about each denial of a request for admission. *See Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102-3 (W.D. Tex. 2020) ("[I]n the context of interrogatories that seek additional information regarding a party's denials of requests for admission, there is a robust consensus that each request for admission constitutes a discrete subpart and a separate interrogatory.") (collecting cases); *accord Johnson v. Baxter Healthcare Corp.*, No. CIV 05-357 JH/RLP, 2006 U.S. Dist. LEXIS 103322 (D.N.M. Aug. 28, 2006); *see also Estate of Fahner ex rel. Fahner v. County of Wayne,* No. 08-cv-14344, 2009 U.S. Dist. LEXIS 112167, 2009 WL 4644788, at *2 (E.D. Mich. Dec. 3, 2009) ("Plaintiff has effectively turned twenty-seven Requests for Admission into a potential 270 interrogatories by making an additional ten inquiries for each denied Request for Admission.").

CONFIDENTIAL

## REQUESTS FOR PRODUCTION

**REQUEST NO. 15:**

All agendas, minutes, minutes of action, and all other records of of [sic] the Board of Directors of Vail Health and all committees of the Board of Directors of Vail Health, from January 1, 2004 to the present.

**RESPONSE TO REQUEST NO. 15:**

Vail Health objects to Request for Production No. 15 as not relevant, unduly burdensome, overly broad, and disproportionate to the needs of the case in that it seeks "all [] records" related to Vail Health's board of directors and all of its committees for a seventeen-year period, and in that it seeks board materials unrelated to Vail Health's physical therapy services. Vail Health further objects to Request for Production No. 15 as seeking information protected by the attorney-client privilege and work product doctrine. Vail Health also objects to Request for Production No. 15 as duplicative of discovery that occurred in the State Court Action. For example, Vail Health produced board minutes in response to Plaintiffs' Request for Production No. 13 in the State Court Action, which requested the production of "[a]ll board meeting minutes and agendas . . . ." Vail Health also objects to Request for Production No. 15 insofar as it requests board minutes that are protected by the attorney-client or work-product privileges.

Subject to and without waiving those objections or the General Objections, Vail Health states that it will produce within 30 days non-privileged portions of Vail Health Board of Directors agendas and minutes for the period 2015 through the present that relate to Howard Head and Vail Health's physical therapy services in the Vail Valley, to the extent not already produced.

**REQUEST NO. 16:**

All documents related to all compensation, fees, and charges as set out in § 3 of the services agreement during the relevant period and related to all clinic sites. This request includes, but is not limited to, the monthly payments, monthly and yearly usage reports, the Credited RVU

CONFIDENTIAL

Tables used by Vail Health, reports or documents related to the total credited work and malpractice RVUs generated by RPC-Vail, conversion factors, reports and documents identifying the monthly compensation owed by Vail Health to RPC-Vail, and all reports and documents related to the annual payment reconciliation/calculation including reports and documents related to any underpayment or overpayment.

## RESPONSE TO REQUEST NO. 16:

Vail Health objects to Request for Production No. 16 because it seeks production of documents from a time period (2012 and earlier) that precedes by many years Plaintiffs' entry into the market and the statute of limitations period, which are not relevant to Plaintiffs' claims. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). According to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until [Ms. Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.) Moreover, Request for Production No. 16 seeks production of documents not relevant to any party's claim or defense because Plaintiffs' complaint contains no allegations regarding amounts paid or charged to RPC-Vail, which is not a party to this litigation. Vail Health further objects to Request for Production No. 16 as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ll documents related to all compensation, fees, and charges" concerning the relationship between Vail Health and RPC-Vail for at least an eight-year period.

CONFIDENTIAL

**REQUEST NO. 17:**

All data identifying all physical therapy patients treated by RPC-Vail or Vail Health from
November 1, 2004 to the present, including demographic information for each patient, insurance
information (including insurer name, governmental entity such as Medicare Part A or Part B,
self-pay etc.), referring and primary physicians, diagnoses based on an ICD9 Code, at what
locations the patients were treated and when, and the amounts paid for any services billed for
each patient. The data should be produced in Excel format.

**RESPONSE TO REQUEST NO. 17**:

Vail Health objects to Request for Production No. 17 as overly broad, unduly

burdensome, and disproportionate to the needs of the case insofar as it requests the production of

"*[a]ll data* identifying *all physical therapy patients* treated by RPC-Vail or Vail Health *from

November 1, 2004 to present*.*" Vail Health also objects to providing to Plaintiffs identifying

information for all of its physical therapy patients on the basis that disclosure of PHI of

thousands of patients is not necessary for Plaintiffs to pursue their claims in this case and may be

used for purposes of harassment, annoyance, embarrassment, or oppression in violation of Fed.

