

# Exhibit 31

| | |
|---|---|
| **From:** | Roeder, Jackie <Jackie.Roeder@dgslaw.com> |
| **Sent:** | Tuesday, September 21, 2021 8:32 PM |
| **To:** | Alan Kildow |
| **Cc:** | Stevenson, Shannon; 'sonya braunschweig'; Richards, Daniel |
| **Subject:** | RE: Sports Rehab Consulting, et al. v. Vail Health |

Alan,

We have nowhere alleged that you have violated the law by contacting our former employees.  Given your concern over the use of the subjective word "harassed," you may make the following representation:  "To avoid prolonged debate over the subjective meaning of the word 'harassed,' Vail Health agrees to change its statement to replace the work 'harassed' with 'contacted.'"

Jackie


**JACKIE ROEDER ▪ Partner**

**D: 303.892.7366 ▪ C: 609.902.6900**
**Davis Graham & Stubbs LLP**

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, September 21, 2021 8:33 AM
**To:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

In Vail Health's response to plaintiff's motion to compel #2, you, as the lawyer who has signed the response have represented to the Court that I have "repeatedly" "harassed" former employees of Vail Health.  That allegation is serious and it is false.  In my e-mail below, I asked you to respond to three bullet points, yet you responded to only one, and then added conclusory argument to justify your representation, which will be addressed in an appropriate manner.  To ensure that no mistakes are made, I request that you respond to the following to provide complete clarity about the factual allegations you contend support the allegations you have made:

- Provide legal authority stating that: (1) a party to a lawsuit cannot contact former employees of the opposing corporate party,  and (2) that a former employee is precluded from being served with process pursuant to Rule 45 when he or she is represented by legal counsel who has affirmatively stated that he or she will not accept services on behalf of the prospective witness.

- The dates of each of my contacts with the former Vail Health witnesses you have identified below.

- A full and accurate description of the conduct that you have represented to the Court to be harassing conduct.

If you decline to provide the information requested, I will expect you to file a declaration with the Court stating that your representations were made in error and they are withdrawn.

1

I look forward to your prompt response.

Alan Kildow
970-390-6675

---

**From:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Sent:** Wednesday, September 15, 2021 5:30 PM
**To:** Alan Kildow <alkildow@aol.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Alan,

Throughout the state and federal case, you personally have repeatedly contacted former employees, including former senior executives.  This list includes but may not be limited to Charlie Crevling, Ted Sirotta, Luke O'Brien (whose house you personally visited), Jason Moore and Will Place.  For this reason, among others, we do not believe your request for a list of all former Howard Head employees is well-founded or appropriate.

Jackie

**JACKIE ROEDER ▪ Partner**

**D: 303.892.7366 ▪ C: 609.902.6900**
**Davis Graham & Stubbs LLP**

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Friday, September 10, 2021 9:07 AM
**To:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting, et al. v. Vail Health

Counsel:

In reviewing Vail Health's Response To Plaintiffs' Motion To Compel #2, I noticed the following statement at page 10: "Moreover, Plaintiffs' counsel has a history of harassing former Vail Health employees by repeatedly contacting them.  Plaintiffs' request for the identifies (sic) of all Vail Health personnel associated Howard Head seems a further effort to engage in such conduct."  With respect to your statement, please provide us with the following:

- The name of each former employee who has provided you with such information.
- Since you state that there has been a "history of harass[ment]" and "repeatedly contacting them," identify the approximate date of each such alleged instance of harassment.
- For each such alleged instance of harassment, describe in detail the conduct that you or the former Vail Health employee contend constituted "harassment."

We deem the allegations in Vail Health's response to the motion to be untrue, improper, and unprofessional.  We request a fulsome response to the points identified by the end of business on Wednesday, September 15, 2021.  If the response is not forthcoming, we shall bring this matter to the attention of the Court in an appropriate manner.

We look forward to your response.

Alan Kildow
970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.