IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #4 RELATING TO JOINT VENTURES AND OTHER COMBINATIONS**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this response to Plaintiffs Sports Rehab Consulting LLC's and Lindsay Winninger's (collectively, "Plaintiffs") Motion to Compel #4 Relating to Joint Ventures and Other Combinations (Dkt. 157) ("Motion").

**PRELIMINARY STATEMENT**

Plaintiffs' Motion is the fourth filed concerning Vail Health's discovery responses. This Motion, like the others, ignores that Vail Health conducted an extensive search of its documents, produced approximately 6,900 pages of documents related to antitrust issues that had not been litigated in the related state case, and provided detailed responses to Plaintiffs' 164 Interrogatories and Requests for Admission. Plaintiffs also ignore the approximately 65,000 pages of discovery that was produced in the state court action. Instead, Plaintiffs now try to broaden their discovery requests beyond what they have even requested and speculate about the existence of documents that have not been produced. But Vail Health has appropriately responded to Plaintiffs' written discovery requests—as written—and produced responsive, non-

4871484.4

privileged documents located through a reasonable search. Plaintiffs need to move with litigating their case, and their Motion should be denied.

## ARGUMENT

I. **Vail Health Did Not Withhold Any Documents Based on Its Objection that an Unconsummated Joint Venture Cannot Form the Basis of Anticompetitive Conduct.**

Plaintiffs initially quibble with Vail Health's objections to Requests for Production Nos. 7 – 8 on the basis that a joint venture considered but never consummated cannot form the basis of anticompetitive conduct. It is unclear why Plaintiffs make this argument, given that Vail Health agreed to produce and has produced documents relating to proposed joint ventures, and has repeatedly confirmed that it has not withheld any documents on the basis of this objection. (Dkt 102 at 5.) Because it has had no impact on discovery, there is no need for the Court to resolve this legal issue at this juncture.[1]

II. **Vail Health Has Properly Responded to Written Discovery.**

Plaintiffs argue that Vail Health has not responded to Requests for Production Nos. 7, 8, and 24, and Interrogatories No. 11 and 14.  As described below, Vail Health has either appropriately responded to these requests or has asserted legitimate objections.

    A.  **Vail Health Has Property Responded to Requests for Production Nos. 7 and 8.**

Plaintiffs first claim that Vail Health failed to produce non-privileged documents responsive to RFPs No. 7 and 8. Plaintiffs' claim is baseless. As an initial matter, Plaintiffs'

---

[1] Moreover, Plaintiffs raised this same issue in their May 27, 2021 Motion Seeking the Intervention of Judge Martínez in Discovery Disputes Under Practice Standard II.C. (Dkt. 97.) In denying Plaintiffs' motion, the Court held that Vail Health "provided substantive, detailed responses to nearly all interrogatories and discovery . . .. Overall, the Court discerns no abusive discovery practices by Vail Health." (Dkt. 113 at 5-6.)

Motion misrepresents the scope of RFPs No. 7 and 8. Plaintiffs characterize RFPs No. 7 and 8 as seeking "documents relating to *any proposed joint venture, merger, or other combination* with The Steadman Clinic *and its foundation the Steadman Philippon Research Institute ('SPRI')*, and Vail-Summit Orthopaedic, *and its foundation Vail-Summit Orthopaedics Foundation ('VSOF')*." (Dkt. 157 at 8 & n.40 (emphasis added).) This misrepresents the scope of RFPs No. 7 and 8 in multiple respects:

- Plaintiffs represent that RFPs No. 7 and 8 request production of documents regarding "*any* proposed joint venture, merger, or other combination" with the specified entities, regardless of the subject matter of that joint venture, merger, or other combination. (Dkt. 157 at 8 (emphasis added).) That is false. In fact, Plaintiffs chose to specifically limit RFPs No. 7 and 8 to joint ventures, mergers, or combinations relating to "**providing physical therapy services**." (Ex. 1 at 7.)

