# EXHIBIT 16

| | DATE FILED: March 5, 2020 9:46 PM<br>CASE NUMBER: 2017CV30102 |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>855 Chambers Avenue; P.O Box 597<br>Eagle, CO 81631 | |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br>v.<br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br>v.<br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company. | ↑  **COURT USE ONLY**  ↑ |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br>v.<br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | Case No.: 2017CV030102<br><br>Div.: 3    Ctrm: |
| **SPECIAL MASTER ORDER DENYING PLAINTIFFS' MOTION NO. 8 – TO ENFORCE AUGUST 14, 2018 ORDER ON JOINT VENTURE DOCUMENTS AND TO COMPEL PRODUCTION OF SHANNON'S EMAILS, TEXTS AND CALENDARDS** | |

THIS MATTER comes before the Special Master by Plaintiffs Motion No. 8 – To Enforce August 14, 2018 Order on Joint Venture Documents and To Compel Production of Shannon's Emails, Texts, and Calendar ("Plaintiffs' Motion to Compel No. 8"), filed January 24, 2020. For the reasons discussed on the record at the February 10, 2020 Hearing and set forth below, the Special Master DENIES Plaintiffs' Motion to Compel No. 8.

On August 14, 2018, the Court orally ordered Vail Health to produce "any documents that relate to the Steadman letter of intent with Vail Health[.]" In their Motion to Compel No. 8, Plaintiffs contend that Vail Health failed to comply with the August 14, 2018 Order because they

2206830

failed to search the emails and text messages of Vail Health's former board chairman, Mr. Shannon for documents "related to the physical therapy joint venture between the Steadman Clinic and Vail Health." Pls.' Mot. to Compel No. 8 at 1. Plaintiffs seek an order requiring Vail Health to "search [Mr.] Shannon's emails with Plaintiffs' search terms and produce all documents associated with those search terms." *Id.* at 4. Plaintiffs also seek to compel Vail Health to produce "all texts between[Mr.] Shannon and Dr. Philippon" and for Vail Health to "completely review [Mr. Shannon's] texts with other Steadman doctors and administrators at Steadman, SPRI employees and board members, as well as Kirchner, Brown, and O'Brien." *Id.* at 5. Finally, Plaintiffs seek production of a copy of Mr. "Shannon's calendar identifying any meetings or events with anyone from Steadman or SPRI." *Id.* Other than the August 14, 2018 Order, Plaintiffs do not specifically identify any other order or discovery request relevant to this motion. Colo. R. Civ. P. 121 § 1-12.2.

By way of background, Vail Health initially searched Mr. Shannon's emails using the search term "Winninger." However, in late 2019, Mr. Shannon's emails and texts were searched using the terms: Lindsay, Winninger, Sports Rehab, SRC, LW and Cimino. Though they did not include the list in their Motion to Compel No. 8, Plaintiffs seek to compel the production of any documents containing one or more of those six search terms plus an additional 43. Defs.' Resp. to Pls.' Mot. to Compel No. 8 Ex. D. Defendants argue that they fully complied with the August 14, 2018 Order, that Plaintiffs proposed search terms are overbroad, and that Plaintiff has failed to establish the relevance of "all" of the texts between Mr. Shannon and Dr. Philippon or "all" of the meetings between Mr. Shannon and anyone from Steadman or SPRI. The Special Master agrees.

In their motion and at the hearing, Plaintiffs argued that the search of Mr. Shannon's e-mails and texts was too narrow. While the Special Master is concerned that the initial search using only the term "Winninger" was insufficient, the Special Master finds that the subsequent search using the six identified terms was reasonable and sufficient. The Special Master notes that, contrary to Plaintiffs' Motion, the Court did not order production of documents related to the "joint venture" but documents related to the "letter of intent." Those are different and Plaintiffs have failed to establish grounds upon which to believe that Mr. Shannon would have non-duplicative documents related to the "letter of intent" that have not already been produced. Further, the search terms proposed by Plaintiffs go far beyond the "letter of intent" and appear to be an improper fishing expedition by Plaintiffs.

Nor did Plaintiffs establish the relevance of "all texts" with Dr. Philippon or all of the requested calendar entries. Neither would be required by the Court's August 14, 2018 and, as noted above, Plaintiffs did not identify any other relevant discovery request or order. Because the Plaintiffs failed to carry their burden to establish that Vail Health did not comply with the August 14, 2018 Order or that the documents requested by their Motion to Compel No. 8 are relevant, Plaintiffs' Motion to Compel No. 8 is DENIED.

Entered this March 5, 2020.

**BY THE SPECIAL MASTER**

*W Terry Ruckriegle*

_____
W. Terry Ruckriegle

2206830