IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 26, 27, 28 and 30 to Plaintiffs' Reply in Support of their Motion to Compel #2 ("Plaintiffs' Reply") (Dkt. 173, 174). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on October 6-7, 2021. Plaintiffs oppose this motion.</u>

1.    Exhibit 26, Dkt. 174-1, is an internal Vail Health document which contains confidential commercial information including sensitive non-public financial and business information reflecting strategic discussions concerning the formation of Howard Head Sports Medicine.

2.    Exhibit 27, Dkt. 174-2, is a compilation of emails which contain confidential commercial information including sensitive non-public financial and business information reflecting discussions about Vail Health's pricing strategies.

4870587.6

- 2 -

3. Exhibit 28, Dkt. 174-3, contains confidential commercial information including sensitive non-public financial and business information—namely, payor contracts which contain language specific to the contract between Vail Health and the payor.

4. Exhibit 30, Dkt. 174-4, is the same internal Vail Health and Howard Head strategic analysis filed by plaintiff at Dkt. 128-6 which the Court granted Level 1 Restricted Access on August 26, 2021 (Dkt. 147). This document contains sensitive financial and non-public information including potential locations for expansion, service lines, market share, competitors, volume trends, and payor mix information.

5. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

6. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence

documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

7. Exhibit 26 to Plaintiffs' Reply is a document that was marked as "CONFIDENTIAL."

8. Exhibit 27 to Plaintiffs' Reply include documents marked as both "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY."

9. Exhibits 28 and 30 to Plaintiffs' Reply include documents marked as "ATTORNEYS' EYES ONLY."

10. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

11. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party

representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

12. If the information contained in Exhibits 26-28 and 30 to Plaintiffs' Reply were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

13. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

14. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are

necessary to maintain and protect Vail Health's business interests.

15. Vail Health is requesting restriction of only certain documents. The remaining Exhibits attached to Plaintiffs' Reply in Support of their Motion to Compel #2 were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

16. Accordingly, for the foregoing reasons, Vail Health respectfully requests that this Court grant its Motion to place Level 1 filing restrictions on Exhibits 26, 27, 28 and 30 to Plaintiffs' Reply.

Respectfully submitted this 7th day of October, 2021.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*