# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 3, 4, 11, 12, 13, and 17 filed with its Response to Plaintiffs' Motion to Compel #4 ("Vail Health's Response") (Dkts. 176 - 179). In support of this motion, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on October 8, 2021. Plaintiffs oppose this motion.

1.      Exhibit 3 to Vail Health's Response, Dkt. 177-1 and 177-2, is a compilation of confidential emails, including internal Vail Health emails and emails with a potential joint venture collaborator. These emails also contain a discussion of confidential documents. This exhibit contains confidential commercial information including sensitive non-public financial and business planning information relating to deliberations of contemplated partnerships and strategic alignments. At least one of the documents within this compilation is the same valuation analysis

4872462

contained within Dkt. 158-16 which is the subject of a pending Motion to Restrict filed by Vail Health (Dkt. 170.)

2.      Exhibit 4 to Vail Health's Response, Dkt. 178-1 and 178-2, is a compilation of confidential emails, including internal Vail Health emails and emails with a potential joint venture collaborator, as well as confidential documents discussed in these emails. This exhibit also contains confidential commercial information including sensitive non-public financial and business planning information relating to deliberations of contemplated partnerships and strategic alignments, revenue projections, potential equity stakes in the joint ventures, the financial arrangement of the joint venture, and an internal analysis of market trends. At least one of these documents is also a subject of a pending Motion to Restrict filed by Vail Health on August 26, 2021. (Dkt. 133-22, Dkt. 148.)

3.      Exhibit 11 to Vail Health's Response, Dkt. 179-1, is a confidential email communication and document between Vail Health and a potential joint venture collaborator which addresses sensitive non-public terms and conditions of the potential collaboration including a draft letter of intent.

4.      Exhibit 12 to Vail Health's Response, Dkt. 179-2, is a series of confidential email communications between Vail Health and a potential joint venture collaborator, including confidential commercial information and sensitive non-public financial and business planning information, as well as discussions about the potential collaboration including the provisions, financial considerations and terms.

5.      Exhibit 13 to Vail Health's Response, Dkt. 179-3, is a compilation of internal Vail Health emails regarding a potential joint venture. It includes confidential non-public discussions

about the potential joint venture, summaries of discussions with the potential joint venture partner, the strategy behind the joint venture, potential issues regarding the purchase of a separate entity as part of the joint venture, and confidential internal information regarding patient visits and strategic planning.

6.      Exhibit 17 to Vail Health's Response, Dkt. 179-4, is a compilation of confidential emails and documents which contain confidential information including sensitive non-public financial and business information concerning referrals. Among other things, these confidential materials include a spreadsheet containing Protected Health Information ("PHI") related to referrals, financial summaries, summaries of internal meetings, and internal discussions about growth opportunities.

7.      On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

8.      Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect

pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See*, *e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 LEXIS 159452 (D. Utah Aug. 31, 2020). Where, as here, the parties are market competitors, the Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 LEXIS 111610 (D. Kan. Aug. 24, 2015).

9. Exhibits 11 and 12 to Vail Health's Response are documents that were marked as "CONFIDENTIAL."

10. Exhibits 3, 4 and 13 to Vail Health's Response include documents marked as both "CONFIDENTIAL and "ATTORNEYS' EYES ONLY."

11. Exhibit 17 to Vail Health's Response includes documents marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" and "ATTORNEYS EYES ONLY PROTECTED HEALTH INFORMATION."

12. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

13. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced

in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

14.      If the information contained in Exhibits 3, 4, 11, 12, 13, and 17 to Vail Health's Response were to be made public, Defendant would be competitively damaged. *SMB Site Servs., LLC v. Garrett*, 2011 LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)). In addition, if the information contained in Exhibit 17 to Vail Health's Response were to be made public, Vail Health would be in violation of the Health Insurance Portability and Accountability Act ("HIPAA").

15.      Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

16.     Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

17.     Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Vail Health's Response were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

18.     For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Exhibits 3, 4, 11, 12, 13, and 17 to Vail Health's Response at a Level 1 filing restriction.

Respectfully submitted this 12th day of October, 2021.

*s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC.,*
*d/b/a VAIL HEALTH, a Colorado nonprofit*
*corporation*