# Exhibit 2

| | |
|---|---|
| **From:** | Richards, Daniel <Daniel.Richards@dgslaw.com> |
| **Sent:** | Tuesday, September 28, 2021 8:26 PM |
| **To:** | Alan Kildow |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab v. Vail Health (19-2075)--Request For Meet and Confer on Deficient Privilege Log |

Counsel,

Plaintiffs' email below mischaracterizes these proceedings, including by asserting that Vail Health "refus[ed]" to produce a privilege log and accusing Vail Health of employing "delaying tactics."  There is no reason to include such accusations in what should be a straightforward email exchange concerning a privilege log.

As stated in my prior email, Vail Health believes its privilege log complies with applicable rules.  However, in an effort to avoid the Court having to expend resources adjudicating issues concerning a privilege log, or at least narrow those issues, Vail Health is willing to amend its privilege log in an effort to eliminate or narrow the scope of the disputes between the parties.  For example, we will review each entry Plaintiffs identify below as lacking sufficient detail to determine whether additional detail can be added to address the specific concerns Plaintiffs have raised.  We expect to serve an amended privilege log by next week.  Please let me know of any questions.

Regards,

**DANIEL RICHARDS** ▪ Associate

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Friday, September 24, 2021 9:47 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v. Vail Health (19-2075)--Request For Meet and Confer on Deficient Privilege Log

Counsel,

You did not respond to our request for a meet and confer, or timely respond to our September 12 email.  And your email sent 11 days later still does not address that issue.  Plaintiffs are available today, or on Monday or Tuesday, September 27 or 28 for a conferral.  If we do not hear from you by COB on Tuesday, September 28, we will take your lack of response that the parties are at an impasse and no further conferral is necessary.  This issue has been outstanding for months (first with Vail Health's refusal to produce a log), and now with respect to the deficiencies. We understand that Vail Health seeks to employ delaying tactics in this case, and we will proceed accordingly.

To streamline the conferral call, we have responded to your bullet points in red below.  It must be remembered, however, that Vail Health has the burden to show that its log is sufficient so that the parties (and the Court) can determine whether the privilege has been appropriately invoked. It is not on Plaintiffs to identify each and every entry on the log that is deficient.  It is case law and Fed. R. Civ. P. 26(b)(5) that defines the appropriateness of a privilege log.  Plaintiffs have highlighted the flaws in Vail Health's log, and it is up to Vail Health to determine whether it believes the log is compliant

1

and contains sufficient information to determine whether withheld emails are indeed communications between client and counsel for the purpose of soliciting or rendering legal advice. If Vail Health decides that is the case, or alternatively, agrees to amend its log, please let us know by no later than Tuesday, September 28.

And as always, the invitation is open to for you to simply pick up the phone and try to work things out.

Alan Kildow
970-390-6675
---------- Forwarded message ---------
From: **Richards, Daniel** <Daniel.Richards@dgslaw.com>
Date: Thu, Sep 23, 2021 at 10:21 AM
Subject: RE: Sports Rehab v. Vail Health (19-2075)--Meet and Confer on Deficient Privilege Log
To: Alan Kildow <alkildow@aol.com>, Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
Cc: Roeder, Jackie <Jackie.Roeder@dgslaw.com>, sonya braunschweig <sonya.braunschweig@gmail.com>

Counsel:

We have reviewed your email alleging deficiencies in Vail Health's privilege log, which raises at least 11 purported deficiencies.  Vail Health disagrees that its privilege log is deficient.  Nonetheless, Vail Health is willing to work with Plaintiffs to the extent they have questions about specific privilege log entries.  Many of the issues Plaintiffs raise below are vague regarding which privilege log entries they relate to.  Thus, going forward, we request that any communications from Plaintiffs related to Vail Health's privilege log identify the (1) the privilege log "Item Number" to which Plaintiffs' alleged deficiency relates and (2) for each Item Number, identify with specificity the alleged deficiency and what measures Plaintiffs request Vail Health take to cure the alleged deficiency.

