# Exhibit 10

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, September 21, 2021 6:23 PM |
| **To:** | Richards, Daniel |
| **Cc:** | Alan Kildow; FW LLC<fwlawyers@gmail.com>; Stevenson, Shannon; Roeder, Jackie |
| **Subject:** | Re: SRC v. Vail Health:  Letter re Inadvertent Production of Privileged Document |

Counsel,

We have received your letter.  Please explain the factual and legal basis, citing applicable law, that supports your contention that the email (Exhibit 33) is protected by the attorney-client privilege.

Best regards,

Sonya

On Tue, Sep 21, 2021 at 5:41 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

> Counsel:
>
> Please see the attached letter.
>
> **DANIEL RICHARDS ▪ Associate**
>
> **D: 303.892.7452** ▪ vcard
> **Davis Graham & Stubbs LLP**
> 1550 17th Street, Suite 500 ▪ Denver, CO 80202
>
> **A LexMundi Member**
>
> This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

1

**DAVIS GRAHAM & STUBBS**

Daniel Richards
303.892.7452
daniel.richards@dgslaw.com

September 21, 2021

**Via Email**

Alan L. Kildow
790 Potato Patch Drive
Vail, CO 81657
alkildow@aol.com

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, CO 81620
fwlawyers@gmail.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
sonya.braunschweig@gmail.com

Re:   Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic Inc., d/b/a Vail Health, Civil Action No. 1:19-cv-02075-WJM-GPG; Notice of Inadvertent Production of Privileged Documents Pursuant to Fed. R. Civ. P. 26(b)(5)(B).

Counsel,

In reviewing Plaintiffs' Motion to Compel #4 Relating to Joint Ventures and Other Combinations and the exhibits Plaintiffs filed with that Motion, Vail Clinic Inc., d/b/a Vail Health ("Vail Health") became aware that it had inadvertently provided one document which is attorney-client privileged. Accordingly, pursuant to the Parties' Stipulated Protective Order and HIPAA Qualified Protective Order (Dkt. 76), at Section 11, and Fed.R.Civ.P. 26(b)(5)(B), Vail Health is providing you notice that this document is subject to the attorney-client privilege. Vail Health did not waive its attorney-client privilege as to this document, and therefore must claw back this document, which is identified below.

Consistent with the requirements of Fed.R.Civ.P. 26(b)(5)(B), you must promptly do the following: "return, sequester, or destroy the specified information and any copies [you] have," "not use or disclose the information until the claim is resolved," and "take reasonable steps to retrieve the information if the party disclosed it before being notified."

Alan L. Kildow
Jesse Wiens
Sonya R. Braunschweig
September 21, 2021
Page 2

As this document was filed with the Court in connection with Plaintiffs' Motion to Compel #4, Vail Health requests that the following steps be taken:

**1. Plaintiffs' Exhibit 33, VH_Fed_00001942 - 1945**.

This document contains attorney-client communications and internal Vail Health deliberations regarding a draft valuation prepared for the purpose of obtaining legal advice. Vail Health is asserting a claim of privilege for this entire document. Please replace Plaintiffs' Exhibit 33 with a page noting that this document is attorney-client privileged.

This document is privileged and may not be used in any matter in this litigation. Federal Rule of Evidence 502 protects against waiver of privilege or other protections upon the disclosure of protected information in discovery. Under FRE 502(b), "the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed.R.Civ.P. 26(b)(5)(B)."

Vail Health is reviewing its production for any additional inadvertently produced documents which are subject to any applicable privilege.

Please do not hesitate to contact me with any questions you may have.

Sincerely,

Daniel Richards
Associate
for
DAVIS GRAHAM & STUBBS LLP