# Exhibit 12

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Sunday, October 17, 2021 10:34 AM |
| **To:** | Richards, Daniel |
| **Cc:** | Alan Kildow; Stevenson, Shannon; Roeder, Jackie; Savage, Janet |
| **Subject:** | Re: Sports Rehab v Vail Health [19-2075]--MSO Joint Venture |

Counsel,

Please excuse us for not getting back to you Friday on your email below.

It appears that you are under the misimpression that business transaction documents given to third parties are protected by the attorney-client privilege. I should not have to cite cases for this proposition--it is something that we all learn in our civil procedure courses in law school. But to ensure you understand the issue, here it is.

Vail Health has admitted in opposition to Motion to Compel #4 that Mr. Brown provided VSO a term sheet for the proposed MSO joint venture; a produced email reflects the same. Last week, VSO produced the term sheet in response to Plaintiffs' subpoena, which was served on Vail Health. So any purported privilege asserted with respect to the VSO term sheet, as identified on Vail Health's privilege log, is waived, even drafts. This is well-settled law; not open to debate. As the Tenth Circuit has explained, "the confidentiality of communications covered by [a] privilege must be jealously guarded by the holder of the privilege lest it be waived." *United States v. Bernard,* 877 F.2d 1463, 1465 (10th Cir. 1989); And attorney-client privilege is waived by *any* voluntary disclosure. *United States v. Ryan,* 903 F.2d 731, 741 n.13 (noting attorney-client communications must be "jealously guarded" and privilege "is lost if the client discloses the substances of any otherwise privileged communication to a third party"). The Tenth Circuit has further explained in *United States v. Bump,* 605 F.2d 548, 550-51 (10th Cir.1979) "[w]hen a matter is communicated to the lawyer with the intention or understanding it is to be repeated to another, the content of the statement is not within the privilege." And because privilege is waived as to the document disclosed to a third party, any drafts of the disclosed document is waived as well. *See also United States v. (Under Seal) (In re Grand Jury 83-2 John Doe No. 462),* 748 F.2d 871, 875 (4th Cir. 1984) ("if a client communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as the details underlying the data which was to be published will not enjoy the privilege."); *Republican Party v. Martin,* 136 F.R.D. 421, 428 (E.D.N.C. 1991) (stating that drafts of documents that to be published to third parties lack confidentiality).

Additionally, as noted in Alan's previous email, the term sheet is dated 12/15/2016 and bears the document number of Duane Morris. Given the standard practice used by law firms in managing documents, the document number shows that the term sheet Brown hand delivered to VSO was the first version. Your response below is curious as it references Entry Nos. 567-68 from Vail Health's privilege log. But as Alan's email noted, the entries on the log are actually those dated December 15, 2016--Nos. 114-15--which attaches the "term sheets." It is apparent from the date of the VSO term sheet that the same term sheet is being referenced in Entry Nos. 114-15. Notably as well, the entries also reflect term sheets, plural: one for VSO; the other for Steadman because the meeting between Steadman and Vail Health about the MSO joint venture took place on December 16, a day later. Having waived any purported privilege as to the 12/15/2016 VSO term sheet, it must be produced.

As to Alan's question related to the MSO term sheet provided to Steadman, this was the subject of a **formal** interrogatory--Interrogatory No. 11--in which Vail Health was asked to disclose what was discussed at any meeting. Interestingly, or maybe perhaps not after reviewing the substance of the term sheet [produced by VSO--Vail Health did not identify the December 16, 2016 in answering Interrogatory No. 11; nor did it disclose what was discussed, or the terms of any preliminary agreement. Is it Vail Health's position that the term sheet was not shared with Steadman? It's a simple question; your refusal to answer says it all.

1

Please produce the 12/15/2016 VSO term sheet by Wednesday, October 20, so we can at least take that issue off the Special Master's plate.

We look forward to your timely response.

Sonya

On Fri, Oct 15, 2021 at 10:42 AM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

> Counsel:
>
> Vail Health addressed this issue in its response to Plaintiffs' Motion to Compel No. 4, stating the following: "Plaintiffs point to a December 28, 2016 email from VSO's CEO that references a term
>
> sheet. (Dkt. 158-1.) No term sheet is (or was) attached to the December 28, 2016 email. (*Id.*) Vail Health has specifically searched the emails of the Vail Health personnel involved in negotiations with VSO for an email transmitting a draft term sheet to VSO but has not located such an email. While Vail Health cannot be certain, it appears that Nico Brown and VSO's CEO may have had an in-person meeting between approximately December 16 and 28, 2016 at which a paper copy of a term sheet may have been provided to VSO. Vail Health has not been able to locate a copy of a term sheet shared with VSO. A privileged version of this term sheet appears as Entries 567 – 568 in Vail Health's privilege log." Vail Health does not contend the final copy of the VSO term sheet provided to VSO is privileged and does not claim privilege with respect to the copy of the VSO term sheet that VSO produced.
>
> As to Plaintiffs' question regarding whether the MSO term sheet was provided to Steadman at a particular meeting, Vail Health is not required to answer informal interrogatories sent by email. Plaintiffs' query is better suited for depositions.
>
> **DANIEL RICHARDS ▪ Associate**
>
> **D: 303.892.7452** ▪ vcard
> **Davis Graham & Stubbs LLP**
> 1550 17th Street, Suite 500 ▪ Denver, CO 80202
>
> A **LexMundi** Member
>
> ---
>
> **From:** Alan Kildow <alkildow@aol.com>
> **Sent:** Thursday, October 14, 2021 11:03 AM
> **To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
> **Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>
> **Subject:** Sports Rehab v Vail Health [19-2075]--MSO Joint Venture

2

Counsel,

Yesterday, Plaintiffs produced to Vail Health the 12/15/2016 term sheet for the "MSO" joint venture that came from a subpoena served on Vail Summit Orthopaedics ("VSO").  Vail Health has previously asserted that the term sheet is purportedly privileged, but given the production from VSO it clearly is not.  Please produce the 12/15/2016  term sheet from the files of Vail Health by no later than Friday, October 15.

Additionally, it is apparent from the privilege log and VSO's production that the MSO joint venture term sheet was created shortly before the December 16, 2016 meeting held with management of The Steadman Clinic.  Please confirm whether Steadman was given the term sheet at the meeting, and if it was, please produce to Plaintiffs a copy of the term sheet provided to Steadman by no later than Friday, October 15.

Alan Kildow

970-390-6675

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.