IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

### NON-PARTY NICHOLAS BROWN AND THE PARTIES' JOINT DISCOVERY DISPUTE CHART

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| On October 14, Plaintiffs stated they intended to "postpone" the October 18 deposition of Mr. Brown, a non-party witness. | Plaintiffs have stated their intent to cancel the deposition of Mr. Brown three business days before the deposition so that they can move for additional time for the deposition. The court limited Mr. Brown's deposition to four hours because, among other things, he has been deposed six times in the state court litigation. (Dkt. No. 71.) Plaintiffs have known that Mr. Brown and Vail Health oppose the requested extension of time since | **KEY WITNESS**: The principal issue presented is whether perhaps the most important witness in this antitrust case should be deposed prior to the production of the preponderance of documents requested by Plaintiffs.<br><br>Essentially, Nicholas Brown was the CEO of Vail Health's Howard Head Sports Medicine. Only recently, 832 documents that were written by him or were sent to Mr. Brown have been produced. Plaintiffs estimate that hundreds or more likely thousands of | Vail Health opposes Plaintiffs' last-minute cancellation of the deposition of its former employee and third-party witness, Nicholas Brown. The parties have been discussing Mr. Brown's deposition for months, and Plaintiffs have long been aware that Vail Health opposed their request to expand the deposition time from four hours to seven hours. As noted, Mr. Brown has been deposed numerous times in the state court |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | at least June 17 but have taken no steps to raise this issue with the Court.  Instead, Plaintiffs scheduled Mr. Brown's deposition for October 19. In order to accommodate Plaintiffs, Mr. Brown postponed previously scheduled work travel and took time off from work.  Mr. Brown is not available for the remainder of the discovery period and should not be required to, once again, take time off and modify his work schedule because of Plaintiffs' dilatory approach to discovery.  Under Rule 45, Plaintiffs have an obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The court … must enforce this duty and impose an appropriate sanction … on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Mr. Brown merely requests that his deposition proceed as scheduled under the Court-imposed time limitation.  Plaintiffs' demand that the deposition should only proceed if Mr. Brown spends hours reviewing 694 documents prior to the deposition is improper and not based on a single rule or discovery device. | additional documents are relevant but have not yet been produced.

Plaintiffs contend that Mr. Brown's deposition would be inefficient and wasteful at this point in time.  Before directly addressing that issue, a bit of procedural is necessary.

**CURRENT DISPUTE:**  In an effort to avoid burdening the Court with the present dispute, Plaintiffs provided counsel for Vail Health and Brown a list of documents, as well the documents themselves, to authenticate before the deposition.
Mr. Brown's counsel had indicated his willingness to do so, and Vail Health had also previously stated that it was "willing to work with Plaintiffs to enter into a stipulation that documents produced from its files are authentic…."

Plaintiffs stated that it would be willing to proceed with the deposition with parties' agreement, although Plaintiffs would not be precluded from seeking additional time to depose Mr. Brown if the Special Master granted Plaintiffs' motions to compel and additional documents related to Mr. Brown were produced.

Mr. McHugh, however, would only agree to authenticate the documents if Plaintiffs agreed that Plaintiffs stipulate that Mr. Brown could not be called | action.  Plaintiffs' counsel states that 600 new documents have been produced from Mr. Brown's email account.  This document production was made on July 15 and supplemented on August 6.  Plaintiffs have no explanation as to why four hours is not sufficient time to cover this material or why they waited until the very last minute to raise this issue.  Plaintiffs also state that they have multiple motions to compel pending.  Vail Health does not believe that any outcome of those motions is likely to materially impact the subjects on which Mr. Brown is testifying, and in any event, Plaintiffs chose when to file their motions to compel.  If Vail Health is required to produce any documents which Plaintiffs believe justify any further deposition time, the parties can address that issue at the time.  Finally, Vail Health has serious concerns that Plaintiffs' maneuvers are designed simply to further prolong this case and burden Vail Health.  This Court entered the Scheduling Order on October 9, 2020, and Plaintiffs have had more than a year to complete discovery.  The discovery period has already twice been extended by mutual agreement, and no |

