IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS**

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this Reply in Support of its Motion to Place Exhibits 26, 27, 28 and 30 to Plaintiffs' Reply in Support of their Motion to Compel #2 under Filing Restrictions ("Motion").

## INTRODUCTION

Plaintiffs' Opposition to this Motion—a 14-page brief about filing restrictions on four exhibits—is a continuation of the vexatious litigation tactics for which Plaintiffs were reprimanded in June. (Dkt. 113, 118.) Plaintiffs' Opposition lays bare their strategy: (1) demand production of voluminous sensitive financial and other commercial information, claiming that production is warranted because a Protective Order is in place, and then (2) seek to file publicly those same documents so they can be accessed by "residents of . . . Colorado, and certainly the press." (Dkt. 191 at 8). The Court should reject Plaintiffs' efforts to multiply these proceedings and obtain leverage through litigation over filing restrictions.

As to the four exhibits at issue, they easily qualify for Level 1 filing restrictions.

# ARGUMENT

## I. This Court Has Already Rejected Plaintiffs' Argument That Non-Profit Hospitals Have No Confidential and Proprietary Information

Underlying Plaintiffs' Opposition is their contention that non-profit hospitals like Vail Health do not have confidential and proprietary information. (*See, e.g.*, Dkt 191 at 1-2.) The Court has already rejected that argument.

On August 19 and 24, 2021, Vail Health filed motions to restrict certain exhibits to Plaintiffs' first two motions to compel. (Dkts. 137, 143.) On August 25, 2021, Plaintiffs filed a Memorandum Regarding Defendant Vail Health's Motion to Place Exhibits Under Filing Restrictions, arguing that "the obligations that Vail Health has to the public alter any purely commercial arguments it might have that it can withhold from the public information regarding its strategies, prices, and profits that are revealed in this action." (Dkt. 146 at 2.)

In its order dated August 26, 2021, the Court held that 13 of the 15 exhibits that were the subject of Vail Health's motion to restrict should remain restricted and ordered Vail Health to file redacted versions of the 2 remaining exhibits, which contained its interrogatory responses. The Court "balance[d] the interest of public access to the operations of the Court against the harm of disclosure." (Dkt. 147 at 2.) With respect to the 13 exhibits—many of which contain similar information as the exhibits at issue here—the Court found "that the danger of harm to Vail Health's interests due to the sensitive business nature of the documents outweighs the public right of access." (*Id.*) In sum, the Court has already rejected Plaintiffs' argument that Vail Health, as a non-profit hospital, has no right to prevent public disclosure of its confidential and proprietary information.

## II. The Four Exhibits at Issue Qualify for Level 1 Filing Restriction

### A. Exhibit 26 Contains Confidential Commercial Information Regarding a Business Valuation and Should be Maintained at a Level 1 Filing Restriction.

Exhibit 26 contains confidential commercial information and should be maintained at a Level 1 filing restriction. Specifically, Exhibit 26 identifies specific documents that Vail Health's consultant determined were necessary to perform a valuation of Howard Head Sports Medicine ("HHSM") in connection with a prospective joint venture. (Dkt. 174-1.) This Exhibit identifies certain documents that were required to complete a valuation and contains a discussion of the internal structure of HHSM as it relates to the broader Vail Health organization.

Plaintiffs argue that this document is not commercially significant because it was created by Haverford Healthcare Advisors. (Dkt. 191 at 6-7.) Plaintiffs' argument is unavailing. The involvement of a third-party consultant hired by Vail Health does not render otherwise commercially sensitive information subject to public disclosure. Organizations commonly retain third parties, such as bankers and consultants, to advise them regarding their most sensitive matters, including strategic planning, new product development, and mergers and acquisitions. Plaintiffs cite no authority for the proposition that commercially sensitive matters must be disclosed publicly just because a third-party consultant or other advisor is involved.

