**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS**

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 48-54 filed with Plaintiffs' Reply to Rule 37 Motion to Compel #4 Relating to Joint Ventures and Other Combinations ("Plaintiffs' Reply") (Dkts. 192-193). In support of this motion, Vail Health states as follows:

<u>Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on October 25 and 27, 2021. Plaintiffs oppose this motion.</u>

1.    Exhibit 48 to Plaintiffs' Reply, Dkt. 193-1, is the deposition transcript of Luke O'Brien taken October 9, 2021. This transcript contains a discussion of documents designated as Confidential and Attorneys' Eyes Only pursuant to the Stipulated Protective Order and HIPAA Qualified Protective Order (Dkt. 76) ("Protective Order") and the Protective Order in the Eagle County State Court action. It also contains a discussion of information that is Attorneys' Eyes Only, Protected Health Information. In addition, the transcript contains discussions of how Vail

Health's financial reports were generated and created, (*E.g.*, Dkt. 193-1 at 41:9 – 44:6), potential joint venture collaborations (*E.g.*, Dkt. 193-1 at 49:5 – 51:6, 57:1 – 63:9) and other confidential commercial information. Pursuant to Section 4 of the Protective Order (Dkt. 76), Vail Health has designated the transcript as Confidential.[1]

2.      Exhibit 49 to Plaintiffs' Reply, Dkt. 193-2, is a term sheet for a potential joint venture between Vail Health and a potential joint venture partner. The draft document contains confidential information regarding members, ownership interests, allocations of taxable income and loss, dissolution and other financial matters.

3.      Exhibit 50 to Plaintiffs' Reply, Dkt. 193-3, is an email communication between Vail Health and a potential joint venture partner as well as confidential documents discussed in the email. The email and documents contain confidential commercial information including an overview of the potential partner's clinical research funding, annual budget needs, and projected yearly expenses.

4.      Exhibit 51 to Plaintiffs' Reply, Dkt. 193-4, is a letter of intent regarding a potential physical therapy joint venture between Vail Health and a possible joint venture partner. The letter contains confidential information regarding sensitive terms and conditions concerning deliberations of contemplated partnerships and strategic alignments.

---

[1] Vail Health has designated the entire transcript as Confidential but has designated the following pages and lines as "Attorneys' Eyes Only, Protected Health Information:" 94:14-16, 95:25-96:1, 96:12. In addition, Vail Health has designated the following pages and lines as "Attorneys' Eyes Only:" 58:19-22, 59:7-9, 68:24-25, 69:14-15, 70:10-11, 73:18-19, 73:22, 74:21-75:1, 75:19-20, 76:20-22, 77:17, 78:7-11, 80:12-14.

- 3 -

5.    Exhibit 52 to Plaintiffs' Reply, Dkt. 193-5, contains a list of documents sought by a valuation firm so as to conduct a business valuation of a minority interest in a joint venture involving Howard Head Sports Medicine ("HHSM"). The document contains confidential information regarding information sought by the firm, including specific financial information, corporate agreements, market and operational information. This document is one of the subjects of Vail Health's Motion to Restrict filed on October 7, 2021. (Dkt. 174-1, 181.)

6.    Exhibit 53 to Plaintiffs' Reply, Dkt. 193-6, are email communications between Vail Health's attorneys and a potential joint venture partner. The emails contain confidential commercial information regarding sensitive non-public business planning information relating to deliberations of contemplated partnerships and strategic alignments, including an analysis of compliance with the Stark Law.

7.    Exhibit 54 to Plaintiffs' Reply, Dkt. 193-7 is the same as Exhibit 52.

8.    On October 23, 2020, the Court entered the Parties' Protective Order (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

9.    Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or

be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g., Ad Astra Recovery Servs. v. Heath,* 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.,* 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC,* 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

10. Exhibits 48, 49, 50, 52, 53, and 54 to Plaintiffs' Reply are documents that were marked as "CONFIDENTIAL."

11. Portions of Exhibit 48 and all of Exhibit 51 to Plaintiffs' Reply are marked as "ATTORNEYS' EYES ONLY." In addition, portions of Exhibit 48 have been designated "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION."

12. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

13. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or

- 5 -

defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

14. If the information contained in Exhibits 48-54 to Plaintiffs' Reply were to be made public, Defendant would be competitively damaged. *SBM Site Servs., LLC v. Garrett,* 2011 U.S. Dist. LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1977)).

15. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

16. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to

maintain confidential business relationships, negotiate future agreements, and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

17. Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Plaintiffs' Reply were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

18. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Exhibits 48-54 to Plaintiffs' Reply at a Level 1 filing restriction.

Respectfully submitted this 28th day of October, 2021.

        *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*