IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

**PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
TO EXTEND FACT DISCOVERY, EXPERT DISCLOSURE,
AND DISPOSITIVE MOTION DEADLINES**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiffs Sports Rehab Consulting, LLC, and Lindsay Winninger ("Plaintiffs") move the Court to modify the current Scheduling Order [ECF No. 126] to extend the fact discovery deadline by approximately sixty days, to and including December 31, 2021. Plaintiffs further move the Court to extend the Scheduling Order with respect to affirmative expert disclosures to January 31, 2022, and for rebuttal experts to February 28, 2022. Finally, Plaintiffs move the Court to modify the Scheduling Order to extend the filing of dispositive motions to March 31, 2022. Plaintiffs request these extensions on the grounds that defendant Vail Health has not as of this filing fulfilled its discovery obligations under Rule 26, which therefore required Plaintiffs to file five motions to compel under Fed. R. Civ. P. 37.

Good cause to modify the Scheduling Order exists given the procedural history of this case. The Court, the Hon. Gordon P. Gallagher, presiding, appointed Judge Terry Ruckriegle as Special Master to resolve discovery disputes. He has now heard four of the five motions to compel discovery and specified a particular procedure to be used by the parties over the course of approximately the month of November. Plaintiffs are optimistic that a significant number of the discovery issues can be resolved by the parties themselves, thus narrowing by a wide margin the issues left for the Special Master to resolve by court orders. If Plaintiffs' assumption is correct, the parties will reduce their litigation costs, limit appellate issues, and conserve judicial resources. In short, the judicial system as it relates to this case will be better off.

But the procedural course that is now being mapped out will need a bit more time to succeed than the current Scheduling Order permits. The parties will need to follow the conferral procedures laid out for them by the Special Master during most of November. The Special Master will need some time to issue orders for those issues that remain, as will likely be the case. If additional documents are produced by Vail Health—whether by consent or court order—time will likely be required for that process to run its course. Then there are third-party subpoenas that need to be addressed where parties have filed objections. After that course has been completed, a few more depositions will need to be taken. The additional 60 days that Plaintiffs are requesting here is aggressive, but if the parties work together, the case can be ready for dispositive motions and trial in an orderly fashion—the date for which has not yet been scheduled. Plaintiffs therefore ask the Court to grant their motion.

**STATEMENT OF CONFERRAL**

On October 6, 2021, Plaintiffs sent an email seeking Vail Health's position regarding modifying the scheduling order. After a number of requests, Vail Health responded on October 11, 2021, stating that it would oppose Plaintiffs' motion. Toward the conclusion of the October 22 hearing before Special Master Ruckriegle, when discussing the procedures in which the parties would engage to resolve their differences, Vail Health again confirmed before the Special Master that it would object to any motion to modify the Scheduling Order. Plaintiffs, therefore, have exhausted the opportunities for the parties to reach a compromise on this motion to modify, and have satisfied their obligations to resolve the issue through conferral.

**PROCEDURAL BACKGROUND**

**I.      STATUS OF MOTIONS TO COMPEL BASED AND ORDER # 202.**

Plaintiffs' Rule 37 motions to compel # 1, # 2, #3, and # 4,[1] involve fundamental elements of Plaintiffs' Sherman Act § 2 monopolization and attempt to monopolize claims. The facts into which these motions seek discovery involve bedrock principals of any § 2 claim, such as relevant geographic market, consumer preference, production output, prices, costs, profits, and market share, among others. The first four motions were fully briefed and on October 21 and 22, 2021, Special Master Ruckriegle and the parties devoted nearly about 7½ hours to participate in hearings for each of the motions [ECF. No's. 200 and 201]. On October 25, the Court issued the Order requested by Special Master Ruckriegle, which provides as follows:

---

[1]      ECF Nos. 127, 129, 132, 157.

> The parties conducted hearings on Plaintiffs' Motions to Compel #1, #2, #3, and #4 before the Special Master on October 21-22, 2021.  Based upon the arguments of counsel, and the disclosure of additional discovery and information subsequently provided by Defendant, the Special Master directed that Plaintiffs specifically identify to Defendant, and itemized by reference to prior discovery requests, what answers, information and materials they still request to be produced, by November 2, 2021.  Defendant has until November 12, 2021 to respond in writing.  Thereafter, counsel shall reasonably confer by November 19, 2021, in the vein outlined by the Master, and attempt to resolve as many issues as possible.  Counsel will report to the Master the results of matters resolve and those they request the Master to rule on, including Motion to Compel #5, by November 24, 2021.

[ECF No. 202]  Vail Health has not yet filed a response to Plaintiffs' Rule 37 motion to compel #5 relating to Vail Health's privilege log, which response is due by November 8, 2021.  Plaintiffs' reply will therefore not be due with respect to that motion until November 22.  Pursuant to the Special Master's October 25 Order, the process for resolution of these disputes will extend out until at least November 24, 2024.  And it is likely that *in camera* review of privileged documents will be required, which would likely take additional time.  The parties therefore need sufficient time to work through the discovery process ordered by the Special Master.

