IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

### PLAINTIFFS' MOTION FOR AN EMERGENCY PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

---

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs Sports Rehab Consulting, LLC, and Lindsay Winninger ("Plaintiffs") move the Court on an emergency basis for a protective order defendant Vail Health to halt the service of two nonparties related to Winninger's employment and contractual agreements with the Orlando Magic and an AEO restricted nonparty that Winninger has a consulting arrangement that is subject to a stringent nondisclosure agreement. This motion is necessitated by the facts set forth below.

### **CERTIFICATION OF CONFERRAL**

Consistent with an oral order of Special Master Ruckriegle at a motion hearing on October 21, 2021, counsel for Plaintiffs and Vail Health participated in a meet and confer conference call on Friday, October 29, 2021, relating to certain discovery

issues. Alan Kildow and Sonya Braunschweig appeared on behalf of Plaintiffs, and Daniel Richards appeared on behalf of Vail Health. During the course of that meet and confer, Mr. Richards stated that Vail Health was seeking the production of employment agreements between Winninger and her principal employer, the Orlando Magic. Mr. Richards further stated that Vail Health also seeks the contract between Ms. Winninger and an AEO restricted nonparty relating to a consulting agreement. Mr. Kildow explained why he did not believe that such discovery was appropriate but that Plaintiffs would get back to Vail Health early next week (the week of November 1) regarding the issue, but that Plaintiffs wanted to avoid the need for a motion. Mr. Richards stated that he understood and did not disclose that Vail Health would attempt to serve any subpoenas on the two nonparties.

On the morning of November 1, 2021, however, Mr. Richards sent Mr. Kildow and Ms. Braunschweig the e-mail. The e-mail informs Plaintiffs that Vail Health is proceeding to serve today the Magic and the other AEO restricted nonparty. Given the message, Mr. Kildow placed telephone calls to Ms. Stevenson at about 11:48 am MST and Mr. Richards at 11:50 am MST on the same day. Messages were left to return the call so that parties could confer regarding the subpoenas. Mr. Kildow proceeded to send an email, asking that Vail Health's counsel return his call. Neither of Vail Health's counsel returned Mr. Kildow's call, so he again called at 1:17 pm MST to Mr. Richards and at 1:18 pm MST to Ms. Stephenson. Again, neither counsel picked up the telephone and as of the fling of this motion Plaintiffs have not been able to conduct a meet and confer with Vail Health, although their efforts satisfy the

2

requirements of Fed. R. Civ. P. 26(c) regarding conferral, as well as applicable rules and standards of the District of Colorado.

## ARGUMENT

Plaintiffs file this emergency motion because of the threat that the subpoenas pose to Ms. Winninger's relationship with her employer—the Orlando Magic—and her contractual relationship the AEO restricted nonparty. Plaintiffs informed Vail Health that it would get back to it early this week, but Vail Health does not appear, at least at the time of this filing, to be willing to permit Plaintiffs the two business days in which they committed to get back to Vail Health about its request. Under these circumstances, Plaintiffs are entitled to a temporary protective order pursuant to Fed. R. Civ. P. 26(c), which provides in relevant part, as follows:

> **(c) Protective Orders.**
>
> **(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
>
> **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

3

> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters….

Plaintiffs move the Court for the following protective order: (1) that no subpoenas be served upon the Magic or the AEO restricted nonparty until Plaintiffs have had a reasonable opportunity to confer with their client who is presently traveling with the Magic for a game day; (2) that Plaintiffs are permitted until the close of business on Friday, November 5, 2021, to respond to Vail Health's request including any production of documents; (3) that Vail Health be forbidden to disclose the existence of the AEO restricted nonparty consulting agreement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted.

Dated:  November 1, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2021, I served a true and correct copy of Plaintiffs' Motion for Protective Order Under Fed. R. Civ. P. 26(c) via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant Vail Health

                                       *s/Alan L. Kildow*
                                         Alan L. Kildow,

5