IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 5-9 and 11 filed with Plaintiffs' Rule 37 Motion to Compel #5 to Produce Documents on Vail Health's Inadequate Privilege Log, or Alternatively, *In Camera* Review at Vail Health's Cost ("Plaintiffs' Motion") (Dkts. 196-197). In support of this motion, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel via email on October 25 and 27, 2021. Plaintiffs oppose this motion.

1.  Exhibit 5 to Plaintiffs' Motion, Dkt. 196-1, includes excerpts of Board Minutes of the Special Joint Meeting of VHS & VVMC Governing Boards dated December 7, 2015 on the ratification of several resolutions including a research affiliation agreement and letter of intent. Exhibit 5 also includes an excerpted email communication between Vail Health and its attorneys. The complete email is a communication from a potential joint venture partner to Vail Health regarding funding, ownership interest, investments, and other financial considerations. While Vail

Health is not seeking to place filing restrictions on the two excerpted pages contained as Exhibit 5, it will seek to place filing restrictions on the remainder of the documents should the Plaintiffs attempt to make the full documents publicly available.

2. Exhibit 6 to Plaintiffs' Motion, Dkt. 196-2, includes email communications between Vail Health, its attorneys, and a potential joint venture partner. The emails contain confidential commercial information regarding sensitive non-public business planning information relating to deliberations of contemplated partnerships and strategic alignments, including an analysis of compliance with the Stark Law.

3. Exhibit 7 to Plaintiffs' Motion, Dkt. 196-3, is a letter of intent regarding a potential physical therapy joint venture between Vail Health and a possible joint venture partner. The letter contains confidential information regarding sensitive terms and conditions concerning deliberations of contemplated partnerships and strategic alignments. This document is also a subject of Vail Health's Motion to Restrict filed on October 28, 2021, which is pending before this Court. (Dkt. 204.)

4. Exhibit 8 to Plaintiffs' Motion, Dkt. 196-4, is a term sheet for a potential joint venture between Vail Health and a potential joint venture partner. The draft document contains confidential information regarding members, ownership interests, allocations of taxable income and loss, dissolution, and other financial matters. This document is also a subject of Vail Health's Motion to Restrict filed on October 28, 2021, which is pending before this Court. (Dkt. 204.)

5. Exhibit 9 to Plaintiffs' Motion, Dkt. 196-5, is an email communication between Vail Health and a potential joint venture collaborator. It is also the subject of Vail Health's September 21, 2021 clawback letter to Plaintiffs and a subject of Vail Health's September 21, 2021

- 3 -

Motion to Restrict. (Dkt. 170, at 5.) This document contains attorney-client privileged communications and was inadvertently produced. Vail Health has previously requested that Plaintiffs remove this Exhibit and replace it with a placeholder document that explains the assertion of privilege. (Dkt. 170 at page 5.) To date, Plaintiffs have not done so and have instead filed this document yet again in connection with their Motion to Compel #5.

6. Exhibit 11 to Plaintiffs' Motion, Dkt. 196-6, is an email communication between Vail Health and a potential joint venture collaborator. The emails contain confidential information regarding the possibility of collaboration, including geographic limitations on the part of the potential joint venture partner.

7. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

8. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing

documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g., Ad Astra Recovery Servs. v. Heath,* 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.,* 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). The Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC,* 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

9. Exhibits 5, 6, 8, and 11 to Plaintiffs' Motion are documents that were marked as "CONFIDENTIAL."

10. Exhibits 7 and 9 to Plaintiffs' Motion are documents that were marked as "ATTORNEYS' EYES ONLY."

11. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

12. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel.

Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

13. If the information contained in Exhibits 5[1] through 9 and 11 to Plaintiffs' Motion were to be made public, Defendant would be competitively damaged. *SBM Site Servs., LLC v. Garrett,* 2011 U.S. Dist. LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1977)).

14. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

15. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other

---

[1] As noted above, Vail Health's contention as to Exhibit 5 is that if the redacted or excerpted information contained in the two documents is released, it will be competitively damaged. Vail Health does not seek the restriction of the two excerpted pages.

competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

16. Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Plaintiffs' Motion were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

17. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Exhibits 6-9 and 11 to Plaintiffs' Motion at a Level 1 filing restriction.

Respectfully submitted this 1st day of November, 2021.

*s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
            janet.savage@dgslaw.com
            jackie.roeder@dgslaw.com
            daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*