**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' RULE 37 MOTION
TO COMPEL #5 RELATING TO DOCUMENTS IN VAIL HEALTH'S PRIVILEGE
LOG OR ALTERNATIVELY, *IN CAMERA* REVIEW AT VAIL HEALTH'S COST**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") submits this response to Plaintiffs Sports Rehab Consulting LLC's and Lindsay Winninger's (collectively, "Plaintiffs") Rule 37 Motion to Compel #5 Relating to Documents in Vail Health's Privilege Log, or Alternatively, *In Camera* Review at Vail Health's Cost ("Motion").

**PRELIMINARY STATEMENT**

This is Plaintiffs' fifth Motion to Compel, representing a continuation of the same vexatious litigation tactics for which they were twice reprimanded in June of this year. (Dkt. 113, 118.) Notwithstanding Plaintiffs representation that they have attempted to confer with Vail Health, Plaintiffs ignore the fact that Vail Health had already agreed to provide—and has provided—an amended log, addressing the deficiencies Plaintiffs claim existed. Vail Health remains willing to address any additional reasonable issues Plaintiffs raise. The filing of this Motion indicates that Plaintiffs are less concerned with the adequacy of Vail Health's privilege

4876334

log and more concerned about continuing to multiply the burdens of this litigation. It should be denied.

## ARGUMENT

**I.     Vail Health's Privilege Log Was Timely Served and Meets the Requirements Set Forth in This Circuit.**

Plaintiffs allege Vail Health's privilege log is deficient because it does not provide company affiliation for each individual, does not provide email addresses, does not differentiate between direct and copied recipients, fails to provide meaningful descriptions, includes entries that are business communications and not legal advice, includes factual information, and contains entries summarizing legal matters. (Dkt. 195 at 4-7.) Plaintiffs also argue that Vail Health's privilege log was untimely served. Plaintiffs' arguments should be rejected.

**A.     Vail Health's Privilege Log is Compliant**.

Privilege logs must contain "the author or origin of the document; any documents or materials attached to the document; all recipients of the document, including addresses and persons or entities receiving copies; the date of the origin of the document; and a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege." *Wildearth Guardians v. United States Forest Serv.*, 713 F. Supp. 2d 1243, 1266 (D. Colo. 2010) (internal citations omitted). Vail Health's privilege log contains the required information. (Dkt. 195-4.)

i.     Vail Health has Sufficiently Identified Individuals.

Plaintiffs argue that Vail Health should be required to identify every individual by company affiliation, and claim, disingenuously, that because an appraiser was identified by company, this "begs the question that information was originally in the log and later removed."

(Dkt. 195 at 3.) Plaintiffs' accusations are baseless,[1] and Vail Health is not required to provide a company affiliation for every individual identified. *Id*. (listing requirements). Vail Health has already explained to Plaintiffs that to the extent that an individual is listed on Vail Health's privilege log, they are a Vail Health employee, a Vail Health Board Member, an attorney or legal professional,[2] or an agent retained by Vail Health. (Dkt. 195-2.) However, to address this concern, on November 2, 2021 Vail Health provided Plaintiffs with an appendix containing a list of the individuals appearing on the privilege log and their company affiliation. (**Exhibit 1**, Appendix of Individuals on Log.)

      ii.      Vail Health is not Obligated to Differentiate Between Direct Recipients and Copied Recipients.

Plaintiffs provide no authority for the proposition that a privilege log must identify whether an attorney is a direct recipient or is instead copied on an email. Instead, they argue that it is "impossible to ascertain" whether legal advice was requested or provided without knowing if an attorney is a direct recipient. (Dkt. 195 at 5.)

This proposition ignores the reality of business e-mail practice, where the placement of a recipient as a direct recipient versus a carbon copy is virtually meaningless. The location of an attorney's name on an email does not strip the email of its privileged nature. *ePlus Inc. v. Lawson Software, Inc.*, 2012 U.S. Dist. LEXIS 177616, *25-26 (E.D. Va. Dec. 14, 2012) (emails carbon copying attorney were privileged); *Santrade, Ltd. v. GE*, 150 F.R.D. 539, 545 (E.D.N.C.

