IN THE UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

## PLAINTIFFS' MOTION FOR AN EXPEDITED DETERMINATION OF THEIR MOTION TO EXTEND DEADLINE FOR EXPERT DISCLOSURES

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 16(b)(4), on October 29, 2021, Plaintiffs Sports Rehab Consulting, LLC and Lindsay Winninger ("Plaintiffs") moved the Court to modify the current Scheduling Order to extend the fact discovery deadline by approximately sixty days, to and including December 31, 2021.  Plaintiffs further moved the Court to extend the Scheduling Order with respect to affirmative expert disclosures to January 31, 2022, and for rebuttal experts to February 28, 2022.  The deadline for dispositive motions was also addressed in the motion.  In light of the November 29, 2021 deadline for affirmative expert disclosures, Plaintiffs hereby move the Court to expedite the decision for that limited portion of Plaintiffs' October 29 motion to modify the deadline for affirmative expert disclosures.  Specifically, Plaintiffs move the Court

to at least temporarily extend the affirmative expert disclosure deadline fourteen (14) days beyond the time the Court issues its decision with respect to Plaintiffs' October 29 motion to more broadly modify the Scheduling Order for all dates specified in the motion. A short extension will not prejudice Vail Health, but it will facilitate a much more orderly process of Rule 26 expert disclosures given the five discovery motions pending before Special Master. Because of the limited scope of the motion, Plaintiffs request that Vail Health be provided a limited time to respond to it in writing if it chooses to do so, and that the Court consider this motion on an expedited basis, preferably through a conference call at the earliest convenience of the Court and parties.

## STATEMENT OF CONFERRAL

On November 9, 2021, Plaintiffs sent an email seeking Vail Health's position regarding modifying the Scheduling Order with respect to expert disclosures and requesting a conference with Magistrate Judge Gallagher regarding such a request. Vail Health responded the same day, stating that it would oppose such a request, which is consistent with Vail Health's position at the conclusion of the October 22 hearing before Special Master Ruckriegle. On the evening of November 9, Shannon Stevenson, as counsel for Vail Health, sent an e-mail to Alan Kildow and Angela Barnes stating reasons why it opposed any conference call or expedited consideration of an extension of expert disclosure deadlines. Ms. Stevenson's e-mail did not mention the five discovery motions pending before the Special Master or the pending decisions on those motions. Given these communications, Plaintiffs have satisfied their obligation to meet and confer on this very limited issue.

2

**ARGUMENT**

I. **GOOD CAUSE EXISTS FOR AN EXTENSION OF THE DEADLINE FOR THE DISCLOSURE OF AFFIRMATIVE EXPERTS.**

The instant motion is a much more limited in scope than their October 29 motion to extend all dates set forth in the Scheduling Order. Both of Plaintiffs' motions have been filed before the applicable deadlines set forth in the Scheduling Order. But even if the motions had been filed after the deadlines, they would still be appropriate under Fed. R. Civ. P. 16(b)(4) and (2) and the Rule 15(a) standard if their exists "good cause" for seeking modification and the Rule 15(a) standard has been satisfied.[1] Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order. Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension.

In this case, the Scheduling Order establishes November 29, 2021, as the deadline to disclose affirmative experts. After the Court granted the parties leave to file Rule 37 motions to compel [ECF No. 123], Plaintiffs forthwith filed four motions to compel relating to discovery into a number of the basic elements of claims under § 2 of the Sherman Act. (A fifth motion was later filed related to Vail Health's deficient privilege log.) Many, if not most, of the discovery issues raised in those motions go directly to the fundamental fact

---

[1] *Gorsuch, Ltd., B.C. v. Wells Fargo, Nat. Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014), (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D.Colo.2001).

3

issues of any antitrust case such as this one.  They include, but are not limited to:

- Relevant geographic market definition
- Pricing and costs (supracompetitive prices)
- Market share and monopoly power
- Attempts to monopolize
- Specific intent to monopolize through anticompetitive combinations with competitors and other market participants

As set forth in their October 29 motion to modify the deadlines, Plaintiffs cannot be faulted for being dilatory in filing of these motions.

And since the filing of those motions, Plaintiffs have scrupulously followed the schedule established by the Special Master for hearing the motions, which occurred on October 21 and 22, 2021, and they have since complied with the Special Master's October 22, request for a minute order for the post-motion, post-hearing meet and confer procedures ordered by the Special Master.  Those procedures extend out to November 24—only five days before the expert disclosure deadline.  Plaintiffs contend that the Scheduling Order should not conflict with the schedule followed by the Special Master, but rather should accommodate his duties to accomplish the ends of his appointment.  The current Scheduling Order does not do that and therefore should be modified.

The motions pending before the Special Master involve issues to be addressed by the experts of the parties.  The procedures and schedule prescribed by Rule 37 and the time required for the filing of the motions, together with the Special Master 's minute order (with which Plaintiffs are in full agreement) simply leave too little time for numerous events to be accomplished: (a) For Vail Health to produce documents or answer interrogatories

to which it agrees to respond through the forthcoming meet and confer conference that must occur before November 19.  (b) For the Special Master to issue orders on any outstanding discovery disputes that may remain after the meet and confer process has run its course (this is especially true give the intervening Thanksgiving weekend).  (3) For Vail Health to produce or otherwise respond to any discovery ordered by the Special Master.  (4) And time for Plaintiffs to provide to their experts and their experts to evaluate and incorporate in their disclosures any discovery produced by Vail Health through this motion and meet & confer process.  Thus, against this procedural background Plaintiffs' motion for a short postponement of the affirmative disclosure deadline is warranted under Fed. R. Civ. P. 16(b)(4).

This Court should also consider the alternative if the deadline is not extended.  A single example demonstrates the problems that will occur.  Plaintiffs' Motion to Compel # 1 Relating to Relevant Geographic Market definition seeks information needed to conduct a consumer survey relating to convenience and preference of location for those consumers seeking physical therapy.  In, *Lantec, Inc. v. Novell, Inc.*, the Tenth Circuit not only authorized but criticized the plaintiff for failing to conduct a consumer survey.[2]  If the Special Master follows *Lantec*, which Vail Health has not contested is controlling law in this case, the discovery sought by Plaintiffs through Motion to Compel # 1 would be required to be produced, which would take a week for Vail Health to produce and then Plaintiffs need time to conduct such a survey.  Plaintiffs could cite many, many such examples for discovery sought for not only direct evidence relating to anticompetitive

---

[2]   306 F.3d 1003, 1025 (10th Cir. 2002).

issues, but also for indirect evidence to be evaluated by their experts.  The Court should extend the deadline so the expert analyses and disclosure process can proceed in an orderly fashion following the Tenth Circuit precedent set forth in Plaintiffs' motions to compel.  It should also extend the deadline to the Scheduling Order does not conflict with what the Special Master was appointed to accomplish.  Good cause, therefore, exists for this short extension. The parties and the Court will benefit from an orderly expert disclosure and discovery process.  Finally, no trial date has been set.

## **CONCLUSION**

Plaintiffs respectfully request that their motion to modify the Scheduling Order with respect to the affirmative expert disclosure deadline be granted.

Dated:  November 11, 2021            *s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2021, I served a true and correct copy of Plaintiffs' Motion For Expedited Determination Of Their Motion To Extend Deadline For Expert Disclosures via the Court's ECF system on:

>Shannon Stevenson
>Janet A. Savage
>Jackie Roeder
>Daniel Richards
>Davis Graham & Stubbs LLP
>1550 17th Street, Suite 500
>Denver, CO  80202
>
>Counsel for Defendant Vail Health

*s/Alan L. Kildow*