IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH,

    Defendant.

---

## ORDER GRANTING or GRANTING IN-PART DEFENDANT'S MOTIONS TO RESTRICT

---

    This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's (Vail Health) Unopposed Motions to Restrict (D. 143, 148, 166, 167, 170, 181, 189, 204, and 211).[1] The motions have been referred to this Magistrate Judge for review.[2] The Court has reviewed the pending motions, supplements, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument

---

[1] "(D. 143)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. *See, e.g., Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020). Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. FED. R. CIV. P. 72(a).

1

is not necessary.  For the reasons that follow, the Court GRANTS or GRANTS in-part, the motions to restrict.

Defendant Vail Health moves to restrict a number of attachments to recent motions that have been docketed in this case.  For purposes of brevity, the docket numbers will be outlined and listed below.

The Court's obligation to balance the interest of public access to the operations of the Court against the harm of disclosure exists independently of whether the parties believe it to be a good use of Court time to engage in the necessary weighing analysis.  Put another way, even if the parties to a case stipulate to restricted access, the Court must apply the weighing test as the Court has an obligation to the public and the confidence that public access to the operation of the courts brings to our democracy.

The Court has engaged in that analysis.  **With regard to the following motions and all documents which that motion seeks to restrict (D. 143, 148, 166, 181, 189, and 211) the Court finds that the danger of harm to Vail Health's interests due to the sensitive business nature of the documents outweighs the public right of access.  Those motions are GRANTED.**

With regard to the following motions (D. 167, D. 170, and D. 204) those motions are GRANTED in-part.  The Court finds that all documents requested for restriction **other than** the following specifically listed documents SHALL be restricted (redacted versions can later be filed for the limited documents still at issue).  **The following documents SHALL be redacted:  D. 155-1, D. 158, and D. 193-1.**  The Court finds that these documents are subject to redaction.  While some portions of the documents are subject to restriction, other portions do not need to be kept

2

from the public.  The Court will leave it to Vail Health, in the first instance, to attempt appropriate redaction.

It is therefore Ordered that all requested documents SHALL be maintained at Level 1 Restriction.

It is further Ordered that, within fourteen (14) days, Vail Health SHALL submit proposed redactions for documents D. 155-1, D. 158, and D. 193-1.

Dated at Grand Junction, Colorado this November 17, 2021.

Gordon P. Gallagher
United States Magistrate Judge