IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' REPORT REGARDING DISCOVERY ISSUES
REQUIRING DISPOSITION BY THE SPECIAL MASTER**

---

## INTRODUCTION

Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger submit this report regarding disputed discovery issues for which they seek disposition by the Special Master, as set forth in their Rule 37 Motions To Compel ## 1-5.  The procedures for this report were stated on the record by the Special Master at the close of a video hearing held October 22, 2021, with respect to Plaintiffs' Rule 37 Motions to Compel ## 1-4.  The transcript of that hearing reflects Vail Health's counsel's agreement with the procedures specified orally by the Special Master at that time.[1]  A written order on the procedures was entered by the Court on October 25, 2021 [Dkt. #202].  Neither Plaintiffs nor Vail Health filed a written objection to the Order pursuant to Fed. R. Civ. P. 53(f)(2), the Order Appointing Master For Discovery [Dkt. 123 at 2], or the Order itself [Dkt. 202 at 2.]

---

[1]     Ex. 1 at 71-87 [Oct. 22 Hearing Tr.].

1

Pursuant to the authority granted to the Special Master pursuant to the Appointment Order issued July 20, 2021 [Dkt. #123], as well as the authority granted pursuant to Fed. R. Civ. P. 53(f), the Special Master's Order provides specific procedures that the parties are to follow in resolving or limiting the discovery disputes pending before the Court. "[T]he Special Master directed that Plaintiffs specifically identify to Defendant and itemize by reference to prior discovery request what answers, information, and materials they still request to be produced by November 2."[2] Plaintiffs timely complied with that requirement.[3] The Order further provides: "Defendant has until November 12, 2021, to respond in writing."[4] Vail Health did not serve Plaintiffs or file with the Court such a response. The Order further required the parties to "reasonably confer by November 19, 2021, in the vein outlined by the Special Master, and attempt to resolve as many issues as possible."[5] Plaintiffs made numerous attempts to schedule and participate in the conferral that was ordered, although Vail Health declined to do so. As a result, the conferral among counsel for the parties did not occur as ordered by the Special Master. Finally, the Order provides that "Counsel will report to the Special Master the results of matters resolved and those they request the Special Master to rule on, including Plaintiffs Motion to Compel # 5, by November 24, 2021."

## PLAINTIFFS' REPORT

Although Vail Health has declined to respond to Plaintiffs' discovery list and refused to confer with counsel for Plaintiffs as required by the Order, Plaintiffs submit this

---

[2]   Oct. 25, 2021 Order at 1 [Dkt. #202].
[3]   Ex. 2 [Nov. 2 chart].
[4]   *Id.* at 2.
[5]   *Id.*

2

report.  Plaintiffs have filed 5 motions to compel under Fed. R. Civ. P. 37.  Plaintiffs have submitted substantial legal authority from the U.S. Supreme Court and the Tenth Circuit Court of Appeals, which they have argued is controlling and mandates the granting of Plaintiffs' motions.  With respect to these legal authorities, Vail Health did not take issue with virtually any of them, so Plaintiffs stand on the legal authorities in their motions.

Plaintiffs, therefore, have nothing further to report other than what is set forth on its discovery list.  Since Vail Health did not respond to the list as required by the Order, the list, filed with this Report as Exhibit 2 identifies the documents, information, and interrogatory answers that Plaintiffs request.  The list provided to Vail Health identifies references to documents that make explicit references to the documents and information that are requested as follows:

**PLAINTIFFS' NOVEMBER 2, 2021, LIST OF DOCUMENT REQUESTS FOR MEET AND CONFER**

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| 1 | 2, 4 | Income statements/analyses by location and rollup from November 1, 2012, to the present. | No Response |
| 2 | 3 | Analyses and documents related to pricing as to facility v nonfacility charges. | No Response |
| 3 | 4 | Identification of all direct and indirect costs/expenses (in detail, not aggregate form) associated with Howard Head from November 1, 2012, to the present. | No Response |
| 4 | 5, 15 | Analyses and documents associated with expanding into Summit County and Aspen/Basalt, including Hammes analyses; Board of Director, Finance Committee, Executive Committee, and Steering Committee documents related to those expansions; Howard Head | No Response |

