# Exhibit 2

**PLAINTIFFS' NOVEMBER 2, 2021 LIST OF DOCUMENT REQUESTS FOR MEET AND CONFER**

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 1 | 2, 4 | Income statements/analyses by location and rollup from November 1, 2012, to the present. *See* VH_Fed_01417-20 (producing certain statements modified by Brown to create his own analysis related to the joint venture) | |
| 2 | 3 | Analyses and documents related to pricing as to facility v nonfacility. *See* VH_Fed_001447 (stating that all revenue and costs associated with patient who will or has had surgery ends up in a service line that is not Howard Head); VH_Fed006605-07 (discussing "sensitivity analysis" and calculating effect of billing on nonfacility basis, which was estimated at approximately 33%; John Higgins response was not produced, nor were any other communications regarding this analysis) | |
| 3 | 4 | Identification of all direct and indirect costs/expenses (in detail, not aggregate form) associated with Howard Head from November 1, 2012, to the present. *See* VH_Fed_002460-62 (noting that "Direct Cost Reports" can be run by location in Strata and attaching sample report); VH_Fed_003048 (noting direct costs/expenses include salaries and wages; benefits; total benefits expense; research/residency salary; total salaries and benefits; non labor expense); VH_Fed_00349 (noting indirect expenses include "rent"); VH_Fed_003050 (noting non-labor expenses include professional fees, purchased dept functions; consulting fees; medical and other supplies; repairs and maintenance; advertising and marketing; and utilities) | |
| 4 | 5, 15 | Analyses and documents associated with expanding into Summit County and Aspen/Basalt, including Hammes analyses; Board of Director, Finance Committee, Executive Committee, and Steering Committee documents related to those expansions; Howard Head documents related to expansion. | |

1

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 5 | 6, 25 | Documents and communications related to hiring of Axis employee (Kathy Gwin) and any discussion or settlement with Axis related to that employee.  *See* SHANNON0015 (noting that Meredith Mueller who works at Axis is "one of a handful that [Brown] will look to hire/acquire in near term and know that the JV would help solidify that effort") | |
| 6 | 5, 7 | MSO joint venture term sheet with Steadman/SPRI and any documents provided to Steadman/SPRI. *See* VH_Fed003622 (noting meeting on December 16, 2016); VH_Fed006736 (providing Steadman/SPRI term sheet one day prior to December 16, 2016 meeting between SPRI/Steadman and Vail Health) <br><br> All documents between Steadman/SPRI and Vail Health referenced in VH_Fed006898 <br><br> Steadman lease agreements with Vail Health outside of Vail.  *See* VH_Fed004855 (referencing Steadman expansion space and "Basecamp saga" with Steadman) <br><br> FMV analyses of lease agreements with Steadman. <br><br> Steadman agreements and communications with Vail Health and any others related to expansion into Summit County and Aspen/Basalt. *See* VH_Fed001542 (noting Vail Health was "looking to expand in other markets" and wanted Steadman "involved with the expansion and ability to co-location aligned businesses") <br><br> Documents related to any analyses involving Steadman related to the expansion into Summit County and Aspen/Basalt. <br><br> Haverford joint venture FMV analysis, including underlying documents provided to Haverford as Nicholas Brown testified to and communications with Haverford.  *See* VH_Fed001958-60 (waiving any purported claim of privilege when disclosed portions of Haverford report); VH_Fed006957-60 (documents requested from Vail Health) <br><br> Healthcare Transaction Advisors joint venture FMV | |

2

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| | | analysis, including engagement letter identified on privilege log, underlying documents provided to HTA, and communications with HTA.  Brown also testified that underlying documents were provided to HTA. | |
| | | Hammes analyses, including engagement letter, underlying documents and communications with Hammes.  *See* STEADMAN002698-2833 (outlining "geographic expansion of service lines" into Summit County and Basalt/Aspen, including physical therapy and noting that "17 submarkets were developed to better understand the needs of each of the unique communities") | |
| | | From the Hammes study, it appears that a geographical and market share analysis was conducted by Hammes in Summit County and for Aspen/Basalt, which had to be based on information provided to Hammes by Vail Health; the report also states that Vail Health had tapped out the Vail Valley market and was looking to other markets for expansion. | |
| | | Deloitte Study 2013.  *See* VH_Fed004047 (referencing this study in Board presentation). What has Vail Health done to search for this document in Board-related documents or contact Deloitte for a copy? | |
| | | Deloitte Study 2015.  *See* VH_Fed4165-68 (noting Deloitte report to be completed and provided to Steadman) | |
| | | Steadman private equity term sheet and documents evidencing what happened after Howard Head discussed joining the private equity offering.  *See* VH_Fed_004614-21; VH_Fed_004536 (noting forwarding term sheet but not produced) | |
| | | Documents related to the Vail Sports Center with Steadman.  *See* VH_Fed003478-89 | |

