# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' REPLY TO RULE 37 MOTION TO COMPEL #5
TO PRODUCE DOCUMENTS ON VAIL HEALTH'S INADEQUATE PRIVILEGE LOG,
OR ALTERNATIVELY, *IN CAMERA* REVIEW AT VAIL HEALTH'S COST**

---

## INTRODUCTION

Vail Health seeks to claim privilege over documents—those exchanged between independent third-party appraisers and Vail Health—that as a matter of law are not privileged and should be produced. That Vail Health improperly withheld communications under the guise of privilege is evident by its admission at page 12 and documents produced *after* Plaintiffs filed their motions. And because Vail Health produced an untimely and insufficient privilege log, any privilege should be deemed waived.[1] Alternatively, Plaintiffs request an *in camera* review at Vail Health's cost of any documents that are not ordered to be produced as a matter of law. Finally, Plaintiffs seek attorneys' fees for this motion for having to file a second motion related to the privilege log.

---

[1]    *Jessore Mgmt. SA v. Brit Syndicate 2987*, No. 20-CV-5849 (AT) (KNF), 2021 U.S. Dist. LEXIS 167929, at *45 (S.D.N.Y. Sep. 3, 2021) (ordering privilege waived due to untimely and inadequate privilege log).

## ARGUMENT

**I. VAIL HEALTH'S PRIVILEGE LOGS WERE UNTIMELY AND INADEQUATE.**

**A. There Is No Justification For The Untimely Production.**

Vail Health asserts that Plaintiffs requesting an adequate and timely privilege log is somehow vexatious but that is what is required by the rules. Vail Health first agreed to produce a log on May 28 and then on July 15; it did not. After Plaintiffs filed a motion to compel, Vail Health produced the log a month later. More recently, Vail Health said twice that it would produce a revised log by October 8; it did not. And on October 22, Vail Health said it only had "3-4 hours of work left" on the revised log.[2] Vail Health then said it would produce it on November 1 but instead sent it shortly before Plaintiffs were to serve their November 2 discovery list. Vail Health's six-month delay is unjustified.

**B. The Logs Are Still Deficient.**

At page 2, Vail Health says it sufficiently identified the logged individuals, but it took Vail Health two months after Plaintiffs' request to do so. Even so, the list is deficient. As to outside Board members, Vail Health did not identify their employers or email accounts used to transact Board business or disclose that Shannon's executive assistant worked at KSL Capitol Partners.[3] The significance is explained in the waiver section.

At page 3, Vail health claims that it is not required to differentiate between direct and copied recipients. But in the two cases it cites, *ePlus Inc. v. Lawson Software, Inc.*[4] and *Santrade, Ltd. v. GE,*[5] the copied recipients were identified separately. And in *ePlus,*

---

[2]   Ex. 13 at 25:10-11 [Oct. 22 Hearing Tr.].
[3]   *See, e.g.,* Ex. 14 [email showing Faires email to be KSL].
[4]   2012 U.S. Dist. LEXIS 177616, at *25-26 (E.D. Va. Dec. 14, 2012).
[5]   150 F.R.D. 539, 542 (E.D.N.C. 1993) (noting logs included "identity of others copied with the document").

2

it was only after conducting an *in camera* review that the court found that the documents were privileged.[6]  Because Vail Health did not set out when an attorney was copied, Plaintiffs seek an *in camera* review when an attorney is identified as a recipient.[7]

At page 4, Vail Health misconstrues Plaintiffs' argument as to the 70 entries circulating "documents" and "information" internally and to counsel.[8]  Vail Health provided no substantive description, nor the subject matter line, so Plaintiffs could not glean what the attachments are.  Context is very important, as is evident by Item No. 544, in which unidentified "documents and information" were forwarded to Vail Health CEO Cook, which Vail Health claims are privileged despite no evidence they contain or sought legal advice.[9]  Most being withheld relate to business transactions with Steadman and VSO, which does not implicate *Boehringer,* which addressed attachments to emails prepared to settle ongoing litigation.[10]  Historical business documents and independent valuations are not privileged.[11]  Forwarding nonprivileged communications or copying an attorney for informational purposes, does not make those communications privileged.[12]

---

[6] 2012 U.S. Dist. LEXIS 177616, at *26.

[7] *See, e.g., In re Avantel, S.A.*, 343 F.3d 311, 321 n.11 (5th Cir. 2003) (sending attorneys copies or as one of many addressees should not be privileged, unless "the email is directed to the attorney or sent by the attorney").

