# EXHIBIT 33

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br><br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, Colorado 81631 | DATE FILED: March 12, 2021 6:43 PM<br>FILING ID: A0FEC56C4A488<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:**<br>DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, | ▲ COURT USE ONLY ▲ |
| **Counter-Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Counter-Defendants:**<br>LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No. 2017CV030102<br><br>Division 3 |
| **Third-Party Plaintiff:**<br>VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:**<br>DAVID J. CIMINO, an individual. | |

4811032.1

| | |
|---|---|
| Janet Savage, #11653<br>Jacqueline V. Roeder, #48046<br>Daniel A. Richards, #50457<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, Colorado 80202<br>Telephone:  303.892.9400<br>Facsimile:   303.893.1379<br>E-mail:       janet.savage@dgslaw.com<br>                  jackie.roeder@dgslaw.com<br>                  daniel.richards@dgslaw.com<br><br>*Attorneys for Defendant Doris Kirchner, Defendant, Counter-Plaintiff and Third-Party Plaintiff Vail Clinic, Inc. d/b/a Vail Health* | |
| **[JUDGE GRANGER] DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' <u>ELEVENTH</u> MOTION FOR EXTENSION OF TIME TO RESPOND TO VAIL HEALTH'S SUMMARY JUDGMENT MOTIONS** | |

4811032.1

Defendants Vail Clinic, Inc. ("Vail Health") and Doris Kirchner ("Defendants") submit this brief in opposition to **Plaintiffs' March 12, 2021 Motion for Extension of Time to Respond to Summary Judgment Motions Due on March 17 and 31, 2021 Pending the Colorado Supreme Court's Decision on C.A.R. 21 Petition** ("Eleventh Motion for Extension").

## PRELIMINARY STATEMENT

Enough is enough. For more than a year, Plaintiffs have successfully delayed adjudication of Defendants' summary judgment motions. To accomplish that objective, Plaintiffs have raised manufactured discovery disputes, filed a frivolous notice of removal followed by a flurry of meritless motions, and raised personal circumstances. They have repeatedly raised these issues at the last minute, ensuring they get the full benefit of the prior extension before causing Defendants' and the Court to scramble to address each subsequent motion for extension of time. Plaintiffs' filing of their C.A.R. 21 Petition in the Colorado Supreme Court and Eleventh Motion for Extension in this Court makes plain Plaintiffs' strategy: delay by any means necessary.

## BACKGROUND

### I.   Defendants' Summary Judgment Motions

As the Court is aware, more than a year ago, on January 27, 2020, Defendants filed a motion for summary judgment on all of Plaintiffs' remaining defamation and tortious interference claims (*i.e.*, all of Plaintiffs' remaining claims), which was refiled on August 25, 2020 per the Court's August 18, 2020 order ("MSJ on Plaintiffs' Claims"). Plaintiffs filed their opposition to Defendants' MSJ on Plaintiffs' Claims on September 29, 2020. Defendants filed their reply brief in support of their MSJ on Plaintiffs' Claims on October 14, 2020. Thus, subject to any

1

supplementation based solely on "evidence discovered after December 3, 2020" (1/25/2021 Order), Defendants' MSJ on Plaintiffs' Claims is fully briefed and ready for decision.

On October 16, 2020, Vail Health filed its (1) Motion for Summary Judgment on Its Civil Theft Claim Against Lindsay Winninger for Her Undisputed Theft of Medical Records ("Civil Theft MSJ Against Winninger") and (2) Motion for Summary Judgment on Its Civil Theft Claim Against David Cimino for His Undisputed Theft of Medical Records ("Civil Theft MSJ Against Cimino") (collectively, "Civil Theft MSJs"). On November 18, 2020, Cimino filed his opposition to Vail Health's MSJ Against Cimino. Per the Court's currently operative order, all briefing on the Civil Theft MSJs will be completed by March 31, 2021.

**II.     Plaintiffs' Ten Prior Motions for Extension and Repeated Delay Tactics**

Ever since Vail Health filed its MSJ on Plaintiffs' Claims in January 2020, and continuing after Vail Health filed its Civil Theft MSJs, Plaintiffs have repeatedly sought and obtained extensions of time to respond to Defendants' summary judgment motions, often shortly before the deadline. A high-level summary of Plaintiffs' repeated requests for extension and other efforts to delay adjudication of Defendants' summary judgment motions is as follows:

- On February 13, 2020, Plaintiffs filed their first motion for an extension of time to respond to Defendants' MSJ on Plaintiffs' Claims. On February 14, 2020, the Court granted Plaintiffs' first motion for extension of time, giving Plaintiffs until February 24, 2020 to respond.

