IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**DEFENDANT VAIL HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND FACT DISCOVERY, EXPERT DISCLSORUE, AND DISPOSITIVE MOTION DEADLINES**

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") hereby files this brief in opposition to Plaintiffs' October 29, 2021 Motion to Modify the Scheduling Order to Extend Fact Discovery, Expert Disclosure, and Dispositive Motion Deadlines (Doc. 206) ("Motion").

**INTRODUCTION**

Plaintiffs' Motion is a wolf in sheep's clothing. Plaintiffs present their Motion as almost pro forma—representing to the Court that the parties need just "a bit more time" to resolve outstanding discovery disputes and that Plaintiffs are "optimistic that a significant number of the discovery issues can be resolved by the parties themselves." However, just two business days after filing the Motion, Plaintiffs sent Vail Health a 32-row, 12-page, single-spaced chart listing more than 60 purported discovery disputes, including issues that were not even addressed in any of Plaintiffs' motions to compel or mentioned at the Special Master Hearings. Plaintiffs' November 2, 2021 discovery dispute chart makes clear what their Motion does not: that

Plaintiffs seek to interminably drag out this already-protracted dispute, which has been in litigation for more than four and a half years.

Plaintiffs' Motion should be denied because they have failed to show good cause for an extension. While Plaintiffs claim that there are discovery disputes outstanding, the reason all purported discovery disputes in this matter have not been resolved is because Plaintiffs have continuously raised such a multitude of discovery disputes that they have overwhelmed the capacity of the Court, even with the assistance of the Special Master, to resolve them within the discovery deadline. Extending the fact discovery and expert disclosure deadlines would only reward Plaintiffs for continuing to multiply these proceedings—flouting the Court's stern warnings in its June 2021 Orders (Doc. 113, 118). The disproportionate nature of the marginal discovery Plaintiffs seek is further reinforced by the State Court's order granting summary judgment for Vail Health on all of Plaintiffs' remaining claims.

Moreover, with respect to the aspects of their case not designed to impose burdens on Vail Health, Plaintiffs have failed to develop their case or act with reasonable diligence. In thirteen months of discovery, with two extensions, they have taken only four depositions and failed to take numerous depositions they said they would take. They have not subpoenaed a single Howard Head competitor or payer; have not followed up on third-party subpoenas they did serve; and have not engaged in meaningful discovery themselves, serving their initial disclosures and discovery responses four months late and engaging in disruptive conduct during Ms. Winninger's deposition. The Court should deny the Motion.

**ARGUMENT**

I.      **Plaintiffs Failed to Exercise Diligence in Pursuing Their Claims.**

Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). If the party moving to modify the scheduling order failed to exercise

- 2 -

diligence in pursuing discovery, no good cause exists for an extension. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (affirming denial of motion to reopen discovery deadline because deadline had been extended several times and "[t]he record suggests that the plaintiffs did not make diligent use of the long period the court originally provided for discovery"); Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) (good cause exists only if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension"). While Plaintiffs have doggedly sought to impose ever-expanding discovery burdens on Vail Health (*see* Motion for Protective Order), Plaintiffs have failed to utilize the thirteen-month discovery period to develop their own case.

On October 9, 2020, Judge Gallagher issued the scheduling order in this matter, which set the fact discovery deadline as August 1, 2021, permitting approximately ten months for fact discovery. (Doc. 71 at 24.) The Order also set the deadline for service of interrogatories, requests for production ("RFPs"), and requests for admission ("RFAs") as March 1, 2021. (*Id.* at 24, 28.)

