# EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

---

## DEFENDANT VAIL HEALTH'S FIRST SET
## OF DISCOVERY REQUESTS TO PLAINTIFFS

---

      Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby propounds the following First Set of Discovery Requests to be answered by Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger under oath (where applicable) and in writing. Plaintiffs must answer these requests within thirty (30) days from the date of service.

## DEFINITIONS

    1.    The terms YOU, YOUR, and PLAINTIFFS means SRC and WINNINGER, individually and collectively.

    2.    The term SRC means Sports Rehab Consulting LLC and/or any predecessor, and/or any related company or entity, and/or any venture or proposed venture of WINNINGER providing physical therapy services, as well as any officers, directors, managers, employees, attorneys, accountants, investigators, representatives, or agents of the foregoing.

3. The term WINNINGER means Lindsay Winninger individually (including her agents) and as an agent in any capacity of SRC.

4. The term VAIL HEALTH means Vail Health, as well as any of its officers, directors, managers, employees, attorneys, accountants, investigators, representatives, or agents, including HHSM.

5. The term HHSM means Vail Health's physical therapy unit, Howard Head Sports Medicine.

6. The terms PERSON or PEOPLE mean any natural person, and any firm, corporation, association, partnership, or legal or business entity.

7. The term COMMUNICATION(S) means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voice messages, letters, notes, facsimiles, advertisements, correspondence, memoranda, or other forms of verbal, written, recorded or electronic dialogue, including, without limitation, email, text messages, instant messages, or posts on social media.

8. The term DOCUMENT(S) is used in its broadest sense within the meaning of the Federal Rules of Civil Procedure, and includes, without limitation, the original and any and all non-identical copies and drafts, whether printed, typed, recorded, reproduced by any process, written by hand, or stored in a COMPUTER or other electronic form, in YOUR custody, possession, or control, of the following, without limitation: lists, correspondence; memoranda; notes; jottings; books; records; reports; surveys; studies; analyses; films; videotapes; drawings; photographs; recordings; logs; instructions; transcriptions; business forms; labels; papers and forms filed with courts or other governmental bodies; notices; messages; facsimiles; records, notes or summaries of telephone conversations or personal conversations; electro-magnetic tape

- 2 -

or digital records; memoranda; notebooks of any character; calendar and diary entries; appointment books; minutes and other formal or informal memoranda of meetings; publications; invoices; accounting and business statements and records; financial records; pro formas; balance sheets; contracts and agreements, including but not limited to contracts or agreements regarding employment; covenants not to compete or other restrictive covenants; sales and purchase agreements; checks; brochures; pamphlets; trade letters and publications; press releases; advertisements; and any other written, printed, photocopied, recorded, or tangible material of any kind known to YOU or in YOUR custody or control whether or not in YOUR physical possession.

9. The term COMPUTER(S) includes, but is not limited to, network servers, desktop computers, laptop computers, and notebook computers (including, without limitation, iPads); mainframes; personal data assistants (a/k/a personal digital assistants or PDAs), including but not limited to Blackberries, iPhones, smart phones; any other handheld computer device; and digital cellular telephones and pagers.

10. The term ELECTRONIC DATA includes all allocated and unallocated electro-magnetic data stored in non-volatile binary format on digital devices, to include internal hard disk drives located within desktop or workstation COMPUTERS, laptop/notebook COMPUTERS and network/Internet servers, internal hard disk drives not currently installed in COMPUTERS, external hard disk drives (including, without limitation, USB, eSata, and FireWire connected devices), flash memory devices (including, without limitation, compact memory cards and USB thumb drives); 3-1/2 inch floppy diskettes; removable drives (including, without limitation Jaz and Zip drives); data stored on third-party Internet servers (including, without limitation, FTP, cloud, and remote backup websites). It also includes all allocated and

- 3 -

unallocated digital data stored in non-volatile binary format on recordable and writable optical disks, to include compact disks (CDs); digital video disks (DVDs); and Blu-Ray disks (BDs), as well as all back-up or archived data within the definition of ELECTRONIC DATA.

