# EXHIBIT 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**NOTICE OF DEPOSITION TAKING OF MICHAEL HORWITH**

---

**PLEASE TAKE NOTICE** that Plaintiffs and Sports Rehab Consulting LLC and Lindsay Winninger shall take the deposition of Michael Horwith pursuant to Rule 45 of the Federal Rules of Civil Procedure.

The deposition shall take place by video conferencing on April 9, 2021, beginning at 10 a.m. and will continue until completed in the time allowed. Due to COVID-19, the witness, all parties, and court reporter will be appearing at separate and remote locations with the deposition being recorded by stenographic means. Unless otherwise amended, the court reporter for the deposition will be Mile High Court Reporting, 14143 Denver West Parkway #100, Golden, Colorado 80401, telephone 303.202.0210. Prior to the deposition, Mile High will contact the parties by email with instructions on how to participate in the video conference for the deposition.

The Rule 45 subpoena also includes a request for production of documents, which are identified on Schedule A attached to the subpoena.

| | |
|---|---|
| Dated:  March 8, 2021 | *s/ Alan L. Kildow* <br> Alan L. Kildow, MN# 0143133 <br> 790 Potato Patch Drive <br> Vail, CO 81657 <br> Telephone: (970) 390-6675 <br> E-mail:  alkildow@aol.com <br><br> Jesse Wiens, Colo. #33903 <br> Fahrenholtz & Wiens LLC <br> 100 West Beaver Creek Boulevard <br> Suite 236 <br> Avon, CO 81620 <br> Telephone: (970) 949-6500 <br> E-mail:  fwlawyers@gmail.com <br><br> Attorneys for Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger |

2

## SCHEDULE A

1. **Definitions.** As used in this Subpoena Duces Tecum:

    (a) "All" means all documents that can be located by a reasonably diligent search of places you reasonably believe to contain such documents.

    (b) "Any" means one or more.

    (c) "Communication" means any disclosure, transfer, or exchange of information or opinion, formal or informal, however made.

    (d) "Document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody or control, including memoranda, reports, letters, electronic correspondence, and other communications recorded in any form or medium; notes, minutes, transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs, photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic records; and computer printouts. The term includes all drafts of a documents; the original document (or a copy therefore if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlinings, or other markings). The terms also includes information stored in, or accessible through, computer or tother information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

    Documents do not include any documents withheld from production on the basis of any Party claiming a privilege under the processes set out in the Forensic Protocol Order, or any amendments to that Order, in the Eagle County Action.

    (e) "Eagle County Action" means *Winninger et al. v. Kircher et al.,* 2017CV030102 for which you were appointed as the independent forensic expert under the Forensic Protocol Order and all subsequent orders and amendments.

    (f) "Party" or "Parties" means the Plaintiffs Winninger and Sports Rehab, Defendants Kirchner and Vail Health, and Third-Party Defendant Cimino in the Eagle County Action, as well as the respective party representatives, David Penrod, Craig Bernard, and Robert Kelso.

**2. Instructions.**

(a) The Colorado Federal District Court in the action in which this subpoena duces tecum is issued has entered a HIPAA Qualified Protective Order to protect any HIPAA-related information, as well as a general protective order to cover any confidential documents and information that may be produced by you. The protective order is attached as **Exhibit 1** to this Subpoena and you may designate any documents produced in response to this Subpoena under the terms of the protective order. The Order is substantially similar to the HIPAA Qualified Protective Order entered in the Eagle County Action.

(b) You are requested to search all documents within your possession, custody, or control, or within the possession, custody, or control of your agents, wherever located. This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on your behalf. A document is in your possession, custody, or control if it is in your actual possession, or if it is in the custody of another person and you own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that you may use, inspect, or copy such document, or as a practical matter, ought to do so.

(c) The documents shall include all attachments, envelopes, explanatory notes, memoranda, and any other material that encompasses the document(s) requested. If the specific document elicited a response, the response is to be produced. If the document was a response, the document to which it responded is to be produced.

(d) If you encounter any ambiguity in construing this Subpoena, please identify the issue deemed "ambiguous" and respond to the Subpoena by indicating the chosen construction used in responding to the Subpoena.

(e) In producing documents, all documents physically attached to each other when located for production shall be left so attached. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated. Documents shall be retained in the order they were maintained, in the file where found, and shall be identified from whose files the document originated.

(f) If any document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document is being withheld and redacted, and the reason that the document is being withheld and redacted.

(g) If any documents cannot be produced because they no longer exist, please produce a log for each category of documents that no longer exist that includes the following:

    (i) The document or category of documents that no longer exist;

    (ii) The date of destruction if known; and

    (iii) The reason for destruction.

(h) If you assert that any document required to be produced is privileged or otherwise protected from discovery, please produce a log for each document or thing for which a claim of privilege is made that includes the following:

    (i) The name and organizational position, if any, of each writer, author, or sender of the document;

    (ii) The name and organizational position, if any, of each recipient, or custodian of the document;

    (iii) The place, approximate date, and manner of recording, creating, or otherwise preparing the document;

    (iv) The form of the document (*e.g.*, memorandum, letter, e-mail);

    (v) The subject matter(s) to which the document pertains; and

    (vi) The privilege asserted.

(i) Plaintiffs request that the following documents and files be produced in electronic form, preferably posted to a cloud-based application, such as DropBox, OneDrive, or other similar application, and that the link to access such documents be emailed to Alan Kildow at alkildow@aol.com with a copy to Sonya Braunschweig at sonya.braunschweig@gmail.com.

(j) All questions relating to interpretations of or compliance with this Subpoena should be directed to Alan Kildow (970-390-6675 or alkildow@aol.com).

3

**3.** **Subpoenaed Documents.** You are requested to produce the following documents pursuant to this Subpoena on or by **April 5, 2021**:

(a)   All written reports issued and signed by you in the Eagle County Action.

(b)   All documents that you produced to all the Parties in the Eagle County Action that were identified in any written report issued and signed by you in the Eagle County Action. These documents should be produced by the category in which they are referenced in any written report, so that it can be readily apparent how the produced documents relate to the written report.

(c)   All documents that you produced to all Parties in the Eagle County action in response to the Special Master's March 3, 2020 Order Granting Vail Health's Motion Regarding Forensic Examination of Trade Secrets With Create Dates Outside of Forensic Protocol and which were identified in Exhibit A provided to you by Craig Bernard.

(d)   The native files of the following event and activity logs from the image of Winninger's computer that David Penrod delivered to you on a hard drive on or about February 24, 2020. The specific logs to be produced are:

- system.log
- 2017.02.15.U0.G80.asl
- 2017.02.16.U0.G80.asl
- 2017.02.17.U0.G80.asl
- 2017.02.18.U0.G80.asl
- 2017.02.19.U0.G80.asl
- 2017.02.20.U0.G80.asl

These logs were previously identified in the September 12, 2019 Special Master Order Granting Defendants' Motion to Enforce Court's Order Dated August 15, 2018

(e)   All invoices that you issued for payment in the Eagle County Action.

(f)   All copies of checks, or other forms of proof, identifying the party who made the payment, when the payment was made, and the amount paid for the invoices you issued in the Eagle County Action.