# EXHIBIT 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

_____

### NON-PARTY VAIL-SUMMIT ORTHOPAEDICS & NEUROSURGERY'S OBJECTION AND RESPONSE TO SUBPOENA *DUCES TECUM*
_____

### GENERAL OBJECTIONS

1.    Non-party Vail-Summit Orthopaedics & Neurosurgery ("VSO") objects to the Subpoena to the extent the subpoena seek documents, materials and/or information that is in the possession of parties to the lawsuit as this creates an undue burden and cost expense.

2.    Non-party VSO objects to the Subpoena to the extent it seeks documents, materials and/or information not relevant to any party's claim or defense and not proportional to the needs and relevancy of the case.

3.    Non-party VSO further objects to the Subpoena to the extent it is overly broad, unduly burdensome, and seeks documents, materials and/or information not reasonably limited in time, scope, or geography.

4.    Non-party VSO further objects to the Subpoena to the extent they are phrased in absolute terms. Where the Requests demand "all" documents to a particular

subject or "all" documents of a particular type, VSO will, subject to and without waiving its other objections, undertake only to supply non-privileged, non-confidential, and non-work product documents in accordance with its responses that are known at the time of the response and reasonably available to it and in its possession, custody, or control. VSO will not undertake any obligation, express or implied, to represent that its response includes "all" documents that may exist as to a particular subject matter or "all" documents of a particular type.

     5.     Non-party VSO further objects to the Subpoena to the extent it seeks documents, materials and/or information not in its possession, custody or control. Non-party VSO further objects to the Subpoena to the extent it seeks the confidential and/or proprietary information.

     6.     Non-party VSO objects to the Subpoena to the extent it seeks documents, materials and/or information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine or protection.

     7.     Non-party VSO further objects to the Subpoena to the extent it is vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

     8.     Non-party VSO further objects to the request for production to the extent it calls for a legal conclusion.

     9.     The foregoing objections are hereby incorporated by this reference into all of the following response, whether or not restated therein, and the providing of responses set forth hereinafter is in no way intended to waive this or any other objection.

## SCHEDULE A

**OBJECTIONS TO NO. 1, DEFINITIONS FOR SCHEDULE A:** VSO objects to the definitions set forth in the Subpoena that conflict with Rule 45 and as to those definitions which are overly broad, undefined and vague including the definition of "Agreement" which is overly broad and burdensome including "oral" and "informal" which is also undefined and vague; "communication" as described as "disclosure, transfer, opinion, formal or informal"; and "document" as defined is overly broad, burdensome and vague and vague.

**OBJECTIONS TO NO. 2, INSTRUCTIONS FOR SCHEDULE A:** Non-party VSO objects to the Instructions set forth in the Subpoena as overly broad, excessively burdensome and outside of the definitions for document production and production obligations contained in Rule 45.

**REQUEST NO. 3**: **Subpoenaed Documents**. You are requested to produce the following documents pursuant to this Subpoena for the relevant period. The general category of documents requested is provided in bold below, with descriptions of the types of documents included in each of the categories.

    a)    **Collaboration Between VSO, The Steadman Clinic, And Vail Health Related to Physical Therapy Services in Dillon**

        i.    All agreements between VSO, The Steadman Clinic, and/or Vail Health regarding any collaboration related to physical therapy services to be provided in Dillon. This includes all agreements, letters of intent, and terms sheets that were exchanged between the parties, including any lease agreements, including any drafts.

        ii.    All communications related in any way to the collaboration between VSO, The Steadman Clinic, and/or Vail Health related in any way to physical therapy services in Dillon. This includes all internal and external communications regarding the agreements, term sheets, and letters of intent; the purpose of the collaboration, the pricing of physical therapy

3

     services, the reasons for entering into such a collaboration, and the financial aspects of the collaboration.

   iii. All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any way to physical therapy services in Dillon.

   iv. All studies, reports, or any other analyses that you received from The Steadman Clinic, Vail Health, or any of their consultants related in any way to physical therapy services in Dillon.

 b) **Physical Therapy Services in Frisco**

   i. All agreements between VSO, The Steadman Clinic, and/or Vail Health regarding any physical therapy services to be provided in Frisco.  This includes all agreements, letters of intent, and term sheets that were exchanged between the parties, including any drafts.

   ii. All internal and external communications between VSO, The Steadman Clinic, and/or Vail Health related in any way to physical therapy services in Frisco.

   iii. All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any way to physical therapy services in Frisco.

   iv. All studies, reports, or any other analyses that you received from Steadman, Vail Health, or any of their consultants related in any to physical therapy services in Frisco.

