# EXHIBIT 19

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

## NOTICE OF RULE 30(b)(6) DEPOSITION TAKING OF BKD, LLP

**PLEASE TAKE NOTICE** that under Fed. R. Civ. P. 30(b)(6), Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC shall take the deposition of BKD, LLP.

The deposition shall take place by video conferencing on October 29, 2021 beginning at 9:30 a.m. MDT, or at a time mutually convenient for the parties, and will continue until completed in the time allowed. Due to COVID-19, the witness, all parties, and court reporter will be appearing at separate and remote locations with the deposition being recorded by stenographic means.

The court reporter for the deposition will be, unless otherwise indicated, Mile High Court Reporting, 14143 Denver West Parkway #100, Golden, Colorado 80401, telephone 303.202.0210. Mile High will contact the parties with instructions on how to participate in the video conference for the deposition.

BKD is requested to designate one or more officers, directors, managing agents, employees, or other persons most knowledgeable to testify on its behalf about the topics in the attached Schedule A. Additionally, BKD is requested to disclose the identity of the

designated individual(s) to Plaintiffs and the topics on which each person will testify at least seven (7) days before commencement of the deposition.

Dated: October 15, 2021                  ___*s/ Alan L. Kildow*_____
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN#0290292
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone:  (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

## SCHEDULE A

1.    **Definitions.** As used in this Fed. R. Civ. P. 30(b)(6) Notice:

    (a)    "Subpoenaed documents" mean the documents requested in the subpoena *duces tecum* contemporaneously served with this Notice of Deposition Taking.

    (b)    "Howard Head Sports Medicine" and "Howard Head" means the physical therapy trade name or department of Vail Clinic, Inc. that provided physical therapy services during the relevant period and includes all in-patient and out-patient locations in Colorado.

    (c)    "Physical therapy services" means documents related to in-patient and out-patient rehabilitation performed by Vail Health under the trade name Howard Head Sports Medicine during the relevant period.

    (d)    "Relevant period" means from November 1, 2012 to the end of BKD's engagement by Vail Health.

    (e)    "Vail Health," "Vail Clinic, Inc.," or "Vail Clinic" means the hospital with its primary location at 180 South Frontage Road West, Vail, Colorado and all predecessors or affiliated entities, including Vail Valley Medical Center, Vail Health Foundation, the physical therapy clinic doing business under the name Howard Head Sports Medicine, and all other locations.

    (f)    "You" means BKD, LLP and all predecessors or affiliated entities, including all accountants who may have worked on matters for Vail Health.

2.    **Rule 30(b)(6) Topics.** You are requested to testify on the following topics

    (a)    Authentication of the subpoenaed documents.

    (b)    The preparation of Vail Health's audited financial statements, including income statements and balance sheets, for each fiscal year during the relevant period, including the information you relied upon or considered.

    (c)    The preparation of Vail Health's audited financial statements, during the relevant period, including the information you relied upon or considered.

    (d)    Communications with Vail Health regarding the preparation of audited financial statements and tax returns for each fiscal year during the relevant period.

    (e)    The preparation of any financial statements or analyses related to physical therapy services during the relevant period.

    (f)    Communications with Vail Health regarding the preparation of any financial statements or analyses related to physical therapy services for each fiscal year during the relevant period.

3

(g) The preparation of Vail Health's Medicare/Medicaid cost reports for each fiscal year during the relevant period, including the information you relied upon or considered.

(h) The preparation of any Medicare/Medicaid cost reports related to physical therapy services for each fiscal year during the relevant period, including the information you relied upon or considered.

(i) Communications with Vail Health related to any Medicare/Medicaid cost reports for each fiscal year during the relevant period.

