IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

### DEFENDANT VAIL HEALTH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED DETERMINATION OF THEIR MOTION TO EXTEND DEADLINE FOR EXPERT DISCLOSURES

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") files this Response in Opposition to Plaintiffs' Motion for an Expedited Determination of their Motion to Extend Deadline for Expert Disclosures ("Motion") (Doc. 216). Plaintiffs' Motion stems from their own delay in this matter and does not constitute an emergency requiring expedited consideration.

## ARGUMENT

**I. PLAINTIFFS HAVE HAD MORE THAN ENOUGH TIME AND ALL OF THE DISCOVERY THEY NEED TO COMPLY WITH THE EXPERT DISCLOSURE DEADLINE.**

Contemporaneously with this Response, Vail Health has filed its Motion for Protective Order (Doc. 228) and its Brief in Opposition to Plaintiffs' Motion to Modify the Scheduling Order to Extend Fact Discovery, Expert Disclosure, and Dispositive Motion Deadlines (Doc. 230.) As these filings demonstrate in excruciating detail, Plaintiffs have received exorbitant amounts of discovery in the case. They have had more than enough time in both the state case and in this case to pursue discovery. Despite this, they have inexplicably delayed in prosecuting

- 1 -

some of the basic elements of their claims and have repeatedly raised discovery disputes in an apparent effort to prolong resolution of their case. In light of that, Vail Health opposes any further discovery by Plaintiffs and opposes any further extension of deadlines, including a delay of the expert deadline while this Court addresses their Motion for Extension.

**II. PLAINTIFFS' MOTION FOR EXTENSION DOES NOT WARRANT EXPEDITED CONSIDERATION BECAUSE THEY WERE NOT DILIGENT IN MAKING THE MOTION OR REQUESTING EXPEDITED RELIEF.**

Plaintiffs filed this case in July 2019. After a period of stay, discovery began in October 2020, and Plaintiffs' expert disclosures were initially due on September 27, 2021. (Doc. 71.) On August 1, the Court granted the parties' motion to extend the deadline for expert disclosures to November 29, 2021. (Doc. 126.)

On October 6, 2021, Plaintiffs notified Vail Health that they would seek to amend the scheduling order again and asked for Vail Health's position. (**Exhibit 1,** October 2021 Email Correspondence.) Because Plaintiffs indicated they intended to amend their complaint, Vail Health responded that day, asking Plaintiffs to clarify how they intended to amend their complaint. (*Id.*) Plaintiffs responded to that question on Friday, October 8. On Monday, October 11, 2021, Plaintiffs asked again for Vail Health's position on their proposed motion to amend the scheduling order. (*Id.*) Vail Health responded six minutes later, informing the Plaintiffs that it opposed the motion. (*Id.*)

Thus, as of October 11, 2021, Plaintiffs knew that Vail Health would oppose their motion to amend. Notwithstanding, Plaintiffs waited nearly three weeks—until three days before the close of fact discovery—to file their Motion to Modify. (Doc. 206.) At that time, Plaintiffs did not request expedited consideration. It was not until November 11, 2021—a full *month* after Vail Health informed Plaintiffs that it would oppose their Motion—that Plaintiffs finally requested expedited consideration of their Motion to Modify as it related to the deadline to disclose

affirmative experts. Thus, any "emergency" Plaintiffs' claim is entirely of their own making and does not warrant expedited consideration or an extension of the expert deadlines.

### III. PLAINTIFFS PROVIDE NO REASON THAT THEY NEED ADDITIONAL TIME FOR THEIR EXPERT DISCLOSURES.

Plaintiffs have known from the beginning of this case that they would need experts to support their claims, including an antitrust expert. Indeed, in the Scheduling Order, they identified six different areas in which they intended to offer expert testimony. (Doc. 71, at 25.)

Plaintiffs provide but a single example as to why they need an extension for their expert deadline—i.e., that their antitrust expert needs to conduct a consumer survey, (Doc. 216, at 5), and requires the names and addresses of Vail Health patients to do this, (**Exhibit 2**, October 21, 2021 Transcript at 27:9 – 10; 42:5 – 43:10.). This argument should be rejected for no less than five reasons.

First, Plaintiffs did not even mention the need for a survey as a reason to modify the deadlines in their Motion to Modify. (See Doc. 206.) If it is not a basis for the Motion to Modify, it is hard to understand how it provides a basis for expedited decision.

Second, the need for a consumer survey could relate—at most—to Plaintiffs' disclosure of an antitrust expert. It provides no basis at all to delay disclosure of experts on any other topics.

Third, an antitrust expert does not need information from Vail Health to do a market survey. Indeed, a market survey of only Vail Health patients would be invalid on its face. Notably, Plaintiffs have provided no affidavit from any expert explaining her need for this information, or how she would use it.

Fourth, the information that Plaintiffs request from Vail Health cannot be used for Plaintiffs' proposed purpose without violating HIPAA and this Court's protective order. (Doc. 76.) Nor would Vail Health be remotely inclined to disclose its patients' information for this

- 3 -

purpose, particularly to Plaintiff Winninger, who has been judicially determined to have already stolen PHI from Vail Health.

Fifth, Plaintiffs already admitted that they do not require patient names and addresses to conduct a consumer survey, as they previously represented that de-identified data would be acceptable. (**Exhibit 3**, Discovery Dispute Chart, at 11.) Vail Health has already provided one million rows of encounter-level data regarding physical therapy services provided by Vail Health, *which includes patient zip codes*, for the period November 2013 through September 2021.

In sum, Plaintiffs already have zip code information for Vail Health's patients, and previously admitted they did not need more. Furthermore, their expert does not need—and could not use—the names and addresses of Vail Health's patients to conduct a survey, and Plaintiffs have provided no evidence from an expert to the contrary. If Plaintiffs believe they need a survey to support their antitrust allegations, they should have started that endeavor long ago. Their Motion is a transparent effort to excuse their own failure to diligently litigate this matter.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiffs' request for expedited consideration and for extension of the affirmative expert disclosure deadline.

Respectfully submitted this 19th day of November, 2021.

    *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*