# EXHIBIT 2

1

```
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF COLORADO
 2

 3  SPORTS REHAB CONSULTING,      .  Case No. 19-cv-02075-WJM-GPG
    LLC, a Colorado limited       .
 4  liability company, and        .
    LINDSAY WINNINGER, an         .
 5  individual,                   .
                                  .
 6           Plaintiffs,          .
                                  .  Wayne Aspinall Federal Bldg.
 7  vs.                           .  402 Rood Avenue
                                  .  Grand Junction, CO  81501
 8  VAIL CLINIC, INC.             .
    doing business as             .
 9  VAIL HEALTH,                  .
    a Colorado nonprofit          .
10  corporation,                  .
                                  .
11           Defendants.          .  October 21, 2021
    . . . . . . . . . . . . . . .    1:12 p.m.
12
              TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
13                WILLIAM T. RUCKRIEGLE, SPECIAL MASTER

14  APPEARANCES:

15  For the Plaintiffs:           Law Office of Allan L. Kildow
                                  By:  Allan L. Kildow
16                                By:  Sonya Braunschweig
                                  709 Potato Patch Drive
17                                Vail, CO  81657
                                  (970) 390-6675
18
    For the Defendants:           Davis Graham & Stubbs, LLP
19                                By:  Shannon Wells Stevenson
                                  By:  Daniel Richards
20                                1550 17th Street
                                  Suite 500
21                                Denver, CO  80202
                                  (303) 892-9400
22
    Court Recorder:               Clerk's Office
23                                U.S. District Court
                                  402 Rood Avenue
24                                Grand Junction, CO  81501

25
```

                                                                    2

1    Appearances continued:

2    Transcription Service:        AB Litigation Services
                                   216 16th Street, Suite 600
3                                  Denver, CO  80202
                                   (303) 296-0017
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.

1            MR. KILDOW:  Your Honor, how about to the time of
2    tomorrow's hearing.
3            SPECIAL MASTER:  That's certainly reasonable
4    obviously but I want to be careful about taking any time away
5    from tomorrow's hearing.  But I think we have over scheduled.
6    I mean scheduled plenty of time.  So that's fine.  In the
7    meantime I'll have Exhibit 25 at least and maybe I'll have an
8    answer to my question why I'm not in there.  Go ahead.
9            MR. KILDOW:  ==So in conclusion we want in flow and==
10   ==out flow data, patient names and addresses.==  Thank you.
11           SPECIAL MASTER:  All right, thank you.  Ms.
12   Stevenson.
13           MS. STEVENSON:  Thank you, Your Honor.  I want to
14   respond to your concern about this production that we made
15   yesterday.  The information that we provided was the exact
16   information that we told the Plaintiffs we would provide them
17   at page ten of our response to their motion to compel on
18   September 2nd.
19           It has been a Herculean effort to put this
20   together, and we've communicated with them about it a couple
21   of times since we listed out all the information that we
22   would provide.  Up until this date that we provided it it's
23   taken well in excess of 50 man hours of Vail Health employee
24   time and it is an enormous amount of information.
25           It provides from fiscal year 2014 through 2020 I

1    Court to remain within the absolutely tried and true law when
2    it comes to the definition of geographic market, and what Ms.
3    Stevenson is suggesting is not in any way the Federal law
4    relating to geographic market.
5              SPECIAL MASTER:  I'll go back and re-review that.
6    Here's -- I think I understand pretty clearly because I know
7    what you're saying.  Let me ask you a pointed question.  Why
8    do you need the names and addresses?  Whatever your answer is
9    -- as opposed to just the zip code?  This was my impression
10   when I first read the motion after Judge Gallagher referred
11   them to me.
12             Secondly, do you intend to conduct any survey by
13   contacting those patients?
14             MR. KILDOW:  The answer to the second part is yes.
15   The answer to the first part has to do with survey
16   technology.  What we would do is to focus these survey
17   samples on those people within the patient pool of Vail
18   Health, and we would probably enter into some agreement or
19   stipulation with Vail Health as to the questions that would
20   be asked.  They would not involve things that would be PHI
21   related.
22             What we would -- but the difference is how do you
23   pick out the samples to be surveyed.  We are talking about
24   tens or hundreds of thousands of patients with respect to
25   Vail Health alone, and so to just survey randomly people who

1  have no orthopedic problems, no need for a physical
2  therapist, have never been to a physical therapist, have no
3  idea of what the cost of physical therapy would be would be
4  -- let's just face it, not very meaningful.  You're going to
5  people who are in that market and conduct the survey that
6  way.  And so it's a much better, much more accurate
7  situation.  And the idea of the survey is set forth in the
8  Tenth Circuit case of Lantec.  This is a matter of law.  We
9  are entitled to do that.  The only question is how we do it
10 so we don't breach any PHI rules, and we can do that.
11           Unfortunately I know a little bit about Vail
12 Health and they do patient surveys themselves.  You know, how
13 was your stay, did you find it acceptable.  Were the services
14 okay?  We can do that kind of a survey, you went for physical
15 therapy, would you travel to get that same physical therapy,
16 would you travel to Breckenridge to get it and save $20.00.
17 Vice versa.  Very simple.
18           SPECIAL MASTER:  Well, I considered that thinking
19 ahead too because otherwise -- and we -- this case is all
20 about access to confidential information and breaches of
21 that.  And I anticipated even if I granted you what you're
22 asking for an extremely strict protective order, which
23 according to your response just now would not have allowed
24 that type of survey.
25           By the same token, recognizing that surveys are