IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' OPPOSITION TO VAIL HEALTH'S
MOTION FOR PROTECTIVE ORDER**

---

## INTRODUCTION

The effect of Vail Health's motion, if granted, would be to revoke the authority of the Special Master to decide the five pending discovery motions referred to him by orders of this Court, deny Plaintiffs' fundamental right to have their Rule 37 motions heard, and terminate further outstanding discovery required for deciding this § 2 Sherman Act case. Vail Health's motion reads more like a Rule 56 motion than one under Rule 26(c), and given its nature, Plaintiffs cannot address all the contested facts and law in the short space and time allotted.  Plaintiffs must therefore abstain from addressing the substantive legal conclusions asserted by Vail Health other than what can be summarized in this response.  Vail Health's motion should be denied because it:

- Was not preceded by a conferral, although Plaintiffs themselves requested numerous conferences regarding any noncompliance they may have had with the Special Master's Order, but Vail Health would not participate.

- Would in effect terminate the appointment of the Special Master and deny him the authority to decide discovery motions for which he was appointed under the July 20 appointment Order of this Court.[1] Vail Health did not file any objection to that Order under Rule 72(a), and therefore waived any right to limit the Special Master's authority to adjudicate discovery disputes referred to him by order of the Magistrate Judge.

- Would eliminate Vail Health's obligations to comply with the Special Master's October 25 Order to address the discovery disputes raised by the Rule 37 motions. But Vail Health has waived its ability to contest those procedures by failing to file a timely Rule 53(f)(2) objection to that Order.

- Is untimely under Fed. R. Civ. P. 26(c) because Vail Health failed to file its motion for a protective order before it served its discovery responses, the last of which was served on April 30, 2021—nearly seven months ago. Vail Health, therefore, long ago waived any right to file this motion.

- Does not seek the proportionality Vail Health contends it seeks because virtually all the issues raised here were briefed and argued before the Special Master. If the motion were granted, the parties would have wasted the time and resources expended over the past four months, and the Special Master's time would have been wasted. This would be the epitome of waste and inefficiency.

- Is premature because it seeks an order shielding Vail Health from participating in the meet and confer conference ordered by the Special Master before he has made any decision on the merits of the discovery motions. The proper procedure would be to permit the Special Master to issue his order(s) and thereafter file objection(s) pursuant to Rule 53(f)(2) if Vail Health deems them necessary.

- Is inaccurate and misleading in its characterizations of this Sherman Act § 2 case. The state court decision is based upon events that are beyond the temporal scope of the claims in this case, and there is no claim or fact preclusion involved. The facts and legal issues in this Rule 26(c) motion are entirely different than the type of Rule 56 issues raised here.

- Is inaccurate and misleading regarding the discovery conducted in the state court case, where the vast preponderance of discovery related to Vail Health's counterclaims predating November 1, 2012. Plaintiffs will demonstrate that Vail Health's $5 million in attorney fees spent against two physical therapists make no economic sense unless they are part of conduct of an anticompetitive predator designed to exclude competition.[2]

---

[1] ECF No. 123 at 1 [July 20 Order].
[2] Robert H. Bork, *The Antitrust Paradox* at 347 (1978).

## STATEMENT OF NONCONFERRAL

Vail Health's motion states: "Pursuant to Fed. R. Ci. P. 26(s) and D.C.COLO.LCivR 7.1, counsel for Vail Health conferred with Plaintiffs about this Motion and their overbroad demands for discovery between November 3, 2021, and November 16, 2021."  But Vail Health did not confer before filing its motion.  Plaintiffs sent many emails, called and left messages, made multiple requests to hold a conferral call, and repeatedly asked that Vail Health call Mr. Kildow to discuss the matter.[3]  Vail Health would not do so.  Plaintiffs also repeatedly requested that Vail Health identify what provisions it believed that Plaintiffs did not comply with in the Special Master's October 25 Order and what items in their November 2 chart Vail Health objected to.[4]  Vail Health identified one, which Plaintiffs explained had been raised in Plaintiffs' Motion to Compel #1.[5]  Plaintiffs scheduled and attended conferral calls on November 17, 18, and 19; Vail Health did not participate[6]  On November 19, the Special Master sent an email to all parties, copying the Court:[7]

> Good Morning Counsel,
>
> After two half-day hearings and recognition of the production of certain discovery materials, the Special Master provided you with oral and written directions to follow up with the identification of remaining answers, information, and materials, responses thereto, and particularly to jointly confer in the vein outlined by the Special Master, in an attempt to resolve as many issues as possible. I wholeheartedly encourage you to fully take advantage of this opportunity to be productive and save you unnecessary time in discovery disputes and your clients the expense. If there are remaining matters which cannot be resolved in this conferral fashion, I will await your reports by November 24, 2021.
>
> Please of your availability for a status conference on December 7 morning, December 8 afternoon, or December 10 anytime.
>
> Thank you, and Happy Thanksgiving.

