# Exhibit 3

| | |
|---|---|
| **From:** | Terry Ruckriegle <terry@ruckriegle.com> |
| **Sent:** | Friday, November 19, 2021 9:52 AM |
| **To:** | Alan Kildow |
| **Cc:** | Stevenson, Shannon; Richards, Daniel; Roeder, Jackie; sonya braunschweig; Savage, Janet; Terry Ruckriegle; Angela Barnes |
| **Subject:** | Re: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral |

Good Morning Counsel,

After two half-day hearings and recognition of the production of certain discovery materials, the Special Master provided you with oral and written directions to follow up with the identification of remaining answers, information, and materials, responses thereto, and particularly to jointly confer in the vein outlined by the Special Master, in an attempt to resolve as many issues as possible. I wholeheartedly encourage you to fully take advantage of this opportunity to be productive and save you unnecessary time in discovery disputes and your clients the expense. If there are remaining matters which cannot be resolved in this conferral fashion, I will await your reports by November 24, 2021.

Please of your availability for a status conference on December 7 morning, December 8 afternoon, or December 10 anytime.

Thank you, and Happy Thanksgiving.

*W. Terry Ruckriegle*

*Special Master*

*Box 3305*

*Breckenridge CO 80424*

*970-390-9865*

*terry@ruckriegle.com*

On Thu, Nov 18, 2021 at 2:11 PM Alan Kildow <alkildow@aol.com> wrote:

> Counsel:
>
> This morning at 9:30 a.m., MST, Sonya Braunschweig and I were on the meet & confer conference call that has been ordered by the Special Master to take place on or before November 19, 2021. We waited for about 10 minutes in hopes that you would join us, but you did not. Again, Vail Health was a no-show. As previously stated, we will repeat the process tomorrow at 9:30 a.m., and look forward to you joining us then. As always, to move forward with resolution of these discovery issues, you may call me at any time at the number below.

Alan Kildow

970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, November 17, 2021 10:14 AM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Terry Ruckriegle' <terry@ruckriegle.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; 'Savage, Janet' <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

Sonya Braunschweig and I were on the meet & confer conference call this morning at 9:30 a.m., MST.  Consistent with your numerous statements that you refuse to participate in the meet & confer conference ordered by the Special Master, neither you nor any other attorney listed as counsel of record for defendant Vail Health joined the call to participate in the meet & confer.  Vail Health, therefore, was a no-show.

Only 2 days remain to hold the meet & confer to comply with the Special Master's Order to participate on or before November 19.  On behalf of Plaintiffs, Ms. Braunschweig and I will therefore be on the phone again tomorrow at 9:30 a.m., MST, as previously stated.  The dial-in information will be the same.  We again request that you participate in the call so there may be compliance with the Order issued by the Special Master.  As of this point in time, we deem Vail Health to be in noncompliance with the Order.  Our goal is not to pursue available remedies for the noncompliance (although we reserve the right to do so), but rather  to seek a resolution for Vail Health's failure to participate in the discovery process.

We look forward to seeing you tomorrow morning.  As always, to move forward with resolution of these discovery issues, you may call me at any time at the number below.

Alan Kildow

970-390-6675

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Tuesday, November 16, 2021 9:48 AM
**To:** Alan Kildow <alkildow@aol.com>
**Cc:** 'Terry Ruckriegle' <terry@ruckriegle.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Savage, Janet <Janet.Savage@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Mr. Kildow –

We have been clear about our position.  We informed you on November 3, the day after we received your list, that it was not consistent with the special master's order and that we would seek a protective order if you did not significantly narrow it.  You have taken no steps to do so, and we have advised you we will proceed with a motion for protective order with respect to having to engage in any further burdensome and unproductive discussions with you on these topics.

With respect to the subpoenas to the Magic and **REDACTED** we have not served them, and will not do so until the Court has had an opportunity to rule on your motion for protective order.

We also have not heard anything from you with respect to Judge Granger's order that the parties mediate no later than January 4, 2022.

**SHANNON STEVENSON** ▪ **Partner**

**D: 303.892.7328**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, November 16, 2021 8:53 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Terry Ruckriegle' <terry@ruckriegle.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

3

Counsel:

After further consideration of the issues addressed below, we have concluded that even if Vail Health continues to defy the Order of the Special Master [Dkt. # 201], Plaintiffs will do all they can on their end to comply with it. Therefore, tomorrow, November 17, at 9:30 a.m., MST, Plaintiffs will be on a conference call to participate in the meet & confer conference ordered by the Special Master to be held on or before November 19, 2021. We strongly suggest Vail Health participate in that meet & confer so the procedure outlined by the Special Master can move forward to a resolution of the discovery disputes. If Vail Health declines to participate, that declination will be appropriately recorded. If the meet & confer does not take place tomorrow, the process will be repeated the following days of this week: to-wit, November 18 and 19, again at 9:30 a.m. Unless otherwise advised, the meet & confer contacts are as follows:

    Dial-in: 605-472-5307

    Pass Code: 175061#

Please confirm your participation. In the meantime, I am always available by phone.

