# Exhibit 7

                                                                    1

```
 1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF COLORADO
 2

 3   SPORTS REHAB CONSULTING,      .  Case No. 19-cv-02075-WJM-GPG
     LLC, a Colorado limited       .
 4   liability company, and        .
     LINDSAY WINNINGER, an         .
 5   individual,                   .
                                   .
 6              Plaintiffs,        .
                                   .  Wayne Aspinall Federal Bldg.
 7   vs.                           .  402 Rood Avenue
                                   .  Grand Junction, CO  81501
 8   VAIL CLINIC, INC.             .
     doing business as             .
 9   VAIL HEALTH,                  .
     a Colorado nonprofit          .
10   corporation,                  .
                                   .
11              Defendants.        .  October 21, 2021
     . . . . . . . . . . . . . . .    1:12 p.m.
12
             TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
13                WILLIAM T. RUCKRIEGLE, SPECIAL MASTER

14   APPEARANCES:

15   For the Plaintiffs:         Law Office of Allan L. Kildow
                                 By:  Allan L. Kildow
16                               By:  Sonya Braunschweig
                                 709 Potato Patch Drive
17                               Vail, CO  81657
                                 (970) 390-6675
18
     For the Defendants:         Davis Graham & Stubbs, LLP
19                               By:  Shannon Wells Stevenson
                                 By:  Daniel Richards
20                               1550 17th Street
                                 Suite 500
21                               Denver, CO  80202
                                 (303) 892-9400
22
     Court Recorder:             Clerk's Office
23                               U.S. District Court
                                 402 Rood Avenue
24                               Grand Junction, CO  81501

25
```

```
                                                                  2

 1  Appearances continued:

 2  Transcription Service:           AB Litigation Services
                                     216 16th Street, Suite 600
 3                                   Denver, CO  80202
                                     (303) 296-0017
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

3

```
 1                    (Time noted:  1:12 p.m.)
 2                 SPECIAL MASTER:  Sports Rehab Consulting v. Vail
 3    Clinic, also known as Vail Health.  Vail Health is how I will
 4    generally refer to the Respondent -- or Defendant, sorry.
 5                 The matters today come on for motions to compel
 6    number one and number two, arguments on those, and if there
 7    are any other issues, if there are any preliminary issues we
 8    might get to those, and then tomorrow I think we're scheduled
 9    for three and four.  I know we are.
10                 FEMALE:  Judge Ruckriegle -- I apologize.
11                 SPECIAL MASTER:  Yes.
12                 FEMALE:  Are there documents like how -- for the
13    motions to compel, did they have numbers as to what they were
14    on the Federal Court docket?
15                 SPECIAL MASTER:  Yes.
16                 FEMALE:  Okay, I'll put those in the note here.
17    Motion number one went on the docket as 127 and motion number
18    two was docket number 129.
19                 SPECIAL MASTER:  And then response to motion to
20    compel number one is number 152 and reply for motion to
21    compel number one is 165.
22                 FEMALE:  Got it.
23                 SPECIAL MASTER:  Then just for purposes of your
24    record -- we're not there yet -- but response to motion to
25    compel number two -- although I have it mistyped here -- is
```

 1  156 and then the reply is 173.
 2              FEMALE:  Got it.
 3              SPECIAL MASTER:  I guess from my tutorial and
 4  review of the PACER system that is the number that is most
 5  commonly referred to you by you.  It is the -- what would be
 6  the proper term for that?  Docket number?  In your system it
 7  just shows number.
 8              FEMALE:  Yeah, docket entry number.
 9              SPECIAL MASTER:  Okay, so we're ready to start --
10  well, here's something I wanted to bring up before we get too
11  far into this because there's a lot of conversations and a
12  lot of pages taken up about conferral.  I realize that Ms.
13  Stevenson and Mr. Richards were not involved in the State
14  case and the record already reflects that I was and the other
15  counsel were.  We from time to time had discussions about
16  what is appropriate for conferral, and we may get back to
17  this but I just want to bring to everyone's attention that I
18  had early in that process indicated to counsel that I used to
19  enter an order -- as judge in that Fifth Judicial District --
20  an order on duty to confer.
21              I'm just going to briefly read it to you because
22  it references of course the State process, but the
23  definitions that are referred to there are applicable across
24  State and Federal cases, and I believe are consistent with
25  the intention of the duty to confer that both Judges Martinez

1  and Gallagher have referenced before.
2           I'm just going to read part of this and I'll be
3  glad to send you a copy of the order but obviously the State
4  order doesn't, you know, have a place in entering into the
5  Federal, but what it says is that, "Moving counsel shall
6  confer with opposing counsel before filing a motion."  That's
7  part of paragraph one.  And then we go to, "Identify and
8  attempt to resolve emerging issues before engaging a motion."
9           Again, I'm sure you're somewhat familiar with Rule
10 121-115(8) as well.  I know that you are the lead attorneys
11 in this case, therefore I think I've seen a couple of times
12 Ms. Roeder referencing that you are the experts in terms of
13 the Federal process as opposed to her.  I haven't even seen
14 Ms. Savage surface I don't think in any other pleadings in
15 the Federal case.
