# Exhibit 8

```
                                                                 1

  1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
  2

  3   SPORTS REHAB CONSULTING,      .  Case No. 19-cv-02075-WJM-GPG
      LLC, a Colorado limited       .
  4   liability company, and        .
      LINDSAY WINNINGER, an         .
  5   individual,                   .
                                    .
  6              Plaintiffs,        .
                                    .  Wayne Aspinall Federal Bldg.
  7   vs.                           .  402 Rood Avenue
                                    .  Grand Junction, CO  81501
  8   VAIL CLINIC, INC.             .
      doing business as             .
  9   VAIL HEALTH,                  .
      a Colorado nonprofit          .
 10   corporation,                  .
                                    .
 11              Defendants.        .  October 22, 2021
      . . . . . . . . . . . . . . .    1:06 p.m.
 12
              TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
 13                WILLIAM T. RUCKRIEGLE, SPECIAL MASTER

 14   APPEARANCES:

 15   For the Plaintiffs:           Law Office of Allan L. Kildow
                                    By:  Allan L. Kildow
 16                                 By:  Sonya Braunschweig
                                    709 Potato Patch Drive
 17                                 Vail, CO  81657
                                    (970) 390-6675
 18
      For the Defendants:           Davis Graham & Stubbs, LLP
 19                                 By:  Shannon Wells Stevenson
                                    By:  Daniel Richards
 20                                 1550 17th Street
                                    Suite 500
 21                                 Denver, CO  80202
                                    (303) 892-9400
 22
      Court Recorder:               Clerk's Office
 23                                 U.S. District Court
                                    402 Rood Avenue
 24                                 Grand Junction, CO  81501

 25
```

```
 1  Appearances continued:

 2  Transcription Service:         AB Litigation Services
                                   216 16th Street, Suite 600
 3                                 Denver, CO  80202
                                   (303) 296-0017
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

```
 1                    (Time noted:  1:06 p.m.)
 2               SPECIAL MASTER:  I see Ms. Stevenson, Mr.
 3   Richards, Ms. Braunschweig.  Do we have Mr. Kildow?
 4               MR. KILDOW:  We do Your Honor, but by phone.  I
 5   went to the computer doctor this morning.  I spent about 45
 6   minutes with him and thought that I had it fixed but I have
 7   tried it three times and I still cannot get in.
 8               SPECIAL MASTER:  Well we'll be with you on phone.
 9               We're ready to proceed with 19CV02075, Sports
10   Rehab Consulting v. Vail Clinic dba but known as Vail Health
11   is how I think most of us address the Defendant.
12               So before we take up motion to compel number three
13   are there any updates or preliminary matters for me?  I think
14   there was going to be -- oh yes, a review of all the material
15   that was provided by Vail Health after 5:00 on Wednesday some
16   time.
17               I'm not pushing that that was actually
18   accomplished as opposed to preparing for these hearings, so
19   just let me know what's the status on that or anything else,
20   Mr. Kildow?
21               MR. KILDOW:  Your Honor, we have gone over the
22   information that was provided and I don't know how much
23   detail you want to get into but it is significantly short of
24   what was asked for and has major holes in it.
25               Vail Health has information that is 95 percent
```

1  list, you know there may be different areas, you can identify
2  the people that you need to help you address those issues and
3  we can do it informally.
4         SPECIAL MASTER:  Respectfully I really don't want
5  to hear they can do depositions again.  I mean that's not a
6  practical solution to these particular problems as I see it.
7  Maybe you can explain what you meant since you have a puzzled
8  look on your face, but I just -- that's not going to be my
9  solution to it is to say well you can take a deposition.
10 Because I am not prepared at this point in time -- even
11 though I've been appointed to address discovery issues -- I'm
12 not prepared to make any recommendation to the magistrate
13 judge or a judge that that be expanded because of the obvious
14 concerns of delay.
15        So I'm open to language as to how you want me to
16 put it.  I mean it starts off with Plaintiffs identifying
17 specifically what they need in terms of their prior discovery
18 requests that have not been produced.  I mean seriously, this
19 is about you conferring and working through this to a 50 or
20 75 percent level in my view, because I can figure it out and
21 you guys are better lawyers than I am.  I'm just a dumb
22 judge, as they say.
