IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

 Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

 Defendant.

## PLAINTIFFS' REPLY MOTION FOR AN EXPEDITED DETERMINATION OF THEIR MOTION TO EXTEND DEADLINE FOR EXPERT DISCLOSURES

### INTRODUCTION

On October 29, 2021, Plaintiffs moved the Court to modify the current Scheduling Order to extend the fact discovery deadline by approximately sixty days. Plaintiffs further moved the Court to extend the deadline for affirmative expert disclosures, as well as the deadline for dispositive motions. Because Plaintiffs currently have a November 29, 2021 deadline for affirmative expert disclosures, Plaintiffs thereafter moved the Court to expedite its decision for that limited portion of Plaintiffs' October 29 motion. Specifically, Plaintiffs requested that the Court to at least temporarily extend the affirmative expert disclosure deadline fourteen days beyond the time the Court issues its decision with respect to Plaintiffs' October 29 motion to more broadly modify the Scheduling Order for all dates specified in the motion.

Vail Health's opposition does not mention the five discovery motions that are pending before the Special Master. Nor does it mention the procedural quagmire in

which those motions are mired, or the discovery identified in those motions that are relevant to Plaintiffs' Sherman Act § 2 claims. Vail Health does not address *any* of the Tenth Circuit cases that mandate the production of the discovery which Plaintiffs have move the Court and are now pending before the Special Master. As but on example, Vail Health does not mention *Lantec, Inc. v. Novell, Inc.,* where the Tenth Circuit affirmed the exclusion of the plaintiffs' economic expert because he had not conducted a consumer preference survey and had not considered the impact that an increase in costs would have on demand, *i.e.*, "cross-elasticity of demand to determine which products were substitutes.."[1] Under *Lantec,* Plaintiffs are entitled to conduct such analyses and Vail Health is obligated to produce the discovery at issue in the pending motions that is essential to Plaintiffs' experts reports. This is but one of many discovery issues that need to be decided so Plaintiffs' experts have the information they need. Under Tenth Circuit law Plaintiffs' motion should be granted.

## ARGUMENT

**I.   THE ELEMENTS FOR AN EXTENSION OF THE EXPERT DISCOVERY DEADLINE HAVE BEEN SATISFIED.**

In the Tenth Circuit, the factors to be considered for an extension of the dates in a scheduling order under Fed. R. Civ. 16(b)(4) include: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the

---

[1]   306 F.3d 1003, 1023, 1025 (10th Cir. 2002).

likelihood that the discovery will lead to relevant evidence."[2] Here, the factors strongly favor and extension of the time for the disclosure of affirmative experts.

*First*, no trial date has been set and therefore trial is not imminent.

*Third*, Vail Health's response has not identified any prejudice that it would suffer if Plaintiffs' motion for an extension were granted, nor could it. The discovery Plaintiffs seek is entirely within the control of Vail Health. It knows (and presumably its experts also know) what evidence is available from Vail Health's files that will support its experts' analyses of the elements of a Sherman Act § 2 case. If Vail Health has any affirmative experts, they would suffer no prejudice if their reports were disclosed a bit later than November 29. And under the motion for a modification of the scheduling order, Plaintiffs have requested that Vail Health be provided with the same time to disclose rebuttal experts as would be the case under the present scheduling order.

*Fourth,* Plaintiffs have been diligent is pursuing the discovery that is outstanding.[3] On October 7, 2019, Plaintiffs served their first set of discovery, which Vail Health responded to on October 9, 2020. Five months later, Vail Health produced 55 documents. On March 1, 2021, Plaintiffs served their second set of discovery. On April 30, 2021, Vail Health served its responses and produced documents on May 28, July 15, and August 6, 2021. In March, issues were presented to the Court on the first set of discovery requests through

---

[2] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987) (citing *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1213 (3rd Cir.1984)); *Wilk v. Am. Med. Ass'n,* 719 F.2d 207, 232 (7th Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); *Geremia v. First National Bank of Boston,* 653 F.2d 1, 5–6 (1st Cir.1981). *See also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).
[3] *Singleton v. Ark. Hous. Auths. Prop. & Cas.*, No. 4:15-cv-205-KGB, 2016 U.S. Dist. LEXIS 202637, at *10 (E.D. Ark. Sep. 30, 2016) (extending deadline for expert disclosure when party was diligent in seeking discovery that was not available on date disclosures were due).

the Court's informal dispute resolution process, but none of the issues were resolved. Plaintiffs made repeated requests for conferral, of which Vail Health only held one meet and confer in May 2021, for little over an hour.  In June 2021, Plaintiffs identified many discovery issues and requested a conferral, but Vail Health refused to participate.

