# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

      Defendant.

---

**ORDER GRANTING IN PART PLAINTIFFS' MOTIONS TO MODIFY THE SCHEDULING ORDER AND FOR AN EXPEDITED DETERMINATION OF THEIR MOTION TO EXTEND THE DEADLINE FOR EXPERT DISCLOSURES**

---

This matter comes before the Court on Plaintiffs Sports Rehab Consulting, LLC, and Lindsay Winninger's (Plaintiffs) motion to modify the Scheduling Order (D. 206)[1] and Defendant Vail Clinic, Inc.'s (Vail Health) response (D. 230). A reply by Plaintiffs is not necessary.[2] Under the local rules, nothing precludes this Court from ruling on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d); *see also Carbajal v. St. Anthony Cent. Hosp.*, No. 12-CV-02257-REB-

---

[1] "(D. 206)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Indeed, Plaintiffs' counsel emailed Chambers on November 24, 2021, highlighting that the motion to expedite determination was fully briefed. (*See* D. 216).

KLM, 2015 WL 1499864, at *2 n.3 (D. Colo. Mar. 27, 2015) ("A motion may be ruled on at any time after it is filed.").  The motion has been referred to this Magistrate Judge.  (D. 207).[3]

Also before this Court is Plaintiffs' motion for an expedited determination of the motion to extend the deadline for expert disclosures (D. 216), Defendant's response (D. 232), and Plaintiffs' reply (D. 239).  The Court took this motion under advisement in conjunction with Plaintiffs' motion to modify.  (D. 219).  The Court has reviewed the pending motions, responses, replies, and all attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary.  This Magistrate Judge GRANTS IN PART the motions for the reasons specifically set forth below.

I.      FACTS

On October 9, 2020, this Court entered a Scheduling Order.  (D. 71).  On June 28, 2021, this Court granted the parties joint motion to modify the Scheduling Order and permit a thirty-day extension of the fact discovery deadline to and including August 31, 2021.  (D. 117).  On July 29, 2021, the parties again jointly moved to modify the Scheduling Order to extend fact discovery and expert deadlines by sixty days.  (D. 124).  The Court granted this motion, extending the deadlines of the:  (1) fact discovery deadline to November 1, 2021; (2) expert disclosure deadline for affirmative reports to November 29, 2021; and (3) rebuttal reports to January 18, 2022.  (D. 126).

---

[3] The Court's ruling on this matter is non-dispositive as it does not remove any claim or defense from this case.  Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this non-dispositive Order within fourteen (14) days.  Fed. R. Civ. P. 72(a).  The failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd*., 989 F.3d 747, 782-83 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

On October 29, 2021, the last business day before the deadline for fact discovery, Plaintiffs filed a motion to modify the Scheduling Order and extend the deadlines as follows:  (1) fact discovery deadline extended to December 31, 2021; (2) affirmative expert disclosures to January 31, 2022; (3) rebuttal expert disclosure to February 28, 2022; and (4) dispositive motions to March 31, 2022.  (D. 206, p. 8).  Defendant Vail Health opposes this motion, arguing that Plaintiffs have failed to show good cause and that Plaintiffs delayed the case by nearly four months (between October 23, 2020, to February 25, 2021).  (D. 230, pp. 3-4).  The District Judge has indeed noted that Plaintiffs delayed progress in this case by nearly four months, failed to serve their written discovery until the last day of the period to serve written discovery, and that the parties already had a "prodigious amount of discovery already produced" from the state court case.  (D. 113, pp. 5-7).

Plaintiffs argue that Defendant Vail Health "has not as of this filing fulfilled its discovery obligations under Rule 26," which resulted in Plaintiffs' five motions to compel that are currently before the Special Master.  (D. 206, p. 1; D. 202).  On November 22, 2021, the Special Master ordered the parties to confer and report the results of the conferral by November 29, 2021, and for counsel to submit proposed orders with findings and conclusions regarding those answers, information, and materials not resolved and still requested by December 6, 2021.  (D. 233, p. 2).

## II.    ANALYSIS

The Scheduling Order may be amended but "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotations omitted).  And

while the District Court is afforded broad discretion in managing the pretrial schedule, total inflexibility towards a party's request to amend is undesirable. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1253–54 (10th Cir. 2011). Furthermore, a scheduling order that results in the exclusion of evidence is a drastic sanction. *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Ultimately, the power to extend or reopen discovery rests within the sound discretion of the District Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Courts generally examine the following factors:

> (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.

*Id.*; *see also Bagher v. Auto-Owners Ins. Co.*, No. 12-CV-00980-REB-KLM, 2013 WL 5417127, at *2 (D. Colo. Sept. 26, 2013) (analyzing the *Smith* factors in the context of amending a scheduling order).

