IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation, d/b/a Vail Health,

    Defendant.

## ORDER OVERRULING PLAINTIFFS' AMENDED OBJECTION AND APPEAL OF JUNE 9, 2021 MINUTE ORDER

    This antitrust dispute is before the Court on Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger's (jointly, "Plaintiffs") Amended Objection and Appeal of June 9, 2021 Minute Order ("Objection"), filed on June 16, 2021.  (ECF No. 112.)  On June 30, 2021, Defendant Vail Clinic, Inc. ("Vail Health") filed a response in opposition. (ECF No. 122.)  For the following reasons, the Objection is overruled.

### I. LEGAL STANDARD

    "Discovery is a nondispositive matter . . . ."  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. BACKGROUND

On March 30, 2021, United States Magistrate Judge Gordon P. Gallagher held a discovery dispute hearing to address several discovery disputes in this case. (ECF No. 101.) The predominant dispute pertained to the temporal scope of Plaintiffs' requests for discovery. (*Id.* at 2.) The discovery scope within Plaintiffs' requests ranged from: (1) fiscal year 2009 to present; (2) November 1, 2011 to present; (3) November 1, 2009 to present; (4) January 1, 2015 to present; or (5) May 31, 2012 to present. (ECF No. 107-1.)

However, Vail Health only agreed to produce documents dating from December 2015 to the present for numerous reasons, including: (1) that included the entire limitations period; (2) that included the period when Plaintiffs entered the market and operated a competing business; (3) everything probative to Plaintiffs' allegations before 2015 had been discovered; and (4) obtaining certain records and financial information

2

before 2015 was overly burdensome as Defendant's financial systems had undergone several changes and e-mails from individuals who were no longer employed by Defendant would be difficult to find. (ECF No. 101 at 11–21, 31.)

On June 9, 2021, Judge Gallagher issued a Minute Order ("Order") addressing the discovery disputes, in which he held that Plaintiffs may seek discovery for the period of November 1, 2012 through the present. (ECF No. 107.) In so holding, he reasoned that:

> Plaintiffs allege that Defendant "took over" the physical therapy market on or about November 1, 2012, when it "required physical therapists who had been employed by RPC-Vail[1] and RPC-Denver to sign an employment agreement that contained certain restrictive covenants." (*Id.*, p. 23). Plaintiffs do not allege anything to support expanding the scope of discovery past November 1, 2012, and fail to show any relevancy for discovery prior to this date.
>
> Accordingly, concerning all discovery requests, the temporal scope is limited from November 1, 2012, to the present (*i.e.*, approximately three years prior to Sports Rehab's entry into the market). This scope of discovery permits Plaintiffs to examine the issue of durability but also balances the burden placed upon Defendant to produce such records and documents.

(*Id.* at 6.)

### III. ANALYSIS

In their Objection, Plaintiffs argue that the Court should overrule the Order for numerous reasons, including: (1) Judge Gallagher's discovery dispute resolution procedures violate Plaintiffs' due process rights under the United States Constitution; (2) Judge Gallagher erred in his factual findings regarding the scope of Plaintiffs'

---

[1] RPC-Vail is Rehabilitation & Performance Center at Vail, LLC, which was engaged in a physical therapy practice and conducted its services under the trade name of Howard Head. (ECF No. 26 ¶ 19.)

allegations; (3) Judge Gallagher's Order "includes a statement suggesting a degree of confusion about the concept of monopoly power,"[2] and thus, he committed legal error; (4) Plaintiffs object to the characterization that Judge Gallagher stated "[he] would entertain another discovery dispute hearing once the parties had properly conferred"; and (5) Plaintiffs object to Judge Gallagher's statement that "[d]uring the March 2021 discovery dispute, the parties had not determined, among other things, the scope of the relevant product and geographic markets."  (ECF No. 112.)

