# EXHIBIT 5

## Richards, Daniel

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, September 14, 2021 1:00 PM |
| **To:** | Stevenson, Shannon |
| **Cc:** | Alan Kildow; Richards, Daniel; Roeder, Jackie |
| **Subject:** | Re: September 7 2:00 Meet & Confer |

Counsel,

I agree, with breaks it is really tight.  Unfortunately, Lindsay has just learned that the owners of the team are in the office that day, and there are commitments with that, which she has no control over.  She is unable to start the deposition at 8:30 MT and cannot go past 2:30 MT due to those commitments.  ==Lindsay is still available on October 1, so we could reschedule the deposition for just a few days later.==

Best regards,

Sonya

On Tue, Sep 14, 2021 at 8:59 AM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:

> Can we do an 8:30 MT start time?  I think, realistically, with breaks, a four-deposition usually takes closer to six hours total.
>
> **From:** sonya braunschweig <sonya.braunschweig@gmail.com>
> **Sent:** Tuesday, September 14, 2021 7:57 AM
> **To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
> **Cc:** Alan Kildow <alkildow@aol.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
> **Subject:** Re: September 7 2:00 Meet & Confer
>
> Around 4:30 eastern.
>
> On Tue, Sep 14, 2021 at 8:48 AM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:
>
>> Sonya, what time does Ms. Winninger need to finish up?  I just want to make sure we start early enough to not be rushed.  Thanks, Shannon
>>
>> **From:** sonya braunschweig <sonya.braunschweig@gmail.com>
>> **Sent:** Monday, September 13, 2021 5:27 PM
>> **To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>

**Cc:** Alan Kildow <alkildow@aol.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** Re: September 7 2:00 Meet & Confer

Counsel,

==Lindsay unexpectedly has a work commitment the afternoon of September 27. Is it possible to move the start time to 10 am mountain?==

Best regards,

Sonya

On Fri, Sep 10, 2021 at 6:27 PM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:

> Sonya –
>
> Here are responses to each of the issues you raise below:
>
> • Luke O'Brien--Please provide us at least two alternative dates for this deposition.  We anticipate using the full 7 hours.  Mr. O'Brien is currently out of the country through next week. As soon as he returns and can coordinate with his work, we will provide dates when he is available for deposition.  Per the scheduling order, you are only permitted four hours for this deposition.  You will need to move the court for the additional time, and we will oppose that motion as Mr. O'Brien has already been deposed.
>
> • Lindsay Winninger--She is not available on September 17, but she is available on September 27 or October 1, beginning at 12 pm mountain time.  ==We will amend the deposition notice for noon MT on September 27.==
>
> • Deposition scheduling--We have previously sent you emails about scheduling depositions and requested conferrals, which you refuse to hold.  We have requested information about your representation of Mr. Sirotta, to which you have not responded. We have also requested that you provide us blocks of time that you are available, given the number of scheduling issues that you have claimed to have in requesting extensions of time.  You have not provided us that information.  We do represent Mr. Sirotta.  Our position with respect to meet and confers remains as previously and repeatedly articulated.
>
> • Employment contracts--Although we do not agree with this, Vail Health stated in response to the discovery chart on the second discovery requests that it would produce examples of all employment agreements.  We do not believe that this has been done.  If we are mistaken, please identify by bates number the documents you contend are management employment agreements for Howard Head.  We

2

<span style="color:red">have produced exemplars of all physical therapist agreements. We have not agreed to produce management employment agreements, and do not believe they have any relevance to this litigation.</span>

• Patient procedure- and encounter-level data--We understand that you are producing this data without patient names based on the sole objection that you do not want Plaintiffs to have this information. We do not understand your position, given that the Protective Order in this case already protects AEO PHI from disclosure to Plaintiffs. Specifically, section 6 allows AEO PHI to be given to the court, attorneys, and outside independent persons who are not competitors of Vail Health. Please explain how this does not adequately address Vail Health's concerns. Given this provision of the Protective Order, which Vail Health insisted on, your objection to produce patient names is not warranted. We will therefore expect that the patient data will include patient names. If not, please confirm why you refuse to produce that information. <span style="color:red">We have addressed this in the motion to compel briefing.</span>

• Meet and confer--We do not agree that meet and confers can only be done by email, nor is that what we understand the conferral rule to require. We have repeatedly requested meet and confers, provided you the issues to be discussed (like the bullet points sent by Alan), and yet you refuse to hold meet and confers. Is it your position that a meet and confer is not required before we address discovery issues with the Court? If so, then we will proceed accordingly. <span style="color:red">We agree that meet and confers can be done in person where productive, but that the magistrate judge has also indicated they are not required, in light of counsel's prior conduct. This email exchange appears to be an efficient way to address these issues. If you have an issue you intend to raise with the court, please tell us what it is and whether you think an oral meet and confer would be productive. If we agree, we will have a meet and confer. If we don't agree, you can raise the issue with the court.</span>

Have a nice weekend,


**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 8, 2021 10:33 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** Re: September 7 2:00 Meet & Confer


Counsel,

3

We disagree that conferral is not required by the rules.  Many of the issues outlined above could easily be resolved through a simple meet and confer rather than the tedious exchange of emails.  In any event, we will respond to the issues raised in your response to Alan's email requesting a conferral.

- Luke O'Brien--Please provide us at least two alternative dates for this deposition.  We anticipate using the full 7 hours.

- Lindsay Winninger--She is not available on September 17, but she is available on September 27 or October 1, beginning at 12 pm mountain time.

- Deposition scheduling--We have previously sent you emails about scheduling depositions and requested conferrals, which you refuse to hold.  We have requested information about your representation of Mr. Sirotta, to which you have not responded. We have also requested that you provide us blocks of time that you are available, given the number of scheduling issues that you have claimed to have in requesting extensions of time.  You have not provided us that information.

- Employment contracts--Although we do not agree with this, Vail Health stated in response to the discovery chart on the second discovery requests that it would produce examples of all employment agreements.  We do not believe that this has been done.  If we are mistaken, please identify by bates number the documents you contend are management employment agreements for Howard Head.

- Patient procedure- and encounter-level data--We understand that you are producing this data without patient names based on the sole objection that you do not want Plaintiffs to have this information.  We do not understand your position, given that the Protective Order in this case already protects AEO PHI from disclosure to Plaintiffs.  Specifically, section 6 allows AEO PHI to be given to the court, attorneys, and outside independent persons who are not competitors of Vail Health.  Please explain how this does not adequately address Vail Health's concerns.  Given this provision of the Protective Order, which Vail Health insisted on, your objection to produce patient names is not warranted.  We will therefore expect that the patient data will include patient names. If not, please confirm why you refuse to produce that information.

- Meet and confer--We do not agree that meet and confers can only be done by email, nor is that what we understand the conferral rule to require.  We have repeatedly requested meet and confers, provided you the issues to be discussed (like the bullet points sent by Alan), and yet you refuse to hold meet and confers.  Is it your position that a meet and confer is not required before we address discovery issues with the Court? If so, then we will proceed accordingly.

Best regards,


Sonya


On Tue, Sep 7, 2021 at 2:46 PM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:

> Counsel:

4

As you know, based on past experience, we are reluctant to conduct meet and confer conferences with you in the absence of the identification of issues on which conferral would appear to be necessary or productive.  I have responded to each of these issues that you raised today below.  None would appear to benefit from conferral.

- Deposition of Luke O'Brien – Mr. O'Brien will be out of the country on 9/15.  We will get in touch with him and find out when he is available, and let you know promptly.
- Deposition of Lindsay Winninger – We have noticed the deposition for 9/17.  If you would like a different date, please propose one.
- Scheduling of depositions in light of Vail Health's declination to produce documents and answer interrogatories that are now the subject of Rule 37 motions to compel.  As we wrote before, the document disputes have no bearing on Ms. Winninger's deposition. You have made no response to that.  With respect to your depositions, you have not requested any at this time other than Mr. O'Brien.
- Scheduling of conference with Special Master Ruckriegle if the parties are unable to come to agreement on how the depositions are to be scheduled.  We do not see any need for such a conference, as we are unaware of what disagreement we have on deposition scheduling.
- When Plaintiffs will be provided with the information regarding physical therapists' employment contracts.  This issue has been briefed in your motions to compel.  Vail Health has produced exemplars of physical therapist employment contracts.  Vail Health stands on its objection to producing all employment files for all physical therapists from 2012 through the present.
- When Vail Health's pricing information will be produced.  Vail Health has already produced detailed pricing information via it chargemasters and payer contracts.  As stated in Vail Health's response to Plaintiffs' Motion to Compel #1, Vail Health has agreed to produce additional procedure-level and encounter-level data.  We are actively working with Vail Health personnel to pull this information.  We do not yet have a firm date by which this information can be produced, but we are working to produce it expeditiously.
- When the Vail Health's privilege log will be produced. Vail Health will produce its privilege log by September 10, 2021.
- A time for a future meet & confer regarding additional discovery issues.  Given our past experience, we do not intend to schedule or participate in meet and confers where there have been no identified issues.

**SHANNON STEVENSON ▪ Partner**

D: 303.892.7328  ▪   vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪   Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, September 7, 2021 10:03 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** September 7 2:00 Meet & Confer

Counsel:

We have asked for a meet & confer today at 2:00 MDT.  We asked for alternative dates if that was inconvenient, but we did not receive any, so the dial-in number is  605-472-5307 and the PC is 175061#.  Among the subjects Plaintiffs wish to discuss are:

- Deposition of Luke O'Brien
- Deposition of Lindsay Winninger
- Scheduling of depositions in light of Vail Health's declination to produce documents and answer interrogatories that are now the subject of Rule 37 motions to compel
- Scheduling of conference with Special Master Ruckriegle if the parties are unable to come to agreement on how the depositions are to be scheduled
- When Plaintiffs will be provided with the information regarding physical therapists' employment contracts
- When Vail Health's pricing information will be produced
- When the Vail Health's privilege log will be produced
- A time for a future meet & confer regarding additional discovery issues

This is not a complete list of what the parties need to discuss, but it is a start.

Alan Kildow

970-390-6675

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.