# EXHIBIT 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| Sports Rehab Consulting, LLC, et a. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:19-cv-02075-WJM-GPG |
| Vail Clinic, Inc. d/b/a Vail Health | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Orlando Magic, Ltd. c/o Registered Agent
CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| Place: All Broward Process<br>701 N. Fig Tree Lane<br>Plantation, FL 33317 | Date and Time:<br>14 days after service of the subpoena<br>10:00 a.m. MT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/01/2021

*CLERK OF COURT*

OR

_____    s/ Daniel Richards
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vail Clinic, Inc.
Daniel Richards, daniel.richards@dgslaw.com, 303.892.7452 , who issues or requests this subpoena, are:
Davis Graham & Stubbs LLP, 1550 17th St., Suite 500, Denver, CO 80202

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02075-WJM-GPG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

### DEFINITIONS

1. The terms YOU and YOURS means Orlando Magic, Ltd. ("Orlando Magic").

2. The term WINNINGER means Lindsay Winninger individually (including her agents) and as an agent in any capacity of Sports Rehab Consulting.

3. The term DOCUMENT(S) is used in its broadest sense within the meaning of the Federal Rules of Civil Procedure, and includes, without limitation, the original and any and all non-identical copies and drafts, whether printed, typed, recorded, reproduced by any process, written by hand, or stored in a COMPUTER or other electronic form, in YOUR custody, possession, or control, of the following, without limitation: lists, correspondence; memoranda; notes; jottings; books; records; reports; surveys; studies; analyses; films; videotapes; drawings; photographs; recordings; logs; instructions; transcriptions; business forms; labels; papers and forms filed with courts or other governmental bodies; notices; messages; facsimiles; records, notes or summaries of telephone conversations or personal conversations; electro-magnetic tape or digital records; memoranda; notebooks of any character; calendar and diary entries; appointment books; minutes and other formal or informal memoranda of meetings; publications; invoices; accounting and business statements and records; financial records; pro formas; balance sheets; contracts and agreements, including but not limited to contracts or agreements regarding employment; covenants not to compete or other restrictive covenants; sales and purchase agreements; checks; brochures; pamphlets; trade letters and publications; press releases; advertisements; and any other written, printed, photocopied, recorded, or tangible material of any kind known to YOU or in YOUR custody or control whether or not in YOUR physical possession.

4. The term COMMUNICATION(S) means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voice messages, letters, notes, facsimiles, advertisements, correspondence, memoranda, or other forms of verbal, written, recorded or electronic dialogue, including, without limitation, email, text messages, instant messages, or posts on social media.

### INSTRUCTIONS

1. The Colorado Federal District Court in the action in which this subpoena *duces tecum* is issued has entered a Stipulated Protective Order and HIPAA Qualified Protective Order in this matter. This Protective Order is intended to cover confidential documents and information as well as HIPAA-related information. A copy of this Protective Order is attached as **Exhibit 2**. You may designate any documents produced in response to this Subpoena under the terms of the protective order.

4880500.1

2. The documents requested mean those that can be located by a reasonably diligent search of places you reasonably believe to contain such documents. You are requested to search all documents within your possession, custody or control, or within the possession, custody or control of your agents, wherever located. This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on your behalf. A document is in your possession, custody, or control if it is in your actual possession, or if it is in the custody of another person and you own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that you may use, inspect, or copy such document, or as a practical matter, ought to do so.

3. If you object to any portion of these requests, please state the specific ground for such objection and respond to the request to the extent to which there is no objection.

4. Produce the entirety of any requested document, including all related attachments, enclosures, cover letters or emails, memoranda, exhibits, or appendices. Copies that differ in any respect from an original (e.g., because they include handwritten or other notations) should be treated as separate documents and produced separately. Each draft of a document should be treated as a separate document and produced separately.

5. Any document stored electronically, including any document stored as electronic as a data compilation on magnetic, optical, or other storage media as "active" or "backup files" shall be produced in a manner that maintains the integrity and readability of all data, including metadata.

6. If any document cannot be produced in full, produce it to the extent possible, including by identifying which portion of the document is being withheld or redacted and the reason for the redaction or withholding.

7. If any documents cannot be produced because they no longer exist, please identify the document that no longer exists, the date of destruction, and the reason for destruction.

8. If any document responsive to any request is withheld on the grounds of privilege or for any other reason, identify that document by author, recipient(s), date, type of document, and subject matter, and identify in detail the basis upon which the document has been withheld.

9. All questions relating to interpretations of or compliance with this Subpoena should be directed to Daniel Richards (Daniel.Richards@dgslaw.com, (303) 892-7452).

# DOCUMENTS REQUESTED

1. A complete copy of all employment agreements or other contracts between YOU and WINNINGER.
2. A complete record of all payments made to WINNINGER since she began employment.
3. A complete copy of WINNINGER's personnel file.
4. All communications with WINNINGER about WINNINGER's unauthorized downloading of patient records when she worked at Howard Head Sports Medicine Clinic.
5. All other communications relating to WINNINGER's unauthorized downloading of patient records when she worked at Howard Head Sports Medicine Clinic.