IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") files this reply brief in support of its Motion for Protective Order ("Motion") (Doc. 228).

Vail Health's Motion described in great detail the extensive documents and data that Vail Health has produced concerning Plaintiffs' antitrust allegations. In their opposition, Plaintiffs fail to dispute Vail Health's description of its document production—because they cannot. Rather, they rely on procedural objections, claiming that Vail Health failed to confer, and that Vail Health's Motion is untimely or has been waived. Vail Health repeatedly conferred with Plaintiffs and informed Plaintiffs that it would file this Motion if Plaintiffs failed to narrow their list of purported discovery disputes, but they failed to do so.

Plaintiffs' claims that Vail Health's Motion is untimely or waived are based on mischaracterizations of the Motion. For example, Plaintiffs attempt to characterize the Motion as a belated objection to the appointment of the Special Master, but Vail Health's Motion nowhere objects to the appointment of the Special Master or seeks any modification of his authority. In Plaintiffs' brief response to the substance of the Motion, they fail to identify a

single category of relevant documents that Vail Health has failed to produce—with the exception of the names and addresses of all Howard Head patients so Plaintiffs can contact them under the guise of conducting a "market survey." The Motion should be granted.

## ARGUMENT

### I.   VAIL HEALTH CONFERRED WITH PLAINTIFFS BEFORE FILING THIS MOTION.

Plaintiffs claim that Vail Health's Motion should be denied because Vail Health failed to confer with Plaintiffs. (Doc. 237 at 3-4.) Plaintiffs are incorrect. As reflected in Exhibit 1 to the Motion (Doc. 228-1), before filing this Motion, Vail Health thoroughly conferred with Plaintiffs:

- On November 2, 2021—following nearly eight hours of hearings before the Special Master—Plaintiffs sent Vail Health a 12-page, single-spaced, 30-row chart purporting to raise more than 60 discovery disputes. (Doc. 228-15.) Plaintiffs' chart failed to narrow the issues presented in their motions to compel. (*Id.*) It also raised numerous issues that were nowhere raised in their motions to compel. (*Id.*) As just one example, despite knowing for months the custodians from whom Vail Health collected documents, Plaintiffs requested in their November 2 chart (one day after the fact discovery deadline) that Vail Health collect documents from *five* additional custodians (*Id.* at 10).

- Approximately 24 hours after receiving Plaintiffs' chart, Vail Health responded to Plaintiffs via email, copying the Special Master, requesting that Plaintiffs "submit a revised chart identifying a discrete, reasonable number of issues on which Plaintiffs seek further discovery, consistent with Plaintiffs' statements at the hearing before the Special Master and Judge Martinez's admonition that Plaintiffs shall not 'multiply the proceedings.' (Dkt. 113 at 4.)" (Doc. 228-1 at Page 8 of 9.) Vail Health specifically

- 2 -

stated, "[i]f Plaintiffs are unwilling to do so, Vail Health reserves its right to move for a protective order." (*Id.*)

- By November 10, 2021, a week later, Plaintiffs had neither responded nor submitted a revised discovery dispute chart. Thus, Vail Health inquired "when Plaintiffs expect to disclose their revised list of discovery issues about which they wish to confer." (*Id.* at Pages 7-8 of 9.)

- Minutes later, Plaintiffs sent Vail Health an email requesting that Vail Heath "set aside *the entirety of one day*" for a conferral regarding Plaintiffs' discovery dispute chart. (Doc. 228-17 (emphasis added).) Plaintiffs provided no response to Vail Health's request that Plaintiffs submit a revised discovery dispute chart of reasonable scope. (*Id.*)

- On November 12, 2021, Vail Health again informed Plaintiffs that it intended to move for a protective order given Plaintiffs' refusal to narrow their list of purported discovery disputes. (Doc. 228-1 at Page 7 of 9.)

- Lengthy further communications between November 13, 2021 and November 16, 2021 made clear that Plaintiffs opposed the relief requested in Vail Health's Motion. (*Id.* at Pages 2-7 of 9.)

Any contention that the Motion is procedurally defective because Vail Health failed to confer with Plaintiffs is without merit.

Plaintiffs seem to claim that the conferral that occurred was invalid because it occurred via email. (Doc. 237 at 3-4.) Plaintiffs made a similar argument in briefing regarding Plaintiffs' effort to subpoena the state-court independent forensic expert, Michael Horwith. Judge Gallagher rejected Plaintiffs' argument that conferral is invalid if conducted via email, holding: "If the parties wish to confer via email to maintain an accurate record of the conversations, this

- 3 -

Court will permit it." (Doc. 105 at 12.) While the Special Master has ordered the parties to confer orally with respect to matters referred to him, Vail Health's Motion concerns numerous matters that have not been referred to the Special Master, including purported discovery disputes not raised in Plaintiffs' motions to compel and whether the discovery schedule should be further extended.[1]

Because the parties conferred regarding the Motion, the Court should consider the Motion's merits.

## II.  VAIL HEALTH'S MOTION IS TIMELY AND NOT WAIVED.

Plaintiffs claim that Vail Health's Motion is untimely and that Vail Health waived the relief sought in the Motion. (Doc. 237 at 4-8.) Plaintiffs are wrong. Vail Health's Motion was timely because it was filed prior to any potential deadline for compliance—*e.g.*, (a) prior to the November 19, 2021 deadline set by the Special Master for the parties to confer regarding matters raised in Plaintiffs' discovery dispute chart (Doc. 202) and (b) well in advance of any potential deadline for Vail Health to supplement its document production in response to Plaintiffs' November 2, 2021 discovery dispute chart. Plaintiffs mischaracterize the nature of the relief requested in the Motion in an effort to establish untimeliness or waiver.

First, Plaintiffs claim that the Motion constitutes an untimely objection to the appointment of the Special Master or the referral of Plaintiffs' motions to compel to the Special Master. (Doc. 237 at 4-5, 9-10.) Plaintiffs' argument is flawed because Vail Health's Motion does not constitute an objection to the appointment of the Special Master or to the referral to the

---

[1] Part of the reason Vail Health prefers to confer by email in this case, when permitted, is because oral conferrals with Plaintiffs' counsel have historically been unproductive. They often devolve into deposition-like questioning of Vail Health's counsel—seemingly intended to obtain sound bites for future motion practice by Plaintiffs, rather than engage in collaborative discussions of potential areas of agreement.

- 4 -

Special Master of Plaintiffs' motions to compel. (*See* Doc. 228.) Vail Health defers to Judge Martinez, Judge Gallagher, and Special Master Ruckriegle as to the appropriate judicial officer to decide the Motion. If the Court chooses to refer the Motion to Special Master Ruckriegle, Vail Health will pursue the Motion before Special Master Ruckriegle. Vail Health's Motion has absolutely nothing do to with the appointment or authority of the Special Master.

Second, Plaintiffs claim that the Motion constitutes an untimely objection to the Special Master's October 25, 2021 order regarding the conferral procedures with respect to Plaintiffs' motions to compel. (Doc. 237 at 5-7.) Again, Plaintiffs misconstrue the Motion. The Motion was not necessitated by the conferral procedure the Special Master laid out in his October 25, 2021 order. (*See* Doc. 202.) That procedure was workable, in theory. However, in practice, Plaintiffs sought to leverage the Special Master's conferral procedures to raise new discovery disputes that were not raised in their motions to compel and request the production of numerous categories of documents not called for by their discovery requests. (*See* Ex. 1 (Vail Health's responses to Plaintiffs' November 2, 2021 discovery dispute chart).) Their November 2, 2021 discovery dispute chart and subsequent communications also made clear that there was no reasonable supplemental production Vail Health could offer that Plaintiffs would accept as sufficient to terminate discovery. In sum, it was *Plaintiffs' conduct*—not the Special Master's October 25, 2021 order regarding conferral procedures—that necessitated the Motion.

Third, Plaintiffs argue that the Motion is untimely because it was not filed by the deadline for Vail Health to respond to Plaintiffs' discovery requests. (Doc. 237 at 7-8.) Again, Plaintiffs misconstrue the Motion. Vail Health timely provided detailed responses or, where appropriate, objections to all of Plaintiffs' 179 discovery requests. (*See, e.g.*, Doc. 113 at 6 (holding that Vail Health "provided substantive, detailed responses to nearly all interrogatories" and that "[o]verall,

the Court discerns no abusive discovery practices by Vail Health").) In the Motion, Vail Health does not seek a protective order prohibiting Vail Health from having to respond, with either responses or objections, to Plaintiffs' discovery requests. Rather, Vail Health seeks protection from Plaintiffs' practice—as reflected in their November 2, 2021 discovery dispute chart—of repeatedly raising new discovery issues to prolong proceedings.[2] Such a motion is timely because it was filed prior to any conceivable compliance date, as discussed above.

There is no merit to Plaintiffs' argument that the Motion is untimely or waived.

## III. PLAINTIFFS' BRIEF ARGUMENTS ON THE MOTION'S MERITS PROVIDE NO REASON TO DENY THE MOTION.

Vail Health's Motion demonstrated that Plaintiffs have access to an extraordinary volume of discovery on all the aspects of their claims in this litigation. (*See, e.g.*, Doc. 228 at 3-6.) Plaintiffs' response fails to explain what additional discovery they need.

Plaintiffs claim that antitrust issues in this case go beyond the issues in dispute in the state case. However, as explained in the Motion, Vail Heath has produced extensive information regarding each category of allegedly anticompetitive conduct described in Plaintiffs' Amended Complaint. Plaintiffs claim that Vail Health's market share is relevant to their antitrust claims (Doc. 237 at 10), but Vail Health has produced extensive information potentially relevant to market share, including data regarding the number of patients treated at Howard Head on a monthly basis (Doc. 228 at 5). Plaintiffs claim that Vail Health imposes improper employment restrictions on physical therapists (Doc. 237 at 11), but Vail Health has produced exemplars of

---

[2] If the Court is not inclined to grant the Motion in full and terminate further discovery immediately, an intermediate option would be to issue a protective order (a) barring Plaintiffs from raising any further discovery disputes that were not raised in their Motions to Compel Nos. 1-5 and (b) prohibiting Plaintiffs from seeking production of documents or information that were not requested by their discovery requests.

its agreements with physical therapists for the entire discovery period (Doc. 228 at 5).[3]  Plaintiffs claim that Vail Health charges supracompetitive prices (Doc. 237 at 11), but Vail Health has produced extensive information regarding its pricing, including it chargemasters, contracts with payers specifying discounts from chargemaster pricing, and more than 1 million rows of encounter-level data specifying precisely what Vail Health was paid for each private-payer physical therapy transaction (Doc. 228 at 5).  Plaintiffs claim that Vail Heath engaged in anticompetitive conduct by considering (but ultimately did not pursuing) joint ventures with the Steadman Clinic and Vail-Summit Orthopaedics regarding physical therapy services (Doc. 237 at 11), but Vail Health has produced extensive communications regarding those contemplated transactions (Doc. 228 at 6).  Plaintiffs' opposition only reinforces that Vail Health has satisfied its discovery obligations.

Additional issues Plaintiffs reference appear nowhere in their Amended Complaint and prove Vail Health's point—Plaintiffs are pursuing an unjustified fishing expedition for the purpose of imposing further burdensome discovery on Vail Heath.  For example, Plaintiffs reference purported "illegal medical coding in violation of federal Medicare law" and "payment of kickbacks" (Doc. 237 at 11-12)—allegations that are irrelevant to their antitrust claim and not mentioned once in their Amended Complaint (*see* Doc. 26).  While Plaintiffs' opposition includes a laundry list of vague categories of purportedly exclusionary conduct (*e.g.*, "illegal restrictions on service distribution agreements"), Plaintiffs fail to explain what conduct of Vail

---

[3] Plaintiffs' opposition brief includes a purported quote from a former Vail Health employee that he sought to "eliminate" Winninger.  (Doc. 237 at 11.)  The former employee denied at his recent deposition ever making such a statement.  (Ex. 2 at 82:2-25.)

Health falls into those categories, or where such conduct is alleged in Plaintiffs' Amended Complaint. (Doc. 237 at 11-12.)[4]

The only specific category of information that Plaintiffs claim they need but do not have is information to identify all Howard Head patients. (*Id.* at 12-13.) Plaintiffs claim they need this information so they can *contact Howard Head patients* to conduct "a patient survey on patient convenience and preference." (*Id.* at 12.) Plaintiffs cite *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1024 (10th Cir. 2002), as requiring a survey of an antitrust defendant's patients.[5] While *Lantec* cited an expert's failure to conduct a survey or rely on an independent consumer survey as one of several reasons for exclusion of his testimony, nothing in *Lantec* suggested that a consumer survey would involve surveying the *defendant's* customers. *See id.* To the contrary, a consumer survey is improper if "the sample is clearly not representative of the universe it is intended to reflect." *Bank of Utah v. Commercial Sec. Bank*, 369 F.2d 19, 27 (10th Cir. 1966). A survey of only Howard Head patients would have little relevance to consumer preferences of all residents of the alleged Vail Valley market.[6]

---

[4] Notably, Plaintiffs include as categories of purportedly anticompetitive conduct "false and misleading trade disparagement of competitors" and "sham" litigation and petitioning of the government and regulators. (Doc. 237 at 12.) Plaintiffs' repetition of such allegations is surprising given that the state court has already dismissed all of Plaintiffs' claims in the state case and held that Vail Health's alleged statements regarding Ms. Winninger were substantially true and not actionable. (Doc. 215.) Moreover, the state court recently denied Plaintiffs' motion for summary judgment on Vail Health's counterclaims in large part, meaning that the state case will proceed to trial on Vail Health's counterclaims for tortious interference with contract, misappropriation of trade secrets, conversion, and civil conspiracy. (Ex. 3.)

[5] Plaintiffs made a similar argument to Judge Gallagher, who rejected Plaintiffs' interpretation of *Lantec*. (Doc. 242 at 5-6.)

[6] A survey of Howard Head patients by Plaintiffs' counsel or Plaintiffs' counsel's experts would be particularly troubling in the circumstances present here, as it would reveal to Howard Head patients that their private protected health information had been disclosed to a person who has been adjudicated to have stolen patient files. (Doc. 215.)

Finally, Plaintiffs claim that the extensive discovery produced in the state case is insufficient to provide Plaintiffs the information they need to prosecute their antitrust claims. (Doc. 237 at 13-15.)  But Vail Health has not merely relied on the state case production.  As explained at length in the Motion, Vail Health has produced a large volume of documents and data in this case related to each allegation in Plaintiffs' Amended Complaint.  (Doc. 228 at 4-6.)  In any event, many of the documents produced in the state case, to which Plaintiffs have had access for years, relate to Plaintiffs' allegations in this case.  For example, via the state case, Plaintiffs have had access to:

- Documents regarding the contemplated joint venture agreement between Vail Health and The Steadman Clinic (*e.g.*, VAILJV000001-198, VAIL_00003482-3569);

- The office lease between Vail Health and Steadman (VAIL_00001965) and the First Amendment to Office Lease (VAIL_00002043);

- Examples of Howard Head offer letters, employee handbooks, and employment policies (*e.g.*, VAIL_00000625, VAIL_00003219, VAIL_00003407, VAIL_00003405);

- Documents related to the termination of the Physical Therapy Services Agreement between Vail Health and RPC-Vail (*e.g.*, VAIL_00003418-3473, VAIL_00024658- 24662, VAIL_00024675- 24680, VAIL_00048825-48832);

- Documents and information regarding Vail Health's self-pay system, including adjustment forms and invoices containing pricing information (*see, e.g.*, PNY_VVM003-009897, -011688, - 011690, -012244, -009891); and

- Communications regarding the allegedly defamatory statements by Vail Health, which Judge Granger recently found were substantially true (Doc. 215).

Plaintiffs' opposition fails to identify a single category of documents they need to pursue their claims that has not yet been produced.

## CONCLUSION

For the reasons set forth above, the Court should grant Vail Health's Motion.

Respectfully submitted this 6th day of December, 2021.

    *s/ **Shannon Wells Stevenson***
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*