IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' PROPOSED ORDER ON RULE 37 MOTION TO COMPEL #3 RELATING TO RFP NO. 15 (BOARD DOCUMENTS), INTERROGTORY NOS. 12-13, 20-21, AND 23 (IDENTIFICATION OF POTENTIAL WITNESSES), FAILURE TO PRODUCE PRIVILEGE LOG, AND REDACTED DOCUMENTS**

---

This matter came before the Special Master upon Plaintiffs' Rule 37 Motion to Compel #3 Relating to RFP No. 15 (Board Documents), Interrogatory Nos. 12-13, 20-21, and 23 (Identification of Potential Witnesses), Failure to Produce Privilege Log, and Redacted Documents. [ECF No. 132]. The Court referred this motion to the Special Master for decision, [ECF No. 135], and a video hearing was held on October 22, 2021. Appearing for Plaintiffs was Alan Kildow and Sonya Braunschweig; appearing for Defendant Vail Health was Shannon Stevenson and Daniel Richards.

Upon consideration of the memoranda and exhibits filed by the parties and the oral hearing among counsel for the parties, the Special Master hereby finds as follows:

### FINDINGS OF FACT

1.    This is an action under the Sherman Act, 15 U.S.C. § 2, which makes it unlawful for a firm to "monopolize, or attempt to monopolize...any part of the trade or

1

commerce among the several states…."

2. Plaintiffs' Motions to Compel #1 and 2 deal in significant part with monopoly power and address some of the issues related to Board documents there. This one seeks production of Vail Health Board documents relevant to the willful acquisition or maintenance of that power, which provides another basis for relevancy.

3. In Request No. 15, Plaintiffs sought the production of "Agendas, minutes, minutes of action, and all other records of the Board of Directors of Vail Health and all committees of the Board of Directors" from November 1, 2012, to the present.

4. Vail Health stated that it would produce the nonprivileged portions of Vail Health Board of Directors' agendas and minutes for the period 2015 through the present that relate to Howard Head and Vail Health's physical therapy services.

5. Plaintiffs presented evidence that that certain Board documents referencing physical therapy have not been produced. For example, Nicholas Brown stated that he would be presenting at a Board meeting in April 2016 related to the physical therapy joint venture, the minutes of which and the actual presentation he gave to the Board were not produced. *See* Pls.' Ex. 18 at VH_Fed_00001973.

6. Plaintiffs also submitted evidence that a Howard Head-related presentation was made to the Finance Committee and that Howard Head's explanations for failing to meet budget in 2013 would be presented the Board, the minutes and agendas of both were not produced. *See* Pls.' Exs. 22-23.

7. From Vail Health's response, it appears that Vail Health did not search for relevant documents of the Steering Committee, which was formed to analyze expansion of Vail Health's services into other markets such as Summit County and Aspen/Basalt,

which included physical therapy.  It also appears that Vail Health did not review the minutes and agendas of the Finance Committee to determine whether documents are relevant to this antitrust action.

8. Finally, Plaintiffs moved to compel answers to certain interrogatories that Vail Health did not answer.  These interrogatories seek identification of potential witnesses.

## CONCLUSIONS OF LAW

9. Under Rule 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense," meaning relevancy is broadly construed for discovery.  *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).  "[A] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Spacecon Specialty Contractors, LLC v. Bensinger*, Civil Action No. 09-cv-02080-REB-KLM, 2010 WL 4823056, at *4 (D. Colo. Nov. 15, 2010).

10. "Discovery in an antitrust case is necessarily broad because allegations involve improper business conduct," which "is generally covert and must be gleaned from records, conduct, and business relationships."  *Callahan v. AEV, Inc.*, 947 F. Supp. 175, 179 (W.D. Pa.1996); *United States v. Int'l Bus. Machs. Corp.,* 66 F.R.D. 186, 189 (S.D.N.Y. 1974).  Thus, "courts have found it not unusual 'to probe matters at the heart of the business dealings and competitive relationships of the parties' in an antitrust action…." *B-S Steel of Kan. v. Tex. Indus., Inc.*, No. 01-2410-JAR, 2003 WL 21939019, at *3 (D. Kan. July 22, 2003).

11. The Special Master finds that the Vail Health's production of only Board of Directors' documents relevant to physical therapy is too narrow for purposes of discovery. An issue in this action is Vail Health's attempted monopolization related to the proposed joint ventures with The Steadman Clinic and Vail-Summit Orthopedics.  For example, Plaintiffs provided evidence that the Board, on two separate occasions, approved agreements with Steadman that included the joint venture term sheet, the Steadman lease agreement, the Steadman Philippon Research Institute (SPRI) lease agreement, and the SPRI charitable contribution agreement in which Vail Health pledged $43.3 million over ten years.  Vail Health Exhibit 4 at VH_Fed000228, 2837.  While Vail Health produced a draft charitable contribution agreement with SPRI, it did not produce the final, Board-approved agreement.  Additionally, no Board documents have been produced related to VSO's and its foundation's lease agreements or the charitable contributions made to VSO's foundation.

12. Further, Plaintiffs identified documents related to the engagement of the Hammes Company, a third-party consultant that was hired to assist with analyzing and working on the expansion of Vail Health's services into other markets such as Summit County and Aspen/Basalt.  Pls. Ex. 17 at STEADMAN-0002702.  Both expansions included Howard Head physical therapy.  The Hammes presentation specifically references the Steering Committee set up by Vail Health to provide the strategy for expanding into other markets.  The Steering Committee and analyses undertaken by Hammes includes Howard Head and thus are relevant.  *Id.* at STEADMAN-0002709-12, 2714-16, 2722-24, 2754, 2763, 2775.

4

13.     The Special Master therefore finds that documents of the Board of Directors, Steering Committee, and Finance Committee are relevant here and must be produced in unredacted form.

14.     Additionally, an element required under antitrust law is intent, which determines whether the challenged conduct is fairly characterized as exclusionary or anticompetitive.  *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 602 (1985).  General intent is all that is necessary to establish a monopolization claim.  *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.,* 899 F.2d 951, 973 (10th Cir.), *cert. denied,* 497 U.S. 1005 (1990).

15.     Section 2 of the Sherman Act is violated when monopoly power is gained or held by conduct constituting an abnormal response to market opportunities."  *Instructional Sys. Dev. Corp. v. Aetna Cas. & Sur. Co.,* 817 F.2d 639, 649 (10th Cir.1987).  "In order to rise to a section 2 violation, however, the exclusionary conduct must appear reasonably capable of contributing significantly to creating or maintaining monopoly power."  *Id.*  Intending the natural consequences of acts that are lawful does not constitute the "exclusionary intent" required to find a § 2 violation.  Thus, the Special Master finds that whether the Vail Health Board of Directors, as well as its officers and employees, intended the actions alleged in the Amended Complaint to "willfully" acquire monopoly power is relevant to this antitrust action.  For this reason as well, the Special Master finds that the documents of the Board of Directors, Steering Committee, and Finance Committee are relevant and must be produced to Plaintiffs in unredacted form.

16.     Plaintiffs have also indicated that based on certain documents produced by Vail Health, Vail Health will likely attempt to argue that Howard Head has been operating

5

at a $14 million deficit since 2016.  If that were so, one would anticipate that Howard Head's purportedly unprofitable business operations would have been discussed at meetings of the Board of Directors, Finance Committee, and Steering Committee, particularly given Vail Health's expansions in the Vail Valley, Summit County, and Aspen/Basalt exceed over $260 million and include Howard Head.

17. The Special Master therefore finds that the meeting minutes and agendas of the Board of Directors, Finance Committee, and Steering Committee are relevant and should be produced without redactions, except those involving attorney-client privilege or work-product, from November 1, 2012, to the present related in any way to Howard Head, physical therapy, Steadman and its foundation SPRI, and VSO and its foundation VSOF. This includes any documents or presentations presented or provided at any meeting that are referenced in the meeting minutes.

18. Vail Health has made no showing that the search for these documents is in any way burdensome.  Vail Health does not dispute that the Board documents are stored in a software application called BoardEffects, which means that there is a central repository for these documents.  Vail Health provided no affidavit or provided any other evidentiary support showing that the production is in any way burdensome.

19. Additionally, Plaintiffs seek information about potential witnesses that have not been disclosed by Vail Health.

20. In Interrogatory No. 12 seeks information about Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to the pricing, profits, terms and conditions, reimbursement for any joint venture, collaboration, or strategic partnership.  Vail Health

6

did not answer this interrogatory. The Special Master therefore orders Vail Health to answer this interrogatory from November 1, 2012, to the present by identifying Vail Health's employees and other third parties who participated in any such discussions.

21. In Interrogatory No. 13, Plaintiffs seek information about Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to antitrust issues, kickback issues, and referral issues prohibited by the Stark law. Vail Health did not answer this interrogatory. The Special Master therefore orders Vail Health to answer Interrogatory No. 13 from November 1, 2012, to the present.

22. In Interrogatory No. 20(e)-(f), which are the subparts moved upon, Plaintiffs seek the identity of each in-house and outside counsel who was employed by or engaged by Vail Health for purposes of providing legal services related to any joint venture or collaboration relating in any way to physical therapy services, including legal or compliance issues. Vail Health objected on the grounds it was duplicative of discovery in state court action, but that related to RPC-Vail, which is not at issue in Plaintiffs' motion.

23. It also objected based on attorney-client privilege and work-product doctrine. But there is no privilege as to the *identity* of Vail Health's attorneys, as Vail Health concedes when it answered Interrogatory Nos. 3 and 5. *See Mitre Sports Int'l Ltd*. *v*. *Home Box Office*, *Inc*., No. 08-cv-09117 (GBD)(HBP), 2010 WL 11594991, at *16 (S.D.N.Y. Oct. 14, 2010) ("Counsel's identity is not privileged"). Vail Health's objections are overruled, and the Special Master orders Vail Health to answer Interrogatory No. 20(e)-(f) from November 1, 2012, to the present.

24. In Interrogatory No. 21(d)-(e), which are the only subparts moved upon, Plaintiffs seek the identity of each internal and external accountant who was employed or engaged by Vail Health to provide advice related to any joint venture or collaboration relating to physical therapy services, including legal or compliance issues. Vail Health did not answer this interrogatory, claiming it was duplicative of the state court action but that related to RPC-Vail, which is not at issue in this motion. The Special Master orders Vail Health to answer Interrogatory No. 21(d)-(e) from November 1, 2012, to the present.

25. In Interrogatory No. 23(d)-(e), which are the only subparts that Plaintiffs moved on, Plaintiffs seeks the identity of each third-party vendor and consultant employed or engaged by Vail Health for purposes of providing healthcare consulting and analysis, strategic planning, financial consulting, and marketing advice for any joint venture or collaboration related in any way to physical therapy services. Vail Health did not answer this interrogatory. Additionally, Plaintiffs requested the identity of any billing services, such as clearinghouses, Medicare Administrator Contractors, and billing software vendors. Vail Health did not answer the Interrogatory. The Special Master orders Vail Health to answer Interrogatory No. 23(d)-(e) from November 1, 2012, to the present.

26. Plaintiffs also moved to compel the production of a privilege log, that was produced on September 10, 2021. That log is addressed more fully in the Special Master's Order on Motion to Compel #5.

27. Given Vail Health's failure to search for and produce relevant documents, limiting its production to only "Howard Head," failure to answer basic interrogatories identifying potential witnesses, and untimely production of a privilege log, Plaintiffs are entitled to attorneys' fees under Rule 37(a)(5).

## ORDER

PLAINTIFFS' MOTION TO COMPEL #3 IS HEREBY GRANTED AS FOLLOWS:

Within 14 days from the date of this Order, Vail Health shall produce the following:

1. Board of Director, Finance Committee, and Steering Committee meeting minutes and agendas from November 1, 2012, to the present that relate to Howard Head, physical therapy, The Steadman Clinic and/or its foundation SPRI, Vail-Summit Orthopaedics and/or its foundation VSOF.

2. Those presentations and documents referenced in any of the Board of Directors, Finance Committee, or Steering Committee minutes that relate in any way to Howard Head, physical therapy, Steadman and/or its foundation SPRI, and VSO and/or its foundation VSOF.  Plaintiffs shall have 7 days after production of the minutes to identify any additional presentations or documents referenced in the minutes that they believe may be relevant.

3. A privilege log, including any redactions, for the Board of Directors, Finance Committee, or Steering Committee documents ordered to be produced above.

4. Vail Health shall fully answer Interrogatory Nos. 12-13, 20(e)-(f), 21(d)-(e), and 23(d)-(e) and identify the potential witnesses.

5. Plaintiffs may submit a request for attorneys' fees and costs within 14 days from the date of this Order.

IT IS SO ORDERED.                BY THE COURT:


Dated:  December ___, 2021            _____
                                      W. Terry Ruckriegle
                                      Special Master

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2021, I served a true and correct copy of Plaintiffs' Proposed Order On Rule 37 Motion to Compel #3 Relating to RFP No. 15 (Board Documents), Interrogatory Nos. 12-13, 20-21, and 23 (Identification of Potential Witnesses), Failure to Produce Privilege Log, and Redacted Documents, via the Court's ECF system on:

> Shannon Stevenson
> Janet A. Savage
> Jackie Roeder
> Daniel Richards
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
>
> Counsel for Defendant

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow