# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## VAIL HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Vail Health objects to the terms "any," "all," and "each" used in certain of Plaintiffs' discovery requests. Vail Health cannot state that "any," "all," or "each" item of responsive information has been obtained and reserves the right to supplement its responses as more information becomes available. Vail Health further objects to any definition or instruction that attempts to alter Vail Health's obligations under the Federal Rules of Civil Procedure and any other relevant legal authority.

2. Vail Health has conducted a reasonable and diligent investigation in responding to these discovery requests. Thus, Vail Health's responses are based only on such information and documents as are presently available to Vail Health.

1

4767053.6

3. Vail Health objects to each and every discovery request to the extent that they seek the disclosure of information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

4. With respect to any information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, production of any such information or documents shall be deemed inadvertent and will not be construed as a waiver of any such privilege or protection. Any such information and documents inadvertently disclosed shall be returned to Vail Health's counsel immediately upon discovery thereof.

5. Vail Health's responses are solely to discovery requests promulgated in this action and should not be construed as an admission of relevancy, materiality, or admissibility. Vail Health reserves the right to seek exclusion of any response at trial and preserves all evidentiary objections, including, but not limited to, objections as to relevancy, materiality, and admissibility.

6. Vail Health objects to each and every discovery request to the extent they seek to obtain from Vail Health or impose a duty upon Vail Health to obtain information that is not in Vail Health's possession, custody, or control and which is more properly obtained from third persons.

7. Vail Health objects to each and every discovery request to the extent that they seek the disclosure of information that is not proportional to the needs of the case.

8. Where in a response Vail Health states that its responses are subject to and without waiving objections, it means that a reasonable effort will be made to understand and respond to the discovery request by providing relevant information without producing or disclosing information that is privileged or subject to some other objection.

9. All answers or other responses set forth below are subject to and without waiver of any of the general objections and to the other more specific objections set forth below. Vail Health

will not in every instance repeat or specifically incorporate these objections although they are intended to apply throughout.

10. The answer to any of these discovery requests does not constitute a waiver of the right to object to any future, additional or supplemental requests covering the same or similar subject matter.

11. To the extent Vail Health states herein that it will be producing documents in response to the document requests, the documents will be made available for Plaintiffs' counsel's review at a mutually-convenient time and subject to entry of an agreeable HIPAA-qualified protective order.

12. Vail Health objects to searching for and producing documents that have previously been produced in *Winninger et al. v. Vail Health et al.*, 2017CV030102 (Dist. Ct., Eagle Cnty.) ("State Court Action"), which has been pending since May 2017, or to producing documents concerning subject matter on which discovery has occurred in the State Court Action.

13. Each below response to Plaintiffs' requests for production identifies the documents Vail Health intends to produce in response to the request for production, if any. To the extent that a request for production requests the production of documents that Vail Health has not expressly agreed to produce, Vail Health states that it intends to withhold those documents on the basis of its objections, per Fed. R. Civ. P. 34(b)(2)(C).

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All audited and unaudited annual and quarterly financial statements of Vail Health. The relevant time period for Request No. 1 is Vail Health fiscal year 2009 to the present.

**RESPONSE TO REQUEST NO. 1**:

Vail Health objects to Request No. 1 as overly broad, unduly burdensome, not relevant, and disproportionate to the needs of the case. Plaintiffs' allegations relate only to Howard Head Sports Medicine's physical therapy services. Vail Health's financial statements, however, show aggregate information across all of Vail Health's business units and do not segregate information specific to Howard Head Sports Medicine. Based on these objections and the General Objections, Vail Health states that it will not produce the requested documents.

**REQUEST NO. 2:**

All annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 2 is Vail Health fiscal year 2009 to the present.

**RESPONSE TO REQUEST NO. 2**:

Vail Health objects to Request No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the case. Vail Health also objects to the relevance of the request for documents back to 2009, given that Plaintiffs that did not start their physical therapy business until December 2015. Subject to and without waiving these objections and the General Objections, Vail Health will produce financial statements, projections, and financial analyses for Howard Head Sports Medicine created after December 2015 to the extent they exist.

**REQUEST NO. 3:**

All documents relating to the prices charged and revenues realized for the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 3 includes all contracts, agreements, and documents relating to prices for which medical insurers, medical plans, third-party health care administrators, and other health care reimbursement mechanisms have agreed to indemnify Vail Health for physical therapy services provided to patients by its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 3 also includes all contracts, agreements, and documents relating to prices charged by Vail Health to patients who do not have medical insurance, a medical plan, or any other payment arrangement with a third-party. The relevant time period for Request No. 3 is Vail Health fiscal year 2009 to the present.

**RESPONSE TO REQUEST NO. 3**:

Vail Health objects to Request No. 3 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document "relating" to prices and revenues for over a decade. Vail Health also objects to the relevance of the request for documents back to 2009, given that Plaintiffs that did not start their physical therapy business until December 2015. Vail Health further objects to the relevance of documents related to its insurance agreements because Plaintiffs admit that their business does not and never intended to accept payment by insurance carriers. Subject to and without waiving those objections or the General Objections, Vail Health will produce documents created after December 2015 reflecting the prices charged and revenues realized for Howard Head Sports Medicine's physical therapy services to the extent they exist.

**REQUEST NO. 4:**

All documents relating to the costs incurred and profits realized with respect to the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 4 includes, but is not limited to, the salary, benefits, and administrative and overhead costs incurred by Vail Health with respect to its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 4 is Vail Health fiscal year 2009 to the present.

**RESPONSE TO REQUEST NO. 4**:

Vail Health objects to Request No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all" documents "relating" to costs and profits for over a decade. Vail Health also objects to the relevance of the request for documents back to 2009, given that Plaintiffs that did not start their physical therapy business until December 2015. Subject to and without waiving those objections or the General Objections, Vail Health will produce documents created after December 2015 reflecting the costs incurred and revenue realized for Howard Head Sports Medicine's physical therapy services.

**REQUEST NO. 5:**

All documents concerning Vail Health's contention as to the correct "relevant geographic market" and "relevant product or service market" for providing physical therapy services underlying the Complaint for antitrust violations. The relevant time period for Request No. 5 is November 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 5**:

Vail Health objects to Request No. 5 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests "all" documents. Vail Health also objects to the relevance of the request for documents back to November 1, 2011, given that Plaintiffs that did not start their physical therapy business until December 2015. Vail Health further objects to Request No. 5 as calling for a legal conclusion and requesting information that is protected by attorney work product and/or attorney-client privilege. Vail Health also objects to Request No. 5 as requesting information that will be the subject of third-party and/or expert

5

discovery. Subject to and without waiving those objections or the General Objections, Vail Health will produce documents that support its contention that the geographic and product/service markets alleged in Plaintiffs' Amended Complaint are not plausible.

**REQUEST NO. 6:**

All documents concerning Vail Health's identification, analysis of, and any mention of the physical therapy providers that it has considered and/or does consider to be competitors of its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 6 is November 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 6**:

Vail Health objects to Request No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents that make "any mention" of physical therapy providers that Vail Health considers to be competitors of Howard Head Sports Medicine. Vail Health also objects to the relevance of the request for documents back to November 1, 2011, given that Plaintiffs that did not start their physical therapy business until December 2015. Subject to and without waiving those objections or the General Objections, Vail Health will produce documents created after December 2015 reflecting its evaluation of which physical therapy or other service providers Vail Health considered and/or does consider to be competitors of Howard Head Sports Medicine's physical therapy services.

**REQUEST NO. 7:**

All documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 7 is November 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 7**:

Vail Health objects to Request No. 7 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests "all" documents. Vail Health further objects to Request No. 7 as vague and ambiguous to the extent it seeks documents related to Vail Health's "combination[s]" with The Steadman Clinic. Vail Health also objects to the relevance of the request for documents back to November 1, 2011, given that Plaintiffs that did not start their physical therapy business until December 2015. It also seeks information about "proposed" conduct, which is not relevant because it cannot form the basis of anticompetitive conduct. Vail Health further objects to the request as seeking information protected by attorney work product and/or attorney-client privilege. Finally, Vail Health states that extensive discovery has already occurred in the State Court Action regarding Vail Health and Howard Head Sports Medicine's relationship with The Steadman Clinic, including the proposed joint venture. (*See, e.g.*, VAILJV0001-198; VAIL_00001476-78; Vail_00003482-3546; Vail_0003557-3569.) Subject to and without waiving those objections or the General Objections, Vail Health states the responsive documents have been produced in the State Court Action or will be produced.

**REQUEST NO. 8:**

All documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 8 is November 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 8**:

Vail Health objects to Request No. 8 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests "all" documents. Vail Health objects to Request No. 8 as vague and ambiguous to the extent it seeks documents related to Vail Health's "combination[s]" with Vail Summit Orthopedics. Vail Health also objects to the relevance of the request for documents back to November 1, 2011, given that Plaintiffs that did not start their physical therapy business until December 2015. It also seeks information about "proposed" conduct, which is not relevant because it cannot form the basis of anticompetitive conduct. Vail Health further objects to the request as seeking information protected by attorney work product and/or attorney-client privilege. Subject to and without waiving those objections or the General Objections, Vail Health states that it will produce documents related to proposed joint ventures with Vail Summit Orthopedics.

**REQUEST NO. 9:**

Employment records that identify each physical therapist employed by Vail Health in its physical therapy clinic doing business under the trade name of "Howard Head Medical Center." The relevant time period for Request No. 9 is November 1, 2009 to the present.

**RESPONSE TO REQUEST NO. 9**:

Vail Health objects to Request No. 9 as vague and ambiguous to the extent it requests "employment records." In addition, Vail Health objects to Request No. 9 because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and appears calculated to harass third parties. Vail Health also objects to the relevance of the request for documents back to 2009, given that Plaintiffs that did not start their physical therapy business until December 2015. Vail Health states that it did not employ any physical therapists between November 1, 2009 and 2012. Based on these objections and the General Objections, Vail Health states that it will not produce employment records for every physical therapist it has employed.

**REQUEST NO. 10:**

All employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic doing business under the trade name of "Howard Head Medical Center." Request No. 10 includes any changes in policies, procedures, and/or training related to nonsolicitation, noncompete, trade secrets, and confidentiality with respect to the categories of individuals listed above. This request includes any internet or net learning type of applications in which physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff had to acknowledge or agree to any

policy updates or changes related to employment. The relevant time period for Request No. 10 is November 1, 2009 to the present.

**RESPONSE TO REQUEST NO. 10**:

Vail Health objects to Request No. 10 as vague, ambiguous, overly broad, and disproportionate to the needs of the case to the extent it requests "changes in policies, procedures, and/or trainings"; "internet or net learning type of applications"; and "policy updates or changes related to employment." To the extent Request No. 10 seeks employment agreements for all types of employees, Vail Health objects to the request as overly broad, unduly burdensome, and seeking information that is irrelevant and disproportionate to the needs of the case. Plaintiffs allege that Vail Health has committed anticompetitive conduct by including restrictive covenants in its employment agreements *with physical therapists*, not with "medical staff, directors, officers, managers, administrative staff, [or] secretarial staff . . . ." Vail Health also objects to the relevance of the request for documents back to 2009, given that Plaintiffs that did not start their physical therapy business until December 2015. Vail Health states that it did not employ any physical therapists between November 1, 2009 and 2012. Finally, Vail Health states that discovery has already occurred in the State Court Action regarding Vail Health's employment agreements. Subject to and without waiving these objections or the General Objections, Vail Health will produce exemplars of its employment agreements with physical therapists and relevant employment policies in place after December 2015 to the extent not already produced in the State Court Action.

**REQUEST NO. 11:**

All documents relating to and/or mentioning Lindsay Winninger, Brad Schoenthaler, and/or any other physical therapist or employee of Sports Rehab, as well as Sports Rehab as a business entity. The relevant time period for Request No. 11 is January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 11**:

Vail Health objects to Request No. 11 as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case, to the extent it seeks every document "relating to and/or mentioning" numerous individuals (some unnamed) and Sports Rehab. Vail Health further objects to Request No. 11 as requesting production of information that is protected by attorney work product and/or attorney-client privilege. Finally, Vail Health states that discoverable documents responsive to Request No. 11 have previously been produced in the State Court Action. *See* Plaintiffs' Requests for Production Nos. 2, 4, and 6 in the State Court Action ("All documents . . . about any of the Plaintiffs during the Relevant Period.") ("All documents that relate to any of the Plaintiffs during the Relevant Period . . . .") ("All documents provided to or received from any Third Party that relate to Plaintiffs during the Relevant Period."). Subject to and without waiving those objections or the General Objections, Vail Health states that responsive documents have been produced in the State Court Action.

**REQUEST NO. 12:**

All contracts, agreements, and documents that relate to the non-renewal and/or termination of Vail Health's contractual and business relationship with the physical therapy clinics in Colorado

8

that were operated by RPC-Vail and/or Proaxis that engaged in business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 12 is November 1, 2009 to the present.

**RESPONSE TO REQUEST NO. 12**:

Vail Health objects to Request No. 12 as overly broad, unduly burdensome, and disproportionate to the needs of the case, to the extent it seeks a broad category of documents from nearly a decade ago. Vail Health further objects to Request No. 12 as requesting production of information that is protected by attorney work product and/or attorney-client privilege. Finally, Vail Health states that discoverable documents responsive to Request No. 12 have previously been produced in the State Court Action. *See* Plaintiffs' Request for Production No. 4 ("All contracts, agreements, and documents that relate to the non-renewal and/or termination of Vail Health's contractual and business relationship with the physical therapy clinics in Colorado that had been operated by RPC-Vail and/or Proaxis that engaged in business under the Howard Head trade name."); *see, e.g.*, VAIL_00003418-3473; Vail_00024658-24662; Vail_00024675-24680; Vail_00048825-48831; Vail_00050562-65. Subject to and without waiving those objections or the General Objections, Vail Health states that responsive documents have been produced in the State Court Action.

**REQUEST NO. 13:**

All documents related to the maintenance, modification, deletion, or restructuring of the Vail Health shared drive from May 2012 to the present. This request includes, but is not limited to, all files and folders that were in the Vail Health shared drive from May 31, 2012 to the present (including Lindsay Winninger's folder), the preservation of the Vail Health shared drive as it existed before any changes were made by Vail Health in 2016 and 2017, communications about the restructuring, locking down, deleting, or moving files and folders stored on the Vail Health shared drive, and all documents related to any investigation, inquiry, or review related to the contents of the Vail Health shared drive. The relevant time period for Request No. 13 is May 31, 2012 to the present.

**RESPONSE TO REQUEST NO. 13**:

Vail Health objects to Request No. 13 as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every file and folder on Vail Health's shared drive for nearly a decade; every document related to "maintenance, modification, deletion, or restructuring" of those files and folders for nearly a decade; every communication about "restructuring, locking down, deleting, or moving" those files and folders for nearly a decade; and every document "related to any investigation, inquiry, or review" of those files and folders for nearly a decade. To the extent Request No. 13 seeks information regarding Vail Health's review and modification of the shared drive in 2016 and 2017, these issues have been the subject of extensive document and deposition discovery and numerous discovery motions in the State Court Action. *See* Plaintiffs' Request for Production No. 7 in the State Court Action ("All documents related to the maintenance, modification, deletion, or restricting of the Vail Health shared drive from May 2012 to the present.); *see, e.g.*, Kolczak Dep. Tr., *passim* (Mar. 27, 2020); Messersmith Dep. Tr., *passim* (Mar. 8, 2020); Vail_00041742-41902, Vail_00049457-

9

50831.  Subject to and without waiving these objections or the General Objections, Vail Health states that responsive documents have been produced in the State Court Action.

**REQUEST NO. 14:**

All documents produced by Vail Health and/or Doris Kirchner in *Winninger v. Kirchner* and *Vail Clinic, Inc.,* Case No. 2017CV030102, venued in District Court, Eagle County, Colorado.

**RESPONSE TO REQUEST NO. 14**:

Vail Health objects to Request No. 14 because it is overly broad, and disproportionate to the needs of the case.  Subject to and without waiving those objections or the General Objections, Vail Health agrees that Plaintiffs may use in this action documents produced in the State Court Action, subject to the Court's entry of a HIPAA-qualified protective order.  Vail Health reserves all rights concerning the documents produced in the State Court Action, including but not limited to all objections to relevance or admissibility.

Dated:  October 9, 2020

     *s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing **VAIL HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served by e-mail on this 9th day of October, 2020, to the following:

| | |
|---|---|
| Jesse Wiens | Alan L. Kildow |
| Fahrenholtz & Wiens LLC | 790 Potato Patch Drive |
| 100 West Beaver Creek Blvd., Suite 236 | Vail, Colorado 81657 |
| Avon, Colorado 81620 | Email: akildow@aol.com |
| Email: fwlawyers@gmail.com | |

                *s/Paige Finnell*

11