# EXHIBIT 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Sports Rehab Consulting LLC & Lindsay Winninger )
*Plaintiff* )
v. ) Civil Action No. 1:19-cv-02075-WJM-GPG
Vail Clinic, Inc. d/b/a Vail Health )
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Vail-Summit Orthopaedics & Neurosurgery

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: For a list of documents, please see attached Schedule A, which includes instructions on production.

| Place: Alan Kildow<br>790 Potato Patch Drive<br>Vail, CO 81657 | Date and Time:<br>06/25/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/04/2021

*CLERK OF COURT*

OR

_____     s/ Alan L. Kildow
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alan L. Kildow 790 Potato Patch Dr., Vail CO 81657  970.390.6675  alkildow@aol.com , who issues or requests this subpoena, are:
Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02075-WJM-GPG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Vail-Summit Orthopaedics & Neurosurgery
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1.  **Definitions.** As used in this Subpoena Duces Tecum:

    (a) "Agreement" means any contract, arrangement, understanding, strategic partnership, joint venture, letter of intent, term sheet, or business relationship, formal or informal, oral or written, between two or more persons related in any way to orthopedic services or physical therapy.

    "Agreement" includes all drafts exchanged between the parties, amendments, modifications, addendums, and exhibits.

    "Agreement" also includes any type of restrictive covenants regardless of whether the terms were actually included in the agreements or not and include, but are not limited to: (1) provisions related to the provider of physical therapy services, (2) prohibitions on using other healthcare facilities or providers that may compete with Vail Health, (3) nondisclosure or confidentiality provision, and (4) or any other terms that relate in any way to physical therapy services.

    (b) "All" means the documents that can be located by a reasonably diligent search of places you reasonably believe to contain such documents.

    (c) "Any" means one or more.

    (d) "Communication" means any disclosure, transfer, or exchange of information or opinion, formal or informal, however made.

    (e) "Document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody or control, including memoranda, reports, letters, electronic correspondence, and other communications recorded in any form or medium; notes, minutes, transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs, photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic records; and computer printouts. The term includes all drafts of a documents; the original document (or a copy therefore if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or tother information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

(f) "Howard Head Sports Medicine" and "Howard Head" means the physical therapy trade name or department of Vail Clinic, Inc. that provided physical therapy services during the relevant period, and includes all in-patient and out-patient locations in Colorado.

(g) "Joint venture," "collaboration," or "partnership" means any agreement or discussions between VSO and any of the following: Vail Health, Howard Head, and The Steadman Clinic related in any way to physical therapy services from January 1, 2014 that are provided, or will be provided, in Frisco and Dillion, Colorado.

(h) "Physical therapy services" means general business discussions and communications about in-patient and out-patient rehabilitation and physical therapy services that may be provided to your patients, such as where the services would be provided, how they would be provided, the pricing and compensation for those services, and whether Vail Health attempted to impose any limitations or restrictions on those services. It does not include communications about the actual treatment of individual patients.

(i) "Relating to" means discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

(j) "Relevant period" means from January 1, 2014 to the present.

(k) "Vail Health," "Vail Clinic, Inc.," or "Vail Clinic" means the hospital with its primary location at 180 South Frontage Road West, Vail, Colorado and all predecessors or affiliated entities, including Vail Valley Medical Center, Vail Health Foundation, the physical therapy clinic doing business under the name Howard Head, and Vail Clinic's in-patient and out-patient locations in Colorado that provide, or will be providing, any type of physical therapy services. It also includes all current and former agents, accountants, attorneys, consultants, employees, representatives, and anyone else acting on Vail Health's behalf, including Michael Shannon, Doris Kirchner, Nicolas Brown, Luke O'Brien, Matthew C. Jones, and Donald R. Auten.

(l) "You," "your," and "VSO" means Vail-Summit Orthopaedics & Neurosurgery and all current and former employees, doctors, agents, accountants, attorneys, consultants, representatives, and anyone else acting on your behalf, including, but not limited to, Richard Cunningham, PJ Abbott, John Polikandriotis, and Chip Webb.

2.  **Instructions.**

    (a)  The Colorado Federal District Court in the action in which this subpoena *duces tecum* is issued has entered a HIPAA Qualified Protective Order to protect any HIPAA-related information, as well as a general protective order to cover any confidential documents and information that may be produced by you. The protective order is attached as **Exhibit 1** to this Subpoena and you may designate any documents produced in response to this Subpoena under the terms of the protective order.

    (b)  You are requested to search all documents within your possession, custody, or control, or within the possession, custody, or control of your agents, wherever located. This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on your behalf. A document is in your possession, custody, or control if it is in your actual possession, or if it is in the custody of another person and you own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that you may use, inspect, or copy such document, or as a practical matter, ought to do so.

    (c)  The documents shall include all attachments, envelopes, explanatory notes, memoranda, and any other material that encompasses the document(s) requested. If the specific document elicited a response, the response is to be produced. If the document was a response, the document to which it responded is to be produced.

    (d)  If you encounter any ambiguity in construing this Subpoena, please identify the issue deemed "ambiguous" and respond to the Subpoena by indicating the chosen construction used in responding to the Subpoena.

    (e)  In producing documents, all documents physically attached to each other when located for production shall be left so attached. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated. Documents shall be retained in the order they were maintained, in the file where found, and shall be identified from whose files the document originated.

    (f)  If any document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document is being withheld and redacted, and the reason that the document is being withheld and redacted.

3

(g) If any documents cannot be produced because they no longer exist, please produce a log for each category of documents that no longer exist that includes the following:

    (i) The document or category of documents that no longer exist;

    (ii) The date of destruction if known; and

    (iii) The reason for destruction.

(h) If you assert that any document required to be produced is privileged or otherwise protected from discovery, please produce a log for each document or thing claimed to be privileged that includes the following:

    (i) The name and organizational position, if any, of each writer, author, or sender of the document;

    (ii) The name and organizational position, if any, of each recipient, or custodian of the document;

    (iii) The place, approximate date, and manner of recording, creating, or otherwise preparing the document;

    (iv) The form of the document (*e.g.*, memorandum, letter, e-mail);

    (v) The subject matter(s) to which the document pertains; and

    (vi) The privilege asserted.

(i) Documents should be produced in electronic form. We will confer with you about the requested method for production.

(j) All questions relating to interpretations of or compliance with this Subpoena should be directed to Alan Kildow (970-390-6675 or alkildow@aol.com) or Sonya Braunschweig (612-819-2304 or sonya.braunschweig@gmail.com).

3. **Subpoenaed Documents.** You are requested to produce the following documents pursuant to this Subpoena for the relevant period. The general category of documents requested is provided in bold below, with descriptions of the types of documents included in each of the categories.

    (a) **Collaboration Between VSO, The Steadman Clinic, And Vail Health Related To Physical Therapy Services In Dillon**

        (i) All agreements between VSO, The Steadman Clinic, and/or Vail Health regarding any collaboration related to physical therapy services to be provided in Dillon. This includes all agreements, letters of intent, and terms sheets that were exchanged between the parties, including any lease agreements, including any drafts.

        (ii) All communications related in any way to the collaboration between VSO, The Steadman Clinic, and/or Vail Health related in any way to physical therapy services in Dillon. This includes internal and external communications regarding the any agreements, term sheets, and letters of intent; the purpose of the collaboration, the pricing of physical therapy services, the reasons for entering into such a collaboration, and the financial aspects of the collaboration.

        (iii) All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any way to physical therapy services in Dillon.

        (iv) All studies, reports, or any other analyses that you received from The Steadman Clinic, Vail Health, or any of their consultants related in any way to physical therapy services in Dillon.

    (b) **Physical Therapy Services In Frisco**

        (i) All agreements between VSO, The Steadman Clinic, and/or Vail Health regarding any physical therapy services to be provided in Frisco. This includes all agreements, letters of intent, and term sheets that were exchanged between the parties, including any drafts.

        (ii) All internal and external communications between VSO, The Steadman Clinic, and/or Vail Health related in any way to physical therapy services in Frisco.

5

(iii) All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any way to physical therapy services in Frisco.

(iv) All studies, reports, or any other analyses that you received from Steadman, Vail Health, or any of their consultants related in any way to physical therapy services in Frisco.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Sports Rehab Consulting LLC & Lindsay Winninger )
*Plaintiff* )
v. ) Civil Action No. 1:19-cv-02075-WJM-GPG
Vail Clinic, Inc. d/b/a Vail Health )
)
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Vail-Summit Orthopaedics & Neurosurgery

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: For a list of documents, please see attached Schedule A, which includes instructions on production.

| Place: Alan Kildow<br>790 Potato Patch Drive<br>Vail, CO 81657 | Date and Time:<br>06/25/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/04/2021

*CLERK OF COURT*

OR

_____     s/ Alan L. Kildow
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alan L. Kildow 790 Potato Patch Dr., Vail CO 81657  970.390.6675  alkildow@aol.com , who issues or requests this subpoena, are:
Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02075-WJM-GPG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Vail-Summit Orthopaedics & Neurosurgery
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1.  **Definitions.** As used in this Subpoena Duces Tecum:

    (a) "Agreement" means any contract, arrangement, understanding, strategic partnership, joint venture, letter of intent, or business relationship, formal or informal, oral or written, between two or more persons related in any way to orthopedic services or physical therapy.

    "Agreement" includes all drafts exchanged between the parties, amendments, modifications, addendums, and exhibits.

    "Agreement" also includes any type of restrictive covenants regardless of whether the terms were actually included in the agreements or not and include, but are not limited to: (1) provisions related to the provider of physical therapy services, (2) prohibitions on using other healthcare facilities or providers that may compete with Vail Health, (3) nondisclosure or confidentiality provision, and (4) or any other terms that relate in any way to physical therapy services.

    (b) "All" means the documents that can be located by a reasonably diligent search of places you reasonably believe to contain such documents.

    (c) "Any" means one or more.

    (d) "Communication" means any disclosure, transfer, or exchange of information or opinion, formal or informal, however made.

    (e) "Document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody or control, including memoranda, reports, letters, electronic correspondence, and other communications recorded in any form or medium; notes, minutes, transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs, photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic records; and computer printouts. The term includes all drafts of a documents; the original document (or a copy therefore if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or tother information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

(f)   "Howard Head Sports Medicine" and "Howard Head" means the physical therapy trade name or department of Vail Clinic, Inc. that provided physical therapy services during the relevant period, and includes all in-patient and out-patient locations in Colorado.

(g)   "Joint venture," "collaboration," or "partnership" means any agreement or discussions between VSO and any of the following: Vail Health, Howard Head, and The Steadman Clinic related in any way to physical therapy services from January 1, 2014 to the present at any other location in which Vail Health or Howard Head provides offers or will provide physical therapy services to VSO patients (excluding Dillon and Frisco, which is the subject of a separate subpoena).

(h)   "Physical therapy services" means general business discussions and communications about in-patient and out-patient rehabilitation and physical therapy services that may be provided to your patients, such as where the services would be provided, how they would be provided, the pricing and compensation for those services, and whether Vail Health attempted to impose any limitations or restrictions on those services. It does not include communications about the actual treatment of individual patients.

(i)   "Relating to" means discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

(j)   "Relevant period" means from January 1, 2014 to the present.

(k)   "Vail Health," "Vail Clinic, Inc.," or "Vail Clinic" means the hospital with its primary location at 180 South Frontage Road West, Vail, Colorado and all predecessors or affiliated entities, including Vail Valley Medical Center, Vail Health Foundation, the physical therapy clinic doing business under the name Howard Head, and Vail Clinic's in-patient and out-patient locations in Colorado that provide, or will be providing, any type of physical therapy services. It also includes all current and former agents, accountants, attorneys, consultants, employees, representatives, and anyone else acting on Vail Health's behalf, including Michael Shannon, Doris Kirchner, Nicolas Brown, Luke O'Brien, Matthew C. Jones, and Donald R. Auten.

(l)   "You," "your," and "VSO" means Vail-Summit Orthopaedics & Neurosurgery and all current and former employees, doctors, agents, accountants, attorneys, consultants, representatives, and anyone else acting on your behalf, including , including, but not limited to, Dr. Richard Cunningham, Dr. PJ Abbott, John Polikandriotis, and Chip Webb.

2

**2.   Instructions.**

(a)   The Colorado Federal District Court in the action in which this subpoena *duces tecum* is issued has entered a HIPAA Qualified Protective Order to protect any HIPAA-related information, as well as a general protective order to cover any confidential documents and information that may be produced by you. The protective order is attached as **Exhibit 1** to this Subpoena and you may designate any documents produced in response to this Subpoena under the terms of the protective order.

(b)   You are requested to search all documents within your possession, custody, or control, or within the possession, custody, or control of your agents, wherever located. This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on your behalf. A document is in your possession, custody, or control if it is in your actual possession, or if it is in the custody of another person and you own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that you may use, inspect, or copy such document, or as a practical matter, ought to do so.

(c)   The documents shall include all attachments, envelopes, explanatory notes, memoranda, and any other material that encompasses the document(s) requested. If the specific document elicited a response, the response is to be produced. If the document was a response, the document to which it responded is to be produced.

(d)   If you encounter any ambiguity in construing this Subpoena, please identify the issue deemed "ambiguous" and respond to the Subpoena by indicating the chosen construction used in responding to the Subpoena.

(e)   In producing documents, all documents physically attached to each other when located for production shall be left so attached. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated. Documents shall be retained in the order they were maintained, in the file where found, and shall be identified from whose files the document originated.

(f)   If any document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document is being withheld and redacted, and the reason that the document is being withheld and redacted.

(g)   If any documents cannot be produced because they no longer exist, please produce a log for each category of documents that no longer exist that includes the following:

   (i)   The document or category of documents that no longer exist;

   (ii)  The date of destruction if known; and

   (iii) The reason for destruction.

(h)   If you assert that any document required to be produced is privileged or otherwise protected from discovery, please produce a log for each document or thing claimed to be privileged that includes the following:

   (i)   The name and organizational position, if any, of each writer, author, or sender of the document;

   (ii)  The name and organizational position, if any, of each recipient, or custodian of the document;

   (iii) The place, approximate date, and manner of recording, creating, or otherwise preparing the document;

   (iv)  The form of the document (*e.g.*, memorandum, letter, e-mail);

   (v)   The subject matter(s) to which the document pertains; and

   (vi)  The privilege asserted.

(i)   Documents should be produced in electronic form. We will confer with you about the requested method for production.

(j)   All questions relating to interpretations of or compliance with this Subpoena should be directed to Alan Kildow (970-390-6675 or alkildow@aol.com) or Sonya Braunschweig (612-819-2304 or sonya.braunschweig@gmail.com).

4

3. **Subpoenaed Documents.** You are requested to produce the following documents pursuant to this Subpoena for the relevant period. The general category of documents requested is provided in bold below, with descriptions of the types of documents included in each of the categories.

   (a) **Proposed Joint Venture Related To Physical Therapy Services**

   (i) All agreements with Vail Health related to any joint venture for physical therapy services contemplated by VSO and Vail Health, which also potentially involved The Steadman Clinic. This includes any drafts of any agreements or letters of intent exchanged between the parties.

   (ii) All communications with Vail Health or The Steadman Clinic related in any way to the joint venture for physical therapy services. This includes all internal and external communications regarding the terms of any joint venture agreement, the purpose of the joint venture, the pricing of physical therapy services, the termination of any letters of intent, and why the joint venture was not entered into.

   (iii) All financial information you provided to Vail Health. This not only includes information related to VSO, but also Avalanche Physical Therapy or any other third party.

   (iv) All communications and documents related to VSO acquiring Avalanche Physical Therapy and then potentially selling Avalanche Physical Therapy to the joint venture, as discussed by Chip Webb and Nico Brown in 2016.

   (v) All studies, reports, or any other analyses that you, or any consultants on your behalf, performed, discussed, or analyzed related in any way to the joint venture, including with respect to the possible acquisition of Avalanche and selling it to the joint venture.

   (vi) All studies, reports, or any other analyses that you received from Vail Health or The Steadman Clinic, or any of their consultants, that discuss, or analyze the joint venture in any way.

**(b)** **Communications Regarding Physical Therapy Services**

(i) All communications between you and Vail Health related to Vail Health providing, or potentially providing, physical therapy services to your patients. This request does not include communications about the treatment of individual patients but seeks general business communications about providing those services, where the services would be provided, how they would be provided, how those services would be priced and billed, the profitability of providing such services, and whether Vail Health attempted to impose any limitations or restrictions on providing physical therapy services.

(ii) All documents and communications about Vail Health establishing a website, such as www.vailortho.com, referencing, in part, orthopedic-related services provided by VSO, The Steadman Clinic, Howard Head, and/or Vail Health.

(iii) All communications between you and Vail Heath that reference or discuss any other entities providing, or potentially providing, physical therapy services to your patients, including Sports Rehab Consulting, Avalanche Physical Therapy, Axis Sports Medicine, Altius Physical Therapy, and Wellness, Competitive Edge Physical Therapy & Fitness, Jointworx Physical Therapy, Movement Physical Therapy, Vail Integrative Medicine Clinic, or Vail Physical Therapy. This request does not include communications about the treatment of individual patients but seeks general business communications about competitors of Vail Health providing, or potentially providing, physical therapy services to your patients.

(iv) All internal communications related to any entity providing, or potentially providing, physical therapy services for your patients and includes, but is not limited to, the following entities: Sports Rehab Consulting, Avalanche Physical Therapy, Axis Sports Medicine, Altius Physical Therapy, and Wellness, Competitive Edge Physical Therapy & Fitness, Jointworx Physical Therapy, Movement Physical Therapy, Vail Integrative Medicine Clinic, or Vail Physical Therapy. This request does not seek communications about the treatment of individual patients but rather general business communications about referring, or potentially referring, your patients to any of those entities.

  (v) All documents and communications about VSO, or any of its related entities, potentially providing physical therapy services in Eagle County.

**(c) Agreements And Communications Regarding Leasing Or Purchasing Space**

  (i) All leasing agreements between VSO and Vail Health during the relevant period.

  (ii) All communications between VSO and Vail Health related in any way to physical therapy, including any proposed restrictions on physical therapy being provided by VSO, or its agents, in the leased space.

  (iii) All other agreements evidencing any noncompetes or other restrictive covenants between you and Vail Health related in any way to physical therapy.

**(d) Surgeries Performed**

  (i) A monthly summary of surgeries performed by each of your doctors at any Vail Health location. The summary should identify each doctor's total number of surgeries performed each month at each location.

  (ii) A monthly summary of surgeries performed by each of your doctors at any VSO location. The summary should identify each doctor's total number of surgeries performed each month at each location.

  (iii) A monthly summary of surgeries performed by each of your doctors at Vail Valley Surgery Center. The summary should identify each doctor's total number of surgeries performed each month.