**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

    Defendant.

---

**PLAINTIFFS' MOTION TO PLACE EXHIBIT UNDER FILING RESTRICTION**

---

Under Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Plaintiffs Sports Rehab Consulting and Lindsay Winninger move to place Level 1 filing restrictions on Exhibit 1 filed with Plaintiffs' Motion to Place Exhibit Under Filing Restrictions due to the confidential nature of Ms. Winninger's consulting relationship with an entity that she entered into a Nondisclosure Agreement with. [ECF No. 240-41]. For purposes of this motion, and so this motion can be filed publicly, Plaintiffs will refer to this entity as "AEO Restricted Entity." Additionally, Plaintiffs seek to restrict Exhibit 1 to the Motion to Restrict, which is the nondisclosure agreement that Winninger entered into with AEO Restricted Entity. This Nondisclosure Agreement was filed with the Motion to Restrict to show the confidentiality measures that the AEO Restricted Entity takes with respect to its engagements.

**Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs conferred with Vail Health by email regarding this motion. Vail Health confirmed that it does not oppose the relief requested by Plaintiffs in this motion.**

1. As to the AEO Restricted Entity, Ms. Winninger has a ten-year Nondisclosure Agreement that requires that she not discuss, disclose, or disseminate any confidential information received or accessed under her agreement. Nor may she mention the AEO Restricted Entity or disclose her relationship with the entity. The agreement does allow here to disclose her relationship with the AEO Restricted Entity as required by law, but the AEO Restricted Entity seeks that the information be disclosed under a Protective Order. In light of this, Plaintiffs filed the Nodisclosure aAgreement with the Motion to Restrict as Exhibit 1 and thus respectfully request that the Nondisclosure Agreement, which is not material to the motion for protective order, be maintained as restricted, with only the parties and the Court having access to that agreement.

2. Due to the nature of the AEO Restricted Entity's business, which is on the cutting edge and competitive, the AEO Restricted Entity deems the Nondisclosure Agreement to be so important that the agreement extends for ten years, or so long as such information remains confidential or proprietary to the AEO Restricted Entity. The AEO Restricted Entity has not publicly disclosed Ms. Winninger's consulting services and has not indicated any intent to do so.

3. Plaintiffs now turn to the factors related to filing a motion to restrict:

Motion to Restrict. A motion to restrict public access shall be open to public inspection and shall: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

4. Plaintiffs seek permission to file the Nondisclosure Agreement as restricted. Plaintiffs did not have any intention of filing the Nondisclosure Agreement with the Court until it became necessary to do so to explain in more detail, and provide evidentiary support, as to why Plaintiffs seek to maintain any information related to the AEO Restricted Entity from the public view.

5. Plaintiffs' request is consistent the October 23, 2020 Stipulated Protective Order entered by this Court, [ECF No. 76], which allows parties to designate documents as "Attorneys Eyes Only" "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors." The Nondisclosure Agreement itself states that if there is an unauthorized disclosure, Ms. Winninger's consulting services contract with the AEO Restricted Entity may be terminated.

6. Plaintiffs also designated this information "Attorneys' Eyes Only" to protect the interests of a third party and ensure that Ms. Winninger abided by her obligations to that party (that has no interest in this action) to maintain the secrecy of even the identity of the AEO Restricted Entity. If she had not done so, that could be determinantal to her competitive standing to maintain that relationship and perform other consulting services with entities requiring similar nondisclosures.

7. This is the type of information that is found to be the type to be protected from public disclosure. See *Nixon v. Warner Comm'ns,* 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (information which "could harm the competitive interests of third parties"); *Huddleson v. City of Pueblo, Colo.*, 270

3

F.R.D. 635, 637 (D. Colo. 2010) (invade privacy interests).

8. Additionally, due to the highly-confidential and competitive nature of the business that the AEO Restricted Entity is involved in, as well as its strict Nondisclosure Agreement that protects its confidential and proprietary information from being disclosed, Plaintiffs designated this information "Attorneys' Eyes Only" to ensure that the AEO Restricted Entity's competitors do not learn about the confidential business strategies it has undertaken in its business.  It is the AEO Restricted Entity, a third party having no interest in this antitrust action, that is the holder of the proprietary and confidential information, and it has taken extreme measures to ensure that even its identity is not publicly disclosed.

9. The AEO Restricted Entity's identity and the services Ms. Winninger provided are not relevant or necessary for purposes of deciding Plaintiffs' motion to restrict and the public's interest in this information should not even be a factor.  This Court in *Am. Friends Serv. Comm. v. City & Cnty. of Denver*, Civil Action No. 02-N-740 (CBS), 2004 U.S. Dist. LEXIS 18474, at *26-27 (D. Colo. Feb. 19, 2004), addressed a similar issue when it found that nonparties have a reasonable expectation of privacy that must be respected and provides "a compelling reason for overriding the public's right of access to court records….disclosing the names of these non-parties is not necessary in order for the public to understand the rationale for the court's rulings on the underlying non-dispositive motions."

10. Restriction at Level 1 thus provides the best means for protecting this confidential information of a third party.

## CONCLUSION

Plaintiffs respectfully request that their motion to restrict be granted in its entirety and that the Nondisclosure Agreement be maintained at Restricted Level 1 status.

Dated:  December 10, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard
Suite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2021, I served a true and correct copy of Plaintiffs' Motion to Place Exhibit Underling Filing Restriction, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant Vail Health

                                           *s/Alan L. Kildow*