# INSTRUCTIONS FOR PREPARATION

# OF SCHEDULING ORDER

When the court has set a scheduling conference pursuant to Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.1 and 16.2 , a scheduling order shall be prepared in accordance with these instructions.  The rule 26(f) meeting shall be held at least 21 days before the proposed scheduling order is due to be tendered.  The disclosures required by Fed. R. Civ. P. 26(a)(1) shall be exchanged at or within 14 days after the rule 26(f) meeting.  Do not file any disclosure statements with the court.

Seven days before the scheduling conference (see Fed. R. Civ. P. 6 for all computations of time), counsel are to tender a proposed scheduling order which shall include the signatures of counsel and *pro se* parties and shall provide for approval by the court as specified on the attached form.  Counsel and pro se parties should try, in good faith, to agree upon matters covered in the scheduling order.  Any area of disagreement should be set forth with a brief statement concerning the basis for the disagreement.  The parties should expect that the court will make modifications in the proposed scheduling order and will want to discuss all issues affecting management of  the case.

Local civil rules D.C.COLO.LCivR 40.1(c) and 72.2 authorize full-time magistrate judges to exercise jurisdiction of  civil matters upon the consent of the parties.  If all parties have consented to the  exercise of jurisdiction by a magistrate judge pursuant to D.C.COLO.LCivR 40.1(c ) or 72.2, the  "Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction" form is to be filed promptly with the Clerk of the Court and the  consent indicated in section 6 of the proposed scheduling order.  Note that  D.C.COLO.LCivR 40.1(c)(7) and 72.2(d) provide, in part:  "Unless otherwise ordered by the assigned district judge, written consent to proceed before a magistrate judge must be filed no later than (1) seven days before the scheduling conference, if any; or (2) 45 days after the filing of the first response, other than an answer, to the operative complaint, whichever is earlier"  Refer to D.C.COLO.LCivR 40.1(c)(7) or 72.2(f)  if all parties have not been served or in the event additional parties are added after the  scheduling conference.

Listed on the following pages is the format for the proposed  scheduling order.  The bracketed and italicized information on the form explains what  the court expects.

i

Also available on the court's website 'Forms" page (link available <u>HERE</u>) is the proposed scheduling order form in an ERISA action, the proposed scheduling order form in a patent case, and the proposed joint case management plan for petitions for review of agency action in environmental cases.  The bracketed and italicized information on the form explains what the court expects.

**Scheduling orders shall be double-spaced in accordance with D.C.COLO.LCivR 10.1(e), even though the instructions in the following format for the proposed scheduling order are single-spaced.**

**<u>PARTIES AND COUNSEL ARE DIRECTED TO THE COURT'S WEBSITE</u>, <u>http://www.cod.uscourts.gov/Home.aspx</u> FOR ITS LOCAL RULES AND THE GENERAL PROCEDURES OF EACH JUDICIAL OFFICER.**

(Rev. 03/2020)