# Exhibit 4

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>885 Chambers Ave.; P.O. Box 597<br>Eagle, CO 81631<br>Phone: (970) 328-6373 | DATE FILED: December 2, 2021 1:54 PM<br>CASE NUMBER: 2017CV30102 |
| | ▲COURT USE ONLY▲ |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br>v.<br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a/ VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation;<br><br>v.<br>**Third-Party Defendant:** David J. Cimino, an individual. | Case No.: 17CV30102<br><br>Div.: 3 |
| **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON VAIL HEALTH'S TRADE SECRETS, CIVIL THEFT, CONVERSION, AND CONSPIRACY COUNTERCLAIMS** | |

THIS MATTER is before the Court on *Plaintiffs' Refiled Motion for Summary Judgment on Vail Health's Trade Secrets, Civil Theft, Conversion, and Conspiracy Counterclaims* submitted, through counsel, by Plaintiffs Lindsay Winninger, an individual ("Winninger"), and Sports Rehab Consulting LLC, a Colorado limited liability company ("SRC") (collectively, "Plaintiffs") on August 27, 2021 ("Motion"). On September 20, 2021, Vail Clinic, Inc. d/b/a Vail Valley Medical Center, a Colorado nonprofit corporation ("Vail Health") submitted, through counsel, *Vail Health's Brief in Opposition to Plaintiffs' Refiled Motion for Summary Judgment on Vail Health's Trade Secrets, Civil Theft, Conversion, and Conspiracy Counterclaims* ("Opposition"). On October 1, 2021, Plaintiffs submitted, through counsel, *Plaintiffs' Reply to Refiled Motion for Summary Judgment on Vail Health's Trade Secrets, Civil Theft, Conversion, and Conspiracy Counterclaims* ("Reply"). Having considered the Motion, Opposition, and Reply,

Page 1 of 13

the Court GRANTS IN PARTS the Motion and hereby issues the following Order.

## I. INTRODUCTION

Initiated on April 25, 2017, this dispute involves claims for defamation and tortious interference of contract, and current and prospective business relationships. Plaintiffs alleged that Vail Health, the hospital through which Winninger formerly performed physical therapy services, defamed her by stating that she stole or was involved in stealing Vail Health patient files. Plaintiffs' claims have been dismissed through previous orders. Before the Court is Plaintiffs' request for summary judgment on the following four counterclaims alleged by Vail Health against Third-Party Defendant David J. Cimino ("Cimino"), Winninger, and SRC: (1) Civil Theft, C.R.S. § 18-4-405 (Fourth Claim for Relief); (2) Misappropriation of Trade Secrets (Fifth Claim for Relief); (3) Conversion (Sixth Claim for Relief); and (4) Civil Conspiracy/Aiding and Abetting (Seventh Claim for Relief).[1]

## II. STANDARD OF REVIEW

Summary judgment is designed to avoid unnecessary trials and is proper when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Terrell v. Walter E. Heller & Co.*, 439 P.2d 989, 990-91 (Colo. 1968). The movant bears the initial burden of demonstrating the lack of a genuine issue of material fact. *Schultz v. Wells*, 13 P.3d 846, 848 (Colo. App. 2000). The burden then shifts to the nonmovant to show that an issue does exist. *McCormick v. Union Pac. Res. Co.*, 14 P.3d 346, 349 (Colo. 2000). The trial court's function is to determine whether any material facts are disputed, not to assess the credibility or weight of the evidence. *Capitran Inc. v. Great W. Bank*, 872 P.2d 1370, 1376 (Colo. App. 1994). In determining the existence of a genuine issue of material fact, a court is to grant the non-

---

[1] *See Defendant Vail Clinic, Inc.'s Amended Counterclaims, Third-Party Complaint and Jury Demand* filed March 22, 2019 ("Am. Countercl.").

moving party the benefit of all favorable inferences reasonably drawn from the facts and is to resolve all doubts in favor of the non-moving party. *Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 241 (Colo. 2009). However, the nonmoving party "may not rest upon the pleadings, but must present specific facts demonstrating the existence of disputed facts." *Snook v. Joyce Homes, Inc.*, 215 P.3d 1210, 1218 (Colo. App. 2009).

### III. ANALYSIS

Plaintiffs proffer numerous arguments in support of their request for summary judgment on the four counterclaims at issue. The Court has considered and shall address each in turn.

**1. Summary judgment is warranted on Vail Health's claim for Civil Theft, C.R.S. § 18-4-405 (Fourth Claim for Relief).**

As a prefatory matter, the Court addresses Vail Health's reliance on C.R.S. § 18-4-401 as the basis for its claim for civil theft brought pursuant to C.R.S. § 18-4-405 (Rights in Stolen Property). Vail Health initially relied on both C.R.S. § 18-4-412 (Theft of Medical Records) and C.R.S. § 18-4-401 (Theft) as the bases for this claim.[2] On June 14, 2021, the Colorado Supreme Court determined that Vail Health does not have standing to base its civil theft claim on C.R.S. § 18-4-412 ("June 14, 2021 Order"). *Winninger v. Kirchner*, 488 P.3d 1091, 1098 (Colo. 2021). Vail Health now pursues this claim under C.R.S. § 18-4-401 "with respect to both Plaintiffs' theft of patient files and other proprietary documents."[3]

Vail Health may not rely on C.R.S. § 18-4-401 as the basis for its civil theft claim. In making its determination as to C.R.S. § 18-4-412, the Colorado Supreme Court opined that it was "not convinced by Vail [Health]'s suggestion that the definition of 'a thing of value' under section 18-1-901(3)(r), C.R.S. (2020), compels us to conclude that the theft of medical records or medical

---

[2] Opp'n, at 16-17.
[3] *Id.* at 17. Vail Health alleges, *inter alia*, Plaintiffs' theft of "Vail Health files containing protected health information ('PHI') and confidential and proprietary trade-secret information." Am. Countercl. filed March 22, 2019, ¶ 91.

information is encompassed within C.R.S. § 18-4-401 and therefore may support a civil theft claim." *Winninger*, at 1098. The Colorado Supreme Court reasoned:

> The fact that the crime of theft under section 18-4-401 involves the taking of a "thing of value," however, does not persuade us that the theft of medical records or medical information is necessarily included within "theft" under section 18-4-401. If it was, then section 18-4-412 would be superfluous. Moreover, we note that the definition of "thing of value" also encompasses intangible property like trade secrets and services like cable service, but as noted above, the theft of such "things" does not support a civil theft claim under section 18-4-405…To the extent that Vail Clinic argues that the definition of "thing of value" suggests that the theft of medical records or medical information must support a civil theft claim, we conclude that the context here indicates otherwise.

*Winninger v. Kirchner*, 488 P.3d 1091, 1098 (Colo. 2021).

This Court rules that pursuant to the June 14, 2021 Order and the reasoning therein, Vail Health may not rely on C.R.S. § 18-4-401 as a basis for its civil theft claim for medical records or medical information brought pursuant to C.R.S. § 18-4-405. Accordingly, the Court grants summary judgment on Vail Health's claim for Civil Theft, C.R.S. § 18-4-405 (Fourth Claim for Relief).

### 2. Vail Health has abandoned its Misappropriation of Trade Secrets (Fifth Claim for Relief) with respect to the "Winninger Documents."

Vail Health states that it does not intend to pursue its misappropriation of trade secrets claim "with respect to the Winninger Documents (*i.e.*, the documents Winninger downloaded in 2012 or earlier)."[4] Vail Health clarifies that it "continues to pursue, *inter alia*, (1) its misappropriation of trade secrets claim against Plaintiffs related to Cimino's downloading of documents after 2012 and (2) claims other than misappropriation of trade secrets (such as civil

---

[4] Opp'n, at 33. Vail Health cites to the Motion at page 34 in referencing the Winninger Documents. In the Motion, they are referred to as the "RPC-Vail Documents." They shall be referred to hereinafter as the "Winninger Documents."

theft and conversion) with respect to the documents Winninger downloaded in 2012 or earlier."[5]

Vail Health has abandoned in part its claim for misappropriation of trade secrets. Accordingly, the claim is dismissed in part with prejudice with respect to the Winninger Documents.

### 3. Vail Health's claim for Civil Conspiracy/Aiding and Abetting (Seventh Claim for Relief) is dismissed in part as a derivative claim of Civil Theft, C.R.S. § 18-4-405, and Misappropriation of Trade Secrets with respect to the Winninger Documents.

"In a civil action, conspiracy is a derivative cause of action that is not actionable per se." *Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003 (internal citations omitted). "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Double Oak Constr., L.L.C.*, 97 P.3d 140, 146 (Colo. App. (quoting *Resolution Trust Corp. v. Heiserman,* 898 P.2d 1049, 1055 (Colo. 1995). "If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d at 146 (citing *Jet Courier Serv., Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989) (there must be an unlawful act)).

Because Vail Health's claims for Civil Theft, C.R.S. § 18-4-405, and Misappropriation of Trade Secrets claims pertaining to the Winninger Documents have been dismissed, there can be no conspiracy claim based on either because it is a derivative cause of action that is not actionable per se.

Accordingly, the Court finds that summary judgment is warranted in part on Vail Health's claim for Civil Conspiracy/Aiding and Abetting (Seventh Claim for Relief) as a derivative cause of action, respectively, of Civil Theft, C.R.S. § 18-4-405, and Misappropriation of Trade Secrets

---

[5] Opp'n, at 33.

with respect to the Winninger Documents.

**4. Triable issues concerning Vail Health's ownership of the documents at issue preclude summary judgment on its claims for Misappropriation of Trade Secrets (Fifth Claim for Relief) as to the Cimino documents, Conversion (Sixth Claim for Relief), and Conspiracy (Seventh Claim for Relief).**

Plaintiffs assert that Vail Health's claims for civil theft, misappropriation of trade secrets, conversion, and conspiracy warrant summary judgment because Vail Health cannot demonstrate its proof of ownership of the documents at issue. Vail Health's claim for civil theft has been dismissed, *supra*. In considering Plaintiffs' argument as to the other claims, the Court finds there are triable issues as to Vail Health's ownership of documents relating to Cimino which preclude summary judgment on the remainder of Vail Health's claim for misappropriation of trade secrets. Genuine issues of material facts also exist regarding Vail Health's ownership of the documents at issue which preclude summary judgment on Vail Health's conversion claim. Further, because Vail Health's claim for conspiracy is a derivative cause of action of both Vail Health's misappropriation of trade secrets and conversion claims, the Court finds there are triable issues relating to Vail Health's ownership on this claim, as well.

Accordingly, the Court denies Plaintiffs' request for summary judgment on Vail Health's claims for misappropriation of trade secrets as to the Cimino documents, conversion, and conspiracy as a derivative cause of action, respectively, of the aforementioned claims.[6]

**5. CUTSA does not preempt Vail Health's claims for Conversion (Sixth Claim for Relief) and Civil Conspiracy/Aiding and Abetting (Seventh Claim for Relief).**

Plaintiffs assert that Vail Health's claims for civil theft, conversion, and conspiracy warrant

---

[6] The Court clarifies that the issue of ownership as it relates to Vail Health's counterclaims for misappropriation of trade secrets, conversion, and conspiracy is distinct from the issue addressed and determined to be not dispositive in the Court's consideration of whether summary judgment was warranted on Plaintiffs' claims for defamation in its *Order Granting Defendants' Motion for Summary Judgment* issued November 4, 2021.

summary judgment because they are preempted by the Colorado Uniform Trade Secrets Act ("CUTSA"), C.R.S § 7-74-101, *et seq.* As Vail Health's claim for civil theft is now dismissed, as discussed *supra*, the Court considers whether its conversion and conspiracy claims are preempted under CUTSA. The applicable provision of CUTSA, C.R.S. § 7-74-108, states:

> (1) Except as provided in subsection (2) of this section, this article displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
> (2) This article does not affect:
> (a) Contractual remedies, whether or not based upon misappropriation of a trade secret;
> (b) Other civil remedies that are not based upon misappropriation of a trade secret; or
> (c) Criminal remedies, whether or not based upon misappropriation of a trade secret.

Relying on subsection (1) of the above statute, Plaintiffs assert that Vail Health can only bring a claim for misappropriation of trade secrets because its conversion and conspiracy claims rest upon the same factual allegations and are therefore preempted. However, under subsection (2)(b), CUTSA does not preempt "other civil remedies that are not based upon misappropriation of a trade secret." C.R.S.§ 7-74-108(2)(b). "Courts in Colorado have found that CUTSA did not preempt a civil theft claim where the civil theft claim was premised upon the theft of items that were not trade secrets." *Cypress Advisors, Inc.*, 2019 WL 1242331, *5 (D. Colo. March 18, 2019) (emphasis in original) (internal citations omitted). "[T]he salient question in addressing... preemption is whether a challenged common law claim depends solely on a finding of trade secret status to be actionable. Where it does not, the claim is not preempted." *Wright Medical Technology v. Paragon 28, Inc.*, 2019 WL 4751807, *5 (D. Colo. Sept. 30, 2019) (citing *Virtual Cloud Services, Inc. v. CH2M Hill, Inc.*, 2006 WL 446077, *2 (D. Colo. Feb. 21, 2006)). "For example, when a claim 'involv[es] a trade secret misappropriation issue,' but also 'include[s] additional elements not necessary for a misappropriation claim' under CUTSA, the claim is not preempted."

*Wright Medical Technology v. Paragon 28, Inc.*, 2019 WL 4751807, * 5 (D. Colo. Sept. 30, 2019) (quoting *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469, 1474 (D. Colo. 1996)).

Vail Health alleges in its conversion claim that Cimino, Winninger, and SRC have intentionally taken, *inter alia*, Vail Health's confidential and proprietary information, including Vail Health's files containing PHI, and confidential and proprietary trade secret information without authorization.[7] In its conspiracy claim, Vail Health avers that Cimino, Winninger, and SRC agreed, by words or conduct, to engage in the unlawful activities described above, including but not limited to the unlawful theft, use, and disclosure of Vail Health's confidential information, proprietary information and trade secret information, including Vail Health's files containing PHI.[8]

Vail Health's claims for conversion and conspiracy do not depend solely on a finding of a trade secret to be actionable and include additional elements not necessary for a misappropriation claim. Therefore, the Court finds they are not preempted under CUTSA.

### 6. Vail Health has not asserted a claim under HIPAA.

Plaintiffs request summary judgment on Vail Health's civil theft and conversion claims.[9] As the Court has dismissed Vail Health's claim for civil theft, *supra*, it considers Plaintiffs' argument as to Vail Health's conversion claim. Plaintiffs propound that Vail Health's claim for conversion is "nothing more than a thinly-disguised claim under HIPAA"[10] for which there is no private right of action and Vail Health is without standing to bring the claim.[11] Plaintiffs rely on *Lakin v. Skaletsky*, 2008 WL 4662846 (N.D. Ill. Oct. 15, 2008) for the proposition that even though not pled, if disclosure of PHI is alleged, it may be construed as a claim under HIPAA for which

---

[7] Am. Countercl., filed March 22, 2019, ¶ 107.
[8] *Id.* ¶ 115.
[9] Pls.' Mot., at 2. On page 16 of the Motion, Plaintiffs expands this argument to "[a]ll of Vail Health's tort claims." For the purpose of clarity, the Court's determination applies to all of Vail Health's tort claims.
[10] *Id.*
[11] *Id.* at 16.

there is no private right of action.[12] However, Plaintiffs' reliance on *Lakin* is misplaced. In that case, the plaintiff asserted a claim for failure to maintain medical confidentiality against his former employer. *Lakin v. Skaletsky*, 2008 WL 4662846, *7 (N.D. Ill. Oct. 15, 2008). Because the plaintiff alleged that defendants disclosed PHI, the Illinois federal district court reasoned that it could be construed as a claim under HIPAA for which there is no private right of action and dismissed the claim for failure to state a valid claim for relief. *Lakin v. Skaletsky*, 2008 WL 4662846, *8 (N.D. Ill. Oct. 15, 2008). While Vail Health avers in its conversion claim the intentional taking of "Vail Health's confidential and property information, including Vail Health's files containing [PHI]," the claim is predicated on Plaintiffs' purported violation of Vail Health's property rights in its medical records and other proprietary information, not disclosure of PHI.[13] As such, the Court does not construe it as a HIPAA claim and denies Plaintiffs' request for summary judgment on that basis.

### 7. **Plaintiffs' contention that intangible property cannot be converted is without merit.**

Plaintiffs argue that Vail Health's civil theft and conversion claims warrant summary judgment because intangible property cannot be converted. As the Court has dismissed Vail Health's civil theft claim, as discussed *supra*, the Court considers Plaintiffs' argument as to the conversion claim. Plaintiffs assert that taking copies of intangible property is insufficient to support Vail Health's conversion claim; that is, "[b]ecause Winninger took copies and left the originals behind, she did not have the dominion or control over the originals and her possession was not inconsistent with Vail Health's possession or use."[14] Plaintiffs also propound that the law of conversion is concerned with the possession of tangible property and when the property at issue

---

[12] *Id.*
[13] Am. Countercl., filed March 22, 2019, ¶ 107.
[14] Pls.' Mot., at 30-31.

is intangible intellectual property, this cannot constitute conversion because the owner has not been deprived of possession of the "idea."[15]

Plaintiffs' arguments are without merit. "Conversion is 'any distinct, unauthorized act of dominion or ownership exercised by one person over the personal property belonging to another.'" *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1195 (Colo. App. 2008) (internal citation omitted). This definition neither expressly nor implicitly limits the personal property subject to a conversion claim to tangible property. Moreover, controlling authority holds that intangible property can be converted. The Colorado Supreme Court has determined that "intangible right[s] are "properly subject to conversion." *McLaughlin v. Clementi*, 355 P.2d 100, 104 (Colo. 1960) (internal citations omitted). Colorado courts have also held that intangible property and/or electronic documents can be the basis for a conversion claim. *See Davis Bros., Inc. v. United Bank of Littleton*, 701 P.2d 642, 643-44 (Colo. App. 1985 (affirming award of damages for conversion of prescription records which the court characterized as "intangible[]"); *Bermel v. BlueRadios, Inc.*, 2015 WL 10013672, *4-5 (D. Colo. Dec. 7, 2015) (finding for plaintiff on conversion claim against defendant who forwarded emails containing confidential and proprietary data to his personal email account), *aff'd in relevant part*, 442 P.3d 923 (Colo. App. 2017) (affirming summary judgment on conversion claim).

*Bermel v. BlueRadios, Inc.*, 2015 WL 10013672 (D. Colo. Dec. 7, 2015), *aff'd in relevant part*, 442 P.3d 923 (Colo. App. 2017), is instructive. In that case, defendant, an independent contractor, forwarded "thousands of the emails and attachments in his [] business email account [which contained confidential and proprietary information] to his personal Gmail account." *Bermel v. BlueRadios, Inc.*, 2015 WL 10013672, *1 (D. Colo. Dec. 7, 2017), *aff'd in relevant part*,

---

[15] *Id*. at 33.

442 P.3d 923 (Colo. App. 2017). The court granted summary judgment on plaintiffs' conversion claim, finding that defendant converted plaintiffs' property by failing to return the emails when demanded. *Bermel v. BlueRadios, Inc.*, 2015 WL 10013672, *5 (D. Colo. Dec. 7, 2017) (internal citation omitted), *aff'd in relevant part*, 442 P.3d 923 (Colo. App. 2017). The court observed that defendant knew that he still had the proprietary and confidential information contained in the emails and concealed the fact until well into the litigation. *Bermel v. BlueRadios, Inc.*, 2015 WL 10013672, *5 (D. Colo. Dec. 7, 2017), *aff'd in relevant part*, 442 P.3d 923 (Colo. App. 2017). In addressing plaintiff's civil theft claim but pertinent here, the *Bermel* court reasoned that "[plaintiff] had a right to sole possession and control of its confidential and proprietary information, regardless of whether it retained various copies of the data stolen by [defendant], because sole possession is, in and of itself, a benefit." *Bermel v. BlueRadios, Inc.*, 2015 WL 10013672, *3 (D. Colo. Dec. 7, 2017), *aff'd in relevant part*, 442 P.3d 923 (Colo. App. 2017).

Tangible property can be converted and taking copies of intangible property may support a claim for conversion. Accordingly, the Court denies Plaintiffs' request for summary judgment on Vail Health's claim for conversion (Sixth Claim for Relief).

### 8. The Court denies Plaintiffs' request to dismiss Vail Health's counterclaims as against SRC.

Plaintiffs request dismissal of Vail Health's counterclaims as against SRC relating to Winninger's copying of the Winninger Documents in 2012. They summarily argue that Vail Health has no plausible basis to hold SRC liable because SRC was not formed until 2014 and therefore could not commit any of the alleged tortious acts in 2012, which is when the claims alleged must be analyzed.[16]

---

[16] Mot., at 34.

In considering Plaintiffs' arguments as to the remaining counterclaims, it finds there are genuine disputed issues of fact which preclude summary judgment. These include, but are not limited to, whether the Winninger Documents were accessed after SRC was founded.[17] Accordingly, the Court denies Plaintiffs' request to dismiss the remaining Vail Health counterclaims as against SRC.

## IV. ORDER

IT IS ORDERED:

The Court hereby GRANTS IN PART the Motion.

1. Summary judgment is GRANTED in favor of Plaintiffs and against Vail Health on Vail Health's claim for Civil Theft, C.R.S. § 18-4-405 (Fourth Claim for Relief) based on C.R.S. § 18-4-412 or § 18-4-401. This claim is DISMISSED WITH PREJUDICE.

2. Vail Health has voluntarily dismissed its claim for Misappropriation of Trade Secrets (Fifth Claim for Relief) with respect to the Winninger Documents, defined *supra*). This claim is DISMISSED IN PART WITH PREJUDICE as it pertains to the Winninger Documents.

3. Summary judgment is DENIED on the remainder of Vail Health's Misappropriation of Trade Secrets (Fifth Claim for Relief) relating to Cimino's downloading of documents after 2012.

4. Summary judgment is DENIED as to Vail Health's claim for Conversion (Sixth Claim for Relief).

5. Summary judgment is GRANTED IN PART in favor of Plaintiffs and against Vail Health on Vail Health's claim for Civil Conspiracy/Aiding and Abetting (Seventh

---

[17] Opp'n, at 34; *see* Vail Health's Ex. 30.

Claim for Relief) as a derivative cause of action, respectively, of Civil Theft, C.R.S. § 18-4-405 (Fourth Claim for Relief) based on C.R.S. § 18-4-412 or § 18-4-401, and Misappropriation of Trade Secrets (Fifth Claim for Relief) as it pertains to the Winninger Documents.

6. Summary judgment is DENIED as to Vail Health's claim for Civil Conspiracy/Aiding and Abetting (Seventh Claim for Relief) as a derivative cause of action, respectively, of Vail Health's claim for Conversion (Sixth Claim for Relief), and Misappropriation of Trade Secrets (Fifth Claim for Relief) relating to Cimino's downloading of documents after 2012.

So Ordered this 2nd day of December 2021.

BY THE COURT:

_____
Russell H. Granger
District Judge