IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

 Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

 Defendant.

**PLAINTIFFS' MOTION TO PLACE EXHIBIT UNDER FILING RESTRICTION AND TO PERMIT VAIL HEALTH'S RESPONSE, EXHIBIT, AND REPLY TO PLAINTIFFS' RENEWED MOTION FOR PROTECTIVE ORDER BE FILED IN REDACTED FORM**

 Under Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Plaintiffs move to place Level 1 filing restrictions on Exhibit 9 filed with Vail Health's Response to Plaintiffs' Renewed Motion for Protective Order. [ECF No. 249-3]. Plaintiffs also seek permission to file Vail Health's Response [ECF No. 249], Exhibit 7 [ECF No. 249-2], and Plaintiffs' Reply [ECF No. 267] in redacted form. Plaintiffs seek this relief because Ms. Winninger has a ten-year nondisclosure agreement with a third party; Plaintiffs previously moved for similar restrictions. [ECF Nos. 240, 263]. As to Exhibit 2 [249-1] or Exhibit 10 [249-4], Plaintiffs do not seek to restrict the public filing of those exhibits.

 **Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs conferred with Vail Health by email regarding this motion. Vail Health confirmed that it does not oppose the relief requested by Plaintiffs in this motion.**

 1. Because of the confidential nature of the third party that is the subject of this motion and motion for protective order, Plaintiffs will refer to that entity here as

1

the "AEO Restricted Entity," so that this motion may be publicly filed.

2. Ms. Winninger has a ten-year nondisclosure agreement that requires that she not discuss, disclose, or disseminate any confidential information received or accessed under her agreement. Nor may she mention the AEO Restricted Entity or disclose her relationship with the entity. The agreement does allow here to disclose her relationship with the AEO Restricted Entity as required by law, but the AEO Restricted Entity seeks that the information be disclosed under a Protective Order.

3. During Ms. Winninger's deposition, Plaintiffs disclosed her consulting relationship with the AEO Restricted Entity. Her testimony related to the AEO Restricted Entity was designated as "attorney's eyes only" under the Protective Order issued in this action. Plaintiffs have further discussed the "attorney's eyes only" designation with Vail Health, and Vail Health agreed that it would not publicly file information about the AEO Restricted Entity as designated by Plaintiffs. Consistent with its representation, Vail Health filed Exhibits 7 (Winninger's deposition) and 9 (the subpoena) to its response to Plaintiffs' motion for protective order as restricted. *See* ECF No. 249-2, 249-3.

4. Due to the nature of the AEO Restricted Entity's business, which is on the highly competitive, the AEO Restricted Entity deems the Nondisclosure Agreement to be so important that the agreement extends for ten years, or so long as such information remains confidential or proprietary to the AEO Restricted Entity. The AEO Restricted Entity has not publicly disclosed Ms. Winninger's consulting services and has not indicated any intent to do so. The failure to comply with the AEO Restricted Entity's agreement may also result in termination of her consulting

agreements.

5. With this background in mind, Plaintiffs now turn to the factors related to filing a motion to restrict:

> Motion to Restrict. A motion to restrict public access shall be open to public inspection and shall: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

6. Plaintiffs seek permission that Vail Health's Response to Plaintiffs' Renewed Moton for Protective Order [ECF No. 249], Winninger's deposition testimony attached at Exhibit 7 [ECF No. 249-2], and Plaintiffs' Reply [ECF No. 267] be filed with the AEO Restricted Entity's name redacted, along with any other identifying information about the AEO Restricted Entity, or the consulting services Ms. Winninger is providing. Correspondingly, Plaintiffs seek to restrict access to the proposed subpoena to the AEO Restricted Entity under a Level 1 Restriction [ECF No. 249-3].

7. Plaintiffs' request is consistent October 23, 2020 Stipulated Protective Order entered by this Court, [ECF No. 76], which allows parties to designate documents as "Attorneys Eyes Only" "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors." Given Ms. Winninger's past with Vail Health and the statements it made to The Steadman Clinic

3

and Vail-Summit Orthopedics, Plaintiffs designated this information Attorneys' Eyes Only to ensure that Vail Health representatives did not learn of the consulting services and attempt to interfere with those as well. A well-founded concern as is evident by the subpoenas that were eventually sent to Plaintiffs on November 3, despite being signed and dated November 1. Additionally, the Nondisclosure Agreement provides that an authorized disclosure can subject Ms. Winninger to the termination of her consulting services contract with the AEO Restricted Entity.

8.  Plaintiffs also designated this information "Attorneys' Eyes Only" to protect the interests of a third party and ensure that Ms. Winninger abided by her obligations to that party (that has no interest in this action) to maintain the secrecy of even the identity of the AEO Restricted Entity. If she had not done so, that could be determinantal to her competitive standing to maintain that relationship and perform other consulting services with entities requiring similar nondisclosures. This is the type of information that is found to be the type to be protected from public disclosure. *See Nixon v. Warner Comm'ns,* 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (information which "could harm the competitive interests of third parties"); *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010) (invade privacy interests).

9.  Additionally, due to the highly confidential and competitive nature of the business that the AEO Restricted Entity is involved in, as well as its strict Nondisclosure Agreement which ensures that its confidential and proprietary information is not disclosed, Plaintiffs designated this information "Attorneys' Eyes

Only" to ensure that the AEO Restricted Entity's competitors do not learn about the confidential business strategies. It is the AEO Restricted Entity, a third party having no interest in this antitrust action, that is the holder of the proprietary and confidential information, and it has taken extreme measures to ensure that even its identity is not publicly disclosed.

10. Additionally, the identity and work performed for the AEO Restricted Entity is not relevant to this antitrust action or the motion for protective order filed by Plaintiffs. Rather, Vail Health has stated that it needed information as to the amount of compensation Ms. Winninger has received from any other sources so that it can assert that Vail Health is entitled to an offset of Ms. Winninger's damages at some later point in time. While Plaintiffs dispute that issue, it still voluntarily disclosed the information requested subject to the Protective Order in this case. The AEO Restricted Entity's identity and the services Ms. Winninger provided are not relevant or necessary for purposes of deciding Plaintiffs' motion for protective order and the public's interest in this information should not even be a factor.

11. This Court in *Am. Friends Serv. Comm. v. City & Cnty. of Denver*, CivilAction No. 02-N-740 (CBS), 2004 U.S. Dist. LEXIS 18474, at *26-27 (D. Colo. Feb. 19, 2004), addressed a similar issue when it found that nonparties have a reasonable expectation of privacy that must be respected and provides "a compelling reason for overriding the public's right of access to court records….disclosing the names of these non-parties is not necessary in order for the public to understand the rationale for the court's rulings on the underlying non-dispositive motions."

12. Finally, Plaintiffs seeks to redact from Vail Health's response, Exhibit 2, and Plaintiffs' Reply, [ECF Nos. 249, 249-2, 267] the identity of the AEO Restricted Entity and any other information related to the services Ms. Winninger performed for that AEO Restricted Entity, which is a least restrictive manner than requesting a Level 1 restriction.  As to Exhibit 9, [ECF No. 249-3], Plaintiffs seek to maintain the draft subpoena under Level 1 restriction. The information there is not the type of information that the public needs access to given that it exclusively involves the AEO Restricted Entity.

## **CONCLUSION**

Plaintiffs respectfully request that their motion to restrict be granted in its entirety.

Dated:  December 17, 2021

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Fahrenholtz & Wiens LLC
100 West Beaver Creek
BoulevardSuite 236
Avon, CO 81620
Telephone: (970) 949-6500
E-mail:  fwlawyers@gmail.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger
and Sports Rehab Consulting LLC

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I served a true and correct copy of Plaintiffs' Motion to Place Exhibit Under Filing Restriction and to Permit Vail Health's Response, Exhibit, and Reply to Plaintiffs' Renewed Motion for Protective Order To Be Filed In Redacted Form, through the ECF system on the following:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant Vail Health

*s/Alan L. Kildow*