IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibit 1 filed with Plaintiffs' Proposed Findings of Fact and Conclusions of Law to Plaintiffs' Motion to Compel #2 Relating to Vail Health's Monopoly Power ("Plaintiffs' Proposed Order") (Dkt. 256) and Exhibits 7-10, 12-14, 16, 17, 20-24 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order ("Vail Health's Proposed FF/COL") (Dkt. 261). In support of this Motion to Restrict, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding this Motion to Restrict. Plaintiffs oppose this Motion to Restrict in part as described in Exhibit 1 attached hereto.

1.    Exhibit 1 to Plaintiffs' Proposed Order, Dkt. 257-1, and Exhibit 12 to Vail Health's Proposed FF/COL, Dkt. 262-5, are excerpts from the deposition transcript of Nicholas Brown dated October 19, 2021. These deposition excerpts include confidential commercial and non-

public financial information about Howard Head Sports Medicine in the form of discussions about seasonal position requests, structure of the finance department, direct cost reports, financial statements, expenses, and revenue deductions. Mr. Brown's deposition transcript was designated Confidential and specific sections were further designated as Attorneys' Eyes Only.

2.      Exhibit 7 to Vail Health's Proposed FF/COL, Dkt. 262-1, is Vail Health's April 30, 2021 Confidential Responses to Plaintiffs' First Set of Interrogatories and Second Requests for Production of Documents ("Discovery Responses"). These Discovery Responses are identical to Dkts. 155-1 and 158, which the Court ordered to be submitted as redacted in its November 17, 2021 Order (Dkt. 224). Consistent with that Order, Vail Health previously filed redacted versions of those documents (Dkt. 168), which Vail Health incorporates herein.

3.      Exhibit 8 to Vail Health's Proposed FF/COL, Dkt. 262-2, is Vail Health's April 30, 2021 Confidential Responses to Plaintiffs' First Set of Requests for Admission. Plaintiffs' First Set of Requests for Admission and Defendant's Responses incorporate information subject to the protective order entered in the Eagle County District Court. This information includes, but is not limited to, Medicare reimbursements, health insurance reimbursements, commercial lease negotiations, and discussions regarding Protected Health Information ("PHI"). This Court has previously ordered that this document be maintained at a Level 1 Restriction. (Dkt. 98-1, 103-2, 106, 136.)

4.      Exhibit 9 to Vail Health's Proposed FF/COL, Dkt. 262-3, contains confidential commercial and sensitive non-public financial information in the form of Monthly Howard Head financial data, including Unique FIN (i.e., patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income, for the period of November 2014 through

September 2020. This Court has previously ordered that this document be maintained at a Level 1 Restriction. (Dkt. 130, 143, 224.)

5.  Exhibit 10 to Vail Health's Proposed FF/COL, Dkt. 262-4, contains confidential commercial and sensitive non-public financial information in the form of excerpted spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market, which include patient zip codes and the amount Vail Health was reimbursed for each private payer transaction, for the period of November 2013 through September 2021. Vail Health has previously filed a Motion to Restrict this document, which is currently pending before this Court. (Dkt. 251.)

6.  Exhibit 13 to Vail Health's Proposed FF/COL, Dkt. 262-6, contains confidential commercial and sensitive non-public information in the form of documents regarding a proposed joint venture between Vail Health and a potential joint venture partner, including letters of intent, draft term sheets, financial projections, and communications reflecting the parties' negotiations. This Court has previously ordered that these documents be maintained at a Level 1 Restriction. (Dkt. 177-1, 2, 189, 224.)

7.  Exhibit 14 to Vail Health's Proposed FF/COL, Dkt. 262-7, contains confidential commercial and sensitive non-public information in the form of documents regarding a proposed joint venture between Vail Health and a potential joint venture partner, including letters of intent, draft term sheets, financial projections, and communications reflecting the parties' negotiations. This Court has previously ordered that these documents be maintained at a Level 1 Restriction. (Dkt. 178-1, 2, 189, 224.)

8.   Exhibit 16 to Vail Health's Proposed FF/COL, Dkt. 262-8, contains confidential commercial and sensitive non-public information in the form of redacted offer letters exemplars used for Howard Head physical therapists. This Court has previously ordered that these documents be maintained at a Level 1 Restriction (Dkt. 133-15, 148, 224).

9.   Exhibit 17 to Vail Health's Proposed FF/COL, Dkt. 262-9, contains confidential commercial and sensitive non-public information in the form of Vail Health Board minutes and agendas concerning Howard Head. This exhibit contains confidential information including sensitive non-public financial and business planning information relating to internal budgeting, financial planning, proposals for new initiatives, growth plans, internal deliberations of contemplated partnerships, and development opportunities. The Court has previously ordered that certain of these documents (VH_Fed_00002226 – 30) be maintained at a Level 1 Restriction. (Dkt. 133, 148, 224.) Vail Health has also filed a Motion to Restrict these documents, which is pending before this Court. (Dkt. 251.)

10.   Exhibit 20 to Vail Health's Proposed FF/COL, Dkt. 262-10, contains confidential commercial and sensitive non-public information in the form of examples of Vail Health/Howard Head chargemasters from 2012 to 2019. These chargemasters set forth detailed descriptions of Vail Health's services and pricing. Vail Health has previously filed a Motion to Restrict these documents, which is pending before this Court. (Dkt. 251.)

11.   Exhibit 21 to Vail Health's Proposed FF/COL, Dkt. 262-11, contains confidential commercial and sensitive non-public financial information in the form of representative samples of communications regarding Vail Health's pricing of physical therapy services. This Court has

previously Ordered that the majority of these documents be maintained at a Level 1 Restriction. (Dkt. 174-2, 181, 224.) VH_Fed_00002427 – 30, 4323 – 25, and 2652 – 55 are the only documents not previously included in Vail Health's Motion to Restrict. These documents contain confidential and sensitive non-public discussions between Vail Health and its vendor relating to pricing for services and adjustments to that pricing. Vail Health has previously filed a Motion to Restrict these documents, which is pending before this Court. (Dkt. 251.)

12. Exhibit 22 to Vail Health's Proposed FF/COL, Dkt. 262-12, contains confidential commercial and sensitive non-public business information in the form of a compilation of communications regarding physical therapy providers Vail Health considered to be competitors. This Court has previously ordered that these documents be maintained at a Level 1 Restriction. (Dkt. 153-2, 166, 224.)

13. Exhibit 23 to Vail Health's Proposed FF/COL, Dkt. 262-13, contains confidential commercial and sensitive non-public financial information in the form of documents supporting Vail Health's contention that materials regarding the alleged geographic market were produced. This compilation includes documents designated as both "confidential" and "attorneys' eyes only" because they contain financial projections, operation summaries, and revenue streams for Howard Head, as well as internal strategic plans for both Howard Head and Vail Health as a whole. The Court has previously ordered that these documents be maintained at a Level 1 Restriction. (Dkt. 153-1, 166, 224.)

14. Exhibit 24 to Vail Health's Proposed FF/COL, Dkt. 262-14, contains confidential commercial and sensitive non-public financial information in the form of referrals to Howard Head from 2013 – 2018, set forth by referring facility and physician.

15. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

16. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g., Ad Astra Recovery Servs. v. Heath,* 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.,* 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). Courts have also entered orders protecting information regarding pricing, confidential contract terms and negotiations, business strategies, and financial performance. *Suture Express, Inc. v. Cardinal Health 200, LLC,* 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

17. Exhibits 7-10, 13, 14, 16, 17, 21, 22, and 23 to Vail Health's Proposed FF/COL contain documents marked as "CONFIDENTIAL."

18. Exhibits 13, 14, 20, 21, 22, and 23 to Vail Health's Proposed FF/COL contain documents marked as "ATTORNEYS' EYES ONLY."

20. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

21. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes only protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

22. If the information contained in Exhibit 1 to Plaintiffs' Proposed Order and Exhibits 7-10, 12-14, 16, 17, and 20-24 to Vail Health's Proposed FF/COL were to be made public, Defendant would be competitively damaged. *SBM Site Servs., LLC v. Garrett,* 2011 U.S. Dist.

LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1977)). Additionally, if the information contained in Exhibit 8 to Vail Health's Proposed FF/COL were to be made public, Vail Health would be in violation of the Health Information Portability and Accountability Act ("HIPAA").

23. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

24. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

25. Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Vail Health's Proposed FF/COL were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

26. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Exhibit 1 to Plaintiffs' Proposed Order and Exhibits 7-10, 12-14, 16, 17, 20-24 to Vail Health's Proposed FF/COL at a Level 1 filing restriction. Respectfully submitted this 20th day of December, 2021.

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*