IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

## REPORT TO THE COURT

This matter is pending before the Special Master on several Motions to Compel # 1-5, for an updated Report to the Court, and Orders for Discovery.

1. Plaintiffs filed Motions to Compel #s 1-5 between September 2021 and October 2021. The Special Master conducted hearings on Motions # 1-2 on October 21, 2021, and Motions # 3-4 on October 22, 2021. (D. 200, D. 201) The parties later submitted proposed orders on all motions and responses.

2. During the hearings, it came to light that certain answers, information, and materials may have been produced since the filing of the motions. The Special Master believed that the hearings had been constructive to resolve some of the pending issues and directed Plaintiffs to specifically itemize what answers, information, and materials they still requested to be produced. The Special Master particularly directed the parties to meet and confer in the

1

vein outlined by the Special Master (not merely by email) to resolve as many issues as possible and report the results to the Special Master by November 24, 2021. (*See* D. 202)

3. Defendants were specifically directed by the Special Master to respond by November 21, 2021, which they did not do. Nor did the confer by November 19, 2021. Plaintiffs and Defendants exchanged numerous emails but never actually conferred. Plaintiffs identified some dates and times, which the Special Master reviewed, but Defendants did not respond. Instead, Defendants filed a motion for protective order and in opposition to Plaintiffs' Motion to Modify…and Extend Fact discovery (D. 230), for the purpose of staying "any further obligation" to respond to discovery requests. (D. 264)

4. The Special Master then conducted a conference call with the parties on December 10, 2021, and entered orders for Defendants to provide certain information and materials to Plaintiffs, including the identity of someone who created or had knowledge of who created a spreadsheet referenced during the call.

5. Rather than doing so, Defendants filed a Stipulation Regarding Howard Head Data and sent a 13-page letter to Plaintiffs' counsel on December 17, 2021, purporting to respond to inquiries about patient data. Those resulted in yet another flurry of emails between counsel haggling over compliance with the Special Master orders, Plaintiffs' interrogatories, and requests for production.

6. Of particular import in Defendant's December 29, 2021, email at 4:37 am, is the claim setting forth their "understanding" of the Special Master's order as reflected in the minute order. It went on to say in very carefully couched terms that Vail Health "believes" it has fully complied with the Special Master order based upon language in the Special Master's minute order of December 13, 2021. While such may be consistent with the phrase in the

minute order for a document of authentication of information in the Excel Spreadsheet, it disregards the Special Master's direct verbal order during the conference call to identify an individual responsible for or knowledgeable about the creation of the spreadsheet.

7. The parties have continued into the new year with their sometimes/sometimes not compliance with the Special Master requirement to meet and confer prior to filing pleadings over their discovery disputes.

8. During the hearings and conference call, Plaintiffs also requested that Vail Health be ordered to investigate and advise Plaintiffs and the Special Master whether they could identify how many columns could possibly be added as part of the spreadsheet. When Vail Health responded to the effect that it would be extremely burdensome, Plaintiffs requested to be provided with an additional three columns of information.

Discovery Orders of the Special Master

1. Because Defendants previously failed to comply with the Special Master order and even provide the identity of one individual knowledgeable about the creation of the spreadsheet, they now shall, in partial response to Interrogatory No. 19 dated March 1, 2021, advise Plaintiffs and Special Master within seven (7) days of this Order, the identity of those individuals who prepared the Excel Spreadsheet that was provided to Plaintiffs on October 20, 2021.

2. The Special Master hereby Orders Defendants to provide the following by January 31, 2022, to the October 20, 2021, Excel Spreadsheet: the billable units (not minutes) for physical therapy patients; the amount charged per billable unit rather than the aggregated

    amounts for services rendered to each patient; and the amount collected for the units of physical therapy rendered to each patient.

3. Defendant shall submit for in camera review by the Special Master documents specifically requested and identified in Plaintiffs' Motion to Compel #5. All costs of the Special Master's in camera review are to be borne by Plaintiffs.

Recommendations to the Court[1]

1. The Court adopt and confirm the above Orders of the Special Master.

2. The Court deny those pending Motions for Protective Order and in Opposition to Extending Fact Discovery by Defendant requesting to not allow further compliance with discovery requests, particularly those which have been ordered by the Special Master.

3. The Court permit fact Discovery to be allowed to continue either a date certain to be determined by the Court or until the Special Master resolves all discovery issues pending, particularly in Motions to Compel #s 1-5.

    Dated at Grand Junction, Colorado this January 18, 2022.

*W Terry Ruckriegle*

W. Terry Ruckriegle
Special Master

---

[1] The parties are notified that within 21 days of service of a copy of the Order, Report, or Recommendation, they may file written objections pursuant to Federal Rule of Civil Procedure 53(f)(2). (*See* D. 123, p. 2). All such objections will be resolved by Magistrate Judge Gallagher. If no objections are filed within the twenty-one-day period, the Court may adopt the Order, Report, or Recommendation in whole.