# EXHIBIT 5

| | |
|---|---|
| **From:** | Richards, Daniel |
| **Sent:** | Friday, December 3, 2021 7:26 PM |
| **To:** | sonya braunschweig; Stevenson, Shannon |
| **Cc:** | Alan Kildow; Terry Ruckriegle; Roeder, Jackie |
| **Subject:** | RE: Vail Health_s Responses to Plaintiffs_ Conferral Chart.DOCX |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel:

Per the below correspondence, Plaintiffs' antitrust expert can download copies of the patient data previously produced to Plaintiffs' counsel at VH_Fed_00006965 & VH_Fed_00006966 via the following link:

VH_Fed0006_Reprod01

I will send the password via a subsequent email.  Please let us know once Plaintiffs' antitrust expert has downloaded the data.  Once the data has been downloaded, we will deactivate the link for security purposes.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard

**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Richards, Daniel
**Sent:** Friday, December 3, 2021 2:36 PM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Terry Ruckriegle <terry@ruckriegle.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Vail Health_s Responses to Plaintiffs_ Conferral Chart.DOCX

Counsel:

We have reviewed Plaintiffs' expert's IT security policy with Vail Health, and it is acceptable.  We will load copies of the patient data initially produced to Plaintiffs' counsel on October 20, 2021 to a secure file share site so it can be downloaded by Plaintiffs' antitrust expert.  I will initiate the upload momentarily.  We will endeavor to produce the data today, or tomorrow at the latest.

With respect to the IT security policy of Vail Health's antitrust expert, we are redacting a copy to remove identifying information and will send Plaintiffs a redacted copy.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard

**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Richards, Daniel
**Sent:** Wednesday, December 1, 2021 6:39 PM
**To:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Alan Kildow' <alkildow@aol.com>; 'Terry Ruckriegle' <terry@ruckriegle.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Vail Health_s Responses to Plaintiffs_ Conferral Chart.DOCX

Counsel:

We are in receipt of your November 30, 2021 @ 1:50 pm response (attached here) to the below email, which Plaintiffs sent as a new chain.

Plaintiffs asked why Vail Health requests that Plaintiffs comply with basic IT security measures. The reason for Vail Health's request is because of the very large volume and sensitive nature of the patient data at issue.

Plaintiffs also assert that the only reason Vail Health is requesting reasonable IT security measures is because Vail Health does not want Ms. Winninger and SRC to access the data. The primary reason Vail Health requests reasonable IT security measures is to prevent release of large volumes of patient data. For example, Vail Health wishes to prevent a breach caused by (a) preventable hacking by malicious actors or (b) inadvertent disclosure by Plaintiffs' counsel or experts (e.g., by losing a laptop containing the data). If a breach occurred with respect to this data, it would be a breach of exceptional scale.

Plaintiffs also assert that Vail Health seeks to prematurely discover the identity of Plaintiffs' antitrust expert. That is incorrect. We would accept, for example, a certification or IT security policy from which the expert's name has been redacted.

Plaintiffs also suggest that the requirement of password protection and encryption is intended to frustrate Plaintiffs' experts ability to analyze the data. That is also incorrect. Any such analyses can be run in a password protected and encrypted environment. Of course, we are happy to consider reasonable alternative proposals if encryption and password protection present challenges for Plaintiffs' experts.

Please confirm in writing that Plaintiffs' experts will abide by the reasonable IT security measures specified below. If any of the measures specified below are not feasible, please make an alternative proposal.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Richards, Daniel
**Sent:** Tuesday, November 30, 2021 11:17 AM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Terry Ruckriegle <terry@ruckriegle.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Vail Health_s Responses to Plaintiffs_ Conferral Chart.DOCX

Counsel:

Vail Health produced the patient data at issue on October 20, 2021 via a secure file sharing platform, which allowed Plaintiffs' counsel to access the data.  The protective order in this matter requires the parties to "make reasonable efforts to protect the confidentiality of any protected information disclosed or produced to that party" and requires "[a] party who learns of a breach of confidentiality [to] promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach."  (Doc. 76 at 8.)  Accordingly, per Plaintiffs' request, on October 29, 2021, Vail Health specified the IT security measures that would constitute "reasonable efforts" to protect the patient data, which consisted of more than one million lines of data spanning nearly a decade.  Vail Health agreed to produce copies of the patient data that could be loaded to a secure platform of Plaintiffs' choice once Plaintiffs confirmed that the following basic security measures were in place:

- All third party access, use, or disclosure of Vail Health data (except as permitted by the Stipulated Protective Order) will be prohibited.
- Vail Health data will be password protected and encrypted and cannot be extracted from its password protected or encrypted form at any time.
- Vail Health data will not be copied, stored, or downloaded to removeable media or portable devices.
- Access and use of Vail Health data will be limited to the minimum amount and the fewest individuals necessary to complete required actions and responsibilities.
- Each individual allowed to access or use Vail Health data will be assigned a unique identifier (e.g. user name) and a unique password to track access and use.
- Plaintiffs' counsel agrees to report to Vail Health any inappropriate or unauthorized access, use, or disclosure, security incident, or breach of Vail Health data in violation of HIPAA Regulations and Colorado Data Breach Notification Law, including but not limited to C.R.S 6-1-716 and 45 C.F.R. § 160.103, within forty-eight (48) hours of becoming aware of such incident.

Plaintiffs provided no response or further inquiry regarding those IT security measures for nearly a month.

Now that Plaintiffs have re-engaged regarding this issue, Vail Health is happy to work with Plaintiffs to ensure Plaintiffs' experts are able to download the patient data to a secure platform.  If Plaintiffs provide written confirmation that their experts are able to and will comply with the above data security measures, Vail Health will produce the data expeditiously in a form that can be downloaded.  If any of the above security measures are unacceptable or infeasible, please identify them.

To the extent the partis are unable to reach agreement, Vail Health is happy to work with Plaintiffs to present this issue to the Court for prompt resolution.

**DANIEL RICHARDS ▪ Associate**

D: 303.892.7452  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, November 30, 2021 8:48 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <alkildow@aol.com>; Terry Ruckriegle <terry@ruckriegle.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** Re: Vail Health_s Responses to Plaintiffs_ Conferral Chart.DOCX

3

Counsel,

Vail Health has not produced the patient data as referenced in my email on November 26.  There is no basis to withhold production as the patient data is protected under the Stipulated HIPAA Qualified Protective Order.  Please produce this data immediately.

Best regards,

Sonya

On Fri, Nov 26, 2021 at 9:18 AM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:
> Counsel,
>
> As to item number 4, you have requested that Plaintiffs provide a certification of a technical person before Vail Health will produce the patient data sent in viewing only form on October 20.  As you know, the data has not yet been produced because you sent the Excel spreadsheets in view only form, meaning that the data could not be downloaded by our experts and used.  As we explained during the meet and confer, the technical certification that you request is not set out in the HIPAA Qualified Protective Order stipulated to by the parties.  The HIPAA Qualified Protective Order is compliant with HIPAA regulations.  Vail Health has already produced PHI in this action under the HIPAA Qualified Protective Order and never once sought such a certification or moved to modify the Protective Order to require any such technical certification. If that was something that Vail Health wanted, then it should have sought that at the time the Protective Order was negotiated between the parties. The Protective Order is also consistent with the Eagle County action Protective Action, except there the Court ordered a modification to the Protective Order allowing Plaintiffs to view AEO and AEO PHI information.  AEO PHI was produced in that action, and Plaintiffs were authorized to view that information.  Vail Health has not identified a single instance in which the Eagle County Protective Order, or for that matter the federal Protective Order, in which AEO PHI was not handled by Plaintiffs in accordance with the Protective Order.
>
> Further, as I explained during the meet and confer, our experts have complied with the Protective Order by signing Exhibit A and agreeing to the Protective Order's terms, including HIPAA information.  I also explained that our experts are very experienced in handling PHI and have secure systems to handle this data.  Finally, the only thing that Vail Health identified was its concern that Winninger and Sports Rehab not have access to the patient data, which notably does not even include patient names.  This has already been handled under the Protective Order.  And as you know and as we discussed during the meet and confer, the federal Protective Order authorizes only Plaintiffs' counsel and Plaintiffs' experts to have access to information designated AEO PHI, which is how Vail Health designated the view only files that it sent. We also informed you during the meet and confer that Plaintiffs' counsel will not be downloading that data, only the experts will do so.
>
> Please comply with your discovery obligations--as you agreed to under the Protective Order--and produce the patient data sent in view only format on October 20.  Plaintiffs reserve all rights to challenge the sufficiency of the patient data as set out in our discovery motions, November 2 chart, and during the parties' meet and confer.
>
> Best regards,
>
> Sonya
>
> Best regards,
>
> Sonya
>
> On Wed, Nov 24, 2021 at 6:58 PM Stevenson, Shannon <Shannon.Stevenson@dgslaw.com> wrote:

4

Counsel –

(1) Following up on our conferral of yesterday, here are our detailed responses to your discovery dispute chart.  To reiterate, Vail Health believes its motion for protective order stays these obligations.  D.C.COLO.LCivR 30.2(a) ("Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) . . ., the discovery to which the motion or request is directed shall be stayed . . .").  Vail Health further believes that Plaintiffs' chart is improper, particularly to the extent it raises issues that are not included in any of its motions to compel.  Nevertheless, without waiving its rights, Vail Health continues to respond substantively and in good faith to the issues raised by Plaintiffs in the chart.  Please let us know if you withdraw or modify any of your requests.

(2) Also, I realize I was in error about our upcoming deadlines – it appears we need to submit the chart to the Special Master on Monday, November 29, and submit Findings and Conclusions by December 6 (Doc. 233).

(3) As Mr. Kildow did, we managed to botch the recording of our meeting.  Both Mr. Richards and I thought the other had started the recording.  Our apologies regarding that.

(4) Finally, I am attaching the email where we requested you certify the security of the systems where you intend to store the extensive PHI we provided to you.  Please have someone with the relevant technical expertise provide this certification.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

**A LexMundi Member**

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.