# EXHIBIT 10

| | |
|---|---|
| **From:** | Richards, Daniel |
| **Sent:** | Wednesday, January 5, 2022 8:22 AM |
| **To:** | Alan Kildow; 'Terry Ruckriegle' |
| **Cc:** | Roeder, Jackie; Stevenson, Shannon; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab Consulting LLC, et al. v. Vail Health |
| **Attachments:** | Letter re Howard Head Data.pdf |

Judge Ruckriegle,

Vail Health submits the following response to Plaintiffs' email request for the addition of three categories of data to the patient data Vail Health produced on October 20, 2021 at VH_Fed_00006965 & VH_Fed_00006966 ("Howard Head Data").  Plaintiffs' email requests appear to go beyond the scope of the motions currently referred to the Special Master.  In any event, there is no basis for Plaintiffs' requests for production of additional data.

(1) Plaintiffs request production of "[t]he billable units (not minutes) for physical therapy services provided to patients included in the spreadsheet."

- Vail Health's Response:  As explained in Vail Health's December 17, 2021 letter (attached here), the Howard Head Data already provides information regarding the number of procedures provided to each patient:  "Each row of data represents a Howard Head procedure provided to a patient.  If an individual patient received multiple chargemaster units of the same procedure on a single day, that procedure is repeated in the chart."  (*See* Dec. 17 Letter at 2.)  If Plaintiffs wish to know when a patient received multiple units of the same procedure on a single day, the Howard Head Data already provides them that information.

(2) Plaintiffs request production of "[t]he amount charged per billable unit rather than aggregated amounts for services rendered to each patient."

- Vail Health's Response:  As explained in Vail Health's December 17, 2021 letter, Vail Health produced the Howard Head data in response to Plaintiffs' RFP No. 17, which specifically requested production of data regarding "the amounts *paid* for any services billed for each patient," not the amount *billed* for each such service.  In other words, Vail Health produced data regarding *payments* to Vail Health because that is what Plaintiffs requested.  (*See* Dec. 17 Letter at 4, 7, 11-12.)  In any event, Vail Health produced months ago extensive information regarding the prices it charges for physical therapy services, including (a) chargemasters for the relevant period and (b) contracts with payors specifying discounts from Vail Health's chargemaster pricing.  Plaintiffs have sufficient information to determine both what Vail Health charges for physical therapy services and what Vail Health is paid for physical therapy services.

(3) Plaintiffs request production of "[t]he amount collected for the units of physical therapy rendered to each patient."

- Vail Health's Response:  As explained in Vail Health's December 17, 2021 letter:  "The sum of pat_pay_at and ins_pay_at is the amount Vail Health was paid for each patient encounter.  Vail Health's databases do not track the amount Vail Health was ultimately reimbursed for each individual procedure—i.e., Vail Health does not 'line item post.'  For this reason, the pat_pay_at, pat_adj_at, ins_pay_at, and ins_adj_at values are provided at the encounter level, rather than the procedure level."  (*See* Dec. 17 Letter at 4, 8.)  Thus, as previously explained, Vail Health's systems do not track payments at the procedure level.

Vail Health respectfully submits that the Special Master should reject Plaintiffs' requests for further discovery.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, December 29, 2021 2:19 PM
**To:** 'Terry Ruckriegle' <terry@ruckriegle.com>
**Cc:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting LLC, et al. v. Vail Health

Dear Judge Ruckriegle:

On December 23, 2021, Plaintiffs sent you an email in response to Vail Health's December 17 letter that requests that Vail Health be ordered to add the following three columns to the spreadsheet provided to Plaintiffs on October 20, 2021:

1. The billable units (not minutes) for physical therapy services provided to patients included in the spreadsheet;

2. The amount charged per billable unit rather than aggregated amounts for services rendered to each patient; and

3. The amount collected for the units of physical therapy rendered to each patient.

Vail Health's December 17, 2021, letter makes the following factual statement that by omission of other data would lead to an erroneous conclusion:

> The Qty field identifies: (a) for procedures for which the billable unit is minutes on Vail Health's chargemaster, the number of documented minutes of that procedure provided to the patient on a particular date of service and (b) for procedures for which the billable unit is … the number of procedures.

That the amount of time a physical therapist spends with a patient is indeed captured in minutes on the Therapy Source database, although Vail Health's letter makes no mention of the fact that it is in Therapy Source database that the minutes are captured. Vail Health's letter also omits to mention that it is actually in the Cerner database where the billable units and the amount billed are captured, which is what Plaintiffs need and have argued. Contrary to the letter, therefore, Vail Health does not need to paw through hundreds of thousands of columns of data to produce the unit price information, it need only produce two columns from the Cerner database, as set forth in Exhibit 25 [ECF No. 128-4, August 5, 2021][*] under "Amount" and "Qty." That's where the data is and that's why Plaintiffs featured it in their motion to compel # 1. It's that simple.

Additionally, Plaintiffs request the amount collected on a per unit basis, but if that data cannot be broken down that way, perhaps that is the limit of their data.

Plaintiffs' expert has advised us that without the unit prices as found on Exhibit 25, Vail Health's spreadsheet in its present form is simply too aggregated to be of any use to the expert's report. Plaintiffs are entitled to the unit prices. Vail Health has the information in the Cerner data base. It should be ordered to produce it.

Respectfully submitted,

Alan Kildow

970-390-6675

* Plaintiffs are not attaching Exhibit 25 because it is over 240 pages long and it is easier to access it on the ECF system than to have it attached here.

3

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Thursday, December 23, 2021 11:08 AM |
| **To:** | terry@ruckriegle.com |
| **Cc:** | Stevenson, Shannon; Richards, Daniel; Roeder, Jackie; 'Sonya Braunschweig' |
| **Subject:** | Sports Rehab Consulting LLC, et al. v. Vail Health |

Dear Judge Ruckriegle:

In response to Vail Health's counsel's December 17 letter, based upon the principle that price is the *sine qua non* of antitrust law, and consistent with their motions to compel, Plaintiffs' request that the Special Master order Vail Health to add the following three columns to the spreadsheet that Vail Health served on Plaintiffs on October 20, 2021:

1. The billable units (not minutes) for physical therapy services provided to patients included in the spreadsheet;

2. The amount charged per billable unit rather than aggregated amounts for all services rendered to a particular patient; and

3. The amount collected for each of the units of physical therapy rendered to each patient.

Wishing you a Merry Christmas and Happy New Year!

Respectfully submitted,

Alan Kildow
970-390-6675