# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS
## UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court ("Vail Health's Partial Appeal") and Exhibits 1, 2, and 13 thereto. (Dkt. 278). In support of this Motion to Restrict, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel inquired by email on February 22, 2022 whether Plaintiffs opposed this Motion to Restrict. Plaintiffs' counsel responded but stated that additional time would be required to assess the proposed Motion to Restrict. Vail Health will file a notice supplementing this statement of conferral once Plaintiffs have informed Vail Health of Plaintiffs' position regarding the Motion to Restrict.

1.     Vail Health's Partial Appeal (*i.e.*, Vail Health' brief) contains protected health information ("PHI") at the bottom of Page 10 and the top of Page 11 in the form of a discussion of a specific patient's data in the Howard Head Data. Vail Health attaches as Exhibit 1 hereto a

version of Vail Health's Partial Appeal that redacts the PHI contained therein and permits the public to view the remainder of the brief.

2. Exhibit 1 to Vail Health's Partial Appeal, Dkt. 278-1, contains confidential commercial and sensitive non-public financial information in the form of excerpts of spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market, which include PHI and the amount Vail Health was reimbursed for every private payer transaction, for the period of November 2013 through September 2021. Vail Health has previously filed Motions to Restrict this document, which are currently pending before this Court. (Dkts. 251 and 272).

3. Exhibit 2 to Vail Health's Partial Appeal, Dkt. 278-2, is a December 17, 2021 letter from Daniel Richards to Alan Kildow and Sonya Braunschweig, which contains PHI and sensitive, detailed information regarding Vail Health's information technology and medical records systems.

4. Exhibit 13 to Vail Health's Partial Appeal, Dkt. 278-4, is Vail Health's April 30, 2021 Confidential Responses to Plaintiffs' First Set of Interrogatories and Second Requests for Production of Documents ("Discovery Responses"). These Discovery Responses are identical to Dkts. 155-1 and 158, which the Court ordered to be submitted as redacted in its November 17, 2021 Order (Dkt. 224). Consistent with that Order, Vail Health previously filed redacted versions of those documents (Dkt. 168), which Vail Health incorporates herein.

5. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as

confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so competitively sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

6. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). Courts have also entered orders protecting information regarding pricing, confidential contract terms and negotiations, business strategies, and financial performance. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

7. Exhibit 13 to Vail Health's Partial Appeal contain documents marked as "CONFIDENTIAL".

8. Exhibits 1, 2 to Vail Health's Partial Appeal contain documents marked as "ATTORNEYS' EYES ONLY" and "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION".

9. Under the Protective Order, documents designated as "CONFIDENTIAL" may be

disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it; or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

10. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes only protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

11. Disclosure of PHI contained in Vail Health's Partial Appeal and Exhibits 1 and 2 would violate those patients' right to privacy and be inconsistent with Vail Health's obligation to safeguard the confidentiality of PHI.

12. If the information contained in Vail Health's Partial Appeal and Exhibits 1, 2, and 13 thereto were to be made public, Defendant would be competitively damaged. *SBM Site Servs., LLC v. Garrett*, 2011 U.S. Dist. LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is

denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1977)).

13. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable (except as to Vail Health's Partial Appeal, a redacted copy of which is submitted herewith). Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

14. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

15. Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Vail Health's Partial Appeal were not filed under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

16. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Vail Health's Partial Appeal and Exhibits 1, 2, and 13 thereto at a Level 1 filing restriction.

Respectfully submitted this 22nd day of February, 2022.

      *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*