**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and LINDSAY WINNINGER, an individual,

Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

Defendant.

---

**DEFENDANT VAIL HEALTH'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS**

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on portions of Plaintiffs' Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court (Dkt. 295-1, "Plaintiffs' Response") and Exhibits 1, 3, 6 and 7 attached thereto (Dkts. 295-2, 295-3, 295-5 and 295-6). In support of this motion, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding this motion. Plaintiffs oppose the motion, though they do not object to redacting patient names/account numbers in the exhibits. The parties were unable to reach agreement regarding proposed redactions to Plaintiffs' Response.

1. Plaintiffs' Response, Dkt. 295-1, contains on pages 6 and 8, descriptions and screenshots of documents Vail Health produced in this litigation that contain protected health information ("PHI") regarding Vail Health patients. Vail Health attaches as Exhibit 1 hereto a

version of Plaintiffs' Response that redacts the portions that contain PHI and other sensitive commercial information and permits the public to view the remainder of Plaintiffs' Response.

2. Exhibit 1 to Plaintiffs' Response, Dkt. 295-2, contains confidential commercial and sensitive non-public financial information and PHI in the form of excerpts of spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market, which include PHI and the amount Vail Health was reimbursed for every private payer transaction, for the period of November 2013 through September 2021. Vail Health has previously filed Motions to Restrict this document, which are currently pending before this Court. (Dkts. 251, 272, and 289).

3. Exhibit 3 to Plaintiffs' Response, Dkt. 295-3, is an excerpt from one of Vail Health's internal chargemasters, which contains information regarding Vail Health's prices for a wide variety of medical procedures.

4. Exhibit 6 to Plaintiffs' Response, Dkt. 295-5, is a management report that contains confidential commercial and sensitive non-public financial information and PHI, including patient names, procedures provided to those patients, and charge amounts.

5. Exhibit 7 to Plaintiffs' Response, Dkt. 295-6, is an excerpt of a management report that contains confidential commercial and sensitive non-public information and PHI, including patient names, unique identification numbers, and dates of service.

6. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." A Party may designate documents as

confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors."

7. Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g., Ad Astra Recovery Servs. v. Heath,* 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.,* 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). The Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC,* 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

8. Exhibits 1, 3, 6 and 7 are designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION" under the Protective Order.

9. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) a party; 4) a person shown on the face of the confidential document to have authored or received it;

or 5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

10. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: 1) the court and its staff; 2) attorneys, their law firms, and outside vendors; 3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; 4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

11. Disclosure of PHI contained in Plaintiffs' Response and Exhibits 1, 6, and 7 would violate those patients' right to privacy and be inconsistent with Vail Health's obligation to safeguard the confidentiality of PHI.

12. If the information contained in the redacted portions of Plaintiffs' Response and Exhibits 1, 3, 6, and 7 attached thereto were to be made public, Defendant would be competitively damaged. *SBM Site Servs., LLC v. Garrett,* 2011 U.S. Dist. LEXIS 41527, *9 (D. Colo. Apr. 12, 2011) ("[a]ccess properly is denied where court files might serve as a source of business

information that could harm a litigant's competitive standing") (citing *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1977)).

13. Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by competitors or potential competitors. No less intrusive alternatives will provide Vail Health with adequate protection from harm.

14. Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

15. Vail Health is requesting restriction of only certain documents. The remaining exhibits attached to Plaintiffs' Response need not be maintained under restriction. Further, a Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

16. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain the redacted portions of Plaintiffs' Response and Exhibits 1, 3, 6, and 7 filed thereto at a Level 1 filing restriction.

Respectfully submitted March 22, 2022

*s/ Daniel A. Richards*

Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
janet.savage@dgslaw.com
jackie.roeder@dgslaw.com
daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*