**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

**PLAINTIFFS' RULE 26 MOTION FOR PROTECTIVE ORDER AND
DISCOVERY SCHEDULE CONSISTENT WITH SPECIAL MASTER'S ORDERS**

---

## <u>INTRODUCTION</u>

      Plaintiffs Sports Rehab Consulting and Lindsay Winninger move the Court pursuant to Fed. R. Civ. P. 26 (c)(1), for an order permitting the postponement of the deposition of Plaintiffs' economics expert—Dr. Leslie Schafer—currently scheduled for March 30, 2022.[1]  Plaintiffs further move the Court for an order consistent with the Report and Recommendation of the Special Master dated January 18, 2022, that "fact discovery be allowed to continue until the Special Master resolves all discovery issues pending, particularly in Motions to Compel #s 1-5."[2]  In addition, Plaintiffs move the Court for an order permitting expert discovery "to continue until the Special Master resolves all discovery issues pending, particularly in Motions to Compel #s 1-5."[3]

---

[11]    *See* Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition").

[2]    ECF No. 274, at 2 ¶ 3.

[3]    *Id.*

**CERTIFICATE OF CONFERRAL**

The conferral process began through a series of emails regarding the issues raised by this motion and concluded on March 25, 2022, with a telephone conference between Plaintiffs (Alan Kildow) and Vail Health (Daniel Richards) regarding the deposition of Plaintiffs' economics expert Dr. Schafer.  Upon review of Vail Health's economics expert report and the Special Master's March 21, 2022 Order allowing supplemental briefing on the discovery motions, on March 22, Plaintiffs sent an email to Vail Health regarding the scheduling of Dr. Schafer's deposition.[4]  Plaintiffs informed Vail Health that Dr. Schafer would be submitting a supplemental report under Fed. R. Civ. P. 26(e)(2) after the discovery motions were resolved and proposed that the deposition be held in abeyance until the discovery issues were resolved and her supplemental report issued.  Plaintiffs also proposed that while Vail Health could proceed with Dr. Schafer's deposition scheduled for March 30, Plaintiffs would not subject Dr. Schafer to deposition after she issued her supplemental report.  Plaintiffs later called Vail Health to discuss the issue.[5]

On March 24, 2022, Vail Health responded by email, stating that it intended "to proceed with Dr. Schafer's deposition on March 30, 2022, as scheduled.  Vail Health does not agree to the condition that by proceeding with Dr. Schafer's deposition on March 30, Vail Health forgoes its right to re-depose Dr. Schafer if she discloses further expert opinions.  If Plaintiffs disclose a supplemental expert report from Dr. Schafer, Vail Health will evaluate whether an additional deposition is necessary based on the contents of that report.  If Vail Health requests a further deposition following disclosure of a supplemental expert report, and Plaintiffs refuse to produce Dr. Schafer, Vail Health will seek relief from

---

[4]    Ex. 1 at 3 [email].
[5]    *See id.* at 2 (noting that Vail Health's counsel had a voicemail from Mr. Kildow).

the Court, if the circumstances warrant it.  Vail Health also reserves its right to move to strike any supplemental expert report of Dr. Schafer."[6]

On March 25, 2022, Plaintiffs made another attempt to resolve the issues raised in this motion,[7] but Vail Health stated in a subsequent call that its position was unchanged. Despite Plaintiffs' multiple attempts to resolve what should have been a straightforward issue, Vail Health refused any compromise.

## PROCEDURAL BACKGROUND

In August and September 2021, Plaintiffs filed five discovery motions that were referred to the Special Master[8] and resulted in 7½ hours or hearings held on October 21 and 22, 2022.  Although Plaintiff first requested patient data in October 2019, Vail Health provided read-only files on October 20—two years after service of the discovery—and on the eve of the October 21 hearing.  As a result of the discovery hearings, the Special Master ordered the parties to meet and confer about the discovery issues and identify the unresolved issues.[9]  Vail Health refused to comply with the Special Master's Order[10] and instead filed a motion for protective order to stay "any further obligation" of Vail Health to respond to discovery requests.[11]  Vail Health's refusal to comply with the Special Master's Order wasted six weeks of the Special Master's time that could have been devoted to resolving the motions.

On December 3, 2021, after much procedural wrangling, Vail Health ultimately produced Vail Health patient data.  That data, as Vail Health knew, proved to be useless

---

[6]  *Id.* at 2.
[7]  *Id.* at 1 (suggesting the same approach as outlined in this motion).
[8]  ECF No. 202.
[9]  ECF No. 274, at 2 ¶ 3.
[10]  *Id.*
[11]  ECF No. 264.

because it omitted essential (but basic) information.[12]  (Even Vail Health's expert did not use the December 3 patient data other than to estimate the percentage of patients that visited Howard Head's Vail location—essentially one sentence in 58-page report[13] that is meaningless under antitrust law.)   On December 10, 2021, at Plaintiffs' request, the Special Master held a conference call with the parties about the patient data, and ordered on January 18, 2022, that Vail Health produce three basic fields of data—the amount charged, units of therapy provided, and the amounts reimbursed for each procedure.[14] Rather than produce this basic data, Vail Health appealed the Order.[15]  In the January 18 Report, the Special Master also recommended that the Court (1) adopt the Special Master's discovery orders; (2) the Court deny Vail Health's motion for protective order to not allow further compliance with discovery requests; and (3) permit fact discovery to continue to either a date certain determined by the Court or until the Special Master resolves all pending discovery issues, particularly Plaintiffs' motions to compel.[16]

Rather than comply, Vail Health appealed the January 18 Report, claiming it should not have to produce basic patient data, it should be absolved from any further compliance with discovery requests, and that discovery should not remain open until the Special Master rules.   Essentially, Vail Health seeks to take advantage of its noncompliance with orders of the Special Master by claiming expert depositions should proceed even though there are a number of significant discovery issues still open,

---

[12]     *See* ECF No. 295 (describing how Vail Health could have produced this data but did not).
[13]     *See* Ex. 3 at 19, ¶ 43.
[14]     ECF No. 274 at 3, ¶ 2.
[15]     ECF No. 278.
[16]     ECF No. 274, at 4 ¶¶ 1-3.

including supplemental briefing on the motions to compel that are due on March 30 and April 6, 2022.  The issues here could have been avoided if Vail Health had met and conferred to resolve the discovery disputes as the Special Master ordered and produce the basic patient data requested by Plaintiffs.

To address these issues, on March 22, 2022, Plaintiffs sent an email to Vail Health regarding the scheduling of expert depositions.  Given that the Special Master had ordered supplemental briefing on March 29 and April 6, Plaintiffs noted that relevant discovery orders would likely not be issued before Dr. Schafer's deposition.[17]  Even after their filing, order(s) on the motions may not be issued immediately.  Plaintiffs' motions to compel are based upon Vail Health's failure to produce data and documents relevant to important elements of a § 2 Sherman Act case that are directly relevant to the reports of Plaintiffs' economics expert Dr. Schafer[18] and Vail Health's expert Monica Noether.[19] Because the motions to compel and the January 18 Report on appeal implicate data and documents relevant to the opinions and report of Dr. Schafer, Plaintiffs informed Vail Health that Dr. Schafer will be issuing a supplemental report under Rule 26(a)(2). Because it makes sense for Dr. Schafer to issue her supplemental report *after* the Special Master rules on the discovery motions, and *after* the Court rules on the appeal related to Vail Health data and documents, Plaintiffs requested that Vail Health agree to postpone Dr. Schafer's deposition until after those orders are issued.

Plaintiffs further informed Vail Health's counsel that they would voluntarily produce Dr. Schafer once, and if Vail Health deposed her on March 30, Plaintiffs would not agree

---

17      Ex. 1 at 1 [email].
18      Ex. 2. [Schaefer Report].
19      Ex. 3. [Noether Report]

to a deposition after Dr. Schafer's supplemental report is issued.  Plaintiffs informed Vail Health that they would not object to moving Dr. Schafer's deposition to a later date to be determined after the Special Master has decided the motions to compel, after any data or documents that might be ordered are produced by Vail Health, and after Dr. Schafer's supplemental report has been served.[20]  In an email dated March 24, Vail Health declined to agree to Plaintiffs' proposal and stated that Dr. Schafer would take her deposition again if it felt necessary,[21] which Vail Health reconfirmed during a March 26 conference call.

## ARGUMENT

### I.  AN ORDER CONTINUING EXPERT DEPOSITIONS TO A DATE AFTER THE DISCOVERY MOTIONS AND APPEAL ARE RESOLVED MAKES SENSE.

Plaintiffs seek an order of the Court postponing the deposition of their expert, Dr. Schafer, until a date after "the Special Master resolves all discovery issues pending, particularly in Motions to Compel #s 1-5"[22] and Vail Health's appeal is resolved.[23]  Fed. R. Civ. P. 26(c) provides a mechanism to limit the manner and timing of discovery in such circumstances.  Under that rule, and upon a showing of good cause and as justice may require, a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by enter a protective order providing that discovery "be had only on specified terms and conditions…."[24] The good cause standard is highly flexible, having been designed to accommodate relevant interests as they arise.[25]  "Implicit in the Rule is the fact that the inquiry into a Protective Order is not all or

---

[20]    Ex. 1 at 1, 3 [email].
[21]    *Id.* at 2.
[22]    ECF No. 274 at 4 ¶ 3.
[23]    ECF No. 278.
[24]    Fed. R. Civ. P. 26(c)(1)-(2); *Gillard v. Boulder Valley Sch. Dist. Re-2,* 196 F.R.D. 382, 285 (D. Colo. 2000).
[25]    *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

nothing; the court may exercise its discretion to craft the contours of a Protective Order that meet the needs of the Parties in a specific case."[26]

Here, Plaintiffs simply seek to hold the expert depositions in abeyance for a short period of time during which the relevant motions can be decided and relevant discovery can be produced if it is ordered to be produced.  Other courts have granted similar requests,[27] which makes sense because it ensures that there is no unnecessary burden and expense placed on the parties while issues relevant to depositions remain outstanding.  Holding the depositions in abeyance is even more appropriate here when Vail Health seeks to depose Plaintiffs' economics expert knowing full well that it has not produced the patient data that has been requested for the patient flow analysis opinions that its own expert has rendered, although without the aid of any data or opinions.

As noted above, in August and September 2021, Plaintiffs moved the Court under Fed. R. Civ. P. 37 to require Vail Health to adequately respond to discovery requests on subjects such as relevant geographic market, pricing, etc., which are currently pending

---

[26] *Curtis v. Lever Up*, Civil Action No. 20-cv-01873-DDD-NYW, 2021 U.S. Dist. LEXIS 206517, at *9 (D. Colo. Sep. 20, 2021).

[27]  *See, e.g., Breeden v. Arkin, Schaffer & Supino (In re Bennett Funding Grp., Inc.)*, CASE NO. 96-61376, 2000 Bankr. LEXIS 1563, at *17-25 (Bankr. N.D.N.Y. Oct. 30, 2000) (granting protective order as to depositions until plaintiff complied with discovery obligations because it was "the more appropriate, if not more logical, progression of discovery"); *Ginena v. Alaska Airlines, Inc.*, No. 2:04-cv-01304-RCJ-CWH, 2011 U.S. Dist. LEXIS 116656, at *3 (D. Nev. Oct. 6, 2011) (precluding deposition while motion to amend to add claim was pending); *Rosales v. Crawford & Co.*, No. 2:20-cv-02530 JAM AC, 2021 U.S. Dist. LEXIS 184716, at *20 (E.D. Cal. Sep. 27, 2021) (finding motion for protective order related to deposition while discovery motion was pending was mooted by court's motion to compel order and instructing "parties proceed with the agreed staggered deposition schedule following compliance with this court's order on the motion to compel"); *Madej v. Yale Univ.*, No. 3:20-cv-133 (JCH), 2020 U.S. Dist. LEXIS 198287, at *33 (D. Conn. Oct. 26, 2020) (noting that in prior order court ordered that "no depositions would be held pending the court's ruling on 'pending joined discovery motions'").

before the Special Master.  Plaintiffs had anticipated that most of the major discovery issues—such as geographic market—would have been resolved before Dr. Schafer was required to issue her report on January 10, 2022.  But Vail Health's refusal to comply with the Special Master's multiple orders delayed resolution of those discovery issues. Despite Vail Health's noncompliance, Plaintiffs were of the opinion that they were required to comply with the expert disclosure date and serve their expert's report on January 10, which they did.  Once the January 18 Order was issued, Plaintiffs again believed that Vail Health would produce the necessary patient data on January 31, as ordered by the Special Master.  If it had, this motion would have been unnecessary.  Instead, it appealed the Order, thereby delaying production of patient data first requested in October 2019.

On March 21, the Special Master permitted each party to supplement briefing on the discovery motions, so after that briefing is concluded, the parties will likely see resolution of those motions.  If so, and if the Court affirms the Special Master's January 18 Report as well, Plaintiffs' expert would have in hand data and documents that are relevant to Dr. Schafer's report.  If the discovery motions are denied in their entirety, then Plaintiffs will serve Dr. Schafer's supplemental report very quickly.  But if data and documents are ordered to be produced, Plaintiffs agree to serve Dr. Schafer's supplemental report as expeditiously as possible after Vail Health produced the required documents.

Against these facts and the complicated procedure suggested by Vail Health, it seems most reasonable to proceed as follows: (1) complete the briefing on the motions to compel and await the Special Master's order(s) and the Court's order addressing Vail Health's appeal; (2) wait until the production of all data and documents ordered to be

produced, if any; (3) once discovery is complete, Dr. Schafer will expeditiously submit her supplemental report as permitted by Fed. R. Civ. P. 26(e)(2); (4) Vail Health can then proceed with Dr. Schafer's her deposition; and (5) Plaintiffs would postpone the deposition of Vail Health's economics expert after that process is complete.

The proposed procedure makes common sense.  Each of the tasks in which the parties will engage will be done only once and in an orderly sequence.  No party will be prejudiced.  This process would also obviate the potential for future disagreements and motions that Vail Health's email strongly suggests will occur, thus delaying the process further and incurring needless attorney fees for a nonprofit community hospital, as well as wasting precious judicial resources.  Plaintiffs' suggested procedure is supported by Magistrate Judge Hegarty's decision in *Wildearth Guardians v. Public Service Co. of Colorado*.[28]  That case demonstrates the needless procedural waste that occurs when an expert is required to serve an expert report before all data and documents are produced. It also exemplifies the scheduling disputes that arise when discovery remains outstanding and thereafter a supplemental report is filed under Rule 26(e)(2).  Plaintiffs predict that if the procedure Vail Health seeks to pursue is followed, this case will fall squarely into the procedural quagmire that occurred in *Wildearth*, at a cost of months of delay, significant legal fees for the clients, and a waste of time for the Court.  Thus, there is more than good cause to grant Plaintiffs' motion.

## II.   AN ORDER REGARDING THE TIMING OF SUMMARY JUDGMENT MOTIONS SHOULD ALSO BE ENTERED.

The procedures outlined above implicate the timing of Vail Health's anticipated summary judgment motion.  Plaintiffs are of the view that it would not make sense for the

---

[28]    2011 WL 5569499 (D. Colo. Nov. 16, 2011).

parties to file summary judgment motions when there are significant discovery issues outstanding like the situation here.   On this issue too, *Wildearth* demonstrates how procedurally jumbled a case becomes if a summary judgment motion is filed before discovery and expert reports are complete.  To avoid a waste of the client's and the Court's resources, Plaintiffs propose the summary judgment deadline be moved to 21 days after Dr. Schafer's issues here supplemental report.  This staggered schedule is consistent with the initial scheduling order that set fact discovery for August 1, expert disclosures for September 27 and November 15, and summary judgment motions for February 1, 2022.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion in its entirety.

Dated:  March 28, 2022

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail:  jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Sports Rehab
Consulting LLC and Lindsay Winninger

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2022, I served a true and correct copy of Plaintiffs' Rule 26 Motion For Protective Order And Discovery Schedule Consistent With The Special Master's Orders, including exhibits, via the Court's ECF system on:

> Shannon Stevenson
> Janet A. Savage
> Jackie Roeder
> Daniel Richards
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
>
> Counsel for Defendant

*s/ Alan L. Kildow*
Alan L. Kildow
