# Exhibit 1

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Friday, March 25, 2022 10:25 AM |
| **To:** | 'Stevenson, Shannon'; 'Richards, Daniel'; 'Roeder, Jackie' |
| **Cc:** | terry@ruckriegle.com; 'sonya braunschweig' |
| **Subject:** | Sports Rehab LLC, et al. v. Vail Health--Depositions and Procedural Issues |

Counsel:

Considering your email of yesterday, it appears that our prior suggestion of going forward with the deposition of Plaintiffs' economics expert—Leslie Schafer—is not going to work.  But bearing in mind the amount of time and money that have been spent on procedural wrangling thus far, we believe it behooves us to do everything we can to resolve straightforward scheduling issues without the need for intervention of the Court or Special Master.  As you know, Plaintiffs contend that Vail Health has failed to adequately respond to discovery requests on subjects such as relevant geographic market, etc., and the motions relating to those issues are pending before the Special Master.  Plaintiffs had anticipated that most of the major discovery issues—such as geographic market—would have been resolved before Ms. Schafer would be required to issue her report under the amended scheduling order.  But even in the absence of resolution of those motions, we felt we were required to comply with that date and serve her report.

From Special Master Ruckriegle most recent email, after that briefing is concluded we will probably see resolution of those motions fairly soon.  If so we should have in hand any data and/or documents that the Special Master might order to be produced.  If he denies Plaintiffs' motions in their entirety, then Plaintiffs will serve Ms. Schafer's very quickly.  If data and/or documents are ordered to be produced, we will serve her supplemental report as expeditiously as possible after Vail Health produced the required documents. (No one wants to see this case proceed as expeditiously as possible more than Plaintiffs and their counsel.)

Against those facts and the complicated procedure suggested by your email of yesterday, it seem most reasonable to proceed as follows: (1) Complete the briefing on the motions to compel and await the Special Master's order(s).  (2) Wait until the production of all data and/or documents ordered to be produced, if any,  has been completed, including the issues on appeal before Magistrate Judge Gallagher. (3) Once that discovery has been completed, Ms. Schafer will expeditiously submit her supplemental report as permitted by Fed. R. Civ. P. 26(e)(2).  (4)  As soon as Vail Health is ready after Ms. submits her supplemental report, Vail Health can proceed with her deposition.  (5) Plaintiffs would postpone the deposition of Ms. Noether until all of this is concluded.

Plaintiffs are of the opinion that proposed procedure makes common sense.  Each of the tasks in which the parties will engage will be done only once, and in an orderly sequence.  Proceeding in the manner suggested would obviate the potential for future disagreements and motions that your email strongly suggests will occur, thus delaying the process further and incurring needless attorney fees for a non-profit community hospital.  We recommend a review of *Wildearth Guardians v. Public Service Co. of Colorado*, 2011 WL 5569499 (D. Colo. Nov. 16, 2011).  (I have attached the case for your convenience.)  The case demonstrates the needless procedural waste that occurs when an expert is required to serve an expert report before all data and documents are produced.  The case also exemplifies the scheduling disputes that arise when discovery remains outstanding and thereafter a supplemental report is filed under Rule 26(e)(2).  I predict that if the procedure in your email of yesterday is followed, this case will fall into the procedural quagmire that occurred in *Wildearth*, at a cost of months of delay, significant legal fees for your client, and confusion for the Court.  So let's work together to avoid all that.

The procedures outlined above implicate the timing of Vail Health's anticipated summary judgment motion.  Plaintiffs are of the view that it would not make sense for Judge Martinez to have a summary judgment motion before him if there are significant discovery issues outstanding, which is definitely the situation here.  On this issue too, *Wildearth*

demonstrates how bolixed up a case can become if a summary judgment motion is filed before discovery and expert reports are completed.  It is our obligation as legal counsel to avoid such waste of our client's and the court's resources.

I will give you a call early this morning to work out these issues.  But of course, you can always call me at the number below.

Alan Kildow
970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Thursday, March 24, 2022 4:12 PM
**To:** Alan Kildow <alkildow@aol.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: [External] Fwd: Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum

Counsel:

Vail Health intends to proceed with Dr. Schafer's deposition on March 30, 2022 as scheduled.  Vail Health does not agree to the condition that by proceeding with Dr. Schafer's deposition on March 30, Vail Health forgoes its right to re-depose Dr. Schafer if she discloses further opinions.  If Plaintiffs disclose a supplemental expert report from Dr. Schafer, Vail Health will evaluate whether an additional deposition is necessary based on the contents of that report.  If Vail Health requests further deposition following disclosure of a supplemental expert report, and Plaintiffs refuse to produce Dr. Schafer, Vail Health will seek relief from the Court, if the circumstances warrant it.  Vail Health also reserves its right to move to strike any supplemental expert report of Dr. Schafer.

I also see that I have a voicemail from you.  Please let me know if there is something you would like to discuss aside from the issue concerning Dr. Schafer's deposition.

**DANIEL RICHARDS ▪ Associate**

**D:** 303.892.7452  ▪  vcard

**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

 **From:** Alan Kildow <alkildow@aol.com>
**Sent:** Thursday, March 24, 2022 1:10 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Richards, Daniel <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: [External] Fwd: Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum

Counsel:

We have not received any response to the email below regarding the date for the deposition of Plaintiffs' economic expert, Leslie Schafer.  This is obviously an important deposition and given the outstanding discovery issues, we think it appropriate that we discuss the timing of the deposition so there is no confusion about the status of the motions to compel, the production of Vail Health data or documents if ordered, the timing of the production of data or documents

2

by Vail Health, a future supplementation of Ms. Schafer's report, or the date for her deposition.  So please give me a call or respond by email to let us know the preference of Vail Health on the timing of the deposition.  This is not only an important procedural and scheduling issue, but a matter professional courtesy for the deponent and counsel.

So we will look forward to hearing from you very soon.

Alan Kildow
970-390-667

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, March 22, 2022 2:17 PM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Cc:** 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** [External] Fwd: Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum

Counsel:

The Special Master's email below suggests there will be no decision on Plaintiffs' Rule 37 motions to compel before the parties file the supplemental memoranda by the scheduled dates.  Even after their filing, order(s) on the motions may not be issued immediately.  As Plaintiffs' motions to compel make clear, we are of the opinion that Vail Health has failed to produce data and documents relevant to the case and directly relevant to the reports of Plaintiffs' expert (Leslie Schafer) and Vail Health's expert (Monica Noether).  Ms. Schafer, therefore, will be issuing a supplemental report pursuant to Rule 26(a)(2).  That report, however, will not be issued until after the ruling of the Special Master and after the production of any data or documents that he may order to be produced.  And, of course, there is the issue created by Vail Health's Appeal of the January 18, 2022, Order of Special Master Ruckriegle and how that might affect the timing of all of this.  That, however, can wait for another day.

All of this implicates the deposition of Ms. Schafer, which is currently scheduled to take place on March 30.  We will only present her once, so if Vail Health wishes to depose her on March 30 (to which Plaintiffs do not object), it will not have the opportunity to depose her again after her supplemental report has been issued.  In light of this procedural posture, Plaintiffs would not object to moving Ms. Schafer's deposition to a date (TBD) after the Special Master decides the motions to compel, after any data or documents that might be ordered are produced by Vail Health, and after her supplemental report has been served.  Ms. Noether's deposition is currently scheduled for April 27, so a decision on the timing of her deposition can wait until some of the issues referenced above have been resolved.

Please let us know your thoughts and how you wish to proceed.

Alan Kildow
970-390-6675

**From:** Terry Ruckriegle <terry@ruckriegle.com>
**Sent:** Monday, March 21, 2022 6:11 PM
**To:** ruckriegle, terry <terry.ruckriegle@judicial.state.co.us>; Daniel Richards <Daniel.Richards@dgslaw.com>; Shannon Stevenson <Shannon.Stevenson@dgslaw.com>; Alan Kildow <alkildow@aol.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; Jackie Roeder <Jackie.Roeder@dgslaw.com>; Angela Barnes <Angela_Barnes@cod.uscourts.gov>
**Subject:** Re: [External] Fwd: Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum

Hello All,

The Special Master will allow a 10-page supplemental brief by Plaintiffs due March 29 and response by Defendant April 5 with no reply. It is particularly important to clarify your positions regarding the appropriate geographic area.

Angela,

Can you please note this as a minute order? Thank you.

Terry Ruckriegle
Special Master

Sent from my iPhone