## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No.  19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

      Defendant.

---

**ORDER ADOPTING IN PART AND REVERSING IN PART THE SPECIAL MASTER'S REPORT, DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS TO COMPEL # 1-3, AND DENYING THE MOTIONS FOR PROTECTIVE ORDERS**

---

This matter comes before the Court on the following issues: (1) Plaintiffs' motion to compel # 1 relating to the relevant geographic market (D. 127, 130)[1], Defendant Vail Clinic, Inc., d/b/a Vail Health's (Vail Health) response (D. 152), and Plaintiffs' reply (D. 165); (2) Plaintiffs' motion to compel # 2 relating to Vail Health's monopoly power (D. 129, D. 130), Defendant's response (D. 156); and (3) Plaintiffs' motion to compel # 3 relating to request for production (RFP) No. 15 (D. 132, D. 133); Defendant's response (D. 154), and Plaintiffs' reply (D. 163).   The

---

[1] "(D. 127)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

motions have been referred to this Magistrate Judge. (D. 131, 134).[2] In turn, this Court referred the motions to the Special Master. (D. 135). The Court has reviewed the pending motions, responses, replies, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary. This Magistrate Judge DENIES WITHOUT PREJUDICE the motions for the reasons specifically set forth below.

Also before the Court is the Special Master's Report to the Court (D. 274), Defendant's partial appeal (D. 278), and Plaintiffs' response (D. 295). The Court ADOPTS IN PART and REVERSES IN PART the Special Master's Report for the reasons specifically set forth below. This Court finds that the three motions to compel can be resolved as discovery disputes, and the Court REFERS BACK the issues to the Special Master for resolution in line with the Court's instructions.

Furthermore, before this Court is Plaintiffs' renewed motion for a protective order (D. 221, D. 222), Defendant's response (D. 249, D. 253), and Plaintiffs' reply (D. 267). This motion was referred to this Magistrate Judge. (D. 223). This Magistrate Judge DENIES WITH PREJUDICE the motion for the reasons specifically set forth below.

Finally, before this Court is Defendant's motion for a protective order (D. 228, D. 229), Plaintiffs' response (D. 237), and Defendant's reply (D. 252). This motion was referred to this

---

[2] The Court's ruling on these matters is non-dispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this non-dispositive Order within fourteen (14) days. Fed. R. Civ. P. 72(a). The failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782-83 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

Magistrate Judge.  (D. 234).  This Magistrate Judge DENIES WITHOUT PREJUDICE the motion

for the reasons specifically set forth below.

I.          The Special Master Report, Motions to Compel # 1-3, and Defendant's Appeal

A party's objections to a special master's conclusions of law and finding of facts are

reviewed de novo.  Fed. R. Civ. P. 53(f)(3)-(4).  After review, this Court may adopt or affirm,

wholly or partly reject or reverse, or resubmit to the special master with instructions.  Fed. R. Civ.

P. 53(f)(1).

The Special Master conducted hearings on motions to compel # 1 and # 2 on October 21,

2021, and motion to compel # 3 on October 22, 2021.[3]  (D. 274, p. 1).  During the hearings, the

Special Master noted that "certain answers, information, and materials may have been produced

since the filing of the motions" and directed Plaintiffs to "specifically itemize what answers,

information, and materials they still requested to be produced."  (*Id*.)  The parties were instructed

to meet and confer on the aforementioned and report back to the Special Master by November 24,

2021.  (*Id*., p. 2).  Specifically, the Report notes that Defendant failed to respond by November 21,

2021, as previously ordered, and failed to confer.  (*Id*.)  Instead, Defendant filed a motion for a

protective order to halt discovery.  (*See* D. 228).  The Special Master's report documents specific

orders entered that were disregarded.  (*Id*., pp. 2-3.).  This Court reminds the parties that failure to

comply with the Special Master's orders, whether verbal or written, can result in sanctions.  (D.

123, p. 3).

---

[3] This Court truly appreciates the efforts of the Special Master in this matter.

It appears to this Court that the parties are continuing to not comply with orders, potentially obfuscate and delay discovery, and overwhelm the docket with numerous motions. (*See* D. 274, p. 3; D. 221; D. 228). The Special Master specifically requested that Defendant do the following:

1.      Identify who prepared a particular spreadsheet;
2.      Provide certain information regarding the spreadsheet; and
3.      Submit certain documents to the Special Master for in camera review.

(D. 274, pp. 3-4). The Report notes that while Defendant submitted a thirteen-page letter regarding the patient data, the stipulation "disregard[ed] the Special Master's direct verbal order during the conference call to identify an individual responsible for or knowledgeable about the creation of the spreadsheet." (*Id.*, p. 3). Defendant affirms that it has complied with the first and third requests on January 25, 2022, and February 8, 2022. (D. 278, p. 8). Defendant objects to the second request, which this Court will address below.

Additionally, the Special Master recommended that this Court deny two pending motions for protective orders and allow fact discovery to continue pending resolution of those referred matters. (*Id.*, p. 4). These motions were not referred to the Special Master. Defendant objects on this basis, and the Court SUSTAINS the objections. The Court will independently review the motions for protective orders *infra*.

Defendant's main objection pertains to the Special Master's order that it provide the following: (1) "the billable units (not minutes) for physical therapy patients"; (2) "the amount charged per billable unit rather than the aggregated amounts for services rendered to each patient"; and (3) "the amount collected for the units of physical therapy rendered to each patient." (D. 274, pp. 3-4). Defendant objects to the Special Master's report on the basis that: (1) the data has already been provided regarding billable units because each row of data represents a procedure provided to a patient; (2) Plaintiffs' RFP 17 demanded the production of data for "the amounts paid for any

4

services billed for each patient," which was provided, rather than the amounts billed; and (3) some of the data does not exist because Defendant does not track payments at the procedure level and should not be compelled to produce documents that are not already in existence.  (D. 278, pp. 10-13).  Plaintiffs argue that the data at issue has not been provided and that Defendant did not submit "any sworn testimony of any Vail Health officer or employee that the 'amount charged' or 'amounts paid' do not exist."  (D. 295-1, p. 2).

First, regarding the billable units (not minutes) for physical therapy patients, Plaintiffs note that Defendant has produced several reports for limited time periods that "identify the CPT Code procedures in billable units, not minutes, and the corresponding amount charged."  (D. 295-1, p. 8).  Defendant objects because (1) the data in the spreadsheet is organized by procedure and if a patient receives multiple chargemaster units of the same procedure in one day, the procedure is repeatedly noted in the document, and (2) that Defendant "has already provided data regarding the units of physical therapy."  (D. 278, pp. 10-11).  This objection is OVERRULED.  Defendant does not offer any legal basis for not complying with the Special Master's order regarding converting or organizing the data by billable units rather than procedures.  Defendant must provide the data in a way that is compatible with prior reports and must convert the data into billable units as it was done in previously produced documents.

Second, regarding the amount charged per billable unit rather than the aggregated amounts for services rendered to each patient, Defendant argues that Plaintiffs' RFP 17 sought:

> All data identifying all physical therapy patients treated by RPC-Vail or Vail Health from November 1, 2004 to the present, including demographic information for each patient, insurance information (including insurer name, governmental entity such as Medicare Part A or Part B, self-pay etc.), referring and primary physicians, diagnoses based on an ICD9 Code, at what locations the patients were treated and when, *and the amounts paid for any services billed for each patient*. The data should be produced in Excel format.

(*Id*., p. 12) (emphasis added).  Plaintiffs' RFP 3, however, does ask for the amount charged:

> All documents *relating to the prices charged and revenues realized* for the physical
> therapy services provided to patients by Vail Health's physical therapy unit doing
> business under the trade name "Howard Head Sports Medicine." Request No. 3
> includes all contracts, agreements, and documents relating to prices for which
> medical insurers, medical plans, third-party health care administrators, and other
> health care reimbursement mechanisms have agreed to indemnify Vail Health for
> physical therapy services provided to patients by its physical therapy unit doing
> business under the trade name "Howard Head Sports Medicine." Request No. 3
> also includes all contracts, agreements, and documents relating to prices charged
> by Vail Health to patients who do not have medical insurance, a medical plan, or
> any other payment arrangement with a third-party.

(D. 129-13, p. 5) (emphasis added).  The terms 'paid' and 'charged' do not mean the same thing

and are not interchangeable.  *See, e.g., Grabau v. Target Corp.*, No. CIVA06CV01308-

WDMKLM, 2008 WL 659776, at *2 (D. Colo. Mar. 6, 2008) (finding that the probative value of

the amounts billed without the corresponding evidence of the amounts paid in satisfaction of those

bills would be a substantial risk of unfair prejudice to the defendant when determining damages).

Defendant then argues that it has produced extensive documents and information regarding the

amount it charged for physical therapy services and therefore any further reports would be

unreasonably cumulative under Federal Rule of Civil Procedure 26(b)(2)(C)(i).

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ.

P. 26(b)(1).  Defendant does not make any argument that would indicate that the information

ordered to be produced by the Special Master is not relevant or that it would outweigh the

presumption of broad disclosure.  The Special Master was appointed specifically because of his

role as Special Master in the Colorado state case that is also proceeding between the parties.  That

duality places the Special Master in the best position to know what discovery has been conducted

in the Colorado state case and what would be duplicative or unnecessary in this action.

Accordingly, Defendant's objection is OVERRULED as it has failed to demonstrate to this Court that the information sought is unreasonably cumulative or duplicative.

Finally, Defendant objects because it does not track data regarding the amount collected for the units of physical therapy rendered to each patient in the ordinary course of business. Plaintiffs argue that Defendant has never submitted any sworn testimony of an officer or employee of Vail Health that this information does not exist.  (D. 295-1, p. 11).  Federal Rule of Civil Procedure 34(b)(2)(E)(i) provides that a party must produce documents as they are kept in the usual course of business.  This Court agrees that Rule 34 only requires a party to produce documents that are already in existence and Defendant cannot be compelled to create new documents merely for production during discovery.  *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010); *Georgacarakos v. Wiley*, No. 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr. 3, 2009) ("Thus, if a requested document is not in the possession of a party or non-party, such person need not create the non-existent document.").

Defendant has made an adequate showing that the data regarding payment per unit of physical therapy is not kept in the ordinary course of business and that its standard practice is to maintain data regarding payments for each patient encounter.  Therefore, this objection is SUSTAINED.  This Court ORDERS Defendant to submit an affidavit of a Vail Health witness, such as from Vail Health's billing department, who can confirm that Vail Health does not maintain data regarding the amount collected for the units of physical therapy rendered to each patient.  This affidavit shall be filed with the Court by April 14, 2022.

II.       The Motions for Protective Orders

"Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence of a federal question or on diversity of citizenship."  *Everitt v. Brezzel*, 750 F. Supp. 1063, 1065 (D. Colo. 1990). Regarding the request for a protective order, the decision to grant or deny a protective order is "vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Under Rule 26(c), a party must demonstrate good cause for an entry of a protective order.  *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).   Thus, the movant must show that "disclosure will result in a clearly defined and serious injury to the party seeking protection." *Id*. (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).  The court must balance the need for one party to access information against the injury that might result from unrestricted disclosure while also considering any privacy interests of the parties and whether the case involves issues of public importance.  *Id*.

"A subpoena served on a third party pursuant to Federal Rule of Civil Procedure 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure."  *Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-00047-NYW, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016) (citing *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)).  Thus, a subpoena must request information relevant to a party's claims or defenses and are proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Under Rule 45, a court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  Moreover, a court on motion may quash or modify a subpoena if it requires:

"(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

A. Plaintiffs' Motion for a Protective Order

Plaintiffs move this Court to preclude Defendant from serving *any* subpoenas on the Orlando Magic and SpaceX. (D. 221, p. 14). The primary question is whether Plaintiff Winninger has standing to move to quash the challenged subpoena. Generally, "a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy interest is implicated." *Mona Vie, Inc. v. Amway Corp.*, No. 08-CV-02464-WDM-KLM, 2009 WL 524938, at *3 (D. Colo. Mar. 2, 2009). Here, Plaintiffs have labeled the motion as one requesting a protective order, but in actuality, it is a motion to quash Defendant's subpoenas to third parties regarding Plaintiff Winninger's employment and consulting agreements. (D. 221, p. 3). The party serving the subpoena is required to give notice to opposing counsel under Federal Rule of Civil Procedure 45(a)(4) prior to service, thus Plaintiffs' logic that "there is nothing to quash" because the subpoenas have not been served does not transform their motion into one for a protective order under Rule 26(c). (D. 267-1, p. 3).

Plaintiffs allege that they "have produced a number of documents, including Ms. Winninger's 2019 and 2020 tax returns, her current agreement with the Magic as well as her most current paystubs showing her biweekly and cumulative pay for 2021, her agreement with SpaceX, and the amounts she has invoiced SpaceX thus far." (*Id.*, p. 5). Plaintiffs claim that a protective order is necessary to ensure that Plaintiff Winninger's privacy interests are protected because the subpoenas are designed to embarrass, harass, annoy, and interfere with her contractual

relationships. (*Id.*). Plaintiffs cite *Bottoms v. Liberty Life Assur. Co. of Bos.*, No. 11-CV-01606-PAB-CBS, 2011 WL 6181423 (D. Colo. Dec. 13, 2011) for the proposition that subpoenaing the personnel records of Plaintiff Winninger infringes on her privacy interest. However, the Court in *Bottoms* noted that the plaintiff's request for personnel records of every person who was involved in handling the plaintiff's claim for long-term disability benefits under the Employee Retirement Income Security Act of 1974 was facially overbroad. *Bottoms*, 2011 WL 6181423, at *6.

Notwithstanding, a party may have enough of a privacy interest in her own employment records to confer standing to challenge a third-party subpoena. *Nally v. Momentum Volleyball Colorado*, No. 19-CV-03588-LTB-NRN, 2021 WL 5537541, at *2 (D. Colo. Aug. 17, 2021). Defendant's proposed subpoena to the Orlando Magic requests:

> 1. A complete copy of all employment agreements or other contracts between YOU and WINNINGER.
> 2. A complete record of all payments made to WINNINGER since she began employment.
> 3. A complete copy of WINNINGER's personnel file.
> 4. All communications with WINNINGER about WINNINGER's unauthorized downloading of patient records when she worked at Howard Head Sports Medicine Clinic.
> 5. All other communications relating to WINNINGER's unauthorized downloading of patient records when she worked at Howard Head Sports Medicine Clinic.

(D. 221-1, p. 12). Defendant's proposed subpoena to SpaceX requests:

> 1. A complete copy of all consulting agreements or other contracts between YOU and WINNINGER.
> 2. A complete record of all payments made to WINNINGER.
> 3. A complete copy of all security clearance applications YOU or WINNINGER submitted in connection with the contracts or consulting agreements between YOU and WINNINGER.
> 4. A complete copy of all COMMUNICATIONS with WINNINGER regarding any entries, responses or questions on her security clearance application.

(*Id.*, p. 18).

10

Plaintiffs argue that Plaintiff Winninger has produced her employment agreements with the Orlando Magic, her consulting services agreement with SpaceX, her Orlando Magic payroll records, her SpaceX invoices, and her tax returns. (D. 267-1, p. 1). While Rule 26(b)(2)(C)(i) requires this Court to limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, the Court does not find that Defendant's subpoenas rise to that level. Defendant is entitled to confirm via the third parties' documents that there are no other contracts or employment/consulting agreements. And regardless of the documents Plaintiffs have provided to Defendant, the third parties have sole possession and control of Plaintiff Winninger's personnel files and possible security clearance application. Therefore, Defendant is entitled to review these documents regarding Plaintiff Winninger as they are relevant to determining damages and assessing credibility. *See ORP Surgical, LLP v. Howmedica Osteonics Corp*, No. 1:20-CV-01450-RBJ, 2021 WL 5280192, at *1 (D. Colo. Nov. 12, 2021). Because Plaintiffs have placed both of Plaintiffs' economic realities at issue in this case, Defendant is entitled to compare their current economic realities with their past. *Nally*, 2021 WL 5537541, at *3. Finally, Defendant is entitled to seek documents and communications regarding her actions at Howard Head because Defendant wishes to attack Plaintiff Winninger's credibility. This Court finds that this is relevant to this case and subpoenaing such information is appropriate and narrowly tailored to just the specific incident of downloading patient records while she worked at Howard Head Sports Medicine Clinic.

After reviewing the subpoenas, this Court finds that the subpoenas to the third parties regarding Plaintiff Winninger are relevant and Defendant is entitled to such documents. Plaintiffs have not demonstrated that there is a relevant privacy interest in this case, nor can they, as this case and the Colorado state case are matters of public record. Plaintiffs concede that Plaintiff Winninger had discussed the cases with her employers prior to being hired, thus they cannot

establish that Defendant's subpoenas will embarrass or harass her.  (D. 249-4, p. 3).  Finally, even if Plaintiffs were moving for a protective order under Rule 26, they have still failed to establish good cause for a protective order or that the subpoenas will result in a clearly defined and serious injury to Plaintiff Winninger.  Accordingly, Plaintiffs' motion for a protective order is DENIED WITH PREJUDICE.

B.  Defendant's Motion for a Protective Order

Defendant moves for a protective order to end discovery and declare that Defendant has fulfilled its discovery obligations.  While this Court agrees that discovery has dragged on and that after six months the first three motions to compel have still not been resolved, a protective order is not the appropriate vehicle with which to end discovery.  Regardless, the decision to grant or deny a protective order is vested in the district court's discretion.  *Wang,* 919 F.2d at 130.  Based on the findings *supra* that Defendant must still produce certain information as ordered by the Special Master, this Court does not find that Defendant has fulfilled all of its discovery obligations or that fact discovery should close.

That being said, this Court is concerned by Plaintiffs' counsel's language about "following the money" and extending discovery during the October 2021 hearing with the Special Master. (*See* D. 228-14, pp. 3-7).  Accordingly, this Court DENIES WITHOUT PREJUDICE Defendant's motion but ORDERS that the discovery deadline close on May 15, 2022, unless the Special Master recommends that the discovery deadline be extended and that recommendation is adopted by this Court.

12

III.     CONCLUSION

For the foregoing reasons, this Court ADOPTS IN PART and REVERSES IN PART the Special Master's Report for the reasons specifically outlined in the Order.  (D. 274).

This Court DENIES WITHOUT PREJUDICE Plaintiffs' motions to compel # 1-3 and REFERS BACK the issues to the Special Master to be resolved as informal discovery disputes in line with the instructions in this Order.  (D. 127, D. 129, D. 132).

Furthermore, this Court DENIES WITH PREJUDICE Plaintiffs' motion for a protective order and DENIES WITHOUT PREJUDICE Defendant's motion for a protective order. (D. 221, D. 222, D. 228, D. 229).

It is FURTHER ORDERED that the Special Master shall resolve and issue a final Report and Recommendation regarding any remaining issues pertaining to Plaintiffs' five motions to compel by June 15, 2022.  Within twenty-one (21) days of service of a copy of the Report and Recommendation, the parties may file written objections under Rule 53(f)(2).

Dated at Grand Junction, Colorado this March 30, 2022.

_____
Gordon P. Gallagher
United States Magistrate Judge