IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH,

    Defendant.

## ORDER STRIKING
## DEFENDANT'S MOTIONS TO RESTRICT

This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's (Vail Health) Motions to Restrict (D. 251, 272, 289, 298).[1] The motions have been referred to this Magistrate Judge for review.[2] The Court has reviewed the pending motions, supplements, and all attachments. The Court has also considered the entire case file, the applicable law, and is

---

[1] "(D. 251)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. *See, e.g., Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020). Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. FED. R. CIV. P. 72(a).

1

sufficiently advised in the premises. Oral argument is not necessary. For the reasons that follow, the Court STRIKES, the motions to restrict.

Defendant Vail Health moves to restrict a number of attachments to recent motions that have been docketed in this case. Many of these same documents have been utilized in this matter previously and have already been restricted at Level 1 Restriction. Some are new and restriction had not been previously considered by the Court. Also, as to many of the documents, Vail Health's motion states that conferral occurred, that Plaintiffs object, but attaches an email chain in lieu of a response being lodged by Plaintiffs. All of this is wasting an inordinate amount of time and is, in the first instance, the responsibility of the Parties to resolve. Therefore, the following SHALL apply to further motions to restrict in this action (this procedure only applies to motions to restrict):

1. Items which the Court has previously restricted SHALL presumptively be entitled to the same level of restriction if utilization of the document requires it to be refiled in the CM/ECF system. The document, upon refiling SHALL be refiled at the same level of restriction and SHALL be accompanied by a face sheet indicating that the same document was previously filed at that level of restriction and conspicuously noting the prior docket number, e.g., D. 98 Level 1 Restriction, and the Order granting such restriction, D. 136. It is unnecessary to subsequently file a new motion each time the document is refiled and the Court will *sua sponte* readdress any particular document if needful.

2. Noting that an opposing Party objects but does not intend to respond does NOT preserve the objection and will not be considered an objection nor a responsive pleading by the Court. The Parties SHALL engage in conferral and then note, as to each proposed document, whether there is truly an objection. If a Party elects to object, the Court expects a responsive

pleading to be timely filed and will assess briefing costs if no response is filed.  E.g., if a party briefs a motion to restrict on the basis that the opposing Party indicated an objection would be forthcoming, the opposing Party will bear the cost for such briefing if the response is not perfected.  It is not the Court's responsibility to tease out what possible objection might be interposed or is meant by some email string.  Either object or do not object, but do not waste the Court nor opposing Counsel's time by failing to respond.

It is therefore Ordered that the motions to restrict at D. 251, 272, 289, and 298 are struck.

It is further Ordered that each of the documents for which restriction is sought in those motions SHALL be restricted at Level 1 Restriction until further Order of the Court.

It is further Ordered that, within fourteen (14) days, the Parties SHALL comply with the Orders of the Court as to seeking restriction set forth herein.  The moving Party SHALL then, in a single filing clearly outlining the specific docket numbers for which restriction is still sought, apply the aforementioned guidance.  If no restriction is sought as to a particular document, that too Shall be noted.  Finally, as to those documents to which the opposing party objects to a motion to restrict, a responsive pleading Shall be filed within fourteen (14) days thereafter.

Dated at Grand Junction, Colorado this April 1, 2022.

Gordon P. Gallagher
United States Magistrate Judge