IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM TO PLAINTIFFS' MOTIONS TO COMPEL

Defendant Vail Clinic, Inc. ("Vail Health") hereby submits its Response to Plaintiffs' Supplemental Memorandum in Support of Their Motions to Compel (Dkt. 305, hereinafter "Pls' Supp. Br.").

### INTRODUCTION

In this antitrust lawsuit, Plaintiffs have alleged that the relevant geographic market is the "Vail Valley," which Plaintiffs define as running from East Vail to Gypsum, Colorado. (Dkt. 26, Am. Compl. ¶ 35.) On January 10, 2022, Plaintiffs disclosed the antitrust report of Leslie E. Schafer, Ph.D, and, like Plaintiffs, Dr. Schafer defines the relevant geographic market as "no larger than the Vail Valley." (Ex. A, Schafer Rep. at 86.) On February 28, 2022, Vail Health disclosed the report of its rebuttal antitrust expert, Monica Noether, Ph.D., who contends that Dr. Schafer fails to define a "valid" geographic market and opines that Dr. Schafer's definition of the geographic market as the Vail Valley is "overly narrow." (Ex. B, Noether Rep. at 3). Plaintiffs argue that, because Dr. Noether criticizes Dr. Schafer's geographic market as too narrow,

Dr. Noether's report "opens the door" to discovery of healthcare data for patients outside the Vail Valley in Summit County, Garfield County, and Basalt. Plaintiffs are wrong.

The patient data outside the Vail Valley that Plaintiffs seek is not relevant to determining whether the Vail Valley is the relevant geographic market, and Plaintiffs admit they are not seeking this discovery for that purpose. Instead, Plaintiffs claim they need the additional data to disprove the position Vail Health "now asserts" through its *rebuttal* expert. But it is unclear what "new position" Plaintiffs claim Vail Health is taking. Vail Health has not proposed a competing definition of the relevant geographic market, nor is it required to. Vail Health has no burden to prove the relevant geographic market—that is Plaintiffs' burden alone. Dr. Noether's report serves only to contradict or rebut positions taken by Dr. Schafer. It does not open the door to additional discovery.

In addition, Plaintiffs' claim that Dr. Noether's report is based on information Vail Health has refused to disclose in discovery is demonstrably false. Dr. Noether's report is based on (a) documents produced in the litigation; (b) publicly available information; and (c) data on which Plaintiffs' economist relied. Contrary to Plaintiffs' suggestion, Dr. Noether did not rely on any data that Vail Health claimed during motion to compel briefing was not discoverable.

## ARGUMENT

**I.     Nothing in Dr. Noether's Expert Report Warrants Production of Patient Data from Outside the Alleged Vail Valley Market**

Plaintiffs claim that Vail Health should produce data regarding treatment of patients at Howard Head locations outside of the alleged Vail Valley market. There is no basis for the additional discovery Plaintiffs seek.

2

### A. Courts Commonly Limit the Scope of Discovery to the Alleged Geographic Market.

In their Amended Complaint, Plaintiffs allege, without equivocation, that the geographic market for antitrust purposes is the Vail Valley.  (Dkt. 26, Am. Compl. ¶ 35.)  That constitutes a judicial admission.  *Prograde Ammo Grp. Ltd. Liab. Co. v. Perry*, Civil Action No. 14-cv-00884-PAB-MEH, 2015 U.S. Dist. LEXIS 28410 (D. Colo. Mar. 9, 2015) ("Allegations in a complaint or counterclaim are binding judicial admissions . . . .").  They do not plead any other geographic market in the alternative.  Plaintiffs have not sought to amend their complaint to assert that Vail Health has market power with respect to physical therapy services in a broader geographic market.  Nor could they.  If Plaintiffs expanded their alleged geographic market to include Summit and Garfield Counties, they could not possibly prove that Vail Health has market power.  For example, in Garfield County, there are many physical therapy providers, including the hospital-based provider Valley View physical therapy.  (Valley View, Physical Therapy, *available at* https://www.vvh.org/our-services/rehab-services/physical-therapy/ (listing 28 physical therapists).)  Plaintiffs do not genuinely seek to pursue a theory that the alleged geographic market is larger than the Vail Valley because Plaintiffs could not plausibly allege (let alone prove) that Vail Health has market power with respect to physical therapy services in such a market.

It is well established that discovery outside of a plaintiff's alleged geographic market is irrelevant.  *See, e.g.*, *Radio Music License Comm., Inc. v. Global Music Rights, LLC*, No. CV 19-3957, 2020 U.S. Dist. LEXIS 243375, at *16 (C.D. Cal. Jan. 2, 2020) ("In an antitrust case, courts generally limit discovery to the ambit of the applicable market.") (collecting cases); *Vident v. Dentsply Int'l, Inc.*, No. SA CV 06-1141, 2008 U.S. Dist. LEXIS 110399, at *6-8 (C.D.

3

Cal. Aug. 29, 2008) (finding no abuse of discretion in magistrate judge's ruling that "the definition of the relevant market in [this antitrust] case determines the scope of allowable discovery"); *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 8:13-cv-1880, 2017 U.S. Dist. LEXIS 231324, at *3-4 (C.D. Cal. Oct. 19, 2017) (finding that "the definition of the 'relevant market' defines the scope of relevant discovery"); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 U.S. Dist. LEXIS 66159, at *37 (D. Kan. Sept. 6, 2007) (finding that discovery outside the relevant geographic market "not relevant on its face").

Because Plaintiffs have not pursued—and will not pursue—a claim that the geographic market is broader than the Vail Valley, discovery from outside the Vail Valley serves no purpose but to impose discovery burdens on Vail Health.

### B. Dr. Noether's Criticisms of Dr. Schafer's Analysis Do Not Open the Door to Discovery from Outside the Alleged Vail Valley Market.

Plaintiffs do not argue that the data they seek regarding patient treatment at Howard Head locations outside the alleged Vail Valley market is relevant to proving *their* theory that the Vail Valley is the relevant geographic market. Plaintiffs insist that they need the additional health data to disprove Vail Health's "new theory" of the relevant market. (Pls' Supp. Br. at 6 ("If Vail Health and its expert say Summit and Basalt are in the defined market, Plaintiffs are entitled to evidence that those geographic areas are not included and are entitled to evidence that would assist Plaintiffs in explaining why."); *id.* at 7 ("[T]he data and documents sought by Plaintiffs regarding Summit County and Basalt are relevant to a proposition that Vail Health now asserts" (emphasis added)).) But Plaintiffs misconstrue Vail Health's positions in this case and Dr. Noether's opinions.

4

As Plaintiffs acknowledge, neither Vail Health nor its expert have offered a competing proposal for the relevant geographic market. (Pls' Suppl. Br. at 2 ("The report offers no explicit definition of the relevant geographic market for antitrust purposes . . . .").) That is because Vail Health has no burden to prove the alleged geographic market. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr.*, No. 05-2084 JAP-LFG, 2008 U.S. Dist. LEXIS 41164, at *16 (D. Colo. May 22, 2008) ("The burden of proof is upon Plaintiffs to establish the relevant geographic market.").

To be sure, Dr. Noether contends that Dr. Schafer fails to define a "valid" geographic market. (Ex. B, Noether Rep. at 3.) She points out a number of problems with Dr. Schafer's definition of the geographic market, including that it is based on nonscientific evidence such as (1) "anecdotal evidence of traffic backups," (2) Dr. Schafer's observations about the "geographic terrain," and (3) Vail Health's description of its "service area." (*Id.* at 18.) Dr. Noether also opines that Dr. Schafer's definition of the geographic market as the Vail Valley is "overly narrow" and that Howard Head likely faces competition from providers in a much broader geographic area. (*Id.* at 3.) But Dr. Noether is a rebuttal expert witness, "intended solely to contradict or rebut evidence on the same subject matter identified by [Dr. Schafer]," Plaintiffs' affirmative expert. *See* 26(a)(2)(D)(ii). Each of her criticisms serves to demonstrate why Plaintiffs fail to meet *their* burden of proving that the Vail Valley is the relevant geographic market, not to propose a different geographic market.

Plaintiffs' suggestion that Dr. Noether has offered opinions that are inconsistent with Vail Health's prior positions disregards her role as a rebuttal expert whose purpose is to identify flaws in the opinions of Plaintiffs' expert.

5

### C. Dr. Noether's Rebuttal Opinions Regarding the Residence Location of Patients Treated in the Vail Valley Are Based on Data Produced in This Litigation, Not Information Vail Health Has Refused to Produce.

Plaintiffs argue that Rule 26(a)(2)(B) and Rule 26(a)(1) require Vail Health to produce additional discovery (Pls' Supp. Br. at 8), but Vail Health has provided all that is required under those rules. Rule 26(a)(2)(B) requires that an expert report contain "the data or other information considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Plaintiffs argue that Dr. Noether's conclusion that "the service area from which Howard Head draws 90 percent of its Colorado patients extends east through Denver; [and] west past Rifle (101 minutes from Vail)" demonstrates Vail Health is relying on information it claimed was irrelevant in its motion to compel briefing. However, Dr. Noether's conclusion is based on data <u>Vail Health produced to Plaintiffs</u>. (Ex. B, Noether Rep. at 19 n.65 & 21 n.67.) Specifically, Dr. Noether relied upon the extensive data Vail Health produced regarding every private-payer outpatient physical therapy procedure provided to a patient at a Howard Head location in the Vail Valley, which Plaintiffs have had access to for more than five months.

Rule 26(a)(1) requires a party to produce a copy of all documents and electronically stored information that it may use to support its claims or defenses. Vail Health has produced all of the documents it intends to use to support its claims and defenses.

Plaintiffs' remaining arguments amount to criticisms of Dr. Noether's rebuttal report, including Plaintiffs' objection to Dr. Noether's reliance on the document called VVMC Strategic Planning: 2016 and Plaintiffs' argument that Dr. Noether's patient flow analysis is inadequate. Those arguments are not relevant to Plaintiffs' motions to compel and can be properly raised in a

motion in limine or on cross-examination of Dr. Noether. They provide no basis for further discovery.

## II. Dr. Noether Does Not Rely on Information Regarding Profit Margins that Vail Health Refuses to Produce.

Finally, Plaintiffs briefly argue that they are entitled to "financial documents, such as the audited and unaudited financial statements and analyses, Medicare cost reports, source material documenting Vail Health's profitability, prices charged, and indirect and direct costs" regarding the entire Vail Health hospital system. (Pls' Supp. Br. at 9-10.) The basis for Plaintiffs' request is Dr. Noether's reliance on information from the publicly available American Hospital Directory. Dr. Noether's reliance on such information provides no basis for the production of additional financial data.

The expert report of Plaintiffs' economist, Dr. Schafer, includes a section discussing Howard Head's margins. (Ex. A, Schafer Rep. ¶¶ 223-229.) In that section, Dr. Schafer compares margins of Howard Head (a single service line within a hospital system) with margins for "Colorado's for-profit and non-profit hospitals." (*Id.* ¶ 227.)

In responding to Dr. Schafer's margin comparison, Dr. Noether explained:

> Dr. Schafer also misleadingly and meaninglessly compares the margins of Vail Health's Howard Head physical therapy practice with the aggregate margins for hospitals in general. Hospitals are comprised of many service units with substantially varying degrees of profitability. As a result, the only appropriate comparisons would be between Howard Head and other hospital-based physical therapy practices, or by comparing aggregate Vail Health margins to the hospital-wide averages that she cites. Making the latter comparison, I find that Vail Health's financial condition is considerably worse than the average hospital. Dr. Schafer notes that nationally the median hospital operating margin was 2.4 percent, while that of Colorado hospitals was 2.6 percent in 2019. In contrast, Vail Health's operating margin in 2019 was a negative 6 percent.

7

(Ex. B, Noether Rep. ¶ 86.) Dr. Noether was not able to compare Howard Head's profit margins to the profit margins of any other physical therapy provider because Plaintiffs have not subpoenaed a single Howard Head competitor for that information. Accordingly, she compared the profit margins of other hospitals (a figure cited *by Dr. Schafer*) with Vail Health's profit margins based on publicly available data (specifically, the American Hospital Directory). (*Id.* at ¶ 86 n.147.)

In sum, Dr. Noether only cited American Hospital Directory data regarding Vail Health because Plaintiffs' expert relied on an inapt comparison of Howard Head's margins to the margins of other hospitals. Nothing in Dr. Noether's rebuttal opinions suggest that the margins of the entire Vail Health hospital system (as opposed to its Howard Head physical therapy unit) are relevant to this dispute.

## CONCLUSION

For all the reasons submitted to the Court in briefs and oral argument, Plaintiffs' motions to compel should be denied.

Respectfully submitted this 5th day of April, 2022.

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*