# DISCOVERY DISPUTE CHART
*Sports Rehab v. Vail Health,* Case No. 1:19-cv-2075-WJM-GPG

| ISSUE | VAIL HEALTH'S POSITION | PLAINTIFFS' POSITION |
|---|---|---|
| **Depositions Under The Court's March 30 Order [ECF No. 307]** | On March 31, 2022, the Magistrate Judge entered an order extending the discovery deadline to May 15 ("Order").  Vail Health understands this extension was intended to allow Vail Health to produce the information as provided in the Order, not as a wholesale reopening of discovery, which otherwise closed on December 20, 2021 (Doc. 242.)<br><br>Immediately following the Order, Plaintiffs have stated they intend to take the following depositions between now and May 15:  (1) Rule 30(b)(6) deposition of Vail Health; (2) Billing office/employee that will be signing the affidavit required by the Order; (3) BKD accountants—Vail Health's auditors; (4) John Higgins—CFO; (5) Will Cook—CEO; and (6) and Terry Bobolz, a Vail Health senior financial systems analyst.<br><br>In addition to the extensive discovery that occurred in the related state case, discovery in this case began in October 2020 and, after several extensions, concluded in December 2021.  Plaintiffs had a full opportunity during the fourteen-month discovery period to take all of these depositions.  Indeed, with the exception of #2 and #6, they noticed all of these depositions in December 2021, but ultimately withdrew them.<br><br>Permitting Plaintiffs to take six additional depositions at this stage of the proceedings would reward Plaintiffs for their delay in | In the March 30 Order, the Court denied Vail Health's motion for protective order, finding that a "protective order is not the appropriate vehicle with which to end discovery." [ECF No. 307 at 12].  The Court also stated that it did "not find that Defendant has fulfilled all of its discovery obligations or that ***fact discovery should close***." [*Id.* (emphasis added)].  Accordingly, the Court denied Vail Health's motion and "ORDER[ED] that the discovery deadline close on May 15, 2022, unless the Special Master recommends that the discovery deadline be extended and that recommendation is adopted by this Court." [*Id.*]  *See also* Jan. 18, 2022 Special Master Recommendation [ECF No. 274 at 4] (recommending that fact discovery "be allowed to continue [as to] a date certain to be determined by the Court").<br><br>On April 1, 2022, Plaintiffs identified six possible deponents and sought to confer with Vail Health about those depositions.  Plaintiffs are within the number of depositions allowed by the Scheduling Order.<br><br>On April 4, during a meet and confer, Vail Health informed Plaintiffs it would not discuss the depositions because the Court's March 30 Order does not allow depositions to be taken.<br><br>On April 5, Plaintiffs again attempted to confer with Vail Health about the depositions and how Plaintiffs would be willing to reduce the number of depositions.  Vail Health refused to have any |

## DISCOVERY DISPUTE CHART
*Sports Rehab v. Vail Health,* Case No. 1:19-cv-2075-WJM-GPG

| ISSUE | VAIL HEALTH'S POSITION | PLAINTIFFS' POSITION |
|---|---|---|
| | prosecuting their claims. In its November 28, 2021 order (Doc. 242), the Court rejected Plaintiffs' request for an indefinite extension of the discovery deadline and granted only a limited extension until December 20, 2021. In so holding, the Court found "that Plaintiffs have not been diligent in obtaining discovery within the guidelines of the Scheduling Order" and that "[i]t is uncontroverted that Plaintiffs delayed progress in the case by four months." (*Id.* at 4.)<br><br>Plaintiffs also claim that Vail Health's rebuttal expert economist has offered opinions that are inconsistent with positions Vail Health took regarding the relevance of certain discovery sought by Plaintiffs. Vail Health has responded to those contentions in its April 5, 2022 brief submitted per the Special Master's order. (Doc. 317.) Any questions regarding the opinions of Vail Health's expert economist should be the subject of questioning at her deposition and do not justify additional *fact* depositions. | substantive discussion about the depositions because, as Vail Health put it, the March 30 Order is "pretty clear" that Plaintiffs do not have "any right to take any at all."<br><br>During that meet and confer, Plaintiffs did have the opportunity to explain, however, that Plaintiffs would not seek the deposition of CEO Will Cook. Plaintiffs agreed not to seek his deposition considering Cook's representation to Winninger that Vail Health would not serve subpoenas on Winninger's employers, which the Court authorized in its March 30 Order.<br><br>Vail Health also contends that Plaintiffs had the ability to take depositions last winter, except for the fact that: (1) Vail Health did not produce any documents until March 2021, and then it was only 55 documents; (2) Plaintiffs had to file five motions to compel and significant discovery issues remain pending as to those motions; (3) Vail Health opposed certain depositions or lines of questioning based on objections at issue in the five motions to compel; (4) at times, Vail Health asserted that depositions were not allowed; and (5) Vail Health attempted to limit the time allowed and topics for certain deponents. Given the number of discovery issues that had already been briefed—Plaintiffs decided not to pursue those depositions at that time—that is in December 2021.<br><br>In February 2022, Vail Health served its economics expert's rebuttal report. That report raises multiple issues that Vail Health |

2

## DISCOVERY DISPUTE CHART
*Sports Rehab v. Vail Health,* Case No. 1:19-cv-2075-WJM-GPG

| ISSUE | VAIL HEALTH'S POSITION | PLAINTIFFS' POSITION |
|---|---|---|
| | | previously argued before the Special Master were irrelevant and outside the scope of discovery.  The parties just completed supplemental briefing on the motions to compel about these issues on April 5, 2022.  The depositions that Plaintiffs seek relate positions n by Vail Health's expert, which contradict prior representations that Vail Health made in discovery motions and to the Special Master.<br><br>At 9:55 a.m. on the day this chart is to be submitted, Vail Health inserted a series of comments that are not helpful to the resolution of the discovery issue in this chart.  That is, that Plaintiffs have not been diligent in prosecuting their claims and have delayed discovery by four months.  There are a few facts that should be borne in mind with respect to those arguments.<br><br>(1)   The discovery issues confronting the Court and the Special Master now relate to the production of key antitrust data and documents that were the subject of Plaintiffs' written discovery served October 7, 2019—30 months ago.<br><br>(2)   From the beginning, Vail Health represented to the Court that virtually all of the discovery needed for this Sherman Act § 2 case had already been produced in the Eagle County case.<br><br>(3)   After at least 60 requested meet and confer conferences (only a few of which Vail Health would participate in) and five |

## DISCOVERY DISPUTE CHART
*Sports Rehab v. Vail Health,* Case No. 1:19-cv-2075-WJM-GPG

| ISSUE | VAIL HEALTH'S POSITION | PLAINTIFFS' POSITION |
|---|---|---|
| | | Rule 37 motions to compel, Plaintiffs are at last piercing just how misleading Vail Health's representations have been—that is, discovery in the Eagle County case was all that is needed here, ***except*** data and documents regarding: (a) relevant geographic market, (b) pricing, costs, and profitability, (c) market share that translates into monopoly power; and (d) supracompetitive prices. *Lantec, Inc. v. Novell, Inc.,* 306 F.3d 1003, 1024 (10th Cir. 2002); *Westman Comm'n Co. v. Hobart Int'l, Inc.*, 796 F.2d. 816 823 (10thCir. 1991).<br><br>(4) Those are the Sherman § 2 issues that the Tenth Circuit requires and which the discovery disputes have been about. The process of digging that data and those documents out from Vail Health began in earnest in about March 2021, after Vail Health's first production of documents, and has lasted over one year. Vail Health has contested virtually every discovery request sought by Plaintiffs.<br><br>The Special Master and now this Court have concluded that Vail Health has not fulfilled its discovery obligations, and still there remains pending five Rule 37 motions to compel. And it is Plaintiffs that have delayed by four months? |