## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

     Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

     Defendant.

---

### DEFENDANT VAIL HEALTH'S UNOPPOSED MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, and the Court's Order Striking Defendant's Motions to Restrict (Dkt. 313, the "Order"), Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") files this unopposed motion to retain Level 1 filing restrictions on the sixteen (16) unique documents described herein that have not previously been ordered restricted by the Court. Additionally, Vail Health provides the Court with a list and description of nine (9) unique documents referenced in Vail Health's Motions to Restrict (Dkts. 251, 272, 289, 298) that are presumptively entitled to Level 1 restriction as a result of the Order (Dkt. 313) because the Court has previously granted motions to restrict concerning those documents.

### PROCEDURAL BACKGROUND

Vail Health previously filed four Motions to Restrict a number of documents filed in this case. (*See* Dkts. 251, 272, 289, 298). In the Order (Dkt. 313), the Court struck those motions and ordered Vail Health, within fourteen days, to file one motion "clearly outlining the specific docket numbers for which restriction is still sought." (Dkt. 313 at 3). The Court additionally ruled that

items the Court has previously restricted shall "presumptively be entitled to the same level of restriction if utilization of the documents requires it to be refiled in the CM/ECF system." (Dkt. 313 at 2).

## STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), and the Order (Dkt. 313), Vail Health conferred with Plaintiffs regarding this motion. Plaintiffs' position is as follows: "At this stage of the proceedings, Plaintiffs do not take any position as to whether the exhibits should be restricted from public view and therefore do not oppose the motion. Plaintiffs reserve the right to oppose the restriction of exhibits from public view that may be presented later in the proceedings, such as by way of summary judgment motions or other pretrial filings, but they will address those issues separately as they arise consistent with the Court's April 1, 2022 Order [ECF No. 313]."

## ANALYSIS

### A. Standard for the Restriction of Documents

On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." *Id.* A Party may designate documents as confidential to "protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)[1](G)." *Id.* A Party may designate documents as attorneys' eyes only "to protect nonpublic information that the producing party deems so completely sensitive that the information would cause irreparable harm if learned by its competitors or potential competitors." *Id.*

Fed. R. Civ. P. 26(c)(1)(G) provides that a protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have construed Fed. R. Civ. P. 26(c)(1)(G) to protect pricing information for credit reports, technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents. *See, e.g.*, *Ad Astra Recovery Servs. v. Heath*, 2020 U.S. Dist. LEXIS 159828 (D. Kan. Sept. 2, 2020); *C.R. Bard, Inc. v. Med. Components, Inc.*, 2020 U.S. Dist. LEXIS 159452 (D. Utah Aug. 31, 2020). The Courts have also entered orders protecting pricing, confidential contract terms and negotiations, business strategies and financial information. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2015 U.S. Dist. LEXIS 111610 (D. Kan. Aug. 24, 2015).

**Documents 1 – 16** described below are designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION" under the Protective Order.

Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) a party; (4) a person shown on the face of the confidential document to have authored or received it; or (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or

defense of the action.   The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; (4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A.

Disclosure of PHI contained in **Documents 1 – 16**, as applicable,  would violate those patients' right to privacy and be inconsistent with Vail Health's obligation to safeguard the confidentiality of PHI.

Further, the public disclosure of the confidential commercial information is likely to harm Vail Health's ability to operate and compete in the marketplace by providing this information to Vail Health's competitors and to the general public. If this information is disclosed, Vail Health will be competitively disadvantaged: among other things, Vail Health's ability to maintain confidential business relationships, negotiate future agreements and pursue other competitive advantages in the marketplace will be damaged. The proposed restrictions are necessary to maintain and protect Vail Health's business interests.

Redaction of the confidential commercial and nonpublic attorneys' eyes only information in these exhibits is not practicable in all cases except for Documents 15 and 16.  Either all or the substantial majority of the information set forth in the other documents is nonpublic information that is highly sensitive, such that its release would irreparably harm Vail Health if seen by

competitors or potential competitors.  No less intrusive alternatives will provide Vail Health with

adequate protection from harm.  For Documents 15 and 16, which are Vail Health's Partial Appeal

of Special Master's January 18, 2022 Report to the Court  and Plaintiff's Response to Vail Health's

Partial Appeal of Special Master's January 18, 2022 Report to the Court, respectively, Vail Health

has attached a redacted versions of each as Exhibits 1 and 2.  Vail Health requests Documents 1 -

16 be maintained under a Level 1 restriction.

B.  Proposed Restrictions

Vail Health asks the Court to maintain the following unique documents at a Level 1 filing

restriction.   None of these documents have been previously ordered restricted.   Some of the

documents below have been filed in this case multiple times as exhibits to different motions.  That

is indicated in the second column of the chart below.

| | Exhibit/Document Title That Document Appears In | Docket Entry Where Found |
|---|---|---|
| **Document 1** | Ex. 11 to Vail Health's Motion for Protective Order | Dkt. 229-3 |
| | Ex. 10 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-4 |
| | Ex. 01 to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 278-1 |
| | Ex. 01 to Plaintiff's Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 295-2 |
| **Document 2** | Ex. 12 to Vail Health's Motion for Protective Order | Dkt. 229-4 |
| **Document 3** | Ex. 13 to Vail Health's Motion for Protective Order | Dkt. 229-5 |
| | Ex. 20 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-10 |
| **Document 4** | Ex. 14 to Vail Health's Motion for Protective Order | Dkt. 229-6 |
| **Document 5** | Ex. 15 to Vail Health's Motion for Protective Order | Dkt. 229-7 |
| | Ex. 17 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-9 |
| **Document 6** | Ex. 21 to Vail Health's Motion for Protective Order | Dkt. 229-11 |

| **Document 7** | Ex. 22 to Vail Health's Motion for Protective Order | Dkt. 229-12 |
|---|---|---|
| **Document 8** | Ex. 23 to Vail Health's Motion for Protective Order | Dkt. 229-13 |
| | Ex. 21 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-11 |
| **Document 9** | Ex. 01 to Plaintiffs' Proposed Order on Plaintiffs' Motion to Compel #2 Relation to Vail Health's Monopoly Power | Dkt. 257-1 |
| | Ex. 12 Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-5 |
| **Document 10** | Ex. 24 Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-14 |
| **Document 11** | Ex. 02 Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 278-2 |
| **Document 12** | Ex. 03 to Plaintiff's Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 295-3 |
| **Document 13** | Ex. 06 to Plaintiff's Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 295-5 |
| **Document 14** | Ex. 07 to Plaintiff's Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 295-6 |
| **Document 15** | Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 278 |
| **Document 16** | Plaintiff's Response to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 295-1 |

Vail Health's justification for seeking restrictions on these documents is as follows:

1.      **Document 1** contains confidential commercial and sensitive non-public financial information in the form of excerpted spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market, which include patient zip codes and the amount Vail Health was reimbursed for every private payer transaction, for the period November 2013 through September 2021.

2.      **Document 2** contains confidential commercial and sensitive non-public financial information in the form of Monthly Howard Head financial data, including Unique FIN (i.e., patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net

Income, for the period November 2014 through September 2020.

3.      **Document 3** includes exemplars of Vail Health/Howard Head chargemasters from 2012-2019, which set forth detailed descriptions of Vail Health's services and pricing, including by service location.  These documents are confidential commercial information including sensitive non-public financial information.

4.      **Document 4** contains confidential commercial and sensitive non-public financial and business information in the form of exemplars of Vail Health's contracts with third-party payers, which reflect the negotiated costs of Vail Health's services.

5.      **Document 5** includes Vail Health Board minutes and agendas concerning Howard Head.  This exhibit contains confidential information including sensitive non-public financial and business planning information relating to internal budgeting, financial planning, proposals for new initiatives, growth plans, internal deliberations of contemplated partnerships, and development opportunities.   The Court has previously ordered some of the pages in **Document 5** (VH_Fed_00002226-2230) be maintained at a Level 1 Restriction. (Dkt. 133, 148, 224.)

6.      **Document 6** contains confidential commercial and sensitive non-public financial information in the form of information about an office lease between Vail Health and a potential partner, the amendment to the office lease, and communications related thereto.

7.      **Document 7** contains confidential commercial and sensitive non-public financial information in the form of representative samples of documents and information regarding Vail Health's self-pay system, including adjustment forms and invoices containing pricing information.

8.      **Document 8** contains confidential commercial and sensitive non-public financial information in the form of representative samples of communications regarding Vail Health's

pricing of physical therapy services. This Court has previously Ordered that the majority of the pages included in Document 8 be maintained at a Level 1 Restriction. (Dkt. 174-2, 181, 224.) VH_Fed_00002427-2430, 4323-4325, and 2652-2655 are the only pages not previously restricted. These documents contain confidential and sensitive non-public discussions between Vail Health and its vendor relating to pricing for services and adjustments to that pricing.

9.      **Document 9** includes excerpts from the deposition transcript of Nicholas Brown dated October 19, 2021. These deposition excerpts include confidential commercial and non-public financial information about Howard Head Sports Medicine in the form of discussions about seasonal position requests, structure of the finance department, direct cost reports, financial statements, expenses, and revenue deductions. Mr. Brown's deposition transcript was designated Confidential and specific sections were further designated as Attorneys' Eyes Only.

10.     **Document 10** contains confidential commercial and sensitive non-public financial information in the form of referrals to Howard Head from 2013-2018, set forth by referring facility and physician.

11.     **Document 11** is a December 17, 2021 letter from Daniel Richards to Alan Kildow and Sonya Braunschweig, which contains protected health information ("PHI") and sensitive, detailed information regarding Vail Health's information technology and medical records systems.

12.     **Document 12** is an excerpt from one of Vail Health's internal chargemasters, which contains information regarding Vail Health's prices for a wide variety of medical procedures.

13.     **Document 13** is a management report that contains confidential commercial and sensitive non-public financial information and PHI, including patient names, procedures provided to those patients, and charge amounts.

14.     **Document 14** is an excerpt of a management report that contains confidential commercial and sensitive non-public information and PHI, including patient names, unique identification numbers, and dates of service.

15.     **Document 15** contains PHI at the bottom of Page 10 and the top of Page 11 in the form of a discussion of a specific patient's data in the Howard Head Data. Vail Health attaches as Exhibit 1 hereto a version of Vail Health's Partial Appeal that redacts the PHI contained therein and permits the public to view the remainder of the brief.

16.     **Document 16** contains on pages 6 and 8, descriptions and screenshots of documents Vail Health produced in this litigation that contain PHI regarding Vail Health patients. Vail Health attaches as Exhibit 2 hereto a version of Plaintiffs' Response that redacts the portions that contain PHI and other sensitive commercial information and permits the public to view the remainder of Plaintiffs' Response.

C.  Documents Presumptively Restricted and For Which No Additional Relief is Sought

Pursuant to the Order (Dkt. 313), Vail Health notifies the Court that the following nine documents referenced in Vail Health's Motions to Restrict (Dkts. 251, 272, 289, 298) are presumptively restricted under the Order, and Vail Health seeks no additional relief with regard to these documents.  Some of the documents below have been filed in this case multiple times as exhibits to different motions.  That is indicated in the second column of the chart below.

| | Exhibit Title | Docket Entry Where Found | Docket Entry Where Court Previously Ordered Restriction |
|---|---|---|---|
| **Document A** | Ex. 09 to Vail Health's Motion for Protective Order | Dkt. 229-1 | Dkt. 224.  Document A is redacted in the exhibits listed here and does not need to be otherwise restricted.  The Court ordered in its November 17, 2021 Order (Dkt. 224) that documents identical to Document A be submitted redacted. |
| | Ex. 12 Defendant Vail Health's Brief in Opposition to Plaintiffs' Motion to Modify the Scheduling Order to Extend Fact Discovery, Expert Disclosure, and Dispositive Motion Deadlines | Dkt. 231-1 | |
| | Ex. 07 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-1 | |
| | Ex. 13 to Vail Health's Partial Appeal of Special Master's January 18, 2022 Report to the Court | Dkt. 278-4 | |
| **Document B** | Ex. 10 to Vail Health's Motion for Protective Order | Dkt. 229-2 | Dkts. 98-1, 103-2, 106, 136 |
| | Ex. 08 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-2 | |
| **Document C** | Ex. 17  to Vail Health's Motion for Protective Order | Dkt. 229-9 | Dkts. 177-1, 2, 189, 224 |
| | Ex. 13 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-6 | |
| | Ex. 14 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-7 | |
| **Document D** | Ex. 18  to Vail Health's Motion for Protective Order | Dkt. 229-10 | Dkts. 178-1, 2, 189, 224 |
| **Document E** | Ex. 24  to Vail Health's Motion for Protective Order | Dkt. 229-14 | Dkt. 177-4, 189, 224 |
| **Document F** | Ex. 25  to Vail Health's Motion for Protective Order | Dkt. 229-15 | Dkt. 153-2, 166, 224 |
| | Ex. 22 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-12 | |
| **Document G** | Ex. 09 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-3 | Dkt. 130, 143, 224 |

| | | | |
|---|---|---|---|
| **Document H** | Ex. 23 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-13 | Dkt. 153-1, 166, 224 |
| **Document I** | Ex. 16 to Vail Health's Proposed Findings of Fact and Conclusions of Law Pursuant to the Special Master's November 22, 2021 Order | Dkt. 262-8 | Dkt. 133-15, 148, 224 |

## CONCLUSION

For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain the sixteen (16) documents discussed in section B above under a Level 1 filing restriction.

Respectfully submitted April 15, 2022

*s/ Daniel A. Richards*

Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*