```
                                                                    1

   1                   UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
   2

   3    SPORTS REHAB CONSULTING,    .  Case No.  19-cv-02075-WJM-GPG
        LLC, ET AL.,                .
   4                                .
                  Plaintiffs,       .
   5                                .
        vs.                         .
   6                                .
        LINDSAY WINNINGER, ET AL.,  .  Alfred A. Arraj Courthouse
   7                                .  901 19th Street
                                    .  Denver, CO  80294
   8             Defendants.        .
                                    .  September 21, 2020
   9    . . . . . . . . . . . . . . .  3:05 p.m.

  10
            TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
  11        GORDON P. GALLAGHER, UNITED STATES MAGISTRATE JUDGE

  12
        APPEARANCES:
  13
        For the Plaintiff:          Alan L. Kildow, Attorney at Law
  14                                By:  Alan L. Kildow*
                                    790 Potato Patch Drive
  15                                Vail, CO  81657
                                    (970) 390-6675
  16
        For the Defendants:         Davis Graham & Stubbs
  17                                  LLP-Denver
                                    By:  Jacqueline Ventre Roeder*
  18                                By:  Shannon Wells Stevenson*
                                    1550 17th Street
  19                                Suite 500
                                    Denver, CO  80202
  20                                (303) 892-9400

  21    Court Recorder:             Clerk's Office
                                    U.S. District Court
  22                                901 19th Street
                                    Denver, CO  80294
  23

  24

  25
```

```
 1  Appearances Continued:

 2  Transcription Service:          AB Litigation Services
                                    216 16th Street, Suite 600
 3                                  Denver, CO  80202
                                    (303) 296-0017
 4
    *Appearing by telephone.
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

```
 1                    (Time noted:  3:05 p.m.)
 2              THE COURT:  Okay.  We are now ready.  Thank you.
 3   This is 19-cv-2075, Sports Rehab and Plaintiff Winninger
 4   versus Vail Clinic.  If I could go ahead and take entries?
 5   And I'll go back to you, Mr. Kildow.
 6              MR. KILDOW:  Okay.  Alan Kildow, K-I-L-D-O-W --
 7              THE COURT:  Thank you, Mr. --
 8              MR. KILDOW:  -- on behalf of the plaintiffs.
 9              THE COURT:  Thank you, Mr. Kildow.
10              MR. KILDOW:  Thank you.
11              THE COURT:  And for the defense, please?
12              MS. STEVENSON:  Your Honor, Shannon Stevenson for
13   Vail Health.
14              THE COURT:  All right.  Good morning, Ms. --
15              MS. STEVENSON:  And Jackie Roeder is also on.
16   Thank you.
17              THE COURT:  All right.  Good afternoon to both of
18   you all.
19              And we are back today, now, for a scheduling
20   conference, essentially part two, after an order from the
21   District Court on a Colorado River motion now made this
22   relevant.  I have received and reviewed Document 65.
23              Frankly, I would say that there is substantially
24   more disagreement between the parties as to the course of
25   discovery than I really see, or normally see.  I understand
```

1  that as a predicate matter that this matter is hotly
2  contested, but that is no different than most other federal
3  cases, and that the stakes are high, and that there has been
4  significant ongoing litigation between the parties in state
5  court.
6              Nevertheless, this, frankly, isn't how I want to
7  start with a scheduling order, and what I'm going to do is
8  term today a preliminary scheduling hearing part two.
9              And let me go back to last week by way of apology,
10 or explanation I suppose, not an apology.  Last week, the
11 entire federal system, both video and audio, went down.  So I
12 know we were scheduled for this hearing last week.
13 Unfortunately, about a half a day of hearings had to be
14 vacated before me because we just couldn't do them.  So that
15 was frustrating, but nothing we could do about that.
16             But we're now back on this matter, and I don't
17 doubt that there are absolutely matters, particularly as to
18 some of the scope of discovery, that the parties are never
19 going to get to agreement.  But my judgment is that the
20 parties absolutely can find some way of negotiating some of
21 these things now.  And if you can't, I'll enter an order and
22 deal with it, but I think it's a much better way to start to
23 deal with this by way of some kind of agreement between the
24 parties.
25             So, Mr. Kildow, with that in mind, are you

1  available at 11:30 on Wednesday the 30th to come back and
2  take another stab at this after you've talked with opposing
3  counsel?
4              MR. KILDOW:  The 30th.  I suppose I am.  I don't
5  know what we're going to come back with to talk about.
6              THE COURT:  Well, what I hope you come back with
7  is, at least on some of these things, you know, as I said,
8  the scope of discovery I understand there that there is
9  substantial disagreement about what is kind of repetitious
10 and not, and I suspect that there won't be an agreement on
11 that.
12             As to numbers of depositions and all of those
13 other things, those are things that parties can, and do, and
14 should, come to some kind of an agreement on.  It doesn't
15 mean everybody's going to get what they want, but those are
16 housekeeping matters.  While important that parties regularly
17 negotiate, and I expect in the vast majority of
18 circumstances, will be negotiated between the parties.  So
19 that's what I want you to go and talk to your opposing
20 counsel about and try and find a way to agree on it.  And if
21 not, as I said, I'll deal with it, but I think it's a better
22 course of action to start with some agreement on this than
23 not.
24             So, Ms. Stevenson, are you available on the 30th
25 at 11:30?

```
 1                MS. STEVENSON:  Your Honor, I unfortunately am
 2   not.
 3                THE COURT:  Okay.
 4                MS. STEVENSON:  It's the final day of my
 5   Leadership Denver program that's been canceled and
 6   rescheduled many times.
 7                THE COURT:  Sure.
 8                MS. STEVENSON:  And it's a mandatory program where
 9   you have to attend every session.
10                THE COURT:  Sure.
11                MS. STEVENSON:  I'm really sorry about that.
12                THE COURT:  No problem.  How about October 1st at
13   9:30?  How does that work, Ms. Stevenson, for you?
14                MS. STEVENSON:  I can do that, Your Honor.
15                THE COURT:  Okay.
16                Mr. Kildow, how about October the 1st at 9:30?
17                MR. KILDOW:  Sure.  I can do that.
18                THE COURT:  Okay.  Fantastic.
19                I'd like to have a revised proposed scheduling
20   order by end of the day on Tuesday, the 29th.  That's over a
21   full week from today.  And I will look forward to talking
22   with everybody on October the 1st at 9:30.
23                And with that, we'll be in recess, and I'll talk
24   to you all next month.
25                Thank you very much, everybody.
```

```
 1                MR. KILDOW:  Your Honor?  Your Honor?
 2                THE COURT:  Oh.  Yes, sir?
 3                MR. KILDOW:  Wait.  Wait.  Wait.  Wait.  Wait.
 4                THE COURT:  Yes, Mr. Kildow?
 5                MR. KILDOW:  I'm sure you're aware that we have
 6   been sitting out here for 15 months since this action was
 7   filed and we have a number of things that are outstanding.
 8   And then since we're on the line, one of the things that
 9   Judge Martinez lifted the stay.  We have request for
10   production of documents that have been outstanding since
11   October 7th, 2019.  We have zero agreement or understanding
12   as to when those RFPs will be responded to.
13                THE COURT:  Okay.
14                MR. KILDOW:  And if you're not -- if we can't
15   resolve that today, then we would like to, you know, consider
16   this as an informal conference on the dispute and whether we
17   can resolve it.  And if not, we'll file a motion.
18                THE COURT:  I'm not going to resolve it today.
19   The stay was lifted in this matter on August the 21st.  We
20   started working on setting this matter for today's hearing
21   expeditiously on the 25th.  We got it set.  We had to kick it
22   off unfortunately by several days, because the nationwide
23   court computer system went down.
24                What I would suggest is to the extent that it is
25   possible, that you negotiate that with your opposing counsel
```

1  and try and see if you all can't come to some resolution by
2  the 1st.  And if you can't, we'll immediately, thereafter,
3  set an informal discovery dispute hearing and we'll take it
4  up.  But that's one, initial disclosures is something that
5  also should be, and I expect to be, negotiated.
6              And I understand here that there is some dispute
7  about the scope of that, but there isn't dispute about some
8  of the scope of that.  So at least partial, initial
9  disclosures, at the very least, can be discussed between now
10 and October the 1st.
11             MR. KILDOW:  Your Honor, I wanted to say, that's
12 not acceptable to the plaintiffs.
13             THE COURT:  Well, then --
14             MR. KILDOW:  That is just not acceptable.
15             THE COURT:  All right.  Then, Mr. Kildow, you'll
16 have --
17             MR. KILDOW:  We're entitled to a --
18             THE COURT:  You'll have to file a motion, Mr.
19 Kildow.  Mr. Kildow, that's the order of the Court.  With
20 that in mind, I'm not going to take any further argument.
21             If you, frankly, don't like the order to the
22 Court, you can file a motion and address it with Judge
23 Martinez.
24             I am going to bring this matter back on October
25 the 1st for a scheduling conference, after the parties have

1  had an opportunity to negotiate between themselves.
2               And with that, we will be in recess.
3               Have a good afternoon, everybody.
4               MR. KILDOW:  Okay.  Let me just ask you --
5               THE COURT:  Okay.  We're off the record.
6                   (Time noted:  3:14 p.m.)
7                         * * * * *

1                         CERTIFICATE

2        I, RANDEL RAISON, certify that the foregoing is a

3   correct transcript from the official electronic sound

4   recording of the proceedings in the above-entitled matter, to

5   the best of my ability.

6

7   *[signature: Randel Raison]*

8   _____        May 9, 2022

9   Randel Raison

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25