# Exhibit 1

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: May 15, 2022 9:36 AM<br>FILING ID: 91E7B60B8AF6B<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲ COURT USE ONLY ▲<br><br>Case No: 2017CV030102 |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Div.: 3 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |
| Jesse Wiens, Colo. #33903<br>Jesse Wiens Law<br>0069 Edwards Access Road, Suite 8<br>Edwards, Colorado 81632<br>Telephone: (970) 855-0078<br>E-mail:  jesse@jessewienslaw.com<br><br>Attorneys for Plaintiffs/Counter-Defendants LINDSAY WINNINGER and SPORTS REHAB CONSULTING LLC | |
| **[JUDGE GRANGER] PLAINTIFFS' MOTION TO LIFT SECURITY RESTRICTRICTIONS AND MAKE PUBLIC PLAINTIFFS' MOTION TO DISQUALIFY JUDICIAL OFFICER, INCLUDING ALL SUPPORTING DOCUMENTS** | |

## INTRODUCTION

Plaintiffs seek to make public their May 6, 2022 motion to disqualify and supporting documents. The information disclosed in those documents is based on publicly available information or publicly disclosed by the Court at the March 31, 2022 conference. Given their public nature, there is no basis to maintain them as "suppressed" or "protected" under C.R.C.P. 121 § 1-5. The public's interest in a disqualification motion fair outweighs any privacy interest, particularly when the issue presented in the motion revolves around fundamental concepts of fairness and impartiality of the judicial system. There is no precedent providing for the sealing of such information from the public view, and the security restrictions should be modified to reflect the public nature of the motion at issue.

## CONFERRAL

On May 11, 2022, Plaintiffs informed Vail Health that they would be filing a motion to lift any security designations on Plaintiffs' May 6, 2022 Motion to Disqualify Judicial Officer, including supporting documents, and requested a meet and confer. Vail Health did not respond despite communicating with Plaintiffs on other issues. On May 13, 2022, Plaintiffs sent another email seeking a conferral. Vail Health did not respond despite communicating with Plaintiffs about other issues.

Based on the representations that Vail Health made to the federal court regarding Plaintiffs' motion—that is, it was somehow improper for Plaintiffs to seek such relief—Plaintiffs understand that Vail Health opposes this motion. If Vail Health holds a meet and confer, which it has not yet agreed to do, Plaintiffs will update the Court in the event Vail Health's position is different.

## **FACTUAL BACKGROUND**

On May 6, 2022, Plaintiffs filed a Motion to Disqualify Judicial Officer. With their submission, Plaintiffs designated the motion, supporting affidavit, and a number of exhibits as "suppressed" and did so to avoid any further accusation by Vail Health that Plaintiffs submitted any documents with an improper security designation. A number of exhibits, however, were designated as "public," although the Court docket reflects that the security designation for all exhibits is "protected." Under the Court Administrator's Manual, "protected" means "[a]ny user can view the document following redaction. Before redaction, only judges, court and Judicial Department staff, and parties to the case (including parties' attorneys) can view a protected document."[1] It is unclear why this designation was applied.

In any event, the chart below summarizes the basis to make the disqualification motion and supporting documents open to the public:

| Description of Item | Court Security Designation | Basis For Open Access |
|---|---|---|
| Motion To Disqualify | Suppressed | Publicly available information |
| Kildow Affidavit | Suppressed | Publicly available information |
| Exhibit 1—Court filing manual | Protected (submitted as public) | Publicly available document |
| Exhibit 2—Submission receipt | Protected (submitted as public) | Public docket entry |
| Exhibit 3—Email submission | Protected (submitted as public) | Public docket entry |
| Exhibit 4—March 21 service | Protected (submitted as public) | Public docket information |
| Exhibit 5—T. Farney email and attachments | Protected (submitted as suppressed) | No one designated email as protected<br>March 21 Request contains information confirmed by Judge Granger in open court at the March 31 conference |

---

[1]   May 6, 2022 Mot. for Disqualification Ex. 1 at 47 [Manual].

2

| Description of Item | Court Security Designation | Basis For Open Access |
|---|---|---|
|  |  | Federal protective order is a publicly filed document |
| Exhibit 6—Roeder email | Protected (submitted as suppressed) | No one designated email as protected |
| Exhibit 7—Kildow Declaration | Protected (submitted as public) | Publicly available information |
| Exhibit 8—Braunschweig Declaration | Protected (submitted as public) | Publicly available information |
| Exhibit 9—March 22 Request | Protected (submitted as public) | Publicly available document |
| Exhibit 10—Acceptance email with updates | Protected (submitted as public) | Public docket entry and information |
| Exhibit 11—Acceptance email | Protected (submitted as public) | Public docket entry and information |
| Exhibit 12—March 23 Response | Protected (submitted as suppressed) | Response was integral to parts of March 28 Order, provides a basis for the disqualification motion, and is featured Plaintiffs' Rule 60(b) motion<br><br>March 28 Order and March 31 open court conference confirm information |
| Exhibit 13—April 5 Transcript from federal case | Protected (submitted as suppressed) | Redacted version should be public until designation addressed by federal court |
| Exhibit 14—April 20 Transcript from state case | Protected (submitted as suppressed) | No one designated as protected |
| Exhibit 15—March 31 Transcript from state case | Protected (submitted as suppressed) | No one designated as protected<br><br>Open court conference and member of public attended |
| Exhibit 16—Email | Protected (submitted as public) | No one designated as protected<br><br>Addresses nonprivate docketing issues |
| Exhibit 17—Vail Daily article | Protected (submitted as public) | Publicly available document |
| Exhibit 18—Maryland ethics opinion | Protected (submitted as public) | Publicly available document |
| Exhibit 19—Conditions of Admission | Protected (submitted as PHI suppressed) | Redact patient name and all other identifiers |
| Exhibit 20—Physical therapy evaluation | Protected (submitted as PHI suppressed) | Redact patient name and all other identifiers |
| Exhibit 21—*Downs* CAR 21 Petition | Protected (submitted as public) | Publicly available document |

3

| Description of Item | Court Security Designation | Basis For Open Access |
|---|---|---|
| Exhibit 22—*Downs* April 26 Order | Protected (submitted as public) | Publicly available document |
| Exhibit 23—March 28 Order | Protected (submitted as suppressed) | Public disclosure of same information in open court at March 31 conference |
| Exhibit 24—March 21 Request | Protected (submitted as suppressed) | Public disclosure of same information in open court at March 31 conference<br><br>References publicly available document |
| Exhibit 25—April 8 Supplemental Request | Protected (submitted as suppressed) | Public disclosure of information in open court at March 31 conference<br><br>Exhibits 1-2 publicly available documents |
| Exhibit 26—April 13 Response | Protected (submitted as suppressed) | Public disclosure of information in open court at March 31 conference |
| Exhibit 27—Contempt Motion | Protected (submitted as suppressed) | Based on March 28 Order that was publicly disclosed in open court at March 31 conference |
| Exhibit 28—Vail Daily article | Protected (submitted as public) | Publicly available document |
| Exhibit 29—Vail Health press release | Protected (submitted as public) | Publicly available document |
| Exhibit 30—Vail Health press release | Protected (submitted as public) | Publicly available document |
| Exhibit 31—Vail Health press release | Protected (submitted as public) | Publicly available document |
| Exhibit 32—Vail Daily article | Protected (submitted as public) | Publicly available document |
| Exhibit 33—Vail Health press release | Protected (submitted as public) | Publicly available document |
| Exhibit 34—Vail Health press release | Protected (submitted as public) | Publicly available document |

Moreover, no party has moved under C.R.C.P. 121, § 1-5 to limit access to Plaintiffs' Motion to Disqualify Judicial Officer, including exhibits. The only request to suppress was made by Plaintiffs in their March 22, 2022 Request to Maintain the March 21 Request for Judicial Disclosure as Suppressed. The Court's March 24, 2022

4

simply granted that request until further order of the Court. Thus, there has been no order of the Court under C.R.C.P. 121 § 1-5 that the harm to the privacy of a person outweighs the public interest in a motion for disqualification. And with respect to motions to disqualify a judge, there is no precedent in the Colorado appellate court's or C.R.C.P. 97 that permits such suppression. The reasons for not doing so are quite simple: the purpose of a C.R.C.P. 97 motion is to ensure the impartiality, fairness, and integrity of the judicial system, which undoubtedly is a matter of public interest that trumps any privacy interest.

## ARGUMENT

**I.     THE PUBLIC HAS THE RIGHT TO REVIEW PUBLIC RECORDS, AND PERHAPS MOST IMPORTANTLY, MOTIONS FOR DISQUALIFICATION.**

The suppression of Plaintiffs' motion to disqualify raises the issue of the public's right of access to judicial records, a right that courts have long recognized and vigorously protected.[2] This right is premised on the notion that transparency and public monitoring of the courts foster respect for the legal system and maintain the integrity of the judicial process.[3] The importance of the public's ability to review the factual basis and legal reasoning of judicial decisions should require no explication,[4] as that policy is reflected in the General Assembly's enactment of Colorado's Open Records Act.

Section 24-72-201 of the Act declares that, with certain specified exceptions, it is "'the public policy of this state that all public records shall be open for inspection by any person at reasonable times….' This public policy means that, unless there exists a

---

[2]     *Denver Publ'g Co. v. Dreyfus*, 520 P.2d 104, 106 (Colo. 1974); *Pierce v. St. Vrain Valley Sch. Dist. RE-1J*, 981 P.2d 600, 605 (Colo. 1999) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).
[3]     *Pierce*, 981 P.2d at 605 (citation omitted).
[4]     *Denver Publ'g,* 520 P.2d at 106; *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997).

legitimate reason for non-disclosure, any member of the public is entitled to review all public records.  There is no requirement that the party seeking access must demonstrate a special interest in the records requested."[5]

The Open Records Act does, however, restrict public access to court records if an inspection "is prohibited by rules promulgated by the supreme court or by the order of any court."[6]  In C.R.C.P. 121 § 1-5, the Colorado Supreme Court identified when and how a court may "limit access" and only when " the harm to the privacy of a person in interest outweighs the public interest."[7] Even then, such a suppression order, must be reviewed by the Court "upon the motion of any person."[8]

As the Colorado Court of Appeals in *Anderson v. Home Insurance* explained, this "rule reflects a policy consistent with and complementary to the general policy of openness of public records established by the Act," creating "a presumption that all court records court records are to be open" and allowing "a court to limit access in only one instance and for only one purpose (when the parties' right of privacy outweighs the public's right to know)…."[9]  That is because "[t]he aim of this presumption [of openness] is to ensure that the public will continue to enjoy its traditional right of access to judicial records, except in cases of clear necessity."[10]

---

[5] *Anderson v. Home Ins. Co.*, 924 P.2d 1123, 1126 (Colo. Ct. App. 1996) (citation omitted).
[6] C.R.S. § 24-72-204(1)(c).
[7] C.R.C.P. 121 § 1-5.1.  *See also* Chief Justice Directive 05-01, Public Access to Court Records, § 1.00(a)(1) (amended Oct. 18, 2016) (identifying public policy as maximizing access to court records).
[8] C.R.C.P. 121 § 1-5.4 (emphasis added).
[9] *Anderson*, 924 P.2d at 1126.
[10] *Id.* (quoting *Atlanta Journal v. Long*, 369 S.E.2d 755, 758 (1988)).

6

So under C.R.C.P. 121 § 1-5, the party seeking to limit access must "overcome this presumption in favor of public accessibility by demonstrating that the harm to the privacy of a person in interest outweighs the public interest in the openness of court files."[11]  Given that Plaintiffs' motion directly implicates the impartiality and fairness of the judicial system, the public interest trumps any privacy interest.

II.   **THERE HAS BEEN NO COMPLIANCE WITH C.R.C.P. 121 § 1-5, WHICH OUTLINES THE PROCESS AND SPECIFIC FINDINGS THAT MUST BE MADE TO LIMIT ACCESS TO COURT DOCUMENTS.**

To limit access to court files, a court must comply with C.R.C.P. 121 § 1-5.1, and issue an order that "shall specify the nature of the limitation, the duration of the limitation, and the reason for limitation," including "a finding that the harm to the privacy of a person in interest outweighs the public interest."[12]  But no such motions have been presented to the Court, and no such findings have been made by the Court either, even in the Court's Order suppressing Plaintiffs' March 21 Request for Judicial Disclosure.

III.  **THE PUBLIC HAS AN UNDENIABLE INTEREST IN THE FAIRNESS AND IMPARTIALITY OF THE JUDICIARY COMPELLING PUBLIC ACCESS HERE.**

A disqualification motion is premised on the principle that "[o]ne of the most fundamental social interests is that the law shall be uniform and impartial.  There must be nothing in its action that savors of prejudice or favor or even arbitrary whim or fitfulness."[13]  Fairness is fundamental,[14] and "a judge must be free of all taint of bias and partiality."[15]

---

[11]   *Id.*
[12]   C.R.C.P. 121 § 1-5.1-2.
[13]   Benjamin N. Cardozo, *The Nature of the Judicial Process* 112 (1921).
[14]   Colo. Code of Judicial Conduct, Preamble [1]; *Williams v. Farmers Ins. Group, Inc.*, 720 P.2d 598, 601 (Colo. Ct. App. 1985).
[15]   *Johnson v. Dist. Ct. In & For Jefferson Cnty.,* 674 P.2d 952, 956 (Colo. 1984) (citation omitted).

7

The Colorado Code of Judicial Conduct mandates disqualification when a judge's impartiality might reasonably be questioned; even an appearance of impropriety is resolved in favor of recusal.[16]

A prerequisite to determine whether disqualification is necessary revolves around the judge's disclosure of any potential conflict, which comment 5 to Rule 2.11 shows: "A judge should disclose on the record the information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification."[17]  Disclosure must include information reasonably necessary to determine whether a judge "is so related or connected with any party" to the case "as to render it improper for him to sit on the trial."[18]

C.R.C.P. 97 neither provides nor hints that a motion for disqualification or supporting affidavit be sealed.  In the leading case reversing a trial court's sealing of a disqualification motion under federal law, the Sixth Circuit explained in *Application of National Broadcasting Co., Inc.*[19] that there is "no tradition that hearings on motions to disqualify for bias are closed and that all documents pertaining to such motions are sealed. To the contrary, such proceedings are usually held in open court...."[20]  Public access is necessary because "it strengthens the judicial process for the public to be informed of how the issue is approached and decided."[21]  While the Sixth Circuit may

---

[16]     *Id.*
[17]     *See also* C.R.S. § 16-6-201(1)(d) (requiring disqualification if the judge "is in any way interested or prejudiced with respect to the case, the parties, or counsel.")
[18]     C.R.C.P. 97.
[19]     828 F.2d 340 (6th Cir. 1987).
[20]     *Id.* at 344.
[21]     *Id.* at 345.

have relied on the First Amendment in reaching its conclusion, the result is the same under Colorado's Open Records Act and C.R.C.P. 121 § 1-5.

In surveying the approximate 68 Colorado appellate court decisions involving disqualification of judges under C.R.C.P. 97, only one case references that a record was sealed. In *Giralt v. Vail Village*,[22] the Colorado Court of Appeals noted that a party submitted "a sealed, confidential affidavit and an unsealed affidavit to the trial court" as part of the disqualification motion. The court did not discuss why one affidavit was sealed, nor did it address whether the sealing was necessary or appropriate, likely because it was decided before C.R.C.P. 121 came into effect.[23] But what is clear is that only one affidavit was submitted under seal; others were not. Here, none are public, purportedly because Judge Granger's disclosure relates, in part, to medical information.

But Judge Granger did not seem bothered by disclosing this information. During the March 31 conference, which was conducted in open court, he stated on more than one occasion: "I'm pretty transparent…I just don't have a whole lot of concern about a privacy interest on most of my medical information."[24] That statement is consistent with the Vail Daily article that disclosed he had suffered three heart attacks.[25] It is also consistent with Comment 2 to Rule 2.1 of the Judicial Code, which advises that "[a] judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code."

---

[22] 759 P.2d 801, 804 (Colo. Ct. App. 1988).
[23] *See* C.R.C.P. 121(a) (repealing local rules and standards enacted before April 1, 1988).
[24] May 6, 2022 Mot. to Disqualify Ex. 15 at 16:25-17:3 [Mar. 31, 2022 Tr.].
[25] *See, e.g.,* https://www.vaildaily.com/news/several-lives-saved-at-new-cath-lab/, May 6, 2022 Mot. to Disqualify Ex. 25 at Ex. 2 [Vail Daily article].

9

Judges in other jurisdictions have also publicly disclosed medical information, not only about themselves but family and friends as well. For example, in *Taylor v. Seymore*,[26] a Tennessee Court of Appeals case that the Court referred to in its March 28 Order, the trial judge publicly and candidly discussed her experience at a defendant hospital emergency room where she obtained a CT scan, "as well as her lengthy personal history of treatment" in other defendant healthcare facilities.[27]

Likewise, in *Woodruff v. Wright,*[28] a case that Vail Health cited in its March 25 Response, the trial judge publicly disclosed that "one of the [defendant] doctors…had performed heart surgery on the judge's mother several years earlier (at the hearing, this was narrowed to 1989 or 1990)."[29] The judge also publicly disclosed that the doctor had operated on another judge, who was the judge's friend and colleague.[30] And in a divorce case, the Utah state court judge in *Dahl v. Dahl*,[31] publicly disclosed that his wife was "scheduled to undergo cardiac surgery performed by another cardiologist in [the husband's] medical practice group."[32] In more embarrassing situations involving a judge's sexual relationship with a litigant or attorney, those pleadings and supporting documents have not been sealed either.[33]

---

[26] No. W2015-01272-COA-T10B-CV, 2015 Tenn. App. LEXIS 674 (Tenn. Ct. App. Aug. 24, 2015).
[27] *Id.* at *15 (emphasis added).
[28] 51 S.W.3d 727 (Tex. Ct. App. 2001).
[29] *Id.* at 736.
[30] *Id.* at 736-37.
[31] 459 P.3d 276 (Utah 2015).
[32] *Id.* at 296.
[33] *See, e.g., State v. Wakefield,* 751 S.E.2d 199, 203 (Ga. Ct. App. 2013 (requiring new trials for judge's failure to disclose sexual relationship with attorney involved in cases); *In the Matter of Edwards*, 694 N.E.2d 701, 709 (Ind. 1998) (disciplining judge who failed to disclose and disqualify himself from case in which he had intimate sexual relationship with party appearing before him).

**IV.     THE MARCH 31 CONFERENCE WAS HELD IN OPEN COURT, AND THUS THE TRANSCRIPT AND ALL RELATED DOCUMENTS ARE PUBLIC.**

No party moved for the closure of the March 31 conference. Nor did the Court ever state that the March 31 conference was closed to only the parties, or that the record being made of the conference was deemed in any way confidential and not subject to public access. Nor could it be, given that a member of the public, John McHugh, whose involvement in the case terminated on November 4, 2021,[34] participated in the conference. Thus, the conference was held in open court, and it therefore follows that the March 31 transcript of that proceeding is also "public" as well.[35] And given the nature of the judicial disclosure—that is, to provide the parties with information to determine whether a judge and impartiality sit on a case—it would be improper to retroactively suppress information made in open court.[36]

---

[34]     Nov. 4, 2021 Order re: Defendants' MSJ.
[35]     *See, e.g., Green v. Drinnon, Inc.*, 262 Ga. 264, 265 (Ga. 1992) ("Judge Green waived any right to claim that the tape of his comments is not a court record when he made public comments from the bench that were recorded while court was in session. No law limits public access to the judge's taped comments nor can access to them be denied under the procedure set out in Rule 21, which he has not invoked. Therefore, the tape or its transcript must be made available for public inspection under Rule 21."); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 594 n.3 (1978) (noting public had access to transcripts of tape recorded conversations that had been played in open court). *See also Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 512-13 (1984) (requiring release of transcripts to remedy unlawful closure and holding that where limited closure is necessary, "the constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time").
[36]     *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, Civil Action No. 08-1331 (DMC), 2010 U.S. Dist. LEXIS 67631, at *11 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, at *34 (N.D. Cal. Aug. 6, 2014) (rejecting ex post facto redactions of statements "made in open court in the transcript"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 U.S. Dist. LEXIS 58227, at *7-25 (D. Ariz. Apr. 25, 2012) (denying motion to seal "portions of a transcript from a proceeding held in open court"); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street: Once information is published, it cannot be made secret again.").

And by Judge Granger making certain disclosures about his relationships with a party in open proceedings, any purported protection related to those disclosures—such as the suppression of the March 28 Order, Plaintiffs' March 21 Request and April 9 Supplemental Request, and Vail Health's March 23 and April 13 Responses—are also waived.[37]  Thus, the motion to disqualify and supporting documents, which is based in part on judicial disclosures, cannot be suppressed as a matter of law.  Nor can Plaintiffs' motion and other supporting documents be suppressed when they are based on information that is publicly available from other sources, such as Vail Health press releases, Vail Daily articles, and other publicly filed court documents.

## **CONCLUSION**

Plaintiffs respectfully request that their motion to disqualify and supporting documents be designated public, with the exception of Exhibits 13, 19-20, which should be made public after appropriate redactions have been made.

Dated:  May 15, 2022

*s/Jesse Wiens*
Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail:  jesse@jessewienslaw.com

---

[37]  *See generally, Hartmann v. Nordin* , 147 P.3d 43, 52–53 (Colo. 2006) ("Information a person makes available to a third party outside of the physician-patient privilege is not protected"); *Wesp v. Everson* , 33 P.3d 191, 198 (Colo. 2001) ("if a communication to which the [attorney–client] privilege has previously attached is subsequently disclosed to a third party, then the protection…is impliedly waived."); *People v. Brown*, 442 P.3d 428 (Colo. 2019) ("By disclosing otherwise privileged information in open court…privilege as to any such information" was waived); *People v. Curren*, 348 P.3d 467, 481 (Colo. Ct. App. 2014) (disclosing statements at trial meant no reasonable expectation of privacy).

Sonya R. Braunschweig (admitted *pro hac vice*)
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone:  (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Alan L. Kildow (admitted *pro hac vice*)
15204 Wildwood Road
Burnsville, MN 55306
Telephone:  (970) 390-6675
E-mail:  alkildow@aol.com

Attorneys for Plaintiffs and Counter-Defendants
Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2022, I served a true and correct copy of Plaintiffs' Motion to Lift Security Restrictions And Make Public Plaintiffs' Motion To Disqualify Judicial Officer, Including All Supporting Documents, through the Court's e-filing system on the following:

Janet A. Savage
Jackie Roeder
Daniel Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202

Counsel for Vail Health

John W. Madden, III, #5125
The Madden Law Firm
999 18th Street
Suite 1500 South
Denver, CO  80202

Counsel for David J. Cimino

          *s/Jesse Wiens*
          Jesse Wiens