IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

---

**ORDER DENYING, WITHOUT PREJUDICE, D. 157 and D. 195,
REFERRING THOSE MATTERS BACK TO THE SPECIAL MASTER AS INFORMAL
DISCOVERY DISPUTES, AND
ORDER AS TO SPECIFIC ITEMS WHICH MUST BE PROVIDED TO THE SPECIAL
MASTER NO LATER THAN JULY 22, 2022**

---

    This matter comes before the Court regarding two motions (D. 157 & D. 195) which have long been referred to this Magistrate Judge[1], and which were then referred as a group to the Special Master. The Court has reviewed the pending motions, responses, replies, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the

---

[1] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. Fed. R. Civ. P. 72(a).

1

premises. Oral argument is not necessary. This Magistrate Judge DENIES the motions, without prejudice, for the reasons specifically set forth below and enters other Orders as set forth below.

This Court referred to the Special Master the motion to compel #4 relating to joint ventures and other combinations (D. 157) and the motion to compel #5 to produce documents on Vail Health's inadequate privilege log, or alternatively, in camera review at Vail Health's cost (D. 195). As this Court addressed in a prior order (D. 307), the Special Master has expended significant time resolving the matters, has patiently worked through a myriad of issues, has held multiple days of hearings, yet has not experienced a level of cooperation and participation which would insure timely resolution of these matters.

The Special Master reports that, in terms of his review of D. 157 & D. 195, he Ordered production of certain documents. In (partial) compliance with that Order, the Special Master reports that he received "five 3-inch volumes of materials were delivered without a related privilege log or index provided, either collectively or individually. They were so full that some of the binder clips had opened in shipment and literally could not be closed again, and some documents were damaged and torn. The Special Master has endeavored to evaluate them but now needs the assistance of counsel to provide the following in order to complete the task of *in camera* review and ultimately rule on the remaining Motions to Compel."

As a result, the following is specifically Ordered at the request of the Special Master. The Parties SHALL:

1. Identify and Submit a currently accurate privilege log, compatible with the materials submitted for *in camera* review, in Word or modifiable format so that the ruling can be

2

   indicated in the final column of the spreadsheet where Privilege is indicated. This should be sent by email to the Special Master terry@rucklriegle.com , as well as filed for the record, because once in the PACER system, the above referenced modification-for ruling- cannot be made. This would permit a less time-consuming review process for both the Special Master ruling and the Court's review, if necessary. This should be done as soon as possible but no later than July 22, 2022.

2. Submit an Index, both individually and collectively, for each of the five 3-inch volumes of materials submitted for in camera review by July 22, 2022.

3. Because the Court and Special Master have ruled on several matters, the parties shall confer and specifically identify the currently remaining issues in conflict that need to be ruled on from the Motions to Compel and *in camera* review by July 22, 2022.

4. As previously requested, because the Special Master no longer has a Lexis account, a spreadsheet "translating" the numerous citations from LEXIS to Westlaw for each case cited in the briefs. Plaintiffs attempted to do so but Defendant did not.

The Special Master states that he, the Special Master, was appointed on the companion state case between these parties on July 18, 2019 and this case on July 20, 2021. The seemingly endless number of challenging issues, including failures to confer and acrimony between parties, which have overflowed to counsel, have unfortunately required more time-consuming analysis and patient reflection to resolve. Therefore, the Special Master would request an additional 30 days to ultimately complete the *in camera* review and rulings on remaining Motions to Compel #s 2-5, if possible, although it hopefully will not take that long if the above requests are forthcoming.

Based on a full review of the record of this matter, the actions of the Parties to date, the interminable delays caused by these actions, and the complexities of this action, the Court finds that it is most efficient to leave motions to compel #4 and #5 before the Special Master as informal discovery disputes rather than formal motions. This has the practical effect of not requiring duplication of effort and continuing to, hopefully rapidly, move this matter forward.

It is therefore Ordered that:

This Court DENIES WITHOUT PREJUDICE Plaintiffs' motions to compel # 4 and 5 and REFERS BACK the issues to the Special Master to be resolved as informal discovery disputes in line with the instructions in this Order. (D. 157 and D. 195). This Court finds that the two motions to compel can be resolved as discovery disputes, and the Court REFERS BACK the issues to the Special Master for resolution in line with the Court's instructions.

It is further Ordered that the Parties SHALL comply with each of the Orders of the Special Master set forth above no later than July 22, 2022.

It is further Ordered that the Special Master SHALL submit recommendations as to all pending matters within thirty (30) days of this Order.

Dated at Grand Junction, Colorado this July 18, 2022.

Gordon P. Gallagher
United States Magistrate Judge