# EXHIBIT 4

**Richards, Daniel**

---

| | |
|---|---|
| **From:** | Richards, Daniel |
| **Sent:** | Monday, March 7, 2022 10:14 PM |
| **To:** | Alan Kildow; terry@ruckriegle.com |
| **Cc:** | Stevenson, Shannon; Roeder, Jackie; 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum |
| | |
| **Categories:** | Filed |

Judge Ruckriegle:

Vail Health writes to respond to Plaintiffs' March 2, 2022 email requesting leave to file a supplemental 15-page memorandum regarding Plaintiffs' motions to compel. Plaintiffs claim that Vail Health's rebuttal expert report reflects certain reversals in the positions Vail Health took in opposing Plaintiffs' motions to compel. Plaintiffs are incorrect that there has been any reversal of position by Vail Health, and there is no basis for further briefing.

On January 10, 2022, Plaintiffs disclosed the antitrust report of Leslie E. Schafer, Ph.D. On February 28, 2022, Vail Health disclosed the report of its rebuttal antitrust expert, Monica Noether, Ph.D. Both reports are enclosed in the below link. Dr. Noether's report is based on (a) documents produced in the litigation; (b) publicly available information; and (c) data on which Plaintiffs' economist relied. Contrary to Plaintiffs' suggestion, Dr. Noether did not rely on any data that Vail Health claimed was not discoverable during motion to compel briefing. Moreover, as a rebuttal expert, all of Dr. Noether's opinions are responses to opinions offered by Dr. Schafer. A rebuttal expert's response to an irrelevant opinion by an opposing party's expert does not constitute a concession that the original opinion is relevant to the matters in dispute.

In any event, Plaintiffs' contention that Dr. Noether's rebuttal report reflects reversals in position by Vail Health is baseless. It is unclear what positions Plaintiffs contend Vail Health reversed, as Plaintiffs cite just one example. Examining that single example demonstrates that there has been no reversal of position by Vail Health. Plaintiffs cite the following conclusion by Dr. Noether as evidence that Vail Health is relying on information it claimed was irrelevant in motion to compel briefing: "the service area from which Howard Head draws 90 percent of its Colorado patients extends east through Denver; [and] west past Rifle (101 minutes from Vail)...." However, that conclusion is <u>based on data Vail Health produced to Plaintiffs</u>. (Noether Report at 19 n.65 & 21 n.67.) Specifically, Vail Health produced to Plaintiffs data regarding the zip code of all private-payer outpatient physical therapy patients treated in the alleged Vail Valley market – providing detailed information about patient travel patterns.

Plaintiffs' Amended Complaint claims that the relevant geographic market is the Vail Valley. At no point have Plaintiffs sought to amend their complaint to broaden their definition of the relevant geographic market. It is well established that discovery outside of a plaintiff's alleged geographic market is irrelevant. *See, e.g., Radio Music License Comm., Inc. v. Global Music Rights, LLC*, No. CV 19-3957, 2020 U.S. Dist. LEXIS 243375, at *16 (C.D. Cal. Jan. 2, 2020) ("In an antitrust case, courts generally limit discovery to the ambit of the applicable market.") (collecting cases); *Vident v. Dentsply Int'l, Inc.*, No. SA CV 06-1141, 2008 U.S. Dist. LEXIS 110399, at *6-8 (C.D. Cal. Aug. 29, 2008) (finding no abuse of discretion in magistrate judge's ruling that "the definition of the relevant market in [this antitrust] case determines the scope of allowable discovery"); *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 8:13-cv-1880, 2017 U.S. Dist. LEXIS 231324, at *3-4 (C.D. Cal. Oct. 19, 2017) (finding that "the definition of the 'relevant market' defines the scope of relevant discovery"); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 U.S. Dist. LEXIS 66159, at *37 (D. Kan. Sept. 6, 2007) (finding that discovery outside the relevant geographic market "not relevant on its face").

Because Vail Health has not "reversed" its positions and Dr. Noether does not rely on documents that Vail Health previously argued were irrelevant, Vail Health respectfully requests that the Special Master deny Plaintiffs' request for supplemental briefing.

█████████████████████████████████████████

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452 ▪** vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, March 2, 2022 11:36 AM
**To:** terry@ruckriegle.com
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting LLC v. Vail Health--Plaintiffs' Request For A Supplemental Memorandum

Dear Judge Ruckriegle:

Plaintiffs' five motions to compel discovery were referred to you as Special Master, and have been briefed, argued, and taken under advisement.  On February 28, Vail Health served an antitrust expert rebuttal report.  In that report, Vail Health has reversed a number of key legal and factual positions that it has taken over the course of (at least) the past 1 ½ years.  One example is that Vail Health opposed Plaintiffs' Motion to Compel # 1, which sought an answer to Interrogatory No. 9 and documents relating to Summit County and Basalt if Vail Health contended that those particular territories should be included in the definition of the relevant geographic market.  In its response, Vail Health stated: "Documents related to Howard Head's physical therapy services outside of the Vail Valley have no bearing on Plaintiffs' claims, which specifically allege that Vail Health has a monopoly on the provision of physical therapy services in the Vail Valley."  [ECF No. 152, at 5]

Pages 18-24 of the Expert Report, however, go through an analysis of the geographic market that includes Summit County and Basalt, among other geographic areas.  It appears to conclude that the relevant geographic market is not confined to the Vail Valley, but rather "the service area from which Howard Head draws 90 percent of its Colorado patients extends east through Denver; [and] west past Rifle (101 minutes from Vail)...."  Expert Report at 20.  The Expert Report does not explain how it could come to this conclusion when Vail Health took the position that discovery "outside of the Vail Valley ha[s] no bearing on Plaintiffs' claims."  Plaintiffs are of the view that the opinions of Vail Health's expert confirm that Plaintiffs are entitled to discovery relating to the geographic markets beyond Vail Valley, including Summit County, Basalt, etc.

Vail Health's reversal of its position with respect to the geographic market issue is but one of a number of departures from the positions Vail Health took in responding to Plaintiffs' motions to compel.  Plaintiffs contend that these reversals of position have a direct and deleterious effect on Vail Health's arguments and warrant the Special Master granting Plaintiffs leave to file a supplemental memorandum of 15 pages to address these reversals.  Plaintiffs believe these reversals amount to admissions by Vail Health that that the positions it took in opposing Plaintiffs' discovery requests were not legally and/or factually tenable, and they confirm that Plaintiffs are entitled to the discovery sought.  If The Special Master believes that Plaintiffs' request to file such a memorandum should be made through a motion, we will do so and await your instruction.

As to the timing of a supplemental memorandum, we wish to point out that on March 8, Plaintiffs are scheduled to file a response to Vail Health's Partial Appeal of Special Master's January 18, 2022, Report To The Court.  [ECF No. 278]  In addition, the following week Plaintiffs' expert economist is scheduled to be deposed.

Respectfully submitted,

Alan Kildow
970-390-6675