**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL APPEAL OF
SPECIAL MASTER'S JULY 6, 2022 REPORT TO THE COURT**

---

Pursuant to Fed. R. Civ. P. 53(f)(2), Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this reply brief in support of its partial appeal ("Appeal") of the Special Master's July 6, 2022 Report to the Court (Doc. 362) ("July 6 Order"), insofar as it orders production of documents and information concerning Vail Health's activities and treatment of patients outside of Plaintiffs' alleged geographic market.

**PRELIMINARY STATEMENT**

This case concerns allegations that a single physical therapy provider in the Vail Valley was excluded from competition at a single location in the Town of Vail. Throughout this case, Plaintiffs have asserted that the relevant geographic market is no larger than the Vail Valley. Vail Health has produced millions of lines of data reflecting detailed information from patient encounters from every one of its Howard Head locations in the Vail Valley. Plaintiffs now say they need all of this same data for all of the Howard Head locations *outside* of the Vail Valley. They do not.

Plaintiffs do not allege or seek to prove any market larger than the Vail Valley. While Vail Health's antitrust expert critiqued Plaintiffs' market definition, she did not rely on any of the requested data to do so. As described in the numerous cases cited by Vail Health, data from

1

outside the alleged relevant market is routinely held to be irrelevant, and Plaintiffs establish no argument for a different outcome here. Had Plaintiffs been truly interested in patient travel patterns and the impact on the relevant geographic market, they would have subpoenaed competitors of Howard Head outside of the Vail Valley; but they did not subpoena a single one. This simply confirms that the requested information is of de minimis relevance that certainly does not outweigh the burdens of the request on Vail Health.

## ARGUMENT

### I. Plaintiffs Are Bound by the Allegations in Their Complaint That the Alleged Geographic Market Is No Broader Than the Vail Valley, as They Have Never Asserted a Broader Market.

Vail Health's Appeal demonstrated that Plaintiffs allege that the geographic market in this case is the Vail Valley; Plaintiffs did not plead an alternative geographic market. (Doc. 365 at 2-3, 9.) It further demonstrated that Plaintiffs have alleged no anticompetitive conduct outside the alleged Vail Valley market. (*Id.* at 3.) Plaintiffs do not dispute either conclusion. Instead, Plaintiffs claim that they are not bound by the well-pleaded allegations in their Amended Complaint. Plaintiffs are wrong.

First, this Court has already rejected the argument that Plaintiffs may use these proceedings to examine matters beyond the scope of Plaintiffs' well-pleaded allegations. Plaintiffs previously argued that they should be entitled to discovery from Vail Health from 2009 through the present (Doc. 112 at 15), even though Plaintiffs' Amended Complaint contained no allegations concerning the earlier part of that time period. Judge Gallagher rejected that argument, concluding that "none of the cases relied upon by Plaintiffs support their argument that the scope of discovery should be so broad as to support a fishing expedition." (Doc. 107 at 4-6.) On appeal, Judge Martinez agreed, concluding that Plaintiffs failed to "support[] the proposition that the temporal scope of discovery is governed by attorney argument and not the

2

well-pleaded allegations in their Amended Complaint." (Doc. 247 at 5.) While the issue then before the Court was the permissible temporal, not geographic, scope of discovery, the Court's prior rulings confirm that that the theories Plaintiffs may pursue (and thus the scope of discovery) is bounded by the allegations in the complaint.

Second, at no point have Plaintiffs stated their intention to pursue a theory that the geographic market is broader than the Vail Valley. In its Appeal, Vail Health demonstrated that Plaintiffs could not prove (or allege consistent with Rule 11) that Vail Health has market power with respect to physical therapy services in a market that includes counties neighboring Eagle County, given the large number of competing physical therapy practices there. (Doc. 365 at 9 n.2.) Plaintiffs offered no response. Nor do they otherwise state their intention to prove a geographic market broader than the Vail Valley. Thus, even if, as Plaintiffs suggest, "[a] plaintiff may have alternative theories of anticompetitive harm caused by a defendant, depending on inconsistent market definitions" (Doc. 375 at 4), Plaintiffs have asserted no such alternative theory.

Third, even if Plaintiffs had attempted to pursue at this late stage an unpleaded theory that Vail Health has market power with respect to physical therapy services in a relevant market broader than the Vail Valley, permitting Plaintiffs to pursue it would circumvent the gatekeeping function of Rule 11 and Rule 12(b)(6). *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-60 (2007) (explaining the importance of Rule 12(b)(6) in testing the plausibility of claims prior to expensive and burdensome antitrust discovery). The Court should not permit Plaintiffs to impose discovery burdens on Vail Health associated with an unpleaded geographic market theory.

3

Finally, *FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1037-38 (D.C. Cir. 2008) (cited in Doc. 375 at 4 n.14), provides no support for the proposition that a plaintiff may pursue a geographic market not alleged in its complaint. In *Whole Foods*, the FTC sought a preliminary injunction to block a merger between two premium, natural, and organic supermarkets ("PNOS"). *Id.* at 1032. The district court denied the preliminary injunction, concluding that the FTC failed to establish the existence of the PNOS market because the prospective merger partners competed with ordinary supermarkets. *Id.* at 1035-36. On appeal, the FTC argued that the district court erred in treating the market definition as a threshold issue given the preliminary nature of the proceedings. *Id.* at 1036. The Court of Appeals rejected that argument, reasoning that the district court's focus on market definition was justified given that the FTC "made market definition key" and the court "was simply following the FTC's outline of the case." *Id.* at 1036-37. Thus, *Whole Foods* stands for the proposition that a court need not consider alternative markets when the plaintiff, as here, has plainly identified a single relevant market.

The Court should not permit Plaintiffs to pursue discovery regarding a geographic market that Plaintiffs never pleaded or have, even now, otherwise stated that they intend to pursue.

## II. Discovery Should Be Limited to the Alleged Geographic Market.

Plaintiffs next claim that discovery should be limited to the alleged geographic market only when the parties agree on the relevant geographic market. (Doc. 375 at 2, 6-7, 14.) Plaintiffs are incorrect.

In its Appeal, Vail Health cited case law holding that the scope of discovery is limited by the scope of the alleged market. (Doc. 365 at 10.) Plaintiffs' efforts to distinguish these cases fail:

- Plaintiffs claim that *Radio Music License Committee, Inc. v. Global Music Rights, LLC*, No. CV 19-3957, 2020 U.S. Dist. LEXIS 243375, at *16 (C.D. Cal. Jan. 2,

4

2020), holds that "when both parties agree to the same relevant market, there is no need for further discovery on that issue." (Doc. 375 at 2, 5-6.) Plaintiffs are incorrect that there was no dispute regarding the relevant market. As the court acknowledged, Radio Music argued "that it needs [discovery from outside the alleged market] **to rebut GMR's alleged relevant market**." *Radio Music*, 2020 U.S. Dist. LEXIS 243375 at 19 (emphasis added).[1] Thus, like Plaintiffs here, Radio Music asserted that it was entitled to discovery to rebut the opposing party's contention regarding the alleged market, but the court nonetheless denied such discovery given the unambiguous allegations regarding the relevant market.

- Plaintiffs claim that *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, No. 05-2164, 2007 U.S. Dist. LEXIS 66159, at *37 (D. Kan. Sept. 6, 2007), is distinguishable because "both parties agreed that the relevant geographic market was Kansas City," though they fail to provide any citation for that assertion. (Doc. 375 at 7.) The only basis identified in *Heartland* for limiting the scope of discovery to the Kansas City geographic market is that "[Plaintiff] has never contended that the appropriate geographic scope of this litigation spans the state of Missouri," *Heartland*, 2007 U.S. Dist. LEXIS 66159, at *37 (citing plaintiff's complaint)—*i.e.*, the court focused on *the plaintiff's alleged geographic market*, not whether the parties agreed regarding the scope of the geographic market.

---

[1] *See also Radio Music*, No. 2:19-cv-03957, Joint Stipulation (Doc. 178-1) at 34-37 (Radio Music arguing that it needs extra-market discovery because "the validity of a relevant market is highly factual, and defendants are entitled to discovery to rebut it" and "[Radio Music] has the right to discover facts relevant to whether any of these allegations are true in order to rebut GMR's proposed relevant market").

5

- Plaintiffs claim that *Bal Seal Engineering, Inc. v. Nelson Products, Inc.*, No. 8:13-cv-1880, 2017 U.S. Dist. LEXIS 231324, at *3-4 (C.D. Cal. Oct. 19, 2017), is distinguishable because "the geographic market was not in dispute." (Doc. 375 at 7.) Nothing in the opinion supports that contention. In fact, the defendant argued that there was ambiguity in the pleadings regarding what relevant market plaintiff alleged. *Bal Seal*, No. 8:13-cv-01880, Joint Stipulation (Doc. 111-1) at 36-38. The Court's order sought clarification regarding the relevant market because the pleadings' "definition of the 'relevant market' defines the scope of relevant discovery." 2017 U.S. Dist. LEXIS 231324, at *3-4.

- Plaintiffs claim that *Vident v. Dentsply International, Inc.*, No. SA CV 06-1141, 2008 U.S. Dist. LEXIS 110399, at *6-8 (C.D. Cal. Aug. 29, 2008), is inapplicable because the relevant geographic market had already been "conclusively decided." (Doc. 375 at 6.) While the geographic market in *Vident* had already been determined, it nonetheless refutes Plaintiffs' argument that evidence from outside the alleged geographic market is essential for proving the existence of the relevant market. *Vident*, 2008 U.S. Dist. LEXIS 110399 at *6-9.

Plaintiffs claim that Vail Health "fails to cite the numerous district court cases" that, they argue, hold that the geographic scope of discovery commonly exceeds the scope of the alleged geographic market. (Doc. 375 at 2, 4 n.19.) Plaintiffs misconstrue these cases. For example, *Health Alliance Plan of Michigan v. Blue Cross Blue Shield of Michigan Mutual Insurance Co.*, had nothing to do with determining the relevance of discovery from outside a plaintiff's alleged geographic market; instead, it held that the plaintiff (which sought more than $350,000,000 in damages) had to produce documents regarding facilities it initially included but later excluded

6

from its damages calculation. Civil Action No. 14-13788, 2018 U.S. Dist. LEXIS 233332, at *10 (E.D. Mich. Jan. 2, 2018). In fact, the court expressly "decline[d] to rule on" defendant's argument that it "need[ed] the requested documents in order to analyze HAP's proposed geographic market . . . ." *Id.* at 11 n.6. *Foundation For Interior Design Education Research v. Savannah College of Art & Design*, affirmed dismissal on summary judgment of plaintiff's antitrust claim; it did not address discovery issues, including whether the scope of discovery may exceed the scope of the alleged geographic market. 244 F.3d 521, 529-32 (6th Cir. 2001). *Kellam Energy, Inc. v. Duncan* rejected an argument that discovery should be limited to specific convenience store locations and permitted discovery in the alleged geographic market. 616 F. Supp. 215, 219 (D. Del. 1985). *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 865 (Tex. Ct. App. 2013), a Texas case, involved a motion to compel the reproduction of static PDF files in their native, electronic format with all metadata intact. The remaining federal cases are driven by proportionality factors much different than this case—which involves allegations that a single competitor was driven from a local healthcare market—or authorize broad discovery to investigate credible allegations of a price-fixing conspiracy. *See, e.g.*, *In re Loestrin 24 Fe Antitrust Litig.*, No. 1:13-MD-2472-SPAS, 2017 U.S. Dist. LEXIS 38558 (D.R.I. Mar. 15, 2017) (nationwide putative class action brought by direct and indirect purchasers of birth control product); *SmithKline Beecham Corp. v. Apotex Corp.*, Nos. 99-CV-4304, 2006 U.S. Dist. LEXIS 4276 (E.D. Pa. Jan. 31, 2006) (nationwide dispute between generic and branded drug manufacturers); *In re Urethane Antitrust Litig.*, 261 F.R.D. 570 (D. Kan. 2009) (multidistrict antitrust litigation); *Prudential N.Y. Theatres Co. v. Radio City Music Hall Corp.*, 271 F. Supp. 762, 763 (S.D.N.Y. 1967) (alleged conspiracy).

In sum, absent unusual circumstances not present here, discovery should be limited to the alleged geographic market.

## III.     The Patient Treatment Data Plaintiffs Seek from Outside the Vail Valley Is Not Relevant to the Alleged Geographic Market.

Plaintiffs also argue that patient treatment data from Howard Head locations outside of the alleged Vail Valley market is relevant to proving Plaintiffs' contention that the relevant geographic market is the Vail Valley. (Doc. 375 at 7-13.)

Plaintiffs first rely on *Tarabishi v. McAlester Regional Hospital*, 951 F.2d 1558 (10th Cir. 1991), to support the proposition that evidence from outside the alleged geographic market is relevant. Plaintiffs misread the case. In *Tarabishi*, the district court criticized the plaintiff's geographic market analysis—not because it failed to consider other physicians *outside* of the plaintiff's proposed market—but because it failed to consider physicians *inside* the proposed market—"While defining the geographic market as a 30-mile radius, plaintiffs' expert focused only on doctors within [the City of] McAlester itself." *Id.* at 1569.

Nor do *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1024 (10th Cir. 2002), and *Westman Commission Co. v. Hobart International, Inc.*, 796 F.2d 1216, 1220 (10th Cir.1986) (cited at Doc. 375 at 8, 9, 11), provide Plaintiffs any support. In *Lantec*, the plaintiffs did not even properly appeal the district court's determination of the geographic market; nor could there have been any issue like the one presented here, because the plaintiffs had alleged a "worldwide market." 306 F.3d at 1027. And *Westman* is a Section 1 price-fixing case with no apparent applicability at all to the question presented here.

Finally, Plaintiffs try to argue that the patient data from outside their alleged geographic market is relevant to the SSNIP test, and that their expert needs data from the Howard Head locations outside the Vail Valley to see if residents of the Vail Valley drive over Vail Pass to get

8

physical therapy at other Howard Head clinics. But Plaintiffs' logic does not hold up. A resident of Vail Valley would have no incentive to go to a Howard Head clinic in Basalt based on price differences, when there are multiple other Howard Head clinics in the Vail Valley. (Doc. 375, at 10.) If Plaintiffs had wanted to legitimately conduct this analysis, they needed to seek information about whether Vail Valley residents would drive over Vail Pass to receive less expensive physical therapy, presumably from one of Howard Head's competitors. But Plaintiffs have not subpoenaed a single Howard Head competitor—either inside or outside of the alleged Vail Valley Market—for any patient or pricing information. Nor have they conducted consumer surveys, which would reflect the preferences of physical therapy patients throughout the Vail Valley and surrounding areas. Thus, it is clear that their attempt to extract this data from Vail Health is for the purpose of burdening Vail Health, without any reasonable prospect of impacting Plaintiffs' case.[2]

## IV. Plaintiffs Fail To Address the Relevance of Allegedly Anticompetitive Conduct Outside the Alleged Vail Valley Market.

Vail Health's Appeal demonstrated that Vail Health should not be required to search for evidence of any consideration by Vail Health of purchasing or consolidating with physical therapy competitors outside of the alleged Vail Valley market because Plaintiffs' Amended Complaint contains no allegations of anticompetitive conduct outside of the Vail Valley. (Doc. 365 at 3, 9.) Plaintiffs do not dispute this. And they provide no explanation for why the fact that Vail Health may have considered acquiring (but did not acquire) physical therapy competitors outside the alleged market is relevant. Because Plaintiffs have made no argument on this point at all, the Court should resolve this issue in Vail Health's favor.

---

[2] Plaintiffs insinuate that Howard Head locations outside the Vail Valley may charge less than those in the Vail Valley. (Doc. 375, at 12-13.) This is incorrect—Howard Head uses one Chargemaster which establishes the charges for physical therapy at all Howard Head locations.

## CONCLUSION

For the reasons stated herein, the Court should reject the Special Master's July 6 Order insofar as it orders production of discovery concerning Vail Health's activities outside of the alleged Vail Valley physical therapy market.

Respectfully submitted this 24th day of August, 2022.

   *s/ Shannon Stevenson*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*