UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING, LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a Vail Health,

    Defendant.

---

SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
MOTION TO COMPEL #2

---

    This matter has been referred to the Special Master by Magistrate Judge Gallagher for a Report and Recommendation regarding Plaintiffs' ("SRC" or "SRC and Winninger") Motion to Compel #2 (D. 129).  The Special Master has considered the Defendant's ("Vail Health") response (D. 156), and the Plaintiffs' reply (D. 173).  The transcript of the parties' October 21, 2021 oral argument on that motion was also reviewed along with the parties' Joint Discovery Dispute Chart e-mailed to me on August 8, 2022.[1]

    The Special Master preliminarily notes that some of the discovery requests at issue here seek data going back as far back as 1999.  In an order dated June 9, 2021 (D. 107), Magistrate Judge Gallagher determined that the relevant period for seeking discovery was 2012 to the present.  The Special Master therefore deems any discovery request seeking information from earlier than 2012 to be modified to only seek information from 2012 onwards.

    As in the Report on Motion to Compel # 1, the Special Master would initially point out *Kelly v. Advanta Corp.,* 2003 WL 27385426, 2003 U.S. Dist. LEXIS 30499 (D.N.M. Mar. 21, 2003): which exhaustively addressed various issues relating to Motions to Compel, including relevance to claims and defenses, often balanced with burdens, difficulty, expense, and privacy interests. *Id*. ("When an interrogatory or document request seeks "any and all" or "each and every" discussion or document, it is unreasonable on its face."); see also *Franzon v. Massena Memorial Hosp.,* 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding request overbroad and not reasonably calculated to lead to the discovery of admissible evidence as request provides no meaningful limitations).

---

[1] A copy of that chart is attached to this Recommendation.

1

In Motion to Compel #2, the Plaintiffs pursue information that they contend specifically relates to Vail Health's exercise of monopoly power. They seek data regarding Vail Health's prices for physical therapy services ("PT services" or "PT"), as well as information about how those prices were set and the profitability of those services. Plaintiffs' motion contains extensive argument on the monopoly power element and cites to various case law regarding that element. Vail Health's responses to the discovery requests at issue in Motion to Compel #2 do not generally argue that the requested information is irrelevant to the issue of monopoly power, and Vail Health does not maintain that the Plaintiffs' arguments on points of law are incorrect and incomplete. Vail Health's responses primarily contend that it has produced all of the requested information, that it has diligently searched for the requested information and not found it, or that the Plaintiffs' requests are overboard. Because it is not necessary to make findings as to the law governing the element of monopoly power in order to resolve the disputes in Motion to Compel #2, this Report does not attempt to summarize that law and makes no particular findings regarding it.

The Special Master now addresses the specific requests that the parties' August 8, 2022 Discovery Dispute chart indicates remain in contention. The Special Master sets forth the verbatim text of that request in italics, and proceeds to the analysis and a ruling. For each ruling in which the Special Master directs that Vail Health produce certain materials or information, it is directed that Vail Health make that production within 30 days of the date of this Report unless the Magistrate Judge directs otherwise.

**Interrogatory 18**: *"Describe in detail how Vail Health developed any chargemasters from November 1, 1999, to the present, and in doing so, identify the chargemaster in use during this period of time, the directors, officers, managers, employees, consultants, and accountants who were involved in setting prices or fees, and identify all components of any prices or charges related in any way to physical therapy services identified on the chargemaster during that same period of time."*

This request contains three components: (i) a request that Vail Health describe how it developed each year's chargemaster, (ii) that it identify who the persons involved in setting prices in that chargemaster were, and (iii) to identify what components it used in setting those prices. Although the interrogatory does not purport to limit itself to only those portions of the chargemasters that relate specifically to PT services, the Special Master determines the interrogatory should be deemed to be so limited.

As to the "who" inquiry, according to Vail Health's response brief, it has "provided this information for 2015 through the present," and states that it will supplement its responses "to include the names of the individuals involved in developing the chargemaster for PT services between 2012 and 2015 to the extent that information is reasonably discoverable." According to the Plaintiffs' reply brief, Vail Health has not (at the time of filing that brief) supplemented its response to identify the employees involved from 2012-2015 and has not identified the individuals involved in setting prices for the period of 2020-2021. The Special Master orders that, to the extent Vail Health has not supplemented its response to identify the employees involved in setting prices from 2012-2015 and from 2020-2021, it shall either supplement that

response within 30 days or specifically state that it has completed its reasonable efforts to discover that information and that it is unable to locate the requested information.

As to the "how" and "what" inquiries, Vail Health responds that it has searched for information responsive to this inquiry for the period of 2015-2018, and that it has found none. The Special Master notes that Vail Health's response does not address the period from 2012-2014. The Special Master specifically directs that Vail Health supplement its response to this interrogatory to address that period, consistent with the instructions herein.

For the period from 2015-2018, Vail Health's response is, essentially, "I don't have any information on that subject."  This is a response that highlights the asymmetry of discovery (particularly electronic discovery): only Vail Health is surely aware of the breadth and scope of its own records. Absent extraordinary circumstances warranting intrusive court intervention, only Vail Health is capable of searching that material.  It often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications in some documents that Vail Health actually had, at some point, additional responsive information that it now claims to lack.  Despite those circumstances, a statement that "no responsive information exists" is a brick wall in the discovery process. Neither the court nor the Special Master can require a party to produce information that the party asserts doesn't exist, nor is it realistic for the court or Special Master to take over the process of reviewing the entirety of that party's records for it.  If a party claims that it has searched for responsive information and not found any, the requesting party and the court ultimately have little recourse but to accept their representation.

At that point, the debate then shifts from an inquiry into what information exists and becomes an inquiry into what information was searched.  An adequate search that turns up no responsive information warrants the conclusion that no responsive information exists (even if one would expect that responsive information *should* exist).  But an inadequate search that yields no responsive information does not, and there remains the possibility that a broader or better search could indeed produce responsive material.

In cases that involve considerable amounts of electronically-stored information, it is not uncommon for a special master or court to issue orders that require the parties to "discuss the [information search procedures] including custodians and the use of narrowly tailored search terms, date restrictions, and other data filters." *See Hoog v. PetroQuest Energy, LLC*, 2021 WL 5161988 (E.D.Ok.  Nov. 5, 2021).  The Special Master believes that such a similar process could be used here to provide a greater degree of certainty to the parties in this hotly-disputed case.  In circumstances where there is some basis to believe that Vail Health should have responsive information, but Vail Health represents that its searches did not turn up such information, it is reasonable to require Vail Health to identify the *process* by which it conducted its searches: specifically, to identify the locations (electronic or otherwise) that it searched and the search criteria (query terms, date ranges) that it used.  The parties would then be in a position to discuss whether additional search locations or search terms might be likely to lead to the discovery of additional responsive information.

3

The Special Master instructs Vail Health to identify: (i) the information locations it searched, (ii) the search criteria it used in attempting to respond to this interrogatory, and (iii) to the extent that it intends to conduct further searches in an effort to respond to this request, the locations and search terms it intends to use in the future. (The Special Master will use the phrase "Search Process Information" ("SPI") to describe these three categories of information elsewhere in this Recommendation and in the Recommendations on the remaining motions). *See e.g. Laber v. U.S. Dept. of Defense*, 2022 WL 103282 at *3 (, (D.Ks. Jan. 11, 2022) (providing example of an appropriate response: "In prior searches, Defendant searched the work e-mail accounts of the applicable Selecting Officials, Panel Members, and HR Personnel for a period that included January 1, 2015, to December 31, 2016, for the terms (1) 'stan,' (2) 'laber,' (3) the vacancy ID numbers associated with the claims Plaintiff's Amended Complaint, or (4) the RPA numbers associated with the vacancies in Plaintiff's Amended Complaint. . . .").

As to the "how" and "what" questions for 2019 to the present, Vail Health's response brief describes a simple, seemingly-ministerial process: "it used nThrive's Knowledge Source toll and set prices at the 25th percentile price level found in the tool." That response is direct and specific and sufficient to answer the Plaintiffs' request. Although the Plaintiffs seem to disbelieve this response and dispute its credibility in certain respects, the credibility of that response is now a matter for trial. Of course, the Special Master emphasizes that Vail Health remains obligated to supplement its discovery responses in accordance with Fed. R. Civ. P. 26(e) should it conclude, based on its review of additional information, that its prior responses were incomplete. Consequently, the Special Master determines that no further response is necessary as to this issue.

**Request For Production #18**: *"All documents related to any chargemaster used during the relevant period, including each chargemaster that was in use, as well as all documents discussing, supporting, or identifying any factors, costs, or expenses associated with any physical therapy services identified in any chargemaster."*

The Special Master initially agrees that this request is overbroad. "All documents related to any chargemaster" would include every single bill that Vail Health issued to a patient or insurer from 2012-2022, among many other documents. This request is deemed to be narrowed to only request that Vail Health produce: (i) the PT services portion of the chargemasters that Vail Health used from 2012 to the present, and (ii) any documents in which Vail Health discusses reasons for setting or adjusting the prices for PT services in those chargemasters.

Vail Health's response is that it has produced the requested chargemasters, that it has described the process by which those chargemasters were developed from 2019 onwards, and that it has produced an extensive spreadsheet of PT patients, services, and charges covering a period from 2015 to 2020. In their reply brief, the Plaintiffs contend that Vail Health has not produced its chargemasters from 2012-2014, and it further asserts that Vail Health has "admitted that certain financial source data for the one-page spreadsheet summary is available by running reports from Vail Health's financial reporting system."

The Special Master orders that Vail Health shall either: (i) produce the 2012-2014 chargemasters, or (ii) verify that it has completed its search for those documents and that it is unable to produce them, providing the Search Process Information relevant to the search it performed regarding this inquiry.

As for the "one-page spreadsheet" Plaintiffs reference, the Special Master has reviewed Docket #130-5 that the Plaintiffs refer to. It is the Special Master's opinion that this document is neither a chargemaster nor a document that reflects Vail Health's reasons for setting or adjusting the pricing of PT services in such a chargemaster. The Special Master finds that a request for more information of the type shown in Docket #130-5 is **not responsive to this discovery request.**

**Request for Production #2:** *"All annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 2 is Vail Health fiscal year 2009 to the present."*

Vail Health's response brief essentially states that it has produced all of the documents it has that are responsive to this request.[2] The Plaintiffs contend that this assertion is not credible, suggesting that Vail Health must certainly have additional responsive documents and identifying collateral evidence that suggests that Vail Health provided certain responsive documents to a consultant that it has not produced here.

Once again, the Special Master and the court are not in a position to second-guess a party's representation that they have produced all responsive documents in their possession. Ultimately, the discovery provisions in the Federal Rules rely on the party answering requests to act in good faith and as officers of the court to represent that they perform a thorough search for and produce all responsive information. The rules create mechanisms that allow the court to punish parties when it is shown that they have not upheld that duty. Absent such a showing (and a showing that additional responsive documents should exist is not the same as showing that they do exist), the court must accept at face value a party's assertion that they have produced all the documents that they have reasonably been able to locate. If Vail Health represents that it has conducted a reasonable search for documents responsive to this request and has produced all of the responsive documents it found that answer will eclipse arguments that "surely there must be more." Nevertheless, to further illuminate the steps that Vail Health has taken in responding to

---

[2] Vail Health argues that, to some extent, the response to this request is duplicative of its response to the Plaintiffs' Request For Production #4. Whatever merit such a response might have had in the days of paper discovery, it has little persuasiveness in the era when responses to discovery requests are routinely produced as electronic files. It is of no substantial burden for Vail Health to copy and paste the relevant .PDF files from its response to Request For Production #4 and include them in its response to Request For Production #2 as well. Doing so also has the benefit of eliminating a point of ambiguity as to what documents responsive to Request #4 would also be considered responsive to Request #2.

Plaintiffs' requests, the Special Master directs that Vail Health to produce the SPI described above with regard the searches it undertook in an effort to adequately respond to this request.

**Request for Production #4:** "*All documents relating to the costs incurred and profits realized with respect to the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name 'Howard Head Sports Medicine.' Request No. 4 includes, but is not limited to, the salary, benefits, and administrative and overhead costs incurred by Vail Health with respect to its physical therapy unit doing business under the trade name 'Howard Head Sports Medicine.' The relevant time period for Request No. 4 is Vail Health fiscal year 2009 to the present.*"

Vail Health's arguments in response to the Plaintiffs' motion regarding this request appear to be the same as those discussed above with regard to Request for Production #2. The Special Master determines that the discussion and ruling with regard to that request applies to this request as well.

**Request for Production #9:** "*Employment records that identify each physical therapist employed by Vail Health in its physical therapy clinic doing business under the trade name of 'Howard Head Medical Center.' The relevant time period for Request No. 9 is November 1, 2009 to the present.*"

The Special Master finds this request to also be overbroad. A demand for <u>all</u> "employment records that identify each physical therapist" would potentially encompass every pay stub and every vacation request, among many other things. Such a request grossly exceeds the proportionality concerns identified in Fed. R. Civ. P. 26(b)(1). Consistent with the issues identified by the parties, the Special Master deems this request to be be narrowed to request only a listing of all physical therapists employed in the Howard Head Medical Center from 2012 to the present, including start and end dates of employment. To the extent Vail Health's records allow it to readily generate this information – and the Special Master has little doubt that it does – the Special Master directs that Vail Health produce the requested information.

Nevertheless, the Special Master does agree with Vail Health that employee privacy concerns weigh significantly enough in the analysis that Vail Health will not be required to supply the names of each physical therapist. Vail Health may follow a procedure to identify the physical therapists by employee identification number, payroll number, truncated Social Security number, or another unique identifier instead of by name. This will allow Plaintiffs are able to effectively generate the "market share analysis" they wish to conduct, tracking the employment status of each individual therapist, while ensuring that the therapists' privacy is adequately protected.

**Request for Production #10**: "*All employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the*

*physical therapy clinic doing business under the trade name of "Howard Head Medical Center." Request No. 10 includes any changes in policies, procedures, and/or training related to nonsolicitation, noncompete, trade secrets, and confidentiality with respect to the categories of individuals listed above. This request includes any internet or net learning type of applications in which physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff had to acknowledge or agree to any policy updates or changes related to employment. The relevant time period for Request No. 10 is November 1, 2009 to the present."*

This request is likewise grossly overbroad. For example, there is little reason to suspect that Vail Health maintains an alleged monopoly over PT services by imposing non-competition agreements on administrative and secretarial staff. Therefore, the Special Master narrows this request to seeking copies of any employment agreements that Vail Health entered into with physical therapists, before, during, or at the conclusion of their employment with Vail Health, to the extent those agreements imposed post-employment non-competition, non-solicitation, or trade secret confidentiality obligations on those individuals. This request covers all such agreements Vail Health imposed between 2012 and the present.

Plaintiffs acknowledge that Vail Health has produced redacted "exemplar" offer letters from 2015-2020. Absent specific allegations of improper redactions, the Special Master finds that the production of both redacted and exemplar letters (instead of serial production of multiple copies of identical documents) to be adequate.

The Plaintiffs contend that Vail Health has not produced responsive material for the period from 2012-2014 and for 2021. The Special Master directs that Vail Health shall do so or the SPI related thereto.

### **Plaintiffs' request for attorney fees**

In each of the Motions to Compel, the Plaintiffs have requested an award of attorney fees incurred in bringing the motion, pursuant to Fed. R. Civ. P. 37(a)(5). The Special Master finds that the circumstances do not warrant an award of attorney fees at this time. Rule 37(a)(5)(A)(iii). In many respects, Vail Health's statement that it has produced all the responsive information in its possession is sufficient, and the directive that Vail Health produce SPI is not the same as a finding that Vail Health has improperly withheld responsive information. Accordingly, no fee award is justified at this time. Moreover, the Special Master finds that apportioning expenses between successful and unsuccessful requests by the Plaintiffs is impractical here and therefore exercises discretion to decline to apportion fees under Rule 37(a)(5)(C).

**Objections to this Report and Recommendation**:  Adopting the requirements of Fed. R. Civ. P. 72(a), the Special Master directs that any party may file Objections to the Magistrate Judge within 14 days of the service of this Recommendation.

Dated this 15th day of September 2022.

*W. Terry Ruckriegle*

*Special Master*

*Box 3305*

*Breckenridge, CO 80424*

*970-390-9865 phone*

# ATTACHMENT TO RECOMMENDATION

# PARTIES' AUGUST 8. 2022 DISCOVERY DISPUTE CHART

*Sports Rehab Consulting LLC et al. v. Vail Clinic, Inc.*, No. 1:19-cv-02075-WJM-GPG (D. Colo.)

**Chart Identifying Where the Parties Addressed in Their Briefing Each Discovery Dispute Pending Before Special Master**

**Plaintiffs' Statement Regarding Vail Health's Chart:**  Plaintiffs have identified the relevant portions in the motion where the issues were presented to the Court for adjudication, including for Motions #4 and 5 even though those motions, as Plaintiffs understand it, are to be addressed informally.  As to Motion #5, Plaintiffs previously disputed Vail Health's characterization of the issues in Plaintiffs' motion to compel by way of a July 22, 2022 email sent to Special Master Ruckriegle and Vail Health, which included Plaintiffs' list of issues about their motion.  Plaintiffs have therefore addressed their list separately.  Although Plaintiffs sought to discuss Motion #5 at the July 29 conferral, Vail Health chose not to do so.  *See* July 29 Tr. at 15:6-18:3; 18:4-8 (Vail Health declining to confer any further about Motion #5).

Additionally, under Judge Gallagher's Order, Plaintiffs understand that Motions #4 and 5 are to be addressed through an informal dispute resolution process.  During the July 29 conferral with Vail Health, Plaintiffs proposed that the parties prepare a chart for Motions #4 and 5 along the lines that Magistrate Judge Gallagher requires as part of his informal dispute resolution process, which summarizes the issue, parties' positions, and legal authority.  Consistent with Magistrate Judge Gallagher's dispute resolution process, Plaintiffs also proposed that after the parties prepare and submit the chart to Judge Ruckriegle, that a conference be held with Judge Ruckriegle to see if any issues subject to Motions #4 and 5 can be resolved informally.

Finally, during the July 29 conferral, Plaintiffs attempted to informally resolve issues with respect to Motions #4 and 5, as well as other issues in Motions #2 and 3.  During the conferral, Vail Health's counsel represented that it would confer with its client about certain proposals made by Plaintiffs.  As of this submission, Plaintiffs have not received Vail Health's response to any of Plaintiffs' proposals.

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| **Motion to Compel No. 2** | | |

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Interrogatory No. 18: "Describe in detail how Vail Health developed any chargemasters from November 1, [2012], to the present, and in doing so, identify the chargemaster in use during this period of time, the directors, officers, managers, employees, consultants, and accountants who were involved in setting prices or fees, and identify all components of any prices or charges related in any way to physical therapy services identified on the chargemaster during that same period of time." | • Vail Health's 9/7/21 Response to Motion to Compel ("MTC") No. 2 (Doc. 156) at 3-4<br><br>• Vail Health's 12/6/21 Proposed Findings of Fact and Conclusions of Law (Doc. 261) ("Proposed Findings") at 36-37 | 8/10/21 Mot. #2 at 5, 11-12 [ECF No. 129]<br><br>9/23/21 Reply at 1-2, 5-6 [ECF No. 173]<br><br>12/6/2021 Proposed Order, Findings of Fact ¶¶ 2-3 [ECF No. 256]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 1-6, 15 [ECF No. 256] |
| Request for Production No. 18 seeking documents discussing, supporting, or identifying any factors, costs, or expenses associated with pricing physical therapy services in the chargemaster. | • Vail Health's 9/7/21 Response to MTC 2 (Doc. 156) at 4-5<br><br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 23-24 | 8/10/21 Mot. #2 at 5-8, 11-12 [ECF No. 129]<br><br>9/23/21 Reply at 1-2, 5-6 [ECF No. 173]<br><br>12/6/2021 Proposed Order, Findings of Fact ¶ 4 [ECF No. 256]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 1-6, 15 [ECF No. 256] |
| Request for Production No. 2 seeking financial statements, projections, and analyses for Howard Head. | • Vail Health's 9/7/21 Response to MTC 2 (Doc. 156) at 8-9<br><br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 6-8 | 8/10/21 Mot. #2 at 5-8, 12-13 [ECF No. 129]<br><br>9/23/21 Reply at 1-3, 6, 8 [ECF No. 173]<br><br>12/6/2021 Proposed Order, Findings of Fact ¶¶ 5-7; Conclusions of Law ¶¶ 1-6, 13-15, 19-23 [ECF No. 256]<br><br>7/29/2022 Conferral Tr. at 65:14-67:10; Plaintiffs have followed up by email but Vail Health has not yet responded. |

10

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Request for Production No. 4 seeking documents related to the costs incurred and profits realized for Howard Head, including salary, benefits, and administrative, and overhead costs. | • Vail Health's 9/7/21 Response to MTC 2 (Doc. 156) at 8<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 6-8 | 8/10/21 Mot. #2 at 5-8,13 [ECF No. 129]<br>9/23/21 Reply at 1-3, 6-8 [ECF No. 173]<br>12/6/2021 Proposed Order, Findings of Fact ¶¶ 8-9;  Conclusions of Law ¶¶ 1-6, 13-15, 19-23 [ECF No. 256]<br>7/29/2022 Conferral Tr. at 65:14-67:10, 69:12-18; Plaintiffs have followed up by email but Vail Health has not yet responded. |
| Request for Production Nos. 9 and 10 seeking employment records identifying each physical therapist employed by Vail Health, including the employment agreements, start and end dates, as well as any post-employment agreements. | • Vail Health's 9/7/21 Response to MTC 2 (Doc. 156) at 9-10<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 16-18 | 8/10/21 Mot. #2 at 9, 14 [ECF No. 129]<br>9/23/21 Reply at 9-10 [ECF No. 173]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 11; Conclusions of Law ¶¶1-6, 9-13, 19-23 [ECF No. 256]<br>7/29/2022 Conferral Tr. at 69:21-72:22; Plaintiffs have followed up by email but Vail Health has not yet responded. |
| **Motion to Compel No. 3** | | |
| Request No. 15 seeking agendas, minutes, and other Board documents, including committees" from November 1, 2012, to the present," which Plaintiffs limited to the Board, Finance Committee, and Steering Committee related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSOF. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 2-6<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 10-12 | 8/12/21 Mot. #3 at 3-9, 13-14 [ECF No. 132]<br>9/16/21 Reply at 1-6 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 1-7; Conclusions of Law ¶¶ 9-18 [ECF No. 258] |

11

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Interrogatory No. 12 seeking the identification of Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to the pricing, profits, terms and conditions, reimbursement for any joint venture, collaboration, or strategic partnership from November 1, 2012. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 7-8<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 32-33 | 8/12/21 Mot. #3 at 3-5, 10 [ECF No. 132]<br>9/16/21 Reply at 1-3, 7-9 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 8; Conclusions of Law ¶¶ 19-20 [ECF No. 258] |
| Interrogatory No. 13 seeking the identification of Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to antitrust issues, kickback issues, and referral issues prohibited by the Stark law from November 1, 2012 to the present. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 8-9<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 33-35 | 8/12/21 Mot. #3 at 3-9, 10 [ECF No. 132]<br>9/16/21 Reply at 1-3, 7-9 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 8; Conclusions of Law ¶¶ 19, 21 [ECF No. 258] |
| Interrogatory No. 20(e)-(f), which are the only subparts moved upon, seeking the identification of any in-house and outside counsel who was employed by or engaged by Vail Health for purposes of providing legal services related to any joint venture or collaboration relating in any way to physical therapy services, including legal or compliance issues. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 9<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 37-39 | 8/12/21 Mot. #3 at 3-5, 10-11 [ECF No. 132]<br>9/16/21 Reply at 1-3, 7-9 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 8; Conclusions of Law ¶¶ 19, 22-23 [ECF No. 258] |
| Interrogatory No. 21(d)-(e), which are the only subparts moved upon, seeking the identification of any internal and external accountant who was employed or engaged by Vail Health to provide advice related to any joint venture or collaboration relating to physical therapy services, including legal or compliance issues. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 9-10<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 39-40 | 8/12/21 Mot. #3 at 3-5, 11 [ECF No. 132]<br>9/16/21 Reply at 1-3, 7-9 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 8; Conclusions of Law ¶¶ 19, 24 [ECF No. 258] |

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Interrogatory No. 23(d)-(e), which are the only subparts that Plaintiffs moved on, seeking the identification of any third-party vendors and consultants employed or engaged by Vail Health for purposes of providing healthcare consulting and analysis, strategic planning, financial consulting, and marketing advice for any joint venture or collaboration related in any way to physical therapy services, as well as billing services such as clearinghouses, Medicare Administrator Contractors, and billing software vendors from November 1, 2012, to the present. | • Vail Health's 9/2/21 Response to MTC 3 (Doc. 154) at 9-10<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 40-41 | 8/12/21 Mot. #3 at 3-5, 11-12 [ECF No. 132]<br>9/16/21 Reply at 1-3, 7-9 [ECF No. 163]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 8; Conclusions of Law ¶¶ 19, 25 [ECF No. 258] |
| **Motion to Compel No. 4** | | |
| Request for Production Nos. 7 and 8 seeking documents (including lifting of redactions) related to any proposed joint venture, merger, or other combination with Steadman/SPRI and VSO/VSOF from November 1, 2012 to the present, including communications with Steadman/SPRI; VSO/VSOF; independent consultant documents, workpapers, and analyses for Hammes, Haverford, Healthcare Transaction Advisors, One Boston, Jornada, and Deloitte. | • Vail Health's 9/28/21 Response to MTC 4 (Doc. 176) at 2-9<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 13-16 | 9/7/21 Mot. #4 at 4-11 [ECF No. 157]<br>10/14/21 Reply at 1-9 [ECF No. 192]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 1-2; Conclusions of Law ¶¶ 8-30[ECF No. 259] |
| Request for Production No. 24 seeking documents relating to any charitable contributions or pledges by Vail Health to Steadman's foundation SPRI and VSO's foundation VSOF. | • Vail Health's 9/28/21 Response to MTC 4 (Doc. 176) at 10<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 24-25 | 9/7/21 Mot. #4 at 4-7, 11-12 [ECF No. 157]<br>10/14/21 Reply at 1-2, 6-7 [ECF No. 192]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 3-4; Conclusions of Law ¶¶ 8-30 [ECF No. 259] |
| Interrogatory No. 11 seeking information about Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to any joint venture, collaboration, or strategic partnership from November 1, 2012 to the present. | • Vail Health's 9/28/21 Response to MTC 4 (Doc. 176) at 10-13<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 30-32 | 9/7/21 Mot. #4 at 4-7, 12-14 [ECF No. 157]<br>10/14/21 Reply at 9-10 [ECF No. 192]<br>12/6/2021 Proposed Order, Findings of Fact ¶¶ 5-6; Conclusions of Law ¶¶ 31 [ECF No. 259] |

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Interrogatory No. 14 seeking information related to the number of patients and revenues and profits generated by doctor referrals, which is related to both Steadman's and VSO's relationship with Vail Health. | • Vail Health's 9/28/21 Response to MTC 4 (Doc. 176) at 13-14<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 35-36 | 9/7/21 Mot. #4 at 4-7, 14-15 [ECF No. 157]<br>10/14/21 Reply at 10 [ECF No. 192]<br>12/6/2021 Proposed Order, Findings of Fact ¶ 7; Conclusions of Law ¶¶ 32-33 [ECF No. 259] |
| **Motion to Compel No. 5—Plaintiffs' Characterization of the Issues** | | |
| Did Vail Health's delay in providing a privilege log constitute waiver of any privilege? | | 10/17/21 Mot. #5 at 8 [ECF No. 195]<br>9/16/21 Reply at 2 [ECF No. 226]<br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 8 [ECF No. 260] |
| Was Vail Health's log sufficient when it did not sufficiently identify individuals on the log, did not identify whether an attorney was a direct recipient or simply copied, did not provide an adequate description of "documents" and "information," and claimed privilege for documents in which there is no mention of legal advice being requested, given, or discussed? | | 10/17/21 Mot. #5 at 3-7 [ECF No. 195]<br>11/19/21 Reply at 2-4 [ECF No. 226]<br>12/6/2021 Proposed Order Mot. #5, Conclusions of Law ¶¶ 5-11 [ECF No. 260] |
| Are communications with attorneys privileged when a party forwards nonprivileged communications to an attorney, or copies an attorney for informational purposes? | | 10/17/21 Mot. #5 at 5, 8-9 [ECF No. 195]<br>11/19/21 Reply at 2-4 [ECF No. 226]<br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 5-7 [ECF No. 260] |

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Whether it is proper to redact portions of Board Minutes, PowerPoint presentations, other emails, and employment agreements on relevancy grounds? | | 8/12/21/21 Mot. #3 at 13-14 [ECF No. 132]; included in Mot. #5 because VH submitted them for *in camera* review in response to Mot. #5<br><br>9/16/21 Mot. #3 Reply at 7 [ECF No. 163]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 14[ECF No. 260] |
| Is an "independent appraiser" or "independent appraisal firm" engaged to conduct "fair market value" appraisal for purposes of a business transaction an agent of Vail Health? | | 10/17/21 Mot. #5 at 5-6, 8-12, 14 [ECF No. 195]<br><br>11/19/21 Reply at 4-9 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 15-26[ECF No. 260] |
| Are independent appraiser communications and their fair market valuations for a business transaction privileged? | | 10/17/21 Mot. #5 at 5-6, 8-12, 14 [ECF No. 195]<br><br>11/19/21 Reply at 4-9 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 15-26, 37 [ECF No. 260] |
| Is there any privilege for documents intended to be provided to third parties involved in a business transaction? | | 10/17/21 Mot. #5 at 14-15 [ECF No. 195]<br><br>11/19/21 Reply at 6 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 15-26 [ECF No. 260] |

15

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Did Vail Health have any expectation of privacy or confidentiality when it communicated with its Board members by using outside business email addresses to correspond about Vail Health business? | | 10/17/21 Mot. #5 at 4, 13-14 [ECF No. 195]<br><br>11/19/21 Reply at 9-10 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 32-35[ECF No. 260] |
| Did Vail Health waive privilege when its Board chair Michael Shannon copied his outside business administrative assistant on emails transacting Vail Health business? | | 10/17/21 Mot. #5 at 4, 13-14 [ECF No. 195]<br><br>11/19/21 Reply at 9-10 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 32-36 [ECF No. 260] |
| Are unidentified "documents" and "information" circulated internally and to counsel privileged if those documents contain factual or historical information? | | 10/17/21 Mot. #5 at 6-9 [ECF No. 195]<br><br>11/19/21 Reply at 2-4 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 11, 16 [ECF No. 260] |
| Are documents sent by attorneys that convey business information, not legal advice, privileged? | | 10/17/21 Mot. #5 at 6-9 [ECF No. 195]<br><br>11/19/21 Reply at 2-4 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 11, 17, 25 [ECF No. 260] |
| Are internal communications related to a business transaction privileged? | | 10/17/21 Mot. #5 at 6-9, 12 [ECF No. 195]<br><br>11/19/21 Reply at 7-8 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 17, 27 [ECF No. 260] |

16

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Is the document that Vail Health sought to clawback, and which Plaintiffs attached as Exhibit 9 to Motion #5, privileged?  Plaintiffs emailed to Special Master Ruckriegle a privilege log and document because it was not included on Vail Health's log and reattached it to the email sent on August 11. | | 10/17/21 Mot. #5 at 12 [ECF No. 195]<br><br>11/19/21 Reply at 7 [ECF No. 226]<br><br>12/6/2021 Proposed Order, Conclusions of Law ¶¶ 28-31 [ECF No. 260] |
| **Motion to Compel No. 5—Vail Health's Characterization of the Issues** | | |
| Whether communications and documents circulated internally among non-attorney employees for the purpose of discussing or seeking legal advice are privileged. | • Vail Health's 11/8/21 Response to MTC 5 (Doc. 213) at 4-5, 9<br><br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 26 | |
| Whether communications from attorney agents (such as legal assistants, legal administrative assistants, and document specialists) employed by outside counsel in connection with obtaining legal advice from outside counsel are privileged. | • Vail Health's 11/8/21 Response to MTC 5 (Doc. 213) at 5-6<br><br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 26 | |

17

| Issue for Adjudication by Special Master | Citations to Where Vail Health Addressed Issue | Citations to Where Plaintiffs Addressed Issue |
|---|---|---|
| Issues concerning valuations and related documents:<br>a. Whether communications between client personnel and outside counsel concerning outside counsel's legal analysis of regulatory compliance of proposed joint ventures are privileged.<br>b. Whether internal communications among client personnel discussing outside counsel's legal analysis of regulatory compliance of proposed joint ventures are privileged.<br>c. Whether communications among client personnel, outside counsel, and/or appraisers related to outside counsel's legal analysis of regulatory compliance of proposed joint ventures are privileged, where the appraisers were engaged to conduct valuations to enable outside counsel to perform a legal analysis concerning proposed joint ventures.<br>d. Whether communications among client personnel and appraisers related to outside counsel's legal analysis of regulatory compliance of proposed joint ventures are privileged, where the appraisers were engaged to conduct valuations to enable outside counsel to perform a legal analysis concerning proposed joint ventures. | • Vail Health's 11/8/21 Response to MTC 5 (Doc. 213) at 8-12, 14<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 26 | |
| Whether otherwise privileged communications lose their privilege if shared with the members of a corporation's Board of Directors in connection with their duties. | • Vail Health's 11/8/21 Response to MTC 5 (Doc. 213) at 12-14<br>• Vail Health's 12/6/21 Proposed Findings (Doc. 261) at 26 | |