UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING, LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a Vail Health,

    Defendant.

---

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL #3

---

    This matter was also referred to the Special Master by Magistrate Judge Gallagher for a Report and Recommendation regarding the Plaintiffs' Motion to Compel #3 (D. 132). The Special Master has considered the Defendant's ("Vail Health") response (D. 154), and the Plaintiffs' reply (D. 165). The transcript of the parties' October 21, 2021 oral argument on that motion was also reviewed along with the parties' Joint Discovery Dispute Chart e-mailed to me on August 8, 2022.

    As previously noted in the Special Master's Report and Recommendation regarding Motion to Compel #2, the Special Master enters certain universal rulings at the outset of this Report:

    • All discovery requests set forth below that seek information prior to 2012 are, consistent with the Magistrate Judge's June 9, 2021 ruling (D. 107), deemed conformed to seek only information from 2012 to the present.

    • Where the Special Master directs that Vail Health supply Search Process Information ("SPI") regarding its search for information responsive to a particular request, that term has the meaning set forth in the Recommendation concerning Motion to Compel #2.

    • To the extent this Report directs Vail Health to produce certain information or materials, Vail Health shall do so within 30 days of the date of this Report and Recommendation unless directed otherwise by the Magistrate Judge.

Plaintiffs' Motion to Compel #3 explains that the requests at issue in that motion are those that are directed at obtaining evidence of contemplated, proposed, or completed joint ventures or other business combinations involving Vail Health and other providers of PT services.  The Plaintiffs focus on contemplated joint ventures between Vail Health and the Steadman Clinic/Steadman Philippon Research Institute ("Steadman" or "SPRI") and between Vail Health and Vail Summit Orthopedics ("VSO" or "VSOF"), although their requests encompass all contemplated business combinations that involve PT services.  Vail Health's responses generally do not challenge the general relevance of the requested materials to the antitrust issues presented in this case. Therefore, the Special Master does not discuss or make particular findings with regard to the various legal issues raised in the Plaintiffs' motion.

The Special Master will address the specific requests that the parties' August 8, 2022 Discovery Dispute chart indicates remain in contention. [1]   For each request, the Special Master sets forth the verbatim text of such request in italics, and proceeds to the analysis and a ruling.

**Request for Production #15:** "*All agendas, minutes, minutes of action, and all other records of the Board of Directors of Vail Health and all committees of the Board of Directors of Vail Health, from January 1, 2004 to the present.*"

This request is overbroad, seeking much more material than is relevant to the issue of Vail Health's contemplation of joint ventures that would provide PT services.  The Plaintiffs' discovery chart summarizes this request as seeking "the Board, Finance Committee, and Steering Committee related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSOF," and the Special Master finds it appropriate to limit the request to that narrower class of documents.

Vail Health's response brief once again argues that it has produced the requested information, albeit in a form that redacts information regarding discussion of topics other than those relating to proposed joint ventures with Steadman or VSO.  Plaintiffs' reply brief essentially argues that the requested documents should be produced in an unredacted form, as Vail Health "redacted the topics discussed, making it impossible for Plaintiffs to determine whether the redactions contain relevant information or not."

Plaintiffs are entitled to discovery of relevant information.  Fed. R. Civ. P. 26(b)(1).  They are not entitled to discovery of irrelevant information.  Here, "relevant information" involves discussions of Vail Health's possible joint ventures with Steadman, VSO, or other PT services providers.  To the extent the requested documents contain this information and other information, Vail Health is entitled to redact those portions of the documents that contain irrelevant information.  Plaintiffs' argument that Vail Health might be redacting relevant information is nothing more than speculation, as the Plaintiffs point to no particular evidence that suggests that Vail Health has over-redacted the documents.  The Special Master finds that Vail Health's production is sufficient.  *Foundation for Global Sports Development v. US Olympic Committee,* 2021 WL 6618556 (C.D.Ca. June 25, 2021) (reciting general rule that "unilateral

---

[1] The parties' Joint Discovery Dispute Chart is attached to the Special Master's Recommendation concerning Motion to Compel #2 and will not be reproduced here.

redaction of documents on the ground that the producing party deems the information irrelevant is generally improper" but finding that redaction of board minutes to exclude evidence that "plainly has no substantive bearing on the claims and defenses in this action" was proper where "the redaction does not appear to have hindered USOC's ability to understand the rest of the board meeting minutes").

Plaintiffs also contend that Vail Health's production is incomplete because it has not produced certain responsive documents that should exist.  In response, Vail Health asserts that it has searched the e-mail accounts of certain individuals for relevant documents. However, it is unclear as to whether Vail Health is representing that those individuals' e-mails are the only reasonable sources for the requested documents.  To clarify the scope of Vail Health's search efforts, the Special Master orders that Vail Health produce the Search Process Information relating to its searches with regard to this discovery request.

**Interrogatory #12**: "*Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, or consultant and his or her firm, who participated in discussions, meetings, or negotiations related to prices, pricing, price increases or decreases, costs, profits, terms and conditions, or Medicare or medical insurance reimbursement for physical therapy treatment relating to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:*

*(a) Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;*
*(b) The date and location of where each discussion, meeting, or communication was held;*
*(c) Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement.*
*(d) And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and*
*(e) Identify by bates number all documents referred to or relied upon in answering this interrogatory.*"

Vail Health's first objection to this interrogatory is that it is compound in nature, containing multiple discrete requests.  Because Magistrate Judge Gallagher has seen fit to limit the number of interrogatories that each side may propound, *see* (D. 71, §8), a determination that a single interrogatory is compound may affect Vail Health's obligation to answer it.  Interrogatory subparts should be treated as a single inquiry if they are logically or factually subsumed within and necessarily related to the primary question.  *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nv. 1997); *see also Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 516 (W. D. Ky. 2010) ("Determining whether an interrogatory counts as a separate question requires a pragmatic approach. Once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated").

This interrogatory is confusingly constructed, making it difficult to even comprehend, much less respond to. The first several words suggest that the interrogatory is primarily a "Who?" question, asking Vail Health to identify directors, officers, and others involved in certain matters. This conclusion is buttressed by the Plaintiffs' summarization of this interrogatory in the parties' discovery dispute chart that characterizes this inquiry as asking for "the identification of Vail Health directors, officers, managers, employees, attorneys, accountants, and any other consultants who participated in discussions related to the pricing, profits, terms and conditions, reimbursement for any joint venture, collaboration, or strategic partnership." But the last few words of the main question and most of the subparts are more focused on a "What?" question, asking details about various joint ventures. The subparts include "Where?" and "When?" and "Why?" inquiries also focus on joint ventures, not the directors and officers that are the initial subject of the question.

The Special Master determines that, to render this interrogatory comprehensible and prevent it from being compound and overbroad, it must be reconstructed. The interrogatory is rewritten as follows: "*For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services.*" The Special Master instructs that Vail Health shall answer the interrogatory as revised.

**Interrogatory #13**: "*Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, or consultant and his or her firm, who participated in discussions, meetings, or negotiations relating to legal or regulatory issues relating to any joint venture, collaboration, or strategic partnership, including antitrust issues such as those prohibited by the Sherman Act, 15 U.S.C. § 2; kickback issues such as those prohibited under the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); or physician referral issues, such as those prohibited by the Stark Law, 42 U.S.C. § 1395nn. For each and every such discission, meeting and communication:*

*(a) Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;*
*(b) The date and location of where each discussion, meeting, or communication was held;*
*(c) Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement;*
*(d) And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and*
*(e) Identify by bates number all documents referred to or relied upon in answering this interrogatory.*"

Vail Health's objections, and the Plaintiffs' replies, regarding this inquiry mostly duplicate those in Interrogatory #12. The Special Master finds that, as written, the request is confusing, overbroad, and contains multiple inquiries. The Special Master therefore redrafts the inquiry to read as follows: "*For each joint venture, collaboration, or strategic partnership,*

*whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in discussing antitrust, anti-kickback, or prohibited physician referral issues."* The Special Master orders that Vail Health answer the revised inquiry to the extent the information sought is not privileged and shall produce a privilege log addressing any claims of privilege attached to this question.

**Interrogatory #20(e) & (f)**: "*Identify each and every attorney (in-house or outside counsel), together with the name, address, and telephone number each attorney and his or her law firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, litigation, and/or any other legal services to Vail Health with respect to each of the following subject matters: [...]*
*(e) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present; and*
*(f) Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present.*"

Vail Health's objections to this interrogatory include the contention that it is compound and that it is overbroad. The Special Master finds that the two quoted subparts encompass separate subjects. "Planning, discussions, negotiations, or agreements" relating to a contemplated joint venture is a distinct subject matter from "legal, regulatory, and compliance issues" relating to that venture. The identified subparts of this interrogatory constitute separate inquiries for purposes of numerical limits on interrogatories.

Plaintiffs argue that, "when a party believes that another party has asked too many interrogatories, the party should object to all interrogatories or file a motion for protective order," and that by answering some selected interrogatories, Vail Health "has waived any numerosity objection." Plaintiffs rely on cases like *Allahverdi v. Regens of the Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005). Not all courts adhere to an absolute approach that requires wholesale objections to all interrogatories, lest the responding party be deemed to waive all numerosity objections. *C.R. Baird, Inc. v. Smiths Medical ASD, Inc.*, 2020 WL 4050455 (D. Ut. July 20, 2020), catalogs a variety of alternative ways to addresses the situation where compound interrogatories operate to exceed numerical limitations imposed by the court. Among those alternatives is the approach urged by Wright & Miller ("the better rule is to require the responding party to answer the ... interrogatories [in numerical order], and object to the remainder"), and concludes that selective answering constitutes a limited waiver of numerosity limits, but only as to "those interrogatories that were answered."

The Special Master determines that the harsh rules of *Allahverdi* are inappropriate. To hold that a party believing that compound interrogatories caused the total number asked to exceed the court-imposed limit must avoid answering any interrogatories and must move for a protective order to avoid waiving any objections to numerical limits needlessly fosters additional litigation and delays the exchange of uncontested portions of discovery. A rule that imposes

considerable risks of waiver on the responding party might only encourage parties to deliberately propound complex interrogatories with the purpose that the respondent would answer some of the simpler questions, thereby "waiving" objections to complex ones. The only risk to the proponent would be that they might eventually be required by the court to refine some questions. The Special Master believes that the party propounding interrogatories must bear some burden to craft their queries carefully.  The Special Master finds that the alternatives identified in *C.R. Baird* reveal a more reasoned approach: that a responding party is obligated to answer the first 25 (or whatever the court-set limit is) interrogatories, even if that number includes the separate portions of compound interrogatories.  Once that limit is reached, the respondent's duty to respond is suspended and the proponent of the requests must move to compel further responses. *See Paanenen v. Cellco Partnership*, 2009 WL 3327227 (W.D.Wa. Oct. 8, 2009).

The record here does not make clear whether Vail Health contends that, numerically, the Plaintiffs exceeded the 25-interrogatory limitation by the time they reached Interrogatory #20(e) or (f), which the Special Master finds constitute two discrete inquiries.  To the extent that arguably compound inquiries among Interrogatories #1-20(d) pushed the total number of interrogatories over the 25-interrogatory limit, and Vail Health answered all of those interrogatories, the Special Master would relieve Vail Health of the duty to answer Interrogatory #20(e) and (f) unless and until the Plaintiffs sought and obtained a ruling either: (i) raising the numerical limit on interrogatories or (ii) finding that certain specified interrogatories that Vail Health alleged were improperly compound were, in fact, a single interrogatory.  If, on the other hand, Vail Health has not already answered at least 25 separate interrogatories by the time it reached Interrogatory #20(e) and (f), it shall respond.

The Special Master further finds that the Interrogatories, as propounded, are overbroad. Specifically, the "in any way related to physical therapy services" language in subsections (e) and (f) reaches too far.  A consolidation that absorbed a third-party billing servicer or scheduling system into Vail Health's corporate structure could "relate to" physical therapy services, insofar as the new entity would be responsible for billing or scheduling for any Vail Health services, including physical therapy services.  Evidence of such a combination would have little relevance to the Plaintiffs' claims that Vail Health maintained a monopoly on physical therapy providers. The Special Master directs that  Vail Health answer a narrowed version of Interrogatory #20(e) and (f) to address only "*any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services*."


**Interrogatory #21(d) & (e):** *Identify each and every Vail Health accountant (such as Vail Health's Chief Financial Officers), together with the name, address, and telephone number of each and every accountant (such as public accountants) and his or her accounting firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, or any other accounting, financial, or compliance services to Vail Health with respect to each of the following subject matters: [...]*

*(d) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present; and*

*(e) Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership related in any way to physical therapy services from January 1, 2014 to the present.*

The parties' positions with regard to this interrogatory are essentially the same as Interrogatory #20(e) and (f). Therefore, the Special Master directs that the ruling with regard to that Interrogatory applies to this Interrogatory #21(d) and (e) as well.

**Interrogatory #23(d) & (e):** "*Identify each and every third-party vendor, healthcare consultant, strategic planning consultant, marketing consultant, or Medicare compliance consultant or expert, together with the name, address, and telephone number of each of their firms (such as McKinsey & Assoc.) that were employed or engaged by Vail Health during the period beginning January 1, 1999, and continuing to the present, for the purpose of providing billing services, healthcare consulting, strategic planning, healthcare analysis, financial analysis, marketing advice, counselling, planning, negotiating, consulting, or any other advisory or Medicare and compliance services to Vail Health, with respect to each of the following subject matters: [...]*

*(d) Healthcare, marketing, financial, accounting, reporting, regulatory, or compliance issues arising from the planning, discussions, drafting, and/or negotiations relating to any joint venture, collaboration, or strategic partnership related in any way to physical therapy services; and*

*(e) Third-party vendors providing any type of billing service, such as clearinghouses, Medicare Administrator Contractors, and billing software vendors.*"

Vail Health contends that this interrogatory is overbroad and compound, and the Special Master agrees. As to the compound nature of the interrogatory, it is a "Who?" inquiry, asking Vail Health to identify individuals performing specific tasks. The tasks involved in subsections (d) and (e) are independent of each other, and thus the Plaintiff's request that Vail Health identify the individuals performing those tasks are separate and independent inquiries for numerical purposes. The Special Master finds that, for the reasons regarding compound interrogatories set forth above, this Interrogatory is compound as well, and denied.

The Special Master also determines that these Interrogatories are vastly overbroad and, arguably incomprehensible. The main body of the interrogatory is riddled with qualifiers and conjunctions in such a way that makes its boundaries almost unascertainable. Subsection (e), requesting information about Vail Health's billing services, appears to be untethered entirely from the PT services that underly the monopoly issues in this case. Subsection (d) is at least nominally connected to "any joint venture . . . related in any way to physical therapy services," but is overbroad for the same reasons discussed with regard to Interrogatory #20(e) and (f). In this circumstance, the Special Master is unable to rewrite this interrogatory in a style that it could be meaningfully understood and answered. The Special Master determines that Vail Health is relieved from answering it due to overbreadth.

**Plaintiffs' request for attorney fees:**  In each of the Motions to Compel, the Plaintiffs have requested an award of attorney fees incurred in bringing the motion, pursuant to Fed. R. Civ. P. 37(e).  The Special Master finds that the present circumstances do not warrant an award of attorney fees.  Rule 37(a)(5)(A)(iii).  Moreover, the Special Master finds that apportioning expenses between successful and unsuccessful requests by the Plaintiffs is impractical here and therefore exercises discretion to decline to apportion fees under Rule 37(a)(5)(C).

**Objections to this Report and Recommendation**:  Adopting the requirements of Fed. R. Civ. P. 72(a), the Special Master directs that any party may file Objections to the Magistrate Judge within 14 days of the date of this Report.

Dated this 15th day of September 2022.

*/s/ W. Terry Ruckriegle*

*W. Terry Ruckriegle*

*Special Master*

*Box 3305*

*Breckenridge, CO 80424*

*970-390-9865 phone*