UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING, LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a Vail Health,

    Defendant.

SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
MOTION TO COMPEL #4

    This is another matter referred to the Special Master by Magistrate Judge Gallagher for a Report and Recommendation regarding the Plaintiffs' Motion to Compel #4 (D. 157). The Special Master has considered the Defendant's ("Vail Health") response (D. 176), and the Plaintiffs' reply (D. 192). The transcript of the parties' October 21, 2021 oral argument on that motion was also reviewed along with the parties' Joint Discovery Dispute Chart e-mailed to me on August 8, 2022.

    As with the Special Master's Report and Recommendation regarding Motion to Compel #2, the Special Master makes certain universal rulings at the outset of this matter:

    • All discovery requests set forth below that seeks information prior to 2012 are, consistent with the Magistrate Judge's June 9, 2021 ruling (D. 107), deemed conformed to seek only information from 2012 to the present.

    • Where the Special Master directs that Vail Health supply "Search Process Information" regarding its search for information responsive to a particular request, that term has the meaning indicated in the Report and Recommendation concerning Motion to Compel #2.

    • To the extent this Report directs Vail Health to produce certain information or materials, Vail Health shall do so within 30 days of the date of this Report.

The Special Master now addresses the specific requests that the parties' August 8, 2022 Discovery Dispute chart indicates remain in contention.[1]  The Special Master again sets forth the verbatim text of that request in italics, and proceeds to the analysis and a ruling.

**Request for Production #7:** "*All documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 7 is November 1, 2011 to the present.*"

**Request for Production #8:** "*All documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 8 is November 1, 2011 to the present.*"

These two requests are identical, except for the entity named in each one.  The parties' arguments with regard to the two requests are essentially the same and the Special Master will address the requests jointly.

Vail Health's primary response to these requests is that it has produced all of the responsive documents it possesses, either in this action or in the state court case.  Vail Health has already too often claimed that it produced the requested information in the state case. The Special Master finds that there is no material burden on Vail Health in producing the documents again in this case.  We are significantly past the days of document production in paper form, where the expenses of copying and collating large volumes of documentation was an undue burden.  In the modern era, producing the responsive documents a second time in this case is as simple as copying electronic files onto a thumb drive.  Producing the documents independently in this litigation also has the benefit of removing any ambiguity as to which documents in the state court case are also purportedly responsive to these requests.  To the extent that Vail Health contends that it produced documents responsive to these requests as part of the state case, the Special Master orders that Vail Health shall nevertheless produce them again in this case.

When considering Vail Health's response that it has produced all of the documents in its possession that are responsive, such a response is one that Plaintiffs, the court, and special master are essentially required to accept, regardless of how credible that assertion may be.  Consistent with the requirements set forth in the ruling on Motion to Compel #2, the Special Master orders that Vail Health supplement their responses to these requests with the Search Process Information/SPI relating to its efforts to search for documents responsive to these requests.  The Plaintiffs may inquire via depositions or other remaining discovery devices as to why documents that seem like they should still exist no longer do, and in appropriate circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation.  Otherwise, the Special Master must deem Vail Health's answer (as supplemented with SPI) to be a sufficient response to these requests.

---

[1] The parties' Joint Discovery Dispute Chart is attached to the Special Master's Recommendation concerning Motion to Compel #2 and will not be reproduced here.

The Special Master feels compelled, however, to comment on certain matters referenced in Vail Health's response brief. Plaintiffs contend that Vail Health has "produced email strings that did not include the attachments, perhaps to avoid producing relevant documents," and Vail Health responded by stating that "Where all emails in an email string were responsive and non-privileged, Vail Health produced each email separately, to ensure that responsive attachments were included in the production." This statement leaves far too much ambiguity about circumstances where the opposite has occurred: What did Vail Health do in circumstances where some emails in a string were either privileged or non-responsive? What measures did it take to ensure that responsive attachments in such email strings were nevertheless produced? Therefore, the Special Master orders that, in every circumstance where a responsive, non-privileged email contained a non-privileged attachment, Vail Health shall produce that attachment.

Vail Health's response also cites to the fact that the Plaintiffs have served subpoenas on third-party witnesses Steadman and VSO, and suggests that Vail Health's production, in conjunction with those third-parties' subpoena responses, should suffice. The Special Master rejects the suggestion that a third-party's response to a subpoena relieves Vail Health of any obligation to produce responsive documents in its own possession. This type of resistance in production has, on more than one occasion, contributed to the delay of the discovery process between these parties. The Special Master orders that if Vail Health possesses responsive documents, Vail Health shall produce them, even if doing so means that both Vail Health and a third party will wind up producing copies of the same document to the Plaintiffs. Barring situations where Vail Health makes a truly colorable argument that it is demonstrably easier for a third party to produce a certain record than it is for Vail Health, such that Fed. R. Civ. P. 26(b)(1)'s proportionality requirements are truly implicated, Vail Health's obligation to respond to discovery is entirely independent of what the Plaintiffs may ultimately seek and obtain from third parties.

Vail Health maintains that certain documents are not responsive to the Plaintiffs' requests because they involve facilities outside of the Plaintiffs' claimed monopolized market – that is, the Vail Valley. Thus, Vail Health argues, "Information relating to Vail Health's proposed expansion into Frisco, Dillon, Silverthorne, Basalt, or Aspen is outside of Plaintiffs' geographic market and therefore beyond the scope of this matter." The Special Master rejects that contention. Even assuming that the Plaintiffs' proposed market serves as a hard geographic boundary for purposes of ultimate relevance, and thus admissibility, the scope of discovery is broader than the scope of relevance. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable"). Vail Health's generalized and conclusory argument that production of such materials is burdensome is insufficient to demonstrate that the proportionality inquiry of Rule 26(b)(1) tips the scale against Plaintiffs' requests. Accordingly, the Special Master directs that Vail Health is obligated to produce such responsive materials if they exist. If they do not, Vail Health shall produce the SPI materials.

**Request for Production #24**: "*All documents related to any charitable contributions or pledges by Vail Health to SPRI, Steadman, or VSO from November 1, 2012 to the present, including, but not limited to, the amount of any contributions or pledges, the date the*

*contribution or pledge was made, and whether the contribution or pledge was given for a specific purpose."*

Vail Health objects to this request as being irrelevant. It argues that donations to those entities do not relate to the provision of PT services. Plaintiffs' reply brief does not materially address the relevance of this information, except to offer a conclusory assertion that "the tens of millions of 'charitable' contributions Vail Health made . . . is also relevant to the 'willful acquisition or maintenance of monopoly power" because Vail Health's "contributions were made at the same time as the joint venture[s with Steadman and VSO were] being contemplated" and approved by Vail Health's board. The Plaintiffs appear to be asserting that Vail Health used charitable contributions to entities like Steadman and VSO to "sweeten the pot" on proposed joint ventures or mergers with these entities, in the hopes that the contributions would further encourage the entities to agree to Vail Health's request.

The Plaintiffs' concept of relevance is too speculative and conclusory to warrant the burden on Vail Health to respond to a request for production, particularly one this broad. The Plaintiffs theory of this case is that Vail Health acquired monopoly power by obtaining control over a large number of physical therapy providers in the Vail Valley, either by taking them into Vail Health's employ or, if unable to do so, by preventing them from working outside of Vail Health. The fact, if it were so, that Vail Health may have attempted to enter into joint ventures or other partnerships with entities like Steadman and VSO that also provided physical therapy services is certainly relevant to such a theory. However, the suggestion that Vail Health offered hidden inducements to those entities to consummate those joint ventures adds little probative value to the fact that the joint venture was proposed in the first instance. Plaintiffs' theory has not grappled with the fact that the proposed joint venture with Steadman encompassed a wide range of medical services, not just physical therapy. Thus, even if the Plaintiffs could establish that Vail Health's charitable contributions to Steadman were intended to induce Steadman to enter into a joint venture, the link that connects those charitable contributions to influence over Steadman's <u>physical therapy</u> services is still speculative. Because the relevance of this inquiry is minimal, without any particular factual support, and the burden on Vail Health to respond is significant, the Special Master determines that the requested information is not relevant and will not require Vail Health the obligation of responding to it.

**Interrogatory #11:** *"Identify each and every individual, including each Vail Health director, officer, manager, employee, attorney and his or her law firm, accountant and his or her accounting firm, and consultant and his or her firm, who participated in discussions, meetings, or negotiations related to any joint venture, collaboration, or strategic partnership. For each and every such discussion, meeting, and communication:*

*(a) Identify the subject matter of the joint venture, collaboration, or strategic partnership discussed, including the proposed location and services to be provided;*
*(b) The date and location of where each discussion, meeting, or communication was held;*
*(c) Whether any understanding or agreement was reached, whether that be preliminary or final; and if so, the terms of such understanding or agreement.*

    *(d) And if no understanding or agreement was reached, the reasons why no such understanding or agreement was reached; and*
    *(e) Identify by bates number all documents referred to or relied upon in answering this interrogatory.*

    Vail Health's response to this inquiry is as multi-faceted, and somewhat as widespread, as some of Plaintiffs' discovery requests themselves. It contends that some of the requested information is privileged and that VH cannot locate certain specific items despite searching for them. It argues that the request is overbroad to the extent it does not relate specifically to PT services and contends that some requested information has already been produced in the state case.

    For reasons previously discussed, the Special Master rejects Vail Health's arguments that the geographical scope of this inquiry should be limited to those joint ventures in the Vail Valley and that Vail Health's duty to respond fully to this interrogatory is somehow limited by Vail Health's production of comparable information in the state case.

    Structurally, this interrogatory is similar to Interrogatory #12 (addressed with regard to Motion to Compel #3) and suffers from the same defects. Consistent with that analysis, the Special Master determines that, to render this interrogatory comprehensible and prevent it from being compound and overbroad, it needs to be rewritten. The interrogatory is allowed to be presented as follows: "*Identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration..*" The Special Master directs that Vail Health answer the interrogatory as revised.

    **Interrogatory #14:** *Identify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head for each year from November 1, 2004 to the present, and in doing so, identify whether those referrals, revenues, or profits were realized by RPC-Vail or Vail Health.*

    Vail Health argues that it does not collect most referral information and has produced that responsive information that it does have. Plaintiffs reply that Vail Health has admitted that it has a database that contains some or all of the requested information.

    Because this is an Interrogatory, not a Request for Production, the question is not whether Vail Health has the information in the form of an existing document, but whether it can reasonably generate the requested information from any sources available to it. The Special Master directs that Vail Health shall respond to this interrogatory to the extent that the information is available to it. To the extent it contends that it lacks the information necessary to respond, it shall identify the Search Process Information discussed previously with regard to the search it conducted in order to respond to this request.

**Plaintiffs' request for attorney fees:** In each of the Motions to Compel, the Plaintiffs have requested an award of attorney fees incurred in bringing the motion, pursuant to Fed. R. Civ. P. 37(e). The Special Master finds that the circumstances do not warrant an award of attorney fees at this time. Rule 37(a)(5)(A)(iii). In many respects, Vail Health's statement that it has produced all the responsive information in its possession is sufficient, and the directive that Vail Health produce SPI is not the same as a finding that Vail Health has improperly withheld responsive information. Accordingly, no fee award is justified at this time. Moreover, the Special Master finds that apportioning expenses between successful and unsuccessful requests by the Plaintiffs is impractical here and therefore exercises discretion to decline to apportion fees under Rule 37(a)(5)(C).

**Objections to this Report and Recommendation**: Adopting the requirements of Fed. R. Civ. P. 72(a), the Special Master directs that any party may file Objections to the Magistrate Judge within 14 days of the date of this Report.

Dated this 15th day of September 2022.

*W. Terry Ruckriegle*

*W. Terry Ruckriegle*

*Special Master*

*Box 3305*

*Breckenridge, CO 80424*

*970-390-9865 phone*