**DAVIS GRAHAM & STUBBS**

Daniel Richards
303.892.7452
daniel.richards@dgslaw.com

October 3, 2022

**Via Email**

Hon. W. Terry Ruckriegle
Special Master
Box 3305
Breckenridge CO 80424
terry@ruckriegle.com

Re:   Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic, Inc., d/b/a Vail Health, Civil Action No. 1:19-cv-02075-WJM-GPG

Dear Special Master Ruckriegle:

Defendant Vail Clinic, Inc. ("Vail Health") respectfully submits this letter in response to the Special Master's September 19, 2022 Status Report and Request for Extension of Time to Issue a Recommendation to Court (Doc. 384) ("September 19 Report"). Vail Health provides the following information in an effort to ensure the Special Master has all documents and information necessary to adjudicate Plaintiffs' Motion to Compel No. 5, and Vail Health stands ready to provide any further documents or information, in the format preferred by the Special Master.

**(1)** In the September 19 Report, the Special Master issued the following order:

> During the preliminary review of the materials submitted by Defendant, the Special Master observed that numerous items identified in Vail Health's Privilege Log were NOT included with those 5 volumes of extensive materials submitted to the Special Master. Therefore, the Special Master directs Defendant to advise whether those materials are still claimed to be privileged. If not, all such documents and attachments shall be produced to Plaintiffs within 14 days, in an unredacted form, if applicable. If, on the other hand, Vail Health still claims those Item No.s to be privileged, they shall be provided to the Special Master for in camera review within 14 days. The following is a list of such Item No.s : 6-27; 39- 41;43-45; 76-88; 90; 92-94;100; 102-103; 107; 110; 112; 114-115; 118-121;124-126; 128;137-140; 145; 151-153; 159-161; 167; 169-170; 177; 179; 181-200; 203; 207; 209-211; 226; 236; 238-240; 255-256; 259-264; 270;280-282; 284;286; 288-290; 294-296; 299;302; 304; 306-307; 318-319; 366-369; 398; 405-413; 415; 468; 471; 475-477; 534; 543; 546-550; 555; 557-558; 561; 567-569; 574-580.

Hon. W. Terry Ruckriegle
October 3, 2022
Page 2

(Doc. 384 ¶ 14.) Vail Health hereby informs the Special Master that Vail Health maintains its claims of privilege with respect to the listed items on the bases listed on Vail Health's privilege log. Vail Health has not provided those materials to the Special Master for in camera review because (a) Plaintiffs did not challenge those entries on Vail Health's privilege log in Motion to Compel No. 5 and (b) the Special Master only ordered Vail Health to submit for in camera review "documents specifically requested and identified in Plaintiffs' Motion to Compel #5." (Doc. 274 at 4.) Vail Health requests that the Special Master confirm that he does not wish to receive documents for which the privilege designations have not been challenged by Plaintiffs.

**(2)** In the September 19 Report, the Special Master issued the following order:

> Some of [the materials on Vail Health's privilege log] were withheld or redacted on the basis of "not relevant". Because it was the Special Master's purpose to conduct an in camera review for confidential or attorney-client privileged matters, not a relevancy review, all such redacted materials withheld on a "not relevant" basis are overruled and denied. Those are directed to be produced within 14 days. Otherwise, they can be determined for admissibility purposes at pretrial or trial. *To the extent any of those materials objected to on relevancy grounds were ruled on in the Report and Recommendations re Motions to Compel #2, 3, 4, said rulings shall apply.*

(Doc. 384 ¶ 13 (emphasis added).) The Special Master appears to be referring to Item Nos. 6-19 on Vail Health's privilege log. As reflected on Vail Health's privilege log, all of those privilege log entries reflect redaction of "[n]on-relevant sections of Board Meeting Minutes." (*See* "Description" column on Vail Health's privilege log.) The Special Master's September 15, 2022 order regarding Motion to Compel No. 3 held that Vail Health was permitted to redact irrelevant information from Board materials. (Doc. 382 at 2-3 (citing *Foundation for Global Sports Development v. US Olympic Committee*, 2021 WL 6618556 (C.D.Ca. June 25, 2021)). Based on the italicized sentence in the September 19 Report quoted above, Vail Health understands that the Special Master's order regarding Motion to Compel No. 3 controls this issue and that Vail Health is not required to produce its Board materials in unredacted form. If Vail Health has misunderstood the Special Master's order, please let us know.

**(3)** In the September 19 Report, the Special Master indicated some difficulty with the materials submitted by Vail Health for in camera review. (Doc. 384 ¶ 13.) Vail Health remains willing to provide materials for in camera review in any format that would be most helpful to the Special Master. Vail Health would also be willing to participate in a conference call with the Special Master to answer any questions the Special Master has about the materials provided. Please do not hesitate to let us know if we can be of any further assistance in this regard.

∗∗∗

Vail Health thanks the Special Master for his efforts to resolve the discovery disputes between the parties and is happy to provide further documents or information that may be helpful to the Special Master. To keep the Court apprised of Vail Health's actions in response to the Special Master's orders, Vail Health plans to file a copy of this letter.

Hon. W. Terry Ruckriegle
October 3, 2022
Page 3


Respectfully Submitted,

Daniel Richards
Associate
for
DAVIS GRAHAM & STUBBS LLP

Cc:  Counsel of Record