## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

     Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

     Defendant.

---

## VAIL HEALTH'S RESPONSE TO PLAINTIFFS' PARTIAL APPEAL OF SPECIAL MASTER'S RECOMMENDATION REGARDING PLAINTIFFS' RULE 37 MOTION TO COMPEL #4 RELATING TO JOINT VENTURES AND OTHER COMBINATIONS

---

Defendant Vail Health respectfully submits this response to Plaintiffs' Partial Appeal of Special Master's Recommendation Regarding Plaintiffs' Rule 37 Motion to Compel #4 Relating to Joint Ventures and Other Combinations (Doc. 387-1) ("Appeal").

### PRELIMINARY STATEMENT

Plaintiffs' Appeal asks this Court to overrule the Special Master's finding that documents concerning Vail Health's donations to two 501(c)(3) nonprofit orthopedic surgery research foundations are irrelevant and not discoverable. Plaintiffs' Appeal represents a continuation of their efforts to seek discovery from Vail Health—a healthcare system providing a broad range of services, including orthopedic surgery, cancer treatment, behavioral health, and emergency care, among many others—unrelated to Plaintiffs' claims concerning the purported Vail Valley physical therapy market. Plaintiffs' contention that the donations are somehow related to a proposed physical therapy joint venture, which itself was never consummated, is unsupported.

The Special Master correctly concluded that documents regarding Vail Health's donations are irrelevant because they are unrelated to Vail Health's physical therapy practice, which is the sole focus of this antitrust case. The Court should also reject Plaintiffs' argument

that production of *any* documents regarding a particular topic waives the party's relevancy objection regarding *all* documents concerning that topic. Plaintiffs also failed to request production of documents concerning donations to one of the two orthopedic surgery foundations at issue. The Court should deny Plaintiffs' Appeal.

## BACKGROUND

<u>Plaintiffs' Allegations</u>

Plaintiff Lindsay Winninger is a physical therapist who co-owns Plaintiff Sports Rehab Consulting LLC ("SRC"), a physical therapy practice. (Doc. 26 ¶¶ 10-11, 16.) SRC opened a physical therapy location in Vail, Colorado, in December 2015. (*Id.* ¶ 24.) Plaintiffs claim that Vail Health drove SRC out of the alleged Vail Valley physical therapy market by falsely accusing Ms. Winninger of stealing patient files from Vail Health. (*E.g.*, *id.* ¶¶ 119, 158, 166, 207.) Plaintiffs initially brought their claims in Eagle County District Court in 2017. (Doc. 228 at 2-3.) In November 2021, the Eagle County District Court granted summary judgment for Vail Health on all of Plaintiffs' claims, concluding that Vail Health's alleged statements were substantially true because Ms. Winninger downloaded from Vail Health's servers nearly 10,000 documents containing the protected health information of more than 700 patients. (Doc. 228-3.)

<u>Steadman, VSO, SPRI, and VSOF</u>

The Steadman Clinic ("Steadman") is an orthopedic surgery practice with offices in Aspen, Basalt, Edwards, Frisco, and Vail, Colorado. (*See* The Steadman Clinic, *available at* https://www.thesteadmanclinic.com/.) Vail-Summit Orthopaedics & Neurosurgery ("VSO") is also an orthopedic surgery practice, with offices in Vail, Frisco, Edwards, Crested Butte, Gunnison, Telluride, and Granby, Colorado. (*See* Vail-Summit Orthopaedics & Neurosurgery, About, *available at* https://www.vsortho.com/about-vail-summit-orthopaedics.) Both Steadman

and VSO perform surgeries in Vail Health's surgical facilities. As such, Vail Health has working relationships with Steadman and VSO for reasons unrelated to physical therapy.

Neither Steadman nor VSO provides, or has provided, physical therapy services in the alleged Vail Valley market—*i.e.*, they are not competitors of Vail Health's physical therapy practice. While Vail Health explored the possibility of entering a joint venture with Steadman and/or VSO concerning the provision of physical therapy services in the alleged Vail Valley market, no joint venture ever came to fruition. (Doc. 26 at 74.)

The Steadman Philippon Research Institute ("SPRI") is a 501(c)(3) nonprofit organization. (*See* SPRI, About Us, *available at* https://www.sprivail.org/about-us.) Among other missions, SPRI develops and validates novel techniques for orthopedic surgery; develops and evaluates noninvasive joint imaging techniques; conducts evidence- or outcomes-based research using clinical data; undertakes biological studies at the molecular and cellular level to investigate the causes and effects of aging, diseases, and injury; administers and coordinates physicians-in-residence fellowships and visiting scholars programs; and hosts conferences. (*See* SPRI, Institute Mission, *available at* https://www.sprivail.org/.) There is no evidence that SPRI uses its funds for any purpose other than its nonprofit mission.

The Vail-Summit Orthopaedics & Neurosurgery Research & Education Foundation (formerly the Vail-Summit Orthopaedic Foundation) ("VSOF") is a 501(c)(3) nonprofit organization. (*See* VSON Research & Education Foundation, *available at* https://www.vsonfoundation.org/.) Among other missions, VSOF conducts clinical research studies with the goal of understanding how to improve orthopedic surgery patient outcomes; offers live and virtual educational opportunities for orthopedic surgeons; and engages in

community education and outreach activities. (*Id.*) There is no evidence that VSOF uses its funds for any purpose other than its nonprofit mission.

<u>Background Regarding Discovery Dispute</u>

In Plaintiffs' second set of requests for production of documents, they included Request for Production No. 24 ("RFP No. 24"), which sought production of the following:

> All documents related to any charitable contributions or pledges by Vail
> Health to SPRI, Steadman, or VSO from November 1, 2012 to the present,
> including, but not limited to, the amount of any contributions or pledges,
> the date the contribution or pledge was made, and whether the contribution
> or pledge was given for a specific purpose.

(Doc. 82-3 at 9.) Plaintiffs' discovery requests did not define VSO to include VSOF. (*Id.* at 7 ("'Vail Summit Orthopaedics and Neurosurgery' or 'VSO' means the orthopedic clinic and all its doctors and employees at any location in Vail, Edwards, and Frisco, Colorado during the relevant period.").)  In its response, Vail Health objected to RFP No. 24 because, *inter alia*, it sought irrelevant discovery that was disproportionate to the needs of the case. (Doc. 262-1 at 48-49.) The parties subsequently conferred regarding Vail Health's objections to RFP No. 24 (among many other issues) but were unable to reach a resolution.

In September 2021, Plaintiffs filed their Motion to Compel #4 Relating to Joint Ventures and Other Combinations ("MTC 4"). (Doc. 157.) In the section of MTC 4 concerning RFP No. 24, which consisted of just two paragraphs, Plaintiffs cited no legal authority supporting the discoverability of documents concerning Vail Health's charitable donations. (*Id.* at 11-12.)

In its September 28, 2021 response, Vail Health demonstrated that documents concerning Vail Health's charitable donations were irrelevant and that "Plaintiffs provide[d] no support" for the relevance of such documents. (Doc. 176 at 10.) Vail Health's December 6, 2021 Proposed Findings of Fact and Conclusions of Law further demonstrated that "Plaintiffs are not entitled to broad information relating to any and all charitable donations made by the Vail Health Hospital

that are unrelated to physical therapy services" and that production of such information would not be "reasonably proportional to the needs of the case." (Doc. 261 at 24-25.)

In July 2022, the Special Master directed the parties to confer and submit a joint list of issues that remain in dispute concerning Motions to Compel Nos. 2, 3, and 4. In a list of issues still in dispute submitted to the Special Master on July 29, 2022, Plaintiffs included the following disputed item: "Request for Production No. 24 seeking documents relating to any charitable contributions or pledges by Vail Health to Steadman's foundation SPRI and VSO's foundation VSOF." (Doc. 381 at 13.)

On September 15, 2022, the Special Master issued his Report and Recommendation Regarding Motion to Compel #4 ("MTC 4 Order"). (Doc. 383). With respect to RFP No. 24, the MTC 4 Order held as follows:

> The Plaintiffs appear to be asserting that Vail Health used charitable contributions to entities like Steadman and VSO to "sweeten the pot" on proposed joint ventures or mergers with these entities, in the hopes that the contributions would further encourage the entities to agree to Vail Health's request. The Plaintiffs' concept of relevance is too speculative and conclusory to warrant the burden on Vail Health to respond to a request for production, particularly one this broad. . . . [T]he suggestion that Vail Health offered hidden inducements to those entities to consummate those joint ventures adds little probative value to the fact that the joint venture was proposed in the first instance. . . . Because the relevance of this inquiry is minimal, without any particular factual support, and the burden on Vail Health to respond is significant, the Special Master determines that the requested information is not relevant and will not require Vail Health the obligation of responding to it.

(Doc. 383 at 3-4 ("Recommendation").)

## ARGUMENT

### I.   Plaintiffs' Theory of Relevance Regarding Vail Health's Charitable Donations Is Speculative.

The Special Master properly rejected Plaintiffs' argument regarding the relevance of Vail Health's charitable donations as speculative. (Doc. 383 at 4.)

"When a plaintiff first pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant, and then bases massive discovery requests upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing, that plaintiff abuses the judicial process." *Koch v. Koch Indus.*, 203 F.3d 1202, 1238 (10th Cir. 2000). Accordingly, courts commonly reject broad discovery requests based on speculative theories of relevance. *See, e.g.*, *Pipeline Prods. v. Madison Cos., LLC*, No. 15-4890-KHV, 2019 U.S. Dist. LEXIS 41046, at *17-18 (D. Kan. Mar. 14, 2019) (defendants were not required to produce personnel files because plaintiff's only theory of relevance of the documents was their "speculation," unsupported by fact, that deponents in the case had been forced to sign confidentiality agreements); *Church v. Dana Kepner Co.*, No. 11-cv-02632-CMA-MEH, 2013 U.S. Dist. LEXIS 341, at *20 (D. Colo. Jan. 2, 2013) (finding defendant was not entitled to discover settlement agreement because "Defendant's assertion that these agreements *may* reflect a release of claims or Plaintiffs' knowledge of Defendant's potential liability is pure speculation"); *In re Estate of Ratley v. Awad*, No. CIV-19-265-PRW, 2022 U.S. Dist. LEXIS 143480, at *10-11 (W.D. Okla. Aug. 11, 2022) (awarding protective order to prevent deposition of witness where plaintiffs provided no evidence to support their theories of relevance, which the court found were "mere speculation").

In their Appeal, Plaintiffs suggest that Vail Health donated to nonprofit research organizations affiliated with Steadman and VSO to induce Steadman and VSO to increase referrals to Howard Head and refrain from opening up their own physical therapy practices. (Doc. 387-1 at 12-14.) They claim—without citation—that Vail Health's charitable donations were to be "funneled through SPRI." (*Id.*) Essentially, they claim that the money donated to SPRI and VSOF was not used for the nonprofits' missions but instead was used to enrich the doctors associated

with Steadman and VSO. (*Id.*) Plaintiffs' suggestion is pure speculation without any basis in fact. Plaintiffs have been engaged in discovery with Vail Health for more than five years. They have access to more than 70,000 pages of discovery. (Doc. 228 at 3-4.) The parties have conducted more than 40 depositions and served more than 40 third party subpoenas, including of Steadman and VSO. (*Id.* at 4.) Despite that massive discovery record, Plaintiffs have not adduced any evidence suggesting that Vail Health's charitable donations were "sham" donations or in any way connected to its physical therapy practice. Rather, Plaintiffs' approach with respect to Vail Health's charitable donations seems to be consistent with their statements to the Special Master that they intend to use discovery in this matter to "follow the money" and investigate the finances of the entire hospital, even if wholly unrelated to Plaintiffs' claims. (Doc. 228-14 at 38:22-41:24, 44:2-19, 45:6-15, 46:4-24.)

The evidence Plaintiffs cite does not connect Vail Health's donations to SPRI and VSOF with Vail Health's Howard Head physical therapy practice. The draft Amended and Restated Research Affiliation Agreement attached to Plaintiffs' Appeal does not mention physical therapy or Howard Head. (Doc. 387-2.) Plaintiffs cite two presentations regarding the relationship between Vail Health and Steadman, but those presentations barely mention Howard Head and do not connect it in any way to Vail Health's donations to SPRI and VSOF. (*See* Doc. 387-1 (citing Doc. 158-8).) Plaintiffs suggest that the same presentations identify Howard Head as "one of SPRI's collaborators" concerning Vail Health's donations to SPRI and VSOF. (Doc. 387-1.) In fact, Howard Head is identified as one of several "Scientific Collaborators" of SPRI, along with the University of Texas Health Center, Mayo Clinic, University of Wisconsin, and Northwestern University. (Doc. 158-8 at VH_Fed_00004079.) While Plaintiffs cite several documents suggesting a relationship between Howard Head and Steadman (Doc. 387-1 n.29)—not surprising

given Steadman is an orthopedic surgery practice and Howard Head provides post-surgical physical therapy—none connect Howard Head to donations to SPRI and VSOF.

Nor is Plaintiffs' conspiracy theory logical. For example, Plaintiffs claim that Vail Health provided "total benefit" to Steadman of $173 million to dissuade Steadman from opening a physical therapy practice that would compete with Howard Head. (Doc. 387-1 at 7.) But Howard Head generated an annual contribution margin (before allocation of indirect costs) of approximately $700,000 to $5.4 million between FY2015 and FY2020. (Doc. 229-4.) It would make little sense for Vail Health to pay or provide value of $173 million over 10 years to protect a business with a contribution margin of less than $50 million over that same period.[1]

If there is no connection between Vail Health's charitable donations and its *physical therapy practice*, they are clearly not relevant to this dispute. Because Plaintiffs' theory of relevance is speculative, the Court should adopt the Special Master's Recommendation concerning RFP No. 4.

## II.     Vail Health Did Not Waive Its Relevance Objection.

Plaintiffs next claim that Vail Health waived its relevance objections because it produced some documents concerning Vail Health's charitable donations to SPRI and VSOF. (Doc. 387-1.) The rule Plaintiffs propose—that the production of any document discussing a topic means that *all documents* discussing that topic are discoverable—is impractical and poor policy. Single

---

[1] In any event, Plaintiffs lack antitrust standing to pursue a claim that Vail Health somehow prevented Steadman from entering the alleged Vail Valley physical therapy market. *See Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438, 1450 (11th Cir. 1991) (holding that the plaintiff's injury must "coincide[] with the public detriment tending to result from the alleged violation" (internal quotation marks omitted)). Plaintiffs "anticipated that Steadman would constitute a significant portion of Winninger and [SRC's] physical therapy referrals." (Doc. 26 ¶ 25.) Thus, Plaintiffs would *benefit from*—not be damaged by—any purported exclusion of Steadman from the alleged Vail Valley physical therapy market.

documents often discuss multiple topics, some relevant, others irrelevant. Additionally, if an email has multiple attachments, some relevant and others irrelevant, it is common practice to produce the entire email with all attachments. Exhibit 2 to Plaintiffs' Appeal is such an example. (Doc. 387-2.) Vail Health produced the email because it discussed and attached a Letter of Intent concerning a contemplated, but unconsummated, physical therapy joint venture between Steadman and Vail Health. (*Id.*) However, the same email also attached a draft Amended and Restated Research Affiliation Agreement between Vail Health and SPRI, which was unrelated to physical therapy. (*Id.*) Because Vail Health produced the entire email, including its attachments, Vail Health necessarily produced the draft Amended and Restated Research Affiliation Agreement.

Taking Plaintiffs' argument to its logical conclusion, a party would need to produce incomplete emails and redact irrelevant information from each communication to prevent the scope of discovery from spiraling out of control. Fortunately, that is not the law. *See mSIGNIA, Inc. v. InAuth, Inc.*, No. 8:17-cv-01289-AG-KESx, 2018 U.S. Dist. LEXIS 224190, at *8 (C.D. Cal. Oct. 18, 2018) ("Producing some irrelevant documents does not waive objections based on relevancy."). The three cases Plaintiffs cite (Doc. 387-1 at 14 n.71) have never been cited by a published case. The Court should reject Plaintiffs' argument that producing a document concerning an irrelevant topic waives all relevancy objections concerning that topic.

### III.   The Special Master Appropriately Considered Burden in Sustaining Vail Health's Objections.

Plaintiffs claim that the Special Master erred in considering the burden on Vail Health of producing documents responsive to RFP No. 4. (Doc. 387-1 at 15.) Plaintiffs are wrong. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*." Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, the Special Master was not only permitted to balance the burdens of searching for additional responsive documents at this late stage of the case against the likely benefits, he was *required to*.

## IV.   Plaintiffs Did Not Request Documents Regarding Donations to VSOF.

The MTC 4 Order should be affirmed insofar as it concluded that documents regarding Vail Health's charitable donations to VSOF were not discoverable for the independent reason that Plaintiffs never requested production of such documents.

Plaintiffs appeal the MTC 4 Order only insofar as it concerns RFP No. 24. (Doc. 387-1 at 1, 3, 15.) RFP No. 24 sought production of "[a]ll documents related to any charitable contributions or pledges by Vail Health to *SPRI, Steadman, or VSO* from November 1, 2012 to the present . . . ." (Doc. 82-3 at 9 (emphasis added).) Plaintiffs defined VSO to mean "the orthopedic clinic and all its doctors and employees at any location in Vail, Edwards, and Frisco, Colorado during the relevant period." (*Id.* at 7.) The fact that Plaintiffs never requested documents concerning donations to VSOF provides another reason to adopt the Special Master's Recommendation regarding RFP No. 24.

## CONCLUSION

Vail Health respectfully requests that the Court adopt the Special Master's Recommendation as it relates to RFP No. 24.

Respectfully submitted this 25th day of October, 2022.

          *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*