IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PLACE MOTION AND EXHIBIT UNDER FILING RESTRICTIONS

    Pursuant to D.C.COLO.LCivR 7.2(c), Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this reply brief in support of its October 13, 2022 Motion to Place Motion and Exhibit Under Filing Restrictions ("Motion to Restrict") (Doc. 393), which seeks to maintain Level 1 filing restrictions on two documents—one motion and one exhibit. In response, Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger ("Plaintiffs") filed a 15-page Response on October 17, 2022 (Doc. 395) ("Resp.").

    Plaintiffs assert that Plaintiffs' Partial Appeal of Special Master's Report Regarding Plaintiffs' Rule 37 Motion to Compel #4 Relating to Joint Ventures and Other Combinations ("Plaintiffs' Partial Appeal") (Doc. 387-1) and the Draft Amended and Restated Research Affiliation Agreement attached as Exhibit 2 thereto ("Draft Research Affiliation Agreement") (Doc. 387-2) "[do] not disclose confidential information," and, if they do, simply reflect a "summarization" of such information. (Doc. 395 at 2). Plaintiffs are incorrect. Plaintiffs' Partial Appeal extensively quotes and lifts data from restricted, confidential documents including Vail Health's internal business emails, PowerPoints presented during board meetings that contain propriety business strategies, and email negotiations with its business partners. This information is not available to the public elsewhere, and, to the extent that it overlaps with limited publicly

1

available information, that fact does not support disclosure. This Court has repeatedly rejected Plaintiffs' argument that Vail Health, as a nonprofit healthcare system, cannot have confidential commercial information that should be protected from public disclosure. Vail Health's interest in the nondisclosure of the Partial Appeal and Draft Research Affiliation Agreement outweighs the public's interest in access to such court records.

## ARGUMENT

I. **Level 1 Filing Restrictions Should Be Maintained on the Draft Amended and Restated Research Affiliation Agreement (Doc. 387-2).**

Vail Health's Motion to Restrict demonstrated that Level 1 filing restrictions should be maintained on the Draft Research Affiliation Agreement and cover email (Doc. 387-2) because, for example, it contains "sensitive and confidential draft contract terms (including financial terms) and line edits to the agreement reflecting confidential contract negotiations." (Doc. 393 at 2.) Vail Health explained that public disclosure of the Draft Research Affiliation Agreement "could cause competitive harm to Vail Health and breach confidentiality obligations to third parties." (*Id.*) Plaintiffs have failed to rebut those showings.

Plaintiffs do not claim that the Draft Research Affiliation Agreement or its cover email have ever been made public. (Doc. 395 at 10-11.) While Plaintiffs note that the *existence* of the Research Affiliation Agreement is referenced in public documents, they have not identified a disclosure of the agreement itself, let alone a draft of the agreement. (*Id.* at 7.) Essentially, Plaintiffs argue that because Vail Health is a nonprofit healthcare system, and the public has an interest in the provision of healthcare, Vail Health has no right to protect its confidential and competitively sensitive information from public disclosure. (*Id.* at 12-15.) However, this Court has repeatedly rejected that argument and held that Vail Health, despite being a nonprofit healthcare system, may protect from public view confidential commercial information regarding

2

its business strategy. (*See, e.g.*, Docs. 136, 147, 224, 309, 310, 329.) Plaintiffs make no effort to distinguish the confidential commercial information in the Draft Research Affiliation Agreement from similar information this Court has already held may be protected from public disclosure. (*See id.*) Plaintiffs have failed to rebut the Motion to Restrict's showing that the Draft Research Affiliation Agreement should be maintained under Level 1 filing restrictions. *See Mendoza v. Electrolux Home Prods.*, No. 1:20-cv-01133-DAD-BAM, 2022 U.S. Dist. LEXIS 76988, at *12 (E.D. Cal. Apr. 26, 2022) (nonpublic contracts are protectible); *Aya Healthcare Servs. v. Amn Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 U.S. Dist. LEXIS 68855, at *20-21 (S.D. Cal. Apr. 20, 2020) (strategic business information is protectible).

## II. Level 1 Filing Restrictions Should be Maintained on Plaintiffs' Partial Appeal (Doc. 387-1).

### A. The Information Disclosed in Plaintiffs' Partial Appeal Is Protectible Confidential Commercial Information.

Plaintiffs are incorrect that their Partial Appeal does not contain Vail Health's confidential commercial information.

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where the unsealing of records could harm the competitive interests of third parties, "the rationale for protecting [the] records is even stronger." *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); *see Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (holding that where documents contain "proprietary business information . . . of non-parties" sealing is all the more appropriate). Types of information that courts have found may harm a litigant's competitive standing include:

3

- "Financial data, customer names . . . strategic business information, and employee information," *Aya Healthcare Servs.*, 2020 U.S. Dist. LEXIS 68855, at *20-21;

- Internal lists of business trade secrets, *Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2012 WL 13005966, at *2 (D. Colo. Aug. 27, 2012) (granting motion to restrict plaintiff's list of trade secrets); and

- "[P]ricing information, contracts, sales, marketing and strategic business information, or corporate finances," *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250 (D. Kan. 2010).

Plaintiffs' Partial Appeal contains protectible, confidential business information. Plaintiffs' Partial Appeal quotes Vail Health's internal business emails (Doc. 395 at 5-6 (quoting from 158-9)) and lifts—word-for-word—business strategy information from confidential PowerPoints presented during internal board meetings (*Compare* Doc. 395 at 6, *with* Doc. 158-8 at VH_Fed_00004046-47 (discussing "strategy" and "competition")). Plaintiffs' Partial Appeal also reproduces extensive financial data from the confidential PowerPoints presented to the board. (Doc. 395 at 7). All of the following docket entries, which Plaintiffs' Partial Appeal cites and describes, are restricted as Confidential or Attorneys Eyes Only and contain Vail Health's confidential information: Docs. 128-02, 130-01, 158-08, 158-09, 158-20, 158-24, 193-02, and 193-03.

Contrary to Plaintiffs' argument, the confidential information in Plaintiffs' Partial Appeal is not publicly available elsewhere. A side-by-side comparison of the statistics Plaintiffs pull from Vail Health's public bond offering (Doc. 395 at 7-10) and the financial data Plaintiffs pull from Vail Health's confidential board presentations (Doc. 387-1 at 7-8, 13) shows minimal overlap between the two. The bond offering provides information about the Vail Valley Medical Center Project, including the cost. It also discloses the existence of the Vail Valley Surgery Center, LLC, which is jointly owned by Vail Health, the Steadman Clinic, VSO, and others. (Doc. 395-2 at A-2.) The bond offering also reveals the general facts that SPRI has a 10-year

lease in the hospital and that SPRI entered into a research affiliation agreement with Vail Health. (*Id.* at A-15). This general information does not disclose the details of any draft agreements or those agreements' specific terms. The same is true about the information available on Vail Health's website and in annual financial statements. Although general information is available there about Vail Health's business partnerships, Plaintiffs' briefs divulge much greater detail. The fact that Vail Health has had business relationships with Steadman Clinic, VSO, and SPRI is not confidential, but the details of those business relationships are unknown to their competitors.

In any event, even if some information is "similar to" or "overlaps" with information available to the public elsewhere, that fact weighs in favor of nondisclosure or redaction because, if similar information is already available to the public, there is no harm to the public in protecting related information here. *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, Civil Action No. 18-cv-02525-DDD-KLM, 2019 U.S. Dist. LEXIS 151735, at *9 (D. Colo. Sept. 5, 2019) ("[S]ome of the information redacted . . . is similar to information contained in Plaintiff's Complaint [but] the Court finds this fact to weigh in favor of, rather than against, redaction. . . . To the extent that this information is pertinent and overlaps with the contents of Plaintiff's Complaint . . . it is already publicly available."). Thus, the Court need not engage in a line-by-line comparison of the information Plaintiffs disclose in their Partial Appeal with all information that is available to the public from any source before making a determination regarding restriction.

**B.     The Protective Order Does Not Permit Plaintiffs to Freely Disclose Vail Health's Confidential Information.**

Plaintiffs assert that the Protective Order protects "documents" that are designated confidential but does not protect "information derived from protected documents." (Doc. 395 at 5). In essence, Plaintiffs claim that they can disclose to anyone any information produced in this

5

litigation provided they do not disclose a copy of the document containing that information. Plaintiffs' position is extremely concerning—and wrong. The first sentence of the Protective Order states that it "is designed to preserve the confidentiality of . . . *certain information contained in* produced documents." (Doc. 76 at 1 (emphasis added).) And throughout the Protective Order, it specifies procedures for protecting "information," not just documents. For example, Section 6 specifies who may receive "'confidential' information," "'attorneys' eyes only protected health information,'" and "'attorneys' eyes only' information." (*Id.* § 6 (emphasis added).) And Section 10(b) specifies filing procedures "[i]f a party files another party's or a third party's protected information with the court." (*Id.* § 10(b) (emphasis added).) There is simply no basis for Plaintiffs' contention that the Protective Order prohibits only disclosure of protected documents themselves, and not the information contained in those documents.

## CONCLUSION

For the reasons stated herein, the Court should grant Vail Health's Motion to Restrict.

Respectfully submitted this 31st day of October, 2022.

     *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*