**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' MOTION TO STRIKE VAIL HEALTH'S REPLY
TO MOTION FOR LEAVE TO RESTRICT [ECF NO. 404]**

---

Plaintiffs move to strike Vail Health's Reply to Motion for Leave to Restrict [ECF No. 404] because it fails to comply with D.C.COLO.LCivR 7.2 and the April 1, 2022 Order [ECF No. 313] addressing the filing of motions to restrict in this action.

In addressing this motion, Plaintiffs request that the Court bear in mind the observation and admonitions of another federal district court: "[T]he Local Rules are not designed by the judges to preclude full development of the issues; primarily the Local Rules intend to offer the parties equal access to the court, to reasonably balance the development of argument, and to organize and ensure full development of the issues. An attempt by a lawyer to evade or defy the rules and to secure by 'sharp practice' an advantage is conduct decisively disfavored by the judges. Often, although an amateurish tactic, the unauthorized reply is an attempt to 'sandbag' an adversary by advancing a new argument the adversary has no chance to rebut (absent a sur-reply). Other times the unauthorized reply is a futile attempt by a desperate litigant to argue louder and longer

than the opponent in the hope that some advantage results.  This rogue game is bad for the courts, bad for the clients, and bad for the lawyers."[1]

This is precisely what has happened here.

## CONFERRAL

On November 1, 2022, Plaintiffs sought to confer with Vail Health about the filing of its reply.  The parties exchanged one email, resulting in Plaintiffs requesting that Vail Health withdraw its unauthorized reply and participate in a conferral.  Vail Health did not respond.[2]  Plaintiffs contacted Vail Health by telephone, specifically its two attorneys that have handled this case:  Shannon Stevenson and Daniel Richards.  Plaintiffs left two messages each time, followed by two emails.[3]  At 1:58 p.m. on November 2, Vail Health sent an email stating it would not withdraw its reply and will oppose this motion.

## FACTUAL BACKGROUND

On September 29, 2022, Plaintiffs filed an appeal as to one issue addressed in the Special Master's Report on Plaintiffs' motion to compel #4 in which the appeal and one exhibit were initially filed as restricted.[4]  One day before a motion to restrict was due, Vail Health sought Plaintiffs' position about such a motion, which Plaintiffs stated they would oppose.  On October 13, 2022, Vail Health filed a motion seeking leave to restrict the appeal and exhibit from public access, noting that Plaintiffs opposed the relief sought.[5]

---

[1] *United States v. Willhite*, No. 8:17-cr-520-T-23CPT, 2020 U.S. Dist. LEXIS 134906, at *2 (M.D. Fla. July 27, 2020).
[2] Ex. 1 at 2-3 [email].
[3] *Id.* at 1.
[4] ECF No. 387.
[5] ECF No. 393.

Despite Plaintiffs' objection, Vail Health chose to draft a nine-paragraph motion to restrict, two paragraphs describing in general terms the documents it sought to restrict;[6] three paragraphs devoted to the terms of the Stipulated Protective Order;[7] three conclusory sentences addressing why restriction was requested, why other means could not be used to protect the information, and the level of restriction requested.[8] The concluding sentence merely requested the Court grant Vail Health's motion to restrict.[9] Vail Health failed to address all the factors set out in D.C.COLO.L.CivR 7.2 and cited no legal authority supporting its motion.

Two business days after Vail Health filed its motion, on October 17, 2022, Plaintiffs filed a fifteen-page opposition, addressing the elements of D.C.COLO.L.CivR 7.2, while at the same time citing approximately thirty-five cases and over twenty references to public information to explain why the motion to restrict should be denied.[10] Apparently recognizing the deficiencies in its motion to restrict, Vail Health filed an unauthorized reply the evening of October 31, 2022,[11] making arguments and citing cases that it should have made when it initially filed its motion a little over two weeks before.

First thing the following morning, Plaintiffs sent Vail Health an email asking it to provide the legal authority for the reply.[12] Several hours later, Vail Health replied: "I would direct you to D.C.COLO.LCivR 7.1(d) as authority for reply briefs. This has also been the parties' practice in this case. For example, on October 7, 2021, Vail Health filed a motion

---

[6]   *Id.* ¶¶ 1-2.
[7]   *Id.* ¶¶ 3-5.
[8]   *Id.* ¶¶ 6-8.
[9]   *Id.* ¶ 9.
[10]  ECF No. 395.
[11]  ECF No. 404.
[12]  Ex. 1 at 3 [email].

3

to place exhibits under filing restrictions (Dkt. 181).  Plaintiffs filed a response on October 13 (Dkt. 191), and Vail Health filed a reply on October 27 (Dkt. 203)."[13]

Within a short time thereafter, Plaintiffs responded: (1) asking Vail Health to identify the specific provision in 7.1(d) that Vail Health said authorizes replies; (2) pointing out that Plaintiffs had not filed a reply to any motion to restrict; (3) noting that Vail Health's prior unauthorized reply in 2021 did not mean a reply was authorized now; (4) referring Vail Health's to Magistrate Judge Gallagher's April 1, 2022 Order;[14] (5) requesting Vail Health to withdraw its reply; (6) informing Vail Health that Plaintiffs would take appropriate action, including a motion to strike; (7) and requesting a conferral.[15]

After receiving no response, Plaintiffs contacted Vail Health by telephone, leaving messages for Mr. Richards and Ms. Stevenson and shortly thereafter, at 4:11 p.m., sent another follow-up email.[16]  On November 2, Plaintiffs again contacted Vail Health by telephone and email.[17]  Vail Health has not responded, nor withdrawn its reply.

## ARGUMENT

D.C.COLO.L.CivR 7.2 sets out the procedures for restricting documents from public access.  The policy of is that "the public shall have access to all documents filed with the court and all court proceedings," unless a court order restricts access.[18]  "A motion to restrict public access shall be open to public inspection and shall:  (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to

---

[13]  *Id*. at 2.
[14]  ECF No. 313.
[15]  Ex. 1 at 2 [email].
[16]  *Id*. at 1.  The times on the email are for the central time zone, not mountain.
[17]  *Id*.
[18]  D.C.COLO.L.CivR 7.2(a).

4

be protected and why such interest outweighs the presumption of public access…(stipulated protective orders…alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.[19]

A party must substantiate these requirements in its initial motion because D.C.COLO.L.CivR 7.2(d) does not authorize a reply: "Any person may file an objection to the motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed. The absence of objection shall not alone result in the granting of the motion." The local rule thus authorizes a motion and an objection, nothing more.

On April 1, 2022, this Court issued an Order further defining the process for motions to restrict in this case: "The moving Party SHALL then, **in a single filing** clearly outlining the specific docket numbers for which restriction is still sought, apply the aforementioned guidance. If no restriction is sought as to a particular document, that too Shall be noted. Finally, as to those documents to which the opposing party objects to a motion to restrict, a responsive pleading Shall be filed within fourteen (14) days thereafter."[20] The April 1 Order is consistent with D.C.COLO.L.CivR 7.2(d) in that it allows a single filing—the initial motion—and objection to be filed. The April 1 Order does not authorize a reply. Nor is one necessary, particularly when the rule establishes what must

---

[19]   D.C.COLO.L.CivR 7.2(c).
[20]   ECF No. 313 at 3 (emphasis added).

5

be shown to warrant restricting public access to court records (a long-standing and fundamental right),[21] and it knew Plaintiffs opposed the motion.[22]

A motion to strike is a proper procedure to address the unauthorized filing of a reply. Twice before, this Court *sua sponte* struck filings made by Vail Health that did not comply with the local rules or the Court's practice standards. For example, the Court struck Vail Health's supplement to its motion to dismiss for failing to comply with the conferral requirements.[23] The Court also struck Vail Health's Rule 12(b) motion to dismiss when it failed to comply with the Court's practice standards allowing only one Rule 12 motion to be filed.[24] Other courts routinely strike unauthorized filings that do not comply with the rules of civil procedure or local rules.[25] Vail Health cannot avoid this result simply because it may have filed one reply to a motion to restrict filed in 2021 that the Court and Plaintiffs did not address at the time. In any event, that reply was filed before the Court issued its April 1 Order, making it doubly clear that a single motion and objection are authorized when seeking leave to restrict.

This motion is not merely an insignificant procedural issue. Vail Health's declination to adhere to Local Rule 7.2 or this Court's April 1 Order has prejudiced Plaintiffs. Its motion to restrict failed to provide the evidence and argument required for

---

[21]   *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).
[22]   ECF No. 393 at 1.
[23]   ECF No. 47.
[24]   ECF No. 54.
[25]   See, e.g., *Star Envirotech, Inc. v. Redline Detection LLC*, No. EDCV 12-01861-JGB (KKx), 2016 U.S. Dist. LEXIS 185139, at *3 (C.D. Cal. Mar. 4, 2016) (striking reply not authorized under Rule 72(b) or California local rules); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 59632, at *6 (D. Del. Aug. 22, 2006) (striking unauthorized letter reply not allowed under local rule on reconsideration); *O'Brien v. Bonati*, No. 8:07-cv-1895-T-17MAP, 2017 U.S. Dist. LEXIS 231226, at *6 (M.D. Fla. June 19, 2017) (striking reply not authorized by court or rules).

the restriction of court records.  Plaintiffs filed their opposition in the blind, having little ability to address the substantive factual and legal grounds for the motion because none were given.  Vail Health then grasped the advantage of standing by and awaiting Plaintiffs' response to attack Plaintiffs' arguments in the unauthorized reply.  Plaintiffs are prejudiced by having no ability to address and rebut facts and case law that Vail Health had every opportunity to present in its motion but did not.  Vail Health's procedural tactic explains why courts at every level and in every jurisdiction prohibit this conduct.  It should not be condoned here.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Vail Health's Reply to Motion for Leave to Restrict [ECF No. 404].

Dated:  November 2, 2022                     *s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail:  alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail:  jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail:  sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2022, I served a true and correct copy of Plaintiffs' Motion To Strike Vail Health's Reply To Motion For Leave To Restrict [ECF No. 404]**,** including exhibit, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow