# Exhibit 1

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, November 2, 2022 12:08 PM |
| **To:** | Richards, Daniel |
| **Cc:** | Stevenson, Shannon; Alan Kildow |
| **Subject:** | Re: Activity in Case 1:19-cv-02075-WJM-GPG Sports Rehab Consulting LLC et al v. Vail Clinic Inc. Brief in Support of Motion |
| **Attachments:** | Apr 1 2022 Order on Restriction.pdf |

Counsel,

Today at approximately 10:20 am, Mr. Kildow called both of you to discuss certain issues, including the unauthorized reply on Vai Health's motion to restrict. He was unable to reach either of you although it appears Mr. Richards is in the office, as we received emails from him at about the same time that Mr. Kildow called.

Please let us know by 2 pm today whether you agree to withdraw your reply today. This is a straightforward issue that only requires "yes we will" or "no we won't." In the event you decline to do so, we asked for a conferral but have not heard from you. We also informed you that we will file a motion to strike the unauthorized reply and take other appropriate action, which we will do if the reply is not withdrawn.

This should be an issue that is easily resolved by the parties, particularly when you have provided no legal authority for filing the reply. If there is any doubt that the reply has not been authorized, I have attached Magistrate Judge Gallagher's Order on this issue. The last page of the Order clearly sets out the procedure for motions to strike in this case, which again does not authorize a reply.

Best regards,

Sonya

Best regards,


On Tue, Nov 1, 2022 at 5:11 PM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:
Counsel,

I tried calling both Mr. Richards and Ms. Stevenson to confer about the reply to the motion to restrict that has been the subject of emails exchanged today. I left a message for both of you and asked that you return my call. Additionally, I have sent multiple emails requesting conferrals about discovery issues, and I also raised that issue in the voice message I left for Ms. Stevenson.

Your refusal to confer will be duly noted to the Court, and we will seek appropriate sanctions for your continued violation of multiple court orders.

Best regards,

Sonya

On Tue, Nov 1, 2022 at 2:10 PM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:

Counsel,

Please identify the provision in 7.2(d) that you are referring to because I don't see it.  That provision states:  "Public Notice of Motion to Restrict; Objection. Notice of the filing of such motion shall be posted on the court's website on the court business day following the filing of the motion. Any person may file an objection to the motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed. The absence of objection alone shall not result in the granting of the motion."

Further, Magistrate Judge Gallagher issued an Order this Spring addressing motions to restrict.  His Order does not permit replies.  Plaintiffs have not, as your email states, filed a reply on a motion to restrict.  Simply because Vail Health may have ignored the rules in the past in 2021 and filed a reply does not mean that it is authorized to do so.

Vail Health had the burden to set out the reasons in its motion, which the local rule and case law makes clear.  That Vail Health chose not to do so, does not mean that you can file a reply simply because you deem one necessary.  In light of your failure to identify the legal authority supporting your position, we ask that you withdraw your reply today.  If you do not, we will move the Court appropriately, which would include a motion to strike.

If you refuse to withdraw the reply, we seek an immediate conferral.  Please let me know when I can call you.

Best regards,

Sonya

On Tue, Nov 1, 2022 at 1:33 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

Counsel:


I would direct you to D.C.COLO.LCivR 7.1(d) as authority for reply briefs.  This has also been the parties' practice in this case.  For example, on October 7, 2021, Vail Health filed a motion to place exhibits under filing restrictions (Dkt. 181).  Plaintiffs filed a response on October 13 (Dkt. 191), and Vail Health filed a reply on October 27 (Dkt. 203).


**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452 ▪** vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, November 1, 2022 9:01 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>
**Subject:** Fwd: Activity in Case 1:19-cv-02075-WJM-GPG Sports Rehab Consulting LLC et al v. Vail Clinic Inc. Brief in Support of Motion

Counsel,

Could you please provide the legal authority or order in this case that allows a reply brief to be filed on a motion to restrict?  We would appreciate a response today.

Best regards,

Sonya

---------- Forwarded message ---------
From: <COD_ENotice@cod.uscourts.gov>
Date: Mon, Oct 31, 2022 at 9:40 PM
Subject: Activity in Case 1:19-cv-02075-WJM-GPG Sports Rehab Consulting LLC et al v. Vail Clinic Inc. Brief in Support of Motion
To: <COD_ENotice@cod.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court - District of Colorado**

**District of Colorado**

# Notice of Electronic Filing

The following transaction was entered by Richards, Daniel on 10/31/2022 at 8:39 PM MDT and filed on 10/31/2022

| | |
|---|---|
| **Case Name:** | Sports Rehab Consulting LLC et al v. Vail Clinic Inc. |
| **Case Number:** | 1:19-cv-02075-WJM-GPG |
| **Filer:** | Vail Clinic, Inc. |
| **Document Number:** | 404 |

**Docket Text:**
**BRIEF in Support of [393] MOTION for Leave to Restrict *Motion and Exhibit* filed by Defendant Vail Clinic, Inc.. (Richards, Daniel)**


**1:19-cv-02075-WJM-GPG Notice has been electronically mailed to:**

Alan L. Kildow &nbsp &nbsp alkildow@aol.com, sonya.braunschweig@gmail.com

Daniel Alexander Richards &nbsp &nbsp daniel.richards@dgslaw.com, paige.finnell@dgslaw.com

Jacqueline Ventre Roeder &nbsp &nbsp jackie.roeder@dgslaw.com, debbie.werth@dgslaw.com, paige.finnell@dgslaw.com

Janet Ann Savage &nbsp &nbsp janet.savage@dgslaw.com, paige.finnell@dgslaw.com, penelope.scudder@dgslaw.com

Jesse L. Wiens &nbsp &nbsp jessewiens@yahoo.com, fwlawyers@gmail.com, jzmoorefwllc@gmail.com

Shannon Wells Stevenson &nbsp &nbsp shannon.stevenson@dgslaw.com, brigid.bungum@dgslaw.com

Sonya R. Braunschweig &nbsp &nbsp sonya.braunschweig@gmail.com

William Terry Ruckriegle &nbsp &nbsp terry@ruckriegle.com

**1:19-cv-02075-WJM-GPG Notice has been mailed by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=10/31/2022] [FileNumber=8872374-0] [7c07003566fb2987c3ba8f762dbe62a05acb04b70344d5adc64d24cdc680559cce 115b30e3015b4674f9be82c27936b1bb05aaf512c1042f404a3b13b91db27f]]

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, and
LINDSAY WINNINGER,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH,

      Defendant.

---

# ORDER STRIKING
# DEFENDANT'S MOTIONS TO RESTRICT

---

This matter comes before the Court on Defendant Vail Clinic, Inc., d/b/a Vail Health's

(Vail Health) Motions to Restrict (D. 251, 272, 289, 298).[1]  The motions have been referred to this

Magistrate Judge for review.[2]  The Court has reviewed the pending motions, supplements, and all

attachments.  The Court has also considered the entire case file, the applicable law, and is

---

[1] "(D. 251)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case.  *See, e.g.,Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020).  Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this nondispositive Order within fourteen (14) days.  FED. R. CIV. P. 72(a).

sufficiently advised in the premises. Oral argument is not necessary. For the reasons that follow, the Court STRIKES, the motions to restrict.

Defendant Vail Health moves to restrict a number of attachments to recent motions that have been docketed in this case. Many of these same documents have been utilized in this matter previously and have already been restricted at Level 1 Restriction. Some are new and restriction had not been previously considered by the Court. Also, as to many of the documents, Vail Health's motion states that conferral occurred, that Plaintiffs object, but attaches an email chain in lieu of a response being lodged by Plaintiffs. All of this is wasting an inordinate amount of time and is, in the first instance, the responsibility of the Parties to resolve. Therefore, the following SHALL apply to further motions to restrict in this action (this procedure only applies to motions to restrict):

1.     Items which the Court has previously restricted SHALL presumptively be entitled to the same level of restriction if utilization of the document requires it to be refiled in the CM/ECF system. The document, upon refiling SHALL be refiled at the same level of restriction and SHALL be accompanied by a face sheet indicating that the same document was previously filed at that level of restriction and conspicuously noting the prior docket number, e.g., D. 98 Level 1 Restriction, and the Order granting such restriction, D. 136. It is unnecessary to subsequently file a new motion each time the document is refiled and the Court will *sua sponte* readdress any particular document if needful.

2.     Noting that an opposing Party objects but does not intend to respond does NOT preserve the objection and will not be considered an objection nor a responsive pleading by the Court. The Parties SHALL engage in conferral and then note, as to each proposed document, whether there is truly an objection. If a Party elects to object, the Court expects a responsive

pleading to be timely filed and will assess briefing costs if no response is filed. E.g., if a party briefs a motion to restrict on the basis that the opposing Party indicated an objection would be forthcoming, the opposing Party will bear the cost for such briefing if the response is not perfected. It is not the Court's responsibility to tease out what possible objection might be interposed or is meant by some email string. Either object or do not object, but do not waste the Court nor opposing Counsel's time by failing to respond.

It is therefore Ordered that the motions to restrict at D. 251, 272, 289, and 298 are struck.

It is further Ordered that each of the documents for which restriction is sought in those motions SHALL be restricted at Level 1 Restriction until further Order of the Court.

It is further Ordered that, within fourteen (14) days, the Parties SHALL comply with the Orders of the Court as to seeking restriction set forth herein. The moving Party SHALL then, in a single filing clearly outlining the specific docket numbers for which restriction is still sought, apply the aforementioned guidance. If no restriction is sought as to a particular document, that too Shall be noted. Finally, as to those documents to which the opposing party objects to a motion to restrict, a responsive pleading Shall be filed within fourteen (14) days thereafter.

Dated at Grand Junction, Colorado this April 1, 2022.

_____
Gordon P. Gallagher
United States Magistrate Judge