IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' PARTIAL APPEAL OF SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL #5**

---

## INTRODUCTION

Plaintiffs appeal raises two legal issues in the Special Master's Report as to whether Vail Health must produce allegedly privileged Board communications using third-party business email accounts.[1] *First,* when Vail Health failed to submit evidence proving the existence of attorney-client privilege and lack of any waiver of that privilege—upon which it had the burden of proof—did the Special Master err in not compelling Vail Health to produce the emails? Plaintiffs contend that Vail Health's failure to meet its burden means any privilege was lost. *Second*, did the Special Master err when he concluded that a U.S. bankruptcy court decision was controlling law that Plaintiffs had to cite in their opening motion so that Vail Health knew what proof it needed to provide? Plaintiffs contend that finding impermissibly shifted the burden to Plaintiffs, which is contrary to law.

---

[1]     ECF No. 398 at 17-19.

## **FACTUAL BACKGROUND**

After Vail Health's unexplained delay in producing a privilege log, Plaintiffs filed Motion to Compel #3 on August 12, 2021,[2] which addressed Vail Health's failure to timely produce a privilege log.  Three weeks later, Vail Health confirmed it would produce a log,[3] which it finally did on September 10, 2021.  On Sunday, September 12, Plaintiffs outlined the log's many deficiencies.[4]  Vail Health waited eleven days to respond, claiming its privilege log was adequate.[5]  Vail Health told Plaintiffs to identify every deficient entry and explain why it was deficient, attempting to shift its burden to ensure the log was compliant onto Plaintiffs.  Even so, Plaintiffs cataloged each deficiency, including the issues related to Vail Health Board member communications, the one issue on appeal here.

Specifically, Plaintiffs asked Vail Health to confirm whether all Vail Health Board emails used Board members' outside (and unrelated) business email accounts to communicate Board business.[6]  Plaintiffs also asked Vail Health to explain "how Vail Health maintained the purported confidentiality, or had any expectation of privacy, when it chose to email communications to Board members using outside business email accounts."[7]  So before Plaintiffs' Motion to Compel #5 was filed, Vail Health was fully apprised of the issue.  Plaintiffs requested a conferral on September 13, 14, or 15, 2021.[8] When Vail Health did not respond,[9] Plaintiffs offered September 27 or 28, 2021.[10]  Vail

---

[2]    ECF No. 132 at 2.
[3]    ECF No. 154 at 10.
[4]    ECF No. 195-2 at 3.
[5]    *Id.* at 2.
[6]    *Id.* at 4.
[7]    *Id*.
[8]    *Id.* at 7.
[9]    *Id.* at 1-2, 7.
[10]   *Id.* at 1-2.

2

Health did not acknowledge Plaintiffs' conferral request or further address the Board email issue. Instead, Vail Health agreed it address Plaintiffs' specific concerns in a revised log.[11] When it did not provide a revised log,[12] Plaintiffs filed Motion to Compel #5 on October 17, 2021.[13] On November 2, 2021, Vail Health produced a revised log,[14] but it still failed to address in any way Plaintiffs' issues with the Board communications.

Plaintiffs' motion to compel addressed Vail Health's refusal to identify the email addresses for the Vail Health Board member communications.[15] From the documents Vail Health produced, Board members routinely and exclusively used their unrelated outside business email accounts to address Vail Health matters,[16] which Vail Health did not dispute. Approximately 180 logged entries include former Board Chair Michael Shannon;[17] several included Shannon's outside business administrative assistant at KSL Capital. While the Special Master ordered those emails to be produced because the outside assistant was not a privileged agent,[18] he did not order any other Board emails to be produced. His reasoning was that Plaintiffs did not cite in their motion a Southern District of New York bankruptcy case—*In re Asia Global Crossing Ltd.*[19]—which the Special Master considered controlling. Because *Asia Global* was cited in Plaintiffs' reply,

---

11  *Id.* at 1.
12  ECF No. 195-3 at 1.
13  ECF No. 195.
14  ECF No. 396.
15  ECF No. 195 at 4, 13-14.
16  *See* ECF No. 196-1; ECF No. 195-4 at Item Nos. 49-55, 303, 360-61, 363-64, 391, 395, 416 (Kelton and Jarnot emails).
17  *See* Ex. 4 at Item Nos. 1-5, 28, 30-34, 38, 42, 46-56, 61, 63, 65-71, 74-75, 111, 113, 131, 156, 201, 212-13, 215, 218-35, 244-54, 271-79, 300-01, 303-05, 311-17, 321-26, 330-33, 336-39, 343-48, 358-65, 374-75, 385-86, 388-95, 416-17, 421-26, 441-53, 459, 472, 474, 497, 504, 523-26, 528, 531-33 (Shannon emails).
18  ECF No. 398 at 19-20.
19  322 B.R. 247, 256 (Bankr. S.D.N.Y.2005). *See* ECF No. 398 at 17-19.

the Special Master found that Vail Health did not have an adequate opportunity to marshal facts supporting its claim of privilege, and thus, Plaintiffs waived its argument.[20]

The Special Master's conclusion as to the Board member emails, however, is inconsistent with his preceding privilege analysis. For example, from pages 1-16 of the Report, Vail Health had the burden to produce competent evidence to establish the elements of privilege; it did not. But at page 19, Vail Health's burden was improperly shifted to Plaintiffs. If Vail Health asserted the privilege (which it did), then it had the burden to prove the factual elements required to support an assertion of privilege (which it did not). Because Vail Health provided no factual detail to support the claim of privilege, it could not meet its burden regardless of what Plaintiffs may have argued in their reply.[21]

## ARGUMENT

### I. VAIL HEALTH BEARS THE BURDEN OF PROVING ATTORNEY-CLIENT PRIVILEGE AND LACK OF WAIVER.

Because this case involves the Sherman Act, federal privilege law applies.[22] As the Special Master appropriately recognized, "[t]o be a protected communication, the party asserting privilege must show: (i) a communication, (ii) made between privileged persons (that is, the attorney, the client, and 'any of their agents that help facilitate attorney-client communications or the legal representation' [sic]; (iii) *in confidence*; and (iv) for the purpose of requesting (by the client) or providing (by the attorney) legal advice to the client."[23] It is fundamental that for the privilege to apply, a party must present

---

[20] ECF No. 398 at 19.
[21] *See, e.g., id.* at 19-20 ("Vail Health has the burden of coming forward with a detailed factual explanation for why Mr. Shannon" disclosed information to his assistant).
[22] *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550-51 (10th Cir.1995) (mere fact attorney involved in communication does not automatically render it privileged).
[23] ECF No. 398 at 2-3 (citation omitted) (emphasis added). *See also EEOC v. Outback Steakhouse of Fla.*, 251 F.R.D. 603, 610 (D. Colo. 2008).

sufficient facts establishing a reasonable expectation of privacy.[24]  Finally, the attorney-client privilege is "strictly construed,"[25] and the burden to prove its applicability and lack of waiver rests on the party asserting the privilege,[26] here Vail Health.

## II. VAIL HEALTH PROVIDED NO COMPETENT EVIDENCE THAT BOARD COMMUNICATIONS USING OUTSIDE EMAIL ACCOUNTS ARE PRIVILEGED.

The threshold legal question presented on this appeal, which Vail Health has the burden to prove, is whether the Board member communications using outside business email accounts were made in *confidence* and *kept confidential*.[27]  As the Utah Federal District Court recently explained, "[c]onfidentiality of an attorney-client communication 'is frequently confused with that of waiver although for purposes of logical clarity it is best to keep the two separate.  Confidentiality [which 'means intended to be kept secret'] is what must exist for the privilege to attach at all.'  Waiver is possible only *after* privilege has attached to the confidential attorney-client communication."[28]  So if Vail Health made no showing that it had a reasonable expectation of privacy or that the Board communications were confidential or kept confidential, there is no privilege in the first instance.  "[C]ourts will grant no greater protection to those who assert the privilege than their own precautions warrant."[29]

---

[24] *Gottlieb v. Wiles*, 143 F.R.D. 241, 252 (D. Colo. 1992).
[25] *Trammel v. United States*, 445 U.S. 40, 50 (1980); *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019).
[26] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010); *United States v. Lewis*, No. 90-4066, 1991 U.S. App. LEXIS 21425, at *9 (10th Cir. Sept. 5, 1991); *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979).  *See also* Fed. R. Evid. 501 (stating privileges are governed by federal law in nondiversity cases).
[27] *Ellis v. Salt Lake City Corp.*, No. 2:17-cv-00245-JNP-JCB, 2022 U.S. Dist. LEXIS 70036, at *10 (D. Utah Apr. 15, 2022).
[28] *Id.* at *10-11.
[29] *Id.*

To meet its burden, Vail Health was required to provide competent evidence that *each* element of the privilege had been met,[30] which the Special Master repeatedly recognized for most of the Report. This is often done by way of affidavit.[31]

How much evidentiary support did Vail Health provide? None.

Vail Health provided no affidavits of Board members, anyone else at Vail Health, or its corporate outside counsel Duane Morris. No evidentiary proof was submitted that Board members used personal or Vail Health email accounts,[32] or a Board portal system[33] to transact board business, legal or otherwise. Vail Health refused to even identify the email addresses used, claiming it was not required.[34] Thus, it is undisputed that Vail Health used only outside business email accounts to communicate with Board members.

More importantly, Vail Health presented no evidence, competent or otherwise, showing that the Board communications using outside business email accounts were treated or maintained as confidential. Instead, Vail Health's argument appears to be that because a Vail Health Board member was on an email, *ipso facto* it is a protected

---

[30] *Pandeosingh v. Am. Med. Response, Inc.*, Civil Action No. 14-cv-01792-PAB-KMT, 2014 U.S. Dist. LEXIS 154397, at *3 (D. Colo. Oct. 30, 2014) (citations omitted).

[31] *See United States v. Constr. Prods. Research*, 73 F.3d 464, 473 (2d Cir. 1996); *Branch v. Mobil Oil Corp.*, 143 F.R.D. 255, 256 (W.D. Okla. 1992) (holding party must meet its burden by providing affidavit or evidence in response to motion to compel); *Sanchez v. KPMG Peat Marwick*, No. CIV 93-0406 JP/LFG, 1994 U.S. Dist. LEXIS 11208, at *9 (D.N.M. Aug. 5, 1994) (same).

[32] *See, e.g., Centennial Bank v. Servisfirst Bank Inc.*, Case No. 8:16-mc-00082-CEH-JSS, 2016 U.S. Dist. LEXIS 142483, at *29-31 (M.D. Fla. Oct. 14, 2016) (finding reasonable expectation of privacy as to personal, but not business, email accounts).

[33] Vail Health uses BoardEffect, a portal providing "multi-layered defense to protect sensitive information." *See* ECF No. 133-3 at 1; https://www.boardeffect.com/board-portal/.

[34] ECF No. 213 at 13. *But see Pandeosingh*, 2014 U.S. Dist. LEXIS 154397, at *4 (requiring address information for all individuals identified on privilege log).

communication.[35] But Vail Health's "burden cannot be discharged by mere conclusory or *ipse dixit* assertions."[36] Stated differently, Vail Health must demonstrate the applicability of the privilege "as to specific questions or documents, not by making a blanket claim."[37]

Because a "communication cannot be 'intended to remain confidential…when made through a medium that subjects it to disclosure to third parties,"[38] Vail Health needed to submit detailed facts explaining such things like: (1) why Vail Health email accounts or the Board portal were not used to ensure the Board communications remained protected within the Vail Health system; (2) that Vail Health Board members were trained on how to protect the communications like "crown jewels;"[39] (3) that each Board member understood and agreed to keep Vail Health communications confidential and confirmed how confidentiality was to be maintained within unrelated third-party business email systems; and (4) why Vail Health did not encrypt the emails, a process it routinely uses to protect patient information. Vail Health did not even show, at the very least, that Board emails were marked "confidential" or "attorney-client privilege."[40]

And after being required by the Special Master to submit proposed orders with findings of fact and conclusions of law by December 6, 2021,[41] all Vail Health's proposed order said was that "the Motion asserts that Vail Health has waived the privilege as to

---

[35] *See, e.g.,* ECF No. 213 at 3, 9, 12-13.
[36] *In re Wilson*, Civil Action No. 06-cv-02575-MSK-KMT, 2009 U.S. Dist. LEXIS 42046, at *18 (D. Colo. Apr. 30, 2009).
[37] ECF No. 398 at 3 (quoting *In re Grand Jury Proceedings,* 616 F.3d a 1183).
[38] *United States v. Finazzo*, No. 10-CR-457 (RRM)(RML), 2013 U.S. Dist. LEXIS 22479, at *21 (E.D.N.Y. Feb. 19, 2013).
[39] *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989). *See also United States v. Ryans,* 903 F.2d 731, 741 n.13 (10th Cir. 1990) (citing *In re Sealed Case* with approval).
[40] *See Centennial Bank*, 2016 U.S. Dist. LEXIS 142483, at *28 (noting purported privileged emails on work computer were not labeled attorney-client privilege).
[41] ECF No. 233.

documents sent to Vail Health Board members. I find no factual or legal support for this contention, and it is denied."[42]  So regardless of what Plaintiffs said in their reply, Vail Health failed to make a clear showing[43] that Vail Health had a reasonable expectation of privacy, or that the communications were kept confidential when it chose to use outside business email accounts to transact Board business.[44]  This is particularly true for legal communications relating to transactions in the tens and hundreds of millions of dollars. Vail Health not only failed to make a "clear showing," it made **no showing**.  Such a failure "is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made….The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document."[45]

### III. VAIL HEALTH FAILED TO PROVIDE ANY COMPETENT EVIDENCE THAT USING OUTSIDE BOARD EMAIL ACCOUNTS DID NOT WAIVE PRIVILEGE.

Vail Health also failed to carry its burden to prove that it had not waived the attorney-client privilege when it failed to provide *any* evidence as to lack of waiver.  It is well-settled that when privileged communications are voluntarily disclosed to a third-party, the privilege is waived,"[46] even when the disclosure is inadvertent.[47]  This explains why the Tenth Circuit has stressed that "the confidentiality of communications covered by the

---

[42]   ECF No. 261 ¶ 168.
[43]   *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984).
[44]   *See United States v. Bell*, 776 F.2d 965, 971 (11th Cir. 1985) (relevant inquiry is not whether the individual expected communications to remain confidential but rather whether that expectation was reasonable); *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, Civil Action No. 10-cv-02868-MSK-KMT, 2014 U.S. Dist. LEXIS 4364, at *22 (D. Colo. Jan. 12, 2014) (noting party must establish expectation of privacy to claim privilege).
[45]   *Peat, Marwick,* 748 F.2d at 542.
[46]   *Beltran v. InterExchange, Inc.*, Civil Action No. 14-cv-03074-CMA-CBS, 2018 U.S. Dist. LEXIS 22564, at *1 (D. Colo. Feb. 12, 2018).
[47]   *Ryans*, 902 F.2d at 741 n.13.

privilege must be jealously guarded by the holder of the privilege lest it be waived.  The courts will grant no greater protection to those who assert the privilege than their own precautions warrant."[48]  "Once a client has revealed privileged information to a third-party, the basic justification for the privilege no longer applies,"[49] regardless of any intent.[50]

The issue here is the precautions used by Vail Health and its Board members in communicating privileged matters to corporate and personal emails addresses outside the Vail Health email system.  To prove there was no waiver, Vail Health needed to submit affidavits of Vail Health corporate officers and individual Board members with first-hand knowledge of the communications and the systems where the emails were transferred and stored.  *Facts* to be provided would answer questions such as: What were the email policies of the third-party corporate entities that received the Vail Health privileged communications?  How were those email and storage systems secured, including cloud storage?  Did other corporate employees have access to the emails of the Board member?  Were the offices and computers of the Board members locked and protected?  Did any employees have access to the Board members email accounts and could have accessed them for scheduling, filing, or other reasons?  What were the security protocols for how they were stored and what happened to the communications after a director left the Board?  What were the standards and policies that Vail Health established for the Board members to protect the confidentiality and privacy of the communications?  Were the communications marked as "Confidential or Attorney-Client Privilege" to alert the Board members as to its intended protection?

---

[48]   *Ryans*, 903 F.2d at 741 n.13.
[49]   *L-3 Commc'ns*, 2014 U.S. Dist. LEXIS 103157, at *12-14.
[50]   *Ryans*, 903 F.2d at 741 n.13 (citations omitted).

We could go on but are left with a single question: Why did Vail Health not submit sworn affidavits of Vail Health management and the outside directors providing *facts* that would have answered these types of questions?

Instead, of presenting any facts, Vail Health instead argued that "there is nothing to suggest these emails were otherwise forwarded or somehow broke any applicable attorney-client privilege."[51]  But an attorney's conclusory and unsupported statement is not evidence[52] and only reinforces that Vail Health failed to meet its burden[53] and thus "lost any privilege those communications might have had."[54]

## IV. THE BURDEN TO PROVE PRIVILEGE AND WAIVER WAS IMPROPERLY SHIFTED TO PLAINTIFFS.

Plaintiffs' opening motion made it clear that Vail Health carried the burden to prove the elements of the attorney-client privilege and lack of waiver.[55]  Vail Health has been competently represented by counsel who knew or should have known the evidentiary requirements for proof of the attorney-client privilege.[56]  It is elemental that when a party

---

[51] ECF No. 213 at 13.

[52] *See* ECF No. 398 at 15 ("Counsel is clearly knowledgeable about using particular language and phrases in their argument, but the Special Master must find sufficient evidence to support it."); *Veroblue Farms USA, Inc. v. Wulf*, No. 1:21-mc-00016-CMA, 2021 U.S. Dist. LEXIS 94029, at *13 (D. Colo. May 18, 2021) ("lawyer's statements in a motion are not evidence, and they do not suffice to invoke the attorney-client privilege").

[53] *See In re WeWork Litig., Consol.*, Civil Action No. 2020-0258-AGB, 2020 Del. Ch. LEXIS 368, at *7 (Ch. Dec. 22, 2020) ("lack of evidence does not work in [party's] favor because it bears the burden of proving that the privilege applies").

[54] *See, e.g.,* ECF No. 398 at 20-21; *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426 (D. Kan. 2009).

[55] ECF No. 195 at 8-9, 13-14.

[56] *See, e.g., Kovacs v. Hershey Co.*, Civil Action No. 04-cv-01881-WYD-BNB, 2006 U.S. Dist. LEXIS 69342, at *30-31 (D. Colo. Sep. 26, 2006) (holding that contrary to law, magistrate improperly shifted burden to plaintiffs to provide contrary evidence and authority to show privilege was waived); *Odone v. Croda Int'l PLC*, 950 F. Supp. 10, 14 (1997) (attempting to shift defendant's burden to plaintiff does not satisfy burden on party asserting the privilege to establish the applicability of the privilege).

carries the burden to prove a particular claim or legal proposition, the opposing party need not instruct that party what facts need to be presented or what legal authority needs to be cited. That is for the party carrying the burden. Despite that rather fundamental proposition, the Special Master erroneously shifted the burden to prove the absence of waiver to Plaintiffs: "Plaintiffs deprived Vail Health of an adequate opportunity to marshal and present evidence on that point."[57] In other words, the Special Master held that Plaintiffs lost because they did not explain to Vail Health what was necessary to win.

The Special Master's shifting of the burden was wrong as a matter of law. As the Kansas Federal District Court has succinctly put it, "[t]he duty to raise the issue of privilege in response to plaintiffs' motion to compel rested with defendants, not plaintiffs. If defendants intended to rely upon objections of privilege, defendants had the burden to assert those objections and support them in opposing the motion to compel."[58] The Special Master applied that standard throughout his Report[59] (even when Vail Health

---

[57] ECF 398 at 19.
[58] *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2013 U.S. Dist. LEXIS 163475, at *4-5 (D. Kan. Nov. 18, 2013).
[59] *See, e.g.,* ECF No. 398 at 5 ("Vail Health's presentation…is insufficiently specific"); *id.* at 6 ("Nor is there any evidence…that the information…is confidential and intended to be kept so"); ("Vail Health has the burden of proof…any uncertainty…works to Vail Health's detriment"); *id.* at 7 ("conclusory assertion that documents are 'seeking legal advice' does not suffice to carry Vail Health's burden"); *id.* ("It is Vail Health's burden, not the Special Master's, to locate and present this contextual information…abbreviated and conclusory briefing…fails to do so"); *id.* at 9 ("neither Vail Health's briefing nor Mr. Brown's affidavit offers any additional context"); *id.* at 10 ("Because it is Vail Health's obligation to demonstrate that each communication…[seeks] legal advice…Vail Health has not shown any facts that warrant that conclusion"); *id.* ("Categorical arguments fail to establish the necessary elements of privilege"); *id.* at 11 ("Vail Health must demonstrate that the materials Mr. Brown communicated to Mr. Cook were properly the subject of privilege at the time they were made. It has not done so."); *id.* at 15 ("it offers no particularized analysis or identification of the pertinent facts").

sought to shift its burden to Plaintiffs)[60] except when it came to the Board emails.  As to that part of the Report,[61] the Special Master erred for two principal reasons.

*First*, out of an abundance of caution, Plaintiffs did indeed inform Vail Health what was necessary to prevail on their assertion of privilege and lack of waiver.  In their motion, Plaintiffs asserted that Vail Health improperly used outside business emails of Board members to transact Vail Health business, raising issues as to confidentiality and the applicability of the attorney-client privilege.[62]  Specifically, Plaintiffs argued that if communications are not made in confidence and kept in confidence they are not privileged.[63]  Plaintiffs also asserted that communications voluntarily disclosed to a third party, even inadvertently, waive privilege.[64]  By choosing not to jealously guard and protect its communications with Board members by using personal or Vail Health email accounts, or a Board portal, any purported privilege was waived.[65]  From there, Vail Health knew or should have known what evidentiary proof would be necessary to address Plaintiffs' argument.  In short, Vail Health was on notice of what was needed to prevail.

And it is clear that Vail Health had no difficulty understanding Plaintiffs' position,[66] nor did the Special Master.[67]  Rather than address the evidentiary support for its privilege claim, however, Vail Health made the conclusory and unsupported statement of its attorneys that "[s]imply because a Board member used a work email does not waive the

---

60    *See, e.g.,* ECF No. 213 at 3, 9, 13.
61    ECF No. 398 at 19.
62    ECF No. 195 at 13 (citing, among other cases, *Ryans,* 903 F.2d at 741 n.13).
63    *Id*.
64    *Id.*
65    *Id.*
66    ECF No. 213 at 12-13.
67    ECF No. 398 at 17.

12

privilege."[68] It also attempted to avoid the issue by claiming that an individual Board member cannot waive privilege,[69] which was appropriately rejected. Vail Health executives, its counsel (Duane Morris), and its Board raised no issue using Board members outside business email accounts to transact Board business. Vail Health presented no evidence that Vail Health management did not "consent[] to that conduct and any potential wavier of privilege that might result."[70] This is consistent with the U.S. Supreme Court's decision in *Commodity Futures Trading Commission v. Weintraub*—a case that Vail Health itself cited[71]—that "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."[72] As to the issues of confidentiality and lack of waiver, Vail Health's response again fell far short of meeting its burden.[73]

*Second,* the failure to meet its initial burden meant that Vail Health had already lost on this issue and anything that Plaintiffs said or did not say in their reply would not change Vail Health's lack of proof.[74] And as is well recognized, a reply is not even required to be

---

[68] ECF No. 213 at 13.
[69] *Id.*
[70] ECF No. 398 at 18-19 n.19.
[71] ECF No. 213 at 13.
[72] 471 U.S. 343, 348 (1985). *See Bus. Integration Servs. v. AT&T Corp.*, 2008 U.S. Dist. LEXIS 99137, at *8 (S.D.N.Y. Dec. 8, 2008) (finding privilege lost when corporation failed to act quickly to assert privilege and mitigate unauthorized disclosure).
[73] *See, e.g., Kannaday v. Ball*, 292 F.R.D. 640, 647 (D. Kan. 2013) (holding party lost ability to claim privilege when it failed to provide affidavit or other evidence); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2013 U.S. Dist. LEXIS 163475, at *8 (D. Kan. Nov. 18, 2013) (same); *Presbyterian Manors, Inc. v. SimplexGrinnell, L.P.*, No. 09-2656-KHV, 2010 U.S. Dist. LEXIS 102868, at *17 (D. Kan. Sept. 28, 2010) (same); *Kunneman Props. L.L.C. v. Marathon Oil Co.*, No. 17-CV-00456-GKF-JFJ, 2021 U.S. Dist. LEXIS 7427, at *11 (N.D. Okla. Jan. 14, 2021) (same); *United States v. Merida*, 828 F.3d 1203, 1211 (10th Cir. 2016) (holding party could not claim privilege without establishing by affidavit, declaration, or testimony threshold element that he was "client").
[74] *See* ECF No. 195 at 13 (referring to *L-3 Commc'ns* (case citation inadvertently omitted, 2014 U.S. Dist. LEXIS 4364, at *22) and stating that party can waive privilege by using business emails to transmit confidential and privileged communications). *See also*

filed by a moving party.  Having said all that, it is here that the Special Master's Report takes its erroneous turn.  He concluded that a bankruptcy case from the U.S. District Court of the Southern District Court of New York—*In re Asia Global Crossing, Ltd.*[75]–was "controlling law" and was required to be cited in Plaintiffs' opening motion.  *Asia Global* is persuasive authority—not controlling authority as the Report states.[76]

Plaintiffs' opening brief provided Vail Health with ample authority supporting their position regarding the attorney-client privilege.  A party need not scour federal case law for the best and most persuasive cases outside the circuit where a case is pending.  As a matter of law, therefore, the Special Master's conclusion Plaintiffs waived any argument concerning waiver by Vail Health is incorrect and should not be accepted by the Court.

It should also be noted that *Asia Global* is consistent with Plaintiffs' motion—that is, Vail Health had to show that Board member emails transmitted through unrelated business email accounts were confidential, privileged, and not waived.[77]  How Vail Health chose to prove those required elements was up to it.  *Asia Global* simply supports Plaintiffs' motion by further pointing out the deficiencies in Vail Health's response.[78]  And

---

*Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-0008 (WMW/SER), 2019 U.S. Dist. LEXIS 155027, at *5 (D. Minn. Sep. 11, 2019) (holding emails on work computer network were "not private" and thus not protected by attorney-client privilege).

[75]   322 B.R. 247, 256 (Bankr. S.D.N.Y. 2005).

[76]   ECF No. 398 at 19.  Plaintiffs have not located a Tenth Circuit case, or one by this Court, adopting *Asia Global* as controlling law.  Even a New York court characterizes *Asia Global* as advisory, not controlling. *Finazzo*, 2013 U.S. Dist. LEXIS 22479, at *22.

[77]   See ECF No. 195 at 13 (referring to *L-3 Commc'ns* (case citation inadvertently omitted, 2014 U.S. Dist. LEXIS 4364, at *22) and stating that party can waive privilege by using business emails to transmit confidential and privileged communications).  *See also Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-0008 (WMW/SER), 2019 U.S. Dist. LEXIS 155027, at *5 (D. Minn. Sep. 11, 2019) (holding emails on work computer network were "not private" and thus not protected by attorney-client privilege).

[78]   *Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 U.S. Dist. LEXIS 133393, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019) ("citing new cases to support

even if *Asia Global* is considered controlling law, Vail Health would have had to comply with that standard regardless,[79] which the Special Master concluded it had not.[80] So either way, Vail Health failed to meet its burden of proof establishing that the elements of privilege and lack of waiver were met as to the Board communications.

Finally, if Vail Health thought Plaintiffs' reply raised new legal theories, it could have raised the issue with Plaintiffs and the Special Master, sought to file a surreply,[81] requested another hearing, or addressed it in its proposed order. It did none of those. Nor can Vail Health assert it lacked a "fair opportunity" to understand the issue[82] when it had the burden to prove the privilege and rejected every request by Plaintiffs to confer.[83]

## CONCLUSION

Plaintiffs respectfully request that the Court find that Vail Health has failed to meet its burden that the Board communications are privileged and that there has been no waiver of privilege. In so doing, Plaintiffs request the following Board communications on Vail Health's privilege log be ordered to be produced: Item Nos. 1-5, 28, 30-34, 38, 42, 46-56, 61, 63, 65-71, 74-75, 111, 113, 131, 156, 201, 212-13, 215, 218-35, 244-54, 271-79, 300-01, 303-05, 311-17, 321-26, 330-33, 336-39, 343-48, 358-65, 374-75, 385-86, 388-95, 416-17, 421-26, 441-53, 459, 472, 474, 497, 504, 523-26, 528, 531-33.

---

legal theories already raised in a…motion is permissible"); *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-cv-0808 KG-SMV, 2020 U.S. Dist. LEXIS 36423, at *4-5 (D.N.M. Mar. 3, 2020) (same); *Lemesany v. Gen. Motors LLC*, No. 19-cv-0658 KG/SCY, 2020 U.S. Dist. LEXIS 1393, at *3 (D.N.M. Jan. 6, 2020) (same).
[79] *United States v. Norris*, 753 F. Supp. 2d 492, 526 (E.D. Pa. 2010) (stating party claiming privilege must meet burden of establishing it under controlling law of circuit).
[80] ECF No. 398 at 19.
[81] *See* ECF No. 297 (permitting supplemental briefing on motions to compel).
[82] ECF No. 398 at 19.
[83] ECF No. 195-2 at 1-2, 7.

Dated:  November 4, 2022

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

  I hereby certify that on November 4, 2022, I served a true and correct copy of Plaintiffs' Partial Appeal of Special Master's Report And Recommendation Regarding Motion To Compel #5 via the Court's ECF system on:

  Shannon Stevenson
  Janet A. Savage
  Jackie Roeder
  Daniel Richards
  Davis Graham & Stubbs LLP
  1550 17th Street, Suite 500
  Denver, CO  80202

  Counsel for Defendant

            *s/ Alan L. Kildow*
            Alan L. Kildow