IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S MOTION TO PLACE CERTAIN FILINGS UNDER FILING RESTRICTIONS

    Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on portions of Vail Health's Response to Plaintiffs' Partial Appeal of Special Master's Order re Motion to Compel #4 (Doc. 399) ("Vail Health's Response") and portions of Plaintiffs' Opposition to Vail Health's Partial Appeal of Special Master's Orders regarding Plaintiffs' Motion to Compel Nos. 3 and 4 (Doc. 400) ("Plaintiffs' Opposition").  In support of this Motion to Restrict, Vail Health states as follows:

    Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding this motion. Plaintiffs' position is reflected in the email chain attached as Exhibit A.

    1.    Vail Health seeks to place Level 1 filing restrictions on portions of Vail Health's Response (Doc. 399).  Vail Health requests permission to file a redacted version of Vail Health's Response, the unredacted portions of which would be available to the public and the redacted

potions of which would retain Level 1 filing restrictions. A version of Vail Health's Response that shows Vail Health's proposed redactions is attached as Exhibit B. Redacted text is reflected by translucent gray boxes.

2. Vail Health also seeks to place Level 1 filing restrictions on portions of Plaintiffs' Opposition (Doc. 400). Vail Health requests permission to file a redacted version of Plaintiffs' Opposition, the unredacted portions of which would be available to the public and the redacted potions of which would retain Level 1 filing restrictions. A version of Plaintiffs' Opposition that shows Vail Health's proposed redactions is attached as Exhibit C. Redacted text is reflected by translucent gray boxes.

3. "[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where the unsealing of records could harm the competitive interests of third parties, "the rationale for protecting [the] records is even stronger." *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); *see Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (holding that where documents contain "proprietary business information . . . of non-parties" sealing is all the more appropriate). Types of information that courts have found may harm a litigant's competitive standing include:

    a. "Financial data, customer names . . . strategic business information, and employee information," *Aya Healthcare Servs.*, 2020 U.S. Dist. LEXIS 68855, at *20-21;

    b. Internal lists of business trade secrets, *Shell v. Am. Family Rights Ass'n*, No. 09-cv-

00309-MSK-KMT, 2012 WL 13005966, at *2 (D. Colo. Aug. 27, 2012); and

  c. "[P]ricing information, contracts, sales, marketing and strategic business information, or corporate finances," *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250 (D. Kan. 2010).

4. Disclosure of the information about Vail Health's contemplated and actual business collaborations, and the purported values thereof, could cause competitive harm to Vail Health and breach confidentiality obligations to third parties.

5. Vail Health's Response and Plaintiffs' Opposition each include financial data and strategic business information, for example.

6. This Court has repeatedly held that Vail Health may protect from public view confidential commercial information regarding its business strategy, notwithstanding Vail Health's status as a nonprofit hospital. (*See, e.g.*, Docs. 136, 147, 224, 309, 310, 329.)

7. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." Parties are required to designate documents ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION where those documents contain PHI, which has the same scope and definition under 45 C.F.R. §§ 160.103 and 164.501 and includes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

8. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) a party; (4) a person shown on the face of the confidential document to have authored or received it; or (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

9. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; (4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A to the Protective Order.

10. Public filing of Vail Health's Response or Plaintiffs' Opposition would improperly reveal Vail Health's business strategy and financial data.

11. The proposed redacted text on page 7 of Vail Health's Response contains confidential commercial information, including confidential draft contract terms of the Amended and Restated Research Affiliation Agreement between Vail Health and SPRI and information from

confidential presentations concerning the relationship between Vail Health and SPRI. The documents cited on the redacted portion of page 7 of Vail Health's Response are designated Confidential or Attorneys' Eyes Only under the Protective Order.

12. The proposed redacted text on page 8 of Vail Health's Response contains confidential commercial information, including confidential contract terms between Vail Health and SPRI and confidential financial data regarding Howard Head's financial performance. The documents from which the information in the redacted portion of page 8 of Vail Health's Response comes are designated Confidential or Attorneys' Eyes Only under the Protective Order.

13. The proposed redacted text on pages 5-6 of Plaintiffs' Opposition contains confidential commercial information regarding the relationship between Vail Health and SPRI, which Plaintiffs obtained from documents designated Confidential or Attorneys' Eyes Only under the Protective Order.

14. Redaction of Vail Health's Response and Plaintiffs' Opposition is practical, and redacted versions of those documents are appended to this Motion to Restrict.

15. A Level 1 restriction in CM/ECF is the least restrictive means available to protect the redacted information discussed above.

16. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain Vail Health's Response and Plaintiffs' Opposition, as redacted, at a Level 1 filing restriction.

17. Additionally, Vail Health requests that the Court maintain Level 1 restriction on the Exhibits to this Motion because they substantially reveal the information Vail Health is seeking to restrict.

- 6 -

Respectfully submitted November 8, 2022

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*