# EXHIBIT 2

| | |
|---|---|
| **From:** | Alan Kildow <alkildow@aol.com> |
| **Sent:** | Sunday, September 12, 2021 10:37 AM |
| **To:** | Stevenson, Shannon |
| **Cc:** | Roeder, Jackie; Richards, Daniel; 'sonya braunschweig' |
| **Subject:** | Sports Rehab v. Vail Health (19-2075)--Meet and Confer on Deficient Privilege Log |

Counsel,

We have reviewed your privilege log and have found it deficient in many different ways. Before turning to those deficiencies, it must be pointed out that a privilege log has to be sufficient for the parties and the Court to determine whether on the face of the privilege log the claim of privilege is adequately supported. Vail Health's log does not provide the required information to adequately conduct that analysis. The list below may not be exhaustive, but it points out the major deficiencies in Vail Health's log.

*First*, Vail Health has not identified the recipients that were copied on the emails, instead lumping them in one general recipient category. Just because an email is copied to an attorney does not mean the document is subject to privilege. *See Luv N' Care, Ltd. v. Williams Intellectual Prop.*, Civil Action No. 18-mc-00212-WJM-KLM, 2019 WL 2471318 at *5 (D. Colo. June 12, 2019); *Pandeosingh v. Am. Med. Response, Inc.*, No. 14-cv-01792-PAB-KMT, 2014 WL 5488415, at *2. (D. Colo. Oct. 30, 2014); *Pownell v. Credo Petroleum Corp.*, No. 09-cv-1540-WYD-KLM, 2011 WL 1045418, at *3-4 (D. Colo. Mar. 17, 2011).

*Second*, Vail Health has used an "*" to identify "attorneys and legal professionals." It is unclear what is meant by "legal professionals," who that relates to or their role, and hence, Plaintiffs are unable to determine whether the claim of privilege is appropriate.

*Third*, there are individuals identified on the privilege log whose roles are not identified. By way of example, that includes Eric Affeldt, James Wear, Craig Cohn, Thomas Totten, Molly Murphy, Becky Crawford, Christie Faires, Tim Wise, Elaine Lundblade, Kirk Rebane, Scott Bonin, Bina Patel, William Mitchell, Jacequilline Deveric, Michael Westmiller, Kirk Rebane, Daniel Pennington, Adam Weinsteian, Theresa Doris, Cheryl Dalessandro, Gregory Brodek, Renee Depew, Fran Stinsman, Josh Cashman, Brad Smith, Terry Schroeder, and Diana Layman. Additionally, Vail Health has identified communications involving Doris Kirchner after she was no longer CEO as privileged, but no information has been disclosed about her role as to those communications

*Fourth*, there has been no identification of any **email** strings, or whether any nonprivileged emails were forwarded to counsel and withheld from production based on the email being forwarded to counsel.

*Fifth*, it is unclear what has been attached to emails because the descriptions are **so** vague.

*Sixth*, emails with third parties from VSO and Steadman have been withheld on the basis of privilege. *See, e.g.*, entry 342. Vail Health claims it is protected by the attorney-client privilege but no attorney was identified on that email, and there is no evidence that VSO or Steadman engaged Vail Health's attorneys in **a manner** that would protect those communications **on the basis of the attorney-client privilege** (if that would even be possible given that these were adverse parties engaged in negotiations on opposite sides of the table). There is also no identification of the subject matter of the emails. If it relates to **a** joint venture **or** other combination between or among the parties, the documents show that Steadman had separate legal counsel.

*Seventh*, emails between Vail Health have been withheld despite no attorney being listed on the communication. The descriptions do not provide adequate information as to the topic of the communication being withheld. By way of example, *see* entries 417-20.

*Eighth*, it appears that Vail Health is asserting a privilege for valuation reports prepared related to **a** joint venture **or other combination** on the purported basis they were prepared at the direction of legal counsel, even though the valuation **seems to have been** required to identify the prices to be set for physical therapy and to value the business **organization**. Vail Health has not explained how the valuations are protected by attorney-client privilege, particularly when Vail Health

engaged the experts, not legal counsel, and both VSO and Steadman requested copies of the valuations (that is, sent to a third party, thus waiving any claim of privilege). From the privilege log, it also appears that factual documents were produced to the valuation experts, which have not been produced to Plaintiffs. But underlying factual documents are not protected by the attorney-client privilege.

*Ninth*, Vail Health has similarly withheld from production documents and information sent to Will Cook about the physical therapy joint venture/combinations. *See* entry 544. There is no discussion about what documents were attached other than information from 2015-17, although business valuations are specifically identified. The email and attachments should be produced as there is no attorney-client privilege for these documents or the email itself. Further, the entry identifies a "new proposed joint venture," but it does not identify what this vague reference is to, nor does it appear that Vail Health has produced any documents related to the "new proposed joint venture." If so, please identify those documents by bates number, as it appears a number of documents were withheld from production based on this "new joint venture." *See* entries 545-53.

*Tenth*, in our short review of the privilege log, it appears that documents sent to legal counsel were sought for purposes of securing business, not legal, advice. By way of example, on June 8, 2016, VSO sent an email stating:

> We have a board meeting next week and will discuss Howard Head. I have thought a lot about the Summit County situation. Personally, I think we need to be clear and consistent about what we can and cannot do in Eagle and Summit Counties. We will not engage in any joint venture with Centura in Eagle County. Likewise, we would find it difficult to engage in any joint venture with VVMC in Summit County. In addition, we welcome the opportunity to partner with either entity in their respective counties.

At entries 291-97, Vail Health asserts that it sought and obtained "legal advice" from its attorneys regarding the VSO communication. Nothing in the email excerpt referenced above indicates any need for "legal advice."

*Finally*, the log does not adequately describe the redactions, particularly as it pertains to the Board minutes. The Board minute entries just state "non-relevant" sections.

Plaintiffs request a meet and confer regarding these issues and can hold this conferral Monday, Tuesday, or Wednesday of this week, September 13-15. Please confirm your availability and a time and we will send a conference call dial-in number.
If, however, you intend to stand by your privilege log as it currently stands, please let us know than by no later than COB on Tuesday, September 14.

Alan Kildow
970-390-6675