# EXHIBIT 6

Case No. 1:19-cv-02075-WJM-SKC   Document 414-6   filed 11/11/22   USDC Colorado   pg 1 of 7

1

<pre>
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF COLORADO
 2

 3  SPORTS REHAB CONSULTING,    .   Case No. 19-cv-02075-WJM-GPG
    LLC, a Colorado limited     .
 4  liability company, and      .
    LINDSAY WINNINGER, an       .
 5  individual,                 .
                                .
 6            Plaintiffs,        .
                                .   Wayne Aspinall Federal Bldg.
 7  vs.                         .   402 Rood Avenue
                                .   Grand Junction, CO  81501
 8  VAIL CLINIC, INC.           .
    doing business as           .
 9  VAIL HEALTH,                .
    a Colorado nonprofit        .
10  corporation,                .
                                .
11            Defendants.       .   October 22, 2021
    . . . . . . . . . . . . . . .   1:06 p.m.
12
          TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
13               WILLIAM T. RUCKRIEGLE, SPECIAL MASTER

14  APPEARANCES:

15  For the Plaintiffs:         Law Office of Allan L. Kildow
                                By:  Allan L. Kildow
16                              By:  Sonya Braunschweig
                                709 Potato Patch Drive
17                              Vail, CO  81657
                                (970) 390-6675
18
    For the Defendants:         Davis Graham & Stubbs, LLP
19                              By:  Shannon Wells Stevenson
                                By:  Daniel Richards
20                              1550 17th Street
                                Suite 500
21                              Denver, CO  80202
                                (303) 892-9400
22
    Court Recorder:             Clerk's Office
23                              U.S. District Court
                                402 Rood Avenue
24                              Grand Junction, CO  81501

25
</pre>

38

1   so we can move on to the next motion.

2            SPECIAL MASTER:   Now that we're ready to take up

3   four then we'll talk about some of these other issues.   I

4   would suggest that we take a break now and then come back and

5   take it up, and then talk about where we go on these things

6   raised here such as in camera review, and then also rather

7   loosely talk about number five.   Then hopefully we can let

8   everybody out of here a little early.

9            So let's take 15 minutes.   Thank you.

10            (Recess from 2:37 p.m. until 2:51 p.m.)

11            SPECIAL MASTER:   Ready to proceed on Plaintiffs

12   motion to compel number four, which I think we had finally

13   gotten around to identifying that's 157, response 176, reply

14   192.   Mr. Kildow?

15            MR. KILDOW:   Before we go into the depth of this

16   motion this citation was requested before or I mentioned it

17   before.   It is part of motion number four but the request was

18   for Continental Ore Company v. Union Carbide.   It's 370 U.S.

19   690 with a local citation at 699, a 1962 case by the United

20   States Supreme Court.

21            SPECIAL MASTER:   Thank you.

22            MR. KILDOW:   I don't want to drag the State Court

23   proceeding into this but many months ago I suspect you

24   thought I was half crazy talking about the issue of the

25   rendering provider asking for commissions that Vail Health

71

1    on the record.  I'd like to make the suggestion when you have

2    time.

3                   SPECIAL MASTER:   Then we're finished with four,

4    and I would like to get to these other issues, so I guess we

5    could start with that and work backwards to any others, not

6    the least of which is in camera review.   That is number five

7    and all of that.   But I'll let you start, Mr. Kildow, with

8    your suggestion as to a process.

9                   MR. KILDOW:  Yes, I have a suggestion.

10                   SPECIAL MASTER:  Good.

11                   MR. KILDOW:   I would like the Special Master to

12   order the parties to meet and confer.  We identify from the

13   Plaintiff side specifically what we want based on what we

14   have seen, both from a data standpoint and from a scope of

15   time standpoint, and to fill in any holes we have.  Then the

16   parties have the meet and confer on a conference call and

17   hash out what Vail Health has and what they don't have.  But

18   I think that they should have someone from their data

19   processing group available so that they can identify what

20   they have and what they don't have.

21                   We do not have an interest in writing motion after

22   motion.  We do not have an interest in making argument after

23   argument.  We are willing to compromise and to narrow what we

24   want and need.  And so we're amenable.  We don't want to see

25   this just go on and on and on, and so we are amenable to

1  we do is not put it in the form of an order but just a list

2  of things that we need and the parameters.  And we'll submit

3  that to them and they can tell us what we can do and what we

4  can't, and then we can sit down and talk about the --

5          SPECIAL MASTER:  Okay, Ms. Stevenson?

6          MS. STEVENSON:  I think that seems fine.

7          SPECIAL MASTER:  And I would be copied on that

8  just so that I'm up to speed from time to time about your

9  progress.

10          MR. KILDOW:  We can do that.  We certainly can.

11          SPECIAL MASTER:  You have an objection to that?

12          MS. STEVENSON:  Not at all.

13          SPECIAL MASTER:  Well, I think that is it on that

14  particular issue.  Then do we want to tackle the issue of in

15  camera review now?  I don't want to develop any response to

16  number five and opportunity to argue that but we could maybe

17  reduce that.

18          MS. STEVENSON:  Your Honor, two quick things.  One

19  with respect to this list of documents that Plaintiffs think

20  they should get.  It would be helpful to me to have it -- to

21  have whichever discovery request they're referring back to

22  included in the list.

23          Then with respect to the -- if you're referring to

24  the motion to compel number five, we haven't even filed our

25  response to that yet.

80

1               SPECIAL MASTER:   That's what I'm saying.   I know,

2    yeah.   I wasn't trying to cut you off of that.   I was just

3    trying to say I do -- because I did not read it because I

4    knew we were having this proceeding, and then two, that you

5    hadn't filed a response.   So I was holding off on that and I

6    had already recognized in this process that some form of in

7    camera review with regard to -- before I even knew the

8    privilege log had in part at least been produced, I just

9    anticipated that we were getting there.

10               So if you want to forego that for now, but my

11    thought was in order to not delay maybe we should start --

12               MS. STEVENSON:   Are we talking about the Board

13    minutes?   That was my understanding of the in camera review.

14               SPECIAL MASTER:   Two different things.   There was

15    the privilege log and then there was the Board minutes he was

16    asking for.   He asked for that specifically.

17               MS. STEVENSON:   Just to be clear, we actually put

18    -- the redactions from the Board minutes, they're not for

19    privilege, they're for relevance, but we did log them in our

20    privilege log.

21               SPECIAL MASTER:   Well I'm still -- yes, talking

22    about some form of in camera review relating to the privilege

23    log.   Though I haven't seen the privilege log so I didn't

24    realize that you had put that in there as well.

25               MS. STEVENSON:   Well if we're talking about -- if

1   you think you want to do an in camera review of the

2   unredacted Board minutes to confirm that the redacted

3   material is not relevant I think that's fine.   I think we've

4   -- that is ripe.   I think the privilege issues are not ripe

5   because we've not finished briefing the motion yet.

6                  SPECIAL MASTER:   Okay.

7                  MS. STEVENSON:   Or we could wait and do it all at

8   one time after we've finished the motion to compel number

9   five.

10                 SPECIAL MASTER:   The only reason I was thinking

11  about approaching it now was to keep things moving but now

12  that I realize that in the privilege log they're both there

13  I'm slightly reluctant to start digging in to that when I

14  haven't had the briefing completed on number five.

15               Well, here's how we'll start.  The Plaintiffs will

16  identify what documents and information they need after

17  having had these hearings and the recent productions.  They

18  will present that to Vail Health by when, Mr. Kildow or Ms.

19  Braunschweig?  You know, including the reference to which

20  request for production interrogatory it is.

21               MS. BRAUNSCHWEIG:  Right.  Right.  Does ten days

22  seem reasonable to you, Judge?

23               SPECIAL MASTER:  It's reasonable to me.

24               MS. BRAUNSCHWEIG:  Okay.

25               SPECIAL MASTER:  All right.  Without counting