IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' OPPOSITION TO VAIL HEALTH'S MOTION
TO PLACE CERTAIN FILINGS UNDER FILING RESTRICTIONS**

## INTRODUCTION

Vail Health's motion to restrict makes no attempt to analyze the information and documents it seeks to redact in conjunction with the required elements of D.C.COLO.LCivR 7.2(c).[1] Instead, its motion comes down to three general contentions. *First,* "[d]isclosure of the information about Vail Health's contemplated and actual business collaborations, and the purported values thereof, could cause competitive harm to Vail Health and breach confidentiality obligations to third parties."[2] *Second,* "[p]ublic filing…would reveal Vail Health's business strategy and financial data."[3] *Third,* the filings "contain confidential commercial information, including confidential draft contract

---

[1] *See, e.g., Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 547 (7th Cir. 2002) ("court will in the future deny outright any motion…that does not analyze in detail…the propriety of secrecy, providing reasons and legal citations…Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success.").
[2] ECF No. 410 ¶ 4.
[3] *Id.* ¶ 10.

terms…information from confidential presentations concerning the relationship between Vail Health and SPRI….and confidential financial data."[4]  But in making these broad assertions, ¶ 3 of its motion merely parrots the general legal standards, apparently believing that if it says it is so, it will be so.  It asks this Court to rubberstamp Vail Health's determinations that information and documents should be shielded from the public without the detailed analysis mandated by Local Rule 7.2(c).  A federal district cannot accommodate a party's request to eliminate such an essential and required procedure.[5]

Vail Health has not provided *any* evidentiary support by way of affidavit or otherwise.  Failure to do so means it cannot carry its "heavy burden" to identify a clearly defined and serious injury if the information is not restricted (here, redacted), or why Vail Health's interest outweighs the presumption of openness to court records.[6]  As it has in the past, Vail Health principally relies on the Stipulated Protective Order to claim Level 1 restrictions are appropriate.  A party's ability to designate information "confidential" during discovery, however, was never intended to transform litigation in a public forum into a proceeding where motions and other filings are shrouded in secrecy.[7]  Because Vail Health has not satisfied the requirements of Local Rule 7.2(c), its motion must be denied.

---

[4]  *Id.* ¶¶ 11-13.
[5]  *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (instructing court cannot rubberstamp and allow parties to seal whatever they want; judge is primary representative of public interest and duty-bound to review request).
[6]  *See Helm v. Kansas*, 656 F.3d 1277, 1292-93 (10th Cir. 2011) ("parties must articulate a real and substantial interest [a heavy burden] that justifies depriving the public of access to the records"); *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 639 (D. Colo. 2010) (refusing to seal when no "clearly defined and serious injury" was identified); *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) ("moving party must submit particular and specific facts, and not merely stereotyped and conclusory statements").
[7]  *Helm,* 656 F.3d at 1292 ("parties cannot overcome the presumption…by pointing out that the records are subject to a protective order"); *Huddleson,* 270 F.R.D. 638 (same).

**ARGUMENT**

**I.     THERE IS A PRESUMPTION OF PUBLIC ACCESS TO COURT RECORDS.**

Plaintiffs have consistently pointed out that the public has a right of access to "judicial records and documents."[8]  As the Kansas federal district court aptly explained, "[w]hen exercising its discretion, the court minds that taxpayers fund court operations. Our citizens hold a substantial stake in what happens in our courtrooms and the decisions judges make there.  Public access to court decisions and the reasoning behind them inspires confidence in the fairness of the law and judicial proceedings."[9]  This presumption "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."[10]  The issues presented here implicate this second proposition because they involve two IRS § 501(c)(3) tax-exempt medical charitable organizations: Vail Health and SPRI.  The charitable status of Vail Health and SPRI raises the bar further to overcome the presumed interest of the public to access judicial records, which is addressed in more detail later.

**II.    VAIL HEALTH HAS NOT MET THE STANDARDS OF D.C.COLO.LCivR 7.2(c).**

Local Rule 7.2(c) sets the standards necessary for granting a motion restricting the public's access to court records.  It provides, in relevant part, that "[a] motion to restrict access…shall address the interest to be protected and why such interest outweighs the presumption of public assess…."  "The interest [to be protected] is to be articulated along with findings specific enough that a reviewing court can determine whether the closure

---

[8]     *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).
[9]     *Painter v. Midwest Health*, No. 19-2336-DDC, 2021 U.S. Dist. LEXIS 17061, at *2-3 (D. Kan. Jan. 29, 2021).
[10]    *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 9 (1986).

order was properly entered."[11]  "So the court must be surgical when sealing.  If parts of the record merit limits on public access, the court must seal only that which deserves protection,"[12] not more.  Vail Health fails to satisfy Local Rule 7.2(c)(2).

Vail Health's motion seeks to redact highlighted portions of Vail Health's Response to Plaintiffs' Partial Appeal of Special Master's Report No. 4.[13]  Vail Health does not, however, alert the Court that information it seeks to restrict has already been made public: (1) That Vail Health pledged $43 million to SPRI was disclosed long ago in public announcements and publications by Vail Health and SPRI.[14]  (2) The amount of the financial benefit to SPRI and Vail Health was discussed at the October 20 and 21 public hearings with the Special Master, transcribed made by this Court's reporter, and then publicly docketed.[15]  Over the course of more than a year, Vail Health has done nothing to restrict that information from the public.[16]  Plaintiffs addressed this issue the last time Vail Health filed a motion to restrict,[17] which is also publicly available.  Yet still, Vail Health does not explain how it can retroactively seek to seal that information now.[18]  (3) That

---

[11] *Id.* at 9-10.
[12] *Painter,* 2021 U.S. Dist. LEXIS 17061 at *2-3 (citing *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019)).
[13] ECF Nos. 410 ¶¶ 11-12, 411-2 at 7-8.
[14] *See, e.g.,* "Vail Health Receives 2020 Press Ganey Guardian of Excellence Award" (Sept. 30, 2020), available at https://www.vailhealth.org/news/vail-health-receives-2020-press-ganey-guardian-of-excellence-award; ECF No. 395 at 10 n.51-52.
[15] *See* ECF No. 218 at 8:7-12, 34:11-16, 44:3-7 (publicly disclosing financial benefit).
[16] *See* ECF Nos. 217-18; Notice of Electronic Availability of Transcripts at § II.F. (permitting motion to seek additional redactions not related to personal identifiers but must be filed within 21 days of filing notice of intent to request redaction).
[17] ECF Nos. 395 at 12.  *See also* ECF No. 400 at 5.
[18] *See, e.g., Patriot Grp. Int'l v. Janus Glob. Operations LLC*, No. 1:16-cv-907 (LMB/TCB), 2016 U.S. Dist. LEXIS 198652, at *4 (E.D. Va. Aug. 11, 2016) ("to the extent that the parties have discussed the contents of the [putatively] sealed documents in their filings, briefings, and in open court…the parties' arguments" to seal are waived).

Howard Head is a SPRI collaborator was made public by Vail Health and SPRI.[19] (4) SPRI's other partners, such as University of Texas Health Center, Mayo Clinic, University of Wisconsin, and Northwestern University, are publicly listed on SPRI's website.[20] Documents and information that Vail Health and SPRI have placed in the public domain cannot now be clawed back.

Not only has that "interest" (as reflected in the information and documents) been made public by Vail Health itself and SPRI (or Vail Health failed to object to it being made part of the public record), but Vail Health's motion fails to explain "why such interest outweighs the presumption of public assess." It summarily states that publication "could cause competitive harm to Vail Health and breach confidentiality obligations to third parties,"[21] but nowhere does it identify with particularity what the "competitive harm" could possibly be. The "competitive harm" assertion is merely a lawyer's conclusion without the identification of any evidence supporting it.[22] Nor does Vail Health provide any analysis of how those purported interests would outweigh the public's interests. Vail Health has thus failed to satisfy the requirements to restrict under Local Rule 7.2(c)(2).

Local Rule 7.2(c)(3) states that a motion to restrict must "identify a clearly defined and serious injury that would result if access is not restricted." As to this rule, Vail Health

---

[19]   *See, e.g.,* "Personalized Blood Flow Restriction from Steadman Philippon: Howard Head in Arthroscopy Techniques," available at https://www.youtube.com/watch?v=LBsaFoxa2TY; SPRI, "Injury Prevention Conference – Nico Brown Interview," at 2:00 min., available at https://www.youtube.com/watch?v=CD6jyOaEdLI; SPRI, "Golf Sports Medicine," available at https://www.sprivail.org/departments/golf-sports-medicine.
[20]   *Compare* ECF No. 411-2 at 7 *with* SPRI "Research Partners," available at https://www.sprivail.org/about-us/research-partners.
[21]   ECF No. 410 ¶ 4.
[22]   *Watson v. Dillon Cos.*, No.: 08-cv-00091-WYD-CBS, 2013 U.S. Dist. LEXIS 122595, *18-19 n.2 (D. Colo. Aug. 28, 2013) (noting attorney argument is not evidence).

merely restates its citation to pages 7 and 8 of its Opposition to Plaintiffs Motion To Compel No. 4,[23] but it offers no facts identifying a "clearly defined and serious injury" that would result if access is not restricted.  There is no affidavit of a Vail Health representative explaining what the serious injury would be.  Again, Vail Health merely offers conclusory statements from its legal counsel (which are not evidence) that "disclosure of the information about Vail Health's…actual business collaborations…could…breach confidentiality obligations to third parties"[24] and that Vail Health has disclosed confidential draft contract terms from an agreement and two presentations.[25]  But there is no evidence via deposition, affidavit, or otherwise supporting those contentions either.

SPRI's public financial statements themselves reveal the relationships between itself, Vail Health, and The Steadman Clinic.[26]  Vail Health has publicly touted its donations to SPRI for medical research, and Steadman and SPRI have publicly acknowledged their collaborative relationships with Vail Health, including the $100 million campaign to fund renovations to the hospital benefitting Steadman, SPRI, and Howard Head.[27]  How could Vail Health be harmed by the information it now claims is so sensitive when the very same information it seeks to sequester was long ago outed to the public by Vail Health itself?

---

[23]    ECF No. 410 ¶¶ 11-12.  *See also* ECF Nos. 399, 411-2 at 7-8.
[24]    ECF No. 410 ¶ 4.  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662, 679 (3d Cir. 2019) ("blanket assertions of harm that 'could' come to fruition fall short of the clearly defined and serious injury…to obtain sealing under any standard").
[25]    ECF No. 410 ¶ 11.  *But see* ECF No. 411-2 at 7-8 (discussing what is *not* purportedly found in those documents; not quoting those documents)
[26]    *See* ECF No. 395 at 7-12.
[27]    *See* "Vail Valley Medical Center and Steadman Philippon Research Institute Launch Capital Campaign," available at https://www.vailhealth. org/news/vail-valley-medical-center-and-steadman-philippon-research-institute-launch-capital-campaign; "Together: The Campaign for a Healthy, Active Tomorrow Exceeds Fundraising Goal (June 26, 2019), available at https://vailhealthfoundation.org/news/steadman-philippon-research-vail-health-announce-together-campaign-exceeds-fundraising-goal/.

Vail Health's motion is silent as to this issue because the information it seeks to impound reflects general descriptions that do not disclose current confidential information or business strategies.[28]  Vail Health has not identified, let alone with the required specificity, any harm it will suffer if the filings are not restricted. "[S]pecificity is essential.[29]  Broad allegations of harm, bereft of specific examples or articulated reasoning, or "unsupported assertion[s] of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage'" are insufficient.[30]

Nor does Vail Health identify any confidentiality provision protecting the research affiliation agreement itself from disclosure.  Instead, the agreement contains a publicity clause providing the opposite,[31] which likely explains the many public statements both Vail Health and Steadman/SPRI have made, including Vail Health's $43 million donation to SPRI, and in exchange, Vail Health's seats on the SPRI board.[32]  This is consistent with the charitable organizational purposes of SPRI.  Its 2002 Annual Report states: "Founded in 1988 by orthopaedic surgeon Dr. J. Richard Steadman, the Foundation is an independent, tax-exempt (IRS code 501(c)(3)) charitable organization.  The Foundation dedicates itself to finding solutions to orthopaedic problems that limit a person's ability to

---

[28]     *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-CV-01301-PAB-GPG, 2020 U.S. Dist. LEXIS 259164, at *22 (D. Colo. Sep. 30, 2020) ("A party seeking to protect outdated information must make a specific showing of present harm."); *In re Epipen Epinephrine Injection*, No. 17-md-2785-DDC-TJJ, 2020 U.S. Dist. LEXIS 40975, at *38 (D. Kan. Mar. 10, 2020) (declining to restrict outdated business information).
[29]     *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted).
[30]     *Id.*; *Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 U.S. Dist. LEXIS 73348, at *5 (N.D. Cal. June 5, 2015).
[31]     ECF No. 387-2 § 5.
[32]     "Vail Health Receives 2020 Press Ganey Guardian of Excellence Award" (Sept. 30, 2020), available at https://www.vailhealth.org/news/vail-health-receives-2020-press-ganey-guardian-of-excellence-award; ECF No. 395-2 at A-15.

remain physically active.  In fulfillment of its mission, the Foundation shares its findings with health-care professionals and the public in a variety of ways."[33]

And finally, Vail Health does not explain how a purported charitable donation—from one 501(c)(3) charitable organization to another 501(c)(3) charitable organization — could possibly affect, let alone, harm Vail Health's competitive standing.  Afterall, Vail Health repeatedly informed the public that the monies the public donated would be used to fund SPRI medical research, along with improved and expanded facilities for Steadman, SPRI, and Howard Head.[34]  If a medical 501(c)(3) organization (such as Vail Health) publicly commits to donate contributions from the public to another 501(c)(3) medical research organization, it can hardly be argued that there was any expectation of confidentiality between the two 501(c)(3) organizations.

Vail Health also touts its relationship with Steadman/SPRI as publicly benefiting the Vail Valley community and public at large, so one would expect disclosing this charitable giving to such worthy medical and scientific research would be a no brainer.  Why then is Vail Health so adamant to keep this information secret here?  Contrary to the requirements of Local Rule 7.2(c)(2) and (3), Vail Health does not say.

## III.    MATTERS OF PUBLIC RECORD CANNOT RETROACTIVELY BE SEALED.

As noted above, the information Vail Health seeks to have redacted is already a matter of public record.  Plaintiffs raised this issue even before Vail Health filed its motion.  Vail Health declined to address it then[35] and does not address it now.  As the Federal

---

[33]    SPRI Annual Report at 2 (emphasis added), available at https://www.sprivail.org/files/pluginfiles/item_13/field_318/2002_annual_report.pdf.
[34]    See supra n.27.
[35]    ECF No. 411-1 at 3-4.  See also ECF No. 411-3 (seeking to restrict public filings, including public news articles and unprotected deposition testimony).

District Court in *Flohrs v. Eli Lilly & Co.*[36] aptly explained, "information Plaintiff seeks to protect has already been in the public record for several months. The cat has already been let out of the bag, so to speak, yet Plaintiff alleges no harm or hardship flowing from its disclosure."[37] Vail Health made no attempt to carry its "heavy burden" and provide both factual and legal bases that retroactive restrictions are appropriate here.[38]

Vail Health's conclusory requests to restrict appear to stem from its desire to "shield prejudicial information…from the public. This desire, however, cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know."[39]

IV.  **OUTDATED FINANCIAL INFORMATION DOES NOT REQUIRE RESTRICTION.**

At page 8 of Vail Health's response, Vail Health describes its contribution margin in FY2015 and FY2020,[40] that is, the amount of profit left after subtracting variable costs from revenue. Vail Health summarily claims that disclosing limited, aggregate historical estimates of profit margins needs to be redacted but offers no explanation why. It does not provide any factual detail explaining how or which competitors could take advantage of that noncurrent information. Courts routinely find that historical financial data that goes well beyond the two discrete numbers here (such as profit analyses, costs, and sales

---

[36]  No. 12-2439-SAC, 2013 U.S. Dist. LEXIS 125746 (D. Kan. Sep. 4, 2013).
[37]  *Id.* at *5-6.
[38]  *See id.; Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer....We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.").
[39]  *Brown & Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1180 (6th Cir. 1983).
[40]  ECF Nos. 399, 411-2 at 8.

figures) should not be restricted because it will not result in any *current* competitive harm.[41] Even if the Court were to disagree, at best, the only thing arguably that could be redacted on page 8 are the two contribution margin numbers.

Vail Health also makes a vague reference to "trade secrets,"[42] but it fails to identify what those are here. Vail Health's financial statements are publicly disclosed on the bond repository website, as it is contractually required to do to obtain the $100 million in funds,[43] its tax returns are publicly available,[44] and under the Hospital Price Transparency regulations, it must post on its website its standard medical procedure charges to ensure transparency in healthcare prices for consumers.[45] So in contrast to companies in the private sector, this type of information cannot be considered a trade secret.

## V. PUBLIC INTEREST HERE OVERRIDES ANY PRIVACY INTEREST.

Vail Health provides no analysis of the public's interest in accessing court records, particularly in a case involving a community hospital that is alleged to have engaged in anticompetitive conduct that resulted in overbilling the community it is supposed to serve. One of the most vital public interests is public health,[46] including its accessibility and ever-

---

[41] *See F.T.C. v. Abbvie Prods. LLC*, 713 F.3d 54, 69-70 (11th Cir. 2013) (affirming decision to unseal outdated financial information); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 113132, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012) (finding Apple failed to show how historical profit, profit margin, cost, or unit sales data could provide competitors any future advantage).
[42] ECF No. 410 ¶ 3(b).
[43] ECF Nos. 395-2 at Appendix E, 395-4.
[44] *See* Vail Clinic Form 990s, available at https://www.coloradosos.gov/ccsa/pages/public/form990s.xhtml.
[45] "Vail Health Standard Charges," available at https://www.vailhealth.org/patients-and-visitors/estimate-your-cost-of-care.
[46] *In re Gee*, No. 19-30953, 2019 U.S. App. LEXIS 40309, at *6 (5th Cir. Nov. 27, 2019); *Does v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir. 2021); *Electra-Med Corp. v. United States*, 140 Fed. Cl. 94, 107 (2018).

rising cost. Vail Health does not address that: (1) it is a community hospital that is there to serve the medical needs of Eagle County residents, (2) it claims to be a "cornerstone" of the Vail Valley community for over 50 years, (3) it is proud of its financial contributions to the community, (4) it obtained $100 million in public bond financing, and (5) it raised another $100-200 million from the public and community for its building projects. Given this, Vail Health has not explained why an unsubstantiated privacy interest outweighs the public's right to access court records. Two Colorado newspaper articles alone show the issues presented here involve a matter of significant public interest.[47]

For example, the *Denver Post* singled out Vail Health, contrasting how in 2007, Vail Health lost money but in 2018 "the hospital is a profit-making juggernaut with operations spread among eight locations in the Vail Valley. The 58-bed hospital made a profit of $100 million last year [2017], with net revenues coming in 20 times higher than the loss reported in 2007. Vail Health last year generated a 36 percent profit margin, among the highest for a hospital in the state and the nation."[48] The *Post* further reported that Vail Health had nearly $411 million in investments (excluding property), in contrast to $55 million in 2000. One Anthem executive was reported as saying: "'They've expanded, …And I would argue that has happened at the expense of the community. Instead of lowering the cost as they bring in more profits, the dollars they take keep getting bigger and bigger and bigger and they keep expanding and expanding.'"[49]

That is precisely what Plaintiffs' antitrust action seeks to address. The inequities resulting from monopolistic conduct that harms the community Vail Health claims to serve.

---

[47]  ECF Nos. 393-3, 393-5.
[48]  ECF No. 393-5 at 15.
[49]  *Id.* at 16.

"America's democracy—and America's economy—should work for everyone, not just the privileged few.  This is an economy that works extremely well for the wealthy but leaves so many American families and working people behind...."[50]  "America's antitrust laws, as originally designed, were intended to decrease such inequality....Indeed, if the antitrust laws are vigorously enforced, Americans will once again be in a better to confront the challenges of wealth and income inequality."[51] Thus, antitrust is an important policy tool to address this inequality, making it undoubtedly a matter of public concern.[52]

And as the Colorado Supreme Court has explained, "[a] hospital,…whose doors are open to those needing medical and surgical treatment…which depends for its support and maintenance upon the fees of patients and gifts and donations…is conducted in the interests of the general public…."[53]  As a nonprofit charitable organization, which presents itself as providing valuable services to the general public and Eagle County community, it is unclear how Vail Health can dispute that the public has a right to know how Vail Health has used the hundreds of millions it receives from patient fees and public donations.  In *E.E.O.C. v. National Children's Center,*[54] the U.S. Court of Appeals for D.C. refused to seal documents involving a nonprofit organization that treated and cared for disabled children.  The nonprofit argued that if they were not sealed, it could impact the nonprofit's

---

50   AMY KLOBUCHAR, ANTITRUST: TAKING ON MONOPOLY POWER FROM THE GILDED AGE TO THE DIGITAL AGE 187 (First Vintage Books ed. 2022).
51   *Id.* at 229.
52   *See Georgia v. Pa. R.R.*, 324 U.S. 439, 450-51 (1945) (violating antitrust laws is a wrong "of grave public concern"); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1130 (S.D. Tex. 1976) ("important public concern in combatting an antitrust violation in the courts is the damage that such a violation wreaks upon the competitive market system. Private enforcement is thus premised…on a theory of protecting the desired market status and thereby vindicating the public interest").
53   *St. Luke's Hosp. v. Indus. Comm'n of Colo.*, 349 P.2d 995, 998 (Colo. 1960).
54   98 F.3d 1406 (D.C. Cir. 1996).

public support and funding. But that argument cut against, rather than for, sealing the record: "The public should be able to learn how the money it has contributed to a charitable organization is being spent,"[55] which Vail Health itself acknowledges.

In the 2015 bond offering, Vail Health itself reported that, as a 501(c)(3), it must publicly disclose its "compensation practices, corporate governance, loans to management and others, joint ventures and other types of transactions….community benefit information…[and] tax exempt bonds…."[56] This transparency is important because, as Vail Health admits, it "can result in enhanced enforcement from the IRS and other stakeholders, including state attorneys general, unions, plaintiff's class action attorneys, public watchdog groups and others."[57] So, by Vail Health's own admission, the public interest of open records far outweighs any privacy interest of Vail Health. When "a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."[58] So too here.

## VI. VAIL HEALTH'S RELIANCE ON THE PROTECTIVE ORDER IS MISPLACED.

Vail Health devotes three paragraphs to the Stipulated Protective Order,[59] relying on the confidentiality designations under that Order to claim Level 1 restrictions here. Taking Vail Health's argument to its logical conclusion that presumably means that court orders should similarly be restricted when confidential or restricted documents are quoted or summarized. Yet, Vail Health has not addressed Local Rule 7.2(c)(2), which states that "stipulations between the parties or stipulated protective orders with regard to

---

[55]  *Id.* at 1410.
[56]  ECF No. 395-2 at 33.
[57]  *Id.*
[58]  *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).
[59]  ECF No. 410 ¶¶ 7-9.

discovery, alone, are insufficient to justify restriction…." In the March 30, 2022 Order, the Court discussed restricted documents when ordering certain information be produced.[60] Likewise, the Special Master's July 6, 2022 Report quotes extensively from Dr. Noether's Report and Vail Health's discovery responses,[61] both designated as confidential and restricted.[62] And more recently, the Special Master's October 21, 2022 Report quotes and summarizes documents that Vail Health claimed to be privileged.[63] In no way do Plaintiffs contend that this is in any way improper, it is just offered to further show why a party's designation is not the *sine qua non* in deciding a motion to restrict.

The Seventh Circuit in *Baxter International, Inc. v. Abbott Laboratories*[64] addressed a situation much like the one presented here: "Beyond asserting that the document must be kept confidential because we say so (the 'agreement is, by its terms, confidential'), this contends only that disclosure 'could…harm Abbott's competitive position.' How? Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained. Why is the fact that some other document contains *references* to a license sufficient to conceal the referring document? Not explained. If it were, then the district court's opinion…which includes not only references to the licenses but also extended quotations from them, would have to be blotted from the books. So all we have is ukase."[65]

---

60 ECF No. 307 at 4-5.
61 *See* ECF No. 362 ¶¶ 4, 7-9, 11, 15,-16, 19-22, 27-28.
62 ECF Nos. 98, 103-1, 318-2.
63 *See* ECF No. 398 at 5, 7, 9-11, 16.
64 297 F.3d 544 (7th Cir. 2002).
65 *Id.* at 547.

Additionally, it bears pointing out that the parties' Stipulated Protective Order[66] is limited to the designation of "*documents*"—defined under § 1(d) as "all materials within the scope of Fed. R. Civ. 34(a)"—as confidential; specifically produced documents, discovery responses, deposition transcripts, or hearings "but only to protect trade secrets, confidential research development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(G)."[67]  Documents may also be designated attorneys' eyes to protect competitively sensitive information that would cause irreparable harm if competitors had access it.[68]  But the Protective Order is silent on the use of such documents in motions, pleadings, or court filings.  Vail Health has not cited any provision in the Protective Order that motions or other filings that summarize or quote portions of protected documents have the same confidentiality designation,[69] so its reliance on the Protective Order alone is also misplaced for this reason as well.

## CONCLUSION

Plaintiffs respectfully request that Vail Health's motion be denied in its entirety.

---

[66]  ECF No. 76.
[67]  *Id.* § 4.
[68]  *Id*.
[69]  *See Systemic Formulas, Inc. v. Kim*, No. 1:07-CV-159 TC, 2009 U.S. Dist. LEXIS 119502, at *4-5 (D. Utah Dec. 23, 2009) (protective order including that provision).

Dated:  November 18, 2022

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig (MN# 0290282)
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 18, 2022, I served a true and correct copy of Plaintiffs' Opposition to Vail Health's Motion to Place Certain Filings Under Filing Restrictions via the Court's ECF system on:

>Shannon Stevenson
>Janet A. Savage
>Jackie Roeder
>Daniel Richards
>Davis Graham & Stubbs LLP
>1550 17th Street, Suite 500
>Denver, CO  80202
>
>Counsel for Defendant

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow