**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE VAIL HEALTH'S REPLY TO MOTION FOR LEAVE TO RESTRICT

Defendant Vail Clinic, Inc. ("Vail Health") hereby submits its Response to Plaintiffs' Motion to Strike Vail Health's Reply to Motion for Leave to Restrict (Dkt. 405) ("Motion to Strike").

On October 13, 2022, Vail Health filed a concise Motion to Place Motion and Exhibit Under Filing Restrictions ("Motion to Restrict") (Dkt. 393), which sought to maintain Level 1 filing restrictions on two documents—one motion and one exhibit. The first document, the motion, quoted from confidential documents currently under Level 1 filing restrictions. The second document, the exhibit, was a confidential draft contract between Vail Health and a third party that, if made public, would cause competitive harm to Vail Health—a type of document routinely restricted by federal courts, rarely with any opposition. In response, Plaintiffs filed a *15-page* opposition brief (Dkt. 395) ("Response"). Given Plaintiffs' lengthy Response, Vail Health filed a six-page reply brief (Dkt. 404) ("Reply"). Plaintiffs then filed their Motion to Strike the Reply, claiming that the local rules and this Court's orders do not permit reply briefs on motions to restrict

1

and that the reply prejudiced Plaintiffs.  The Court should deny the Motion to Strike because (1) Local Rule 7.1(d) authorizes reply briefs on motions, and (2) the Reply did not raise new arguments but merely responded to arguments raised in Plaintiffs' Response.

Plaintiffs' filing of a 15-page brief in opposition to a routine motion to restrict and then moving to strike Vail Health's response to that brief—thereby necessitating yet another round of briefing—reflects a pattern of Plaintiffs placing unwarranted burdens on the Court and Vail Health and unduly multiplying these proceedings.  (*See* Dkt. 113 at 4 (quoting 28 U.S.C. § 1927); Dkt. 118 at 6).  The Court should deny the Motion to Strike.

## CONFERRAL

In response to Plaintiffs' statements that Vail Health "did not respond" and "has not responded" to their conferral emails regarding the Motion to Strike (Motion to Strike at 2, 4), Vail Health directs the Court to Exhibit A, the full email chain between the parties on this issue, including Vail Health's responses to Plaintiffs' emails.

## ARGUMENT

**I.     The Reply Is Authorized by Local Rule 7.1(d).**

Vail Health's Reply is authorized by Local Rule 7.1(d).  Local Rule 7.1 governs "Motions" generally, and subsection 7.1(d) authorizes reply briefs regarding motions.  Rule 7.1(d) provides:

> Excluding motions filed under Fed. R. Civ. P. 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion. The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response. The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow.

2

D.C.COLO.LCivR 7.1(d). Consistent with Rule 7.1(d), it is common practice in this jurisdiction for parties to support motions to restrict with reply briefs and for district courts to consider them. *See Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, Civil Action No. 18-cv-02525-DDD-KLM, 2019 U.S. Dist. LEXIS 151735, at *1 (D. Colo. Sep. 5, 2019) (granting motion to restrict based on argument raised in motion and reply brief); *Brill v. Correct Care Sols., LLC*, Civil Action No. 16-cv-03078-WJM-NYW, 2018 U.S. Dist. LEXIS 240409, at *6 (D. Colo. Mar. 5, 2018) (granting motion to restrict public access to contracts containing proprietary business information where both motion and reply brief were filed in support). Following that guidance, Vail Health has filed a reply in support of a prior opposed motion to restrict in this case without objection from Plaintiffs. (*See* Dkt. 203).

Vail Health directed Plaintiffs to Rule 7.1(d) as authority for the Reply during the parties' conferral on the Motion to Strike (Motion to Strike at 3), yet Plaintiffs provide no argument or authority for why Rule 7.1(d) should not apply here. Instead, Plaintiffs assert that neither Local Rule 7.2(d) nor the Court's April 1, 2022 Order (Dkt. 313) authorizes reply briefs in support of motions to restrict. (Motion to Strike at 4-5). But neither Rule 7.2(d) nor the Court's April 1, 2022 Order *addresses* whether reply briefs are permitted in support of a motion to restrict. Rule 7.2(d) prescribes the time for a member of the public to object to a motion to restrict after public notice of the same. *Compare* D.C.COLO.LCivR 7.1(d), *with* D.C.COLO.LCivR 7.2(d). The Court's April 1, 2022 Order provides that "[i]tems which the Court has previously restricted SHALL presumptively be entitled to the same level of restriction" if filed subsequently and requires responsive pleadings to be filed to support all objections to motions to restrict. (Dkt. 313 at 2-3). The April 1, 2022 Order also established a procedure for restricting the documents that

3

were subject to motions to restrict at Dkt. Nos. 251, 272, 289, and 298.  (Dkt. 313 at 3).  It does not address reply briefs.  Because neither Rule 7.2(d) nor the Court's April 1, 2022 Order prohibits reply briefs in support of motions to restrict, the general authority to file replies in support of motions in Rule 7.1(d) applies.

## II.     The Reply Does Not Prejudice Plaintiffs.

Plaintiffs assert that they have been prejudiced by the Reply because they have had "no ability to address and rebut facts and case law" Vail Health presented in the Reply.  (Motion to Strike at 7).  "When a party puts forth new arguments in a reply brief, a court may avoid error by either (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply."  *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (*citing Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998)).  However, new cases cited in a reply brief do not "constitute new legal argument" where they "pertain to a legal issue . . . already raised" in the original motion.  *Lemesany v. GM LLC*, No. 19-658 KG/SCY, 2020 U.S. Dist. LEXIS 1393, at *3 (D.N.M. Jan. 6, 2020); *In re Motor Fuel Temperature Sales Practices. Litig.*, No. 07-1840-KHV, 2011 U.S. Dist. LEXIS 144954, 2011 WL 5506259, at *2 (D. Kan. Nov. 10, 2011).  And arguments in a reply brief that respond directly to arguments raised in a response brief are not considered "new."  *Gates Corp. v. Dorman Products, Inc.*, No. 09-cv-02058-CMA-KLM, 2009 U.S. Dist. LEXIS 119700, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009).

First, Vail Health did not raise any new legal arguments in the six-page Reply; it supported the same arguments it raised in the Motion to Restrict with additional case law responsive to Plaintiffs' arguments and rebutted arguments raised in Plaintiffs' Response.  In the Motion to

4

Restrict, Vail Health argued that the first document it sought to restrict, Plaintiffs' Partial Appeal of Special Master's Report Regarding Rule 37 Motion to Compel #4 Relating to Joint Ventures and Other Combinations (Dkt. 387-1) ("Plaintiffs' Partial Appeal"),

> refer[ed] throughout to Vail Health's confidential commercial information and confidential information Vail Health received from third parties, including data regarding Vail Health's financial performance, confidential contract terms, and details regarding confidential contract negotiations. Plaintiffs source this information primarily from restricted exhibits . . . .

(Dkt. 393 at 1-2).  Similarly, Vail Health argued that the second document it sought to restrict—the Draft Research Affiliation Agreement and cover email (Dkt. 387-2)—contained "sensitive and confidential draft contract terms (including financial terms) and line edits to the agreement reflecting confidential contract negotiations."  (Dkt. 393 at 2).

Plaintiffs' Response addressed primarily Vail Health's arguments regarding Plaintiffs' Partial Appeal.  Plaintiffs asserted that the information quoted in Plaintiffs' Partial Appeal that Vail Health sought to protect was "not confidential" and was "publicly available."  (Response at 7).  Plaintiffs additionally argued that, under the parties' Protective Order, "information derived from protected documents" is not entitled to the same protection as the protected documents themselves.  (Response at 5).

In the Reply, Vail Health explained that the information it sought to protect in Plaintiffs' Partial Appeal *was* protectible, confidential commercial information, including "financial data" and "strategic business information," and provided case law in support.  (Reply at 3-4).  Vail Health also explained—as it did in its Motion to Restrict—that Plaintiffs' Partial Appeal quotes business strategy information from documents already restricted by this Court.  (Reply at 4).  Vail Health additionally asserted that, contrary to Plaintiffs' arguments, the information in Plaintiffs'

5

Partial Appeal is not publicly available, and it cited case law in support. (Reply at 5). Vail Health also rebutted Plaintiffs' argument that the Protective Order does not protect information derived from protected documents. (Reply at 5-6). Thus, the Reply did not raise any new legal arguments. It supported the arguments made in the Motion to Restrict with additional case law and responded to arguments raised in Plaintiffs' Response. *See James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 905 (D. Kan. 2021) ("[P]laintiff did nothing wrong by responding to the arguments raised in defendants' Response and pointing out deficiencies in defendants' Response") (alterations omitted); *cf. Wittman v. S. Cent. Bd. of Coop. Educ. Servs.*, Civil Action No. 21-cv-01121-RMR-KMT, 2022 U.S. Dist. LEXIS 17075, at *10-11 (D. Colo. Jan. 31, 2022) (disregarding "new arguments" raised in reply where motion to dismiss sought to dismiss procedural due process claim for failing to articulate a protected property interest and reply in support of motion sought to dismiss the claim on entirely different grounds).

Second, even if the Court determines the Reply raises new legal argument, the proper remedy is to decline to rely on only the new legal arguments raised in the Reply *or* to provide Plaintiffs the opportunity to file a surreply. *Pippin*, 440 F.3d at 1192. Plaintiffs cite no cases in support of the proposition that a reply should be stricken in its entirety if any portion of it contains a "new" argument.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Strike should be denied.

Respectfully submitted this 23rd day of November, 2022.

   *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*