# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' OPPOSITION TO VAIL HEALTH'S PARTIAL APPEAL OF SPECIAL MASTER'S ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL NO. 5 CONCERNING VAIL HEALTH'S PRIVILEGE LOG**

---

## INTRODUCTION

Vail Health's appeal is the direct result of its own decision not to provide the Special Master with the evidentiary proof, context, or facts necessary to substantiate its claims of privilege.[1] A party asserting attorney-client privilege bears the burden of showing with competent evidence that the privilege clearly applies.[2] When a party fails to substantiate a claim of attorney-client privilege in response to a motion to compel,[3] the claim will be

---

[1] *See United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (stating claim of privilege will be rejected if sufficient detail (by way of privilege log, affidavit, or deposition testimony) does not demonstrate all legal elements of privilege).

[2] *RCHFU, L.L.C. v. Marriot Vacations Worldwide Corp.*, Civil Action No. 16-cv-1301-PAB-GPG, 2018 U.S. Dist. LEXIS 198355, at *2 (D. Colo. May 22, 2018) (citing *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999)).

[3] *See Skepnek v. Roper & Twardowsky, L.L.C.*, No. 11-4102-KHV, 2013 U.S. Dist. LEXIS 163475, at *4-5 (D. Kan. Nov. 18, 2013) ("The duty to raise the issue of privilege …rested with defendants, not plaintiffs….defendants had the burden to assert those objections and support them in opposing the motion to compel."); *Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 39 (D.D.C. 2010) (same).

denied,[4] which is what the Special Master found here when he concluded that Vail Health failed to establish the facts and context necessary to establish the privilege.[5] In its appeal, Vail Health seeks to shift its burden to the Special Master to marshal the facts by unfairly and incorrectly arguing that the Special Master was obligated to divine the foundational requirements of who, what, and why for complicated, multiparty, multicorporate business transactions when Vail Health itself failed to provide those facts.  In a case strikingly similar to this one, the Maryland Federal District Court rejected the notion that judges bear the burden on privilege issues to be like "'pigs hunting for truffles buried in briefs.'"[6]

This explains why "a proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality.  Unless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege. An improperly asserted claim of privilege is no claim of privilege at all….In short, a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient *facts* as to bring the identified and described document within the narrow confines of the privilege."[7]  And as the Special Master found,[8] submitting a batch of (disorganized) documents for *in camera* review does not "provide an adequate or suitable substitute because the Court is often without information of what the document concerns or how it came into being or other relevant information which would enable it to determine

---

[4]   *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984).
[5]   ECF No. 398 at 4-17, 20-21.
[6]   *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 403 (D. Md. 2005) (citation omitted).
[7]   *Int'l Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974).
[8]   *See* ECF No. 398 at 7 ("the documents in question require considerable interpretation, explanation, and additional context," which Vail Health did not provide).

whether the documents are privileged."[9]  Instead, Vail Health chose to address only 5% of the challenged entries, of which only 3 entries were found to be privileged.  Vail Health did not attempt to provide any evidentiary support for the remaining 95%, instead relying on "bald assertions of the attorney-client privilege," which can be viewed as "nothing more than deliberate attempts to delay and obstruct discovery."[10]  Having only itself to blame for the predicament it finds itself, the Court should adopt the Special Master's Report on the issues Vail Health has appealed and order production of the documents.

## BACKGROUND

Although Vail Health's "background" section is essentially irrelevant, Plaintiffs are compelled to address three issues.  *First,* Vail Health appears to imply that Plaintiffs filing five motions to compel was unreasonable and vexatious,[11] which is curious when the Special Master ruled in Plaintiffs' favor on approximately 30 issues, denying only three.[12]  *Second,* Plaintiffs gave Vail Health months to produce a log after it did not produce one on May 28, 2021, as promised.[13]  It took a motion to compel before a (deficient) log was finally produced.  Vail Health then shifted its burden to Plaintiffs to identify and explain each deficient entry, which Plaintiffs did, but even so, it still did not timely produce a revised log, resulting in another motion.[14]  *Finally,* Plaintiffs sought to simplify and streamline the Special Master's *in camera* review, which Vail Health refused to do.[15]

---

[9]     *Int'l Paper Co.,* 63 F.R.D. at 94.
[10]   *Casson Constr. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 384 (D. Kan. 1980); *Neuberger Berman*, 230 F.R.D. at 409 ("Delay can be nearly as effective in the concealment of facts as outright destruction in interfering with the prosecution of a case.").
[11]   ECF No. 414 at 2.
[12]   ECF No. 362, 381-83, 398.
[13]   ECF No. 132 at 2.
[14]   ECF Nos. 195 at 2, 195-2, 195-3.  The revised log is still deficient. *See* ECF No. 396-1.
[15]   *See* Ex. 1 at 1, 3-4; ECF No. 384 at 3 (Special Master noting issues with review).

## ARGUMENT

**I.   VAIL HEALTH BEARS THE BURDEN TO PROVE PRIVILEGE AND NO WAIVER.**

Because this case involves the Sherman Act, federal privilege law applies.[16]  As the Special Master recognized, "[t]o be a protected communication, the party asserting privilege must show: (i) a communication, (ii) made between privileged persons (that is, the attorney, the client, and 'any of their agents that help facilitate attorney-client communications or the legal representation'; (iii) in confidence; and (iv) for the purpose of requesting (by the client) or providing (by the attorney) legal advice to the client."[17]  To meet its burden, the party asserting the privilege—here, Vail Health—must clearly present sufficient facts[18] on a document-by-document basis[19] proving the applicability of the privilege as well as lack of waiver.[20]  And because the privilege protects only disclosures necessary to obtain informed legal advice, it must be strictly construed.[21]

---

[16]   *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550-51 (10th Cir.1995) (mere fact attorney involved in communication does not automatically render it privileged).

[17]   ECF No. 398 at 2-3 (citation omitted).  *See also EEOC v. Outback Steakhouse of Fla.*, 251 F.R.D. 603, 610 (D. Colo. 2008).

[18]   *See City of Roseville Emps. Ret. Sys. v. Apple Inc.*, No. 19-cv-02033-YGR (JCS), 2022 U.S. Dist. LEXIS 139843, at *45 (N.D. Cal. Aug. 3, 2022) (requiring declarations with "detailed facts relating to each specific document"); *In re NHL Players' Concussion Injury Litig.*, No. 14-MD-2551 (SRN/JSM), 2016 U.S. Dist. LEXIS 200854, at *10-11 (D. Minn. June 8, 2016) (requiring memorandum and sworn affidavits for each document claimed to be privileged); *Neuberger Berman*, 230 F.R.D. 405, 409-10 (same).

[19]   *In re Foster*, 188 F.3d at 1266; *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991).  *See also United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents….privilege must be specifically asserted with respect to particular documents"); *Rowe v. Liberty Mut. Grp., Inc.*, 639 F. App'x 654, 657 (1st Cir. 2016) (affirming denial of privilege when party failed to identify how general factors applied to each document); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (requiring privilege to be asserted "document by document").

[20]   *See In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010); Fed. R. Evid. 501 (stating privileges are governed by federal law in nondiversity cases).

[21]   *Fisher v. United States*, 425 U.S. 391, 403 (1976); *Trammel v. United States*, 445 U.S. 40, 50 (1980); *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019).

4

## II. VAIL HEALTH'S RESPONSE, BROWN DECLARATION, AND PRIVILEGE LOG FAILED TO SUBSTANTIATE ITS CLAIM OF PRIVILEGE.

Plaintiffs challenged 391 entries on Vail Health's privilege log. Of the challenged entries, Vail Health limited its response to 20 specific ones[22]—that is, 5% of the challenged entries. Although Vail Health apparently selected entries most representative of its claim, the Special Master found only 3 of the 20 entries to be privileged.[23] In other words, 85% of the entries Vail Health specifically addressed were *not*. Rather than focus its appeal on how Vail Health purportedly substantiated its claim of privilege, Vail Health attacks the Special Master's findings by claiming that he found a blanket privilege waiver as to the documents that he ordered be produced.[24] That is incorrect.

*First,* the Special Master rejected Plaintiffs' argument that a blanket waiver should be applied.[25] *Second,* waiver was addressed in the context of using outside email accounts and outside assistants, as well as selective waiver.[26] *Finally,* the Special Master considered Vail Health's response, the privilege log, and the Brown declaration, as well as reviewed documents *in camera* before concluding that Vail Health failed to substantiate its claims of privilege. As the Special Master aptly put it, "[c]ounsel is clearly knowledgeable about using particular language and phrases in their argument, but the Special Master must find sufficient evidence to support it."[27] Simply stated, Vail Health failed to supply the necessary proof; the documents were not privileged.

---

[22] *See, e.g*, ECF No. 398 at 5-8, 9-12, 15-16 (addressing Item Nos. 62, 116-17, 172, 252, 293, 372-73, 376, 379-82, 435, 438, 440-41, 544).
[23] *See id*. at 8, 17 (addressing Item Nos. 62, 172, 293).
[24] ECF No. 414 at 7-10.
[25] ECF No. 398 at 3 n.3.
[26] *Id*. at 17-21. Plaintiffs filed an appeal on the use of outside email accounts. ECF No. 408. The outside assistant issue is addressed as the last argument in this opposition.
[27] ECF No. 398 at 15.

Vail Health was required to provide the evidentiary foundation for facts that support a claim of privilege, but it did not do so.  (1) It did not identify with particularity the attorneys, their role, or that the communications were for the "express purpose of securing legal and not business advice."[28]  (2) It did not identify with particularity each Vail Health board member, officer, or employee who was a party to the communication and prove each person was involved in the legal, not business, decision-making process.  (3) It did not identify with particularity each third-party consultant, who engaged the consultant, for what purpose, and explain how the attorneys used the consultants to provide legal advice.  In sum, Vail Health needed to describe the nature of each communication, its purpose, and provide the context necessary to distinguish business advice from legal advice.

But Vail Health provided virtually none of those foundational facts.  For example, Plaintiffs identified 238 entries in which an attorney was identified as a recipient of an email.[29]  Vail Health refused to even disclose whether the attorneys were direct recipients or merely copied on the emails,[30] apparently recognizing that if an attorney was simply copied, without more, the communication would not be privileged.[31]  Plaintiffs also

---

[28]   *RCHFU*, 2018 U.S. Dist. LEXIS 198355, at *16.  *See also Neuberger Berman*, 230 F.R.D. at 411 (same).
[29]   *See* ECF No. 195-4 at Item Nos. 35-38, 48-49, 51, 54, 57-60, 62, 64, 69-70, 73, 75, 89, 91, 95, 97-99, 101, 104-06, 108-09, 117, 122-23, 127, 129-36, 141-43, 145-50, 154-56, 158, 162-66, 168, 173-76, 178, 180, 202, 204-06, 208, 214-17, 220-24, 228-35, 237, 241-50, 252-53, 257-58, 265, 267-69, 273, 276, 278-79, 283, 285, 287, 291, 293, 297-98, 300-01, 303-05, 308-11, 313, 317, 320, 326, 329, 334, 341, 353, 355, 359-60, 363, 365, 370-71, 373, 377, 382, 385-86, 391-92, 395, 399, 409, 414, 421, 423, 425, 427-29, 431-33, 435, 437-38, 443-45, 447, 449-50, 452-53, 455-57, 459-67, 478-82, 484, 489-90, 518, 522-26, 533, 535-42, 545, 551-54, 556, 560, 562-63, 565-66, 570-571, 573.
[30]   ECF No. 213 at 3 (stating it is meaningless to identify if attorney is merely copied).
[31]   *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir. 1995) ("mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege").

asserted that Vail Health failed to provide meaningful descriptions,[32] characterizing documents as "email conveying information and discussing that information for the purposes of seeking legal advice," "email to legal counsel providing information for purposes of seeking legal advice on forthcoming additional information,"[33] or "concerning valuation prepared at the direction of legal counsel…."[34]  Likewise, Vail Health claimed generic "documents" and "information"[35] as privileged, as well as "email[s] providing weekly summary documentation concerning legal matters including joint venture," "Steadman lease," "SPRI lease," "MSO," and "VSO/HH joint venture."[36]  Despite these issues being raised, Vail Health did not provide any proof substantiating the privilege.

Vail Health could easily have addressed many of the challenged entries in Brown's declaration alone but instead chose to address seven—only one of which was deemed privileged.[37]  Nor did Vail Health attempt to provide any affidavits of Doris Kirchner, Michael Shannon, Duane Morris attorneys, or the valuation experts to supports its claim of privilege.  Instead, Vail Health criticizes the Special Master for failing to ferret out the

---

[32]   *See, e.g., Outback Steakhouse,* 251 F.R.D. at 611 (log, or other evidence, must *clearly* establish asserted privilege applies by providing specific facts).
[33]   *See, e.g.,* ECF No. 195-4 at Item Nos. 201, 218, 339-40, 396-97, 400, 572.  *But see Siegmund v. Bian*, No. 16-CV-62506-MORE, 2018 U.S. Dist. LEXIS 130337, at *17-18 (S.D. Fla. Aug. 1, 2018) (using "legal advice" does not establish elements of privilege).
[34]   *See* ECF No. 195-4 at Item Nos. 427-34, 564; ECF No. 414-7 ¶ 7.  *But see United States v. Davita, Inc.*, 301 F.R.D. 676, 682 (N.D. Ga. 2014) ("'at the direction of counsel' does not in itself support a claim of privilege").
[35]   ECF No. 195-4 at Item Nos. 201, 218-19, 320-21, 326-29, 336-52, 373-76, 382, 388-90, 393-94, 396-401, 417-20, 435-36, 438, 439-41, 456-65, 473, 504, 560, 563, 572.  *But see Siegmund v. Bian*, No. 16-CV-62506-MORENO/LOUIS, 2018 U.S. Dist. LEXIS 130337, at *21 (S.D. Fla. Aug. 1, 2018) ("Merely stating that a document is an attachment to a withheld communication does not demonstrate…attorney-client privilege.").
[36]   ECF No. 195-4 at Item Nos. 478-93, 494-96, 498-02, 505-17, 519-21, 527, 530.
[37]   ECF No. 398 at 8 (addressing Item No. 293).

evidence to support Vail Health's claim,[38] but that misconstrues the nature of Vail Health's burden. It is not the Court's (nor Plaintiffs') responsibility to sort out what is privileged from what is not; the burden of establishing privilege is solely on the one asserting it.[39] Vail Health claims that the Special Master erroneously required Vail Health to "repeat[] the description of the basis for privilege of each individual documents in its motion to compel briefing and sworn affidavits."[40] But a document-by-document analysis is what a privilege log must provide, supported by affidavits and other competent evidence, as the Maryland Federal District Court in *Neuberger Berman* painstakingly explained when it required a document-by-document analysis for over 600 claimed privileged documents.[41]

Throughout the Report, the Special Master repeatedly explained how Vail Health failed to provide the necessary proof to support its claim,[42] providing detailed examples. Most notably, at pages 6-7, the Special Master addressed the 238 entries involving attorneys as recipients that he concluded were not privileged simply because Vail Health categorically asserted that they sought legal advice. Instead, the Special Master noted that the 238 entries "require[d] considerable interpretation, explanation, and additional context" to determine whether privilege applied, something Vail Health did not attempt to

---

[38] *See, e.g.,* ECF No. 414 at 1, 6 n.1, 10.
[39] *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, to "Custodian of Records,"* 697 F.2d 277, 280 (10th Cir. 1983).
[40] ECF No. 414 at 8. Vail Health does not offer a pinpoint cite for that statement.
[41] *Neuberger Berman*, 230 F.R.D. at 404-09.
[42] *See, e.g.,* ECF No. 398 at 5 ("Vail Health's presentation…is insufficiently specific"); *id.* at 6 ("Nor is there any evidence…that the information…is confidential and intended to be kept so"); *id.* ("Vail Health has the burden of proof…any uncertainty…works to Vail Health's detriment"); *id.* at 7 ("conclusory assertion that documents are 'seeking legal advice' does not…carry Vail Health's burden"); *id.* at 9 ("neither Vail Health's briefing nor Mr. Brown's affidavit offers any additional context"); *id.* ("conclusory explanation in the privilege log is insufficient"); *id.* at 10 ("Categorical arguments fail to establish the necessary elements of privilege"); *id.* at 15 ("it offers no particularized analysis").

provide. Because it was "Vail Health's burden, not the Special Master's, to locate and present this contextual information and show how it demonstrate[d] that the communication is indeed one relating to legal advice," the Special Master refused to "marshal the evidence or create arguments on Vail Health's behalf."[43] Instead, he ordered the 238 entries be produced (except Item No. 293).[44]

Finally, it bears stating that "[i]nformation is not privileged simply because it comes from an attorney. The mere fact that one is an attorney does not render everything he does for or with the client privileged."[45] For example, Item Nos. 478-96, 498-02, 505-17, 519-21, 527, and 530 do not describe any legal advice; communications relaying facts are not privileged.[46] Nor does the privilege apply to discussions attorneys may have had with third parties like Steadman and VSO. To do so would "carry the obstructive effect of the privilege far beyond any justification in present-day policy…."[47]

## III. VAIL HEALTH PROVIDED NO COMPETENT EVIDENCE THAT *INDEPENDENT* THIRD-PARTY VALUATION DOCUMENTS ARE PRIVILEGED.

### A. The Valuations Were Necessary For Regulatory Compliance.

Approximately 70 entries on Vail Health's privilege log,[48] if not more, relate to valuations conducted by independent appraisers for a proposed joint venture for physical

---

[43] *Id.* at 7. *See also NextG Networks of N.Y., Inc. v. City of N.Y.*, 2005 U.S. Dist. LEXIS 6381, at *8-10 (S.D.N.Y. Apr. 13, 2005) (similarly finding failure to meet burden).
[44] ECF No. 398 at 8.
[45] *In re Grand Jury Subpoena*, 246 F.R.D. at 679.
[46] *Doe v. Intermountain Health Care, Inc.*, No. 2:18-CV- 807-RJS-JCB, 2021 U.S. Dist. LEXIS 9078, at *6 n.15 (D. Utah Jan. 16, 2021); *Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 727 (N.D.W. Va. 2014) (status updates between attorneys and claims handlers not privileged); *Women's Interart Ctr., Inc. v. N.Y.C. Econ. Dev.*, 223 F.R.D. 156, 160 (S.D.N.Y. 2004) (status report not protected).
[47] *United States v. Bonnell*, 483 F. Supp. 1070, 1077 (D. Minn. 1979).
[48] *See, e.g.*, ECF No. 195-4 at Item Nos. 116-17, 133, 131, 135, 174, 217, 219, 247, 252, 320-25, 329-30, 332-33, 340-41, 373, 374-76, 383, 396, 397, 399, 427-29, 431-41, 456-68, 470, 473-74, 504, 529, 544, 554, 560, 559, 562-64, 571.

therapy services between Vail Health, Steadman, and VSO.  Relying on *United States v. Kovel*,[49] Vail Health claims that "third parties such as Healthcare Transaction Advisors and Haverford [and Deloitte] acted as Vail Health's or its counsel's agent in connection with obtaining or providing legal advice."[50]  Although the attorney-client privilege may sometimes extend to third parties, the communications must be made in confidence to obtain legal advice.  If what is sought is not legal advice but professional service, or if the advice sought is the professional's rather than the lawyer's, no privilege exists.[51]  Thus, it is important to analyze why the independent valuations were done in the first place.

Because healthcare is a highly-regulated industry, providers must comply with the "Stark Act" and "Anti-Kickback" law,[52] which seek to prevent fraud, self-referrals, and financial kickbacks, among other things.  To be compliant, healthcare business transactions must be commercially reasonable and based on fair market value so as to insulate hospitals and physicians from running afoul of healthcare laws.[53]  Courts routinely find that such valuations are not privileged.[54]  And to the extent Vail Health shared them with their counsel, it does not transform business documents into privileged ones.[55]

---

[49]   296 F.2d 918 (2d Cir. 1961); ECF No. 414 at 11.
[50]   ECF No. 414 at 11; ECF No. 414-7 ¶ 7.
[51]   *United States v. Brown*, 478 F.2d 1038, 1040 (7th Cir. 1973).
[52]   42 U.S.C. § 1395nn; 42 U.S.C. § 1320a-7b.
[53]   *See* 42 U.S.C. § 1395nn(e)(7); *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 165-66 (3d Cir. 2019) (providers bear burden to show FMV under Stark).
[54]   *United States ex rel. Rembert v. Bozeman Health Deaconess Hosp.*, No. CV 15-80-BU-SEH, 2018 U.S. Dist. LEXIS 85885, at *6 (D. Mont. May 22, 2018); *Shahbahian v. Trihealth, Inc.,* Case No. 1:18-cv-790, 2019 U.S. Dist. LEXIS 206939, at *5-16 (S.D. Ohio Dec. 2, 2019); *United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl-31TBS, 2012 U.S. Dist. LEXIS 158944, at *26 (M.D. Fla. Nov. 6, 2012); *Am. Health Sys., Inc. v. Liberty Health Sys.*, Civil Action No. 90-3112, 1991 U.S. Dist. LEXIS 3675, at *12-13 (E.D. Pa. Mar. 26, 1991) (accountant's work on hospital joint venture).
[55]   *In re Grand Jury Subpoena*, 246 F.R.D. 673, 679 (D. Kan. 2007); *Waters v. Drake,* No. 2:14-CV-1704, 2015 U.S. Dist. LEXIS 164179, at *11 (S.D. Ohio Dec. 8, 2015).

## B. The Independent Appraisers Are Not Vail Health Agents.

Vail Health asserts in a conclusory fashion that the independent appraisers are Vail Health agents, and thus the attorney-client privilege applies to attorney-appraiser-client and appraiser-client communications under *United States v. Kovel*.[56] The Special Master extensively analyzed *Kovel* and its progeny before concluding that Vail Health failed to prove that the third-party appraisers fell within the parameters of *Kovel*.[57]

Vail Health's sole criticism is that the Special Master purportedly interpreted *Kovel* too narrowly, limiting its application to "when a third-party was 'simply translat[ing] information.'"[58] But that is exactly how the Second Circuit interprets its own decision.[59] It is also consistent with *Austin v. City & County of Denver,* a case Vail Health relies upon, in which this Court said the same thing: "The attorney-client privilege can attach to reports of third parties made at the request of the attorney or the client where the purpose of the report was to put in usable form information obtained from the client."[60] And while privilege under *Kovel* may be extended to a third party if the "third party helps the lawyer give legal advice,"[61] the Second Circuit acknowledged in *United States v. Ackert,* that this does not mean that "communications that prove important to an attorney's legal advice"[62] are privileged. Given these standards, the record facts must now be analyzed, which shows that the independent appraisers were never Vail Health agents.

---

[56] 296 F2d 918 (2d Cir. 1961).
[57] ECF No. 398 at 12-17.
[58] ECF No. 414 at 11.
[59] *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 352 F. Supp. 3d 207, 211 (E.D.N.Y. 2019) (courts must narrowly construe *Kovel* exception).
[60] Civil Action No. 05-cv-01313-PSF-CBS, 2006 U.S. Dist. LEXIS 32048, at *15 (D. Colo. May 19, 2006); ECF No. 414 at 11.
[61] ECF No. 398 at 13 (discussing *Lluberes v. Uncommon Prods., L.L.C.,* 663 F.3d 6 (1st Cir. 2011)).
[62] *Id.* at 14 (quoting *United States v. Ackert,* 169 F.3d 136, 139 (2d Cir. 1999)).

*First,* Haverford and HTA were hired to conduct independent fair market valuations for two separate physical therapy joint ventures between adverse parties, Vail Health, Steadman, and VSO. The transactions were to be based on "arms-length, fair market value, and commercially reasonable terms."[63] Under the first term sheet, Haverford was the "independent appraisal firm," and under the second term sheet, HTA was the "independent appraiser."[64] Both were to provide a fair market value valuation that was to be shared with and mutually agreed upon by Vail Health, Steadman, and VSO.

*Second,* the Haverford engagement letter acknowledges that based on the principals' 63 years of collective experience, Haverford was well suited to provide an "independent valuation"[65] "between arm's length, willing buyers and willing sellers."[66] Haverford said it would use market and income approaches to value the transaction[67] using both Vail Health's historical financial data and publicly available data.[68] Haverford stressed the valuation would be done in accordance with standards set by American Society of Appraisers, Uniform Standards of Professional Appraisal Practice, and Internal Revenue Service.[69] Finally, Haverford prohibited unauthorized use of its findings and disclaimed any interest in the analyses or opinions found in its independent appraisal.

*Third,* while Plaintiffs do not have the HTA engagement letter because Vail Health claims it is privileged,[70] Plaintiffs do have a copy of a draft report,[71] which confirms HTA

---

| | |
|---|---|
| 63 | *See* ECF No. 196-3 at VH_Fed03566; ECF No. 196-4 at VSO_Fed002. |
| 64 | *See* ECF No. 196-3 at VH_Fed03565; ECF No. 196-4 at VSO_Fed006. |
| 65 | *See* ECF No. 227-2 at VH_Fed_002032. |
| 66 | *Id.* at VH_Fed_002036-37. |
| 67 | *Id.* at VH_Fed_002036. |
| 68 | *Id.* at VH_Fed_002039. |
| 69 | *Id.* at VH_Fed_002037-38. |
| 70 | ECF No. 195-4 at Item No. 559. |
| 71 | ECF No. 227-3. |

was engaged to determine the fair market value and commercial reasonableness of the physical therapy joint venture.[72] While HTA relied in part on historical Vail Health data, it also relied extensively on public data for its valuation opinion,[73] which was consistent with the Uniform Standard of Appraisal Practice and American Society of Appraisers Business Valuation Standards.[74] Importantly, HTA confirmed that the valuation was based on its "personal, impartial, and unbiased professional analyses, opinions, and conclusions."[75]

Thus, the record facts show that Haverford and HTA were independent appraisers that relied on outside data to conduct their analyses. They reached their conclusions independently based on professional appraiser standards. There is no record evidence that they were conduits of information between Vail Health and its attorneys, or an agent of Vail Health. The *Kovel* exception does not apply. Thus, any privileged information that may have been conveyed to the appraisers also waived any privilege.[76]

### C. Internal Communications About The Valuations Are Not Privileged.

The Special Master also rejected Vail Health's claims that internal communications about the valuations are privileged.[77] The Special Master reviewed specific documents identified by Vail Health, concluding in every instance they were not privileged.[78] Even more telling is that Vail Health's descriptions bear little or no resemblance to the actual documents. For example, as to Item Nos. 372 and 379-82, the Special Master notes that

---

[72]   *Id.* at VH_Fed_001852.
[73]   *Id.* at VH_Fed_001859-60, VH_Fed_001884-92.
[74]   *Id.* at VH_Fed_001865.
[75]   *Id.*
[76]   *Securitypoint Holdings, Inc. v. United States* No. 11-268C, 2019 U.S. Claims LEXIS 341, at *13 (Apr. 16, 2019).
[77]   *See, e.g.,* ECF No. 195-4 at Item Nos. 116, 219, 321-25, 331-32, 345, 374-75, 430, 434, 439-41, 458, 468, 470, 474, 396-97, 456, 504, 529, 544, 559, 564.
[78]   ECF No. 398 at 9-12.

"nothing in the documents gives the slightest indication that they are discussing legal advice," which the logged entries purportedly claimed.[79]  Similarly, Item No. 382 is an internal email from Brown to two executives in which he describes financial information that they can further discuss, while the privilege log says the document conveys "information for purposes of seeking legal advice…."[80]  Item No. 440 consists of an email attaching an appraiser's fair market value report, while the logged entry indicates it conveys information to seek legal advice regarding the proposed joint venture.[81]  And Item No. 441 describes the communication as "seeking legal advice" while the actual email forwards the appraiser's report that Brown looks forward to discussing.[82]  Similarly, Item No. 544 claims to have been "generated at the direction of counsel," and yet, nothing in the document supports that statement.[83]  Most others addressed by the Special Master suffer from the same misleading descriptions,[84] making Vail Health's log not credible.[85]

## IV.  NO PRIVILEGE CAN BE ASSERTED FOR A THIRD-PARTY ASSISTANT.

Former outside Board Chair, Michael Shannon, included his KSL Capital administrative assistant, Christie Faires, on communications he sent from his KSL business email account[86] when transacting Vail Health Board business.  Vail Health

---

[79]  *Id.* at 9.
[80]  *Id.* at 5.
[81]  *Id.* at 11; ECF No. 195-4 at Item No. 440.
[82]  ECF No. 398 at 11.
[83]  *Id.* at 11-12.
[84]  *See, e.g., id.* at 5, 7, 16 (discussing Item Nos. 382, 252, 376, 435, 438).
[85]  *See United States SEC v. Commonwealth Advisors, Inc.*, No. 12-700-JWD-SCR, 2015 U.S. Dist. LEXIS 130765, at *17 (M.D. La. Sep. 28, 2015) (finding waiver when, among other things, privilege logs were deficient, misleading, and unreliable); *United States v. KPMG L.L.P.*, 316 F. Supp. 2d 30, 44 (D.D.C. 2004) (same); *Rio Algom Mining L.L.C. v. Tronox Worldwide LLC*, No. 06-CV-52 MCA/WDS, 2008 U.S. Dist. LEXIS 130642, at *9 (D.N.M. Oct. 23, 2008) (same).
[86]  ECF No. 195-4 at Item Nos. 244-45, 248 (communications with counsel); *id.* at Item Nos. 322, 324-25 (communications with independent appraiser Deloitte).

provided no proof as to why a KSL employee was included on purported privileged Vail Health emails.  Nor did Vail Health make any showing that it had a reasonable expectation of privacy when Faires, an unrelated third party, was copied on the communications.  And it provided no proof that Faires knew the communications were purportedly confidential and privileged or what she did, if anything, to ensure the communications were protected. "Once a client has revealed privileged information to a third-party, the basic justification for the privilege no longer applies,"[87] regardless of any intent.[88]  That is because "courts will grant no greater protection to those who assert the privilege than their own precautions warrant."[89]  So Vail Health failed to prove that the communications copying Faires were even privileged in the first instance.

And although attorneys and clients may sometimes use ministerial agents without waiving privilege, it must be shown that those individuals are necessary for the consultation.[90]  The cases Vail Health cites stand for that basic proposition.  Faires has no relationship with Vail Health; she was not its employee or an employee of its attorneys.  Vail Health made no attempt to explain or justify how Faires served any purpose in the legal representation of Vail Health.  Without this proof, any purported attorney-client privilege was waived,[91] as the Special Master appropriately found.[92]

---

[87] *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc., Ci*vil Action No. 10-cv-02868-MSK-KMT, 2014 U.S. Dist. LEXIS 103157, at *12-14 (D. Colo. July 29, 2014).
[88] *Westinghouse v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991).
[89] *United States v. Ryans,* 903 F.2s 731 n.13 (10th Cir. 1990).
[90] *See United States v. Bill Harbert Int'l Constr., Inc.,* No. 95-1231 (RCL), 2007 U.S. Dist. LEXIS 21192, at *8-9 (D.D.C. Mar. 26, 2007) (presence of *client's* assistant, who witnessed documents, did not waive privilege); *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 U.S. Dist. LEXIS 147101, at *18 (N.D. Cal. Aug. 14, 2020) individual must be functional equivalent of employee and assist attorneys with advice).
[91] *See United States v. Evans*, 113 F.3d 1457, 1462-63 (7th Cir. 1997).
[92] ECF No. 398 at 20-21.

| | |
|---|---|
| Dated:  December 2, 2022 | *s/Alan L. Kildow* |

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, CO 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger

## CERTIFICATE OF SERVICE

       I hereby certify that on December 2, 2022, I served a true and correct copy of Plaintiffs' Opposition To Vail Health's Partial Appeal Of Special Master's Order Regarding Plaintiffs' Motion to Compel No. 5 Concerning Vail Health's Privilege Log, including exhibit, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant

                                          *s/ Alan L. Kildow*
                                          Alan L. Kildow