# Exhibit 1

| | |
|---|---|
| **From:** | Richards, Daniel <Daniel.Richards@dgslaw.com> |
| **Sent:** | Friday, July 22, 2022 2:42 PM |
| **To:** | sonya braunschweig |
| **Cc:** | Terry Ruckriegle; Stevenson, Shannon; Roeder, Jackie; Alan Kildow |
| **Subject:** | RE: Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference |

Counsel:

Vail Health respectfully submits that the in-camera documents and various versions of Vail Health's privilege log provided to the Special Master (specified below) are user friendly and provide the information necessary to adjudicate privilege issues raised by Plaintiffs. Of course, if there is anything further the Special Master requires, Vail Health stands ready to assist.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Friday, July 22, 2022 9:09 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Terry Ruckriegle <terry@ruckriegle.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Alan Kildow <alkildow@aol.com>
**Subject:** Re: Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference

Counsel,

It would be very helpful if you could please respond to Plaintiffs' questions from yesterday related to how you have provided the documents to the Special Master. Are there multiple copies of the same email when there are multiple strings? If so, that does not appear to be the best or most efficient way to provide this to the Special Master. Or did you excerpt the string that was logged and so the full email that provides the context for the privilege claim is not produced? If so, Plaintiffs would challenge that selective production of each entry as improper. We are attempting to understand this given the Magistrate Judge's recent Order regarding the myriad of issues resulting from Vail Health's submission of the log and documents to the Special Master.

As to the list of documents that you just attached to your email to Special Master Ruckriegle, it is not the same list that Vail Health represented on January 29--to both Plaintiffs and the Special Master--that would be submitted for *in camera* review based on Plaintiffs' Motion #5. Vail Health has omitted two entries, 341 and 342, which Plaintiffs specifically addressed in that motion because they were on the privilege log and related to communications between counsel and third parties. Please provide those two entries to the Special Master for review, as Vail Health represented on January 29 that it would.

1

If you would like to discuss any of this further, please let me know. The rest of my day is being spent at the hospital, but I can make time for a call so long as you give me adequate time to arrange my schedule. Plaintiffs look forward to your timely response.

Best regards,

Sonya

On Fri, Jul 22, 2022 at 9:06 AM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

Judge Ruckriegle:

Below Mr. Kildow suggests a number of potential measures to assist the Special Master in reviewing the documents submitted for in camera review in connection with Motion to Compel No. 5, to the extent the Special Master determines that in camera review would be helpful. Vail Health is happy to work with the Special Master to provide the privileged documents and privilege log in a format that would be most helpful to the Special Master. Vail Health has provided to the Special Master the following:

(1) On February 8, 2022, Vail Health provided the Special Master a link to electronic copies of each of the documents that are the subject of Plaintiffs' Motion to Compel No. 5. The cover email explained: "To facilitate your review, each document is labeled with the number corresponding to the Item Number on Vail Health's privilege log. For example, the document corresponding to Item No. 1 on Vail Health's privilege log is labeled 'Item 001.pdf' in the below file. Redacted text is reflected by translucent gray boxes, which are annotated with the corresponding Item Number on Vail Health's privilege log." Vail Health also attached to that email its privilege log and an appendix of individuals listed on the privilege log. (We are happy to re-send the link.)

(2) On February 21, 2022, at the Special Master's request, Vail Health shipped binders containing the documents for in camera review to the Special Master. Each document in the binders is preceded by a numbered tab that corresponds to the "Item No." (first column) on Vail Health's privilege log.

(3) On Wednesday, Vail Health provided the Special Master with a Word version of its privilege log.

(4) Attached to this email is an index of documents for in camera review, which is a version of Vail Health's privilege log that lists only the documents that are the subject of Motion to Compel No. 5.

Please let us know if the Special Master needs any further information or documents. We are happy to schedule a call to discuss this if that is Your Honor's preference.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Thursday, July 21, 2022 8:32 AM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; 'Terry Ruckriegle' <terry@ruckriegle.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference

Mr. Richards:

As I informed you yesterday, Sonya was unable to participate in the call because of a family medical emergency. It would have been helpful for her to participate because she has taken the laboring oar on Vail Health's designation of privileged documents and Motion to Compel #5. I was able to speak with her this morning before she left for the hospital, and she had a couple of comments on a couple suggestions to make the document review more streamlined for Special Master Ruckriegle to review the documents.

Before I get to the suggestions, we need to go back to last summer/fall when Sonya reviewed Vail Health's privilege log. It was very difficult for her to analyze for two principal reasons: (1) it was not in chronological order, and (2) it did not identify the emails that were part of a single email chain that included multiple emails. As I understood your explanation yesterday, and as Sonya and I understand your email below, Vail health has provided a separate tab for each entry on the log even when one email may contain one or more logged entries. As I tried to describe yesterday, if one email (*e.g.*, email #1) was the last in a chain of four preceding emails (*e.g.*, emails A, B, C, and D) in which privilege was claimed for #1 as well as for emails A, B, C, and D that were part of the chain, you have produced that email four times and set each email out into a separate tab corresponding to the privilege log.

If that were the case, it would suggest that Special Master Ruckriegle has been given multiple copies of the same email. Obviously, that would be very complicated, not to mention and inefficient and costly because it would add greatly to the number of documents Judge Ruckriegle would need to review. In our opinion, it would be more efficient for Judge Ruckriegle to review all the emails (#1, A, B, C, and D) as a single group of email #1 at one time. As I suggested yesterday, the emails should be organized and grouped as a single document for review, but you (Mr. Richards) said, "that's not part of Judge Gallagher's Order."

Another way your email could be interpreted is that Vail Health has produced each portion of a chain email--without producing the entire email chain--under a separate tab. If so, this would make it extremely difficult, if not impossible, to review and determine the context for the entire email chain.

Given these two possible interpretations, could you please explain in more detail how the emails were produced to the Special Master?

It also appears from your email of yesterday that Vail Health provided the Special Master with the entire privilege log even though not all documents on that log are subject to in camera review. Before the documents were submitted to the Special Master, we asked that Vail Health identify the list of documents being submitted. Mr. Daniels identified 346

3

privilege log entries for withheld documents that he stated corresponded to fewer than 346 documents, although the precise number was never identified.  It was our understanding that the set submitted was limited to those 346 entries, which were the subject of Plaintiffs' motion, and only those were to be provided to Judge Ruckriegle.  (Some of these entries also appear to contain multiple documents.)  Could you please confirm whether you provided all documents or the subset of the 346 privileged entries to which Plaintiffs had objected, *ie.*, those we agreed should be reviewed by the Special Master.  Additionally, how did you handle any entries that have multiple documents referenced?

To make this easier for the Special Master, we would propose the following:  (1) create a privilege log with only the documents that are subject to his review, which is what Magistrate Judge Gallagher's Order appears to require; (2) add a column for Plaintiffs to insert a short summary of their objection to obviate the need to jump back and forth between the motion and the log; and (3) if an email contains multiple logged entries, produce that document only once and identify each email chain that is logged separately, which would include identifying on the log the chain emails that are part of one email.

We think it would be helpful for Special Master Ruckriegle if we all had a conference call so we could obviate unnecessary duplication and speed the ultimate review.  I look forward to your response.

Alan Kildow

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Wednesday, July 20, 2022 9:00 PM
**To:** 'Terry Ruckriegle' <terry@ruckriegle.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Alan Kildow <alkildow@aol.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference

Judge Ruckriegle:

As referenced in the below email, attached is a Word version of Vail Health's privilege log.  Each document in the binders of privileged documents we sent you in February 2022 for in camera review is preceded by a numbered tab that corresponds to the "Item No." (first column) on Vail Health's privilege log.  Thus, the privilege log serves as an index for the binders.  If the Special Master prefers a different format, we are happy to accommodate.  If a call would be helpful to walk the Special Master through the materials provided, we would be happy to schedule one.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

**From:** Richards, Daniel
**Sent:** Wednesday, July 20, 2022 11:00 AM
**To:** Alan Kildow <alkildow@aol.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; 'Terry Ruckriegle' <terry@ruckriegle.com>
**Subject:** RE: Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference

Counsel:

I have responded to each of the issues you raise below in blue text.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, July 20, 2022 8:58 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>; 'Terry Ruckriegle' <terry@ruckriegle.com>
**Subject:** Sports Rehab Consulting LLC, et al. v. Vail Health--Plaintiffs Outline of Proposed Meet & Confer Conference

Counsel:

In anticipation of our meet & confer today at 11:00 MDT, Plaintiffs provide the following overview of issues for discussion so the parties can ensure compliance with the Magistrate Judge's July 18 Order.

**Order Para. 1:** It is our understanding that by July 22, Vail Health will provide the Special Master with a privilege log in the form specified in the Order. Plaintiffs obviously will not have a role in this process.

- Attached is a Word version of Vail Health's November 3, 2021 privilege log, which was previously emailed to the Special Master in PDF format on February 8, 2022.

5

**Order Para. 2:** It is our understanding that by July 22, Vail Health will provide the Special Master with an Index of the documents designated as privileged log in the form consistent with the Order.  Plaintiffs obviously will not have a role in this process either.

- Each document in the binders of privileged documents submitted to the Special Master in February 2022 for in camera review is preceded by a numbered tab that corresponds to the "Item No." (first column) on Vail Health's privilege log.  Thus, the privilege log is the index for the binders.  If the Special Master prefers a different format, we are happy to accommodate.

**Order Para. 3:** With respect to the data initially provided to Plaintiffs and the more comprehensive data ordered to be produced by the Special Master that was produced on May 15, Plaintiffs request a reconciliation by Vail Health of the discrepancies in the data.  Plaintiffs as previously requested that reconciliation.  How long will that process take?

- In my email to Ms. Braunschweig dated July 15, 2022, I requested specific examples of the purported discrepancies that Plaintiffs believe they are observing.  If Plaintiffs are able to provide a list of the accounts where they believe there are discrepancies in the data, we are happy to look into these issues further.

**Order Para. 4:** With respect to the Lexis citations that need to be translated to Westlaw citations, it is our understanding that both parties have completed that task and provided their citations to the Special Master as requested.  Please confirm whether that is correct.

- Confirmed.  Vail Health initially provided the Special Master a chart translating Lexis citations to Westlaw citations on June 20, 2022.  Following the issuance of Judge Gallagher's order, Vail Health provided the chart again on July 18, 2022.

**Order Para. 5:** With respect to the Special Master's request for another 30 days to complete his work on the remaining motions, Plaintiffs have no objection to that extension.

- Vail Health also has no objection to the Special Master resolving any outstanding discovery issues by August 17, 2022.  Vail Health reserves the right to seek an extension of the summary judgment deadline.

With respect to that part of the Order requiring the parties to proceed with informal dispute resolution on Motions to Compel #4 and #5, Plaintiffs commit to a sincere effort to reach some type of accommodation regarding those motions.  With respect to Motion to Compel #5, however, we are unsure how that can be done without a review of the designated documents by a neutral 3rd party or the Special Master.  We therefore look to you to provide some thoughts as to how that motion can be resolved informally, but we are willing to listen to any suggestions you may have.

- Vail Health is happy to confer with Plaintiffs to see if the parties can reach a resolution.  Vail Health believes that if the Special Master decides the legal issues presented in Motion to Compel No. 5—e.g., whether a valuation prepared to assist outside counsel in providing legal advice is privileged--a document-by-document review of the documents on Vail Health's privilege log may not be necessary.

With respect to Motion to Compel #4 regarding the production of documents regarding "joint ventures and other combinations," we are willing to reduce the scope of Plaintiffs' written discovery requests to the production of certain specific documents and answers to specific interrogatories. I will *attempt* to send you a subsequent email at least tentatively identifying this information so that you may have it before the 11:00 am conference call.

- We look forward to receiving Plaintiffs' proposals and will evaluate them in an effort to streamline the work remaining for the Special Master.

We look forward to your thoughts concerning the forthcoming discussion.

Alan Kildow

970-390-6675

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.