IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

### VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PLACE CERTAIN FILINGS UNDER FILING RESTRICTIONS

---

Pursuant to D.C.COLO.LCivR 7.1(d) and 7.2, Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this reply brief in support of its November 8, 2022 Motion to Place Certain Filings Under Filing Restrictions (Dkt. 410) ("Motion to Restrict"). Plaintiffs filed their Opposition to Vail Health's Motion to Place Certain Filings Under Filing Restrictions on November 18, 2022 (Dkt. 419) ("Response").

### PRELIMINARY STATEMENT

The Motion to Restrict seeks to limit public access to only *two paragraphs* of Vail Health's Response to Plaintiffs' Partial Appeal of Special Master's Order re Motion to Compel #4 (Dkt. 399) ("Vail Health's Response") and *eighteen words* of Plaintiffs' Opposition to Vail Health's Partial Appeal of Special Master's Orders Regarding Plaintiffs' Motion to Compel Nos. 3 and 4 (Dkt. 400) ("Plaintiffs' Opposition"). Plaintiffs' 15-page Response asserts the same inaccurate arguments this Court has repeatedly rejected, including that because Vail Health is a nonprofit healthcare system it cannot have confidential commercial information, that the information Vail Health seeks to protect is not confidential, and that Vail Health relies solely on the Protective Order to support its arguments for restriction. And Plaintiffs fail to address, let

1

alone distinguish, the cases Vail Health cited in support of its Motion to Restrict and, instead, point the Court to inapposite cases, including one that was overruled.

The Court should grant the Motion to Restrict. The short passages Vail Health seeks to restrict contain protectible, confidential contract terms, financial data, and other sensitive commercial information, and Vail Health's proposed redactions—a minor intrusion on the public's access to court records—are the least restrictive means available to protect the information.

**ARGUMENT**

I.  **The Confidential Information at Issue Risks Injury to Vail Health's Competitive Standing If Publicly Disclosed.**

Plaintiffs are wrong that Vail Health has not satisfied the standard for obtaining Level 1 restrictions under D.C.COLO.LCivR 7.2(c). (*See* Dkt. 3-8.) Both the type of injury Vail Health raises (competitive standing) and the type of information Vail Health seeks to protect (draft contract terms and financial data) are recognized by courts in this jurisdiction as a basis for Level 1 Restrictions.

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where the unsealing of records could harm the competitive interests of third parties, "the rationale for protecting [the] records is even stronger." *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); *see Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (holding that where documents contain "proprietary business information . . . of non-parties" sealing is all the more appropriate).

2

As set forth in the Motion to Restrict, the proposed redacted text in Vail Health's Response contains confidential draft contract terms of the Amended and Restated Research Affiliation Agreement between Vail Health and SPRI, information from confidential presentations concerning the relationship between Vail Health and SPRI, and confidential financial data regarding Howard Head's financial performance.  (Exhibit B to Mot. to Restrict at 7-8). The proposed redacted text in Plaintiffs' Opposition also contains confidential commercial information regarding the relationship between Vail Health and SPRI.  (Exhibit B to Mot. to Restrict at 5-6).  Vail Health explained in the Motion to Restrict that "Disclosure of the information about Vail Health's contemplated and actual business collaborations, and the purported values thereof, could cause competitive harm to Vail Health and breach confidentiality obligations to third parties."  (Mot. to Restrict at 3).  Plaintiffs have failed to rebut those showings.

Plaintiffs claim that because Vail Health is a healthcare provider and nonprofit community hospital, the public's interest in access outweighs any privacy interest Vail Health may have.  (Dkt. 419, Resp. at 10-13.)  Plaintiffs are wrong.  Confidential commercial contracts between healthcare companies, like the draft Amended and Restated Research Affiliation Agreement, warrant Level 1 Restriction in this jurisdiction.  In *Brill v. Correct Care Sols., LLC*, No. 16-cv-03078-WJM-NYW, 2018 U.S. Dist. LEXIS 240409, at *6 (D. Colo. Mar. 5, 2018), the court found two commercial contracts between healthcare companies were entitled to Level 1 Restriction because they contained proprietary business information.  *Id.* at *6.  In reaching that conclusion, the court rejected the opponent's argument—which Plaintiffs make here—that the contracts should be public so that the people could see "how their taxpayer money is spent."  *Id.* at *3.  As in *Brill*, the information Vail Health seeks to protect, if made public, would provide its

3

competitors and potential future collaborators a "roadmap" to how Vail Health performs its business. *See id.* Indeed, this Court has repeatedly rejected the argument that Vail Health, as a nonprofit healthcare system, has no privacy interest. (*See, e.g.*, Dkt. 136, 147, 224, 309, 310, 329.) The fact that information of a non-party (SPRI) is also at issue heightens the need for protection. *Brokop v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2021 U.S. Dist. LEXIS 260443, at *11 (D. Colo. Dec. 16, 2021) (applying Level 1 restriction to documents that contain "non-parties' personal financial and commercially sensitive business information").

Plaintiffs also argue that Vail Health's financial data should not be subject to filing restrictions. (Dkt. 419 at 9-10.) Not so. Disclosure of financial data puts businesses at competitive risk. *Aya Healthcare Servs. v. Amn Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 U.S. Dist. LEXIS 68855, at *20-21 (S.D. Cal. Apr. 20, 2020) (sealing "Financial data, customer names . . . strategic business information, and employee information").

Nor does the fact that the financial data and contract terms at issue are not from 2022 render them not worthy of protection. (*See* Dkt. 419, Resp. at 9-10.) Information from past negotiations could be just as helpful to Vail Health's competitors and negotiating partners as present information. And the contribution margin figures at issue are very recent—from 2020 and 2015. The cases Plaintiffs cite to support their argument that the publication of historical financial data is not harmful to companies are inapposite. One of the cases—*F.T.C. v. Abbvie Prods. LLC,* 713 F.3d 54, 69-70 (11th Cir. 2013)—does not interpret Local Rule 7.2; it involves a district court's decision to modify a three-year old protective order to unseal a document, given the need for protection lapsed. The other case—*Apple, Inc. v. Samsung Electronics Co., Ltd.,* 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 113132, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012)—has been overruled by the Federal Circuit Court of Appeals, which held that it was an

4

abuse of discretion for the district court to unseal a party's historical "profit, cost, and margin data" because the publication of that data would give the parties' suppliers "an advantage in contract negotiations, which they could use to extract price increases for components." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).

## II.    The Information at Issue Has Not Been Made Public.

Contrary to Plaintiffs' argument, the confidential information in Vail Health's Response and Plaintiffs' Opposition is not publicly available elsewhere. The "$43 million" donation Plaintiffs reference is not part of the confidential information Vail Health seeks to protect in the Motion to Restrict. (*See* Dkt. 419, Resp. at 4, 7.) The press release and YouTube video that Plaintiffs cite do not reveal the information Vail Health proposes to redact.[1] There is minimal overlap between the information Vail Health seeks to restrict and the arguments made by Plaintiffs' counsel at the October 20 and 21 hearings with the Special Master. Moreover, there is a distinction between the disclosure of argument by Plaintiffs' counsel and statements by Vail Health or disclosure of information from Vail Health documents. Plaintiffs do not claim that the Draft Research Affiliation Agreement or its particular terms have ever been made public. Although general information is available online about Vail Health's business partnerships, the information Vail Health seeks to redact divulges much greater detail. The fact that Vail Health has had business relationships with Steadman Clinic, VSO, and SPRI is not confidential, but the details of those business relationships are unknown to their competitors.

In any event, even if some information is "similar to" or "overlaps" with information available to the public elsewhere, that fact weighs in favor of nondisclosure or redaction because

---

[1] *Compare* https://www.vailhealth.org/news/vail-health-receives-2020-press-ganey-guardian-of-excellence-award and https://www.youtube.com/watch?v=LBsaFoxa2TY&ab_channel=OwensRecoveryScience with Exhibits B and C to the Motion to Restrict.

5

if similar information is already publicly available, there is no harm to the public in protecting related information here. *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 U.S. Dist. LEXIS 151735, at *10-11 (D. Colo. Sept. 5, 2019) ("[S]ome of the information redacted . . . is similar to information contained in Plaintiff's Complaint [but] the Court finds this fact to weigh in favor of, rather than against, redaction. . . . To the extent that this information is pertinent and overlaps with the contents of Plaintiff's Complaint . . . it is already publicly available."). Thus, the Court need not engage in a line-by-line comparison of the information Vail Health seeks to redact with all information that is available to the public from any source before making a determination regarding restriction.

## CONCLUSION

For the reasons stated herein, the Court should grant Vail Health's Motion to Restrict.

Respectfully submitted this 2nd day of December, 2022.

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*