IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## VAIL HEALTH'S RESPONSE TO PLAINTFFS' PARTIAL APPEAL OF SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL NO. 5

    Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this response to Plaintiffs' partial appeal (Doc. 408) ("Plaintiffs' Appeal") of the Special Master's Report and Recommendation Regarding Plaintiffs' Motion to Compel No. 5 (Doc. 398) ("MTC 5 Order").

## PRELIMINARY STATEMENT

    Plaintiffs' Appeal challenges the MTC 5 Order's conclusion that Plaintiffs failed to adequately support their argument that more than 160 privileged communications with non-employee members of Vail Health's Board of Directors were nonprivileged because the Board members communicated with their business email addresses, rather than an email address provided by Vail Health. The Court should deny Plaintiffs' Appeal and adopt that portion of the MTC 5 Order.

    Plaintiffs' Motion to Compel No. 5 ("MTC 5") challenged nearly 400 entries on Vail Health's privilege log. Plaintiffs devoted much of MTC 5 to arguing that Vail Health's privilege log—a very detailed privilege log describing each privileged communication individually—was deficient. Among the myriad issues raised in MTC 5, Plaintiffs briefly argued that privileged

1

communications with non-employee members of Vail Health's Board of Directors were actually nonprivileged because those Board members communicated with their business email addresses. Plaintiffs' argument consisted of just two paragraphs. The case law Plaintiffs cited did not address the issue of whether outside board members' use of their business email addresses is consistent with their obligation to maintain the confidentiality of privileged communications. In the MTC 5 Order, the Special Master found that Plaintiffs waived the argument by failing to adequately develop it or support it with relevant case law. That portion of the MTC 5 Order was correct, and the Court should adopt it without reaching the underlying legal issue. The Court should not consider the legal arguments in Plaintiffs' Appeal, nearly all of which were not presented to the Special Master in MTC 5. Even if the Court reaches the merits, Vail Health carried its burden to demonstrate privilege. And, in any event, waiver of privilege as to more than 160 communications with Vail Health's Board members would be an unduly harsh sanction in the circumstances present here, where Plaintiffs' MTC 5 raised myriad baseless issues regarding Vail Health's privilege log and challenged privilege designations regarding nearly 400 documents. The Court should deny Plaintiffs' Appeal.

## BACKGROUND

Vail Health described the procedural history regarding the production of its privilege log and Plaintiffs' MTC 5 in its Partial Appeal of Special Master's Order Regarding Plaintiffs' Motion to Compel No. 5 Concerning Vail Health's Privilege Log. (Doc. 414 at 2-6.) Vail Health refers the Court to that filing and will not repeat that history herein, except as pertinent to Plaintiffs' Appeal.

Plaintiffs' MTC 5 argued, *inter alia*, that (a) Vail Health's Initial Privilege Log included inadequate information to assess Vail Health's privilege claims; (b) certain documents

concerning valuations were not privileged; (c) Vail Health waived privilege by communicating with Board members who used non-Vail Health email addresses; (d) Vail Health waived privilege by disclosing certain non-privileged documents; and (e) draft documents intended for dissemination to third parties (*e.g.*, draft contracts) are not privileged. (Doc. 195.) Plaintiffs' argument regarding Board emails consisted of only two paragraphs and cited only four cases, none of which held that outside Board members cannot use their business email accounts to communicate about privileged matters. (*Id.* at 13-14.) In total, Plaintiffs' MTC 5 challenged more than **390 of the 580 entries** on Vail Health's privilege log. (*Id.* at 1-15.)

On November 8, 2021, Vail Health filed its response to MTC 5. (Doc. 213.) Vail Health's MTC 5 brief was detailed and well supported, addressing each argument Plaintiffs raised in MTC 5. (*Id.*) It also attached a detailed declaration from Nicholas Brown, the former Senior Vice President of Howard Head Sports Medicine and Vail Health Business Development. (Doc. 414-7; Doc. 213-3 at 1.) Mr. Brown's declaration described, *inter alia*, that he communicated with Vail Health executives and then-Board Chair Mike Shannon regarding privileged matters. (*Id.* ¶ 13.) While Vail Health argued that *in camera* review of the documents Plaintiffs challenged was unnecessary, Vail Health stated that it had "no objection" to providing privileged documents to the Special Master for *in camera* review. (Doc. 213 at 8.) Thus, in response to Plaintiffs' MTC 5, Vail Health offered (a) detailed argument in its brief; (b) a sworn declaration; (c) a detailed, document-by-document privilege log; and (d) submission of documents for *in camera* review.

Plaintiffs filed their reply brief on November 19, 2021. (Doc. 226.) Plaintiffs briefly addressed their argument regarding the Board communications, raising new arguments and citing new authority. (*Id.* at 9-10.)

3

On December 6, 2021, per the Special Master's order, Vail Health filed its Proposed Findings of Fact and Conclusions of Law regarding Plaintiffs' five Motions to Compel, which referenced and attached as an exhibit Vail Health's Amended Privilege Log. (Doc. 261 ¶¶ 99, 165; Doc. 261-11.) On February 8, 2022, per the Special Master's request, Vail Health sent the Special Master copies of the privileged documents at issue in MTC 5 for *in camera* review. (Doc. 364-5.)

On October 21, 2022, the Special Master issued the MTC 5 Order. (Doc. 398.) As to the privileged communications with members of Vail Health's Board of Directors, the MTC 5 Order upheld Vail Health's privilege claim. (*Id.* at 17-19.) The MTC 5 Order reasoned that Plaintiffs' MTC 5 (Doc. 195) failed to "discuss the pertinent factors" and cited authority that was "legally inapposite to the situation presented here." (*Id.* at 18.) The MTC 5 Order concluded that Plaintiffs failed to address the purportedly relevant considerations until their reply brief, thereby waiving the argument that outside Board members' use of business emails was improper. (*Id.* at 19.) Ultimately, the MTC 5 Order concluded that in MTC 5 Plaintiffs addressed the issue concerning Board communications in "an extremely abbreviated manner" and improperly "'[lay] in wait,' reserving their strongest arguments for a reply brief after the respondent has already been heard." (*Id.*)

## LEGAL STANDARD

Rule 53 permits appointment of a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). The Court's appointment order provides that "Magistrate Judge Gallagher will review each discovery motion to determine in his discretion whether the dispute should be referred to the Master and will refer appropriate discovery motions

4

to the Master." (Doc. 123 at 2.) Judge Gallagher referred to the Special Master MTC 5 but did not delegate supervision of all discovery matters to the Special Master. (*Id.*)

"In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). In reviewing an objection to a Special Master's order, the Court "must decide de novo all objections to findings of fact . . . [and] all objections to conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(3), (4). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5).

## ARGUMENT

### I.  The Special Master Correctly Concluded That Plaintiffs Failed To Support Their Argument Regarding Board Communications.

Plaintiffs have provided this Court with a 15-page brief addressing a single legal issue: whether a party may engage in privileged communications with independent, non-executive members of its Board of Directors who use email addresses of their employer, rather than an email address provided by the company whose Board on which they serve. Plaintiffs propose an exacting and burdensome standard for demonstrating privilege in such circumstances, identifying a long list of facts that must be averred in sworn affidavits to demonstrate privilege. (*Id.* at 7 (arguing evidence must be submitted regarding why alternative measures were not used to communicate with Board members, Board member training, Board member confidentiality agreements, and email encryption); *id.* at 9 (identifying seven additional categories of information that must be provided to establish that communications with Board members are privileged).) But Plaintiffs presented no such argument or analysis to the Special Master in MTC 5. (Doc. 408.) The Special Master correctly concluded that Plaintiffs' "extremely

5

abbreviated" briefing did not "adequately develop" the argument that use of outside emails by Vail Health Board members invalidated privilege. (Doc. 398 at 19.) The Court should decline to overrule the MTC 5 Order based on arguments and authority that Plaintiffs never presented to the Special Master in MTC 5.

Plaintiffs' Appeal should be denied because MTC 5 provided no authority to support the proposition that Board members' use of outside email accounts vitiates privilege. Any motion, including a motion to compel, must provide legal authority supporting the relief requested. *See* D.C.COLO.LCivR 7.1(d) (requiring a motion to "be supported by a recitation of legal authority in the motion"); *Rowe v. Conoco, Inc.*, Case No. 97-6107, 1998 U.S. App. LEXIS 13196 (10th Cir. June 19, 1998) ("[A] party who mentions a point in passing but fails to make any argument or cite any authority to support his assertion waives that argument." (internal quotation marks omitted)); *Church Mut. Ins. Co. v. Rocky Mt. Christian Church*, No. 20-cv-01769-WJM-KLM, 2020 U.S. Dist. LEXIS 262763, at *5 (D. Colo. Oct. 21, 2020) (Mix, M.J.) (denying motion that did "not provide the level of detail necessary" to decide the motion and was "not supported by any authority"). That the party claiming privilege bears the burden to demonstrate privilege does not relieve the moving party of its obligation to support its arguments in the motion. *See WH Holdings, LLC v. Ace Am. Ins. Co.*, No. 09 C 7133, 2010 U.S. Dist. LEXIS 97471, at *8 (N.D. Ill. Sep. 17, 2010) (rejecting argument that producing party waived privilege where the moving party "provide[d] no legal authority" supporting its wavier argument). Plaintiffs' conclusory, two-paragraph argument in MTC 5 regarding Board communications provided no legal support for the proposition that Board members' use of their business email accounts rendered otherwise privileged communications nonprivileged. (*See* Doc. 195 at 13-14.) Plaintiffs cited just four cases in that section of MTC 5, none of which support Plaintiffs' argument:

6

- *L-3 Comm's Corp. v. Jaxon Eng'g & Maint., Inc.*, 2014 U.S. Dist. LEXIS 103157, *10-11, 22 (D. Colo. July 29, 2014) (cited in Doc. 195 at 13 & n.64), is distinguishable. *L-3* explains that an otherwise privileged email lost its privilege when it was forwarded to the wife of a co-worker and commented that business communications may be exempt from claims of spousal privilege. *Id.* *10-11, 22. It contains no discussion of whether attorney-client privileged communications lose their privilege simply because they are sent to the business email of a board member. *Id.*

- *Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2018 U.S. Dist. LEXIS 22564, at *1 (D. Colo. Feb. 12, 2018) (cited in Doc. 195 at 13 n.61), also provides Plaintiffs no support. Nowhere did *Beltran* address whether outside directors' use of their business email accounts waived privilege.

- *United States v. Ryans*, 903 F.2d 731 (10th Cir. 1990)—which Plaintiffs mis-cite as 902 F.2d 731 in MTC 5 (Doc. 195 at 13 n.62)—is a criminal case involving a motion to suppress surreptitious recordings by a government informant. *Id.* at 732. It does not address outside board members' use of business email addresses to communicate with counsel. *Id.*

- *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) (cited in Doc. 195 at 14 n.65), addressed the question of whether inadvertent disclosure of a legally privileged memorandum to a third-party auditor waived privilege. It did not address communications with a corporation's board of directors. *Id.*

In sum, the MTC 5 Order correctly rejected Plaintiffs' argument that outside Board members' use of business email accounts rendered attorney-client communications nonprivileged because

Plaintiffs raised the issue "in an extremely abbreviated manner" and "fail[ed] to adequately develop" the argument. (*See* Doc. 398 at 19.)

Moreover, the MTC 5 Order correctly concluded that Plaintiffs could not cure their conclusory and unsupported argument in MTC 5 by making new arguments and citing new authority in their reply brief. (*See id.*) A moving party cannot wait until its reply brief to articulate the standard it contends governs or provide authority for that standard. *Martin v. Pure Spectrum CBD, LLC*, No. 20-cv-00910-MEH, 2022 U.S. Dist. LEXIS 404, at *19 n.4 (D. Colo. Jan. 3, 2022) ("'[A] party waives issues and arguments raised for the first time in a reply brief.'" (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011))). Plaintiffs' reply brief argued, for the first time, that to establish privilege regarding Vail Health outside Board members' use of business email accounts, Vail Health "must present evidence on the following: (1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?" (Doc. 226 at 9.) It also identified, for the first time, *In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005), as the "leading case" on that standard. (*Id.* at 9 n.40.) By waiting until its reply brief to propose that standard and cite that authority, Plaintiffs waived the argument.[1]

The Court should affirm the MTC 5 Order insofar as it rejected Plaintiffs' argument that otherwise privileged communications with Vail Health Board members using business email

---

[1] Plaintiffs argue that Vail Health should have requested a surreply brief to address the new arguments raised in Plaintiffs' MTC 5 Reply Brief. (Doc. 408 at 15.) However, "[s]urreplies are disfavored." *Ngiendo v. Univ. Partners, LLC*, No. 2:20-cv-02393-HLT-TJJ, 2022 U.S. Dist. LEXIS 54723 (D. Kan. Mar. 25, 2022).

accounts are not privileged. The MTC 5 Order correctly concluded that Plaintiffs failed to adequately support that argument in MTC 5.

II. **Vail Health Demonstrated Privilege of Board Communications.**

As discussed above, the Court need not, and should not, reach the merits of Plaintiffs' argument concerning Board communications, given Plaintiffs' failure to support their argument in MTC 5. (*See* Section I, *supra*.) However, through its response to MTC 5 and submission of documents for *in camera* review, Vail Health has demonstrated that such documents are privileged based on applicable law.

Rule 26 describes a party's burden to demonstrate privilege:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). "The standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege that is claimed." *Robinson v. De Niro*, 2022 U.S. Dist. LEXIS 42101, at *7 (S.D.N.Y. Mar. 9, 2022). Privilege logs must contain "the author or origin of the document; any documents or materials attached to the document; all recipients of the document, including addresses and persons or entities receiving copies; the date of the origin of the document; and a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege." *Wildearth Guardians v. United States Forest Serv.*, 713 F. Supp. 2d 1243, 1266 (D. Colo. 2010) (internal citations omitted). For each

9

communication, Vail Health's Amended Privilege Log identified the date, author, recipients (including copied recipients), any attachment, and the subject matter of the communication and nature of the privilege sufficient to evaluate Vail Health's privilege claim. (Doc. 261-11.) It also identified each attorney or legal professional with an asterisk and included a table listing the employer and title of each individual on Vail Health's privilege log. (*Id.*) Vail Health's privilege log complied with Fed. R. Civ. P. 26(b)(5)(A), and thus carried Vail Health's burden.

However, Vail Health did not rely solely on its privilege log. It also (a) voluntarily submitted all of the more than 390 communications at issue in MTC 5 for *in camera* review (Doc. 364-5; Doc. 364 at 4) and (b) submitted a detailed declaration from Nicholas Brown (Doc. 414-7; Doc. 213-3). Submission of a detailed privilege log and submission of documents for *in camera* review, even without a sworn declaration, is sufficient to demonstrate privilege. *See, e.g.*, *High Point Sarl v. Sprint Nextel Corp.*, 2012 U.S. Dist. LEXIS 8435, at *30, 43-44 (D. Kan. Jan. 25, 2012) (finding that although party's affidavits did not address "every part of every document" it asserted was privileged, the party sufficiently supported its privilege claims through submission of a privilege log that asserted "for each document withheld that it was created for the purposes of legal advice or for the provision of legal advice"); *GE v. Johnson*, 2007 U.S. Dist. LEXIS 8275, at *51-52 (D.D.C. Feb. 5, 2007) (finding that declaration addressing 48 representative documents out of more than 800 was sufficient to establish privilege when viewed together with "the separate privilege log, as well as the Court's own *in camera* review of a sample document"); *Robinson*, 2022 U.S. Dist. LEXIS 42101 (denying motion to compel, in part, based on submission of privilege log and documents for *in camera* review).

Vail Health has not located a case where a Court required a party to submit a brief or declaration discussing individually hundreds of privileged communications or face a blanket waiver of privilege. Such a rule would unduly burden the Court and the parties and be inconsistent with the purpose of the Federal Rules. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). It would also encourage unscrupulous litigants to challenge scores or hundreds of an opposing party's privilege log entries to impose significant burdens on the opposing party.

A further showing that Vail Health Board members kept privileged communications confidential was unnecessary because members of a corporation's board of directors owe a fiduciary duty to the company, which includes a duty to protect the corporation's confidential information. *See SGS Acquisition Co. Ltd. v. Linsley*, No. 16-CV-02486-MSK-KLM, 2018 U.S. Dist. LEXIS 48306, at *5 (D. Colo. Mar. 23, 2018) (holding that obligation to protect confidential information is attendant to fiduciary relationship); *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, No. 18-cv-02295-CMA-NYW, 2019 U.S. Dist. LEXIS 114555, at *15-16 (D. Colo. Apr. 29, 2019); C.R.S. § 7-128-401(1). In light of that duty, it is a reasonable inference that Vail Health's Board members took reasonable measures to protect the confidentiality of privileged communications sent from or received by their business accounts. Plaintiffs, despite deposing multiple Vail Health Board members in the state case, have failed to adduce any evidence to rebut that inference.

Even if a Board member, hypothetically, failed to take reasonable measures to protect privileged communications, that would not result in a waiver of the corporation's privilege. *Galli v. Pittsburg Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 119618, *10-11 (N.D. Cal. Oct. 26, 2010)

11

(the Board, as a body, held the attorney-client privilege for the corporation; individual Board member cannot waive that privilege). Board members owe a fiduciary duty of loyalty to their corporation, and there is nothing to suggest these emails were otherwise forwarded or somehow broke any applicable attorney-client privilege. *Commodity Futures Trading Com. v. Weintraub*, 471 U.S. 343, 348 (1985) ("power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors"); *Galli*, 2010 U.S. Dist. LEXIS 119618 at *10-11. Plaintiffs and the MTC 5 Order suggest that Vail Health executives impliedly waived privilege because they were aware that Vail Health's outside Board members were using business email accounts. However, a Board member's use of his or her business account, without any evidence the Board member was not protecting the confidentiality of those communications, would not put the executive on notice that confidentiality had been breached.

In sum, even if the Court reaches the merits, it should deny Plaintiffs' Appeal.

**III.     The Court Should Not Hold That Vail Health Waived Privilege Regarding Hundreds of Documents.**

Even if the Court were to determine that Vail Health failed to meet its burden to demonstrate privilege regarding the more than 160 Board communications at issue in Plaintiffs' Appeal, a broad finding of waiver is not warranted. "Waiver of the privilege . . . is the most extreme sanction that a court can impose for failure to follow the required procedure. . . . [W]aiver is reserved for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." 6 Moore's Federal Practice - Civil § 26.90 (2022). In fact, "some courts have found that the '*failure to provide a privilege log* alone does not warrant a waiver of the attorney-client privilege.'" *Robinson*, 2022 U.S. Dist. LEXIS 42101 (emphasis added) (quoting *Pem-America, Inc. v. Sunham Home Fashions*, 2007 U.S. Dist. LEXIS 80548, at

12

*5 (S.D.N.Y. Oct. 30, 2007)). Vail Health has proceeded in good faith by submitting detailed, legally supported briefing, a detailed privilege log, all disputed documents for *in camera* review, and a detailed declaration from Mr. Brown. At a minimum, given the large number of baseless issues Plaintiffs raised in MTC 5—to which Vail Health was required to devote many pages in its response—Vail Health should be provided an opportunity to submit supplemental briefing exceeding the 15-page limit and supplemental declarations addressing the issues Plaintiffs belatedly raised in their reply brief regarding Plaintiffs' Appeal.

## CONCLUSION

The Court should deny Plaintiffs' Appeal and adopt the MTC 5 Order insofar as it upheld Vail Health's privilege claim concerning privileged communications with members of Vail Health's Board of Directors (Item Nos. 1-5, 28, 30-34, 38, 42, 46-56, 61, 63, 65-71, 74-75, 111, 113, 131, 156, 201, 212-13, 215, 218-35, 244-54, 271-79, 300-01, 303-05, 311-17, 321-26, 330-33, 336-39, 343-48, 358-65, 374-75, 385-86, 388-95, 416-17, 421-26, 441-53, 459, 472, 474, 497, 504, 523-26, 528, 531-33.).

Respectfully submitted this 2nd day of December, 2022.

       *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*