IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE VAIL HEALTH'S REPLY TO MOTION FOR LEAVE TO RESTRICT [ECF NO. 404]**

## INTRODUCTION

Vail Health claims that a motion to restrict is routine and that all Vail Health must do is file a "concise" (perfunctory) motion to restrict to comply with D.C.COLO.LCivR7.2.[1] If that were so, there would be no need for Local Rule 7.2. Nor would there be a presumption of the public to court records.

Vail Health's "concise" motion consisted of nothing more than nine paragraphs, none of which were longer than two sentences long. Vail Health provided no record facts, cited not a single case, and failed to address every element required under Local Rule 7.2(c). The only authority it relied on as the basis for its motion to restrict was the Stipulated Protective Order, which Local Rule 7.2(c)(2) expressly states is insufficient. But according to Vail Health, that apparently is all that must be done in this Court,[2]

---

[1] ECF No. 420 at 1.
[2] *Id*.

although Plaintiffs have not identified any case from this jurisdiction agreeing with that proposition. Ironically, Vail Health then criticizes *Plaintiffs* for filing a motion to strike when this issue could easily have been avoided if Vail Health had complied with its obligations under D.C.COLO.LCivR7.2 in the first place.[3] Instead, it waited in the wings until after Plaintiffs filed its opposition, with Vail Health then citing ten cases and making arguments not addressed in its opening motion.[4] Vail Health does not even attempt to explain why it did not initially include all its arguments and legal authority at the start. Nor does Vail Health provide any case law supporting its position that a party may do only the bare minimum in filing a motion to restrict and then file a reply that attempts to establish the required elements, which defies the purpose of D.C.COLO.LCivR7.2.

## ARGUMENT

I. **THE PRESUMPTION OF PUBLIC ACCESS CONFIRMS WHY IT IS SO IMPORTANT FOR A MOVING PARTY TO COMPLY WITH RULE 7.2(c).**

There is a presumption of public access to court records. D.C.COLO.LCivR7.2 ensures that this right is not improperly impinged upon by allowing anyone to object to any proposed restrictions being placed on a court filing. This right is so important that the Court publicly posts newly-filed motions to restrict on its website to ensure the public knows what is at issue and the deadline to file any objection. A party or member of the public, however, cannot be fully apprised of the issues at stake, or file a proper objection without being fully informed of the moving parties' factual and legal bases for seeking such a restriction.

---

[3] *Id.* at 2.
[4] ECF No. 404 at 3-5.

2

That is why D.C.COLO.LCivR7.2 places the burden on the party seeking to restrict to establish each and every element required by Local Rule 7.2(c).[5]  Under the "local rule, the precedent of this District, and the presumptive common law right of public access, 'a party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it 'believes' certain materials are competitively sensitive (without evidentiary support) in an attempt to secure wholesale sealing of entire legal briefs and accompanying exhibits."[6]  The showing of compelling reasons is necessary because it is "critical that the public be able to review the factual basis of this court's decisions and evaluate the court's rationale so that it may be confident that the court is functioning as a neutral arbiter."[7]

If the party seeking restriction does not fully apprise the public and the Court about the factual and legal basis for seeking restriction in its opening motion, a potential objector could decide not to file an objection because—on its face—the party has not met the standard.  Likewise, without establishing the necessary elements in the opening motion, a potential objector, who does not have access to the claimed restricted documents and must rely exclusively on the moving parties' recitation, cannot adequately respond and explain why the moving party's motion should be denied and public access should be maintained.  Further, if the restriction is so important to a party, there should be no issue

---

[5]   *Weinreis Ethanol, Ltd. Liab. Co. v. Kramer*, Civil Action No. 21-cv-03120-CMA-NRN, 2022 U.S. Dist. LEXIS 10707, at *9 (D. Colo. Jan. 20, 2022) (citing *Stroup v. United Airlines, Inc.*, Civ. No. 15-cv-01389-WYD-CBS, 2016 U.S. Dist. LEXIS 48378, 2016 WL 7176717, at *8 (D. Colo., Sept. 16, 2016); see also *XY LLC, v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYW, 2015 U.S. Dist. LEXIS 153282, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015)).
[6]   Id.
[7]   Id.

3

with the party providing all the necessary proof and legal authority in its motion, which is exactly what D.C.COLO.LCivR7.2 requires. Plaintiffs have identified a couple of examples of other opposed motions to restrict to prove this point; neither are limited to the meager conclusory statements that Vail Health claims is "routine."[8]

Finally, it bears repeating that even if Plaintiffs (or a member of the public) had not objected to Vail Health's motion to restrict, the Court has a duty, as sentinel for the public,[9] to still decide whether Vail Health showed "some significant interest that outweighs the presumption" of public access to Court records.[10] If Plaintiffs had not objected, Vail Health would not have filed a reply, and the Court's decision would have been based solely on the perfunctory nine paragraph motion that does not comply to the standards set by "local rule, the precedent of this District, and the presumptive common law right of public access…."[11] Because Vail Health has the burden to establish each element of Local Rule 7.2(c), the reply brief should be stricken because the arguments made there should have been made in Vail Health's opening motion but were not.

## II. VAIL HEALTH HAS THE BURDEN TO PROVE EACH ELEMENT OF RULE 7.2(c) SIMILAR TO ITS BURDEN ON ATTORNEY-CLIENT PRIVILEGE.

"It is not Plaintiff[s]' burden to establish why restriction is not necessary; rather, [Vail Health] bears the high burden of demonstrating that restriction is warranted here."[12] This means that the party seeking the restriction "articulate a real and substantial interest

---

[8] *See* Ex 1.
[9] *Stouffer v. Nat'l Geographic Partners, LLC*, No. 18-CV-03127-WJM-GPG, 2020 U.S. Dist. LEXIS 162672, at *4 (D. Colo. July 23, 2020) ("the fact that a motion is unopposed does not alone justify restriction because the right to access court records is owed to the public").
[10] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation omitted).
[11] *Weinreis Ethanol*, 2022 U.S. Dist. LEXIS 10707, at *9.
[12] *Tracy v. Suncor Energy (U.S.A.) Inc.*, Civil Action No. 20-cv-01597-WJM-NYW, 2021 U.S. Dist. LEXIS 213307, at *11 n.6 (D. Colo. Nov. 4, 2021) (citation omitted).

4

that justifies depriving the public of access to the records that inform [the court's] decision-making process."[13] This explains why Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multipart showing and (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate.[14] Thus, a party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court."[15]

In its motion to restrict, Vail Health ignored Local Rule 7.2, the precedent of this District, and the presumptive common law right of public access when it did exactly what this Court and the Tenth Circuit has instructed is improper—that is, fail to provide facts supporting the assertion that restriction is necessary, prove that a privacy interest outweighs the presumption, and provide legal support beyond a protective order. Because Vail Health has the sole burden to prove restrictions are necessary, the place to do so was in its opening motion. Although Vail Health knew Plaintiffs would be opposing its motion to restrict, it chose to file a perfunctory motion that did nothing more than to regurgitate Rule 7.2(c) in a conclusory fashion. When Plaintiffs objected to Vail Health's motion as having failed to meet its burden of proof, Vail Health then switched gears and

---

[13]  *JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014).
[14]  *Tracy*, 2021 U.S. Dist. LEXIS 213307, at *3-4.
[15]  *JetAway,* 754 F.3d at 826.

5

attempted to shift Vail Health's burden to Plaintiffs, claiming that Plaintiffs had the obligation to distinguish the confidential information from what may have been already sealed by the Court and burden to rebut Vail Health's motion.[16] Vail Health cites no case shifting the burden onto the public or other party when opposing a restriction because that is not how Local Rule 7.2 is to work.  For example, under Local Rule 7.2(c)(2), the party seeking the restriction has the burden to rebut the presumption of public access.[17]

Perhaps most notably for this motion, Vail Health contends that the ten "new cases" cited its in reply do not constitute new legal argument, they simply support a legal issue already raised in the original motion.[18]  But in *Lemesany,* the case Vail Health cites for this proposition, the party had previously cited similar legal authority in its opening motion.  In its response on the motion to restrict, Vail Health makes it appear as if it the case law cited in the reply was merely "*additional case law* responsive to Plaintiffs' arguments,"[19] when in fact ***it cited zero cases*** in its opening motion,[20] despite having the sole burden of proof under Rule 7.2(c).[21]  Plaintiffs had no opportunity to address the ten cases in opposing the motion, and it would be inappropriate to do so here.  Suffice it to

---

[16]     *See* ECF No. 404 at 3.
[17]     *See, e.g., Mann,* 477 F.3d at 1149 ("The 'presumption of access…can be rebutted if countervailing interests heavily outweigh the public interests in access….The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.") (citation omitted).
[18]     ECF No. 420 at 4 (citing *Lemesany v. GM LLC,* No. 19-658 KG/SCY, 2020 U.S. Dist. LEXIS 1393, at *3 (D.N.M. Jan. 6, 2020)).
[19]     ECF No. 420 at 4.
[20]     ECF No. 393 at 1-3.  *See also Lemsany,* 2020 U.S. Dist. LEXIS 1393, at *3 and ECF No. 10 at 3-5 (citing legal authority); *In re Motor Fuel Temperature Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 144954, 2011 WL 5506259, at *2 (D. Kan.) (holding that "wo cases first cited in defendants' reply do not constitute new legal argument" because "[t]hey stand for the very same proposition as the cases cited in defendants' original motion").
[21]     *Weinreis Ethanol,* 2022 U.S. Dist. LEXIS 10707, at *9.

6

say that Vail Health did not explain why it did not make the arguments that it does in its reply in its opening motion.

In contrast, Vail Health takes the opposite approach on virtually the same issue but in the attorney-client privilege context, where again it has the sole burden of proof.[22] As noted above, under Rule 7.2(c), Vail Health has the heavy burden to present sufficient proof, on a document-by-document basis all the elements of Rule 7.2(c) before a court will restrict access to court records. Similarly, Vail Health must clearly present sufficient facts[23] on a document-by-document basis[24] to prove the applicability of the attorney-client privilege as well as lack of waiver. But Vail Health seeks to have it both ways when it comes to its burden in both scenarios.

For example, in response to Plaintiffs' appeal related to Board communications using outside emails, Vail Health asserts that Plaintiffs' motion had to be "supported by a recitation of legal authority in the motion,"[25] which Vail Health then asserts waived Plaintiffs' argument. (Plaintiffs dispute that contention but that is not the subject of this motion.)[26] In contrast here, Vail Health takes the opposite approach when it comes to its burden under Local Rule 7.2(c). Apparently, it is permissible to rely only on the Stipulated Protective Order, not provide any facts, nor cite a single case in its motion to restrict, and

---

[22] *See Skepnek v. Roper & Twardowsky, L.L.C.*, No. 11-4102-KHV, 2013 U.S. Dist. LEXIS 163475, at *4-5 (D. Kan. Nov. 18, 2013) ("The duty to raise the issue of privilege …rested with defendants, not plaintiffs….defendants had the burden to assert those objections and support them in opposing the motion to compel."); *Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 39 (D.D.C. 2010) (same).
[23] *See Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 405, 409-10 (D. Md. 2005).
[24] *See, e.g., United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (requiring privilege to be asserted "document by document").
[25] ECF No. 423 at 6.
[26] ECF No. 408 at 12.

7

yet can argue in a reply—for the first time—that its ten, never-before-cited cases are not new because they support arguments made (and purportedly cases that were *not* cited) in its opening motion.[27]

Under either scenario, the outcome is the same—Vail Health attempts to shift its burden on the motion to restrict and to establish applicability of privilege onto Plaintiffs, both of which is without legal support.  It also seeks to impose standards on Plaintiffs in the attorney-client privilege context while at the same time arguing that those same standards do not apply to Vail Health when it comes to the motion to restrict.  Vail Health makes no attempt attempt to justify how it can have it both ways.  Vail Health's arguments are contrary to and "inconsistent with the fundamental precept of Anglo-American jurisprudence that you cannot have your cake and eat it, too."[28]

### III. LOCAL RULE 7.2 AND THE COURT'S APRIL 1, 2022 ORDER APPEAR NOT TO CONTEMPLATE A REPLY.

Local Rule 7.2 is set apart from Local Rule 7.1, which addresses motions in general.  Rule 7.2 contemplates a motion filed by the party seeking a restriction, and an objection being filed within three business days of the motion being posted.  The purpose of Local Rule 7.2 is to ensure the public's right to open court records is not improperly impinged upon without the requisite showing.  Rule 7.2 is like Fed. R. Civ. P. 72 in that it does not authorize a reply.  Yet, the practice standards of the judges in this district as to Rule 72 vary from judge to judge.  Moreover, Fed. R. Civ. P. 53 does not authorize responses to appeals of Special Master Orders, which explains why the parties here have

---

[27]   *Id.* at 6, 8.
[28]   *Definitive Holdings, Ltd. Liab. Co. v. Powerteq Ltd. Liab. Co.*, No. 2:18-cv-844 DBB DBP, 2022 U.S. Dist. LEXIS 75280, at *6-7 (D. Utah Apr. 22, 2022).

filed several motions seeking leave to file a response; in one instance, Vail Health was permitted by the Court to also file a reply.[29]

Additionally, in the April 1, 2022 Order, this Court set the procedure for filing motions to restrict, which Plaintiffs have interpreted as allowing a single motion and response. It appears that Vail Health is not of the same view, so additional guidance from the Court regarding the procedure to be used would likely help address certain issues going forward, particularly as to (1) the level of detail required in the opening motion to restrict, (2) whether the April 1 Order intended to limit the parties going forward to a motion and response, or whether a reply is authorized as well, and (3) whether the 3-business-day deadline to file an objection applies to the parties, or does the 14-day deadline in the April 1 Order provide the response time.

## **CONCLUSION**

Plaintiffs therefore respectfully requests that the Court strike Vail Health's reply and provide additional guidance to avoid any further issues going forward.

---

[29] ECF No. 374.

Dated:  December 6, 2022

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig (MN# 0290282)
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2022, I served a true and correct copy of Plaintiffs' Reply In Support Of Motion To Strike In Vail Health's Reply To Motion For Leave To Restrict [ECF No. 404], including exhibit, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant

    *s/ Alan L. Kildow*
    Alan L. Kildow