

# Exhibit 18

DAVIS
GRAHAM &
STUBBS

Daniel A. Richards
303.892.7452
daniel.richards@dgslaw.com

October 17, 2022

**<u>Via Email</u>**

Hon. W. Terry Ruckriegle
Special Master
Box 3305
Breckenridge CO 80424
terry@ruckriegle.com

Re:    Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic, Inc., d/b/a Vail Health, Civil Action No. 1:19-cv-02075-WJM-GPG (D. Colo.)

Dear Judge Ruckriegle:

Defendant Vail Clinic, Inc. ("Vail Health") respectfully submits this letter to describe the steps Vail Health has taken to comply with the Special Master's Report and Recommendation Regarding Motion to Compel No. 2 (Doc. 381) ("MTC 2 Order"), Report and Recommendation Regarding Motion to Compel No. 3 (Doc. 382) ("MTC 3 Order"), and Report and Recommendation Regarding Motion to Compel No. 4 (Doc. 383) ("MTC 4 Order") (collectively, "MTC Orders"). Vail Health stands ready to answer any questions the Special Master has regarding Vail Health's compliance with the Special Master's orders.

**I.    Search Process Information**

The MTC Orders require Vail Health to produce its Search Process Information ("SPI") with respect to certain discovery requests. As explained in the MTC 2 Order, when ordered to disclose SPI, Vail Health must disclose the locations searched; the search criteria used; and, to the extent Vail Health intends to conduct further searches, the locations and search terms it intends to use. (Doc. 381 at 4.)

Vail Health described its SPI to Plaintiffs in November 2021. In late 2021, Plaintiffs requested that Vail Health identify the search terms it used to search for responsive documents. In response, in a November 10, 2021 letter, Vail Health described in detail its searches for responsive documents in both the related state-court litigation and this case. (Ex. 1 ("November 2021 Letter").)

With respect to the state case, the November 2021 Letter identified by bates number the key documents Vail Health produced in the state case related to Plaintiffs' claims in this case. (*Id.* at 2.) It also identified the 24 custodians whose files were searched, including by applying search terms specifically requested by Plaintiffs. (*Id.*)

With respect to the federal case, the November 2021 Letter identified Vail Health's SPI in detail. (*Id.* at 2-4.) It identified several categories of documents that Vail Health collected without relying on

Hon. W. Terry Ruckriegle
October 17, 2022
Page 2

search terms, such as physical therapy data, Howard Head financial data, chargemasters, payer contracts, exemplar offer letters, and Vail Health Board minutes and agendas. (*Id.* at 3.) The letter also identified each custodian whose email files were searched in the federal case, including their titles during the relevant time period. (*Id.*) Finally, it identified approximately 50 sets of search terms Vail Health applied to search for responsive documents.

Vail Health previously provided the Court and Special Master with detailed information regarding its SPI. For example, in Vail Health's November 29, 2021 Report Regarding Results of Conferral, Vail Health referenced search terms employed to identify documents responsive to certain discovery requests. (Doc. 246 at 9, 11, 17.) Vail Health also identified search terms employed to identify responsive documents in its December 6, 2021 Proposed Findings of Fact and Conclusions of Law regarding Plaintiffs' Motions to Compel Nos. 1-5 ("Proposed Findings"). (Doc. 261 at 7, 9, 11, 13, 15, 19, 25, 27.) Vail Health attached its November 2021 Letter as Exhibit 5 to its Proposed Findings and referenced the letter throughout its Proposed Findings. (*Id.*; Doc. 261-5.) For example, Vail Health's Proposed Findings explained that "[o]n November 10 [2021], Vail Health addressed [Plaintiffs' questions regarding search terms and custodians] in great detail in a letter to Plaintiffs" and noted that "Plaintiffs have not raised any further questions or issues regarding search terms." (Doc. 261 at 27 (citing the November 2021 Letter).)

Since receiving Vail Health's November 2021 Letter, Plaintiffs have not requested that Vail Health employ any further search terms or collect documents from any additional custodians.

Where Vail Health has performed additional searches or collected additional documents in response to the MTC Orders, Vail Health describes below the additional searches for responsive documents or information it has performed.

Accordingly, Vail Health respectfully submits that it has complied with the MTC Orders insofar as they require Vail Health to disclose its SPI.

## II.    MTC 2 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's MTC 2 Order.

### A.    Interrogatory No. 18

Interrogatory No. 18 asks Vail Health to "[d]escribe in detail how Vail Health developed any chargemasters," including identifying the Vail Health employees involved in developing Vail Health's chargemasters.

With respect to Interrogatory No. 18, the MTC 2 Order requires Vail Health to either "supplement[] its response to identify the employees involved in setting prices from 2012-2015 and from 2020-2021" or "specifically state that it has completed its reasonable efforts to discover that information and that it is unable to locate the requested information." (Doc. 381 at 2-3.) The MTC 2 Order also requires Vail Health to supplement its response to Interrogatory No. 18 to address how Vail Health developed its chargemaster for the 2012-2014 time period. (*Id.* at 3.) Attached hereto as Exhibit 2 is a

Hon. W. Terry Ruckriegle
October 17, 2022
Page 3

supplemental response to Interrogatory No. 18 addressing these matters, which is based on information and documents previously provided to Plaintiffs.  (Ex. 2 at 9-10.)

The MTC 2 Order also requires Vail Health to disclose its SPI as it relates to Interrogatory No. 18. Vail Health incorporates herein its November 2021 Letter describing its SPI.  (Ex. 1.)  Vail Health further states that counsel conducted interviews with current Vail Health employees that might have information regarding the development of Vail Health's chargemasters prior to 2019, including Ashley Yeo, Director Health Information Management; Lisa Herota, Senior Director of Compliance & Privacy; Mary Ellen Broersma and Nicholas Brown, the current and former leaders of Howard Head, respectively; John Higgins, Chief Financial Officer; and Katie Lawlor, Director of Risk Management & Patient Safety.

**B.      Request for Production No. 18**

With respect to Request for Production No. 18, which relates to Vail Health's chargemasters, the MTC 2 Order provided as follows:  "The Special Master orders that Vail Health shall either: (i) produce the 2012-2014 chargemasters, or (ii) verify that it has completed its search for those documents and that it is unable to produce them, providing the Search Process Information relevant to the search it performed regarding this inquiry."  (Doc. 381 at 5.)

Vail Health produced its chargemasters with respect to physical therapy services for the period 2012-2014 before Plaintiffs filed their motions to compel.  Vail Health produced its physical therapy chargemaster for 2012 at Bates VH_Fed_00006961. Vail Health produced its physical therapy chargemaster for the period 2013-2014 at Bates VAIL_00037227.  Those chargemasters are attached hereto as Exhibit 3.

Vail Health's December 6, 2021 Proposed Findings referenced and attached Vail Health's physical therapy chargemasters for the 2012-2014 time period, stating:   "Plaintiffs claim that 'Vail Health chargemasters have not been produced for November 1, 2012 to 2014.'  This appears to be an oversight. Vail Health has produced chargemasters for 2012-2014. (Ex. 20.)"  (Doc. 261 at 23.)

**C.      Request for Production Nos. 2 & 4**

Request for Production No. 2 seeks "[a]ll annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name 'Howard Head Sports Medicine.'"  (Doc. 381 at 5.)  Request for Production No. 4 seeks "[a]ll documents relating to the costs incurred and profits realized with respect to the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name 'Howard Head Sports Medicine.'"  With respect to these requests, the MTC 2 Order directs Vail Health to "produce the SPI described above with regard to the searches it undertook in an effort to adequately respond to this request."  (*Id.* at 5-6.)

Vail Health incorporates herein its November 2021 Letter, which describes its SPI in detail.  As Vail Health noted in its Proposed Findings, Vail Health's former CFO, Charles Crevling, testified that Vail Health did not create audited financial statements or income statements for Howard Head in the ordinary course of business.  (Doc. 261 at 7.)  Nonetheless, Vail Health produced detailed Howard Head financial data directly from Vail Health's financial systems, which included monthly data regarding

Hon. W. Terry Ruckriegle
October 17, 2022
Page 4

Unique FIN (*i.e.*, patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income.  (Ex. 4.)  Additionally, Vail Health searched for financial analyses concerning Vail Health's physical therapy practice prepared in the ordinary course of business, including by utilizing the following search terms to search the emails of Vail Health's current and former CEOs and current and former leaders of Howard Head:

- "physical therapy" w/30 cost*
- "physical therapy" w/30 price*
- "physical therapy" w/30 revenue*
- "physical therapy" w/30 financ*
- "physical therapy" w/30 projection*
- "physical therapy" w/30 forecast*
- "physical therapy" w/30 valuation*

(Ex. 1 at 4.)

### D.    Request for Production No. 9

Request for Production No. 9 sought production of "[e]mployment records that identify each physical therapist employed by Vail Health in its physical therapy clinic doing business under the trade name of 'Howard Head Medical Center.'"  (Doc. 381 at 6.)  The Special Master sustained Vail Health's objections to this request in part and ordered Vail Health to produce the following:  "a listing of all physical therapists employed in the Howard Head Medical Center from 2012 to the present, including start and end dates of employment."  (*Id.*)  That list may "identify the physical therapists by employee identification number, payroll number, truncated Social Security number, or another unique identifier instead of by name."  (*Id.*)

In response to the Special Master's order regarding Request for Production No. 9, Vail Health produces at VH_Fed_00007122 a list of physical therapists, by unique employee identification number, employed by Vail Health (in the Howard Head business unit) from November 2012 through present, which identifies office location, job title, employment status, and dates of employment.  This list is attached hereto as Exhibit 5.

### E.    Request for Production No. 10

Request for Production No. 10 seeks "[a]ll employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic doing business under the trade name of 'Howard Head Medical Center.'"  (Doc. 381 at 7.)  The Special Master sustained Vail Health's objections to that request in part, concluding that it is "grossly overbroad."  (*Id.*)  The MTC 2 Order then ordered Vail Health to produce exemplar offer letters to physical therapists for the period 2012-2014 and for 2021, based on Plaintiffs' contention that Vail Health had not produced those documents.  (*Id.*)

In 2021, Vail Health produced exemplars of physical therapist offer letters dated November 2012, April 2015, December 2015, March 2016, May 2017, December 2017, May 2018, April 2019, May 2019, January 2020, October 2020, and December 2020.  These offer letters are attached as Exhibit 6.  Because

Hon. W. Terry Ruckriegle
October 17, 2022
Page 5

the November 2012 offer letter remained in effect throughout 2013, 2014, and early 2015, and the December 2020 offer letter remained in effect throughout 2021, Vail Health has produced offer letter exemplars for 2012-2014 and 2021.

## III.   MTC 3 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's MTC 3 Order.

### A.   Request for Production No. 15

In the MTC 3 Order, the Special Master ordered Vail Health to produce Board, Finance Committee, and Steering Committee minutes and agendas related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSOF concerning the provision of physical therapy. (Doc. 382 at 2.)

In 2021, Vail Health produced those portions of minutes and agendas of Vail Health's Board of Directors that relate to physical therapy / Howard Head, while redacting irrelevant information.  (Doc. 261 at 19.)   In response to the Special Master's order, Vail Health produces herewith VH_Fed_00006974-VH_Fed_00007017 minutes and agendas of (1) the Finance Committee of the Vail Health Board of Directors for November 2012 through December 2019 and (2) the Finance and Executive Committee of the Vail Health Board of Directors for December 2019 through December 2021, to the extent they are responsive to Request for Production No. 15 as narrowed by the Special Master.  As it did with the Board minutes and agendas, Vail Health produced those portions of the Finance / Finance and Executive Committee minutes and agendas concerning physical therapy / Howard Head and redacted the remainder.

The MTC 3 Order requires Vail Health to disclose its SPI concerning Request for Production No. 15.  (Doc. 382 at 3.)  Vail Health's search process in response to this Request for Production involved collecting all agendas and minutes for the relevant period of (1) the Vail Health Board of Directors; (2) the Finance Committee of the Vail Health Board of Directors for November 2012 through December 2019; and (3) the Finance and Executive Committee of the Vail Health Board of Directors for December 2019 through December 2021.  Vail Health's counsel then reviewed each agenda and set of minutes for responsive information, without relying on search terms.

### B.   Interrogatory No. 12

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 12 in part and ordered Vail Health to respond to the following revised interrogatory:  "For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services."  (Doc. 382 at 3-4.)  Vail Health serves herewith its response to Interrogatory No. 12 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs.  (Ex. 2 at 4-6.)

Hon. W. Terry Ruckriegle
October 17, 2022
Page 6

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 12 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has not supplemented its response in this respect.  (Doc. 386.)

### C.      Interrogatory No. 13

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 13 in part and ordered Vail Health to respond to the following revised interrogatory:  "For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in discussing antitrust, anti-kickback, or prohibited physician referral issues."  (Doc. 382 at 4-5.)  Vail Health serves herewith its response to Interrogatory No. 13 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs.  (Ex. 2 at 6-8.)

The MTC 3 Order requires Vail Health to "produce a privilege log addressing any claims of privilege attached to [Interrogatory No. 13]."  (Doc. 382 at 5.)  Vail Health is not withholding the identities of persons involved in the matters discussed in Interrogatory No. 13 on the basis of privilege.  To the extent Vail Health is withholding documents concerning the matters discussed in Interrogatory No. 13 on the basis of privilege, those documents are identified on Vail Health's privilege log.

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 13 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market.  (Doc. 386.)

### D.      Interrogatory No. 20(e) & (f)

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 20 in part and ordered Vail Health to respond to the following revised interrogatory:

> Identify each and every attorney (in-house or outside counsel), together with the name, address, and telephone number each attorney and his or her law firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, litigation, and/or any other legal services to Vail Health with respect to each of the following subject matters: [...]
>
> > (e) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services; and
> >
> > (f) Legal, regulatory, or compliance issues relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services.

Hon. W. Terry Ruckriegle
October 17, 2022
Page 7

(Doc. 382 at 4-5.)  Vail Health serves herewith its response to Interrogatory No. 20(e) & (f) as revised by
the Special Master, which is based on information and documents previously disclosed to Plaintiffs.  (Ex. 2
at 10-11.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order
regarding Interrogatory No. 20(e) & (f) insofar as it ordered production of information concerning joint
ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has
not supplemented its response in this respect.  (Doc. 386.)

### E.    Interrogatory No. 21(d) & (e)

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 21 in part and ordered
Vail Health to respond to the following revised interrogatory:

> Identify each and every Vail Health accountant (such as Vail Health's
> Chief Financial Officers), together with the name, address, and telephone
> number of each and every accountant (such as public accountants) and his
> or her accounting firm, who was employed or engaged by Vail Health for
> the purpose of providing advice, counselling, planning, negotiating, or any
> other accounting, financial, or compliance services to Vail Health with
> respect to each of the following subject matters: [...]
>
>> (d) The planning, discussions, negotiations, or any agreements
>> relating to any joint venture, collaboration, or strategic partnership
>> whose purpose(s) included the provision of physical therapy
>> services; and
>>
>> (e) Legal, regulatory, or compliance issues relating any joint
>> venture, collaboration, or strategic partnership whose purpose(s)
>> included the provision of physical therapy services.

(Doc. 382 at 6-7.)  Vail Health serves herewith its response to Interrogatory No. 21(d) & (e) as revised by
the Special Master, which is based on information and documents previously disclosed to Plaintiffs.  (Ex. 2
at 11-13.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order
regarding Interrogatory No. 21(d) & (e) insofar as it ordered production of information concerning joint
ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has
not supplemented its response in this respect.  (Doc. 386.)

## IV.   MTC 4 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's
MTC 4 Order.

Hon. W. Terry Ruckriegle
October 17, 2022
Page 8

**A.      Requests for Production Nos. 7 & 8**

Request for Production No. 7 seeks "[a]ll documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services."  (Doc. 383 at 2.)   Request for Production No. 8 seeks "[a]ll documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services." (*Id.*)  The Special Master issued a number of orders with respect to these requests.

The MTC 4 Order provided as follows:  "To the extent that Vail Health contends that it produced documents responsive to these requests as part of the state case, the Special Master orders that Vail Health shall nevertheless produce them again in this case."  (Doc. 383 at 2.)  Judge Gallagher's Scheduling Order provides that "discovery conducted in the State Court Action may be used in this matter and should not be duplicated."  (Doc. 71 at 19.)  Vail Health refers Plaintiffs to the following documents responsive to Requests for Production Nos. 7 and 8 that were produced in the state case:  VAILJV000001-198, VAIL_00003482-3569.  If Plaintiffs are unable to access any of these materials, Vail Health is willing to reproduce them.  To be clear, however, Vail Health is not relying solely on its production in the state case for documents responsive to Requests for Production Nos. 7 & 8 and has performed extensive searches for responsive documents, as described in the November 2021 Letter and below.

The MTC 4 Order also requires Vail Health to disclose its SPI concerning Requests for Production Nos. 7 & 8.  (Doc. 383 at 2.)  Vail Health refers Plaintiffs and the Special Master to Vail Health's November 2021 Letter, which describes Vail Health's SPI in detail.  (Ex. 1.)  Among the search terms Vail Health utilized to identify responsive documents are:

- Steadman AND "joint venture"
- Steadman AND JV
- Steadman AND MSO
- Steadman AND "management services organization"
- Steadman AND "managed services"
- TSC AND "joint venture"
- TSC AND JV
- TSC AND MSO
- TSC AND "management services organization"
- TSC AND "managed services"
- SPRI AND "joint venture"
- SPRI AND JV
- SPRI AND MSO
- SPRI AND "management services organization"
- SPRI AND "managed services"
- VSO AND "joint venture"
- VSO AND JV
- VSO AND MSO
- VSO AND "management services organization"
- VSO AND "managed services"

Hon. W. Terry Ruckriegle
October 17, 2022
Page 9

- "Vail-Summit Orthopaedics" AND "joint venture"
- "Vail-Summit Orthopaedics" AND JV
- "Vail-Summit Orthopaedics" AND MSO
- "Vail-Summit Orthopaedics" AND "management services organization"
- "Vail-Summit Orthopaedics" AND "managed services"

Vail Health notes that it described its SPI with respect to Requests for Production Nos. 7 & 8 in its Proposed Findings, to which it attached a copy of the November 2021 Letter. (*See* Doc. 261 at 13, 15.)

The MTC 4 Order also provides as follows: "in every circumstance where a responsive, non-privileged email contained a non-privileged attachment, Vail Health shall produce that attachment." (Doc. 383 at 3.) Vail Health confirms that it has produced non-privileged attachments to non-privileged emails and is not withholding such documents.

In the MTC 4 Order, the Special Master "orders that if Vail Health possesses responsive documents, Vail Health shall produce them, even if doing so means that both Vail Health and a third party will wind up producing copies of the same document to the Plaintiffs." (Doc. 383 at 3.) In response, Vail Health confirms that it is not withholding responsive, nonprivileged documents on the grounds that such documents were also produced by a third party.

Finally, the MTC 4 Order requires Vail Health to produce documents responsive to Requests for Production No. 7 & 8 even if they concern joint ventures, mergers, or other combinations outside the alleged Vail Valley market. (Doc. 383 at 3.) Vail Health respectfully informs the Special Master that it has appealed that portion of the Special Master's order and therefore has not supplemented its production in this respect. (Doc. 386.)

## B.    Interrogatory No. 11

The MTC 4 Order sustained Vail Health's objections to Interrogatory No. 11 in part and ordered Vail Health to respond to the following revised interrogatory: "Identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration." Vail Health serves herewith its response to Interrogatory No. 11 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 2-4.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 11 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market. (Doc. 386.)

## C.    Interrogatory No. 14

Interrogatory No. 14 requests that Vail Health "[i]dentify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head . . . ." (Doc. 383 at 5.)

Hon. W. Terry Ruckriegle
October 17, 2022
Page 10

     Vail Health does not maintain data tying revenues and profits to doctor referrals.  To confirm that Vail Health does not maintain such data, Vail Health's counsel inquired regarding this issue to Nico Brown and Mary Ellen Broersma, who led Vail Health's Howard Head physical therapy practice during the relevant period.

     As noted in Vail Health's Proposed Findings, Vail Health had previously produced at VH_Fed_00002225 an analysis of physical therapy referral sources prepared in the ordinary course of business, which contained referral data from FY2012 through FY2018.  (Doc. 261 at 36.)  The spreadsheet produced at VH_Fed_00002225 included data regarding outpatient physical therapy, physical therapy provided in acute care settings, and SafeFIT.  To allow Plaintiffs to isolate referrals for outpatient physical therapy, Vail Health produces at VH_Fed_00007018 (FY2012), VH_Fed_00007028 (FY2013), VH_Fed_00007036 (FY2014), VH_Fed_00007044 (FY2015), VH_Fed_00007054 (FY2016), VH_Fed_00007064 (FY2017), VH_Fed_00007075 (FY2018), VH_Fed_00007087 (FY2019), VH_Fed_00007098 (FY2020) (and incorporates into its revised response to Interrogatory No. 14) spreadsheets containing referral data from FY2012 through FY2020.

***

     Vail Health is happy to address any questions the Special Master has regarding this letter or the supplemental discovery produced by Vail Health.

Respectfully Submitted,

Daniel A. Richards
Associate
for
DAVIS GRAHAM & STUBBS LLP

Cc:  Counsel of Record