# Exhibit 21

| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: February 3, 2021 12:11 AM<br>CASE NUMBER: 2017CV30102 |
|---|---|
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲  COURT USE ONLY  ▲<br>Case No: 2017CV030102 |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Div.: 4    Ctrm: 3 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |
| **SPECIAL MASTER ORDER GRANTING IN PART MOTION FOR SANCTIONS RELATED TO VAIL HEALTH'S MISREPRESENTATIONS TO THE SPECIAL MASTER AND PLAINTIFFS** | |

This matter comes before the Special Master on Plaintiffs' motion related to Vail Health's alleged failure to produce various insurance claim information requested throughout discovery in this case based upon purported misrepresentations and omissions to the Special Master about the status of the insurance claim information. The Special Master has reviewed the Motion, Vail Health's Opposition, the exhibits submitted with those pleadings, and considered the arguments of counsel at the

December 15, 2020 hearing. The Special Master Finds and Orders as follows:

## **FINDINGS OF FACT**

The Special Master has addressed the issue of production of insurance claim forms (now information) on several previous occasions. In the September 16, 2020 Order, the Special Master most recently identified the efforts to be made in obtaining the insurance claim information.

On November 4, 2019, the Special Master ordered Vail Health to "Identify and produce any documents that support or contradict that Vail Health was the medical provider (although the Special Master was not involved in any determination whether Vail Health was or was not an owner of the patient medical records) of the physical therapy treatment delivered to patients at the times that RPC Vail/Proaxis operated the physical therapy clinic doing business under the trade name Howard Head Medical Center." A review of that Order refreshes the Special Master's recollection. Vail Health has still not fully complied fully with the purpose of the November 4, 2019 Order or subsequent orders that the Special Master had to issue. The process has continued to morph due to varied responses of Defendant concerning Vail Health's computer system and numerous requests propounded by Plaintiffs.

On April 10, 2020, Plaintiffs moved to compel production of "patient-related documents", including "insurance claim forms", which was granted in part. The Special Master gave Vail Health an extension based on counsel's representation that "the records are from 2012 and before, [and so] gathering the intake and *insurance forms* requires the hospital to bring back online an old platform it used to store such forms…." (emphasis

added) Vail Health stated it "produced the *financial and insurance information* available electronically. The actual claims forms from 2012 and prior, if they still exist, would be stored only in paper in a storage warehouse that is not currently accessible." That statement was apparently incorrect. It now appears, based upon counsel's representations, that there were never any actual paper copies or images of the claim forms because Vail Health did not print or image the claim "forms". The insurance claim submission data was transmitted, (and apparently still is) stored in the STAR billing system, which is purportedly not available, again based on counsel's representations.

On May 29, 2020, Plaintiffs filed another motion to compel. This time, Vail Health stated that it "learned that the insurance claim forms from 2012 and before are stored on a retired electronic system and/or in paper in a warehouse" and that the UB-04 and 1500 forms Plaintiffs had now requested "are not reasonably available to Vail Health." Vail Health failed to disclose that it or its counsel knew or should have known when that representation was made that it was incorrect. The information now seems to have been stored electronically in the archived STAR system, which is claimed to no longer be accessible. This has been represented but not verified. Until now, Vail Health or its counsel has failed to reveal that the claim forms never were printed, or their images stored electronically because **as they now claim,** it was the ***data*** that was stored electronically, submitted to Medicare and the insurers. Vail Health apparently failed to continue pursuing the information until June 2020.

On June 8, 2020, the Special Master ordered Vail Health to "go back and search for them [the insurance claim forms]." Vail Health apparently limited their second search

"to images of insurance claim forms UB-04 and 1500 forms" because they claimed the Special Master "confined his order to these specific forms", which was not the case. Vail Health has subsequently represented the "images of these particular forms are no longer available". It now appears that Vail Health either had reason to know that there never were any hard copy or imaged claims forms or merely failed to search as extensively as the SM had ordered. Vail Health had the information, just not in the form Plaintiffs and the Special Master assumed it to be.

In response to Plaintiffs' newest motion in June/July 2020, Vail Health submitted an affidavit of its compliance officer, Elizabeth Herota, and represented, for the first time, that "Vail Health went beyond the Special Master's order and conducted a thorough search for any insurance claim forms (including CMS 1500 and UB-04 forms for any patient treated at Howard Head before October 31, 2012." Vail Health and its counsel had reason to know by then that this "search" for "insurance claims forms" would be unproductive because no such claims forms apparently ever existed, only the data that did.

Vail Health and its counsel should have long ago informed the Special Master that the "forms" were submitted, maintained, and stored in electronic format. It was not until after the Special Master ordered the Rule 30(b)(6) deposition of Vail Health related to the search and destruction of the insurance claims/information that Vail Health and its counsel finally disclosed that the information is no longer available. The Rule 30(b)(6) deposition of Vail Health (through Herota) reveals the circuitous route Vail Health has taken.

Even after the belated disclosure, Vail Health has failed to produce the data that may possibly still exist. In the September 16, 2020 Order, the Special Master directed Vail Health to inform the Special Master and the Court if the information no longer exists. No such statement has been filed, which causes the Special Master to question that the insurance claim information may still exist, and that Vail Health has failed to take appropriate/necessary steps to obtain it.

## **ORDER**

For the above stated reasons, the Special Master therefore concludes that Vail Health has not fully complied with the Special Master's previous orders or its obligations under Rule 26(a)(1). Given that Defendants have, at best, played a game of semantics, and at worst, a game of cat and mouse, Plaintiffs shall be entitled to a preliminary sanction related to the following:

(1) Plaintiffs shall be permitted to depose one representative of Vail Health that they designate for one hour;

(2) Vail Health shall produce lists of all vendors and insurers provided to Elizabeth Herota which she used to contact various vendors and insurers by February 5, 2021;

(3) The cost of the deposition shall be paid by Vail Health;

(4) Plaintiffs are Denied their attorney fees and costs;

The discovery permitted under this Order shall be completed by February 12, 2021.

Dated: February 2, 2021

*W Jerry Ruckriegle*

W. Terry Ruckriegle Special Master