# Exhibit 22

| | DATE FILED: September 16, 2020 11:07 PM<br>CASE NUMBER: 2017CV30102 |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>STATE OF COLORADO<br><br>885 Chambers Avenue<br>Eagle, CO 81631 | |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | ▲ COURT USE ONLY ▲<br>Case No: 2017CV030102 |
| **Counter-Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Div.: 4    Ctrm: 3 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |
| **SPECIAL MASTER ORDER GRANTING IN PART PLAINTIFFS' MOTION TO TAKE A RULE 30(B)(6) DEPOSITION OF VAIL HEALTH AS PART OF THE ENFORCEMENT OF THE SPECIAL MASTER'S APRIL 29, 2020 ORDER REQUIRING VAIL HEALTH TO FULLY RESPOND TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** | |

This matter comes before the Special Master ("SM") on Plaintiffs' Motion to Take A Rule 30(b)(6) Deposition Of Vail Health As Part Of The Enforcement Of The Special Master's April 29, 2020 Order Requiring Vail Health To Fully Respond To Plaintiffs' Third Request For Production Of Documents ("Motion"), along with Plaintiffs' Exhibits 1-

1

3, and Plaintiffs' Supplemental Memorandum and Exhibits 1(sic)-20.  The Special Master also considered Vail Health's (VH or Defendants') Brief in Opposition to the Motion, along with Exhibits A-K, and Supplemental Briefing in Opposition…Concerning Insurance Claim Forms and Exhibit L. Based upon those pleadings and the applicable law, the SPECIAL MASTER Finds and Orders as follows:

## **FINDINGS OF FACT**

Plaintiffs moved to compel production of certain documents, ultimately including insurance claim forms.  On April 29, 2020 the Special Master ordered Vail Health to produce the "insurance claims forms" for a sampling of 40 patients.  Counsel for Vail Health sent an e-mail to Plaintiffs stating: "The actual claims forms from 2012 and prior, if they still exist, would be stored only in paper in a storage warehouse that is not currently accessible."  This language suggested that Vail Health did not actually attempt to locate the insurance claims forms.  Plaintiffs then refiled their Motion to Compel.  Vail Health's June 4 Opposition to the Motion stated: "Vail Health learned that the insurance claim forms from 2012 and before are stored in a retired electronic system and/or in paper in a warehouse."  In its Opposition, Vail Health stated that the CMS-1500 and UB-04 "forms are not reasonably available to Vail Health", which was not explained and is unacceptable.

At the June 8 hearing on Plaintiffs' refiled Motion to Compel, the Special Master orally ordered Vail Health to "go back and search for them", quite clearly meaning *any* insurance claim forms.  There was no order about limiting the search to the UB-04 and 1500 forms.  On June 29, counsel for Vail Health "informed" Plaintiffs that the Special

2

Master "confined his order to these specific forms" and that "Vail Health has not located the UB-04 or 1500 forms for those patients." It was the parties that had interjected reference to the UB-04 and 1500 forms. The Special Master recalls Defendants intimating that those particular forms did not even exist or were not in use during the earlier years involved prior to 2012. Plaintiffs have repeatedly sought, and the Special Master ordered, the production of "insurance claim forms" regardless of their precise nomenclature or particular patients. Plaintiffs claim that the UB-04 and 1500 are "ubiquitous" in their use and it would be unusual if Vail Health had misplaced or destroyed those forms. The Special Master has no evidentiary basis for so finding. Plaintiffs did not limit the search request "to those patients," nor did the Special Master so order, as Vail Health contends. The Special Master has previously held and ordered Plaintiffs are entitled to the insurance claims forms for a sampling of 40 patients for which Vail Health alleges in its counterclaims that Lindsay Winninger "stole" PHI documents. If such insurance forms could not be found for the sampling of 40 specifically selected by Defendants, they should have (and are now ordered to) search(ed) for other patient files which do/may have insurance forms. If there has been any destruction or loss of documents fitting either of those descriptions, such should be reported to the Special Master on behalf of the court.

Plaintiffs also seek fees and costs for filing this motion to enforce the Special Master's April 29, 2020 and June 8, 2020 Orders. It is apparent that Vail Health failed to adequately and completely search for these documents until very recently. Vail Health has provided minimal details by way of an explanation regarding the search conducted or when or how the documents may have been lost or destroyed. The Special Master

3

therefore grants Plaintiffs' request for costs and attorney fees associated with this third motion.

It likewise appears to the Special Master that VH has not fully and completely complied with the intent and spirit of the Special Master Order for search and production of the materials at issue or provide a complete explanation why they could not be produced. Therefore, the request for a limited deposition is appropriate.

## **ORDER**

Based upon Plaintiffs' Motion, the pleadings, exhibits, documents and evidence submitted by the parties, and the arguments of counsel, Plaintiffs' Motion to Compel is Granted.

1. Vail Health is Ordered to provide a knowledgeable representative witness to appear for a C.R.C.P. 30(b)(6) deposition to testify concerning the search for and status of insurance claim forms submitted by Vail Health to Medicare, or any medical insurers with which it had contractual relationships, and/or submitted insurance claims for payment relating to physical therapy services provided by Rehabilitation & Performance Center, LLC (otherwise known as "RPC-Vail" or "Proaxis") prior to October 31, 2012. The deposition shall take place within the next 21 days, not to exceed 90 minutes in duration.

2. Vail Health shall pay the reasonable attorney fees incurred by Plaintiffs' in bringing this motion, but not as to the attorney fees and costs associated with the taking of Vail Health's deposition. Plaintiffs may submit to the Special Master a bill of costs, along

4

with a proposed order, and Defendants may respond as to necessity and reasonableness within seven days thereafter.

Dated this 16th Day of September 2020.

BY THE SPECIAL MASTER:

*W Terry Ruckriegle*

W. Terry Ruckriegle

Special Master

5