IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DECLARATION OF ALAN L. KILDOW

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct:

1. I am one of the attorneys representing Plaintiffs in this matter and have personal knowledge of the facts stated herein.

2. On November 11, 2022, I participated in a meet-and-confer telephone call with Sonya Braunschweig, my co-counsel, and Vail Health's attorneys Shannon Stevenson and Daniel Richards. The purpose of the call was to discuss Vail Health's noncompliance with orders of the Court and Special Master.

3. The conference focused on the 27-page notice of noncompliance that Plaintiffs had sent to Vail Health's counsel on November 8, 2022, which is attached to this filing as Exhibit 8. Issue number two on the agenda was Howard Head income statements and financial data as reflected in the notice. The question posed by Ms. Braunschweig was whether Vail Health was going to produce anything further. Mr. Richards stated that

Vail Health had conducted a reasonable search and that it had not received any requests from Plaintiffs to conduct further searches.

4. Ms. Braunschweig then asked: "Is the data available—income statement information—does it exist?" Mr. Richards responded: "These are deposition questions." He did not respond any further.

5. Ms. Braunschweig then stated: "Vail Health is supposed to produce an affidavit confirming whether the data exists or not. The lack of an affidavit leads us to the question of spoliation. Does Vail Health financial data backing up Howard Head exist?" Mr. Richard responded that they had an "extensive conference with the client regarding financial data. [Your question] is an attempt at a 'gotcha moment.'"

6. Ms. Braunschweig then asked: "Does it exist?" A long silence followed the question, but Mr. Richards did not answer and neither did Ms. Stevenson.

7. Following the silence, Ms. Stevenson asked: "What was your question?" Ms. Braunschweig responded: "Does it exist as we explained in the memo [meaning notice of noncompliance]?" Ms. Stevenson responded: "We can discuss it with our client."

8. Ms. Braunschweig asked again: "Does it exist?" Ms. Stevenson or Mr. Richards then said: "If you had deposed someone, you would know." To which Ms. Braunschweig responded that Plaintiffs had deposed Nico Brown, who testified the information did exist. Neither Ms. Stevenson nor Mr. Richards disputed that statement. In the end, Mr. Richards said: "We will discuss it with our client."

9. At no time during the meet-and-confer conference call did either Mr. Richards or Ms. Stevenson provide an answer or any information regarding the issue of whether the financial information regarding Howard Head existed or did not exist,

2

whether it had been destroyed, or whether it could be isolated from Vail Health's financials or not. They said they would discuss it with their client, but they never provided Plaintiffs any further information, by way of affidavit or otherwise, as to whether the Howard Head financial information exists or was destroyed or whether it can be isolated from the aggregate Vail Health financial data.

Executed on the 19th day of December 2022, in Vail, Colorado.

                                                          */s/Alan L. Kildow*
                                                          Alan L. Kildow