**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S MOTION TO MAINTAIN FILING RESTRICTIONS ON EXHIBITS 2-4, 8-17, AND 20 TO PLAINTIFFS' RULE 37(b) MOTION #1 TO COMPEL COMPLIANCE WITH SPECIAL MASTER'S ORDERS**

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on Exhibits 2-4, 8-17, and 20 (ECF Nos. 426-1 to 426-14) filed with Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance with Special Master's Orders Related to Howard Head Financials (ECF No. 425) ("Restricted Exhibits to Plaintiffs' Motion #1 to Compel"). In support of this Motion to Restrict, Vail Health states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding this motion. Plaintiffs' position is as follows: "At the present time, Plaintiffs do not oppose a Level 1 filing restriction for Exhibits 12, 13, and 17 (although they reserve the right to challenge any restriction that may be imposed at a later point in time if appropriate). As to all other exhibits, specifically Exhibits 2-3, 8-11, 14-16, and 20, Plaintiffs oppose the motion . . . ."

1.  Vail Health seeks to maintain Level 1 filing restrictions on the Restricted Exhibits to Plaintiffs' Motion #1 to Compel. This includes ECF No. 426-1 through 426-14 in their entirety.

2.  However, as explained in Plaintiffs' Coversheet to the Restricted Exhibits to Plaintiffs' Motion #1 to Compel (ECF No. 426), Exhibit 11 (ECF No. 426-7), Exhibit 12 (ECF No. 426-8), Exhibit 14 (ECF No. 426-10), Exhibit 15 (ECF No. 426-11), and Exhibit 16 (ECF No. 426-12) have been previously restricted by the Court at a Level 1 restriction and are presumptively entitled to Level 1 restriction pursuant to the Court's Order Striking Defendant's Motions to Restrict (ECF No. 313). Vail Health therefore does not offer further argument as to those exhibits.

3.  "[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where the unsealing of records could harm the competitive interests of third parties, "the rationale for protecting [the] records is even stronger." *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); *see Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (holding that where documents contain "proprietary business information . . . of non-parties" sealing is all the more appropriate). Types of information that courts have found may harm a litigant's competitive standing include:

    a.  "Financial data, customer names . . . strategic business information, and employee information," *Aya Healthcare Servs.*, 2020 U.S. Dist. LEXIS 68855, at *20-21; and

    b. "[P]ricing information, contracts, sales, marketing and strategic business information, or corporate finances," *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250 (D. Kan. 2010).

4. The Restricted Exhibits to Plaintiffs' Motion #1 to Compel each include Vail Health's confidential, nonpublic raw financial data or discussions of such data, the disclosure of which could cause competitive harm to Vail Health.

5. Exhibit 2 (ECF No. 426-1) and Exhibit 4 (ECF No. 426-3) are email chains between counsel for Plaintiffs and counsel for Vail Health. Part of each email chain quotes from a portion of the deposition transcript of Nicholas Brown that has been previously restricted by the Court at a Level 1 restriction (see ECF No. 313) and is presumptively entitled to Level 1 restriction pursuant to the Court's Order Striking Defendant's Motions to Restrict (ECF No. 313). The quoted portion of Mr. Brown's deposition transcript contains confidential, non-public financial information including discussions of financial statements, the structure of the financial department, and accounting system information.

6. Exhibit 3 (ECF No. 426-2) is a discovery conferral email from Plaintiffs' counsel to Vail Health's counsel discussing "Howard Head financial information" and attaching three exhibits that contain Vail Health's confidential financial data. All but the first two pages of Exhibit 3 have been previously restricted by the Court at a Level 1 restriction and are presumptively entitled to Level 1 restriction pursuant to the Court's Order Striking Defendant's Motions to Restrict (ECF No. 313). (*See* ECF Nos. 130-1, 130-2, and 130-3).

7. The email on the first two pages of Exhibit 3 (ECF No. 426-2 at 2-3) also warrants restriction. It describes the contents of the restricted attachments by discussing, among other things, Vail Health's non-public financial statements and contemplated business ventures.

8. Exhibit 8 (ECF No. 426-4) is an email attaching Plaintiffs' Notice of Outstanding Discovery Issues, which has not been filed with the court or otherwise made public. The Notice of Outstanding Discovery Issues quotes from the same portion of the deposition transcript of Nicholas Brown discussed above that has been previously restricted by the Court at a Level 1 restriction. In addition, the Notice discusses, among other things, (1) the contents of the non-public, financial information Vail Health previously produced to Plaintiffs, (2) the operation of Vail Health's internal accounting databases, and (3) and the structure of its financial department.

9. Exhibit 9 (ECF No. 426-5) is an email from counsel for Vail Health to counsel for Plaintiffs, attaching an October 14, 2022 letter from Vail Health's counsel to Plaintiffs' counsel, which describes in detail the financial data Vail Health previously produced to Plaintiffs, including descriptions of data fields, acronyms, and coding information. The letter is designated Attorneys' Eyes Only – Protected Health Information, because it contains confidential, non-public financial data belonging to Vail Health.

10. Exhibit 10 (ECF No. 426-6) consists of excerpts from the deposition transcript of Nicholas Brown, dated October 19, 2021. Pages 1-5, 9-14, and 17 of Exhibit 10 have been previously restricted by the Court at a Level 1 restriction (see ECF No. 313) and are presumptively entitled to Level 1 restriction pursuant to the Court's Order Striking Defendant's Motions to Restrict (ECF No. 313).

11. Pages 6-8 and 15-16 of Exhibit 10 include confidential commercial and non-public financial information about Howard Head Sports Medicine in the form of discussions about costs, revenues, financial statements, expenses, the structure of the finance department, and the substance of internal business discussions. Mr. Brown's deposition transcript was designated Confidential, and specific sections were further designated as Attorneys' Eyes Only.

12. Exhibit 13 (ECF No. 426-9) is an internal email between Vail Health executives and board members that discusses and attaches three excel spreadsheets containing Vail Health's confidential, non-public financial projections and estimates for Howard Head. Pages 5 to 22 of Exhibit 13 are the excel spreadsheets attached to the email that include dozens of lines of confidential financial data. Exhibit 13 is designated Attorneys' Eyes Only.

13. Exhibit 17 (ECF No. 426-13) is an email between internal Vail Health executives attaching an excel spreadsheet, prepared for internal use, containing Vail Health's confidential, non-public financial projections and estimates for various future years of operation. Exhibit 17 is designated Attorneys' Eyes Only.

14. Exhibit 20 (ECF No. 426-14) is an email between Nicholas Brown and a consultant from Strata Decision, Vail Health's accounting software provider, that attaches financial reports containing Vail Health's confidential, non-public financial data, including calculations of Vail Health's direct costs for charge codes. Exhibit 20 is designated Attorneys' Eyes Only.

15. This Court has repeatedly held that Vail Health may protect from public view confidential commercial information regarding its business strategy, notwithstanding Vail Health's status as a nonprofit hospital. (*See, e.g.*, Docs. 136, 147, 224, 309, 310, 329.)

16. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." Parties are required to designate documents ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION where those documents contain PHI, which has the same scope and definition under 45 C.F.R. §§ 160.103 and 164.501 and includes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

17. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) a party; (4) a person shown on the face of the confidential document to have authored or received it; or (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

18. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel.

Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; (4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A to the Protective Order.

19. Public filing of the Restricted Exhibits to Plaintiffs' Motion #1 to Compel would improperly reveal Vail Health's confidential financial data. The exhibits discussed herein contain raw data created for Vail Health's internal use—or discussions of that raw data—that would expose Vail Health to competitive harm if revealed.

20. Redaction of the Restricted Exhibits to Plaintiffs' Motion #1 to Compel is not practical, because the exhibits reference Vail Health's confidential financial information throughout.

21. A Level 1 restriction in CM/ECF is the least restrictive means available to protect the Restricted Exhibits to Plaintiffs' Motion #1 to Compel.

22. The public has no interest in the commercial information Vail Health seeks to restrict.

23. For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain the Restricted Exhibits to Plaintiffs' Motion #1 to Compel (ECF Nos. 426-1 to 426-14) at a Level 1 filing restriction.

- 8 -

Respectfully submitted January 3, 2023

 *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
      janet.savage@dgslaw.com
      jackie.roeder@dgslaw.com
      daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*