IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DEFENDANT VAIL HEALTH'S PARTIALLY OPPOSED MOTION FOR EXTENSION OF TIME

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this partially opposed Motion for Extension of Time ("Motion"), requesting a 14-day extension of time, until and including January 23, 2023, to file a response to Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance With Special Master's Orders Related to Howard Head Financials (Doc. 425) ("Rule 37(b) Motion").

### STATEMENT OF CONFERRAL

On December 21, 2022, Vail Health sent an email to Plaintiffs inquiring whether they would consent to the relief requested in this Motion. On December 27, 2022, in an email attached as Exhibit 1, Plaintiffs responded that they would consent to an extension of Vail Health's deadline to respond to the motion until January 13, 2023 but would not consent to any further extension.

## LEGAL STANDARD

Under Rule 6(b)(1)(A), "[w]hen an act may or must be done within a specified time," the court may extend the time for completion "for good cause." Fed. R. Civ. P. 6(b)(1)(A). "Good cause," necessary for an extension under Rule 6(b)(1)(A), "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary 692 (6th ed. 1990). Showing good cause is "not a particularly demanding requirement." *United States v. Bd. of Cnty. Comm'rs*, 2010 U.S. Dist. LEXIS 21578, 2010 WL 965607, at *4 (D.N.M. 2010); *see United States v. Portillo-Quezada*, 2010 U.S. Dist. LEXIS 6826, 2010 WL 396309, at *1 (D. Kan. 2010).

## ARGUMENT

1. Good cause supports extending Vail Health's time to respond to the Rule 37(b) Motion by 14 days, until and including January 23, 2023.

2. On December 19, 2022, just before the Christmas holiday, Plaintiffs filed a Rule 37(b) Motion, seeking to compel discovery.

3. The Rule 37(b) Motion is 15 pages in length and attaches more than 400 pages of exhibits.

4. Lead counsel for Vail Health, Shannon Stevenson, was preparing for and attending a full-day mediation on December 20 through 22, 2022, and was out of the country for holiday travel from December 25, 2022 through January 2, 2023.

5. Daniel Richards, also counsel for Vail Health, was out of the office for a medical procedure on December 22, 2022 and for holiday travel from December 30, 2022 through January 2, 2023, over the New Year's holiday.

6. In addition, client representatives from Vail Health had limited availability over the Christmas and New Year's holidays.

7. Courts recognize holidays and unavoidable scheduling conflicts of counsel as providing good cause to support extensions of filing deadlines. *See United States v. Bd. of Cnty. Comm'rs*, 2010 U.S. Dist. LEXIS 21578, 2010 WL 965607, at *4 (D.N.M. 2010) (granting an extension for good cause due to "seasonal circumstances" arising as a result of a party "filing a dispositive motion on Christmas Eve"); *Borkowski v. Balt. Cty.*, Civil Action No. DKC 18-2809, 2019 U.S. Dist. LEXIS 176783, at *5 (D. Md. Oct. 10, 2019) (granting six-week extension of time due to counsel's "scheduling conflicts" and the Thanksgiving holiday); *McFadden v. Logan*, No. 12-0680-WS-B, 2012 U.S. Dist. LEXIS 178482, at *3 (S.D. Ala. Dec. 17, 2012) (granting extension of time "recognizing the work disruptions incident to the approaching holiday season").

8. The modest extension of time requested by Vail Health is supported by good cause given the length of the Rule 37(b) Motion and its exhibits and the disruptions attendant to the holiday season, including the pre-planned international travel of Vail Health's lead counsel.

9. Vail Health has not previously sought an extension of its deadline to respond to the Rule 37(b) Motion.

10. The requested extension will not impact any other deadlines.

11. No party will be prejudiced by the extension sought. For example, because there are multiple earlier-filed motions and appeals pending before the Court, a 14-day extension of Vail Health's response deadline is unlikely to cause any delay in adjudication of the Rule 37(b) Motion.

12.     Plaintiffs do not oppose an extension through January 13, 2023.

## CONCLUSION

Vail Health respectfully requests that the Court grant this Motion and extend Vail Health's deadline to respond to the Rule 37(b) Motion 14 days, through and including January 23, 2023.

Dated:  January 3, 2023

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation.*