# EXHIBIT 13

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Thursday, December 9, 2021 2:53 PM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

I am uncertain what "agreement" you refer to in your email below. Plaintiffs have withdrawn the deposition notices with respect to Cook, Higgins, the Vail Health 30(b)(6), and the BKD document and Rule 30(b)(6). Those are the only deposition notices outstanding so there are no depositions noticed or scheduled within the discovery period. Under the rules, depositions require 14 days' notice and the discovery period ends on December 20, so you can determine for yourself what future depositions will be taken.

To be clear, however, the withdrawal of the deposition notices has nothing to do with any agreement between Vail Health and Plaintiffs, because there are no such agreements with respect to depositions.

Alan Kildow

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Thursday, December 9, 2021 1:13 PM
**To:** Alan Kildow <alkildow@aol.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

To confirm the scope of your agreement below, do Plaintiffs agree to withdraw just the deposition notices to John Higgins and Will Cook, or do Plaintiffs agree to withdraw all outstanding deposition notices and subpoenas (i.e., Mr. Cook, Mr. Higgins, Vail Health 30(b)(6), and BKD 30(b)(6))? Thank you.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Thursday, December 9, 2021 12:33 PM

1

**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

No need to file a motion for a protective order.  You may consider the depositions noticed withdrawn and they will not proceed at the times noticed.

Alan Kildow

---

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Thursday, December 9, 2021 12:30 PM
**To:** Alan Kildow <alkildow@aol.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel –

Given we did not hear from you by noon today, we will not be making Mr. Cook available as offered below.  We assume you do not intend to withdraw your deposition notice for either Mr. Cook or Mr. Higgins, and we will move forward with our motion for protective order.  If we are mistaken, please let us know.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Sent:** Tuesday, December 7, 2021 4:15 PM
**To:** Alan Kildow <alkildow@aol.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

I am responding to your recent requests for multiple depositions of Vail Health and its top executives.  As we stated before, I do not think Judge Gallagher viewed the brief extension of the fact discovery period as giving you license to demand many new and burdensome depositions on such incredibly short notice at a very busy time of year.

In an effort to reach a compromise, we are willing to offer the following.  We will not proceed with your request for a 30(b)(6) deposition or your request for the deposition of John Higgins.  You had never requested either of these before the fact discovery cutoff, and they are not reasonable to conduct in this short period of time.  With respect to the 30(b)(6) deposition, in addition to being too late, we find the topics objectionable and will separately send you our objections by tomorrow morning.  With respect to the deposition of Mr. Higgins, you have never previously mentioned

him as a potential deponent.  He is also protected by the apex doctrine, and has no personal knowledge relevant to this matter.  He did not even become employed by Vail Health until August 2020.

We also believe that your notice of deposition of Mr. Cook is inappropriate.  While you mentioned him as a potential deponent this past summer, you never followed up to take his deposition.  We also believe that Mr. Cook is protected by the apex doctrine and has very limited personal knowledge of any facts related to this case, as he did not become employed by Vail Health until January 2019.  Finally, demanding the deposition of a CEO of a hospital system on two weeks' notice is inherently unreasonable.  And, as we previously informed you, Mr. Cook is unavailable and travelling beginning on December 15.

Despite all of this, we are willing to accommodate your request to depose Mr. Cook on the following conditions:

(1) Mr. Cook is available for deposition on **December 14 from 8 am to 11:45 am**.  This is his only available time for this deposition.
(2) As you know, Mr. Cook has very limited personal knowledge of the facts of this case.  His deposition will be limited to these topics that you have identified: (a) "Mr. Cook's discussions with those at The Steadman Clinic (including Dan Drawbaugh, Steve Boochever, and others) about Howard Head"; (b) "the 'substantial' collaborations between Steadman and Vail Health" related to physical therapy in the Vail Valley; (c) "the proposed joint venture with Steadman in 2019 related to physical therapy"; (d) "requesting information from Howard Head related performance and margins"; and (d) Mr. Cook's "public statements about the high cost of Vail Health medical services to the patients."
(3) You will agree to not seek any further depositions in this matter.

Mr. Cook will need to go to a significant amount of trouble to rearrange his calendar make this happen.  In light of that, we need to have your final position on this no later than **12 noon on Thursday**.

I am available to discuss this with you by phone Wednesday from 10-11 am, or 4-5 pm.  Please be aware my schedule is quite full so I will have very limited time to engage in protracted negotiations of this offer.  I also received your voicemail from earlier this afternoon.  If you want to discuss something other than these depositions, please let me know what it is.

**SHANNON STEVENSON ▪ Partner**

**D: 303.892.7328** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Friday, December 3, 2021 2:21 PM
**To:** Alan Kildow <alkildow@aol.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

We have conferred with Vail Health regarding Mr. Cook's schedule, and he is out of the office and not available from at least December 15, 2021 through December 26, 2021.  Thus, putting aside for a moment whether Mr. Cook's deposition is precluded by the apex doctrine, Plaintiffs' noticed date of December 15, 2021 would not work for Mr. Cook.  (To be clear, that does not mean that he could clear his schedule on all dates before or after that timeframe.)  As to whether Vail Health is willing to present Mr. Cook for deposition, we expect to have an answer for you regarding Vail Health's position following a call with Mr. Cook scheduled for Tuesday, December 7, 2021.

3

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, December 1, 2021 4:12 PM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting, et al. v. Vail Health


Counsel:

It was my understanding from the opening instructions of Judge Ruckriegle at the beginning of the hearing on October 21, 2021, that the parties were to confer on an interactive basis.  You don't answer your phone and you don't return my calls even after I leave a message requesting you to call me back. If the parties cannot even discuss the dates for depositions, the meet & confer process that the Special Master has directed the parties to follow is not working.

As to topics to be discussed, this is not meant to be exclusive, but to provide you a short summary of what you already know.  Mr. Cook was a custodian whose emails were searched for relevant documents.  Those documents include references to Mr. Cook's discussions with those at The Steadman Clinic (including Dan Drawbaugh, Steve Boochever, and others) about Howard Head, the "substantial" collaborations between Steadman and Vail Health, the proposed joint venture with Steadman in 2019 related to physical therapy, and requesting information from Howard Head related performance and margins.  Mr. Cook has also made public statements about the the high cost of Vail Health medical services to the patients, which he stated was one of the things that kept him up at at night and he was making a priority; the problems of Vail Health's billing system; the convenience of the patients in accessing new services in Summit County in Aspen and Basalt.   Mr. Cook is, in short, a witness with direct knowledge of and participation in the issues of this case.

So I will call you in a few minutes to discuss Mr. Cook's deposition.  If you will not answer my call, I will assume we have complied with the COLO.LR.30.1.

Alan Kildow

970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Wednesday, December 1, 2021 2:22 PM
**To:** Alan Kildow <alkildow@aol.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health


Counsel:

We are evaluating your request to schedule the deposition of Mr. Cook, which we just received on Monday.  "Under the 'apex doctrine,' a court may protect a high-level executive officer from the burdens of a deposition upon a showing that (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought can be obtained from another witness; (3) the information can be obtained through an alternative discovery method; or (4) severe hardship on the deponent."  *Elvig v. Nintendo of Am., Inc.*, No. 08-cv-026, 2009 U.S. Dist. LEXIS 71344, at *5 (D. Colo. July 31, 2009).  To assist us in evaluating whether the apex doctrine precludes Mr. Cook's deposition, please provide a list of the specific topics on which Plaintiffs plan to depose Mr. Cook.  Further, if Plaintiffs are willing to place a time limit on Mr. Cook's deposition, please let us know that as well.

With respect to your phone call, please identify what additional issues you wish to discuss.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, December 1, 2021 1:38 PM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

Today at 1:26 p.m., MST, and 1:31 p.m., MST, I called Daniel Richards and Shannon Stevenson, respectively.  I left messages for each of you.  Earlier today I sent the email below and would like to discuss with you the depositions discussed therein.  Please give me a call at the number below at your earliest convenience so we can work through the deposition dates.

I thank you in advance for your professional courtesy in getting back to me promptly.

Thank you,

Alan Kildow

970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Wednesday, December 1, 2021 12:01 PM
**To:** 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Cc:** 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

We will not address the characterizations in your email below, other than to note that our experience suggests that parties to litigation usually produce relevant documents first, and thereafter the depositions ensue.  Plaintiffs contend that Vail Health has not produced relevant, responsive documents, as they have articulated in the five motions now pending before the Special Master.

Regardless, this is to inform you that Plaintiffs will deal with Ted Sirotta, one of Vail Health's prior Chief Financial Officers, as a trial witness to the extend that his testimony may still be relevant as trial approaches.  For now, Plaintiffs will no longer continue their attempts to serve him with a Rule 45 deposition subpoena as part of the discovery process.  So Vail Health can consider our previous request for the parties to agree on a December 20, 2021 deposition of Mr. Sirotta to be withdrawn.  Instead, Plaintiffs request that Vail Health produce its current Chief Financial Officer, John Higgins, for a deposition on December 20.  Please get back to us at your earliest convenience regarding Mr. Higgins for his deposition on that date.

With respect to Vail Health's Rule 30(b)(6) deposition, we will look forward to receiving the objections to the notice that your email suggests will be forthcoming.  To truncate that procedure, Plaintiffs will not longer seek the authentication of Vail Health documents at this point in the litigation, so you can remove "Topic No. 1" from the list of topics for purposes of any objections Vail Health may have with respect to the Rule 30(b)(6) topics.

We also again request that you respond to us with respect to the deposition of Mr. Cook on December 15.

We look forward to your responses.

6

Alan Kildow

970-390-6675

---

**From:** Richards, Daniel <Daniel.Richards@dgslaw.com>
**Sent:** Tuesday, November 30, 2021 4:32 PM
**To:** Alan Kildow <alkildow@aol.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>
**Subject:** RE: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

Vail Health does not read Judge Gallagher's order as intending to allow Plaintiffs the opportunity to take all the discovery they failed to seek over the lengthy discovery period in this case in the next three weeks.  Nevertheless, Vail Health responds as follows:

(1) <u>Vail Health 30(b)(6) Deposition</u>:  We received Plaintiffs' 30(b)(6) notice yesterday at 4:34 pm.  It is unclear why Plaintiffs waited thirteen months to serve a 30(b)(6) deposition notice on Vail Health in this case.  The notice leaves the parties just two weeks to both confer regarding the notice and prepare a Vail Health witness or witnesses for the deposition.  Based on our preliminary review of the notice, Vail Health expects to serve objections to the notice, after which the parties will need to confer regarding Vail Health's objections.

One topic listed in the notice is the authentication of documents.  Vail Health is willing to consider a stipulation as to authenticity of documents produced by Vail Health, provided Plaintiffs are similarly willing to stipulate to the authenticity of documents Plaintiffs produced.  Please send us a list of the documents you would like Vail Health to authenticate.  We do not view this task as having much urgency, as parties typically resolve these issues when exchanging trial exhibits.

(2) <u>BKD 30(b)(6) Deposition</u>:  Based on your recent correspondence with BKD's counsel, it appears that BKD continues to object to Plaintiffs' deposition subpoena.  Please let us know if BKD and Plaintiffs are able to resolve those objections.  Vail Health has objected to production of the audited financials of the entire hospital, and to the production of Medicare/Medicaid cost reports.  Plaintiffs have not obtained relief on either of these issues form the court.  It is therefore inappropriate to seek this material from a third party.

(3) <u>Will Cook</u>:  We are discussing Plaintiffs' request for Mr. Cook's deposition with Vail Health and will get back to you as soon as practicable regarding Vail Health's position.  Please understand that Mr. Cook is the CEO of a hospital system and does not have immediate availability to deal with emergencies that Plaintiffs created through their lack of diligence.

(4) <u>Ted Sirotta</u>:  Our understanding is that Mr. Sirotta has not yet been served with a deposition subpoena.  If that is incorrect, please let us know.

**DANIEL RICHARDS ▪ Associate**

**D: 303.892.7452**  ▪  vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500  ▪  Denver, CO 80202

A **LexMundi** Member

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Tuesday, November 30, 2021 1:16 PM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** FW: Sports Rehab Consulting, et al. v. Vail Health

Counsel:

The Magistrate Judge provided the parties with a limited window for continued discovery.  We cannot assume that this limited window permits wide latitude within which to ponder all of the possible procedural ways the parties can obstruct the discovery of facts directing themselves to the merits of this case.  To that end, we would appreciate a few decisions that folks of your caliber and experience can answer in a heartbeat, most of which are issues of professional courtesy:

1. Are you going to present Will Cook for his deposition, and if so when?

2. When will you present a witness to testify to what Vail Health has done to identify witnesses and produce documents and information relevant to the facts at issue in this case?

3. What is your position as to the date for a Vail Health representative to be deposed with respect to as the coding issues described so many times?

With that in mind,  please let us know where Vail Health stands at your earliest possible convenience.

8

Alan Kildow

970-390-6675

---

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Monday, November 29, 2021 8:02 AM
**To:** 'Stevenson, Shannon' <Shannon.Stevenson@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>
**Cc:** 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting, et al. v. Vail Health

Counsel:

Plaintiffs intend to proceed with the following depositions.  Pursuant to Local Rule 30.1, therefore, we will appreciate your input as to whether the dates below are acceptable to you:

**December 13:** Vail Health Rule 30(b)(6) deposition on the following topics:

- Medicare cost report and cost analysis:, which includes analysis of physical therapy direct and indirect costs
- Physical therapy coding, billing, invoicing, and facility v. non-facility (professional charges) billing
- Authentication of documents produced by Vail Health
- Process undertaken for searching for documents responsive to plaintiffs' discovery requests

**December 14:** BKD Rule 30(b)(6) deposition on the following topics

- Authentication of financial statements audited by BKD
- Medicare cost report and cost analysis, which includes physical therapy direct and indirect costs

**December 15:** Will Cook

**December 20:** T ed Sirotta

If you are going to continue to object to the deposition of Will Cook, please let us know immediately so we can bring a motion.  We will be sending you a Rule 30(b)(6) notice for the Vail Health deposition.  Please let us at your earlies convenience if these dates work for you and your clients.


Alan Kildow

970-390-6675

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.