IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**VAIL HEALTH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO MAINTAIN FILING RESTRICTIONS ON EXHIBITS 2-4, 8-17, AND 20 TO PLAINTIFFS' RULE 37(B) MOTION #1 TO COMPEL COMPLIANCE WITH SPECIAL MASTER'S ORDERS**

---

Pursuant to D.C.COLO.LCivR 7.1(d) and 7.2, Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this reply brief in support of its January 3, 2023 Motion to Maintain Filing Restrictions on Exhibits 2-4, 8-17, and 20 to Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance with Special Master's Orders (Doc. 429) ("Motion to Restrict"). Plaintiffs filed their Opposition to the Motion to Restrict on January 17, 2023 (Doc. 435) ("Response"). The Response opposes Level 1 filing restrictions for Exhibits 2-4, 8-11, 14-16, and 20 only. It does not contest maintaining Level 1 filing restrictions on Exhibits 12, 13, and 17.

**PRELIMINARY STATEMENT**

Vail Health files this reply to clarify the facts in its Motion to Restrict that Plaintiffs have muddied, including which documents at issue have been restricted by the Court previously and which have not. Most of the documents at issue have been restricted by the Court in the past and are, therefore, presumptively entitled to Level 1 restriction pursuant to the Court's April 1, 2022 Order (Doc. 313). The Court's April 1, 2022 Order required the parties to be efficient when

1

briefing matters related to the restriction of documents, including by not filing motions to restrict documents that have previously been restricted. Vail Health attempts herein to adhere to that order while briefly responding to Plaintiffs' arguments.

## ARGUMENT

I.  **Exhibits 11, 14, 15, and 16 Have Been Previously Restricted.**

As Plaintiffs admit, Exhibits 11, 14, 15, and 16 "have previously been filed with the Court and Level 1 restriction granted." (Doc. 426 at 1). The Court's prior restriction of each of these exhibits is shown in the chart below:

| Exhibit to Doc. 426 at Issue | Description of Exhibit | Previously Filed Version of Ex. at Issue | Or. Restricting Previously Filed Version of Ex. at Issue |
|---|---|---|---|
| Ex. 11 – Doc. 426-7 | Internal Vail Health email comprised of confidential business communications attaching engagement letter with financial consulting firm (Haverford) and Vail Health's financial data used to create portion of 2015 financial report | Doc. 130-1 | Doc. 147[1] |
| Ex. 14 – Doc. 426-10 | Internal Vail Health email comprised of confidential business communications attaching 46 pages of financial worksheets | Doc. 130-2 | Doc. 147 |
| Ex. 15 – Doc. 426-11 | Internal Vail Health email comprised of confidential business communications attaching 9 pages of financial worksheets | Doc. 130-3 | Doc. 147 |
| Ex. 16 – Doc. 426-12 | Internal Vail Health financial rollup for several Howard Head locations | Doc. 130-5 | Doc. 147 |

Nonetheless, disregarding the Court's April 1, 2022 Order (Doc. 313), which instructed that such documents "SHALL presumptively be entitled to the same level of restriction" and that the Court

---

[1] In Document 147, the Court's August 26, 2021 Order, the Court found, "With regard to . . . documents . . . 130-1, 130-2, 130-3, 130-4, 130-5 . . . the Court finds that the danger of harm to Vail Health's interests due to the sensitive business nature of the documents outweighs the public right of access." (Doc. 147 at 2).

2

would readdress them "*sua sponte*" if needed, Plaintiffs inefficiently seek to revisit the Court's prior restriction orders. In light of the April 1, 2022 Order's instructions, Vail Health responds to Plaintiffs' arguments regarding Exhibits 11, 14, 15, and 16 only briefly. Should the Court decide to revisit its prior ruling on these documents, it should, again, grant Level 1 restriction for each.

As described in the chart above, Exhibits 11, 14, 15, and 16 contain Vail Health's confidential financial data and internal email discussions of the same. The law is clear that disclosure of financial data puts businesses at competitive risk that outweighs the presumption of public access. *Snyder v. Beam Techs., Inc.*, Civil Action No. 20-cv-03255-NYW, 2022 U.S. Dist. LEXIS 219817, at *10 (D. Colo. Dec. 6, 2022) (holding that restriction of exhibit was appropriate where "public disclosure . . . could reveal [the party's] confidential financial information, and the risks of harm associated with public disclosure outweigh the presumption of public access"); *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 U.S. Dist. LEXIS 53485, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party); *All Plastic, Inc. v. SamDan LLC*, Civil Action No. 20-cv-01318-NYW, 2021 U.S. Dist. LEXIS 136211, at *4 (D. Colo. Apr. 6, 2021) (finding restriction of documents appropriate to protect disclosure of nonpublic sales data). This Court has repeatedly rejected the argument that Vail Health, as a nonprofit healthcare system, has no privacy interest in its confidential business information. (*See, e.g.*, Dkt. 136, 147, 224, 309, 310, 329.)

The Court should also reject Plaintiffs' argument that the data in these exhibits is "stale" such that its public revelation poses no risk to Vail Health. (*See* Resp. at 10). The fact that the

3

financial data at issue is not from 2022 does not render it unworthy of protection.  Past financial information could be just as helpful to Vail Health's competitors as present information.  And, in any event, the financial data at issue is very recent.  Exhibit 11 includes information from 2015 and 2016.  Exhibits 14 and 15 include emails from 2019 and financial data from 2016, 2017, and 2018.  Exhibit 16 has financial data from 2015 through 2020.  The cases Plaintiffs cite in support of their argument are inapposite.  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) involved an old *marketing* strategy, not financial source documents, and *Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122 (SJ), 2016 U.S. Dist. LEXIS 203193, at *21 (E.D.N.Y. May 24, 2016), involved older documents showing lending practices that were known to have "long since been discontinued."

II.     **Most of Exhibits 3 and 10 Have Previously Been Restricted, and the "New" Portions of Those Exhibits Warrant Restriction Too.**

Exhibit 3

Plaintiffs argue that pages 2-3[2] of Exhibit 3 do not warrant restriction, but Plaintiffs make no argument with regard to pages 4-78 of Exhibit 3.  This likely is because Plaintiffs recognize, as shown in the chart below, that pages 4-78 of Exhibit 3, attachments to an email, have previously been restricted by the Court and remain entitled to such restriction pursuant to the Court's April 1, 2022 Order:

| Exhibit to Doc. 426 at Issue | Description of Exhibit | Previously Filed Version of Ex. at Issue | Or. Restricting Previously Filed Version of Ex. at Issue |
|---|---|---|---|
| Ex. 3 – Doc. 426-2, Pages 4-13 | Internal Vail Health email comprised of confidential business communications attaching engagement letter with financial consulting firm and Vail | Doc. 130-1 | Doc. 147 |

---

[2] Page numbers refer to the ECF-stamped page numbers located in the upper right-hand corner of each document referenced.

4

| | | | |
|---|---|---|---|
| | Health's financial data used to create portion of 2015 financial report | | |
| Ex. 3 – Doc. 426-2, Pages 14-64 | Internal Vail Health email comprised of confidential business communications attaching 46 pages of financial worksheets | Doc. 130-2 | Doc. 147 |
| Ex. 3 – Doc. 426-2, Pages 65-78 | Internal Vail Health email comprised of confidential business communications attaching 8 pages of financial worksheets | Doc. 130-3 | Doc. 147 |

Pages 2-3 of Exhibit 3 contain a 2022 email from Plaintiffs' counsel to counsel for Vail Health that describes the information contained in the Level 1-restricted attachments to the email. (Doc. 426-2 at 2-3) (the "2022 Email"). Because the 2022 Email sits in the middle of a 367-page filling that must otherwise be restricted in its entirety, redaction is not practical. Plaintiffs' decision to contest the restriction of two pages of a 78-page exhibit that they otherwise agree is entitled to restriction is an example of the overwrought litigation tactics Plaintiffs continue to employ to delay resolution of this case. The Court should grant Level 1 restriction of the 2022 Email given its content and the impracticality of redacting it.

Exhibit 10

Exhibit 10 contains excerpts from the Nicholas Brown deposition. Pages 1-5, 7-14, and 17[3] of Exhibit 10 have been previously restricted by the Court at a Level 1 restriction, and therefore are presumptively entitled to the same restriction:

| Exhibit to Doc. 426 at Issue | Description of Exhibit | Previously Filed Version of Ex. at Issue | Or. Restricting Previously Filed Version of Ex. at Issue |
|---|---|---|---|
| Ex. 3 – Doc. 426-6, Pages 1-5, 9-14, 17 | Excerpts from Nicholas Brown Deposition | Doc. 257-1 | Doc. 313[4] |

---

[3] Page numbers refer to the ECF-stamped page numbers located in the upper right-hand corner of each document referenced.

[4] The Order in Document 313 restricted until further notice all documents for which restriction was sought by Doc. 272, including the Brown deposition excerpts in Docs. 262-5 and 257-1.

5

| Ex. 3 – Doc. 426-2, Pages 7-8 | Excerpts from Nicholas Brown Deposition | Doc. 262-5 | Doc. 313 |

If reconsidered, the above pages warrant restriction. On Page 5, Mr. Brown discusses his home address, marital status, and his wife's name, information that implicates common law privacy interests. *Brokop v. Farmland Partners Inc.*, Civil Action No. 18-cv-02104-DME-NYW, 2021 U.S. Dist. LEXIS 260441, at *7 (D. Colo. Dec. 16, 2021) (imposing Level 1 restriction of "personally identifiable information" of non-party former employee). On Pages 9-14, Mr. Brown discusses Vail Health's ability to generate financial reports, the company's different types of revenues, costs, and expenses, and multiple confidential exhibits. Page 17 contains the reporter's certificate, which Plaintiffs do not argue should made public.

Pages 6, 15, and 16 of Exhibit 10 have not been previously restricted but contain information warranting restriction. On Page 6 of Exhibit 10 (deposition pages 10-13), Mr. Brown discusses personal identifying information including where he works, where he lives, and his family's plans for the future, implicating common law privacy interests. *Markley v. United States Bank Nat'l Ass'n*, No. 19-cv-01130-RM-NYW, 2021 U.S. Dist. LEXIS 213922, at *11-12 (D. Colo. Sep. 14, 2021) (restricting document that "would reveal confidential information related to employees who are not parties to the instant action"); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000) (finding that the privacy rights of non-parties outweighed the public's interest in unfettered access to court records). On Page 15 of Exhibit 10 (deposition pages 70-73), Mr. Brown is being questioned about a currently restricted document (Doc. 174-1, which was restricted by the Order in Doc. 224). On that page, Mr. Brown discusses Vail Health's engagement of Haverford Healthcare Advisors to obtain a confidential valuation, including what information Haverford requested from Vail Health. On Page 16 (deposition pages 166-169), Mr. Brown is being questioned about another confidential financial valuation

6

Vail Health had performed, a document designated "Confidential – Attorneys Eyes Only" that has not been made public (Brown Depo. Ex. 44). Thus, the testimony on Pages 15-16 of Exhibit 10 constitutes confidential business information that qualifies for restriction. *Murphy v. Schaible, Russo & Co.*, Civil Action No. 19-cv-02808-WJM-NYW, 2020 U.S. Dist. LEXIS 260737, at *10 (D. Colo. Nov. 12, 2020) (restricting deposition testimony about "sensitive, confidential financial information" that was "derive[d] from documents . . . already designated as restricted").

### III. Exhibits 2, 4, 8, 9, and 20 Contain Financial Information that Warrants Level 1 Restriction.

Plaintiffs argue that Vail Health has provided an inadequate explanation for how the financial data in Exhibits 2, 4, 8, 9 and 20 poses competitive harm. But Plaintiffs misstate the standard. Vail Health is not required to predict the specific use its competitors may make of its confidential financial information in order to show that the information is entitled to protection. It is sufficient for Vail Health to "articulate a real and substantial interest that justifies depriving the public of access to the records," *JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014), and courts repeatedly find that the interest in safeguarding a business's confidential "financial information" meets that standard, *Suture Express, Inc. v. Owens & Minor Distribution*, 851 F.3d 1029, 1047 (10th Cir. 2017) (sealing business's "confidential documents, financial information, and contracts"). Plaintiffs do not respond to any of the cases that Vail Health cites in support of that principle, and Plaintiffs' arguments that the documents Vail Health seeks to protect are not financial *enough* or confidential *enough* are belied by the documents themselves. Vail Health has shown that the information in Exhibits 2, 4, 8, 9, and 20 is the type of confidential financial information that courts find exposes a business to a risk of competitive harm sufficient to warrant its restriction.

7

Exhibits 2, 4, and 8 each quote from already restricted portions of the Brown deposition transcript, and specifically those portions where Brown is discussing Vail Health's confidential financial information. (*See* Docs. 426-1 at 3-4, 426-3 at 2-3, and 426-4 at 10-11.) Information "derive[d] from documents . . . already designated as restricted" warrants the same restriction as the documents themselves. *Murphy*, Civil Action No. 19-cv-02808-WJM-NYW, 2020 U.S. Dist. LEXIS 260737, at *10 (D. Colo. Nov. 12, 2020). As stated in the Motion to Restrict, redaction of Exhibits 2, 4, and 8 is not practical, because, in addition to quoting from the Brown deposition, Exhibits 2, 4, and 8 include descriptions of Vail Health's confidential business information produced in discovery in this lawsuit. For example, Exhibit 2 discusses Vail Health's historical preparation of financial statements (Doc. 426-1 at 2), Exhibit 4 discusses details of Vail Health's internal structure and systems and its engagement with financial consultants (including reference to information provided thereto) (Doc. 426-3 at 2-4), and Exhibit 8 discusses throughout the myriad details about Vail Health's internal business and financial operations that Plaintiffs have learned through discovery.

Exhibit 9 includes a letter from counsel for Vail Health designated "Attorney's Eyes Only – Protected Health Information" that discusses in detail the confidential financial information Vail Health has produced in discovery, including by providing screen shots of the data and explanations of how to understand and interpret the data. Public disclosure of this information would harm Vail Health, just as disclosure of any its confidential financial data would. *See Rickaby*, No. 11-cv-00520-RM-BNB, 2016 U.S. Dist. LEXIS 53485 at *5 (D. Colo. Apr. 21, 2016).

Exhibit 20 includes an email with a screen shot of Vail Health's direct cost reports and attachments of full versions of the direct cost reports. The information is recent—from 2015—

and precisely the type of confidential financial data courts frequently find poses competitive harm to businesses that outweighs the public's interest in access to court records. *See Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, Civil Action No. 18-cv-01897-DDD-NYW, 2020 U.S. Dist. LEXIS 246758, at *18 (D. Colo. Nov. 3, 2020) (restricting document containing discussion of pricing memorandum).

## CONCLUSION

For the reasons stated herein, the Court should grant Vail Health's Motion to Restrict.

Respectfully submitted this 31st day of January, 2023.

    *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*