IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' REPLY TO RULE 37(b) MOTION #1 TO COMPEL COMPLIANCE WITH SPECIAL MASTER'S ORDERS RELATED TO HOWARD HEAD FINANCIALS**

---

## INTRODUCTION

We cannot, in this short space, address, let alone correct, the manifold misrepresentations in Vail Health's response. They are too numerous.[1] Instead, Plaintiffs focus on facts relevant to the Special Master's Orders that Plaintiffs seek to enforce. Vail Health claims that "[m]ore than a year after the discovery period…closed, Plaintiffs now bring this Motion to improperly seek discovery they chose not to pursue years ago."[2] But the Orders at issue arise from Plaintiffs' document requests served 3½ years ago specifically seeking Howard Head "financial statements," "financial analyses," "prices charged and revenues realized;" and "costs incurred and profits realized."[3] Vail Health responded by saying that the "financial statements...show aggregate information across

---

[1] Given the misrepresentations, Plaintiffs reserve the right to move the Court for an evidentiary hearing so that these falsehoods can be placed in the Court's record in detail.
[2] ECF No. 436 at 1.
[3] ECF No. 129-12 at RFP Nos. 2, 4.

all of Vail Health's business units and do not segregate information specific to Howard Head Sports Medicine…."[4] After the discovery stay was lifted, there ensued an exhausting sequence of communications, conferrals, informal dispute resolution measures, motions to compel, hearings, and ultimately the Special Master's Orders.[5] Saying Plaintiffs did not pursue this discovery is, to put it charitably, inaccurate.

The Special Master's solution to the impasse over the existence of financial data is a model of well-reasoned judicial resourcefulness. He avoided ordering Vail Health to produce what its lawyers represented did not exist. Such an order would only result in an appeal saying how foolish it was to order production of something that could not be produced. Instead, he foreclosed further lawyer "testimony" with an affidavit: If you don't have Howard Head financial data segregated from Vail Health financial information, then have a competent Vail Health officer or employee say so in a sworn affidavit.[6] A judicious way to end a debate that has raged on for close to 3 years.

Even if Vail Health's reasons and its lawyers' representations for not producing an affidavit had been true, a rational litigant would have produced the affidavit to show the verity of the lawyers' statements and end expensive motion practice. But the affidavit did not appear, and why that is so deserves explanation. Caught, Vail Health was faced with two troublesome choices: come clean and produce an affidavit that would, according to Howard Head SVP Brown, admit that the financial data does, in fact, exist in Strata. Or, like the defendant in *Croc*,[7] it could continue to stonewall. It chose the latter alternative.

---

[4] ECF No. 362 ¶ 21; ECF No. 129-13 at RFP No. 1.
[5] *See* Feb. 2, 2023 Kildow Reply Decl. ¶ 4 and chart at 2-9.
[6] ECF No. 362 ¶¶ 21, 23-24.
[7] *Crocs, Inc. v. Effervescent, Inc.*, Civil Action No. 06-cv-00605-PAB-KMT, 2017 U.S. Dist. LEXIS 184498 (D. Colo. Feb. 8, 2017), attached as ECF No. 425-9.

Maybe Vail Health, through its counsel, thought by not being transparent, they could create enough ambiguity and confusion to mislead the Special Master (and this Court), just as they attempted to do in the Eagle County case. The response here supports that conclusion, given that only 2 to 3 pages (out of 15) address the affidavit. Or, they might have thought the risk of getting caught was worth the possible gain. After all, this is an antitrust case—prices, costs, and profits are the touchstones of evidentiary proof to success or failure. If they can be concealed, a defendant is halfway home. Doubt about the veracity of Vail Health's representations likely explains the ordered affidavit and Report #4 permitting Plaintiffs to inquire by depositions why documents that should exist do not and seek sanctions "if Vail Health engaged in acts of concealment or spoliation."[8]

## ARGUMENT

### I. LACK OF VAIL HEALTH'S TRANSPARENCY HAS CREATED THIS ISSUE.

In a footnote, Vail Health claims "Plaintiffs' motion blurs the distinction between formal, periodic financial statements and financial data and analyses in an effort to create tension between Mr. Brown's statements regarding financial data available in Vail Health's Strata system and Vail Health's counsel's statements regarding the data in Vail Health financial statements."[9] But Brown's testimony was unequivocal: Using Strata, Hannah in decision support could (and did) generate Howard Head financial statements detailing revenues and costs in the form of income statements.[10] To justify their lack of transparency, footnote 3 goes on to say, "Vail Health's counsel has never represented

---

[8]   ECF No. 383 at 2. *See also* ECF No. 163 at 2-3; ECF No. 173 at 4; ECF No. 192 at 2; ECF No. 218 at 33:14-35:1 (arguing that Vail Health's search was not reasonable).
[9]   ECF No. 436 at 9 n.3.
[10]  ECF No. 426-6 at 54:16-56:25; ECF No. 426-11 at VH_Fed004602.

that no Howard-Head specific information is available in Vail Health's Strata system."[11] But silence does not obviate the obligation to correct the false statement made here that the "financial statements...show aggregate information across all of Vail Health's business units and do not segregate information specific to Howard Head Sports Medicine…."[12]

While "[t]here may have been a time…when building stone walls in response to discovery requests, hiding both the information sought and even the facts about its existence, was the norm….Those days have passed."[13]  Counsel has "a duty (perhaps even a heightened duty) to cooperate in the discovery process; to be transparent about what information exists, how it is maintained, and whether it can be retrieved, and, above all, to exercise sufficient diligence…to ensure that all representations made to opposing parties and to the Court are truthful and are based upon a reasonable investigation of the facts."[14]  That Vail Health has not abided by these fundamental obligations is evident from the November 11 conferral, when Daniel Richards and Shannon Stevenson were asked:

**Plaintiffs:** "Is the data available—income statement information—does it exist?"

**Richards:** "These are deposition questions."

**Plaintiffs:** "Does Vail Health financial data backing up Howard Head exist?"

**Richards:** "[We had an] extensive conference with the client regarding financial data.  [Your question] is an attempt at a 'gotcha moment.'"

**Plaintiffs:** "Does it exist?"

---

[11] ECF No. 436 at 9 n.3.
[12] ECF No. 362 ¶ 21; ECF No. 129-13 at RFP No. 1.
[13] *Brown v. Tellermate Holdings Ltd.,* No. 2:11-cv-1122, 2014 WL 2987051, at *1 (S.D. Ohio July 1, 2014).
[14] *Id.* at *2. *See also Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, Civil Action No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) ("professional obligation to conduct discovery in a diligent and candid manner").

**Stevenson:** [After a long pause of silence,] "What was your question?"

**Plaintiffs**: "Does it exist as we explained in the memo [Notice of Noncompliance]?"

**Stevenson**: "We can discuss it with our client."

**Plaintiffs:** "Does it exist?"

**Response:** "If you had deposed someone, you would know."[15]

Vail Health, through its counsel, has not been candid, "leading to a cascade of unproductive discovery conferences, improperly-opposed discovery motions, and significant delay and obstruction of the discovery process"[16] that continues to this day.

## II. VAIL HEALTH FAILED TO PRODUCE THE COURT-ORDERED AFFIDAVIT.

At page 5, Vail Health asserts that it has fully complied with the Special Master's Orders. That blanket statement is incorrect and will be addressed another day.

As to compliance with Order #1, Vail Health omits any mention of ¶ 21, where the Special Master noted, Plaintiffs sought "data and documents relating to financial statements, financial analyses, prices charged, costs, and profitability. Vail Health objected contending: 'Vail Health's financial statements—show aggregate information across all of Vail Health's business units and **do not segregate information specific to Howard Head Sports Medicine**…."[17] That paragraph provides the underlying premise for the Special Master's findings in ¶¶ 23-24, and so they must be read in conjunction.

In ¶¶ 23-24, the Special Master stated that "Plaintiffs should be entitled to any financial documents produced to or reviewed by Noether, including **audited and unaudited financial statements, Medicare cost reports, source material**

---

[15]   ECF No. 427 ¶¶ 4-8. Plaintiffs did depose Howard Head SVP Brown, who testified under oath such information did exist in Strata. ECF No. 426-6 at 54:16-56:25.
[16]   *Brown*, 2014 WL 2987051, at *2.
[17]   ECF No. 362 ¶ 21; ECF No. 129-13 at RFP No. 1 (emphasis added).

5

**documenting Vail Health's profitability, prices charged, and indirect and direct costs**….It can be argued—and is by Defendant—that there is no showing how **this information** (independent of Dr. Noether's opinion) would be relevant because **information about HH cannot be identified or isolated**.[18]  If so, the Special Master Orders Defendant to submit an affidavit by someone who can confirm **such information cannot be identified or isolated**, within 14 days."[19]

The *only* basis for not producing Howard Head financial data would be, if truthful, that Howard Head financial statements, including profitability and costs, were not available.  In other words, if Howard Head financial data does not exist in isolation from Vail Health's financial information, then Vail Health must provide an affidavit from a competent officer or employee confirming that fact.  Vail Health did not object to that portion of the Order[20] and did not submit an affidavit, asserting instead one is not required.

Vail Health's argument appears to be this: Although in ¶ 23 the Special Master ordered the complete production of "any financial data produced to or reviewed by Noether," without qualification, Vail Health contends it would not have complied with that Order if documents produced to Noether did not contain Howard Head data.  "In other words, *if* Vail Health contended that the documents provided to Dr. Noether need not be produced to Plaintiffs because they do not contain information concerning Howard Head,

---

18    ECF No. 362 ¶ 23.
19    *Id.* ¶ 24.
20    *See, e.g.,* ECF No. 123 ¶ 4 ("Any party seeking review of any ruling by the Master **shall file objections"** under Rule 53(f)(2)) (emphasis added); *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1131 (Fed. Cir. 2011) ("failure to raise this particular objection, in the face of both Rule 53(f)(2) and a court order…results in waiver"); *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-cv-13456, 2019 WL 2171262, at *9 (E.D. Mich. May 20, 2019) (same).

6

Vail Health was required to submit an affidavit supporting that contention."[21]  Nothing in Order #1, however, allowed Vail Health to withhold documents on any grounds, making Vail Health's reasoning circular.  If the documents did not contain Howard Head information, then how could Vail Health provide an affidavit that the Howard Head "information cannot be identified or isolated" when it did not exist in the first place?

The Order is straightforward: If Vail Health continues to say, as it did before, that the Howard Head financial information does not exist in isolated form, then it must provide an affidavit saying so.  It did not, and Plaintiffs should be entitled to take a deposition of Vail Health, through Karen Hannah, to resolve this issue once and for all.

### III. VAIL HEALTH'S OTHER ARGUMENTS ARE IRRELEVANT AND MERITLESS.

#### A. Plaintiffs' Request For Howard Head Financial Data Is Not New.

At page 12, Vail Health asserts that "[a]*s to costs, Plaintiffs recently requested via email* that Vail Health produce" a number of revenue and cost items that Vail Health then lists from that email.[22]  Vail Health omits that what Plaintiffs sought was the underlying financial source data supporting the one-page summary.[23]  Plaintiffs explained that the list of revenues and costs were lifted from the (modified) "income statements" Vail Health produced.[24]  (Plaintiffs have attached a chart comparing Plaintiffs' email to Exhibits 18 to 20 to Plaintiffs' Motion to Compel #2.)[25]  Even so, Vail Health takes the remarkable position that Plaintiffs did not seek this financial information in its discovery requests or

---

[21] ECF No. 436 at 6.
[22] *Id.* at 12; ECF No. 426-1 at 3; ECF No. 426-2 at 1-2.
[23] ECF No. 436-8.
[24] ECF No. 426-2 at 1 ("the financial information Plaintiffs identified…is exactly the same financial information provided to Haverford…and… that the former VP of Howard Head, Nicholas Brown, used for his joint venture analysis.").
[25] Ex. 1 (comparing list in email with revenues and costs in Exs. 18-20).

motions to compel.[26] Vail Health's assertions are reminiscent of its prior refusal to produce patient data by billable units and amounts charged, which this Court rejected.[27]

Vail Health also attempts to divert attention away from the court-ordered affidavit, by claiming it has produced (1) a one-page summary (2) certain patient data, (3) emails from four custodians (none from finance or decision support), (4) chargemasters, and (5) contracts with payers.[28] But patient data, chargemasters, and payer contracts are different from the financial statements and analyses requested in RFP Nos. 2 and 4.

As to the one-page summary, it is nothing more than select, unidentified aggregate financial data from FY2015 to FY2020, which is contradicted by other Howard Head data.[29] No witness need testify about that[30]—it is apparent on its face. The summary makes it appear Howard Head has been operating at a substantial loss for years. But that is not what Vail Health represented to investors when it sought $100 million in bonds to finance its new hospital wing.[31] It's also inconsistent with Howard Head's expansions into Summit County and Basalt, remodeling its locations, and raising compensation.[32] These few discrepancies alone explain why courts order source data to be produced.[33]

---

[26]   ECF No. 436 at 12.
[27]   *See* ECF No. 307 at 5-7.
[28]   ECF No. 436 at 10.
[29]   *Compare* ECF No. 426-12 *with* ECF No. 426-2 at Exs. 18-20 (positive margins).
[30]   *See* ECF No. 436 at 12 ("No witness has testified that the data is inaccurate").
[31]   ECF No. 395-2 at A-2, A-14.
[32]   *See* https://www.vailhealth.org /news/vail-health-spending-194m-in-2023-taking-big-steps-to-attract-and-retain-its-workforce (spending $194 million in 2023 on its workforce).
[33]   *See Ag* Spectrum *Co. v. Elder*, No. 3:15-cv-00007-JEG-HCA, 2015 WL 11117312, at *1-2 (S.D. Iowa Feb. 26, 2016) (summaries inadequate); *Flexiteek Ams., Inc. v. Tek-Dek, Ltd.*, 2015 WL 11123312, at *1 (S.D. Fla. Mar. 6, 2015) (source documents required); *One Source Envtl., LLC v. M + W Zander, Inc.*, No. 2:12-cv-145, 2015 U.S. Dist. LEXIS 193083, at *15, *17-18 (D. Vt. Apr. 16, 2015) (summaries insufficient); *Mks Instruments, Inc. v. Advanced Energy Indus.*, Civil Action No. 03-469 JJF, 2005 U.S. Dist. LEXIS 56111, at *10 (D. Del. Sep. 6, 2005) (rejecting attempt to limit discovery to summaries).

### B.     VAIL HEALTH WAIVED ANY OBJECTIONS TO RFP NOS. 2 AND 4.

At page 9, Vail Health attempts to resurrect its objections to RFP Nos. 2 and 4 by now claiming they are overbroad, unduly burdensome, and disproportionate to the needs of the case.  But Vail Health did not assert, and hence did not preserve, those objections in responding to Plaintiffs' Motion to Compel #2,[34] and it cannot assert them now.  Nor can it raise new objections, which it attempts to do when it states that it is not required to have "Howard Head personnel devote time and resources to prepare custom reports for Plaintiffs containing financial data in minute detail that has no relevance to this dispute…."[35]  This one statement is significant for several reasons.

For the first time, Vail Health claims that Howard Head financial data is irrelevant.  In Motion #2, Plaintiffs extensively explained its relevancy,[36] which Vail Health did not challenge.  Order #2 confirms this: "Vail Health's responses to the discovery requests…do not generally argue that the requested information is irrelevant to the issue of monopoly power, and Vail Health does not maintain that the Plaintiffs' arguments on points of law are incorrect and incomplete."[37]  Vail Health thus waived any relevancy objection.[38]

---

[34]     *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380, n. 15 (D. Kan. 2005) ("Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."); *Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (same).
[35]     ECF No. 436 at 12.
[36]     ECF No. 129 at 1-3, 5-9.
[37]     ECF No. 381 at 2.
[38]     *See Brandt v. Individual*, Civil Action No. 15-cv-02785-RM-NYW, 2018 WL 11414905, at *5 n.3 (D. Colo. May 22, 2018) ("courts will not entertain objections raised in response to a motion to compel that the objecting-party did not assert in response to the discovery requests themselves"); *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, Civil Action No. 13-cv-01511-WYD-BNB, 2014 WL 1515588, at *1 (D. Colo. Apr. 17, 2014) (same).

By asserting that it is not required to "prepare custom reports," that implies the requested Howard Head data does exist. And yet, by citing the former CFO's testimony, Charles Crevling, Vail Health leaves the impression that Howard Head financial statements cannot be generated. But Crevling, who spent only 1% of his time on Howard Head,[39] resigned on July 6, 2015,[40] long before Strata became operational.[41] In contrast, former SVP Brown, who devoted about 100% of his time managing Howard Head, testified "you could go and get any level of detail that you wanted" from Strata,[42] including Howard Head "income statements."[43] Finally, Vail Health's assertion that generating such reports would entail the creation of new documents flies in the face of this Court's decision in *Crocs,* which found the same argument "**alarmingly close to deceit.**"[44]

### C. THE ISSUE HERE IS NONCOMPLIANCE WITH A COURT ORDER.

At pages 13-15, Vail Health attempts to raise **irrelevant i**ssues about the discovery process. But the issue here is not whether there were multiple reasons why, two years ago, Plaintiffs delayed in serving their 50-page Rule 26(a)(1) disclosure or responding to discovery.[45] It is also not about why Plaintiffs chose to depose the witnesses that it did and when.[46] Nor is it about how Vail Health waited 5 months to serve 57 documents, repeatedly defied Orders to confer, provided view-only patient data the night before a discovery hearing to compel the data, and did not timely produce a privilege log (twice).

The issue here is Vail Health's compliance with an Order to produce an affidavit.

---

[39] Ex. 2 at 141:23-142:5.
[40] *Id.* at 18:12-14.
[41] ECF No. 426-6 at 46:3-5; ECF No. 426-14.
[42] ECF No. 426-6 at 45:16-18.
[43] *Id.* at 55:1-56:25.
[44] *Crocs, Inc.*, 2017 U.S. Dist. LEXIS 184498, at *11, attached as ECF No. 425-9.
[45] Kildow Reply Decl. ¶¶ 9-12.
[46] *Id.* ¶¶ 13-20.

Dated: February 2, 2023

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, I served a true and correct copy of Plaintiffs' Reply To Rule 37(b) Motion #1 To Compel Compliance With Special Master's Orders Related To Howard Head Financials, including exhibits, via the Court's ECF system on:

Shannon Stevenson
Janet A. Savage
Jackie Roeder
Daniel Richards
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202

Counsel for Defendant

                                         *s/ Alan L. Kildow*
                                         Alan L. Kildow