# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## REPLY DECLARATION OF ALAN L. KILDOW

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct:

1.    I am one of the attorneys representing Plaintiffs in this matter and have personal knowledge of the facts stated herein. I submit this reply declaration in support of Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance With Special Masters Orders Related to Howard Head Financials.

2.    In Vail Health's response, Vail Health makes a number of unsubstantiated claims. Without any citation to the record, Vail Health claims that at pages 1-2 that Plaintiffs "improperly seek discovery they chose not to pursue years ago," "Plaintiffs' true intention" is to "surreptitious[ly] re-open[]…discovery," and "Plaintiffs further demand discovery they *chose* not to pursue during the discovery period." And at page 10, Vail Health claims that Plaintiffs are "attempt[ing] to pursue untimely new discovery, and at page 11, that Plaintiffs waived any argument that Vail Health's search protocol was insufficient. At page 12, Vail Health claims that just recently, Plaintiffs requested that Vail

1

Health produce revenue and cost information, which according to Vail Health was never requested before. But in the first chart below, Plaintiffs detail their repeated and continued requests for Howard Head financial data with evidentiary proof.

3. Plaintiffs' Motion to Compel #2 and this motion could easily have been avoided if Vail Health and its counsel had cooperated in the discovery process, been transparent about what Howard Head financial information exists, how it is maintained, whether it can be retrieved, and how a reasonable investigation had been conducted to identify and locate the data. Vail Health and its counsel chose the opposite approach.

4. In the chart below, Plaintiffs provide the timeline of their requests for Howard Head financial data, their efforts to obtain the information without the need for Court intervention, the efforts Plaintiffs continued to take even after motions to compel were filed and before Orders were issued, as well as the steps taken to obtain the discovery since the filing of the Special Master Orders, which culminated in a November 11, 2022 conferral summarized in my previous declaration filed on December 19, 2022 [ECF #427].

| ECF No. | Date | Description |
| --- | --- | --- |
| ECF #1 | July 17, 2019 | Complaint filed |
| ECF #26 | September 27, 2019 | Amended Complaint filed |
| ECF # 129-12 | October 7, 2019 | Plaintiff served first RFPs<br><br>RFP No. 2 seeks: "All annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name 'Howard Head Sports Medicine."<br><br>RFP No. 4 seeks: "All documents relating to the costs incurred and profits realized with respect physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name "Howard Head Sports Medicine. Request No. 4 includes, but is not limited to, the salary, benefits, administrative and overhead costs incurred by Vail Health with respect to its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." |
| ECF #53 | April 21, 2020 | Order Granting Motion to Stay Discovery |

| ECF No. | Date | Description |
| --- | --- | --- |
| ECF #55 | August 21, 2020 | Order Dismissing Vail Health's Motion Under Colorado River Doctrine; Stay of Discovery Lifted |
| ECF #97-3 | August 25 and 28, 2020 | Immediately after stay lifted, Plaintiffs sought responses to discovery requests served on October 7, 2019 |
| ECF #129-13 | October 9, 2020 | Vail Health responded to RFP No. 2: "Vail Health objects to Request No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the case. Vail Health also objects to the relevance of the request for documents dating back to 2009, given that Plaintiffs did not start their physical therapy business until December 2015. Subject to and without waiving these objections and the General Objections, Vail health will produce financial statements, projections, and financial analyses for Howard Head Sports Medicine created after December 2015 to the extent they exist."<br><br>Vail Health responded to RFP No. 4: "Vail Health objects to Request No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all" documents "relating" to costs and profits for over a decade. Vail Health also objects to the relevance of the request for documents dating back to 2009, given that Plaintiffs did not start their physical therapy business until December 2015. Subject to and without waiving these objections and the General Objections, Vail health will produce documents created after December 2015 reflecting the costs incurred and revenue realized for Howard Head Sports Medicine's physical therapy services. |
| ECF #97-6 | October 19, 2020 | Plaintiffs sought to confirm when Vail Health would produce documents responsive to Plaintiffs' first set of discovery, which included RFP Nos. 2 and 4 |
| ECF #97-6 | October 19, 2020 | Vail Health stated the documents would be produced within 30 days; they were not produced until 5 months later |
| ECF #97-8 | March 2, 2021 | Five months passed without Vail Health producing any documents; Plaintiffs requested their immediate production |
| ECF # 107-1 at 13-15 | March 8, 2021 | Vail Health produced 57 documents in response to Plaintiffs' First RFPs<br><br>Howard Head financial data was limited to a one-page summary for FY 2015 to 2020 created by Karen Hannah on November 10, 2020 [ECF #426-12] |
| ECF #129-2 at 5 | March 8, 2021 | Vail Health's counsel stated: "We continue to review some email files for any miscellaneous documents that may be responsive to your requests, and will promptly supplement if we locate any additional responsive documents." |
| ECF #107-1 | March 26, 2012 | Parties submitted chart for upcoming informal dispute resolution conference with Magistrate Judge, which included RFP Nos. 2 and 4 |
| ECF #88 | March 30, 2021 | Discovery dispute conference with Magistrate Judge related to the relevant time period for antitrust discovery; Vail Health sought beginning time period from December 2015 |

| ECF No. | Date | Description |
| --- | --- | --- |
| ECF #129-1 | May 12, 2021 | Plaintiffs provided 15-page letter regarding deficiencies as to Interrogatory Answers and requested conferral |
| ECF #129-2 at 5 | May 19, 2021 | After receiving no further documents from Vail Health, Plaintiffs sent an email stating: "it bears repeating that Vail Health has refused to participate in fulsome discovery as required by the rules. It took Plaintiffs a year to obtain discovery responses and a-year-and-a-half to obtain 55 documents, and even then, Ms. Stevenson represented in an email that there may be additional documents that will be produced. That was in March, and to date, no additional documents have been produced." |
| ECF# 107 | June 9, 2021 | Order setting relevant time period beginning November 1, 2012 |
| ECF #129-7 | June 14, 2021 | Plaintiffs request a conferral about Vail Health's document production, which included RFP Nos. 2 and 4 |
| ECF #129-8 | June 17, 2021 | Plaintiffs again request a conferral about Vail Health's failure to produce responsive documents, which included RFP Nos. 2 and 4 |
| ECF #129-9 | June 23, 2021 | Plaintiffs informed Vail Health they would be sending a list of document production issues; Plaintiffs again requested a conferral to discuss the issues |
| ECF #129-6 at 1, 4-6 | June 24, 2021 | Plaintiffs cataloged issues related to Vail Health's document production, including issues related to RFP Nos. 2 and 4<br><br>Specifically, Plaintiffs again noted that a one-page summary of aggregate data was insufficient, the underlying source material was not produced, no information produced for FY 2012 and 2013; and that the missing documents would be necessary for the upcoming depositions of Brown and Kirchner |
| ECF #119 | June 28, 2021 | Notice And Order Regarding Appointment Of Special Master |
| ECF #129-6 | July 1, 2021 | Plaintiffs again followed up on missing documents from chart, including RFP Nos. 2 and 4, and again sought a conferral<br><br>As to RFP No. 2, Vail Health stated: "Vail Health has produced monthly financial information for Howard Head Sports Medicine. Plaintiffs' objections are vague, speculative, and call for information not requested by the RFP. As for Plaintiffs' statement that "it is also clear form the documents produced that income statements are created for HH by location," please indicate the documents to which Plaintiffs are referring.<br><br>As to RFP No. 4, Vail Health stated: "These reports are generated from Vail Health's financial accounting system. There is no way to produce "underlying data," except by running a report. If there is something specific Plaintiffs are looking for, please specify and Vail Health will consider the request. |
| ECF #129-10 | July 7, 2021 | Vail Health responded to Plaintiffs' June 24 chart of document production issues, which included RFP Nos. 2 and 4<br><br>Vail Health did not attempt to schedule a conferral |
| ECF #129-11 at 4 | July 14, 2021 | Plaintiffs sought a conferral on July 19, 2021 (Monday) about document production issues, including RFP Nos. 2 and 4 |

| ECF No. | Date | Description |
|---|---|---|
| ECF #129-11 at 3 | July 16, 2021 at 9 pm | Vail Health informed Plaintiffs it was "not available on Monday at 9 am for a conferral." |
|  |  | Vail Health would not offer alternative dates, instead stating that it had "supplemented its document production yesterday with hundreds of additional documents requested by Plaintiffs and expects to further supplement its document production. We believe that it would be most efficient to confer regarding Vail Health's document production once Plaintiffs have had an opportunity to review Vail Health's complete document production. At that point, the parties will be in a better position to identify what issues are actually in dispute to avoid burdening Magistrate Judge Gallagher with unnecessary discovery disputes." |
| ECF #129-11 at 3 | July 19, 2021 | Plaintiffs requested the conferral take place to discuss the issues presented in Plaintiffs' chart after a call in the state court action. Plaintiffs already had reviewed the July 15 production and determined it did not resolve the discovery issues. |
| ECF #129-11 at 2 | July 19, 2021 | Vail Health's counsel identified 30 minutes that she had available, but disclaimed that she was likely the right person to hold discovery discussions |
|  |  | She requested Plaintiffs identify the most pressing issues |
| ECF #129-11 at 1 | July 19, 2021 | Plaintiffs identified a list of the most pressing items, including Howard Head financial data |
| ECF #129-11 at 1 | July 19, 2021 | Vail Health's counsel stated they would get back to Plaintiffs within the next few days, but no one ever did |
|  |  | Vail Health also refused to engage in any telephonic conferral |
| ECF #123 | July 20, 2021 | Order appointing Special Master Ruckriegle |
| ECF #127 | August 5, 2021 | Plaintiffs' Motion to Compel #1 filed |
| ECF #129 | August 10, 2021 | Plaintiffs' Motion to Compel #2 filed |
| ECF #132 | August 12, 2021 | Plaintiffs' Motion to Compel #3 filed |
| ECF #157 | September 7, 2021 | Plaintiffs' Motion to Compel #4 filed |
| ECF #195 | October 17, 2021 | Plaintiffs' Motion to Compel #5 filed |
| ECF #425-1 | October 18, 2021 | Plaintiffs sent an email, stating: "a few minutes ago you represented to Magistrate Judge Gallagher that Vail Health had produced 'monthly financial information relating to Howard Head going back to 2012.' Our records do not indicate that your statement was correct. In light of the deposition of Mr. Brown tomorrow, please provide us with the bates numbers for the documents to which you were referring." |
|  |  | Vail Health did not respond. |
|  | October 20, 2021 | Vail Health produced "view only" patient data requested in first RFPs served two years before in October 2019 |
| ECF #217 | October 21, 2021 | Hearing before Special Master on Plaintiffs' motions to compel |
| ECF #218 | October 22, 2021 | Hearing before Special Master on Plaintiffs' motions to compel |

5

| ECF No. | Date | Description |
|---|---|---|
| ECF #202 | October 25, 2021 | Special Master's Orders parties to further confer about outstanding issues and provide status report of any issues not resolved by November 19 |
| ECF #237-3 at 11 | November 2, 2021 | Plaintiffs identify outstanding discovery issues to comply with Special Master's October 25 Order, which included RFP Nos. 2 and 4 |
| ECF #237-1 | November 10, 2021 | Plaintiffs request a conferral with Vail Health per Special Master's Order, which included RFP Nos. 2 and 4 |
| ECF #237-2 | November 12, 2021 | Plaintiffs requested Vail Health contact Plaintiffs to discuss Vail Health's objections to Plaintiffs November 2 list; Vail Health did not call, which included RFP Nos. 2 and 4 |
| ECF #237-3 at 8-9 | November 13, 2021 | Plaintiffs again requested Vail Health identify its issues with Plaintiffs list of discovery issues and to hold a conferral |
| ECF No. 237-3 at 7-8 | November 15, 2021 | Plaintiffs contacted Vail Health's counsel; two calls, no answer and no return call |
| ECF No. 237-3 at 6 | November 15, 2021 | Vail Health identifies one issue with Plaintiffs' list; does not schedule a conferral and instead says it intends to file a motion for protective order; no issues identified related to RFP Nos. 2 and 4 |
| ECF No. 237-3 at 4-5 | November 15, 2021 | Plaintiffs address the one issue raised about Plaintiffs' list; again request conferral in light of Special Master's Order |
| ECF No. 237-3 at 3-4 | November 16, 2021 | Plaintiffs request a conferral on November 17 and schedules call |
| ECF No. 237-3 at 3 | November 16, 2021 | Vail Health again states it will be filing a protective order; will not agree to confer |
| ECF No. 237-4 | November 16, 2021 | Plaintiffs again request Vail Health's participation in the conferral process |
| ECF No. 237-3 at 2 | November 17, 2021 | Plaintiffs hold a conferral; Vail Health does not participate<br>Plaintiffs schedule a conferral for November 18 and informs Vail Health it can contact Plaintiffs at any time |
| ECF No. 237-3 at 1 | November 18, 2021 | Plaintiffs hold a conferral; Vail Health does not participate<br>Plaintiffs schedule a conferral for November 19 and informs Vail Health it can contact Plaintiffs at any time |
| ECF No. 237-3 at 1 | November 18, 2021 | Special Master encourages the parties to confer and schedules a due date of November 24 for reports on open discovery issues |
| ECF No. 237-5<br>ECF No. 237-6 | November 19, 2021 | Plaintiffs hold a conferral; Vail Health does not participate |
| ECF #225 | November 19, 2021 | Plaintiffs file their list of disputed discovery issues; Vail Health provided no response to Plaintiffs' list<br>List includes RFP Nos. 2 and 4 relating to Howard Head financial data |
| ECF #228 | November 19, 2021 | Vail Health seeks a protective order to terminate all discovery, including pending motions to compel before Special Master |

6

| ECF No. | Date | Description |
| --- | --- | --- |
|  |  | Vail Health claims Plaintiffs' discovery motions are frivolous |
| ECF #233 | November 22, 2021 | Special Master issues Order, noting Vail Health did not comply with conferral requirements; Special Master provided parties another opportunity to confer |
| ECF #245 at 2 | November 23, 2021 | Parties hold one-hour conferral on Plaintiffs' discovery issues, including on RFP Nos. 2 and 4 |
| ECF #245 at 1-2 | November 24, 2021 | Vail Health responds to Plaintiffs' November 2 list, one day after the conferral |
| ECF #245 | November 29, 2012 | Plaintiffs provide statement that only discovery issue resolved is that parties agree to *in camera* review |
| ECF #246 | November 29, 2021 | Vail Health files its response to Plaintiffs' list of disputed discovery issues that Vail Health refused to provide to Plaintiffs as required by Special Master Order |
| ECF #255 | December 6, 2021 | Plaintiffs file Proposed Order on Motion to Compel #1 |
| ECF #256 at 3-6, 10-16 | December 6, 2021 | Plaintiffs file Proposed Order on Motion to Compel #2<br>Plaintiffs address RFP Nos. 2 and 4 |
| ECF #258 | December 6, 2021 | Plaintiffs file Proposed Order on Motion to Compel #3 |
| ECF #259 | December 6, 2021 | Plaintiffs file Proposed Order on Motion to Compel #4 |
| ECF #260 | December 6, 2021 | Plaintiffs file Proposed Order on Motion to Compel #5 |
| ECF #261 at 6-10 | December 6, 2021 | Vail Health files Proposed Order on Motions to Compel #1-5<br>Vail Health addresses RFP Nos. 2 and 4 |
| ECF #274 | January 18, 2022 | Special Master's Report and Recommendation related to Motions to Compel #1-3 |
| ECF #278 | February 8, 2022 | Vail Health's Partial Appeal of January 18, 2022 Special Master Order |
| ECF #297 | March 22, 2022 | Special Master allowed supplemental briefing on motions to compel in light of expert disclosures, which included issues related to Howard Head financial data |
| ECF #307 at 3-4, 12 | March 30, 2022 | Order adopting in part and reversing in part Special Master's January 18, 2022 Order<br>Court recognized that Vail Health refused to confer in *contravention* of Special Master Order<br>Court found Vail Health offered no legal basis for not complying with the Special Master's Order to produce billable units as provided in previously produced reports, among other things<br>Court denied Vail Health's motion for protective order, finding that Vail Health fulfilled all of its discovery obligations or that fact discovery should close |
| ECF #362 at 11-15; ¶¶ 11, 19, 22-24, 28, 31 | July 6, 2022 | Special Master's Report and Recommendation on Motion to Compel #1<br>11 or so issues addressed in that Order were decided in Plaintiffs' favor |

7

| ECF No. | Date | Description |
|---|---|---|
| ECF #365 | July 27, 2022 | Vail Health appealed all issues related to the Special Master's Order #1 that required discovery for Howard Head's activities outside the Vail Valley—that is, in Summit County and Basalt |
| ECF #426-1 at 2-4 | August 8, 2022 | Plaintiffs addressed Vail Health's noncompliance with the Special Master's July 6, 2022 Order, and specifically, producing an affidavit stating whether Howard Head data exists or not<br><br>Plaintiffs also identified the evidence, including Brown's testimony, that the Howard Head financial data existed, at least at some point in time<br><br>Plaintiffs requested production of Howard Head financial data requested in RFP Nos. 2 and 4 |
| ECF #426-1 | August 12, 2022 | Vail Health refused to produce Howard Head financial data or say whether it existed or not<br><br>Although the categories of data requested were the same types produced in "income statements" modified by Brown, Vail Health claimed the data requested was "new"<br><br>Vail Health also asserted that if Plaintiffs did not agree with Vail Health about its Howard Head production, "the parties will need to await the Special Master's order regarding Motion to Compel No. 2" |
| ECF #426-2 | August 15, 2022 | Plaintiffs identified that the Howard Head source data categories were the type delineated in the (modified) "income statements" found in Exhibits 18-20 to Motion to Compel #2, which Plaintiffs attached for reference |
| ECF #381 | September 15, 2022 | Special Master's Report and Recommendation on Motion to Compel #2<br><br>8 of the 10 or so issues addressed in that Order were decided in Plaintiffs' favor |
| ECF #382 | September 15, 2022 | Special Master's Report and Recommendation on Motion to Compel #3<br><br>5 of the 7 or so issues addressed in that Order were decided in Plaintiffs' favor |
| ECF #383 | September 15, 2022 | Special Master's Report and Recommendation on Motion to Compel #4<br><br>7 out of the 8 or so issues addressed in that Order were decided in Plaintiffs' favor |
| ECF #386 | September 29, 2022 | Vail Health's partial appeal of Special Master Orders #3-4<br><br>Appealed 7 issues, 4 from Order #3 and 3 from Order #4 |
| ECF #386 | September 29, 2022 | Plaintiffs' partial appeal of Special Master Order #4<br><br>Appealed one issue |
| ECF #425-5 at 3-4 | October 17, 2022 | In response to Order #2 related to RFP Nos. 2 and 4, Vail Health identified the search undertaken to locate Howard Head financial data, which was limited to four email accounts using narrow search terms |

8

| ECF No. | Date | Description |
|---|---|---|
| ECF #425-2, ECF #425-3, ECF #425-4 | October 18, 2022 | A day after Vail Health stated it complied with the Special Master's Orders, Plaintiffs immediately challenged those representations |
| | | Plaintiffs requested a conferral about many discovery issues, but Vail Health would not participate until the Magistrate Judge again instructed conferral was required |
| ECF #398 | October 21, 2022 | Special Master's Report and Recommendation on Motion to Compel #5 |
| | | 16 of 20 issues or so addressed in that Order were decided in Plaintiffs' favor |
| ECF #426-3 at 2 | October 31, 2022 | Plaintiffs again addressed Vail Health's noncompliance in producing Howard Head financial data, forwarding prior emails on this issue |
| | | Plaintiffs stated: "In light of the Special Master Orders #2 and 4, Plaintiffs request a conferral to discuss additional search terms and locations that could lead to the production of this information. Additionally, consistent with the Special Master's instructions, Plaintiffs seek a deposition to confirm why such Howard Head financial information apparently does not exist in Vail Health's financial systems. Specifically, Plaintiffs seek to depose Karen Hannah. We are available for a Conferral anytime this week. I have previously proposed Tuesday through Thursday at 2 pm. Please let us know what day and time." |
| | | Vail Health did not respond to Plaintiffs' email or request for conferral |
| ECF #408 | November 4, 2012 | Plaintiffs' partial appeal of Special Master Order #5 |
| | | Appealed one issue |
| ECF #426-4 at 6-13 | November 9, 2012 | Plaintiffs' Notice of Outstanding Discovery Issues was served on Vail Health |
| | | Plaintiffs addressed the Howard Head financials in detail |
| | | Consistent with the Special Master's Orders #2 and #4, Plaintiffs sought additional search terms and locations, depose Karen Hannah about the existence of the data, produce the financial data consistent with the (modified) "Income Statements" previously produced, and if the data does not exist, explain why it does not |
| | | Vail Health did not respond in writing to these issues |
| ECF #427 | November 11, 2022 | Conferral was held on Plaintiffs November 8 Notice, including discussions about RFP Nos. 2 and 4 |
| | | The substance of the conferral related to RFP Nos. 2 and 4 is summarized in the Dec. 19, 2022 Declaration of Alan Kildow |
| | | Five times, Plaintiffs asked whether the Howard Head data exists or not; Vail Health's counsel refused to say |
| | | Vail Health did not address or mention the November 11 conferral, nor dispute anything in the Kildow Declaration |
| ECF #414 | November 11, 2022 | Vail Health's partial appeal of Special Master's Order #5 |
| | | Appealed 16 issues |

9

| ECF No. | Date | Description |
| --- | --- | --- |
| ECF #426-5 at 2 | November 18, 2022 | Vail Health refused to conduct any additional searches for Howard Head financial data, claiming that Plaintiffs requested that search without support *But see* Special Master Orders #2 and #4 authorizing just that |
| ECF #425 | December 19, 2022 | Plaintiffs' Rule 37(b) Motion to Compel #1 related to Howard Head financials |

5. As is evident from the chart above, Plaintiffs repeatedly and diligently sought the production of Howard Head financial data. At no point in those communications or the limited the conferrals that were held did Vail Health ever assert that Plaintiffs had not adequately preserved that discovery issue. Nor could it.

6. In my over 40 years of experience in handling complex litigation, including cases involving billions of dollars at stake, I have never been involved in a case in which I and my colleague documented in as many emails and letters the multitude of discovery issues in this case, which Vail Health belatedly, if at all, responded to and even then the response was generally deficient. Nor have I ever been involved in a lawsuit in which we have had to repeatedly seek, without success, discovery conferrals that the Court and Special Master made clear on the record and in various orders that conferral was required. A prime example is the November 11, 2022 conferral that Vail Health would not agree to schedule until this Court again instructed it expected the parties to confer. Nor have I been involved in a case in which a party—other than the state court action involving Vail Health—has refused to be candid and transparent about the availability and production of relevant documents and information.

7. Additionally, I feel compelled to address statements made by Vail Health at pages 13-15 that raises irrelevant arguments about Plaintiffs' discovery responses that have never been the subject of any motions to compel here, depositions that were

delayed due to Vail Health's failure to produce documents resulting in five motions to compel, and the depositions that Plaintiffs did take.

8. At page 13, Vail Health raises the issue that Plaintiffs did not timely serve their Rule 26(a)(1) Report. The Report took Plaintiffs longer than they anticipated for several reasons, which Plaintiffs feel compelled to address to put this issue to rest.

9. *First,* Plaintiffs were in the midst of filing and responding to multiple motions in the state court action, including extensive summary judgment motions, motions to exclude experts, and a C.R.C.P. 12(b)(1) motion related to standing, among other issues. After the C.R.C.P. 12(b)(1) motion was denied, Plaintiffs then devoted a significant amount of time to seek extraordinary relief from the Colorado Supreme Court by way of a C.A.R. 21 Petition, which was ultimately granted in Plaintiffs' favor. *See Winninger v. Kirchner,* 488 P.3d 1091 (Colo. 2021).

10. *Second,* my colleague and co-counsel in this case, Sonya Braunschweig, had a medical emergency with her father in early 2021. She was out of the office for close to a month, working in the evenings when she could after spending 8-10 hours in the hospital with her father. So staffing on both the state court action and federal action was limited to essentially one person for a significant period of time.

11. *Third,* Vail Health had served its Rule 26(a)(1) disclosures, identifying only two witnesses: Former CEO Doris Kirchner and Former Howard Head Senior Vice President Nicholas Brown. Plaintiffs, however, wanted to ensure their disclosure was comprehensive and fulsome, so it took longer than anticipated. Plaintiffs served their 50-page disclosure on February 15, 2021, which identified approximately 150 witnesses, extensive disclosures about their area of knowledge, and damages.

12. Vail Health also criticizes Plaintiffs for not responding to Vail Health's discovery requests emailed in December 2021. Plaintiffs' counsel overlooked that email because the assistant sending it was someone counsel was not familiar with. For months, Vail Health did not send any follow-up email or contact Plaintiffs at any time about Plaintiffs' failure to respond. It was only after Plaintiffs sought the production of Vail Health's documents, which counsel had represented would be produced in November 2020 but were not, that Vail Health raised the issue about the outstanding discovery requests. When Plaintiffs did learn about them, they fully responded without objection, as they have with all other discovery propounded on Plaintiffs. This is evident by the fact that Vail Health did not file a single motion to compel against Plaintiffs.

13. At page 14, Vail Health then takes issue with Plaintiffs' decision to take four depositions, claiming that Plaintiffs somehow delayed in taking them. It should first be pointed out that depositions were put off because of Vail Health's delay and refusal to produce relevant discovery. At the time, it did not make sense, which Vail Health itself agreed, to proceed with depositions on the limited documents produced and then recall witnesses once other responsive documents were produced. To date, a majority of the documents that Plaintiffs sought were ordered by the Special Master to be produced. Vail Health has not produced most of those documents, either because they have appealed, or not complied with, the Special Master's Orders.

14. Vail Health also omits from its discussion that Plaintiffs identified potential deponents in May 2021, which included CEO Will Cook, Nicholas Brown, Doris Kirchner, Charles Crevling, and others. [ECF No. 97-14 at 3-4]. Plaintiffs also sought the

depositions of former CFO Ted Sirotta, former Vail Health accountant BKD, and former Howard Head manager Luke O'Brien, who no longer lived fulltime in the Vail Valley.

15. Vail Health immediately objected to the deposition of Will Cook, taking the position that other witnesses should be deposed first. In the end, Vail Health sought to severely limit the topic areas and time that Cook could be deposed (3 hours). Given the five pending discovery motions, Plaintiffs chose to not file another motion to compel to obtain Cook's testimony.

16. After many weeks of prodding by Plaintiffs, Vail Health's counsel ultimately stated that they would be representing former CFO Ted Sirotta, who resides in Washington State, and former Howard Head manager Luke O'Brien, who worked for the Milwaukee Bucks after Vail Health terminated his employment. Vail Health's counsel represented that they were not authorized to accept their subpoenas. Vail Health's counsel informed Plaintiffs that O'Brien would be unavailable because he would be out of the country. Plaintiffs discovered that he was in Vail right before his scheduled departure, and Plaintiffs were able to serve him. Although O'Brien knew Plaintiffs were seeking his deposition and would be serving a subpoena, he appeared to be very surprised that Plaintiffs actually served him with a subpoena. I know this because I was the one who served him and observed his demeanor.

17. After Vail Health's counsel informed Plaintiffs that they would be representing Sirotta, Plaintiffs made 14 attempts to serve Sirotta over the course of one month. The attempts were made during the week, on the weekend, and at many different times of the day. Curiously, neither Sirotta nor his family were ever at home (although lights were apparently on at the house), and so he could not be served.

18. As to the accountants BKD, I had made contact with BKD's counsel, who appeared to be cooperative at first in producing documents and sitting for a deposition, including accepting service of the subpoena. BKD's cooperation changed, however, when Vail Health's counsel became involved. After Vail Health's counsel objected, BKD refused to comply with the subpoena. The enforcement of the subpoena would have entailed time-consuming and costly motion practice. Given that there were already five discovery motions pending before the Special Master seeking some of the same information, Plaintiffs decided again not to burden the Court with further motion practice.

19. As to former CEO Doris Kirchner and former SVP Nicholas Brown, those depositions were put on hold by agreement of the parties. The reason for this was to provide Vail Health adequate time to produce documents from November 1, 2012. [*See* ECF #115]. As Vail Health itself stated in the motion to extend the discovery deadline, the parties had scheduled Brown and Kirchner for depositions during the week of July 5. Two subpoenas were issued for the deponents, and their attorney accepted service on their behalf. [*See* ECF #115].

20. But for Brown and Kirchner's depositions to proceed, Plaintiffs informed the Vail Health and the deponents' attorney that any additional documents needed to be timely produced before the depositions. Further, counsel for the two deponents, John McHugh, indicated that he was scheduled for trial from July 12 to August 6, 2021, and so the depositions could not be rescheduled until after his trial. Given these circumstances, the parties believed the more prudent course was to delay the depositions until the documents were produced and other discovery issues were resolved. [*See* ECF #115.]

So the "delay" Vail Health attempts to raise was actually the result of Plaintiffs' accommodating Vail Health, the deponents, and the deponents' counsel.

21.     Vail Health does not explain how pages 13-15 of Vail Health's response are in any way relevant to Vail Health's refusal to provide an affidavit or even say whether the Howard Head financial data exists or not.  Nor has Vail Health explained how they have any bearing on a Rule 30(b)(6) deposition of Vail Health, through Karen Hannah, so that Plaintiffs (and the Court) can finally understand whether the Howard Head financial data exists or not.  The only reason Plaintiffs are before the Court on this issue (again) is because of Vail Health's lack of transparency and its continued refusal to answer that basic question.

Executed on the 2nd day of February 2023, in Bordeaux, France.

 *s/ Alan L. Kildow*  
Alan L. Kildow