IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

### DEFENDANT VAIL HEALTH'S MOTION TO MAINTAIN FILING RESTRICTIONS ON PORTIONS OF VAIL HEALTH'S RESPONSE TO PLAINTIFFS' RULE 37(b) MOTION #1 TO COMPEL AND EXHIBITS 1-2, 4-9 THERETO

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health" or "VH") moves to place Level 1 filing restrictions on portions of Vail Health's Response to Plaintiffs' Rule 37(b) Motion #1 to Compel (Doc. 436) ("Rule 37(b) Response"); portions of Exhibits 1, 2, 8, and 9 thereto (Docs. 436-1, 436-2, 436-7, 436-8); and Exhibits 4-7 thereto (436-3 to 436-6) in their entirety.

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding this motion, Plaintiffs oppose Vail Health's request to restrict as to Exhibits 2, 8, and 9.

In support of this Motion to Restrict, Vail Health states as follows:

1.     A motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined

and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  D.C.COLO.LCivR 7.2.

2. Vail Health seeks to maintain Level 1 filing restrictions on portions of the Rule 37(b) Response; portions of Exhibits 1, 2, 8, and 9 thereto (Docs. 436-1, 436-2, 436-7, 436-8); and Exhibits 4-7 thereto (436-3 to 436-6) in their entirety.  Vail Health attaches as Exhibits A-E hereto proposed redacted versions of the Rule 37(b) Response and Exhibits 1, 2, 8, and 9 thereto, with proposed redactions indicated by red boxes, which allows the Court to see the information Vail Health proposes redacting.  Exhibits A-E have been filed under Level 1 restriction, and Vail Health requests that the Court maintain them as such.  Vail Health attaches as Exhibits F-J hereto proposed redacted versions of the Rule 37(b) Response and Exhibits 1, 2, 8, and 9 thereto, with proposed redacted material obscured by black boxes.  Exhibits F-J are filed publicly.

3. The following exhibits and portions of exhibits have been previously restricted by the Court at a Level 1 restriction and are presumptively entitled to Level 1 restriction pursuant to the Court's Order Striking Defendant's Motions to Restrict (ECF No. 313):

| Exhibit at Issue | Description of Previously Restricted Document | Previously Filed Version of Document | Order Restricting Previously Filed Version of Document |
|---|---|---|---|
| Ex. 1 – 436-1, Pages 14-98[1] | Expert Report of Monica Noether | Doc. 302-2, Doc. 318-2 | Doc. 329 |
| Ex. 4 – 436-3 | Vail Health financial worksheet | Doc. 130-5 | Doc. 147 |
| Ex. 7 – 436-6 Pages 9-54 | Vail Health financial worksheets | Doc. 130-2 | Doc. 147 |

---

[1] Page numbers refer to ECF-stamped page numbers located in the upper right-hand corner of Document 436.

Because Exhibit 4 and the portions of Exhibits 1[2] and 7 noted above are presumptively entitled to Level 1 restriction (ECF No. 313), Vail Health makes no further argument as to those documents.

4. Vail Health seeks to restrict via redaction the portions of the Rule 37(b) Response and Exhibits 1-2 and 8-9 identified in the following chart and more specifically in Exhibits A-E:

| Materials Not Previously Restricted for Which Redaction is Sought | | | | |
|---|---|---|---|---|
| Ex. | Doc. # | Page Range of Exhibit Containing Proposed Redactions | Description of Document | Information Redacted |
| A | 436 | 11[3] | Rule 37(b) Response | Chart of VH's confidential raw financial data |
| C | 436-2 | 17-31 | VH's Amended Responses to Interrogatory Nos. 11-14, 18, 20-21 | VH confidential business information, including information derived from confidential draft contracts; Names and addresses of VH personnel |
| C | 436-2 | 32-37 | Attachments to VH's Amended Responses to Interrogatory Nos. 11-14, 18, 20-21 | VH's confidential raw financial data, including pricing information |
| C | 436-2 | 38-70 | VH employment offer letters | Content of confidential employment offer letters |
| D | 436-7 | 2-28 | Plaintiffs' Notice of Outstanding Discovery Issues | Names of VH personnel; Quotes from restricted deposition transcript; Quotes from restricted Noether Report; VH confidential business information, including its organization structure |
| E | 436-8 | 2-4 | Aug. 8, 2022 Email from Plaintiffs' counsel to VH counsel | Quotes from restricted deposition transcript; Names of VH personnel |

---

[2] Exhibit 1 to the Rule 37(b) Response is attached hereto, with proposed redactions, as Exhibit B.
[3] Page numbers refer to ECF-stamped page numbers located in the upper right-hand corner of the document.

5. Additionally, Vail Health seeks to maintain Level 1 filing restrictions on the entirety of the following documents (as well as Exhibit 4, which the Court has previously held should be restricted in full, *see* Doc. 147):

| Exhibit at Issue | Description of Document |
|---|---|
| Ex. 5 – 436-4 | VH confidential raw financial data |
| Ex. 6 – 436-5 | VH confidential raw financial data |
| Ex. 7 – 436-6, Pages 2-7[4] | Internal VH email with attaching financial spreadsheets |
| Ex. 7 – 436-6, Pages 55-56 | Confidential HHSM financial performance narrative |
| Ex. 7 – 436-6, Pages 57-87 | Confidential VH financial worksheets |

6. "[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7. The law is clear that disclosure of financial data puts businesses at competitive risk that outweighs the presumption of public access. *Suture Express, Inc. v. Owens & Minor Distribution*, 851 F.3d 1029, 1047 (10th Cir. 2017) (sealing business's "confidential documents, financial information, and contracts"); *Snyder v. Beam Techs., Inc.*, Civil Action No. 20-cv-03255-NYW, 2022 U.S. Dist. LEXIS 219817, at *10 (D. Colo. Dec. 6, 2022) (holding that restriction of exhibit was appropriate where "public disclosure . . . could reveal [the party's] confidential financial information, and the risks of harm associated with public disclosure outweigh the

---

[4] Page numbers refer to ECF-stamped page numbers located in the upper right-hand corner of Document 436.

presumption of public access"); *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 U.S. Dist. LEXIS 53485, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party); *All Plastic, Inc. v. SamDan LLC*, Civil Action No. 20-cv-01318-NYW, 2021 U.S. Dist. LEXIS 136211, at *4 (D. Colo. Apr. 6, 2021) (finding restriction of documents appropriate to protect disclosure of nonpublic sales data).

8. This Court has repeatedly rejected the argument that Vail Health, as a nonprofit healthcare system, has no privacy interest in its confidential business information, or that its privacy interest is outweighed by the public's interest in court records. (*See, e.g.*, Dkt. 136, 147, 224, 309, 310, 329.)

9. In addition, information that implicates common law privacy interests, such as names, addresses, and other personally identifiable information of non-party individuals, is protectible. *Brokop v. Farmland Partners Inc.*, Civil Action No. 18-cv-02104-DME-NYW, 2021 U.S. Dist. LEXIS 260441, at *7 (D. Colo. Dec. 16, 2021) (imposing Level 1 restriction of "personally identifiable information" of non-party former employee); *Markley v. United States Bank Nat'l Ass'n*, No. 19-cv-01130-RM-NYW, 2021 U.S. Dist. LEXIS 213922, at *11-12 (D. Colo. Sep. 14, 2021) (restricting document that "would reveal confidential information related to employees who are not parties to the instant action"); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000) (finding that the privacy rights of non-parties outweighed the public's interest in unfettered access to court records).

10. The portions of the Rule 37(b) Response and Exhibits 1-2 and 5-9 that Vail Health proposes to restrict can be grouped into four categories: (1) Vail Health's Confidential Raw

Financial Data, (2) Vail Health's Confidential Business Information, (3) Quotes from Confidential or Restricted Documents, and (4) Personal Information of Vail Health Personnel. Each category warrants Level 1 restriction. The disclosure of Vail Health's confidential financial and business information could cause competitive harm to Vail Health. The disclosure of the personal information of Vail Health's employees could cause harm to those individuals, and, moreover, the public has no interest in that information.

11. **Vail Health's Confidential Raw Financial Data.** The Rule 37(b) Response and Exhibit 2 contain Vail Health's confidential, raw financial data.[5] This data appears in the form of spreadsheets, charts, graphs, and financial statements and analyses. The raw data is recent, from 2015 - 2022, and its disclosure would pose a risk of competitive harm to Vail Health. *Suture Express, Inc.*, 851 F.3d at 1047 (sealing business's "financial information"); *All Plastic, Inc.*, 2021 U.S. Dist. LEXIS 136211, at *4 (finding restriction of documents appropriate to protect disclosure of nonpublic sales data). The law is clear that the risk of disclosure of financial data outweighs the public's interest in it.

12. **Vail Health's Confidential Business Information.** Exhibits 2 and 8 reveal Vail Health's confidential business information, including confidential employment offer letters, information from confidential draft contracts, and Vail Health's corporate structure.[6] Publication of the details of Vail Health's prior employment and business contracts could create an unfair competitive advantage to Vail Health's competitors. It could also negatively impact Vail Health's

---

[5] This information is redacted on Page 11 of Exhibit A, the Rule 37(b) Response, and in Exhibit C on ECF-numbered pages 32-37.

[6] This information is redacted in Exhibit C on ECF-numbered pages 18-29 and 38-70 and in Exhibit D on ECF-numbered pages 3, 17, 21, and 27.

relationships with its prior partners and disadvantage its ability to market itself to future partners. *See Snyder v. Beam Techs., Inc.*, 2022 U.S. Dist. LEXIS 219817, at *10 (restricting stock option agreement, finding its publication would negatively impact the party's relationships with customer and ability to market itself to investors and clients).

13. **Quotes from Restricted Documents.** Exhibits 8 and 9 quote from restricted and confidential documents, including the Nicholas Brown deposition transcript and the Noether Report.[7] Information "derive[d] from documents . . . already designated as restricted" warrants the same restriction as the documents themselves. *Murphy v. Schaible, Russo & Co.*, Civil Action No. 19-cv-02808-WJM-NYW, 2020 U.S. Dist. LEXIS 260737, at *10 (D. Colo. Nov. 12, 2020). Quotations from the restricted Nicholas Brown deposition and the Noether Report are entitled to the same Level 1 restriction afforded those documents.

14. **Personal Information of Vail Health Personnel.** Exhibits 2 and 8 include the names of Vail Health employees and former employees, with some pages also revealing employee addresses.[8] This information implicates common law privacy interests, and it has no value to the public because it is not relevant to this dispute. "There is no particular public interest in having access to documents that are not relevant." *Valenzuela v. Coleman*, Civil Action No. 18-cv-00329-MSK-STV, 2020 U.S. Dist. LEXIS 190780, at *40 (D. Colo. Oct. 15, 2020) (imposing Level 1 restriction on individual's "driving record and application for a driver's license" because the

---

[7] This information is redacted in Exhibit D on ECF-numbered pages 9-10, 14, 17 and in Exhibit E on ECF-numbered pages 2-3.

[8] This information is redacted in Exhibit C on ECF-numbered pages 27-29 and in Exhibit D on ECF-numbered pages 17, 21, 27-28.

materials were irrelevant to the dispute). The proposed redactions of personal information about Vail Health employees are therefore entitled to restriction.

15. On October 23, 2020, the Court entered the Parties' Stipulated Protective Order ("Protective Order") (Dkt. 76). Under the Protective Order, the parties are permitted to designate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION." Parties are required to designate documents ATTORNEYS' EYES ONLY PROTECTED HEALTH INFORMATION where those documents contain PHI, which has the same scope and definition under 45 C.F.R. §§ 160.103 and 164.501 and includes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

16. Under the Protective Order, documents designated as "CONFIDENTIAL" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) a party; (4) a person shown on the face of the confidential document to have authored or received it; or (5) any outside independent persons who sign the written assurance in substantially the form attached as Exhibit A to the Protective Order.

17. Documents designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY, PROTECTED HEALTH INFORMATION" may be disclosed only to: (1) the court and its staff; (2) attorneys, their law firms, and outside vendors; (3) for those documents produced in the Eagle County action, a party representative as necessary to assist with the prosecution of or defense of the action. The party representative shall not, however, take possession of any document

marked attorneys' eyes only or attorneys' eyes only protected health information. Rather, the party representative is only allowed to review the document in the presence of the party's counsel. Counsel for the party shall maintain custody and control over all documents designated attorneys' eyes only and attorneys' eyes protected health information; (4) for those documents produced in this action, any outside independent persons that are not competitors or potential competitors of the producing party and who sign the written assurance in substantially the same form attached as Exhibit A to the Protective Order.

18.     As explained above, public filing of the Rule 37(b) Response and Exhibits 1-2 and 4-9 without Vail Health's proposed redactions would improperly reveal Vail Health's confidential financial data and irrelevant personal information about nonparty individuals.  Revealing to the public raw data created for Vail Health's internal use—or discussions of that raw data—would expose Vail Health to competitive harm.

19.     Redaction of the Rule 37(b) Response and Exhibits 1, 2, 8, and 9 thereto is feasible, and Vail Health has proposed redactions as reflected in Exhibits A-E hereto.  Redaction of Exhibits 4-7 is not practical.

20.     A Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed herein that Vail Health seeks to restrict.

21.     The public has no interest in the commercial information Vail Health seeks to restrict nor in the personal information about Vail Health's current and former employees.

22.     For the reasons set forth above, Vail Health respectfully requests that this Court grant this Motion to Restrict and maintain under Level 1 filing restrictions Exhibits 4-7 and the redacted portions of the Rule 37(b) Response and Exhibits 1, 2, 8, and 9 thereto.

Respectfully submitted February 2, 2023

   *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*