# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

Defendant.

---

**VAIL HEALTH'S RESPONSE TO PLAINTFFS' 37(B) MOTION #1 TO COMPEL COMPLIANCE WITH SPECIAL MASTER'S ORDERS RELATED TO HOWARD HEAD FINANCIALS**

---

Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") respectfully submits this response to Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance with Special Master's Orders Related to Howard Head Financials (Doc. 425) ("Motion").

## PRELIMINARY STATEMENT

More than a year after the discovery period in this case closed on December 20, 2021 (Doc. 242), Plaintiffs now bring this Motion to improperly seek discovery they chose not to pursue years ago. Perhaps recognizing that the closed discovery period prevents any new motion to compel, Plaintiffs stylize this Motion under Rule 37(b)—designed to compel compliance with a prior discovery order—by claiming that Vail Health failed to comply with certain of the Special Master's recent orders on long-pending motions to compel. But because Vail Health complied with each of the Special Master's orders and documented that compliance in painstaking detail, and because the requests in Plaintiffs' Motion transcend the scope of the Special Master's orders, Plaintiffs' true intention—surreptitious re-opening of discovery—is exposed. Indeed, Plaintiffs' Motion seeks to revisit their prior five motions to compel and obtain production of discovery that the Special Master *declined* to order. Not satisfied with that broad,

unsupported request, Plaintiffs further demand discovery they *chose* not to pursue during the discovery period. This effort should be rejected by the Court.[1]

## BACKGROUND

### A. Discovery and Procedural History

The history of discovery in this matter is extensively detailed in prior briefing, as is the comprehensive scope of Vail Health's discovery responses and document production, including its production of Howard Head financial data. (*See* Doc. 228.) Vail Health has also previously described Plaintiffs' delays in utilizing the discovery mechanisms available to them, including declining to pursue a 30(b)(6) deposition of Vail Health during the discovery period. (Doc. 230 at 2-8.) Accordingly, Vail Health will highlight the key facts regarding these matters in the Argument section below but refers the Court to its prior briefing for a more comprehensive history. (Doc. 228; Doc. 230 at 2-8.)

### B. Order Regarding Motion to Compel No. 1

On July 6, 2022, the Special Master issued a Report to the Court, Discovery Orders, and Recommendations to the Court Regarding Plaintiffs' Motion to Compel #1 ("MTC 1 Order"). (Doc. 362.) The MTC 1 Order denied Plaintiffs' motion in part and granted it in part and ordered Vail Health to produce limited additional discovery. (*Id.*)

On July 20, 2022, in response to the MTC 1 Order, Vail Health sent the Special Master a detailed, three-page letter documenting each measure Vail Health took to comply with the order. (Ex. 1.) As required by the MTC 1 Order, Vail Health produced with the letter (1) a declaration

---

[1] Plaintiffs' Motion is replete with unsupportable accusations against Vail Health's counsel by name regarding alleged misrepresentations to the Court and alleged concealment of relevant evidence. These baseless accusations are unfortunately part of Plaintiffs' continuing pattern of disparaging counsel rather than engaging on the merits. Regardless, the effort cannot support the request for additional discovery.

2

from Vail Health's rebuttal antitrust expert, Dr. Monica Noether, that Vail Health did not provide her with documents or data that were not produced to Plaintiffs; (2) a declaration from Nicholas Brown, the former leader of Vail Health's Howard Head physical therapy practice, regarding the outcome of certain transactions Vail Health considered concerning Howard Head; and (3) a supplemental response to Plaintiffs' Interrogatory No. 9. (*Id.*)

Vail Health fully complied with the MTC 1 Order (except to the extent appealed, *see* Docs. 365, 380), and the Special Master has not suggested otherwise. It is unclear why Plaintiffs waited more than five months to file a motion regarding Vail Health's alleged noncompliance with the MTC 1 Order.

**C.     Orders Regarding Motions to Compel No. 2-4**

On September 15, 2022, the Special Master issued his orders regarding Motions to Compel No. 2, 3, and 4 ("MTC 2-4 Orders"). (Doc. 381, 382, 383.) The MTC 2-4 Orders denied Plaintiffs' motions in part and granted them in part and ordered Vail Health to produce limited additional discovery.

On October 17, 2022, in response to the MTC 2-4 Orders, Vail Health sent the Special Master a detailed, ten-page letter documenting each measure Vail Health took to comply with the orders. (Ex. 2.) As required by the MTC 2-4 Orders, Vail Health produced with the letter, *inter alia*, (1) a letter detailing Vail Health's search process, including search terms and custodians, which Vail Health had previously sent to Plaintiffs on November 10, 2021 (Ex. 3) and submitted to the Special Master with its proposed findings of fact and conclusions of law (Doc. 261-5); (2) supplemental responses to Interrogatories No. 11, 12, 13, 14, 18, 20(e) & (f), and 21(d) & (e) as narrowed or clarified in the MTC 2-4 Orders; and (3) an anonymized list of Howard Head

3

physical therapists from 2012 through the present.  (Ex. 2.)  Vail Health fully complied with the MTC 1 Order, and the Special Master has not suggested otherwise.

## LEGAL STANDARD

The sole basis for Plaintiffs' Motion is Rule 37(b).  Under Rule 37(b), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under [Rule] 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  "[S]anctions are available pursuant to Rule 37(b) only if a court has first entered an order compelling the discovery in question, and a party has disobeyed that order."  7 Moore's Federal Practice - Civil § 37.40; *Smash Tech., Ltd. Liab. Co. v. Smash Sols., Ltd. Liab. Co.*, No. 2:19-cv-00105-TC-JCB, 2021 U.S. Dist. LEXIS 133090 (D. Utah May 7, 2021) ("[S]anctions imposed pursuant to Rule 37(b) must arise from the violation of a discovery order.").  The order must be "a clearly articulated order of the court requiring specified discovery."  *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991).  If a party complied with the court order at issue in a Rule 37(b) motion, there is no basis for sanctions or other relief.  *See, e.g.*, *Glencore Denrees Paris v. Dep't of Nat'l Store Branch 1*, No 99 Civ. 8607, 2008 U.S. Dist. LEXIS 71351, at *13 (S.D.N.Y. Sep. 19, 2008) ("Rule 37(b) relief . . . is usually appropriate only where a discovery order has been violated."); *Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986) (reversing sanction where "[t]here was no violation of a court order upon which to base Rule 37(b) sanctions").

## ARGUMENT

**I.   Vail Health Has Complied with All Discovery Orders.**

To prevail on their Rule 37(b) Motion, Plaintiffs must demonstrate that Vail Health violated a specific discovery order.  They cannot.  Vail Health complied with each discovery

4

order of the Special Master, to the extent not appealed, including the MTC 1 Order and MTC 2-4 Orders. Accordingly, Rule 37(b) sanctions are not warranted.

### A. Vail Health Fully Complied with the Special Master's MTC 1 Order.

Plaintiffs claim that Vail Health failed to comply with the Special Master's MTC 1 Order. (Doc. 425 at 10.) Specifically, Plaintiffs assert that Vail Health failed to produce an affidavit concerning Howard Head financial data purportedly ordered by the Special Master. (*Id.* (citing Doc. 362 ¶¶ 23-24).) Plaintiffs misconstrue the MTC 1 Order, with which Vail Health fully complied.

The paragraphs of the MTC 1 Order that Plaintiffs claim Vail Health failed to comply with are as follows:

> 23. Because Dr. Noether has rendered opinions regarding Vail Health's financial viability and profit margins, Plaintiffs should be entitled to *any financial documents produced to or reviewed by Noether*, including audited and unaudited financial statements, Medicare cost reports, source material documenting Vail Health's profitability, prices charged, and indirect and direct costs. *See* FRE 703 and 705.
>
> 24. It can be argued-and is by Defendant-that there is no showing how *this information* (independent of Dr. Noether's opinion) would be relevant because information about [Howard Head] cannot be identified or isolated. ***If so***, the Special Master Orders Defendant to submit an affidavit by someone who can confirm *such information* cannot be identified or isolated, within 14 days.

(Doc. 362 ¶¶ 23-24 (emphasis added).)

As reflected by the text quoted above, Paragraph 23 of the MTC 1 Order requires production of "any financial documents *produced to or reviewed by [Dr.] Noether*." (*Id.* ¶ 23 (emphasis added).) By its plain terms, the order in Paragraph 24 is limited to the documents referenced in Paragraph 23 – *i.e.*, any "financial documents produced to or reviewed by [Dr.] Noether" but not produced to Plaintiffs. (*Id.* ¶ 24 (referencing "this information" and "such information").)

5

But there were no documents provided to Dr. Noether but not produced to Plaintiffs. In response to the MTC 1 Order, Vail Health sent a letter to the Special Master documenting in detail the measures it took to comply with the order, including addressing this point. (Ex. 1.) Indeed, Vail Health provided a declaration from Dr. Noether wherein she affirmed, "[n]either Vail Health nor its counsel provided me with Vail Health data or documents that were not produced in the Litigation, and I did not review, consider, or rely upon any such data or documents in forming my opinions or preparing my Report." (Ex. 1, Noether Decl. ¶ 6.) There were no unproduced "financial documents produced to or reviewed by [Dr.] Noether," Doc. 362 ¶ 23, and thus no documents to submit an affidavit about.

Moreover, the Special Master's order was expressly conditional. The pertinent language in the MTC 1 Order is: "***If so***, the Special Master Orders Defendant to submit an affidavit by someone who can confirm such information cannot be identified or isolated, within 14 days." (Doc. 362 ¶ 24 (emphasis added).)[2] In other words, *if* Vail Health contended that the documents provided to Dr. Noether need not be produced to Plaintiffs because they do not contain information concerning Howard Head, Vail Health was required to submit an affidavit supporting that contention. But Vail Health made no such contention, and thus no affidavit was required.

### B. Vail Health Fully Complied with the Special Master's MTC 2-4 Orders.

Plaintiffs briefly suggest that Vail Health failed to comply with the MTC 2-4 Orders, though it is unclear on what grounds. (Doc. 425 at 11.) Plaintiffs reference that the Special Master ordered Vail Health to disclose its search process, but fail to acknowledge that Vail

---

[2] Notably, each time Plaintiffs quote this language in their Motion, they omit the "[i]f so" language, without an ellipsis indicating that text has been omitted. (Doc. 425 at 1, 10, 14.)

Health did so, both in November 2021 (Doc. 261-5) and in response to the MTC 2-4 Orders. (Ex. 2 at Nov. 10, 2021 Letter.) Vail Health fully complied with the MTC 2-4 Orders.

**II.    Vail Health Has Fully Complied with Its Discovery Obligations Concerning Howard Head Financial Data.**

As discussed above, Vail Health complied with all discovery orders of the Court. (*See supra* Section I.)  Because the sole basis for Plaintiffs' Motion is Rule 37(b), that conclusion mandates denial of Plaintiffs' Motion, and no further analysis is required.  Nonetheless, given the serious allegations in Plaintiffs' Motion of discovery misconduct by Vail Health and its counsel, Vail Health responds to those allegations below.

Plaintiffs accuse Vail Health's counsel of discovery misconduct by name.  Among other things, Plaintiffs claim that Vail Health's counsel engaged in "stonewalling" and "deception," made "misleading" and "deceptive" statements to the Special Master, "buil[t] a stone wall to conceal relevant evidence," and engaged in "defiance of a court order." (Doc. 425 at 1-2.) Plaintiffs gratuitously name the undersigned counsel 18 times in a 15-page brief. (*Id.* at 2, 4, 5, 7, 8, 9, 10, 15.)  Plaintiffs' accusations are reminiscent of arguments advanced in their Motion Seeking the Intervention of Judge Martinez in Discovery Disputes Under Practice Standard II.C, where Plaintiffs alleged that Vail Health and its counsel had "erected an embargo of discovery" and were "[o]bstructing the discovery process." (Doc. 97 at 2-3.)  In its order denying Plaintiffs' motion, the Court found, *inter alia*, that Plaintiffs' claim that they had received virtually no discovery to date was a "manifestly false and misleading statement" and that the Court "discern[ed] no abusive discovery practices by Vail Health." (Doc. 113 at 4-5.)  Plaintiffs' allegations here are likewise unbecoming of practice before this Court.  More to the point, the factual underpinnings of Plaintiffs' accusations are simply false, as discussed below.

7

In addressing Plaintiffs' allegations that Vail Health failed to produce financial data concerning Vail Health's Howard Head physical therapy practice, it is important to draw a distinction between (1) "financial statements," *i.e.*, formal periodic statements of financial results prepared in the ordinary course of business, and (2) financial data and analyses, *i.e.*, data concerning business operations in a firm's financial systems, or ad-hoc analyses, even if not aggregated into formal financial statements.

*Vail Health Financial Statements*: As to financial statements, in RFP No. 1, Plaintiffs requested production of "[a]ll audited and unaudited annual and quarterly financial statements of Vail Health." (Doc. 127-12 at 6.) Vail Health objected to producing the financial statements for the entire Vail Health healthcare system because, *inter alia*, this dispute concerns only Vail Health's physical therapy practice in the alleged Vail Valley market. (Doc. 230-1) The Special Master did not overrule that objection.

*Howard Head Financial Statements*: As to Howard Head-specific financial statements, Plaintiffs requested in RFP No. 2, "[a]ll annual, quarterly, and monthly financial statements" concerning Howard Head. (Doc. 127-12 at 6.) However, as multiple Vail Health witnesses have confirmed in sworn testimony, Vail Health did not prepare periodic financial statements for Howard Head. For example, Charles Crevling, Vail Health's CFO from 2008 to 2015, testified:

> **MR. KILDOW:** Was an audited financial statement for the physical therapy entity doing business under the name Howard Head Sports Medicine ever prepared during the time that Mr. Crevling was the chief financial officer.
> . . .
> A. No.

(Doc. 261-7)

> **Q. (By Mr. Kildow) Did you ever create --strike that. During the time that you were the chief financial officer of Vail Health,**

8

> **did you create income statements or statements of operation or otherwise known as P&Ls, profit and loss statements, for the physical therapy clinic known as Howard Head?**
> A. Never created a profit and loss statement for Howard Head. We –
>
> **Q. Did you create any kind of an accounting summary or statement for the physical therapy clinic?**
> A. Let me finish, okay, Alan?
>
> **Q. Oh, I'm sorry. I didn't mean to interrupt.**
> A. No. We're fine because it's just a --you know, we never created an income statement for Howard Head or cardiology or whatever, but we did do financial analysis of programs. That's not the same as creating a P&L or a balance sheet or anything like that.

(Doc. 261-7.) Thus, in sum, Vail Health properly objected to producing financial statements for the entire Vail Health healthcare system, and Vail Health did not prepare financial statements for its Howard Head business unit.[3]

*Howard Head Financial Data and Analyses*: As to financial data and informal financial analyses, in RFPs 2, 3, and 4 Plaintiffs requested the production of "[a]ll" "projections[] and financial analyses," "documents relating to the prices charged and revenues realized," and "documents relating to costs incurred and profits realized" concerning Howard Head. (Doc. 127-12 at 6-7.) Vail Health objected to those unqualified requests as, *inter alia*, overly broad, unduly burdensome, and disproportionate to the needs of the case (Doc. 230-1), but nonetheless agreed to produce responsive documents subject to its objections.

Vail Health's production in response to those requests is extensive and includes:

---

[3] Plaintiffs' Motion blurs the distinction between formal, periodic financial statements and financial data and analyses in an effort to create tension between Mr. Brown's statements regarding financial data available in Vail Health's Strata system and Vail Health's counsel's statements regarding the data in Vail Health financial statements. (Doc. 425 at 10.) Vail Health's counsel has never represented that no Howard Head-specific information is available in Vail Health's Strata system. To the contrary, as discussed below, Vail Health *produced* monthly financial data concerning Howard Head from its Strata system.

9

- Monthly Howard Head financial data, including Unique FIN (*i.e.*, patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income, for the period November 2014 through September 2020. (Ex. 4.)

- Spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market (and specifying the Howard Head location), which include patient zip codes and the amount Vail Health was reimbursed for every private payer transaction, for the period November 2013 through September 2021. (Ex. 5 (excerpt).) This data has been supplemented with information regarding the amount Vail Health charged for such transactions. (Ex. 6 (excerpt).)

- All responsive documents located in the emails of Vail Health's current CEO (Will Cook), former CEO (Doris Kirchner), current leader of Howard Head (Mary Ellen Broersma) and former leader of Howard Head (Nicholas Brown) by running more than 50 sets of search terms. (Ex. 3 at 3-4.) Examples of financial analyses located via these searches are attached as Exhibit 7.

- Vail Health / Howard Head chargemasters, which reflect Vail Health's standard prices for its services. (Doc. 229-5.)

- Vail Health's contracts with third-party payers, which reflect the discounts provided to payers from Vail Health's chargemaster prices. (Doc. 229-6)

Vail Health fully complied with its obligations to produce financial data and analyses concerning Howard Head.

Plaintiffs' attempts to avoid these basic facts are without merit and expose them for what they are—a transparent attempt to pursue untimely new discovery. First, Plaintiffs belatedly

10

claim that the search protocol Vail Health used to identify financial data and analyses in custodian emails was insufficient. (Doc. 425 at 5-6.) But Plaintiffs waived this argument by failing to timely raise it during the discovery period. Because Vail Health produced documents with custodian metadata, Plaintiffs have known from which custodians Vail Health collected documents since at least summer 2021. Moreover, in a detailed letter to Plaintiffs dated November 10, 2021, Vail Health identified the custodians from whom it collected documents and the more than 50 search terms utilized. (Ex. 3 at 3-4.) Despite having this information during the discovery period, Plaintiffs failed to request during the discovery period that Vail Health collect documents from additional custodians or run additional search terms. In fact, the first time Plaintiffs requested that Vail Health collect documents from additional custodians or run additional search terms was in their 27-page November 8, 2022 "Notice of Outstanding Discovery Disputes," nearly a year after Vail Health disclosed its search criteria. (*See* Ex. 8 at 9-10, 27.)

Second, Plaintiffs also claim that Vail Health failed to produce data concerning Howard Head from Vail Health's Strata financial system. (Doc. 425 at 6.) That is false. As noted above, Vail Health produced monthly Howard Head financial data, including Unique FIN (*i.e.*, patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income, for the period November 2014 through September 2020. (Ex. 4.) An excerpt of that data is reflected below:

[redacted]

11

Despite having this data for months during the discovery period, Plaintiffs declined to ask witnesses substantive questions about it during depositions. No witness has testified that the data is inaccurate or otherwise unreliable.

Because there can be no dispute that Vail Health has produced detailed, monthly financial data concerning Howard Head, Plaintiffs' complaint appears to be that Vail Health has not produced *detailed enough* data concerning Howard Head's financial performance. Given that Vail Health has produced millions of lines of procedure and/or encounter level data concerning the amount Vail Health charged and was paid for physical therapy services, any contention that Vail Health has produced inadequate information regarding Howard Head's revenues is not credible. As to costs, Plaintiffs recently requested via email that Vail Health produce:

> reports for each Howard Head location that identifies all revenues and expenses/costs (direct and indirect) for each subcategory, including gross revenues (in patient and out patient), revenue deductions, net patient revenue, other miscellaneous revenue, net operating revenue, net patient revenue less provision for bad debt, operating expenses by each category (salaries and wages by productive and nonproductive), employee benefits, supplies and materials by medical supplies pharmaceuticals, and other supplies, contracted services, professional fees, consulting fees, advertising and marketing, utilities, rental lease costs, other operating expenses, purchased department functions, repairs and maintenance, depreciation, insurance services, other indirect allocations, and any other direct costs included in that category), total operating expenses, net operating income, net operating income, non operating income (expense), total non operating income (expense) excess of revenues over expenses, indirect expenses/allocation for such things as information services, health information management, patient financial services, insurance verification, human resources and any other indirect expenses

(Ex. 9 at 2.) That request appeared nowhere in Plaintiffs' discovery requests or motions to compel during the lengthy discovery period. Essentially, Plaintiffs request that Howard Head personnel devote time and resources to prepare custom reports for Plaintiffs containing financial data in minute detail that has no relevance to this dispute, a year after discovery closed. Vail Health is not required to do so. 7 Moore's Federal Practice § 34.12 ("A party cannot be

12

compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence."); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, *41-42 (D. Colo. Feb. 8, 2010).

### III. Plaintiffs Seek Discovery Via This Motion That They Failed to Pursue During the Discovery Period.

The principal relief Plaintiffs seek in the Motion is a 30(b)(6) deposition of Vail Health. (Doc. 425 at 15.) Granting Plaintiffs a 30(b)(6) deposition would reward Plaintiffs for their repeated delays in using the discovery mechanisms available to them, including their failure to pursue a 30(b)(6) deposition of Vail Health during the discovery period.

In opposing Plaintiffs' October 29, 2021 motion to extend the fact discovery deadline, Vail Health described Plaintiffs' numerous failures to diligently pursue discovery during the discovery period. (Doc. 230 at 4-8.) While Vail Health will not repeat each here, key examples pertinent to this dispute include:

- Between October 23, 2020 and February 15, 2021—nearly four months of the then-ten-month discovery period—Plaintiffs were completely silent with respect to this case. They did not serve initial disclosures. They did not respond to Vail Health's First Set of Discovery Requests. They did not seek to confer regarding any discovery issue. They did not seek a discovery dispute conference. They did not serve any RFPs, interrogatories, or RFAs on Vail Health. They did not serve any third-party document or deposition subpoenas. For nearly four months, they utterly failed to prosecute their case.

- Vail Health served it responses and objections to Plaintiffs' First RFPs on October 9, 2020. (Doc. 230-1) Plaintiffs failed to raise any issues regarding Vail Health's

13

- responses and objections with the Magistrate Judge until March 9, 2021—five months after receiving the responses and objections. (Doc. 230-8)

- On June 29, 2021, Plaintiffs stated their intention to take the deposition of Ted Sirotta, a former CFO of Vail Health. (Ex. 10.) Though Plaintiffs spoke with Mr. Sirotta by telephone in approximately June or July 2021, Plaintiffs never served Mr. Sirotta with a deposition subpoena.

- Although Plaintiffs were permitted under the Scheduling Order to take up to ten depositions, Plaintiffs took only four. Plaintiffs cannot credibly claim they did not know who to depose or that they had insufficient time to do so. Plaintiffs have had access for years to the extensive State Case discovery and have taken or attended the depositions of more than 40 witnesses in the State Case. Their February 15, 2021 initial disclosures in this case identify more than 150 witnesses likely to have discoverable information and include more than 50 single-spaced pages describing the information those witnesses are believed to possess. (Doc. 230-11 at 2-57.) And Vail Health's April 30, 2021 interrogatory responses identify scores of witnesses likely to be knowledgeable regarding the subject matter of Plaintiffs' allegations. (Doc. 130)

- Plaintiffs waited until the very end of the discovery period to take three of the four depositions they did take. Plaintiffs deposed Mr. O'Brien on October 9, 2021; Mr. Brown on October 19, 2021; and Ms. Kirchner on October 28, 2021.

After considering these delays, among others, in a November 28, 2021 order, Judge Gallagher concluded that "Plaintiffs have not been diligent in obtaining discovery within the guidelines of the Scheduling Order" and "[i]t is uncontroverted that Plaintiffs delayed progress in the case by

14

four months." (Doc. 242 at 4.) The order extended the deadline for fact discovery through December 20, 2021 but declined to extend it further. The same reasoning applies with even more force today.

The next day, on November 29, 2021, Plaintiffs informed Vail Health of their intention to take the depositions of four witnesses between December 13 and 20, 2021: a 30(b)(6) witness for Vail Health; a 30(b)(6) witness for BKD, a Vail Health accountant; Will Cook, Vail Health's current CEO; and Ted Sirotta, Vail Health's former CFO. (Ex. 11.) Plaintiffs served a Rule 30(b)(6) deposition notice on Vail Health. (Ex. 12.) Among the noticed topics were topics concerning Vail Health's financial statements, data regarding Howard Head's revenues and costs, and Vail Health's search for responsive documents. (*Id.*) On December 9, 2021, as the parties were conferring regarding the depositions, Plaintiffs voluntarily withdrew their 30(b)(6) deposition notice to Vail Health and declined to proceed with the depositions of BKD, Mr. Cook, and Mr. Sirotta. (Ex. 13.)

The Court should not allow Plaintiffs to use a Rule 37(b) motion to obtain discovery they voluntarily chose not to pursue during the discovery period.

## CONCLUSION

Because Vail Health has complied with each discovery order of the Special Master (to the extent not appealed), the Court should deny the Motion.

15

Respectfully submitted this 19th day of January, 2023.

        *s/ Daniel A. Richards*
Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
       janet.savage@dgslaw.com
       jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*