# EXHIBIT G

EXHIBIT 1

RESTRICTED

DAVIS
GRAHAM &
STUBBS

Daniel Richards
303.892.7452
daniel.richards@dgslaw.com

**CONFIDENTIAL**

July 20, 2022

<u>**Via Email**</u>

Hon. W. Terry Ruckriegle
Special Master
Box 3305
Breckenridge CO 80424
terry@ruckriegle.com

Re:   Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic, Inc., d/b/a Vail Health,
      Civil Action No. 1:19-cv-02075-WJM-GPG

Dear Special Master Ruckriegle:

Defendant Vail Clinic, Inc. ("Vail Health") respectfully submits the following documents and information in response to the Special Master's July 6, 2022 Report to the Court, Discovery Orders, and Recommendations to the Court Regarding Plaintiffs' Motion to Compel #1 (Doc. 362) ("Report").

## I.   Orders Regarding Dr. Noether

The Report orders Vail Health to produce certain data, documents, or information referenced by, provided to, or reviewed by Dr. Monica Noether, Vail Health's antitrust expert, in forming her opinions. (*See* Doc. 362 ¶¶ 4, 16, 18, 19, 20, 22, 23, 24, 26, 28 & p. 13.)  In response to the Special Master's orders, Vail Health attaches as **Exhibit 1** a declaration from Dr. Noether ("Noether Declaration").  The Noether Declaration includes the following affirmations:

- "Applying my experience as a health economist, I reached the opinions in my Report based on (a) documents produced in the above-captioned litigation or related state case ('Litigation'); (b) publicly available information (links to which are provided in my Report); and (c) data on which Plaintiffs' economist relied."  (Noether Decl. ¶ 4.)

- "My Report contains 224 footnotes that identify with specificity the documents and data on which I relied in reaching my opinions. Also, Appendix B to my Report includes a list of materials relied upon."  (*Id.* ¶ 5.)

- "Neither Vail Health nor its counsel provided me with Vail Health data or documents that were not produced in the Litigation, and I did not review, consider, or rely upon any such data or documents in forming my opinions or preparing my Report."  (*Id.* ¶ 6.)

In sum, Vail Health has already provided to Plaintiffs all data, documents, or information referenced by, provided to, or reviewed by Dr. Noether.

## II.      Outcome of VSO Joint Venture

The Report includes the following order concerning the proposed physical therapy joint venture between Vail Health and Vail-Summit Orthopaedics ("VSO"):  "Plaintiffs' minimal reply noted VH's information about the VSO proposal but requested specific information about the outcome, which is absolutely appropriate and to be provided within 14 days."  (Doc. 362 ¶ 31.)  In response to the Special Master's order, Vail Health attaches as **Exhibit 2** a declaration from Nicholas Brown of Vail Health ("Brown Declaration").  The Brown Declaration includes the following affirmation:  "On behalf of Vail Health, I explored a joint venture opportunity with [VSO] concerning physical therapy services.  However, as I testified to during my October 19, 2021 deposition in this litigation (*e.g.*, Brown Dep. Tr. 141:17-142:4, 155:11-23, 168:12-21), the outcome of those discussions was that Vail Health never entered into a joint venture with VSO concerning the provision of physical therapy services in the alleged Vail Valley market."  (Brown Decl. ¶ 3.)

## III.      Purported Proposed Acquisition of Axis Sports Medicine

The Report includes the following order concerning Axis Sports Medicine ("Axis"):  "SRC did also identify VH referencing another potential acquisition of Axis, which the Special Master will also direct be produced."  (Doc. 362 at 31.)  In response to the Special Master's order, Vail Health attaches as **Exhibit 2** the Brown Declaration, which includes the following affirmation:  "Vail Health never acquired, consolidated with, or sought to acquire or consolidate with, Axis Sports Medicine."  (Brown Decl. ¶ 4.)  Because Vail Health did not pursue such an acquisition, it does not possess documents regarding any such acquisition.

## IV.      Purported Proposed Acquisition of Other Physical Therapy Competitors

The Report orders Vail Health to produce information regarding "if VH considered a purchase or consolidation with a much smaller competitor."  (Doc. 362 at 15.)  In response to the Special Master's order, Vail Health attaches as **Exhibit 2** the Brown Declaration, which includes the following affirmation:  "Since 2012, Vail Health has not acquired, consolidated with, or sought to acquire or consolidate with, any competitor of Howard Head in the alleged Vail Valley market."  (Brown Decl. ¶ 4.)  Because Vail Health did not pursue such acquisitions, it does not possess documents regarding any such acquisition.

## V.      Documents Regarding Alleged Geographic Market

The Report orders Vail Health to, in response to Interrogatory No. 9, "identify and describe all documents regarding the relevant geographic market, by bates number or otherwise, that support [Vail Health's] contentions."  (Doc. 362 at 11-12.)  In response to the Special Master's order, Vail Health attaches as **Exhibit 3** an amended response to Interrogatory No. 9.

Hon. W. Terry Ruckriegle
July 20, 2022
Page 3

**VI.    Vail Health's Appeal of Order for Production of Documents and Information Concerning Activities or Services Outside the Alleged Market**

The Report orders Vail Health to produce certain documents and information regarding Vail Health's services or activities outside of the alleged Vail Valley physical therapy market, including documents concerning Vail Health's contemplated acquisition of physical therapy competitors outside the alleged Vail Valley market, patient data from outside the alleged Vail Valley market, and documents referencing Vail Health's physical therapy competitors outside the alleged Vail Valley market. (Doc. 362 at 14-15.) Respectfully, Vail Health informs the Special Master that it intends to appeal these orders to Magistrate Judge Gallagher.

*** 

If you have any questions regarding the information provided in this letter, please do not hesitate to let us know.

Respectfully Submitted,

Daniel Richards
Associate
for
DAVIS GRAHAM & STUBBS LLP

Cc:  Counsel of Record

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

**SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual**,

       **Plaintiffs**,

v.

**VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation**,

       **Defendant**.

---

## DECLARATION OF MONICA NOETHER, PH.D. PURSUANT TO 28 U.S.C. § 1746

---

I, Monica Noether, Ph.D., do hereby declare as follows:

1. I am a vice president of Charles River Associates, an economic consulting firm.

2. I was asked by counsel for Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") to evaluate, from the perspective of a health economist, the allegations that Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger raise in their Amended Complaint. Specifically, I was asked to assess the analysis and conclusions provided by Plaintiffs' economist, Dr. Leslie Schafer.

3. My opinions are described in the Expert Report of Monica Noether, Ph.D., dated February 28, 2022 ("Report").

4. Applying my experience as a health economist, I reached the opinions in my Report based on (a) documents produced in the above-captioned litigation or related state case ("Litigation"); (b) publicly available information (links to which are provided in my Report); and (c) data on which Plaintiffs' economist relied.

5. My Report contains 224 footnotes that identify with specificity the documents and data on which I relied in reaching my opinions. Also, Appendix B to my Report includes a list of materials relied upon.

6. Neither Vail Health nor its counsel provided me with Vail Health data or documents that were not produced in the Litigation, and I did not review, consider, or rely upon any such data or documents in forming my opinions or preparing my Report.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2022.

Monica Noether, Ph.D.

DocuSign Envelope ID: 5ACDDA35-D771-4564-B19C-430B5449B3AC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

**SPORTS REHAB CONSULTING LLC, a Colorado Limited Liability Company, and
LINDSAY WINNINGER, an individual**,

      **Plaintiffs**,

v.

**VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation**,

      **Defendant**.

---

## DECLARATION OF NICHOLAS BROWN PURSUANT TO 28 U.S.C. § 1746

---

I, Nicholas Brown, do hereby declare as follows:

1. I am Chief Strategy Officer of Vail Clinic, Inc., d/b/a Vail Health ("Vail Health"). From 2019 to 2021, I was Senior Vice President of Howard Head Sports Medicine and Vail Health Business Development. From 2017 to 2019, I was the Senior Vice President of Howard Head Sports Medicine and Vail Health Total Joint Care. From 2012 to 2017, I was the Vice President of Howard Head Sports Medicine Operations.

2. I submit this declaration in response to the July 6, 2022 Report to the Court, Discovery Orders, and Recommendations to the Court Regarding Plaintiffs' Motion to Compel #1 (Doc. 362) ("Report").

3. In response to paragraph 31 of the Report, I state as follows. On behalf of Vail Health, I explored a joint venture opportunity with Vail-Summit Orthopaedics ("VSO") concerning physical therapy services. However, as I testified to during my October 19, 2021 deposition in this litigation (*e.g.*, Brown Dep. Tr. 141:17-142:4, 155:11-23, 168:12-21), the outcome of those discussions was that Vail Health never entered into a joint venture with VSO concerning the provision of physical therapy services in the alleged Vail Valley market.

4. In response to paragraph 31 and page 15 of the Report, I state as follows. Since 2012, Vail Health has not acquired, consolidated with, or sought to acquire or consolidate with, any competitor of Howard Head in the alleged Vail Valley market. Vail Health never acquired, consolidated with, or sought to acquire or consolidate with, Axis Sports Medicine.

DocuSign Envelope ID: 5ACDDA35-D771-4564-B19C-430B5449B3AC

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2022.

Nicholas Brown

CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

      Defendant.

---

### VAIL HEALTH'S AMENDED RESPONSE TO INTERROGATORY NO. 9

---

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby submits the following amended response to Plaintiffs' Interrogatory No. 9.

### GENERAL OBJECTIONS

      Vail Health incorporates herein the General Objections set forth in its April 30, 2021 Objections and Responses to Plaintiffs' First Set of Interrogatories and Second Requests for Production of Documents.

### INTERROGATORY NO. 9:

Identify and describe in detail Vail Health's contention as to the correct "relevant geographic market" underlying the Complaint for antitrust violations and identify all documents by bates number that support or refute those contentions. The relevant time period for this Request No. 9 is January 1, 2004 to the present.

### RESPONSE TO INTERROGATORY NO. 9

      Vail Health objects to Interrogatory No. 9 as calling for a legal conclusion, calling for information subject to the attorney-client privilege and work product doctrine, and not relevant.

1

CONFIDENTIAL

Vail Health, a lay witness, need not and cannot identify a geographic market. Assuming it could, having Vail Health identify an arbitrary "correct" geographic market is not relevant—the only relevant question is whether Plaintiffs' alleged geographic market is cognizable. Vail Health also objects to Interrogatory No. 9 as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requires Vail Health to identify, describe, and support an arbitrary geographic market over a seventeen-year window, given that Plaintiffs did not start their physical therapy business until December 2015, and insofar as it requests that Vail Health identify "all documents" that support or refute its contention regarding the geographic market.

Subject to and without waiving those objections or the General Objections, Vail Health contends that Plaintiffs' proposed geographic market of the Vail Valley from East Vail to Gypsum, Colorado (Am. Compl. ¶ 35) is unduly narrow. The reasons that Plaintiffs' proposed geographic market is unduly narrow include, but are not limited to: (1) patients' willingness to travel to providers outside of the Vail Valley for physical therapy services, such as those in Glenwood Springs and the Frisco/Dillon/Silverthorne area; (2) the willingness of physical therapists, such as those employed by Sports Rehab Consulting LLC ("SRC"), to travel to treat residents of or visitors to the Vail Valley; and (3) the availability of remote physical therapy and at-home treatments as an alternative to in-person physical therapy.

To support its contentions regarding Plaintiffs' alleged geographic market, Vail Health relies upon (1) the expert opinions of Monica Noether, Ph.D., as described in her expert report dated February 28, 2022 ("Noether Report"), attached as Exhibit A, and (2) the documents identified in the Noether Report, including the documents cited in its 224 footnotes and Appendix B.

CONFIDENTIAL

Respectfully submitted this 20th day of July, 2021.

*s/ Shannon Wells Stevenson*

Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email:  shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC.,*
*d/b/a VAIL HEALTH, a Colorado nonprofit*
*corporation.*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2022, a true and correct copy of the foregoing **VAIL HEALTH'S AMENDED RESPONSE TO INTERROGATORY NO. 9** was served via email to the following counsel of record:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan L. Kildow
790 Potato Patch Drive
Vail, Colorado 81657
Email: akildow@aol.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
Email: sonya.braunschweig@gmail.com

_s/ Daniel A. Richards_

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

SPORTS REHAB CONSULTING LLC, a
Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

       Civil Action No. 1:19-cv-02075-WJM-GPG

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH,
a Colorado nonprofit corporation

      Defendant.

_____

## Expert Report of Monica Noether, Ph.D.

## CONFIDENTIAL