# EXHIBIT H

# EXHIBIT 2

# RESTRICTED

DAVIS
GRAHAM &
STUBBS

Daniel A. Richards
303.892.7452
daniel.richards@dgslaw.com

October 17, 2022

**Via Email**

Hon. W. Terry Ruckriegle
Special Master
Box 3305
Breckenridge CO 80424
terry@ruckriegle.com

Re:     Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic, Inc., d/b/a Vail Health,
        Civil Action No. 1:19-cv-02075-WJM-GPG (D. Colo.)

Dear Judge Ruckriegle:

        Defendant Vail Clinic, Inc. ("Vail Health") respectfully submits this letter to describe the steps
Vail Health has taken to comply with the Special Master's Report and Recommendation Regarding
Motion to Compel No. 2 (Doc. 381) ("MTC 2 Order"), Report and Recommendation Regarding Motion
to Compel No. 3 (Doc. 382) ("MTC 3 Order"), and Report and Recommendation Regarding Motion to
Compel No. 4 (Doc. 383) ("MTC 4 Order") (collectively, "MTC Orders").  Vail Health stands ready to
answer any questions the Special Master has regarding Vail Health's compliance with the Special Master's
orders.

**I.      Search Process Information**

        The MTC Orders require Vail Health to produce its Search Process Information ("SPI") with
respect to certain discovery requests.  As explained in the MTC 2 Order, when ordered to disclose SPI,
Vail Health must disclose the locations searched; the search criteria used; and, to the extent Vail Health
intends to conduct further searches, the locations and search terms it intends to use.  (Doc. 381 at 4.)

        Vail Health described its SPI to Plaintiffs in November 2021.  In late 2021, Plaintiffs requested
that Vail Health identify the search terms it used to search for responsive documents.  In response, in a
November 10, 2021 letter, Vail Health described in detail its searches for responsive documents in both
the related state-court litigation and this case.  (Ex. 1 ("November 2021 Letter").)

        With respect to the state case, the November 2021 Letter identified by bates number the key
documents Vail Health produced in the state case related to Plaintiffs' claims in this case.  (*Id.* at 2.)  It
also identified the 24 custodians whose files were searched, including by applying search terms
specifically requested by Plaintiffs.  (*Id.*)

        With respect to the federal case, the November 2021 Letter identified Vail Health's SPI in detail.
(*Id.* at 2-4.)  It identified several categories of documents that Vail Health collected without relying on

search terms, such as physical therapy data, Howard Head financial data, chargemasters, payer contracts, exemplar offer letters, and Vail Health Board minutes and agendas. (*Id.* at 3.) The letter also identified each custodian whose email files were searched in the federal case, including their titles during the relevant time period. (*Id.*) Finally, it identified approximately 50 sets of search terms Vail Health applied to search for responsive documents.

Vail Health previously provided the Court and Special Master with detailed information regarding its SPI. For example, in Vail Health's November 29, 2021 Report Regarding Results of Conferral, Vail Health referenced search terms employed to identify documents responsive to certain discovery requests. (Doc. 246 at 9, 11, 17.) Vail Health also identified search terms employed to identify responsive documents in its December 6, 2021 Proposed Findings of Fact and Conclusions of Law regarding Plaintiffs' Motions to Compel Nos. 1-5 ("Proposed Findings"). (Doc. 261 at 7, 9, 11, 13, 15, 19, 25, 27.) Vail Health attached its November 2021 Letter as Exhibit 5 to its Proposed Findings and referenced the letter throughout its Proposed Findings. (*Id.*; Doc. 261-5.) For example, Vail Health's Proposed Findings explained that "[o]n November 10 [2021], Vail Health addressed [Plaintiffs' questions regarding search terms and custodians] in great detail in a letter to Plaintiffs" and noted that "Plaintiffs have not raised any further questions or issues regarding search terms." (Doc. 261 at 27 (citing the November 2021 Letter).)

Since receiving Vail Health's November 2021 Letter, Plaintiffs have not requested that Vail Health employ any further search terms or collect documents from any additional custodians.

Where Vail Health has performed additional searches or collected additional documents in response to the MTC Orders, Vail Health describes below the additional searches for responsive documents or information it has performed.

Accordingly, Vail Health respectfully submits that it has complied with the MTC Orders insofar as they require Vail Health to disclose its SPI.

## II.     MTC 2 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's MTC 2 Order.

### A.     Interrogatory No. 18

Interrogatory No. 18 asks Vail Health to "[d]escribe in detail how Vail Health developed any chargemasters," including identifying the Vail Health employees involved in developing Vail Health's chargemasters.

With respect to Interrogatory No. 18, the MTC 2 Order requires Vail Health to either "supplement[] its response to identify the employees involved in setting prices from 2012-2015 and from 2020-2021" or "specifically state that it has completed its reasonable efforts to discover that information and that it is unable to locate the requested information." (Doc. 381 at 2-3.) The MTC 2 Order also requires Vail Health to supplement its response to Interrogatory No. 18 to address how Vail Health developed its chargemaster for the 2012-2014 time period. (*Id.* at 3.) Attached hereto as Exhibit 2 is a

supplemental response to Interrogatory No. 18 addressing these matters, which is based on information and documents previously provided to Plaintiffs. (Ex. 2 at 9-10.)

The MTC 2 Order also requires Vail Health to disclose its SPI as it relates to Interrogatory No. 18. Vail Health incorporates herein its November 2021 Letter describing its SPI. (Ex. 1.) Vail Health further states that counsel conducted interviews with current Vail Health employees that might have information regarding the development of Vail Health's chargemasters prior to 2019, including Ashley Yeo, Director Health Information Management; Lisa Herota, Senior Director of Compliance & Privacy; Mary Ellen Broersma and Nicholas Brown, the current and former leaders of Howard Head, respectively; John Higgins, Chief Financial Officer; and Katie Lawlor, Director of Risk Management & Patient Safety.

### B.     Request for Production No. 18

With respect to Request for Production No. 18, which relates to Vail Health's chargemasters, the MTC 2 Order provided as follows: "The Special Master orders that Vail Health shall either: (i) produce the 2012-2014 chargemasters, or (ii) verify that it has completed its search for those documents and that it is unable to produce them, providing the Search Process Information relevant to the search it performed regarding this inquiry." (Doc. 381 at 5.)

Vail Health produced its chargemasters with respect to physical therapy services for the period 2012-2014 before Plaintiffs filed their motions to compel. Vail Health produced its physical therapy chargemaster for 2012 at Bates VH_Fed_00006961. Vail Health produced its physical therapy chargemaster for the period 2013-2014 at Bates VAIL_00037227. Those chargemasters are attached hereto as Exhibit 3.

Vail Health's December 6, 2021 Proposed Findings referenced and attached Vail Health's physical therapy chargemasters for the 2012-2014 time period, stating: "Plaintiffs claim that 'Vail Health chargemasters have not been produced for November 1, 2012 to 2014.' This appears to be an oversight. Vail Health has produced chargemasters for 2012-2014. (Ex. 20.)" (Doc. 261 at 23.)

### C.     Request for Production Nos. 2 & 4

Request for Production No. 2 seeks "[a]ll annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name 'Howard Head Sports Medicine.'" (Doc. 381 at 5.) Request for Production No. 4 seeks "[a]ll documents relating to the costs incurred and profits realized with respect to the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name 'Howard Head Sports Medicine.'" With respect to these requests, the MTC 2 Order directs Vail Health to "produce the SPI described above with regard to the searches it undertook in an effort to adequately respond to this request." (*Id.* at 5-6.)

Vail Health incorporates herein its November 2021 Letter, which describes its SPI in detail. As Vail Health noted in its Proposed Findings, Vail Health's former CFO, Charles Crevling, testified that Vail Health did not create audited financial statements or income statements for Howard Head in the ordinary course of business. (Doc. 261 at 7.) Nonetheless, Vail Health produced detailed Howard Head financial data directly from Vail Health's financial systems, which included monthly data regarding

Hon. W. Terry Ruckriegle
October 17, 2022
Page 4

Unique FIN (*i.e.*, patients), Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income.  (Ex. 4.)  Additionally, Vail Health searched for financial analyses concerning Vail Health's physical therapy practice prepared in the ordinary course of business, including by utilizing the following search terms to search the emails of Vail Health's current and former CEOs and current and former leaders of Howard Head:

- "physical therapy" w/30 cost*
- "physical therapy" w/30 price*
- "physical therapy" w/30 revenue*
- "physical therapy" w/30 financ*
- "physical therapy" w/30 projection*
- "physical therapy" w/30 forecast*
- "physical therapy" w/30 valuation*

(Ex. 1 at 4.)

### D.    Request for Production No. 9

Request for Production No. 9 sought production of "[e]mployment records that identify each physical therapist employed by Vail Health in its physical therapy clinic doing business under the trade name of 'Howard Head Medical Center.'"  (Doc. 381 at 6.)  The Special Master sustained Vail Health's objections to this request in part and ordered Vail Health to produce the following:  "a listing of all physical therapists employed in the Howard Head Medical Center from 2012 to the present, including start and end dates of employment."  (*Id.*)  That list may "identify the physical therapists by employee identification number, payroll number, truncated Social Security number, or another unique identifier instead of by name."  (*Id.*)

In response to the Special Master's order regarding Request for Production No. 9, Vail Health produces at VH_Fed_00007122 a list of physical therapists, by unique employee identification number, employed by Vail Health (in the Howard Head business unit) from November 2012 through present, which identifies office location, job title, employment status, and dates of employment.  This list is attached hereto as Exhibit 5.

### E.    Request for Production No. 10

Request for Production No. 10 seeks "[a]ll employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic doing business under the trade name of 'Howard Head Medical Center.'"  (Doc. 381 at 7.)  The Special Master sustained Vail Health's objections to that request in part, concluding that it is "grossly overbroad."  (*Id.*)  The MTC 2 Order then ordered Vail Health to produce exemplar offer letters to physical therapists for the period 2012-2014 and for 2021, based on Plaintiffs' contention that Vail Health had not produced those documents.  (*Id.*)

In 2021, Vail Health produced exemplars of physical therapist offer letters dated November 2012, April 2015, December 2015, March 2016, May 2017, December 2017, May 2018, April 2019, May 2019, January 2020, October 2020, and December 2020.  These offer letters are attached as Exhibit 6.  Because

Hon. W. Terry Ruckriegle
October 17, 2022
Page 5

the November 2012 offer letter remained in effect throughout 2013, 2014, and early 2015, and the December 2020 offer letter remained in effect throughout 2021, Vail Health has produced offer letter exemplars for 2012-2014 and 2021.

## III.    MTC 3 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's MTC 3 Order.

### A.    Request for Production No. 15

In the MTC 3 Order, the Special Master ordered Vail Health to produce Board, Finance Committee, and Steering Committee minutes and agendas related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSOF concerning the provision of physical therapy. (Doc. 382 at 2.)

In 2021, Vail Health produced those portions of minutes and agendas of Vail Health's Board of Directors that relate to physical therapy / Howard Head, while redacting irrelevant information. (Doc. 261 at 19.) In response to the Special Master's order, Vail Health produces herewith VH_Fed_00006974-VH_Fed_00007017 minutes and agendas of (1) the Finance Committee of the Vail Health Board of Directors for November 2012 through December 2019 and (2) the Finance and Executive Committee of the Vail Health Board of Directors for December 2019 through December 2021, to the extent they are responsive to Request for Production No. 15 as narrowed by the Special Master. As it did with the Board minutes and agendas, Vail Health produced those portions of the Finance / Finance and Executive Committee minutes and agendas concerning physical therapy / Howard Head and redacted the remainder.

The MTC 3 Order requires Vail Health to disclose its SPI concerning Request for Production No. 15. (Doc. 382 at 3.) Vail Health's search process in response to this Request for Production involved collecting all agendas and minutes for the relevant period of (1) the Vail Health Board of Directors; (2) the Finance Committee of the Vail Health Board of Directors for November 2012 through December 2019; and (3) the Finance and Executive Committee of the Vail Health Board of Directors for December 2019 through December 2021. Vail Health's counsel then reviewed each agenda and set of minutes for responsive information, without relying on search terms.

### B.    Interrogatory No. 12

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 12 in part and ordered Vail Health to respond to the following revised interrogatory: "For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services." (Doc. 382 at 3-4.) Vail Health serves herewith its response to Interrogatory No. 12 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 4-6.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 12 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has not supplemented its response in this respect. (Doc. 386.)

### C. Interrogatory No. 13

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 13 in part and ordered Vail Health to respond to the following revised interrogatory: "For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in discussing antitrust, anti-kickback, or prohibited physician referral issues." (Doc. 382 at 4-5.) Vail Health serves herewith its response to Interrogatory No. 13 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 6-8.)

The MTC 3 Order requires Vail Health to "produce a privilege log addressing any claims of privilege attached to [Interrogatory No. 13]." (Doc. 382 at 5.) Vail Health is not withholding the identities of persons involved in the matters discussed in Interrogatory No. 13 on the basis of privilege. To the extent Vail Health is withholding documents concerning the matters discussed in Interrogatory No. 13 on the basis of privilege, those documents are identified on Vail Health's privilege log.

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 13 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market. (Doc. 386.)

### D. Interrogatory No. 20(e) & (f)

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 20 in part and ordered Vail Health to respond to the following revised interrogatory:

> Identify each and every attorney (in-house or outside counsel), together with the name, address, and telephone number each attorney and his or her law firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, litigation, and/or any other legal services to Vail Health with respect to each of the following subject matters: [...]
>
> > (e) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services; and
> >
> > (f) Legal, regulatory, or compliance issues relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services.

Hon. W. Terry Ruckriegle
October 17, 2022
Page 7

(Doc. 382 at 4-5.) Vail Health serves herewith its response to Interrogatory No. 20(e) & (f) as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 10-11.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 20(e) & (f) insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has not supplemented its response in this respect. (Doc. 386.)

### E.  Interrogatory No. 21(d) & (e)

The MTC 3 Order sustained Vail Health's objections to Interrogatory No. 21 in part and ordered Vail Health to respond to the following revised interrogatory:

> Identify each and every Vail Health accountant (such as Vail Health's Chief Financial Officers), together with the name, address, and telephone number of each and every accountant (such as public accountants) and his or her accounting firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, or any other accounting, financial, or compliance services to Vail Health with respect to each of the following subject matters: [...]
>
>> (d) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services; and
>>
>> (e) Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services.

(Doc. 382 at 6-7.) Vail Health serves herewith its response to Interrogatory No. 21(d) & (e) as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 11-13.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 21(d) & (e) insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market and therefore has not supplemented its response in this respect. (Doc. 386.)

## IV.  MTC 4 Order

In this section, Vail Health details the measures it has taken with respect to the Special Master's MTC 4 Order.

Hon. W. Terry Ruckriegle
October 17, 2022
Page 8

### A.     Requests for Production Nos. 7 & 8

Request for Production No. 7 seeks "[a]ll documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services." (Doc. 383 at 2.)  Request for Production No. 8 seeks "[a]ll documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services." (*Id.*)  The Special Master issued a number of orders with respect to these requests.

The MTC 4 Order provided as follows:  "To the extent that Vail Health contends that it produced documents responsive to these requests as part of the state case, the Special Master orders that Vail Health shall nevertheless produce them again in this case." (Doc. 383 at 2.)  Judge Gallagher's Scheduling Order provides that "discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Doc. 71 at 19.)  Vail Health refers Plaintiffs to the following documents responsive to Requests for Production Nos. 7 and 8 that were produced in the state case:  VAILJV000001-198, VAIL_00003482-3569.  If Plaintiffs are unable to access any of these materials, Vail Health is willing to reproduce them.  To be clear, however, Vail Health is not relying solely on its production in the state case for documents responsive to Requests for Production Nos. 7 & 8 and has performed extensive searches for responsive documents, as described in the November 2021 Letter and below.

The MTC 4 Order also requires Vail Health to disclose its SPI concerning Requests for Production Nos. 7 & 8.  (Doc. 383 at 2.)  Vail Health refers Plaintiffs and the Special Master to Vail Health's November 2021 Letter, which describes Vail Health's SPI in detail.  (Ex. 1.)  Among the search terms Vail Health utilized to identify responsive documents are:

- Steadman AND "joint venture"
- Steadman AND JV
- Steadman AND MSO
- Steadman AND "management services organization"
- Steadman AND "managed services"
- TSC AND "joint venture"
- TSC AND JV
- TSC AND MSO
- TSC AND "management services organization"
- TSC AND "managed services"
- SPRI AND "joint venture"
- SPRI AND JV
- SPRI AND MSO
- SPRI AND "management services organization"
- SPRI AND "managed services"
- VSO AND "joint venture"
- VSO AND JV
- VSO AND MSO
- VSO AND "management services organization"
- VSO AND "managed services"

Hon. W. Terry Ruckriegle
October 17, 2022
Page 9

- "Vail-Summit Orthopaedics" AND "joint venture"
- "Vail-Summit Orthopaedics" AND JV
- "Vail-Summit Orthopaedics" AND MSO
- "Vail-Summit Orthopaedics" AND "management services organization"
- "Vail-Summit Orthopaedics" AND "managed services"

Vail Health notes that it described its SPI with respect to Requests for Production Nos. 7 & 8 in its Proposed Findings, to which it attached a copy of the November 2021 Letter. (*See* Doc. 261 at 13, 15.)

The MTC 4 Order also provides as follows: "in every circumstance where a responsive, non-privileged email contained a non-privileged attachment, Vail Health shall produce that attachment." (Doc. 383 at 3.) Vail Health confirms that it has produced non-privileged attachments to non-privileged emails and is not withholding such documents.

In the MTC 4 Order, the Special Master "orders that if Vail Health possesses responsive documents, Vail Health shall produce them, even if doing so means that both Vail Health and a third party will wind up producing copies of the same document to the Plaintiffs." (Doc. 383 at 3.) In response, Vail Health confirms that it is not withholding responsive, nonprivileged documents on the grounds that such documents were also produced by a third party.

Finally, the MTC 4 Order requires Vail Health to produce documents responsive to Requests for Production No. 7 & 8 even if they concern joint ventures, mergers, or other combinations outside the alleged Vail Valley market. (Doc. 383 at 3.) Vail Health respectfully informs the Special Master that it has appealed that portion of the Special Master's order and therefore has not supplemented its production in this respect. (Doc. 386.)

### B.     Interrogatory No. 11

The MTC 4 Order sustained Vail Health's objections to Interrogatory No. 11 in part and ordered Vail Health to respond to the following revised interrogatory: "Identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration." Vail Health serves herewith its response to Interrogatory No. 11 as revised by the Special Master, which is based on information and documents previously disclosed to Plaintiffs. (Ex. 2 at 2-4.)

Vail Health respectfully informs the Special Master that it has appealed the Special Master's order regarding Interrogatory No. 11 insofar as it ordered production of information concerning joint ventures, collaborations, or strategic partnerships outside the alleged Vail Valley market. (Doc. 386.)

### C.     Interrogatory No. 14

Interrogatory No. 14 requests that Vail Health "[i]dentify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head . . . ." (Doc. 383 at 5.)

Hon. W. Terry Ruckriegle
October 17, 2022
Page 10

Vail Health does not maintain data tying revenues and profits to doctor referrals. To confirm that Vail Health does not maintain such data, Vail Health's counsel inquired regarding this issue to Nico Brown and Mary Ellen Broersma, who led Vail Health's Howard Head physical therapy practice during the relevant period.

As noted in Vail Health's Proposed Findings, Vail Health had previously produced at VH_Fed_00002225 an analysis of physical therapy referral sources prepared in the ordinary course of business, which contained referral data from FY2012 through FY2018. (Doc. 261 at 36.) The spreadsheet produced at VH_Fed_00002225 included data regarding outpatient physical therapy, physical therapy provided in acute care settings, and SafeFIT. To allow Plaintiffs to isolate referrals for outpatient physical therapy, Vail Health produces at VH_Fed_00007018 (FY2012), VH_Fed_00007028 (FY2013), VH_Fed_00007036 (FY2014), VH_Fed_00007044 (FY2015), VH_Fed_00007054 (FY2016), VH_Fed_00007064 (FY2017), VH_Fed_00007075 (FY2018), VH_Fed_00007087 (FY2019), VH_Fed_00007098 (FY2020) (and incorporates into its revised response to Interrogatory No. 14) spreadsheets containing referral data from FY2012 through FY2020.

*** 

Vail Health is happy to address any questions the Special Master has regarding this letter or the supplemental discovery produced by Vail Health.

Respectfully Submitted,

Daniel A. Richards
Associate
for
Davis Graham & Stubbs LLP

Cc: Counsel of Record

DAVIS
GRAHAM &
STUBBS

Daniel Richards
303.892.7452
daniel.richards@dgslaw.com

November 10, 2021

**Via Email**

Alan L. Kildow
790 Potato Patch Drive
Vail, CO 81657
alkildow@aol.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
sonya.braunschweig@gmail.com

Re:  Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic Inc., d/b/a Vail Health,
Civil Action No. 1:19-cv-02075-WJM-GPG

Counsel:

This letter responds to Plaintiffs' request that Vail Clinic, Inc. ("Vail Health") summarize the measures it has taken to search for documents responsive to Plaintiffs' discovery requests in *Sports Rehab Consulting LLC and Lindsay Winninger v. Vail Clinic, Inc.*, No. 1:19-cv-2075 (D. Colo.) ("Federal Case").

As a preliminary matter, Vail Health notes that Plaintiffs did not raise the issue of search terms in a timely manner in the Federal Case. Judge Gallagher issued the discovery scheduling order on October 9, 2020. (Dkt. 71.) However, Plaintiffs waited more than a year to inquire regarding what search terms Vail Health had used to search for responsive documents in the Federal Case. Plaintiffs' delay has created a situation where any additional searches performed would extend discovery well beyond the November 1, 2021 fact discovery deadline.

**I.  State Case Discovery**

As you know, the litigation Plaintiffs brought against Vail Health has been pending for more than four and a half years, and discovery has been ongoing for nearly as long. Plaintiffs filed their complaint in the related state case (No. 2017CV30102, Dist. Ct., Eagle County) ("State Case") in April 2017. Since that time, Vail Health and its counsel have spent thousands of hours searching for and reviewing documents in connection with the State Case and this case.

Parties and non-parties in the State Case have produced more than 70,000 pages of documents. Vail Health will not attempt to summarize in this letter the years of document collection, searches, and

review by Vail Health, forensic examination, and third-party discovery that led to the production of such a large volume of discovery in the State Case. However, many of the documents produced in the State Case, to which Plaintiffs have had access for years, relate to Plaintiffs' allegations in the Federal Case. For example, via the State Case, Plaintiffs have had access to:

- Documents regarding the contemplated joint venture agreement between Vail Health and The Steadman Clinic (*e.g.*, VAILJV000001-198, VAIL_00003482-3569);
- The office lease between Vail Health and Steadman (VAIL_00001965) and the First Amendment to Office Lease (VAIL_00002043);
- Examples of Howard Head offer letters, employee handbooks, and employment policies (*e.g.*, VAIL_00000625, VAIL_00003219, VAIL_00003407, VAIL_00003405);
- Documents related to the termination of the Physical Therapy Services Agreement between Vail Health and RPC-Vail (*e.g.*, VAIL_00003418-3473, VAIL_00024658-24662, VAIL_00024675-24680, VAIL_00048825-48832);
- Documents and information regarding Vail Health's self-pay system, including adjustment forms and invoices containing pricing information (*see, e.g.*, PNY_VVM003-009897, -011688, -011690, -012244, -009891);
- Communications regarding the allegedly defamatory statements by Vail Health, which Judge Granger recently found were substantially true, resulting in dismissal of all of Plaintiffs' claims against Vail Health (*see* 11/4/2021 Order Granting Defendants' Motion for Summary Judgment).

In addition to the many searches for responsive documents Vail Health performed in the State Case, Vail Health performed searches specifically requested *by Plaintiffs*. For example, in 2018 (a) Plaintiffs requested that Vail Health search custodians' emails using the terms "Cimino," "Lindsay," "LW," "Sports Rehab," "SRC," and "Winninger," and (b) Vail Health ran those search terms against the email files of the following **twenty-four** custodians: Doris Kirchner; Nicholas Brown; Luke O'Brien; Rick Smith; Margie Lim Morison; Darrell Messersmith; Ryan Kolczak; Tanya Rippeth; Mary Crumbaker; Cherie Chavez; Zach Smith; Gretchen Ebbeson; Kathleen Gwinn; Matt Mymern; Meghan Gallegos; Jenna Jones; Erin Schmitt; Ana Robinson; Brooke Delvecchio; Melissa Strzelinski; Kelly Platt; Laurie Griffin; Thomas Olson; and Dirk Kokmeyer.

## II. Federal Case Discovery

As Plaintiffs' know, the Court's Scheduling Order in this matter provided that "the parties have agreed that discovery conducted in the State Court Action may be used in this matter . . . ." (Dkt. 71 ¶ 6(f).) Thus, from the outset of this litigation, Plaintiffs have had access to extensive discovery from the State Case.

However, Vail Health did not merely rely on discovery produced in the State Case. In the Federal Case, Vail Health has produced more than 6,900 pages of documents (VAIL_Fed_00000001 - VH_Fed_00006971). Moreover, the bates numbers of Vail Health's production substantially understate the volume of information produced because Vail Health has produced more than 200 Excel files in native format, each of which is reflected by a single bates number.

Alan L. Kildow
Sonya R. Braunschweig
November 10, 2021
Page 3


In addition to the search terms identified below, Vail Health collected multiple categories of documents without relying on search terms.  These categories of documents include, but are not limited to:

- Spreadsheets containing more than 1 million rows of encounter-level data regarding physical therapy services provided by Vail Health in the alleged Vail Valley market, which include patient zip codes and the amount Vail Health was reimbursed for every private payer transaction from FY2014-September 2021;
- Monthly Howard Head financial data, including Unique FIN, Charge, Payment Amount, Direct Cost, Contribution Margin, Indirect Cost, and Net Income;
- Vail Health / Howard Head chargemasters, which reflect Vail Health's standard prices for its services;
- Payer contracts, which reflect discounts provided to payers from Vail Health's chargemaster prices;
- Exemplars of offers letters to Howard Head physical therapists; and
- Vail Health Board minutes and agendas concerning Howard Head.

In addition, Vail Health searched the email files of the following four custodians:

- Nicholas Brown, Senior Vice President of Howard Head Sports Medicine and Vail Health Business Development (2019-2021), Senior Vice President of Howard Head Sports Medicine and Vail Health Total Joint Care (2017-2019), and Vice President of Howard Head Sports Medicine Operations (2012-2017)
- MaryEllen Broersma, Director of Operations for Howard Head Sports Medicine (2018-present)
- Will Cook, President and CEO of Vail Health (January 2019 – present)
- Doris Kirchner, President and CEO of Vail Health (2009 – December 2018)

In searching the above four custodians' email files, Vail Health applied the following search terms:

- Steadman AND "joint venture"
- Steadman AND JV
- Steadman AND MSO
- Steadman AND "management services organization"
- Steadman AND "managed services"
- TSC AND "joint venture"
- TSC AND JV
- TSC AND MSO
- TSC AND "management services organization"
- TSC AND "managed services"
- SPRI AND "joint venture"
- SPRI AND JV
- SPRI AND MSO
- SPRI AND "management services organization"
- SPRI AND "managed services"
- VSO AND "joint venture"
- VSO AND JV

Alan L. Kildow
Sonya R. Braunschweig
November 10, 2021
Page 4

- VSO AND MSO
- VSO AND "management services organization"
- VSO AND "managed services"
- "Vail-Summit Orthopaedics" AND "joint venture"
- "Vail-Summit Orthopaedics" AND JV
- "Vail-Summit Orthopaedics" AND MSO
- "Vail-Summit Orthopaedics" AND "management services organization"
- "Vail-Summit Orthopaedics" AND "managed services"
- "Howard Head" AND competit* w/30 therapy
- "Howard Head" AND competit* w/30 PT
- HH AND competit* w/30 therapy
- HH AND competit* w/30 PT
- "physical therapy" w/30 cost*
- "physical therapy" w/30 price*
- "physical therapy" w/30 revenue*
- "physical therapy" w/30 financ*
- "physical therapy" w/30 projection*
- "physical therapy" w/30 forecast*
- "physical therapy" w/30 valuation*
- "Howard Head" AND market w/30 PT
- "Howard Head" AND market w/30 therapy
- "Howard Head" AND alternative w/30 PT
- "Howard Head" AND alternative w/30 therapy
- "Howard Head" AND substitute w/30 PT
- "Howard Head" AND substitute w/30 therapy
- HH AND market w/30 PT
- HH AND market w/30 therapy
- HH AND alternative w/30 PT
- HH AND alternative w/30 therapy
- HH AND substitute w/30 PT
- HH AND substitute w/30 therapy

Vail Health's outside counsel reviewed all documents that hit on the above search terms from the email files of Mr. Cook, Ms. Kirchner, Mr. Brown, and Ms. Broersma, as well as any family members of those documents (*e.g.*, attachments to emails). Through this process, Vail Health's outside counsel reviewed at least an additional 12,000 documents for responsiveness and privilege.

* * *

Alan L. Kildow
Sonya R. Braunschweig
November 10, 2021
Page 5


In sum, Vail Health has conducted an extensive, burdensome, and years-long search for documents related to Plaintiffs' claims in the State Case and Federal Case.

Sincerely,

Daniel Richards
Associate
for
DAVIS GRAHAM & STUBBS LLP

CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

     Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

     Defendant.

---

## VAIL HEALTH'S AMENDED RESPONSES TO INTERROGATORY NOS. 11, 12, 13, 14, 18, 20, and 21

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") hereby submits the following amended responses to Plaintiffs' Interrogatory Nos. 11, 12, 13, 14, 18, 20, and 21, as amended by the Special Master in the Special Master's Report and Recommendation Regarding Motion to Compel No. 2 (Doc. 381) ("MTC 2 Order"), Report and Recommendation Regarding Motion to Compel No. 3 (Doc. 382) ("MTC 3 Order"), and Report and Recommendation Regarding Motion to Compel No. 4 (Doc. 383) ("MTC 4 Order").

## OBJECTIONS

Vail Health incorporates herein the General Objections set forth in its April 30, 2021 Objections and Responses to Plaintiffs' First Set of Interrogatories and Second Requests for Production of Documents ("April 2021 Responses").

Vail Health also incorporates herein its specific objections to each interrogatory set forth in its April 2021 Responses as if fully set forth herein.

CONFIDENTIAL

## INTERROGATORIES

**INTERROGATORY NO. 11 (As Amended by Special Master in MTC 4 Order):**

Identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration.

## RESPONSE TO AMENDED INTERROGATORY NO. 11

Subject to and without waiving the general and specific objections in its April 2021 Responses, Vail Health responds as follows. The following response is based on information and documents previously disclosed to Plaintiffs.



CONFIDENTIAL



CONFIDENTIAL



None of the above contemplated joint ventures, collaborations, or strategic partnerships came to fruition.

**INTERROGATORY NO. 12 (As Amended by Special Master in MTC 3 Order):**

For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services.

**RESPONSE TO AMENDED INTERROGATORY NO. 12**

Subject to and without waiving the general and specific objections in its April 2021 Responses, Vail Health responds as follows. The following response is based on information and documents previously disclosed to Plaintiffs.

4

CONFIDENTIAL

Vail Health incorporates herein its response to Interrogatory No. 11 (as amended by the Special Master in the MTC 4 Order).



CONFIDENTIAL



**INTERROGATORY NO. 13 (As Amended by Special Master in MTC 3 Order):**

For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in discussing antitrust, anti-kickback, or prohibited physician referral issues.

**RESPONSE TO AMENDED INTERROGATORY NO. 13**

Subject to and without waiving the general and specific objections in its April 2021

Responses, Vail Health responds as follows. The following response is based on information and

documents previously disclosed to Plaintiffs.

Vail Health incorporates herein its responses to Interrogatory Nos. 11 & 12 (as amended

by the Special Master in the MTC 3 Order and MTC 4 Order).

CONFIDENTIAL



CONFIDENTIAL

**INTERROGATORY NO. 14:**

Identify by year and each doctor group, including, but not limited to Steadman and VSO, the number of patients and the amount of revenues and profits that were generated by doctor referrals to Howard Head for each year from November 1, 2004 to the present, and in doing so, identify whether those referrals, revenues, or profits were realized by RPC-Vail or Vail Health.

**AMENDED RESPONSE TO INTERROGATORY NO. 14**

Vail Health objects to Interrogatory No. 14 as requesting information not in Vail Health's possession, custody, or control and overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests that Vail Health produce data regarding "the amount of revenues and profits that were generated by doctor referrals to Howard Head." Vail Health does not track that information in the ordinary course of business. Subject to and without waiving that objection and the general and specific objections in its April 2021 Responses, Vail Health responds as follows.

Pursuant to Fed. R. Civ. P. 33(d), Vail Health produces herewith VH_Fed_00007018 (FY2012), VH_Fed_00007028 (FY2013), VH_Fed_00007036 (FY2014), VH_Fed_00007044 (FY2015), VH_Fed_00007054 (FY2016), VH_Fed_00007064 (FY2017), VH_Fed_00007075 (FY2018), VH_Fed_00007087 (FY2019), VH_Fed_00007098 (FY2020), and VH_Fed_00007109 (FY2021), which include referral data regarding outpatient Howard Head physical therapy patients for the period FY2012 through FY2021.

Please note that Vail Health's collection of referral data from patients is imperfect and unsystematic. Thus, while the data in VH_Fed_00007018 (FY2012), VH_Fed_00007028 (FY2013), VH_Fed_00007036 (FY2014), VH_Fed_00007044 (FY2015), VH_Fed_00007054 (FY2016), VH_Fed_00007064 (FY2017), VH_Fed_00007075 (FY2018), VH_Fed_00007087

CONFIDENTIAL

(FY2019), VH_Fed_00007098 (FY2020), and VH_Fed_00007109 (FY2021) reflects the data in

Vail Health's possession, custody, or control, it may not accurately reflect referral sources.

## INTERROGATORY NO. 18:

Describe in detail how Vail Health developed any chargemasters from November 1, 1999 to the present, and in doing so, identify the chargemasters in use during this period of time, the directors, officers, managers, employees, consultants, and accountants who were involved in setting prices or fees, and identify all components of any prices or charges related in any way to physical therapy services identified on the chargemaster during that same period of time.

## AMENDED RESPONSE TO INTERROGATORY NO. 18

Subject to and without waiving the general and specific objections in its April 2021

Responses, Vail Health responds as follows. The following response is based on information and

documents previously disclosed to Plaintiffs.



---

[1] Ms. Puhl is deceased.

CONFIDENTIAL



**INTERROGATORY NO. 20(e) & (f) (As Amended by Special Master in MTC 3 Order):**

Identify each and every attorney (in-house or outside counsel), together with the name, address, and telephone number each attorney and his or her law firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, litigation, and/or any other legal services to Vail Health with respect to each of the following subject matters: [...]

> (e) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services; and

> (f) Legal, regulatory, or compliance issues relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services.

**RESPONSE TO AMENDED INTERROGATORY NO. 20 (e) & (f)**

Subject to and without waiving the general and specific objections in its April 2021 Responses, Vail Health responds as follows. The following response is based on information and documents previously disclosed to Plaintiffs.

CONFIDENTIAL



Contact information for Messrs. J███████████████ is as follows:



## INTERROGATORY NO. 21 (d) & (e) (As Amended by Special Master in MTC 3 Order):

Identify each and every Vail Health accountant (such as Vail Health's Chief Financial Officers), together with the name, address, and telephone number of each and every accountant (such as public accountants) and his or her accounting firm, who was employed or engaged by Vail Health for the purpose of providing advice, counselling, planning, negotiating, or any other accounting, financial, or compliance services to Vail Health with respect to each of the following subject matters: [...]

> (d) The planning, discussions, negotiations, or any agreements relating to any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services; and

> (e) Legal, regulatory, or compliance issues relating any joint venture, collaboration, or strategic partnership whose purpose(s) included the provision of physical therapy services.

CONFIDENTIAL

**RESPONSE TO AMENDED INTERROGATORY NO. 21**

Subject to and without waiving the general and specific objections in its April 2021 Responses, Vail Health responds as follows. The following response is based on information and documents previously disclosed to Plaintiffs.



CONFIDENTIAL



Respectfully submitted this 17th day of October, 2022.

*s/ Daniel A. Richards*

Shannon Wells Stevenson
Janet A. Savage
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: shannon.stevenson@dgslaw.com
        janet.savage@dgslaw.com
        jackie.roeder@dgslaw.com
        daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC.,
d/b/a VAIL HEALTH, a Colorado nonprofit
corporation.*

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of October 2022, a true and correct copy of the foregoing **VAIL HEALTH'S AMENDED RESPONSES TO INTERROGATORY NOS. 11, 12, 13, 14, 18, 20, 21** was served via email to the following counsel of record:

Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Blvd., Suite 236
Avon, Colorado 81620
Email: fwlawyers@gmail.com

Alan L. Kildow
790 Potato Patch Drive
Vail, Colorado 81657
Email: akildow@aol.com

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

*s/ Daniel A. Richards*

## VERIFICATION

I, Kathleen Lawlor, of Vail Clinic, Inc. d/b/a Vail Health ("Vail Health"), am authorized to make this Verification on behalf of Vail Health.

I have reviewed Vail Health's October 17, 2022 Responses to Interrogatory No. 11 (As Amended by Special Master in MTC 4 Order); Interrogatory No. 12 (As Amended by Special Master in MTC 3 Order); Interrogatory No. 13 (As Amended by Special Master in MTC 3 Order); Interrogatory No. 14; Interrogatory No. 18; Interrogatory No. 20(e) & (f) (As Amended by Special Master in MTC 3 Order); and Interrogatory No. 21 (d) & (e) (As Amended by Special Master in MTC 3 Order) ("Responses") in *Sports Rehab Consulting, LLC et al. v. Vail Clinic, Inc.*, 1:19-cv-02075 (D. Colo.), and personally know or have been informed of the contents thereof.  While the facts stated in the Responses are not all within my personal knowledge, I am informed and believe that there is no single representative of Vail Health who has personal knowledge of all such facts.  The information contained in these Responses has been assembled by Vail Health working under the direction of legal counsel, and following due inquiry of the persons charged with responsibility for assembling the information.  I am informed and believe that the facts set forth in these Responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:  October 17, 2022

_____
Director of Risk Management &
Patient Safety, Vail Health