IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' OPPOSITION TO VAIL HEALTH'S MOTION TO MAINTAIN FILING ON PORTIONS OF VAIL HEALTH'S RESONSE TO PLAINTIFFS' RULE 37(b) MOTION #1 TO COMPEL AND EXHIBITS 1-2, 4-9 THERETO**

## INTRODUCTION

Plaintiffs oppose Vail Health's motion to restrict as to Exhibits 2,[1] 8, and 9, as Vail Health seeks to redact information without meeting the local rule for restriction, attempts to seal information already a matter of public record, and has failed to make any showing that Vail Health's competitive interests—that is, a clearly defined and serious injury will result if each document is not restricted—outweighs the public interest in the presumption of openness of court records.

Vail Health also contends because the Court previously ordered certain exhibits to be presumptively entitled to Level 1 restriction under the Court's Order Striking Defendant's Motion to Restrict[2] that apparently means they are restricted.  But the Court

---

[1] Plaintiffs do not oppose the redactions proposed for the one-page financial summary.  *See* ECF No. 442-3 at VH_Fed00764.
[2] ECF No. 441 ¶ 2.

issued that Order to set a procedure for filing motions to restrict and has not yet ruled on whether those exhibits should be maintained as restricted under D.C.COLO.LCivR 7.2(c) and applicable law. The Court's Order included portions of the deposition of Nicholas Brown found in Exhibits 8 and 9,[3] although Vail Health failed to identify that deposition in it chart at page 2. The Brown deposition is the subject of another motion to restrict[4] that has not yet been decided by this Court in which Vail Health moved to restrict the entire transcript. Moreover, courts often modify restriction orders after concluding the party seeking to restrict did not meet the standard for seeking restricting or the seal was improvidently granted.[5]

## ARGUMENT

### I. THERE IS A PRESUMPTION OF PUBLIC ACCESS TO COURT RECORDS.

The public right of access is embedded in our country's history,[6] with some circuit courts also finding a constitutionally protected right under the First Amendment.[7]

---

[3] ECF Nos. 272, 313.
[4] *See* ECF No. 435 at 5-8 (explaining multitude of deficiencies in Vail Health's motion to restrict as to Brown deposition).
[5] *See, e.g., Lobato v. Ford*, Civil Action No. 05-cv-01437-LTB-CBS, 2007 U.S. Dist. LEXIS 98121, at *36 (D. Colo. Nov. 9, 2007) (lifting interim restriction and finding that protecting attorney's reputation was insufficient basis to restrict); *Mitchell v. Tennessee*, No. 3:17-cv-00973, 2020 U.S. Dist. LEXIS 213688, at *2 (M.D. Tenn. Nov. 16, 2020) (reconsidering order granting motion to seal and vacating order because defendants did not satisfy rigorous standards to justify sealing public court records); *S. New Eng. Tel. Co. v. Glob. NAPS, Inc.*, No. 3:04-cv-2075 (JCH), 2008 U.S. Dist. LEXIS 139849, at *8 (D. Conn. June 19, 2008) (vacating prior order to seal because court improvidently granted motion). *See also Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 196 (3d Cir. 2001) (stating that sealing order "must be lifted at the earliest possible moment" when sealing no longer justified).
[6] *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014).
[7] *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) ("First Amendment and the common law…limit judicial discretion" to seal court

Regardless, courts have long "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents."[8]  That is because, as the Kansas federal district court aptly explains, "[w]hen exercising its discretion, the court minds that taxpayers fund court operations.  Our citizens hold a substantial stake in what happens in our courtrooms and the decisions judges make there.  Public access to court decisions and the reasoning behind them inspires confidence in the fairness of the law and judicial proceedings."[9]  But that does not mean the presumption is absolute.

It "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."[10]  "So the court must be surgical when sealing.  If parts of the record merit limits on public access, the court must seal only that which deserves protection,"[11] not more.

A court is the sentinel for the public, deciding whether the strong presumption favoring public access to judicial records[12] can be overcome by the movant showing "some significant interest that outweighs the presumption."[13]  Here, that means Vail

---

documents).  *But see United States v. McVeigh*, 119 F.3d 806, 812 (10th Cir. 1997) (relying on common-law right without deciding First Amendment issue).
[8]   *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).
[9]   *Painter v. Midwest Health*, No. 19-2336-DDC, 2021 U.S. Dist. LEXIS 17061, at *2-3 (D. Kan. Jan. 29, 2021).
[10]  *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 13-14 (1986).
[11]  *Painter*, 2021 U.S. Dist. LEXIS 17061, at *2-3 (citing *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019)).
[12]  *See Daines v. Harrison,* 838 F. Supp. 1406, 1408 (D. Colo. 1993) (noting interests of public "are presumptively paramount"); *ADT Holdings, Inc. v. Michael Harris & Ring Inc.*, No. 2017-0328-JTL, 2017 Del. Ch. LEXIS 719, at *3 (Ch. Sept. 28, 2017) ("real opposition is from the public;" court serves not only litigants but, importantly, public too).
[13]  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation omitted).

Health has the burden to demonstrate that Exhibits 2, 8, and 9 contain sources of confidential business information that might harm Vail Health's competitive standing,[14] something that Vail Health has not attempted to do.

Finally, to restrict access in this Court, Vail Health must comply with D.C.COLO.LCivR 7.2)(c) and (1) identify the information to be restricted, (2) address the interest to be protected and explain why it outweighs the presumption of openness of records, (3) identify a clearly defined and serious injury if it is not restricted, (4) explain why no alternative restriction is practicable, and (5) identify the restriction level sought.

## II. VAIL HEALTH'S RELIANCE ON THE PROTECTIVE ORDER IS MISPLACED.

Vail Health devotes three paragraphs in its motion to discussing the terms of the parties' Stipulated Protective Order, apparently asserting that because Vail Health may have designated certain documents as protected means that the restrictions Vail Health seeks here should be granted in their entirety.[15]  But as this Court explained in *A Major Difference, Inc. v. Erchonia Med., Inc.*,[16] "the parties' agreement that a particular document is confidential is irrelevant, as is the fact that a document was subject to a protective order during discovery.  Documents subject to discovery are not customarily filed with the Court and thus are not available to the public.  As to those documents which are filed with the Court, the parties are not in a position to finally determine whether the public has an interest in them.  Documents filed with the Court are presumptively public, and absent a showing of compelling reasons, the Court will not seal them."[17]

---

14     *Nixon*, 435 U.S. at 598.
15     ECF No. 451 ¶¶ 15-17.
16     Civil Action No. 04-cv-01769-MSK-CBS, 2006 U.S. Dist. LEXIS 108654 (D. Colo. Apr. 28, 2006).
17     *Id.* at *5-6.

### III. THE INFORMATION VAIL HEALTH SEEKS TO RESTRICT DOES NOT RISE TO THE LEVEL OF RESTRICTING INFORMATION FROM PUBLIC VIEW.

#### A. Vail Health Has Provided No Compelling Evidence As To Why Exhibits Discussing The Brown Deposition Need To Be Sealed.

Because two of the exhibits that Vail Health seeks to restrict are based on the deposition of Nicholas Brown, Plaintiffs will start the analysis there.

As to Exhibit 8 [ECF No. 436-7 and 442-4 at 8-9] and Exhibit 9 [436-8 and 442-5 at 3-4], Vail Health previously claimed that the Brown transcript was designated as "Confidential,"[18] apparently under the Stipulated Protective Order. Vail Health did not cite any statement on the record that designated the entire transcript as "Confidential" because it was not so designated. Nor would such a designation be allowed by § 5(c) of the Stipulated Protective Order,[19] which allows "only those portions containing protected information" to be designated on the record during the deposition or within 14 days after the deposition that identifies by page and line number the information sought to be protected. Vail Health did neither.

As to the designation by Brown's counsel—Brown was not employed by Vail Health at the time of his deposition and was represented by separate outside counsel—that certain documents reviewed were designated "Attorneys' Eyes Only" that designation occurred, in part, because a Sports Rehab principal attended the deposition and Brown's counsel wanted to ensure Sports Rehab did not see the published document.[20] The testimony about the documents at issue in Plaintiffs' motion have little to do with specific Vail Health financial information, but rather the documents were used to identify generic

---

[18]   ECF No. 429 ¶ 11.
[19]   ECF No. 76 § 5(c).
[20]   ECF No. 426-6 at 41:23-42:4.

5

information about the *source*, *location,* and *availability* of Howard Head financial information that Vail Health refused to produce, including the person from decision support, Karen Hannah, that provided Brown the financial data. Her identity is of public record and is the Rule 30(b)(6) representative that Plaintiffs seek to depose as part of the sanctions sought for Vail Health failing to be candid with the Court and Plaintiffs.[21]

For example, that Karen Hannah is, or was at relevant times, the Director of Vail Health's Decision Support team is no secret—Hannah put that information out in the public realm when she publicly commented on actions taken by the Town of Vail in an email signed by her as the "Director of Decision Support."[22] Hannah apparently had no issue informing the Town of Vail that she was "trying to grow [her] department at the hospital" and that hiring people was difficult because of housing issues. She also disclosed that she had a "small staff, one works remotely and commutes from Denver, one commutes from Leadville each day and the other one just resigned…."[23] So even the "structure" of Decision Support was not kept a "secret." And even if it were, Vail Health has not provided any basis that the disclosure of that information puts Vail Health at any competitive disadvantage. Nor is it any "secret" that Vail Health uses the Strata system. That information was publicly disclosed in a 2020 Strata presentation available on the internet,[24]

---

[21] ECF No. 425.
[22] *See* ECF No. 435-1 (excerpting Hannah's public comments submitted to the Town of Vail's Planning and Environmental Commission (June 24, 2019),publicly available at https://vailgovrecords.com/WebLink/DocView.aspx?id=558302&dbid=0&repo=TownofVailLaserfiche&searchid=79839096-32a6-4087-b918-c8f785bfa6b1 at 469.
[23] *Id.*
[24] *See* ECF No. 435-2 at 6, available at https://s3.amazonaws.com/bizzabo.file.upload/tadfgiiCTVSD5DcSBhy5_2020%20Summit%20-%20Cost%20Accounting%20-%20_Time_%_20Driven%20Costing%E2%84%A2.pdf

and Vail Health admits as much in its previously publicly-filed motion to restrict.[25] And the types of financial information and reports available using Strata is also publicly available on Strata's website.[26] Given this, Vail Health has provided no basis to restrict the portions of Brown's deposition referenced in Exhibits 8 and 9, let alone provided any basis that the public disclosure would put Vail Health at any competitive disadvantage.[27]

       **B.    Vail Health Fails To Provide Any Compelling Reason Why Disclosing Names Of Potential Witnesses Could Cause Competitive Harm.**

In Exhibit 2 [ECF No. 436-2; 442-3 at Interrogatory Nos. 11-13, and 18; 442-4 at 16, 20, 26-27], Vail Health seeks to redact names of employees and outside attorneys and consultants that Vail Health only recently identified in discovery responses after ordered to do so by the Special Master. In a conclusory fashion, Vail Health claims this information should be redacted purportedly due to privacy concerns. In paragraph 9, Vail Health cites three cases purportedly supporting the position that redacting names only is appropriate. But none of those cases stand for that proposition. Instead, all three cases revolve around personnel records that contain highly sensitive information about individual employees.

For example, in *Brokop,* this Court restricted access to an offer letter identifying the employee, salary, and other personal identifiable information, as well as performance evaluations.[28] In *Markley,* this Court restricted access to the employee's personally identifiable information that included birth years and family data, as well as information

---

[25]    ECF No. 429 ¶ 14 ("Strata Decision, Vail Health's accounting software provider").
[26]    ECF No. 425-6.
[27]    *See, e.g., Erhart v. Bofi Fed. Bank*, No. 15-cv-02287-BAS-NLS, 2019 U.S. Dist. LEXIS 160185, at *19-20 (S.D. Cal. Sep. 19, 2019) (refusing to seal identities or factual testimony of witnesses because moving party provided no compelling reasons to seal).
[28]    *Brokop v. Farmland Partners Inc.*, Civil Action No. 18-cv-02104-DME-NYW, 2021 U.S. Dist. LEXIS 260441, at *5 (D. Colo. Dec. 16, 2021).

related to an employee accused of misconduct.[29]  And in *Rossbach,* the court denied unsealing access to discovery documents that sought to establish that personnel of a company engaged in extramarital affairs, have drinking problems, and made personal long distance phone calls at work.[30]  In each of those instances, the party seeking the restriction articulated a real basis to restrict the private information of its employees; none are like the issue here in which the *name* of a potential witness is disclosed.  Nor has Vail Health identified any potential harm that could result by disclosing a name,[31] likely because there is nothing proprietary about that information,[32] and it is publicly available.[33]

---

[29] *Markley v. United States Bank Nat'l Ass'n*, Civil Action No. 19-cv-01130-RM-NYW, 2021 U.S. Dist. LEXIS 213922, at *8 (D. Colo. Sep. 14, 2021).

[30] *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000).

[31] *See Vineyard Vines, LLC v. MacBeth Collection, LLC*, No. 3:14CV01096(SALM), 2019 U.S. Dist. LEXIS 237450, at *14 (D. Conn. Apr. 1, 2019) (refusing to conjure explanation why disclosing names of retained counsel will hamper competitive standing); *Grano v. Sodexo Mgmt.*, No. 3:18-cv-1818-RSH-BLM, 2022 U.S. Dist. LEXIS 146818, at *12 (S.D. Cal. Aug. 16, 2022) (identifying names does not provide particularized factual showing to justify sealing); *Handloser v. HCL Techs. Ltd.*, No. 19-CV-01242-LHK, 2021 U.S. Dist. LEXIS 45182, at *6 (N.D. Cal. Mar. 10, 2021) ("parties have provided no justification for why the names of…employees and clients should be sealed").

[32] *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2013 U.S. Dist. LEXIS 15072, at *23 (N.D. Cal. Feb. 1, 2013) ("proposed redactions consist of references to documents with…names of custodians….Apple has not made a particularized showing how disclosure of these references, which do not disclose any proprietary information, would be harmful."); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-md-02843-VC, 2022 U.S. Dist. LEXIS 219774, at *18 (N.D. Cal. Dec. 6, 2022) ("Facebook has not explained why the names of its ADI consultants should be kept confidential. The good cause standard is not satisfied by 'generalized allegations of injury to reputation and to [business] relationships.'").

[33] *See* https://www.duanemorris.com/attorneys/donaldrauten.html; https://www.duanemorris.com/attorneys/thomasltotten.html; https://www.linkedin.com/in/matthew-jones-ab9a5b8/; https://www.lbmc.com/team/nicholas-newsad/; https://www.henrymayo.com/news-publications/news/2017/ted-sirotta-named-senior-vice-president-and-chief-financial-offi/; https://www.haverfordhealthcare.com/team-member/kirk-a-rebane; https://www.linkedin.com/in /william-mitchell-asa-cfa-13155610b/; https://www.linkedin.com/in/adammweinstein/.

### C. Vail Health Fails To Provide Any Compelling Reason Why Disclosing 10-Year Old Chargemaster Lists Could Cause Competitive Harm.

Vail Health seeks to entirely redact two summary documents purportedly identifying 10-year old physical therapy pricing data, which is commonly referred to as the chargemaster [ECF No. 442-3 at VH_Fed006961; Vail_0016513]. There is nothing confidential about this information. In fact, federal law has mandated the public disclosure of hospital chargemasters as the federal district court in *AHA v. Azar*,[34] recently explained: "In 2010, as part of the Affordable Care Act, Congress enacted section 2718 of the Public Health Service Act. *See* Patient Protection and Affordable Care Act, Pub. L. No. 111-148 § 10101(f), 124 Stat. 119, 887 (2010). Entitled 'Bringing down the cost of health care coverage,' and as most relevant here, the statute mandates that '[e]ach hospital operating within the United States shall for each year establish (and update) and make public (in accordance with guidelines developed by the Secretary) *a list of the hospital's standard charges for items and services provided by the hospital*….In 2014, CMS 'remind[ed] hospitals of their obligation to comply with' this provision…and pointed to its implementation guidelines, which provided that hospitals either make public a list of their standard charges (whether that be the chargemaster itself or in another form of their choice), or their policies for allowing the public to view a list of those charges in response to an inquiry."[35] As a matter of law, the "chargemasters" are not secret nor confidential. Moreover, the information is close to ten-years old, and Vail Health has identified no compelling reason why historical pricing information could cause it any competitive harm.[36]

---

[34]   468 F. Supp. 3d 372 (D.D.C. 2020).
[35]   *Id.* at 374-75.
[36]   *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) (finding seven-year old financial data did not support sealing); *Saint-Jean v. Emigrant Mortg. Co.*,

**D.     Vail Health Fails To Provide Any Compelling Reason Why Disclosing A Summary Of Employees And Already Redacted Offer Letters Could Cause Competitive Harm.**

Vail Health seeks to fully redact a two-page summary of employee's hire and termination dates (no employee name is disclosed), along with redacted offers of employment (again, no employee name is disclosed) [ECF No. 442-3 at VH_Fed007122-23, 06962-64, 00994-96, 00965-73, 00986-87, 00974-991]. Vail Health does not explain how the summary list of physical therapists hire and termination dates could cause it any competitive harm—no private information about the individual employee is disclosed that could identify the employees. As to the offer letters, the Colorado Supreme Court previously denied Vail Health's motion to restrict the public disclosure of an offer letter that is virtually identical to the offer letters that Vail Health seeks to restrict.[37] The offer letters that Vail Health seeks to restrict do not identify any employee by name, so there can be no privacy concerns at issue. In fact, the Special Master allowed the production of redacted exemplar offer letters to avoid privacy issues. Vail Health has made no showing how the documents, which are already deidentified, could harm any privacy interests or competitive harm to Vail Health.

**E.     Vail Health Fails To Provide Any Compelling Reason Why Communications Regarding Discovery Disputes Could Cause Competitive Harm.**

Although in Vail Health's previous motion restrict it sought to restrict the entirety of Plaintiffs' twenty-seven page Notice of Outstanding Discover Issues, Vail Heath now seeks to restrict portions of that document. In prior sections, Plaintiffs addressed the portion

---

No. 11-CV-2122 (SJ), 2016 U.S. Dist. LEXIS 203193, at *21 (E.D.N.Y. May 24, 2016) (holding that information from eight years earlier did not support sealing).

[37]     Ex. 1 (denying restriction as to Exhibit N, the Cimino offer letter).

related to the Brown deposition and the identification of names of witnesses/custodians. Plaintiffs now turn to the remainder of that Notice that Vail Health seeks to restrict [ECF No. 424-4.]

As to page 2 of the Notice, Vail Health seeks to redact positions that it previously took about the maintenance of patient data, and in particular, that Vail Health does not track patient claim information "per unit of physical therapy" but rather "for each patient encounter," as this Court summarized in its March 30, 2022 Order.[38] So there is nothing confidential or proprietary about that information, which would require redaction. Further, the statement at the bottom of page 2 that Vail Health seeks to redact is Plaintiffs' statement that Vail Health mispresented the availability of this data in what it stated to the Court and in the required affidavit. Vail Health has provided no basis to assert that Plaintiffs' statements about Vail Health's lack of candor is something that needs to be restricted. Nor has Vail Health provided any explanation that the disclosure of how Vail Health purportedly tracks patient data could cause it any competitive harm. This issue will be the subject of another motion to compel.

At page 13, Vail Health seeks to redact two statements made by Dr. Noether in her expert report. Vail Health has not explained how those two statements, which are based on public data, need to be redacted. Nor has Vail Health explained how they could possibly cause Vail Health any competitive harm if publicly disclosed. In fact, in the Special Master's Order on Motion to Compel #1, he states that "Dr. Noether opines that Vail Health's financial condition is 'considerably worse than the average hospital'"[39] and

---

38  ECF No. 308 at 7.
39  ECF No. 362 ¶ 22.

11

then references the American Hospital Directory data.[40] The publicly-filed Order then goes on to discuss Vail Health's purported negative operating margin of 6%[41]—the same information that Vail Health now seeks to redact. Once the information was made public, there is no basis to now claim that it should be restricted from public view.

At page 16, Vail Health seeks to restrict the disclosure of Vail Health's use of noncompete agreements. Nothing in that paragraph or in the proposal to resolve the dispute—that is, by the production of the agreements—raises confidentiality issues that deserve redaction. Much of the information derived about that was not deemed confidential in the first instance. For example, Plaintiffs moved to compel the production of these specific agreements, which is why the Special Master ordered they be produced in Order #2.[42]

### F. Vail Health Fails To Provide Any Compelling Reason Why Communications Regarding Discovery Disputes Could Cause Competitive Harm.

Finally, in answering Interrogatory No. 11 [ECF No. 442-3], Vail Health seeks to redact nonspecific information about the joint venture between Vail Health, The Steadman Clinic, and Vail-Summit Orthopaedics, including the four letters of intent. This joint venture and the letters of intent were publicly discussed in Plaintiffs' Amended Complaint,[43] which was based on depositions in the state court action that Vail Health did not designate as confidential. And nothing in Vail Health's Answer to Interrogatory No. 11 discloses any confidential information. Vail Health does not identify how disclosure would put Vail Health at a competitive disadvantage, when it is already public by way of the Amended Complaint.

---

40 *Id.* ¶ 27-28.
41 *Id.* ¶ 28.
42 ECF No. 381 at RFP No. 10.
43 ECF No. 26 ¶¶ 61-74, 160, 216.

12

**IV. PUBLIC INTEREST HERE TRUMPS ANY PURPORTED PRIVACY INTEREST.**

Vail Health does not even mention the public's interest in accessing court records, other than to generally assert that its interests are more important. Vail Health does not address, however, that it is a community hospital that is alleged to have engaged in anticompetitive conduct that resulted in overbilling the community it is supposed to serve. One of the most vital public interests is public health,[44] including its accessibility and ever-rising cost. Vail Health does not address that: (1) it is a community hospital that is there to serve the medical needs of Eagle County residents, (2) it claims to be a "cornerstone" of the Vail Valley community for over 50 years, (3) it is proud of its financial contributions to the community, (4) it obtained $100 million in public bond financing, and (5) it raised another $100-200 million from the public and community for its building projects. Among other hospitals, the *Denver Post* singled out Vail Health, contrasting how in 2007, Vail Health lost money; "[n]ow the hospital is a profit-making juggernaut with operations spread among eight locations in the Vail Valley. The 58-bed hospital made a profit of $100 million last year [2017], with net revenues coming in 20 times higher than the loss reported in 2007. Vail Health last year generated a **36 percent profit margin**, among the highest for a hospital in the state and the nation."[45] The *Denver Post* further reported that Vail Health had nearly $411 million in investments (excluding property), in contrast to $55 million in 2000. One Anthem executive was reported as saying: "'They've expanded, …And I would argue that has happened at the expense of the community. Instead of lowering the cost as they bring in more profits, the dollars they take keep getting bigger and bigger and bigger

---

[44] *In re Gee*, No. 19-30953, 2019 U.S. App. LEXIS 40309, at *6 (5th Cir. Nov. 27, 2019); *Does v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir. 2021); *Electra-Med Corp. v. United States*, 140 Fed. Cl. 94, 107 (2018).
[45] ECF No. 393-5 at 15.

13

and they keep expanding and expanding.'"[46] Vail Health's balance sheet sits at $1 billion.

That is precisely what Plaintiffs' antitrust action seeks to address. The inequities resulting from monopolistic conduct that harms the community Vail Health claims to serve. "America's democracy—and America's economy—should work for everyone, not just the privileged few. This is an economy that works extremely well for the wealthy but leaves so many American families and working people behind...."[47] "America's antitrust laws, as originally designed, were intended to decrease such inequality....Indeed, if the antitrust laws are vigorously enforced, Americans will once again be in a better to confront the challenges of wealth and income inequality."[48] Thus, antitrust is an important policy tool to address this inequality, making it undoubtedly a matter of public concern.[49]

And as the Colorado Supreme Court has explained, "[a] hospital,…whose doors are open to those needing medical and surgical treatment…which depends for its support and maintenance upon the fees of patients and gifts and donations…is conducted in the interests of the general public…."[50] As a nonprofit charitable organization, which presents itself as providing valuable services to the general public and Eagle County community, it is unclear how Vail Health can dispute that the public has a right to know how Vail Health has used the hundreds of millions it receives from patient fees and public donations. In

---

[46] *Id.* at 16.
[47] AMY KLOBUCHAR, ANTITRUST: TAKING ON MONOPOLY POWER FROM THE GILDED AGE TO THE DIGITAL AGE 187 (First Vintage Books ed. 2022).
[48] *Id.* at 229.
[49] *See Georgia v. Penn. R.R.*, 324 U.S. 439, 450-51 (1945) (conspiracy in violation of antitrust laws is a wrong "of grave public concern"); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1130 (S.D. Tex. 1976) ("important public concern in combatting an antitrust violation in the courts is the damage that such a violation wreaks upon the competitive market system. Private enforcement is thus premised…on a theory of protecting the desired market status and thereby vindicating the public interest").
[50] *St. Luke's Hosp. v. Indus. Comm'n of Colo.*, 349 P.2d 995, 998 (Colo. 1960).

*E.E.O.C. v. National Children's Center,*[51] the U.S. Court of Appeals for D.C. refused to seal documents involving a nonprofit organization that treated and cared for disabled children.  The nonprofit argued that if they were not sealed, it could impact the nonprofit's public support and funding.  But that argument cut against, rather than for, sealing the record: "The public should be able to learn how the money it has contributed to a charitable organization is being spent,"[52] which Vail Health itself acknowledged in its 2015 bond offering.  In sum, the public interest far outweighs any privacy interest of Vail Health.

### CONCLUSION

Plaintiffs therefore respectfully request that Vail Health's motion be denied as to Exhibits 2, 8, and 9 consistent with Plaintiffs' response.

Dated:  February 16, 2023

s/Alan L. Kildow
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig (MN# 0290282)
5501 Irving Avenue South
Minneapolis, MN  55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

---

[51]  98 F.3d 1406 (D.C. Cir. 1996).
[52]  *Id.* at 1410.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2023, I served a true and correct copy of Plaintiffs' Opposition To Vail Health's Motion to Maintain Filing Restrictions On Portions Of Vail Health's Response To Plaintiffs' Rule 37(b) Motion #1 To Compel And Exhibits 1-2, 4-9 Thereto, including Exhibit 1, via the Court's ECF system on:

    Shannon Stevenson
    Janet A. Savage
    Jackie Roeder
    Daniel Richards
    Davis Graham & Stubbs LLP
    1550 17th Street, Suite 500
    Denver, CO  80202

    Counsel for Defendant

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow