IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gordon P. Gallagher

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING, LLC, and
LINDSAY WINNINGER,

    Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a Vail Health,

    Defendant.

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO RESTRICT ACCESS AND DENYING MOTIONS TO STRIKE AND FOR SANCTIONS**

    This matter is before this Court to address a large number of pending motions seeking to restrict public access to certain documents (D. 331, 335, 347, 354, 357, 378, 393, 410, 429).[1] Those motions are primarily unopposed. *But see* D. 395 (Plaintiffs' opposition to D. 393), D. 404 (Defendant's reply brief). Also pending are certain related motions, namely Vail Health's Motion for Sanctions (D. 321) and the Plaintiffs' Motion to Strike (D. 405) a reply brief filed by Vail Health.[2] Through various orders, the District Judge has referred those motions to this Court

---

[1] Citations to D. __ reflect the referenced document number in the Court's electronic docketing system.

[2] The Court summarily denies the Motion to Strike (D. 405), simply pointing out that the degree of contentiousness between the parties has become tiresome.

1

for resolution.  Pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court conclusively resolves those motions in this Order.[3]

D.C. Colo. L. Civ. R. 7.2(a) reflects the Court's general policy that "the public shall have access to all documents filed with the court."  That local rule allows the court to restrict access to filings where: (i) "a clearly defined and serious injury would result if access is not restricted"; (ii) the private "interest to be protected [ ] outweighs the presumption of public access"; and (ii) alternatives to restriction, such as redaction or summarization, are not sufficient to protect the private interest.  See Local Rule 7.2(c)(2)-(4).

With those principles in mind, the Court turns to the various motions.

**Docket # 331**: This motion, filed by Vail Health, collects several documents that were the subject of prior motions to restrict that were denied without prejudice for various reasons.  The documents in question consist of, among other things, excepts from a spreadsheet that reflected services delivered to patients by Vail Health, including certain patient and insurance information; revenue statements from Vail Health's Howard Head clinic; portions of "chargemasters" showing Vail Health's historical pricing information for certain services; Vail Health's provider agreements with various health insurers; certain redacted minutes of meetings of Vail Health's Board of Directors; an email chain and attached documents relating to a Letter of Intent and proposed real estate leases involving the Steadman Clinic; an email chain and attached documents relating to Vail Health's self-pay system; various email chains among Vail Health officials discussing pricing issues; portions of the transcript from the deposition of Nicholas Brown discussing certain financial figures (among other topics); data showing details about

---

[3] Any party wishing to obtain further review of this Court's rulings must file Objections within 14 days of service of a copy of this Order.  Fed. R. Civ. P. 72(a).

patient referrals to Vail Health from referring entities; correspondence between counsel in this case discussing and giving examples of the contents of certain Vail Health patient data; and the entirety of Vail Health's appeal of one of the Special Master's rulings and the Plaintiffs' response.  For all of these documents, Vail Health contends that it holds a privacy interest in them as business and financial records

The Court is satisfied that Vail Health has demonstrated that its interest in restricting public access to the cited materials outweighs the public interest in access.  Although Vail Health's showings of its own private interests and the harm that it might suffer from public disclosure are thin and largely conclusory, the Court finds that the public's interest in the cited documents is minimal as well, insofar as the documents play only a superficial role in the issues presented to the Court.  In most instances, the documents are not offered to the Court because a specific fact contained therein – *e.g.* that (hypothetically) Vail Health's chargemaster called for aqua therapy services to be charged at $276 per session in 2016.  Only rarely is such granularity necessary to the parties' arguments or the Court's analysis.  Rather, the documents are often tendered to the Court simply to show that the particular documents exist or that they contain certain categories of information, regardless of what that information actually says.

For example, Vail Health seeks to restrict access to D. 278, its objections to the Special Master's Report, on the grounds that page 11 of those objections reproduces a portion of a spreadsheet that contains patient information (and quotes some data points from that spreadsheet in the accompanying text).  But Vail Health's argument in its objections requires neither the spreadsheet nor the data contained therein to make its point.  The argument in the objections is that Vail Health should not have to amend the spreadsheet to produce data about "the billable units [ ] for physical therapy patients" because the spreadsheet's entries are already itemized by

3

such units; thus, such a column "would read '1' for all of those more than 1.1 million rows – *i.e.* the data would be completely superfluous." In this example, Vail Health's reproduction of the spreadsheet and its corresponding data are unnecessary to adequately convey Vail Health's argument. The inclusion of the private information added nothing to the argument. Because there is at most a minimal public interest in documents that "play only a negligible role in the performance of Article III duties," *see Riker v. Federal Bureau of Prisons*, 315 Fed.Appx. 752, 756 (10th Cir. 2009), even Vail Health's slight and conclusory privacy interests warrant granting the motion.

However, two of the documents sought to be restricted, D. 278 and D. 295-1, are not merely exhibits, but are substantive filings by the parties containing extensive arguments that the Court will be considering. The public interest in having access to the bulk of those documents is extremely high. The parties have tendered redacted versions of those two documents that are suitable for public access. Reviewing the redacted material, the Court finds that it falls into the same category as the exhibits discussed above – the redacted material is largely unnecessary to the arguments presented to the Court and thus, the public interest in having access to the specific information contained in those arguments is relatively low. The Court finds that the redacted documents, currently proffered as otherwise-unnamed exhibits to D. 331, may be difficult for the public to locate. Accordingly, the Court grants the motion at Docket #331, allowing each of the listed documents to retain their provisional restrictions. But within 7 days of this Order, the parties shall publicly file the redacted versions of D. 278 and D. 295-1 as separate docket entries.

**Docket #321, 335, 347, 354, 357**: This set of motions all relate to Vail Health's Motion for Sanctions (D. 321). In that motion, Vail Health requests that the Court sanction the Plaintiffs for taking private patient information disclosed in this action pursuant to a Protective Order and

4

using it to support a motion seeking certain relief in related litigation between the parties taking place in state court.  The Court summarily denies the Motion for Sanctions itself.  The Protective Order entered in this case specifically permits discovery in this case to be used in the state court case.  Moreover, although it appears that the Plaintiffs initially filed their state court motion publicly (and the Court need not and does not make any effort to determine the Plaintiffs' accompanying state of mind), there is no evidence that suggests that the filing was ever actually accessible, much less accessed by, any member of the public before it was sealed by the state court.  In the absence of any actual harm that resulted from the Plaintiffs' actions, this Court finds no basis for awarding sanctions.  Accordingly, the Motion for Sanctions is denied.

That leaves Vail Health's various motions that seek to restrict access to Vail Health's substantive Motion For Sanctions and certain exhibits attached to it (D. 335, seeking to restrict access to D. 319, 319-1, 319-2, 319-4, 319-5, and 319-6); the Plaintiffs' response to that motion and certain supporting exhibits (D. 347, seeking to restrict access to D. 339, 339-1, 339-3, 339-4, 339-5, and 339-6); a Notice filed by Vail Health, attaching a filing in the state court (D. 353, seeking to restrict access to D. 351); and an additional filing from the state court requesting reconsideration (D. 357, seeking to restrict access to D. 352-2). Vail Health contends that these filings extensively discuss the patient information that the Plaintiffs disclosed to the state court and the cited exhibits reproduce or discuss the information, such that all of those filings should all be placed under restriction.

The Court has reviewed those filings and is satisfied that they reveal Vail Health patient information in which Vail Health has a cognizable privacy interest.  At the same time, the public interest in access to these filings is high (particularly as to the substantive motion itself).  The issues raised in the motion were addressed in part by an order issued by the state court judge, and

it appears that the state court has, at least to this point, restricted public access to that order.[4] Moreover, although this Court has now ruled publicly on Vail Health's sanctions motion in summary fashion without revealing any of the pertinent facts, Vail Health may object to that ruling and the District Judge may ultimately decide to issue a public ruling that discloses some or all of the facts that Vail Health's current motion to restrict addresses. Accordingly, so as not to undermine those courts' ability to restrict access to their own rulings, this Court <u>conditionally</u> grants Vail Health's motion to restrict. If the state court un-restricts its March 28, 2022 order or if Judge Martinez addresses any objections to this Court's ruling on the Motion for Sanctions in a public order that materially discloses most of the information reflected in Vail Health's motion, this court will vacate the granting of the motions to restrict.

**Docket #378**: In this motion, Vail Health seeks to place certain exhibits attached to its Partial Appeal of Special Master's Report (D. 365) under restriction. The three documents in question are the expert report of Dr. Leslie Schafer (D. 365-1), the Plaintiffs' tendered expert on the appropriate geographic market; the expert report of Dr. Monica Noether, Vail Health's tendered expert on the appropriate geographic market (D-365-2); and Vail Health's responses to interrogatories which also tender Ms. Noether's report (D. 365-4). Vail Health's argument regarding its privacy interest in these documents reads, in its entirety: "public filing of [these documents] would improperly reveal Vail Health's confidential commercial information and information received from third parties that may not be publicly disclosed." Vail Health does not elaborate on that assertion in any way. It also notes that the parties have previously agreed to a Protective Order, under which they have each designated their expert's report as confidential,

---

[4] See D. 352-1 at 4 (referencing Ex. 23, which describes the March 28 state court order as "Protected [submitted as suppressed]").

and that the Court has previously granted a request to keep these reports under restriction, although it does not cite to that ruling.

The Court finds that Vail Health has not adequately demonstrated that the parties have any meaningful privacy interest in the experts' reports. It does not identify what particular portions of the experts' lengthy reports are "confidential commercial information" nor what portions are "information from third parties that may not be public disclosed" (much less where that restriction on disclosure comes from), nor address how redaction of specific facts cannot adequately accommodate Vail Health's privacy interests. Vail Heath's entirely conclusory showing of a private interest stands in contrast to the obvious public interest that the Court has in the reports, as the experts' dueling positions on the appropriate geographic market are at the core of Vail Health's substantive objections to the Special Master's Report. Vail Health has offered no explanation whatsoever of the harm that it would suffer if those reports were made available to the public (a particularly curious position, given that the parties specifically intend to have those experts testify at trial about their opinions and the facts supporting them). Accordingly, the Court finds that Vail Health has not demonstrated the requirements for restricting access to these documents under Local Rule 7.2.

The fact that the parties agreed to designate the documents as confidential under the Protective Order does not alter the analysis, as agreements between parties do not, of themselves, suffice to address the nature of the privacy interests and the reasons why they should overcome the public interest. *See* D.C. Colo. L. Civ. R. 7.2(c)(2). And even assuming the Court had previously placed the experts' reports under restricted access, Vail Health's objections to the Special Master place the experts' opinions front and center for substantive review. Thus, the public interest at the present time is stronger than it has been in the past.

7

Accordingly, the Court denies Vail Health's motion, and the Clerk of the Court shall lift the provision restrictions placed on D. 365-1, 365-2, and 365-4.

**Docket #393**: Vail Health moves to place the Plaintiffs' substantive response (D. 387-1) to Vail Health's objections to the Special Master's Report and a supporting exhibit (D. 387-2) (primarily consisting of a redlined version of a Research and Affiliation Agreement between Vail Health and the Steadman Institute) under restriction.   Vail Health argues that the Plaintiffs' response "refers throughout to Vail Health's confidential commercial information and confidential information Vail Health received from third parties, including data regarding Vail Health's financial performance, confidential contract terms, and details regarding contract negotiations."  Other than citing to four full pages of the Plaintiffs' response, Vail Health does not particularly detail what information it refers to, nor does it describe the harm it would sustain if the listed information were to be publicly disclosed.  As to the exhibit, Vail Health argues that the document "contains sensitive and confidential draft contract terms [ ] and line edits to the agreement reflecting confidential contract negotiations, the public disclosure of which could cause competitive harm to Vail Health and breach of confidentiality obligations to third parties," although beyond that assertion, again, Vail Health does not elaborate.  The Plaintiffs oppose Vail Health's motion (D. 395), and Vail Health filed a reply (D. 404).

The Court finds that Vail Health has failed to carry its burden under Local Rule 7.2 as to the substantive response brief.  Its failure to meaningfully identify the actual information it claims to be private, to identify the particular nature of the privacy interest it has in that information, and its complete failure to identify the injury it would suffer if the material were disclosed all prevent it from satisfying the requirements of Local Rule 7.2(c)(2)-(4).  The Court's own review of D. 387-1 indicates that the public has a strong interest in having access to the

document, as it reflects the Plaintiffs' substantive arguments in response to Vail Health's objections to the Special Master's Report. Given the obviously strong public interest in access to documents that the Court will consider and evaluate and the minimal showing of a privacy interest on Vail Health's part, the motion as to D. 387-1 must be denied. The Clerk of the Court shall lift the provisional restrictions on D. 387-1.

For the same reasons discussed with regard to D. 331, the Court grants that portion of the motion that seeks to restrict access to the exhibit, D. 387-2. Vail Health has some colorable privacy interest in the draft agreement, and because there is no dispute that the agreement contains the text quoted in the Plaintiffs' brief, the public interest in reviewing the exhibit itself is minimal. Thus, the Court grants the motion and allows D. 387-2 to remain under restriction.

**Docket #410**: Vail Health moves to restrict access to its response (D. 399) to the Plaintiffs' objections to the Special Master's Report and to the Plaintiffs' response (D. 400) to Vail Health's objections to the Special Master's Report. Vail Health has tendered a redacted version of Docket #399 that it offers for public filing and has proposed a redacted version of Docket #400. (The Plaintiffs have indicated that they do not oppose Vail Health's motion. D. 413.)

The Court denies the motion. Once again, Vail Health seeks to restrict public access to parties' substantive filings, not merely exhibits. The substantive filings detail the facts that support the parties' legal positions, and those legal positions are the subject of ongoing, vigorous, contested litigation. It will be incumbent on the Court to examine those facts as part of its evaluation of the parties' legal positions. In turn, the public has a strong interest in reviewing the same material to evaluate the thoroughness and accuracy of the Court's assessment of those facts. Depriving the public of the opportunity to examine the same facts that were before the

9

Court hinders the public's ability to perform this critical oversight duty.  *See Riker*, 315 Fed.Appx. at 754-55.  Weighed against that important public interest is Vail Health's relatively weak and entirely conclusory assertion that the facts in question are "confidential."  Most significantly, Vail Health offers no argument whatsoever to demonstrate how disclosure of those facts would cause it to suffer any clearly-defined and serious harm.  *See* Local Rule 7.2(c)(3).  In these circumstances, the Court finds that the public interest in access outweighs any interest Vail Health has in privacy of the information.

The Court appreciates Vail Health's attempt to find a less-restrictive alternative by tendering proposed redacted versions of the documents.  Redactions are preferable to placing access restrictions on entire documents, but even redactions operate to deprive the public of information.  Thus, the process of assessing the appropriateness of redactions is a miniaturized version of the process of restricting access – once again, the question is whether the public has an interest in accessing the information sought to be shielded by redaction and whether that interest is outweighed by the movant's privacy concerns.  If the redactions concern information that is important to the parties' arguments, the public has a strong interest in accessing that information.  Thus, the movant is still required to show that disclosure of the information proposed for redaction intrudes on its privacy interests and poses a serious risk of harm.  Here, unlike the situation in D. 331 where Vail Health tendered redacted versions of filings that concealed private information that was unnecessary to the parties' arguments, the proposed redactions to D. 399 and 400 seek to conceal information that is critical to the parties' arguments – the Plaintiffs' argument that Vail Health used donations to the Steadman Institute to manipulate its ability to compete with Vail Health, and Vail Health's argument as to why that inference should not be drawn from the documents the Plaintiffs cite.  Because these are issues that are issues that are

10

squarely before the Court for consideration, the public interest in access to those arguments is high.  For the same reasons stated above, Vail Health's brief and conclusory assertions regarding its privacy interests fails to justify even redacted versions of the filings.  Accordingly, this motion is denied and the Clerk of the Court shall lift the access restrictions on D. 399 and 400.

**Docket #429**: Vail Health seeks to restrict access to several exhibits attached to the Plaintiffs' Motion To Compel (D. 425).   Those documents consist of an email that attaches a contemplated filing by the Plaintiff that has not yet been filed with the court; a conferral email between the parties that attaches copies of a document previously authorized for restriction; portions of Mr. Brown's deposition transcript, similar to those addressed in the ruling on the motion at D. 331; a email among Vail Health officials that contains extensive financial modeling for different projected scenarios involving the Howard Head clinic; an email among Vail Health officials attaching additional financial information for the Howard Head clinic; and correspondence between a Vail Health official and a consultant that contains extensive financial information regarding the Howard Head clinic.

The Court is satisfied that Vail Health's representations that this financial information is kept private and that the public interest in this information is relatively low, for the same reasons previously stated with regard to Docket #331.  Accordingly, this motion is granted.

**Conclusion**

For the foregoing reasons, the Motions To Restrict at D. 331, 335, 347, 354, 357, and 429 are **GRANTED** on the terms discussed herein.  The Motions To Restrict at D. 378 and 410 are **DENIED** and the motion at D. 393 is **GRANTED IN PART**.  The Clerk of the Court shall lift the provisional restrictions placed on the filings at D. 365-1, D. 365-2, D. 365-4,  D. 387-1, D.

399, and D. 400.  Vail Health's Motion for Sanctions (D. 321) and the Plaintiffs' Motion to Strike at D. 405 are **DENIED**.

Dated at Grand Junction, Colorado this February 17, 2023.

_____
Gordon P. Gallagher
United States Magistrate Judge