# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**PLAINTIFFS' CONFERRAL MEMORANDUM RELATED TO VAIL HEALTH'S
(NON)COMPLIANCE WITH THE MARCH 13, 2023 ORDER
AND SPECIAL MASTER ORDERS #1-5**

---

## INTRODUCTION

On March 13, 2023, then-Magistrate Judge Gallagher issued an Order overruling all of Vail Health's objections to five Special Master Orders[1] as to each of Plaintiffs' motions to compel #1-5. Instead, the Magistrate Judge fully adopted Special Master Orders #1-5, ordering Vail Health to "***produce the items directed by the Special Master*** within 14 days of the date of this Order."[2] Since then, Vail Health has made certain statements in written communications and conferrals indicating that Vail Health intends to disregard certain items ordered in Special Master Orders #1-5. This is not the first time that Vail Health would refused to comply with discovery orders. It has done so multiple times, which continues to this day.

---

[1]     ECF Nos. 362, 381-83, 398.
[2]     ECF No. 457 at 29.

For example, after the October 21-22, 2021 hearings before the Special Master, the parties were instructed to further confer about the discovery disputes, which included (1) Plaintiffs identifying the outstanding issues in writing, (2) Vail Health responding in writing, and (3) resulting in a telephone conferral.  Vail Health refused to engage in the process as ordered by the Special Master.[3]  Instead, Vail Health filed a motion for protective order seeking to stop all further discovery, including any decisions on Plaintiffs' five pending motions to compel.[4]

And on December 10, 2021, the Special Master held a conference call regarding issues with the production of Vail Health's patient data and ordered Vail Health to provide certain information and materials to Plaintiffs, including the identify of someone who created or had knowledge of the spreadsheet containing the patient data.  Again, Vail Health disregarded the Special Master's Order,[5] resulting in a subsequent Order requiring Vail Health to identify the individuals who created the spreadsheet and produce additional fields of data.[6]

In the March 30, 2022 Order addressing these issues, the Magistrate Judge addressed the Orders that Vail Health disregarded, admonishing Vail Health "that failure to comply with the Special Master's orders, whether verbal or written, can result in sanctions."[7]  Despite this, Vail Health continues to disregard the Special Master's Orders.

For example, in Special Master Order #1, Vail Health was ordered to produce an affidavit that the Howard Head financial data cannot be segregated from Vail Health,

---

[3]     ECF No. 274 ¶ 2-3.
[4]     ECF No. 264.
[5]     *Id.* ¶ 5.
[6]     *Id.* at 3.
[7]     ECF No. 307 at 3.

which Vail Health had represented to the Special Master.[8]   No such affidavit was produced, nor has Vail Health produced the financial data, which is the subject of another motion to compel.  More recently, on September 15, 2022, the Special Master ordered Vail Health to reproduce any state court documents responsive to RFP #7 and 8 and to produce any nonprivileged attachments to emails that had not been produced.[9]  Plaintiffs raised issues of Vail Health's noncompliance on October 18, 2022—a day after the due date.  It took over five months for Plaintiffs to get some compliance with that Order, but even now, it is incomplete.  More importantly, Vail Health still takes the position that it had no obligation to comply with the Special Master's Orders as to these issues (despite the fact that it did not appeal either of those issues).

With this background in mind, Plaintiffs turn to the recent communications since the March 13, 2023 Order adopting in their entirety Special Master Orders #1-5, which strongly suggest that Vail Health does not intend to fully comply with Special Master Orders #1-5.

<u>**VAIL HEALTH'S SUBSEQUENT COMMUNICATIONS**</u>

**I.      ORDER #5: PRODUCTION OF (NON)PRIVILEGED DOCUMENTS.**

Most recently, during the conference with Magistrate Judge Crew's clerk, Jackie Roeder stated that Vail Health was producing approximately 70 documents deemed not to be privileged under Order #5.  This number seems low, given the number of entries at issue **(_____)**.  And on April 7, 2023, Vail Health provided a chart addressing email attachments that had not been produced.  As to VH_Fed004855, Vail health stated that

---

[8]      ECF No. 362 ¶¶ 21, 24.
[9]      ECF No. 383 at 2-3.

the attachment was privileged and identified Item Nos. 551-53 from the log in support. Plaintiffs' motion to compel #5 expressly challenged those entries,[10] and Order #5 deemed Vail Health had not established its claim of privilege as to attorney-to-client communications with the exception of two documents.

In Order #5, the Special Master addressed four general areas related to privilege. The Special Master also noted that "SRC and Winninger raise additional arguments concerning the sufficiency of the contents of Vail Health's privilege log. Those issues will be addressed, inferentially if not explicitly, in the course of the discussion below,"[11] with "the Special Master's review and findings…limited to the specific item numbers recited in the Motion to Compel."[12]  As to attorney-to-client communications, the Special Master held that Vail Health failed to provide any basis to concluded that each attorney-to-client communication was privileged.[13]  Instead, Vail Health only addressed 16 specific attorney-to-client communications, and with the exception of Item Nos. 172 and 293,[14] the Special Master held that Vail Health had failed to prove that the other attorney-to-client communications were privileged.  Similarly, the Special Master also held that Vail Health failed to establish that any attorney-appraiser-client,[15] appraiser-client,[16] client-to-client,[17] and KSL assistant communications[18] were privileged.

---

10    ECF No. 195 at 3 n.17.
11    *Id.* at 3 n.3.
12    *Id.* at 3-4 n.4.
13    ECF No. 398 at 6.
14    *Id.* at 8.
15    *Id.* at 12-17.
16    *Id.*
17    *Id.* at 8-12.
18    *Id.* 19-21.

Given the breadth of Special Master Order #5, and the Magistrate Judge's wholesale adoption of that Order,[19] Plaintiffs sent an email on April 11, 2023, identifying each of the (non)privileged entries in the categories addressed above that Plaintiffs specifically identified their motion to compel #5 and the Special Master ordered be produced—that is, Item Nos. 35-38, 48-49, 51, 54, 57-60, 62, 64, 69-70, 73, 75, 89, 91, 95, 97-99, 101, 104-06, 108-09, 116-17, 122-23, 127, 129-36, 141-43, 145-50, 154-56, 158, 162-66, 168, 171, 173-76, 178, 180, 201-02, 204-06, 208, 214-24, 228-35, 237, 241-50, 252-53, 257-58, 265, 267-69, 273, 276, 278-79, 283, 285, 287, 291, 297-98, 300-01, 303-05, 308-11, 313, 317, 320-34, 336-53, 355, 359-60, 363, 365, 370-77, 379-86, 388-401, 409, 414, 417-21, 423, 425, 427-41, 443-45, 447, 449-50, 452-53, 455-68, 470, 473-74, 478-96, 498-02, 504-27, 529-30, 533, 535-42, 544-45, 551-54, 556, 559-60, 562-66, 570-73. Plaintiffs asked Vail Health to confirm they would be producing these items, and if there was any dispute about any item, that Vail Health identify the item number and the basis for the dispute. To date, Vail Health has not responded.

## II.    ORDER #1-4: PRODUCTION OF DOCUMENTS OUTSIDE THE VAIL VALLEY.

One hour before the April 12, 2023 conferral on the scope of the searches and production of documents outside the Vail Valley, Vail Health identified for the first time its proposed searches. Vail Health's list included a column, "Actual or Potential Counterparty" that identified Dillon Orthopedic Surgery Center, LLC. Plaintiffs asked Vail Health to identify the members and managers of that LLC, Vail Health refused to disclose that information. And when Plaintiffs asked Vail Health to identify Plaintiffs' RFPs that correspond to Vail Health's searches, Vail Health refused to say. Instead, Vail Health

---

[19]     ECF No. 457 at 17-29

stated that it was not revisiting Plaintiffs' RFPs and that it intended to conduct a search as ordered by the March 13, 2023 Order.  When Plaintiffs explained that the March 13 Order relates directly to specific RFPs that Plaintiffs moved upon, the Special Master Order #1-4 specifically addressed those RFPs, as did the Magistrate Judge, Vail Health still refused to identify Plaintiffs' RFPs that correspond to Vail Heath's proposed search terms.  Based on the extremely limited scope of Vail Health's proposed search terms, which the parties have yet to discuss, it appears that Vail Health has taken an overly restrictive view of the March 13 Order.

In addressing Order #1, the Magistrate Judge stated that "Plaintiffs are entitled to discovery that is reasonably calculated to allow them to test the contours of the market that Dr. Noether has identified,"[20] noting that "it is appropriate to allow both sides considerable latitude in discovery on that question."[21]  The Magistrate Judge then "agreed with the Special Master that Vail Health must produce the material directed by the Special Master"[22] and adopted Special Master Order #1 "in its entirety…."[23]  Based on the Magistrate Judge's analysis of the geographic market in Order #1, the Magistrate Judge overruled Vail Health's objections to Special Master Order #2-4, adopted those Orders "in their entirety," and ordered Vail Health to produce the items specified by the Special Master in Order #2-4.[24]  Plaintiffs catalog what was required by Order #1-4.

---

[20]     ECF No. 457 at 8.
[21]     *Id.* at 9.
[22]     *Id.*
[23]     *Id.*
[24]     *Id.* at 11.

**Special Master Order #1 requires the following:**

- **Interrogatory #24; RFP #25:** (1) production of the potential acquisition of the Axis identified by Plaintiffs, which relates to the settlement that Vail Health entered into with Axis relating to violation of an Axis noncompete;[25] (2) production of discussions or plans to acquire or consolidate with other competitors, including in the areas of Basalt, Summit, and Garfield counties;[26] (3) identify the reasons why a company or individual was viewed as a competitor, identify any plans or strategies Vail Health considered or developed as to those competitors, and identify those competitors by location for those located in Basalt, Summit, and Garfield counties.[27]

- **RFP #3, 17:** Production of patient data outside the Vail Valley, including Basalt, Summit, and Garfield counties.

**Special Master Order #2 requires the following:**

- **Interrogatory No. 18; RFP #18:** If there is a separate chargemaster used outside the Vail Valley, Vail Health is obligated to supplement the discovery related any additional chargemaster.[28]

- **RFP #2, 4:** Vail Health is obligated to supplement with Howard Head financial data outside the Vail Valley.[29]

- **RFP #9-10:** Vail Health is now obligated to update its list of physical therapists to include those outside the Vail Valley.  And to the extent the

---

[25] ECF No. 362 at 10.
[26] *Id*. at 10, 15.
[27] *Id*. at 12-13, 15.
[28] ECF No. 381 at 2-4.
[29] *Id.* at 5-6.

employment agreements are different than the exemplars produced, Vail Health is obligated to produce those as well.[30]

**Special Master Order #3 requires the following:**

- ▪ **RFP #15:** Production of (1) Board, Finance Committee, [Hammes] Steering Committee related to physical therapy or Howard Head; (2) combinations with Steadman/SPRI and VSO/VSOF; and (3) possible joint ventures with Steadman, VSO, or other physical therapy service providers.[31]  All involve production outside the Vail Valley.

- ▪ **Interrogatory #12:** For each joint venture, collaboration, or strategic partnership outside the Vail Valley that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants involved in determining Vail Health's pricing or reimbursement rates for such physical therapy.[32]

- ▪ **Interrogatory #13:** For each joint venture, collaboration, or strategic partnership outside the Vail Valley that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants involved in discussing antitrust, antikickback, or prohibited physician referral issues.[33]

- ▪ **Interrogatory #20(e)-(f):** For each joint venture, collaboration, or strategic partnership outside the Vail Valley that involved providing physical therapy

---

[30]    *Id.* at 6-7.
[31]    ECF No. 382 at 2.
[32]    *Id.* at 3-4.
[33]    *Id.* at 4-5.

services, identify the Vail Health attorneys, inside and outside, that were involved in providing advice, counseling, planning, negotiating, or other legal services.[34]

- **Interrogatory #21(d)-(e):** For each joint venture, collaboration, or strategic partnership outside the Vail Valley that involved providing physical therapy services, identify the Vail Health accountants, inside and outside, that were involved who providing advice, counseling, planning, negotiating, or other accounting, financial, or compliance services.[35]

**Special Master Order #4 requires the following**:

- **RFP #7-8:** Production of documents outside the Vail Valley relating to any proposed joint venture, merger, or other combination between Steadman/Vail Health and VSO/Vail Health relating in any way to providing physical therapy services.[36]

- **Interrogatory #11:** For each joint venture, collaboration, or strategic partnership outside the Vail Valley that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants involved those discussions.[37]

- **Interrogatory #14-15:** To the extent the doctor referral information was limited to the Vail Valley, Vail Health is obligated to supplement the identification of doctor referrals outside the Vail Valley.[38]

---

[34] *Id.* at 5-6.
[35] *Id.* at 6-7.
[36] ECF No. 383 at 2.
[37] *Id.* at 4-5.
[38] *Id.* at 5.

**Additional Supplementation:**

To the extent Vail Health withheld any documents or information in response to any other of Plaintiffs' discovery requests, such as RFP #3, 5-6 and Interrogatory #8-9, 17, and 19, Vail Health has an ongoing obligation to supplement those discovery responses with any responsive information outside the Vail Valley.

III.   **VAIL HEALTH'S PROPOSED SEARCHES DO NOT COMPLY WITH SPECIAL MASTER ORDER #1-4 OR ITS DISCOVERY OBLIGATIONS.**

In conducting its search for responsive documents within the Vail Valley, Vail Health used essentially three searches that can be boiled down as follows:

**Search #1 (RFP #7-8):** Steadman or TSC or SPRI or VSO or "Vail Summit" and "joint venture" or "MSO" or "manage* service*"

**Search #2 (RFP #2-4, 18):** "physical therapy" w/30 cost* or price* or revenue* or finance* or projection* or forecast* or valuation*

**Search #3 (RFP #5, 25):** "Howard Head" or HH and competit* or market or alternative or substitute w/30 PT or therapy

While Vail Health's search was extremely limited, which Plaintiffs have repeatedly addressed with Vail Health and will be the subject of a Rule 37 motion shortly, Vail Health inexplicably did not piggyback off these searches—that it deemed sufficient in the first instance—so as to locate responsive documents subject to Special Master Order #1-4.

Instead, four of Vail Health's seven proposed searches relate to four specific contracts, characterized as (1) Basalt "Therapy Services Agreement," (2) Dillon "Therapy Services Agreement," (3) Basalt "lease," and (4) Dillon "lease." Vail Health should easily be able to produce the final agreements from a hardcopy or electronic repository where Vail Health maintains its agreements. Additionally, the locations are overly restrictive, as the Special Master did not limit the locations outside the Vail Valley to only Basalt and

Dillon.   Rather, he identified Summit and Garfield counties generally,[39] and more specifically to Basalt,[40] Denver to Rifle,[41] Glenwood Springs, Frisco, Dillon, Silverthorne, Breckenridge,[42] and Aspen.[43]  Vail Health's search does not include these locations and thus is contrary to the March 13 Order that "Plaintiffs are entitled to discovery that is reasonably calculated to allow them to test the contours of the market that Dr. Noether has identified."[44]

Two other searches appear to relate to only two physical therapy competitors of Howard Head, Aspen Sports and Avalanche.  Vail Health's answer to Interrogatory No. 24 and documents produced in this action identified additional competitors that this search does not address, including Axis, Panorama, Breck PT, and Valley View, among others. The search is also overly restrictive in that it requires "Aspen Sports Medicine" or "ASM" to be identified in order to be deemed responsive.  It thus would not capture ESI in which "Aspen" or "Aspen Sports" was used instead.

The final search that Vail Health proposes relates to "Aspen Valley Hospital" or "AVH."   Again, Vail Health's search assumes that no one will refer to that hospital as "Aspen hospital," "Aspen Valley," or some other derivative.

Most importantly, Vail Health's proposed searches omit any reference to Steadman, VSO, or any of the studies or reports conducted to identify locations and substantiate the expansion plans with Steadman and VSO outside the Vail Valley—all of

---

[39]   ECF No. 362 at 14-15.
[40]   *Id.*
[41]   *Id.* at 3, 19.
[42]   *Id.* at 4.
[43]   ECF No. 383 at 3.
[44]   ECF No. 457 at 8.

which included Howard Head.  Vail Health's restrictive view directly at odds with the Magistrate Judge's finding that "it is appropriate to allow both sides considerable latitude in discovery" on the question of geographic market.[45]

---

[45]     *Id.* at 9.