IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

   Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

   Defendant.

---

### VAIL HEALTH'S BRIEF REGARDING THE SCOPE OF SUPPLEMENTAL DISCOVERY REQUIRED BY MAGISTRATE JUDGE GALLAGHER'S MARCH 13, 2023 ORDER

---

Pursuant to the Court's April 17, 2023 Amended Minute Order, Vail Health respectfully submits this brief regarding the scope of supplemental discovery required by Magistrate Judge Gallagher's March 13, 2023 Order (the "March 13 Order").

The March 13 Order—issued almost a year and a half after fact discovery in this case closed—addressed a few remaining specific categories of documents the Special Master ordered to be produced this past fall.  Vail Health complied with the Special Master's orders in all respects except for those few it appealed.  Notably, Vail Health objected to the Special Master's orders concerning a limited number of requests for production and interrogatories insofar as they ordered production of documents and information concerning Vail Health's activities outside of Plaintiffs' alleged geographic market.  The March 13 Order overruled Vail Health's objections.  The March 13 Order thus requires Vail Health to produce the documents and information in response to the specific interrogatories and requests for production at issue in its objections, which are Interrogatories 11, 12, 13, and 20(e) and (f), and 21(d) and (e), and Requests for Production 7, 8, 17, and 25, and certain documents that were listed on its privilege log.  As described in more detail below, this includes production of physical therapy patient data outside the alleged Vail Valley

market; production of documents concerning Vail Health's physical therapy competitors in Garfield and Summit counties and Basalt; discussions or plans to acquire physical therapy competitors outside the alleged Vail Valley market; any proposed joint venture, merger, or other combination with The Steadman Clinic ("Steadman") or Vail Summit Orthopaedics ("VSO") relating to providing physical therapy services outside the alleged Vail Valley market; and interrogatory responses concerning joint ventures, collaborations, or strategic partnerships concerning physical therapy services outside of the alleged Vail Valley market.

Vail Health has engaged in numerous good faith conferrals with Plaintiffs since March 13, 2023 on these topics to adequately address the Court's Order and comply therewith. Plaintiffs on the other hand are not seeking Vail Health's compliance with the March 13 Order but instead attempt to use the Order as a means to reopen *all* discovery in the case, which, as mentioned above, closed a year and a half ago. Indeed, Plaintiffs demand, *inter alia*, any document that relates to Vail Health's potential expansion outside the alleged Vail Valley market, even if unrelated to physical therapy services. This request is not required or even contemplated by the March 13 Order and is an unreasonable and unsupported overreach that should not be endorsed by the Court. Vail Health thus requests that the Court reject this approach and instead confirm that the March 13 Order is directed to and limited to exactly what it says.

**I.      Background**

Plaintiff Lindsay Winninger is a physical therapist who co-owns Plaintiff Sports Rehab Consulting LLC ("SRC"), a physical therapy practice. (Doc. 26 ¶¶ 10-11, 16.) SRC opened a physical therapy location in Vail, Colorado, in December 2015, which it closed in September 2018. (*Id.* ¶ 24.) Plaintiffs claim that Vail Health drove SRC out of the alleged Vail Valley physical therapy market by falsely accusing Ms. Winninger of stealing patient files from Vail Health. (*E.g.*,

*id*. ¶¶ 119, 158, 166, 207.)  Plaintiffs initially asserted these allegations in Eagle County District Court in 2017 based upon defamation-related claims.  (Doc. 228 at 2-3.)  Plaintiffs brought this separate action in 2019, alleging an antitrust violation based on the same underlying facts.  In November 2021, the Eagle County District Court granted summary judgment for Vail Health on all of Plaintiffs' claims, concluding that Vail Health's alleged statements were substantially true because Ms. Winninger downloaded from Vail Health's servers nearly 10,000 documents containing the protected health information of more than 700 patients. (Doc. 228-3.)

The Court's October 9, 2020 Scheduling Order in this case indicated that "discovery conducted in the State Court Action may be used in this matter and should not be duplicated." (Doc. 71 at 19.)  The state case was extensively litigated—the docket is 350 pages long.  (Doc. 102-1 to 102-9.)  In the state case, Vail Health produced more than 70,000 pages of documents from the files of 24 custodians using search terms Plaintiffs had requested and conducted scores of depositions.  Nonetheless, the Court afforded Plaintiffs robust additional discovery in this case, including 10 discovery depositions, 25 additional interrogatories, and 30 additional requests for production.  (*Id*. at 22.)  Plaintiffs waited until the last day possible—March 1, 2021—to serve interrogatories and requests for admission on Vail Health.  (Doc. 242 at 3.)  Within a few months, Plaintiffs filed a motion accusing Vail Health of abusive discovery practices and seeking Judge Martinez's intervention.  On June 18, 2021, Judge Martinez issued an order addressing the "vexatious nature" of Plaintiffs' motion and finding "no abusive discovery practices by Vail Health." (Doc. 113.) On June 29, 2021, Magistrate Judge Gallagher provided notice to the parties of his intent to appoint a special master (Doc. 119) and appointed Judge Ruckriegle—who had served as special master in the state case—to serve as a special master on July 20, 2021.  (Doc. 123.)

3

Between August 5, 2021, and October 17, 2021, Plaintiffs filed a series of five motions to compel (Docs. 127, 129, 132, 157, and 195), which were referred to the Special Master.  In late October 2021, Plaintiffs for the first time asked Vail Health to provide the search terms it had used to search for documents responsive to their discovery requests in the federal case.  Vail Health responded by letter on November 10, 2021, detailing its efforts to search for and produce documents responsive to Plaintiffs' requests.  (Nov. 10, 2021 letter attached as Exhibit A.)  The letter identified document categories Vail Health collected without any search terms (e.g., patient data, Board minutes, payer contracts, financial data, chargemasters), the custodians whose files Vail Health searched, and the numerous search terms Vail Health applied.  (Id.)  All told, as of November 2021, in addition to the extensive state case production, Vail Health produced an additional 7,000+ pages of documents.  (Doc. 228 at 2-9.)  Plaintiffs never responded to Vail Health's letter or raised with the Court any issues regarding Vail Health's search terms or custodians.  Fact discovery closed on December 20, 2021, when Magistrate Judge Gallagher found Plaintiffs had delayed progress in the case and refused Plaintiff's request to further extend the discovery period.  (Doc. 242 at 4.)

**II.  Vail Health's Compliance with the Special Master's Orders on Motions to Compel #1-5**

Following the close of discovery, between July 6, 2022, and October 21, 2022, the Special Master issued his Report and Recommendation on each of the motions to compel Plaintiffs had filed between August and October 2021.  (Docs. 362, 381, 382, 383, and 398.)  Vail Health exercised its right to object to limited parts of the Special Master's orders but otherwise complied with the Orders.

4

As to Motion to Compel #1, Vail Health sent a letter to the Special Master on July 20, 2022, detailing its compliance with the Order and informing the Special Master that it would appeal:

- The Special Master's order to produce documents concerning Vail Health's contemplated acquisition of physical therapy competitors outside the alleged Vail Valley market;

- The Special Master's order to produce physical therapy patient data from outside the alleged Vail Valley market; and

- The Special Master's order to produce documents referencing Vail Health's physical therapy competitors outside the alleged Vail Valley market.

(July 20, 2022 letter attached as Exhibit B.)

As to Motions to Compel #2-4, Vail Health sent a letter to the Special Master on October 17, 2022, detailing its compliance with the Orders other than the portions appealed. (October 17, 2022 letter attached as Exhibit C.) The letter identified that Vail Health had or would appeal:

- The Special Master's orders on Interrogatories 11, 12, 13, 20(e) and (f), and 21(d) and (e) insofar as they ordered production of information concerning joint ventures, collaborations, or strategic partnerships with respect to physical therapy services provided outside the Vail Valley market.

- The Special Master's orders on Requests for Production Nos. 7 and 8 insofar as they concern joint ventures, mergers, or other combinations concerning the provision of physical therapy services outside the alleged Vail Valley market.

As to Motion to Compel #5, Vail Health appealed the Special Master's Order to produce documents listed on its privilege log.

In other words, following Vail Health's October 17, 2022 letter, the only remaining discovery that remained at issue (if at all) was that subject to Vail Health's objections filed with the Magistrate Judge.

5

**III.     The March 13 Order**

Magistrate Judge Gallagher's March 13 Order addressed the topics on which Vail Health filed an objection.  With respect to Motion to Compel #1, the March 13 Order identified the two discovery requests subject to Vail Health's objections:  Request for Production No. 17 for patient data outside the alleged Vail Valley market and Request for Production No. 25 for information about physical therapy competitors outside the alleged Vail Valley market. (Doc. 457 at 4-5.)  The March 13 Order adopted the Special Master's order on Motion to Compel #1, thus requiring Vail Health to supplement its production as follows with documents from outside the alleged Vail Valley market that are responsive to Requests for Production Nos. 17 and 25 as limited by the Special Master.  The Special Master's orders about production are:

> REQUEST FOR PRODUCTION NO. 17
>
> > VH committed to producing data regarding patient treatment and locations.  Those included: [data fields].  If that has not been done, it is so ordered to be done within 14 days.[1]  **In light of Dr. Noether's comments, opinions and report, such production shall include in other locations outside the Howard Head Vail Valley location including Basalt, Summit, and Garfield counties.**

(Doc. 362 at 14 (emphasis added).)

> REQUEST FOR PRODUCTION NO. 25
>
> > First of all, the Special Master finds that the time frame is excessive, overbroad, and burdensome.  A period of 10 years back, to and including 2012, is reasonable and appropriate.  Secondly, the Special Master also finds that Plaintiffs' demand for 'smaller physical therapy practices' is excessive, overbroad, and burdensome, and does not have to be produced.  **The exception is if VH considered a purchase or consolidation with a much smaller competitor, that would have to be produced.**  Vail Health contends that it has agreed to produce and has produced a significant amount of information relating to Howard Head competitors, which the Special Master has confirmed in its responses.  The Special Master sustains VH's

---

[1] This data was produced on in October 2021 and supplemented in May 2022.

6

> objections to producing 'every single competitor of Howard Head.' **In light of Dr. Noether's comments, opinions and report, such production shall include in other locations outside the Howard Head Vail Valley location including Basalt, Summit, and Garfield counties.** Lastly, VH is only required to identify such a competitor by their location in these areas, since the remaining information could be publicly obtained.

(*Id*. at 15 (emphasis added).)

With respect to Motions to Compel #2-4, the March 13 Order addressed Vail Health's objections to the Special Master ordering supplemental responses to Interrogatories 11, 12, 13, 20(e) and (f), and 21(d) and (e) and Requests for Production Nos. 7 and 8. (Doc. 457 at 10-11.) The March 13 Order adopted the Special Master's orders, thus requiring Vail Health to supplement its responses to those interrogatories and two requests for production with information regarding specified actual or prospective transactions concerning the provision of physical therapy services outside the alleged Vail Valley market. Specifically, the Special Master's orders are:

INTERROGATORY #11:

> Structurally, this interrogatory is similar to Interrogatory #12 (addressed with regard to Motion to compel #3) and suffers from the same defects Consistent with that analysis, the Special Master determines that, to render this interrogatory comprehensible, and prevent it from being compound and overbroad, it needs to be rewritten. The interrogatory is allowed to be presented as follows: '*Identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion f such venture or collaboration."*

(Doc. 383 at 5.)

INTERROGATORY #12:

> The Special Master determines that, to render this interrogatory comprehensible and prevent it from being compound and overbroad, it must be reconstructed. The interrogatory is rewritten as follows: '*For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing*

7

> *physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services.'* The Special Master instructs that Vail Health shall answer the interrogatory as revised.

(Doc. __ at 4.)

> INTERROGATORY #13:
>
> The Special Master finds that, as written, the request is confusing, overbroad, and contains multiple inquiries. The Special Master therefore redrafts the inquiry to read as follows: '*For each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services, identify the Vail Health directors, officers, employees, or consultants that were involved in discussing antitrust anti-kickback, or prohibited physician referral issues.*'

(Doc. __ at 4-5.)

> INTERROGATORY #20(e) and (f)
>
> The Special Master further finds that the Interrogatories, as propounded, are overbroad. Specifically, the 'in any way related to physical therapy services' language in subsections (e) and (f) reaches too far. A consolidation that absorbed a third-party billing servicer or scheduling system into Vail Health's corporate structure could 'relate to' physical therapy services, insofar as the new entity would be responsible for billing or scheduling for any Vail Health services, including physical therapy services. Evidence of such a combination would have little relevance to the Plaintiffs' claims that Vail Health maintained a monopoly on physical therapy providers. the Special Master directs that Vail Health answer a narrowed version of Interrogatory #20(d)] and (f) to address only '*any joint venture, collaboration, or strategic partnership <u>whose purpose(s) included the provision of physical therapy services</u>.*'

(*Id.* at 6.)

> INTERROGATORY #21(d) and (e)
>
> The parties' positions with regard to this interrogatory are essentially the same as Interrogatory #20(e) and (f). Therefore, the Special Master directs that the ruling with regard to that Interrogatory applies to this Interrogatory #21(d) and (e) as well.

8

(*Id.* at 6-7.)

> REQUEST FOR PRODUCTION NO. 7 and 8
>
> > Vail Health maintains that certain documents are not responsive to the Plaintiffs' requests because they involve facilities outside of the Plaintiffs' claimed monopolized market—that is, the Vail Valley. . . . The Special Master rejects that contention. . . . Accordingly, the Special Master directs that Vail Health is obligated to produce such responsive materials if they exist.

(*Id.* at 3.)

Requests for Production Nos. 7 and 8 seek "All documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic [or Vail Summit Orthopedics] and Vail Health relating in any way to providing physical therapy services . . . ."

And as for Motion to Compel #5, the March 13 Order adopted the Special Master's order, thus requiring Vail Health to produce certain documents listed on its privilege log.

## IV. The Parties' Apparent Dispute

Vail Health has agreed to produce by April 26, 2023 the patient data required by Request for Production No. 17, and the documents from Vail Health's privilege log that the Special Master required be produced in his order on Motion to Compel #5. As to the remaining discovery ordered, the parties appear to have reached an impasse in interpreting the March 13 Order. Vail Health asserts that the above orders are clear and speak for themselves. Plaintiffs take a different approach. Based upon Plaintiffs' email correspondence and the parties' four conferrals regarding search parameters for the supplemental document production, it appears Plaintiffs are attempting to use the March 13 Order at least to (i) obtain discovery about every aspect of Vail Health's expansion into markets beyond the alleged Vail Valley market and (ii) require Vail Health to supplement its responses to all of Plaintiffs' discovery requests to include documents and

9

information about Basalt, Dillon, and Garfield counties. Neither is required by the March 13 Order nor appropriate.

As is clear from nearly every pleading filed in this years'-old case, including specifically the Special Master's orders and the March 13 Order, discovery in this case was and is appropriately limited to the provision of physical therapy services. Nonetheless, Plaintiffs now appear to suggest that they are entitled to discovery concerning, for example, all aspects of the recently opened Dillon Surgery Center (located in Dillon, Colorado) and Steadman Philippon Surgery Center (located in Basalt, Colorado)—even though nearly all aspects of those facilities are unrelated to providing physical therapy services. As reflected in the orders quoted above, the Special Master already has denied similar requests by Plaintiffs. (*See also, e.g.,* Doc. 383 at 4 (limiting discovery request as overly broad because "Plaintiffs' theory has not grappled with the fact that the proposed joint venture with Steadman encompassed a wide range of medical services, not just physical therapy.").)

Plaintiffs also have suggested that Vail Health is required to produce all documents and information about its Howard Head locations outside of the alleged Vail Valley market. Plaintiffs' position lacks merit. Aside from the privilege log documents and patient data (which are not the subject of this brief), the March 13 Order, when read with the Special Master's orders, required production of only documents concerning (1) Vail Health's physical therapy competitors in Summit and Garfield Counties and Basalt; (2) any consideration by Vail Health of purchasing or consolidating with a much smaller physical therapy competitor outside the alleged Vail Valley market; and (3) any proposed joint venture, merger, or other combination between Vail Health and Steadman or VSO concerning providing physical therapy services. Moreover, Vail Health was required to supplement certain interrogatories concerning proposed or consummated joint

10

ventures, collaborations, or strategic partnerships that involved providing physical therapy services. There is no order—no could there reasonably be—for Vail Health to produce every document about its own physical therapy locations outside of the alleged Vail Valley market.

In addition, there is no order that requires Vail Health to revisit each of its prior discovery responses not at issue in any of the Motions to Compel and supplement them with documents and information concerning activities outside the alleged Vail Valley market. In suggesting otherwise, Plaintiffs appear to be relying on dicta from the Special Master's orders and the March 13 Order discussing why documents and information outside the alleged Vail Valley market may be relevant. That analysis in the Court's Order does not support the position that all of discovery is now reopened and expanded let alone operate as an order requiring Vail Health to supplement all past discovery responses. Rather, in his orders, after setting forth a general analysis on potential relevance, the Special Master explicitly included a provision extending Vail Health's response to outside the alleged Vail Valley market for *only certain discovery requests*. Those are the requests Vail Health appealed, as detailed above, and with which it will now comply. Plaintiffs' attempt to rewrite the Special Master's orders should be rejected.

## CONCLUSION

Vail Health respectfully requests that the Court confirm the March 13 Order as written—apart from patient data and privilege log documents, Vail Health shall only be required to produce documents concerning (1) Vail Health's physical therapy competitors in Summit and Garfield Counties and Basalt; (2) any consideration by Vail Health of purchasing or consolidating with a much smaller physical therapy competitor outside the alleged Vail Valley market; and (3) any proposed joint venture, merger, or other combination between Vail Health and Steadman or VSO concerning providing physical therapy services. And that, Vail Health is

only required to supplement its responses to Interrogatories 11, 12, 13, 20(e) and (f), and 21(d) with information regarding proposed or consummated joint ventures, collaborations, or strategic partnerships that involved providing physical therapy services.

Respectfully submitted this 21st day of April, 2023.

    *s/ Jacqueline V. Roeder*
Jacqueline V. Roeder
Daniel A. Richards
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: jackie.roeder@dgslaw.com
       daniel.richards@dgslaw.com

*Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation*