UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

## MOTION TO REISSUE SCHEDULING ORDER

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") respectfully moves the Court to reissue a Scheduling Order as set forth in the accompanying Proposed Order.

### INTRODUCTION

This four-year-old case has been proceeding without an operative Scheduling Order. Fact discovery closed in December 2021 and the remaining discovery issues arising out of the five motions to compel decided by the Court-appointed Special Master will be complete in a matter of weeks. Thus, the time is right for this Court to reissue a Scheduling Order, putting into place all remaining deadlines in the case concerning experts, dispositive motions, and pre-trial proceedings.

For the past six weeks, Vail Health attempted to reach agreement with Plaintiffs jointly requesting the Court to reissue a scheduling order to shepherd this case to completion. Despite indications that they would agree to a scheduling proposal, Plaintiffs now refuse to agree to *any* scheduling proposal unless Vail Health acquiesces to unreasonable demands and conditions as a quid pro quo. For example, as a condition precedent to agreeing to any schedule, Plaintiffs

demanded Vail Health agree to further expansive discovery beyond the scope of the Special Master's Orders. Plaintiffs also demand Vail Health waive its right to depose Plaintiffs' experts, waive its right to challenge Plaintiffs' experts, and waive its right to move for summary judgment. These demands are inappropriate and illustrate why a scheduling order is necessary.

Accordingly, Vail Health respectfully requests that the Court reissue the proposed Scheduling Order set forth in the accompanying Proposed Order.

## **CERTIFICATE OF CONFERRAL**

In compliance with Local Rule 7.1, Vail Health conferred extensively with Plaintiffs in good faith by email, telephone, and video-conference over a six-week period to try to reach agreement on a schedule. After having previously raised the need for a scheduling order in early June 2023, Vail Health sent Plaintiffs a proposed joint scheduling order on June 15, 2023. Attached at Ex. A. On June 21, 2023, the parties conferred by phone and video. Plaintiffs expressed their concerns with the proposed schedule due to the timing of outstanding document review, schedule for summary judgment briefing, and the timing of trial. Vail Health requested that Plaintiffs make a counterproposal to the extent they sought revised or modified deadlines. On July 3, 2023, Plaintiffs sent a counterproposal with comments rejecting the dates for summary judgment, experts, and trial, noting the intervening holidays and Plaintiffs' deadlines in their pending state-court litigation with Vail Health. Attached at Ex. B.

After further conferral in which Vail Health reiterated its willingness to adjust the deadlines to accommodate holidays and competing case deadlines, Plaintiffs advised they would provide an updated proposal. On July 24, 2023, after follow-up requests by Vail Health, Plaintiffs responded with what they stylize as "proposed conditions for a schedule" which state that they will not agree to ask the Court to implement any schedule unless Vail Health agrees to a series of conditions

including at least that Vail Health voluntarily agree to further discovery, waive its right to depose experts, waive its right to challenge Plaintiffs' experts, and waive its right to file dispositive motions. Attached at Ex. C. Vail Health cannot agree to such conditions, let alone as a quid pro quo for asking the Court to reissue a Scheduling Order. Plaintiffs oppose this Motion.

## BACKGROUND

Plaintiffs filed this lawsuit on July 17, 2019, more than four years ago. Discovery closed on December 2021. At the time discovery closed, five motions to compel remained pending before the Court-appointed Special Master.[1] The Special Master resolved the pending motions and issued his Reports and Recommendations in the Fall of 2022 (the "Special Master's Orders"). Dkts. 362, 381, 382, 383, 398. Certain of the Special Master's Orders were clarified on appeal during a hearing before Judge Crews in April 2023. In general, the Special Master's Orders required Vail Health to review and produce documents for geographic areas outside of the Vail Valley, produce certain documents withheld on the basis of privilege, and amend certain interrogatories to account for an expanded geographic scope. *See generally id.*

Vail Health has now complied, or promised a date certain by which it will comply, with the totality of its obligations under the Special Master's Orders. Vail Health's efforts in this regard have been expensive and costly and include: collection of emails from nine new custodians at Plaintiffs' request, dozens of conferrals with Plaintiffs over numerous iterations of proposed search terms, the production of thousands of additional documents, the commitment to review over 20,000 additional documents by September 8, 2023, the production of reams of additional patient data outside of the Vail Valley, the production of documents on which the Special Master overruled

---

[1] Plaintiffs since filed an additional Motion to Compel on December 19, 2022, which has been referred to the Special Master under Rule 37(b). Dkt. 425.

-3-

previous assertions of privilege, and Vail Health's commitment to serve supplemental interrogatory responses by August 4, 2023. *See* July 27, 2023 Letter from E. Rothstein to A. Kidlow attached at Ex. D.

Vail Health has also agreed to go beyond its obligations under the Special Master's Orders to try to eliminate discovery disputes and move this matter forward including: producing a voluntary witness for a limited 30(b)(6) deposition, the production of certain lease and research agreements, and the production of other documents—and text messages—specifically requested by Plaintiffs but not subject to the Special Master's Orders. *See id.*

## ARGUMENT

A scheduling order is necessary "to offer a degree of certainty in pretrial proceedings, ensuring that, at some point, the claims and evidence are fixed so that parties may proceed to trial." *Getzel v. ATS Specialized, Inc.*, No. 21-CV-02836-DDD-NRN, 2023 WL 3276238, at *5 (D. Colo. Apr. 18, 2023). This case has been pending for four years. A reissued scheduling order will establish the guardrails necessary to avoid protracted disputes and ensure this case does not languish any longer.

**A.    A scheduling order will facilitate resolution and completion of discovery.**

A scheduling order is necessary to ensure the "parties conduct discovery efficiently and promptly." *See Chapter 1, Retired Enlisted Ass'n, Inc. v. Auto-Owners Ins. Co.,* No. 14-CV-01905-KLM, 2015 WL 2208189, at *2 (D. Colo. May 7, 2015). Fact discovery in this case closed in December 2021, except certain outstanding discovery disputes pending before the Special Master. The Special Master has ruled on those Motions to Compel. The scope of those Orders was clarified at a hearing before Judge Crews on April 26, 2023.

Since the hearing before Judge Crews, Vail Health substituted counsel and has sought to comply promptly with the Orders, conferring extensively with Plaintiffs to narrow or eliminate any further discovery disputes. By way of example, Vail Health agreed to collect emails for nine additional custodians not part of the case during the actual discovery phase and has run dozens of Plaintiffs' test searches to ensure transparency and to allow Plaintiffs to modify and iterate their searches as they deemed appropriate, including searches that went beyond the scope of the Special Master's Orders. On July 24, 2023, after numerous iterations, Plaintiffs provided Vail Health with its final set of search terms and custodians, and Vail Health committed to reviewing and completing its production of these documents by September 8, 2023. Once completed, Vail Health will have satisfied its obligations under the Special Master's Orders.

Now that such compliance is or will be complete, the need for a scheduling order is particularly acute. While any and all current discovery should be limited to that which was ordered by the Special Master, Plaintiffs have continued to move the goal posts, demanding discovery well beyond what was ordered by the Special Master, including consistently changing previous requests and making internally inconsistent demands. *See* Ex. D.[2] While Vail Health has voluntarily committed to go beyond its obligations under the Special Master's Orders in an effort to eliminate further disputes and move this case forward, a scheduling order will avoid or reduce further creeping discovery and, if necessary, ensure any disputes are promptly presented to and resolved by the Special Master, to the extent authorized.

---

[2] By way of example, on July 24, 2023, Plaintiffs' attorneys sent multiple competing and inconsistent proposed discovery plans within hours of one another, and each of these proposals sought different and expanded discovery well beyond the Special Master's Orders. *Compare* Plaintiffs' Discovery Plan at Ex. E, *with* Ex. C.

**B.     A scheduling order will facilitate just and efficient resolution.**

The absence of a scheduling order with deadlines is impractical and undermines a fair, just, and efficient resolution of this case. A scheduling order will help facilitate reasonable compromises and ensure that the case progresses towards trial. *See Getzel*, 2023 WL 3276238, at *5. The schedule proposed by Vail Health is reasonable, reflects significant consideration of Plaintiffs' prior requests, and establishes the necessary dates for the remaining litigation, including deadlines for supplemental expert reports, any expert depositions, and any expert and dispositive motions.

Plaintiffs should also want deadlines in place and would not be prejudiced by this Court entering Vail Health's proposed schedule. The schedule affords nine months after supplemental productions are completed to allow Plaintiffs to prepare their case for trial.

Vail Health proposes the following schedule, which also notes Plaintiffs' most recent positions for those deadlines albeit contingent on the conditions mentioned above:

| Event | Vail Health's Proposal | Plaintiffs Proposal |
|---|---|---|
| Deadline for Vail Health's Document Production, Supplemental Interrogatories, and Compliance with the Special Master's Orders. | September 8, 2023 | September 8, 2023 |
| Deadline for 30(b)(6) Deposition | September 22, 2023 | August 31, 2023[3] |

---

[3] Vail Health voluntarily agreed to produce a deponent(s) for a limited Rule 30(b)(6) deposition to resolve Plaintiffs' remaining disputes related to the financial data that was the subject of the Special Master's Order on Moton to Compel No. 1. *See* June 21, 2023 Email from C. O'Brien to S. Braunschweig at Ex. F. Vail Health's proposed deadline for this deposition takes into account that it has committed to completing its supplemental document production based on the now-finalized search terms and custodians by September 8, 2023. Subject to witness and attorney schedules, Vail Health will not oppose a request to conduct this deposition prior to September 8, 2023, if Plaintiffs agree they will not attempt to hold open, or reopen, the deposition based on any subsequently produced documents.

| | | |
|---|---|---|
| Deadline to Serve Supplemental Expert Reports[4] | September 29, 2023 | January 12, 2024 |
| Deadline to Serve Rebuttal Expert Reports | November 10, 2023 | February 9, 2024 |
| Deadline for Expert Depositions | December 22, 2023 | Parties should forego depositions. |
| Deadline for Summary Judgment | February 29, 2024 | Parties should forego summary judgment. |
| Deadline for Expert Challenges | March 15, 2024 | Parties should forego expert challenges. |
| Pretrial Conference | April 5, 2024 | June 2024 |
| Final Pretrial Conference | 2 weeks prior to trial | 2 weeks prior to trial |
| Trial | June 2024 | September 2024 |

Vail Health's proposed deadlines should be entered as proposed because they already consider and accommodate each of the deadline concerns raised by Plaintiffs during their conferrals. Vail Health agreed to commit itself to a deadline for supplementing its interrogatories by August 4, 2023, and to a deadline for completing its supplemental production of documents based on the recently-agreed upon search terms and custodians by September 8, 2023. Vail Health also agreed to adjust its originally proposed deadlines to account for Plaintiffs' concerns about holidays and the trial schedule in the separate state court case between the parties, which is set for trial in early February 2024. Vail Health further agreed to move its proposed trial date back by

---

[4] Plaintiffs' demand that Vail Health agree to postpone supplemental expert disclosures until 2024 is inconsistent with the limited expert supplementation contemplated by Plaintiffs. In their video conferral and their written counterproposal to Vail Health's proposed schedule, Plaintiffs made clear they only planned limited supplementation to one of their expert reports—namely, to supplement their damages expert's report to account for the impacts of the opening and closing of the economy because of the COVID-19 pandemic. *See, e.g.* Ex. B. When Vail Health pointed out that position was inconsistent with Plaintiffs expansive discovery demands, Plaintiffs changed their position and indicated they may want to supplement all of their expert reports and further demanded that Vail Health agree blindly to waive any depositions or challenges of their experts as a condition for agreeing to request this Court enter a scheduling order. *See*, *e.g.* Ex. C.

several months to accommodate Plaintiffs' concerns that they need more time for trial preparation. The proposed trial date would be about five years after the filing of this case, more than double the average for this District.

Plaintiffs have nonetheless refused to abide by any schedule, seeking to stymie forward movement and to extract unreasonable and implausible concessions from Vail Health. At this stage, the only thing that will bring this litigation to heel is to establish firm deadlines for the remaining schedule. Thus, Vail Health has no other option than to seek, on its own, for the Court to reissue a scheduling order to allow this stale case to reach its conclusion.

## CONCLUSION

For the foregoing reasons, Vail Health respectfully requests that the Court enter the Scheduling Order as set forth in the accompanying Proposed Order. Vail Health is available for a status conference should the Court so request.

Dated: July 27, 2023.

Respectfully submitted,

*/s/ Evan M. Rothstein*
Evan M. Rothstein (Bar No. 35990)
Colin O'Brien (Bar No. 41402)
David S. Jelsma (Bar No. 53916)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Evan.Rothstein@arnoldporter.com
Colin.Obrien@arnoldporter.com
David.Jelsma@arnoldporter.com

James L. Cooper
Francesca Pisano
Andrew Ellingsen
ARNOLD & PORTER KAYE

SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
James.Cooper@arnoldporter.com
Francesca.Pisano@arnoldporter.com
Andrew.Ellingsen@arnoldporter.com

Leah Schultz
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
Tel: (713) 576-2400
Leah.Schultz@arnoldporter.com

Sam Sullivan
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com
***Counsel for Defendant Vail Health***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023, I served via CM/ECF the foregoing **MOTION TO ENTER SCHEDULING ORDER** on all counsel of record.

                         */s/ Evan M. Rothstein*