# EXHIBIT B

# Schultz, Leah

| | |
|---|---|
| **From:** | Schultz, Leah |
| **Sent:** | Thursday, July 27, 2023 11:39 AM |
| **To:** | Schultz, Leah |
| **Subject:** | RE: Pls' Comments To Proposed Schedule.docx |

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Monday, July 3, 2023 11:52 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Cc:** sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** Pls' Comments To Proposed Schedule.docx

External E-mail

Evan and Colin:

Attached is Plaintiffs' response to your proposed amendment to the scheduling order. This is a word document so you can make changes to it directly, and it might be best for all of us if any changes are tracked with redlining.

Hope you have a nice Fourth of July.

Alan Kildow
970-390-6675

| Event | VH Proposed Deadline | Plaintiffs Proposed Deadline | Plaintiffs' Comments |
|---|---|---|---|
| Deadline to request input of the Special Master on any unresolved disputes related to his orders | July 23, 2023 | 14 days after Vail Health certifies productions are complete. | Plaintiffs agree that they will continue to address any concerns with compliance and to bring those issues to the Special Master as they arise (that is, the parties cannot reach agreement) so that they can be timely addressed by the Special Master. But a final date to request input of the Special Master can only come after Vail Health's Rule 34 document production is complete and Plaintiffs have a sufficient time to review the documents. |
| Deadline to complete remaining discovery required and permitted by Special Master's orders | August 25, 2023 | Plaintiffs would agree to this date so long as there is a set schedule in place to ensure the deadline will be met. | As things are moving right now, it appears that Vail Health will likely not make the August 25 proposed deadline. We need to discuss how the document review process and production to us can be speeded up. The average for review is approximately 80-100 documents/hour, which does not appear to be happening here. The parties need to agree to the searches and schedule for production before a deadline can be set. Plaintiffs seek to avoid having to go back to the Court to revise the schedule in the event the August 25 deadline is not met. |
| Deadline to file any other motions arising out of Plaintiffs' Motions to Compel #1-5, related discovery Orders, and resulting production (or nonproduction) by Vail Health | | September 22, 2023 | Plaintiffs agree that they will continue to address any concerns with compliance and will file motions as they arise (that is, the parties cannot reach agreement) so that they can be timely addressed by the Court. Other related motions, however, cannot be filed until Vail Health certifies its production is complete. |
| Deadline to serve supplemental or revised affirmative expert reports, if any | September 15, 2023 | September 29, 2023 | Plaintiffs will supplement Cobb damages report to address effect of COVID 19 and delays.<br><br>Plaintiffs do not anticipate any supplementation of the Schaffer report that the current scheduling order does not provide for any rebuttal reports. |

| Event | VH Proposed Deadline | Plaintiffs Proposed Deadline | Plaintiffs' Comments |
|---|---|---|---|
| Deadline to serve supplemental or revised rebuttal expert reports, if any | October 27, 2023 | October 27, 2023 | Vail Health may supplement Karraker report to address Cobb damages report. |
| Deadline to file motions for Summary Judgment | November 17, 2023 | Plaintiffs propose the parties agree to forego filing Rule 56 motions.  If not, Plaintiffs propose such motions be filed on August 25, 2023. | The summary judgment deadline is problematic because it immediately proceeds Thanksgiving, the ensuing holiday season, and the February 4 Eagle County trial that requires various and extensive submissions on November 27 (supplemental disclosures), December 11 (exchange of exhibits), December 25 (exchange of witness lists), and December 18 (motions *in limine,* which will be extensive).  (Plaintiffs' opposition would be due on December 8.)  During our June 21 conference we discussed the possibility of an earlier summary judgment deadline if Vail Health would provide us with information as to the issues that would be the basis of a motion it would file.   As we said, if there is a viable motion that would not be based on facts subject to documents not yet produced or that presents strictly legal questions, we would strongly consider moving the summary judgment deadline up.  And as we discussed, this date could also be moved up if there would be a change in the trial scheduled in Eagle County.  It is also worth mentioning Judge Martínez's position on Rule 56 motions: "In my view the overuse of motions filed pursuant to Fed. R. Civ. P. 56 in this District unreasonably delays the progress of civil litigation.  Counsel are well advised to avoid reflexively filing a motion for summary judgment." |
| Deadline to file motions challenging experts | January 13, 2024 | Plaintiffs propose the parties agree to forego filing Rule 702 motions. | If any party intends to file Rule 702 motions on the experts, Plaintiffs request a conferral now regarding the basis for any such motions.  In this way, the parties can proactively address and avoid the issues addressed by Judge Martínez: "the vast majority of |

| Event | VH Proposed Deadline | Plaintiffs Proposed Deadline | Plaintiffs' Comments |
|---|---|---|---|
| | | Otherwise, Plaintiffs will propose a date after parties confer about basis for motions. | purported Rule 702 arguments go to weight and not admissibility. Therefore, to the extent a Rule 702 motion has arguable merit and would leave the opposing party without evidence necessary to prove an element of its claim or defense, I may, in my discretion, sua sponte consider whether to grant leave to the non-movant to supplement the challenged expert opinion(s). A party considering filing a Rule 702 motion should carefully weigh whether it is better to reveal its challenges early and potentially give the opponent a chance to correct deficiencies before trial, or to save its challenges for cross-examination at trial." <br><br> Plaintiffs strongly disagree with the proposed date because the February 4 Eagle County trial that requires extensive preparation and submissions throughout January, including objections to exhibits (which presently exceed 10,000 documents), deposition designations, jury instructions and conferral, order of proof, and general preparation for trial. |
| Pretrial Conference (Magistrate Judge Crews) | February 3, 2024 | Possibly, if there is no Eagle County trial on February 5 | It is difficult to understand how February 3 (a Saturday, by the way) could be proposed knowing that Plaintiffs' counsel start the Eagle County trial on February 5. As any trial attorney would know, that the days leading up to any trial entails long hours in preparation for the trial. |
| Final Trial Preparation Conference (Judge Martinez) | Two weeks prior to trial | Possibly | The Eagle County trial is scheduled for February 1 to March 1, 2024. Any post-trial motions in that action would need to be filed within 14 days of entry of judgment. Alternatively, any appeal could be filed within 49 days of the date of the entry of judgment, and Plaintiffs will be filing an appeal related to the summary judgment order if it is not corrected. This pushes Plaintiffs into working on substantial filings for |
| Trial (Judge Martinez) | April 2024 | Possibly | |

| Event | VH Proposed Deadline | Plaintiffs Proposed Deadline | Plaintiffs' Comments |
|---|---|---|---|
| | | | both cases at the same time, which appears to be Vail Health's intent.  Plaintiffs understood from our conversation on Vail Health's proposed schedule that is exactly what Vail Health sought to do.  Plaintiffs do not view this as a good faith effort to reach agreement on a proposed schedule but rather to further prejudice Plaintiffs and jam them between the two cases.<br><br>Despite this, Plaintiffs would not oppose the April trial date if (1) document production was accelerated, (2) the number of issues submitted to the Special Master for his input are minimal, (3) neither party files summary judgment motions, (4) neither party challenges any of the experts, and (5) there is no Eagle County trial.  In short, jettison all the unnecessary, wasteful, and time-consuming processes and instead proceed to a trial on the merits. |