# EXHIBIT C

# Schultz, Leah

| | |
|---|---|
| **From:** | Rothstein, Evan M. |
| **Sent:** | Monday, July 24, 2023 1:36 PM |
| **To:** | VailHealth-SportsRehab |
| **Subject:** | FW: FINAL July 24 2023 Pls Statement and Proposal Re Scheduling.docx |
| **Attachments:** | FINAL July 24 2023 Pls Statement and Proposal Re Scheduling.docx |

_____

Evan Rothstein
Partner | Bio

**Arnold & Porter**

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Monday, July 24, 2023 12:35 PM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** FINAL July 24 2023 Pls Statement and Proposal Re Scheduling.docx

External E-mail

Evan:

Attached is Plaintiffs' statement and proposal regarding the scheduling of the federal case. We would like to discuss it in a meet & confer on Wednesday or Thursday of this week, so let us know when you would be available.

Regards,

Alan Kildow
970-390-6675

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' STATEMENT AND PROPOSAL REGARDING
MOTION TO AMEND SCHEDULING ORDER**

---

### STATEMENT REGARDING SCHEDULING

Plaintiffs have carefully considered the parties' proposed schedules for a motion to amend the scheduling order. Plaintiffs have come to certain conclusions that lead us to suggest the proposed schedule set out below. As to the speed with which this case proceeds, it goes without saying that no one wishes to see it concluded expeditiously more than Plaintiffs, and we want to work cooperatively with Vail Health to achieve that end. But given the extraordinary time and resources that have been expended thus far, the schedule must permit the case to be concluded in an appropriate manner. What has happened in the Eagle County case is nothing less than a travesty and an abuse of the judicial system. And here, after four years, Vail Health's production of documents is still not complete and a summary judgment has not yet been filed. Those elements of the case must be completed in an appropriate way.

1

The agonizing nature of the procedural history of the case falls squarely upon Vail Health and its decisions to unnecessarily delay the proceedings. It began with Vail Health's motion for a stay, which delayed the case by about a year. Then there were Vail Health's steadfast refusals to engage in discovery that led to futile informal discovery measures—again that Vail Health refused to engage in—that consumed about another seven months. Ultimately, this led to Magistrate Judge Gallagher permitting Rule 37 motions to compel to be filed and the appointment of Special Master Ruckriegle. Within a couple of weeks of that order, Plaintiffs filed its first of five Rule 37 motions which, with responses and a two-day hearing, took from August to November 2021. Again, Vail Health was given multiple opportunities to confer and try to resolve the discovery disputes. Instead, it filed a motion to terminate discovery and refused to do so in defiance of its agreement and Special Master's orders.

The Special Master's orders on those motions and the Magistrate Judge's decision on Vail Health's objection were not fully adjudicated until March 13, 2023. Even then, it took Plaintiffs well over six months to get Vail to comply with those parts of the orders to which did not object. This entire process took about twenty months, and it continues today. Vail Health has not yet fully complied with important parts of the Special Master's Orders. And from the March 13 order to the withdrawal of Davis Graham law firm, another two-plus months were wasted.

All told, our arithmetic says Vail Health unnecessarily (and at great cost) prolonged the case by nearly three years and did so deliberately. Having squandered that time, Vail Health is in no position to say: "We've exhausted our insurance coverage, so let's get this over chop-chop!" It now wants to jam Plaintiffs into reviewing tens of thousands of

2

documents—that should have been produced years ago—into a couple of months while at the same time still refusing to produce important documents. And all the while Plaintiffs are still filing motions to compel documents that Vail Health will not be produce. An example is its refusal to maintain and then produce text messages of four of its directors and officers—the most important players in this entire saga. And all that is just in the federal court action.

Much of what Vail Health has indicated it seeks in terms of a proposed amended scheduling order could be accomplished, but choices would need to be made, as outlined below. The choices will be required in part because of Vail Health's counterclaim in the Eagle County action, which has a month-long, date-certain trial beginning on February 5, 2024. In that case, Plaintiffs have filed two Rule 12(b)(1) motions to dismiss wherein they have requested a three-day evidentiary hearing that if held, will likely not take place until the autumn. We should know more about that after the August 3 status conference is held. In addition, trial preparation will require the filing motions *in limine*, witness and exhibit lists, proposed jury instructions, and the like, for which the Eagle County court has set definitive dates for filing.

With all that going on in the state court action, the schedule that Vail Health has proposed for the federal case is unrealistic and is intended to prejudice Plaintiffs in having to try one case, while at the same time preparing for a second trial. (Vail Heath was fully aware of the state court deadlines when its schedule was initially proposed—deadlines were scheduled things right on top of state court deadlines.)

## **PROPOSED CONDITIONS FOR A SCHEDULE**

Plaintiffs would agree to a truncated schedule with certain conditions, as we previously identified in our meet & confer conferences. They are as follows:

3

1. **Document Production Deadline.** Vail Health would need to produce the documents it has committed to produce by September 8, Vail Health's revised date. (Initially, Vail Health stated that it would be August 25, but it has since extended that date another two weeks.) To do so, Plaintiffs request that the proposed discovery plan be finalized and dates provided to ensure the deadline can be met. As noted from the chart, Vail Health undertook the review of Nicholas Brown emails on May 22, and as of this writing, it is still not complete. The next production is scheduled for July 28, and Plaintiffs still do not have any confirmation that the Brown search will be completed on that date. If the remainder of the document production proceeds at that pace, it seems impossible for the document production to be completed by September 8 deadline. If discovery is not complete by then, virtually no dates in Vail Health's proposed schedule could be met.

2. **Production of Attorney-Client Privilege Documents.** If the Special Master concludes that Plaintiffs' interpretation of his Order # 5 is correct, Vail Health will not file any further objections to his decision and would agree to produce the documents at issue within 14 days of his decision.

3. **Production of Text Messages.** Vail Health would agree to produce the text messages of Mike Shannon, Doris Kirchner, Will Cook, and Nicholas Brown. If Plaintiffs are required to file a Rule 37 motion to obtain these them, the motion schedule will make it impossible to meet Vail Health's proposed schedule.

4. **Rule 30(b)(6) Deposition.** A Rule 30(b)(6) deposition on the topics agreed upon by the parties must occurs (successfully) by August 31. (Plaintiffs provided their final Rule 30(b)(6) notice last week and have reserved all areas in Plaintiffs initial draft to which Vail Health interposed objections.)

5. **Amendment of Complaint.** Plaintiffs intend to serve and file an amended complaint, which Plaintiffs propose would have an October 31 deadline. Plaintiffs have thus far been precluded from filing a motion to amend because of Vail Health's failure to produce documents and its general obstruction of the discovery process generally. To meet Vail Health's proposed trial date, Plaintiffs propose to entirely eliminate the need for them to file a Rule 15(a) motion. Plaintiffs would simply serve and file the motion, Vail Health could answer it and/or file a Rule 12(b)(6) motion to dismiss. But the need for a motion seeking leave to amend would be eliminated. If Vail Health will not agree to that procedure, the time needed for a Rule 15(a) motion, a response by Vail Health, and any reply would eat up so much time that it would render Vail Health's current proposed schedule impossible to meet. So that process would need to be very clearly set forth in the schedule. If Vail Health will not agree to it, then a very different schedule will be required.

6. **No Expert Depositions.** Each party must agree to forego the deposition(s) of the other's expert(s).

7. **No Expert Disqualification Motions.** Each party must agree to forego filing motion(s) to disqualify the other's expert(s). As we previously stated in our last response, Judge Martínez does not look favorably on these types of motions, and if a party will be without an expert, he generally affords the party the ability to amend the expert report. Plaintiffs have asked Vail Health to identify any areas that it would file such a motion but have received no response. The parties should attempt to resolve this informally so that time and money will not be wasted on futile *Daubert* motions that will be denied.

8. **No Summary Judgment Motions.** Vail Health would agree that it will forego

5

filing a motion for summary judgment. That should be no loss. It has had four years to file a dispositive motion, but it has not done so. For two years, we asked Davis Graham to identify the Sherman Act element it intended to challenge in a summary judgment motion and it could not identify a single one. They just would not say anything. Plaintiffs again raised that issue during multiple recent conferrals and in writing but have had no response. Any Rule 56 motion that did not implicate disputed facts could have been filed if Vail Health had one, which it obviously does not have. Again, Judge Martínez has stated that he does not look favorably on summary judgment motions. So the parties should just put this needless and costly work aside and get this case to trial. If Vail Health truly desires to get this case to trial in its proposed time frame, it will have to give up what it almost certainly cannot keep.

In sum, the parties would, by agreement, streamline the federal case by jettisoning futile motions and discovery. If cost is a factor, which it should be for a community non-profit hospital, then the following schedule should be attractive in that it proposes the most cost-effective way to get the case to trial very close to the proposed end date.

**PROPOSED SCHEDULE**

| | |
|---|---|
| Rule 30(b)(6) Deposition of Vail Health (Howard Head financial data) | August 31, 2023 |
| Completion of Vail Health's Supplemental Production: | September 8, 2 023 |
| File Discovery Motions: | September 29, 2023 |
| File Second Amended Complaint: | October 31, 2023 |
| File Supplemental Expert Reports: | January 12, 2024 |
| File Response to Supplemental Expert Reports: | February 9, 2024 |
| Pretrial Conference: | June 2024 |

6

| | |
|---|---|
| Final Pretrial Conference: | Two weeks before trial |
| Trial: | September 2024 |