**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**PLAINTIFFS' RULE 37 MOTION TO COMPEL #6 RELATING TO TEXT MESSAGES**

---

**INTRODUCTION**

Plaintiffs seek an order under Fed. R. Civ. P. 26(a), 26(g), 34(a)(1), 37(a)(1), and 37(a)(3)(B)(iv) compelling Vail Health to produce text messages of (1) Michael Shannon, who served on the Board for 9 years, 5 as its Chair;[1] (2) Doris Kirchner, who was the CEO for 10 years and then Executive Director until December 31, 2020;[2] and (3) Will Cook, who has served as CEO and Board member for over the past 4 years.[3]  Plaintiffs also sought the texts of former Howard Head SVP and current Vail Health executive Nicholas Brown,[4] which Vail Health recently agreed to produce.

As to Shannon and Kirchner, their texts should have been collected, reviewed, and produced years ago.  On January 15, 2016, Vail Health informed Plaintiffs that they must

---

[1]    Ex. 1.
[2]    Ex. 2-3; Ex. 4 at 12:8-9.
[3]    Ex. 5; Leadership and Board," https://www.vailhealth.org/about/ leadership-and-board.
[4]    Ex. 6 at 8:1-9:14; "Leadership and Board," https://www.vailhealth.org/about/ leadership-and-board.

preserve documents, including texts, and yet, we still do not know whether or to what extent Shannon, Kirchner, or Cook followed their counsel's preservation instructions.[5] What became known on June 26, 2023—seven years later—is that the texts of Shannon and Kirchner were never collected or reviewed.  Vail Health has declined to say whether it collected or reviewed Cook's texts. Plaintiffs presume A&P has done so, but Plaintiffs understand that it will not produce them.  Case law holds, as Vail Health itself successfully argued in the state court case,[6] that Rule 34 requires the production of relevant texts.

Until A&P appeared and took control, Vail Health had produced a limited number of emails and concealed other extremely relevant documents and data.   A&P has attempted to rectify the production issues of its predecessor, Davis, Graham, and Stubbs ("DGS"), and is now conducting reasonable searches, reviewing and producing tens of thousands of relevant documents.  That is not to say, however, that all discovery disputes have been resolved and additional motions may be required.

From what Plaintiffs have seen thus far the newly-produced discovery shines a bright light on Shannon's commanding role and Kirchner's supporting role in the physical therapy joint ventures and agreements Vail Health ultimately entered with The Steadman Clinic and the Steadman Philippon Research Institute.  Those documents show *per se* violations of Sherman Act § 1 and confirm the already alleged monopolization violations of § 2.  As the Special Master observed last year in Order #2, documents that one would expect to exist and be produced were not.  We are learning why.  For now, Vail Health should be required to produce the texts out from Shannon, Kirchner, and Cook.

---

[5]    Ex. 7.

[6]    *See* Ex. 8 (seeking and obtaining "all" Steadman texts, among others, and asserting that taking ***three months*** to produce texts is violative of the rules).

## CERTIFICATE OF COMPLIANCE

Under Fed. R. Civ. P. 37(d)(1)(B) and D.C.Colo.LR 7.1(a), Plaintiffs conferred multiple times with Vail Health's prior and current counsel. Except for Brown's texts, the parties could not resolve this dispute, much of which is detailed in the Kildow Declaration.[7]

## FACTUAL BACKGROUND

On October 7, 2019, Plaintiffs served its first RFPs, identifying the relevant custodians as "Doris Kirchner, Michael Shannon, Nicholas Brown…and all Vail Health board members"[8] that would include CEO Will Cook. Plaintiffs also requested documents from "business and personal electronic mail and messaging systems," which obviously includes texts.[9] Plaintiffs sought documents related to Howard Head financials,[10] geographic market,[11] competitors,[12] joint ventures or combinations with The Steadman Clinic or Vail-Summit Orthopaedics,[13] and Plaintiffs.[14] In its response, Vail Health's DGS lawyers certified they had conducted a "reasonable and diligent search."[15] They never disclosed texts were excluded from review and production. Plaintiffs filed five motions to compel, three addressing Vail Health's noncompliance with Plaintiffs' first set of RFPs.[16]

In response, Vail Health asserted that Plaintiffs filed baseless motions to harass Vail Health, repeatedly claiming it had conducted an exhaustive search and produced all

---

[7]   Kildow Decl. ¶¶ 2-4,16-41.
[8]   Ex. 9 at 4 ¶ 6.
[9]   *Id*. *See also id.* ¶ 15 (defining "document" to include "text messages").
[10]  *Id.* at RFP Nos. 3-4.
[11]  *Id.* at RFP No. 5.
[12]  *Id.* at RFP No. 6.
[13]  *Id.* at RFP No. 7-8.
[14]  *Id.* at RFP No. 11.
[15]  Ex. 10 at 1 ¶ 2.
[16]  *See generally* ECF Nos. 127, 129, 157.

relevant documents.[17]  Vail Health also accused Plaintiffs of making false and vexatious statements that Vail Health and its counsel concealed relevant documents.[18]  The Special Master apparently did not agree, finding that "[i]t often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications …that Vail Health actually had, at some point, additional responsive information that it now claims to lack."[19]  The Special Master also questioned the adequacy of Vail Health's searches, setting up a protocol "to identify the *process* by which it conducted its searches: specifically, to identify the locations (electronic or otherwise) that it searched and the search criteria…it used.  The parties would then be in a position to discuss whether additional search locations or search terms might be likely to lead to the discovery of additional responsive information."[20]  Once done, the Special Master stated "Plaintiffs may inquire...via depositions or other remaining discovery devices as to why documents that seem like they should still exist no longer do, and in appropriate circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation."[21]

Plaintiffs have diligently followed this process, first with DGS, during innumerable conferrals where they sought the production of texts,[22] among other things.  Vail Health refused to undertake *any* further searches about anything, let alone produce texts.[23] Plaintiffs continued to seek Vail Health's cooperation but to no avail.[24]  At the end of April,

---

[17]    *See* ECF No. 152 at 1, 5-6, 8-9; ECF No. 156 at 1-2, 11; ECF No. 176 at 1-3, 5.
[18]    ECF No. 176 at 5.
[19]    ECF No. 381 at 3.
[20]    *Id.*
[21]    *Id.* at 2.
[22]    Ex. 11 at 26-27.  *See also* Exs. 12-14, 27-30.
[23]    Kildow Decl. ¶¶ 6-41.
[24]    Ex. 12 at 4-6; Ex. 13; Ex. 14, attachment at 2.  *See also* Exs. 27-28, 30.

DGS was replaced by A&P.  Plaintiffs immediately addressed the outstanding discovery issues with them, including texts.[25]  Initially, they were cooperative, saying they would first produce Shannon's and Kirchner's texts before moving to Brown and Cook.[26]

A month later, the cooperation changed, and they declined to say whether Shannon's and Kirchner's texts were ever collected or reviewed[27] and conditioned producing Brown's texts (no mention of Cook) if Plaintiffs agreed to subpoena Shannon and Kirchner themselves.[28]  The reason became evident on June 26, 2023, when A&P told Plaintiffs—for the first time—that Shannon and Kirchner refused to turn over their texts.[29]  No further details were provided other than that Plaintiffs should contact John McHugh, the attorney for Shannon and Kirchner who knew about any litigation holds[30] and the legal basis for refusing to provide their texts.  No one would confirm whether Vail Health had any cooperation agreements with Shannon or Kirchner regarding this case.[31]

## **ARGUMENT**

I.    **VAIL HEALTH SHOULD BE COMPELLED TO PRODUCE TEXTS OF CURRENT AND FORMER DIRECTORS AND OFFICERS.**

A.    **Vail Health Had A Duty To Preserve And Collect ESI, Including Texts.**

The first step in any discovery process is to preserve relevant information.  This obligation arises when the party has notice, or should have known, that evidence is relevant to litigation.[32]  The second step is the collection, review, and production of

---

25    Ex. 15, attachment at 3-5; Ex. 16.
26    Ex. 17 at 1, 3.
27    Kildow Decl. ¶ 40.
28    Ex. 18.
29    Ex. 25.
30    Kildow Decl. ¶¶ 38-39.
31    *Id.*; Ex. 25.
32    Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

information.[33]  The preservation and production procedures adopted by Judge Scheindlin in *Zubulake v. UBS Warburg LLC*, a leading case on this issue, should have been implemented by Vail Health: (1) once litigation is commenced or a party reasonably anticipates litigation, it must issue a "litigation hold" to preserve documents; (2) counsel must understand the client's retention policies; (3) counsel must communicate with "key players" to understand how information is stored; and (4) counsel must take reasonable steps to identify, search, and produce all sources of discoverable information.[34]

These procedure are enforced by Fed. R. Civ. P. 26(g), which requires an attorney or a party to certify that every discovery response or objection is "to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry."[35]   "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner" consistent with Rules 26 through 37.[36]  So Vail Health and its counsel (then DGS) had a duty to timely seek information about the texts of Shannon, Kirchner, Cook, and Brown (the major players).  They repeatedly certified they had, but that turned out to be untrue.

Here, the duty to preserve was triggered on January 15, 2016, when Vail Health sent Sports Rehab a litigation hold notice.[37]  It was reconfirmed on December 31, 2016, when Vail Health Board Chair Mike Shannon showed Steadman Managing Partner Marc

---

[33]   *J.S.T., In re Pradaxa Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 6486921, at *12 (S.D. Ill. Dec. 9, 2013); The Sedona Conference, *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production* (January 2004), at http://www.thesedonaconference.org/publications_html.

[34]   *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 441-43 (S.D.N.Y. 2004).

[35]   *See* Fed. R. Civ. P. 26(g)(2); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.,* 198 F.R.D. 508, 516 (N.D. Iowa 2000) (inquiry into signer's actual knowledge and motivation may be appropriate to determine improper purpose).

[36]   Advisory Comm. Notes to the 1983 Amendments to Rule 26(g).

[37]   Ex. 7.

Philippon a draft complaint captioned *Vail Health v. Lindsay Winninger and Sports Rehab Consulting LLC*, venued in Eagle County.[38]  Further confirmation of a need for a litigation hold came on August 17, 2017, when Plaintiffs' answered Vail Health's counterclaim and raised a defense implicating the anticompetitive conduct of Shannon, Kirchner, and Brown.[39]  And if there was any doubt, the trigger date could have been no later than January 21, 2019, when Plaintiffs served its motion to amend the Eagle County complaint adding Shannon and Brown as defendants (Kirchner was already a defendant) and asserting a claim under the Colorado Antitrust Act.[40]

Under Rule 34, documents are in a party's possession, custody or control if that party has actual possession *or* "has the legal right to obtain the documents on demand."[41] Failing to collect records from key players may constitute gross negligence or willfulness as does their destruction.[42]  Here, DGS and A&P have said that Vail Health issued a litigation hold but DGS was opaque whether Shannon was included.  A&P says he was, as were the other subjects of this motion, but Vail Health refuses to disclose any other details.[43]  For purposes of this motion, Plaintiffs accept those representations although significant doubts remain.  (The reasonableness of the doubts is manifested by A&P's review of tens of thousands of documents, including Brown's texts—documents Vail Health and DGS misrepresented to the Court had been produced or did not exist at all.)

---

[38]     Ex. 19 at 66:3-67:23, 78:1-81:14.
[39]     Ex. 20 ¶¶ 115-24.
[40]     Ex. 21 at 11-12, attachment Ex. 1.
[41]     *Klesch & Co. v. Liberty Media Corp.,* 217 F.R.D. 517, 520 (D. Colo. 2003) (quoting *Resolution Tr. Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992)).
[42]     *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., L.L.C.*, 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010).
[43]     Kildow Decl. ¶ 39.

### B.     Texts Are Discoverable Writings Under Rule 34.

Vail Health's attorneys seem to suggest that texts are in a different category of ESI and need not be produced.[44]   But their production is required because the sending of electronic written communications from one device to another—whether texts via phones or email messages via computers—resembles the process of sending physical letters. The sender composes a message and transmits it to the recipient who receives an electronic copy.   Texts have become popular in the business world as a quick way to convey important information in a matter of seconds by pressing a few buttons.[45]

In a litigation context, text messages are defined as "writings or other data transmitted electronically by cellular telephones."[46]   The Fed. R. Evid. 1001(a) defines a "writing" as "letters, [or] words…*set down in any form*."   Rule 34(a)(1)(A) requires the production of any document, including, "data or data compilations—*stored in any medium* from which information can be obtained...directly."   So texts are simply another form of ESI under Rule 34(a)(1).[47]   It is well established that text messages "fit comfortably within the scope of materials that a party may request under Rule 34."[48]   "In the contemporary world of communications, even leaving out the potential and reality of finding the modern-day litigation equivalent of a 'smoking gun' in text messages, e-mails, and possibly other

---

[44]     *Id.* ¶ 40.
[45]     *See* Lawrence Morales, II, *Symposium: The "Best Of" Litigation Update 2017: Discoverability and Admissibility of Electronic Evidence*, 79 Advoc. 119, 126 (2017).
[46]     10 A.L.R. 7th Art. 4 (2016).
[47]     *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, Case No. 17-cv-02824-JST (KAW), 2022 WL 16637990, at *8 (C.D. Cal. Nov. 2, 2022); *In re Gold King Mine Release in San Juan Cnty.*, No. 1:18-md-02824-WJ, 2021 WL 3472440, at *6 (D.N.M. Aug. 5, 2021); *Schmalz v. Vill. of Rosemont*, No. 13 C 8012, 2018 WL 1709, at *1 (D.N.D. Ill. Mar. 23, 2018).
[48]     *Flagg v. City of Detroit*, 252 F.R.D. 346, 352-53 (E.D. Mich. 2008).   *See also Lalumiere v. Willow Springs Care, Inc.*, No. 16-cv-3133, 2017 WL 6943148, *2 (E.D. Wash. Sept. 18, 2017).

social media, the Court is baffled as to how Defendants can reasonably claim to believe that their text messages would be immune from discovery."[49]   "Understandably, text messages are used in court proceedings to demonstrate what a user was thinking or planning when the text was written—perfect evidence to prove motive or intent."[50]

In response to Plaintiffs' RFPs, Vail Health did not say it was withholding texts because they were not relevant, nor could it.  They were never collected or reviewed,[51] so it could never know.  Nor did Vail Health object because production would be unduly burdensome.[52]  It also did not inform Plaintiffs that texts were withheld because they were not in Vail Health's custody or control.  If it had any doubt about its ability to preserve the texts of Shannon or Kirchner, it was obliged to notify Plaintiffs.[53]   But Vail Health's objections to the RFPs are silent as to texts,[54] even though they were specifically requested.  Vail Health, therefore, long ago waived any objections to producing texts.[55]

Brown obviously has responsive texts because Vail Health has agreed to produce them.[56]  Kirchner testified that she either turned texts over to her attorneys (DGS or John

---

[49]     *Paisley Park Enters., Inc. v. Boxhill*, 330 F.R.D. 226, 233-34 (D. Minn. 2019).
[50]     Judge Herbert B. Dixon (Ret.), *Text Messaging—The Digital Evidence Revolution,* ABA, 61 Judge's J. 4 (Nov. 2022).
[51]     *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009) (noting if discovery appears relevant, party objecting bears burden of showing why it is improper).
[52]     *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, Civil Action No. 13-cv-00214-REB-KLM, 2019 WL 1856743, at *3 (D. Colo. Apr. 24, 2019) (objection must be supported).
[53]     *Silvestri v. GMC*, 271 F.3d 583, 591 (4th Cir. 2001).
[54]     Ex. 10 at Response to RFP Nos. 3-8, 11.
[55]     *See, e.g., Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000) (failing to timely raise resulted in waiver); *Brandt v. Individual*, Civil Action No. 15-cv-02785-RM-NYW, 2018 WL 11414905, at *5 n.3 (D. Colo. May 22, 2018) (to be preserved, must be asserted in response to RFP); *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, Civil Action No. 13-cv-01511-WYD-BNB, 2014 WL 1515588, at *1 (D. Colo. Apr. 17, 2014) (same).
[56]     Kildow Decl. ¶ 37.

McHugh) or they were reviewed by way of snapshots.[57]  We know she texted Steadman CEO Dan Drawbaugh because she referenced those texts in emails to Shannon.[58]  One important text—that we only know about because she sent the text by email to Shannon—was that Steadman may not consummate a physical therapy joint venture with Vail Health but would instead compete directly with Howard Head.[59]  And Steadman managing partner Dr. Philippon testified in 2018, he received a lot of texts from Shannon,[60] but apparently none were reviewed and they definitely were not produced.

During conferrals, it became clear that Vail Health, DGS, and now A&P do not have (and probably never had) the texts of Shannon or Kirchner.[61]  The authorities cited above demonstrate that Vail Health and DGS were required to collect the texts years ago when they were directors.  Now that Kirchner is gone and Shannon is only a director of the Vail Health Foundation, Vail Health's response is: Go get the texts from Shannon and Kirchner yourself!  ***But*** you will have to go through their attorney, John McHugh, who says they won't turn them over.[62]  So that raises the question as to who bears the responsibility to ferret out the texts from Shannon and Kirchner—Vail Health or Plaintiffs?

## II.   VAIL HEALTH HAS THE OBLIGATION TO PRODUCE RESPONSIVE TEXTS OF SHANNON, KIRCHNER, AND COOK.

Rule 34 provides that a party may request production of documents "which are in the *possession, custody or control* of the party upon whom the request is served." (Emphasis added.)   "There is no ambiguity regarding the meaning of the phrase

---

[57]   Ex. 4 at 14:12-16:5.
[58]   Exs. 22-24.
[59]   Ex. 22.
[60]   Ex. 19 at 139:24.
[61]   Kildow Decl. ¶¶ 39-41.
[62]   *Id.* ¶ 41.

'possession, custody or control.'  The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has…the legal right to obtain the documents on demand."[63]  And control goes beyond the right to the "ability to influence the person in whose possession the documents lie"[64]—that is, *"the practical ability to obtain the documents from another, irrespective of legal* entitlements to the documents."[65]  The "ability to obtain documents on demand is not affected by the source's retention of ownership or its unilaterally imposed restriction on disclosure."[66]  The defendant is responsible for the production of such documents in the possession of the third party.[67]  Here, that is Vail Health.

Thus, "Rule 34 performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source."[68]  This is so because "it is not unusual for documents in the possession of a third party, closely connected to the litigation, to be subject to a Rule 34 request."[69]  Without

---

[63]     *Resolution Tr.*, 145 F.R.D. at 110.   *See also U.S. Intern. Trade Comm'n v, ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005); *Universal Truckload*, 2023 WL 2719438, at *2; *Sedona Corp. v. Open Solutions, Inc.*, 249, F.R.D. 19, 22 (D. Conn. 2008); *Gordon Partners v. Blumenthal (In re NTL, Inc. Secs. Litig.)*, 244 F.R.D. 179, 196 (S.D.N.Y. 2007); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989); *Klesch & Co.*, 217 F.R.D. at 520.

[64]     *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007).  *See also Bruner-McMahon v. Cnty. of Sedgwick*, No. 10. 10-1064-KHV-GLR, 2011 WL 3704742, at *1 (D. Kan. Aug. 21, 2011); *McCauley v. Sierra Cnty. Bd. of Cnty. Comm'rs*, Civ. No. 16-1046 MV/BBW, 2017 WL 341284, at *1 (D.N.M. Aug. 8, 2017).

[65]     *Ice*, 245 F.R.D. at 517 (emphasis added).  *See also Noaimi v. Zaid*, 283 F.R.D. 639, 641 (D. Kan. 2012).

[66]     *Ice*, 245 F.R.D. at 517.

[67]     *Sedona*, 249, F.R.D. at 22.

[68]     *Resolution Tr.*, 145 F.R.D. at 111.

[69]     *Ice*, 245 F.R.D. at 517 (quoting *Super Film of Am., Inc. v. USB Film, Inc.*, 219 F.R.D. 649, 653-54 (D. Kan. 2004)).

an expanded scope of production, a third party with a significant interest in the litigation could stymie the rules of discovery to the disadvantage of the party seeking production and the court.[70]  (Given what has been conveyed to Plaintiffs, the attempt to "stymie" the discovery process would appear to be by Shannon and Kirchner.)   But discovery is intended to "disclose the real points of dispute between the parties and to afford an adequate factual basis in preparation for trial."[71]   Thus, under Rule 34, Vail Health has the responsibility and obligation to retrieve and produce the texts of Shannon, Kirchner, and Cook.  What Plaintiffs seek through this motion is an order of the Special Master to require Vail Health to produce the responsive texts of all three.

With respect to Kirchner, Vail Health has "the legal right to obtain the documents" because, as she testified in her deposition, as part of her retirement package she signed an agreement with Vail Health that she would continue to cooperate with it regarding this litigation.[72]  Vail Health has an obligation to exercise those rights to collect, review, and produce her texts.  (A&P did not seem aware of this agreement and has not produced it, despite Plaintiffs' repeated requests.[73])  With respect to Shannon, he remains connected to Vail Health as a director of the Vail Foundation.  And presumably, Vail Health or its D&O insurer are paying the attorney who continues to represent them both, providing another legal and practical way to obtain the texts.[74]

---

[70]   *Id.*
[71]   *Resolution Tr.*, 145 F.R.D. at 110.
[72]   Ex. 4 at 12:14-13:1.
[73]   Kildow Decl. ¶ 35.
[74]   Ex. 4 at 13:5-20 (Vail Health paid Kirchner's attorneys); *Ice*, 245 F.R.D. at 517.

Finally, as to the ability to "influence"[75] both Shannon and Kirchner to cooperate, they were both long-time fiduciaries of Vail Health, owing duties to act in its best interests.[76]  Shannon certainly donated a great deal of money to it.  We surmise that they do not see themselves as protagonists in an illegal antitrust conspiracy designed to overcharge patients in the Vail Valley.  One would think that they would want to provide Vail Health with the evidence necessary to rebut Plaintiffs' claims and extricate Vail Health from this lawsuit.  When they were directors, Vail Health had a duty to collect their documents, and Shannon and Kirchner had a fiduciary duty to turn them over.[77]  Vail Health has thus far failed to fulfill its obligations under the Federal Rules, and Shannon and Kirchner have failed to fulfill their fiduciary duties to Vail Health.  The Court should compel Vail Health to fulfill those obligations now.  Cook is a director and officer of Vail Health, whose emails were produced; it should go without saying his texts should be too.

### C.    Plaintiffs' Requests For The Production Of Texts Were Timely.

Vail Health's counsel has claimed Plaintiffs were dilatory in requesting the texts.  But the parties were engaged in informal dispute resolution until July 20, 2021, when the Magistrate Judge permitted motions to compel and appointed a Special Master.  Between August 5, 2021 and September 7, 2021, Plaintiffs filed four motions to compel production of documents (including texts),[78] due to Vail Health's failure to meaningfully engage in discovery and its repeated misrepresentations that a thorough search was done.[79]

---

[75]    *Ice*, 245 F.R.D. at 517.
[76]    Ex. 26 ¶¶ 7.1, 7.2 (outlining director duties, including for indemnification).
[77]    *Kim v. Grover C. Coors Tr.*, 179 P.3d 86, 91 (Colo. App. 2007); *Scott Sys. v. Scott*, 996 P.2d 775, 779 (Colo. App. 2000).
[78]    ECF Nos. 127, 129, 132, and 157.
[79]    Kildow Decl. ¶ 4.

From the issuance of the Special Master's Orders and the Magistrate Judge's March 13, 2023 adoption of those Orders, Plaintiffs attempted to work cooperatively with Vail Health and DGS to resolve the discovery disputes, which included producing texts.[80] Through this process, Plaintiffs discovered that texts were withheld,[81] although Vail Health would not explain why. Rule 34(b)(2)(C) requires that any objection to a request to produce "must state whether any responsive materials are being withheld on the basis of the objection." In their RFPs, Plaintiffs defined "documents" to include texts. Vail Health did not disclose that they would not be produced, violating Rule 34(b)(2)(C). Vail Health cannot shift the blame to Plaintiffs for not ferreting out the issue earlier. The Special Master could not figure it out either, which is why he ordered Vail Health to identify how it searched for responsive documents, including locations.[82] Plaintiffs motion is timely.

## III.  VAIL HEALTH SHOULD BE ORDERED TO PRODUCE THE TEXTS ALONG WITH APPROPRIATE SANCTIONS.

Plaintiffs move for the following relief:

1.  Vail Health should be ordered to produce the texts of Shannon, Kirchner, and Cook that are responsive to Plaintiffs' RFPs, and do so within 21 days of the order.

2.  If Vail Health fails to produce those texts, as a sanction under Rule 37(e) and 26(g), Plaintiffs should be allowed to take a Rule 30(b)(6) deposition, at Vail Health's cost, to determine why the texts were not produced. If spoliated, Plaintiffs are entitled to inquire as to when, how, why, and who was responsible and may seek any further relief.

3.  If this motion is referred to the Special Master, Vail Health should be required to pay his fees and Plaintiffs' reasonable attorneys' fees. These sanctions are

---

[80]  *See, e.g.,* Exs. 12-14.
[81]  Kildow Decl. ¶¶ 15-16.
[82]  ECF No. 381 at 3.

because: (1) under Rule 34(a), Vail Health and its attorneys failed to conduct a reasonable search when responding to Plaintiffs' Rule 34 RFPs; and (2) under Rule 26(g)(1)(A) and 26(g)(3), Vail Health made misleading certifications that its responses were made after "reasonable inquiry" and that the disclosures were, to the best of the attorney's knowledge, "complete and correct."[83] Those certifications were false.

## **CONCLUSION**

Plaintiffs respectfully request that their motion be granted in its entirety.

Dated: July 30, 2023

*s/Alan L. Kildow*

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and
Sports Rehab Consulting LLC

---

[83]    *Kay Beer Distrib. v. Energy Brands, Inc.*, 2009 U.S. Dist. LEXIS 1305954, at *14 (E.D. Wis. June 10, 2009); *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2023, I served a true and correct copy of Plaintiffs' Rule 37 Motion to Compel #6 Relating To Text Messages, including exhibits, on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

_s/Alan L. Kildow_
Alan L. Kildow