# Exhibit 7

# Savage, Janet

| | |
|---|---|
| **From:** | Savage, Janet |
| **Sent:** | Friday, January 15, 2016 12:47 PM |
| **To:** | 'lindsay@sportsrehabconsulting.com' |
| **Cc:** | Anderson, Suzie; 'dave@sportsrehabconsulting.com' |
| **Subject:** | Vail Valley Medical Center letter |
| **Attachments:** | Ltr to L. Winninger.pdf |

Ms. Winninger, please review the attached letter.   Thank you.

JANET A. SAVAGE   PARTNER

P: 303.892.7341 ▪ F: 303.893.1379 ▪ C: 303.905.2459 ▪ vcard

**Davis Graham & Stubbs LLP**

1550 17th Street, Suite 500 ▪ Denver, CO 80202

*This email message, and its attachment(s), is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

**A LexMundi Member**

1



**Davis Graham & Stubbs LLP**

Janet A. Savage
303 892 7341
janet.savage@dgslaw.com

January 15, 2016

<u>Via Email and US Mail - Lindsay@sportsrehabconsulting.com</u>

Lindsay Winninger
Sports Rehab Consulting
1 Vail Road
Vail, CO 81657

Lindsay Winninger
Sports Rehab Consulting
3909 Fox Street
Denver CO 80216

## CEASE AND DESIST

Re: Interference with Contractual Relationship between Vail Valley Medical Center and David Cimino and Breach of Contract

Dear Ms. Winninger:

It has come to our attention that while David Cimino was employed as a physical therapist at the Howard Head Clinic for Vail Valley Medical Center ("VVMC"), he engaged in conduct at your request and on behalf of Sports Rehab Consulting ("SRC") that was a direct breach of both his duty of loyalty as well as his contractual obligations to VVMC. He and SRC also may have engaged in conduct that constituted theft and misappropriation.

David Cimino signed a non-solicitation agreement ("Agreement") as part of his initial hire at VVMC. That Agreement prevented him from directly or indirectly, soliciting, diverting or taking away or attempting to solicit, divert or take away any business VVMC has or solicited prior to the date of the Agreement or at any time during his employment with VVMC and for a year following that employment. That Agreement also contained a confidentiality provision. During his employment, he also agreed to keep all VVMC and patient information confidential. He is also subject to HIPAA and the confidentiality obligations imposed by HIPAA.

As an employee, he also owed a duty of undivided loyalty to act solely for — and in the best interests of — his employer. When an employee commences business as a rival concern while still in his employer's service, such as in the case of active solicitation of clients or employees, that conduct is a violation of the employee's duty of loyalty. The duty of loyalty prohibits employees from competing with the employer while still in the employ of that employer, such as soliciting customers away from the employer while still in the employ of that employer; and taking the employer's property.

1550 17th Street, Suite 500  ▪  Denver, CO 80202  ▪  303 892 9400  ▪  fax 303 893 1379  ▪  **DGSLAW.COM**

CONFIDENTIAL

Lindsay Winninger
January 15, 2016
Page 2

      This letter is intended to highlight some of the conduct VVMC has become aware of since Mr. Cimino's departure. VVMC is continuing to investigate this matter, so please understand this is not an exhaustive list of the misconduct engaged in by him and by SRC.

      VVMC is the official medical provider for the USA women's alpine ski team. As a result, it provides physical therapy to members of that team at the Howard Head Clinic. Following Mr. Cimino's departure, VVMC learned that while Mr. Cimino was still employed at VVMC, Mr. Cimino performed physical therapy services on a member of the USA women's alpine ski team on behalf of SRC. SRC in fact, prepared an invoice for those services while Mr. Cimino was still an employee of VVMC. SRC waited until he left employment to send that invoice which is further evidence of your knowledge that this conduct violated his duties to VVMC.

      VVMC has also discovered that Mr. Cimino and you met with the Sonnenalp Hotel, while he was an employee of VVMC and being paid by VVMC, to discuss an arrangement between SRC and the Sonnenalp in which SRC had its employees perform in room physical therapy at that hotel. As Mr. Cimino and you know, VVMC has had an arrangement for years with the Sonnenalp Hotel where VVMC refers its patients to the hotel in exchange for the Sonnenalp providing transportation for its guests to Howard Head Clinic.

      VVMC also discovered that while Mr. Cimino was still employed at VVMC, he took confidential, proprietary and copyrighted information belonging VVMC. He also sent copyrighted VVMC materials to SRC while he was a VVMC employee.

      VVMC has also discovered that while Mr. Cimino was an employee of VVMC, you sent him flyers for him to post on behalf of SRC. Those flyers announced that he was available for appointments from 8:00 am to 8:00 pm at SRC's clinic at the Four Seasons. This all occurred while he was an employee at VVMC. You were aware that he was a VVMC employee at the time you engaged in this conduct.

      The conduct outlined above, is a direct breach of his Agreement. That Agreement prohibited solicitation both during Mr. Cimino's employment as well as for a year after his termination. It is also in direct violation of his duty of loyalty while he was employed at VVMC. Your conduct also amounts to intentional interference with his Agreement as well as intentional interference with VVMC's prospective business advantage.

      If SRC continues to employ Mr. Cimino to engage in the conduct outlined above, it will thereby be engaging in conduct which intentionally interferes with his Agreement. VVMC hereby demands that SRC cease and desist from any and all activities interfering with the Agreement.

      Among other things, VVMC's damages for this conduct may include recovery of any compensation (including bonuses) paid to Mr. Cimino during the time that he was working for

Lindsay Winninger
January 15, 2016
Page 3

SRC; imposition of a constructive trust to collect the profits he and SRC received as a result of his breach of his duty of loyalty; punitive damages; and injunctive relief.

    Moreover, please let this letter serve as notice of potential litigation. SRC, Mr. Cimino, and all of SRC's employees, agents, and officers are hereby notified that they must preserve any and all evidence, including electronic documents and communications, relating to this matter. This obligation to preserve evidence includes, but is not limited to, all data generated and/or stored, on any and all computers, cell phones (including all text and/or SMS messages), email accounts, off-site storage and/or recovery facilities, and any and all data stored on any electronic storage medium, such as hard drives, flash drives, and online back-up services. This obligation is intended to be broadly construed so as to cover any and all information, of any type whatsoever, having any connection with the subject matter of this letter. In order to assure that your obligation to preserve information is met, please immediately forward a copy of this letter to all persons and entities with custodial responsibilities for items referred to herein.

    If Mr. Cimino has shared any VVMC information, please return all such information immediately (no later than January 19) to me, delete all such information from your system and agree that SRC, its employees and agents will not use that information in any way. We are in the process of checking VVMC's system to determine what additional information Mr. Cimino has taken.

    There will be no additional demand letters or warnings from VVMC. If SRC does not confirm, in writing, addressed to me, that it has taken action to remedy this problem no later than close of business January 19, 2016, VVMC will avail itself of all remedies available to it at law or equity, including seeking any available damages, to protect its rights. Thank you, and please contact me if you have any questions or concerns. If you are represented by counsel, please forward this letter to your counsel.

Very truly yours,

Janet Savage
Partner
for
DAVIS GRAHAM & STUBBS LLP

Cc:    Doris Kirchner
        Nicholas Brown
        David Cimino