# Exhibit 8

| | | |
|---|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: January 21, 2019 8:32 PM<br>FILING ID: 3968EA0F9ECDD<br>CASE NUMBER: 2017CV30102 | |
| **Plaintiffs:** v. | LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | ▲ COURT USE ONLY ▲<br>_____ |
| **Defendants:** | DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | Case No. 2017CV030102<br><br>Division 4   Courtroom 4 |
| **Counter-Plaintiff:**<br><br>v. | VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | |
| **Counter-Defendants:** | LINDSAY WINNINGER, an individual and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | |
| **Third-Party Plaintiff:**<br>v. | VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation. | |
| **Third-Party Defendant:** | DAVID J. CIMINO, an individual | |

4514452.9

| |  |
|---|---|
| Janet Savage, #11653<br>Richard (Rick) F. Lee, #46158<br>Michael Kotlarczyk, #43250<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>Telephone:  303.892.9400<br>Facsimile:   303.893.1379<br>E-mail:      janet.savage@dgslaw.com<br>                   rick.lee@dgslaw.com<br>                   mike.kotlarczyk@dgslaw.com<br><br>Attorneys for Defendant Doris Kirchner and Defendant,<br>Counter-Plaintiff and Third-Party Plaintiff:  Vail Clinic, Inc.<br>d/b/a Vail Valley Medical Center | |
| **DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE TEXT MESSAGES, EMAILS, AND OTHER RESPONSIVE DOCUMENTS** | |

Defendants Vail Clinic, Inc. ("Vail Health") and Doris Kirchner ("Kirchner") hereby submit their Motion to Compel Plaintiffs Lindsey Winninger ("Winninger") and Sports Rehab Consulting, LLC, ("SRC" and, together, "Plaintiffs") to Produce Text Messages, Emails, and Other Responsive Documents.  Plaintiffs are treating discovery as a game of cat and mouse. Plaintiffs produce only partial documents while hiding others that are both clearly relevant and often highly incriminating.  Plaintiffs supplement their responses only after Defendants catch them hiding documents.  Even then, Plaintiffs only produce a portion of the missing documents. Defendants thereafter must again follow up and again try to get this information.  This process takes months.  Even when Plaintiffs do produce missing documents, they do so right before a scheduled deposition to make it difficult, if not impossible, for Defendants to review the documents in time to question the witness about it at the deposition.  This is sanctionable conduct, and it must end.  The Court should compel Plaintiffs to produce the documents set forth below, immediately.

2

## FACTUAL BACKGROUND

In November 2015, Third-Party Defendant David Cimino ("Cimino") accepted a job as a physical therapist with SRC. At the time, Cimino was still employed as a physical therapist at Vail Health. Thereafter, Cimino began treating patients and soliciting other business on behalf of SRC *while he was still employed at Vail Health*. In addition, Cimino downloaded thousands of confidential documents from his Vail Health work computer onto two USB devices. These documents included trade secrets and protected health information ("PHI"). Cimino took these documents and the USB devices with him when he finally left Vail Health on December 30, 2015 and went to work exclusively for SRC.

In their Amended Complaint, Plaintiffs alleged that Defendants published defamatory statements about their involvement in Cimino's conduct to members of the Steadman Clinic, with whom Plaintiffs allegedly had contractual and non-contractual business relationships. Vail Health has asserted counter- and third-party claims against Plaintiffs and Cimino for breach of contract, breach of duty of loyalty, tortious interference with contract, civil theft, misappropriation of trade secrets, unjust enrichment, and conspiracy. Vail Health's counter- and third-party claims are based on evidence that Plaintiffs conspired with Cimino to steal documents from Vail Health and wrongfully solicit Vail Health's patients, referral sources, and business partners.

## CERTIFICATE OF CONFERRAL

Counsel for Defendants has conferred with Plaintiffs' counsel about the issues discussed herein on numerous occasions. On November 2, 2018, Defendants filed a similar motion to compel. Judge Gannettt did not rule on this motion before he retired. On December 2, 2018, this

3

Court denied Defendants' motion without prejudice and ordered the parties to mediate. Pursuant to the Court's order, the parties mediated these issues on December 19, 2018. Unfortunately, despite a good faith effort by counsel for Defendants, the mediation failed to resolve the issues raised herein. As a result, Defendants are renewing their motion.

## ARGUMENT

**I.   The Court should compel Plaintiffs to produce all text messages between Lindsay Winninger and Brad Schoenthaler (co-owners of Plaintiff SRC); all text messages between Winninger and/or Schoenthaler with Cimino and all text messages between Winninger, Cimino and/or Schoenthaler and the Steadman witnesses.**

Despite numerous requests from Defendants, Plaintiffs still have not produced all of their text messages with Cimino. In addition, Plaintiffs have not produced all messages with doctors, employees, and board members at the Steadman Clinic or the Steadman Philippon Research Institute ("Steadman Witnesses"). They have also not produced their text messages between the co-owners of SRC, Winninger and Brad Schoenthaler.[1] These text messages go to the heart of this case. They are relevant to Plaintiffs' claims for defamation and tortious interference, which are based on Plaintiffs' alleged communications and relationships with the Steadman Parties. They are also relevant to Vail Health's counter- and third-party claims, which are based on Plaintiffs' communications with Cimino and, in particular, whether Plaintiffs conspired with Cimino to steal documents and wrongfully solicit Vail Health's patients, referral sources, and business partners.

---

[1] Winninger has produced no text messages from her phone with Schoenthaler. SRC did not produce text messages from Schoenthaler's phone until December 18, 2018 (three days before his scheduled deposition). Even then, the production was incomplete. It stopped at April 2017 and did not include numerous text messages from 2015 and 2016.

4

Thus, Plaintiffs should have produced these text messages in their initial disclosures. Plaintiffs also should have produced these text messages in response to the following discovery requests, which Defendants served on January 11, 2018:

> **REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS or ELECTRONIC DATA [including text messages] RELATING TO any contracts, contractual relationships, or non-contractual business relationships, whether current or prospective, that YOU allege were interfered with by DEFENDANTS.
>
> **REQUEST FOR PRODUCTION NO. 7:** Any and all DOCUMENTS or ELECTRONIC DATA RELATING TO any COMMUNICATIONS [including text messages] between and/or among PLAINTIFFS and CIMINO since October 1, 2015, including but not limited to any COMMUNICATIONS to or from Mark Lacis which were ultimately received by SRC or WINNINGER.
>
> **REQUEST FOR PRODUCTION NO. 8:** Any and all DOCUMENTS or ELECTRONIC DATA RELATING TO any COMMUNICATIONS [including text messages] after December 1, 2015 between PLAINTIFFS and/or CIMINO on the one hand, and any current, former, or prospective patient, client, or business partner of VAIL HEALTH on the other hand and which RELATE TO the provision of physical therapy services by PLAINTIFFS or by CIMINO on behalf of PLAINTIFFS.
>
> **REQUEST FOR PRODUCTION NO. 12:** Any and all text messages RELATED TO VAIL HEALTH that have been sent to or from any cellular phone that YOU have owned since October 1, 2015.

Ex. 1 at 19-20 (requests to SRC); Ex. 2 at 17-18 (request nos. 5, 6, and 10 to Winninger).[2]

Despite these requests, Plaintiffs did not produce any text messages between Winninger and Cimino or Winninger and the Steadman Witnesses until June 26, 2018—only three days

---

[2] Defendants have set forth these discovery requests in full in the body of this motion pursuant to C.R.C.P. 121, § 1-12(2). Defendants are not including Plaintiffs' discovery responses in full because they are lengthy and contain mostly general statements that do not apply to the documents at issue. Defendants have attached Plaintiffs' supplemental responses in full as Exhibit 3.

5

before Winninger's deposition and less than a week before the then-scheduled discovery cut-off. At that time, Winninger produced some incomplete, but highly relevant messages with Cimino and the Steadman Parties. Plaintiffs should have produced these messages months earlier.[3] At her deposition, Winninger testified that she gave these messages to her attorney in March 2018. Ex. 6. Nonetheless, her attorney waited to produce them until three months later, just days before Winninger's deposition. *Id.* This delay is a clear violation of Plaintiffs' discovery obligations.

In addition to being long overdue, the messages that Winninger produced on June 26 were also incomplete. Notably, Winninger did not produce any messages with her business partner, Brad Schoenthaler, who is the managing partner of SRC. In addition, there were numerous gaps in the texts she did produce with Cimino and the Steadman Witnesses. On July 17, 2018, undersigned counsel emailed Plaintiffs' counsel a detailed chart identifying over 75 gaps in Winninger's production. Ex. 7. Since then, Plaintiffs have produced a limited number of additional messages, but their productions are still incomplete. Defendants have had to repeatedly follow up on missing or incomplete text messages, in many cases for weeks and months, often with no response from Plaintiffs.

---

[3] In one message, sent before Vail Health knew that Cimino had taken its information from its servers, Winninger told Cimino, "I need you to email what you took off their servers. Or any other info you have." Ex. 4. In another message, Winninger told the CEO of the Steadman Clinic that she had just learned the "severity" of Cimino's data breach and that she could no longer "back" him. Ex. 5. These messages are highly relevant and should have been produced in Plaintiffs' initial disclosures. The Schoenthaler text messages, produced at the end of December within three days of his deposition (almost a year after they were requested), also contain highly relevant, yet still incomplete information.

6

Again, Plaintiffs are treating discovery as a game of cat and mouse. For example, on October 19, 2018, following months of requests from Defendants for text messages that Defendants had discovered were missing from Plaintiffs' belated production, Plaintiffs produced some additional text messages from Cimino that they had not previously disclosed. Among those is a text message from Cimino in which he stated he was maintaining a calendar of his appointments at SRC so that SRC/Winninger could bill the patient. Ex. 8. Cimino sent this message on December 13, 2015—while he was still employed at Vail Health. *Id.* This message is highly relevant and should have been produced months ago. Yet another message in these belatedly produced text messages included a discussion in April 2016 between Winninger and Cimino about how many patient files he had taken. Ex. 9. Almost unbelievably, Plaintiffs had not disclosed or produced this message claiming it was not "relevant." It is hard to imagine a more relevant message in this case.

Even after Winninger's supplemental productions, there are still significant gaps in her text messages with Cimino. Among other things, Winninger has still not produced text messages with Cimino from the following date ranges:

- December 27, 2015 through December 31, 2015 (including no texts on December 30, 2015, Cimino's last day at Vail Health and the last known day that he downloaded documents from his Vail Health work computer onto the USB devices in question);

- January 8, 2016 through January 10, 2016;

- January 16, 2016 through January 17, 2016;

- January 20, 2016 through January 23, 2016;

- January 25, 2016 through January 28, 2016;

- January 30, 2016 through February 14, 2016;

7

- February 17, 2016 through March 2, 2016;
- March 24, 2016 through April 5, 2016;
- April 13, 2016 through April 24, 2016;
- April 26, 2016 through May 21, 2016;
- May 23, 2016 through July 11, 2016;
- July 13, 2016 through February 22, 2017;
- February 24, 2017 through April 25, 2017;
- April 27, 2017 through May 25, 2017; and
- June 1, 2017 through the present.

This list is not exclusive. There are also gaps before December 27, 2016. There are also gaps in Winninger's text messages with the Steadman Parties. In many cases, the page picks up with the continuation of a message. In those cases, the message produced was responding to a communication Plaintiffs have not produced.

In addition, Plaintiffs did not produce any text messages to or from Brad Schoenthaler until December 18, 2018—the day before the discovery mediation. On that date, Plaintiffs produced pictures of text messages displayed on Schoenthaler's old cell phone (often with his thumb obscuring the message). The messages were between Schoenthaler and Cimino and between Schoenthaler and Winninger. These messages are highly relevant and should have been produced months earlier. *See, e.g.*, Ex. 10 at SRC002909 (text from Cimino asking to use SRC facility to treat patient while Cimino was still employed at Vail Health); *see also id.* at SRC002973 (text from Winninger in February 2017, stating that she was making "good money" despite Defendants' alleged conduct, thereby undercutting her claim for damages).

8

Schoenthaler has not produced all of his text messages with Cimino or Winninger. Notably, Schoenthaler's December 2018 production did not include any texts with Winninger before 11:17 p.m. on January 8, 2016.[4] However, on January 7, 2016, numerous documents relating to Vail Health's "self-pay" program were accessed from the USB devices that Cimino took with him when he left Vail Health. Thereafter, on January 8, 2016, Schoenthaler and Winninger met with Nico Brown, the Senior Vice President of Business Operations at Vail Health. During that meeting on January 8, 2016, Schoenthaler and Winninger initiated a conversation about their false claim that Vail Health didn't offer self-pay. They initiated this conversation the day after Vail Health's self-pay documents were accessed from the stolen USB devices. This obviously suggests that Schoenthaler and Winninger reviewed some or all of the self-pay documents prior to meeting with Brown. The fact that Winninger and Schoenthaler chose not to produce any text messages between them before the meeting is highly suspicious.

At the other end of the timeline, Schoenthaler's texts with Cimino and Winninger inexplicably end on October 16, 2016[5] and April 28, 2017, respectively. Schoenthaler has not produced any text messages with Cimino or Winninger after these dates. At his deposition on December 21, 2018, Schoenthaler testified that he only produced text messages from an old phone that he stopped using in approximately June of 2017. Ex. 11 at 163-64. He did not produce any messages from his current phone, which he has been using for approximately a year-and-a-half. *Id.* Schoenthaler admitted that he has continued to text with Winninger during

---

[4] Winninger to this day, has not produced any text messages with Schoenthaler.

[5] Cimino's last day of employment at SRC was on or about October 16, 2016. However, Cimino continued to text with Winninger thereafter. This obviously suggests that Cimino also continued to text with Schoenthaler after that date. Schoenthaler has failed to produce any text messages with Cimino after October 16, 2016.

9

this time but has not produced any such messages. *Id.* at 164. Meanwhile, Winninger still has not produced any messages with Schoenthaler from her phone.

During the deposition, Plaintiffs' counsel argued that Plaintiffs are not required to produce communications between Schoenthaler and Winninger dated after they filed their complaint on April 25, 2017. *Id.* Plaintiffs' counsel argued that these communications are protected by the attorney-client privilege. *Id.* This is clearly wrong. Neither Schoenthaler nor Winninger is an attorney. They are business partners and cannot withhold their post-complaint communications based on privilege. Notably, Plaintiffs have not produced a log of the post complaint communications between Schoenthaler and Winninger that they have withheld.

Clearly, Plaintiffs have not produced all relevant text messages in their possession. Their selective, incomplete and belated productions highlight that they are hiding highly relevant information. Accordingly, the Court should compel Plaintiffs (including Winninger and Schoenthaler) to produce:

(1) <u>all</u> text messages with Cimino;

(2) <u>all</u> text messages with the Steadman Witnesses from October 1, 2015 through the present; and

(3) <u>all</u> text messages between Winninger and Schoenthaler from October 1, 2015 to the present.

Compelling Plaintiffs to produce these documents is the only way to ensure full disclosure without further delay.

10

Dated:  January 21, 2019　　　　　　　　　　DAVIS GRAHAM & STUBBS LLP

　　　　　　　　　　　　　　　　　　　　　　*/s/ Janet A. Savage*
　　　　　　　　　　　　　　　　　　　　　　Janet A. Savage, #11653
　　　　　　　　　　　　　　　　　　　　　　Richard F. Lee, #46158
　　　　　　　　　　　　　　　　　　　　　　Michael Kotlarczyk, #43250
　　　　　　　　　　　　　　　　　　　　　　1550 Seventeenth Street, Suite 500
　　　　　　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (303) 892-9400
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (303) 892-1379
　　　　　　　　　　　　　　　　　　　　　　janet.savage@dgslaw.com
　　　　　　　　　　　　　　　　　　　　　　rick.lee@dgslaw.com
　　　　　　　　　　　　　　　　　　　　　　mike.kotlarczyk@dgslaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Doris Kirchner and Defendant, Counter-Plaintiff and Third-Party Plaintiff:  Vail Clinic, Inc. d/b/a Vail Valley Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served via Colorado Courts E-filing system on this 21st day of January, 2019, to the following:

John W. Madden, III, #5125
The Madden Law Firm
999 18th Street
Suite 1500 South
Denver, CO  80202
(303) 436-1111
madden@themaddenfirm.com

*Counsel for Third-Party Defendant David Cimino*


Jesse Wiens
Fahrenholtz & Wiens LLC
100 West Beaver Creek Boulevard, Suite 236
Avon, CO 81620
(970) 949-6500
fwlawyers@gmail.com

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*


As a courtesy, a copy of the foregoing will also be served on the following via email:

| | |
|---|---|
| Sonya Braunschweig (admitted pro hac vice) | Alan L. Kildow (admitted pro hac vice) |
| 5501 Irving Avenue South | 15204 Wildwood Road |
| Minneapolis, MN 55419 | Burnsville, MN 55306 |
| (612) 819-2304 | (970) 390-6675 |
| sonya.braunschweig@gmail.com | alkildow@aol.com |

*Counsel for Plaintiffs/Counter-Defendants Lindsay Winninger and Sports Rehab Consulting, LLC*


    */s/ Richard Lee*
Richard Lee

22