# Exhibit 9

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Monday, October 7, 2019 12:33 PM
**To:** 'Savage, Janet' <Janet.Savage@dgslaw.com>; 'Roeder, Jackie' <Jackie.Roeder@dgslaw.com>; 'Richards, Daniel' <Daniel.Richards@dgslaw.com>; 'Anderson, Suzie' <Suzie.Anderson@dgslaw.com>
**Cc:** 'fwlawyers@gmail.com' <fwlawyers@gmail.com>
**Subject:** Sports Rehab v. Vail Health; Plaintiffs' First Requests For Production Of Documents

Dear Counsel:

Attached here to are Plaintiffs' First Request For Production Of Documents To Vail Health in the above-referenced case.

Alan L. Kildow
970-390-6675

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

 Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation.

 Defendant.

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VAIL HEALTH

 Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Sports Rehab Consulting. LLC and Lindsay Winninger request responses to the following requests for production of documents from Defendant Vail Clinic, Inc. (referred to as "Defendant" or "Vail Health").  Defendant is requested to answer these requests within 30 days from the date of service and according to the following instructions and definitions.

### INSTRUCTIONS

 1. Defendant is requested to search all documents within their possession, custody, or control, or within the possession, custody, or control of their agents, wherever located.  This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on their behalf.  A document is in Defendant's possession, custody, or control if it is in their actual possession, or if it is in the custody of another person and they own the document in whole or in part, have a legal right to obtain it, or

1

have any express or implied understanding that they may use, inspect, or copy such document, or as a practical matter, ought to do so.

2. If Defendant encounters any ambiguity in construing these Requests or instructions, set forth the manner deemed "ambiguous" and respond to the Request by indicating the chosen construction used in the response.

3. The documents shall include all attachments, envelopes, explanatory notes, memoranda, and any other material that encompasses the document(s) requested.  If the specific document elicited a response, the response is to be produced.  If the document was a response, the document to which it responded is to be produced.

4. For documents to be produced in electronic form, the parties shall meet and confer as to the exact standards for production.

5. In producing documents, all documents physically attached to each other when located for production shall be left so attached.  Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated.  Documents shall be retained in the order they were maintained, in the file where found, and shall be identified from whose files the document originated.

6. If any document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of the document is being withheld and redacted, and the reason that the document is being withheld and redacted.

7. If Defendant or its counsel assert that any document required to be produced is privileged or otherwise protected from discovery, state in their written response with respect to each document or thing for which a claim of privilege is made:

      (a)    The name and organizational position, if any, of each writer, author, or sender of the document;

      (b)    The name and organizational position, if any, of each recipient, or custodian of the document;

      (c)    The place, approximate date, and manner of recording, creating, or otherwise preparing the document;

      (d)    The form of the document (*e.g.*, memorandum, letter, e-mail);

      (e)    The subject matter(s) to which the document pertains; and

      (f)    The privilege asserted.

8.    This is a continuing request for information. Prompt supplemental production is required if you locate or obtain possession, custody, or control of additional responsive documents at any time during the pendency of this action.

## **DEFINITIONS**

For purposes of these requests for production of documents:

1.    "You," "your," "yours," and "Defendant" means Doris Kirchner and Vail Health and any predecessors and related business entities, including Vail Valley Medical Center, Vail Valley Surgery Center, LLC, and the physical therapy clinic doing business under the name Howard Head Sports Medicine ("Howard Head) on or about October 31, 2012 when Vail Health took over operation of the physical therapy unit doing business under the name Howard Head, as well as all present and former employees, agents, attorneys, accountants, consultants, representatives, and all persons acting upon their behalf or direction.

2.    "Plaintiffs" means Lindsay Winninger and Sports Rehab Consulting LCC, including all present and former employees, agents, attorneys, consultants, representatives, and all persons acting upon their behalf.

3

3. "Action" means the above captioned case filed and currently pending in Federal District Court, Denver, Colorado.

4. "Complaint" means Plaintiffs' original Complaint and all subsequent amendments.

5. "Discovery Requests" means all interrogatories, document requests, and requests for admissions served on Defendant in this action.

6. "Custodians" mean Doris Kirchner, Michael Shannon, Nicholas Brown, Luke O'Brien, Rick Smith, Margie Lim Morison, Darrell Messersmith, Ryan Kolczak, Tanya Rippeth, Mary Crumbaker, Cherie Chavez, Zach Smith, Gretchen Ebbeson, all employees of the physical therapy clinic doing business under the Howard Head name, and all Vail Health board members, and includes all business and personal electronic mail and messaging systems.

7. "Proaxis" means the physical therapy clinic that was formed in the late 1990s or early 2000s in South Carolina and which was associated with RPC-Vail, as defined below.  It is believed that Proaxis operated under numerous corporate or limited liability companies in South Carolina, North Carolina and Colorado whose precise names and jurisdictional origins are unknown to Plaintiffs at this time.  One or more of the Proaxis companies operated under the Howard Head trade name before Vail Health's takeover of the Colorado physical therapy units in November 2012, and includes any and all predecessors and affiliated companies, including Rehabilitation & Performance Center at Vail LLC, RPC-Denver, LLC , and Proaxis Vail, LLC.

8. "Rehabilitation & Performance Center at Vail, LLC" (sometimes hereinafter referred to as "RPC-Vail") was a physical therapy provider located in the Vail Valley,

4

Colorado, commencing in about 1993 and extending to at least October 31, 2012. It is believed to have continued doing business for a period thereafter, although that time period is currently unknown to Plaintiffs. At some point in the early to mid-1990s RPC-Vail licensed the Howard Head trade name from a predecessor of Vail Health. RPC-Vail maintained that trade name license until approximately October 31, 2012. At some point in the late 1990s or early 2000s, RPC-Vail became associated with Proaxis, as described above.

9. "Vail Health shared drive" means the computer server, platform or network system used by Vail Health, RPC-Vail, and/or Proaxis, and accessed by physical therapists, medical staff, administrative staff of Cimino to download files on the Cimino USB devices, during the period 1993 to the present.

10. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. "And" shall include "or," and "or" shall include "and."

12. "Any" shall include "all."

13. "Reflect," "refer," and "relate to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, pertaining to, and concerning.

14. "Communication" is used in its broadest sense and means the transmission, sending, or receipt of information of any kind by any means, whether face-to-face or otherwise, including, but not limited to: speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including electronic mail), magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio, or video

5

signal, telephone, teletype, telecommunication, text message, telegram, facsimile transmission, microfilm, microfiche, or photographic film of any type.

15. "Document" is used in its broadest sense and has the same meaning as defined in Federal Rules of Civil Procedure 34 and includes any designated documents or electronically-stored information—including writings, electronic mail, text messages, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form known to you or in your possession, custody, or control.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All audited and unaudited annual and quarterly financial statements of Vail Health. The relevant time period for Request No. 1 is Vail Health fiscal year 2009 to the present.

**REQUEST NO. 2:**

All annual, quarterly, and monthly financial statements, projections, and financial analyses relating to Vail Health's physical therapy clinic doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 2 is Vail Health fiscal year 2009 to the present.

**REQUEST NO. 3:**

All documents relating to the prices charged and revenues realized for the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 3 includes all contracts, agreements, and documents relating to prices for which medical insurers, medical plans, third-party health care administrators, and other health care reimbursement mechanisms have agreed to indemnify Vail Health for physical therapy services provided to patients by its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 3 also includes all contracts, agreements, and documents relating to prices charged by Vail Health to patients who do not have medical insurance, a medical plan, or any other payment arrangement with a third-party. The relevant time period for Request No. 3 is Vail Health fiscal year 2009 to the present.

**REQUEST NO. 4:**

All documents relating to the costs incurred and profits realized with respect to the physical therapy services provided to patients by Vail Health's physical therapy unit doing business under the trade name "Howard Head Sports Medicine." Request No. 4 includes, but is not limited to, the salary, benefits, and administrative and overhead costs incurred by Vail Health with respect to its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 4 is Vail Health fiscal year 2009 to the present.

**REQUEST NO. 5:**

All documents concerning Vail Health's contention as to the correct "relevant geographic market" and "relevant product or service market" for providing physical therapy services underlying the Complaint for antitrust violations. The relevant time period for Request No. 5 is November 1, 2011 to the present.

**REQUEST NO. 6:**

All documents concerning Vail Health's identification, analysis of, and any mention of the physical therapy providers that it has considered and/or does consider to be competitors of its physical therapy unit doing business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 6 is November 1, 2011 to the present.

**REQUEST NO. 7:**

All documents relating to any proposed joint venture, merger, or other combination between The Steadman Clinic and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 7 is November 1, 2011 to the present.

**REQUEST NO. 8:**

All documents relating to any proposed joint venture, merger, or other combination between Vail Summit Orthopedics and Vail Health relating in any way to providing physical therapy services. The relevant time period for Request No. 8 is November 1, 2011 to the present.

**REQUEST NO. 9:**

Employment records that identify each physical therapist employed by Vail Health in its physical therapy clinic doing business under the trade name of "Howard Head Medical Center." The relevant time period for Request No. 9 is November 1, 2009 to the present.

**REQUEST NO. 10:**

All employment agreements Vail Health has had with physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff who were employed by and/or associated with Vail Health with respect to the physical therapy clinic doing business under the trade name of "Howard Head Medical Center." Request No. 10 includes any changes in policies, procedures, and/or training related to nonsolicitation, noncompete, trade secrets, and confidentiality with respect to the categories of individuals listed above. This request includes any internet or net learning type of applications in which physical therapists, medical staff, directors, officers, managers, administrative staff, and secretarial staff had to acknowledge or agree to any policy updates or changes related to employment. The relevant time period for Request No. 10 is November 1, 2009 to the present.

**REQUEST NO. 11:**

All documents relating to and/or mentioning Lindsay Winninger, Brad Schoenthaler, and/or any other physical therapist or employee of Sports Rehab, as well as Sports Rehab as a business entity. The relevant time period for Request No. 11 is January 1, 2015 to the present.

**REQUEST NO. 12:**

All contracts, agreements, and documents that relate to the non-renewal and/or termination of Vail Health's contractual and business relationship with the physical therapy clinics in Colorado that were operated by RPC-Vail and/or Proaxis that engaged in business under the trade name "Howard Head Sports Medicine." The relevant time period for Request No. 12 is November 1, 2009 to the present.

**REQUEST NO. 13:**

All documents related to the maintenance, modification, deletion, or restructuring of the Vail Health shared drive from May 2012 to the present. This request includes, but is not limited to, all files and folders that were in the Vail Health shared drive from May 31, 2012 to the present (including Lindsay Winninger's folder), the preservation of the Vail Health shared drive as it existed before any changes were made by Vail Health in 2016 and 2017, communications about the restructuring, locking down, deleting, or moving files and folders stored on the Vail Health shared drive, and all documents related to any investigation, inquiry, or review related to the contents of the Vail Health shared drive. The relevant time period for Request No. 13 is May 31, 2012 to the present.

**REQUEST NO. 14:**

All documents produced by Vail Health and/or Doris Kirchner in *Winninger v. Kirchner* and *Vail Clinic, Inc.,* Case No. 2017CV030102, venued in District Court, Eagle County, Colorado.

| | |
|---|---|
| Dated: October 7, 2019 | *s/ Alan L. Kildow* <br> Alan L. Kildow, MN# 0143133 <br> 790 Potato Patch Drive <br> Vail, CO 81657 <br> Telephone: (970) 390-6675 <br> E-mail:  alkildow@aol.com |
| | Jesse Wiens, Colo. #33903 <br> Fahrenholtz & Wiens LLC <br> 100 West Beaver Creek Boulevard <br> Suite 236 <br> Avon, CO 81620 <br> Telephone: (970) 949-6500 <br> E-mail:  fwlawyers@gmail.com |
| | Attorneys for Plaintiff Sports Rehab Consulting LLC and Lindsay Winninger |

9

## CERTIFICATE OF SERVICE

      I hereby certify that on October 7, 2019, I served a true and correct copy of Plaintiffs Lindsay Winninger and Sports Rehab Consulting's First Set of Requests for Production of Documents to Defendant Vail Clinic, Inc. by email and U.S. Mail, on the following:

      Janet A. Savage
      Jacqueline V. Roeder
      Daniel Richards
      Davis Graham & Stubbs LLP
      1550 17th Street, Suite 500
      Denver, CO  80202
      Counsel for Defendant Vail Health

                                              *s/ Alan L. Kildow*
                                              Alan L. Kildow