# Exhibit 12

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, March 8, 2023 6:57 PM |
| **To:** | Richards, Daniel; Roeder, Jackie |
| **Cc:** | Alan Kildow |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--Request for Conferral |
| **Attachments:** | Conferral Request-Plaintiffs List of Custodians And Search Terms.pdf |

Counsel,

Plaintiffs request a Rule 7.1 conferral related to the attached document.  We would like to hold the conferral on Monday, Tuesday, or Wednesday of next week, so please provide dates and times you are available on those two days.  We will then forward to you the dial-in information for the call.

Sonya

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## PLAINTIFFS' SUPPLEMENTAL LIST OF ADDITIONAL CUSTODIANS AND SEARCH TERMS

### INTRODUCTION

In Plaintiffs' November 8, 2022 Notice of Outstanding Discovery Issues, Plaintiffs identified a number of discovery issues, a couple of which the parties were able to resolve without Court intervention. This memorandum addresses one unresolved issue related to additional custodians, locations, and search terms so that responsive documents can be located and produced. Plaintiffs seek to collaboratively work with Vail Health to resolve this issue but to do so will require Vail Health's cooperation and transparency.

Before turning to that issue, it is important to remember Magistrate Judge Gallagher recent instructions "that the parties should continue to confer and may file appropriate motions as to any outstanding discovery issues….Judge Gallagher intends to strictly apply the conferral requirements of Local Rule 7.1(a) and that motions and responses should specifically address the nature and contents of the parties' conferral as to each and every separate request."

1

**I.     ADDITIONAL CUSTODIANS AND LOCATIONS.**

**<u>Plaintiffs' Position</u>:**

Without explanation, Vail Health chose to limit its search for responsive documents to four email accounts: Doris Kirchner, Will Cook, Nicholas Brown, and Ellen Broersma. Plaintiffs have not located any antitrust case in which four custodian emails were searched, and a court finding that to be a "reasonable search." Of the four, only two would have relevant information for over six years of the relevant time period. So in an antitrust suit involving a decade, Vail Health located approximately 1,200 documents, which is 10% of the documents purportedly reviewed using very narrow search terms, which will be addressed more fully in the next section. Vail Health has provided no sworn affidavit explaining how the search of these *four email accounts* for documents responsive to antitrust RPFs was reasonable. And in light of the Special Master's Orders, it is clear it was not.

At page 3-4 of Order #3, the Special Master ordered Vail Health to identify the "Vail Health directors, officers, employees, or consultant that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services" involving "each joint venture, collaboration, or strategic partnership, whether completed or merely proposed…." At page 4-5 of Order #3, Vail Health was similarly ordered to identify those involved in discussing antitrust, anti-kickback, or prohibited physician referral issues" with respect to each physical therapy joint venture, collaboration, or strategic partnership, whether completed or not. At page 5 of Order #4, the Special Master ordered Vail Health to "identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail

2

Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration…."  And at pages 5-7 of Order #4, Vail Health was ordered to identify each attorney and accountant (both inside and outside) that was involved in the planning, discussions, negotiations, or agreements for the joint venture, collaboration, or strategic partnership, including legal, regulatory, and compliance issues.

In response to these five interrogatories, Vail Health identified individuals whose documents were not searched for responsive materials, which include:  Ted Sirotta, former CFO of Vail Health; Tim Wise, former Senior Business Projects Manager (for which no contact information was provided in Interrogatory No. 21); Mike Shannon, former Chair of Vail Health Board of Directors; Art Kelton, member of Vail Health Board of Directors; and Chris Jarnot, member of Vail Health Board of Directors, Justin Starzyk, member of Vail Health Board of Directors.  Additionally, Nicholas Brown identified Karen Hannah as his go-to person to obtain financial information for Howard Head, and yet, her files were not searched either.

Before moving on to Plaintiffs' request for additional custodians, Plaintiffs remind Vail Health that its RPFs were clear and consistent with Fed. R. Civ. P. 34.  Vail Health was requested to search for documents "within their possession, custody, or control, or within the possession, custody, or control of their agents, wherever located.  This includes, but is not limited to, documents placed in storage facilities, stored electronically, or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on their behalf.  A document is in Defendant's possession, custody, or control if it is in their actual possession, or if it is in the custody of another person and they own the document in whole or in part, have a legal right to obtain it, or have any express

3

or implied understanding that they may use, inspect, or copy such document, or as a practical matter, ought to do so." Likewise, "Document" was defined "in its broadest sense and has the same meaning as defined in Federal Rules of Civil Procedure 34 and includes any designated documents or electronically-stored information—including writings, electronic mail, text messages, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form known to you or in your possession, custody, or control."

Vail Health's SPI confirms that it also did not reasonably search relevant locations, including STRATA or another financial or accounting system containing Howard Head financial information as set out in Plaintiffs' Rule 37(b)(2) Motion #1, text messages, locations where word processing documents and spreadsheets are stored, any drives or files where custodians save documents, documents saved to desktops, backup files, emails, voice messages, etc. Vail Health has provided no basis that the *only* relevant place to search for documents is emails.

For example, documents produced in the federal action show that Shannon and Kirchner had text messages between themselves and with Steadman related directly to the antitrust issues that Plaintiffs moved to compel. Kirchner stated she gave her text messages to Davis Graham (at some unidentified point in time), which means that she apparently was able to self-select those messages. No search terms were provided in the SPI that identified those terms. And the SPI does not identify any other text messages that were searched in response to Plaintiffs' antitrust RFPs. In the state court action, Vail

4

Health and Shannon's counsel led Plaintiffs and the Special Master to believe that such text messages did not exist, and yet, we know now that they did—that is, if they have not been destroyed.

And in Order #3, Vail Health was ordered to produce Steering Committee documents "related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSF"…. In Daniel Richards October 17, 2022 letter to the Special Master, there is no mention of any search for Steering Committee documents. Plaintiffs raised this issue in the November 8, 2022 Notice of Outstanding Discovery Disputes, and Plaintiffs raised this issue at the November 11, 2022 conferral. Your representations about this "search" were deliberately vague, and no reason was provided that the SPI for the Steering Committee—as ordered by the Special Master—was not included in the October 17 letter, particularly given the presentation of Steering Committee #5:



Mr. Richards refused to disclose who was consulted to locate the Steering Committee documents, what locations were searched, and who from Vail Health was involved in the Steering Committee and could identify the locations were these documents are stored. Vail Health has not in any way complied with Special Master Order #3 and provided the required SPI.

5

**Plaintiffs' Request To Resolve This Dispute:** To move beyond and finally resolve these issues, Plaintiffs request that Vail Health agree to the following:

(1) Agree to add the following seven custodians to the search: Ted Sirotta, Tim Wise, Mike Shannon, Art Kelton, Chris Jarnot, Justin Starzyk, and Karen Hannah.

(2) Search additional locations: Locations where custodians store word processing, spreadsheets, and other documents; relevant drives, such as any location assigned to the individual to save information or used by the individual to save documents; custodian desktops; and text messages.

(3) Agree to search terms as set out below, which will be used for all custodians.

(4) With respect to the Steering Committee documents, identify the individuals associated with Vail Health that (1) provided Vail Health information to Hammes and/or (2) participated in the meetings; identify the locations where such documents are stored by consulting those individuals; run email searches for "Hammes," as well as "steering committee" and "ambulatory network plan" in the relevant custodian emails and where the custodian's stored such information; produce the ordered documents.

(5) If any documents, emails, or texts have been destroyed by any of the custodians or their agents listed above, Plaintiffs request that Vail Health identify the person most knowledgeable about the destruction.

(6) If any documents (which by definition includes emails, texts, word processing and spreadsheet documents) have been destroyed, Plaintiffs seek a deposition of each of the custodians about the destructions of such documents, not to exceed four hours for each person identified.

## II.   SEARCH TERMS.

**Plaintiffs' Position:**

Vail Health has repeatedly taken the position that it has adequately searched for responsive documents using "50" search terms. The search terms Vail Health used were so narrow that only 12,000 documents came up. Vail Health has not explained that after removing the privileged documents, why only 10% of the documents were produced. Nor has it explained search terms generated many hits that were found to be responsive.

6

Additionally, the searches set out in the November 10, 2021 letter and referenced in the October 17, 2022 letter, are drafted very narrowly. Nor are they really "50 discrete searches"—that is, the searches were broken down into discrete parts to make it appear that Vail Health conducted extensive searches, but in reality, only on limited topics.

For example, the "searches" at page 8 of Mr. Richards October 17, 2022 letter in response to RFP #7 and 8 can be broken down into one search related to the two specific collaborations with Steadman/SPRI and VSO/VSOF related to physical therapy:

> **Search #1:** Steadman or TSC or SPRI or VSO or "Vail Summit" and "joint venture" or "MSO" or "manage* service*"

So although RFP #7 and 8 relate to any combination related to physical therapy, Vail Health limited its search to just the joint venture and MSO. It also failed to include relevant terms such as "Steadman Philippon," "VSOF," "vsortho" (the email address for VSO), or "thesteadmanclinic" (the email address for Steadman). VSO* and *Steadman* would have captured email addresses.

Likewise, at page 3 of Mr. Richards October 17, 2022 letter, the "searches" related to RFP #2 and 4 (Howard Head financial data) can be boiled down to a single search:

> **Search #2:** "physical therapy" w/30 cost* or price* or revenue* or finance* or projection* or forecast* or valuation*

Vail Health has not explained why it limited that search to "physical therapy" without including "PT," "Howard Head," and "HH.*" Nor has Vail Health explained why it did not use the basic of financial terms—"income statement"—to search even the four email accounts, and in particular, Brown's. And having known that Karen Hannah provided financial information to Brown, Vail Health has provided no explanation as to why Hannah's name was not searched in Brown's emails to locate those documents.

7

Turning next to the November 10, 2021 Daniel Richards letter, the remaining "searches" can also be boiled down into one search:

> **Search #3:** "Howard Head" or HH and competit* or market or alternative or substitute w/30 PT or therapy

This search too was overly restrictive because it required "PT" or "therapy" to be within 30 words of "competit*" or "market" or "alternative" or "substitute." "Howard Head" is physically therapy so providing such restrictions were unnecessary and likely resulted in responsive documents being omitted. Additionally, Howard Head is often referred to as HHSM, so it is unclear why Vail Health did not search for "HH*" instead.

So at best, Vail Health conducted three searches in four email accounts for relevant documents. Its searches did not take into consideration the discovery requested in the RFPs, Plaintiffs repeated requests for specific documents, the realities of the documents/data themselves, and the allegations of Plaintiffs' Amended Complaint. And despite Plaintiffs repeatedly requesting documents involving various third parties (Deloitte, Jornada, Haverford, Healthcare Transaction Advisors, Hammes, etc.), which was also the subject of Plaintiffs' motions to compel, Vail Health apparently did not even search for those names either, as they were not identified in the November 10, 2021 letter or the October 17, 2022 letter.

**Plaintiffs' Request To Resolve This Dispute:** To move beyond and finally resolve these issues, Plaintiffs request that Vail Health agree to the following:

(1) Identify the number of documents that result from each of the searches identified above—that is, for Search #1, Search #2, and Search #3 identified above. We understand that there might be some overlap in the three searches, but sharing of the results is commonplace so that the parties can better structure the searches.

8

(2) Identify the number of documents that result by removing "w/30 PT or therapy" from **Search #3**, so that the parties can confirm whether that restriction affected the responsiveness in any way.

(3) Plaintiffs again request that Vail Health work cooperatively with Plaintiffs to identify additional searches to be run across all custodians.  Given that certain documents have been produced, those can clearly be eliminated from the search.  Likewise, those documents that Vail Health logged on its privilege log can also be eliminated from any search for the time being, as we await orders from the Court deciding those privilege issues.  That reduces the number of documents that would need to be searched.  Nor is it necessary to produce documents that duplicate those already produced, although Vail Health produced numerous duplicates in the 1,200 documents that it did produce.

(4) Plaintiffs request that the followings searches across all custodians, including the ones identified above (unless otherwise indicated), and provide the number of documents identified for each search along with any issues with the search so that the parties can work cooperatively to fine tune the search if necessary.

The proposed searches are set forth below based on where the case stands today, particularly as to Summit County, Basalt, Aspen, etc., which Vail Health has appealed, as well as other issues on appeal including SPRI and VSOF.  Depending on the Court's decisions as to these issues, Plaintiffs reserve the right to modify the following searches based on those rulings or conversations with Vail Health.

Additionally, the searches below may need to be modified depending on the document review system used.

(1) **Search #1 (RFP #2 and 4 Howard Head Financial Information):** "Howard Head" or "HH*" and "income statement*" or "profit and loss" or "p&l" or "p & l" or "balance sheet" or "indirect cost" or "direct cost*" or "indirect allocation*" or "operating expense*" or "operating revenue" or "patient revenue" or "gross revenue" or "operating margin*" or "contribution margin*"

(2) **Search #2 (RFP #5 Relevant Market):** "Howard Head" or HH* or "physical therapy" and market or "market share" or "in state" or "out of state" or geograph*

(3) **Search #3 (RFP #6 and 25 Competition):** "Howard Head" or HH* or "physical therapy" and competit* or strateg* or consolidate* or "roll up" or Axis or Avalanche or Panorama or Jointworx or "Vail Integrative" or "Valley View" or "Vail Physical"

9

(4) **Search #4 (RFP #7 and 8 Steadman/SPRI/VSO Combinations):** "Howard Head" or HH* and Steadman* or TSC or "Steadman Philippon" or SPRI or VSO* or "Vail Summit" and therapy or PT or partner* or align* or relation* or reset* or collab* or alliance

(5) **Search #5 (RFP #15 Steering Committee):** The search for these documents is set forth in the prior section.

(6) **Search #6 (RFP #2, 4, 5, 6-8, 8, 15, 25):** "Howard Head" or HH* or "physical therapy" and Deloitte or Jornada or Cain or Hammes or "Boston Consulting" or Haverford or "Healthcare Transactions" or HTA

10