# Exhibit 13

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, April 4, 2023 5:17 PM |
| **To:** | Roeder, Jackie; Richards, Daniel |
| **Cc:** | Alan Kildow |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--Legal Authority on Cooperation |
| **Attachments:** | April 4, 2023 Plaintiffs' Continued Request to Cooperate.pdf |

Counsel,

Attached is Plaintiffs' Continued Request for Cooperation that provides the legal authority you requested during the conferral today.  We await your promised legal authority.

Sonya

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' CONTINUED REQUEST THAT VAIL HEALTH COOPERATE
ON SEARCH TERMS, CUSTODIANS, AND SEARCH LOCATIONS**

---

## INTRODUCTION

Plaintiffs have made repeated requests for Vail Health to cooperatively participate in the production of responsive documents. To date, however, Vail Health has rejected every attempt Plaintiffs have made. During the April 4, 2023 conferral, Vail Health took the position that it has no obligation to cooperate with Plaintiffs regarding documents ordered to be produced under the Magistrate Judge's March 13, 2023 Order adopting Special Master Orders #1-5. According to Vail Health, it has started to search for responsive documents, but it takes the position that it is not productive or necessary under applicable case law to confer or cooperate with Plaintiffs concerning the identity of the custodians to be searched, locations to be searched, or the search terms to be used. Given Vail Health's position, Plaintiffs requested that Vail Health identify the case law supporting its position. Vail Health's counsel asked for case law supporting Plaintiffs' position, and Plaintiffs agreed to provide legal support for the proposition that cooperation

among the parties is necessary for effective discovery.  This memorandum constitutes a brief, but by no means exhaustive, explication of that legal authority.

Before turning to that, it is important to stress why cooperation is important.  One fundamental reason is that through cooperation, the parties can alleviate, or at the very least, lessen the need for motions to compel at later points in time.  If there is agreement about the locations searched using agreed upon search terms, any issues resulting from that search are minimized from the start.  As Plaintiffs have explained in written communications and during conferrals, Vail Health's initial search was limited to four email accounts using very narrow search terms, which refutes Vail Health's repeated representations to the Special Master and the Court that it conducted a diligent and reasonable search to locate responsive documents.

In his Orders on Plaintiffs' motions to compel, the Special Master did not hold that Vail Health conducted a reasonable search, despite Vail Health's counsel making those conclusory arguments in response to the motions to compel, at the discovery hearings, and in its proposed order related to those motions.  Instead, the Special Master found there were multiple issues as to whether Vail Health had adequately searched for and preserved relevant documents.

For example, in Order #2, the Special Master stated: "It often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications in some documents that Vail Health actually had, at some point, additional responsive information that it now claims to lack."[1]  Once a party claims, as Vail Health did here, that it has searched and not found any other responsive information, "the

---

[1] ECF No. 381 at 3.

debate then shifts from an inquiry into what information exists and becomes an inquiry into what information was searched."[2]  The Special Master further explained: "An adequate search that turns up no responsive information warrants the conclusion that no responsive information exists (even if one would expect that responsive information *should* exist).  But an inadequate search that yields no responsive information does not, and there remains the possibility that a broader or better search could indeed produce responsive material."[3]

In Order #3, issued the same day, the Special Master questioned (rightly so) whether Vail Health's search of just four email accounts "are the only reasonable sources for the requested documents."[4]  Given those questions and issues, the Special Master identified a "Search Process Information" ("SPI") protocol throughout his discovery orders, requiring Vail Health to identify: (1) the information locations it searched, (2) the search criteria it used, (3) and the locations and search terms to be used in the future to find responsive documents.[5]

And in Order #4, the Special Master further expounded on the SPI, recognizing the seriousness related to gaps in production:  "The Plaintiffs may inquire via depositions or other remaining discovery devices as to why documents that seem like they should exist no longer do, and in appropriate circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation."[6]  On March 13, 2023, the Magistrate

---

[2] *Id.*
[3] *Id.*
[4] ECF No. 382 at 3.
[5] ECF No. 381 at 4-6, 7; ECF No. 382 at 1, 3; ECF No. 383 at 1-3, 5.
[6] ECF No. 383 at 2.

3

Judge adopted Special Master Orders #1-5, including the issues regarding Vail Health's search for responsive documents.[7]

Thus, it is not "rank speculation" as Ms. Roeder characterized it during the April 4 conferral. Serious issues exist as to Vail Health's compliance with its discovery obligations; both the Special Master and Magistrate Judge reached the same conclusion. Plaintiffs have made multiple attempts to resolve this issue without the need for Court intervention, and with this memorandum, Plaintiffs again attempt to breach the impasse. In doing so, Plaintiffs urge Vail Health to take to heart the Tenth Circuit's admonition in another case in which a party took similar positions like Vail Health does here: "How many times can a litigant ignore his discovery obligations before his misconduct catches up with him? The plaintiffs in this case failed to produce documents in response to a discovery request. Then they proceeded to violate not one but two judicial orders compelling production of the requested materials. After patiently affording the plaintiffs chance after chance, the district court eventually found the intransigence intolerable…."[8]

## THE VALUE OF CONFERRAL AND COOPERATION IN DISCOVERY

It is Plaintiffs' contention that it was (and still is) Vail Health that has the burden to identify the relevant custodians, which only makes sense because it is in the best position to identify its directors, officers, and employees whose computers may have responsive digital information and desk files may have responsive hard-copy documents.[9] "The selection of custodians must be designed to respond fully to document requests and to

---

[7] ECF No. 457.
[8] *Lee v. Max Int'l*, 638 F.3d 1318, 1319 (10th Cir. 2011).
[9] *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, 2013 WL 6486921, at *12 (S.D. Ill. Dec. 9, 2013).

4

produce responsive, nonduplicative documents during the relevant period."[10]  During the Rule 7.1(a) conferral held today between counsel for the parties, Vail Health—through its attorney Jackie Roeder—admitted that Vail Health has such a discovery obligation.

Such a search requires a joint effort between and among knowledgeable officers and employees of the responding party working cooperatively with its attorneys[11] "to identify all employees likely to have been authors, recipients or custodians of documents" responsive to the requests for production.[12]  "It is inexcusable…to respond to a request for production without reviewing the computer of a primary actor in the sequence of events leading to litigation."[13]  Given what we now know, Vail Health has not reviewed the computers, files, text messages, emails, etc. of key witnesses in this case.  And it now refuses to disclose those custodians and locations that will be searched in complying with the March 13, 2023 Order.

The identification of individuals who would be expected to be potential document custodians is only the first step of a party's discovery obligations.  After identification, Rule 26(g) requires the party and its legal counsel to certify that a "timely, reasonable, and diligent search for all documents responsive to the plaintiffs' discovery requests"[14]

---

[10]    *Kleen Products, LLC v. Packaging Corp.*, No. 10 C 5711, 2012 WL 4498465, at *15 (N.D. Ill. Sept. 28, 2012).
[11]    *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04–2478–KHV–DJW, 2006 WL 1537394, at *6–7 (D. Kan. June 1, 2006); *Jacobson v. Starbucks Coffee Co.,* No. 05-1338-JTM, 2006 WL 3146349, at *2 (D. Kan, Oct. 31, 2006).
[12]    *Robinson v. City of Arkansas City, Kansas*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *4 (D. Kan. Feb. 24, 2012).
[13]    *Id.* (citing *Jacobson,* 2006 WL 3146349, at *2).
[14]    *Zander v. Craig Hosp.*, Civil Action No. 09-cv-021121-KHV-BNB, 2011 WL 834190, at *1 (D. Colo. Mar. 4, 2011); *Robinson*, No. 2012 WL 603576, at *4 (citing *FTC v. Affiliate Strategies, Inc.,* No. 09–4104–JAR, 2011 WL 251449, at *3 (D. Kan. Jan. 26, 2011)); *Hock Foods, Inc. v. William Blair & Co., L.L.C.,* No. 09–2588–KHV, 2011 WL 884446, at *8 (D. Kan. Mar. 11, 2011).

has been conducted.[15]  Electronically stored information ("ESI") such as emails implicate the need for a balancing between full disclosure of all possible relevant documents and information and the expense of the search.[16]  The balancing of these competing issues requires the cooperation of the parties in the design of ESI searches.  In *DeGeer v. Gillis*, the court noted that the "proper and most efficient" course is agreement of the parties as to "search terms and data custodians" prior to document retrieval.[17]

With regard to ESI, many courts look to the Sedona Principles and Commentaries, which are "the leading authorities on electronic document retrieval and production."[18]  *The Sedona Conference Cooperation Proclamation* calls for "cooperative, collaborative, [and] transparent discovery."[19]  The Cooperation Proclamation notes that courts see discovery rules "as a mandate for counsel to act cooperatively."[20]  "Courts expect parties to reach practical agreement on search terms, date ranges, key players, and the like."[21]  The District of Colorado has endorsed the Cooperation Proclamation.[22]  Thus, Plaintiffs seek to avoid any more issues, as well as unnecessary delays and costs associated with further motion practice, which has already consumed two years in this case.

---

[15]   *Robinson*, 2012 WL 603576, at *4 (citation omitted).  *See also Treppel v. Biovail Corp.* 215 F.R.D. 637, 640 (S.D.N.Y. 2006) (citing *G.E. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003); *McPeek v. Ashcroft*, 202 F.R.D. 31, 32-33 (D.D.C. 2001); *S2 Automation LLC v. Micron Tech., Inc.*, No. CIV-0884-JB/WDS, 2012 WL 3656454, at *32 (D.N.M. Aug. 9, 2012).
[16]   Fed. R. Civ. P. 26(b)(2)(C)(iii).
[17]   755 F. Supp. 2d 909, 929 (N.D. Ill. 2010).
[18]   *Romero v. Allstate Ins. Co.,* 271 F.R.D. 96, 106 (E.D. Pa. 2010).
[19]   *DeGeer*, 755 F. Supp. 2d at 918 (citing 10 SEDCJ 331 (2009)).
[20]   *Id.* (citation omitted).
[21]   *Id.* (citation omitted).
[22]   *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, Civil Action No. 11-cv-01611-MSK-CBS, 2014 U.S. Dist. LEXIS 42443, at *24 n.10 (D. Colo. Mar. 27, 2014) ("This court has endorsed The Sedona Conference Cooperation Proclamation…and its call for 'cooperative, collaborative, [and] transparent discovery.'"); *Lee,* 638 F.3d at 1319.

**PLAINTIFFS AGAIN SEEK TO RESOLVE THE DISPUTE**

As Plaintiffs have previously explained to counsel for Vail Health, to resolve this dispute without the need for Court intervention, Plaintiffs propose the following:

1. The parties confer and agree on the custodians, locations, and search terms to be used to locate responsive documents;

2. Vail Health provides the results of using the search terms to ensure responsive documents are being captured and work with Plaintiffs as to any tweaks that may need to be made;

3. Vail Health provides by way of sworn affidavit information surrounding the litigation hold employed in the case, which shall include the following:

    (a) The names of individuals to whom the litigation hold was sent and the dates on which the hold was communicated to those individuals;

    (b) The specific sources to be searched (hard drives, e-mail inbox, e-mail archives, back-up files, network drives, personal computers, cell phones, etc.) and who will search those locations (counsel or witnesses);

    (c) What specific search terms, if any, custodians were instructed to use in their search;

    (d) Any other directions custodians were given to limit or aid in their search;

    (e) When and for what specific sources preservation policies were put in place;

    (f) When and what steps were taken to preserve ESI;

    (g) What steps where taken to ensure compliance with preservation policies and to ensure the accuracy of searches after the litigation hold was distributed;

    (h) Identification of all documents related to preservation or search efforts, either in a privilege log or otherwise;

    (i) The capabilities and limitations of running a global search for e-mail and other electronically stored documents.[23]

---

[23]   *See Brown v. West Corp.,* 287 F.R.D. 494, 506 (D. Neb. 2012) (ordering essentially the same).

7