

# Exhibit 20

DISTRICT COURT, EAGLE COUNTY
STATE OF COLORADO

885 Chambers Avenue
Eagle, CO 81631

DATE FILED: August 17, 2017 8:03 PM
FILING ID: 12DFB92579E96
CASE NUMBER: 2017CV30102

**Plaintiffs:**  LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

v.

**Defendants:**  DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation.

---

**Counter-Plaintiff:**  VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado corporation,

v.

**Counter-Defendants:**  LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

---

**Third-Party Plaintiff:**  VAIL CLINIC, INC., D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,

v.

**Third-Party Defendant:**  DAVID J. CIMINO, an individual.

▲   COURT USE ONLY   ▲

Case No:  2017CV030102

Div.: 4      Ctrm: 4

| | |
|---|---|
| Taggart Howard, Esq.<br>Inga H. Causey, Esq.<br>CAUSEY & HOWARD LLC<br>275 Main Street<br>Suite G-005<br>Edwards, CO 81632<br>Phone Number:  970.926.6556<br>FAX Number:    970.797.4929<br>E-mail:  taggarthoward@me.com; inga.causey@me.com<br>Atty. Reg. #:  31770<br>Atty. Reg. #:  30987<br><br>Attorneys for Plaintiffs LINDSAY WINNINGER<br>and SPORTS REHAB CONSULTING LLC | |

| |
|---|
| **ANSWER TO COUNTER-PLAINTIFF VAIL CLINIC, INC.'S COUNTERCLAIM** |

Counter-Defendants Lindsay Winninger ("Winninger") and Sports Rehab Consulting LLC ("Sports Rehab") for their Answer to the Counterclaim of Counter-Plaintiff Vail Clinic, Inc., d/b/a Vail Valley Medical Center ("Vail Valley Medical"), by and through their attorneys, Causey & Howard, LLC, state as follows:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1.     Winninger and Sports Rehab admit the allegations in paragraph 1 of the Counterclaim except that they deny that Vail Valley Medical is properly characterized as a "Third-Party Plaintiff."

2.     Upon information and belief, Winninger and Sports Rehab admit the allegations in paragraph 2 of the Counterclaim except that they deny that Cimino is properly characterized as a "Third-Party Defendant."

3.     With respect to the allegations in paragraph 3 of the Counterclaim, Winninger and Sports Rehab admit that Sports Rehab is a Colorado limited liability company but deny that its principal place of business is located at 470 Homestead Drive, Unit 4, Edwards, CO 81632.  Winninger and Sports Rehab further admit that Sports Rehab is a member-managed limited liability company and that Winninger is one of two members of Sports Rehab.

4.     With respect to the allegations in paragraph 4 of the Counterclaim, Winninger and Sports Rehab admit that Winninger is an individual but deny that she resides in Vail, Colorado.

5.      With respect to the allegations in paragraph 5 of the Counterclaim, Winninger and Sports Rehab admit that this Court has subject matter jurisdiction over them but deny that the Counterclaim is only a civil action for damages.  To the extent this paragraph asserts that jurisdiction is appropriate as to Cimino, Winninger and Sports Rehab lack sufficient information to admit or deny that allegation and so deny that allegation.  The remaining allegations involve legal conclusions to which no responsive pleading is required.  To the extent a response is required, Winninger and Sports Rehab deny the allegations.

6.      With respect to the allegations in paragraph 6 of the Counterclaim, Winninger and Sports Rehab admit that this Court has personal jurisdiction over them but deny Cimino is properly characterized as a "Third-Party Defendant."  To the extent this paragraph asserts that jurisdiction is appropriate as to Cimino, Winninger and Sports Rehab lack sufficient information to admit or deny that allegation and so deny that allegation.  The remaining allegations involve legal conclusions to which no responsive pleading is required.  To the extent a response is required, Winninger and Sports Rehab deny the allegations.

7.      With respect to the allegations in paragraph 7 of the Counterclaim, Winninger and Sports Rehab admit that venue is proper as to them but deny they committed any tortious acts or any other wrongdoing.  To the extent this paragraph asserts that venue is appropriate as to Cimino, Winninger and Sports Rehab lack sufficient information to admit or deny that allegation and so deny that allegation. Winninger and Sports Rehab further state that term "Defendants" is ambiguous and Winninger and Sports Rehab lack sufficient information to admit or deny the remaining allegations and so deny those allegations.  Finally, Winninger and Sports Rehab deny that Cimino is properly characterized as a "Third-Party Defendant."

## SUMMARY OF ALLEGATIONS

8.      Winninger and Sports Rehab deny the allegations in paragraph 8 of the Counterclaim relating to the stealing of confidential and trade secret information, including "thousands of patient files."  Winninger and Sports Rehab also state, upon information and belief, that Vail Valley Medical and those working on its behalf, met with the Eagle County District Attorney *after* Winninger and Sports Rehab filed their lawsuit and put pressure on the District Attorney to file charges against Cimino.  Winninger and Sports Rehab lack sufficient information to admit or deny the remainder of the allegations and so deny those allegations.  Further, Winninger and Sports Rehab deny that Cimino is properly characterized as a "Third-Party Defendant."

Finally, Winninger and Sports Rehab state that Vail Valley Medical and others have repeatedly accused Winninger, Sports Rehab, and Cimino of stealing thousands of patient files.  In fact, in its Counterclaim, the words "stolen," "theft," "stealing," and "stole" are used at least 15 times to describe their purported conduct.  Vail Valley Medical's Counterclaim, however, does not comport with what it told the U.S.

Department of Health & Human Services ("HHS") when it provided notification of the purported breach of patient health information.  Vail Valley Medical did not report a "Theft"—a specific category identified on the HHS breach report—but rather that there was "Unauthorized Access/Disclosure":

| Breach Report Results | | | | | | |
|---|---|---|---|---|---|---|
| Expand All | Name of Covered Entity ⇕ | State ⇕ | Covered Entity Type ⇕ | Individuals Affected ⇕ | Breach Submission Date ⇕ | Type of Breach | Location of Breached Information |
| ⊕ | Vail Clinic, Inc. dba Vail Valley Medical Center, and dba Howard Head Sports Medicine | CO | Healthcare Provider | 3118 | 04/15/2016 | Unauthorized Access/Disclosure | Laptop, Network Server |

Similarly, the notice that Vail Valley Medical provided its patients did not state that the data was "stolen" or that there was a "theft" of data.  Rather, Vail Valley Medical told its patients "about a potential disclosure of personal health information."  Vail Valley Medical stated that a former physical therapist had "improperly acquired protected health information," had "copied numerous physical therapy and occupational therapy records" on two USB electronic storage devices, and took those devices with him when he departed.  Vail Valley Medical also stated that it "obtained the return of both electronic storage devices along with a signed certification from the former employee that he has not retained copies or otherwise provided any of the data to any other person or company."  Compl. Ex. 1.

On January 3, 2017—a year after the purported "theft"—Vail Valley Medical, through its counsel, sent Winninger a draft complaint that Vail Valley Medical threatened to file on January 6, 2017.  It did not do so.  The draft complaint is virtually identical to the Counterclaim here, except that the party designations have changed and an allegation has been added about a criminal complaint being filed against Cimino on June 15, 2017—over a year-and-a-half after the breach and six months after Vail Valley Medical threatened Winninger with the draft complaint.

9.     Winninger and Sports Rehab deny the allegations in paragraph 9 of the Counterclaim as it relates to them.  Winninger and Sports Rehab lack sufficient information to admit or deny the remaining allegations and so deny those allegations.  Finally, Winninger and Sports Rehab deny that Cimino is properly characterized as a "Third-Party Defendant."

10.     Winninger and Sports Rehab deny the allegations in paragraph 10 of the Counterclaim.  Winninger and Sports Rehab state that even if the nonsolicitation provision is valid, which it is not, that provision expired over six months ago and so there is nothing for this Court to currently enforce as to that provision.  Further, the "Certification of David Cimino," which was initially drafted by Vail Valley Medical, certifies under oath that Cimino has "not retained copies or downloaded or otherwise transferred any of the data on those USB drives to any other person, company, computer (including my home, laptop or work computers) or network."  He also certified that he had "not given, made available to, or otherwise provide any PHI to Lindsay Winninger or SRC [Sports Rehab]."

4

Upon information and belief, Winninger and Sports Rehab further state that the purpose of the Counterclaim is to unfairly restrain trade and drive Winninger and Sports Rehab out of business.  Winninger and Sports Rehab state that Vail Valley Medical and Howard Head's interest in Winninger started immediately after she started looking at possible locations in Vail for her physical therapy business.   In September 2016, Winninger met with the Four Seasons Hotel to discuss possible rental space for her business, Sports Rehab.   Vail Valley Medical and Howard Head apparently learned about this visit because Winninger immediately heard that Vail Valley Medical and Howard Head were highly concerned that Winninger might be returning to Vail to open her own physical therapy business.  Winninger was told that Luke O'Brien, a Vice President at Howard Head, was very interested in learning more about Winninger's plans in Vail.   Winninger reached out to O'Brien and set up a meeting at Yeti's on October 13, 2016.

At the meeting, Winninger told O'Brien that she was looking for space but had not yet signed a lease.  Winninger also explained that she was interested in living in Vail (after traveling for two years) but did not want to work for a traditional physical therapy clinic.  Rather, she wanted to still travel for some for her business but also wanted her own small space in Vail to treat patients.  O'Brien stated, "I'm in a different position than what I used to be.  If I was in your position, I'd love to do it that way.  But I'm not in the same position that I used to be when we worked together.  I'm in charge now, and I have different responsibilities."  Although O'Brien said that he was not concerned about Winninger as a competitor in her first year of business, he said he "would be worried in years 3, 4, and 5."  Winninger and O'Brien also discussed whether it was possible that Howard Head and Winninger could collaborate, but O'Brien appeared to think that was probably not possible.  O'Brien then said, "Competition is healthy, it gives you a chance to step back and evaluate things.  But technically, *my job is to look at you as competition and my job would be to eliminate you*."  He then explained that "the hospital looks at things differently in terms of numbers and staff," and he again alluded that his responsibilities were different.  When Winninger questioned whether he was kidding about the statements he made, O'Brien responded, "No, the hospital does things differently."  The conversation ended with Winninger and O'Brien considering possible ways of working together, but O'Brien said, "I just don't know how this would work."  In the end, Winninger agreed with O'Brien to "take some time and get back together in a couple of weeks" to discuss things.  Winninger and O'Brien did not meet again.

Instead, on January 8, 2016, Winninger met with Nico Brown, Vice President of Howard Head, at the suggestion of Dan Drawbaugh of The Steadman Clinic.  At the time of the meeting, Brown was fully aware of Winninger's relationship with The Steadman Clinic and the Steadman Philippon Research Institute.  They specifically discussed those relationships at the meeting and Brown questioned Winninger about the discussions she was having with Steadman and the Institute.

5

The purported purpose of their meeting was to discuss how Howard Head could collaborate with Winninger as to Steadman and the Institute's needs, creating some kind of preferred provider network.  Winninger questioned how this plan could work, given that Winninger and Sports Rehab's business model is different than Howard Head's—that is, Sports Rehab is cash pay only and Howard Head is insurance.  She also mentioned that she had just hired Dave Cimino and that it was important that there be a place for him as well.  Brown was very interested in how Winninger's physical therapy travel service worked and the amount she charged for that service.  He also (inexplicably) wanted to review her agreements.  Brown also acknowledged that Winninger and Sport Rehab's business model was different from Howard Head's, especially in the concierge and niche area, which Brown apparently saw as "a nice compliment" to Howard Head's business.  Brown saw Winninger's business as "that missing piece that we've always looked at in this big picture thing."

Part way through the meeting, Brad Schoenthaler of Sports Rehab participated by way of a conference call.  Brown told Winninger and Schoenthaler, "I've got great respect for you guys.  I think you guys are doing some great stuff and how do we collaborate and make the pie bigger for everybody in terms of we're going to create a preferred provider network that would directly help things for you guys…it's align or die, and so I'd like to see what sort of things could play out and what scenarios have you thought about and that sort of thing.  Because I know you guys have been thinking about it."  The parties then discussed possible ways they could collaborate.

Brown raised the possibility that Winninger and Sports Rehab's employees would become Howard Head employees.  That was news to Winninger, who had never heard that proposed before.  Brown also questioned Winninger about her physical therapy travel service—again, pressing her to disclose her agreements.  Schoenthaler responded that he did not have a problem providing those agreements once it was decided how the parties would collaborate.  Brown continued to press that their agreements should be provided to Howard Head, but Winninger and Schoenthaler declined that request.

At one point, the conversation shifted to Dave Cimino.  Winninger explained that Cimino had left Howard Head because he wanted to do something a little bit different— that is, he wanted more freedom in treating patients based on the patients' needs.  In response, Brown stated, "In the future, I would say if employees come to you with that sort of thing, come talk to me….I would appreciate that because those are the sorts of things we can collaborate on proactively.  I would say I'm going to have to do some damage control here….there's some relationships in the Vail clinic that were hurt a little bit by all of this"—that is, Cimino wanting to join Sports Rehab.  Brown also expressed that "Dave is one of my favorite people.  I will take care of him.  I wouldn't be here without Dave."

Throughout the conversation, Brown led Winninger to believe that he wanted to collaborate and work with Winninger and Sports Rehab.  He said things like, "I want to help you."  "I'd like you to be part of this journey."  I am "committed to working with you guys."  He even confirmed that there would be a place for Cimino in the plan.  But none of that turned out to be actually true.

In the end, Brown said that he needed to consult with Vail Valley Medical's CEO, Doris Kirchner, and Board Chair, Mike Shannon.  Brown stated that he hoped to meet again with Winninger the following week.  But that meeting never took place.

Shortly after the January 8,2016 meeting, Brown apparently told people at Vail Valley Medical and Howard Head that he had no intention of collaborating with Winninger and Sports Rehab.  He had obtained the information that he needed from the meeting and concluded that if Howard Head wanted to provide the services offered by Winninger and Sports Rehab, Howard Head could do it on its own.  In sum, the January 8 meeting was nothing more than a ruse to obtain information from Winninger and Sports Rehab about the services they provide, the cost of those services, their business model, and Cimino. Exactly one week after the meeting, Vail Valley Medical sent cease-and-desist letters to both Cimino and Winninger, which also served as notice to them of potential litigation.  Both Kirchner and Brown were copied on the letters.

## GENERAL ALLEGATIONS

11.     With respect to the allegations in paragraph 11 of the Counterclaim, Winninger and Sports Rehab admit that Vail Valley Medical is an independent, nonprofit hospital that provides a variety of medical services.  Winninger and Sports Rehab lack sufficient information to admit or deny the remainder of the allegations and so deny those allegations.

12.     With respect to the allegations in paragraph 12 of the Counterclaim, Winninger and Sports Rehab admit that Howard Head provides certain physical therapy services.  Winninger and Sports Rehab lack sufficient information to admit or deny the remainder of the allegations and so deny those allegations.

13.     With respect to the allegations in paragraph 13 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny the remainder of the allegations and so deny those allegations.

14.     Upon information and belief, Winninger and Sports Rehab admit the allegations in paragraph 14 of the Counterclaim.  Winninger and Sports Rehab further state that paragraph 30 of their Complaint referencing Cimino's start date with Howard Head as August 2012 was incorrect.

15.     Winninger and Sports Rehab lack sufficient information to admit or deny the allegations in paragraph 15 of the Counterclaim and so deny those allegations.

Winninger and Sports Rehab further state that Vail Valley Medical has provided only excerpts of the document so it is therefore incomplete.  Finally, Winninger and Sports Rehab state that the document speaks for itself and therefore no response is necessary.  To the extent a response is required, Winninger and Sports Rehab deny the allegations.

16.    Upon information and belief, Winninger and Sports Rehab deny the allegations in paragraph 16 of the Counterclaim as to when Cimino first informed Howard Heard about his pending departure but admit that his last day was December 30, 2015.  With respect to the remaining allegations, Winninger and Sports Rehab lack sufficient information to admit or deny what Cimino may have informed Vail Valley Medical about his departure and so deny those allegations.

17.    With respect to the allegations in paragraph 17, Winninger and Sports Rehab admit that it has two locations in Colorado—one in Denver and one at the Four Seasons in Vail—and is currently marketing cash-pay physical therapy services. Winninger and Sports Rehab deny that they directly compete with Vail Valley Medical and Howard Head for the same types of patients.  Winninger and Sports Rehab state that they offer personalized, cash pay, on location physical therapy services that are not offered by Howard Head.

18.    Winninger and Sports Rehab admit the allegations in paragraph 18 of the Counterclaim but deny the allegations that infer Winninger worked at Howard Head, or was a Vail Valley Medical employee, immediately before opening Sports Rehab.  From January 2008 to May 2012, Winninger worked for John Atkins and Topper Hagerman at Howard Head Sports Medicine and was never a Vail Valley Medical employee.  From May 2012 until April 2014, Winninger served as the head physical therapist for the U.S. Women's Ski Team.  Sports Rehab was formerly organized in March 24, 2014, and it opened the Vail location on or about December 15, 2015.

19.    With respect to the allegations in paragraph 19 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what Vail Valley Medical purports to have learned after Cimino's departure.  Winninger and Sports Rehab deny the remaining allegations.

20.    With respect to the allegations in paragraph 20 of the Counterclaim, Winninger and Sports Rehab state that the patient referred to in this paragraph was a U.S. Ski Team member who suffered a knee injury in November of 2015. Subsequently, a U.S. Ski Team physical therapist—Lyndsey Young—contacted Winninger by text and they subsequently spoke by phone.  In a December 15, 2015 telephone conversation, Ms. Young asked if Sports Rehab could help with the rehabilitation of the athlete.  Winninger informed her that she was unavailable to help this athlete at the time, but Ms. Young later texted asking: "Think Dave would work with her the week of Christmas?"  Shortly thereafter, Cimino began treating the athlete.  So

the Ski Team athlete was *Sports Rehab's and Winninger's* client at the time and neither Winninger or Cimino "solicited" the athlete away from Howard Head.

Further with respect to Paragraph 20, at all times relevant to the Counterclaim, Howard Head did not have exclusive agreements with its physical therapists, including Cimino, that would have precluded them from providing after-hour physical therapy services. Rather, Howard Head physical therapists routinely provide physical therapy services to patients after hours and on their own time. It should also be stated that members of the Howard Head physical therapy staff have been known, from time-to-time, to treat patients outside of their normal work ours. This fact was and is known by Luke O'Brien and Nico Brown. Since there was no solicitation of this U.S. Ski Team athlete, there was no violation of the purported Non-solicitation Agreement with Cimino. So this specific allegation in paragraph 20 of the Counterclaim is denied.

Winninger and Sports Rehab further state that the Counterclaim does not identify the relevancy of that patient to Vail Valley Medical. Purportedly, the only relevance that patient may have is based on a representation that Vail Valley Medical made in its January 15, 2016 cease-and-desist letter. In that letter, Vail Valley Medical asserted that because it is the official (not exclusive) medical provider for the U.S. Women's Alpine Ski Team and provides physical therapy to members of that team at Howard Head that it was improper for Cimino to have any contact with a member of the U.S. Ski Team. But as previously stated, Cimino did not solicit that patient and did not have an exclusive agreement with Howard Head and so he did nothing improper.

21. With respect to the allegations in paragraph 21 of the Counterclaim, Winninger and Sports Rehab admit that they met with the Sonnenalp Hotel to discuss Sports Rehab's new initiative to provide in-room, on location, cash-pay physical therapy services and injury screens, or services at Sports Rehab's new location at the Four Seasons Hotel. These were on location concierge services that were *not* provided by Howard Head or Vail Valley Medical. The Sonnenalp Hotel indicated it would consider referring patients with special needs that could benefit from the in-room services, but it was a bit uncomfortable recommending services at a competitor's location down the street. At no point did anyone at the Sonnenalp Hotel mention that there was any exclusive "business relationship" with Vail Valley Medical. No specific patients were solicited away, it was simply a business pitch to let the Sonnenalp Hotel know of Sports Rehab new service lines in town. The same pitch was made at numerous hotels in Vail. Winninger and Sports Rehab lack sufficient information to admit or deny the remaining allegations or what "business relationship" Vail Valley Medical has had with Sonnenalp Hotel and so deny those allegations.

Winninger and Sports Rehab further state that while the Counterclaim does not identify this "business relationship," Vail Valley Medical asserted in its January 15, 2016 cease-and-desist letter that the so-called business relationship was "an arrangement" "with the Sonnenalp Hotel where [Vail Valley Medical] refers its patients to the hotel in

exchange for the Sonnenalp providing transportation for its guests to Howard Head Clinic." The purported "business relationship" therefore has nothing to do with the types of cash-pay, in-room physical therapy services that Winninger and Sports Rehab offered to the Sonnenalp Hotel. Services provided at the Four Seasons Sports Rehab location are concierge services in which clients can pay out of pocket for whatever length of treatment time they wish, which differs from the traditional insurance-based model which Howard Head uses.

22.     With respect to the allegations in paragraph 22 of the Counterclaim, Winninger and Sports Rehab state that at all times relevant to the Counterclaim, Howard Head did not have exclusive agreements with its physical therapists, including Cimino, which precluded them from providing after-hour physical therapy services. Winninger and Sports Rehab lack sufficient information to admit or deny the remaining allegations or what "business relationship" Vail Valley Medical had with Sonnenalp and so deny those allegations. Finally, Winninger and Sports Rehab further state that the services it provides—in-room physical therapy on a cash-only basis—are not the same services provided by Howard Head and are not competing businesses. Winninger and Sports Rehab deny the remaining allegations.

23.     With respect to the allegations in paragraph 23 of the Counterclaim, Winninger and Sports Rehab state that at times relevant to the Counterclaim, Howard Head did not have exclusive agreements with its physical therapists, including Cimino, which precluded them from providing after-hour physical therapy services. Winninger and Sports Rehab further state that the services it provides—cash-only basis, in-room hotel physical therapy services—are not the same services that Howard Head provides and are not competing businesses. Winninger and Sports Rehab deny the remaining allegations.

24.     With respect to the allegations in paragraph 24 of the Counterclaim, Winninger and Sports Rehab state that at all times relevant to the Counterclaim, Howard Head did not have exclusive agreements with its physical therapists, including Cimino, which precluded them from providing after-hour physical therapy services. Winninger and Sports Rehab further state that the services it provides—in-room hotel physical therapy on a cash-only basis—are not the same services provided by Howard Head and are not competing businesses. Winninger and Sports Rehab admit that Cimino assisted Winninger and Sports Rehab with delivering certain limited marketing materials but deny the remaining allegations.

25.     With respect to the allegations in paragraph 25 of the Counterclaim, Winninger and Sports Rehab deny the allegations to the extent they draw the legal conclusion that any nonsolicitation provision was valid and enforceable.

26.     Winninger and Sports Rehab deny the allegations in paragraph 26 of the Counterclaim that Cimino was "working surreptitiously" for Sports Rehab.  Winninger and Sports Rehab lack sufficient information to admit or deny the remaining allegations and so deny those allegations.

27.     Winninger and Sports Rehab deny the allegations in paragraph 27 of the Counterclaim.

28.     With respect to the allegations in paragraph 28 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what Vail Valley Medical did or did not do and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

29.     With respect to the allegations in paragraph 29 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what the forensic review purportedly established and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

30.     With respect to the allegations in paragraph 30 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what the forensic review purportedly established and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

31.     With respect to the allegations in paragraph 31 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what the forensic review purportedly established and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

32.     With respect to the allegations in paragraph 32 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny what the forensic review purportedly established and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic

review.  Winninger and Sports Rehab further state that the allegations involve legal conclusions to which no responsive pleading is required.  To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

33.     Upon information and belief, Winninger and Sports Rehab admit that Vail Valley Medical and Cimino both stated Cimino returned two USB devices to Vail Valley Medical.  Winninger and Sports Rehab lack sufficient information to admit or deny the allegations as to when Vail Valley "learned this information" and so deny those allegations.  Winninger and Sports Rehab also lack sufficient information to admit or deny what the forensic review purportedly established and so deny those allegations. Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

34.     With respect to the allegations in paragraph 34 of the Counterclaim, Winninger and Sports Rehab lack sufficient information to admit or deny the allegations and so deny those allegations.  Winninger and Sports Rehab further state that one-and-a-half years after purportedly sending this information to a forensic computer company, Vail Valley Medical has never provided Winninger and Sports Rehab any substantive information about this purported forensic review.

35.     With respect to the allegations in paragraph 35 of the Counterclaim, Winninger and Sports Rehab state that Vail Valley Medical attached Exhibit 1 to the Counterclaim, which appears to be a Complaint and Information filed by the State against Cimino.  Winninger and Sports Rehab state that the document speaks for itself and that the allegations call for a legal conclusion and therefore no response is necessary. To the extent a response is required, Winninger and Sports Rehab deny the allegations.  Winninger and Sports Rehab further state, upon information and belief, that Vail Valley Medical pressured the Eagle County District Attorney to press charges against Cimino one-and-a-half years after this medical information was purportedly stolen and *after* Winninger and Sports Rehab filed this action to clear their name.

36.     Winninger and Sports Rehab deny the allegations in paragraph 36 of the Counterclaim.  Winninger and Sports Rehab further state that Vail Valley Medical has never provided any evidence that Winninger or Sports Rehab did anything improper, had access to any of Vail Valley Medical's purported confidential information, or used Vail Valley Medical's confidential information in any way.  Vail Valley Medical has refused to provide any "proof" of its allegations.  Nor has Vail Valley Medical identified with any specificity—although it purportedly had a forensic examination conducted of Cimino's computer and two flash drives—the confidential, proprietary, and trade secret information that Cimino purportedly took and allegedly passed on to Winninger.  After one-and-a-half years, Winninger and Sports Rehab still do not know what Cimino purportedly downloaded.  In contrast, Winninger and Sports Rehab have provided Vail

Valley Medical a detailed forensic expert report showing that no Vail Valley Medical patient files or documents are on Winninger's computer.  Winninger has also attested that she does not have any such information, and Cimino has similarly attested that he did not provide any Vail Valley Medical information to Winninger or Sports Rehab.

37.     Winninger and Sports Rehab admit that the quoted text in paragraph 37 of the Counterclaim is correct, further state any text message is incomplete, taken out of context, and speaks for itself and therefore no response is necessary.  To the extent a response is required, Winninger and Sports Rehab deny the allegations because the quote refers to creative professional work of each individual therapist.

38.     Winninger and Sports Rehab deny the allegations in paragraph 38 of the Counterclaim.  Winninger and Sports Rehab state that Vail Valley Medical has never identified with any specificity—although it purportedly had a forensic examination conducted of Cimino's computer and two flash drives—the confidential, proprietary, and trade secret information that Cimino purportedly took and allegedly passed on to Winninger.  It has not identified a single patient or business relationship that it has lost.  Winninger and Sports Rehab further state that there is no evidence that Sports Rehab (or Winninger) have ever used any Vail Valley Medical information.  Finally, Cimino stated under oath he returned all information in March 2016 and did not make any copies of the information.  He also has not been employed by Sports Rehab since October 2016.  Given these facts, Vail Valley Medical has not provided any evidence whatsoever how Winninger, Sports Rehab, or Cimino could purportedly "continue to use" any such information.  Winninger and Sports Rehab further state that the allegations are couched in conclusory terms and that Vail Valley Medical has not identified any specific confidential information or trade secret that Cimino or Sports Rehab purportedly used, let alone identify a single client (whatever that means), patient or business partner that was improperly solicited.  Finally, Winninger and Sports Rehab state that Vail Valley Medical waited over a year-and-a half to bring this Counterclaim, belying the notion that Winninger and Sports Rehab did anything improper, or that Vail Valley Medical suffered any harm.

39.     Winninger and Sports Rehab deny the allegations in paragraph 39 of the Counterclaim.  Winninger and Sports Rehab further state that the allegations are couched in conclusory terms and that Vail Valley Medical has not identified any specific confidential information or trade secret that Cimino or Sports Rehab purportedly used, let alone identify a single patient that was improperly solicited.

40.     With respect to the allegations in paragraph 40, Winninger and Sports Rehab lack sufficient information to admit or deny the allegations as to Vail Valley Medical or Howard head's development or maintenance of confidential and trade secret information.  Winninger and Sports Rehab further state that they have no idea what information Vail Valley Medical claims is at issue in this Counterclaim and that any Vail Valley Medical information would serve no purpose because Winninger and Sports

Rehab do not compete with Vail Valley Medical for the same type of physical therapy services.  Winninger and Sports Rehab deny the remaining allegations.

41.    With respect to the allegations in paragraph 41, Winninger and Sports Rehab lack sufficient information to admit or deny the allegations and so deny the allegations.  Winninger and Sports Rehab further state that to the extent that a physical therapist like Cimino could purportedly download over 3,000 patient files onto two separate flash drives at two separate times, it does not appear that Vail Valley Medical took the appropriate measures to protect this information.  Finally, the remedial efforts Vail Valley Medical states it has now implemented further establish that it did not adequately protect patient health information.

42.    With respect to the allegations in paragraph 42, Winninger and Sports Rehab lack sufficient information to admit or deny the allegations and so deny the allegations.  Vail Valley Medical has never identified with any specificity—although it purportedly had a forensic examination conducted of Cimino's computer and two flash drives—the confidential, proprietary, and trade secret information that Cimino purportedly took and allegedly passed on to Winninger.  After one-and-a-half years, Winninger and Sports Rehab still do not know what Cimino purportedly downloaded and so it is impossible to respond as to what the data represents.

43.    With respect to the allegations in paragraph 43, Winninger and Sports Rehab lack sufficient information to admit or deny the allegations and so deny the allegations.  Winninger and Sports Rehab further state that to the extent that a physical therapist like Cimino could purportedly download over 3,000 patient files onto two separate flash drives at two different times, it does not appear that Vail Valley Medical took the appropriate measures to protect this information.  Finally, the remedial efforts Vail Valley Medical states it has now implemented further establish that it did not adequately protect patient health information.

44.    Winninger and Sports Rehab deny the allegations in paragraph 44 of the Counterclaim.  Winninger and Sports Rehab state that Vail Valley Medical has never provided any evidence that Winninger or Sports Rehab did anything improper, had access to any of Vail Valley Medical's purported confidential information, or used Vail Valley Medical confidential information in any way.  Vail Valley Medical has refused to provide any "proof" of its allegations.  Nor has Vail Valley Medical identified with any specificity—although it purportedly had a forensic examination conducted of Cimino's computer and two flash drives—the confidential, proprietary, and trade secret information that Cimino purportedly took and allegedly passed on to Winninger.  After one-and-a-half years, Winninger and Sports Rehab still do not know what Cimino purportedly downloaded.

45.    Winninger and Sports Rehab deny the allegations in paragraph 45 of the Counterclaim.  Winninger and Sports Rehab further state that Vail Valley Medical and Howard head have not specifically identified any business that has been improperly lost

(or will be lost) to Winninger and Sports Rehab.  Rather, Winninger and Sports Rehab state that the purpose of this Counterclaim is to drive Winninger and Sports Rehab out of business.  Vail Valley Medical and Howard Head are improperly using their market power in an attempt to quash what they see as a threat to its physical therapy business and its relationship with orthopaedic clinics in Vail Valley.

## FIRST CLAIM FOR RELIEF
### (Breach of Employment Contract—Against Cimino)

46.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 45 of the Counterclaim as if set forth fully herein.

47.     Winninger and Sports Rehab state that the allegations in paragraph 47 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

48.     Winninger and Sports Rehab state that the allegations in paragraph 48 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

49.     Winninger and Sports Rehab state that the allegations in paragraph 49 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

50.     Winninger and Sports Rehab state that the allegations in paragraph 50 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

51.     Winninger and Sports Rehab state that the allegations in paragraph 51 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

## SECOND CLAIM FOR RELIEF
### (Interference with Contract—Against Winninger and Sports Rehab)

52.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 51 of the Counterclaim as if set forth fully herein.

53.     Winninger and Sports Rehab deny the allegations in paragraph 53 of the Counterclaim.

54.     Winninger and Sports Rehab deny the allegations in paragraph 54 of the Counterclaim.

55.     Winninger and Sports Rehab deny the allegations in paragraph 55 of the Counterclaim.

56.     Winninger and Sports Rehab deny the allegations in paragraph 56 of the Counterclaim.

57.     Winninger and Sports Rehab deny the allegations in paragraph 57 of the Counterclaim.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(Breach of the Duty of Loyalty—Against Cimino)**

58.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 57 of the Counterclaim as if set forth fully herein.

59.     Winninger and Sports Rehab state that the allegations in paragraph 59 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

60.     Winninger and Sports Rehab state that the allegations in paragraph 60 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

61.     Winninger and Sports Rehab state that the allegations in paragraph 61 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

62.     Winninger and Sports Rehab state that the allegations in paragraph 62 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

63.     Winninger and Sports Rehab state that the allegations in paragraph 63 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

64.     Winninger and Sports Rehab state that the allegations in paragraph 64 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

65.     Winninger and Sports Rehab state that the allegations in paragraph 65 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

66.     Winninger and Sports Rehab state that the allegations in paragraph 66 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

67.     Winninger and Sports Rehab state that the allegations in paragraph 67 of the Counterclaim are not directed toward them and therefore no response is necessary. To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

## FOURTH CLAIM FOR RELIEF
### (Civil Theft, C.R.S. § 18-4-405—Against Cimino, Winninger, and Sports Rehab)

68.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 67 of the Counterclaim as if set forth fully herein.

69.     Winninger and Sports Rehab deny the allegations in paragraph 69 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

70.     Winninger and Sports Rehab deny the allegations in paragraph 70 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

71.     Winninger and Sports Rehab deny the allegations in paragraph 71 of the Counterclaim. Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

72.     Winninger and Sports Rehab deny the allegations in paragraph 72 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

73.    Winninger and Sports Rehab deny the allegations in paragraph 73 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

74.    Winninger and Sports Rehab deny the allegations in paragraph 74 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

## FIFTH CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets—Against Cimino, Winninger, and Sports Rehab)

75.    Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 74 of the Counterclaim as if set forth fully herein.

76.    With respect to the allegations in paragraph 76 of the Counterclaim, Winninger and Sports Rehab state that the allegations involve legal conclusions to which no responsive pleading is required.  Winninger and Sports Rehab also state that Vail Valley Medical has excerpted certain portions of C.R.S. § 7-74-102(4) and ignored other provisions and that the statute speaks for itself.  To the extent that a response is required, Winninger and Sports Rehab deny the allegations.

77.    Upon information and belief, Winninger and Sports Rehab deny the allegations in paragraph 77 of the Counterclaim.  Winninger and Sports Rehab further state that to the extent Vail Valley Medical alleges that patients' contact information was somehow compromised that is contrary to what Vail Valley Medical stated to its patients.  In its April 15, 2016 Notice, Vail Valley Medical stated that the information "did **NOT** include…addresses."

78.    Winninger and Sports Rehab deny the allegations in paragraph 78 of the Counterclaim.

79.    Winninger and Sports Rehab deny the allegations in paragraph 79 of the Counterclaim.  Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

80.    Winninger and Sports Rehab deny the allegations in paragraph 80 of the Counterclaim. Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

81.    Winninger and Sports Rehab deny the allegations in paragraph 81 of the Counterclaim. Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

82.     Winninger and Sports Rehab deny the allegations in paragraph 82 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

83.     Winninger and Sports Rehab deny the allegations in paragraph 83 of the Counterclaim.

## SIXTH CLAIM FOR RELIEF
### (Conversion—Against Cimino, Winninger, and Sports Rehab)

84.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 83 of the Counterclaim as if set forth fully herein.

85.     Winninger and Sports Rehab deny the allegations in paragraph 85 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

86.     Winninger and Sports Rehab deny the allegations in paragraph 86 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

87.     Winninger and Sports Rehab deny the allegations in paragraph 87 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

88.     Winninger and Sports Rehab deny the allegations in paragraph 88 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

89.     Winninger and Sports Rehab deny the allegations in paragraph 89 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

90.     Winninger and Sports Rehab deny the allegations in paragraph 90 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

91.     Winninger and Sports Rehab deny the allegations in paragraph 91 of the Counterclaim.

## SEVENTH CLAIM FOR RELIEF
### (Civil Conspiracy/Aiding and Abetting—Against Cimino, Winninger, and Sports Rehab)

92.     Winninger and Sports Rehab repeat and reallege their answers in paragraphs 1 through 91 of the Counterclaim as if set forth fully herein.

93.     Winninger and Sports Rehab deny the allegations in paragraph 93 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

94.     Winninger and Sports Rehab deny the allegations in paragraph 94 of the Counterclaim.

95.     Winninger and Sports Rehab deny the allegations in paragraph 95 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

96.     Winninger and Sports Rehab deny the allegations in paragraph 96 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

97.     Winninger and Sports Rehab deny the allegations in paragraph 97 of the Counterclaim.

98.     Winninger and Sports Rehab deny the allegations in paragraph 98 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

99.     Winninger and Sports Rehab deny the allegations in paragraph 99 of the Counterclaim.   Winninger and Sports Rehab also deny that Cimino is properly characterized as a "Third-Party Defendant."

## PRAYER FOR RELIEF

Winninger and Sports Rehab deny that Vail Valley Medical is entitled to any relief for its Counterclaim or that it has suffered any damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

100.   Vail Valley Medical's Counterclaim fails to state a claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

101.   Vail Valley Medical 's Counterclaim is barred, in whole or in part, because the agreements at issue are void *ab initio*.

### THIRD AFFIRMATIVE DEFENSE

102.   To the extent that Vail Valley Medical's Counterclaim contends that Cimino was prohibited from working after hours to treat patients, the "Non Solicitation" Agreement constitutes an illegal noncompete agreement.

### FOURTH AFFIRMATIVE DEFENSE

103.   Vail Valley Medical's reliance on the offer letter is barred, in whole or in part, for lack of consideration and Cimino's signature.

104.   Winninger and Sports Rehab requested from Vail Valley Medical (through its counsel of record) the signed offer letter referenced in the Counterclaim as well as evidence of the date Cimino is alleged to have signed the offer letter.  As of the filing of this Answer, Vail Valley Medical did not respond to Winninger and Sports Rehab's request.

### FIFTH AFFIRMATIVE DEFENSE

105.   Vail Valley Medical's Counterclaim is barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, or laches.

### SIXTH AFFIRMATIVE DEFENSE

106.   Vail Valley Medical's Counterclaim is barred, in whole or in part, by the economic loss doctrine and it suffered no injury.

### SEVENTH AFFIRMATIVE DEFENSE

107.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Vail Valley Medical failed to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

108.   Vail Valley Medical's damages, if any, were the result of the acts or omissions of other parties for which Winninger and Sports Rehab bear no responsibility.

### NINTH AFFIRMATIVE DEFENSE

109.   Vail Valley Medical's damages, if any, were the result of Vail Valley Medical's failure to use reasonable diligence in performing the acts required of Vail Valley Medical to protect its medical records and those of its patients.

### TENTH AFFIRMATIVE DEFENSE

110.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Winninger and Sports Rehab did not cause Vail Valley Medical's purported injury.

### ELEVENTH AFFIRMATIVE DEFENSE

111.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Winninger and Sports Rehab engaged in *bona fide* competition.

### TWELFTH AFFIRMATIVE DEFENSE

112.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Winninger and Sports Rehab acted in good faith and their conduct was legally justified.

### THIRTEENTH AFFIRMATIVE DEFENSE

113.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Winninger cannot be held personally liable for the acts of Sports Rehab.

### FOURTEENTH AFFIRMATIVE DEFENSE

114.   Vail Valley Medical's Counterclaim is barred, in whole or in part, because Vail Valley Medical's conduct involves an impermissible restraint of trade.

### FIFTEENTH AFFIRMATIVE DEFENSE

115.   To the extent that Vail Valley Medical's Counterclaim is premised upon its purported "Non Solicitation" Agreement with Cimino, those claims are barred on the grounds that the Agreement is anticompetitive and violates Colorado's Antitrust Act of 1992, and in particular C.R.S. §§ 6-4-104 and 6-4-105.

116.   The product and service market that is relevant to this affirmative defense is orthopedic physical therapy services.  The Vail area constitutes a distinct geographic market for orthopaedic physical therapy services and is the relevant geographic market for antitrust purposes.

117.   Vail Valley Medical, through its Howard Head physical therapy services unit, sought to monopolize physical therapy services in the Vail area geographic market. Vail Valley Medical, through Howard Head, now provides at least 70% of the physical therapy services in these relevant geographic and product markets and possesses dominant market penetration and power in these relevant markets.

118.   Given Vail Valley Medical's and Howard Head's dominant market penetration, it must be presumed, and Winninger and Sports Rehab affirmatively allege, that Vail Valley Medical and Howard Head have sufficient market power to affect competition and cause antitrust injury in the relevant geographic and product markets.

119.   To gain this market power and realize its goal to monopolize physical therapy services in the relevant market, Vail Valley Medical and Howard Head used nonsolicitation agreements that they required their physical therapists, such as Cimino, to sign.  Kirchner and Vail Valley Medical implemented these agreements with the then present intent to monopolize the relevant market in violation of C.R.S. § 6-4-105.

120.   To further this illegal monopolization scheme, Kirchner and others at Vail Valley Medical and Howard Head also engaged in tortious, unfair, and deceptive trade practices, and in particular made false and defamatory statements about Winninger and Sports Rehab, as set forth in the Complaint.  Kirchner and others at Vail Valley Medical and Howard Head told executives and physicians of The Steadman Clinic that Winninger had stolen approximately 3,000 Vail Valley Medical patient files and that they should no longer be working with her.  Put differently, Kirchner and others spread statements throughout the Vail Valley that Winninger and Sports Rehab had committed felonies under both state and federal law.  This, of course, constitutes defamation *per se.*

121.   Kirchner and Vail Valley Medical and Howard Head made these false and defamatory statements with the then present intent to drive Winninger and Sports Rehab from the Vail area physical therapy services market to further consolidate its monopoly.  Vail Valley Medical and Howard Head Vice President Luke O'Brien Luke O'Brien stated, "***my job is to look at you as competition and my job would be to eliminate you***."  And that is precisely what they have done.

122.   The monopoly power of Vail Valley Medical and Howard Head and the tortious, unfair, and anticompetitive conduct alleged have had an actual, deleterious, and anticompetitive effect on competition for physical therapy services in the Vail area. Patients are being deprived of specialized and higher quality physical therapy services offered by Winninger and Sports Rehab.  Patients are being deprived of special

services such as in-home care, more time-intensive and experienced care that Winninger and Sports Rehab offer and that Vail Valley Medical and Howard Head cannot or do not offer.  If Vail Valley Medical's and Howard Head's monopoly power and unfair and anticompetitive conduct as alleged are permitted to continue, competition in the relevant geographic and product market will continue to be injured.

123.    As Vail Valley Medical and Howard Head Vice President Nico Brown admitted, Winninger and Sports Rehab are competitors in the physical therapy service market in the Vail area.   As a result of the monopoly power and unfair and anticompetitive conduct alleged, Winninger and Sports Rehab have been directly injured in their business and property.  As the direct and proximate cause of the tortious, unfair, and anticompetitive conduct of Kirchner, Vail Valley Medical, and Howard Head from January 2016 to the present, Winninger and Sports Rehab have been deprived of revenues and profits exceeding $250,000.  As the direct and proximate effect of the tortious, unfair and anticompetitive conduct of Kirchner, Vail Valley Medical, and Howard Head, Winninger and Sports Rehab continue to be deprived of referral revenue and revenue from contracts in an amount to be determined at trial.  These are precisely the types of antitrust injuries that the Colorado Antitrust Act of 1992 is designed to prevent.

124.    As a result of the violations of Colorado tort law and the Colorado Antitrust Act of 1962, the "Non Solicitation" Agreement between Vail Valley Medical and Cimino must be declared unenforceable.  As a result, the claims asserted in the Counterclaim that are grounded and arise out of the "Non Solicitation" Agreement are barred and must be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

125.    Winninger and Sports Rehab state that because the Counterclaim is couched in conclusory terms, Winninger and Sports Rehab cannot fully anticipate all affirmative defenses that may be applicable to the Counterclaim.   Accordingly, Winninger and Sports Rehab reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

WHEREFORE, Winninger and Sports Rehab request the following relief:

(a)     That the Non-Solicitation Agreement between Vail Valley Medical and David Cimino be declared a nullity and unenforceable:

(b)     That Vail Valley Medical's Counterclaim be dismissed in its entirety, with prejudice, and in Winninger and Sports Rehab's favor;

(c)     Winninger and Sports Rehab be awarded costs and reasonable attorneys' fees incurred, including expert witness fees; and

(d)     All other relief as the Court deems just and proper.


Dated:  August 18, 2017           */s/ Inga H. Causey /s/*
                                  Inga H. Causey, Colo. #30987
                                  Taggart Howard, Colo. #31770
                                  CAUSEY & HOWARD LLC
                                  275 Main Street, Suite G-005
                                  Edwards, CO  81632
                                  Telephone:  (970) 926-6556
                                  E-mail:  taggarthoward@me.com;
                                  inga.causey@me.com


                                  Alan L. Kildow (admitted *pro hac vice*)
                                  BRIGGS AND MORGAN, P.A.
                                  2200 IDS Center
                                  80 South Eighth Street
                                  Minneapolis, MN  55402
                                  Telephone:  (612) 977-8400
                                  E-mail:  akildow@briggs.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2017, I served, through the Colorado Courts E-Filing system, a true and correct copy of Counter-Defendants' Answer to Counter-Plaintiff Vail Clinic, Inc.'s Counterclaims to:

> Janet A. Savage
> Richard F. Lee
> Davis Graham & Stubbs LLP
> 1550 17th Street, Suite 500
> Denver, CO  80202
>
> Counsel for Defendants

*/s/ Inga H. Causey /s/*
Inga H. Causey

8441705v1