# Exhibit 25

| | |
|---|---|
| **From:** | alkildow@aol.com |
| **Sent:** | Thursday, July 6, 2023 8:45 AM |
| **To:** | 'Rothstein, Evan M.'; 'O'Brien, Colin M.' |
| **Cc:** | 'sonya braunschweig' |
| **Subject:** | RE: Sports Rehab, et al. v. Vail Health--Production of Shannon anrchner Text Messages |

Evan and Colin:

Hope you enjoyed the 4th of July weekend.

We would like to set up a conference call for Monday to discuss the text messages discussed in the email below.  As we have indicated previously, we take this email production issue very seriously.  Shannon, Kirchner, and Cook are three of the most important witnesses in this case and their testimony would likely be very important for Vail Health and/or Plaintiffs.  So the texts must be produced.  Another issue that we take seriously is the possibility that the texts have been deleted.  On that issue, we would like you to confirm with Mr. McHugh that (as counsel for his clients—Shannon and Kirchner—he has possession of the text messages and can confirm that none of the text messages of Shannon and Kirchner have been deleted.  We would like the same representation from your firm.

So give us some times when a call would work.  This issue has to be resolved consensually or with the Special Master.  And it must be pronto.

Thanks for your professional courtesy in responding to this request.

Regards,

Alan Kildow
970-390-6675

---

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Monday, July 3, 2023 8:44 AM
**To:** 'Rothstein, Evan M.' <Evan.Rothstein@arnoldporter.com>; 'O'Brien, Colin M.' <Colin.Obrien@arnoldporter.com>
**Cc:** sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** Sports Rehab, et al. v. Vail Health--Production of Shannon and Kirchner Text Messages

Evan and Colin:

During our June 26 telephone conference, we discussed the issue of the production of text messages of former Vail Health Board Chairman Mike Shannon and CEO Doris Kirchner.  You said that they were both represented by Denver attorney John McHugh and that he had informed you that neither Shannon nor Kirchner would turn their text messages over to Vail Health.  Plaintiffs were then informed—for the first time—that they would need to issue subpoenas to obtain any text messages (except possibly for Nicholas Brown) because Vail Health did not purportedly have custody or control over the text messages.

For many reasons, we have concluded that it is Vail Health's obligation and burden to retrieve and produce the text messages.  Vail Health and its attorneys at the time—Davis Graham & Stubbs—had an obligation to collect and produce the text messages years ago when Shannon was the Vail Health Board Chairman and Kirchner was a Board member,

1

officer, and employee of Vail Health.  This obviously was not done, but under applicable law should have been.  The fact that Vail Health does not currently have actual possession of the texts is the direct result of the failure of Vail Health and its legal counsel to comply with their obligations under the Federal Rules of Civil Procedure and applicable case law.

Because Shannon and Kirchner are former Board members and Kirchner an officer, Vail Health has the legal and practical right and ability to compel the immediate turnover of the text messages.  It is, therefore, Plaintiffs' position that any subpoena, motion, or other legal action that may be required to compel production falls squarely upon Vail Health.  In addition, it is Plaintiffs' understanding that at least Ms. Kirchner has an employment termination agreement that requires her to cooperate with Vail Health with respect to this case.  We request that you inform us whether that is correct or not, and if it is, that you provide a copy of her agreement with Vail Health.  As Sonya previously noted in her communications with Colin, Ms. Kirchner testified that she did have such an agreement.  *See* attached at 12:5-13:23.  In fact, during her deposition, Ms. Kirchner represented that she was represented by both Mr. McHugh and Vail Health's counsel.  Any cooperation/indemnification agreement would provide you with a further ground to require that Kirchner turn over her text messages to Vail Health.  Please inform us as to the existence of all cooperation and/or indemnification agreements that either Kirchner or Shannon may have with Vail Health.

 And finally, we request that you inform us as to the status of any discussions/negotiations that have taken place with Mr. McHugh.  Does he have possession of responsive text messages of Kirchner and Shannon?  If so, for what period of time? Has he reviewed the text messages?  Have any of the text messages been destroyed?  What are McHugh's legal grounds for his clients' refusal to turn over the text messages.  These are facts to which Plaintiffs are entitled to know if they are to file a motion, which would be served upon Vail Health, not Shannon or Kirchner.  Plaintiffs would rather not be required to go through yet another motion to obtain discovery to which they are entitled, so we request a telephone conference under LRule 7.1(a) later this week in hopes that we can have a discussion that would resolve the issue.

Thanks,

Alan Kildow
970-390-6675