

# Exhibit 27

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Monday, March 13, 2023 4:29 PM |
| **To:** | Richards, Daniel |
| **Cc:** | Roeder, Jackie; Alan Kildow |
| **Subject:** | Re: Sports Rehab v Vail Health [19-2075]--Request for Conferral |
| **Attachments:** | Plaintiffs Second Amended List of Custodians And Search Terms.pdf |

Counsel,

In light of the Magistrate Judge's Order today, we are sending the Second Amended List of Custodians and Search Terms. The changes are in blue. We look forward to the call and hope that Vail Health will cooperatively work through these issues, as we are committed to do, so that we can reach a reasonable resolution without the need for Court intervention.

Sonya

On Fri, Mar 10, 2023 at 2:56 PM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:

Counsel,

In preparation for our call on Wednesday, Plaintiffs have revised their List of Custodians and Search Terms sent to you on March 8. The document is redlined so that you can see the differences between the two. While the two documents are substantially the same in substance, Plaintiffs have sought to further explain their position. Additionally, we have made a few minor tweaks to the proposed searches.

If you have any questions or comments that you would like us to consider before the conferral, please do not hesitate in sending those. We would appreciate having them by COB on Tuesday so that we have adequate time to review them before the call the following day.

Sonya

On Thu, Mar 9, 2023 at 3:10 PM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:

Counsel,

That works for Plaintiffs. Here is the dial-in information:

Dial-in Number: 605-472-5307
Pass code: 175061#

Sonya

On Thu, Mar 9, 2023 at 3:08 PM Richards, Daniel <Daniel.Richards@dgslaw.com> wrote:

Counsel:

1

Ms. Roeder and I can be available to confer regarding this matter on March 15 at 1:30 pm MST.  Would that work for Plaintiffs?

Best,

**DANIEL A. RICHARDS ▪ Partner**

**D: 303.892.7452** ▪ vcard
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500 ▪ Denver, CO 80202

A **LexMundi** Member

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, March 8, 2023 5:57 PM
**To:** Richards, Daniel <Daniel.Richards@dgslaw.com>; Roeder, Jackie <Jackie.Roeder@dgslaw.com>
**Cc:** Alan Kildow <Alkildow@aol.com>
**Subject:** Sports Rehab v Vail Health [19-2075]--Request for Conferral

Counsel,

Plaintiffs request a Rule 7.1 conferral related to the attached document.  We would like to hold the conferral on Monday, Tuesday, or Wednesday of next week, so please provide dates and times you are available on those two days.  We will then forward to you the dial-in information for the call.

Sonya

---

This email message (including any attachments), delivered by Davis Graham & Stubbs LLP, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**PLAINTIFFS' SECOND AMENDED SUPPLEMENTAL LIST OF ADDITIONAL CUSTODIANS AND SEARCH TERMS SET FOR CONFERRAL ON MARCH 15, 2023**

---

## INTRODUCTION

In Plaintiffs' November 8, 2022 Notice of Outstanding Discovery Issues, Plaintiffs identified a number of discovery issues, a couple of which the parties were able to resolve without Court intervention.  This memorandum addresses one unresolved issue related to additional custodians, locations, and search terms so that responsive documents can be located and produced.  Plaintiffs seek to collaboratively work with Vail Health to resolve this issue but to do so will require Vail Health's cooperation and transparency.

It is worth noting that since 2018, Vail Health has rejected every attempt by Plaintiffs to seek information about Vail Health's discovery process, claiming that Plaintiffs were seeking "discovery about discovery," and so it would not answer any such questions.  Vail Health made that same argument in the federal action as well.  It was only when confronted at the discovery hearing before the Special Master that Vail Health agreed to identify custodians and search terms.  While denying "discovery about discovery" may be

appropriate in some cases, that is now not the case here given the Special Master's Order.  He rejected Vail Health's unverified assertions made in responses, draft order, and letters that it conducted a reasonable search when he ordered the SPI along with other discovery devices, such as depositions, to ferret out "why documents that seem like they should exist no longer do…."

~~Before turning to that issue, it~~It is important to remember Magistrate Judge Gallagher recent instructions "that the parties should continue to confer and may file appropriate motions as to any outstanding discovery issues….Judge Gallagher intends to strictly apply the conferral requirements of Local Rule 7.1(a) and that motions and responses should specifically address the nature and contents of the parties' conferral as to each and every separate request."

On March 13, 2023, the Magistrate Judge issued an Order overruling Vail Health's objections to Special Master Orders #1-4 as to the geographic market discovery related to another of issues.  Given this, Plaintiffs hereby revise its requests below.

## I.     ADDITIONAL CUSTODIANS AND LOCATIONS.

### __Plaintiffs' Position__:

Without explanation, Vail Health chose to limit its search for responsive documents to four email accounts: Doris Kirchner, Will Cook, Nicholas Brown, and Ellen Broersma. Plaintiffs have not located any antitrust case in which four custodian emails were searched, and a court finding that to be a "reasonable search."  Of the four, only two would have relevant information for over six years of the relevant time period.  So in an antitrust suit involving a decade, Vail Health located approximately 1,200 documents, which is 10% of the documents purportedly reviewed using very narrow search terms,

which will be addressed more fully in the next section.  Vail Health has provided no sworn affidavit explaining how the search of these *four email accounts* for documents responsive to antitrust RPFs was reasonable.  And in light of the Special Master's Orders, it is clear it was not.

At page 3-4 of Order #3, the Special Master ordered Vail Health to identify the "Vail Health directors, officers, employees, or consultant that were involved in determining Vail Health's pricing or reimbursement rates for such physical therapy services" involving "each joint venture, collaboration, or strategic partnership, whether completed or merely proposed…."  At page 4-5 of Order #3, Vail Health was similarly ordered to identify those involved in discussing antitrust, anti-kickback, or prohibited physician referral issues" with respect to each physical therapy joint venture, collaboration, or strategic partnership, whether completed or not.  At page 5 of Order #4, the Special Master ordered Vail Health to "identify each joint venture, collaboration, or strategic partnership, whether completed or merely proposed, that involved providing physical therapy services and identify the Vail Health directors, officers, employees, or consultants that were involved in the discussion of such venture or collaboration…."   And at pages 5-7 of Order #4, Vail Health was ordered to identify each attorney and accountant (both inside and outside) that was involved in the planning, discussions, negotiations, or agreements for the joint venture, collaboration, or strategic partnership, including legal, regulatory, and compliance issues.

In response to these five interrogatories, Vail Health identified individuals whose documents were not searched for responsive materials, which include:  Ted Sirotta, former CFO of Vail Health; Tim Wise, former Senior Business Projects Manager (for which no contact information was provided in Interrogatory No. 21); Mike Shannon, former Chair

of Vail Health Board of Directors; Art Kelton, member of Vail Health Board of Directors; and Chris Jarnot, member of Vail Health Board of Directors, Justin Starzyk, member of Vail Health Board of Directors.  Additionally, Nicholas Brown identified Karen Hannah as his go-to person to obtain financial information for Howard Head, and yet, her files were not searched either.

Vail Health's answers and Brown's testimony implicate other issues, such as (1) whether a proper litigation hold was put into place in 2016 or thereafter, and specifically with respect to the antitrust complaint, in 2018, when Plaintiffs first filed a motion to amend asserting an antitrust violation in the state court action; (2) whether the appropriate custodians were identified and informed of there obligations to maintain documents and information; (3) who at Vail Health was involved in identifying the relevant custodians and locations; (4) who are the relevant custodians and what are the relevant locations identified; (5) if applicable, why were those custodian records or locations not searched; (6) what has Vail Health done to preserve relevant documents and information, particularly when custodians have left Vail Health's employment; and (7) whether spoliation has occurred.  We intend to discuss these issues at the conferral scheduled for Wednesday, March 10, 2023.  Additionally, please be aware that Plaintiffs may seek a Rule 30(b)(6) deposition as to these issues in the event a motion becomes necessary.

Before moving on to Plaintiffs' request for additional custodians, Plaintiffs remind Vail Health that its RPFs were clear and consistent with Fed. R. Civ. P. 34.  Vail Health was requested to search for documents "within their possession, custody, or control, or within the possession, custody, or control of their agents, wherever located.  This includes, but is not limited to, documents placed in storage facilities, stored electronically,

or held by any officer, director, employee, agent, representative, affiliate, or person purporting to act on their behalf.  A document is in Defendant's possession, custody, or control if it is in their actual possession, or if it is in the custody of another person and they own the document in whole or in part, have a legal right to obtain it, or have any express or implied understanding that they may use, inspect, or copy such document, or as a practical matter, ought to do so."  Likewise, "Document" was defined "in its broadest sense and has the same meaning as defined in Federal Rules of Civil Procedure 34 and includes any designated documents or electronically-stored information—including writings, electronic mail, text messages, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form known to you or in your possession, custody, or control."

Vail Health's SPI confirms that it also did not reasonably search relevant locations, including STRATA or another financial or accounting system containing Howard Head financial information as set out in Plaintiffs' Rule 37(b)(2) Motion #1, text messages, locations where word processing documents and spreadsheets are stored, any drives or files where custodians save documents, documents saved to desktops, backup files, emails, hard copy files, voice messages, etc.  Vail Health has provided no basis that the *only* relevant ~~place~~ locations to search for documents is emails.  (This memorandum does not address the patient data, which is the subject of a separate memorandum that

Plaintiffs provided, the parties have already conferred about, and will be the subject of a separate Rule 37(b) motion.)

For example, documents produced in the federal action show that Shannon and Kirchner had text messages between themselves and with Steadman related directly to the antitrust issues that Plaintiffs moved to compel.  Kirchner stated she gave her text messages to Davis Graham (at some unidentified point in time), which means that she apparently was able to self-select those messages.  No search terms were provided in the SPI that identified those terms.  And the SPI does not identify any other text messages that were searched in response to Plaintiffs' antitrust RFPs.  In the state court action, Vail Health and Shannon's counsel led Plaintiffs and the Special Master to believe that such text messages did not exist, and yet, we know now that they did—that is, if they have not been destroyed.

And in Order #3, Vail Health was ordered to produce Steering Committee documents "related to physical therapy or Howard Head, as well as combinations with Steadman/SPRI and VSO/VSF"….  In Daniel Richards October 17, 2022 letter to the Special Master, there is no mention of any search for Steering Committee documents.  Plaintiffs raised this issue in the November 8, 2022 Notice of Outstanding Discovery Disputes, and Plaintiffs raised this issue at the November 11, 2022 conferral.  Your representations about this "search" were deliberately vague, and no reason was provided that the SPI for the Steering Committee—as ordered by the Special Master—was not included in the October 17 letter, particularly given the presentation of Steering Committee #5:

**Vail Valley Medical Center
Ambulatory Network Plan**

Steering Committee Meeting #5
February 2, 2017



STEADMAN-0002692

Mr. Richards refused to disclose who was consulted to locate the Steering Committee documents, what locations were searched, and who from Vail Health was involved in the Steering Committee and could identify the locations were these documents are stored.  Vail Health has not ~~in any way~~ complied with Special Master Order #3 ~~. and provided the required SPI~~.

**Plaintiffs' Request To Resolve This Dispute**:   To move beyond and finally resolve these issues, Plaintiffs request that Vail Health agree to the following:

(1)  Agree to add the following seven custodians to the search: Ted Sirotta, Tim Wise, Mike Shannon, Art Kelton, Chris Jarnot, Justin Starzyk, and Karen Hannah.

(2)  Identify those custodians having relevant information outside the Vail Valley related to Basalt, Summit County, Garfield County, Frisco, Dillon, Silverthorne, Aspen, Glenwood Springs, and Rifle.

(3)  Search additional locations: Locations where custodians store word processing, spreadsheets, and other documents; relevant drives, such as any location assigned to the individual to save information or used by the individual to save documents; custodian desktops; hard copy files; and text messages.

(4)  Agree to search terms as set out below, which will be used for all custodians.

(5)  With respect to the Steering Committee documents, identify the individuals associated with Vail Health that (1) provided Vail Health information to Hammes and/or (2) participated in the meetings and; identify the locations where such documents are stored by consulting those individuals; (3) run

7

email search as identified in the next section. ~~searches for "Hammes," as well as "steering committee" and "ambulatory network plan" in the relevant custodian emails and where the custodian's stored such information; produce the ordered documents~~.

(6)     If any documents, emails, or texts have been destroyed by any of the custodians or their agents listed above, Plaintiffs request that Vail Health identify the person most knowledgeable about the destruction.

(7)     If any documents (which by definition includes emails, texts, word processing and spreadsheet documents) have been destroyed, Plaintiffs seek a deposition of each of the custodians about the destructions of such documents, not to exceed four hours for each person identified.

~~(7)~~(8)   Vail Health has not identified the beginning and end dates of the four email accounts that have been searched.  For example, did Vail Health maintain the emails of Kirchner and Brown from November 1, 2012?  And, what is the end date for each of the four emails accounts that have been searched—that is, when were the email accounts loaded into the document review system and were they supplemented to the present?

## II.   SEARCH TERMS.

**Plaintiffs' Position:**

Vail Health has repeatedly taken the position that it has adequately searched for responsive documents using "50" search terms.  The search terms Vail Health used were so narrow that the "hits" amounted to only 12,000 documents, which is a miniscule amount when the relevant time period is ten years.~~came up~~.  Vail Health has not explained that after removing the privileged documents, why only 10% of the documents were produced, when the search terms were so narrowly drawn.  Nor has it explained which search terms generated many hits that were found to be responsive.

Additionally, the searches set out in the November 10, 2021 letter and referenced in the October 17, 2022 letter, are drafted very narrowly.  Nor are they really "50 discrete

searches"—that is, the searches were broken down into discrete parts to make it appear that Vail Health conducted extensive searches, but in reality, only on limited topics.

For example, the "searches" at page 8 of Mr. Richards October 17, 2022 letter in response to RFP #7 and 8 can be broken down into one search related to the two specific collaborations with Steadman/SPRI and VSO/VSOF related to physical therapy:

**Search #1:** Steadman or TSC or SPRI or VSO or "Vail Summit" and "joint venture or "MSO" or "manage* service*"

So although RFP #7 and 8 relate to any combination related to physical therapy, Vail Health limited its search to just the joint venture and MSO.  It also failed to include relevant terms such as "Steadman Philippon," "VSOF," "vsortho" (the email address for VSO), or "thesteadmanclinic" (the email address for Steadman).  VSO* and *Steadman* would have captured email addresses.

Likewise, at page 3 of Mr. Richards October 17, 2022 letter, the "searches" related to RFP #2 and 4 (Howard Head financial data) can be boiled down to a single search:

**Search #2:** "physical therapy" w/30 cost* or price* or revenue* or finance* or projection* or forecast* or valuation*

Vail Health has not explained why it limited that search to "physical therapy" without including "PT," "Howard Head," and "HH.*"  Additionally, "physical therapy" is referred to in the documents Vail Health has produced as "therapy," a term that would capture both "therapy" and "physical therapy."  Nor has Vail Health explained why it did not use the most basic of financial terms—"income statement"—to search even the four email accounts, and in particular, Brown's.  And having known that Karen Hannah provided financial information to Brown, Vail Health has provided no explanation as to why Hannah's name was not searched in Brown's emails to locate those documents, or why Hannah's emails were not reviewed in the first instance, particularly when someone had

Hannah run the one-page "financial summary" that Vail Health represented to the Special Master was an "income statement."

Turning next to the November 10, 2021 Daniel Richards letter, the remaining "searches" can also be boiled down into one search:

**Search #3:** "Howard Head" or HH and competit* or market or alternative or substitute w/30 PT or therapy

This search too was overly restrictive because it required "PT" or "therapy" to be within 30 words of "competit*" or "market" or "alternative" or "substitute." "Howard Head" is physically therapy so providing such restrictions were unnecessary and likely resulted in responsive documents being omitted. Additionally, Howard Head is often referred to as HHSM, so it is unclear why Vail Health did not search for "HH*" instead.

So at best, Vail Health conducted three searches in four email accounts for relevant documents. Its searches did not take into consideration the discovery requested in the RFPs, Plaintiffs repeated requests for specific documents, the realities of the documents/data themselves, and the allegations of Plaintiffs' Amended Complaint. And despite Plaintiffs repeatedly requesting documents involving various third parties (Deloitte, Jornada, Haverford, Healthcare Transaction Advisors, Hammes, etc.), which was also the subject of Plaintiffs' motions to compel, Vail Health apparently did not even search for those names either, as they were not identified in the November 10, 2021 letter or the October 17, 2022 letter.

Given Vail Health's narrow search, and the resulting 12,000 documents spanning purportedly a decade (although we do not know because Vail Health has not identified the date range of the emails searched), Plaintiffs will seek the production of the remainder of the emails/attachments not produced (approximately 10,000 documents) if a Rule 37

motion becomes necessary.  (Plaintiffs' request would exclude those documents logged on Vail Health's privilege log and subject to the appeals.)  Plaintiffs will be making this request because countless documents appear to have existed at one point or the other but have not been produced, which the Special Master also found, or there is evidence that Vail Health did not produce documents that were direct "hits" using the narrow terms.

**Plaintiffs' Request To Resolve This Dispute**:  To move beyond and finally resolve these issues, Plaintiffs request that Vail Health agree to the following:

(1)     Identify the number of documents that result from each of the searches identified above—that is, for Search #1, Search #2, and Search #3 identified above.  We understand that there might be some overlap in the three searches, but sharing of the results is commonplace and what the discovery rules require so that the parties can better structure the searches.

(2)     Identify the number of documents that result by removing "w/30 PT or therapy" from **Search #3**, so that the parties can confirm whether that restriction affected the responsiveness in any way.

(3)     Plaintiffs again request that Vail Health work cooperatively with Plaintiffs to identify additional searches to be run across all custodians.  Given that certain documents have been produced, those can clearly be eliminated from the search.  Likewise, those documents that Vail Health logged on its privilege log and the Court did not order to be produced can be eliminated from the search.  can also be eliminated from any search for the time being, as we await orders from the Court deciding those privilege issues.  That reduces the number of documents that would need to be searched.  Nor is it necessary to produce documents that duplicate those already produced, although Vail Health produced numerous duplicates in the 1,200 documents that it did produce.

(4)     Plaintiffs request that the followings searches across all custodians, including the ones identified above (unless otherwise indicated), and provide the number of documents identified for each search along with any issues with the search so that the parties can work cooperatively to fine tune the search if necessary.

The proposed searches are set forth below based on where the case stands today, particularly as to Summit County, Basalt, Aspen, etc., which Vail Health has appealed, as well as other issues on appeal including SPRI and VSOF.  Depending on the Court's decisions as to these issues, Plaintiffs

reserve the right to modify the following searches based on those rulings or conversations with Vail Health.

Additionally, the ~~searches~~ form of the search below may need to be modified depending on the document review system used.

Finally, each of the searches below is expressly limited to Howard Head—that is, physical therapy.

(1)   **Search #1 (RFP #2 and 4 Howard Head Financial Information and Patient Charges):** "Howard Head" or "HH*" and "financial statement*" or "income statement**" or "profit and loss" or "p&l" or "p & l" or "balance sheet" or "indirect cost*" or "direct cos*t*" or "indirect allocation*" or "operating expense**" or "operating revenue" or "patient revenue" or "gross revenue" or "operating margin*" or "contribution margin*" or charge* or *facility*

**Explanatory Note:**  This search uses the terminology from various Howard Head financial documents (*e.g.,* income statements) and patient charges from the documents Vail Health did produce.

(2)   **Search #2 (RFP #5 Relevant Market, Mar. 13, 2023 Magistrate Order; Special Master Orders,** *see, e.g.,* **ECF #362 at 4, 14-15, #383 at 3):** "Howard Head" or HH* or ~~"physical therapy"~~ therapy or PT and market ~~or "market share"~~ or ~~"Eagle County" or "Vail Valley" or~~ Eagle or Vail or Basalt or Summit or Garfield or Frisco or Dillon or Silverthorne or Aspen or "Glenwood Springs" or Breckenridge or Rifle or "in state" or "out of state" or geograph*

**Explanatory Note:** This search uses terminology relevant to Plaintiffs' allegations of the relevant geographic market based on Vail Health's assertion that anything outside Eagle or the Vail Valley is not relevant and documents that Vail Health has produced.  This search is subject to revision depending upon court orders.

(3)   **Search #3 (RFP #6 and 25 Competition):** "Howard Head" or HH* or ~~"physical therapy"~~ therapy or PT and competit* or strateg* or consolidate* or "roll up" or Axis or Avalanche or Panorama or Jointworx or "jt works" or "Vail Integrative" or VIMG or "Valley View" or "Vail Physical" or "Dave Honda" or "Align Vail" or Movement or Ascent or "competitive edge" or "ted weber" or "Summit Chiro" or "Breck PT" or Ascent or "competitive edge" or palic

**Explanatory Note:** This search includes competition-related terms and parties identified from documents Vail Health has produced related to those PT clinics that Howard Head/Vail Health considered its competitors.

(4)     **Search #4 (RFP #6-8 ~~7 and 8~~ ~~-and 25~~ Steadman/SPRI/VSO Combinations and Competition):** "Howard Head" or HH* or therapy or PT and *Steadman* or TSC or "Steadman Philippon" or *SPRI* or *VSO* or "Vail Summit" and ~~therapy or PT or~~ partner* or *align* or relation* or reset* or collab* or alliance or referral* or compet*

**Explanatory Note:** This search uses terminology used by Steadman, VSO, Howard Head/Vail Health related to their relationship. The RFPs are not limited to the physical therapy JV and MSO but the request relates to combinations with Steadman and VSO, which under antitrust law, can take many different forms.

(5)     **Search #5 (RFP #15 Steering Committee):** ~~The search for these documents is set forth in the prior section.~~ "Howard Head" or HH* or therapy or PT and *Hammes* or "steering committee" or "ambulatory network"

**Explanatory Note:** This search identifies terminology used in the documents produced by Steadman and Vail Health. In particular, Brown and O'Brien mentions Hammes in the context Howard Head.

(6)     **Search #6 (RFP #2, 4, 5, 6-8, 8, 15, 25): "**Howard Head" or HH* or "~~physical~~ therapy" or PT and *Deloitte* or *Jornada* or *Cain* ~~or Hammes~~ or "Boston Consulting" or *BCG* or *amtrim* *Haverford* or "Healthcare Transactions" or HTA

**Explanatory Note:** This search uses the names of the entities that provided consultancy services in the documents that Vail Health has produced and related to Howard Head and/or physical therapy.

13