

# Exhibit 28

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Thursday, April 13, 2023 8:29 PM |
| **To:** | Roeder, Jackie; Richards, Daniel |
| **Cc:** | Alan Kildow |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--Conferral Memorandum on Cooperation |
| **Attachments:** | Pls Conferral Memo on Duty of Cooperation.pdf |

Counsel,

Attached is a conferral memorandum on cooperation, addressing certain statements made by you during our conferral on Wednesday.  There appears to be a disconnect regarding the parties' obligations to cooperate and engage in an open dialogue.  We hope that you will come to the table tomorrow ready to finally and openly discuss the discovery issues that the Magistrate Judge instructed us to do.

Sonya Braunschweig

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**PLAINTIFFS' CONFERRAL MEMORANDUM RELATED TO VAIL HEALTH'S
FAILURE TO MEET ITS RULE 7.1(a) AND COOPERATION OBLIGATIONS
RELATING TO DISCOVERY ORDERED IN THE MARCH 13, 2023 ORDER
AND SPECIAL MASTER ORDERS #1-4**

---

**<u>INTRODUCTION</u>**

Magistrate Judge Gallagher and Special Master Ruckriegle issued many orders and instructions requiring the parties to participate in Rule 7.1(a) conferrals to resolve discovery disagreements. This case was recently assigned to Magistrate Judge Crews after the investiture of Judge Gallagher under Article III. The Magistrate Judge's discovery dispute guidelines specify in detail the parties' obligations in relation to discovery disputes. Magistrate Judge Crews recently instructed the parties to confer regarding the searches and document productions now required by the March 13, 2023 Order adopting in its entirety Special Master Orders #1-5. On Wednesday, April 12, a conferral was held among the parties' counsel. Given the nature of the discussion, or more appropriately, the lack of Vail Health to fully engage in an interactive discussion, Plaintiffs provide this memorandum to address some of the positions taken by Vail Health.

1

During the course of that conferral, Jackie Roeder, as counsel for Vail Health, took issue with questions Plaintiffs posed to gain a better understanding about the steps taken to identify custodians, locations to be searched, and the search terms to be used.  Without an interactive discussion and open dialogue, very little can be achieved.  Ms. Roeder's position was that the parties need not discuss in detail the custodians whose files need to be searched, but rather the parties should simply reply in writing to the other party as to which custodians should be searched and which custodians it disagreed with.  Alan Kildow, one of the attorneys for Plaintiffs, pointed out that Ms. Roeder's understanding was incorrect.  Although written communications are appropriate as part of the conferral process, the parties must orally discuss the issues and negotiate in good faith in an attempt to reach a compromise that would minimize the issues in dispute, if not resolve them in their entirety.  Mr. Kildow stated that Vail Health was not engaging in that type of discussion, but merely hewed to its position of four custodians, and after that, Vail Health's position was "we'll get back to you," which in the past has always resulted in "no, no, no…."  In anticipation of a scheduled conferral at 9:30 on Friday, April 14, Plaintiffs provide this memorandum to explain their understanding of the parties' obligations under Fed. R. Civ. P. 26 and other rules, as well as persuasive, if not controlling, case law.

## THE DUTY OF COOPERATION

## I.     THE GENERAL OBLIGATION TO COOPERATE IN DISCOVERY.

Courts have held that counsel must confer and engage in good faith, meaningful discussions with the opposing party on discovery issues.[1]  Parties are expected to perform

---

[1]     *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 364-65 (D. Md. 2008).

reasonable searches for documents on a timely basis.[2]  Fed. R. Civ. P. 26(g) requires counsel to certify that a discovery request, response, or objection is consistent with the rules of procedure, is not made to delay or increase the costs of litigation, is not unreasonably burdensome or expensive, and that violation is subject to sanction.[3] Plaintiffs are hopeful that henceforth Vail Health will engage in meaningful discussions concerning the custodial files to be searched, the locations of information to be searched, search terms, and the status of Vail Health's preservation of documents and ESI.

## II.     IDENTIFICATION OF *LIKELY* DOCUMENTS AND ESI CUSTODIANS.

At this stage of the discovery process, it is Plaintiffs' position that the parties have a particularly compelling obligation to work together to develop, test, and agree upon the information required to be produced by the numerous discovery orders that have been issued.  In discussing the discovery issues raised by Plaintiffs with the chambers of Magistrate Judge Crews, the parties have been instructed to confer on three subjects: (1) the identify of custodians; (2) the location of information sources such as emails, texts, hard-copy files, etc.; and (3) ESI search terms.  This task will require the parties to jointly address questions of burden and proportionality to narrow discovery requests and preservation requirements as much as reasonable.

Given the Magistrate Judge's instructions, it is our understanding that we should identify custodians that are *likely sources* of relevant ESI.  As we recently pointed out, it is our position that the Federal Rules of Civil Procedure and applicable case law would require Vail Health to have identified those custodians at the *beginning* of the lawsuit

---

[2]      *Keithley v. The Home Store.com, Inc.*, 2008 WL 3833384, at *8, *14-15 (N.D. Cal. Aug. 12, 2008).

[3]      *Mancia*, 253 F.R.D. at 357.

rather than now—four years into the process—to ensure the responsive information was adequately preserved and maintained.  It was at the beginning (and remains still to this day) that Vail Health that has the burden to identify those *likely* custodians, which only makes sense because it is in the best position to identify its directors, officers, and employees who may have responsive digital information, desk files, and hard-copy documents.[4]  At the very least, those custodians needed to be identified and contacted for purposes of the preservation of evidence, and especially ESI.  An appropriate search requires a joint effort between and among a knowledgeable officer(s) and/or employee(s) of the responding party "working cooperatively with its attorneys[5] "to identify all employees likely to have been authors, recipients or custodians of documents" responsive to the requests for production.[6]  (During our conferral on Wednesday, we asked you to identify the individuals within Vail Health that you have been working with to identify those custodians, although you declined several times to tell us.)  Importantly, before our Wednesday, April 12 conferral, you did not provide us with the identity of *any* prospective custodians, let alone those *likely* to have discoverable information.

We were hoping that you would identify those Vail Health custodians who fit the descriptions outlined above, but instead you simply stated that you would search the files of four individuals: Cook, Kirchner, Brown, and Broersma.  Plaintiffs, on the other hand, provided you with a list of 15-20 individuals about whom we have indications through

---

[4]     *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, 2013 WL 6486921, at *12 (S.D. Ill. Dec. 9, 2013).P

[5]     *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04–2478–KHV–DJW, 2006 WL 1537394, at *6–7 (D. Kan. June 1, 2006); *Jacobson v. Starbucks Coffee Co.,* No. 05-1338-JTM, 2006 WL 3146349, at *2 (D. Kan. Oct. 31, 2006).

[6]     *Robinson v. City of Arkansas City, Kansas*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *4 (D. Kan. Feb. 24, 2012).

documents that suggest they were involved in the business activities of Vail Health outside of the Vail Valley.  Plaintiffs went through those individuals, and we attempted to tell you why their files should be searched, although we found little cooperation from you with respect to that discussion.  Your position was that it was simply Cook, Kirchner, Brown, and Broersma, who you characterized as the "principal" custodians.  But you would not explain the roles that the other individuals we identified, such as the three CFOs, Craig Cohn, other Board members, and others would not *likely* have information related to an approximate $100 million expansion into Summit, Basalt, and elsewhere. Instead, you would get back to us about whether Vail Health would agree to add the other custodians that we discussed.  As of Thursday, at 7:00 pm, we have not received any response as to that issue, or whether the custodians' text messages will be searched.

To get beyond the custodian issue discussed on Wednesday, Vail Health will need to disclose, which up until now it has refused to do, the identity of witnesses requested in Interrogatory #11-14, 20(e)-(f), and 21(d)-(e) as further set out in Sonya Braunschweig's email and memorandum sent to you today.

III.   **CONDUCTING A REASONABLE SEARCH FOR DOCUMENTS AND ESI.**

The purpose of discovery is to "get all of the proverbial cards on the table in advance of the trial."[7]  To accomplish that, "open and forthright" sharing of information is required by the parties.[8]  Now that the motions to compel have been decided, Plaintiffs are expecting Vail Health to conduct a "timely, reasonable and diligent search"[9] for the

---

[7]      *Basaldu v. Goodrich Corp.*, 2009 WL 1160915, at *2 (E.D. Tenn. Apr. 29, 2009).
[8]      *Bd. Of Regents of Univ. of Neb. V. BASF Corp.*, 2007 WL 3342423, at *5 (D. Neb. Nov. 5, 2007).
[9]      *Zander v. Craig Hosp.*, 2011 WL 834190, at *1 (D. Colo. Mar. 2011).

documents and ESI compelled to be produced by the March 13 Order and Special Master Orders #1-4.  This requires a dialogue among counsel regarding the search terms to be used, which will hopefully minimize complaints and disagreements as to whether the searches were adequate.[10]  This is necessary because it is "impossible to evaluate the adequacy of an electronic search for records without knowing what search terms have been used…."[11]  The disclosure of search terms does not fall within work product protection,[12] which eliminates any objection to the parties' requirement to negotiate the search terms used.[13]  With these principles in mind, Plaintiffs look forward to a productive *negotiation* of the search terms to be used for the documents and ESI that are subject to the March 13 Order and Special Master Order #1-4.

## IV.   PRESERVATION OF DOCUMENTS AND ESI.

Of significant importance to Plaintiffs at this point is the issue of document and ESI preservation by Vail Health, and the Special Master made particular note of that issue in Order #4.  This issue requires disclosure and dialogue as to the individuals and parameters as to what Vail Health employees and agents were informed about preservation requirements and processes.  In our conferral conferences, Vail Health cannot dispute that it has not been "open or forthright" about this issue.  Any time we have inquired about the preservation process, you have taken the position that Vail Health has no obligation to disclose anything about what it did to ensure documents and ESI were

---

[10]    *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, 2012 WL 380048, at *4 (D. Md. Feb. 3, 2012).
[11]    *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement Agency*, 877 F. Supp.2d 87, 106-07 (S.D.N.Y. 2012).
[12]    *Romero v. Allstate Ins. Co.,* 271 F.R.D. 96, 109 (E.D. Pa. 2010).
[13]    *In re Facebook PPC Advert. Litig.*, 2011 WL 1324516, at *6. (N.D. Cal. Apr. 6, 2011).

appropriately preserved.  And although Ms. Roeder stated she would provide us case law supporting her positions, we have yet received it.  Plaintiffs respectfully request that Vail Health participate in a dialogue that will obviate the need for court intervention.