**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' MOTION TO STAY PLAINTIFFS' RULE 72 PARTIAL OBJECTION TO MARCH 13, 2023 ORDER, OR REMAND TO SPECIAL MASTER, AND NOTICE THAT PORTION OF OBJECTION HAS BEEN RESOLVED**

---

Through this motion, Plaintiffs respectfully request that the Court stay Plaintiffs' partial objection[1] to the March 13, 2023,[2] or remand the issue to the Special Master, the reasons of which are set forth in more detail below. Additionally, Plaintiffs also seek to inform the Court that the parties have resolved portions of Plaintiffs' objection related to the production of lease agreements and related communications involving Vail Health and the two orthopedic clinic foundations. Those portions of Plaintiffs' Objection has therefore been resolved and are moot, which is more fully explained below.

**STATEMENT OF CONFERRAL**

Plaintiffs conferred with Vail Health about this motion multiple times, beginning on May 11, 2023, and including through July 31, 2023. On May 11, 2023, Plaintiffs initially raised the issues presented in this motion with Vail Health. A day later, Plaintiffs provided

---

[1]     ECF No. 459.
[2]     ECF No. 457.

Vail Health a prior draft of this motion, seeking the same relief—that is, to stay or remand—given newly-produced documents. On May 18, Plaintiffs sought Vail Health's position on the motion, which Vail Health responded to by stating it was considering its position and would get back to Plaintiffs in the "coming days."

On June 5 and 7, 2023, Plaintiffs then followed up asking again Vail Health's position on the motion. On June 7, Vail Health responded that it would oppose the motion if Plaintiffs filed it then. Vail Health stated that it was still working through what it would produce to resolve discovery disputes, and so Plaintiffs did not oppose giving Vail Health additional time. On June 21, Vail Health agreed to produce the lease agreements at issue but with qualifications that Plaintiffs could not agree to. It did not, however, agree to produce the two research affiliation agreements, which are also subject to the motion. On June 30 and July 21, Plaintiffs again asked whether those two agreements would be produced. In the end, on July 27, 2023, Vail Health agreed to produce the lease agreements without any qualifications. On July 31, 2023, the parties held another conferral. Plaintiffs again asked whether the research affiliation agreements would be produced, and if not, Vail Health's position on this motion. Vail Health could not respond to either question and again sought additional time to respond.

Plaintiffs have adequately conferred with Vail Health. Given that the Court will have to devote time in resolving the Objection, Plaintiffs could not delay informing the Court that a portion of the objection has been recently mooted by Vail Health's agreement to produce the SPRI and VSOF lease agreements. And as to the portion of the objection related to the SPRI and VSOF research affiliation agreements, Plaintiffs sought to inform the Court that it is premature to decide the issue given the recently produced discovery.

## MOTION

1.  On March 27, 2023, Plaintiffs filed a partial objection to then-Magistrate Judge Gallagher's March 13, 2023 Order.[3] Plaintiffs object to Special Master Order #4, barring Plaintiffs' discovery of certain documents related to Vail Health's relationship with two orthopedic clinics in the Vail Valley, The Steadman Clinic and Vail-Summit Orthopaedics. Specifically, Plaintiffs' objection to the March 13, 2023 Order relates to three discrete issues for production: (1) separate research/program support agreements between Vail Health and two orthopedic clinic foundations, Steadman Philippon Research Institute ("SPRI") and Vail-Summit Orthopaedic Foundation ("VSOF"); and (2) individual lease agreements between Vail Health and the two orthopedic foundations, SPRI and VSOF; and (3) related communications involving the foundations.[4]

2.  Since at least May 11, 2023, Plaintiffs have sought Vail Health's voluntary cooperation to resolve the issues presented by Plaintiffs' Objection.

3.  On July 27, 2023, Vail Health agreed in writing to resolve the lease agreement issue (Item 2 above) by stating: "We will voluntarily produce the lease agreements between Steadman and VSO, including the ASC lease agreements and the SPRI and VSOF lease agreements, notwithstanding the pending appeal of the motion to compel." So item 2 identified above is now moot, and there is no reason for the Court to decide that issue.

4.  Item 3 above also appears to have been mooted by Vail Health's agreement to run new searches and produce documents that would capture any relevant

---

[3]   ECF No. 459.
[4]   *Id.* at 10.

3

communications involving the foundations. Vail Health voluntarily agreed to run those searches and it has not stated that it is withholding, or intends to withhold, any information encompassed in Item 3 above. Thus, it appears that Item 3 above has been resolved by the parties and is moot.

5. Item 1 above, however, remains at issue. Given recent and ongoing productions, Plaintiffs request that the Court either stay its ruling on that issue or remand to the Special Master to reconsider his prior decision. Either way, Plaintiffs should be given adequate time after the document production is complete to present additional evidence as to the relevancy of the research affiliation agreements to the antitrust issues in this case. Plaintiffs make this request because ongoing document productions have revealed additional information unavailable to Plaintiffs and concealed by Vail Health at the time they moved to compel two years ago. It is thus important to understand what has recently transpired and why Plaintiffs seek this relief now.

6. At the end of April 2023, Vail Health changed counsel from Davis, Graham & Stubbs to Arnold & Porter. Since then, Plaintiffs and Vail Health have had multiple conferrals to resolve the Special Master's Orders on Plaintiffs' motions to compel, the March 13, 2023 adoption of those Order by then Magistrate Judge Gallagher, and other outstanding discovery disputes. Early on in those discussions, Vail Health committed to conduct additional searches for responsive documents, which it is still in the process of completing. From May to July 2023, Vail Health has produced an additional 25,000 pages of documents, and it has stated that its review and production will be ongoing though September 8. (In comparison, over the course of 11 months, Vail Health's prior counsel produced 6,960 pages of documents, even after five motions to compel were filed.)

7. Since the change in counsel, Vail Health has produced never-before-disclosed documents directly implicating Vail Health's relationship with Steadman/SPRI, VSO/VSOF, and the Howard Head physical therapy clinic. Some of these documents were produced from Vail Health's privilege log that both the Special Master and the Magistrate Judge found deficient.[5] Other documents have been produced, including on July 28, 2023, that further detail the relationship between Vail Health and the orthopedic clinics and their foundations. These documents provide further support that the agreements between Vail Health and the orthopedic foundations are relevant.

8. Not only do these documents buttress Plaintiffs' argument that they are entitled to discovery of Vail Health's relationships with SPRI and VSOF, but they show that the evidence contradicts Vail Health's representations to the Special Master and this Court that they were unrelated to Howard Head and physical therapy.[6] In fact, the opposite is true. Those documents involve discussions about the MSO physical therapy joint venture (that included SPRI and VSOF), including the purpose and use of SPRI in the joint venture. Some also specifically address the "research mission" that the joint venture would include, an apparent reference to the research affiliation between Vail Health and SPRI that is addressed in Plaintiffs' objection. Others specifically discuss the close relationship between SPRI and Howard Head and the purpose of maintaining that relationship by way of the research affiliation agreements, which are also integral to Vail Health's maintenance of its referral relationships with The Steadman Clinic.

---

[5] ECF Nos. 398, 457.
[6] *See, e.g.,* ECF No. 462 at 2.

9. Plaintiffs anticipate that additional documents will come to light relevant to this issue. Vail Health is still in the process of reviewing 20,000 documents.

10. Plaintiffs did not have the benefit of these documents when they moved to compel the discovery related to SPRI. Plaintiffs therefore request the opportunity to present additional facts and arguments as to the relevancy of the Steadman/SPRI and VSO/VSOF relationship with Vail Health and how and why the affiliation agreements are relevant to this antitrust suit and should be produced.

11. Additionally, on April 26, 2023, Magistrate Judge Crews referred certain issues to the Special Master, including discovery outside the Vail Valley and the scope of Special Master Order #5 that ordered production of documents from Vail Health's privilege log. As to Order #5, the parties attempted to resolve those issues amongst themselves. Plaintiffs identified 327 entries they understood the Special Master ordered to be produced from Vail Health's privilege log. (The Special Master ordered production based on an overall analysis, not entry-by-entry.) Vail Health's prior counsel, Davis Graham produced only 74 of the 327 entries ordered to be produced by the Special Master and then Magistrate Judge Gallagher. Arnold & Porter produced another 131 entries, but that still leaves 127 that the parties could not agree upon.

12. During the week of July 10, 2023, the parties submitted their positions to the Special Master, seeking clarification of Order #5. That submission is still pending before the Special Master. If the Special Master concludes the 127 entries must be produced, Plaintiffs anticipate that the production will likely provide more context about the MSO physical therapy joint venture relationship, SPRI's and VSOF's involvement, and the scope of services related to SPRI and VSOF. All tissues relevant to the objection.

6

## **CONCLUSION**

Plaintiffs therefore respectfully request that the Court stay Plaintiffs' objection, or remand the issue to the Special Master, to allow Plaintiffs the opportunity to present new evidence supporting Plaintiffs' request for the research affiliation agreements between Vail Health and SPRI and Vail Health and VSOF. Plaintiffs also respectfully request that, as to the portions of the Objection already resolved by the parties' agreements, the Court finds those issues to now be moot.

Dated:  August 1, 2023

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2023, I served a true and correct copy of Plaintiffs' Motion to Stay Rule 72 Partial Objection To March 13, 2023 Order, Or Remand To Special Master, And Notice That Portion Of Objection Has Been Resolved, via the Court's ECF system on:

    Evan Rothstein
    Colin O'Brien
    David Jelsma
    Arnold & Porter Kaye Scholer LLP
    1144 Fifteenth Street, Suite 3100
    Denver, CO 80202

    James Cooper
    Francesca Pisano
    Andrew T. Ellingsen
    Arnold & Porter Kaye Scholer LLP
    601 Massachusetts Avenue, N.W.
    Washington, D.C. 20001

    Leah A. Schultz
    Arnold & Porter Kaye Scholer LLP
    700 Louisiana Street, Suite 4000
    Houston, TX 77002

    Samuel David Sullivan
    Arnold & Porter Kaye Scholer LLP
    250 West 55th Street
    New York, NY 10019

    Counsel for Defendant Vail Health

                                      *s/Alan L. Kildow*
                                      Alan L. Kildow