UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

## DEFENDANT VAIL HEALTH'S RESPONSE TO MOTION TO STAY

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") files this Response to Plaintiffs' Motion to Stay Plaintiffs' Rule 72 Partial Objection to March 13, 2023 Order, or Remand to Special Master, and Notice that Portion of Objection Has Been Resolved (the "Motion").

### INTRODUCTION

Plaintiffs' Motion to Stay (ECF 489) seeks to stay their own pending Motion: Plaintiffs' Objection to the Special Master Order Partially Denying Motion to Compel #4 (ECF 459). As the Court may be aware, Vail Health replaced its counsel in this matter in late spring. Since that time, rather than standing on previous objections or pursuing further appeals, Vail Health has set about aggressively meeting its obligations arising out of the Special Master's Recommendations (ECF Nos. 367, 381, 382, 383, 398) and the Magistrate Judge's Order regarding the same (ECF No. 457). As confirmed by Plaintiffs' Motion to Stay, that compliance has far surpassed what Vail

1

Health was obligated to do, including its agreement to voluntarily produce the lease and research agreements and conduct agreed-upon email searches that are the subject of Plaintiffs' Motion.

Vail Health voluntarily agreed to produce these documents despite the fact that the Special Master and Judge Gallagher *denied* Plaintiffs' discovery requests on these issues. Notwithstanding Plaintiffs' protestations to the contrary, the Special Master and Judge Gallagher correctly resolved this matter. Nevertheless, Vail Health's voluntary production of these documents is indicia of its extensive efforts to eliminate discovery disputes—going beyond its obligations under the Special Master's Recommendations—so that this long-running case can proceed to resolution on the merits. Vail Health's commitment to moving the case forward by eliminating this discovery dispute, and preventing or avoiding other discovery disputes, is also reflected in its Motion for a Scheduling Order. *See, e.g.,* ECF 484 at 4 (identifying specific examples in which Vail Health has agreed to discovery not subject to the Special Master's Recommendations, specifically including "the production of certain lease and research agreements" underlying Plaintiffs' Motion).

The filing of this Motion likely could have been avoided, but Plaintiffs appear intent to cast inaccurate aspersions on Vail Health, *e.g.*, ECF 489 ¶ 5, just as they appear intent to refuse any reasonable efforts to move this case towards resolution on the merits, *see* ECF 484. Despite Vail Health's cooperation and voluntary efforts to resolve discovery disputes, Plaintiffs continue to manufacture new and expanded discovery disputes, prolonging this lawsuit into its fifth year. *See id.* Given Vail Health's voluntary production of the documents underlying Plaintiffs' Motion to Stay, however, Plaintiffs' Motion, and their underlying Objection, are moot. Accordingly, both should be denied as such.

## BACKGROUND

Fact discovery in this case closed in December 2021. At that time, five motions to compel remained pending before the Court-appointed Special Master, including Plaintiffs' Motion to Compel #4 (ECF 383). As pertinent here, the Special Master denied Plaintiffs' Motion to Compel #4 as to discovery of certain lease and research agreements and communications related thereto, and Plaintiffs appealed the Special Master's denial. *See* ECF 383, 387. Judge Gallagher denied Plaintiffs' appeal and affirmed the Special Master's resolution of the Motion. ECF 457. Plaintiffs objected to Judge Gallagher's Opinion and Order. ECF 459. Plaintiffs' Objection is thus before this Court. Plaintiffs now request that the Court stay their Objection on the basis of Vail Health's voluntary agreement to produce documents, despite the Special Master and Judge Gallagher's previous denial of that discovery. ECF 489 ¶ 1.

## ARGUMENT

In its Motion to Stay, Plaintiffs identify three categories of documents it seeks in its Objection to Judge Gallagher's Order: "(1) separate research/program support agreements between Vail Health and two orthopedic clinic foundations, Steadman Phillippon Research Institute ("SPRI") and Vail-Summit Orthopaedic Foundation ("VSOF"); (2) individual lease agreements between Vail Health and the two orthopedic foundations, SPRI and VSOF; and (3) related communications involving the foundations." ECF No. 489 ¶ 1. As Vail Health conveyed to Plaintiffs during multiple conferrals and in its Motion for a Scheduling Order, Vail Health agreed to voluntarily produce the lease and research agreements. *See* ECF 484 at 4. Vail Health will also produce communications related to these agreements to the extent they fall within agreed-upon email searches requested by Plaintiffs. As to these points, then, Plaintiffs' Motion, and its underlying Objection, are moot.

3

As to Category Nos. 1 and 2, notwithstanding the documents' lack of relevant value, Vail Health made good faith and reasonable efforts to identify and collect Vail Health's lease and research agreements with SPRI and VSOF, including Vail Health's ASC lease agreements. Unless otherwise noted in Exhibit A, Vail Health is producing lease and research agreements entered in 2012 or later, consistent with the scope of discovery in the case more broadly. *See* ECF 107. Vail Health's lease agreements with SPRI and VSO, including leases with VSO for space that could be used in part by VSOF, are identified in Rows 11–17 of Exhibit A. Vail Health is also producing, as requested by Plaintiffs, its lease agreements and amendments with the Steadman Clinic and Vail Summit Orthopedics, including its ASC leases. These are identified in Rows 1-10 and 15-30 of Exhibit A. Finally, Vail Health's research agreements with SPRI and VSOF are identified in Rows 31-36 of Exhibit A. Vail Health plans to produce these documents in its production scheduled for August 18, 2023, in advance of Plaintiffs' reply deadline.

As to Category No. 3, Vail Health agreed to conduct the e-mail searches set forth in Plaintiffs' final set of search terms provided by Plaintiffs on July 24, 2023. *See* ECF 484–4. While Vail Health voluntarily agreed to produce lease and research agreements, Vail Health has never conceded or agreed that "any communications involving the foundations" are somehow rendered relevant by its voluntary production of the agreements, as Plaintiffs suggest, *see* ECF 489 ¶ 4. The Special Master specifically—and rightly—rejected Plaintiffs' claim on this point. ECF 383 at 4-5. Nevertheless, to the extent that Plaintiffs' agreed-upon set of search terms results in the identification of communications concerning the lease and research agreements, Vail Health will produce those documents. Vail Health plans to produce these documents as part of its productions scheduled for August 18, 2023, and/or September 8, 2023.

4

The agreement to voluntarily make these productions was done specifically to resolve Plaintiffs' Objections to the Special Master's Partial Denial of Motion to Compel #4. As such, the forthcoming production of these documents should moot Plaintiffs' Motion to Stay, and its underlying Objection to Motion to Compel #4 in their entirety. As mentioned, these agreements are part and parcel of Vail Health's broader effort to disabuse Plaintiffs of the misperception that Vail Health is somehow seeking to conceal relevant information. While Plaintiffs continue to disparage Vail Health's prior counsel, and past alleged actions, Vail Health is moving forward, not looking backward, and is going above and beyond the actual remaining discovery obligations so that this case can be brought to its necessary resolution on the merits.

But, as Vail Health explained in its Motion for a Scheduling Order, Plaintiffs continue to use the absence of a scheduling order to expand their discovery demands and create discovery disputes, such as this, without any basis for doing so. This continued motion practice highlights the need for a robust Scheduling Order of the kind proposed by Vail Health under which all parties are bound to clear deadlines. By producing these documents and mooting the issues raised in Plaintiffs' Motion and Objection, Vail Health seeks to do just that—dispense with disputes, meet deadlines, and move this case closer to resolution—in advance of the imposition by the Court of a comprehensive Scheduling Order.

## CONCLUSION

For the foregoing reasons, Vail Health respectfully requests that the Court deny as moot Plaintiffs' Motion to Stay (ECF 489) and Plaintiffs' Objection to the Special Master Order Partially Denying Motion to Compel #4 (ECF 459).

August 11, 2023

                                            Respectfully submitted,

                                            */s/ Evan M. Rothstein*
Evan M. Rothstein (Bar No. 35990)
Colin O'Brien (Bar No. 41402)
David S. Jelsma (Bar No. 53916)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Evan.Rothstein@arnoldporter.com
Colin.Obrien@arnoldporter.com
David.Jelsma@arnoldporter.com

James L. Cooper
Francesca Pisano
Andrew Ellingsen
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
James.Cooper@arnoldporter.com
Francesca.Pisano@arnoldporter.com
Andrew.Ellingsen@arnoldporter.com

Leah Schultz
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
Tel: (713) 576-2400
Leah.Schultz@arnoldporter.com

Sam Sullivan
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com
***Counsel for Defendant Vail Health***

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, I served via CM/ECF the foregoing **RESPONSE TO PLAINTIFFS' MOTION TO STAY** on all counsel of record.

*/s/ Evan M. Rothstein*