**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' RESPONSE TO MOTION TO REISSUE SCHEDULING ORDER**

## INTRODUCTION

After consideration of Vail Health's proposed schedule to modify the scheduling order, Plaintiffs agree with many of Vail Health's proposed dates but propose several key changes so the case may be trial ready by June 2024.  Plaintiffs propose:

| Event | Vail Health's Deadline | Plaintiffs' Deadline | Plaintiffs' Comments |
|---|---|---|---|
| Rule 30(b)(6) deposition on Howard Head financial data | September 22 | | Special Master to decide 37(b)(2) motion [ECF #325] |
| Vail Health to produce discovery | September 8 | September 8 | Agreement |
| If Howard Health financial data exists, production of data | Not included | September 22 | No mention by Vail Health |
| Deposition of antitrust expert Dr. Leslie Schafer | December 22 | October 2-13 | 2 months difference |
| Supplemental expert report of Arthur Cobb on damages | September 29 | September 29 | |
| Rebuttal expert damages report | November 10 | November 10 | |
| Deposition of Arthur Cobb | December 22 | November 1-10 | Deposed in state court; 4-hour limit per scheduling order |
| Rules 26 and 37 motion deadline | Not included | October 27 | Time to review productions |
| Summary judgment motions | February 29 | September 15 | 5½ months difference |
| Deadline for expert challenges | March 15 | March 15 | Agreement |
| Pretrial conference | April 5 | April 5 | Agreement |
| Final pretrial conference | 2 weeks before trial | 2 weeks before trial | Agreement |
| Trial | June 2024 | June 2024 | Agreement |

1

Plaintiffs seek certain modifications to provide them sufficient time to prepare for trial in the Eagle County action involving Plaintiffs and Vail Health. In disclosures filed with the state court in May 2023, Vail Health identified over 10,000 documents subject to its misappropriation and conversion claims. The state court has scheduled a four-week trial to start on February 5, 2024, with extensive pretrial filings from November 2023 through January 2024, including motions *in limine*, witness and exhibit lists, proposed jury instructions, and the like.[1] Given the nature of the claims, number of documents, and length of trial, Plaintiffs must devote a considerable amount of time preparing rebuttal exhibits and trial testimony. Even so, Plaintiffs seek to push the federal action forward. Plaintiffs' proposed modifications to the schedule would allow Plaintiffs to attend to things in the federal action in early fall while at the same time give Plaintiffs sufficient time to prepare for the Eagle County trial in the late fall and early winter.

Plaintiffs also seek a summary judgment motion deadline of September 15, which would allow Judge Martínez sufficient time to consider the motion, thus making it more likely that case will be trial ready by next June. The main reason this deadline was previously held in abeyance was due to unresolved motions to compel filed by Plaintiffs because of Vail Health's failure to fulfill its discovery obligations.[2] It was Vail Health, therefore, that has delayed the completion of discovery. Under the parties' proposed schedules, Vail Health will have produced documents subject to Special Master Orders #1-5 by September 8, 2023—documents that originally should have been produced by December 31, 2021 but were not. Moreover, Vail Health has had the documents and data

---

[1] Ex. 1.
[2] ECF No. 372.

2

necessary to file a summary judgment for years and should be able to file that motion in short order.  It has at least eight attorneys representing it.  The reason Vail Health provided for not filing it earlier was to avoid a Rule 56(d) objection, which Plaintiffs have agreed not to assert so long as the documents are produced by September 8.

It goes without saying that no one wishes to see this case concluded expeditiously more than Plaintiffs.  They have proposed dates to achieve that end even with a conflict of pretrial filings and a four-week trial scheduled during the same block of time.  Plaintiffs shared their proposed schedule with Vail Health, believing that the parties had agreed to more than what was identified in the above chart.  Vail Health saw things differently.[3]

Vail Health has no basis for complaint at some of its proposed dates pushed forward after having (1) delayed the case for 3 years; (2) produced only 5,900 pages of documents over a course of 11 months;[4] (3) forced Plaintiffs to file five motions to compel,[5] one Rule 37(b) motion to enforce Special Master Order #1,[6] one Rule 37 motion to compel the production of texts,[7] and one submission to clarify Order #5;[8] (4) violated multiple court orders;[9] and (5) not yet completed its review and production of 40,000 documents[10] that Vail Health and its prior counsel represented had already been produced or did not exist at all.  Yet, Vail Health still claims it is entitled to impose its own schedule on Plaintiffs without mentioning how we got where we are today.

---

[3]  Ex. 2.
[4]  ECF No. 173 at 4.
[5]  ECF Nos. 127, 129, 132, 157, 195.
[6]  ECF No. 425.
[7]  ECF No. 485.
[8]  *See, e.g.,* ECF No. 468 at 2, submissions are pending before the Special Master.
[9]  *See, e.g.,* ECF No. 426-4.
[10] ECF No. 484-5.

If the parties are to reach a trial ready date of June 2024, Plaintiffs will not supplement their antitrust expert report; take expert depositions; file a summary judgment motion, or file Rule 702 motions.  On July 3, 2023, Plaintiffs *asked* Vail Health to consider jettisoning the latter three items, referencing Judge Martínez's practice guidelines in support.  As to Rule 56 motions, Plaintiffs noted that Judge Martínez instructs: "In my view the overuse of motions filed pursuant to Fed. R. Civ. P. 56 in this District unreasonably delays the progress of civil litigation.  Counsel are well advised to avoid reflexively filing a motion for summary judgment."[11]

And as to Rule 702 motions, Plaintiffs *suggested* that "[i]f any party intends to file Rule 702 motions on the experts, Plaintiffs request a conferral now regarding the basis for any such motions.  In this way, the parties can proactively address and avoid the issues addressed by Judge Martínez: 'the vast majority of purported Rule 702 arguments go to weight and not admissibility.  Therefore, to the extent a Rule 702 motion has arguable merit and would leave the opposing party without evidence necessary to prove an element of its claim or defense, I may, in my discretion, sua sponte consider whether to grant leave to the non-movant to supplement the challenged expert opinion(s).  A party considering filing a Rule 702 motion should carefully weigh whether it is better to reveal its challenges early and potentially give the opponent a chance to correct deficiencies before trial, or to save its challenges for cross-examination at trial.'"[12]

On July 13, 2023, Vail Health provided modified dates but rejected Plaintiffs' proposal.[13]  Significantly, Vail Health acknowledged that no antitrust rebuttal reports would

---

[11]   ECF No. 484-2 at 4.
[12]   *Id.* at 5.
[13]   Ex. 3.

be supplemented if Plaintiffs did not supplement their antitrust expert report.[14] This is consistent with Arnold & Porters' statements during conferrals,[15] which it now apparently seeks to back away from. On July 24, 2023, Plaintiffs provided a revised proposal and requested a conferral.[16] Vail Health's response was to file this motion.

## **PROCEDURAL BACKGROUND**

The agonizing nature of the procedural history of the case falls squarely upon Vail Health and its decisions to unnecessarily delay the proceedings. It began with Vail Health's motion for a stay, which delayed the case by about a year.[17] Even when the stay was lifted,[18] it waited several months to respond to Plaintiffs' October 2019 discovery requests.[19] Vail Health then took five months to produce 57 documents. Then there were Vail Health's steadfast refusals to engage in discovery that led to futile informal discovery dispute resolution measures that consumed many months,[20] as well as extensions of the discovery deadline so Vail Health could purportedly produce relevant documents.[21] (We now know from recent productions that Vail Health did not do that.)

Ultimately, Magistrate Judge Gallagher lifted his informal dispute resolution procedures, allowed Rule 37 motions to compel be filed, and appointed Special Master Ruckriegle.[22] Within a couple of weeks of that order, Plaintiffs filed its first of five Rule 37 motions which, with responses and a two-day hearing, took from August to October 2021.

---

14   *Id.*, Proposed Joint Mot. at 2.
15   Ex. 2 at 2.
16   ECF No. 484-5.
17   ECF No. 49.
18   ECF No. 55.
19   ECF No. 127-13.
20   ECF No. 81.
21   *See, e.g.,* ECF No. 115, 124.
22   ECF Nos. 119, 123.

5

In November 2021, the Special Master gave Vail Health multiple opportunities to confer and try to resolve the discovery disputes.[23] Instead, Vail Health sought to further delay things by filing a motion to terminate discovery and the pending motions to compel,[24] all of which the Magistrate Judge summarily denied.[25] Vail Health also refused to confer in defiance of its agreement and Special Master Orders.[26] And throughout the case, Vail Health moved to extend deadlines countless times.[27]

In summer and fall 2022, the Special Master issued five Orders on the motions to compel.[28] As to those portions that Vail Health did not object to, it took Plaintiffs months to achieve some semblance of compliance,[29] and even then, certain documents ordered to be produced were not until Vail Health's new counsel produced them.  And with respect to those portions of the Special Master Orders that Vail Health objected to, those issues were not fully adjudicated by the Magistrate Judge until March 13, 2023,[30] none in Vail Health's favor.  This entire process took about twenty months, and it continues today.

By way of example, one issue that is permeated the discovery process from day one is the production of Howard Head financial data.  "[D]ocuments relating to price, costs, and customers…is at the heart of this—indeed any—any antitrust proceeding."[31] Despite requesting this information on October 7, 2019,[32] we still do not know whether

---

23   ECF No.
24   ECF No. 228.
25   ECF No. 307 at 12.
26   ECF No. 274; ECF No. 307 at 3.
27   *See, e.g.,* ECF Nos. 13, 57, 82, 140, 150 186, 275, 280, 401, 430, 454, 458.
28   ECF Nos. 362, 381, 382, 383, 398.
29   *See, e.g.,* Ex. 7.
30   ECF No. 457.
31   *Quadrozzi v. New York*, 127 F.R.D. 63, 75 (S.D.N.Y. 1989).
32   ECF No. 129-12 at RFP Nos. 2, 4.

Howard Head financial data exists and can be segregated from Vail Health. Over a year ago, the Special Master "order[ed] Vail Health to submit an affidavit by someone who can confirm such [Howard Head financial] information cannot be identified or isolated, within 14 days."[33] It did not. Plaintiffs repeatedly sought Vail Health's compliance, culminating in the following exchange during a conferral with Vail Health's prior counsel, Daniel Richards and Shannon Stevenson:

> **Plaintiffs:** "Is the data available—income statement information—does it exist?"
>
> **Richards:** "These are deposition questions."
>
> **Plaintiffs:** "Does Vail Health financial data backing up Howard Head exist?"
>
> **Richards:** "[We had an] extensive conference with the client regarding financial data. [Your question] is an attempt at a 'gotcha moment.'"
>
> **Plaintiffs:** "Does it exist?"
>
> **Stevenson:** [After a long pause of silence,] "What was your question?"
>
> **Plaintiffs**: "Does it exist as we explained in the memo [Notice of Noncompliance]?"
>
> **Stevenson**: "We can discuss it with our client."
>
> **Plaintiffs:** "Does it exist?"
>
> **Response:** "If you had deposed someone, you would know."[34]

Plaintiffs did depose someone—former Senior Vice President of Howard Head, Nicholas Brown, who testified the data existed.[35] This led to Plaintiffs filing a Rule 37(b) motion on December 19, 2022.[36] In response, Vail Health claimed Plaintiffs did not request the

---

[33] ECF No. 362 ¶¶ 21, 23-24.
[34] ECF No. 427 ¶¶ 4-8.
[35] ECF No. 426-6 at 54:16-56:25.
[36] ECF No. 425.

Howard Head financial data. In an eight-page chart as part of the Kildow Declaration, Plaintiffs chronicled the countless times Plaintiffs sought that data.[37] Since the appointment of new counsel, Plaintiffs have sought to resolve that motion informally by Vail Health agreeing to a Rule 30(b)(6) deposition. Those discussions broke down when Vail Health would not agree that Plaintiffs had the right to bring a sanctions motion if Vail Health concealed evidence. The motion is now set to be decided by the Special Master. Notably, Vail Health's new counsel still has not said whether the Howard Head financial data exists or not.[38]

Another example of discovery delay is Vail Health's failure to collect, review, and produce the text messages for its core senior management who are at ground zero in this sordid antitrust saga. Those individuals are Michael Shannon, former Vail Health Chairman of the Board, former CEO and director Doris Kirchner, Current CEO and director Will Cook, and current management member and former SVP of Howard Head Brown. Vail Health recently stated that it is in the process of collecting Brown's texts four years after the discovery requests were first served.[39] Vail Health's failure to collect and now its refusal to produce the texts left no choice but to file Plaintiffs' Rule 37 Motion to Compel #6 Relating to Text Messages.[40]

And other motions may be required as foretold by the Special Master regarding Vail Health's representations and responses. For example, in Order #2, the Special Master stated: "It often seems that Vail Health should have more information on a given

---

[37] ECF No. 440-1 ¶ 4.
[38] Ex. 4 at 1.
[39] *Id.* at 1, 3.
[40] ECF No. 485.

topic than it has produced, and there may even be indications in some documents that Vail Health actually had, at some point, additional responsive information that it now claims to lack."[41]  To that end, the Special Master ordered Vail Health to identify the process used to conduct its searches, including the locations and search criteria.  Once done, the parties could then discuss the additional search locations and search terms that would lead to the discovery of additional responsive information.[42]

In Order #3, the Special Master questioned whether conducting searches of four email accounts were "the only reasonable sources for the requested documents."[43]  And in Order #4, the Special Master noted that "Vail Health has already too often claimed it produced the requested information in the state case" when it ordered to produce the state court documents it was relying upon in the federal action.[44]  To date, Vail Health reproduced approximately 100 pages of state court documents.

The Special Master then went on to note: "When considering Vail Health's response that it has produced all of the documents in its possession that are responsive, such a response is one that Plaintiffs, the court, and special master are essentially required to accept, *regardless of how credible that assertion may be*."[45]  This further explains why the Special Master ordered Vail health to supplement its responses and identify the search process used to search for responsive documents.  Once done, "Plaintiffs may inquire via depositions or other remaining discovery devices as to why documents that seem like they should still exist no longer do, and in appropriate

---

41  ECF No. 381 at 3.
42  *Id.*
43  ECF No. 382 at 3.
44  ECF No. 383 at 2.
45  *Id.*

circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation."[46] On March 13, 2023, Magistrate Judge Gallagher affirmed Special Master Orders #1-5 in their entirety.[47]

Following the Special Master's Orders, Plaintiffs identified and sought Vail Health to comply with the Special Master's Orders, sending countless memoranda and emails and holding numerous conferrals. The same process was used after the March 13 Order. From the March 13 Order and Vail Health's decision to replace the Davis Graham law firm at the end of April, another two-plus months were wasted with very little discovery actually produced. Immediately with the appointment of new counsel, Plaintiffs identified many outstanding discovery issues.[48] Although some issues have been addressed, Vail Health still has not yet fully complied with parts of the Special Master's Orders.[49]

All told, our arithmetic says Vail Health unnecessarily (and at great cost) prolonged the case by nearly three years and did so deliberately. Having squandered that time, Vail Health is in no position to say that it's time to get this case resolved, "chop chop." It is likely doing so now after having exhausted its $10 million in insurance coverage between the two cases. It now wants to jam Plaintiffs into reviewing tens of thousands of documents—that should have been produced years ago—into a couple of months. And its proposed schedule leaves no room for Plaintiffs to file any motions arising out of the Special Master Orders, despite this Court stating that Plaintiffs are authorized to do so.[50] The Court should adopt Plaintiffs' proposed schedule and reject that of Vail Health.

---

[46]     *Id.*
[47]     ECF No. 457.
[48]     Exs. 5-7 (attaching only small portion of memoranda).
[49]     *See, e.g.,* ECF No. 484-4 (cataloging open discovery issues).
[50]     ECF No. 475 at 38:14-23 (same procedures as Magistrate Judge Gallagher).

Much of what Vail Health has indicated it seeks in terms of a proposed modified scheduling order could be accomplished, but choices would need to be made, as outlined below.  The choices will be required in part because of Vail Health's counterclaim in the Eagle County action, which has a month-long, date-certain trial beginning on February 5, 2024.  In that case, Plaintiffs have filed two Rule 12(b)(1) motions to dismiss wherein they have requested a three-day evidentiary hearing that may take place in November.  From that point forward trial preparation will require the filing motions *in limine*, witness and exhibit lists, proposed jury instructions, and the like, for which the Eagle County court has set definitive dates for filing.

With all that going on in the state court action, the schedule Vail Health proposed here is unrealistic and intended to prejudice Plaintiffs in having to try one case, while at the same time preparing for a second trial.  (Vail Heath was fully aware of the state court deadlines when its schedule was initially proposed—deadlines were scheduled right on top of state court deadlines.)  Under Plaintiffs' proposal, the parties reach the same objective of having this federal case trial ready by June 2024, but it accomplishes that objective by moving certain dates forward in time so Plaintiffs can spread their filing requirements over a more appropriate period of time.  Meaning, accomplish production, motion, and depositions earlier in the fall when Plaintiffs will have more time to devote to them before they must file their pretrial requirements in the state court action.

### **EXPLANATION OF PROPOSED MODIFICATIONS**

Plaintiffs have modified Vail Health's proposed schedule in several ways, which are more fully explained below:

1. **Vail Health's Summary Judgment Motion.**  Vail Health proposed that the Rule 56 summary judgment deadline would be February 29, 2024. Based on anticipated

time to analyze and decide a Sherman Act § 2 (and §1) claim, Plaintiffs are of the opinion that it is overly optimistic that Judge Martínez—or any other judge—would have a docket clear enough to enable them to decide a summary judgment motion in 45 days after the briefing is complete. In light of Vail Health's objective of getting the case trial ready by June, Plaintiffs previously suggested Vail Health forego filing a summary judgment motion because it would undoubtedly involve disputed factual issues. In that case, the motion would be a waste of the parties' time and, more importantly, the time of Judge Martínez. (Plaintiffs do not intend to file a summary judgment motion.)

The fact that Vail Health has had all the documents and data necessary for a summary judgment for about 2½ years and cannot file a motion in four weeks suggests that it does not have any meaningful defense strategy, at least on a Rule 56 basis. Plaintiffs repeatedly urged Davis Graham to file a summary judgment motion and get it in front of Judge Martínez so he had plenty of time to issue a decision. They could, or would, not say what the summary judgment arguments would be, and the same holds true with Vail Health's current counsel.

Arnold & Porter has promised that Vail Health's supplemental productions will be complete by September 8, so Plaintiffs would like to see the motion filed as soon as possible after that. And if Vail Health actually had a summary judgment motion that implicated Plaintiffs' expert reports, it would have filed one immediately after they were served over 18 months ago. Vail Health should be required to file its Rule 56 motion by September 15.

**2.     Document Production Deadline.** As noted above, Vail Health has committed to produce its supplemental productions by September 8, which is Vail Health's revised date. (Initially, Vail Health stated that it would be August 25, but it has since extended that date another two weeks.) To do so, Plaintiffs request that the proposed

12

discovery plan be finalized and dates provided to ensure the deadline can be met. As noted from the chart, Vail Health began its review of Nicholas Brown's emails on May 22, and only finished producing his emails on July 28. No texts have been produced. Vail Health's next production is scheduled for August 18, and if the remainder of the document production proceeds at that pace, it seems impossible for the document production to be complete by September 8. If discovery is not complete by then, virtually none of the dates in Vail Health's proposed schedule could be met.

3. **Production of Attorney-Client Privilege Documents**. If the Special Master concludes that Plaintiffs' interpretation of his Order # 5 is correct, Vail Health will likely file a further objection to his decision with Magistrate Judge Crews, and if he affirms it will likely appeal that decision to Judge Martínez. If that occurs, the document production will not be complete, but Plaintiffs maintain that Vail Health should be required to file its summary judgment motion by September 15.

4. **Production of Text Messages**. Vail Health has refused to produce the text messages of current and former directors and officers Mike Shannon, Doris Kirchner, and Will Cook. On July 30, 2023 Plaintiffs filed a Rule 37 motion to compel Vail Health to obtain the texts of Shannon and Kirchner and produce the texts of current officer Cook. The refusal of Vail Health to produce text messages makes it impossible to meet Vail Health's proposed September 8 document production schedule. Plaintiffs nevertheless ask the Court to set the deadline for summary judgment filing to be September 15.

5. **Rule 30(b)(6) Deposition**. A Rule 30(b)(6) deposition on the topics agreed upon by the parties was to occur by August 31. That will not happen now as the parties could not agree on certain conditions to the deposition related to Plaintiffs' right to seek

13

sanctions in the event Vail Health and its attorneys violated their discovery obligations and concealed relevant evidence. Plaintiffs have now asked Special Master Ruckriegle to decide Plaintiffs Motion to Compel #1. There again, Vail Health has delayed the progress of the case.

      6.    **Expert Depositions.** Plaintiffs previously suggested (not demanded) that each party agree to forego the depositions of the other's experts. These depositions are often wasteful exercises that can be more readily handled through cross examination at trial. Vail Health would not agree to this, so Plaintiffs have suggested that any depositions Vail Health takes be scheduled earlier to accommodate Plaintiffs' state court trial preparation. There should be no prejudice to that change. *First*, Plaintiffs' damages expert will only be updating his damages report served in April 2020, and he was deposed by Vail Health in August 2020 in the state case. According to the original Scheduling Order, Cobb's deposition would be limited to four hours—something that Vail Health insisted upon for deponents previously deposed in the state court action.[51] Plaintiffs' expert antitrust report of Dr. Leslie Schafer was disclosed on January 10, 2022. So Vail Health has had plenty of time to prepare for the depositions of Plaintiffs' experts, even if they are moved up a couple of months. Plaintiffs will not be deposing Vail Health's experts.

## CONCLUSION

      For the foregoing reasons, Plaintiffs request that the Court modify the existing Scheduling Order according to the dates that Plaintiffs have requested above.

---

[51]     ECF No. 71 at 23.

Dated: August 17, 2023

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023, I served a true and correct copy of Plaintiffs' Response to Motion to Reissue Scheduling Order, including exhibits, on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP

15

250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

          *s/Alan L. Kildow*
Alan L. Kildow