# Exhibit 1

| | |
|---|---|
| District Court, Eagle County, Colorado<br>Eagle County Justice Center<br>855 Chambers Ave, Eagle, CO 81631<br>Telephone: (970) 328-6373 | FILED IN THE<br>COMBINED CLERK'S OFFICE<br>DATE FILED: February 1, 2023 1:54 PM<br>CASE NUMBER: 2017CV30102<br><br>FEB 0 1 2023<br><br>EAGLE COUNTY, COLORADO<br>BY: _____ |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual and VAIL CLINIC, INC., d/b/a VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation<br><br>v.<br><br>**Third-Party Defendant**: DAVID J. CIMINO, an individual | ▲ **COURT USE ONLY** ▲<br><br>Case No.: 2017CV30102<br><br>Division: 4 |
| **TRIAL SCHEDULING ORDER** | |

Plaintiffs' Counsel:                    Jesse Wiens
                                        Alan Kildow
                                        Sonya Braunschweig


Defendants' Counsel:                    Janet Savage
                                        Jackie Roeder
                                        Daniel Richards


Third-Part Defendant's Counsel:         John Madden

This civil action involves a: Jury Trial.

1.  All Discovery (other than depositions of experts) Completed?  Yes. The Court did not reopen Discovery.

2.  Mandatory Mediation Completed?  Yes. The parties have previously mediated on three occasions without success. The Court did not re-order mediation, but may re-address this issue at the next Status Conference.

3.  Estimated # of Days: <u>4 weeks</u>.

4. Trial Date(s): <u>February 5, 2024 through March 1, 2024</u>.

5. Any Motion to Continue the above trial date, as well as the Response(s) thereto, must be signed both by counsel and the respective party they represent.

6. Court Reporter Necessary:[1] No. The Court does have the availability to provide a remote Court Reporter with real time capabilities at the expense of the parties through RevoText. This is the court reporting service that is used for criminal cases when a Court Reporter is required by Chief Justice Directive. Upon request, the Court can provide the parties with RevoText Private Pay Pricing Information.

7. Pre-Trial Management/Status Conference: A status conference is scheduled for <u>May 4, 2023 at 9:00 a.m</u>. via Webex. The Court will discuss current status of the case, trial length, the trade secret disclosures, the possible filing of a C.R.C.P. 12(b)(1) motion, mediation, jury questionnaire, and other matters deemed appropriate. A subsequent status conference and pretrial readiness conference will also likely be set.

8. Pre-Trial Motions:
   a. Dispositive Motions:
      i. The Court does not intend to reconsider motions and rulings made by judges previously assigned to this case.
      ii. There has been sufficient time for Motions practice prior to the entry of this Trial Scheduling Order. Other than as stated herein, the filing of dispositive and non-dispositive motions, including but not limited to motions for summary judgment and Shreck motions, will require a showing of good cause for the untimely filing.
   b. Motion in Limine: <u>49 days prior to start of Trial, Responses 14 days thereafter, no Reply</u> unless authorized by the Cour<u>t.</u>

9. Supplemental Disclosure of Witnesses and Exhibits: Yes. If yes, disclosure shall occur at least <u>70 days</u> prior to start of trial.

10. Exhibits pre-marked & exchanged (<u>with list to court</u>): <u>56 days prior to start of trial</u>.
   a. All exhibits to be labeled: Plaintiffs: Numbers.   Defendant: Letters. Third-Party Defendant: Numbers to follow Plaintiffs' Numbers. (Parties can deviate from this process by agreement of all parties).
   b. <u>All</u> Objections to Exhibits must be filed with the Court, in writing, <u>not later than 35 days prior to the start of trial</u>, identifying the nature of the objection WITH PARTICULARITY, such as "foundation," "relevance", etc. with a brief, salient explanation of the legal basis of such objection. If objections are not timely and properly filed, the objections may be deemed waived.
   c. Counsel shall provide tabbed exhibit notebooks for the court, opposing counsel and the witness.

---

[1] Due to budget cuts, use of a court report shall be at the expense of the party so selecting. However, the Court's audio recording shall constitute the official record.

11. Counsel shall submit joint and agreed stipulations of fact: <u>28 days prior to start of trial</u>.

12. Designation of Deposition Transcripts under C.R.E. 804(b)(1):

   a. Affirmative Deposition Designations: <u>35 days prior to the start of trial</u>.
   b. Counter Deposition Designations: <u>28 days prior to the start of trial.</u>
   c. Objections to Designations: <u>21 days prior to start of trial.</u>

13. Proposed Jury Instructions: <u>28 days prior to start of trial</u>
   a. Objections due in writing: <u>21 days prior to start of trial.</u>
   b. Plaintiffs to prepare all stock instructions.
   c. All instructions to be tendered with one original clean copy and one with citations.
   d. Counsel shall also conduct a jury instruction conference amongst themselves no later than <u>14 days prior to trial</u> to identify which are agreed to and which are objectionable and verify to the court that the conference occurred.

14. Parties to exchange "may call" list of witnesses: <u>42 days prior to the start of trial</u>.

15. All witnesses under subpoena or waiver: <u>35 days prior to start of trial.</u>

16. Order of Proof (Joint): <u>21 days prior to start of trial</u> (Including anticipated order in which witnesses will/or may be called, the estimated time of their testimony, including cross-examination.)

17. Trial Management Order: <u>21 days prior to start of trial</u>.

18. Parties shall submit a Certificate of Readiness and Compliance with this Trial Management Order at least <u>7 days prior to start of trial</u>, or sanctions may be imposed.

19. Audio-visual equipment: The parties shall inform the Court of all electronic equipment intended to be utilized during the trial and shall be responsible for providing the same. Parties utilizing electronic equipment shall physically inspect the Courtroom prior to commencement of trial and test the suitability and efficacy of such equipment.

20. Jury Questionnaire: The appropriateness of a juror questionnaire, the specifics and the process will be discussed at upcoming status conferences.

21. Other Court Comments:

   a. There are three Motions currently pending before the Court, Defendant's Motion for Spoilation Sanctions for Deletion of Text Message (August 31, 2020), Plaintiffs' Motion to Lift Security Restrictions and Make Public Plaintiffs' Motion to Disqualify Judicial Officer (May 15, 2022) and Plaintiffs' Rule 11 Motion on Vail Health's Representations to the Court in March 23 and April 13, 2022 Responses to Plaintiffs' Request for Judicial Disclosures (May 20, 2022). It is the Court's intent to rule on the pleadings. If the Court

deems a hearing appropriate, the Court will contact the parties to set a hearing or address the hearing at the May 4, 2023 status conference.

b.  On or before April 14, 2023, Defendant Vail Health shall identify all documents that are claimed to be trade secrets or confidential documents. Vail Health shall provide a brief statement as to why it considers the document to be a trade secret or confidential document.

SO ORDERED this 1st day of February, 2023.

BY THE COURT:

Paul R. Dunkelman
District Court Judge