# Exhibit 2

| | |
|---|---|
| **From:** | alkildow@aol.com |
| **Sent:** | Thursday, August 17, 2023 12:25 PM |
| **To:** | 'Rothstein, Evan M.' |
| **Cc:** | 'O'Brien, Colin M.'; 'Schultz, Leah'; sonya braunschweig; alkildow@aol.com |
| **Subject:** | FW: Sports Rehab Consulting v. Vail Health--Plaintiffs' Proposed Scheduling Order Modification |

Evan:

Our responses are in bolded red font below.

---

**From:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Sent:** Wednesday, August 16, 2023 9:41 PM
**To:** alkildow@aol.com
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting v. Vail Health--Plaintiffs' Proposed Scheduling Order Modification

Dear Alan,

We appreciate the effort to reach a mediated resolution on the schedule.  Please note though that we first proposed a scheduling order more than two months ago and since that time made significant effort to confer with you on this issue.  In addition to consistently seeking your input on our proposals, when you did engage, we listened, and adjusted our proposed dates multiple times to accommodate Plaintiffs' concerns.  Yet, after we did that, Plaintiffs then refused to enter *any* scheduling order unless we acquiesced to unreasonable conditions.  **These statements are untrue.  We said several times that given the failure of Vail Health to properly engage in the discovery process until David Graham and Stubbs ("SGS") departed from the case, the usual order of a scheduling order could not be achieved if a June 2024 trial ready date was to be achieved.  We never demanded *anything*, we suggested that the parties forego futile procedural exercises in order to reach a June 2024 trial ready date.**   And as a result, we had to file a motion.  Thus, your new alleged "agreements," which were proposed a mere 48 hours before Plaintiffs' response is due, are not well received.  **With respect to the agreements in our proposal to you, we actually thought we had agreements based on your prior statements to them.  We sent them to you, as we said yesterday, to ensure that what we reported to the Magistrate Judge was accurate.  You have now told us that there are very few items on which there is agreement, so that is what we will report.**

Moreover, this new proposal does not actually agree to many of our proposed deadlines, despite the claims that there is now "agreement" on several deadlines. Rather, it purports to agree to certain deadlines while substantively changing what was covered by those deadlines and/or injecting new deadlines that you have staggered in a way that we have already made clear are not workable.  It does not appear we are in agreement on much of anything.

By way of example:

- You accelerated and staggered the summary judgment deadline in an unusual, unsupported, and inefficient way. As we have told you, we are not going to agree to a summary judgment deadline that precedes the deadline for completing any further fact/expert discovery. It makes no practical sense to do so.  This is especially true in that you have injected a deadline for more motions' practice about discovery, more than a *month* after your proposed summary judgment deadline.

1

**As mentioned above and in previous communications, there is nothing "usual" about this case. Vail Health has delayed producing clearly relevant discovery for at least two years, and now you say that it cannot file a summary judgment motion until everything is produced? Vail Health and its lawyers—now you—have all the documents and data, so you have all the facts that would needed to support whatever defenses you intend to assert in a summary judgment motion. You clearly have no idea about the procedural history of this case, because we have basically begged DGS to file a summary judgment motion and get it in front of Judge Martinez so he has plenty of time to issue a decision. You say you will have all the document produced by September 8, so anytime after that is fine with Plaintiffs. If Vail Health actually had a summary judgment motion that implicated Plaintiffs expert reports, it would have filed one immediately after they were filed over 18 months ago for the antitrust expert. Plaintiffs will not make any objection to the summary judgment motion based on a lack of production of documents. The fact that you are obviously reluctant to file a summary judgment motion is a reflection of that fact that Vail Health does not have a defense theory that could possibly result in dismissal under Rule 56.**

**Our proposal that Vail Health file its motion by September 15 is: (1) to provide Judge Martinez time to decide the motion. Extending the deadline to February 29, 2024 is a waste of almost six months; and (2) a reflection of the fact that Vail Health is pursuing a sham counterclaim in the state court action that is set for trial on February 5, 2024. We would have time to respond to a summary judgment motion if it is filed promptly. Given the unprecedented procedural history of this case, the deadline for the summary judgment motion makes perfect sense. When did you ever see a plaintiffs literally begging the defendant to file their summary judgment motion?**

- You claim there is "agreement" on supplemental and rebuttal expert disclosure deadlines. This is not correct. We proposed deadlines for all supplemental and rebuttal expert disclosures on September 29 and November 10, respectively. Your proposal purports to agree to those dates, but substantively changes the deadline to relate only to the damages experts. Thus, there is no agreement. As we've made clear, Vail Health reserves its right to supplement one, both, or none of its expert disclosures, and Plaintiffs are free to do the same. If Plaintiffs decline to do so, despite their continued demands for further fact discovery, that is Plaintiffs' choice. But it is not accurate to claim we are in agreement when your proposal changes the substance and scope of the deadlines.

  **With respect to rebuttal expert reports, Plaintiffs' damages expert issues a report long ago for both the state and federal cases. Bringing the same damages analysis up-to-date given the passage of time will provide Vail Health the opportunity to file a supplemental responsive report to that portion of Mr. Cobb's damage report that is actually supplemented. With respect to Plaintiffs' antitrus expert report, that will not be changed, and Vail Health will not have any opportunity to file a supplement to Ms. Roether's report. Your colleagues have admitted that twice—no supplements on the antitrust reports.**

- You assert that "Vail Health agreed to deposition by August 31" for the 30(b)(6). This is inaccurate and incomplete. We did offer and agree that we would present a Rule 30(b)(6) witness before August 31 to resolve Plaintiffs' Motion to Compel#1 as part of our proposal for global resolution on discovery. You rejected that proposal, unfortunately. Nevertheless, we maintained our willingness to present a Rule 30(b)(6) witness to put this issue to bed. We even provided, in emails and in our motion, that we were still willing to present the 30(b)(6) witness before August 31 if Plaintiffs agreed they would not seek to hold open, or reopen, the deposition based on any subsequently produced documents. Plaintiffs did not agree to even that reasonable proposal. Thus, there is no and never was any agreement to present a 30(b)(6) witness before August 31.

  **This explanation is incomplete and inaccurate and will likely be a subject to be decided by the Special Master.**

- You also have injected substantive new restrictions on expert depositions, while inaccurately suggesting you are merely changing the dates on which those expert depositions would occur. Vail Health's proposed deadlines for completing expert depositions applied to the depositions of all experts. Your revised proposal only includes dates that would allow Vail Health to depose Plaintiffs' antitrust expert and purports to say a deposition of a

2

damages expert in another case suffices here.  Vail Health reserves its right to depose one, both, or none of Plaintiffs' experts, and at this stage we anticipate deposing both. Plaintiffs are free to do the same. But Plaintiffs proposal is not merely purporting to adjust dates; rather, it is trying to restrict Vail Health's ability pursue its defense.

**Plaintiffs have proposed dates for the expert depositions.  The court can decide when the take place.**

- You also have provided an arbitrary and narrow window for us to depose Plaintiffs' damages expert and then staggered it in a problematic way. Even setting aside scheduling issues, the proposed restrictive dates provide Vail Health with little or no time to update its rebuttal reports after the deposition, which prevents Vail Health from choosing to wait to depose the experts until all disclosures are served (as it may so choose).

    **You have repeatedly sung the praises of the high quality of the Arnold & Porter law firm and we are will aware of them.  You have eight (yes, 8!) lawyers who have made their appearance in this case.  We are confident that you can see your way to handle this matter professionally.**

We remain open to adjusting deadlines in a way that works for both parties, but this last minute proposal does not move the discussion in that direction.  If we cannot reach agreement, the Court will need to resolve our motion and implement a schedule it deems appropriate.

Kind regards,

Evan

_____

Evan Rothstein
Partner | Bio

**Arnold & Porter**

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Tuesday, August 15, 2023 11:50 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** Sports Rehab Consulting v. Vail Health--Plaintiffs' Proposed Scheduling Order Modification

External E-mail

Evan:

Plaintiffs' response to Vail Health's motions regarding a modification of the existing scheduling order is due on Thursday.  We would like to be in a position to inform Magistrate Judge Crews that the parties have reached agreement with respect to a proposal on a modification of the existing scheduling order, or at least narrow the areas of their disagreement.  We are, therefore, attaching a proposed modified schedule with a few differences from the one you filed with the court.  (1) We request a significant change in the date by which Vail Health would be required to file its motion for summary judgment to September 15; (2) we have included a September 22 date for Vail Health to produce Howard

3

Head financial data if it exists (this will require discussion); (3) we suggest a change in the date of the deposition of Plaintiffs' antitrust expert Leslie Schafer to take place on a day during the weeks of Octobers 2 to 13; and (4) the deposition of Plaintiffs' damages expert would take place on a day during the week of November 13 to 17.

Plaintiffs are agreeing to most of Vail Health's proposed dates but need to move certain things up to provide us with sufficient time for the pre-trial filing deadlines in the Eagle County action between the parties.  The idea reflected in the attached proposal is to permit Plaintiffs to attend to things that need to be done in the federal action in the fall and provide sufficient time to prepare for the Eagle County trial in the late fall and early winter.  The most important advantage to moving the summary judgment motion up to September 15 would be to give Judge Martinez much more time to consider the summary judgment motion that Vail Health apparently intends to file, thus making it more likely that the parties and the Court can have the case trial ready by next June.  Vail Health has had the documents and data necessary to file a summary judgment for several years now and you seem to have the personnel to get that done in a month.

We would appreciate any comments you may have concerning the proposal.  Each date for which Vail Health can find its way to agree might speed the issuance of a modified scheduling order.  We will, therefore, appreciate any response(s) you may have—which changes to you agree upon and which you do not.  That will help us provide MJ Crews with more complete and accurate information on the status of the party's positions when Plaintiffs' response is filed on Thursday.

Thank you in advance for your professional courtesy in providing a prompt response.

Regards,

Alan Kildow
970-390-6675

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*Sports Rehab v. Vail Health,* Civil Action No. 1:19-cv-02075-WJM-SKC

# PLAINTIFFS' PROPOSED MODIFIED SCHEDULE

| Event | Vail Health's Proposed Deadline | Plaintiffs' Proposed Deadline | Plaintiffs' Comments |
|---|---|---|---|
| Rule 30(b)(6) deposition on Howard Head financial data | September 22 | August 31 | Vail Health agreed to deposition by August 31 |
| Vail Health to complete production of documents, supplement interrogatories, and comply with orders | September 8 | September 8 | **Agreement** |
| If Howard Health financial data exists, conferral and production of data | Not included | September 22 | |
| Deposition of antitrust expert Dr. Leslie Schafer | December 22 | October 2-13 | 2 months difference |
| Service of supplemental expert report of Arthur Cobb on damages | September 29 | September 29 | **Agreement** |
| Service of rebuttal expert damages report | November 10 | November 10 | **Agreement** |
| Deposition of damages expert Arthur Cobb | December 22 | November 1-10 | Cobb previously deposed in state court |
| Plaintiffs file Rule 37 motions | Not included | October 27 | 2 months to review productions |
| Vail Health files motion for summary judgment | February 29 | September 15 | 4 months difference |
| Deadline for expert challenges | March 15, 2024 | March 15, 2024 | **Agreement** |
| Pretrial conference | April 5, 2024 | April 5, 2024 | **Agreement** |
| Final pretrial conference | 2 weeks prior to trial | 2 weeks prior to trial | **Agreement** |
| Trial | June 2024 | June 2024 | **Agreement** |