# Exhibit 5

| | |
|---|---|
| **From:** | alkildow@aol.com |
| **Sent:** | Tuesday, May 2, 2023 6:05 PM |
| **To:** | Evan.Rothstein@arnoldporter.com; Colin.Obrien@arnoldporter.com |
| **Cc:** | sonya braunschweig; alkildow@aol.com |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--Friday's Conferral |
| **Attachments:** | Sports Rehab April 21, 2023 Submission (19-cv-2075-WJM-SKC) (1).pdf; April 20 2023 Pls Response to VH Revised Search Terms re Outside the Vail Valley (2) (1).pdf |

Evan:

Thanks for the quick response. We can do Friday at 11, but one hour is very unlikely to get us very far. We have already spent more than 10 *conferral* hours with Vail Health's counsel, and we're no place. But an hour can at least be an introduction. You need to understand, however, that just because Vail Health has engaged new counsel does not mean that we are going to start all over again with negotiations about discovery. We are way past that. It must be said that in my 41 years of experience, I have never encountered such intransigence as we have experienced in this case.

You seem to acknowledge that you don't intend to step into the shoes of Vail Health's former counsel, which we might understand except that the process you have proposed is the exact same process that Plaintiffs have been subjected to for months and years, only to find out two or three weeks later (if we were lucky) that Vail Health would not comply with discovery requests, court orders, or even Plaintiffs' attempts to reach a compromise. The answer was essentially always, "no." We do not intend to continue down the same path. So if you and Colin will not have complete authority to bind Vail Health to the terms of discovery discussed, you need to have a Vail Health representative on the phone (or immediately available) with full authority to bind the defendant to whatever is decided. Our patience has worn thin and we're not going to sit around waiting for the consistent refrain, "we need to talk about this with our client."

If that is the case, you should let us know now. We are not talking about the extent to which a party is going to comply with Rules 33 or 34 requests. That ship sailed years ago. We are now at the point of discussing the means and timing of complying with numerous Court orders that have been nearly 2 years in the making. Those orders require *immediate* compliance. So if Vail Health is not giving you full authority to resolve the compliance issues that it has known about for 7-10 months, and you are not going to have someone from Vail Health present with that authority, then we will need to do it another way. We can request that Special Master Ruckriegle attend a conference in Breckenridge (or perhaps Vail) for a morning or afternoon to hash out what is needed. That would be our preference if there is going to be any push-back from Vail Health. So let us know on that score.

As to your question, the top four categories that need to be addressed first are in the chart that Sonya provided to you earlier today:

- Howard Head financial data, including scheduling a Rule 30(b)(6) deposition of Karen Hannah
- Agreement on custodial files and search terms for ESI and hard-copy documents outside the Vail Valley
- Vail Health's procedures to ensure the preservation of ESI, data and hard-copy documents, including for former Chairman Mike Shannon
- Compliance with Order #5 regarding the production of documents from the privilege log for which attorney-client privilege was not established, which is now overdue

The discovery issues here are not whether or how Vail Health will respond to Plaintiffs' discovery requests. Rather, *the issues are whether Vail Health will comply with the Court's and Special Master's Orders and when*. If Vail Health's interpretation of those Orders is not the same as Plaintiffs', then we need to know that immediately. Vail Health's counsel has already provided us with Vail Health's interpretation of the Orders at issue. If there is not going to be compliance, we'll conclude that it is Vail Health that declines to comply with valid Court orders and the Davis Graham lawyers should not carry the blame. If that's the case, we'll move forward to schedule an in-person conference with Special Master Ruckriegle so he can clarify the scope of the Orders #1-5, which is the process that Magistrate Judge Crews indicated should be followed.

One issue was already "clarified" for Vail Health at the April 26, 2023 conference, which related to Order #4 and RFP #7-8 relating to combinations with Steadman and VSO. Vail Health took a very restrictive view, limiting it to only physical therapy and two locations, Dillon and Basalt. At the conference, Special Master Ruckriegle rejected Vail Health's

1

interpretation, stating that Order #4 was not that restrictive.  Rather, documents related to Steadman, VSO, Howard Head, physical therapy, and orthopedic surgery and care, etc. are responsive to RFP #7-8.  Nor were the locations limited to just Dillon and Basalt.  So prior to Friday's call, Plaintiffs need Vail Health to confirm that the searches to be conducted outside the Vail Valley will be consistent with the Special Master Ruckriegle's April 26 statements as already set out in Order #4.

Additionally, Vail Health's former counsel already represented to us that they have talked with their Vail Health representative numerous times about all of these issues since October 2022, so we have Vail Health's response to most of these issues already, which is set out in the chart. If Vail Health is willing to change its position as to any of those issues, please let us know before Friday.

We also ask that Vail Health confirm before Friday's call whether it will:

- Produce the emails and texts of Michael Shannon for both inside and outside the Vail Valley
- Produce the emails and texts of Harold Dupper inside and outside the Vail Valley
- Produce the texts of Doris Kirchner, Will Cook, Nicholas Brown, and Ellen Broersma for both inside and outside the Vail Valley
- Agree to the general concept that it will run additional searches for responsive documents inside the Vail Valley, including additional custodians and search terms that will be negotiated

If not, we would like to know the reasons why.

As to the search terms for inside and outside the Vail Valley, Sonya previously provided most of that information.  I understand that a lot has been sent to you this week, so I am attaching the last submission to the Court on Plaintiffs' proposed searches outside the Vail Valley, along with Vail Health's April 20 search term list that includes Plaintiffs' responses.

We appreciate that you are in the unenviable position of stepping into a case in which you may not have handled (non)compliance with Court Orders in the same manner as prior counsel.  Plaintiffs, however, are also in the unenviable position of having wasted the past two years and have been prejudiced in numerous sways by Vail Health's misconduct, concealment of evidence, and noncompliance with Court Orders--either in agreement with, or by way of, its prior counsel.  Either way, Vail Health's conduct needs to change, and quickly, or Plaintiffs will be forced to bring Rule 37(b)(2) and 26(g) motions, which Magistrate Crews authorized at the April 26 conference.

We want a professional and cooperative relationship, but the status of the current relationship is the direct result of choices that Vail Health and its legal counsel have made over the course of seven years.  That's a lot to overcome.

Regards,

Alan Kildow
970-390-6675