# Exhibit 6

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Tuesday, May 2, 2023 9:36 AM |
| **To:** | alkildow@aol.com |
| **Cc:** | Evan.Rothstein@arnoldporter.com; Colin.Obrien@arnoldporter.com; alkildow@aol.com |
| **Subject:** | Re: FW: Sports Rehab v Vail Health [19-2075]--Initial Discovery Issues |
| **Attachments:** | May 2, 2023 Pls Mem on Outstanding Discovery Issues.pdf; October 18, 2022 Memorandum in Response to October 14, 2022 Letter and Conferral - Copy.pdf; Plaintiffs' Notice Of Outstanding Discovery Issues (1).pdf; March 13, 2023 Plaintiffs Second Amended List of Custodians And Search Terms.pdf; Pls Conferral Memo on Duty of Cooperation (1).pdf; April 4, 2023 Plaintiffs' Continued Request to Cooperate (1) (1).pdf; April 13, 2023 Pls Conferral Memo on VH (Non)Compliance (2).pdf; April 20 2023 Pls Response to VH Revised Search Terms re Outside the Vail Valley (2).pdf |

Good morning,

Here is Plaintiffs' list of outstanding discovery issues.  I have also attached a number of memoranda that Plaintiffs previously sent to Vail Health's prior counsel, which we assume you have. They do, however, provide a summary of the discovery orders and discovery obligations that Plaintiffs contend Vail Health has violated. They are but a small subset of the communications Plaintiffs have had about the discovery issues.

We look forward to discussing this with you on Friday and hope that we can work cooperatively to finally move things forward.  Please confirm whether 10 am MDT on Friday works for you both.

Best regards,

Sonya

On Mon, May 1, 2023 at 6:09 PM <alkildow@aol.com> wrote:

> Evan:
>
> Thank you very much for your prompt and professional response.  Sonya and I are hopeful that the parties can turn a new page that better serves our clients and the court system.  As you may have guessed, we do not believe that Vail Health's discovery obligations have been fulfilled, and as a result, the schedule of the case is *years* behind what it should have been.  So if we seem a bit impatient in our efforts to move the process forward to conclusion, we ask for your understanding.
>
> Many of the discovery issues that remain at issue were the subject of discovery requests served on October 7, 2019.  There are many significant holes in Vail Health's discovery that we are intent on filling, so we will do our best to identify those issues as quickly as we practicably can.  Accepting your suggestion of a discussion on Friday, we will try to provide you with that list in time for that discussion.
>
> There are three issues that we believe require immediate attention: (1) An answer with respect to the motion Plaintiffs filed on December 19, 2022 (ECF No. 425), regarding a Rule 30(b)(6) deposition of Karen Hannah.  We are of the view that the motion should not require a decision of the Special Master, to whom the motion has now been referred.  (2) Magistrate Judge Crews also issued an order following our conference last Wednesday requiring the parties to confer with the objective of reaching consensus on custodial files to be searched (including locations) and the

search terms to be applied to those searches.  There is a time deadline in the order, so if we cannot reach an expeditious agreement (we have been at this with Davis Graham for many weeks) we will need to enlist Special Master Ruckriegle.  We would, therefore, like to reach agreement on those issues on Friday, if possible.

 With respect to your suggestion of an hour on Friday, we would suggest two hours.  Even so, two hours would still not be sufficient time given the unfulfilled discovery that you will see from our list, but at least it will be a start.  We propose Friday at 10 am MDT for the conference call.  Let us know if that works for you.

 Kind regards,

Alan Kildow
970-390-6675

---

**From:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Sent:** Monday, May 1, 2023 2:58 PM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Cc:** Alan Kildow <Alkildow@aol.com>
**Subject:** RE: Sports Rehab v Vail Health [19-2075]--Initial Discovery Issues

Hi Alan and Sonya-

Thank you both for your e-mails.  We look forward to working with you as well.  We appreciate you sending over the communications regarding outstanding discovery disputes and are getting our hands around the document productions and the discovery issues Plaintiff has raised.  How about we set up a call for an hour on Friday to run through the outstanding issues and disputes from your perspective.  We can then set up a follow up call the following week to talk through Vail Health's position and how we can accommodate your requests so that we can try to find an agreeable landing spot. In the meantime, if there are other issues you think need to be discussed beyond the ones referenced in your emails, please let us know.

Thanks,

Evan

_____

Evan Rothstein
Partner | Bio

**Arnold & Porter**

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308

Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Monday, May 1, 2023 8:18 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Cc:** Alan Kildow <Alkildow@aol.com>
**Subject:** Sports Rehab v Vail Health [19-2075]--Initial Discovery Issues

External E-mail

Good morning,

Welcome to the case.  As Alan Kildow stated yesterday in his email, we look forward to working with you.

We presume that Vail Health's former counsel has apprised you about the many outstanding discovery issues.  I have attached several emails sent to Vail Health's former counsel and the Court in the last week or so that need to be addressed.   Please let us know if you are available for a conference on Tuesday or Wednesday this week.

Best regards,

Sonya Braunschweig

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

### PLAINTIFFS' MEMORANDUM ON OUTSTANDING DISCOVERY ISSUES

---

Vail Health's newly-engaged counsel requested that Plaintiffs identify the outstanding discovery issues. The chart below identifies the issues where Plaintiffs contend indicate Vail Health's noncompliance with multiple discovery orders, as well as obligations under the rules of civil procedure. Plaintiffs reserve the right to amend or modify the list.

Recently, Magistrate Judge Crews referred three matters to Special Master Ruckriegle, which must be addressed as quickly as possible: (1) Plaintiffs' motion to compel the Rule 30(b)(6) deposition of Vail Health (through Karen Hannah of Decision Support) regarding the availability of Howard Head financial data; (2) identification of custodians, locations, and search terms related to discovery outside the Vail Valley subject to the March 13, 2023 Order and Special Master Orders #1-4; and (3) compliance with Order #5 and the production of documents from Vail Health's privilege log.

In addition to these issues, Plaintiffs have sought Vail Health's compliance with Special Master Orders #1-4 or supplementation of discovery on a number of other issues. Plaintiffs have also raised issues with respect to Vail Health's April 26, 2023 production of patient data outside the Vail Valley and noncompliance with Special Master Order #5 that ordered Vail Health to produce documents for which it failed to establish attorney-client privilege for hundreds of logged entries.

Additionally, at the April 26, 2023 conference, Magistrate Judge Crews (1) lifted compliance with his informal discovery practices; (2) permitted Plaintiffs to file discovery motions; and (3) noted that discovery motions relating to prior discovery orders would most likely be referred to Special Master Ruckriegle.   Plaintiffs have attempted multiple times to resolve the issues, for the most part without success.   Unless resolved very quickly, they are now ripe for Court intervention.   Further, Vail Health has previously made misrepresentations to the Court on a variety of discovery matters and have concealed relevant evidence.   The most recent example of this is found in Vail Health's limited production on April 26, 2023, which revealed that Vail Health concealed relevant evidence on its privilege log by making misleading and inaccurate statements in violation of Fed. R. Civ. P. 26(g).   On May 1, 2023, Plaintiffs provided a selection of the communications that Plaintiffs have recently had with Vail Health's prior counsel and the Court.   We are also providing certain discovery memoranda that Plaintiffs provided to Vail Health since November 2022, summarizing issues Plaintiffs raised immediately after Vail Health did not comply the Special Master Orders #1-5.   These communications demonstrate that there has not been good faith compliance with Vail Health's discovery obligations.

After being provided the memoranda, Vail Health's prior counsel repeatedly informed Plaintiffs that they had conferred with Vail Health about each of the discovery issues. After months of communications and conferrals (which happened only after the Magistrate Judge again instructed Vail Health to participate in conferrals), in the end, Vail Health agreed to comply with certain aspects of the Orders but only to a very limited extent. And even then, Plaintiffs have had to repeatedly follow-up and seek compliance with those portions Vail Health agreed to, which it has not been done. Even if full compliance is achieved now, Plaintiffs intend to bring Vail Health's noncompliance to the Court's attention, including Vail Health's counsel's violations of Fed. R. Civ. P. 26(g).

The chart below catalogs the outstanding discovery issues, whether conferrals have been held, and Vail Health's final or latest position, which is noted in the "Produce?" column.

| No. | Outstanding Discovery Issue | Conferral? | Produce? |
|---|---|---|---|
| 1 | **Production Of Howard Head Financial Data** | | |
| | No affidavit produced stating that Howard Head financial data cannot be segregated from Vail Health (Order #1 ¶¶ 21-24) | Yes, multiple | No |
| | What data is available for Howard Head in the Strata system or other financial system used by Howard Head | Yes, multiple | No |
| | Production of Howard Head financial data from Strata system or other financial system used by Howard Head | Yes, multiple | No |
| | Plaintiffs have moved the Court for leave to take a Rule 30(b)(6) deposition by way of Karen Hannah | Yes, multiple | No |
| 2 | **Searches For Documents Outside The Vail Valley** | | |
| | Plaintiffs sought to work cooperatively with Vail Health to identify custodians, locations, and search terms, which Vail Health repeatedly rejected until Magistrate Judge Crews instructed the parties to confer and exchange information | Yes, multiple | |
| | Search custodian files of Mike Shannon, including emails, text messages, and other relevant files | Yes, multiple | No |
| | Search custodian files of Harold Dupper, including emails, text messages, and other relevant files | Yes, multiple | No |

| No. | Outstanding Discovery Issue | Conferral? | Produce? |
|---|---|---|---|
| | Search text messages of Doris Kirchner, Will Cook, Nicholas Brown, and Ellen Broersma | Yes, multiple | No response |
| | Ending date for production of documents (Vail Health produced patient data ending April 26, 2023) | Yes, multiple | |
| | Plaintiffs proposed an iterative process of Vail Health running proposed searches, providing a "hit" report and sampling of (non)responsive documents so that searches could be modified if necessary | Yes, multiple | No |
| | Identify witnesses as to Interrogatory Nos. 11-14, 18, 20, and 21 to ensure proper custodians are identified | Yes, multiple | Not until answer is due |
| | Identify of those engaged in negotiations and discussions with Steadman and VSO related to any expansion plans outside the Vail Valley | Yes, multiple | No |
| | Identify those participating in the Project Steering Committee as referenced in the Hammes documents produced by Steadman | Yes, multiple | No |
| | Identify those participating in discussions or providing information to third-party consultants, such as Hammes, Percival, and Remedy | Yes, multiple | No |
| 3 | **Vail Health's Preservation Of Documents And Information** | | |
| | Plaintiffs raised significant concerns about Vail Health's preservation of documents and asked Vail Health to disclose when a litigation hold was put in place, who received that notice, what documents were preserved, and if custodians were periodically reminded about their obligations (*See* Orders #2, 4) | Yes, multiple | No |
| | Identify those provided notice is also relevant to identifying relevant custodians for production | Yes, multiple | No |
| 4 | **Production Of Documents From The Privilege Log (Order #5)** | | |
| | Produce all documents expressly challenged by Plaintiffs in motion to compel #5 that are appraiser communications | Yes | In part |
| | Produce all documents expressly challenged by Plaintiffs in motion to compel #5 are client-to-client communications | Yes | No |
| | Produce all documents expressly challenged by Plaintiffs in motion to compel #5 that are attorney-client communications | Yes | No |
| | Produce all documents expressly challenged by Plaintiffs in motion to compel #5 that include Michael Shannon's assistant | Yes | In part |
| | There are many issues with the April 26, 2023 production:<br>• Multiple documents were improperly redacted<br>• Brown's summaries for his 1:1 meetings with Kirchner were not produced<br>• Certain emails appeared not to be on the privilege log<br>• Emails refer to other responsive emails or topics that were not previously produced<br>• Deloitte communications were not produced<br>• Vail Health shared the Haverford valuation with Steadman but Vail Health's counsel stated it had not | Not yet | |

| No. | Outstanding Discovery Issue | Conferral? | Produce? |
|---|---|---|---|
| 5 | **Production Of Patient Data Outside The Vail Valley** | | |
| | Plaintiffs identified certain issues and questions with the data, including related to Basalt and Dillon and whether the data is limited to physical therapy | Not yet | |
| | Plaintiffs requested Vail Health identify the person(s), who created the spreadsheets, which the Special Master had previously required (*See* ECF No. 274 at 2-3) | Not yet | |
| | Vail Health personnel appeared to generate the Excel patient data the same day it was produced, and yet, Vail Health represented to the Special Master it took approximately 70 hours to produce the patient data for Vail Valley; please explain | Not yet | |
| 6 | **Adequacy Of Search For Documents Inside The Vail Valley (Only Four Custodians' Emails Were Searched)** | | |
| | Plaintiffs requested Vail Health search and produce text messages of the four custodians | Yes, multiple | No |
| | Plaintiffs requested Vail Health run revised searches as the search terms used were overly restrictive and incomplete | Yes, multiple | No |
| | Plaintiffs requested that Vail Health produce the 12,000 documents that were identified as having "hits" using Vail Health's restrictive search terms | Yes, multiple | No |
| | Plaintiffs requested Vail Health to share a sampling of the nonresponsive documents | Yes, multiple | No |
| | Plaintiffs requested Vail Health add custodians identified in Vail Health's October 17, 2022 Amended Responses to Interrogatory Nos. 11-14, 18, 20-21 (Orders #2-4) and identified by Nicholas Brown in his deposition<br>• Ted Sirotta<br>• Tim Wise<br>• Mike Shannon<br>• Art Kelton<br>• Chris Jarnot<br>• Justin Starzyk<br>• Karen Hannah | Yes, multiple | No |
| | Order #2 at 3 states: "It often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications in some documents that Vail Health had at some point, additional responsive information that it now claims to lack."<br><br>Order #4 at 2 states: "Plaintiffs may inquire via depositions or other remaining discovery devices as to why documents that seem like they should still exist no longer do, and in appropriate circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation."<br><br>Plaintiffs have evidence of both. | Yes, multiple | No |

| No. | Outstanding Discovery Issue | Conferral? | Produce? |
|---|---|---|---|
| 7 | **Production Of Attachments** | | |
| | Production of all attachments to emails except those logged as privileged (Order #4) | Yes, multiple | In part |
| 8 | **Production Of State Court Documents** | | |
| | Production of all state court documents responsive to RFPs #7-8 (Order #4) | Yes, multiple | Yes, but took 6 months |
| | Production contained redactions, and Vail Health stated it would (1) identify the privilege log from the state court action where the documents were purportedly logged; (2) identify where the Special Master ruled on redactions in the state court action; and (3) identify whether Vail Health would produce a redaction log | Yes, multiple | Not provided |
| 9 | **Production Of Documents Without Redactions** | | |
| | All redacted materials withheld on a "not relevant" basis are to be produced without redactions except for Board documents (ECF No. 384 at 3) | Yes, multiple | No |
| 10 | **Board And Committee Documents** | | |
| | Board, Finance Committee, and Steering Committee documents related to (1) physical therapy or (2) combinations with Steadman/SPRI and VSO/VSOF (Order #3) | Yes, multiple | In part |
| | Production of documents outside the Vail Valley | Yes, multiple | No |
| | Steering Committee documents | Yes, multiple | No |
| 11 | **Answers To Interrogatories** | | |
| | Interrogatory # 11-13, 20(e)-(f), 21(d)-(e) as to outside the Vail Valley (Orders #2-4) | Yes, multiple | Yes, but not yet done |
| | Interrogatory #14 doctor referrals outside the Vail Valley | Yes, multiple | No |
| | Interrogatory #18 per if different answer for outside the Vail Valley (Order #2) | Yes, multiple | No |
| | Interrogatory #24 as to inside and outside the Vail Valley (Order #1) | Yes, multiple | No response |
| 12 | **Production Of Documents To RFPs** | | |
| | RFP #2, 4 Howard Head financial data, including for outside the Vail Valley (Order #2; Item #1 above) | Yes, multiple | No |
| | RFP #7-8 joint venture, merger, or other combinations with Steadman or VSO relating in any way to providing physical therapy services (Order #4) | Yes, multiple | Subject to agreement on search terms |
| | RFP #9 for physical therapists outside the Vail Valley (Order #2) | Yes | No |
| | RFP #10 for physical therapy offer letters outside the Vail Valley if different than exemplars produced (Order #2) | Yes | No |
| | RFP #15 for Board, Finance Committee, Steering Committee (Order #3; Item #10 above) | Yes, multiple | No |

| No. | Outstanding Discovery Issue | Conferral? | Produce? |
|---|---|---|---|
| | RFP #17 patient data inside the Vail Valley; Plaintiffs sent extensive memoranda regarding the deficiencies and problems with the data, as well as misrepresentations made to Plaintiffs and the Court about the availability of certain data; Plaintiffs requested the data be rerun with the available fields (Order #1) | Yes, multiple | No |
| | RFP #17 patient data outside the Vail Valley (Order #1; Item #5 above) | Yes, multiple | In part |
| | RFP #18 documents related to chargemaster if different related to outside the Vail Valley (Order #2) | Yes | No |
| | RFP #25 documents related to competitors of Vail Health/Howard Head related to physical therapy services inside and outside the Vail Valley (Order #1)<br><br>Vail Health did not produce documents related to settlement with Axis for violation of noncompete | Yes, multiple | In part<br><br>Subject to agreement on search terms |
| 13 | **Supplementation Of Discovery If Incomplete Or Incorrect** | | |
| | If any discovery responses were limited to only inside the Vail Valley, Plaintiffs requested that Vail Health supplement its answers to interrogatories or RFPs under Fed. R. Civ. P. 26(e) (Order #2 at 4 recognizing Vail Health's ongoing duty to supplement if responses were incomplete)<br><br>In addition to the interrogatories and RFPs identified in Item #11-12 above, supplementation may be required as to answers to Interrogatory #8-9, 17-19 and RFPs 3, 5-6 | Yes, multiple | No obligation to supplement |