# Exhibit 7

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Monday, May 8, 2023 1:08 PM |
| **To:** | O'Brien, Colin M. |
| **Cc:** | Alan Kildow; Rothstein, Evan M. |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--May 9, 2023 conferral |
| **Attachments:** | May 5, 2023 Pls Identification of Documents to be Produced.pdf |

Colin,

I have attached a memorandum regarding the issues to be discussed at tomorrow's conferral. While it is long, we wanted to provide some context rather than just identify the specific items at issue. Hope jury duty was quick and painless.

Talk to you tomorrow.

Sonya

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' MEMORANDUM FOR MAY 9, 2023 CONFERRAL REALTED TO ATTACHMENTS, REDACTIONS, PRIVILEGE LOG, AND SEARCHES**

This memorandum is long and complicated, but we have attempted to provide you with some context to facilitate our discussions going forward and addresses attachments (ECF No. 383 at 3), redactions (ECF No. 384 at 3), Vail Health's privilege log (ECF No. 398), and additional searches (ECF No. 468).

I.    **MISSING EMAIL ATTACHMENTS.**

    A.    **Background Of Dispute.**

In their motion to compel #4, Plaintiffs raised the issue of Vail Health's failure to produce attachments to emails. In Order #4, the Special Master rejected Vail Health's representation that attachments had been produced and ordered Vail Health that "in every circumstance where a responsive, non-privileged email contained a non-privileged attachment, Vail Health shall produce that attachment." Vail Health had 30 days to produce those documents. On October 17, 2022, Daniel Richards submitted a letter to the Special Master taking the same position rejected by the Special Master: "Vail Health

1

confirms that it has produced non-privileged attachments to non-privileged emails and is not withhold those documents."

On October 18, 2022, Plaintiffs sent an email to Vail Health addressing Vail Health's noncompliance with that portion of Order #4. After requesting a conferral on this issue multiple times, one was finally held on November 11, 2022, after the Magistrate Judge again had to instruct Vail Health to comply with its conferral obligations.

At the November 11 conferral, Mr. Richards again stated that Vail Health had already produced the attachments. When Plaintiffs asked what steps had been taken to confirm compliance with Order #4, Mr. Richards refused to say. Instead, Mr. Richards placed Vail Health's burden onto Plaintiffs to identify the missing attachments, which they did the same day. All-in-all, Plaintiffs identified 35-40 missing attachments. Two months later and after repeated prodding, Vail Health produced a portion of the missing attachments on January 5, 2023. Subsequent communications and conferrals resulted in another subset of attachments being produced on March 27, 2023. Plaintiffs sent multiple requests for the still-remaining missing attachments; Vail Health did not respond.

**B.      Identification Of Missing Attachments.**

For ease of reference, we have taken a snapshot of the relevant portion of the email, along with the bates number, to identify the missing attachments. The parties previously agreed to reproduce the entire email and attachments to avoid evidentiary issues related to completeness and for authentication purposes. We ask that you do the same for any additional attachments Vail Health decides to produce.

> From: Marks, William [mailto:Marks.William@bcg.com]
> Sent: Tuesday, August 21, 2018 12:00 PM
> To: Nicholas P. Brown
> Cc: Gordon, Samantha; Wiedenbeck, Jane
> Subject: New look at Rehabilitation Market Share and Service Line rollups

External Email: Be cautious with links and attachments.

Hi Nico,

Attached you will find the SL rollups that the Decision Support Group (Karen's team) put together for IP and OP. We thought this might be helpful to use in your Ortho code search. These rollups are a bit different than the ones we have used for our analyses, but we believe there will be a transition to a new system in the future.

In addition, I broke out the physical rehab (97000 series) codes from Rehabilitation Market Size bucket, as well as Total Joint from the Orthopedics bucket, and have provided those breaks here. As you'll see, CMM's market share is entirely in the non-Phys Rehab part of Rehabilitation, as expected, and the primary "Unclassified" provider is Axis.

Looking forward to connecting on Thursday.
Best
William

William Marks
THE BOSTON CONSULTING GROUP
2501 North Harwood, Suite 2200
Dallas, Texas 75201 • United States of America
Tel. +1 214 468 2356 • Mobile +1 214 435 9208
marks.william@bcg.com

Read BCG's latest insights, analysis and viewpoints at BCG.com

The Boston Consulting Group, Inc.

This e-mail message may contain confidential and/or privileged information. If you are not an addressee or otherwise authorized to

ATTORNEYS' EYES ONLY FED                                    VH_Fed_00001430

Begin forwarded message:

From: Karen Hannah <karen.hannah@vailhealth.org>
Date: October 20, 2017 at 8:05:31 AM MDT
To: "Nicholas P. Brown" <nico.brown@vailhealth.org>
Subject: FY 2018 Budgeted Statistics

Good Morning Nico,

I believe most of your department Leaders gave me their volume spreads already (thank you for that). Could you please review these and let me know if you would like any adjusted?

Thank you and Happy Friday ☺

Karen J. Hannah
Director of Decision Support and Budget
Vail Health | Decision Support
(970) 479-5117 | vailhealth.org
Our mission is to provide superior health services with compassion and exceptional outcomes.

CONFIDENTIAL                                                VH_Fed_00003421

>
>
> <2016 SPRI Department Projects.pptx>
>
>
>
> Disclaimer
>
> This message is intended only for the designated recipient(s). It may contain confidential, privileged or proprietary information. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message. Email transmission cannot be guaranteed to be secure or error-free. Therefore, KSL does not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice. This Email has been scanned for viruses and malware.
>

ONFIDENTIAL                                                 VH_Fed_00003746

3

**From:** Nicholas P. Brown
**Sent:** Monday, September 19, 2016 12:32 PM
**To:** Mike Shannon
**Cc:** Doris Kirchner; Ted Sirotta
**Subject:** FW: TSC

PWC email and links I referenced on call.

Arion Robbins from Revelstoke Capital Partners, LLC was the one who approached me a few back about purchasing HH.

ONFIDENTIAL                                                                                          VH_Fed_00004002

---

**From:**       Will Cook [/O=VVMC EXCHANGE/OU=EXCHANGE ADMINISTRATIVE GROUP
                (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=WILL COOK8F0]
**Sent:**       2/6/2019 6:49:02 AM
**To:**         Nicholas P. Brown [nico.brown@vailhealth.org]
**Subject:**    RE: Howard Head (HH) Margin
**Attachments:** RE: PRIORITY Fwd: Steadman Expansion Space

When we talk, need to update you on the Basecamp saga (sharing attached in confidence)

VH_Fed_00004855

---

Steve,
The changes to the SPRI Research Affiliation Agreement are attached for review, redlined and clean.  Please let me know if you have any questions.  The Lease is still under internal review, and I will get it to you as soon as I can.  Don

**Donald R. Auten**
Partner

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
P: +1 215 979 1969
F: +1 215 689 0863
C: +1 610 308 5554

CONFIDENTIAL                                                                                         VH_Fed_00006932

---

**From:** Patel, Bina (US - Costa Mesa)
**Sent:** Friday, June 3, 2016 10:29 AM
**To:** Christie Faires <Christie.Faires@kslcapital.com>; Mike Shannon <Mike.Shannon@kslcapital.com>
**Cc:** Bonin, Scott Allen (US - Houston) <sbonin@deloitte.com>
**Subject:** FW: Draft valuation

Christie/Mike, introducing you to Scott Bonin (copied on this e-mail).  He has been identified as the valuation expert at Deloitte that can best help with this matter of 'reviewing' the attached valuations as he's familiar with the hospital and has worked on matters related to the Vail area before.  He has had a chance to briefly look over the documents and has some questions that I thought best be answered by Mike.   Hence, Scott will be calling Mike directly to discuss, but wanted to give you a quick heads up first.

VH_Fed_00007824

4

5

> From: William Mitchell [mailto:wmitchell@haverfordcapital.com]
> Sent: Friday, January 15, 2016 12:48 PM
> To: Jacqueline A. Deverie
> Cc: 'Auten, Donald R. (Auten@duanemorris.com)'; Kirk A. Rebane
> Subject: Haverford's draft valuation of Vail Valley Surgery Center, LLC
>
> Dear Jacqueline,
>
> As per our phone conversation, please find attached Haverford's draft value letter and a draft work-paper package .
>

VH_Fed_00007923

Message

From: Nicholas Newsad [nnewsad@hctadvisor.com]
Sent: 11/11/2016 10:20:14 AM
To: Nicholas P. Brown [brownn@vvmc.com]; Jones, Matthew C. [MJones@duanemorris.com]
Subject: Draft FMV exhibits / VVMC 001
Attachments: Draft Exhibit - VVMC 001 MSO rate.pdf; Draft Exhibits - VVMC 001 MSO BV.PDF

Nico, Matt,
Attached you will find our draft exhibits. Here is a summary of the draft conclusions:

VH_Fed_00008163

From: Nicholas Newsad [mailto:nnewsad@hctadvisor.com]
Sent: Wednesday, November 23, 2016 10:50 AM
To: Nicholas P. Brown
Cc: Jones, Matthew C.
Subject: RE: Revised MSO rate analysis

External email: Be cautious with links and attachments.

Yes, the inputs for the current stock price and future strike price changed.

A revision is attached with the labor estimate language removed.

ATTORNEYS' EYES ONLY FED                                    VH_Fed_00008667

**From:** Nicholas Newsad [mailto:nnewsad@hctadvisor.com]
**Sent:** Wednesday, November 23, 2016 7:50 AM
**To:** Nicholas P. Brown
**Cc:** Jones, Matthew C.
**Subject:** RE: Revised MSO rate analysis

External email: Be cautious with links and attachments.

Should the total in this spreadsheet you just sent be used as Productive Salaries for 2016? ($5,055,850)

What should be done with the row labeled Non-Productive Salaries? It is much smaller than the same line item in the historical expenses and 2016 projection ($29,308 actual vs. $686,884 projected).

Sincerely,

Nicholas A. Newsad, MHSA
Healthcare Transaction Advisors
303-800-6444 office
720-281-2654 mobile

---

**From:** Nicholas P. Brown [mailto:brownn@vvmc.com]
**Sent:** Tuesday, November 22, 2016 4:33 PM
**To:** Nicholas Newsad <nnewsad@hctadvisor.com>
**Cc:** Jones, Matthew C. <MJones@duanemorris.com>
**Subject:** RE: Revised MSO rate analysis

Nicholas,

Here are the year-end labor costs- no change to Administrative costs from prior schedule. Please let me know if you have any questions.

Thanks,

Nico Brown, PT, MPT, FACHE
VP Therapy Clinic Operations
Howard Head Sports Medicine
Vail Valley Medical Center
(970)401-0431

 

OFFICIAL MEDICAL PROVIDER

This message (and any included attachments) is from Vail Valley Medical Center and Howard Head Sports Medicine Centers and is intended only for the addressee(s). The information contained herein may include privileged or otherwise confidential information. Unauthorized review, forwarding, printing, copying, distributing, or using such information is strictly prohibited and may be unlawful. If you received this message in error, or have reason

ATTORNEYS' EYES ONLY FED                                                                                           VH_Fed_00008670

---

External email: Be cautious with links and attachments.

Nico,
The revised MSO rate analysis is attached. The conclusion is the same.

If you get a chance, please review the unit-bundling arithmetic. I have bundled 3.15 units into each visit.

Sincerely,

Nicholas A. Newsad, MHSA
*Managing Partner*

Healthcare Transaction Advisors
9233 Park Meadows Drive
Lone Tree, CO 80124

303-800-6444 office
720-281-2654 mobile
+1-866-335-1217 fax
www.hctadvisor.com
<image002.jpg>

ATTORNEYS' EYES ONLY FED                                                                                           VH_Fed_00008671

6

> Message
>
> From: Nicholas P. Brown [/O=VVMC EXCHANGE/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BROWNN]
> Sent: 11/22/2016 3:43:26 PM
> To: Mike Shannon [Mike.Shannon@kslcapital.com]
> Subject: FW: Summary of New HHSM JV MSO FMV
> Attachments: HHSM JV as MSO with Haverford FMV, Multiplier, and Summary Docs with Actual 2016 Volume.xlsx
>
> VH_Fed_00008686

**This documents appears to be a native Excel file but the document appears to be a PDF, making it difficult to analyze. Same issue in the next email below.**

> Message
>
> From: Nicholas P. Brown [/O=VVMC EXCHANGE/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BROWNN]
> Sent: 11/21/2016 10:06:51 AM
> To: Mike Shannon [Mike.Shannon@kslcapital.com]
> Subject: FW: Summary of New HHSM JV MSO FMV
> Attachments: HTA MSO FMV Visit Rate Draft.pdf; HTA MSO Ownership Draft FMV.pdf; Howard Head Workpapers - Valuation for 05.31.pdf; HHSM JV as MSO with Haverford FMV, Multiplier, and Summary Docs with Actual 2016 Volume.xlsx; HHSM JV for Haverford 16 forecast with Multiplier.xlsx
>
> VH_Fed_00008903

> Message
>
> From: Nicholas P. Brown [/O=VVMC EXCHANGE/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BROWNN]
> Sent: 9/17/2016 11:17:10 AM
> To: 'Jones, Matthew C.' [MJones@duanemorris.com]
> CC: Doris Kirchner [kirchner@vvmc.com]; Auten, Donald R. [Auten@duanemorris.com]
> Subject: RE: VVMC - HH JV Restructuring
> Attachments: HHSM JV as MSO with Haverford FMV, Multiplier, and Summary Docs for 1% stake.xlsx; HHSM JV as MSO with Haverford FMV, Multiplier, and Summary Docs for SPRI.xlsx; HHSM JV for Haverford 16 forecast with Multiplier.xlsx
>
> VH_Fed_00009466

> From: Nicholas P. Brown [mailto:brownn@vvmc.com]
> Sent: Friday, September 16, 2016 4:20 PM
> To: Jones, Matthew C.; Doris Kirchner
> Subject: RE: VVMC - HH JV Restructuring
>
> Matt and Doris,
>
> I have attached 3 excel forecasts- all passwords are VVMC.
>
> 1. JV as a standalone for comparison
> 2. JV as MSO for a 1% stake
> 3. JV as MSO for a 39% stake (Amount of equity needed to cash flow above $700k at year 1)
>
> I am happy to send info over to Mike if this seems reasonable.
>
> Thanks,
>
> Nico
>
> VH_Fed_00009469

7

```
Message
─────────────────────────────────────────────────────────────────
From:         Nicholas P. Brown [/O=VVMC EXCHANGE/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BROWNN]
Sent:         2/11/2016 3:33:49 PM
To:           Auten, Donald R. [Auten@duanemorris.com]
Subject:      FW: HHSM Update
Attachments:  HHSM Update 2 12 16.docx; Preliminary Haverford Howard Head Sports Medicine Financial Model ppd
              12.23.15.v1.xlsx; Preliminary Haverford Howard Head Sports Medicine Financial Model ppd 12.23.15.v1.xlsx; HHSM
              10 year Growth Projection Version 4.pptx; RE: Legal position on HHSM JV Stark exception ; HHSM Update 2 12
              16.docx; MGMA 2015 Report - 2014 Data Medical Director Compensation.xlsx
```

Don,

This is information for tomorrow's meeting with Mike and Doris- wanted to make sure you had access to it as needed.

Nico

VH_Fed_00009715

```
Message
─────────────────────────────────────────────────────────────────
From:         Nicholas P. Brown [/O=VVMC EXCHANGE/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BROWNN]
Sent:         2/11/2016 11:07:07 AM
To:           Doris Kirchner [kirchner@vvmc.com]; Mike Shannon [Mike.Shannon@kslcapital.com]
Subject:      HHSM Update
Attachments:  HHSM Update 2 12 16.docx; Preliminary Haverford Howard Head Sports Medicine Financial Model ppd
              12.23.15.v1.xlsx; Preliminary Haverford Howard Head Sports Medicine Financial Model ppd 12.23.15.v1.xlsx; HHSM
              10 year Growth Projection Version 4.pptx; RE: Legal position on HHSM JV Stark exception ; HHSM Update 2 12
              16.docx; MGMA 2015 Report - 2014 Data Medical Director Compensation.xlsx
```

Doris and Mike,

I have prepared and attached an HHSM Update similar in format to the ones Doris and I use in our 1:1's for tomorrow's conversation. I have also attached additional supporting documents to provide greater clarity on specific areas as needed.

Looking forward to discussing tomorrow morning.

Best,

Nico Brown, PT, MPT, FACHE (Designate)
VP Therapy Clinic Operations
Howard Head Sports Medicine
Vail Valley Medical Center
(970)401-0431

  OFFICIAL MEDICAL PROVIDER 

This message (and any included attachments) is from Vail Valley Medical Center and Howard Head Sports Medicine Centers and is intended only for the addressee(s). The information contained herein may include privileged or otherwise confidential information. Unauthorized review, forwarding, printing, copying, distributing, or using such information is strictly prohibited and may be unlawful. If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail. If you have any question regarding this notice or the email that you have received, please respond to postmaster@vvmc.com

ATTORNEYS' EYES ONLY FED                                        VH_Fed_00009736

It is unclear whether all attachments were produced. The email indicates the files were Excel files, but the production includes many PDFs.

8

## II. REDACTED DOCUMENTS.

### A. Background Of Dispute.

In motion to compel #3, Plaintiffs cataloged numerous documents that were redacted without explanation (Exhibits 25-28 and 29). In motion to compel #4, Plaintiffs cataloged the redactions made in the state court action (Exhibit 39) that are responsive to Plaintiffs' RFPs in the federal action. In the Special Master's September 19, 2022 Report, he ordered all redacted materials withheld on a "not relevant" basis to be produced. Vail Health has not yet produced any documents from those exhibits in unredacted form.

Additionally, in response to Plaintiffs' motions to compel, Vail Health generally referenced state court documents as responsive to Plaintiffs' requests but without specifically identifying them. In Order #4, the Special Master noted that "Vail Health has already too often claimed that it produced the requested information in the state case." To remove any ambiguity as to the state court documents Vail Health was referring, the Special Master ordered Vail Health to reproduce the relevant state court documents in the federal case. Despite this clear order, Vail Health asserted that it did not need to comply with the Special Master's Order.

Over the course of 4-5 months, Plaintiffs sent numerous emails held three conferrals seeking Vail Health's compliance with Order #4. On March 17, 2023, Vail Health finally reproduced the state court documents. Even so, Vail Health claimed it had no obligation to comply with Order #4 because the parties' agreement in the Scheduling Order that state court documents did not need to be reproduced in the federal action trumped Special Master Order #4. This production implicates the Special Master's

9

redaction order because Vail Health reproduced the state court documents with redactions. *See* March 13, 2023 production, VH_Fed0015, VH_Fed_00007303-511.

Plaintiffs pressed Vail Health multiple times to explain the redactions, either by providing a redaction log in the federal action, or identify the relevant log(s) in the state action. Vail Health agreed to do so by April 7, 2023, but it never did.

Finally, in the April 26, 2023 production, Vail Health continued to redact documents that the Special Master ordered to be produced. On April 28, 2023, Plaintiffs asked for an explanation for the redaction, but later in the day, a change in counsel was made.

### B. Identification Of Redacted Documents.

As noted above, the redacted documents at issue are the following:

- Plaintiffs' Motion to Compel #3, Exhibits 25-28 and 29
- Plaintiffs' Motion to Compel #4, Exhibit 39
- March 13, 2023 production (VH_Fed0015 at VH_Fed007306, 7336, 7342-43, 7430-37, 7448, 7451-52)
- April 26, 2023 production (VH_Fed0018 at VH_Fed007822-26, 7875-77, 7900, 7920-24, 9370-71, 9481-84)

## III. PRIVILEGE LOG.

### A. Background Of Dispute.

In motion to compel #5, Plaintiffs moved to compel the production of documents from Vail Health's privilege log because Vail Health failed to meet its burden to prove that the following specific challenged logged items were privileged: (1) appraiser-to-client; (2) appraiser-to-attorney; (3) client-to-client; (4) attorney-to-client; and (5) other third-

10

parties.[1]  Plaintiffs identified the specific logged items at issue in footnotes 12, 16-17, 20-22, 26-28, 42, 53, 56, 59.  Plaintiffs challenged Vail Health's claim of privilege to over 300 logged items because Vail Health's log was deficient and third-party communications were not privileged or had been waived.  In its response to the motion, Vail Health summarily argued its log was sufficient and addressed only a handful of specific items that Plaintiffs challenged.  The Special Master ordered Vail Health to produce to the Special Master all logged entries challenged by Plaintiffs so that he could conduct an *in camera* review.

The Special Master reported to then-Magistrate Judge Gallagher that Vail Health provided to him "five 3-inch volumes of materials…They were so full that some of the binder clips had opened in shipment and literally could not be closed, and some documents were damaged and torn."[2]  On September 19, 2022, the Special Master also informed the Magistrate Judge that the documents produced by Vail Health were not well organized, some overlapped 5 or 6 times rather than in a chronological email string, thus requiring a greater amount of time to review the emails.  Prior to September 19, Plaintiffs raised many concerns with Vail Health about the production of documents for *in camera* review and offered many different suggestions as to how that process could be streamlined for the Special Master.  Vail Health refused to do so.

In Order #5, the Special Master addressed four general areas related to privilege. He did not go document-by-document because Vail Health had failed to demonstrate that each and every communication that Plaintiffs challenged was privileged.  As to the limited

---

[1]  Plaintiffs also challenged Board members' use of outside email accounts, but Plaintiffs do not include that here because the Special Master found that Plaintiffs had not adequately argued that issue.
[2]  ECF No. 363 at 2.

11

item numbers that Vail Health did specifically address, he found all but three not to be privileged.  Instead, the Special Master explained how Vail Health had failed to meet its burden by using the appraiser communications as an example.  In doing so, the Special Master noted that "SRC and Winninger raise additional arguments concerning the sufficiency of the contents of Vail Health's privilege log.  Those issues will be addressed, inferentially if not explicitly, in the course of the discussion below,"[3] with "the Special Master's review and findings…limited to the specific item numbers recited in the Motion to Compel."[4]

As to attorney-to-client communications, the Special Master held that Vail Health failed to provide any basis to concluded that each attorney-to-client communication was privileged.[5]  Instead, Vail Health only addressed 16 specific attorney-to-client communications, and with the exception of Item Nos. 62, 172, 293,[6] the Special Master held that Vail Health had failed to prove that the other attorney-to-client communications were privileged.  Similarly, the Special Master also held that Vail Health failed to establish that any attorney-appraiser-client,[7] appraiser-client,[8] client-to-client,[9] and KSL assistant communications[10] were privileged.

Vail Health filed an objection to Special Master Order #5, claiming that the Special Master erred in concluding that "Vail Health waived privilege by not specifically discussing in its brief or declaration each of the hundreds of privilege log entries in dispute…."  In the

---

[3]   *Id.* at 3 n.3.
[4]   *Id.* at 3-4 n.4.
[5]   ECF No. 398 at 6.
[6]   *Id.* at 8, 17.
[7]   *Id.* at 12-17.
[8]   *Id.*
[9]   *Id.* at 8-12.
[10]  *Id.* 19-21.

12

March 13, 2023 Order, the Magistrate Judge adopted Special Master Order #5 in its entirety.[11] The March 13 Order found that Vail Health's privilege log and response to the motion to compel offered "nothing more than general categorical and conclusory arguments encompassing broad swath of documents," summarily rejecting Vail Health's assertion that privilege does not need to be established document-by-document.

Rather than comply with two Orders, Vail Health produced approximately 70 items from the privilege log, and even then, some of those were still redacted. Prior to Vail Health's production on April 26, 2023, Plaintiffs identified the (non)privileged entries that needed to be produced. When Vail Health did not respond, Plaintiffs addressed this issue during a conferral. When it became apparent that Vail Health did not intend to comply with the two Orders, Plaintiffs raised this issue with Magistrate Judge Crews at the April 26, 2023 conference. Plaintiffs explained why there was a dispute between the parties—that is, the Order addressed the challenged items by category, rather than document-by-document—which the Special Master stated was his recollection as well.

### B. Identification Of Item Numbers.

The full list of items specifically challenged in Plaintiffs' motion to compel #5 and that are to be produced are the following: Item Nos. 35-38, 48-49, 51, 54, 57-60, 62, 64, 69-70, 73, 75, 89, 91, 95, 97-99, 101, 104-06, 108-09, 116-17, 122-23, 127, 129-36, 141-43, 145-50, 154-56, 158, 162-66, 168, 171, 173-76, 178, 180, 201-02, 204-06, 208, 214-24, 228-35, 237, 241-50, 252-53, 257-58, 265, 267-69, 273, 276, 278-79, 283, 285, 287, 291, 297-98, 300-01, 303-05, 308-11, 313, 317, 320-34, 336-53, 355, 359-60, 363, 365, 370-77, 379-86, 388-401, 409, 414, 417-21, 423, 425, 427-41, 443-45, 447, 449-50,

---

[11] ECF No. 457 at 17-29

452-53, 455-68, 470, 473-74, 478-96, 498-02, 504-27, 529-30, 533, 535-42, 544-45, 551-54, 556, 559-60, 562-66, 570-73.

This list includes the items that Vail Health produced on April 26, 2023.

## IV. ADDITIONAL SEARCHES.

### A. May 5, 2023 Conferral.

During our May 5, 2023 conferral, Vail Health indicated that it would be running Plaintiffs' proposed searches both inside and outside the Vail Valley. Vail Health also stated that it would confer with Plaintiffs if the searches resulted in too many "hits," so that modifications could be made to the searches if necessary. Vail Health also stated that it would get back to us on approximately May 10 about additional custodians to be searched, which included Michael Shannon, Harold Dupper, Ted Sirotta, Tim Wise, Art Kelton, Chris Jarnot, Justin Starzyk, and Karen Hannah.

During the conferral, Plaintiffs also requested that Luke O'Brien be added to the list. Vail Health also stated that it would confirm locations to be searched, and specifically Plaintiffs request for text messages, none of which have yet been produced in this case. Kirchner testified during her deposition that she had conducted a self-review for text messages that she apparently turned over to Davis Graham. Dr. Philippon of Steadman testified that Michael Shannon routinely communicated with him by way of text messages. And Kirchner and Shannon described texts with Steadman and amongst themselves in some of the documents produced in this action.

### B. Additional Considerations.

One possible way to get this process moving is for Vail Health to produce the documents that had "hits" using Vail Health's prior restrictive search terms used for the 2021 productions. Daniel Richards stated that the search resulted in 12,000 documents,

14

with less than 10% actually being produced.  We asked why there were so many "hits" and so few documents produced, but Vail Health would not explain why.  In situations like here, courts often order sanctions when there are documents that appeared to have existed at one time but not produced,[12] a party takes a very narrow approach to relevancy,[13] and when a party makes false representations about the search for responsive documents and conceals evidence.[14]  Plaintiffs have substantial evidence supporting that Vail Health (either itself or by way of its counsel) did all three here, and we can discuss best how to proceed as to the 12,000 documents during our conferral.

---

[12]  ECF No. 381 at 3 ("It often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications in some documents that Vail Health actually had, at some point, additional responsive information that it now claims to lack."); ECF No. 383 at 2 ("When considering Vail Health's response that it has produced all of the documents in its possession that are responsive, such a response is one that Plaintiffs, the court, and special master are essentially required to accept, *regardless of how credible that assertion may be*….The Plaintiffs may inquire via deposition or other remaining discovery devices as to why documents that seem like they should exist no longer do, and in appropriate circumstances, the Plaintiffs can seek sanctions if Vail Health engaged in acts of concealment or spoliation.") (emphasis added).

[13]  *See, e.g., Oj Commerce LLC v. Kidkraft*, No. 19-60341-CIV-COOKE/S, 2020 U.S. Dist. LEXIS 113200, at *4 (S.D. Fla. June 24, 2020) (ordering all nonprivileged documents resulted from agreed-upon search terms to be produced because sheer volume of documents withheld (94%) on grounds of relevancy was concerning; relevancy is to be "determined as broadly and liberally as possible"); *Nachurs Alpine Sols., Corp. v. Banks*, No. 15-CV-4015-LTS, 2017 U.S. Dist. LEXIS 104778, at *12-13 (N.D. Iowa July 7, 2017) (ordering defendants to produce all ESI documents identified as nonresponsive even though counsel represented it had reviewed the documents and determined they were not responsive; court's confidence in representation was colored by defendants' prior failure to comply with court orders).

[14]  *See, e.g., Cheng v. AIM Sports, Inc.*, No. CV 10-3814 PSG (PLAx), 2011 U.S. Dist. LEXIS 165600, at *38-39 (C.D. Cal. Aug. 23, 2011) (awarding monetary and evidentiary sanctions at trial, including precluding defendants from contradicting plaintiffs' technical and damages experts on issues of infringement, sales, and profits for false representations about discovery and concealing evidence); *Meeker v. Life Care Ctrs. of Am., Inc.*, Civil Action No. 14-cv-02101-WYD-NYW, 2016 U.S. Dist. LEXIS 48376, at *25-26 (D. Colo. Apr. 11, 2016) (ordering production of all nonprivileged documents from the completed searches that hit on search terms).

C.  **Search Terms.**

Before the May 4 conferral, we provided Plaintiffs' proposed search terms that had been submitted to the Court prior to the April 26 conference. Those search terms were limited to outside the Vail Valley because that was the only issue before the Court at that time. We have since revised the proposed search terms to capture responsive information globally (both inside and outside the Vail Valley), as we discussed during our last call. Our new global search is set out in the third column below.

| Topic of Search | Plaintiffs' Proposed Search **Outside** The Vail Valley | Plaintiffs' **Global** Search For Both Inside And Outside Vail Valley |
|---|---|---|
| **Competitors** (RFP #6 and 25 Competition): | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (Aspen w/10 sports OR medicine OR valley OR hospital) OR AVH OR Avalanche OR Axis OR "Glenwood Med*" OR GMA OR "Panorama Summit" OR "Summit Chiro*" OR ("Breck* OR Concierge OR Panorama OR "Valley View" OR VVH w/15 PT OR therapy) | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (Aspen w/10 sports OR medicine OR valley OR hospital) OR AVH OR Avalanche OR Axis OR "Glenwood Med*" OR GMA OR "Panorama Summit" OR "Summit Chiro*" OR ("Breck* OR Concierge OR Panorama OR "Valley View" OR VVH w/15 PT OR therapy) OR "Sports Rehab" OR "SRC" OR Winninger OR JointWor* OR "Vail Integrative" OR VIMG OR "Align Vail" OR Ascent OR Movement OR "Competitive Edge")<br><br>Discussions involving competitors related to strategies, rollups, acquisitions, proposals, etc. |
| **Consultants involved in joint ventures and expansion plans** (RFP #2-8, 15, 25) | ("Howard Head" OR HH* OR therapy OR PT) AND (*Hammes* OR *Percival* OR *Remedy*)<br>["*" captures email addresses] | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (*Hammes* OR *Percival* OR *Remedy* OR *Deloitte* OR *Jornada* OR *Cain* OR "Boston Consulting" OR *BCG* or *amtrim* *Haverford* OR "Healthcare Transactions" OR HTA OR intrinsic*)<br><br>Many consultant documents were not produced in the initial production. |

16

| Topic of Search | Plaintiffs' Proposed Search <u>Outside</u> The Vail Valley | Plaintiffs' <u>Global</u> Search For Both Inside And Outside Vail Valley |
|---|---|---|
| **Geographic market (RFP #5-8)** | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (*<u>market</u>* <u>OR expansion OR geograph</u>*) AND (Summit OR Garfield OR Pitkin OR Basalt OR Willits OR Aspen OR Frisco OR Basecamp OR Breckenridge OR Silverthorne OR Dillon OR Glenwood OR Rifle) [The underlined terms were previously used by Vail Health.] | "Howard Head" OR HH OR HHSM OR therapy OR PT AND (*market* OR expansion OR expand OR geograph* OR "in state" OR "out of state") Documents involving proposed or consummated expansions into other cities and counties, analysis of geographic markets, market share, etc. |
| **Combinations with Steadman and VSO (RFP #7-8)** | ("Howard Head" OR HH OR HHSM OR therapy or PT) AND (Summit OR Garfield OR Pitkin OR Basalt OR Willits OR Aspen OR Frisco OR Basecamp OR Breckenridge OR Silverthorne OR Dillon OR Glenwood OR Rifle) AND (*Steadman* OR TSC OR "Vail Summit" OR *VSO*) AND (<u>partner* OR *align* OR relation* OR reset OR collabor* OR alliance* OR referral* OR competit* OR jv OR "joint venture" OR agreement OR contract OR lease</u>) [The underlined terms were used by the parties in various produced documents and press releases.] | ("Howard Head" OR HH OR HHSM OR therapy or PT) AND (*Steadman* OR TSC OR SPRI OR "Steadman Philippon" OR "Vail Summit" OR *VSO*) AND (partner* OR *align* OR relation* OR reset OR collabor* OR alliance* OR referral* OR competit* OR jv OR "joint venture" OR MSO OR "manage* service*" OR exclusiv* OR restrict* OR agreement OR contract OR lease OR Stark OR "anti kickback" OR antitrust) Search terms come directly from documents that have been produced thus far. |
| **Joint Venture Specific** |  | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND JV OR "joint venture" OR MSO OR "manage* service*" AND (payer* OR payor* OR reimbursement) Documents related to discussions about insurer reimbursement rates related to joint ventures. Some documents were improperly concealed as privileged. |
| **Howard Head financial data (RFP #2, 4)** | ("Howard Head" OR HH OR HHSM OR therapy or PT) AND (Summit OR Garfield OR Pitkin OR Basalt OR Willits OR Aspen OR Frisco OR Basecamp OR Breckenridge OR Silverthorne OR Dillon OR Glenwood OR Rifle) AND ("<u>finance* OR price* OR revenue* OR cost* OR projection* OR forecast* OR valuation</u> OR "income statement" OR expense OR overhead OR "operat* margin*" OR "contribution margin*") [The underlined terms were previously used by Vail Health.] | ("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (financ* OR pric* OR revenue* OR cost* OR expense* OR forecast OR projection OR valuation* OR "income statement*" OR overhead OR "operat* margin*" OR "contribution margin*" OR charge* OR (*facility* w/3 billing) OR ("sensitivity analysis") There are missing documents/topics referenced in the initial emails produced. |

17

If certain searches result in too many nonresponsive "hits," Plaintiffs understand that certain modifications may need to be made to the proposed searches. Plaintiffs will work cooperatively with Vail Health to make such modifications, but they request "hit" reports and examples of responsive and nonresponsive emails to do so.

### D. Additional Documents And Information.

This list is not meant to be exhaustive but identifies other specific documents that Plaintiffs request be produced, as outlined in the May 4 list of outstanding issues. While the parties will need to discuss these issues in upcoming conferrals, Plaintiffs have attempted to highlight some of them in anticipation of the May 9 conferral.

- Leasing agreements with Steadman and VSO

- Ambulatory surgical center agreements with Steadman and VSO

- Board, Finance, and Steering Committees documents related to Steadman and VSO combinations and Howard Head and physical therapy

- SPRI and VSOF leasing agreements and any other agreements (although this issue is before the District Court Judge on Plaintiffs' objection to the March 13 Order, Plaintiffs will be revisiting this issue given documents produced for the first time on April 26, 2023)

- Reproduction of patient data