**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

**SUPPLEMENTAL NOTICE REGARDING PLAINTIFFS' RULE 37(b) MOTION**

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") files this Supplemental Notice Regarding Plaintiffs' Rule 37(b) Motion (the "Notice") to notify the Court of the status of Vail Health's attempts to resolve the dispute underlying Plaintiffs' Rule 37(b) Motion #1 to Compel Compliance with Special Master's Orders Related to Howard Head Financials (ECF No. 425) (the "Motion").

**INTRODUCTION**

Vail Health made repeated, substantial efforts to resolve the Motion over the past two months, offering Plaintiffs the substantive relief sought therein: a 30(b)(6) deposition regarding Howard Head financial data. Vail Health willingly made these good faith efforts because it seeks to disabuse Plaintiffs of the notion that there has been concealment or spoliation related to this data and as part of its overall goal of moving this case to resolution on the merits. Vail Health offered Plaintiffs a sworn affidavit related to Howard Head financial data, as well as a 30(b)(6) deposition on agreed-upon topics. Once Plaintiffs appeared focused on a deposition, Vail Health made

1

multiple meaningful compromises on the timing and location of a prospective deposition and reached agreement with Plaintiffs on the topics therein. But Plaintiffs have now refused Vail Health's offer and declined to move forward with that deposition.

Vail Health accordingly files this notice related to the pending Motion for two reasons: *first*, to apprise the Special Master and the Court that Vail Health offered to present an affidavit or a Rule 30(b)(6) witness on the agreed-upon topics to resolve the pending Motion; and *second*, to voluntarily provide an affidavit addressing Plaintiffs' issues with the Howard Head financial data at issue. In doing so, Vail Health hopes to resolve this long-running distraction, eliminate further discovery disputes, and move this this case towards resolution on the merits.

## BACKGROUND

Plaintiffs' Motion identifies a single instance of purported non-compliance with a Special Master Order: Vail Health's non-production of an affidavit purportedly required by the Special Master's Order on Motion to Compel #1 (ECF No. 362). Motion, at 10 (citing ECF No. 362). Plaintiffs assert that this affidavit was the Special Master's attempt "to finally get a straight answer" in reference to purported deficiencies in the Request for Production ("RFPs") #2 and #4 productions, which sought Howard Head financial data. *Id*. In Plaintiffs' view, Vail Health refused to produce the affidavit because it would have revealed that Vail Health withheld and concealed Howard Head financial data responsive to RFPs #2 and #4 on the basis that it could not disaggregate such data from Vail Health data, when in fact it could. *Id*. That is false. As explained in Vail Health's Response to Plaintiffs' Motion to Compel Compliance (ECF No. 436) ("VH Response"), Plaintiffs' Motion is based on fundamental misunderstandings of Vail Health's financial data systems, prior productions, and the Special Master's Order. Nonetheless, Vail Health has since tried to resolve this discovery issue voluntarily.

## **SUPPLEMENTAL NOTICE**

Despite the fact that Plaintiffs' Motion is without merit and should be denied, to conserve the parties, the Court's, and the Special Master's resources, Vail Health made multiple good faith efforts to resolve any differences. As discussed, Vail Health offered Plaintiffs the affidavit that Plaintiffs incorrectly claim was required by a Special Master Order, i.e., the purported non-compliance identified in their Motion. In the alternative, Vail Health offered Plaintiffs the 30(b)(6) deposition Plaintiffs sought as relief in their Motion. Because Plaintiffs have declined the deposition proposed, Vail Health provides the affidavit it previously offered. The Motion can and should now be denied.

**1. Vail Health Voluntarily Offered Plaintiffs an Affidavit to Clarify and Resolve This Matter**

Nearly two months ago, on June 21, 2023, Vail Health offered to provide Plaintiffs an affidavit related to Howard Head financials, even though the Special Master Order on which Plaintiffs relied in its Motion did not require an affidavit on this issue. Exhibit 1, June 21 Email to Plaintiffs. Plaintiffs claim that the Special Master ordered an affidavit "to finally get a straight answer" on purported deficiencies in the RFP #2 and RFP #4 productions, which sought Howard Head financial statements, data, and analyses. Motion, at 10. But the Special Master Order on which Plaintiffs relied related to expert discovery, *not* RFPs #2 and #4; the Order required Vail Health to produce an affidavit *if* Vail Health was withholding materials reviewed by its expert, Dr. Noether, on the basis that Howard Head information could not be isolated in those materials. ECF 362, at 8; *see* Motion, at 10 (citing ECF No. 362). Vail Health had not withheld any materials produced to Dr. Noether, and complied with the Special Master's Order by providing a declaration from Dr. Noether stating that Vail Health did not provide her with documents or data not produced to Vail Health. VH Response, at 2-3.

3

Vail Health was willing to provide Plaintiffs a further affidavit regarding Howard Head financial data to resolve its Motion because Vail Health is eager to dispel the accusation that there was any concealment or spoliation. According to Plaintiffs, Vail Health previously refused to produce this affidavit because it would have revealed misconduct—namely that Vail Health purportedly withheld Howard Head financial data and analyses that were responsive to RFPs #2 and #4 on the basis that it could not disaggregate Howard Head data from Vail Health data when in fact it could. Motion, at 10-11. This charge of purported misconduct has become a common refrain from Plaintiffs, appearing most recently in their Response to Vail Health's Motion for a Scheduling Order. ECF No. 493, at 6-8. But Vail Health never withheld Howard Head financial statements, data, or analyses on the basis that they could not be disaggregated and thus, as has been the case with other similar accusations, there is nothing to them.

Plaintiffs' confusion appears to stem from Vail Health's distinct responses to their RFPs #1, #2, and #4. RFP #1 requested financial statements, i.e., formal periodic statements of financial results, for *Vail Health*. Exhibit 2, Vail Health's Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents ("VH R&Os"), at 4. Vail Health objected to this request on the basis that its system-wide financial statements did not disaggregate business units like Howard Head. *Id*. Plaintiffs separately requested Howard Head financial statements, as well as Howard Head financial data and analyses, i.e., information about Howard Head finances other than formal financial statements, in RFPs #2 and #4. *Id*. at 4-5. Vail Health never objected to these requests on the basis that Howard Head financial statements, data, or analyses could not be disaggregated or isolated. *Id*. Instead, Vail Health said it would make a production of Howard Head financial statements, data, and analyses (i.e., the subject of this dispute), to the extent these documents existed. *Id*.

The premise of this dispute—that Vail Health withheld Howard Head financials responsive to RFPs #2 and #4 on the basis that they could not be disaggregated—is simply incorrect. Vail Health merely objected to the production of a narrow set of specific documents, system-wide financial statements responsive to RFP #1, on the basis that these particular documents did not disaggregate Howard Head as a business unit.

In fact, Vail Health made an extensive production of Howard Head financial data and analyses. VH Response, at 2-3. Vail Health did not produce Howard Head financial statements, because such statements do not exist: Vail Health has repeatedly explained that it does not create financial statements for Howard Head, it only creates financial statements for Vail Health as a whole. *Id*. at 8-9. Ironically, Plaintiffs' Motion seizes on Nicholas Brown's testimony that Vail Health's "Strata" financial system allows users to access data specific to Howard Head, which purportedly contradicts Vail Health's position that such data cannot be isolated. Motion, at 10. In fact, the Strata system was one of the sources from which Vail Health produced Howard Head financial data. VH Response, at 9-11. Mr. Brown's testimony only reinforces that Vail Health has collected and produced the Howard Head financial data at issue here.

2. **Vail Health Voluntarily Offered Plaintiffs a 30(b)(6) Deposition to Clarify and Resolve This Matter**

In a further effort to resolve this issue voluntarily, Vail Health also offered to produce a Rule 30(b)(6) deposition on agreed-upon topics in lieu of an affidavit. Exhibit 1, June 21, 2023 Email to Plaintiffs. Plaintiffs stated that they preferred a Rule 30(b)(6) deposition, and Vail Health proceeded accordingly. *See* Exhibit 3, August 2023 Email Chain re: 30(b)(6) Deposition. Vail Health has remained committed to this offer and reiterated it in its Motion for Reissuance of a Scheduling Order. ECF No. 484, at 6. While Vail Health and Plaintiffs settled on the agreed-upon topics for a Rule 30(b)(6) deposition, Plaintiffs nevertheless refused to move forward, now

claiming that Vail Health has purportedly set unreasonable conditions and limitations for this voluntarily offered deposition. This is inaccurate.

Once Vail Health agreed to the proposed topics, Plaintiffs refused to agree even to the most basic and reasonable of conditions, which consist of the following four issues:

1. Vail Health requested agreement that the deposition would be limited to four hours, consistent with its limited scope. Plaintiffs refused stating that the deposition should last as long as they wished.

2. Vail Health requested that the deposition take place in Vail, where it and the witness are located, but offered to allow Plaintiffs to proceed by Zoom if they sought to save costs. Plaintiffs refused, demanding the *witness* travel to Denver.

3. Vail Health requested that, if Plaintiffs insisted on taking the deposition before September 8, the date by which Vail Health has committed to completing its document production, Plaintiffs agree they would not seek to hold open, or reopen, the deposition based on any subsequently produced documents. Plaintiffs refused, offering no explanation why they would not agree to such a common request.

4. Vail Health requested that Plaintiffs confirm that Vail Health's voluntary agreement to this Rule 30(b)(6) deposition fully resolves the issues raised in Plaintiffs' Motion and moots that Motion. Plaintiffs' responses on this issue have been ambiguous.[1]

---

[1] On August 17th, a day when Plaintiffs' counsel were aware that Defendants' counsel were traveling, Plaintiffs' counsel sent an email at 9:35am Mountain Time asking whether Vail Health conditioned its offer on a waiver of future motions for concealment or spoliation. *See* Exhibit 4, August 17th, 9:35am Email from Plaintiffs' Counsel. *Before receiving a response*, Plaintiffs emailed the Special Master at 1:07pm Mountain Time, stating that Vail Health did condition the deposition on such a waiver. *See* Exhibit 5, August 17th, 1:07pm Email from Plaintiffs' Counsel. Contrary to Plaintiffs' assertion otherwise, Vail Health has never conditioned its voluntary offer of Rule 30(b)(6) deposition on a waiver of any future motion of purported concealment or

*See* Exhibit 3, August 2023 Email Chain re: 30(b)(6) Deposition.

If Plaintiffs were willing to agree to these basic points, Vail Health would have moved forward with the Rule 30(b)(6) deposition and Plaintiffs would have already obtained the substantive relief that Plaintiffs sought in their Motion in the first instance.

### 3. Vail Health Now Produces the Affidavit it Previously Offered Plaintiffs to End this Dispute

To put this issue to rest, Vail Health has filed herewith the sworn affidavit it previously offered to provide Plaintiffs. As explained in the affidavit, Vail Health does not create financial statements for Howard Head; it only creates system-wide financial statements for Vail Health that do not disaggregate Howard Head. Exhibit 6, Affidavit of Mike Brown ¶¶ 3-4. Vail Health does maintain Howard Head financial data in its Strata system, which data was previously produced to Plaintiffs. *Id*. at ¶¶ 5-6.

Finally, Plaintiffs repeatedly insinuate, without merit, that the unavailability on Strata of data prior to 2015 represents "a significant spoliation issue." Motion, at 4. As explained in the attached affidavit, Strata is a tool for aggregating and analyzing data stored in other underlying databases (e.g., the Paragon and Cerner databases of patient financial data). Exhibit 6, Affidavit of Mike Brown ¶ 7. Vail Health implemented the Strata tool in 2016—*prior to either the state or federal lawsuits brought by Plaintiffs*. *Id*. at ¶ 9. At that time, Vail Health brought one prior year of data into the Strata system, which is why only data from 2015 and later is accessible therein. *Id*. at ¶¶ 9-10. Thus, there is no issue of spoliation, nor could there have been given that Plaintiffs transitioned to Strata *before* Plaintiffs ever initiated this litigation.

---

spoliation. Vail Health voluntarily offered this deposition to resolve Plaintiffs' pending Motion in full so that the parties could move forward.

## **CONCLUSION**

With the premise of Plaintiffs' Motion fully satisfied, Vail Health respectfully requests that the Special Master deny the same.

August 18, 2023

                            Respectfully submitted,

*Evan M. Rothstein*
Evan M. Rothstein (Bar No. 35990)
Colin O'Brien (Bar No. 41402)
David S. Jelsma (Bar No. 53916)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Evan.Rothstein@arnoldporter.com
Colin.Obrien@arnoldporter.com
David.Jelsma@arnoldporter.com

James L. Cooper
Francesca Pisano
Andrew Ellingsen
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
James.Cooper@arnoldporter.com
Francesca.Pisano@arnoldporter.com
Andrew.Ellingsen@arnoldporter.com

Leah Schultz
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
Tel: (713) 576-2400
Leah.Schultz@arnoldporter.com

Sam Sullivan
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com
***Counsel for Defendant Vail Health***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2023, I served via CM/ECF the foregoing **RESPONSE TO PLAINTIFFS' MOTION TO STAY** on all counsel of record.

*/s/ Evan M. Rothstein*