# Exhibit 3

## Sullivan, Sam

| | |
|---|---|
| **From:** | Rothstein, Evan M. |
| **Sent:** | Wednesday, August 16, 2023 7:48 PM |
| **To:** | sonya braunschweig |
| **Cc:** | alkildow@aol.com; Schultz, Leah; O'Brien, Colin M.; Sullivan, Sam; Pisano, Francesca |
| **Subject:** | RE: Sports Rehab Consulting LLC v. Vail Health--Rule 30(b )(6) Deposition of Vail Health |

Dear Sonya,

Thank you for your e-mail.  Regarding you questions, please review Alan's response to our proposal wherein he expressly rejects or caveats nearly every aspect of our voluntary offer to present a Rule 30(b)(6) witness.  In particular:

- Subject to schedules, we offered voluntarily to present a Rule 30(b)(6) witness on or before August 31, as Plaintiffs insisted, if Plaintiffs agreed they would not seek to hold open, or reopen, the deposition based on any subsequently produced documents. This is a reasonable and practical request given that Vail Health has informed you that it anticipates completing its production on September 8, and is voluntarily making a witness available.  In response, Alan does not agree to this request.  Setting aside scheduling issues, we cannot agree to a deposition before September 8 if Plaintiffs continue to refuse this request. We see no reason why this deposition cannot or should not occur after Vail Health's anticipated date for completing productions on September 8.

- We offered voluntarily to present a Rule 30(b)(6) witness on the agreed-upon topics for up to four hours, which is more than reasonable to complete this limited, and voluntarily-offered, deposition. In response, Alan also refuses this proposal.

- We offered to make the 30(b)(6) witness available by Zoom if Plaintiffs sought to save on costs. In response, Alan declines our Zoom proposal and instead requests that we force the witness to travel to Denver for the deposition. If Plaintiffs believe this deposition is warranted, Plaintiffs ought to be willing to travel to Vail to conduct the deposition in person or simply take it by Zoom if it prefers to save on costs. The witness should not be forced to travel to Denver under these circumstances.

- We also sought clarity that Plaintiffs agree that Vail Health's voluntarily production of the Rule 30(b)(6) witness fully resolves Plaintiffs' pending Motion to Compel #1, which is ECF 425 (not 429).  If and when we reach agreement on deposition terms, we will notify the Court that the pending motion is moot.  Our desire to have clear agreement on that point is reasonable under these circumstances.

As we have said, if Plaintiffs do not wish to proceed with the offered Rule 30(b)(6) deposition that is Plaintiffs' decision.  Alternatively, we are prepared to produce an affidavit and/or otherwise address this issue with the Special Master or the Court.  Please advise how Plaintiffs wish to proceed.

Kind regards,

Evan

_____
Evan Rothstein
Partner | Bio



1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, August 15, 2023 10:20 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** alkildow@aol.com; Schultz, Leah <Leah.Schultz@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Sullivan, Sam <Sam.Sullivan@arnoldporter.com>; Pisano, Francesca <Francesca.Pisano@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health--Rule 30(b )(6) Deposition of Vail Health

External E-mail

Evan,

We think that this deposition is in everyone's interest to go forward by the end of the month.  What is it that you believe we have not agreed to?

Sonya

On Fri, Aug 11, 2023 at 2:56 PM Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com> wrote:

Alan,

Your response below is disappointing.  We hear your frustration with how the case was handled prior but unless Plaintiffs turn the page on that and move forward, it will remain difficult to have a productive dialogue and reach compromises.  While you may wish to drudge up the past through motions' practice it does not impact our present discussions.  As it stands, Plaintiffs are not entitled to any 30(b)(6) deposition.  Yet we have voluntarily offered Plaintiffs a 30(b)(6) deposition of up to 4 hours on the agreed-upon topics in satisfaction of the pending Motion to Compel. We believe this is more than sufficient and reasonable under the circumstances.  The below does not advance these issues in any respect.  Thus, if you remain unwilling to agree to our compromises, please just let us know.

Finally, we also do not agree with the accusations that Vail Health made misrepresentations regarding the Howard Head financial information at issue in Plaintiffs' Rule 37(b)(2) Motion to Compel #1. Vail Health is prepared to further address this issue with the Special Master or the Court if necessary.

Kind regards,

Evan

_____

Evan Rothstein
Partner | Bio

## Arnold&Porter

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

_____

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Tuesday, August 8, 2023 4:03 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** FW: Sports Rehab Consulting LLC v. Vail Health--Rule 30(b )(6) Deposition of Vail Health


External E-mail


Leah:

1. Vail Health has the right to interpose objections it deems appropriate.  The questioning on our part will be professional and to the point, and we anticipate that any objections interposed by Arnold & Porter will be the same.

2. To obviate any disagreements regarding costs, we suggest that the deposition take place at Arnold & Porter's office in Denver beginning at 10:00 am on the day agreed upon.  That date should be a matter of agreement between the parties by the end of business (5:00 pm) on Friday, August 11.

3. We will agree that the deposition will resolve the issues raised in Plaintiffs Rule 37(b)(2) motion that was filed on December 19, 2022.  ECF #429.  That motion raised the limited issue as to whether certain Howard Head financial information exists(ed) or not.  And the relief requested, which Plaintiffs agree not to pursue if Vail Health sits for a Rule 30(b)(6) deposition, is the following, which is set out in ECF 429 at 15: (1) Granting Plaintiffs leave to take a Rule 30(b)(6) deposition of Vail Health, through Karen Hannah, as set out in a proposed Rule 30(b)(6) notice attached as Exhibit 24, (2) Ordering the Special Master's attendance at the deposition and Vail Health be ordered to pay his fees for doing so, (3) Ordering Vail Health to pay for the court reporting costs of the deposition,  (4) Ordering Vail Health to pay the Special Master's fees if this motion is referred to him for decision, (5) Ordering Vail Health to pay the reasonable attorneys' fees of Plaintiffs' counsel for having to bring this motion.

   In the event the deposition reveals that there were misrepresentations regarding the Howard Head financial information at issue in Rule 37(b)(2) Motion to Compel #1, Plaintiffs will be filing a motion(s)  for appropriate relief that will include sanctions under Rule 26(g) and Rule 11, among other applicable rules and case law.  Plaintiffs do not and will not waive their right to assert the full force of the law if it is discovered that a fraud has been perpetrated on the Court and Plaintiffs; that is, the concealment of evidence.  If that is not acceptable to Vail Health, then tell us that now so we can alert the Special Master that Motion to Compel #1 needs to be decided.  But I might remind you, now that Arnold & Porter is counsel of record it has its own discovery obligations.  It cannot use any misdeeds that Davis Graham may have committed to shield Vail Health's obligation to respond to discovery requests.  The documents still have not been produced.  If you know that the financial data exists, you have an obligation to tell us now, and we need to discuss what financial information exists and how and when it will be produced.  In short, to the extent that Vail Health insists that any further motions

3

regarding misrepresentations about this data would be waived, that request is a nonstarter, and the parties should not waste any further time delaying submission of the issue to the Special Master.

4. We appreciate your efforts with respect to document production for Karen Hannah, which we will need before the deposition.  Additionally, as we noted previously, if Howard Head financial data that is the subject of Plaintiffs' RFPs and motions to compel exists, then the data sought will be the most important element of this proceeding.  Those issues will require the full attention of the parties to get timely produced.

5. As far as timing of the deposition, we need to have a rock-solid agreement on a date by the close of business on Friday.  As to the length of the deposition in terms of time, we're not going to agree to any arbitrary time limit, especially since we do not know whether the witness(es) who appear will have the information necessary to fully and succinctly address the topics agreed upon.   We will commit, however, to strive to complete the deposition within four hours.  You have your witnesses ready to answer the questions, and we will ask very direct questions that permit the deposition to be completed within that time frame.  But no agreement in advance.

We request your prompt response as to whether Vail Health is going to proceed with the deposition or not.

Alan Kildow
970-390-6675

---

**From:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Sent:** Tuesday, August 8, 2023 1:20 PM
**To:** alkildow@aol.com
**Cc:** sonya braunschweig <sonya.braunschweig@gmail.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Subject:** RE: Sports Rehab Consulting LLC v. Vail Health--Rule 30(b )(6) Deposition of Vail Health

Alan:

In light of your email below, we appear to be in agreement on the list of topics, and we are prepared to move forward with the 30(b)(6) deposition, subject to the following:

1. Vail Health reserves its right to object to Plaintiffs' questioning to the extent it attempts to go beyond the scope of the agreed-upon topics. While we understand that Plaintiffs may ask questions beyond the specific ones set forth in the agreed-upon Topics, Vail Health offered voluntarily to provide a 30(b)(6) deposition to Plaintiffs for a limited and agreed-upon set of topics, and we expect the deposition questioning to be tailored to those topics. For the avoidance of doubt, Vail Health also reserves its right to make other appropriate objections as needed in the ordinary course of the deposition.

2. Vail Health will not pay for Plaintiffs' costs. If Plaintiffs wish to take the deposition by Zoom to save on travel costs associated with a court reporter and/or the cost of a conference room for the deposition, Plaintiffs are free to do so. Vail Health will have counsel physically present with its deponent whether the deposition is conducted in person or via Zoom.

3. Plaintiffs agree that Vail Health's voluntary production of a Rule 30(b)(6) witness resolves all outstanding issues against Vail Health in their Motion to Compel, including any related request for sanctions against Vail Health. Vail Health offered voluntarily to provide a 30(b)(6) deposition to resolve the outstanding Motion to Compel. We do not see much value in proceeding with that voluntary deposition if Plaintiffs intend to keep the motion open and/or go after Vail Health for sanctions, which we do not think are proper or warranted in any event.

4. Subject to schedules, Vail Health will work with Plaintiffs to identify a mutually agreeable date on or before August 31, if Plaintiffs agree they will not attempt to hold open, or reopen, the deposition based on any subsequently produced documents. We are prioritizing the Hannah-Brown "Howard Head financial information" searches you requested in our conferrals for production on August 18, but Plaintiffs have requested other searches that may hit on documents you perceive as relevant and that may not be produced until the September 8 production, including other Howard Head-related searches that were modified as recently as July 19 and July 24. Thus, absent agreement that the deposition will not be held open or reopened based on any subsequently produced documents, the deposition will need to be set for after September 8. As a practical matter, we think it makes sense to schedule the deposition in the September 9 through September 22 window we proposed in our Motion for a Scheduling Order, but the choice is yours.

5. The deposition will be limited to a maximum of 4 hours. While Vail Health believes a shorter deposition would suffice, the 4-hour proposal is intended to avoid any further disagreements.

Please let us know if we are in agreement on the above.

Best,

Leah

_____

Leah Schultz
Associate | Bio

**Arnold & Porter**

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Monday, August 7, 2023 9:50 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Cc:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Subject:** Sports Rehab Consulting LLC v. Vail Health--Rule 30(b )(6) Deposition of Vail Health

External E-mail

Leah and Evan:

We have reviewed the email below and Vail Health's objections to Plaintiffs' Rule 30(b)(6) deposition notice.  We have the following comments:

1. With respect to the objections, they have been long since waived or adjudicated by the Special Master when Plaintiffs moved to compel the financial data, so we make no comment on them other than the objection to Topic E.  There, you interpose an objection to the effect that the topic is "compound," which might suggest that you understand the "Topic" to be merely a question where objections could be lodged as if they would be posed in a deposition or trial.  We doubt that is your interpretation, but we do not want any ambiguity with respect to how we have framed the topics for the deposition.  They have been drafted as areas for questions but may not necessarily be the precise questions that will be asked.  They certainly are not the only questions for individual topics that will be put to the deponent(s).  We're confident that you understand that and nothing more needs to be said on that score.  If that is not your understanding, please let us know.

2. With respect to Topic H, Plaintiffs will agree to withdraw it upon Vail Health providing us with a date for the deposition during the last week of August.  The end of August is the date that was agreed upon, and we expect it to occur as agreed.  And as to the place of the deposition, Plaintiffs have the right to schedule the deposition in the manner they choose.  We will agree, however, to do it in person on two conditions: (1) Vail Health agrees to pay the travel expenses of the court reporter, which will likely be Mile High (the court reporter used in both cases); and (2) Vail Health agrees to pay for the conference room rental room to hold the deposition.  If not, then the deposition will be by video conferencing.

3. With respect to further motions regarding Vail Health's failure to comply with the Special Master's Report regarding an affidavit from Vail Health and the Magistrate Judge's March 13 Order adopting it, Plaintiffs would agree not bring a Rule 37(b)(2) motion for Vail Health's noncompliance with the requirement to provide an affidavit.  Plaintiffs will not, however, waive any right to bring a Rule 37(a) and Rule 26(g) motion seeking sanctions for the misrepresentations made by and omissions of Vail Health's Davis Graham lawyers, including those outlined in Plaintiffs' Rule 37(b)(2) motion.  Such a motion would likely cover discovery misconduct in general, as well as misrepresentations and omissions regarding the availability of Howard Head financial information in particular.

4. Finally, counsel for the parties will need to discuss and agree upon the production of Howard Head financial information if the Rule 30(b)(6) deposition testimony reconfirms its availability, as Nicholas Brown's testimony appeared to confirm.  If it exists, Vail Health will be required to move forward with the production of financial information that is relevant to this antitrust case.

Regards,

Alan Kildow
970-390-6675

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com