# Exhibit 5

## Sullivan, Sam

| | |
|---|---|
| **From:** | alkildow@aol.com |
| **Sent:** | Thursday, August 17, 2023 3:07 PM |
| **To:** | Terry Ruckriegle |
| **Cc:** | Rothstein, Evan M.; O'Brien, Colin M.; Schultz, Leah; sonya braunschweig |
| **Subject:** | Sports Rehab Consulting v. Vail Health--Plaintiffs' Motion to Compel # 1 [ECF No. 425] |

External E-mail

Dear Judge Ruckriegle:

Since mid-May 2023, counsel for the parties have been conferring in an attempt to resolve the issue as to whether Vail Health maintains financial data regarding Howard Head Sports Medicine that is segregated from the overall, consolidated financial data of Vail Health.  The Special Master ordered Vail Health to submit an affidavit to clarify that issue, something it never did.  When the Arnold & Porter law firm made their appearance in this case, the parties discussed a Rule 30(b)(6) deposition (as Plaintiffs seek through their Rule 37(b)(2) Motion to Compel #1, ECF No. 435, which was filed December 19, 2022), in lieu of the affidavit ordered by the Special Master.  The elapsed time above does not include the time spent on the innumerable attempts Plaintiffs made to resolve this issue with the Davis, Graham & Stubbs lawyers who previously represented Vail Health.

As suggested in the cautionary language of my email below, those attempts have now proven to be futile.  The biggest sticking point with respect to the Rule 30(b)(6) deposition is that Vail Health conditioned the deposition on Plaintiffs agreeing to waive any future motions regarding the Howard Head financial data if the testimony adduced in the deposition proved that Vail Health and/or its lawyers misrepresented to the Special Master and Magistrate Judge Gallagher that segregated Howard Head financial data did not exist separate from Vail Health, when it fact it did (does) exist and should be produced.  Plaintiffs declined to waive their right to seek future relief from the Court if the facts warranted it.

As a result of the impasse on a Rule 30(b)(6) deposition, Plaintiffs now formally request that the Special Master address and decide Plaintiffs Motion to Compel #1, ECF No. 435.  A great deal of water has gone under the bridge since the issuance of your last Order in this case and our December 19 Motion to Compel #1 was filed.  Plaintiffs therefore request that they be provided leave to file a supplemental affidavit to bring the Special Master up to speed as to the status of this important Howard Head financial information.

Thank you in advance for your consideration of this matter.

Respectfully,

Alan Kildow
970-390-6675

---

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Wednesday, August 16, 2023 10:11 AM
**To:** Terry Ruckriegle <terry@ruckriegle.com>
**Cc:** 'Rothstein, Evan M.' <Evan.Rothstein@arnoldporter.com>; 'O'Brien, Colin M.' <Colin.Obrien@arnoldporter.com>; 'Leah.Schultz@arnoldporter.com' <Leah.Schultz@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; 'alkildow@aol.com' <alkildow@aol.com>
**Subject:** FW: Sports Rehab Consulting v Vail Health [19-2075]--Special Master Order #5

Dear Judge Ruckriegle:

Plaintiffs request that the Special Master first address the issue presented by Vail Health's interpretation of Order #5 regarding the production of documents it claims remain protected by the attorney-client privilege.  Your Order # 5 was affirmed in its entirety by then Magistrate Judge Gallagher on March 13, 2023.  This is a matter that has been outstanding for some time and therefore Plaintiffs would greatly appreciate it if it could be resolved at your earliest convenience.

With respect to Plaintiffs' Rule 37(b)(2) Motion to Compel #1, we report that the parties have attempted to resolve the issues regarding Howard Head financial data, but it looks unlikely that resolution will be reached.  We will let you know one way of the other shortly.

We agree that a conference call is appropriate.  Plaintiffs have additional discovery issues that should easily be resolved, although at this point it looks like additional motions may be required.  We would like to avoid further litigation of discovery matters and would be available for a call tomorrow or Friday, or early next week to discuss where things stand.

Regards,

Alan Kildow
970-390-6675

---

**From:** Terry Ruckriegle <terry@ruckriegle.com>
**Sent:** Tuesday, August 15, 2023 5:24 PM
**To:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Cc:** Alan Kildow <Alkildow@aol.com>; Rothstein, Evan M. <evan.rothstein@arnoldporter.com>; O'Brien, Colin M. <colin.obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting v Vail Health [19-2075]--Special Master Order #5


Dear Counsel,

 Plaintiffs request that the issues to be addressed by the Special Master woi relating to Motion to Compel # 5 relating to the production of documents Vail Health claimed as subject to the attorney-client privilege and ordered to be produced  be addressed first.  In light of the fact that it was filed on December 19, 2022, we would be greatly appreciate it if you could render the guidance the parties requested at your earliest convenience.

The parties are currently attempting to resolve the issues relating the Rule 39(b)(2) Motion to Compel #1.

I have had the opportunity to review your respective Position statements along with Plaintiffs' Exhibit 1. I also received notice the following pleadings filed since our conference call with Magistrate Judge Crews. Those particularly include Judge Crews' Order (469)  Referring Motion to Compel # 1 (425) to the Special Master, the Response (438) and Reply (440); Order re Motion for Extension (483); Motion to Compel #6 (485);  Motion to Reissue Scheduling Order (484); Motion to Stay re Objection (489); Response to Motion to Stay Objection (491); Order re filings on Objections (490); and Plaintiffs' Notice Intent to File Reply.

With these issues pending, the Special Master inquires of the parties and counsel whether they desire the Special Master to address the current matters regarding Order to Compel #5 prior to resolution of the above matters. Let me know what you think. In the meantime, the Special Master suggests a status conference.

*W. Terry Ruckriegle*

*Special Master*

*Box*

*Breckenridge, CO 80424*

*970-390-9865 phone*

On Sat, Jul 1, 2023 at 8:39 AM sonya braunschweig <sonya.braunschweig@gmail.com> wrote:

Judge Ruckriegle,

This is a joint email on behalf of the parties.

At the April 26, 2023 conference before Magistrate Judge Crews, an issue was raised with respect to Vail Health's interpretation of the scope of documents to be produced under Special Master Order #5 regarding the attorney-client privilege asserted by Vail Health.  *See* attached Ex. 1 (relevant excerpt from the hearing).  Since that hearing, Vail Health recently produced some but not all of the entries that Plaintiffs contend are required under your Order #5. In light of Judge Crews's instructions, the parties seek your clarification on the remaining entries at issue.

To do that, the parties will be filing a joint submission for your review, unless you order otherwise. Each side will present their position in five pages or less.  The parties anticipate they will file this submission on July 12. The parties are both amenable to scheduling a hearing thereafter.  The parties will soon request an amended scheduling order, and therefore seek an expedited resolution of this issue by you.

Best regards,

Sonya

--

*W. Terry Ruckriegle*

*Box 3305*

*Breckenridge CO 80424*

*970-390-9865*

*terry@ruckriegle.com*