R. Civ. P. 26. Vail Health also objects to Request for Production No. 17 as seeking information

not relevant to any party's claim or defense because, *inter alia*, the details of how Vail Health

treated every physical therapy patient has no bearing on Plaintiffs' claims in this litigation and

Plaintiffs' complaint contains no allegations regarding the manner in which Vail Health billed

payers for physical therapy services.

Subject to and without waiving those objections or the General Objections, Vail Health is

willing to meet and confer with Plaintiffs to determine whether it can produce data responsive to

a narrowed version of Request for Production No. 17 that protects patient privacy by providing

de-identified and/or aggregate information, does not impose an undue burden, and relates to

Plaintiffs' claims in this litigation.

CONFIDENTIAL

**REQUEST NO. 18:**

All documents related to any chargemaster used during the relevant period, including each chargemaster that was in use, as well as all documents discussing, supporting, or identifying any factors, costs, or expenses associated with any physical therapy services identified in any chargemaster.

**RESPONSE TO REQUEST NO. 18**:

Vail Health objects to Request for Production No. 18 as overly broad, unduly burdensome, disproportionate to the needs of the case, and not relevant, in that (1) it seeks documents related to Vail Health's chargemasters (which include prices for the hospital's entire array of inpatient and outpatient services) dating back to 1999, given that Plaintiffs did not start their physical therapy business until December 2015 and (2) it seeks "[a]ll documents related to any chargemaster," including "documents discussing, supporting, or identifying any factors, costs, or expenses associated with any physical therapy services identified in any chargemaster."

Subject to and without waiving those objections or the General Objections, Vail Health states that it has produced its chargemasters for the period 2016-2019 at VH_Fed_00000246-249.

**REQUEST NO. 19:**

All documents related in any way to Vail Health, Howard Head, or RPC-Vail seeking to obtain approval or recognition as a provider—such as enrollment applications, revalidations, renewals, changes in status, assignments, reassignments, and any approvals—submitted to or received from any payer, including, but not limited to, healthcare insurers, Medicare, Medicaid, Tricare, as well as to obtain National Provider Identification numbers during the relevant period.

**RESPONSE TO REQUEST NO. 19**:

Vail Health objects to Request for Production No. 19 as not relevant, unduly burdensome, overly broad, and disproportionate to the needs of the case, given that (a) Plaintiffs' Amended Complaint does not include a single allegation about the provider status of Vail Health, Howard Head, or RPC-Vail; (b) Plaintiffs did not start their physical therapy business until 2015; and

CONFIDENTIAL

(c) Plaintiffs admit that their business does not and never intended to accept payment by insurance carriers.

Based on these objections and the General Objections, Vail Health states that it will not produce documents responsive to Request for Production No. 19.

**REQUEST NO. 20:**

All documents evidencing that Vail Health identified, reported, or informed payers of the services agreement or that Vail Health would (and did) bill, charge, invoice, or otherwise request reimbursement for physical therapy services in which RPC-Vail was the rendering provider.

**RESPONSE TO REQUEST NO. 20**:

Vail Health objects to Request for Production No. 20 because it seeks production of documents from a time period (2012 and earlier) that precedes by many years Plaintiffs' entry into the market and the statute of limitations period, which are not relevant to Plaintiffs' claims. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). According to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until [Ms. Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.) Moreover, Request for Production No. 20 seeks production of documents not relevant to any party's claim or defense because Plaintiffs'

CONFIDENTIAL

complaint contains no allegations regarding communications with payers regarding the relationship between Vail Health and RPC-Vail, which is not a party to this litigation.

Vail Health also objects to Request for Production No. 20 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding information submitted by Vail Health to insurers regarding services performed by RPC-Vail, including multiple 30(b)(6) depositions of Vail Health. The Special Master recently rejected Plaintiffs' request for additional discovery on this topic, concluding: "The briefing and argument on this Motion has demonstrated that these questions seek information that has *already been discovered or provided*. Plaintiffs argue that the insurance claim form discovery goes to the question of who the patients' 'rendering provider' and claim the 'rendering provider' owns the medical records. . . . *Plaintiffs currently have enough information from the documents produced and testimony given by Vail Health about the patients' treatment providers that permits them to make their argument*. These are issues that stand to be argued and adjudicated before the Court. *More discovery for discovery's sake should not serve as a basis for further delay in this case*."

## REQUEST NO. 21:

All documents to or from Vail Health or RPC-Vail related to the termination of the services agreement by Vail Health from January 1, 2012 through December 31, 2013. This request includes, but is not limited to, searching the internal emails of the RPC-Vail employees that Vail Health still maintains, as well as the emails of Vail Health board members and executives, as well as Howard Head.

## RESPONSE TO REQUEST NO. 21:

Vail Health objects to Request for Production No. 21 as duplicative of discovery that occurred in the State Court Action. *See* Scheduling Order ¶ 6(f) (Dkt. No. 71) ("[T]he parties have agreed that discovery conducted in the State Court Action may be used in this matter and

CONFIDENTIAL

should not be duplicated."). Extensive discovery has already occurred in the State Court Action regarding the nonrenewal of the Physical Therapy Services Agreement between Vail Health and RPC-Vail. Plaintiffs served a nearly identical request for production in the State Court Action, Request for Production No. 4: "All contracts, agreements, and documents that relate to the non-renewal and/or termination of Vail Health's contractual and business relationship with the physical therapy clinics in Colorado that had been operated by RPC-Vail and/or Proaxis that engaged in business under the Howard Head trade name. This request includes all emails, correspondence, and documents related to the takeover of the operations by Vail Health related in any way to the Vail Health shared documents, the documents created by RPC-Vail and/or Proaxis, and the patient files for those treated by RPC-Vail and/or Proaxis. The relevant period for this Request No. 4 is approximately January 1, 2011 to the present."

Vail Health further objects to Request for Production No. 21 because it seeks production of documents from a time period (2013 and earlier) that precedes by many years Plaintiffs' entry into the market and the statute of limitations period, which are not relevant to Plaintiffs' claims. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 U.S. Dist. LEXIS 192196, at *19 (D. Minn. July 25, 2016) ("[T]he Court concludes that [plaintiff] has failed to establish the relevance of any information pertaining to [defendant]'s conduct that occurred before [plaintiff] entered the [product] market in 2002."); *Invacare Corp. v. Respironics, Inc.*, 2006 U.S. Dist. LEXIS 7602, at *18-21 (N.D. Ohio 2006) (rejecting plaintiff's effort to obtain discovery for two years before the beginning of the statute of limitations period and reasoning that antitrust cases "do not constitute a wholly separate category of actions where discovery antedating the applicable statute of limitations can be granted without a showing of relevancy"). According to Plaintiffs' own complaint, "Vail Health's exclusionary behavior did not begin until

CONFIDENTIAL

[Ms. Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (Am. Compl. ¶ 41.)

Subject to and without waiving those objections or the General Objections, Vail Health responds as follows: Vail Health has produced in the State Court Action, as located through a reasonable search, documents to or from Vail Health or RPC-Vail related to the termination of the Physical Therapy Services Agreement. Those documents include, but are not limited to: VAIL_00003418-3473, VAIL_00024658-24662, VAIL_00024675-24680, and VAIL_00048825-48832.

**REQUEST NO. 22**:

All documents that relate to Vail Health's reporting of costs to Medicare or any of its agents from November 1, 2004 to the present, which includes, but is not limited to, all annual or periodic reports required to be submitted, as well as the books, documents, and records of Vail Health and RPC-Vail that are necessary to certify the nature of the costs associated with any physical therapy services.

**RESPONSE TO REQUEST NO. 22**:

Vail Health objects to Request for Production No. 22 as seeking information not relevant to any party's claim or defense because (1) Plaintiffs' complaint contains no allegations regarding Vail Health's reporting of costs to Medicare and (2) the request seeks information regarding the reporting to Medicare of costs unrelated to the provision of physical therapy services. Vail Health also objects to Request for Production No. 22 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests the production of "[a]ll documents that relate to Vail Health's reporting of costs to Medicare or any of its agents from November 1, 2004 to the present." *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face."). Producing "all documents" relating to the "reporting of costs" to Medicare—for a fifteen-year

CONFIDENTIAL

period, at a multi-facility healthcare system like Vail Health, and for all services provided by Vail Health—would require the collection and production of an extraordinary volume of documents.

Subject to and without waiving those objections or the General Objections, Vail Health states that it has already produced monthly financial statements for Howard Head for 2015 through 2020, which provide data regarding unique FINs, charges, payment amounts, direct cost, contribution margin, indirect cost, and net income. (*See* VH_Fed_00000764.)

**REQUEST NO. 23:**

All documents related to any audits or investigation by any payer or governmental entity during the relevant period that in any way relate to physical therapy services.

**RESPONSE TO REQUEST NO. 23:**

Vail Health objects to Request for Production No. 23 as seeking information not relevant to any party's claim or defense. Plaintiffs' complaint contains no allegations regarding Vail Health's submissions to payers or governmental entities; nor would those submissions be relevant to Plaintiffs' antitrust claims if Plaintiffs' complaint contained such allegations. Vail Health further objects to Request for Production No. 23 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests "all documents" regarding "any audits or investigation" concerning physical therapy for a 17-year time period.

**REQUEST NO. 24:**

All documents related to any charitable contributions or pledges by Vail Health to SPRI, Steadman, or VSO from November 1, 2012 to the present, including, but not limited to, the amount of any contributions or pledges, the date the contribution or pledge was made, and whether the contribution or pledge was given for a specific purpose.

**RESPONSE TO REQUEST NO. 24:**

Vail Health objects to Request for Production No. 24 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests the production of

CONFIDENTIAL

"[a]ll documents related to any charitable contributions or pledges by Vail Health to SPRI, Steadman, and VSO from November 1, 2012." *See, e.g.*, *Kelly v. Advanta Corp.*, No. 02-250, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003) ("When an interrogatory or document request seeks 'any and all' or 'each and every' discussion or document, it is unreasonable on its face."). Vail Health also objects to Request for Production No. 24 as seeking information not relevant to any party's claim or defense, as Plaintiffs' complaint contains no allegations regarding Vail Health's charitable contributions and such contributions are irrelevant to Plaintiffs' antitrust claims. Vail Health states that it will not produce documents responsive to Request for Production No. 24.

**REQUEST NO. 25:**

All documents referencing or relating in any way to competitors of Vail Health, Howard Head, or RPC-Vail related in any way to physical therapy services from November 1, 2004 to the present. This request includes, but is not limited to, the identification of any competitors and any plans or strategy related to those competitors.

**RESPONSE TO REQUEST NO. 25**:

Vail Health objects to RFP No. 25 as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests production of "*all documents referencing or relating in any way*" to competitors of Vail Health's physical therapy practice. Vail Health also objects to RFP No. 25 as overly broad, unduly burdensome, and disproportionate to the needs of the case, and seeking information not relevant to any party's claim or defense insofar as it requests production of documents from November 1, 2004 forward, when Plaintiffs did not enter the market until December 2015. Vail Health also objects to RFP No. 25 as seeking documents not relevant to any party's claim or defense to the extent it requests documents regarding competitors of Vail Health with respect to products and services other than physical therapy. Vail Health also objects to RFP No. 25 as seeking documents not within its

CONFIDENTIAL

possession, custody, or control insofar as it requests documents regarding competitors of third-party RPC-Vail.

Subject to and without waiving those objections or the General Objections, Vail Health will produce documents created on or after December 1, 2015, as located through a reasonable search, discussing or identifying competitors of Vail Health with respect to physical therapy and any plans or strategies with respect to those competitors, to the extent not already produced (*see, e.g.*, VH_Fed_00000772).

Respectfully submitted this 30th day of April, 2021.

*s/ Shannon Wells Stevenson*

Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
     janet.savage@dgslaw.com
     jackie.roeder@dgslaw.com
     daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

CONFIDENTIAL

**Exhibit A**



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of April 2021, a true and correct copy of the foregoing **VAIL HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS** was served via email to the following counsel of record:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan L. Kildow
790 Potato Patch Drive
Vail, Colorado 81657
Email: akildow@aol.com

*s/ Daniel A. Richards_____*

## VERIFICATION

I, __Kathleen Lawlor__, of Vail Clinic, Inc. d/b/a Vail Health ("Vail Health"), am authorized to make this Verification on behalf of Vail Health.

I have reviewed Vail Health's Responses to Plaintiffs' Interrogatories No. 1-25 ("Responses") in *Sports Rehab Consulting, LLC et al. v. Vail Clinic, Inc.*, 1:19-cv-02075 (D. Colo.), and personally know or have been informed of the contents thereof. While the facts stated in the Responses are not all within my personal knowledge, I am informed and believe that there is no single representative of Vail Health who has personal knowledge of all such facts. The information contained in these Responses has been assembled by Vail Health working under the direction of legal counsel, and following due inquiry of the persons charged with responsibility for assembling the information. I am informed and believe that the facts set forth in these Responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: April 30, 2021

_[signature]_
** Risk Manager, Vail Health