- Plaintiffs represent that RFP No. 7 requests documents regarding joint ventures, mergers, or combinations with "The Steadman Clinic *and its foundation the Steadman Philippon Research Institute ('SPRI')*." (Dkt. 157 at 8 (emphasis added).) Unlike The Steadman Clinic, which is a for-profit physician practice, SPRI is a non-profit research foundation. SPRI is mentioned nowhere in Plaintiffs' First Requests for Production. (Ex. 1) Moreover, Plaintiffs' First Requests for Production do not include a broad definition of The Steadman Clinic that could arguably bring SPRI within the meaning of "The Steadman Clinic." (*Id*. at 3-6.) RFP No. 7 is specifically limited to The Steadman Clinic.

- Plaintiffs also mischaracterize the scope of RFP No. 8 when they claim that it requests documents concerning the Vail-Summit Orthopaedics Foundation ("VSOF"), a non-profit research foundation. (Dkt. 157 at 8 & n.40 (emphasis added).) Plaintiffs nowhere mention VSOF in RFP No. 8; nor do they define Vail Summit Orthopaedics in such a way that it arguably could include VSOF. (Ex. 1 at 3-6.)

In sum, Plaintiffs' Motion seeks to broaden the scope of their RFPs and then faults Vail Health for purportedly failing to produce documents responsive to their expanded RFPs. The Court should reject that sleight of hand.

In any event, Vail Health agreed to produce (Ex. 2 at 6-7) and has produced extensive documents responsive to RFPs No. 7 and 8, both in the state case and in this action. Vail Health

attaches as Exhibits 3 and 4 examples of documents Vail Health has produced concerning contemplated joint ventures between Vail Health and VSO or The Steadman Clinic concerning the provision of physical therapy services. (*See* Ex. 3; Ex. 4.) Rather than accept that production and transition to litigating this case on the merits, Plaintiffs seek to leverage Vail Health's extensive document production to speculate that more documents may exist.

Plaintiffs' suggestion that they lack access to responsive, non-privileged documents concerning contemplated joint ventures for physical therapy services with The Steadman Clinic and VSO is particularly confounding because Plaintiffs have also served document subpoenas on The Steadman Clinic and VSO (and the Vail-Summit Research and Education Foundation), to which they have responded. Plaintiffs' subpoena to the Vail-Summit Research and Education Foundation sought production of seventeen categories of documents; Plaintiffs' first subpoena to VSO sought production of seventeen categories of documents; and Plaintiffs' second subpoena to VSO sought production of an additional eight categories of documents. (Ex. 5; Ex. 6; Ex. 7.) All three subpoenas sought documents concerning purported contemplated joint ventures with Vail Health. (*Id.*) Plaintiffs served a similar subpoena on The Steadman Clinic, which sought 19 discrete categories of documents, including documents concerning a contemplated joint venture between Vail Health and The Steadman Clinic. (Ex. 8 at 4-6.) The Steadman Clinic produced documents in response to the subpoenas, including documents concerning contemplated joint ventures between Vail Health and The Steadman Clinic. (Ex. 9; Ex. 10.)

In light of Plaintiffs' access to (1) Vail Health's state court production; (2) Vail Health's federal court production; and (3) The Steadman Clinic's document production in response to

Plaintiffs' subpoena,[2] any contention that Plaintiffs have insufficient documents and information to pursue their claims is baseless.

Plaintiffs' contention that Vail Health "produced email strings that did not include the attachments, perhaps to avoid producing relevant documents" is incorrect. (Dkt. 157 at 8.) Where all emails in an email string were responsive and non-privileged, Vail Health produced each email separately, to ensure that responsive attachments were included in the production. It did not just produce the last email in the chain. Plaintiffs' suggestion that Vail Health or its counsel intentionally took actions to "avoid producing relevant documents" is false, vexatious, and consistent with Plaintiffs' counsel's history of making false disparaging statements to the Court. (Dkt. 113 at 5 (Court finding "a manifestly false and misleading statement by [Plaintiffs'] counsel"); *id.* at 6-7 (Court taking "extreme umbrage at Plaintiffs' disparaging statements about a fellow judicial officer").)

Plaintiffs point to a December 28, 2016 email from VSO's CEO that references a term sheet. (Dkt. 158-1.) No term sheet is (or was) attached to the December 28, 2016 email. (*Id.*) Vail Health has specifically searched the emails of the Vail Health personnel involved in negotiations with VSO for an email transmitting a draft term sheet to VSO but has not located such an email. While Vail Health cannot be certain, it appears that Nico Brown and VSO's CEO may have had an in-person meeting between approximately December 16 and 28, 2016 at which a paper copy of a term sheet may have been provided to VSO. Vail Health has not been able to

---

[2] Although VSO and the Vail-Summit Orthopedic Foundation were subpoenaed, they did not produce documents in response to the subpoena. Plaintiffs have not moved to compel the production of these documents.

locate a copy of a term sheet shared with VSO.[3] A privileged version of this term sheet appears as Entries 567 – 568 in Vail Health's privilege log.

Plaintiffs also speculate that Vail Health failed to produce unspecified documents regarding why the potential joint venture with VSO was placed in a "holding pattern" or what happened thereafter, referencing a January 20, 2017 email. (Dkt. 157 at 8.) Vail Health has produced the non-privileged documents located through a reasonable search regarding the contemplated joint venture with VSO. The email chain between Nico Brown of Vail Health and VSO's CEO, John Polikandriotis—much of which relates to scheduling various calls between the two—supports the notion that the decision not to pursue the joint venture was discussed orally. For example, subsequent emails in the email chain Plaintiffs cite reference telephone calls between Brown and Polikandriotis on January 23, 2017, and the week of January 20, 2017. (Ex. 12.) The very email Plaintiffs cite undermines their argument that there are unproduced non-privileged written communications related to the termination of discussions with VSO.

Plaintiffs also claim that Vail Health has failed to produce documents concerning VSO potentially purchasing Avalanche Physical Therapy—a physical therapy provider in Summit County with no locations in the Vail Valley—and then contributing it to the contemplated VSO-Howard Head joint venture. (Dkt 157 at 8.) As an initial matter, such a purchase of Avalanche

---

[3] Plaintiffs cite an email Vail Health produced with the parenthetical "term sheet attached to email but not produced." (Dkt. 157 n.41.) The email Plaintiffs reference refers to a term sheet concerning the proposed joint venture with The Steadman Clinic—not VSO—so it is irrelevant to Plaintiffs' argument. (Dkt. 158-2.) In any event, the Steadman term sheet referenced was withheld on the basis of privilege and logged; as noted in the body of the email, the draft term sheet was "from Matt Jones," who is outside counsel for Vail Health. (*Id.*) To the extent that Vail Health exchanged term sheets with The Steadman Clinic, Vail Health has produced such communications. (*See, e.g.*, Ex. 11.)

would not be relevant because it relates to physical therapy services in Summit County, which is outside Plaintiffs' alleged geographic market. (*See infra*.) But Vail Health nonetheless produced documents regarding that contemplated transaction because they were intertwined with discussions regarding the potential VSO joint venture. (*See, e.g.*, Ex. 13.) Plaintiffs provide no explanation of what additional communications they believe exist.

As to Plaintiffs' contention that documents relating to expansions in Summit County, Basalt, and Aspen, and lease agreements outside of the Vail Valley, these documents are beyond the scope of Plaintiffs' allegations. As Vail Health has previously explained, Plaintiffs allege that Vail Health has a monopoly on the provision of physical therapy services in the Vail Valley, and narrowly defined that geographic area. (Dkt 152 at 6-7; Dkt. 26, ¶ 35.) Information relating to Vail Health's proposed expansion into Frisco, Dillon, Silverthorne, Basalt, or Aspen is outside of Plaintiffs' geographic market and therefore beyond the scope of this matter. Plaintiffs cannot define an artificially narrow geographic market in an effort to create the illusion that Vail Health has market power and then seek discovery outside that geographic market, which serves no purpose but to impose discovery burdens on Vail Health.

Plaintiffs also claim that certain lease agreements have not been produced, suggesting that RFPs 7 and 8 require their production. (Dkt. 157 at 8-9.) As Plaintiffs acknowledge, Vail Health has already produced its lease agreement with Steadman for its space in the Vail Valley Medical Center, which was the subject of discovery in the state case. With respect to the other leases, RFPs 7 and 8 do not request production of lease agreements. (Ex. 1.) And even if a lease agreement could be interpreted as a "joint venture, merger, or other combination," those leases would not relate to "providing physical therapy services." (*Id*.) Moreover, to the extent Plaintiffs

seek leases related to space leased by Steadman and VSO outside the Vail Valley, those leases have no relevance to this litigation given Plaintiffs' narrowly drawn Vail Valley market.

Plaintiffs' arguments seem to be based on a fundamental misunderstanding of the relationship between Vail Health and the physicians who use its facilities. Vail Health has a variety of agreements with such physicians that have nothing whatsoever to do with physical therapy services—e.g., agreements that provide physicians access to Vail Health's operating rooms. No hospital can operate without such agreements, and every hospital in the country has them. Plaintiffs' efforts to suggest that agreements between physician practices and a hospital are somehow improper or anticompetitive are wholly unsupported and represent a clear effort to put pressure on Vail Health in this litigation by engaging in broad, burdensome, and intrusive discovery.

While Vail Health has produced non-privileged materials concerning the work of Haverford and Healthcare Transaction Advisors ("HTA"), much of their work is subject to a proper claim of privilege. Haverford and HTA were retained by Vail Health to perform valuations of potential joint ventures to assist Vail Health's outside counsel, Duane Morris, in assessing regulatory risks associated with the potential joint ventures. The valuations were relevant to that legal analysis because transactions between a hospital and physicians, subject to certain exceptions, must generally occur at fair market value. The inclusion of a third party working in coordination with and at the direction of legal counsel in a communication does not waive the privilege. *Roe v. Catholic Health Initiatives Colo.*, 281 F.R.D. 632, 637 (D. Colo. 2012) (recognizing that "[t]he attorney-client privilege can extend to communications between representatives of the client or between the client and a representative of the client, *if the*

*communication was made in confidence for the primary purpose of obtaining legal advice*" and that "the presence of a third-party will not destroy the attorney-client privilege if the third-party is the attorney's or the client's agent…") (emphasis added).

As Vail Health has also previously explained, Vail Health has conducted a search for Deloitte analyses but has been unable to locate any such analyses. (Dkt. 152 at 7.) Vail Health cannot be compelled to produce documents it does not have in its possession. The other consultants Plaintiffs reference appear to have provided advice related to transactions that do not involve physical therapy or that relate to potential collaborations outside of Plaintiffs' alleged geographic market. Such documents have no bearing on this dispute and are not within the scope of Plaintiffs' discovery requests.

Finally, to the extent Plaintiffs assert that there are documents that should have been produced in the state court action, they should have raised those issues with the state court.  This Court should reject Plaintiffs' effort to relitigate Vail Health's document production in the state case.  (Dkt. 157 at 11.)

***

Plaintiffs' laundry list of purportedly withheld documents—many of which are not even within the scope of Plaintiffs' own discovery requests—demonstrate why the Court must reject Plaintiffs' efforts to pointlessly expand the scope of discovery in this litigation. If Plaintiffs obtain the additional production they seek, they will undoubtedly scrutinize those documents and identify yet more documents that they claim should be produced.  The parties have been litigating this case—a relatively modest commercial dispute—for *more than four years*. Plaintiffs

have access to a prodigious amount of discovery, as the Court has recognized. The additional discovery Plaintiffs seek is irrelevant, duplicative, and not proportional to the needs of the case.

### B. Vail Health's Charitable Donations Are Not Relevant to this Case (RFP No. 24).

Plaintiffs' Request for Production No. 24 demands that Vail Health produce:

All documents related to any charitable contributions or pledges by Vail Health to SPRI, Steadman, or VSO from November 1, 2012 to the present, including, but not limited to, the amount of any contributions or pledges, the date the contribution or pledge was made, and whether the contribution or pledge was given for a specific purpose.

(Dkt. 158 at 48.)

Plaintiffs contend that Vail Health has not responded to Request for Production No. 24. (Dkt. 157.) These documents are irrelevant to Plaintiffs' antitrust claims and are beyond the scope of this matter. As is set forth above, Plaintiffs' Amended Complaint relates to an alleged monopoly on the part of Vail Health relating to *physical therapy* services. Plaintiffs are not entitled to broad information relating to any and all charitable donations made by Vail Health—wholly unrelated to physical therapy services. Plaintiffs apparently believe that because charitable donations might have been made by Vail Health generally to Steadman, VSO, or SPRI, those donations necessarily relate to physical therapy services. Plaintiffs provide no support for this proposition, which would expand the scope of this matter far beyond physical therapy services. Plaintiffs essentially seek carte blanche access to all of Vail Health finances, partnerships, and charitable contributions. The Court should decline to permit Plaintiffs to conduct this fishing expedition.

### C. Vail Health has Provided Information Relating to Vail Health Employees who Participated in Discussions, Meetings, or Negotiations Related to Joint Ventures, Collaborations, and Strategic Partnerships (Interrogatory 11).

Plaintiffs' Interrogatory No. 11 demands that Vail Health:

> Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, and consultant and his or her firm, who participated in discussions, meetings, or negotiations related to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:
>
> a. Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;
> b. The date and location of where each discussion, meeting, or communication was held;
> c. Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement;
> d. And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and
> e. Identify by bates number all documents referred to or relied upon in answering this interrogatory.

(Dkt. 158 at 20.) Plaintiffs defined the terms "joint venture, collaboration, or strategic partnership" as "any agreement or discussions between Vail Health, Howard Head, Steadman, or VSO related in any way to physical therapy services from January 1, 2014 to the present." (Ex. 14 at 4-5.)

Vail Health objected to this Interrogatory but provided Plaintiffs with information related to Letters of Intent, meetings in 2015 and 2016 to discuss a contemplated joint venture, the identity of the individuals participating in the meetings, additional meetings between 2016 and 2017 to discuss two potential joint ventures, including one with Plaintiff Sports Rehab,[4] and the identity of the parties participating in those meetings. (Dkt. 158 at 23-24.)

---

[4] Plaintiff Sports Rehab was included in this response because in approximately January 2016, Vail Health considered a collaboration with Steadman *and* Sports Rehab. To the extent that Plaintiffs demand Vail Health provide addditional information regarding this collaboration, it is improper because Plaintiffs have equal access to this information.

Plaintiffs now contend that Vail Health should be compelled to produce information related to any joint venture, including those unrelated to physical therapy. Plaintiffs demand that Vail Health provide information relating to "Steadman, SPRI, VSOF, Hammes Company, Aspen Valley Hospital, the Town of Avon, the Town of Vail, Eagle County, Eagle County Public Schools, Sonnenalp Properties, Vail Resorts, and Vail Valley Surgery Center." (Dkt. 157 at 12.) Once again, Plaintiffs seek to improperly expand their discovery requests.

Plaintiffs did not request this information in their Interrogatories. As is set forth above, Plaintiffs' Interrogatory No. 11 demanded information relating to joint ventures between Vail Health, Howard Head, Steadman, or VSO. (Ex. 14 at 4-5.) After conducting a diligent search using reasonable search terms, Vail Health has already produced responsive, non-privileged documents relating to proposed joint ventures with these entities. (Ex. 3-4.) Vail Health has produced documents and provided sufficient information to Plaintiffs to answer Interrogatory No. 11. (Dkt. 158 at 21-24.) Plaintiffs' demand that Vail Health produce documents and information to new entities falls outside of their own request. (*Id*.) Plaintiffs may not attempt to rewrite their own Definitions and Interrogatories.[5]

To the extent this request is limited to Steadman, this request is largely duplicative of the discovery Plaintiffs sought in the state court action, and thus precluded by the Scheduling Order in this case. On August 14, 2018, the Court ordered Vail Health to produce documents that "relate to the Steadman letter of intent with Vail Health." (Ex. 15.) In response, Vail Health

---

[5] Even assuming that Plaintiffs' demand was within the scope of their Interrogatory and Definitions, Plaintiffs allege a monopoly only as to physical therapy services in the Vail Valley. (Dkt. 26, ¶¶ 2, 33, 35.) To the extent Plaintiffs seek information related to Vail Health partnerships generally, as opposed to physical therapy partnerships specifically, such demand would be impermissibly broad.

produced responsive documents between The Steadman Clinic and Vail Health at VAILJV000001 – 198 and VAIL_00003482 – 3569. Plaintiffs filed a motion to compel in January 2020, arguing that Vail Health failed to adequately search for documents. In March 2020, the Special Master denied this motion to compel.[6] (Ex. 16.)

Finally, to the extent Plaintiffs seek information which is protected by the attorney-client privilege, the request is further improper. Plaintiffs claim that as to potential partnerships with VSO, "Vail Health states that Duane Morris attorneys participated in discussions, but has not disclosed what meetings they attended, with whom, or what was discussed" and that Vail Health has not "produced any documents involving Duane Morris." (Dkt. 157 at 14.) Duane Morris was Vail Health's outside legal counsel, and these documents are privileged and described in Vail Health's privilege log, which was served on Plaintiffs on September 10, 2021.

### D. Vail Health Does Not Have the Referral Information Plaintiffs Request (Interrogatory 14).

Plaintiffs argue that Vail Health has failed to respond to Interrogatory No. 14, which demanded that Vail Health:

> [i]dentify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head for each year from November 1, 2004 to the present, and in doing so, identify whether those referrals, revenues, or profits were realized by RPC-Vail or Vail Health.

(Dkt. 158 at 25.) In response, Vail Health explained that it does not compile or create the requested referral information in the ordinary course of business, and it would be impractical and burdensome to create this kind of analysis. Vail Health did agree to produce and has produced

---

[6] To the extent that Plaintiffs seek to relitigate discovery issues in the state court matter, this is not the appropriate venue.

documents which were maintained in the ordinary course of business summarizing referral sources of physical therapy patients in the Vail Valley. (Ex. 17.)

Not content with this response, Plaintiffs argue that Vail Health should be "ordered to produce the reports detailing the referral breakdown by doctors and units of physical therapy for 2012-2013 and 2016 to the present" because Vail Health had previously produced a "summary chart from 2013 through August 2016." (Dkt. 157 at 14-15; 158-23 at VH_Fed_00875.)

Fed. R. Civ. P. 34(a) does not require a party to *create* a document that does not already exist. *E.g.*, *Harris v. Advance Am. Cash Advance Ctrs.*, 288 F.R.D. 170, 172 (S.D. Ohio 2012); *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000); *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 513 (W.D. Pa. 1983). As Vail Health has explained to Plaintiffs, it does not maintain analyses of profits attributable to referral sources, and it would be impractical and burdensome to create such an analysis. (Dkt. 158 at 25-26.) The documents Vail Health has already produced were *created* for the purposes of a specific presentation. (Dkt. 158-24.) Vail Health is not obligated to produce documents that do not exist, and Plaintiffs' request should be denied.

### III. Plaintiffs Are Not Entitled to an Award of Attorneys' Fees.

There is no basis to award Plaintiffs attorneys' fees.  As detailed above, Vail Health has conducted reasonable searches and produced substantial documents and information in response to Plaintiffs' extensive discovery requests. Vail Health's objections are appropriate and well-founded.  This Motion, like Plaintiffs' other three motions to compel, represents a continuation of the vexatious conduct that Judge Martinez has cautioned Plaintiffs to avoid. (Dkt. 154, Exs. 1, 2.) By way of example, the Court need look no further than Plaintiffs' baseless attempt to rewrite

- 15 -

their own Definitions as related to Interrogatory No. 11. Plaintiffs should not be rewarded for such conduct with an award of attorneys' fees.

## CONCLUSION

As is set forth above, Vail Health has diligently worked to respond in good faith to Plaintiffs' burdensome discovery requests. Vail Health has produced numerous non-privileged documents relating to potential joint ventures between itself and potential partners. Further, as detailed in Vail Health's privilege log, Vail Health has identified additional documents and communications that have been properly withheld as privileged. Vail Health has complied in good faith with its discovery obligations, especially given the extensive discovery that has already occurred regarding the facts at issue in this litigation. The Court should deny Plaintiffs' Motion.

Respectfully submitted this 28th day of September, 2021.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*

- 17 -

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #4 RELATING TO JOINT VENTURES AND OTHER COMBINATIONS was filed via CM/ECF on this 28th day of September, 2021, which will forward notice to the following:

| | |
|---|---|
| Jesse Wiens<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Blvd., Suite 236<br>Avon, Colorado 81620<br>Email: fwlawyers@gmail.com | Alan L. Kildow<br>790 Potato Patch Drive<br>Vail, Colorado 81657<br>Email: akildow@aol.com |
| Sonya R. Braunschweig<br>5501 Irving Avenue South<br>Minneapolis, Minnesota 55419<br>Email: sonya.braunschweig@gmail.com | |

                *s/ Sandra Abram*
                Sandra Abram

- 17 -