Vail Health responds below in blue text to each issue raised by Plaintiffs.

Please let us know of any questions.

Regards,

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Sunday, September 12, 2021 10:37 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v. Vail Health (19-2075)--Meet and Confer on Deficient Privilege Log

Counsel,

We have reviewed your privilege log and have found it deficient in many different ways. Before turning to those deficiencies, it must be pointed out that a privilege log has to be sufficient for the parties and the Court to determine whether on the face of the privilege log the claim of privilege is adequately supported. Vail Health's log does not provide the required information to adequately conduct that analysis. The list below may not be exhaustive, but it points out the major deficiencies in Vail Health's log.

*First*, Vail Health has not identified the recipients that were copied on the emails, instead lumping them in one general recipient category. Just because an email is copied to an attorney does not mean the document is subject to privilege. *See Luv N' Care, Ltd. v. Williams Intellectual Prop.*, Civil Action No. 18-mc-00212-WJM-KLM, 2019 WL 2471318 at *5 (D. Colo. June 12, 2019); *Pandeosingh v. Am. Med. Response, Inc.*, No. 14-cv-01792-PAB-KMT, 2014 WL 5488415, at *2. (D. Colo. Oct. 30, 2014); *Pownell v. Credo Petroleum Corp.*, No. 09-cv-1540-WYD-KLM, 2011 WL 1045418, at *3-4 (D. Colo. Mar. 17, 2011).

- *Vail Health's Response*: Vail Health's privilege log identifies all recipients of privileged email communications, regardless of whether they are on the "To" line or "CC" line. We agree that copying an attorney on an email does not automatically make it privileged. However, it is also true that many emails on which an attorney is copied are privileged, if the requirements for the attorney-client privilege or other applicable privilege are met. This is particularly true in the corporate context where multiple employees of the corporate client may "reply all" when seeking legal advice. Vail Heath believes that its privilege log provides sufficient information to demonstrate that the communications at issue are privileged.
- *Plaintiffs' Response*: From your response, we understand Vail Health's position to be that it does not need to separately set out who was copied on an email and that no supplementation will be made as to that issue.

*Second*, Vail Health has used an "*" to identify "attorneys and legal professionals." It is unclear what is meant by "legal professionals," who that relates to or their role, and hence, Plaintiffs are unable to determine whether the claim of privilege is appropriate.

- *Vail Health's Response*: Please identify the specific legal professionals about which you have questions, referencing the privilege log Item No. in which that person's name appears. In any event, nearly all (if not all) of the individuals identified with an asterisk in the privilege log are attorneys.
- *See Plaintiffs' Response below.*

3

*Third*, there are individuals identified on the privilege log whose roles are not identified. By way of example, that includes Eric Affeldt, James Wear, Craig Cohn, Thomas Totten, Molly Murphy, Becky Crawford, Christie Faires, Tim Wise, Elaine Lundblade, Kirk Rebane, Scott Bonin, Bina Patel, William Mitchell, Jacequilline Deveric, Michael Westmiller, Kirk Rebane, Daniel Pennington, Adam Weinsteian, Theresa Doris, Cheryl Dalessandro, Gregory Brodek, Renee Depew, Fran Stinsman,  Josh Cashman, Brad Smith, Terry Schroeder, and Diana Layman.  Additionally, Vail Health has identified communications involving Doris Kirchner after she was no longer CEO as privileged, but no information has been disclosed about her role as to those communications

- *Vail Health's Response*:  Many of the persons listed are Vail Health employees or other agents of Vail Health.  Please identify the specific privilege log entries about which Plaintiffs have questions, including the privilege log entry Plaintiffs reference involving Doris Kirchner.  Once we understand the specific entries Plaintiffs are referencing, we may be able to answer Plaintiffs' questions about the roles of the persons listed above in those communications.
- *Plaintiffs' Response:*  The need to identify witnesses by title and company is something that is appropriate here, given that there are close to 50 people listed on Vail Health's privilege log. Virtually all have not been disclosed in Vail Health's Rule 26(a)(1) disclosures or answers to interrogatories.  Only one entry (116) identifies a company name for an individual, but the others do not. Perhaps a prior draft provided that information? In any event, the log must have sufficient information identifying the author and recipients so that Plaintiffs (and the Court, if necessary) can ascertain whether the privilege has been appropriately invoked. If communications involve lower-echelon employees, former employees, third parties, etc. that is relevant to whether the communications are appropriately characterized as attorney-client privilege. While we do not necessary believe this is the correct way to proceed, Plaintiffs will agree that Vail Health can provide a list providing more detail about all the individuals identified on the privilege log, including their title and company, which will also address the attorney/legal professional issue above.  As to Ms. Kirchner, see 545, 551-53. Also there are several dates that are incorrect or missing, *see* 451-455, 251, 448, some of which include Ms. Kirchner.

- Additionally, please confirm that Michael Shannon, Art Kelton, and Chris Jarnot used their business email accounts on the emails that are being withheld. From documents produced, it appears that was so.  Please explain how Vail Health maintained the purported confidentiality, or had any expectation of privacy, when it chose to email communications to Board members using outside business email accounts.

*Fourth*, there has been no identification of any email strings, or whether any nonprivileged emails were forwarded to counsel and withheld from production based on the email being forwarded to counsel.

- *Vail Health's Response*:  Vail Health has logged each email in an email string individually, so it is unclear what Plaintiffs mean when they claim "there has been no identification of any email strings."  To the extent that an otherwise nonprivileged, responsive email was forwarded to counsel for the purpose of obtaining legal advice, Vail Health has produced the nonprivileged email and redacted the privileged communication.
- *Plaintiffs' Response*:  The explanation is helpful.  Because the log was not produced in chronological order, or identified the emails that were part of a string (either by time stamp or some other designation), it is impossible to ascertain the order of the email strings to analyze whether portions of the string should have been produced.  Please let us know if you will update the log to provide this information.

*Fifth*, it is unclear what has been attached to emails because the descriptions are so vague.

4

- *Vail Health's Response*:  Vail Health's privilege log provides detailed information regarding the documents being withheld, including attachments.  Please identify what descriptions, by specific Item No., Plaintiffs believe are vague.
-  *Plaintiffs' Response*:  Numerous entries state "documents conveyed" or "information" conveyed, see, e.g., 201, 218-19, 320-21, 326-29, 336-52, 373-76, 382, 388-90, 393-94, 396-401, 417-20, 435-36, 438, 439-41, 456-65, 473, 504, 560, 563, 572

*Sixth*, emails with third parties from VSO and Steadman have been withheld on the basis of privilege.  *See, e.g.,* entry 342.  Vail Health claims it is protected by the attorney-client privilege but no attorney was identified on that email, and there is no evidence that VSO or Steadman engaged Vail Health's attorneys in a manner that would protect those communications on the basis of the attorney-client privilege (if that would even be possible given that these were adverse parties engaged in negotiations on opposite sides of the table).  There is also no identification of the subject matter of the emails.  If it relates to a joint venture or other combination between or among the parties, the documents show that Steadman had separate legal counsel.

- *Vail Health's Response*:  As you know, Steadman and VSO doctors serve various roles with respect to Vail Health and the Vail Valley Surgery Center.  For example, Dr. Marc Philippon is a member of Vail Health's Board of Directors.  Moreover, Dr. Sterett is one of many joint venture partners in the Vail Valley Surgery Center.  As such, whether Steadman and VSO doctors can share the attorney-client privilege with Vail Health depends on context.  Thus, please identify the specific privilege log entries about which you have questions, and we may be able to provide clarification.  As to Item No. 342, it is non-responsive because it relates to the Vail Valley Surgery Center and was only logged because subsequent emails discuss topics that are arguably responsive.
- *Plaintiffs' Response:*  By virtue of being listed on a privilege log that means it is relevant. While Plaintiffs disagree with Vail Health's restrictive view of what is relevant, it is unclear what is meant by "because subsequent emails discuss topics that are arguably responsive."  Please clarify and identify by bates number the documents you are referencing.  Additionally, Vail Health has the burden to show this is a protected document, and we agree context is important, but Plaintiffs have not been given enough "context" to ascertain whether a claim of privilege is appropriate.  Are you saying that the Steadman doctors and VSO doctors engaged Duane Morris in whatever was being discussed?  In other words, was Duane Morris engaged to represent both the majority and minority owners' interests with respect to the issue being discussed at the time?  That is the type of clarification that we need, particularly given at the time, Steadman was represented by Drinker Biddle.

*Seventh*, emails between Vail Health have been withheld despite no attorney being listed on the communication.  The descriptions do not provide adequate information as to the topic of the communication being withheld.  By way of example, *see* entries 417-20.

- *Vail Health's Response*:  Do Plaintiffs contend that employees of a corporation cannot discuss legal advice provided to the corporation, or perform analysis requested by outside counsel, without waiving the privilege?  If so, please provide authority for that contention.
-  *Plaintiffs' Response:*  Business discussions are not protected under the attorney-client privilege. It appears that you have likely withheld business communications that do not seek or discuss legal advice, which is evident from the clawback letter that was sent earlier this week.

5

*Eighth*, it appears that Vail Health is asserting a privilege for valuation reports prepared related to a joint venture or other combination on the purported basis they were prepared at the direction of legal counsel, even though the valuation seems to have been required to identify the prices to be set for physical therapy and to value the business organization. Vail Health has not explained how the valuations are protected by attorney-client privilege, particularly when Vail Health engaged the experts, not legal counsel, and both VSO and Steadman requested copies of the valuations (that is, sent to a third party, thus waiving any claim of privilege). From the privilege log, it also appears that factual documents were produced to the valuation experts, which have not been produced to Plaintiffs. But underlying factual documents are not protected by the attorney-client privilege.

- *Vail Health's Response*: It is well-established that the attorney-client privilege extends to representatives of the client if the communication was made in confidence for the purpose of obtaining legal advice. The presence of a third-party does not destroy the attorney-client privilege to the extent that the third party is an agent of the client or the attorney. *E.g.*, *Roe v. Catholic Health Initiatives Colo.*, 281 F.R.D. 632, 637 (D. Colo. 2012). These valuation reports were prepared at the direction of counsel so as to enable counsel to provide Vail Health with legal advice regarding the proposed joint ventures. To the extent that any valuation reports or analyses were disclosed to Steadman or VSO, those have been produced. With respect to your "factual documents" contention, please identify the specific privilege log entries you contend contain "factual documents" that are not privileged.
- *Plaintiffs' Response:* Plaintiffs do no understand your position that valuation reports were undertaken at the direction of counsel to provide Vail Health with legal advice regarding the proposed joint venture. They were required under the term sheet so that Steadman and VSO could understand how much their minority interests would cost and the financial viability of the joint venture--that is, whether the joint venture made sense from a financial standpoint and how much Steadman and VSO would make from the joint venture. The purpose therefore was for a business transaction. To the extent Vail Health provided those valuations to counsel to review and provide legal advice does not mean that they are protected by the attorney-client privilege. *Roe* does not support Vail Health's contention here. "The penultimate question is whether the third-party communications were made in confidence for the purpose of obtaining legal advice from the lawyer." 281 F.R.D. at 637. Here, the term sheet makes clear that the valuations were being done for purposes of a business transaction and that they were to be shared with VSO and Steadman. Whether Vail Health requested legal advice about the valuation, that may be protected under the attorney-client privilege, but the underlying consultant work is not.

*Ninth*, Vail Health has similarly withheld from production documents and information sent to Will Cook about the physical therapy joint venture/combinations. *See* entry 544. There is no discussion about what documents were attached other than information from 2015-17, although business valuations are specifically identified. The email and attachments should be produced as there is no attorney-client privilege for these documents or the email itself. Further, the entry identifies a "new proposed joint venture," but it does not identify what this vague reference is to, nor does it appear that Vail Health has produced any documents related to the "new proposed joint venture." If so, please identify those documents by bates number, as it appears a number of documents were withheld from production based on this "new joint venture." *See* entries 545-53.

- *Vail Health's Response*: In the email referenced in Item No. 544, privileged documents are transmitted to Vail Health's CEO. *See* response to Item 8, above.
- *Plaintiffs' Response: See response* to Item 8 above. Additionally, factual documents are not protected from disclosure under the attorney-client privilege. You have not responded to the question about "new proposed joint venture" or identified the bates number of any documents. Plaintiffs assume from your lack of response that these documents have not been produced. If we are mistaken, then please identify the bates numbers.

6

*Tenth*, in our short review of the privilege log, it appears that documents sent to legal counsel were sought for purposes of securing business, not legal, advice. By way of example, on June 8, 2016, VSO sent an email stating:

> We have a board meeting next week and will discuss Howard Head. I have thought a lot about the Summit County situation. Personally, I think we need to be clear and consistent about what we can and cannot do in Eagle and Summit Counties. We will not engage in any joint venture with Centura in Eagle County. Likewise, we would find it difficult to engage in any joint venture with VVMC in Summit County. In addition, we welcome the opportunity to partner with either entity in their respective counties.

At entries 291-97, Vail Health asserts that it sought and obtained "legal advice" from its attorneys regarding the VSO communication. Nothing in the email excerpt referenced above indicates any need for "legal advice."

- *Vail Health's Response*: The communications referenced in Items No. 291-97, all of which involve outside counsel, are accurately described as privileged in the privilege log. It is unclear why Plaintiffs believe they can infer the content of a discussion from the first email in a chain.
- *Plaintiffs' Response:* The email produced, which is redacted, includes an attorney as only receiving a copy. There are no direct communications between Vail Health and its attorney indicating that any legal advice was requested or exchanged. As was conceded above, simply copying an attorney on an email does not transform a business discussion into an attorney-client privileged communication. We understand from your response that you will not be producing the unredacted version of the email or other communications in which an attorney was only copied.

*Finally*, the log does not adequately describe the redactions, particularly as it pertains to the Board minutes. The Board minute entries just state "non-relevant" sections.

- *Vail Health's Response*: Vail Health stands by its redactions and descriptions. Plaintiffs are not entitled to broad discovery into Vail Health Board Minutes generally, and Vail Health has redacted portions of its Board minutes that are irrelevant to the claims at issue. Again, your broad contention that "the log does not adequately describe the redactions" is insufficiently detailed to permit Vail Health to evaluate this claim. If you are claiming that a particular entry is problematic, please provide Vail Health with an entry number.
- *Plaintiffs' Position:* The redacted Board minutes do not identify the general topcis that were discussed so that Plaintiffs can ascertain whether relevant information is contained in the minutes. Finacial information is relevant, and every board minute that we have seen (in unredacted form) contains that information. This is the subject of a pending motion to compel, so we can await on the Court's decision as to this issue.

Plaintiffs request a meet and confer regarding these issues and can hold this conferral Monday, Tuesday, or Wednesday of this week, September 13-15. Please confirm your availability and a time and we will send a conference call dial-in number.

If, however, you intend to stand by your privilege log as it currently stands, please let us know by no later than COB on Tuesday, September 14.

Alan Kildow

970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.