2

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | again to testify and his deposition was limited to four hours, and that Plaintiffs would waive any right to seek leave of Court to do so.<br><br>Given the number of outstanding discovery issues, Plaintiffs were not in a position to agree to that demand. So the parties are now at an impasse that requires the Court's assistance.<br><br>In light of the discussion below, Plaintiffs request that the deposition be postponed until Vail Health produces the documents it has represented to the Court and Plaintiffs that it would produce and that the deposition be postponed until the motions to compel are resolved and any documents that the Special Master orders produced are indeed produced.<br><br>**MEET AND CONFER:** In June 2021, Plaintiffs identified the Vail Health documents that had not been produced and were necessary for Mr. Brown's deposition. Vail Health sought an extension of time to the scheduling order so it had time to search for documents from November 1, 2012 to December 2015 and produce any additional documents responsive to Plaintiffs' requests. In light of Vail Health's representations, Plaintiffs agreed to the extension of time. | further extensions are warranted. Given the already busy schedule and short time before the discovery cutoff on November 1, there is not a time that Mr. Brown's deposition can reasonably be rescheduled. |

3

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | Only 32 emails were produced from that time period despite having many weeks to search for emails, and while other documents were produced, there are many gaps in Vail Health's document production, as set out in the following section.<br><br>Before the recent request to postpone Mr. Brown's deposition, the parties discussed the length of that deposition, which defendants would not stipulate could extend beyond the four-hour limit previously ordered by the Court. At the time of the June extension, Plaintiffs were not fully aware of the Vail Health's document production issues, and did not know what additional documents Vail Health would be producing.<br><br>After the July productions were made, and Plaintiffs had filed motions to compel, Plaintiffs sought to hold a meet and confer about the Brown deposition on September 27; Mr. McHugh was ready to participate, but Vail Health was not. *See* attached **Pls.' Ex. 1**. Over the course of many days, Plaintiffs requested a meet and confer and Vail Health's response about extending the time to depose Mr. Brown. It took ten days for Vail Health to respond and say it would not agree.<br><br>**DOCUMENT PRODUCTION ISSUES:** Plaintiffs' written discovery was served over two years and its second written | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | discovery has been outstanding for over 7½ months.  Vail Health represented to Magistrate Judge Gallaher that relevant documents for this antitrust action had been produced in the Eagle County action.  [*See* ECF No. 69 at 17.] The same representation was made to Judge Martinez.  [*See* ECF No. 102 at 6.] Vail Health also stated that it would produce or had produced: financial statements, projections, and financial analyses; prices charged and revenues realized for Howard Head; documents related to joint ventures (and other combinations); chargemasters; and nonprivileged Board minutes and agenda.  *Id.* at 7-8. Those representations were accepted by the Court, although the representations have borne out not to be true.<br><br>Vail Health has also repeatedly asserted that "the parties produced more than 65,000 pages of documents in the state court action regarding the same facts at issue in this case."  But Plaintiffs produced over 17,000 pages, while Vail Health produced 6,000 pages.  (The 65,000 pages of documents include the documents David Cimino and Lindsay Winninger had in their possession; none of which are relevant to the antitrust issues presented in Plaintiffs' motions to compel.) | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | Not including those relating to Vail Health's exclusionary conduct against Plaintiffs, of the "65,000" pages only about 300 (0.0046%) are relevant to antitrust issues.  It now admits it only recently "produced approximately 6,900 pages of documents related to antitrust issues that had not been litigated in the related state case…." [ECF No. 156 at 1] For a discovery period of almost 10 years, the 6,900 pages amount to 1,252 documents, of which Mr. Brown is the sender or recipient of 832 of them. And as to the documents spanning November 1, 2012 to December 2015, Vail Health produced 32 emails, many were duplicates.<br><br>Despite representing to the Court that it had or would produce documents relevant to the antitrust issues (see above for a more complete description of those documents), Vail Health did not do so and those very documents are now the subject of four Rule 37 motions to compel.<br><br>The Court authorized motions to be filed on July 20, 2021 [ECF No.123]; and shortly thereafter, on August 5, August 10, August 12, and September 7—Plaintiffs filed their motions.  [ECF Nos. 127, 129, 132, 157].  Vail Health requested and was granted extensions of time to respond to three motions.  [ECF No. 140, 159. 188]. Those motions are set to be heard before | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | Special Master Ruckriegle on October 21 and 22, in two four-hour hearings.<br><br>The motions and outstanding discovery involve the heart of any antitrust case: (1) relevant geographic market—patient convenience and choice; (2) monopoly power—pricing, costs, profitability; and (3) joint ventures—intent to monopolize.  Those are among the issues that Mr. Brown will be deposed on.  None were raised, let alone litigated, in the Eagle County action; none were the subject of any questions or answers during Mr. Brown's state court depositions.  Moreover, the number of depositions in which Mr. Brown has represented he was deposed in the Eagle County action is misleading.<br><br>Plaintiffs took Mr. Brown's personal deposition on July 19, 2018 for 6 hours; and took a Rule 30(b)(6) deposition on March 25, 2020 in which Vail Health designated Mr. Brown as the company's representative.  The deposition lasted 4 hours, 32 minutes (amount of time limited by court order).<br><br>David Cimino deposed Mr. Brown on June 26, 2018, in his individual capacity and as a Rule 30(b)(6) company representative.  The Rule 30(b)(6) deposition lasted 18 minutes; Plaintiffs do not have a copy of Mr. Brown's individual deposition because | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | the issues there predominantly involved Cimino.<br><br>Cimino again deposed Mr. Brown as a Rule 30(b)(6) designee on October 31, 2018 for 39 minutes; and in his individual capacity on March 25, 2020 for 1 hour, 11 minutes. Certain depositions had to be reconvened by court-order, or were allowed by court order, because Vail Health instructed Mr. Brown to not answer certain questions posed by Mr. Cimino's counsel, after the Special Master ordered Vail Health to disclose its purported damages, and new issues were raised by Vail Health's amended counterclaim.<br><br>Vail Health and Mr. Brown suggest, but do not come right out and say, that Mr. Brown's state court depositions are in some way related to this case, and thus his deposition would be duplicative. But those depositions had to do with issues such as false statements (defamation) and misappropriation of trade secrets. Although those issues are related to Vail Health's exclusionary conduct under Sherman Act § 2, none had anything to do with the purely antitrust issues that Mr. Brown will be questioned about in his deposition in this case.<br><br>This deposition will be focused exclusively on antitrust issues such as | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | relevant geographic and product markets, barriers to entry, Howard Head's supracompetitive pricing, costs, and profitability, market share, etc. Those are areas of the antitrust claim that are the subject of Plaintiffs' four motions to compel. Plaintiffs' counsel asked Mr. McHugh to identify the areas related to those antitrust issues in Mr. Brown's state court depositions, but he declined to do so. **Pls.' Ex. 2**.<br><br>**ATTORNEY-CLIENT PRIVILEGE ISSUES WILL OBSTRUCT BROWN'S DEPOSITION:** Vail Health submitted a 580-entry privilege log; Mr. Brown is identified in 327 of the entries as either a recipient or sender of purported privileged communications. One of the hotly-contested issues in the case are the joint ventures and other combinations Vail Health entered into with (or attempted to enter into with) the two Vail Valley orthopedic clinics, The Steadman Clinic and Vail-Summit Orthopaedics. Over 70 entries on Vail Health's privilege log relate to physical therapy joint ventures, including fair market valuations undertaken by at least two independent appraisal firms.<br><br>For one appraiser, Vail Health has produced the engagement letter and a list of documents requested by the appraiser—all other documents Vail Health claims are privileged and are the subjection of Plaintiffs' Motion to Compel #4. Additionally, Vail Health | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | asserts privilege over a term sheet for the managed service organization joint venture proposed by Vail Health in December 2016. Given Vail Health's claim of privilege over the documents and communications with the appraisers, Plaintiffs anticipate Vail Health will object to most questions that Plaintiffs seek to question Mr. Brown about related to the joint ventures and appraisals.  The appraisal information is relevant for a number of reasons, including the fair market rate for physical therapy services in the Vail Valley, which goes to Vail Health's supracompetive pricing.<br><br>**REASONS FOR POSTPONEMENT:** Plaintiffs are of the view that it does not make sense to go forward with Mr. Brown's deposition until the Rule 37 motions to compel are decided, the attorney-client privilege issues are resolved, and responsive documents are produced by Vail Health.<br><br>Vail Health and counsel for Mr. Brown characterize the postponement of Mr. Brown's deposition as a "last-minute" decision by Plaintiffs.  But in the context of the procedural history of this case, that statement too is misleading.  Examples include the following:<br><br>(1) Vail Health represented to Judge Martinez that the financial documents | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | Plaintiffs requested would be produced. Four months later they have not been produced; (2) Vail Health represented that it would produce a privilege log. It took them four months to do so, and it still is not compliant with applicable law. Vail Health said a revised log would be served, weeks later and multiple requests by Plaintiffs, Vail Health has still not done so. Mr. Brown's communications and documents are prominently featured in that privileged log—327 times; (3) Vail Health represented that claims data for physical therapy patients would be produced, it has not. These documents will be very important for Mr. Brown deposition's because, according to the October 9, 2021, testimony of Mr. Brown's Vice President colleague Luke O'Brien, Mr. Brown handled the business aspects of Howard Head, including pricing; (4) Vail Health asserts that doctor referral information is not available, and yet Mr. O'Brien testified that Mr. Brown ran reports on referrals from a Vail Health system; (5) how Vail Health set prices for physical therapy services is integral to an antitrust suit, but Vail Health has not yet identified how prices were set during the relevant period (except for | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
| | | possibly 2019).  Plaintiffs have moved to compel this information and are entitled to have it before deposing Mr. Brown; <br><br>(6) Documents involving Mr. Brown have been redacted on "relevancy" grounds, which Plaintiffs have sought to compel as that is an improper basis when a document is responsive to a request; and<br><br>(7) Vail Health has improperly limited its discovery to Vail Valley physical therapy market despite Vail Health's expansion into other markets, including Summit County and Aspen/Basalt.  From the limited documents that have been produced, Mr. Brown was integrally involved in Vail Health's expansion efforts, and to the extent the Special Master orders the documents to be produced, Plaintiffs are entitled to question Mr. Brown about those documents.<br><br>**PLAINTIFFS' PROPOSED RESOLUTION:**<br><br>It makes the most sense to postpone the Brown deposition until these very significant discovery issues are resolved by Special Master Ruckriegle.  If the Magistrate Judge decides otherwise, Plaintiffs should be entitled to move the Court at a later time to call him back for additional testimony. | |

| DISPUTE | MR. BROWN'S POSITION | PLAINTIFFS' POSITION | VAIL HEALTH'S POSITION |
|---|---|---|---|
|  |  |  |  |

Dated: October 15, 2021

      *John M. McHugh*
John M. McHugh
Fennemore Craig, P.C.
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
(303) 291-3200
jmchugh@fennemorelaw.com

Counsel for Non-Party Nicholas Brown

Dated: October 15, 2021

      *Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail: fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Counsel for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

14

Dated: October 15, 2021

     *Shannon Wells Stevenson*
Janet Savage
Jacqueline V. Roeder
Shannon Wells Stevenson
Daniel A. Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
shannon.stevenson@dgslaw.com
daniel.richards@dgslaw.com

Counsel for Defendant Vail Clinic, Inc.