Moreover, as explained in the Motion, Exhibit 26's contents are commercially and competitively sensitive. The documents, information, and data that the valuation firm determined were critical to perform a business valuation are commercially significant. This kind of information included requests for financial information and data, specific corporate agreements, contracts and documents, specific officer, member and personnel information, specific market information, and specific operational information. These are all commercially significant pieces of information. If Vail Health's competitors were given access to this document, they would

have access to information that Vail Health's consultant determined was crucial, and information that Vail Health paid its consultant to create. This information would permit competitors to determine what kind of joint venture was being contemplated, the structure of that joint venture, and who the potential joint venture partners were. It would provide competitors information regarding the inner workings of Vail Health's decision-making as to major financial decisions. Making this information public would competitively harm Vail Health, and this Exhibit should be maintained at a Level 1 filing restriction.

      **B.    Exhibit 27 Contains Confidential Information Regarding Setting Vail Health's Prices and Should be Maintained at a Level 1 Filing Restriction.**

Exhibit 27 is a series of internal Vail Health emails discussing pricing strategy and revealing the process Vail Health used in 2019 to set its chargemaster prices. As demonstrated in the Motion, Exhibit 27 should remain under Level 1 restriction.

Plaintiffs argue that Exhibit 27 should be made public because, they claim, chargemaster prices are public. (Dkt 191 at 9-10.) Plaintiffs' argument confuses chargemaster pricing with the process a healthcare facility uses to develop its chargemaster pricing. Regardless of whether information regarding Vail Health's chargemaster prices is publicly available, the strategy and process Vail Health uses to set its chargemaster prices—which is the subject of Exhibit 27—is not. Pricing strategy is a classic example of information that would be harmful if obtained by competitors. *E.g.*, *The Proctor & Gamble Co. v. Ranir*, 2017 U.S. Dist. LEXIS 131141, *7-8 (S.D. Ohio Aug. 17, 2017) (agreeing that pricing strategy should be sealed); *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, 2015 U.S. Dist. LEXIS 86123, *12-13 n.3 (D.N.J. July 2, 2015) (pricing strategy sealed).

Plaintiffs also suggest that the only information revealed by Exhibit 27 is the identity of Vail Health's pricing consultant. (Dkt 191 at 10.) Plaintiffs mischaracterize the nature of

Exhibit 27. It reveals not only the identity of Vail Health's pricing consultant, but also compliance strategies (VH_Fed_00005051), the "Proprietary Benchmarks" utilized (*id.*), and strategies and procedures for setting Vail Health's prices (VH_Fed_00005052).

Finally, Plaintiffs argue that the public interest in access to the information contained in Exhibit 27 outweighs Vail Health's interest in protecting the information from public disclosure. The only information Plaintiffs identify as being of public interest is "[t]he fact that Vail Health ostensibly sets its chargemaster prices on the basis of information provided by a third-party vendor." (Dkt 191 at 11.) But that fact is already public, as demonstrated by Plaintiffs' Opposition. Plaintiffs fail to articulate any reason the public would be interested in Vail Health's pricing strategies and cite no legal authority for the proposition that such information must be disclosed publicly.

If Exhibit 27 were to be made publicly available, Vail Health's competitors would be able to see the decision-making process that Vail Health used when setting its prices as well as the concerns motivating Vail Health's decision-making. Competitors would be able to piggyback on Vail Health's strategy for formulating its prices, and Vail Health would be competitively damaged. Exhibit 27 should be maintained at a Level 1 filing restriction.

### C. Exhibit 28 Contains Confidential Commercial Information Regarding a Provider Agreement and Should be Maintained at a Level 1 Filing Restriction.

Exhibit 28 is an amendment to the TriWest agreement with Vail Health. (Dkt. 174-3.) It also contains several exhibits. The first of these exhibits is the Institution Agreement, containing definitions and terms that are specific to Vail Health. Another exhibit contains the Reimbursement Rates that are specific to Vail Health. (Dkt. 174-3.)

Plaintiffs argue that Exhibit 28 is already publicly available and therefore no restrictions are appropriate. Plaintiffs are incorrect. The TriWest website provides a *sample* provider

contract.[1] This is not the contract between TriWest and Vail Health. There are a number of differences, the most obvious of which is the Reimbursement Rates. The sample provider contract contains blank percentages to be filled in, while Exhibit 28 contains specific reimbursement rates that were negotiated between Vail Health and TriWest, including provider discounts, per diem payments for certain services, and specific dollar amounts as reimbursement of things such as, for example, the influenza vaccine. (Dkt. 174-3 at VH_Fed_00001091.) Contrary to Plaintiffs' contentions, these are not publicly available figures or listed on the TriWest website.

Moreover, Vail Health has a contractual obligation to keep information in the TriWest agreement confidential.  Pursuant to Section VI.F of the Institution Agreement, "Provider and TriWest each agree to keep strictly confidential all reimbursement rates and payment methodologies set forth in this Agreement and its Addenda . . . ."  (Dkt 174-3 at VH_Fed_00001085.)

Public release of Exhibit 28 would breach Vail Health's contractual obligations and provide Vail Health's competitors information as to what reimbursement rates Vail Health has negotiated with TriWest, as well as the differences between TriWest's standard provider agreement and its agreement with Vail Health. *E.g.*, *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, 2019 U.S. Dist. LEXIS, 219538 *76 (W.D. Pa. Dec. 1, 2019) (objections on other grounds granted in part and denied in part) (negotiated reimbursement rates were confidential commercial information and should be sealed). Releasing this information will undermine Vail Health's

---

[1] The website link Plaintiffs include leads to an error. https://joinournetwork.triwest.com/Forms/AddProvider.aspx is the correct website, and Exhibit 28 is not publicly available. Instead, a sample provider contract is available at TriWest's website. TriWest, Sample Agreement, https://www.triwest.com/globalassets/netsub/sample_agreement.pdf.

ability to negotiate future agreements with TriWest, thereby causing Vail Health competitive harm. This document should be maintained at a Level 1 filing restriction.

>   D.  **Exhibit 30 Contains Confidential Commercial Information Regarding a Strategic Analysis Conducted and Presented and Should be Maintained at a Level 1 Filing Restriction.**

Plaintiffs' argument that Exhibit 30 is inappropriate for Level 1 filing restrictions is frivolous. Exhibit 30 is an internal Vail Health presentation from May – June 2018 that was created by Nicolas Brown for the purposes of providing Vail Health's CEO with a strategic analysis as to HHSM.

As a preliminary matter, this Court has already recognized that this document should be maintained at a Level 1 filing restriction. On August 19, 2021, Vail Health filed a Motion to Restrict Exhibits to Plaintiffs' Motion to Compel #1, including Exhibit 27. Exhibit 27 is the same document here—the HHSM Strategic Analysis for May – June 2018. (Dkt. 128-6 at VH_Fed_00001433 – 1446.)[2] On August 26, 2021, this Court agreed with Vail Health that this document should be maintained at a Level 1 filing restriction, explaining that "the Court finds that the danger of harm to Vail Health's interests due to the sensitive business nature of the documents outweighs the public right of access." (Dkt. 147 at 2.)

Plaintiffs ignore this determination, arguing that Exhibit 30 should not be maintained at a Level 1 filing restriction because it contains "mostly generic, nonconfidential information," arguing that because most of the "'strategic assessment' involves old information concerning Vail Health/Howard Head initiatives that have already come to pass, [] they are not public and

---

[2] This Motion to Restrict was unopposed. Plaintiffs offer no explanation for their sudden change of view as to this document. Plaintiffs' Opposition, which ignores the Court's previous order, is nothing more than an attempt to unnecessarily multiply the proceedings in this matter. This is a vexatious litigation tactic for which Plaintiffs should not be rewarded.

not sensitive." (Dkt. 191 at 12.) Plaintiffs' argument should be rejected, and this Exhibit should be maintained at a Level 1 filing restriction.

As this Court has already recognized, Exhibit 30 contains confidential commercial information that should be restricted, including an analysis of Telemedicine initiatives, a summary of the Industry Background, an overview of industry growth, acuity trends, the scope of practice, rehabilitation strategy, and an analysis of competitors. *See also In re EpiPen Mktg.*, 2021 U.S. Dist. LEXIS 182875, *31 (D. Kan. Sept. 24, 2021) (sealing documents and information relating to competitive strategy, financial and market share projections, and other strategic analysis). These analyses remain confidential commercial information because their release would provide competitors a significant window into Vail Health's competitive strategies. These competitive strategies remain germane to date.

Plaintiffs raise a number of objections to specific pages of this Exhibit. Vail Health will address each in turn.[3]

The page identified at Bates number VH_Fed_00001434, is the Executive Summary of Exhibit 30. Among other items, it contains a discussion as to telemedicine objectives, the strategy to analyze community needs, providing additional employer services, and points for future clarification. To the extent that this information is made publicly available, Vail Health will be competitively damaged. Providing its competitors access to this information will enable them to determine the kind of strategic analysis Vail Health engaged in, thereby permitting them to determine what steps Vail Health may take in the future.[4]

---

[3] Plaintiffs' objections mismatch the internal PowerPoint pagination and Bates numbering. For the sake of clarity, Vail Health will refer to Bates numbering.
[4] Plaintiffs contend that "Page 4 of Exhibit 30" is also the page Bates numbered VH_Fed_00001434. Plaintiffs' objections as to "Page 4" do not appear to relate to

Plaintiffs contend that the page identified as Bates number VH_Fed_00001437 is "a generic description of physical therapy that is publicly available on the internet and is not confidential in any way." (Dkt. 191 at page 13.) This is not correct. VH_Fed_00001437 contains a recommendation as to industry practices as they relate to Vail Health's service lines, including the location of these services and the availability of these services. To the extent that this information is made public, Vail Health's competitors would have access to Vail Health's recommendations as to specific service lines, causing Vail Health damage.

VH_Fed_0001439 is an analysis of the state of HHSM, including an analysis of primary market area, market share, physician dynamics, and competitors. Plaintiffs provide no support for their bizarre contention that this is "little more than a description of nonconfidential, publicly known and available facts and is not confidential in any way." (Dkt 191 at page 13.) To the contrary, if this information is made publicly available to Vail Health competitors, they will have access to Vail Health's staffing models, Vail Health's concerns as to service lines, and physician dynamics. This will competitively damage Vail Health.

VH_Fed_00001438, 1440-46 contain an analysis of one of Vail Health's service lines, including an approximation of annual patient visits and the interplay between the service line and other services provided by Vail Health. VH_Fed_00001449 contains an analysis of HHSM's annual case volume including an analysis from FY2015 – FY 2018 of patient type, the service line, and the total number of patients seen. VH_Fed_00001441 contains an analysis of the overall

---

VH_Fed_00001434, and Vail Health cannot respond to objections untethered to any specific document or page. To the extent that Plaintiffs refer instead to VH_Fed_00001435, this page provides details as to key industry trends, acuity trends, innovations, and rollup strategies. This page also contains Vail Health notes as to these items. Making this information publicly available will cause harm to Vail Health's competitive standing by providing competitors access to internal recommendations and analysis of industry trends and growth.

payer mix for HHSM, including an overall breakdown of the annual percentage total, the average charge and margin per case, a prospective analysis as to other methods of payment, and the approximate percentage of commercial payor contracts. VH_Fed_00001442 contains an analysis of the origins of HHSM patients, broken down both by internal Colorado location and locations outside of Colorado. VH_Fed_00001443 contains a discussion of HHSM marketing, including an analysis of successful prior marketing campaigns. VH_Fed_00001444 contains a discussion of overall HHSM strategy, including an analysis of future initiatives and potential investment areas. VH_Fed_00001445 is an analysis of HHSM's strengths, weaknesses, opportunities, and threats. VH_Fed_00001446 contains a discussion of recommendations for future growth, both short and long term.

As this Court has previously recognized, making this document publicly available will cause harm to Vail Health. Providing competitors access to a strategic analysis that includes an analysis of service lines, market share, competitors, and opportunities for growth will competitively damage Vail Health.

## **CONCLUSION**

Because Exhibits 26, 27, 28, and 30 contain confidential commercial information that if made public would competitively damage Vail Health, and because the public has no interest in the disclosure of this information, this Court should order that they be maintained at a Level 1 filing restriction.

Respectfully submitted this 27th day of October, 2021.

  *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*