There are also outstanding issues with respect to the enforcement of third-party subpoenas served pursuant to Rule 45.  On June 5, 2021, Plaintiffs served a subpoena *duces tecum* and deposition subpoena upon Vail-Summit Orthopedic and Vail-Summit Orthopaedic Foundation.  Both of those entities have objected to the subpoenas and Plaintiffs have, as of yet, been unable to work out a compromise with respect to the scope of the subpoenas.  Motions to compel may be required, but it is still too early to

4

predict whether they will be necessary. But even if motions are not required, it will take time to reach agreement on the subpoenas and time for the third-parties to produce the documents agreed upon and sit for the depositions that may be required. The same goes for the subpoena served upon third-party BKD, LLC. On October 15, 2021, Plaintiffs served a subpoena *duces tecum* and deposition subpoena upon BKD, LLC, Vail Health's auditors, and BKD has recently objected to that subpoena. Here again, Plaintiffs will work hard to work out a compromise, but it will take some time.

Even after the procedures outlined above run their course, additional time will be required to provide relevant discovery to the experts of the parties so they can conduct or complete their Rule 26 disclosures. For example, Plaintiffs have requested information related to pricing, costs, and customers—the heart of every antitrust suit. Certain patient information was produced by Vail Health on October 20, the day before the first hearing with the Special Master. Plaintiffs contend that the data is deficient and will be the subject of the parties' upcoming meet and confer. This data is relevant for the experts for a number of reasons. The Scheduling Order, as with the prior ones, provides 30 days from the end of discovery to the time of disclosure of affirmative expert reports. If discovery is extended by 60 days, Plaintiffs request the expert disclosure deadlines be correspondingly moved, as well as the time for rebuttal reports and filing dispositive motions.

## II.     THE PARTIES' PRIOR REQUESTS TO MODIFY SCHEDULING ORDER.

On October 9, 2020, Magistrate Judge Gallagher entered a Scheduling Order in this matter [ECF No. 71], which had a fact discovery deadline set for August 1, 2021.

*Id.* at 24. On June 28, 2021, Vail Health requested—and Plaintiffs did not oppose—that request and thus joined the motion—to extend the fact discovery deadline until August 31, 2021. [ECF No. 115]. The request was made, at least in part, on Vail Health's request that it needed additional time to produce documents in light of the Court's June 9, 2021 order that the temporal scope of discovery dated back to November 1, 2012 [ECF No. 107]. On June 28, 2021, Magistrate Judge Gallagher granted the motion and extended fact discovery until August 31, 2021. [ECF No. 117].

On July 29, 2021, the parties jointly moved that the Scheduling Order be modified again to extend the fact discovery deadline by approximately 60 days, to and including November1, 2021. [ECF No. 124]. The Parties also jointly requested that the expert deadlines be extended as well, as the discovery in the case is necessary for the preparation of expert reports. On August 1, 2021, the Court granted the parties' request and modified the discovery deadline to November 1, 2021, which also moved the expert deadlines. [ECF No. 126].

**ARGUMENT**

I. **GOOD CAUSE EXISTS FOR AN EXTENSION OF THE DATES SET FORTH IN THE CURRENT SCHEDULING ORDER.**

After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.[2] Good cause exists for this extension.

---

[2] *Gorsuch, Ltd., B.C. v. Wells Fargo, Nat. Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014), (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D.Colo.2001).

As the Court is aware, the parties have had a number of discovery disputes. In light of this, on June 28, 2021, Magistrate Judge Gallagher indicated his intent to appoint a special master for discovery-related issues. [ECF No. 119). The parties were given until July 13 to object to this appointment; neither party objected. On July 20, 2021, Magistrate Judge Gallagher issued an Order appointing Special Master Ruckriegle to handle certain discovery disputes as referred by Magistrate Judge Gallagher. [ECF No. 123]. The Order suspended the use of informal discovery procedures and outlined the amended procedures for handling discovery disputes, which includes filing motions with the Court in accordance with applicable federal and local rules. *Id.* at 2. Plaintiffs forthwith filed their motions to compel, so there was very little delay in filing the motions following the July 20 Order.

## II. NO PREJUDICE OR UNDUE DELAY WILL RESULT FROM THIS SHORT EXTENSION.

Plaintiffs assert that a 60-day extension will not cause Vail Health prejudice. If Vail Health provides further discovery through the November conferral process outlined above, then presumably the discovery should have been produced anyway and it will suffer no incremental cost or delay. Or, if conferral is unsuccessful and Special Master Ruckriegle must issue orders compelling additional discovery, then again Vail Health would incur no incremental cost over what it should have produced in the first place. And a 60-day extension will, if the parties seriously and diligently pursue the conferral course, will actually speed resolution of this case. Fewer motions, fewer trial issues, fewer appellate issues. All parties will benefit from such a modification of the Scheduling Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that their motion to modify the Scheduling Order be granted and that the following deadlines be extended as follows:

- Fact discovery deadline extended to December 31, 2021;
- Affirmative expert disclosures to January 31, 2022;
- Rebuttal expert disclosure to February 28, 2022; and
- Dispositive motions to March 31, 2022.

Respectfully submitted,

Dated:  October 29, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  cusonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I served a true and correct copy of Plaintiffs' Motion To Modify The Scheduling Order To Extend Fact Discovery, Expert Disclosure, and Dispositive Motion Deadlines via the Court's ECF system on:

Shannon Stevenson
Janet A. Savage
Jackie Roeder
Daniel Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202

Counsel for Defendant Vail Health

*s/Alan L. Kildow*
Alan L. Kildow,

9