---

[1] This is not the first time that Plaintiffs have made such baseless, false, and vexatious statements. This is consistent with their prior history, and this Court should not countenance these kinds of remarks. (Dkt. 113 at 5, 6-7).

[2] Plaintiffs also claim that Vail Health's use of the phrase "attorneys and legal professionals" is deficient. To the extent that an individual is identified as an attorney or legal professional, they are either an attorney or work for an attorney and are included in the privilege. *United States ex rel. Stone v. Rockwell Int'l. Corp.*, 144 F.R.D. 396, 399 (D. Colo. 1992) (adopting *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358 (D. Mass. 1950)).

1993) ("document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds"). Vail Health has properly withheld documents and communications seeking legal advice, and Plaintiffs' argument should be rejected.

### iii. Vail Health's Log Provides Sufficient Description.

Plaintiffs argue that Vail Health has not provided a meaningful description because Vail Health excluded the email's subject matter line. Plaintiffs ignore that Vail Health is not required to include an email subject matter line. *E.g.*, *Wildearth*, 713 F. Supp. 2d at 1266. In addition, Plaintiffs claim that documents containing a third-party recipient or sender are not privileged. Third party recipients do not void privilege where, as here, third parties such as Healthcare Transaction Advisors, Haverford, and Deloitte acted as Vail Health's agent. *United States v. Kovel*, 296 F.2d 918, 923 (2d. Cir. 1961) (third party communication to obtain legal advice made in confidence privileged); *Phillips v. Boilermaker-Blacksmith Nat'l Pension Trust*, 2021 U.S. Dist. LEXIS 186381, *13-14 (D. Kan. Sept. 29, 2021); *Austin v. City & Cnty. of Denver*, 2006 U.S. Dist. LEXIS 32048, *15-18 (D. Colo. May 18, 2006).

As to entry 342, Vail Health has previously explained to Plaintiffs why this was included in the log. (Dkt. 195-2 at 5.) The first two emails in the chain are not relevant to this matter, as they contain a discussion about a surgical center unrelated to physical therapy. The second email in the chain is the only one on which individuals from The Steadman Clinic and Vail Summit Othopedics are copied. The remaining emails on the chain—which were included because they are arguably responsive and relevant—are privileged.

### iv. Documents and Communications Included in the Privilege Log Are Requests for Legal Advice or Responses Containing Legal Advice.

Plaintiffs next argue that there are multiple entries that do not reflect a request for or provision of legal advice. Plaintiffs claim many emails appear to be internal business

- 4 -

communications, with an attorney copied at a later point in time. As discussed in Section II.A, *infra*, the documents and communications in question largely relate to regulatory concerns raised by myriad complex healthcare laws.

Plaintiffs also argue that Vail Health circulated documents containing factual information and that these documents are not privileged. Plaintiffs are wrong. Courts have agreed that where documents are provided for the purposes of obtaining legal advice, they are privileged. *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 31 (D.D.C. 2016); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 640 (D. Kan. 2006) (communications and documents circulated internally to non-attorney employees for the purpose of discussing or seeking legal advice were privileged). Plaintiffs point to entry 544, but this entry relates to an email sent by Nicholas Brown to incoming CEO Will Cook, attaching documents previously prepared to assist counsel in addressing regulatory concerns, and which were provided to Mr. Cook so that he could understand the prior approach to the regulatory issues. **Exhibit 3**, Declaration of Nicholas Brown, ¶ 15; Dkt 195-4 at 77.

    v.  Vail Health Has Appropriately Withheld Communications Sent By Its Attorneys.

Plaintiffs next claim that there are several entries that are deficient because they do not identify legal advice requested or obtained. Plaintiffs are incorrect. The entries that Plaintiffs identify are emails from legal assistants, document specialists, or attorneys at Duane Morris LLP providing Vail Health with an update as to many ongoing legal issues. By way of example, log entry 478-79[3] is an email from Fran Stinsman (a document specialist) to Vail Health and Duane

---

[3] Entries 480 – 96, 498 – 02, 505 – 17, 519 – 21, 527 and 530 are the same kinds of documents. Renee Depew is a legal administrative assistant at Duane Morris, and Gregory Brodek, Donald Auten, and Matthew Jones are or were attorneys with Duane Morris. These individuals are included in the attorney-client privilege. *Rockwell*, 144 F.R.D. at 399 (D. Colo. 1992).

Morris attorneys, attaching a document containing a weekly report from those attorneys as to ongoing legal matters. This is a textbook example of attorney-client privilege—a document prepared by counsel for their client about ongoing legal matters to provide legal services and advice. To the extent Plaintiffs argue otherwise, their arguments are baseless.

      **B.**    **Vail Health's Log Was Timely Served**.

Plaintiffs argue that Vail Health's privilege log is untimely and that a determination that privilege has been waived is appropriate. Plaintiffs claim, disingenuously, that Vail Health has not explained why it served its log only after Plaintiffs filed a motion to compel and that waiver of any asserted privilege is appropriate. Plaintiffs also claim that they have given Vail Health "more than ample time to address its deficient privilege log." (Dkt. 195 at 8.) Plaintiffs are mistaken.

Following this Court's June 10, 2021 Order clarifying the relevant timeframe for discovery, Vail Health engaged in significant additional review of documents. (Dkt. 107 at 6.) As Vail Health explained in its response to Plaintiffs' Motion to Compel #3, it substantially completed its document production on August 6, 2021. (Dkt. 154 at 10.) Plaintiffs filed their Motion to Compel #1 on August 5, 2021, their second Motion to Compel on August 10, 2021, and their third Motion to Compel on August 12, 2021.[4] (Dkt. 154 at 10-11.) While Vail Health was diligently working to complete its 580-entry privilege log, it was also forced to devote considerable time responding to these motions. On September 7, 2021, three days before Vail Health served its privilege log, Plaintiffs filed their fourth Motion to Compel. (Dkt. 157.) On

---

[4] Notably, despite Plaintiffs' claims that Vail Health's privilege log was untimely, they did not serve their own log until August 12, 2021, despite serving their discovery responses on March 30 and 31, 2021. To the extent Plaintiffs believe an untimely production warrants waiver, that argument applies with equal force to Plaintiffs' own privilege log.

September 10, 2021, Vail Health provided Plaintiffs with a privilege log comprising 580 entries. Vail Health's privilege log was timely served.

Vail Health has since served its amended privilege log on November 2, 2021, to address various concerns raised by Plaintiffs. Between the time that Vail Health received Plaintiffs initial complaints about its privilege log and the time in which it provided the amended log, Vail Health was also required to brief Plaintiffs' four motions to compel, prepare for and participate in approximately eight hours of hearing on these motions to compel,[5] take and defend multiple depositions scheduled or rescheduled by Plaintiffs,[6] and file numerous Motions to Restrict and respond to Plaintiffs' oppositions thereto.

Waiver of privilege is not appropriate here. Vail Health has worked in good faith to timely produce its original and amended privilege log. *White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (waiver unwarranted where good faith attempts at compliance and other mitigating circumstances); *Salazar v. Bocanegra*, 2012 U.S. Dist. LEXIS 196660, *12 (D.N.M. July 27, 2012). Nothing about Vail Health's conduct here would warrant the extreme sanction of waiver of its attorney-client privilege.

---

[5] Dkt. 182 – 183, setting hearing dates and times.
[6] By way of example, Plaintiffs rescheduled the deposition of Nicholas Brown for four hours on October 19, 2021. On October 14, 2021 Plaintiffs informed Vail Health they were adjourning his deposition and would file a motion to extend his deposition from four to seven hours. Vail Health objected to this tactic, and ultimately this dispute required the intervention of this Court. (Dkt. 198.) In addition, Plaintiff Lindsay Winninger was scheduled to be deposed on October 1, 2021. The day before, counsel for Plaintiffs unilaterally cancelled her deposition and rescheduled it for the following week. (**Exhibit 2**, September 30, 2021 Email from Plaintiffs' Counsel.)

**II.       The Documents and Communications Listed in Vail Health's Log Are Privileged.**

Plaintiffs make four broad arguments to support their contention that certain documents are not privileged. Each of these arguments is flawed and should be disregarded.

**A.       Valuation Documents were Prepared at the Request of Counsel and Are Privileged**.

Plaintiffs claim that certain entries relate to valuations conducted by independent appraisers and that these documents are not privileged.[7] Plaintiffs' argument first fails because Plaintiffs appear to suggest that any communication regarding these valuations is not privileged, without any individualized assessment of the sender, recipients, and subject of the emails. Second, Plaintiffs assume that the fair market valuation analyses at issue were created for purposes unrelated to legal advice. As discussed below, however, and as Vail Health has previously explained in its Response to Plaintiffs' Motion to Compel #4, appraisal firms were retained as agents by Vail Health to perform valuations of potential joint ventures to assist Vail Health's attorneys in assessing regulatory risks associated with those potential joint ventures. *Kovel*, 296 F.2d at 923 (2d. Cir. 1961); *Austin*, 2006 U.S. Dist. LEXIS 32048 at *15-18. Thus, they are privileged. However, to expedite resolution of this matter, Vail Health has no objection to providing these documents for an *in camera* review.

The documents and communications identified by Plaintiffs fall into four broad categories. (Pls.' Motion at 9, n.42.)  First, there are **attorney-client communications**. This includes entries 117, 131, 133, 135, 174, 217, 247, 252, 293, 329, 376, 383, 437, 457, 473, and 571. (Exhibit 3, Declaration of Nicholas Brown at ¶ 6; Dkt. 195-4.) These documents are privileged. They are communications from a client to an attorney seeking legal advice. Exhibit 1;

---

[7] Plaintiffs cite to a number of cases, but none address a situation where valuation documents were prepared to assist legal counsel in assessing regulatory compliance issues.

*In re Qwest Comm'ns. Int'l*, 450 F.3d 1179, 1185 (10th Cir. 2006). By way of example, entry 252 is an email from Nicholas Brown to Matthew Jones, one of Vail Health's attorneys, then-CEO Doris Kirchner, and then-Board Chair Michael Shannon, seeking legal input on a draft presentation. (Dkt. 195-4 at 32.) Similarly, entry 376 is an email from Nicholas Brown to Matthew Jones, seeking legal advice on the Stark Law after an internal discussion about a valuation. (Dkt. 195-4 at 51; Exhibit 3, ¶ 17). Plaintiffs offer no explanation as to why these documents are not privileged.

Second, there are **client-client communications**. This includes entries 219, 321, 331, 340, 374, 375, 396, 397, 436, 439, 440, 441, 468, 470, 474, 504, 529, 544, 559, and 564. These documents are privileged because they discuss legal advice provided or are discussing information for the purpose of obtaining legal advice. *Graff v. Haverhill North Coke Co.*, 2012 U.S. Dist. LEXIS 162013, *25-28 (S.D. Oh. Nov. 13, 2012); *White*, 586 F. Supp. 2d at 1269 (corporate communications privileged where communication was for primary purpose of obtaining legal advice); *Williams*, 238 F.R.D. at 640. By way of example, entries 440 and 441 are communications from Nicholas Brown to Ted Sirotta, then-Senior Vice President and CFO at Vail Health and to Doris Kirchner and Michael Shannon, providing a copy of the latest draft valuation for their review so that Vail Health could approach its attorneys with further questions about regulatory compliance.[8] (Exhibit 3, ¶ 13).

---

[8] Plaintiffs' argument that Vail Health's internal communications are not privileged is flawed. First, their use of VH_Fed_00001942 – 1945 (Ex. 33 to Plaintiffs' Motion to Compel #4) is a violation of Fed. R. Civ. P. 25(b)(5)(B). Vail Health reserves the right to file a motion as to this violation. In addition, VH_Fed_00001942 – 1945 is attorney-client privileged. (Dkt. 196-5.) A request for legal advice need not be express. *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 144 (D. Del. 1977). This is an email chain between Nicholas Brown, the appraiser, Doris Kirchner, Ted Sirotta, and outside counsel Matthew Jones, where Vail Health and its counsel were collectively evaluating whether a different structure for the proposed joint venture would address

Third, there are **attorney-client-appraiser communications**. These include entries 320, 341, 373, 399, 427, 428, 429, 430, 431, 432, 433, 435, 438, 459, 460-67, 554, 560, 562, and 563. These communications are privileged because the appraisers were retained for the purposes of assisting Vail Health's attorneys in providing legal advice. Exhibit 3, ¶¶ 6-8; *Valley Forge*, 2016 U.S. Dist. LEXIS 201652 at *9-10; *Kovel*, 296 F.2d at 923 (2d. Cir. 1961); *Austin*, 2006 U.S. Dist. LEXIS 32048, at *15-18. Healthcare is a highly regulated industry and healthcare providers are required to comply with the Stark Law and the Anti-Kickback Statute. 42 U.S.C. § 1395nn; 42 U.S.C. § 1320a-7b. Vail Health engaged appraisal firms to conduct valuations to enable their attorneys to assess regulatory risks associated with these laws. Exhibit 3, ¶¶ 6-8. These valuations were critical to that assessment because transactions between hospitals and physicians must generally occur at fair market value. 42 U.S.C. § 1395nn(e)(7) (requiring group practice arrangements to be compensated at fair market value); *Heartland Surgical Specialty Hosp. LLC v. Midwest Div. Inc.*, 2007 U.S. Dist. LEXIS 53217, *19 n.5 (D. Kan. July 20, 2007) ("to avoid violations of Stark and anti-kickback laws physician compensation must be based on the fair market value of the services performed"). These valuations were undertaken on the advice of counsel and were then provided to counsel for the purposes of obtaining legal advice regarding regulatory risks. *Graff*, 2012 U.S. Dist. LEXIS 162013, at *25-28 (audit documents requested by legal counsel, for the purpose of providing legal advice were privileged); *Boehringer*, 180 F. Supp. 3d at 31; Exhibit 3, ¶ 8. By way of example, entry 435 is an email from an appraisal firm sent to Doris Kirchner, then-CEO of Vail Health at the request of Vail Health's attorneys, and

---

the legal issues posed by the fair market value requirements. Exhibit 3 at ¶ 14; *Valley Forge Ins. Co. v. Hartford Iron & Metal*, 2016 U.S. Dist. LEXIS 201652, *9-10 (N.D. Ind. Nov. 4, 2016) (attorney client privilege extends to third parties who assist a lawyer in giving advice); *Williams*, 238 F.R.D. at 640. This document is, contrary to Plaintiffs' assertion, privileged.

entry 438 is an email from an appraisal firm to Nicholas Brown and Vail Health's attorneys, providing a draft valuation report. (Dkt. 195-4 at 60.)

Finally, there are **appraiser-client communications**, including entries 116, 322-325, 330, 332, 333, 434, 456, and 458. These communications are privileged for the same reason as above—the appraiser was retained to assist Vail Health's attorneys in providing legal advice relating to regulatory compliance. By way of example, entry 116 is an email from an appraisal firm providing a draft valuation, which was prepared to enable counsel to assess regulatory implications. (Dkt. 195-4 at 16.) Entry 116 was then internally circulated to other Vail Health employees, along with a discussion of a call that Nicholas Brown had with Vail Health attorneys about regulatory concerns. (Dkt. 195-4 at 16, entry 117.) These communications were required to be kept confidential and were not disclosed to third parties. (*See, e.g.*, **Exhibit 4**, Haverford Engagement Letter at page 8, discussing confidentiality.) These are privileged communications.

Plaintiffs argue that any analysis performed by Vail Health's counsel as to the Stark Law was conducted before the valuation firms were engaged, citing to VH_Fed_00003708, 6798. (Dkt. 195 at 10, Dkt. 196-2.) This is not so. While VH_Fed_00003708 and 6798 reflect a preliminary legal analysis of the Stark Law's rural provider exception, which does not concern a fair market valuation, they do not discuss the Anti-Kickback Statute or any other regulatory issues. Further, Plaintiffs' broad claim that any appraisal was "required to be shared with all parties" is inaccurate. (Dkt. 195 at 10-11.) The term sheets are clear that fair market value would govern initial capital contributions, purchase of membership interests, and dissolution. (Dkt. 196-3, 196-4.) They do not require that any *draft* appraisals be provided to the potential joint venture partners. *Id*. To the extent that the draft valuation documents were provided to the potential joint

- 11 -

venture partner, Vail Health has produced those documents to Plaintiffs. Because the potential joint ventures were never consummated, final valuation documents were not prepared or shared.

Plaintiffs next argue that VH_Fed_00004020 is not privileged. (Dkt 195-5 at 12; Dkt. 196-6.) Vail Health agrees that the unredacted portion of the document is not privileged—that is why it was produced. The redacted portion of the email was sent to Vail Health's attorneys seeking legal advice regarding potential regulatory implications concerning the unredacted portion of the document. These communications are privileged.

In addition, Plaintiffs argue that meeting invitations are not privileged. Vail Health agrees that entries 171 and 554 on the log are not privileged, they were inadvertently withheld, and it has produced these documents. However, entry 172 is a meeting request from Vail Health to discuss concerns about safe harbor regulations and Stark Law issues. The bulk of this document is privileged, but Vail Health has produced a redacted version of this email.

### B. Documents and Communications Sent to Vail Health Board Members Are Privileged.

Plaintiffs argue that Vail Health has waived the privilege as to documents sent to Vail Health Board members. Plaintiffs argue that Vail Health did not communicate with Board members "through Vail Health's email system, personal emails, or through a Board portal" and that therefore any privilege has been waived. Plaintiffs are incorrect.

Plaintiffs rely on *L-3 Comm's Corp. v. Jaxon Eng'g & Maint., Inc.*, for the proposition that the use of business emails to transmit privileged information results in a waiver of the privilege. (Dkt. 195 at 13.) But that is not what *L-3* provides. *L-3* explains that an otherwise privileged email lost its privilege when it was forwarded to the *wife* of a co-worker and commented that business communications may be exempt from claims of *spousal* privilege. 2014 U.S. Dist. LEXIS 103157, *10-11, 22 (D. Colo. July 29, 2014). It contains no discussion of

whether attorney-client privileged communications lose their privilege simply because they are sent to the business email of a Board member.

As for Plaintiffs' contention that Vail Health's log is deficient because Vail Health has not provided Plaintiffs with the email addresses for Board members, such information is not required. Corporate officers and Board of Directors members are responsible for exercising the attorney-client privilege of the corporate entity. *Sprague v. Thorn Ams.*, 129 F.3d 1355, 1371 (10th Cir. 1997). Simply because a Board member used a work email does not waive the privilege. *Galli v. Pittsburg Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 119618, *10-11 (N.D. Cal. Oct. 26, 2010) (the Board, as a body, held the attorney-client privilege for the corporation, individual Board member cannot waive that privilege). Board members owe a fiduciary duty of loyalty to their corporation, and there is nothing to suggest these emails were otherwise forwarded or somehow broke any applicable attorney-client privilege. *Commodity Futures Trading Com. v. Weintraub*, 471 U.S. 343, 348 (1985) ("power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors"); *Galli*, 2010 U.S. Dist. LEXIS 119618 at *10-11.

Further, Plaintiffs provide no authority for the proposition that the inclusion of the administrative assistant to Michael Shannon—former Board Chair—somehow waived the privilege. Mr. Shannon was part of Vail Health when he acted in his capacity as Board Chair. *Weintraub*, 471 U.S. at 348 (1985). Mr. Shannon's administrative assistant is therefore included in the privilege. *Kovel*, 296 F.2d at 922; *Shopify Inc. v. Express Mobile, Inc.*, 2020 U.S. Dist. LEXIS 147101, *15-16 (N.D. Cal. Aug. 14, 2020) (administrative assistant to CEO included in privilege); *Abbott Lab v. Airco, Inc.*, 1985 U.S. Dist. LEXIS 14140, *11-13 (N.D. Ill. Nov. 5,

1985) (communications from secretary acting as ministerial agent of either attorney or management were privileged).

      C.      **Vail Health Has Not Selectively Waived Privilege as to Appraisal Documents**.

Plaintiffs argue Vail Health has selectively waived the privilege as to certain appraisal documents, thereby resulting in subject matter waiver. This is inaccurate.

To the extent that Vail Health provided appraisal documents to the Plaintiffs, it is either because those documents had previously been shared with the potential joint venture partner, resulting in a waiver of privilege as to that document, or because the communication was unrelated to legal advice and was instead purely business analysis.[9] Vail Health is not—as Plaintiffs baselessly claim—attempting to gain a tactical advantage. Instead, it has complied with its obligations to produce responsive, non-privileged documents. A finding of subject matter waiver is wholly unwarranted. *De Los Santos v. City of Roswell*, 2013 LEXIS 201293, *28-29 (D.N.M. May 21, 2013) (where there was no evidence that documents selectively disclosed to gain strategic advantage, undisclosed documents would not be compelled).

      D.      **Documents Provided to Third Parties Have Been Produced**.

Plaintiffs argue that documents intended to be disseminated to third parties are not privileged. In support of this claim, Plaintiffs point to a term sheet for a potential joint venture between Vail Health and Vail Summit Orthopedics.[10] Vail Health agrees that the term sheet that

---

[9] For example, VH_Fed_00002980 – 81 is a communication unrelated to legal advice. VH_Fed_00002557 – 2601 is a communication created for the purpose of obtaining legal advice relating to regulatory issues. This privilege was waived when it was provided to VSO.

[10] In addition, Plaintiffs complain that Vail Health has not confirmed whether the Steadman Clinic was given a similar term sheet at the December 16, 2016 meeting. Plaintiffs apparently ignore the appendix to Exhibit 7, which was produced, and is a nearly identical version of the term sheet provided by VSO. (Dkt. 196-3). This issue was raised and fully briefed in the Plaintiffs' Motion to Compel #4 and responses, and Vail Health will not address it further except to note that non-privileged term sheets have been provided.

it provided to a non-agent, third party must be produced. But there is a difference between producing documents that *were* disseminated to third parties and producing privileged communications regarding draft documents that convey legal advice from attorneys. As Vail Health has explained to Plaintiffs both by email and in response to Plaintiffs' Motion to Compel #4, although it conducted an extensive search of its documents, the only version of the VSO term sheet it found was privileged. (Dkt. 176 at 4-5.) Given that VSO produced the final version of the term sheet provided during the December 2016 meeting with Vail Health, this is a moot issue.

**III.     Plaintiffs Are Not Entitled to Their Attorneys Fees.**

As with their previous four Motions to Compel, Plaintiffs also claim they are entitled to their attorneys' fees. They are not. Vail Health's decisions surrounding its privilege log are substantially justified. In addition, Plaintiffs failed to confer with Vail Health on several issues it now raises, including meeting invitations and documents containing weekly status updates from counsel as to ongoing legal issues. Attorneys' fees should instead be awarded to Vail Health.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiffs' Motion and award Vail Health its fees and costs in responding to the Motion.

Respectfully submitted this 8th day of November, 2021.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*