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | documents related to expansion. | |
| 5 | 6, 25 | Documents and communications related to hiring of Axis employee (Kathy Gwin) and any discussion or settlement with Axis related to that employee. | No Response |
| 6 | 5, 7 | MSO joint venture term sheet with Steadman/SPRI and any documents provided to Steadman/SPRI. *See* VH_Fed003622 (noting meeting on December 16, 2016); VH_Fed006736 (providing Steadman/SPRI term sheet one day prior to December 16, 2016 meeting between SPRI/Steadman and Vail Health)<br><br>All documents between Steadman/SPRI and Vail Health referenced in VH_Fed006898<br><br>Steadman lease agreements with Vail Health outside of Vail.<br><br>Steadman agreements and communications with Vail Health and any others related to expansion into Summit County and Aspen/Basalt.<br><br>Documents related to any analyses involving Steadman related to the expansion into Summit County and Aspen/Basalt to provide for physical therapy services.<br><br>Haverford joint venture FMV analysis, including underlying documents provided to Haverford.<br><br>Healthcare Transaction Advisors joint venture FMV analysis, including engagement letter identified on | No Response |

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | privilege log, underlying documents provided to HTA, and communications with HTA.<br><br>Hammes analyses, including engagement letter, underlying documents and communications with Hammes.<br><br>Deloitte Study 2013.<br><br>Deloitte Study 2015.<br><br>Steadman private equity term sheet and documents evidencing what happened after Howard Head discussed joining the private equity offering.<br><br>Documents related to the Vail Sports Center with Steadman. | |
| 7 | 5, 8 | MSO joint venture term sheet with VSO/VSOF, which VSO/VSOF produced.<br><br>VSO lease agreements with Vail Health in Vail and anywhere else.<br><br>VSO agreements and communications with Vail Health related to expansion into Summit County relating to providing physical therapy services.<br><br>Any agreements, proposals, or other combinations related to Avalanche Physical Therapy, which is owned by VSO.<br><br>Documents related to any analyses involving VSO related to expansion into | No Response |

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | Summit County. | |
| 8 | 9, 10 | A list of all Howard Head employees, including Howard Head management, identifying start and end dates of employment, position(s) held, salary, type of employment agreement/offer.<br><br>Any employment agreements with Howard Head management, including Luke O'Brien and Nicholas Brown, as well as any post-employment agreements. | No Response |
| 9 | 15 | Finance Committee minutes, agendas, and presentations.<br><br>Steering Committee minutes, agendas, and presentations related to expansion plans.<br><br>Board of Directors and Executive Committee minutes, agendas, presentations, and other documents. | No Response |
| 10 | 17 | Patient data from November 1, 2012 to the present.  Data produced on October 20, 2021 does not provide the information requested or what Vail Health agreed to produce.  Instead, it was "created" by Vail Health in September and October 2021; report did not include patient names, each date of visit, each charge submitted to each payor, the amount paid by each payor, or identify the rendering physician. It also does not include 2012, 2013, and 2021 data, patients treated outside the Vail Valley, and any patients where the payor was a governmental entity like Medicare.  To the extent a patient was first seen in emergency, that information is required as well. | No Response |

6

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | Patient data is available in various reports that provides the information requested by Plaintiffs, so there was no need to "create" reports.  *See* VH_Fed006832 at Tab 100619-101219 (notably, it took Gretchen Ebbeson less than a week to produce this report and she apologized for that delay and several of these reports were produced in the federal action); VH_Fed003094-96 (data from Cerner)<br><br>While these reports contain a patient name, it should not be difficult to run a report for patient addresses.  Vail Health had to have that basic information to seek reimbursement from payors, which would be in the electronic billing submissions made to payors for reimbursement.<br><br>Billing department or General Ledger information from should be available to generate reports related to the amounts paid by insurers, including any adjustments for each service.  This data should be produced for each visit, not in aggregate numbers as the October 20, 2021 report has done, which is not how payors are billed or Vail Health is paid.<br><br>The data should also be for the complete time period, including 2021.  Vail Health has provided no explanation as to why data is missing, particularly for 2021. | |
| 11 | 18 | Vail Health chargemasters have not been produced for November 1, 2012 to 2014; nor have any documents been produced identifying how charges were set for physical therapy. | No Response |
| 12 | 22 | Medicare costs reports and the underlying data necessary to certify the | No Response |

7

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | nature of the costs. | |
| 13 | 24 | SPRI lease agreements with Vail Health.<br><br>SPRI agreement with Vail Health in which Vail Health agreed to contribute $4.3 million over the course of 10 years.<br><br>Vail Health's donation of resources, including marketing, event & development, and fundraising estimated at $11.2 million over 10 years.<br><br>Documents relating to SPRI Innovation & commercialization fund, with Vail Health investing $3 million in one or more installments.<br><br>Documents relating to Vail Health's contribution of $45 million for the expansion of SPRI and Steadman space.<br><br>Documents relating to Vail Health's commitment to build additional research space for SPRI at below-market lease rates.<br><br>SPRI yearly written reports required by agreement.<br><br>VSOF lease agreements with Vail Health.<br><br>VSOF agreement with Vail Health for charitable contributions. | No Response |
| 17 | 25 | Production of the complete document, for which only a partial document has been produced and identified as VH_Fed00196263 (CHA market share | No Response |

8

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | presentation and Vail Valley full comparisons document attached but not produced) | |
| 18 | 7, 8, 11, 25 | On October 28, Doris Kirchner testified that she had produced text messages to Vail Health's counsel. Despite multiple references in emails produced in the federal action that references some of those texts, Vail Health produced no text messages involving Kirchner in the federal or state court action. *See* VH_Fed003698, VH_Fed003970, VH_Fed003975 (emails referencing text messages sent to and received from Steadman)<br><br>Plaintiffs addressed this issue with Mr. Richards on October 29, but because that item was not identified in Plaintiffs' October 28 email, Mr. Richards insisted that Vail Health could not address that issue and a separate meet and confer would be required, which is scheduled for November 4. | No Response |
| 19 | Revised privilege log | At the October 20 hearing before the Special Master, Vail Health represented that a revised log would be complete in a few days. On October 28, Plaintiffs sought a meet and confer about the privilege log, which Vail Health stated was unnecessary. At the October 30 meet and confer, Plaintiffs did discuss with Mr. Richards the need to have the revised log early on November 1. Mr. Richards represented that he would be working on the log over the weekend and while he could not provide an exact time the revised log would be produced, he stated that it would not come "late in the evening" of November 1. On November 2, at 1:30 pm, Vail Health produced the revised log. Given that the log was not redlined, it will take | No Response |

9

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | some time to analyze before Plaintiffs can fully address the deficiencies.  One notable issue is that the revised log still does not set out who was copied on an email, making it impossible to determine whether an attorney was simply copied or could have provided legal advice that would be protected by the attorney-client privilege.  A cursory review of the log indicates that a few words were added here and there, and the log was reformatted, but those minor changes do not resolve the issues identified in Plaintiffs' motion #5.  Along with the log, Vail Health also produced a few documents that were not privileged. | |
| | | Given the late production of the initial and revised logs, Plaintiffs believe that an *in camera* review is not only necessary but is more than warranted here.  Plaintiffs request for *in camera* review also includes many documents that have been redacted, some on relevancy grounds and others related to claims of privilege. | |
| | | Plaintiffs reserve the right to supplement this chart after it has had a chance to fully review the revised log. | |
| 19 | Search terms | At the October 22 hearing before the Special Master, Vail Health represented it would provide the search terms used in the federal action.  On October 27, Plaintiffs inquired about when the search terms used for the four custodians produced in the federal action would be produced.  Vail Health did not respond. | No Response |
| | | On October 28, Plaintiffs requested a meet and confer on the search terms, which was held on October 29. During the conference, Mr. Richards | |

10

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | represented that Vail Health was "putting together a list," which meant that a search term list was not initially created.  It also became apparent that Vail Health intended not to provide a search term list or identify the custodians in the federal action but to include the searches conducted in the state court action as well, which has almost nothing to do with the antitrust issues in the motions to compel.  When Plaintiffs previously requested the search terms and custodians searched in the state court action, Vail Health informed Plaintiffs that they were seeking discovery on discovery and that it would not provide that information. | |
| | | During the conferral, Plaintiffs made clear that what it was seeking was the identification of custodians searched and the search terms used in the *federal* action. Plaintiffs also requested, to the extent Vail Health went beyond that and identified the searches conducted in the state action, Plaintiffs requested that the search terms used in each action be identified separately. Plaintiffs also stated that they needed this information by November 1, so that Plaintiffs could address this issue in the November 2 list ordered by the Special Master. Mr. Richards stated that he understood Plaintiffs' position and took it under advisement. | |
| | | To the extent a search term list is provided, Plaintiffs reserve the right to supplement this chart. | |
| 20 | Additional custodians | At the October 22 hearing before the Special Master, Vail Health stated that Plaintiffs could request additional custodians to be searched.  On October 27, Plaintiffs requested Vail Health | No Response |

11

| No. | Request For Production No. | Plaintiffs' Position Regarding Documents To Be Produced, Interrogatories To Be Answered, And Information To Be Produced | Vail Health's Position |
|---|---|---|---|
| | | identify the search terms used for each of the four custodians in the *federal* action. Because Vail Health has not confirmed the custodians searched for the federal action, Plaintiffs reserve the right to identify additional custodians. | |
| | | Plaintiffs do, however, request that each of the CFOs emails be searched from November 1, 2012, to the present, including Charles Crevling (before and after he was CFO), Ted Sirotta, Harold Dupper, and John Higgins, as well as Karen Hannah who worked with Brown related to Howard Head. Plaintiffs reserve the right to identify additional search terms once it knows the terms Vail Health used to search custodians. | |

**PLAINTIFFS' NOVEMBER 2, 2012, LIST OF INTERROGATORIES FOR MEET AND CONFER**

| No. | Interrog. No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 1 | 9 | Vail Health has not identified what it contends to be the relevant geographic market. Nor has it identified the documents that support or refute its position as to the relevant geographic market. | No Response |
| 2 | 11 | Identification of potential witnesses involved in discussions or meetings related to any joint venture, collaboration, or strategic partnership. This relates to the first physical therapy joint venture with Steadman and VSO, the second MSO joint venture with Steadman/SPRI and VSO/VSOF, the private equity proposed venture with Steadman, expansion into Summit County with Steadman and VSO, and expansion into Aspen/Basalt with | No Response |

12

| No. | Interrog. No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
|  |  | Steadman. All involved Howard Head and the terms of any proposed or consummated agreements, discussions, etc. should have been disclosed. The request includes any directors, officers, managers, employees, attorneys, accountants, and consultants. |  |
| 3 | 12 | This is like Interrogatory No. 11 but seeks identification of potential witnesses and meetings in which prices, profits, reimbursement was discussed related to the joint venture, collaboration, or strategic partnership. | No Response |
| 4 | 13 | This is like Interrogatory Nos. 11-12 but relates to identification of witnesses and meetings involving any legal compliance issues related to any joint venture, collaboration, or strategic partnership. | No Response |
| 5 | 14-15 | Doctor referral information back-up detail, including identified by billable units from November 1, 2012, through FY2013 and FY2016-2021. *See* VH003060 (providing individual referral and billable units for FY 2014-15) Appears that certain revenues tied to doctor referrals may be available through Management Responsibility Report *See* VH_Fed003061 (identifying doctor billable units and payor mix by clinic for FY2014-15) | No Response |
| 6 | 18 | The former CEO Doris Kirchner and former SVP and head of Howard Head could not testify as to how prices for physical therapy services were set on the Chargemaster for any year in question. Neither deponent could identify who set the prices. If Vail Health does not know how it set the physical therapy rates in the chargemaster for the years in question, it should so state. Otherwise, it needs to provide the information requested. | No Response |

13

| No. | Interrog. No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 7 | 20(e)-(f) | This is like Interrogatory No. 11 and seeks the identification of any in-house or outside counsel engaged to assist with any joint venture, collaborations, or strategic partnerships related to physical therapy in terms of agreements and regulatory compliance issues. This is basic identification of potential witnesses. | No Response |
| 8 | 21(c)-(d) | This is like Interrogatory Nos. 11 and 20(e)-(f) but seeks the identification of any Vail Health accountants or public accountants related to the same topic areas identified in No. 20(e)-(f).  This is basic identification of potential witnesses. | No Response |
| 9 | 23(d)-(e) | This is like Interrogatory Nos. 11, 20(e)-(f), and 21(c)-(d) but seeks the identification of any consultants or third parties related to the same topic areas identified in No. 20(e)-(f).  This is basic information of potential witnesses. | No Response |
| 10 | 24 | Vail Health has identified "competitors" in Vail, Colorado and "surrounding communities," but it does not provide the address information of the "competitors."  Nor does it identify the "many other smaller physical therapy practices" that Vail Health has viewed as a competitor from November 1, 2012, to the present. | No Response |

## **CONCLUSION**

If so requested by the Special Master, Plaintiffs would provide a proposed order relating to their motions and the discovery requests identified above.

14

| | |
|---|---|
| Dated: November 19, 2021 | *s/Alan L. Kildow* <br> Alan L. Kildow, MN# 0143133 <br> 790 Potato Patch Drive <br> Vail, CO 81657 <br> Telephone: (970) 390-6675 <br> E-mail:  alkildow@aol.com <br><br> Jesse Wiens, Colo. #33903 <br> Fahrenholtz & Wiens LLC <br> 100 West Beaver Creek Boulevard <br> Suite 236 <br> Avon, CO 81620 <br> Telephone: (970) 949-6500 <br> E-mail:  fwlawyers@gmail.com <br><br> Sonya R. Braunschweig, MN# 0290292 <br> 5501 Irving Avenue South <br> Minneapolis, MN 55419 <br> Telephone: (612) 819-2304 <br> E-mail:  sonya.braunschweig@gmail.com <br><br> Attorneys for Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger |

15

## CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2021, I served a true and correct copy of Plaintiffs' Report Regarding Discovery Issues Requiring Decision By The Special Master, via the Court's ECF system on:

> Shannon Stevenson
> Janet A. Savage
> Jackie Roeder
> Daniel Richards
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
>
> Counsel for Defendant

                                 *s/ Alan L. Kildow*
                                 Alan L. Kildow