3

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 7 | 5, 8 | MSO joint venture term sheet with VSO/VSOF, which VSO/VSOF produced.<br><br>VSO lease agreements with Vail Health in Vail and anywhere else.  *See, e.g.*, VH_Fed_003686 (requesting space in Vail)<br><br>VSO agreements and communications with Vail Health related to expansion into Summit County.<br><br>Any agreements, proposals, or other combinations related to Avalanche Physical Therapy, which is owned by VSO.  *See* VH_Fed002045 (discussing buying up other PT clinics); VH_Fed004034 (discussing not wanting Centura to buy Avalanche); VH_Fed002604 (discussing sale price for Avalanche and attached valuation)<br><br>Documents related to any analyses involving VSO related to expansion into Summit County.  *See* STEADMAN002698-2833 (discussing VSO's involvement in expansion and noncompete issues in Summit) | |
| 8 | 9, 10 | A list of all Howard Head employees, including Howard Head management, identifying start and end dates of employment, position(s) held, salary, type of employment agreement/offer.<br><br>Alternatively, the employment files for each Howard Head employee, including management, identifying the above information.<br><br>Any employment agreements with Howard Head management, including Luke O'Brien and Nicholas Brown, as well as any post-employment agreements; O'Brien testified he had such an agreement.  Although both Brown and O'Brien treated patients, no exemplars of their agreements have been produced. | |
| 9 | 15 | Finance Committee minutes, agendas, and presentations.  *See* VH_Fed001524-34, VH_Fed001512-23 (noting presentations were being presented to the Finance Committee); VH_Fed004058- | |

4

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| | | 59 (noting Board and Finance Committee approved SPRI and Steadman agreements); VH_Fed002010 (recommending joint venture process and price range be presented to Finance Committee after discussion with Haverford) | |
| | | Steering Committee minutes, agendas, and presentations related to expansion plans. *See* STEADMAN002698-2833 (noting expansion plans included physical therapy for Summit County and Aspen/Basalt) | |
| | | Board of Directors and Executive Committee minutes, agendas, presentations, and other documents. *See* VH_Fed_004058-59; VAILJV00198 (noting Board approved Steadman and SPRI leases, agreement related to joint venture, and SPRI donation agreement all approved on the same day, and yet final agreements not produced); VH_Fed003711 (noting Brown to present before Board in April 2016 related to joint venture) | |
| | | Board provided Executive Committee with authority to explore and to approve joint venture related to physical therapy; no documents produced with respect to Executive Committee. *See* VH_Fed004058-59 | |
| | | Howard Head Strategic Analysis, the final was not produced nor were there any documents as to who the presentation was made to. *See* VH_Fed001432-46 | |
| | | Executive Session presentation related to joint venture, final presentation or documents approved not produced. *See* VH_Fed002988 | |
| | | The Board, Executive, and Finance Committee minutes are also relevant for what they do not say. Vail Health will likely contend that Howard Head has been operating on a negative margin since FY 2016. If so, then the minutes of the Board, Executive, and Finance Committees should reflect that Howard Head was a losing operation. To the extent Howard Head is not mentioned, that supports Plaintiffs' position that Howard Head generated substantial revenues for Vail Health. | |

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 10 | 17 | Patient data from November 1, 2012 to the present. Data produced on October 20, 2021 does not provide the information requested or what Vail Health agreed to produce. Instead, it was "created" by Vail Health in September and October 2021; report did not include patient names, each date of visit, each charge submitted to each payor, the amount paid by each payor, or identify the rendering physician. It also does not include 2012, 2013, and 2021 data, patients treated outside the Vail Valley, and any patients where the payor was a governmental entity like Medicare. To the extent a patient was first seen in emergency, that information is required as well.<br><br>Patient data is available in various reports that provides the information requested by Plaintiffs, so there was no need to "create" reports. *See* VH_Fed006832 at Tab 100619-101219 (notably, it took Gretchen Ebbeson less than a week to produce this report and she apologized for that delay and several of these reports were produced in the federal action); VH_Fed003094-96 (data from Cerner)<br><br>While these reports contain a patient name, it should not be difficult to run a report for patient addresses. Vail Health had to have that basic information to seek reimbursement from payors, which would be in the electronic billing submissions made to payors for reimbursement.<br><br>Billing department or General Ledger information from should be available to generate reports related to the amounts paid by insurers, including any adjustments for each service. This data should be produced for each visit, not in aggregate numbers as the October 20, 2021 report has done, which is not how payors are billed or Vail Health is paid.<br><br>The data should also be for the complete time period, including 2021. Vail Health has provided no explanation as to why data is missing, particularly for 2021. | |

6

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 11 | 18 | Vail Health chargemasters have not been produced for November 1, 2012 to 2014; nor have any documents been produced identifying how charges were set for physical therapy. Brown and Kirchner both testified they had no idea how physical therapy charges were set, nor could either identify any individual who could. | |
| 12 | 22 | No Medicare costs reports have been produced or the underlying data necessary to certify the nature of the costs. | |
| 13 | 24 | SPRI lease agreements with Vail Health. *See* VH_Fed_003794 (referencing "contribution" to SPRI in the form of no rent for five years and reduced rent of $8 sq/ft for following five years); VH_Fed_004057-58 (board resolution approving SPRI documents)<br><br>SPRI agreement with Vail Health in 2013 related to charitable contribution. *See* VH_Fed_003908 (referencing 2013 agreement)<br><br>SPRI agreement with Vail Health in which Vail Health agreed to contribute $4.3 million over the course of 10 years. *See* VH_Fed_003908-26 (draft agreement produced); VH_Fed_003785 (referencing $43.3 million donated to SPRI); VH_Fed_004058-59 (board resolution approving SPRI agreements)<br><br>Vail Health's donation of resources, including marketing, event & development, and fundraising estimated at $11.2 million over 10 years. *See* VH_Fed_003796, 3799<br><br>SPRI Innovation & commercialization fund, with Vail Health investing $3 million in one or more installments. *See* VH_Fed003798<br><br>Vail Health's contribution of $45 million for the expansion of SPRI and Steadman space. *See* VH_Fed_003790<br><br>Vail Health's commitment to build additional research space for SPRI at below-market lease rates. *See* VH_Fed_004066 | |

7

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
|  |  | SPRI yearly written reports required by agreement. *See* VH_Fed_003920<br><br>VSOF lease agreements with Vail Health.<br><br>VSOF agreement with Vail Health for charitable contributions. *See* VH_Fed_003689-97(requesting contribution); VSOF tax return (evidencing contribution was provided by Vail Health) |  |
| 17 | 25 | VH_Fed00196263 (CHA market share presentation and Vail Valley full comparisons document attached but not produced) |  |
| 18 | 7, 8, 11, 25 | On October 28, Doris Kirchner testified that she had produced text messages to Vail Health's counsel. Despite multiple references in emails produced in the federal action that references some of those texts, Vail Health produced no text messages involving Kirchner in the federal or state court action. *See* VH_Fed003698, VH_Fed003970, VH_Fed003975 (emails referencing text messages sent to and received from Steadman)<br><br>Plaintiffs addressed this issue with Mr. Richards on October 29, but because that item was not identified in Plaintiffs' October 28 email, Mr. Richards insisted that Vail Health could not address that issue and a separate meet and confer would be required, which is scheduled for November 4. |  |
| 19 | Revised privilege log | At the October 20 hearing before the Special Master, Vail Health represented that a revised log would be complete in a few days. On October 28, Plaintiffs sought a meet and confer about the privilege log, which Vail Health stated was unnecessary. At the October 30 meet and confer, Plaintiffs did discuss with Mr. Richards the need to have the revised log early on November 1. Mr. Richards represented that he would be working on the log over the weekend and while he could not provide an exact time the revised log would be produced, he stated that it would not come "late in the evening" of November 1. On November 2, at 1:30 pm, Vail Health |  |

8

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
|  |  | produced the revised log.  Given that the log was not redlined, it will take some time to analyze before Plaintiffs can fully address the deficiencies.  One notable issue is that the revised log still does not set out who was copied on an email, making it impossible to determine whether an attorney was simply copied or could have provided legal advice that would be protected by the attorney-client privilege.  A cursory review of the log indicates that a few words were added here and there, and the log was reformatted, but those minor changes do not resolve the issues identified in Plaintiffs' motion #5.  Along with the log, Vail Health also produced a few documents that were not privileged. |  |
|  |  | Given the late production of the initial and revised logs, Plaintiffs believe that an *in camera* review is not only necessary but is more than warranted here.  Plaintiffs request for *in camera* review also includes many documents that have been redacted, some on relevancy grounds and others related to claims of privilege. |  |
|  |  | Plaintiffs reserve the right to supplement this chart after it has had a chance to fully review the revised log. |  |
| 19 | Search terms | At the October 22 hearing before the Special Master, Vail Health represented it would provide the search terms used in the federal action.  On October 27, Plaintiffs inquired about when the search terms used for the four custodians produced in the federal action would be produced.  Vail Health did not respond. |  |
|  |  | On October 28, Plaintiffs requested a meet and confer on the search terms, which was held on October 29.  During the conference, Mr. Richards represented that Vail Health was "putting together a list," which meant that a search term list was not initially created.  It also became apparent that Vail Health intended not to provide a search term list or identify the custodians in the federal action but to include the searches conducted in the state court action as well, which has almost nothing to do with the antitrust issues in the motions to |  |

| No. | Request No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
|  |  | compel.  When Plaintiffs previously requested the search terms and custodians searched in the state court action, Vail Health informed Plaintiffs that they were seeking discovery on discovery and that it would not provide that information. |  |
|  |  | During the conferral, Plaintiffs made clear that what it was seeking was the identification of custodians searched and the search terms used in the *federal* action. Plaintiffs also requested, to the extent Vail Health went beyond that and identified the searches conducted in the state action, Plaintiffs requested that the search terms used in each action be identified separately. Plaintiffs also stated that they needed this information by November 1, so that Plaintiffs could address this issue in the November 2 list ordered by the Special Master. Mr. Richards stated that he understood Plaintiffs' position and took it under advisement. |  |
|  |  | To the extent a search term list is provided, Plaintiffs reserve the right to supplement this chart. |  |
| 20 | Additional custodians | At the October 22 hearing before the Special Master, Vail Health stated that Plaintiffs could request additional custodians to be searched.  On October 27, Plaintiffs requested Vail Health identify the search terms used for each of the four custodians in the *federal* action. Because Vail Health has not confirmed the custodians searched for the federal action, Plaintiffs reserve the right to identify additional custodians. |  |
|  |  | Plaintiffs do, however, request that each of the CFOs emails be searched from November 1, 2012, to the present, including Charles Crevling (before and after he was CFO), Ted Sirotta, Harold Dupper, and John Higgins, as well as Karen Hannah who worked with Brown related to Howard Head. Plaintiffs reserve the right to identify additional search terms once it knows the terms Vail Health used to search custodians. |  |

**PLAINTIFFS' NOVEMBER 2, 2012 LIST OF INTERROGATORIES FOR MEET AND CONFER**

| No. | Interrog. No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 1 | 9 | Vail Health has not identified what it contends to be the relevant geographic market.  Nor has it identified the documents that support or refute its position as to the relevant geographic market. | |
| 2 | 11 | Identification of potential witnesses involved in discussions or meetings related to any joint venture, collaboration, or strategic partnership.  This relates to the first physical therapy joint venture with Steadman and VSO, the second MSO joint venture with Steadman/SPRI and VSO/VSOF, the private equity proposed venture with Steadman, expansion into Summit County with Steadman and VSO, and expansion into Aspen/Basalt with Steadman.  All involved Howard Head and the terms of any proposed or consummated agreements, discussions, etc. should have been disclosed.  The request includes any directors, officers, managers, employees, attorneys, accountants, and consultants. | |
| 3 | 12 | This is like Interrogatory No. 11 but seeks identification of potential witnesses and meetings in which prices, profits, reimbursement was discussed related to the joint venture, collaboration, or strategic partnership. | |
| 4 | 13 | This is like Interrogatory Nos. 11-12 but relates to identification of witnesses and meetings involving any legal compliance issues related to any joint venture, collaboration, or strategic partnership. | |
| 5 | 14-15 | Doctor referral information back-up detail, including identified by billable units from November 1, 2012, through FY2013 and FY2016-2021.  See VH003060 (providing individual referral and billable units for FY 2014-15)<br><br>Appears that certain revenues tied to doctor referrals may be available through Management Responsibility Report See VH_Fed003061 (identifying doctor billable units and payor mix by clinic for FY2014-15) | |

| No. | Interrog. No. | Plaintiffs' Position | Vail Health's Position |
|---|---|---|---|
| 6 | 18 | The former CEO Doris Kirchner and former SVP and head of Howard Head could not testify as to how prices for physical therapy services were set on the Chargemaster for any year in question.  Neither deponent could identify who set the prices.  If Vail Health does not know how it set the physical therapy rates in the chargemaster for the years in question, it should so state.  Otherwise, it needs to provide the information requested. | |
| 7 | 20(e)-(f) | This is like Interrogatory No. 11 and seeks the identification of any in-house or outside counsel engaged to assist with any joint venture, collaborations, or strategic partnerships related to physical therapy in terms of agreements and regulatory compliance issues. This is basic identification of potential witnesses. | |
| 8 | 21(c)-(d) | This is like Interrogatory Nos. 11 and 20(e)-(f) but seeks the identification of any Vail Health accountants or public accountants related to the same topic areas identified in No. 20(e)-(f).  This is basic identification of potential witnesses. | |
| 9 | 23(d)-(e) | This is like Interrogatory Nos. 11, 20(e)-(f), and 21(c)-(d) but seeks the identification of any consultants or third parties related to the same topic areas identified in No. 20(e)-(f).  This is basic information of potential witnesses. | |
| 10 | 24 | Vail Health has identified "competitors" in Vail, Colorado and "surrounding communities," but it does not provide the address information of the "competitors."  Nor does it identify the "many other smaller physical therapy practices" that Vail Health has viewed as a competitor from November 1, 2012, to the present. | |