[8] Ex. 4 at Item Nos. 201, 218-19, 320-21, 326-29, 336-52, 373-76, 382, 388-90, 393-94, 396-401, 417-20, 435-36, 438, 439-41, 456-65, 473, 504, 560, 563, 572.

[9] *Id.* at Item No. 544.

[10] *F.T.C. v. Boehringer Ingelheim Pharms., Inc.,* 180 F. Supp. 3d 1, 31 (D.D.C. 2016).

[11] *In re Grand Jury Subpoena*, 246 F.R.D. 673, 679 (D. Kan. 2007) ("business documents sent to attorneys are not automatically protected"); *O'Connor v. Boeing N.A., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999) (same**);** *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98 (D.N.J. 1990) (same); *Doe v. Intermountain Health Care, Inc.*, 2021 U.S. Dist. LEXIS 9078, 2021 WL 151090, at *7 (D. Utah Jan. 16, 2021) (same).

[12] *A.H. v. Evenflo Co.*, Civil Action No. 10-cv-02435-RBJ-KMT, 2012 U.S. Dist. LEXIS 76100, at *15-16 (D. Colo. May 31, 2012); *Moreau v. United States Olympic & Paralympic Comm.*, Civil Action No. 20-cv-00350-PAB-MEH, 2021 U.S. Dist. LEXIS 222306, at *3 (D. Colo. Apr. 12, 2021).

At page 5, Vail Health claims that attorney updates about ongoing business transactions with Steadman and VSO are protected by the attorney-client privilege. But "information is not privileged simply because it comes from an attorney. The mere fact that one is an attorney does not render everything he does for or with the client privileged."[13] Item Nos. 478-96, 498-02, 505-17, 519-21, 527, and 530 do not describe any legal advice being conveyed; communications relaying factual information are not privileged.[14] Nor can Vail Health extend the privilege to its attorneys relaying discussions they had with third parties, such as Steadman and VSO, because that would "carry the obstructive effect of the privilege far beyond any justification in present-day policy…."[15]

## II. VAIL HEALTH HAS NOT ESTABLISHED THAT DOCUMENTS RELATED TO INDEPENDENT VALUATIONS ARE PRIVILEGED.

### A. *Independent* Appraisers Are Not Agents Of Vail Health.

At page 4 of its opposition, Vail Health contends that "[t]hird party recipients do not void privilege, where, as here, third parties such as Healthcare Transaction Advisors, Haverford, and Deloitte acted as Vail Health's agent."[16] They, however, were specifically retained as "independent" appraisers.[17] Vail Health's reliance on three cases and Brown's affidavit cannot transform independent appraisers into agents. For example, in *Phillips,* the Kansas District Court addressed the common interest doctrine, which applies

---

[13] *In re Grand Jury Subpoena*, 246 F.R.D. at 679.
[14] *Doe*, 2021 U.S. Dist. LEXIS 9078, at *21. *See also Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 727 (N.D.W. Va. 2014) (communications and status updates between attorneys and claims handlers not privileged); *Women's Interart Ctr., Inc. v. N.Y.C. Econ. Dev.*, 223 F.R.D. 156, 160 (S.D.N.Y. 2004) (status report with handwritten edit notes containing only factual background information not protected); *Universal City Dev. Ptnrs, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005) ("reports reflecting the status of litigation and containing purely factual information are not privileged").
[15] *United States v. Bonnell*, 483 F. Supp. 1070, 1077 (D. Minn. 1979).
[16] ECF No. 213 at 4 [Vail Health Opp'n].
[17] Ex. 7 at VH_Fed003565 term sheet]; Ex. 8 at VSO_Fed006 [VSO term sheet.

when parties have an identical interest in securing legal advice[18] when there is "actual or potential litigation against a common adversary…."[19]  Vail Health identifies no identical interest of the independent appraisers in the joint venture between Vail Health, Steadman, and VSO.  Likewise, in *Austin v. City and County of Denver,* a hired consultant was found to be the functional equivalent of an employee, and in *United States v. Kovel,* the court determined that an accountant employed by a law firm who interpreted the client's information to assist the attorney in providing legal advice was privileged.[20]

In contrast, the Court of Federal Claims in *Securitypoint Holdings, Inc. v. United States*[21] directly addressed the agency issue raised here and found an independent, third-party appraiser's valuation of stock was not protected by the attorney-client privilege. The court held that the third-party appraiser was not an agent of the company, nor was the third party a conduit of information between counsel and client.  The Court also held that any privileged information provided to the independent consultant was waived.[22]  Like in *Security Point,* the independent appraisers here were hired to use their professional judgment to assess the fair market value of the joint venture in terms of the purchase price to join the joint venture and the rate to be charged for physical therapy services.[23]

---

[18]     *Sawyer v. Sw. Airlines* , Nos. 01-2385-KHV, 01-2386-KHV, 2002 U.S. Dist. LEXIS 25111, at *17 (D. Kan. Dec. 23, 2002) (citing *Strougo v. BEA Assoc.*, 199 F.R.D. 515, 525 (S.D.N.Y. 2001) (party must show communications were made in joint defense effort or that clients share common legal interest and that statements were designed to further common effort); *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 348 (N.D. Ohio 1999) (parties must have a common legal, as opposed to commercial, interest and show that the communications are made in the course of formulating a common legal strategy)).
[19]     *KATZ v. AT& T Corp.*, 191 F.R.D. 433, 437 (E.D. Pa. 2000).
[20]     *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961).
[21]     No. 11-268C, 2019 U.S. Claims LEXIS 341, at *12 (Fed. Cl. Apr. 16, 2019).
[22]     *Id.* at *13.
[23]     Ex. 7 at VH_Fed003565 term sheet]; Ex. 8 at VSO_Fed006 [VSO term sheet]; Ex. 15 at VH_Fed002032 [Haverford letter]; Ex. 16 at VH_Fed001852 [HTA report].

They were not the functional equivalent of an employee.  And as Haverford confirmed in its engagement letter it had "no present or prospective interest in the property that is the subject of this proposal…and…have no personal interest…in…or use of, this appraisal respect to the parties involved."[24]  Independent appraisers are not agents, and independent valuations are not subject to the attorney-client privilege.[25]  Correspondingly, the independent appraisers work was to be disseminated to Steadman and VSO, which is confirmed by the term sheets and emails.[26]  "The attorney-client privilege does not apply to communications that are intended to be disclosed to third parties—especially when they are on opposite sides of the negotiating table—or that in fact are so disclosed."[27]  Vail Health did not address this issue and has thus concedes it.

As a matter of law, the documents and communications between Vail Health and the independent appraisers conducting fair market valuations—Haverford, HTA, and Deloitte—as well as the draft term sheets,[28] are not protected by the attorney-client privilege.[29]  Those documents should be produced without any *in camera* review.

---

[24]     Ex. 15 at VH_Fed_002039 [Haverford letter].
[25]     *See Glassman v. Crossfit, Inc.*, Civil Action No. 7717-VCG, 2012 Del. Ch. LEXIS 248, at *11 (Oct. 12, 2012) (noting that third-party valuations are not protected under the common-interest doctrine; log devoid of any potential common defense strategies).
[26]     Ex. 7 at [Steadman term sheet]; Ex. 12 [VSO term sheet]; Ex. 18-20 [emails].
[27]     *Medline Indus. v. Wypetech, LLC*, 20 CV 4424, at *4 (N.D. Ill. Nov. 12, 2020). *See also United States v. White*, 970 F.2d 328, (7th Cir. 1992) (attorney-client privilege did not apply to documents that clients intended be transmitted to third parties); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 319 F.R.D. 100, 105 (S.D.N.Y. 2017) (privilege not applicable to "business-orientated communications" that "obviously were not intended to be kept confidential…[and] virtually by definition…were meant to be conveyed to third parties"); *United States v. Willis*, 565 F. Supp. 1186, 1207 (S.D. Iowa 1983) (same).
[28]     Ex. 4 at Item Nos. 114-15 (claiming as privileged MSO joint venture term sheets for Steadman and VSO dated the same day as VSO's term sheet); Ex. 8 (VSO MSO term sheet produced by VSO).  *See also* Ex. 12 (requesting production of Item Nos. 114-15).
[29]     Ex. 9 [Ex. 33 to Mot. to Compel #4]; Ex.10 [Claw back letter].

### B.     Internal Communications About The Valuations Are Not Protected.

At pages 11-12 of their motion, Plaintiff identified one document that Vail Health seeks to claw back.  Plaintiffs attached the claw back letter and Exhibit 33.[30]  Plaintiffs generally described the email, identified that counsel was copied on the email, and that there was no discussion or request for legal advice.  Plaintiffs complied with Rule 25(b)(5)(B) when it presented the issue in its motion.  At page 9 footnote 8, Vail Health describes Exhibit 33, as Vail Health and its counsel "collectively evaluating whether a different structure for the proposed joint venture would address the legal issues posed by the fair market value requirements."  Not so.  CEO Kirchner asked Brown how the second valuation compared with the first.  Brown provided his opinion, concluding that the valuation was better for Vail Health's bottom line.  The CFO jumped in to clarify some information and to ensure that certain of Vail Health's costs were included—he did not copy the attorney when he replied.  The emails analyze the valuations from a business perspective. No legal advice was sought; none was given. The attorney did even respond.[31]  The email is not privileged, and Vail Health's claw back should be rejected.

Vail Health's admissions further show that internal communications about the valuations are not protected by the attorney-client privilege.  At page 9, Vail health asserts

---

[30]     *United States ex rel. Rembert v. Bozeman Health Deaconess Hosp.*, No. CV 15-80-BU-SEH, 2018 WL 2320645, at *2-3 (D. Mont. May 22, 2018) (FMV documents not privileged); *Shahbahian v. Trihealth, Inc.,* Case No. 1:18-cv-790, 2019 WL 4958114, at *6 (S.D. Ohio Oct. 8, 2019) (same).

[31]     *Bruno v. Equifax Info. Servs., LLC* , No. 2:17-cv-327-WBS-EFB, 2019 U.S. Dist. LEXIS 24502, at *16-17 (E.D. Cal. Feb. 14, 2019) (although attorneys copied on email, nothing suggested they received emails to facilitate the rendering of legal advice; none requested legal advice and no indication attorneys responded); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013) ("merely copying or 'cc-ing' legal counsel, in and of itself, is not enough to trigger the attorney-client privilege. Instead, each element of the

7

that a draft valuation was internally distributed "so that Vail Health *could* approach its attorneys with further questions about regulatory compliance." There is no evidence Vail Health did approach its attorneys. The independent appraiser (HTA) sent a draft report to Brown and a Vail Health attorney on November 30, 2016,[32] which Brown internally forwarded on December 1, 6, and 9.[33] Vail Health points to no log entry, because there is none, in which Vail Health sought legal advice about the November 30 draft report.[34]

Finally, at page 8 of Vail Health's opposition, it states that it agrees the valuation documents be submitted *in camera* review. As discussed above, the communications with the independent third-party appraisers are not privileged as a matter of law, and thus there is no need to review those documents *in camera*. Plaintiffs agree with Vail Health that all other valuation-related communications should be reviewed *in camera*.

### III. VAIL HEALTH HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE.

#### A. Vail Health Waived Any Purported Privilege Related To The Valuations.

In addition to waiving any privileged communications made to the independent valuation appraisers,[35] Vail Health waived any privilege by voluntarily producing valuation documents here. Despite claiming it produced only valuation documents produced to third parties,[36] it produced two HTA draft reports with different rates, only one of which was produced to a third party, VSO.[37] So by voluntarily producing the other draft HTA

---

privilege must be met when the attorney-client privilege is being asserted."); *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1075 (N.D. Cal. 2002) (same).

[32] Ex. 4 at Item No. 438.
[33] *Id.* at Item Nos. 439-41.
[34] *TIGI Linea Corp. v. Prof'l Prods. Grp., LLC*, No. 4:19-cv-00840-RWS-KPJ, 2020 U.S. Dist. LEXIS 244777, at *27 (E.D. Tex. Dec. 30, 2020) ("[t]he simple mention of intent [to seek legal advice] is beyond the protection" of attorney-client privilege).
[35] *Securitypoint Holdings,* 2019 U.S. Claims LEXIS 341, at *13.
[36] *See* Vail Health Opp'n at 10-11 [ECF No. 213].
[37] *Compare* Ex. 16 (not produced to VSO) *with* Ex. 17 (produced to VSO).

report, Vail Health waived any claim of privilege.[38] Likewise, Vail Health refused to produce the Haverford report but produced emails discussing that report.[39] Vail Health thus waived any privilege as to all the joint venture independent valuations.

### B. Vail Health Has Waived Board-Related Communications.

Vail Health does not dispute that its Board members use outside business email accounts to transact Vail Health business. To assert that the communications are privileged, Vail Health must prove it had a reasonable expectation of privacy when it chose to use unrelated, workplace email accounts to conduct Board business. Vail Health must present evidence on the following: "(1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?"[40] Applying these factors in *In re WeWork Litigation,* the Delaware Court of Chancery held that a company's communications with outside directors were not protected by attorney-client privilege.[41] Because the company failed to prove there was a reasonable expectation of privacy in using outside workplace emails, the privilege was waived. The same holds true here.[42]

---

[38] *United States v. Bernard,* 877 F.2d 1463, 1465 (10th Cir. 1989) ("voluntary disclosure…is inconsistent with the attorney-client relationship and waives the privilege.").
[39] *See, e.g.,* Exs. 18-20.
[40] *United States v. Hudson*, No. 13-20063-01-JWL, 2013 U.S. Dist. LEXIS 126655, at *31 (D. Kan. Sep. 5, 2013) (citing leading case, *In re Asia Global Crossing, Ltd.,* 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005)).
[41] *In re WeWork Litig., Consol.* , Civil Action No. 2020-0258-AGB, 2020 Del. Ch. LEXIS 368, at *5-11 (Ch. Dec. 22, 2020).
[42] *Id.* at *7 ("lack of evidence does not work in SBG's favor because it bears the burden of proving that the privilege applies").

Likewise, the former outside Board Chair, Michael Shannon, included KSL executive assistant, Christie Faires, on communications he sent from his KSL business email account.[43] Vail Health provides no legal or factual support as to why a KSL employee was included on Vail Health emails. The cases it relies upon relate to *the client or attorney* using agents functionally equivalent to employees, but even then they must further the client's interest or be reasonably necessary to the purpose of the consultation. Vail Health has made no showing Faires was the functional equivalent of a Vail Health employee,[44] or she was necessary to the consultation.[45] Any purported attorney-client privilege was waived.[46]

## IV. PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES.

This is the second motion Plaintiffs have had to bring about Vail Health's privilege log. The improper invocation of privilege and the unjustified delays warrants the imposition of attorneys' fees. Plaintiffs also request that the fees associated with any *in camera* review conducted by the Special Master be imposed on Vail Health.

---

[43] Ex. 4 at Item Nos. 244-45, 248 (communications with counsel); *id.* at Item Nos. 322, 324-25 (communications with independent appraiser Deloitte) [Sept. 10 log].

[44] *Giannullo v. City of New York,* 322 F.3d 139, 142 (2d Cir. 2003) (assertions of fact in memorandum "is not evidence at all").

[45] *See, e.g., United States v. Bill Harbert Int'l Constr. Co..,* No. 95-1231 (RCL), 2007 WL 915235, at *2-3 (D.D.C. Mar. 27, 2007) (presence of *client's* assistant did not waive privilege when assistant witnessed documents and ensured record of their creation). *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 U.S. Dist. LEXIS 147101, at *18 (N.D. Cal. Aug. 14, 2020) (noting individual must be functional equivalent of employee and assist attorneys in providing legal advice).

[46] *See, e.g., In re Application of Chevron Corp.,* 650 F.3d 276, 288-90 (3d Cir. 2011) (presence of documentary film crew rendered conversation not privileged); *United States v. Evans,* 113 F.3d 1457, 1462-63 (7th Cir. 1997) (conversation between client and lawyer in front of client's friend not privileged); *Atwood v. Burlington Indus. Equity, Inc.,* 908 F. Supp. 319, 323 (M.D.N.C. 1995) (communications between attorney and client in presence of union representative not privileged).

| | |
|---|---|
| Dated:  November 19, 2021 | *s/Alan L. Kildow*<br>Alan L. Kildow, MN# 0143133<br>790 Potato Patch Drive<br>Vail, CO 81657<br>Telephone: (970) 390-6675<br>E-mail:  alkildow@aol.com<br><br>Jesse Wiens, Colo. #33903<br>Fahrenholtz & Wiens LLC<br>100 West Beaver Creek Boulevard<br>Suite 236<br>Avon, CO 81620<br>Telephone: (970) 949-6500<br>E-mail:  fwlawyers@gmail.com<br><br>Sonya R. Braunschweig, MN# 0290292<br>5501 Irving Avenue South<br>Minneapolis, MN 55419<br>Telephone: (612) 819-2304<br>E-mail:  sonya.braunschweig@gmail.com<br><br>Attorneys for Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger |

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I served a true and correct copy of Plaintiffs' Reply to Rule 37 Motion to Compel #5 to Produce Documents On Vail Health's Inadequate Privilege Log, Or Alternatively, *In Camera Review* At Vail Health's Cost, including exhibits, which are filed restricted under the protective order, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant

    *s/ Alan L. Kildow*
    Alan L. Kildow