- On February 20, 2020—two business days before Plaintiffs' response was due—Plaintiffs filed a second motion for extension of time to respond to the MSJ on Plaintiffs' Claims. On February 21, 2020, the Court granted Plaintiffs' second motion for extension of time, providing Plaintiffs until March 27, 2020 to respond to the MSJ on Plaintiffs' Claims.

- On March 19, 2020, Plaintiffs sought a third extension of time to respond. On March 25, 2020, the Court granted Plaintiffs' third extension request, ordering Plaintiffs to respond by May 8, 2020.

2

- On May 5, 2020—three days before the deadline—Plaintiffs sought a fourth extension of time to respond. On May 6, 2020, the Court granted Plaintiffs' fourth extension request, ordering Plaintiffs to respond by May 18, 2020.

- On May 15, 2020—one business day before the deadline—Plaintiffs sought a fifth extension of time to respond. On the same day, the Court granted Plaintiffs' fifth extension request, ordering Plaintiffs to respond by June 15, 2020.

- On June 9, 2020, Plaintiffs sought a sixth extension of time to respond. On the same day, the Court granted Plaintiffs' sixth extension request, ordering Plaintiffs to respond by September 1, 2020.

- On August 19, 2020, Plaintiffs sought a seventh extension of time to respond. On the same day, the Court denied all pending motions for summary judgment without prejudice and ordered the parties to re-file their motions for summary judgment, thereby mooting Plaintiffs' seventh motion for extension of time.

- On August 25, 2020, Defendants refiled their MSJ on Plaintiffs' Claims, which made the same arguments and sought the same relief as Defendants' January 27, 2020 Summary Judgment Motion.

- On September 8, 2020, Plaintiffs sought an eighth extension of time to respond, arguing that certain discovery disputes regarding insurance claim forms should be resolved prior to Plaintiffs' responses. The Court granted Plaintiffs' eighth extension request on September 14, 2020, but observed "**Plaintiff has and far more extensions than most or possibly any other case**."

- On November 1, 2020, Plaintiffs filed a frivolous Notice of Removal, which they subsequently withdrew after accomplishing their objective of further delaying summary judgment briefing.

- On November 4, 2020, Plaintiffs filed their ninth motion for extension of time regarding Defendants' summary judgment motions, again relying on a purported discovery dispute regarding certain insurance claim forms. On November 18, 2020, the Court denied the motion in part and ordered Plaintiffs to respond to Defendants' summary judgment motions within 21 days.

- At a December 3, 2020 status conference, the Court ordered as follows: "All responses to any pending MSJ will be due 28 days following Judge Ruckriegle's Order on Pending Discovery Issues; Reply 42 days after Judge Ruckriegle's Pending Discovery Issues." Judge Ruckriegle issued that order on February 3, 2021, making Plaintiffs' summary judgment responses due by March 3, 2021.

3

4811032.1

- On February 20, 2021, Plaintiffs filed their tenth motion for extension of time regarding Defendants' summary judgment motions. Plaintiffs cited two reasons for the requested extension: (1) health issues concerning Ms. Braunschweig's father and (2) purported continuing discovery disputes regarding insurance claim forms. **Nowhere in Plaintiffs' tenth motion for an extension did they mention that they planned to file a C.A.R. 21 petition and seek a further stay of summary judgment briefing.**

- Later on February 20, 2021, the Special Master rejected Plaintiffs' request for further discovery regarding the insurance claim form issue, holding: "Plaintiffs currently have enough information from the documents produced and testimony given by Vail Health about the patients' treatment providers that permits them to make their argument [on summary judgment]. These are issues that stand to be argued and adjudicated before the Court. More discovery for discovery's sake *should not serve as a basis for further delay in this case*."

- On February 23, 2021, the Court denied the indefinite extension sought by Plaintiffs but granted them an extension until March 17, 2021.

### III. Plaintiffs' C.A.R. 21 Petition and <u>Eleventh</u> Motion for Extension

In the early morning hours of March 12, 2021—just days before Plaintiffs' responses to Defendants' summary judgment motions were due—Plaintiffs filed their Petition for Rule to Show Cause Under C.A.R. 21 ("C.A.R. 21 Petition"). Plaintiffs' C.A.R. 21 Petition claims that this Court committed an extraordinary abuse of discretion in two orders issued January 20 and 25, 2021. (C.A.R. Petition *passim*.) That purported abuse of discretion is so extreme, in Plaintiffs' telling, that it requires the immediate intervention of the Colorado Supreme Court. (*Id.*) Plaintiffs further accuse this court of "ignor[ing]" controlling precedent. (*Id.*) None of this is true, and the Court's January 20 and 25 orders are correct and well supported.

Plaintiffs' true purpose in filing their C.A.R. Petition—further delay—is revealed by their accompanying Eleventh Motion for Extension. In their Eleventh Motion for Extension, Plaintiffs seek an extension of their deadlines to respond to Defendants' summary judgment motions "until

4

4811032.1

such time as the Colorado Supreme Court rules on the C.A.R. 21 Petition." (Eleventh Mot. for Extension at 4.)

## ARGUMENT

**I.      The Filing of a C.A.R. Petition Provides No Basis for a Stay**

C.A.R. 21 proceedings are "extraordinary in nature" and whether to accept a C.A.R. 21 petition is "wholly within the discretion of the supreme court." C.A.R. 21(a)(1). Relief under C.A.R. 21 is available "only when no other adequate remedy, including relief available by appeal or under C.R.C.P. 106, is available." *Id.* In light of the extraordinary nature of C.A.R. 21 proceedings, C.A.R. 21 specifically provides that **"[t]he filing of a petition under this rule does not stay any underlying proceeding**." C.A.R. 21(f)(1) (emphasis added).

In light of the extraordinary nature of C.A.R. 21 proceedings, "[f]ew original proceeding petitions are granted by the supreme court." Colo. Appellate Handbook § 18.1 (2014). For example, "[i]n fiscal year 2019, the court issued a rule to show cause [i.e., accepted the case] in 16 of the 182 original proceedings filed," about 8%. *Id.* In even fewer cases did the petitioner ultimately obtain the relief requested in the petition. In sum, Plaintiffs' chances of having their petition accepted by the Supreme Court, let alone obtaining the relief they seek, are exceedingly small and provide no basis for further delay.

Moreover, the nature of Plaintiffs' C.A.R. 21 Petition makes it even less likely that the Supreme Court will accept the petition by issuing a rule to show cause. While Plaintiffs try to characterize their petition as raising an issue of "jurisdiction" and "standing," it ultimately raises a run-of-the mill question of statutory interpretation. This is precisely the kind of issue that can be litigated on appeal, if necessary. Plaintiffs make no effort in their petition to show that

5

irreparable harm will occur if Plaintiffs' baseless statutory interpretation arguments are not litigated immediately.[1]

Plaintiffs' C.A.R. 21 Petition provides no reason to further delay this case.

## II. Plaintiffs' C.A.R. 21 Petition Should Be Denied Because Plaintiffs Misled This Court in Their Most Recent Motion for Extension

On February 19, 2021, Plaintiffs filed their tenth motion for extension of time to respond to Defendant's motions for summary judgment. Plaintiffs stated that they needed the extension, in part, because Plaintiffs' counsel's father's illness prevented her from working on the case. Plaintiffs' motion was misleading for two reasons.

First, nowhere in Plaintiffs' motion for extension did they mention their intention to file a C.A.R. 21 petition or seek a further extension of time. Given that Plaintiffs' C.A.R. 21 Petition is 35 pages, it strains credulity to suggest that Plaintiffs had no intention as of February 19, 2021 to seek relief from the Colorado Supreme Court. Rather, it seems that the purpose of Plaintiffs' last requested extension was to provide Plaintiffs additional time to finalize their C.A.R. 21 Petition, which they would then leverage to further delay this case.

Second, Plaintiffs' representation that Plaintiffs needed an extension because they were unable to devote time to responding to summary judgment motions appears to have been false. Between February 19, 2021 and today, Plaintiffs have engaged in a remarkable flurry of activity in both this case and the related federal case, including but not limited to the following:

---

[1] Ultimately, there is little downside to this Court denying Plaintiffs' request for a stay of summary judgment briefing. If this Court denies the stay, and the Supreme Court determines that a stay is warranted, it has the power to issue a temporary stay. C.A.R. 21(f).

- On March 1, 2021—just days after obtaining their tenth extension of time from this Court—Plaintiffs served on Vail Health in the federal case 129 requests for admission, 25 interrogatories, and 11 requests for production;

- On March 4, 2021, Plaintiffs filed in this case an eight-page Motion Related to the Independent Expert Michael Horwith;

- Between March 5 and March 9, 2021, Plaintiffs sent multiple conferral emails to Defendants regarding purported disputes regarding the scope of discovery in the federal case;

- On March 8, 2021, Plaintiffs served the independent expert in this case, Michael Horwith, with a document and deposition subpoena in the federal case;

- On March 9, 2021, Plaintiffs sent a letter to Mr. Horwith regarding the document and deposition subpoena Plaintiffs served on him;

- On March 9, 2021, Plaintiffs requested that the Magistrate Judge in the federal case schedule an informal discovery conference;

- On March 12, 2021, Plaintiffs filed in the Colorado Supreme Court their 35-page C.A.R. 21 Petition, which they almost certainly had been working on for weeks;

- On March 12, 2021, Plaintiffs filed in this case their Eleventh Motion for Extension; and

- On March 12, 2021, Plaintiffs sent to Vail Health's counsel a 15-page chart detailing Plaintiffs' position regarding certain of Vail Health's objections to Plaintiffs' requests for production in the federal case.

As the above sampling of Plaintiffs' counsel's activity over the last several weeks makes clear, as of February 19, 2021, Plaintiffs had plenty of capacity to respond to Defendants' summary judgment motions. However, Plaintiffs misled this Court by stating otherwise, seemingly to give themselves additional time to file their C.A.R. 21 Petition before the extended deadline.

### III. Plaintiffs' Delay in Filing Their C.A.R. 21 Petition Is Another Reason Their Eleventh Motion for Extension Should Be Denied

The two orders that are the subject of Plaintiffs' C.A.R. 21 Petition were issued on January 20 and 25, 2021. Thus, Plaintiffs had all the information they needed to file their C.A.R. 21 Petition nearly two months ago. In their Eleventh Motion for Extension, Plaintiffs

4811032.1

provide no explanation for why they waited nearly seven weeks—until just days before the deadline for their summary judgment filings—to file their C.A.R. 21 Petition. Had Plaintiffs filed their C.A.R. 21 Petition promptly, we likely would know by now whether the Colorado Supreme Court had accepted the petition. Instead, in keeping with past practice, Plaintiffs waited until the last minute to file their petition and then sought to leverage their petition to further delay this case.

### IV. Plaintiffs' C.A.R. 21 Petition—Even if Granted—Provides No Basis to Delay Adjudication of Defendants' MSJ on Plaintiffs' Claims

Plaintiffs argue in their C.A.R. 21 Petition that (1) the Court incorrectly concluded that Vail Health may recover under Colorado's civil theft statute, Colo. Rev. Stat. § 18-4-405, for violations of Colorado's Theft of Medical Records statute, Colo. Rev. Stat. § 18-4-412 (C.A.R. Petition at 14-33), and (2) that Vail Health purportedly amended its pleadings in its summary judgment motions (Mot. at 33-35). Those arguments are meritless. In any event, Plaintiffs arguments—which relate to Vail Health's claims—are utterly irrelevant to Defendants' MSJ on *Plaintiffs' Claims*.

Defendants' MSJ on Plaintiffs' Claims demonstrates that because Winninger stole patient files from Vail Health's server, purported statements by Vail Health that Winninger stole patient files from Vail Health are substantially true and thus not defamatory. The elements of a civil theft claim, and whether Vail Health has standing to assert such a claim, have no bearing on whether the allegedly defamatory statements are substantially true. "[T]he meaning of an allegedly defamatory statement is not determined by legal research." *Anderson v. Cramlet*, 789 F.2d 840, 844 (10th Cir. 1986) (applying Colorado law) (internal quotation marks omitted). To the contrary, words in allegedly defamatory statements are interpreted according to their

*ordinary, commonly accepted meaning.  See, e.g.*, *Fry v. Lee*, 408 P.3d 843, 850 (Colo. App. 2013) (holding that allegedly defamatory words should be assigned their "plain and ordinary meanings").  "To determine the plain and ordinary meanings of words in the context of defamation claims, Colorado courts commonly and properly rely on lay dictionary definitions."  *Fry*, 408 P.3d at 850 (citing *NBC Subsidiary (KCNC-TV), Inc. v. Living Will Ctr.*, 879 P.2d 6, 13-14 (Colo. 1994); *Knapp*, 144 P.3d 981).  The alleged statements at issue here claim that Winninger had "stolen patient files."  The plain, ordinary meaning of "steal" is "[t]o take (the property of another) without right or permission."  (The American Heritage Dictionary; *see also* Dictionary.com (defining "steal" as "to take (the property of another or others) without permission or right . . . ").)

Winninger admits that this is precisely what she did here—she took files containing patient treatment information that did not belong to her without permission.  Because allegedly defamatory words are interpreted according to their ordinary meaning—and not according to the elements of related causes of action—the nature of Vail Health's civil theft claims has no bearing on Defendants' MSJ on Plaintiffs' Claims.  Thus, whether Vail Health asserted a "new" claim

9

4811032.1

for Theft of Medical Records (which it did not), and whether Vail Health has standing to assert such a claim, has no bearing on Defendants' MSJ on Plaintiffs' Claims.[2]

The Court has already recognized as much. Plaintiffs' arguments in their C.A.R. 21 Petition are similar to the arguments they made in their Motion to Strike Defendants' MSJ Reply and Vail Health's Two Motions for Summary Judgment Related to the Unpled Medical Records Theft Claim ("Motion to Strike"). In the Court's January 25, 2021 order denying the Motion to Strike, the Court "agree[d] with Defendants that even if the theft of medical records and/or other documents is a new claim, it is not relevant to whether an issue of disputed fact exists for Plaintiffs' claims." (1/25/2021 Order.)

In sum, even if there were merit to Plaintiffs' C.A.R. 21 Petition—which there is not—it would have no impact of Defendants' MSJ on Plaintiffs' Claims.

## CONCLUSION

It has now been more than a year since Defendants filed their MSJ on Plaintiffs' Claims and approximately five months since Vail Health filed its Civil Theft MSJs. The intervening months have been filled with manufactured discovery disputes, frivolous filings, and repeated last-

---

[2] Even if Plaintiffs were correct that the substantial truth of an allegedly defamatory statement should be evaluated not based on the plain meaning of the words used but based on whether a related statute has been violated, consideration of Colorado's Theft of Medical Records statute, Colo. Rev. Stat. § 18-4-412, would nonetheless be appropriate. The question pertinent to resolving Defendants' MSJ on Plaintiffs' Claims is whether the allegedly defamatory statements are substantially true. Those purported allegedly defamatory statements allege that Winninger "stole patient files," not that she committed civil—rather than criminal—theft. Even accepting Plaintiffs' unsupported contention that Vail Health cannot recover civilly under Colo. Rev. Stat. § 18-4-405 for violations of Colo. Rev. Stat. § 18-4-412 (and Plaintiffs' unsupported contention that substantial truth is evaluated with reference to statutory definitions, rather than plain meaning), Defendants' purported statements that Winninger stole patient files would be substantially true if she violated Colorado's Theft of Medical Records statute, Colo. Rev. Stat. § 18-4-412—which she indisputably did.

minute requests for extensions. Thus far, Plaintiffs' efforts to delay adjudication of Defendants' summary judgment motions have been successful. Defendants respectfully submit that it is time to put a stop to Plaintiffs' vexatious delay tactics. Plaintiffs' Eleventh Motion for Extension should be denied.

| | |
|---|---|
| Dated: March 12, 2021 | DAVIS GRAHAM & STUBBS LLP |
| | |
| | *s/Janet Savage* |
| | Janet Savage, #11653 |
| | Jacqueline V. Roeder, #48046 |
| | Daniel A. Richards, #50457 |
| | |
| | *Counsel for Defendant Doris Kirchner and Defendant, Counter-Plaintiff and Third-Party Plaintiff Vail Clinic, Inc. d/b/a Vail Health* |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing [JUDGE GRANGER] DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' ELEVENTH MOTION FOR EXTENSION OF TIME TO RESPOND TO VAIL HEALTH'S SUMMARY JUDGMENT MOTIONS filed via Colorado Courts E-Filing on this 12th day of March 2021, which will serve notice to the following:

John W. Madden, III
THE MADDEN LAW FIRM
999 18th Street, Suite 1500 South
Denver, Colorado 80202
Telephone:  303.436.1111
Email: madden@themaddenfirm.com

*Counsel for Third-Party Defendant David Cimino*

Jesse Wiens
FAHRENHOLTZ & WIENS, LLC
P.O. Box 1988
Avon, Colorado 81620
Telephone:  970.949.6500
Facsimile:  970.331.0794
Email: fwlawyers@gmail.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

Daniel M. Reilly, Clare S. Pennington, John M. McHugh
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
Telephone:     303.893.6100
Email:          dreilly@rplaw.com
                cpennington@rplaw.com
                jmchugh@rplaw.com

*Counsel for Defendant Doris Kirchner*

Copy emailed to:

Sonya Braunschweig (admitted pro hac vice)
5501 Irving Avenue South
Minneapolis, Minnesota 55419
Telephone:  612.819.2304
E-mail:  sonya.braunschweig@gmail.com

Alan L. Kildow (admitted pro hac vice)
15204 Wildwood Road
Burnsville, Minnesota 55306
Telephone: 970.390.6675
E-mail:  alkildow@aol.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*

          *s/ Sandra Abram*
          Sandra Abram

4811032.1