On October 9, 2020, Vail Health timely served its responses and objections to Plaintiffs' RFPs No. 1-14. (Ex. 1; *see* Ex. 2 at 6:23-8:15.) On October 16, 2020, Vail Health timely served its initial disclosures. (Ex. 3.) In October 2020, Plaintiffs and Vail Health held a conferral regarding Vail Health's responses and objections to Plaintiffs' RFPs No. 1-14. Plaintiffs failed to follow up on that conferral by requesting a discovery dispute conference with Judge Gallagher.[1]

**Between October 23, 2020 and February 15, 2021—nearly four months of the then-ten-month discovery period—Plaintiffs went completely silent with respect to this case.**

---

[1] On October 23, 2020 Plaintiffs sent an email requesting a discovery conference but *failed to include the Magistrate Judge's chambers on the email*. (Ex. 4.) Plaintiffs never followed up with Vail Health or the Magistrate Judge when no discovery conference was scheduled in the weeks and months following Plaintiffs' October 23, 2020 email.

They did not serve their initial disclosures. They did not respond to Vail Health's First Set of Discovery Requests. They did not seek to confer regarding any discovery issue. They did not seek a discovery dispute conference. They did not serve any further RFPs, interrogatories, or RFAs on Vail Health. They did not serve any third-party document or deposition subpoenas. For nearly four months, they utterly failed to prosecute their case.

When Plaintiffs did reengage in this case in March of 2021, they focused their efforts on raising voluminous, frivolous discovery disputes intended to impose significant burdens on Vail Health. (*See* Vail Health's Motion for Protective Order (Doc. 228).) But they delayed taking—or entirely failed to take—key steps to develop their case and comply with their discovery obligations. For example:

- Plaintiffs waited to serve any interrogatories or RFAs until the last day to serve written discovery, March 1, 2021, when they served 25 interrogatories and 129 RFAs. (Ex. 5; Ex. 6.) On that date, also the deadline for RFPs, Plaintiffs served an additional 11 RFPs. (Ex. 7.)

- Vail Health served it responses and objections to Plaintiffs' First RFPs on October 9, 2020. (Ex. 1.) Plaintiffs failed to raise any issues regarding Vail Health's responses and objections with the Magistrate Judge until March 9, 2021—five months after receiving the responses and objections. (Ex. 8.)

- Vail Health served its First Set of Discovery Requests to Plaintiffs on November 6, 2020 (Ex. 9), making Plaintiffs' responses and objections due on December 7, 2020. Plaintiffs neither served any responses nor sought an extension from the Court. Plaintiffs failed to serve their responses and objections until March 30, 2021—*nearly four months late*.

(Ex. 10.) This Court has already held that Plaintiffs "themselves have delayed progress in this matter" by serving their discovery responses "nearly four months late." (Doc. 113 at 7.)

- Plaintiffs' initial disclosures were due by October 16, 2020 (Doc. No. 71 at 19), but Plaintiffs did not serve their initial disclosures until February 15, 2021 (Ex. 11)—*four months late*. Again, this Court has already held that "Plaintiffs themselves have delayed progress in this matter" by serving their initial disclosures "four months late." (Doc. 113 at 7.)

- Plaintiffs never served a document or deposition subpoena on any Howard Head competitor. They failed to do so even though (a) the identity of physical therapy providers in the alleged Vail Valley market is publicly available (and within Plaintiffs' personal knowledge as physical therapy providers who have worked in the Vail Valley) and (b) Vail Health's April 30, 2021 interrogatory responses identified numerous physical therapy providers with offices in Vail, Colorado, and the surrounding communities (Ex. 12 at 38-39).

- Plaintiffs never served a document or deposition subpoena on any insurance company or other payer with which Vail Health has a contract. They failed to do so even though Vail Health's April 30, 2021 interrogatory responses identified more than 20 such payers. (Ex. 12 at 29-30.) In fact, in a May 24, 2021 email, Plaintiffs stated their intention to depose Anthem/Blue Cross Blue Shield and United HealthCare. (Ex. 13.) They never did.

- Plaintiffs also stated in May 2021 their intention to depose other third parties, such as Don Auten, Vail Health's outside counsel; Dan Drawbaugh, CEO of The Steadman Clinic, who was previously deposed in the State Case; Medicare; the Colorado Department of Regulatory Affairs; and Janet Savage of Davis Graham & Stubbs LLP, counsel of record in

this action. (Ex. 13.) Plaintiffs never followed through on attempting to subpoena these witnesses for depositions.

- On June 29, 2021, Plaintiffs stated their intention to take the deposition of Ted Sirotta, a former CFO of Vail Health. (Ex. 14.) Though Plaintiffs spoke with Mr. Sirotta by telephone in approximately June or July 2021, Plaintiffs never served Mr. Sirotta with a deposition subpoena.

- Plaintiffs failed to serve a single third-party subpoena until March 2021—five months after the Scheduling Order was entered—when they served a subpoena on Michael Horwith, the court-appointed independent forensic expert in the State Case. (Ex. 15.) The resulting motion practice wasted Plaintiffs', Vail Health's, and the Court's time. On June 6, 2021, Judge Gallagher, in a 15-page opinion, granted Vail Health's motion to quash the Horwith subpoena finding, *inter alia*, that Plaintiffs' subpoena "violated the Scheduling Order." (Doc. 105 at 14.) Plaintiffs appealed. On June 29, 2021, the Court rejected Plaintiffs' appeal, concluding that "numerous of [Plaintiffs'] arguments are meritless and frivolous." (Doc. 118 at 5.)

- Plaintiffs claim one of the reasons for extension of the discovery deadline is Plaintiffs' purported need to "enforce[]" document and deposition subpoenas served on Vail-Summit Orthopaedics ("VSO") and the Vail-Summit Orthopaedic Foundation ("VSOF"). (Doc. 206 at 4.) As discussed in further detail below, on June 24, 2021, VSO and VSOF objected to Plaintiffs' extraordinarily broad subpoenas. (Ex. 16.) Yet Plaintiffs took no action in the subsequent four months of the current discovery period to seek relief from the Court.

- Plaintiffs also claim that a wholesale extension of the discovery period is warranted so Plaintiffs can "enforce[]" a subpoena to BKD LLP, which performed certain

accounting work for Vail Health and its affiliates. (Doc. 206 at 5.) Plaintiffs have known about BKD's role as an accountant for Vail Health since at least July 22, 2021 (likely much earlier), when Plaintiffs used publicly available Vail Health Services financial statements audited by BKD as exhibits at the deposition of Charlie Crevling, Vail Health's former CFO. (Ex. 17.) BKD was specifically discussed at Mr. Crevling's July 22, 2021 deposition. (Ex. 18 at 93:13-94:14, 97:1-5.) Yet Plaintiffs waited until October 15, 2021—two weeks before the end of the thirteen-month fact discovery period—to serve BKD with deposition and document subpoenas. (Ex. 19.)

- Plaintiffs never requested or noticed a Rule 30(b)(6) deposition of Vail Health.

- Although Plaintiffs were permitted under the Scheduling Order to take up to ten depositions, Plaintiffs took only four.[2] Plaintiffs cannot credibly claim they did not know who to depose. Plaintiffs have had access for years to the extensive State Case discovery and have taken or attended the depositions of more than 40 witnesses in the State Case. Their February 15, 2021 initial disclosures in this case identify more than 150 witnesses likely to have discoverable information and include more than 50 single-spaced pages describing the information those witnesses are believed to possess. (Ex. 11 at 2-57.) And Vail Health's April 30, 2021 interrogatory responses identify scores of witnesses likely to be knowledgeable regarding the subject matter of Plaintiffs' allegations. (Ex. 12.)

---

[2] The witnesses Plaintiffs deposed were Doris Kirchner, Vail Health's former CEO; Nico Brown, the former leader of Vail Health's Howard Head physical therapy practice; Luke O'Brien, a senior leader of Vail Health's Howard Head physical therapy practice; and Charles Crevling, Vail Health's former CFO. Three of those four witnesses (Ms. Kirchner, Mr. Brown, and Mr. O'Brien) were previously deposed in the State Case; in fact, Plaintiffs deposed Mr. Brown *six times* in the State Case, either in his individual capacity or as a 30(b)(6) witness for Vail Health. In other words, Plaintiffs deposed only one witness they had not previously deposed in the State Case.

- Plaintiffs waited until the last month of the thirteen-month discovery period to take three of the four depositions they did take. Plaintiffs deposed Mr. O'Brien on October 9, 2021; Mr. Brown on October 19, 2021; and Ms. Kirchner on October 28, 2021.

- Plaintiffs delayed raising the issue of what search terms Vail Health used to search for responsive documents. The first time Plaintiffs raised that issue was on October 13, 2021 (Ex. 20), despite having Vail Health's document production for months.

- Plaintiffs delayed requesting that Vail Health collect and search documents from additional custodians. Plaintiffs request in their November 2, 2021 discovery dispute chart that Vail Health collect documents from five additional custodians (Ex. 21 at 10), but they did not raise the issue of document custodians until October 13, 2021 (Ex. 20). However, Vail Health's document productions, which began in 2017, included custodian metadata, such that Plaintiffs have always known the custodians from which Vail Health collected documents.

- Even though Vail Health informed Plaintiffs on October 11, 2021, that it would oppose a further extension of the fact discovery and expert deadlines (Ex. 22), Plaintiffs waited until October 29, 2021—one business day before the discovery deadline—to file this Motion seeking to extend case deadlines (Doc. 206).

Plaintiffs, *inter alia*, completely wasted months of the discovery period, failed to pursue or timely follow-up on third-party discovery, and delayed pursuing or failed to pursue depositions of witness with potentially relevant information.

## II.     Plaintiffs' Motion Fails to Establish Good Cause.

As the party moving to extend fact and expert discovery deadlines, Plaintiffs bear the burden of demonstrating that good cause exists for the extension. Fed. R. Civ. P. 16(b)(4)

(scheduling order "may be modified only for good cause"). Plaintiffs' Motion fails to explain why the extensive discovery record available to them is insufficient to terminate fact discovery and proceed to expert disclosures and dispositive motions. The only reasons Plaintiffs cite for the extension are (a) purported disputes regarding certain third-party subpoenas (Doc. 206 at 4-5) and (b) the pendency of discovery disputes (*id.* at 2, 3-4). Neither issue provides a basis to extend fact or expert discovery deadlines.

As explained in further detail in Vail Health's Motion for a Protective Order, Plaintiffs have access to extensive discovery related to their claims. In the State Case, parties and non-parties have produced more than 70,000 pages of documents. The parties conducted more than 40 depositions. (Ex. 23 (list of depositions).) And the parties served more than 40 third party subpoenas. (Ex. 24 (list of subpoenas).) In addition to other searches performed by Vail Health, Vail Health searched 24 custodians' email files using search terms provided by Plaintiffs. (Ex. 25.) But Vail Health has not merely relied on the documents produced in the State Case. Rather, Vail Health has produced more than 6,900 pages of documents, including detailed pricing and financial information. Any contention that Plaintiffs do not have sufficient information to proceed to expert disclosures and summary judgment is baseless. (*See* Vail Health's Motion for Protective Order, Doc. 228.)

Moreover, Vail Health substantially completed its document production in this case months ago. In four productions on March 8, 2021, May 28, 2021, July 15, 2021, and August 6, 2021, Vail Health produced 6,894 pages of its current 6,971-page production in this case. Vail Health subsequently produced seventeen documents on September 10, 2021, four documents on October 20, 2021, and three documents on November 2, 2021. Nearly all of the documents produced after August 6, 2021 were cumulative of documents previously produced. In sum,

Plaintiffs have had access to extensive documents and communications concerning their antitrust claims for months—and access to the extensive State Case discovery for years. And Plaintiffs' Motion does not claim that they have had insufficient time to analyze the discovery Vail Health has produced.

Plaintiffs' subpoenas to VSO and VSOF and to BKD provide no basis to extend the discovery deadline. As discussed, Plaintiffs served two subpoenas on VSO and one subpoena on VSOF in June 2021. Plaintiffs seem to believe that VSO's and VSOF's responses to the subpoenas have been inadequate. However, despite the passage of five months, Plaintiffs have taken no steps to seek relief from the Court. Because Plaintiffs failed to act with reasonable diligence with respect to the VSO and VSOF subpoenas, they cannot use any outstanding issues regarding those subpoenas to extend case deadlines. The same is true for the BKD subpoena. As stated, Plaintiffs served their subpoena to BKD on October 15, 2021, just two weeks before the discovery deadline—essentially guaranteeing that all issues regarding the subpoena would not be resolved before the discovery deadline. Because Plaintiffs bear responsibility for any unresolved issues regarding the VSO, VSOF, and BKD subpoenas, the existence of any such unresolved issues do not establish good cause.

Plaintiffs also cite purportedly outstanding discovery disputes as a basis for extending deadlines. But any discovery disputes that remain outstanding are so because of Plaintiffs' pattern (as described in more detail in Vail Health's Motion for Protective Order) of raising as many discovery disputes as possible, nearly all frivolous. Plaintiffs' approach to discovery disputes in this case is akin to a "denial of service attack," in which malicious actors seek to disable a website or other information technology system by bombarding it with superfluous requests in an attempt to overload the system. Plaintiffs have similarly sought to disable

meaningful conferral procedures and this Court's discovery dispute resolution procedures by overwhelming them with superfluous discovery disputes. Vail Health respectfully submits that the delay caused by Plaintiffs' tactics is not a side-effect, but the goal—Plaintiffs seek more time to harass Vail Health for leverage and to fish for ways to expand this dispute, just as they did in the State Case before filing this case. The fact that Plaintiffs sent Vail Health a 32-row, 12-page, single-spaced chart listing more than 60 purported discovery disputes, even after eight hours of discovery hearings before the Special Master, demonstrates that they have no intention of modifying their conduct, accepting any reasonable supplemental production Vail Health makes, or bringing this litigation to conclusion in the near term.

  Plaintiffs' Motion also fails to explain why the discovery they have access to is insufficient to proceed with expert disclosures. Plaintiffs' Motion vaguely claims that certain data Vail Health produced is "deficient" and that the data is relevant "for the experts for a number of reasons." (Doc. 206 at 5.) Such a vague, unsupported assertion cannot establish good cause. Plaintiffs fail to identify what specific data they believe they are missing. They further fail to specify which of their experts need the data, or why. In the Scheduling Order, Plaintiffs stated they "anticipate[] experts in the fields of: (1) physical therapy, (2) antitrust/economics, (3) HIPAA and Medicare compliance, (4) accounting, (5) computer forensics and (6) damages." (Doc. 71 at 25.) Even assuming that the current discovery record is insufficient for one of those experts to submit his or her expert disclosures, there would be no reason to delay the disclosures of Plaintiffs' other five expert reports. Plaintiffs have failed to establish good cause for an extension of the expert disclosure deadline for any expert, let alone all of their experts.

### III. Plaintiffs Cannot Establish Good Cause Because They Have Frustrated Vail Health's Efforts to Obtain Discovery.

Plaintiffs also cannot establish good cause because they have unduly interfered with Vail Health's efforts to obtain discovery from Plaintiffs. As noted above, and as this Court has already found (Doc. 113 at 7), Plaintiffs served their initial disclosures and responses to Vail Health's first set of RFPs four months late. Further, Plaintiff Lindsay Winninger and her counsel engaged in discourteous and unprofessional conduct during her deposition that frustrated the discovery process. Ms. Winninger used profanity in commenting on (rather than answering) Vail Health's questions. For example:

> Q. . . . Ms. Winninger, do you recognize this as a photograph of business cards that are present in The Steadman Clinic's Office?
> A. You'd have to tell me where they're located.
> Q. Near the lobby.
> A. Oh those are for sure not near the lobby.
> Q. Okay.
> A. **Don't feed me sh*t, Dan.** Those are not near the lobby.

(Ex. 26 at 91:21-92:4 (emphasis added); *see also* 96:17-22 (Ms. Winninger referring to question as "a bullsh*t question").)

When Vail Health's counsel asked Ms. Winninger whether she had conversations with anyone who had complained about Howard Head prices being high, Ms. Winninger refused to answer, adding:

> Q. Okay. You're refusing to answer the question?
> A. **I'm refusing to answer your ridiculous question** looking for multiple names over the course of a decade.

(*Id.* at 106:14-107:17 (emphasis added).) Ms. Winninger continued to engage in discourteous conduct during the deposition, repeatedly commenting on, rather than simply answering, counsel's questions. (*See id.* at 108:12-109:2 ("I think your question is ridiculous based on how open-ended it is. . . . So, again, like it just seems like a ridiculous question."); *id.* at 109:3-6 ("I

- 12 -

am refusing to answer your ridiculous question."); *id.* at 133:5-9 ("Why is this relevant? This entire Complaint talks about it. Now you want me to open-endedly answer the question? What a ridiculous way to ask that."); *id.* at 157:22-23 ("You have no specific questions today. It's all these open-ended questions that lead to nothing.").)

Plaintiffs' counsel took no steps to control his client's improper behavior, demeaned opposing counsel (*id.* at 105:15-106:2), and specifically instructed his client to use up the limited time for the deposition: "Mr. Kildow: The thing is, he's asked you an open-ended question. He's got a limited amount of time. And so if you want to sit down and start naming them, *you can take as long as you want. You can just use up his time.*" (*Id.* at 107:21-108:8 (emphasis added).) Ms. Winninger's deposition also demonstrated that Plaintiffs' counsel had failed to ensure that his clients read and understood this Court's orders (Doc. 113, 118) warning Plaintiffs that they and their counsel could be held personally responsible for further unreasonable or vexatious conduct. When Vail Health asked Ms. Winninger if she had reviewed these Orders, she responded evasively, stating she was "not sure" whether she had read the orders, even after having the Court's admonitions read to her. (Ex. 26 at 9:7-35:11.)

This Court should not reward this kind of obstructive behavior by granting Plaintiffs' request to amend the discovery deadlines.

### IV. There Is No Basis for a Wholesale Extension of Discovery or Expert Deadlines.

As explained at length in Vail Health's Motion for a Protective Order, this Court should hold that Vail Health has complied with its discovery obligations and terminate discovery. However, even if this Court is inclined to entertain Plaintiffs' outstanding discovery disputes, there is no basis for a wholesale extension of the fact discovery or expert deadlines. As explained above, Plaintiffs failed to pursue during the thirteen-month fact discovery period—which was twice extended—numerous categories of discovery potentially relevant to Plaintiffs' antitrust

claims, such as discovery from Vail Health's competitors. They failed to do so even though they had more than enough information given the years of discovery in this dispute. Moreover, Plaintiffs appear to have failed to act with diligence with respect to preparing their expert opinions, as Plaintiffs appear to have not even started their consumer survey—which requires essentially no discovery to perform. (Doc. 216 at 5 (stating, on November 11, 2021, that Plaintiffs "need time to conduct [a consumer] survey").) Permitting Plaintiffs to take *any discovery*, not just discovery necessitated by any new information produced by Vail Health, would relieve Plaintiffs of responsibility for their own delays and reward them for multiplying these proceedings.

## CONCLUSION

For the reasons set forth above, Vail Health requests that the Court deny Plaintiffs' Motion.

*s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*