11. The terms RELATING and RELATED TO mean constituting, consisting of, concerning, referring to, reflecting, regarding, evidencing, demonstrating, or in any way logically or factually connected with the matter discussed, in whole or in part.

12. The term DESCRIBE includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of the specific Discovery Request.

13. DESCRIBE, when used with reference to circumstances or events, means to describe the date of the event, the PERSONS present at the event, the location of the event, the subject matter of the event, and all documents concerning the event.

14. IDENTIFY, when used with respect to a DOCUMENT, means to provide all of the following information known or reasonably available to YOU: author(s) (including the author(s) of any annotation on the DOCUMENT), recipient(s) (including all recipients of copies), the date the DOCUMENT was generated, the type of DOCUMENT, the subject matter of the DOCUMENT, and the DOCUMENT'S present or last known location. In lieu of IDENTIFYING any DOCUMENT, a copy thereof may be provided.

15. IDENTIFY, when used with respect to a PERSON or PEOPLE, means to provide all of the following information known or reasonably available to YOU, including, name, residence address, business address, residence, mobile, and business telephone numbers, and current employer, or where applicable, the nature or type of business entity, business address of its principal office, and its principal office telephone number

16. IDENTIFY, when used with respect to oral statements or COMMUNICATIONS, means to state the maker, recipient, when made, where made, the PERSON(S) present when the COMMUNICATION was made, the mode of COMMUNICATION, and the subject matter of the COMMUNICATION.

## INSTRUCTIONS

1. Each Interrogatory, Request for Production, and Request for Admission (collectively, "Discovery Requests") is to be answered separately and specifically.

2. YOU should produce all requested DOCUMENTS that have been IDENTIFIED.

3. YOU shall produce each DOCUMENT as required by Rule 34 of the Federal Rules of Civil Procedure. Any attachment or exhibit to or any enclosure with any DOCUMENT produced shall be provided therewith.

4. All information requested herein is to be produced if it is in the possession or control of, or is available or accessible to, YOU or YOUR agents, consultants, attorneys, investigators, representatives or any other PERSON or PERSONS acting for YOU or on YOUR behalf.

   a. If YOUR response is that the DOCUMENTS are not in YOUR possession or custody, DESCRIBE in detail the efforts YOU made to locate the DOCUMENTS;

   b. If YOUR response is that the DOCUMENTS are not in YOUR control, IDENTIFY who has control and the location of the DOCUMENTS;

   c. If a request for production seeks a specific DOCUMENT or an itemiized category which is not in YOUR possession, control, or custody, provide any DOCUMENTS YOU have that contain all or part of the information contained in the requested DOCUMENT or category; and

- 5 -

        d.     IDENTIFY the source of all the DOCUMENTS YOU produce.

5. Each request should be responded to based upon YOUR entire knowledge from all sources and all information in YOUR possession or otherwise available to YOU, including information from directors, officers, employees, agents, representatives, consultants, or attorneys, and information which is known to each of them. Every DOCUMENT or source of information, including those not within YOUR immediate or direct control, must be consulted in responding to each request.

6. If YOU produce any tape, disk, card, wire or other electronic or mechanical recording or transcript or any computer program in response to any request, YOU shall also produce such DOCUMENTS, software, and instructions as are necessary for decoding, playing back, printing, and/or interpretation thereof, and any other DOCUMENTS that are necessary to convert said information into a useable format.

7. If any response is given that states an objection to these requests on any ground, state the ground(s) completely. If a request is only partly objectionable, respond to the remainder of the request.

8. Where a claim of privilege is asserted in objecting to any request, YOU shall IDENTIFY the nature of the privilege (including "work product") that is being claimed and the privilege rule being invoked, and for each DOCUMENT withheld, YOU must provide the following information:

        a.     The type of DOCUMENT;

        b.     The date of the DOCUMENT;

   c. The author(s), addressee(s) and all recipient(s) of the DOCUMENT, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another;

   d. The number of pages;

   e. The identity of any enclosure(s) or attachment(s); and

   f. The subject matter of the DOCUMENT and of any enclosure(s) or attachment(s).

  9. If any DOCUMENT requested herein has been destroyed or discarded, the DOCUMENT should be IDENTIFIED to the extent possible by describing: (a) all authors and addressees; (b) all indicated or blind copy recipients; (c) the DOCUMENT's date, subject matter, number of pages and attachments or appendices; (d) all PERSONS to whom the DOCUMENT was distributed, shown or explained; (e) the date the DOCUMENT was destroyed or discarded and the reasons for such destruction or discard; and (f) the PERSONS authorizing and carrying out such destruction or discard.

  10. The DOCUMENTS responsive to these requests are to be produced as they were kept in the ordinary course of business, and/or in the ordinary course of record keeping, and are to be labeled in such a way as to show from which files they came. Alternatively, the DOCUMENTS should be organized and labeled to correspond to the categories in these requests.

  11. The following rules of construction apply to all requests:

   a. All/Each. The terms "all" and "each" shall be construed as all and each.

   b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the re-quest all responses that might otherwise be construed to be outside of its scope.

  c. Any/All. The term "any" shall include "all" and vice-versa.

  d. Number. The use of the singular form of any word includes the plural and vice versa.

  e. The present tense should be construed to include the past and future tense, and vice-versa.

12. If any of the following Discovery Requests cannot be answered in full, YOU are to answer to the extent possible and specify the reason(s) for YOUR inability to answer the remaining portion of the request. If YOUR responses are qualified in any respect, please ex-plain each such qualification and the terms upon which the qualification is made.

13. The following Discovery Requests are deemed to be continuing to the fullest extent contemplated by Rule 26 of the Federal Rules of Civil Procedure. In the event that YOU acquire knowledge or information responsive to a Discovery Request, or any portion thereof, between the date that YOU answer these Discovery Requests and the date that this case is tried, YOU are requested to file supplemental responses including such additional knowledge or information.

14. If any of YOUR answers to a Request for Admission are anything other than an unqualified admission, please state all facts upon which YOU base YOUR response, IDENTIFY each and every PERSON who has knowledge of those facts, and IDENTIFY all DOCUMENTS that support YOUR response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS reflecting YOUR revenues, costs, and profits including without limitation YOUR financial statements, projections, and analyses.

**REQUEST FOR PRODUCTION NO. 2:** All DOCUMENTS and COMMUNICATIONS related to YOUR costs, prices, revenues, and profits for the physical therapy services YOU render at all of your locations, including the services YOU render to PEOPLE who pay for the services directly, or to the extent applicable, the services YOU render that are paid for or reimbursed, in whole or in part, via a third-party arrangement, including medical insurance, medical plans, health care administration, or any other reimbursement mechanism.

**REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS and COMMUNICATIONS relating to the "relevant geographic market" and "relevant product or service market" alleged in YOUR Amended Complaint, including without limitation any competitors in these alleged markets.

**REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS reflecting any business plan, competitive analysis, market analysis, or strategic plan related to YOUR business or related to the market for physical therapy services as alleged in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS and COMMUNICATIONS to support YOUR contention that Vail Health employs 71% of the physical therapists and generates 80% of the physical therapy revenue in the Vail Valley as alleged in Paragraph 38 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 6**: All DOCUMENTS and COMMUNICATIONS to support YOUR contention that Vail Health charges "supra-competitive" prices and captures "supra-competitive" profits as alleged in Paragraph 52 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 7:** All DOCUMENTS and COMMUNICATIONS to support YOUR contention that securing space for physical therapy would be "prohibitively expensive" as alleged in Paragraph 55 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 8:** All DOCUMENTS and COMMUNICATIONS reflecting your agreements with any physical therapist, including any employment, non-compete and non-solicitation agreements, and including each version of any such agreement YOU have entered, as well as any policies, procedures, or trainings related to YOUR physical therapists.

**REQUEST FOR PRODUCTION NO. 9:** All DOCUMENTS and COMMUNICATIONS relating to the prices charged and revenues realized for the physical therapy services provided to patients by YOU, including without limitation all contracts, agreements, and documents relating to prices for which medical insurers, medical plans, third-party health care administrators, and other health care reimbursement mechanisms have agreed to indemnify YOU for physical therapy services, and all contracts, agreements, and documents relating to prices YOU charge to patients who do not have medical insurance, a medical plan, or any other payment arrangement with a third-party.

**REQUEST FOR PRODUCTION NO. 10:** All DOCUMENTS and COMMUNICATIONS relating to any efforts made by YOU to secure, obtain, or negotiate any agreement with any medical insurers, medical plans, third-party health care administrators, or other health care reimbursement entity to reimburse physical therapy services provided by YOU or any of YOUR employees.

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS and COMMUNICATIONS related to YOUR retained experts, including those that relate to compensation for the expert's study or testimony and those that identify facts, data, or

assumptions that YOUR attorney provided and that the expert considered in forming the opinions to be expressed.

**REQUEST FOR PRODUCTION NO. 12:** All DOCUMENTS and COMMUNICATIONS related to all compensation, salary, and benefits paid to WINNINGER and all other physical therapists paid by YOU.

### INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY and DESCRIBE all products and services included in the "relevant product or service market" alleged in YOUR Amended Complaint. For each of those products or services, include in the DESCRIPTION whether PEOPLE pay for the product or service directly, and/or whether the product or service is paid for or reimbursed, in whole or in part, via a third-party arrangement, including medical insurance, medical plans, health care administration, or any other reimbursement mechanism.

**INTEROGATORY NO. 2:** For each of the products and services included in YOUR "relevant product or service market," IDENTIFY and DESCRIBE the PEOPLE who have sold or provided the products or services in YOUR alleged geographic market and when they did so. If the PERSON is an organization providing services, the response should address both the organization and all natural persons who provide the services on behalf of the organization.

**INTERROGATORY NO. 3**: For each PERSON to whom YOU rendered services, IDENTIFY the PERSON'S name and address and the location where they received YOUR services as well as the amount paid by that person or that person's third party provider.

**INTERROGATORY NO. 4**: IDENTIFY and DESCRIBE each instance in which YOU allege Vail Health has "vigorously enforced" the restrictive covenants in its employment

- 11 -

agreements, as alleged in Paragraph 53 of the Amended Complaint, and the factual basis for each such allegation.

**INTRROGATORY NO. 5:** IDENTIFY and DESCRIBE all bases to support YOUR contentions about what would have occurred if Steadman had established a physical therapy clinic, addressing each allegation from Paragraphs 70 through 73 of YOUR Amended Complaint, including Vail Health's need to reduce prices for physical therapy services, lost revenue, Vail Health's reduction in staff, short- and long-term effects on compensation, short- and long-term effects on costs, short- and long-term effects on prices, and Vail Health's need to renegotiate medical reimbursement contracts.

**INTERROGATORY NO. 6**: IDENTIFY and DESCRIBE all time periods when WINNINGER was unavailable to treat patients on-site at SRC's Vail clinic, including the reason why WINNINGER was unavailable and whether any other SRC employee was available to treat patients.

**INTERROGATORY NO. 7:** IDENTIFY each alleged attempted or actual anticompetitive act by Vail Health and DESCRIBE how each act damaged YOU and/or another PERSON.

**INTERROGATORY NO. 8:** IDENTIFY the factual basis for and all DOCUMENTS supporting the allegations in YOUR Amended Complaint regarding all prices charged for physical therapy services by Vail Health.

**INTERROGATORY NO. 9:** IDENTIFY the factual basis for and all DOCUMENTS supporting your allegations in ¶ 48 of YOUR Amended Complaint that three physical therapy providers "have closed their clinical offices as the result of anticompetitive market conditions created by Vail Health's exercise of its monopoly power."¶

**REQUESTS FOR ADMISSION**

**REQUEST TO ADMIT NO. 1:**  Admit that SRC works on a cash payment system and does not directly contract with insurance companies.

**REQUEST TO ADMIT NO. 2:**  Admit that YOU intended SRC to operate exclusively on "a cash pay model" and that YOU chose not to go the route of accepting any insurance payments.

Dated:  November 6, 2020

    *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT VAIL HEALTH'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS** was served on this 6th day of November, 2020:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan J. Kildow
Alan J. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, Colorado 81653
Email: alkidlow@aol.com

*s/ Paige Finnell*