**OBJECTION & RESPONSE TO REQUEST NO. 3**:  The General Objections outlined above are incorporated here by reference.  Non-party VSO responds as to Request 3(a)(i, ii, iii & iv) that there are no responsive documents.  Non-party VSO responds as to Request 3(b)(i & ii) that there are no responsive documents.  Non-party VSO responds as to Request 3(b)(iv) that there are no responsive documents.  Non-party VSO objects to Request 3(b)(iii) seeking "all studies, reports, or any other analysis that you [VSO], or

4

any consultants on your behalf performed, discussed, or analyzed related in any way to physical therapy services in Frisco" as overly broad and burdensome and where any information or analysis performed by VSO related to its own business analysis of the Frisco physical therapy market is private, competitively sensitive, commercial information that is proprietary and confidential.

Dated: June 24, 2021.

Respectfully submitted,

COOPER RICE & OLSON LLC

*/s/ Amy Cook Olson*

Amy Cook Olson, Esq.
COOPER, RICE & OLSON LLC
633 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 607-0077
Facsimile:  (888) 975-0239
acookolson@cron-law.com

Attorney for Non-Party Vail-Summit Orthopaedics & Neurosurgery

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I served the foregoing document via email to the following ECF registrants:

Alan L. Kildow
Alan L. Kildow, Attorney at Law
790 Potato Patch Drive
Vail, CO  81657
alkildow@aol.com

Jesse L. Wiens, #33903

Daniel Alexander Richards
Jacqueline Ventre Roeder
Janet Ann Savage
Shannon Wells Stevenson
Davis Graham & Stubbs LLP-Denver
1550 17th Street, Suite 500
Denver, CO  80202

5

Fahrenholtz & Wiens, LLC
P.O. Box 1988
100 West Beaver Creek Boulevard
Suite 236
Avon, CO  81620
jessewiens@yahoo.com

*Attorneys for Plaintiffs Sports Rehab Consulting, LLC & Lindsay Winninger*

Daniel.richards@dgslaw.com
Jackie.roeder@dgslaw.com
janet.savage@dgslaw.com
Shannon.stevenson@dgslaw.com

*Attorneys for Defendant Vail Clinic, Inc.*

   */s/ Terri Meeks*
   Terri Meeks

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

_____

## NON-PARTY VAIL-SUMMIT ORTHOPAEDICS & NEUROSURGERY'S OBJECTION AND RESPONSE TO SUBPOENA *DUCES TECUM*
_____

## GENERAL OBJECTIONS

    1.    Non-party Vail-Summit Orthopaedics & Neurosurgery ("VSO") objects to the Subpoena to the extent the subpoena seek documents, materials and/or information that is in the possession of parties to the lawsuit as this creates an undue burden and cost expense.

    2.    Non-party VSO objects to the Subpoena to the extent it seeks documents, materials and/or information not relevant to any party's claim or defense and not proportional to the needs and relevancy of the case.

    3.    Non-party VSO further objects to the Subpoena to the extent it is overly broad, unduly burdensome, and seeks documents, materials and/or information not reasonably limited in time, scope, or geography.

    4.    Non-party VSO further objects to the Subpoena to the extent they are phrased in absolute terms.  Where the Requests demand "all" documents to a particular

subject or "all" documents of a particular type, VSO will, subject to and without waiving its other objections, undertake only to supply non-privileged, non-confidential, and non-work product documents in accordance with its responses that are known at the time of the response and reasonably available to it and in its possession, custody, or control. VSO will not undertake any obligation, express or implied, to represent that its response includes "all" documents that may exist as to a particular subject matter or "all" documents of a particular type.

5. Non-party VSO further objects to the Subpoena to the extent it seeks documents, materials and/or information not in its possession, custody or control. Non-party VSO further objects to the Subpoena to the extent it seeks the confidential and/or proprietary information.

6. Non-party VSO objects to the Subpoena to the extent it seeks documents, materials and/or information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine or protection.

7. Non-party VSO further objects to the Subpoena to the extent it is vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

8. Non-party VSO further objects to the request for production to the extent it calls for a legal conclusion.

9. The foregoing objections are hereby incorporated by this reference into all of the following response, whether or not restated therein, and the providing of responses set forth hereinafter is in no way intended to waive this or any other objection.

## SCHEDULE A

**OBJECTIONS TO NO. 1, DEFINITIONS FOR SCHEDULE A:** VSO objects to the definitions set forth in the Subpoena that conflict with Rule 45 and as to those definitions which are overly broad, undefined and vague including the definition of "Agreement" which is overly broad and burdensome including "oral" and "informal" which is also undefined and vague; "communication" as described as "disclosure, transfer, opinion, formal or informal"; and "document" as defined is overly broad, burdensome and vague and vague.

**OBJECTIONS TO NO. 2, INSTRUCTIONS FOR SCHEDULE A:** VSO objects to the Instructions set forth in the Subpoena as overly broad, excessively burdensome and outside of the definitions for document production and production obligations contained in Rule 45.

**REQUEST NO. 3**: **Subpoenaed Documents**. You are requested to produce the following documents pursuant to this Subpoena for the relevant period. The general category of documents requested is provided in bold below, with descriptions of the types of documents included in each of the categories.

    a) **Proposed Joint Venture Related To Physical Therapy Services**

        i. All agreements with Vail Health related to any joint venture for physical therapy services contemplated by VSO and Vail Health, which also potentially involved The Steadman Clinic. This includes any drafts of any agreements or letters of intent exchanged between the parties.

        ii. All communications with Vail Health or The Steadman Clinic related in any way to the joint venture for physical therapy services. This includes all internal and external communications regarding the terms of any joint venture agreement, the purpose of the joint venture, the pricing of physical therapy services, the termination of any letters of intent, and why the joint venture was not entered into.

3

    iii.    All financial information you provided to Vail Health. This not only includes information related to VSO, but also Avalanche Physical Therapy or any other third party.

    iv.    All communications and documents related to VSO acquiring Avalanche Physical Therapy and then potentially selling Avalanche Physical Therapy to the joint venture, as discussed by Chip Webb and Nico Brown in 2016.

    v.    All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any to the joint venture, including with respect to the possible acquisition of Avalanche and selling it to the joint venture.

    vi.    All studies, reports, or any other analyses that you received from Vail Health or The Steadman Clinic, or any of their consultants, that discuss, or analyze the joint venture in any way.

b) **Communications Regarding Physical Therapy Services**

    i.    All communications between you and Vail Health related to Vail Health providing, or potentially providing, physical therapy services to your patients. This request does not include communications about the treatment of individual patients but seeks general business communications about providing those services, where the services would be provided, how they would be provided, how those services would be priced and billed, the profitability of providing such services, and whether Vail Health attempted to impose any limitations or restrictions on providing physical therapy services.

    ii.    All documents and communications about Vail Health establishing a website, such as www.vailortho.com, referencing, in part, orthopedic-related services provided by VSO, The Steadman Clinic, Howard Head, and/or Vail Health.

    iii.    All communications between you and Vail Heath that reference or discuss any other entities providing, or potentially providing, physical therapy services to your patients, including Sports Rehab Consulting, Avalanche Physical Therapy, Axis Sports Medicine, Altius Physical Therapy, and Wellness, Competitive Edge Physical Therapy & Fitness, Jointworx Physical Therapy, Movement Physical Therapy, Vail

4

       Integrative Medicine Clinic, or Vail Physical Therapy. This request does not include communications about the treatment of individual patients but seeks general business communications about competitors of Vail Health providing, or potentially providing, physical therapy services to your patients.

   iv.     All internal communications related to any entity providing, or potentially providing, physical therapy services for your patients and includes, but is not limited to, the following entities: Sports Rehab Consulting, Avalanche Physical Therapy, Axis Sports Medicine, Altius Physical Therapy, and Wellness, Competitive Edge Physical Therapy & Fitness, Jointworx Physical Therapy, Movement Physical Therapy, Vail Integrative Medicine Clinic, or Vail Physical Therapy. This request does not include communications about the treatment of individual patients but seeks general business communications about referring, or potentially referring, your patients to any of those entities.

   v.     All documents and communications about VSO, or any of its related entities, potentially providing physical therapy services in Eagle County.

c)    **Agreements And Communications Regarding Leasing Or Purchasing Space**

   i.     All leasing agreements between VSO and Vail Health during the relevant period.

   ii.     All communications between VSO and Vail Health related in any way to physical therapy, including any proposed restrictions on physical therapy being provided by VSO, or its agents, in the leased space.

   iii.     All other agreements evidencing any noncompetes or other restrictive covenants between you and Vail Health related in any way to physical therapy.

d)    **Surgeries Performed**

   i.     A monthly summary of surgeries performed by each of your doctors at any Vail Health location. The summary should identify each doctor's total number of surgeries performed each month at each location.

5

    ii.        A monthly summary of surgeries performed by each of your doctors at any VSO location.  The summary should identify each doctor's total number of surgeries performed each month at each location.

    iii.       A monthly summary of surgeries performed by each of your doctors at Vail Valley Surgery Center.  The summary should identify each doctor's total number of surgeries performed each month at each location.

**OBJECTION & RESPONSE TO REQUEST NO. 3**:  The General Objections outlined above are incorporated here by reference.  Non-party VSO responds as to Request 3(a)(i) that there are no responsive documents.  Non-party VSO responds as to Request 3(a)(ii, iv, vi) that there are no responsive documents identified at this time and that the Plaintiffs should first exhaust their discovery efforts with the Defendant before burdening this non-party regarding communications dating back to 2016.  To the extent that VSO identifies responsive information that this will be supplemented. Non-party VSO objects to  Request 3(a)(iii), that the request for "all financial information" you provided to defendant Vail Health is overly broad, undefined, and burdensome.  Information about non-party VSO's finances, of any kind, are private, competitively sensitive, commercial information that is proprietary and confidential. Non-party VSO responds that as to Request 3(b)(i, ii, iii, & iv) seeking communications between non-party VSO and the Defendant that the Plaintiffs should first exhaust their discovery efforts with the Defendant before burdening this non-party regarding communications dating back to 2016.  VSO further responds that there are no responsive documents to this request. Non-party VSO objects to Request 3(b)(v) seeking "all documents and communications about VSO" potentially providing physical therapy services in Eagle County as overly broad, ill defined, and burdensome.  VSO

6

would require definition of this Request with particularity in order to provide any further response. To the extent this request seeks private, competitively sensitive, commercial information that is proprietary and confidential an objection is made. Non-party VSO responds that Request 3(c) seeking information about leases between VSO and Vail Health is overly burdensome to this non-party.  Plaintiff should direct this request to Defendant Vail Health and not burden this non-party with the costs and man power associated with retrieving information and supplying information that can be obtained from the defendant. Request 3(i & iii) seeks production of monthly summaries of surgeries by doctors at any Vail Health Location.  As an initial matter, Plaintiff should direct information for this request to Defendant Vail Health and not burden this non-party with information that, if it existed, could be obtained directly from the Defendant.  This non-party further responds that it is not in possession of reports containing the requested information. Request 3(ii) seeks production of monthly summaries of surgeries by doctors at any VSO location. Non party VSO responds that there is no such VSO location where surgeries are performed.

Dated: June 24, 2021.                               Respectfully submitted,

COOPER RICE & OLSON LLC

*/s/ Amy Cook Olson*

Amy Cook Olson, Esq.
COOPER, RICE & OLSON LLC
633 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 607-0077
Facsimile:  (888) 975-0239
acookolson@cron-law.com

7

                Attorney for Non-Party Vail-Summit
                Orthopaedics & Neurosurgery

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2021, I served the foregoing document via email to the following ECF registrants:

| | |
|---|---|
| Alan L. Kildow<br>Alan L. Kildow, Attorney at Law<br>790 Potato Patch Drive<br>Vail, CO  81657<br>alkildow@aol.com<br><br>Jesse L. Wiens, #33903<br>Fahrenholtz & Wiens, LLC<br>P.O. Box 1988<br>100 West Beaver Creek Boulevard<br>Suite 236<br>Avon, CO  81620<br>jessewiens@yahoo.com<br><br>*Attorneys for Plaintiffs Sports Rehab Consulting, LLC & Lindsay Winninger* | Daniel Alexander Richards<br>Jacqueline Ventre Roeder<br>Janet Ann Savage<br>Shannon Wells Stevenson<br>Davis Graham & Stubbs LLP-Denver<br>1550 17th Street, Suite 500<br>Denver, CO  80202<br>Daniel.richards@dgslaw.com<br>Jackie.roeder@dgslaw.com<br>janet.savage@dgslaw.com<br>Shannon.stevenson@dgslaw.com<br><br>*Attorneys for Defendant Vail Clinic, Inc.* |

                __/s/ Terri Meeks_____
                Terri Meeks

8