## CERTIFICATE OF SERVICE

I hereby certify that on October 15 2021, I served a true and correct copy of Notice of Deposition Taking of BKD and attached Schedule A, along with the Rule 45 subpoena and attached Schedule A, via U.S. mail and e-mail on:

Shannon Stevenson
Janet A. Savage
Jackie Roeder
Daniel Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202

Counsel for Defendant

_s/ Alan L. Kildow_
Alan L. Kildow

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| Sports Rehab Consulting LLC & Lindsey Winninger | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:19-cv-02075-WJM-GPG |
| Vail Clinic, Inc. d/b/a Vail Health | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        BKD, LLP

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Topics are identified in attached Schedule A to Notice of Rule 30(b)(6) Deposition Taking of BKD, LLP

| Place: Via Zoom conference due to Covid-19, with court reporter to provide Zoom conference information | Date and Time: 10/29/2021 9:30 am |
|---|---|

The deposition will be recorded by this method:    stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: At least 7 days before the deposition, you are requested to produce the documents on the attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/15/2021

                    *CLERK OF COURT*

                                        OR

                                                /s Alan L. Kildow

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Alan L. Kildow
790 Potato Patch Dr., Vail, CO 81657 alkildow@aol.com 970.390.6675   , who issues or requests this subpoena, are:

Plaintiffs Sports Rehab Consulting LLC and Lindsey Winninger

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02075-WJM-GPG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are S _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1.   **Definitions.** As used in this Fed. R. Civ. P. 45 subpoena *duces tecum*:

   (a)   Any" means one or more.

   (b)   "Document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody or control, including memoranda, reports, letters, electronic correspondence, and other communications recorded in any form or medium; notes, minutes, transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs, photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic records; and computer printouts. The term includes all drafts of a documents; the original document (or a copy therefore if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or tother information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

   (c)   "Howard Head Sports Medicine" and "Howard Head" means the physical therapy trade name or department of Vail Clinic, Inc. that provided physical therapy services during the relevant period and includes all in-patient and out-patient locations in Colorado.

   (d)   "Physical therapy services" means documents related to in-patient and out-patient rehabilitation performed by Vail Health under the trade name Howard Head Sports Medicine.

   (e)   "Relating to" means discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

   (f)   "Relevant period" means from November 1, 2012 to the end of BKD's engagement by Vail Health.

   (g)   "Vail Health," "Vail Clinic, Inc.," or "Vail Clinic" means the hospital with its primary location at 180 South Frontage Road West, Vail, Colorado and all predecessors or affiliated entities, including Vail Valley Medical Center, Vail Health Foundation, the physical therapy clinic doing business under the name Howard Head Sports Medicine,

   (h)   "You" means BKD, LLP and all predecessors or affiliated entities, including all accountants who may have worked on matters for Vail Health.

**2. Instructions.**

(a) The Colorado Federal District Court in the action in which this subpoena *duces tecum* is issued has entered a HIPAA Qualified Protective Order to protect any HIPAA-related information, as well as a general protective order to cover any confidential documents and information that may be produced by you. The protective order is attached as **Exhibit 1** to this Subpoena and you may designate any documents produced in response to this Subpoena under the terms of the protective order.

(b) The documents requested mean those that can be located by a reasonably diligent search of places you reasonably believe to contain such documents.

(c) You are requested to search all documents within your possession, custody, or control, or within the possession, custody, or control of your agents, wherever located. This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on your behalf. A document is in your possession, custody, or control if it is in your actual possession, or if it is in the custody of another person and you own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that you may use, inspect, or copy such document, or as a practical matter, ought to do so.

(d) The documents shall include all attachments, envelopes, explanatory notes, memoranda, and any other material that encompasses the document(s) requested. If the specific document elicited a response, the response is to be produced. If the document was a response, the document to which it responded is to be produced.

(e) If you encounter any ambiguity in construing this Subpoena, please identify the issue deemed "ambiguous" and respond to the Subpoena by indicating the chosen construction used in responding to the Subpoena.

(f) In producing documents, all documents physically attached to each other when located for production shall be left so attached. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated. Documents shall be retained in the order they were maintained, in the file where found, and shall be identified from whose files the document originated.

(g) If any document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document is being withheld and redacted, and the reason that the document is being withheld and redacted.

2

(h) If any documents cannot be produced because they no longer exist, please produce a log for each category of documents that no longer exist that includes the following:

    (i) The document or category of documents that no longer exist;

    (ii) The date of destruction if known; and

    (iii) The reason for destruction.

(i) If you assert that any document required to be produced is privileged or otherwise protected from discovery, please produce a log for each document or thing claimed to be privileged that includes the following:

    (i) The name and organizational position, if any, of each writer, author, or sender of the document;

    (ii) The name and organizational position, if any, of each recipient, or custodian of the document;

    (iii) The place, approximate date, and manner of recording, creating, or otherwise preparing the document;

    (iv) The form of the document (*e.g.*, memorandum, letter, e-mail);

    (v) The subject matter(s) to which the document pertains; and

    (vi) The privilege asserted.

(i) Documents should be produced in electronic form. We will confer with you about the requested method for production.

(j) All questions relating to interpretations of or compliance with this Subpoena should be directed to Alan Kildow (970-390-6675 or alkildow@aol.com) or Sonya Braunschweig (612-819-2304 or sonya.braunschweig@gmail.com).

3. **Subpoenaed Documents.** You are requested to produce the following documents **pursuant** to this Subpoena for the relevant period.

(a) Vail Health's audited financial statements, including income statements and balance sheets, for each fiscal year during the relevant period.

(b) Vail Health's tax returns for each fiscal year during the relevant time period.

(c) Documents, data, and information provided by Vail Health to you relating to revenues and costs, including salaries, wages, benefits, administration, billing, collection, accounting, real estate, equipment, depreciation,

3

malpractice insurance, etc. that were included in the audited financial statements, tax returns, or considered by you for each fiscal year during the relevant time period.

(d)     Howard Head Sports Medicine financial statements and any other financial analyses, including income statements, for each fiscal year, all interim periods for which financial statements or other financial analyses were prepared, such as quarterly, monthly, or any other interim period.

(e)     Documents, data, and information provided by Vail Health to you relating to Howard Head Sports Medicine revenues, costs, including salaries, wages, benefits, administration, billing, collection, accounting, real estate, equipment, depreciation, malpractice insurance, etc. that were included in financial statements by you for each Howard Head financial statement for each fiscal year during the relevant time period.

(f)     Vail Health's annual Medicare/Medicaid cost reports submitted to the appropriate Medicare Administrative Contractor (the "MAC"), acting on behalf of the Centers for Medicare & Medicaid Services, Department of Health and Human Services ("CMS") pursuant to 42 C.F.R. § 413.20 ("Vail Health Medicare Cost Report"), for each fiscal year during the relevant time period. This information includes work papers you created or relied upon for the preparation of the Medicare Cost Report for each year, including, but not limited to, such information as facility characteristics and costs such as salaries, wages, bonuses, benefits, administration, billing, collection, accounting, real estate, equipment, depreciation, malpractice insurance, and charges by cost centers (in total and for Medicare), Medicare settlement data, and financial settlement data.

(g)     Howard Head Sports Medicine Medicare/Medicaid cost reports submitted to the appropriate MAC on behalf of CMS ("HHSM Medicare Cost Report) for each fiscal year during the relevant time period to the extent that a HHSM Medicare Cost Report is separate from a Vail Health Medicare Cost Report. This information includes work papers you created or relied upon for the preparation of a HHSM's Medicare Cost Report for each year, including, but not be limited to, such information as facility characteristics, costs such as salaries, wages, bonuses, benefits, administration, billing, collection, accounting, real estate, equipment, depreciation, bad debts, malpractice insurance, and charges by cost center (in total and for Medicare), Medicare settlement data, and financial settlement data.

(h)     Audit workpapers used by you to document the information gathered relating to Howard Head Sports Medicine during the course of the audits for each fiscal year during the relevant time period. This includes, but is not limited to, whether sufficient information was provided to and obtained by

4

you to support your opinion regarding the Vail Health financial statements. This should include checklists of standard investigation of times that were completed, copies of correspondence, documentation of the assertions investigated and supporting evidence found, extracts from corporate minutes of Vail Health's Board of Directors, organizational charts, and questionnaires for which Vail Health's staff provided answers.



# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

     Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

     Defendant.

---

**STIPULATED PROTECTIVE ORDER AND
HIPAA QUALIFIED PROTECTIVE ORDER**

---

     This Protective Order and HIPAA Qualified Protective Order, stipulated by the parties, is designed to preserve the confidentiality of certain testimony given by witnesses and certain information contained in produced documents or provided in interrogatory responses or expert disclosures. The parties also anticipate that protected health information may be produced, and so to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), the parties stipulate to a qualified protective order with respect to protected health information in accordance with 45 C.F.R. § 164.512(e)(1)(v).

     To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of Plaintiffs and Defendant (collectively referred to as "parties") and under the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

1

1.     **Definitions.**  As used in this protective order:

(a)     "AEO" means "attorneys' eyes only" as defined in § 4 below;

(b)     "attorney" or "attorneys" mean counsel of record and their respective partners, of counsel, associates, paralegals, and similar professional or paraprofessional staff;

(c)     "confidential" means those documents designated under § 4 below;

(d)     "document" means all materials within the scope of Fed. R. Civ. P. 34(a);

(e)     "Eagle County action" means *Winninger et al. v. Kirchner et al.,* Case No. 2017CV030102 (Colo. Dist. Court, Eagle County);

(f)     "outside independent persons" means persons or firms retained by a party or its attorneys to provide technical or expert services, including trial and jury project consultants;

(g)     "outside vendors" means messenger, copy, coding, document management, document review, court reporters, videographers, and other service vendors not employed by a party or its attorneys; and

(h)     "protected information" means "confidential," "PHI," or "AEO;" and

(i)     "PHI" means "protected health information" as defined in § 3 below.

2.     **This Action And Eagle County Action.**

A similar protective order was entered in the Eagle County action related to PHI and confidential documents.  Protected information produced in the Eagle County action need not be rebranded or reproduced for purposes of this action.  All protected information may be used in this action or the Eagle County action.  Prior designations of "confidential," "attorneys' eyes only" and "attorney's eyes only protected health information" in the Eagle County action remain the same under this protective order.  Nothing, however, precludes any party from requesting a change in the designation of any information previously designated protected information under § 9, regardless of whether it was first produced in this action or the Eagle County action.

2

**3.    Documents Designated "Attorneys' Eyes Only Protected Health Information."**

(a)    The parties and their attorneys are authorized to receive, subpoena, and transmit "PHI" related to this action to the extent and subject to the conditions outlined in this protective order.

(b)    "PHI" has the same scope and definition under 45 C.F.R. §§ 160.103 and 164.501 and includes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(c)    All "covered entities" as defined by 45 C.F.R. § 160.103 are authorized to disclose PHI to attorneys for the parties in response to a court order, subpoena, discovery request, or other lawful process.

(d)    The parties and their attorneys shall be permitted to use or disclose any party's PHI under the terms of this protective order.  Before disclosing PHI, the attorney shall inform each recipient that PHI may not be used or disclosed for any purpose other than this action. The attorney shall take all other reasonable steps to ensure that anyone receiving PHI does not use or disclose the information for any purpose other than this action.

(f)    Within 45 days after the conclusion of the action, the parties, the attorneys, and any person or entity in possession of PHI from this action, shall return the PHI to the covered entity or destroy all copies of PHI, *except* that the attorneys are not required to secure the return or destruction of PHI submitted to the court.

(g)    This protective order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(h)    Nothing in this protective order authorizes an attorney for any party to this action to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process such as court orders.

(i)    All PHI produced in this action shall be branded "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION," which is the same way has been produced in the Eagle County action.

(j)    No person receiving an attorneys' eyes only protected health information document may reveal it except to those identified in § 6 below.

3

**4.     Documents Designated "Confidential" or "Attorneys' Eyes Only."**

A party may designate documents as confidential, including produced documents,

written discovery responses, or portions of transcripts of depositions or hearings but only

to protect trade secrets, confidential research development, or commercial information

within the scope of Fed. R. Civ. P. 26(c)(G).  A party may designate such materials as

attorneys' eyes only to protect nonpublic information that the producing party deems so

competitively sensitive that the information would cause irreparable harm if learned by its

competitors or potential competitors.

**5.     Designating "Protected Information."**

For protected information to be protected by this Protective Order, the party

producing the protected information shall:

(a)     Brand the document "CONFIDENTIAL." "ATTORNEYS' EYES ONLY," or
        "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION."  If
        the entire document does not constitute protected information, only those
        pages or sections that constitute protected information are to be branded
        as protected information.  If branding the document is not practical, the
        producing party may separately designate in writing by description or
        document identification number.

(b)     If the protected information is contained in ESI that is disclosed in native
        format, the producing party shall produce a metadata field or affix upon the
        document image an identifier that identifies the level of protection as
        "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES
        ONLY PROTECTED HEALTH INFORMATION."

(c)     Any information designated in this action as attorneys' eyes only under § 4
        of this protective order shall be branded "ATTORNEYS' EYES ONLY FED"
        so as to differentiate those documents from the Eagle County action.

4

Case 1:19-cv-02075-WJM-SKC   Document 345-24   Filed 10/23/20   USDC Colorado   Page 5 of 10

(c) Deposition testimony may be designated as protected information:

    (1) on the record at the deposition for only those portions containing protected information; or

    (2) after the deposition by notifying the parties in writing within 14 days of the full and complete deposition being sent to the deponent and identifying by page and line number those portions containing protected information. All deposition transcripts taken in this action will be treated as "attorneys' eyes only" for this 14-day period.

(d) If a witness is expected to testify as to protected information, the party or nonparty that designated the protected information may insist that the witness's deposition be taken in the presence of only those persons entitled to receive protected information at the level of protection identified. This provision only applies to those portions of the deposition in which the witness testifies about the protected information.

## 6. Who May Receive "Protected Information."

(a) No person receiving "confidential" information may reveal it, except to:

    (1) the court and its staff;

    (2) attorneys, their law firms, and outside vendors;

    (3) a party;

    4) a person shown on the face of the confidential document to have authored or received it;; and

    (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A.

(b) No person receiving "attorneys' eyes only protected health information" or "attorneys' eyes only" information may reveal it, except to:

    (1) the court and its staff;

    (2) attorneys, their law firms, and outside vendors;

    (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party

representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information;

(4)     for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

(c)     If protected information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**7.     This Protective Order And Nonparties.**

A party serving a subpoena on a nonparty must simultaneously serve a copy of this Protective Order. The nonparty may designate documents as protected information in accordance with this protective order. All documents produced by such nonparties shall be treated as confidential information for a period of 14 days from the date of their production to all parties, and during that period, any party may designate such documents as protected information under the terms of this protective order.

**8.     Correcting An Error In Designation.**

A party or nonparty that discloses or produces protected information not designated may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as protected information. The newly-designated document will be treated as if it had originally been designated as protected information.

**9.     Changing The Designation Of Protected Information.**

(a)     **Document Disclosed Or Produced By A Party.** Protected information disclosed or produced by a party remains protected information unless the parties agree to change its designation or the court orders otherwise.

6

(b) **Document Produced By A Nonparty.** Protected information produced by a nonparty remains protected information unless the nonparty agrees to change its designation or the court orders otherwise after providing an opportunity for the nonparty to be heard.

(c) **Changing A Designation By Court Order.** A party who cannot obtain agreement to change a designation may move the court at any time for an order changing the designation. If the motion affects a document produced by a nonparty then, with respect to the motion, that nonparty is entitled to the same notice and opportunity to be heard as a party. The party or nonparty who designated a document as protected information has the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(G).

## 10. Use Of Protected Information At Depositions And In Court.

(a) **Depositions.** Any party may use protected information during a deposition subject to the terms of this Protective Order.

(b) **Filing.** If a party files another party's or a third party's protected information with the court, it shall file the protected information under Level 1 restriction and simultaneously notify the party or third party that it has filed their protected information with the court. The purpose of this notification is to permit the party or third party a reasonable opportunity to file a motion in compliance with Local Rule 7.2 of the U.S. District Court for the District of Colorado.

(c) **Presentation At A Hearing Or Trial.** A party intending to present another party's or a nonparty's protected information at a hearing or trial must promptly notify the other party or the nonparty so that the other party or nonparty may seek whatever relief is deemed necessary from the court. A party is not precluded from seeking guidance from the court at any time regarding the use of protected information at trial or any other hearing of this action, including the removal of any designation of protected information placed on a specific document in this action.

## 11. Inadvertent Disclosure Or Production To A Party Of A Privileged Document.

Fed. R. Civ. P. 26(b)(5)(G) governs the inadvertent disclosure of documents that are privileged, protected by the work-product doctrine, or otherwise immune from discovery.

7

12. **Security Precautions And Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any protected information disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

13. **Handling Protected Information After Termination Of This Action And Eagle County Action.**

    (a)    Within 60 days after the termination of this action and the Eagle County action, whichever is later, each party must:

        (1)    return or destroy all protected information; and

        (2)    notify the disclosing or producing party that it has returned or destroyed all protected information within the 60-day period.

    (b)    Notwithstanding § 13(a), each attorney may retain a copy of any protected information submitted to the court subject to § 15.

14. **Modification Of This Protective Order.**

Any party may apply to the court for a modification of this protective order, and nothing in this protective order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. **Survival of Obligations.**

The obligations imposed by this protective order survive the termination of this action.

IT IS SO ORDERED this __23__ day of ____October____, 2020.

                BY THE COURT:

                _____
                Gordon P. Gallagher
                United States Magistrate Judge

## EXHIBIT A

### WRITTEN ASSURANCE

_____ declares that:

I reside at _____in the City of _____,
County of _____, State of _____.   My telephone number is
_____.

I am currently employed by _____,
located at _____, and my current job title is _____.

I have read and I understand the terms of the Stipulated Protective Order and HIPAA
Qualified Protective Order entered by the Court in *Sports Rehab Consulting LLC v Vail
Clinic, Inc.,* Civil Action No. 1:19-cv-02075-WJM-GPG, pending in the United States
Federal District Court for the District of Colorado. I agree to comply with and be bound
by the provisions of the Protective Order and HIPAA Qualified Protective Order. I
understand that any violation of the Protective Order and HIPAA Qualified Protective
Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated
"CONFIDENTIAL" "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY
PROTECTED HEALTH INFORMATION" obtained under the Protective Order and
Qualified Protective Order, or the contents of such documents, to any person other than
those specifically authorized by the Protective Order and Qualified Protective Order. I
shall not copy or use such documents except for the purposes of this action and under
the terms of the Protective Order and Qualified Protective Order.

As soon as practical, but no later than 28 days after final termination of this action,
I shall return to the attorney from whom I have received them, any documents in my
possession designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or if applicable,
"ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION," and all copies,
excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States Federal District Court for the
District of Colorado for the purpose of enforcing or otherwise providing relief relating to
the Protective Order and Qualified Protective Order.

Executed on _____                    _____

            (Date)                                              (Signature)