---

[3]   Ex. 1 at 1 [email]; Ex. 2 at 1 [email]; Ex. 3 at 4-5, 7-9; Ex. 4 at 1 [email] Ex. 5 at 1-2 [email].
[4]   Ex. 3 at 4-5, 7-9; Ex. 4 at 1 [email].
[5]   Ex. 3 at 5 [email].
[6]   Ex. 5 at 1-2 [email]
[7]   Ex. 3 at 1 [email].

Plaintiffs held the November 19 conferral call, keeping the line open for 30 minutes and sent an email requesting Vail Health participate.[8]  Vail Health did not respond and instead filed this motion.  On November 22, the Special Master issued an Order stating that Vail Health "failed to explain why [Vail Health] had not conferred pursuant to the [October 25] Minute Order" when it offered to confer this week.[9]  There was no meet and confer about this motion before it was filed, and the motion should be denied.

## ARGUMENT

I.  **VAIL HEALTH WAIVED ANY OBJECTIONS TO THE COURT'S AND SPECIAL MASTER'S ORDERS.**

   A.  **Vail Health Has Waived Any Objections To The Court's Appointment And Referral Of The Five Motions To The Special Master.**

On June 28, 2021, the parties were provided notice of the proposed appointment of a Special Master "for managing and supervising discovery and resolving discovery disputes in certain circumstances."[10]  Vail Health did not object.[11]  In the July 20, 2021 Order, Special Master Ruckriegle was appointed to handle "appropriate discovery motions"[12] referred to him by the Court.  The Order also provides that the Special Master is to "convene such hearings or direct the submission of additional briefs or materials as the Master deems appropriate and shall issue orders resolving such disputes."[13]  Any objections to the Special Master's rulings must follow Rule 53(f).[14]  Vail Health filed no objection and has waived any right to challenge the Special Master's authority.

---

8  Ex. 6 at 1 [email].
9  ECF No. 233 [Nov. 22 Order].
10  ECF No. 119 at 2 [June 28 Order].
11  *See* ECF No. 123 at 1 [July 20 Order].
12  *Id.* at 2.
13  *Id.* at 3.
14  *Id.*

4

More importantly, Vail Health did not object to the Magistrate Judge's lifting of the informal dispute resolution process in favor of formal discovery motions. The July 20 Order is consistent with Fed. R. Civ. P. 7, 77, and 78, which were enacted to facilitate a litigant's right to file motions and be heard.[15] As the Second Circuit noted in *Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, a party has a right to file pleadings, motions, and appeals,[16] which also means a decision.[17] Vail Health's motion seeks to set aside these fundamental rights and is nothing more than an untimely objection to the July 20 Order.[18] Nor can Vail Health circumvent its failure to timely object by styling its motion as one for protective order.[19] Vail Health cites no case in which a court has stripped a party of its due process rights to file and have motions decided in the manner presented here.

**B. Vail Health Waived Any Right To Object To The Meet-And-Confer Procedures Ordered By The Special Master.**

In the July 20 Order, the Special Master was given "sole discretion to determine the appropriate procedures for resolution of all assigned matters…and shall have the authority to take all appropriate procedures to perform all the assigned duties…."[20] At the start of

---

[15]  *See Armstrong v. Manzo,* 380 U.S. 545, 552 (1965) (procedural due process requires opportunity to be heard "at a meaningful time and in a meaningful manner").
[16]  825 F.2d 647, 652 (2d Cir. 1987).
[17]  *Interstate Commerce Comm'n v. Louisville & Nashville R.R. Co.*, 227 U.S. 88, 91 (1913) (stating that the "right to a full hearing" means the right to present facts and have the case decided according to those facts).
[18]  *CNPQ-Conselho Nacional De Desenvolvimento Cientifico E Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 59, 311 U.S. App. D.C. 85 (D.C. Cir. 1995) (holding that a Rule 72 objection made one day late fails to preserve objection).
[19]  *Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 U.S. Dist. LEXIS 113125, 2014 WL 4055353, at *6 (S.D. Cal. Aug. 14, 2014) (holding an untimely Rule 72(a) objection did not entitle the objecting party to relief under a Rule 60(b) motion and also relief was not warranted on the merits); *Venture Funding, Ltd. v. United States* , 190 F.R.D. 209, 212-13 (E.D. Mich. 1999) (party cannot escape Rule 72 and 28 U.S.C. § 636 time requirements by creatively renaming objections under guise of another motion).
[20]  *See* ECF No. 123 at 3 [July 20 Order].

the October 21 hearing, the Special Master instructed that meet and confers are required, with an actual conversation[21] involving an "interactive discussion," deliberation, and comparison of views,[22] which is "consistent with the intention of the duty to confer that both Judges Martínez and Gallagher…referenced before."[23]  Emails are not enough.[24]

At the end of the two-day hearings, the Special Master set the following procedure: Plaintiffs identify what they need and the parties "confer[] and work[] through this to a 50 or 75 percent level…."[25]  Vail Health's counsel responded, "I think that seems fine"[26] and later stated she would be "happy to continue to follow up on issues that [Plaintiffs] think are unresolved from discovery responses"[27] and did not "have any objections to us completing all the outstanding issues that have been raised in these motions."[28]  The Special Master sent its Order on October 22, which was docketed on October 25:[29]

> Terry Ruckriegle <terry@ruckriegle.com>   Fri, Oct 22, 2021 at 6:49 PM
> To: Angela Barnes <Angela_Barnes@cod.uscourts.gov>, Caitlin Grimmer <Caitlin_Grimmer@cod.uscourts.gov>
> Cc: "Richards, Daniel" <Daniel.Richards@dgslaw.com>, "Stevenson, Shannon" <Shannon.Stevenson@dgslaw.com>, sonya braunschweig <sonya.braunschweig@gmail.com>, Alan Kildow <alkildow@aol.com>
>
> Hello Angela and Caitlin,
>
> Thank you for your assistance the last 2 days. Judge Gallagher suggested that I might send you or Caitlin orders to be filed. Here is a "minute order" I would like to enter.
>
> The parties conducted hearings on Plaintiffs' Motions to Compel #1, #2, #3 and #4 before the Special Master on October 21-22, 2021. Based upon the arguments of counsel, and the disclosure of additional discovery and information subsequently provided by Defendant, the Special Master directed that Plaintiffs specifically identify to Defendant, and itemize by reference to prior discovery requests, what answers, information and materials they still request to be produced, by November 2, 2021. Defendant has until November 12, 2021 to respond in writing. Thereafter, counsel shall reasonably confer by November 19, 2021, in the vein outlined by the Master, and attempt to resolve as many issues as possible. Counsel will report to the Master the results of matters resolved and those they request the Master to rule on, including Motion to Compel #5, by November 24, 2021.
>
> W. Terry Ruckriegle
> Special Master

---

[21]  Ex. 7 at 6:2-3 [Oct. 21 Hearing Tr.].
[22]  *Id.* at 5:17-20.
[23]  *Id.* at 4:24-5:1.
[24]  *Id.* at 8 at 4:16.
[25]  Ex. 8 at 75:16-20 [Oct. 22 Hearing Tr.].
[26]  *Id.* at 79:6.
[27]  *Id.* at 83:5-6.
[28]  *Id.* at 83:16-17.
[29]  ECF No. 202 [Oct. 25 Order].

Under Fed. R. Civ. P. 53(f), Vail Health had until November 15 to object to the October 25 Order. It did not and thus has waived any right to assert that the process set by the Special Master is improper.[30] Vail Health likely recognized that any objection would futile because, under Fed. R. Civ. P. 53(f)(5), procedural orders are reviewed under an abuse of discretion standard.[31] Vail Health chose not to participate and instead filed a motion for protective order. Vail Health cannot avoid the untimeliness of its objection by characterizing it as motion for protective order when it directly challenges the Special Master authority as set out in the July 20 Order.

## II.     VAIL HEALTH'S MOTION IS UNTIMELY AND SHOULD BE DENIED.

Vail Health has not cited any legal authority that its motion is timely. Timely does not mean after discovery has been responded to, motions to compel have been filed, or that a court has held two hearings, and heard 7½ hours of argument. "Although rule 26(c) is silent as to the time within which the movant must file for a protective order, the Tenth Circuit has held that 'a motion under [rule] 26(c) for protection…is timely filed if made before the date set for production.'"[32] Courts do not distinguish timeliness based the

---

[30]     *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1131 (Fed. Cir. 2011) (failure to object under Rule 53(f)(2) waives the issue); *Mardiros v. City of Hope*, No. 2:19-cv-02196-MCS-MAA, 2021 U.S. Dist. LEXIS 139212, at *2 (C.D. Cal. June 3, 2021) ("Untimeliness alone justifies" denial of objection).

[31]     The October 25 Order is also consistent with the conferral requirements required under D.C.COLO.LCivR 7.1.

[32]     *Velasquez v. Frontier Med., Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (court's ellipses); *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017) (same); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991) (citing *In re Coordinated Pretrial Proceedings, etc.*, 669 F.2d 620, 622 n. 2 (10th Cir. 1982)). *See also Betts v. Agri-Tech Servs., Inc.*, Case No. 87-4110-R, 1990 U.S. Dist. LEXIS 2376, at *3 (D. Kan. Feb. 23, 1990) (party "should have filed a motion for protective order when he first received defendant's discovery request"); *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, Civil Action No. 11-cv-01611-MSK-CBS, 2014 U.S. Dist. LEXIS 42443, at *41 and n.16 (D. Colo. Mar. 27, 2014) (citing *Brittain*, 136 F.R.D. at 413)).

discovery at issue—be it, a subpoena, deposition, or written discovery[33]—likely because "Rule 26(c)(1) is prospective in nature" meaning that relief must be sought before the response date.[34] For example, under Rule 26(c)(1)(A) and (D), a court may, if good cause is shown, issue an order "forbidding" or "limiting" discovery, which means that a request needs to be made *before* discovery has been responded to, motions to compel have been filed, and hearings have been held, like here. Vail Health's motion is untimely.

Nor can Vail Health's untimeliness be excused because it had ample opportunity to move for a protective order. Plaintiffs first served discovery in October 2019, which Vail Health responded to in October 2020, three months after the discovery stay was lifted. It then waited until March 2021 to produce 55 documents. Plaintiffs served a second set of discovery on March 1, 2021, and Vail Health which Vail Health responded to in April 2021. Vail Health did not file this motion until November 19, 2021, a year after the first set of discovery was responded to, eight months after the second set was responded to, and 18 days after the November 1 discovery date in the current scheduling order. Vail Health's untimeliness is not justified, and its motion should be denied for this reason alone.[35]

---

[33]   *See, e.g., Brittain,* 136 F.R.D. at 413 ("The obligation to timely move for a protective order applies equally to written discovery as to protective orders for oral depositions."); *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991) (motion filed more than two weeks after deposition and five weeks after notice was given was untimely).

[34]   *Travelers Prop. Cas. Co. of Am. v. Mountaineer Gas Co.*, No. 2:15-cv-07959, 2018 U.S. Dist. LEXIS 25057, at *8 (S.D. W. Va. Feb. 15, 2018).

[35]   *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 221-22 (N.D.W. Va. 2007) (finding no excuse for two-month delay in filing motion for protective order as to interrogatories and denying motion as untimely). *Nestlé Foods Corp. v. Aetna Cas. and Sur. Company*, 129 F RD 483, 486-87 (D.N.J. 1990 (motion for protective order filed two months after due date was untimely); *United States v. Panhandle E. Corp.*, 118 F.R.D. 346, 351 (D. Del. 1988) (denying motion brought three weeks after due date for discovery).

### III. VAIL HEALTH'S MOTION SHOULD BE DENIED BECAUSE THE SAME DISCOVERY ISSUES HERE ARE AT ISSUE BEFORE THE SPECIAL MASTER.

Five motions to compel were referred to the Special Master;[36] they were fully briefed and argued on October 21 and 22 for a total of 7½ hours. Vail Health admits that many arguments at issue here are currently before the Special Master to decide. For example, Vail Health said it produced "voluminous information" on the antitrust claims and complied with its discovery obligations, the discovery is burdensome, Plaintiffs seek overly broad discovery, Plaintiffs have information about pricing and what was reimbursed, and Vail Health should not have to produce patient names.[37]

Vail Health also states that it agreed to produce "financial statements, projections, and financial analyses of Howard Head," "documents…reflecting the prices charged and revenues realized for Howard," documents related to competitors, "documents concerning contemplated joint ventures with The Steadman Clinic and Vail Summit Orthopaedics," employment documents for physical therapists; and board minutes.[38] As to these issues, it was Vail Health's lack of production that resulted in the five motions to compel being filed that are pending before the Special Master for his decision. Vail Health's motion ignores the painstaking procedures adopted by this Court beginning in June and continuing through this filing. It seeks to wipe out the past four months and the countless hours devoted by the Court and the Special Master to resolve the discovery disputes. It seeks to impose financial burdens on Plaintiffs (Special Master's fees) without

---

[36] ECF Nos. 135, 161, 199.
[37] *Compare* ECF No. 228 at 4-5, 9,15 *with* ECF No. 152 at 1-2, 5-6, 9-12, 14; ECF No. 154 at 2, 5-7; ECF No. 156 at 1-4, 7, 10; ECF No. 176 at 7-8, 13-15; ECF No. 213 at 1-2.
[38] *Compare* ECF No. 228 at 4-5 *with* ECF Nos. 127; ECF No. 129; ECF No. 132; ECF No. 157; ECF No. 195.

y
z

any resolution in sight. Because there is a fundamental right to be heard, the most "just, speedy, and inexpensive"[39] way to address the merits of Vail Health's discovery positions is allow the Special Master to finish what he was appointed to do. Because of the Special Master's involvement in the state case and the hours he has spent here, the Special Master is in the best position to weigh the facts, law, and arguments and issue decisions on each motion without any further delay.[40] If Vail Health ultimately does not agree to the Special Master's decisions, it has the right to file objections, which would be the proper procedure under the July 20 Appointment Order and Fed. R. Civ. P. 53(f)(2).

### IV. THIS IS A SHERMAN ACT § 2 ANTITRUST CASE, NOT A "NARROW" TORT ACTION BY AN INDIVIDUAL PHYSICAL THERAPIST.

Vail Health's recitation of the "facts" should be considered with caution because they are conclusory opinions rather than objective statements of actual facts. Its motion begins with the statement that "Plaintiffs' amended complaint is based on the exact same alleged conduct as their claims in the State Case."[41] But that is incorrect. In brief summary, Plaintiffs allege that Vail Health is a monopolist that possesses sufficient monopoly power in the relevant geographic market (Vail Valley) to raise prices and exclude competition.[42] Vail Health's former Vice President of Howard Head Sports Medicine Center testified that Vail Health employs about two-thirds of the physical therapists in the Vail Valley,[43] which that, along with other facts, is sufficient to infer

---

[39] Fed. R. Civ. P. 1.
[40] See, e.g., Miller v. Regents of the Univ. of Colo., 188 F.3d 518 [published in full-text format at 1999 U.S. App. LEXIS 16712], 1999 WL 506520, at *12 (10th Cir. 1999) (unpublished) ("[t]he district court is in the best position…to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").
[41] ECF No. 228 at 3.
[42] ECF No. 252, 32, 34 [Am. Compl.].
[43] Ex. 9 at 104:21-22 [O'Brien Dep.].

monopoly power.[44] Plaintiffs allege that Vail Health exercises what is called monopsony power in the labor market by using unlawful, anticompetitive employment agreements that violate Colorado law.[45] Plaintiffs allege that Vail Health had specific intent to protect and expand its monopoly in the Vail Valley market in violation of § 2: "Competition is healthy, it gives you a chance to step back and evaluate things. But technically, ***my job is to look at you as competition and my job would be to eliminate you***." Vail Health also told Winninger you must "align or die," that is, align with Vail Health or die.[46]

Plaintiffs allege that Vail Health's supracompetitive prices are 50% above market[47] and resulted in monopolistic prices.[48] Vail Health's public audited financial statements show that this nonprofit hospital consistently realizes profits of $40-50 million per year and apparently is profitable enough money to make charitable contributions to The Steadman Clinic's foundation amounting to at least $74 million, which was pledged at the same time Vail Health was negotiating a physical therapy joint venture with Steadman. The Amended Complaint alleges that the exclusionary barriers to entry that Vail Health has erected have had the result of excluding competition[49] and harming consumers.[50]

Vail Health is attempting to turn its motion into a Rule 56 adjudication, but in doing so, fails to address the exclusionary conduct prohibited under § 2 of the Sherman Act that are found within the Amended Complaint and the discovery to date. They include, but are not limited to: the willful maintenance and acquisition of monopoly power; illegal

---

[44] *Reazin v. Blue Cross & Blue Shield*, 899 F.2d 951, 969-70 (10th Cir. 1990).
[45] ECF No. 26 ¶¶ 3, 30 [Amended Compl.].
[46] *Id.* ¶ 4.
[47] *Id.* ¶ 50.
[48] *Id.* ¶ 51.
[49] *Id.* ¶ 52.
[50] *Id.* ¶¶ 4, 60, 91, 231-33.

medical coding in violation of federal Medicare law that resulted in excessive billing for physical therapy services; the payment of kickbacks in violation of the Stark Act to exclude equally efficient competitors such as Steadman and Vail-Summit Orthopaedics; prohibited sharing of price and competitive information with rivals; illegal restrictions on service distribution arrangements; exclusionary vertical agreements with suppliers; illegal labor agreements to stifle competition; false and misleading trade disparagement of competitors; and "no economic sense" sham petitioning of government, regulators and litigation. The discovery Plaintiffs seek is relevant to these issues to prove that Vail Health's nakedly anticompetitive conduct caused anticompetitive effects and lacked any competitive justification.[51] All of which resulted in a continuation and exacerbation of monopolistic pricing detrimental to consumers. This is not some "narrow" tort action.

### V. PLAINTIFFS HAVE NOT RAISED FRIVOLOUS DISPUTES IN ITS MOTIONS TO COMPEL, AND EVEN SO, THAT IS FOR THE SPECIAL MASTER TO DECIDE.

At pages 6, Vail Health states that "Plaintiffs have pursued a pattern of raising multitudes of purported discovery disputes, not designed to help them prosecute their case, but to burden and harass Vail Health." But it does not identify any § 2 element or the evidence that would address such an issue that is "not designed to help" Plaintiffs' prosecute their Sherman Act § 2 claims.

For example, Plaintiffs' Motion To Compel # 1 addresses relevant geographic market discovery that Plaintiffs are entitled to under Tenth Circuit, including physical therapy patient names and addresses so a patient survey on patient convenience and preference can be conducted. That argument is not frivolous. It is based upon *Lantec,*

---

[51] *Conwood Company., L.P. v. United States Tobacco Co.*, 290 F.3d 768, 783-84 (6th Cir. 2002).

*Inc. v. Novell, Inc.,* where the Tenth Circuit affirmed the exclusion of an antitrust economist, and dismissal of the entire case, because the expert had not conducted such a consumer survey[52] and did not present "evidence of the costs of the various products or how the consumer would react to a price increase in such costs, [so] there is no evidence of price sensitivity."[53]  It is the Tenth Circuit (consistent with Supreme Court requirements and those of every other federal circuit) that established the legal elements necessary to define the relevant geographic market: "price data, the location and facilities of other producers, or any of the other factors cited by courts as relevant to determining the relevant geographic market."[54]  There is nothing "frivolous" about Plaintiffs seeking that discovery; Vail Health cannot suppress evidence to which Plaintiffs are entitled (required) to prove their case under Tenth Circuit law.

This one snippet is like the legal arguments Plaintiffs made in its other motions. Vail Health never stated that Plaintiffs' legal authorities are inaccurate, or do not stand for antitrust legal standards relied upon by the courts.  The best way to address this argument is to review Plaintiffs' motions, which is what the Special Master was authorized to do.

## VI. PLAINTIFFS DO NOT HAVE "EXORBITANT AMOUNTS OF DISCOVERY" REGARDING THE ANTITRUST CLAIMS.

At page 3, Vail Health argues that Plaintiffs have an "exorbitant amounts of discovery" and "extensive discovery in the State Court Action."  While certain limited exclusionary conduct involving Vail Health has been litigated in Eagle County, the underlying antitrust facts were not, including (1) relative geographic market,[55] (2) relative

---

[52] 306 F.3d 1003, 1025 (10th Cir. 2002).
[53] *Id.* at 1026.
[54] *Id.* at 1027.
[55] *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1024 (10th Cir. 2002).

13

product market,[56] (2) barriers to entry,[57] (3) structure of the market,[58] (4) market share,[59] (5) competitors,[60] (6) whether those factors resulted in Vail Health possessing or intending to possess monopoly power,[61] (7) supracompetitive pricing,[62] (8) Vail Health's costs,[63] (9) and persistency of its profits.[64]  Vail Health makes no showing what documents, interrogatories, or legal arguments from the state case were directed to any of these essential antitrust elements.

It attaches a list of deponents and witnesses that received subpoenas, but it does not identify who the witnesses are, who deposed the witnesses, and for what purpose discovery was sought, likely because they do not relate to the antitrust issues addressed in Plaintiffs' motions to compel.  Vail Health also says "70,000" pages of documents were produced there, of which only 300 pages (0.0043%) are arguably relevant to the antitrust issues in Plaintiffs' motions to compel.  Plaintiffs produced over 17,000 pages (including all its patient medical records), Cimino produced about 200-300 pages, and Vail Health produced about 6,000 pages.[65]

Vail Health has also submitted a declaration of Lisa Herota, who submitted a

---

[56] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1120 (10th Cir. 2014).
[57] *United States v. Microsoft Corp.*, 253 F.3d 334, 351 (D.C. Cir. 2001).
[58] *United States v. Brown Shoe Co.*, 370 U.S. 294, 336-37 (1962).
[59] *Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 885 F. 2d 683, 693 (10th Cir. 1989).
[60] *Lantec,* 306 F.3d at 1027.
[61] *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966).
[62] *Id.; F.T.C. v. Penn State Hershey Med. Center*, 838 F.3d 327, 338 (3d Cir. 2016).
[63] *Colo. Interstate*, 885 F. 2d 687-88.
[64] *Id.* at 695.
[65] This excludes 55,000 pages that Cimino took when he left Vail Health, 9,500 documents Winninger had from her time at RPC-Vail, and any "matching" documents Vail Health produced as to both.  None are germane to the antitrust discovery motions.

declaration in the state court action. There, the Special Master ordered Vail Health to produce certain insurance claim information predating November 1, 2012. Vail Health first said the information was stored in inaccessible warehouse. It then had Herota "search" for hardcopy documents in various locations. Over Vail Health's objection, the Special Master ordered Herota's deposition. It was then that Plaintiffs first learned that Herota knew her "search" would be futile because she knew that the claims information was never in hardcopy form—it was always maintained electronically. The Special Master issued an Order sanctioning Vail Health and ordered, over Vail Health's objection, that a Vail Health billing person be deposed. At page 8, Vail Health claims that this discovery has no bearing on the state case, which is incorrect. It goes to Vail Health's counterclaims, of which an essential element is proof of ownership. It took four orders, two depositions, and sanctions before the truth was revealed in February 2021, the relevancy of which is explained in Plaintiffs' summary judgment motion.[66]

## **CONCLUSION**

Plaintiffs respectfully request that Vail Health's motion for a protective order be denied in its entirety. The Court set out the discovery process and appointed a Special Master to decide those discovery motions referred to him. He was authorized to set the procedures for that process. Through its motion, Vail Health now seeks to stop the Court-ordered process—one that it did not timely object and thus waived any right to do so now. Its motion is also untimely. Vail Health's motion had to be filed *before* the date set to respond, which has long since passed. The process should proceed as intended.

---

66    *See, e.g.,* Ex. 10 at 12-19 [Summ. J. Reply].

15

Dated:  November 22, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2021, I served a true and correct copy of Plaintiffs' Opposition to Vail Health's Motion for Protective Order, including exhibits, one of which is filed restricted under the protective order, via the Court's ECF system on:

>Shannon Stevenson
>Janet A. Savage
>Jackie Roeder
>Daniel Richards
>Davis Graham & Stubbs LLP
>1550 17th Street, Suite 500
>Denver, CO  80202
>
>Counsel for Defendant

                                            *s/ Alan L. Kildow*
                                            Alan L. Kildow