Alan Kildow

970-390-6675

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Monday, November 15, 2021 2:12 PM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Terry Ruckriegle' <terry@ruckriegle.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

I guess the only way to read your email below is that it confirms your prior communications that Vail Health is refusing to follow the procedures ordered by the Special Master on October 22, 2021 (the "Order"), as further confirmed in Docket # 201, dated October 25. The Order clearly spells out the procedures that the parties are to follow subsequent to the hearing on Motions to Compel ## 1-5. This includes the filing of a response to the submission that Plaintiffs were required to provide to Vail Health by November 2, which they did. Vail Health's response was to be filed by Friday, November 12, which it did not.

4

You have now stated in emails, the last of which is below, that Vail Health intends to file a motion for a protective order, ostensibly on the ground that Plaintiffs have failed to comply with the procedures outlined in the Order. To obviate any need for such a motion, Plaintiffs asked you to articulate to us where Plaintiffs have departed from the Order. Your email below declines to do so other than to assert a purported issue with respect to Kathy Gwinn, a physical therapist formerly employed by the AXIS physical therapy group and now apparently employed by Vail Health.

You contend that the settlement monies paid to Axis by Vail Health related to the hiring of Ms. Gwinn was not addressed in Plaintiffs' motion to compel. That is incorrect on a number of scores. *First,* we requested discovery on this issue in Request For Production of Documents No. 25, which was served on Vail Health on April 30, 2021. RFP #25 asks for all documents relating to Vail Health competitors, and clearly AXIS is one of them and Ms. Gwinn worked for AXIS as a physical therapist at the time. *Second*, at page 14 of Plaintiffs' Motion To Compel #1, Plaintiffs referred to the "roll up" of physical therapy clinics, as well as physical therapists, which resulted in a settlement with Axis relating to Vail Health's hiring of Ms. Gwinn away from AXIS. *Third*, at page 10 of Plaintiffs' reply to Motion to Compel #1, Plaintiffs again addressed Vail Health's plan to acquire other competitors. Plaintiffs specifically referenced Vail Health's privilege log that confirms one such "acquisition" related to Axis, which suggests that you understood then (and now) exactly what discovery was being requested by Plaintiffs and why—the hiring of competitors in furtherance of its monopoly, of which Ms. Gwinn was one at the time. So there is nothing new about this issue on Plaintiffs' list, and it should come as no surprise that the discovery issue with respect to Ms. Gwinn is once again included on Plaintiffs' list.

Discovery relating to Ms. Gwinn is only a single instance where Vail Health (incorrectly) asserts that new issues have been raised on the list submitted by Plaintiffs. We have asked you to identify any other such "new" issues, but you are either unable to do so or have declined to do so for other reasons. You don't necessarily have to identify them in writing (although that would be efficient), we are eager to participate in a meet & confer that, as Special Master Ruckriegle made crystal clear during the hearing on October 21, is a requirement ***before*** you to file any motion for a protective order.

The meet & confer is very important here because we have no idea what Vail Health could be seeking "protection" from in such a motion other than the requirement in the Order that it participate in a meet & confer by November 19. The Special Master has not yet made *any* decisions with respect to Plaintiffs' motions to compel other than specifying the procedures to be followed in an effort to resolve or reduce the number of discovery disputes. We believe that it bears noting that the Order appointing the Special Master [Dkt. # 123] specifically provides that "the Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters…." Para. 4. So if there are instances where Plaintiffs have inadvertently failed to comply with any part of the Order, we want to know about those instances so we can correct them. If such instances exist, Plaintiffs are willing to correct them and to that end Plaintiffs again request that you identify each instance of noncompliance and participate in a meet & confer.

***Plaintiffs have asked you numerous times for a meet & confer on this particular issue, and we again extend that invitation. Just give me a call.***

5

Alan Kildow

970-390-6675

---

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Monday, November 15, 2021 12:28 PM
**To:** Alan Kildow <alkildow@aol.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; terry@ruckriegle.com
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** FW: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral


Adding Judge Ruckriegle back; it appears he got dropped from the chain.

---

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Monday, November 15, 2021 11:25 AM
**To:** Alan Kildow <alkildow@aol.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral


Counsel –

It is our considered perception that plaintiffs are using the discovery process, not to obtain discovery materials actually necessary for their claims, but to prolong the proceedings and delay resolution of the case. As described in our letter of November 10 (reattached), Vail Health believes that is has gone above and beyond to produce to plaintiffs the material they need to prosecute their antitrust claims. We have already spent hundreds of hours responding to your many lists of purported discovery disputes, and your motions to compel.

You ask us to identify the "specific items" on your list with which we have an issue. Given the extraordinary breadth of Plaintiffs' list, even responding to each purported discovery dispute in Plaintiffs' list imposes undue burdens on Vail Health, given the extensive time Vail Health has already spent responding to discovery issues raised by Plaintiffs and given that plaintiffs have clearly included numerous items never previously mentioned. As but one example, your request No. 5 asks for "Documents and communications related to hiring of Axis employee (Kathy Gwin) and any discussion or settlement with Axis related to that employee." This is the first time you have ever mentioned such a request, despite the fact that Kathy Gwin was identified in your initial disclosures.

At this point, we do not believe that plaintiffs are pursuing this process in good faith, and that relief from the court is necessary. Thus, we will proceed with our motion for protective order.

With respect to your supplemental production related to our proposed third-party subpoenas, we understood you wanted to confer about your motion for protective order, which you filed on Friday.  Please advise what, if anything, you wish to confer further about.  Mr. Richards and I are both occupied on other matters today, so we will need to discuss another time.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328** ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Monday, November 15, 2021 11:06 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

This morning I placed 2 telephone calls to you, the first being only a few minutes after you sent an email to the Special Master.  On each occasion, you did not answer your phone, I left messages, and as of this writing you have not called me back.  I also placed a call to Ms. Stevenson shortly after 10:00 am, and when she did not answer her phone I left a voicemail for her also, and as of yet I have not received a call-back.

The purpose of the calls was to have a meet & confer regarding the issues raised in the email below and also to discuss the issues relating to Vail Health's subpoenas that it sought to serve, which was also the subject of an email sent Nov. 11.  Since you have not responded with respect to the documents we provide you regarding the subpoenas, the declarations of Ms. Winninger, our subsequent emails requesting meet & confer conference calls, we will try once more and ask that you participate in a call today at 3:30 pm MST.  The conference call numbers are:

    Dial-in: 605-472-5307
    Pass Code: 175061#

7

We will look forward to discussing these issues at that time.  If it doesn't work for you, simply give me a call at the number below.  I will try to keep myself available.

Alan Kildow

970-390-6675

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Saturday, November 13, 2021 4:01 PM
**To:** 'Richards, Daniel' <Daniel.Richards@dgslaw.com>
**Cc:** 'Terry Ruckriegle' <terry@ruckriegle.com>; 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

I did not receive a call from you on Friday, so I'm following up on the issues asserted in your emails.  To begin with, the language of the Special Master's October 23 request for a minute order is important:

The parties conducted hearings on Plaintiffs' Motions to Compel #1, #2, #3, and #4 before the Special Master on October 21-22, 2021.  Based upon the arguments of counsel, ***and the disclosure of additional discovery and information subsequently provided by Defendant***, the Special Master directed that Plaintiffs ***specifically identify*** to Defendant, and ***itemized by reference to prior discovery requests***, what answers, information and materials they still request to be produced, by November 2, 2021.  Defendant has until November 12, 2021 to respond in writing.  Thereafter, counsel shall reasonably confer by November 19, 2021, in the vein outlined by the Master, and attempt to resolve as many issues as possible.  Counsel will report to the Master the results of matters resolve and those they request the Master to rule on, including Motion to Compel #5, by November 24, 2021.  [ECF No. 202]

We do not read the Minute Order as narrowly as Vail Health seems to read it.  Neither the words "narrow" nor "discrete list" appear. Plaintiffs attempted to identify the discovery issues so we can discuss them.  Nevertheless, Plaintiffs are intent upon working through the procedures ordered by the Special Master as outlined above, and to that end are willing to consider those items contained within their list that Vail Health contends are an "abuse of the discovery process."

To do that, Plaintiffs require an understanding as to what specific items within their list Vail Health has an issue.  You could easily have done that in the response to which you were required to provide yesterday, but did not.  We request,

8

therefore, that you send us a list of those specific items and then we can discuss them in a separate meet & confer on Monday, November 15, or during the meet & confer ordered by the Special Mater to occur this week.

With respect to the meet & confer required by the Special Master to occur by November 19, we have not received any information as to a time when you will be available to participate.  We previously suggested Monday or Tuesday and we are still available on those dates.  As to any motion for a protective order, we have not been asked to participate in any meet & confer, which we believe would be essential to obviate the need for a motion for such an order.  So give me a call and I will be available to discuss these issues.  On the other hand, if you will not confer about them, let us know.

We look forward to your timely response to the requests in this communication.

Alan Kildow

970-390-6675

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Friday, November 12, 2021 2:05 PM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Alan Kildow <Alkildow@aol.com>
**Cc:** Terry Ruckriegle <terry@ruckriegle.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

On November 3, 2021 and November 10, 2021, Vail Health requested that Plaintiffs submit in good faith a list of discrete areas on which they seek additional discovery.  Plaintiffs have refused to do so.  Rather, they requested by email on November 10, 2021 to "set aside the entirety of one day" to confer regarding discovery issues.  Plaintiffs' conduct represents an abuse of the discovery process.  Accordingly, as we have previously indicated, Vail Health plans to file a motion for a protective order with respect to the scores of issues identified in Plaintiffs' 12-page discovery dispute chart dated November 2, 2021, many of which were not raised in Plaintiffs' motions to compel or discussed at the hearing before the Special Master, and to obtain final resolution of all purportedly outstanding discovery disputes.  We presume Plaintiffs will oppose Vail Health's motion for a protective order, but please let us know if that is incorrect.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard

**Davis Graham & Stubbs LLP**

1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Richards, Daniel
**Sent:** Wednesday, November 10, 2021 10:59 AM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Alan Kildow <Alkildow@aol.com>
**Cc:** Terry Ruckriegle <terry@ruckriegle.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

Counsel:

Plaintiffs have not yet responded to Vail Health's email below, which requests that Plaintiffs submit in good faith a list of discrete areas on which they seek additional discovery.  Please confirm when Plaintiffs expect to disclose their revised list of discovery issues about which they wish to confer.

Per Plaintiffs' request, attached is a letter providing Plaintiffs information regarding certain searches Vail Heath has performed for responsive documents.

Regards,

**DANIEL RICHARDS** ▪ **Associate**

**D:** 303.892.7452 ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Richards, Daniel
**Sent:** Wednesday, November 3, 2021 5:28 PM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Terry Ruckriegle <terry@ruckriegle.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

10

Counsel:

Following the hearings with Judge Ruckriegle, Vail Health understood that Plaintiffs would submit in good faith a list of discrete areas on which they seek additional discovery.  Plaintiffs also represented to the Court in their October 29, 2021 motion to modify the scheduling order that the parties need just "a bit more time" to resolve outstanding discovery disputes and that Plaintiffs were "optimistic that a significant number of the discovery issues can be resolved by the parties themselves."

Yesterday, Plaintiffs sent Vail Health a twelve-page, single-spaced chart raising scores of purported issues regarding Vail Health's document production and interrogatory responses.  Not only does Plaintiffs' chart raise nearly all of the purported discovery issues that were the subject of Plaintiffs' motions to compel, but it also raises new issues that were not addressed in Plaintiffs' motions to compel.  Moreover, Plaintiffs raised only a very small subset of the issues in their chart during the 7.5 hours of discovery hearings before the Special Master.  We do not believe Judge Ruckriegle held nearly a full day of discovery hearings only for Plaintiffs to re-raise nearly every dispute raised in Plaintiffs' motions to compel.

Even responding to the myriad issues Plaintiffs have raised in their November 2 chart imposes unreasonable burdens on Vail Health, let alone performing all searches, pulling all data, and supplementing all discovery responses referenced in the chart.  Vail Health requests that Plaintiffs submit a revised chart identifying a discrete, reasonable number of issues on which Plaintiffs seek further discovery, consistent with Plaintiffs' statements at the hearing before the Special Master and Judge Martinez's admonition that Plaintiffs shall not "multiply the proceedings."  (Dkt. 113 at 4.)  If Plaintiffs are unwilling to do so, Vail Health reserves its right to move for a protective order.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, November 2, 2021 4:38 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Terry Ruckriegle <terry@ruckriegle.com>
**Subject:** Sports Rehab v Vail Health [19-2075]--Plaintiffs' List for Conferral

11

Counsel,

Attached is Plaintiffs' November 2, 2021 list per the Special Master's Order, which is in Word so that you can easily draft your position. We were unable to fully address certain issues, as we just received the revised privilege log a few hours ago and still have not received the search term list.  We have, however, included those issues in the attached chart.

If you have any questions, please let us know.

Best regards,

Sonya

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

--

*W. Terry Ruckriegle*

*Box 3305*

*Breckenridge CO 80424*

*970-390-9865*

*terry@ruckriegle.com*