16          But the plain language definition of confer in the
17 American Heritage is, "To meet in order to deliberate
18 together or compare views; consult."  Then it goes on to
19 say, "To partake in interactive discussions with any party
20 who might potentially oppose the relief requested.  The
21 moving party must speak with a party either face-to-face or
22 via phone in order to satisfy the duty to confer."
23          Now there are other references in here as to
24 having a preliminary procedure that might allow for emails.
25 I know that has been referenced in some of the pleadings, and

1  I am not saying at all that we can't do that, but I do want
2  to have a structured process and it must ultimately end in an
3  actual conversation between counsel, which is sometimes
4  challenging.
5           Anyway, it goes on to say -- in terms of Rule 121
6  -- "If no conference has occurred the reason why shall be
7  stated on occasions where the moving party offers such a
8  reason in lieu of actually conferring the Court expects the
9  reason to be explained in substantial detail.  The Court also
10 expects it to fall within the realm of an unusual occurrence
11 that there wasn't actually a conferral."
12          Noting that on one end of the spectrum it will not
13 be acceptable for the moving party to make one phone call,
14 leave a message, and then go ahead and file the motion.  I
15 will say that in State practice that probably happens half of
16 the time which is I know, to many judges, a little
17 disconcerting, but anyway, we'll get through this.
18          And then -- well, not just leave a voice mail and
19 then go ahead and submit the correspondence.  I've
20 investigated that sometimes and it may be the call was at
21 4:32 and the motion was filed at 4:35.  That sort of thing, I
22 don't -- we don't want to have any of that.
23          The Court will not require the moving party to be
24 hamstrung and where a party has attempted to confer with the
25 opposing party on more than one occasion, left voice

1  messages, but nonetheless received no return response
2  communication.  Such circumstance then may vary.  Those two
3  are the extremes of course, and from there that would be a
4  circumstance where you could explain that in the why there
5  wasn't actually a conferral.
6           So I just wanted to start off with that to lay the
7  perspective to provide you with a perspective that this
8  Special Master has from both court and other proceedings in
9  terms of this and that was sort of the standard that I had
10 laid in the State case for the procedure that we would
11 follow.
12          Enough on that because it's now 1:22 according to
13 my clock and we need to get started with the motion to compel
14 number one.  But I will ask if there's anything preliminarily
15 that Plaintiffs have to address with the Special Master?
16          MR. KILDOW:  No, Your Honor.  I thank you for your
17 statement regarding the need to confer.
18          THE COURT:  Ms. Stevenson, I see you.  I don't see
19 Mr. Richards, but I guess he comes on --
20          MS. STEVENSON:  I'm sorry.  Just one thing I
21 wanted to make you aware of with respect to the conferral is
22 that we had had some disputes about this earlier in this case
23 and Judge Gallagher actually addressed the conferral
24 obligations, specifically in the context of this case with
25 the parties and said there was not a need to orally confer.

1  So just an unusual wrinkle that, you know, we have here and I
2  just wanted to make you aware of that.  It was before he had
3  even involved you as the Special Master.
4              SPECIAL MASTER:  I read that and I went back and
5  reviewed everything, plus I think there was maybe some
6  reference to that in one of your pleadings, but I also went
7  through all of those docket numbers and noticed he had done
8  that.
9              I know you're not trying to set me up for a
10 conflict between him but I believe that he has given me the
11 authority to set the rules for that and like I said there may
12 still be -- there is still room for some written exchange,
13 but the bottom line on all of that is there needs to be then
14 that conversation that we as members of this profession
15 understand is always a process that is recognized as being
16 reasonable.
17             MS. STEVENSON:  I certainly understand your
18 instructions on that.
19             SPECIAL MASTER:  Thank you.  Mr. Kildow, on motion
20 to compel number one, which I think is 127 but Angela has got
21 all of that and I saw that she exited, so we're on our own.
22             MR. KILDOW:  Thank you, Your Honor.  I will
23 address orally the motion to compel number one regarding
24 geographic market, which was filed by Plaintiff.  In our
25 papers we outlined the basic elements of section two,

1  basically corrupt your attempts to get into this application.
2  But I probably just need to pull one off and put a new one
3  up.
4              SPECIAL MASTER:  Well it was -- I didn't get it
5  the first time or the second time, but I did after that and I
6  was able to recreate that today, so I'm confident that with
7  maybe some assistance you'll be able to do that.
8              Anything else before we adjourn and reconvene at
9  1:00 tomorrow?
10             MR. KILDOW:  Not for Plaintiffs.
11             MR. RICHARDS:  Not from Defendant.
12             SPECIAL MASTER:  Thank you and have a good
13 evening, everyone.
14                     (Time noted:  5:04 p.m.)
15                         * * * * *
16                         CERTIFICATE
17     I, RANDEL RAISON, certify that the foregoing is a
18 correct transcript from the official electronic sound
19 recording of the proceedings in the above-entitled matter, to
20 the best of my ability.
21
22 *[signature: Randel Raison]*
23 _____          November 12, 2021
24 Randel Raison
25