23        So I would like for you to use your skills to say
24 here's how we resolve this problem, except for we just
25 disagree about this piece or that piece, and then identify

```
 1  that.  And then -- setting aside the deadline of a week from
 2  now because I don't have any doubt that if I convey to either
 3  one of the judges -- or if you convey in a request to extend
 4  that time -- then that would be verified by me.  The point is
 5  to get it done and done right.  Artificial deadlines for
 6  discovery are disastrous for reversal at a later point in
 7  time and that's everybody's waste of time.
 8            So Ms. Stevenson, I heard your objection to having
 9  the data processing person present because it may be more
10  than one person, and two, because you don't want them subject
11  to some line of inquiry in an informal way.  I mean that
12  could lead to a problem.  I would hope not.
13            MR. KILDOW:  Your Honor, could I just make a
14  comment real quickly.  Hearsay is a horrible, horrible thing.
15  In the State Court action the first statement was that the
16  claims information were in a warehouse -- that it was in
17  paper form and in a warehouse.  Eventually we got to the
18  deposition of the billing person who said oh no, they've
19  never been in paper.  They're all electronic and we have them
20  but during a limited period of time.
21            So having the data person there -- in that case
22  the billing person -- was enormously beneficial because we
23  cut through what took us months to cut through.  We're not
24  here to go months -- we're very practical in this sense.
25            SPECIAL MASTER:  Well we did have that problem.  I
```

1   grant you that.  Certainly if counsel didn't know that they
2   do now.  But that was certainly a problem.  That's the kind
3   of thing that I had in mind when I was reflecting on this
4   last night and this morning in terms of how to approach the
5   problem.  Merely ruling doesn't address the problem of
6   producing what can be produced and moving on.
7            MR. KILDOW:  There's also the appellate issue.  I
8   mean if you can force the parties to get into a room and
9   agree then that obviates an appellate issue on both sides.
10           SPECIAL MASTER:  I can be optimistic about that,
11  but that remains -- I would leave that up to you.  As I said,
12  that's part of your --
13           MR. KILDOW:  We would be pleased to have the leave
14  of the Special Master if we could suggest a proposed order,
15  but we would do that in conjunction with opposing counsel and
16  try to submit something to you that would be a practical
17  solution.  If there are certain areas that we cannot come to
18  an agreement on then the Special Master could step in and say
19  well, this is how it's going to go.
20           SPECIAL MASTER:  I'm willing to do that.  I guess
21  with the reminder of the deadline.  I'm not sure what your
22  timing is.  But I want to be clear that I do expect counsel's
23  participation to try to resolve this in the vein that I
24  described here.
25              Before I say you confer about the order what can I

1  answer in terms of any other questions, Ms. Stevenson,
2  besides what you have raised?
3              MS. STEVENSON:  Your Honor, I'm not -- I don't
4  think I have any questions right now.  I mean I do think, you
5  know, this is one of these things that as you work through it
6  there may be questions that arise, but I think it's going to
7  depend a lot on what specifically Plaintiffs are asking for
8  and --
9              SPECIAL MASTER:  So what is your suggestion?  I
10 think I just heard Mr. Kildow saying that you guys confer
11 about a joint order.  But the other would be that they
12 provide to you the Plaintiff's list of information needed in
13 conjunction with what has been produced since -- what was
14 produced and has been since the time of the original
15 pleadings here.
16             I almost hate to formalize it in that I would
17 rather that you work sincerely to accomplish the end goal of
18 production, as I said what can be and needs to be, and then
19 I'll decide what doesn't need to be.
20             But you are in a much better position -- this is
21 one of those things that having lived in this case and other
22 Special Master cases I've learned as we've had, you know,
23 motions and arguments develop --
24             MR. KILDOW:  Judge, I probably jumped to the idea
25 of an order too quickly and I don't mean to.  What I suggest

1  we do is not put it in the form of an order but just a list
2  of things that we need and the parameters.  And we'll submit
3  that to them and they can tell us what we can do and what we
4  can't, and then we can sit down and talk about the --
5              SPECIAL MASTER:  Okay, Ms. Stevenson?
6              MS. STEVENSON:  I think that seems fine.
7              SPECIAL MASTER:  And I would be copied on that
8  just so that I'm up to speed from time to time about your
9  progress.
10             MR. KILDOW:  We can do that.  We certainly can.
11             SPECIAL MASTER:  You have an objection to that?
12             MS. STEVENSON:  Not at all.
13             SPECIAL MASTER:  Well, I think that is it on that
14 particular issue.  Then do we want to tackle the issue of in
15 camera review now?  I don't want to develop any response to
16 number five and opportunity to argue that but we could maybe
17 reduce that.
18             MS. STEVENSON:  Your Honor, two quick things.  One
19 with respect to this list of documents that Plaintiffs think
20 they should get.  It would be helpful to me to have it -- to
21 have whichever discovery request they're referring back to
22 included in the list.
23             Then with respect to the -- if you're referring to
24 the motion to compel number five, we haven't even filed our
25 response to that yet.

1                SPECIAL MASTER:  That's what I'm saying.  I know,
2    yeah.  I wasn't trying to cut you off of that.  I was just
3    trying to say I do -- because I did not read it because I
4    knew we were having this proceeding, and then two, that you
5    hadn't filed a response.  So I was holding off on that and I
6    had already recognized in this process that some form of in
7    camera review with regard to -- before I even knew the
8    privilege log had in part at least been produced, I just
9    anticipated that we were getting there.
10               So if you want to forego that for now, but my
11   thought was in order to not delay maybe we should start --
12               MS. STEVENSON:  Are we talking about the Board
13   minutes?  That was my understanding of the in camera review.
14               SPECIAL MASTER:  Two different things.  There was
15   the privilege log and then there was the Board minutes he was
16   asking for.  He asked for that specifically.
17               MS. STEVENSON:  Just to be clear, we actually put
18   -- the redactions from the Board minutes, they're not for
19   privilege, they're for relevance, but we did log them in our
20   privilege log.
21               SPECIAL MASTER:  Well I'm still -- yes, talking
22   about some form of in camera review relating to the privilege
23   log.  Though I haven't seen the privilege log so I didn't
24   realize that you had put that in there as well.
25               MS. STEVENSON:  Well if we're talking about -- if

```
 1  you think you want to do an in camera review of the
 2  unredacted Board minutes to confirm that the redacted
 3  material is not relevant I think that's fine.  I think we've
 4  -- that is ripe.  I think the privilege issues are not ripe
 5  because we've not finished briefing the motion yet.
 6              SPECIAL MASTER:  Okay.
 7              MS. STEVENSON:  Or we could wait and do it all at
 8  one time after we've finished the motion to compel number
 9  five.
10              SPECIAL MASTER:  The only reason I was thinking
11  about approaching it now was to keep things moving but now
12  that I realize that in the privilege log they're both there
13  I'm slightly reluctant to start digging in to that when I
14  haven't had the briefing completed on number five.
15              Well, here's how we'll start.  The Plaintiffs will
16  identify what documents and information they need after
17  having had these hearings and the recent productions.  They
18  will present that to Vail Health by when, Mr. Kildow or Ms.
19  Braunschweig?  You know, including the reference to which
20  request for production interrogatory it is.
21              MS. BRAUNSCHWEIG: Right. Right.  Does ten days
22  seem reasonable to you, Judge?
23              SPECIAL MASTER:  It's reasonable to me.
24              MS. BRAUNSCHWEIG:  Okay.
25              SPECIAL MASTER:  All right.  Without counting
```

```
 1  numbers I think it's November 1st.
 2              MS. BRAUNSCHWEIG:  Could we make it November 2nd?
 3              SPECIAL MASTER:  That's fine.  Sure.
 4              MS. BRAUNSCHWEIG:  Thank you.
 5              SPECIAL MASTER:  Are we then in general
 6  concurrence that I won't tackle any partial in camera review
 7  at this time?
 8              MR. KILDOW:  Well from Plaintiff's standpoint we'd
 9  like to get going on it.  I think that there are one or two
10  legal questions that have to be addressed such as if you send
11  a copy to an attorney does the whole document then become
12  privileged.
13              SPECIAL MASTER:  Yes, well that's why I wouldn't
14  tackle those yet.  And so -- but I think --
15              MR. KILDOW:  I would like to get going on it if we
16  could because then things keep moving.
17              SPECIAL MASTER:  Yeah I know.  Well I would too
18  except for what am I going to do, brief that separately as
19  opposed to just wait for the --
20              MR. KILDOW:  No, I understand.
21              SPECIAL MASTER:  All right, so that's in abeyance.
22              MS. STEVENSON:  Your Honor, just in the -- to be
23  fully candid here, Plaintiffs have asked a couple of weeks
24  ago, you know, our position on filing a motion to extend
25  discovery and expert disclosure deadlines, and I hear what
```

1   you're saying about that.
2           We did inform that we would oppose that motion.
3   We've been doing discovery in this case alone for 13 months,
4   and I understand that you know we may or may not win that
5   issue or may win in part or not, but I'm happy to continue to
6   follow up on issues that they think are unresolved from our
7   discovery responses.  I just wanted to be clear I didn't want
8   to stipulate to some sort of wholesale extension of
9   discovery.
10          SPECIAL MASTER:  I have been involved 13 months.
11  I'm speaking from my perspective of trying to actually
12  resolve all of this in a reasonably short period of time, but
13  as we just discussed with number five and in camera review,
14  that really can't be accomplished by next Friday.
15          MS. STEVENSON:  Of course.  I wouldn't expect it
16  to be and I don't have any objection to us completing all the
17  outstanding issues that have been raised in these motions.
18          SPECIAL MASTER:  That might be one way of
19  addressing it, so I'll let you confer about that if you can
20  come to an agreement, if you can't it's -- I mean I was
21  trying to focus on getting these to resolution.
22          That refreshes my recollection.  In one of these
23  pleadings there was reference to something in the State case
24  that the Special Master had not yet ruled on.  I know there's
25  costs and attorney's fees that were awarded and then the case

1    Haroda had in her files and they were redacted.  That came
2    through the billing part of the case.  The issue of billing
3    documents and --
4                SPECIAL MASTER:  Well email me, copy counsel
5    there.  Do not copy this court, needless to say.  Not that
6    you would for that but I want to try to clean that up.  I did
7    not -- I looked at it briefly.  What's the trial date?
8                MS. BRAUNSCHWEIG:  We don't have one yet.
9                SPECIAL MASTER:  You don't have one.
10               MS. BRAUNSCHWEIG:  Not yet.
11               SPECIAL MASTER:  All right.  4:30 on the nose.
12   Anybody have anything else?
13               MR. KILDOW:  Not from Plaintiff.
14               SPECIAL MASTER:  Okay.  Any clarification on
15   anything that I -- that we just went over?
16               MS. BRAUNSCHWEIG:  Yeah, I do have a question.  In
17   terms of the timing if we get them our list within ten days
18   or eleven days what should their response be in terms of
19   timing?  That would be helpful. Then the conferral that needs
20   to happen.  That gives us -- helps us with our expectation.
21               SPECIAL MASTER:  I know the standard answer on
22   that is it depends on how long your list is but in light of
23   what we've discussed here, what sort of time frame?
24               MS. STEVENSON:  Well Your Honor, I would go about
25   it two ways.  I mean it seems to me that two weeks is

1  probably -- I would hope -- a reasonable amount of time to
2  get a response certainly to the great bulk of issues.
3  Alternatively we could wait and see what the list looks like
4  and then give you an estimate as soon as we get it.
5              SPECIAL MASTER:  I'd rather set a limit now, and
6  two weeks is not unreasonable but since they've had ten days
7  -- you know, you're responding to their list and then a
8  conferral.  Let me say November 12th.  Are you going to
9  complain about that?  If you do I'll go to the 15th.
10             MS. STEVENSON:  Either one is fine.  I mean I
11 think we'll be working to get it done as quickly as we can
12 and if it's -- there's one or two issues that are outstanding
13 I will give an explanation for that.
14             SPECIAL MASTER:  Thank you.  And then if that's
15 done what's the conferral deadline?  The 22nd?  If it's not
16 then we lose a week automatically with Thanksgiving.
17             MR. KILDOW:  I would say the 22nd at the latest,
18 yeah.  I would say the week of the 15th to the 19th.
19             MS. STEVENSON:  I think the 19th would be fine.
20             SPECIAL MASTER:  Good.  That's reasonable.  Thank
21 you.  Okay, anything else?
22             MR. KILDOW:  None from Plaintiff, Judge.
23             SPECIAL MASTER:  Thanks for bringing that up.
24 That is helpful to make sure that we've got some solid
25 deadlines.  Okay.

```
 1              MR. KILDOW:  Thank you, Judge.
 2              SPECIAL MASTER:  Thank you, everybody.  Have a
 3   good weekend.
 4              MS. STEVENSON:  Thank you.  Have a nice weekend.
 5              MS. BRAUNSCHWEIG:  You too.
 6              SPECIAL MASTER:  We'll be in recess.
 7                   (Time noted:  4:33 p.m.)
 8                           * * * * *
 9                           CERTIFICATE
10       I, RANDEL RAISON, certify that the foregoing is a
11   correct transcript from the official electronic sound
12   recording of the proceedings in the above-entitled matter, to
13   the best of my ability.
14       [signature: Randel Raison]
15
16   _____        November 12, 2021
17   Randel Raison
18
19
20
21
22
23
24
25
```