In June 2021, this Court noticed its intent to appoint a Special Master to address discovery issues, and on July 20, the Court appointed Special Master Ruckriegle.  In that Order, the Court withdrew its requirement that the parties comply with the informal dispute resolution procedures and authorized the filing of discovery motions.  Shortly thereafter, Plaintiffs filed five discovery motions addressing Vail Health's failure to produce, which were referred to the Special Master.[4]  Those motions were fully briefed and argued on October 21 and 22 before the Special Master for a total of 7½ hours.  No decision has yet been reached because the Special Master ordered on October 25 to confer first to determine what could be resolved without the Special Master's intervention.  Vail Health refused to hold any conferral in accordance with the Special Master's October 25 Order and instead filed a motion for protective order that is currently pending before the Court. Vail Health has represented that the pending motion stays the discovery issues currently pending before the Special Master.

---

[4]   ECF Nos. 135, 161, 199.

4

*Fifth*, Plaintiffs do not seek additional discovery other than what has been requested through the discovery served within the scheduling order but has not been produced by Vail Health, all as set forth in Plaintiffs' five Rule 37 motions to compel. As set forth in the preceding paragraphs, Plaintiffs have been very diligent in seeking the production of the discovery in dispute, dating back some seven months. Plaintiffs could not possibly foresee that it would take as long as it has to resolve the discovery disputes. Those issues are now pending before the Special Master and presumably will be resolved fairly soon.

*Sixth*, Plaintiffs contend that it is likely that their motions will lead to the production of relevant evidence, such as the Medicare cost reports and the names and addresses of Vail Health patients that will enable Plaintiffs to conduct a consumer survey as permitted under *Lantec*. Additional discovery issues presented in Plaintiffs' five Rule 37 motions that will likely yield relevant evidence for Plaintiffs' expert reports when they are resolve include financial statements, projections, and financial analyses of Howard Head; patient-related information related to the dates of service, CPT codes, referring physicians, individual dates of service, amount charged and reimbursed for each date of service, and claims information; documents relating to competitors; geographic market information, including Vail Health's expansion into Summit County and Aspen/Basalt; employment documents for physical therapists; board documents; and combinations with The Steadman Clinic and Vail-Summit Orthopaedics. These documents are relevant to many antitrust issues, including geographic market, willful maintenance and acquisition of monopoly power; illegal medical coding in violation of federal Medicare law that resulted in excessive billing for physical therapy services; the

5

payment of kickbacks in violation of the Stark Act to exclude equally efficient competitors such as Steadman and Vail-Summit Orthopaedics; prohibited sharing of price and competitive information with rivals; illegal restrictions on service distribution arrangements; exclusionary vertical agreements with suppliers; illegal labor agreements to stifle competition; false and misleading trade disparagement of competitors; and "no economic sense" sham petitioning of government, regulators and litigation. Many of these issues are being addressed by Plaintiffs' antitrust experts. Until the pending motion for protective order and discovery issues are resolved, it is premature to require Plaintiffs to disclose their expert reports.

Thus, the only factor under the *Smith* test that is not satisfied, is the second one—that Vail Health opposes the motion. But there are additional reasons why Plaintiffs' motion should be granted, as set forth below.

## II. GOOD CAUSE ALSO EXISTS BECAUSE VAIL HEALTH HAS IMPROPERLY IMPOSED RESTRICTIONS ON PRODUCTION OF PATIENT DATA.

On October 20, 2021, a day before the hearing on Plaintiffs' motions to compel, Vail Health sent patient data in Excel in response to Plaintiffs' discovery requests served on March 1, 2021—eight months after service and months after a motion to compel had to be filed for the data. The patient data, which does not include patient names—just account numbers—was sent as "view only" files. In other words, Plaintiffs have no way to download the data, let alone use it or transfer it to their expert for analysis. Moreover, the data is deficient, even under what Vail Health said it would produce in response to Plaintiffs' motion to compel, which is before the Special Master.

Before Vail Health would produce the data, it sought to impose restrictions that go beyond the Stipulated HIPAA Qualified Protective Order in this case [ECF No. 76],

and as the name implies, the Order was one agreed to by the parties.  At the time that order was negotiated, Vail Health knew that patient data would be produced, and yet did not seek the restrictions in that Order that it does now.  Vail Health has not met and conferred with Plaintiffs to modify the Stipulated HIPAA Qualified Protective Order, which is unnecessary in any event because the protections there are compliant with HIPAA.  Nor has it moved the Court, the only way allowed, to modify the Stipulated HIPAA Qualified Protective Order, as the Stipulated HIPAA Qualified Protective Order allows under § 14.  [ECF No. 76 § 13].  In discovery, Vail Health has produced various files containing patient information, including patient names, without any additional restrictions other than those already set out in the Stipulated HIPAA Qualified Protective Order.  In producing that patient information, which contains more extensive information about patients than the "view only" Excel files, including patient names, Vail Health did not seek to impose any new restrictions on those patient files.

On November 23, 2021, Vail Health finally agreed to a meet and confer—after Plaintiffs repeated requests to do so.  During that conferral, Plaintiffs raised the issue of the new restrictions imposed by Vail Health before it would produce the patient data.  Vail Health stated that it would not produce the data until Plaintiffs complied with Vail Health's (self-imposed) restrictions.  Vail Health stated that the reason was that Vail Health did not want the parties' representatives to have access to the data.  But that "reason" is baseless given that the Stipulated HIPAA-protected health information expressly states that the parties are not authorized to have, view, or access that data— only Plaintiffs' counsel and its experts. [ECF No. 76 at § 6(b).]  Plaintiffs explained that the HIPAA Qualified Protective Order already addresses this issue, that the data will be

downloaded and stored with Plaintiffs' experts, who have signed Exhibit A to the HIPAA Qualified Protective Order.  Plaintiffs also explained that Plaintiffs' experts are experienced antitrust experts that have handled HIPAA-protected health information substantially more than what Vail Health proposes to produce here.

Despite this, Vail Health has not produced the data, nor sought any modification to the HIPAA Qualified Protective Order by the Court, which is required under § 14 [ECF No. 76 § 14].  Nor could it meet the good cause standard to modify the Stipulated HIPAA Protective Order even if it attempted to seek modification.[5]  In a situation like this one, courts often consider the following:  "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification."[6]

Vail Health could not establish any of these factors.  *First,* the Protective Order was specifically negotiated by the parties, and as such, it "may be viewed as a contract, and once parties enter into an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order."[7]  *Second,* the modification that Vail Health seeks to impose on Plaintiffs now was foreseeable at the time the Stipulated HIPAA Protective Order was entered—Vail Health knew protected health information would be produced in this action, just as it had been in the state court action that has a similar order in place.  *Third,* the parties have relied on the HIPAA Stipulated

---

[5] *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill. 2006) (requesting party has burden to show good cause for modification to protective order).
[6] *Id.* at 79.
[7] *Kyles v. J.K. Guardian Sec. Servs.,* 2006 U.S. Dist. LEXIS 57299, 2006 WL 2349238, at *8 (N.D. Ill. Aug. 15, 2006).

8

Protective Order in conducting discovery, and there has been no issue that Vail Health has identified with Plaintiffs' compliance with that Order.  *Fourth,* Vail Health's only "reason" for the new restrictions is that it does not want Plaintiffs to have access to the information, which is already expressly forbidden under the Order.  So Vail Health's self-imposed restrictions, even if it had moved for a modification of the protective order, are without merit.  And because the patient data has not been produced and is the subject of Plaintiffs' motion to compel currently pending before the Special Master, Plaintiffs' request that the expert deadline be extended for this reason as well.

### III.  VAIL HEALTH VIOLATED THE MAGISTRATE'S OCTOBER 25 ORDER TO EXCHANGE DISCOVERY LISTS AND CONFER BY NOVEMBER 19.

At the end of the two-day hearings, the Special Master entered an Order on October 22, which was docketed on October 25, requiring Plaintiffs a list of discovery issues by November 2; Vail Health to provide its response by November 12, and the parties to meet and confer by November 19.

Vail Health did not object to the October 25 Order, nor did it comply and provide a response in writing to Plaintiffs' list of discovery issues by November 12, or meet and confer by November 19 despite repeated requests by Plaintiffs.  Plaintiffs even scheduled and participated in conference calls on November 17, 18, and 19; Vail Health did not participate.  Vail Health seeks to take advantage of its violation of the Special Master's Order by claiming that Plaintiffs should be required to file its expert disclosures on November 29.  It is Plaintiffs, not Vail Health, who will be prejudiced if the expert deadlines are not extended.  It is Vail Health's refusal to comply with the Special Master's Order that has further delayed a decision on the discovery Plaintiffs have moved to compel and it would be improper to reward Vail Health by requiring Plaintiffs

9

to comply with an expert deadline, particularly when Vail Health has not complied with its discovery obligations.

## CONCLUSION

Plaintiffs respectfully request that their motion to modify the Scheduling Order with respect to the affirmative expert disclosure deadline be granted.

Dated:  November 24, 2021         *s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on November 24, 2021, I served a true and correct copy of Plaintiffs' Reply Motion For Expedited Determination Of Their Motion To Extend Deadline For Expert Disclosures, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant Vail Health

                                        *s/Alan L. Kildow*