Regarding the first two factors, the matter is not currently set for trial and this Court notes that Defendant Vail Health opposes the motions. It does not appear that Defendant Vail Health would be prejudiced by amending the Scheduling Order, despite its wish for discovery in this case to end. Despite Plaintiffs' allegations that Defendant Vail Health has not fulfilled its discovery obligations, as previously noted by the District Judge, this Court does not discern any abusive discovery practices by Defendant Vail Health. (*See* D. 113, p. 6). Rather, this Court finds that Plaintiffs have not been diligent in obtaining discovery within the guidelines of the Scheduling Order. It is uncontroverted that Plaintiffs delayed progress in the case by four months, filed this motion to amend on the last business day before the deadline for fact discovery, and created the

circumstances that now require this Court to expedite its decision to extend the deadline for expert disclosures over the Thanksgiving weekend.

However, it is undisputed that the Special Master is still conducting hearings regarding Plaintiffs' five motions to compel and may order Defendant Vail Health to produce further documents to Plaintiffs.  It is the fifth factor that seems the most compelling, but predominately as a professional courtesy for the Special Master to finish analyzing the large number of motions referred to him.  Suffice to say, it is foreseeable that there might be additional discovery and that the Court would need to allow more time for the Special Master to complete that process.  The Court has carefully considered Plaintiffs' need for additional time to conduct discovery, the reasons set forth for that additional time, and how much time the necessary discovery will take. The Court has also carefully considered Defendant Vail Health's response in opposition. Considering the pleadings and the full record of the case, the Court finds good cause to extend certain deadlines; however, not to the extent requested by Plaintiffs.  Given the additional time that is needed for the Special Master to complete the discovery disputes and any expert work that needs to be concluded in the matter, a small extension is appropriate.

In particular, Plaintiffs cite *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1025 (10th Cir. 2002) as justification for extending the affirmative expert disclosures to January 31, 2022, in order to conduct a consumer survey relating to the convenience and preference of location for those consumers seeking physical therapy.  (D. 206, p. 8; D. 216, pp. 5-6).  However, despite Plaintiffs' claims that the economic expert in *Lantec* was excluded solely for not conducting a consumer preference survey, it was in reality only a small portion of the district court's reasoning.  The Tenth Circuit noted that the expert was properly excluded because he

> (1) used unreliable data; (2) did not understand computers or the computer market;
> (3) testified the relevant market was determined by consumer purchasing patterns

but did not conduct or cite surveys revealing consumer preferences; (4) did not calculate the cross-elasticity of demand to determine which products were substitutes; (5) changed his opinion from the opinion he gave in an earlier expert report; and (6) did not address changes in the computer market. Further, the district court found portions of Dr. Beyer's testimony were non-technical in nature and would not assist the jury.

*Lantec, Inc.*, 306 F.3d at 1025.  Regardless, Plaintiffs do not adequately explain why they have not started conducting such analyses.  Furthermore, Plaintiffs do not adequately explain why they need such a lengthy extension for the disclosure of all experts; at most, they provide a reason for an extension for an antitrust expert.  Finally, Defendant Health states that it has already provided "one million rows of encounter-level data regarding physical therapy services provided by Vail Health, which includes patient zip codes, for the period November 2013 through September 2021."  (D. 232, p. 4).

In their Reply, Plaintiffs argue that these files are formatted as "view only" files and that the data does not include patient names.  Plaintiffs claim that the data is deficient and that the specific issue is before the Special Master.  (D. 239, p. 6).  Thus, this Court will wait for the Special Master to decide the issue regarding the data's formatting.  However, should the Special Master find that Defendant Vail Health has provided sufficient data, Plaintiffs will still have sufficient time to complete the necessary surveys and analyses (if they have not started already).

Plaintiffs raise additional new arguments in their reply regarding the deadline for expert disclosures; however, this Court will not consider them.  *See Alpine Bank v. Hubbell*, No. CIV.A. 05-CV-00026-E, 2007 WL 219121, at *2 (D. Colo. Jan. 26, 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by . . . choosing not to rely on the new arguments in determining the outcome of the motion.").

It is therefore ORDERED, after careful application of the factors outlined in *Smith*, and having found minimal good cause to modify the Scheduling Order, that the following new dates are appropriate:

1. Fact discovery deadline is extended to and including December 20, 2021.
2. Affirmative expert disclosure deadline is extended to and including January 10, 2022.
3. Rebuttal expert disclosure deadline is extended to and including February 14, 2022.
4. Dispositive motion deadline is extended to and including March 7, 2022.

III.    CONCLUSION

For the foregoing reasons, this Magistrate Judge GRANTS IN PART Plaintiffs' motions. (D. 206, D. 216).

Dated at Grand Junction, Colorado this November 28, 2021.

Gordon P. Gallagher
United States Magistrate Judge