In its response, Vail Health points out that by holding that the applicable time period for discovery in this case is November 1, 2012 to the present, Judge Gallagher rejected Vail Health's argument that the permissible temporal scope of discovery should be December 2015 to the present, which resulted in Plaintiffs obtaining discovery for three additional years.  (ECF No. 122 at 2.)  Although Vail Health disagrees with Judge Gallagher's decision, it did not appeal it.  However, despite Judge Gallagher's decision to grant Plaintiffs access to discovery for three years before they entered the alleged market, Plaintiffs have nonetheless filed this 15-page Objection.  Vail Health argues that Plaintiffs' Objection is "baseless" and should be overruled.  (*Id.*)

Upon due consideration, the Court sees no clear error in Judge Gallagher's Order.  First, the Court has already rejected Plaintiffs' identical contention that Judge Gallagher's informal discovery dispute resolution procedures violate their constitutional

---

[2] While Plaintiffs' statement about purported "confusion" in Judge Gallagher's Order does not rise to the same level of blatant unprofessionalism as his previous attacks against Judge Gallagher, the Court **strongly cautions** counsel for Plaintiffs to remain mindful of the undersigned's expectations of professionalism in the District of Colorado.  (ECF No. 118 at 5–6.)  This is now the Court's third order referencing Plaintiffs counsel's completely unacceptable comments about a fellow judicial officer.  Counsel is on notice that a fourth instance of such behavior will subject him, at the undersigned's discretion, to an Order to Show Cause as to why significant monetary sanctions should not be imposed against him personally.

4

rights.  (ECF No. 113 at 7.)  The Court will not repeat those conclusions here.

Next, the Court finds that Judge Gallagher did not clearly err in concluding that "Plaintiffs do not allege anything to support expanding the scope of discovery past November 1, 2012, and fail to show any relevancy for discovery prior to this date." (ECF No. 107 at 6.)  Plaintiffs contend that Judge Gallagher omitted key arguments made by Plaintiffs at the March 30, 2021 hearing, but they fail to cite any case law supporting the proposition that the temporal scope of discovery is governed by attorney argument and not the well-pleaded allegations in their Amended Complaint.  (ECF No. 112 at 4.)  *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 WL 7042117, at *7 (D. Minn. July 25, 2016), *objections overruled*, 2016 WL 6534394 (D. Minn. Nov. 2, 2016) (determining permissible temporal scope of discovery based on allegations in complaint).  To the extent Plaintiffs argue that Judge Gallagher failed to address their argument regarding the relevancy of the durability of an alleged monopolist's power in the market (ECF No. 112 at 6–7), the Court observes that the Order quotes at length Plaintiffs' arguments on this point (ECF No. 107 at 2–3).

In a related argument, Plaintiffs argue that Judge Gallagher erred in concluding that Plaintiffs do not allege "anything to support expanding the scope of discovery past November 1, 2012."  (ECF No. 112 at 6.)  In the Amended Complaint, Plaintiffs allege that "Vail Health took over the physical therapy clinic operations of RPC-Vail on or about November 1, 2012" and "required physical therapists who had been employed by RPC-Vail and RPC-Denver to sign an employment agreement that contained certain restrictive covenants."  (ECF No. 26 ¶ 77.)  Allegedly, Plaintiff Sports Rehab only began maintaining an office in Vail, Colorado in December 2015.  (*Id.* ¶ 34.)  They further

5

allege that "Vail Health's exclusionary behavior did not begin until [Plaintiff Lindsay Winninger] returned to the Vail Valley to open a competing physical therapy clinic in the autumn of 2015." (*Id.* ¶ 41.)

In the Objection, Plaintiffs argue that it has made allegations concerning contracts that RPC-Vail and Vail Health entered into in 2004. (ECF No. 112 at 6–7.) Allegedly, Vail Health declined to renew its agreement with RPC-Vail and solicited RPC-Vail therapists around November 1, 2012 to "capture[] that business for itself." (ECF No. 112 at 7.) Plaintiffs point out that certain evidence has been produced on this topic in the state court action, such as "Vail Health produced billing data for approximately 40 patients from approximately 2009 through 2012, when RPC-Vail provided physical therapy services." (*Id.*) According to Plaintiffs, such evidence shows that rates were supracompetitive. (*Id.* at 8.)

The Court finds no clear error in Judge Gallagher's conclusion that even considering Plaintiffs' arguments, the scope of discovery should be reasonably limited to November 1, 2012, when Vail Health allegedly took over the relevant physical therapy market. This period is three years prior to the late 2015 period when Plaintiffs entered the market and, in the Court's view, is a reasonable limitation on the scope of discovery. If anything, Judge Gallagher was more than generous to Plaintiffs on this point. Moreover, Vail Health explains that discovery in the state court action has included the relationship between RPC-Vail and Vail Health (ECF No. 122 at 7), and as the Scheduling Order dictates (ECF No. 71 at 19), the Court will not require duplicative discovery.

Next, Plaintiffs argue that Judge Gallagher erred because he misinterpreted or

6

misapplied numerous antitrust cases.  (ECF No. 112 at 9–14.)  The Court has reviewed Plaintiffs' arguments and finds no clear error with Judge Gallagher's analysis.  For example, several cases Plaintiffs cite do not involve the temporal scope of discovery or are not actions between private parties.  *See, e.g., United States v. Grinnell Corp.*, 384 U.S. 563 (1966) (lawsuit brought by United States, so no issue regarding timing of the plaintiff's entry into the market); *Bright v. Moss Ambulance Serv., Inc.*, 824 F.2d 819 (10th Cir. 1987) (did not address the scope of discovery); *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (lawsuit brought by United States, did not address temporal scope of discovery).

Plaintiffs make two final objections, the point of which is not entirely clear.[3]  First, they "object to the characterization that the Magistrate Judge stated 'it would entertain another discovery dispute hearing once the parties had properly conferred.'"  (ECF No. 112 at 15.)  Plaintiffs note that Judge Gallagher "stated he would issue 'a preliminary order,' with a conferral to follow, another hearing, and follow-on discussions about other disputes."  (*Id.*)  Plaintiffs further state that they "voiced their concerns about the Magistrate Judge's drawn-out procedures."  (*Id.*)

To the extent Plaintiffs object to such "drawn-out procedures," the Court finds no merit in the objection, and in fact finds this objection a colossal waste of the Court's valuable time.  Judges in the District of Colorado preside over their cases as efficiently as possible, and the Court does not view Judge Gallagher as an exception.

---

[3] These two objections appear to be mere complaints about Judge Gallagher's courtroom proceedings and comments he made at the discovery dispute hearing.  The Court welcomes zealous advocacy regarding factual and legal issues in this matter; however, the undersigned is not here to address Plaintiffs' personal grievances about procedural matters in Judge Gallagher's courtroom.  Future "objections" to matters other than the Magistrate Judge's discrete findings or rulings will be summarily overruled.

Regardless, discovery in this case is now being handled by Special Master William Terry Ruckriegle, so this objection is largely moot.

Second, Plaintiffs "object to the Magistrate's Judge's statement that '[d]uring the March 2021 discovery dispute, the parties had not determined, among other things, the scope of the relevant product and geographic markets.'" (*Id.* at 15.) They further state that the issue "was raised only in the context of temporal scope" and that "Plaintiffs have since addressed the substantive issues, at least in part, with respect to the relevant markets and will be addressing that issue shortly." (*Id.*) It is not clear what factual or legal error Plaintiffs see here, and the Court finds none.

Had this matter been before the undersigned in the first instance, he might well have not given Plaintiffs as lengthy a discovery period as did Judge Gallagher. Nonetheless, the Court finds no clear error in Judge Gallagher's decision to allow discovery from November 1, 2012 to the present. Therefore, Plaintiffs' Objection is overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiffs' Objection (ECF No. 112) is OVERRULED; and
2. Judge Gallagher's Order (ECF No. 107) is AFFIRMED.

Dated this 1st day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge