UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS'
RULE 37 MOTION TO COMPEL #6 RELATING TO TEXT MESSAGES**

---

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") files this Response to Plaintiffs' Rule 37 Motion to Compel #6 Relating to Text Messages ECF No. 485 (the "Motion").

## INTRODUCTION

Plaintiffs' latest Motion to Compel seeks the untimely, unnecessary, and intrusive production of text messages from the personal cell phones of three third-party individuals known to Plaintiffs for years. As a threshold matter, Plaintiffs' Motion fails as a matter of law: Vail Health does not have possession, custody, or control of the text messages sought by Plaintiffs, and Vail Health has no legal right to require these individuals to turn over their cell phones and allow Vail Health to scour their text messages and produce them to Plaintiffs. Such discovery must be sought—if at all—by way of subpoena. Moreover, Plaintiffs cannot justify the failure to pursue this relief at the appropriate time and in the appropriate manner, much less establish that such intrusive discovery is or ever was warranted.

Fact discovery closed in December 2021. By that time, Plaintiffs were fully aware that the text messages they now seek had not been produced. Indeed, Plaintiffs' Motion relies exclusively on references to text messages in deposition testimony and emails produced years ago—before the close of discovery—to argue that text messages exist and should now be produced. Yet, despite filing multiple other motions to compel before discovery closed, Plaintiffs did not move to compel—or, more properly, subpoena—these individuals' text messages. Were these individuals' texts as critical as Plaintiffs' claim, Plaintiffs could have, would have, and should have served timely subpoenas to secure their production. But they are not, and Plaintiffs did not.

Nevertheless, Vail Health sought to facilitate a solution for Plaintiffs. When Vail Health substituted counsel in April 2023, rather than continue to fight over discovery, Vail Health sought to accommodate Plaintiffs' discovery demands as part of Vail Health's efforts to move this case to the merits. At the start, Plaintiffs focused on Doris Kirchner and Michael Shannon—two of the three individuals from which Plaintiffs now seek texts. While Vail Health has no legal right to demand that these or any other individuals turn over their personal cell phones for inspection and production in this case, Vail Health reached out to counsel for Mr. Shannon and Ms. Kirchner to discuss a voluntary agreement. Unable to finalize an agreement as an intermediary, Vail Health specifically advised Plaintiffs to reach out to counsel for Mr. Shannon and Ms. Kirchner to try to finalize an agreement directly. Vail Health further advised Plaintiffs that, if they could not reach agreement, Vail Health would not object to a subpoena, despite its untimeliness and overreach. Plaintiffs took no action, serving no subpoenas and *refusing* even to contact counsel for Mr. Shannon and Ms. Kirchner. Thus, there is no excuse for Plaintiffs' untimely Motion or its failure to seek this discovery through the proper means.

In any event, the intrusive discovery sought by Plaintiffs is unwarranted.  As part of Vail Health's efforts to move this case to the merits by aggressively complying with—and going beyond—the recent orders of the Special Master, Vail Health has collected, reviewed, and is producing reams of data and voluminous amounts of emails, consulting reports, financial records, and other documents requested by Plaintiffs, despite disagreements as to the relevance, scope, and need for such discovery.  Indeed, at Plaintiffs' request Vail Health specifically made a supplemental collection of emails on its system for nine custodians including Mr. Shannon.  Vail Health also ran dozens of iterative searches designed by Plaintiffs across those emails including targeted searches of Mr. Shannon, Ms. Kirchner, and William Cook's emails.  It is hard to fathom what particular or non-cumulative information could possibly be learned from these text messages that is not already contained in the emails, board meeting minutes, financial records, data, depositions, and other discovery that has been made available.

Plaintiffs have made no showing they are entitled to the relief they seek and Vail Health has no legal ability to provide Plaintiffs that relief.  As such, Plaintiffs' Motion must be denied.

## BACKGROUND

Plaintiffs filed this lawsuit on July 17, 2019.  ECF No. 1.  Plaintiffs served their First Set of Requests for Production of Documents on October 7, 2019.  *See* Mot. Ex. 9.  Vail Health objected to Plaintiffs' discovery requests to the extent they sought documents not within Vail Health's possession, custody, or control, and that were therefore more properly obtained from third parties.  *See* Vail Health's Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents ¶ 6 (Oct. 9, 2020) (attached hereto as **Exhibit A**).  Vail Health objected to many of Plaintiffs' requests seeking "all" documents on the basis that those requests were overbroad, unduly burdensome, and not proportionate to the needs of the case.  *See id.* at 5–7.

Vail Health specifically advised Plaintiffs of the precise locations, custodians, and search terms it used when searching for and producing documents, and further memorialized this information in a letter in November 2021. *See* Discovery Letter from Daniel Richards, former Counsel for Vail Health, to Alan Kildow and Sonya Braunschweig, Counsel for Plaintiffs (Nov. 10, 2021) (attached hereto as **Exhibit B**). Vail Health's letter specifically disclosed the search terms Vail Health used to search the "*email files* of the following four custodians," including Nicholas ("Nico") Brown, Mr. Cook, and Ms. Kirchner. *Id.* at 3–4 (emphasis added). The letter does not provide that Vail Health collected or searched, or had the legal right to search, text messages on these or any other individuals' cell phones. *See id.*

Prior to the close of discovery in December 2021, Plaintiffs filed five motions to compel. *See* ECF Nos. 127, 129, 132, 157, 195. These motions raised myriad purported issues with the scope of Vail Health's collection and searches, but made no reference to text messages. *See id.* In its extensive motions' practice, Plaintiffs failed to put at issue the text messages it now seeks—making not a single reference to them in their opening briefs, reply briefs, or supplemental briefs. *See* ECF Nos. 127, 129, 132, 157, 195, 163, 165, 173, 192, 226, 305. Likewise, the Special Master did not discuss or address text messages in any of his Recommendations. *See* ECF Nos. 362, 381, 382, 383, 398. Nor did Judge Gallagher do so in his Order on the Special Master's Recommendations. *See* ECF No. 457.

The only instances in which text messages were discussed confirm that Plaintiffs failed to seek text messages in its previous motions to compel. Plaintiffs mentioned text messages at a discovery hearing held by the Special Master in October of 2021, where counsel made a passing reference to Ms. Kirchner's text messages, which had not been referenced in Plaintiffs' motions. ECF No. 218 at 40:16-41:7. The Special Master directed Plaintiffs to prepare an itemized list of

their alleged discovery deficiencies. ECF No. 202. When Plaintiffs prepared this list, Plaintiffs noted Ms. Kirchner's text messages as a purported discovery deficiency. *See* ECF No. 261-04 at PDF 20-21, Issue #18. Vail Health objected to the fact that "Plaintiffs did not raise this issue in their motions to compel," explaining that Ms. Kirchner's text messages were "not properly before the Special Master" and further noting that "none of [Plaintiffs'] RFPs make any specific reference to text messages of Ms. Kirchner." *Id*. When the Special Master directed the parties to prepare proposed orders on the motions to compel by December 6, 2021, ECF No. 233 at 2, Plaintiffs made a single generic reference to text messages in connection with only one of its motions (MTC #1), *see* ECF No. 255 at 22 ¶ 10, and Vail Health once again noted that Plaintiffs' request for Ms. Kirchner's text messages was "not properly before the Special Master because they were not presented in any of Plaintiffs' Motions to Compel #1-5." *See* ECF No. 261 ¶ 21 (specifically referencing Ms. Kirchner's text messages, Issue #18, as not before the Special Master).

Importantly, the Special Master subsequently directed the parties to file supplemental briefs on the motions to compel in April 2022, *see* ECF Nos. 297, 305, 317, and in August 2022 Plaintiffs prepared an updated list of discovery issues on which the Special Master would rely in ultimately issuing his Recommendations. *See* ECF No. 381 at 2, 9–18 (attaching to the Special Master's Recommendation the August 8, 2022 Discovery Dispute Chart, which is silent as to text messages); *see also* ECF Nos. 382 at 2 n.1, 383 at 2 n.1, 398 at 1 n.1 (incorporating by reference the August 8, 2022 Discovery Dispute Chart). In preparing their list of the final discovery disputes, Plaintiffs did not even reference Ms. Kirchner's text messages, much less the broader set of texts Plaintiffs now seek. *See* ECF No. 381 at 9–18. Thus, in resolving the motions to compel, the Special Master and Judge Gallagher made no findings as to text messages. *See* ECF Nos. 362, 381, 382, 383, 398, 457.

After a subsequent hearing before Judge Crews in April 2023, Vail Health substituted its counsel who swiftly informed Plaintiffs that rather than standing on previous objections or pursuing further appeals on disputed discovery, Vail Health intended to aggressively meet—and go beyond—its discovery obligations arising out of the Special Master's Recommendations (ECF Nos. 267, 381, 382, 383, 398) and Judge Gallagher's Order regarding the same (ECF No. 457). Vail Health's efforts in that regard include the following: the collection of emails from Vail Health's system for nine additional individuals requested by Plaintiffs, including supplemental collections for emails of Mr. Shannon; the use of search terms requested by Plaintiffs over the email files of 13 individuals including Mr. Shannon, Ms. Kirchner, and Mr. Cook, including on topics for which that the Special Master *denied* Plaintiffs' requested discovery; the rolling production of thousands of documents and the commitment to complete its review of over 20,000 additional documents by September 8, 2023; the production of reams of additional patient data for outside the Vail Valley, including for a period after and beyond the Special Master's Recommendation; the targeted collection and production of specific records and reports identified by Plaintiffs; and the production of dozens of lease and research agreements, despite the Special Master's *denial* of Plaintiffs' request for this discovery.  *See* ECF 484, 491.

Notwithstanding this broad production of information by Vail Health and the absence of any reference to text messages in the discovery orders, and apparently desiring to take advantage of Vail Health's proactive discovery efforts, Plaintiffs demanded that Vail Health produce the text messages of Mr. Shannon, a former member of the Board of Directors, and Ms. Kirchner, a former executive of Vail Health.  Mr. Shannon and Ms. Kirchner are represented by separate counsel. Despite its objection to this new and untimely demand, Vail Health contacted counsel for these individuals to try to facilitate a potential agreement for the production of their text messages.

With no success in this regard, Vail Health advised Plaintiffs to directly contact Mr. Shannon and Ms. Kirchner's counsel to discuss a prospective agreement, and that it would not raise any timeliness or other objections to a subpoena, if Plaintiffs could not reach an agreement and deemed a subpoena necessary. *See* Email from C. O'Brien, Counsel for Vail Health, to S. Braunschweig, Counsel for Plaintiffs (June 21, 2023) (attached hereto as **Exhibit C**); *see also* Email from E. Rothstein, Counsel for Vail Health, to S. Braunschweig (Aug. 16, 2023) (attached hereto as **Exhibit D**). Plaintiffs refused to contact counsel or alternatively serve any subpoenas on Mr. Shannon or Ms. Kirchner. Instead Plaintiffs shifted their focus to the text messages of Mr. Brown, Vice President of Howard Head, which Vail Health had offered, with Mr. Brown's consent, to produce voluntarily. *See id.*; *see also, e.g.*, ECF No. 484-5 at 7 (Plaintiffs' July 21, 2023 discovery chart, focusing solely on the "[t]ext messages of Nico Brown"). Plaintiffs had indicated their belief that Mr. Brown may have engaged in purportedly relevant texts with Mr. Shannon, Ms. Kirchner, Mr. Cook, and others, and Vail Health secured Mr. Brown's voluntary consent for his text messages to try to resolve and eliminate this discovery dispute. Instead, Plaintiffs' Motion now demands that Vail Health also collect and produce text messages from current CEO Will Cook, as well as former CEO Doris Kirchner and former Chairman of the Board of Directors Mike Shannon.

## ARGUMENT

Plaintiffs' request for the text messages of three third-party individuals is unsupported, unwarranted, and untimely. This is especially true in that Plaintiffs seek relief from Vail Health, which Vail Health has no legal right to effectuate. This Motion should be denied.

## I. PLAINTIFFS' MOTION REQUESTS INAPPROPRIATE RELIEF.

Vail Health does not have possession, custody, or control of the text messages that Plaintiffs seek. Even if Plaintiffs had sought these texts diligently during the discovery period

-7-

(they did not), Plaintiffs should have served third-party subpoenas if they needed them (they do not). Instead, Plaintiffs' Motion is misdirected at Vail Health. Vail Health has no legal right to demand the intrusive collection of personal devices and text messages sought by Plaintiffs.

Contrary to Plaintiffs' insinuation otherwise, Vail Health does not have any cooperation, indemnification, or other agreement with Mr. Cook, Ms. Kirchner, or Mr. Shannon that requires these individuals to hand over their personal cell phones in this case for the inspection and scouring of their text messages by Vail Health and Plaintiffs. *See* Declaration of Katie Lawlor ¶ 5 (attached hereto as **Exhibit E**). Vail Health similarly does not have any employee policy that would entitle, or would have entitled, Vail Health to access these individuals' cell phones to inspect and search their text messages for this litigation. *Id.* And Vail Health certainly does not have any policy that would require *former* employees or Board Members like Mr. Shannon and Ms. Kirchner to turn over their personal cell phones on demand. *See id*.

Consistent with these facts, courts commonly reject Plaintiffs' incorrect contention that companies like Vail Health have a general legal right to force employees turn over their cell phones for discovery. *See e.g., Cotton v. Costco Wholesale Corp.*, No. 12-2731-JW, 2013 WL 3819974, at *6 (D. Kan. July 24, 2013) (denying a motion to compel because employer did not have actual possession, custody, or control of employee personal cell phones or a legal right to obtain them); *see also, e.g.*, *Halabu Holdings, LLC v. Old Nat'l Bancorp*, No. 20-10427, 2020 WL 12676263, at *1–2 (E.D. Mich. June 9, 2020). Likewise, this Court recognizes that "even under the most expansive interpretation of 'control,' the 'practical ability' to demand production must be accompanied by a similar ability to enforce compliance with that demand." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520–22 (D. Colo. 2003) (denying motion to compel company to produce documents in possession of affiliated companies).

It is routinely recognized that companies, like Vail Health here, do not have possession, custody, or control of the devices and text messages of their employees. *See e.g., Douglas, et al. v. Bd. Of Trs. Of Cloud Cnty. Cmty. Coll.*, No. 2:21-cv-2400-KHV-TJJ, 2022 WL 4591750 at *1 (D. Kan. Aug. 20, 2022) ("The Court denied Plaintiffs' request that Defendant College be required to search its board members' personal computers, devices, and email accounts in response to the disputed discovery requests, because they are not in the Defendant College's possession, custody or control."); *Kickapoo Tribe of Indians of Kikapoo Rsrv. in Kan v. Nemaha Brown Watershed Dist.*, 294 F.R.D. 610, 613–14 (D. Kan. 2013) (finding the personal documents of former board members, staff, and employees were not in the defendant's possession custody or control); *Noaimi v. Zaid*, 283 F.R.D. 639, 642 (D. Kan. 2012) ("[T]his court is not persuaded that merely being a stockholder or officer of a corporation satisfies the 'control' standard set forth in Fed.R.Civ.P. 34(a)(1).").

This Court has previously explained that Plaintiffs were required to seek these individuals' text messages by issuing a subpoena "in accordance with Rule 45," not in a Motion to Compel filed against Vail Health. *Zawadzki v. Community Hosp. Assn.*, Nos. 09-cv-01682-LTB-MEH, 09-cv-02450-CMA, 2010 WL 3085719, at *5 (D. Colo. Aug. 6, 2010) (denying motion for production of a defendant's own insurance files in the hands of a third-party and requiring plaintiff to proceed under Rule 45 so that "the parties are ensured proper process through federal law and rules"); *see also Klesch*, 217 F.R.D. at 520–22.

The cases Plaintiffs cite offer no support for an opposite conclusion. *Resolution Trust Corp. v. Deloitte & Touche* turned on a federal statute giving the defendant "the absolute and unrestricted ability to obtain [the third party's] documents on demand." *See* 145 F.R.D. 108, 110 (D. Colo. 1992). *Sedona Corp. v. Open Solutions, Inc.* stands only for the proposition that a

contractual relationship which provides the defendant with "the exclusive right to materials created" by a third party, constitutes possession, custody, or control of the materials created pursuant to the contract.  See 249 F.R.D. 19, 22 (D. Conn. 2008).  *In re NTL, Inc. Secs. Litig.* concerned successor entities in bankruptcy proceedings, and concluded no more than that an assignee entity should be deemed to have possession, custody, or control of the assignor entity's documents.  244 F.R.D. 179, 196 (S.D.N.Y. 2007).  These circumstances have no bearing where, as here, Plaintiffs seek text messages on personal devices of non-parties who are under no obligation to provide those devices to Vail Health and who have not voluntarily agreed to do so.

## II.  PLAINTIFFS' MOTION IS UNTIMELY.

An aggrieved party has an obligation to raise discovery issues in a timely manner, whether through motions to compel or otherwise, and courts look to the close of discovery to determine whether a motion to compel is timely.  *See Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-CV-02080-REB-KLM, 2011 WL 782677, at *2 (D. Colo. Mar. 1, 2011) (citation omitted); *Betts v. Work Zone Traffic Control, Inc.*, No. 16-CV-01890-CMA-MJW, 2017 WL 3424996, at *1 (D. Colo. Aug. 9, 2017) (collecting cases).  "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery."  *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citation omitted).

In 2021, Plaintiffs filed five motions to compel.  None sought or raised the text messages that Plaintiffs now seek—not a single reference in any of the substantive briefing.  While Plaintiffs belatedly attempted to inject the issue of Ms. Kirchner's texts, to which Vail Health objected, not even Ms. Kirchner's texts were before the Special Master.  In August 2022, Plaintiffs prepared an updated list of discovery issues on which the Special Master would rely in issuing his Recommendations.  *See* ECF 381 at 2, 9–18.  In its final list of discovery disputes for resolution,

-10-

Plaintiffs made no mention of Ms. Kirchner's text messages, or any other text messages. *See id.* That Plaintiffs failed to pursue these text messages in their motions to compel is further confirmed by the fact that neither the Special Master nor Judge Gallagher addressed or mentioned texts at all. *See* ECF Nos. 362, 381, 382, 383, 398, 457. Yet now, with dispositive motions looming and discovery closed for nearly two years, Plaintiffs claim that text messages are missing and must be produced.

Plaintiffs' Motion is nearly two years too late. Fact discovery closed on December 20, 2021. ECF No. 242 at 7. Despite the filing of five motions to compel while discovery was ongoing, addressing myriad purported issues with Vail Health's productions, Plaintiffs failed to seek the text messages it now demands. *See* ECF Nos. 127, 129, 132, 157, 195. Plaintiffs have known since at least November 2021 that Vail Health did not produce the text messages that Plaintiffs seek, Ex. B at 3–4, but they did not properly raise the issue in their previous motions to compel. Plaintiffs cannot argue that they did not have an opportunity to broach and press this issue—they simply did not do it, and even affirmatively dropped any reference at all to texts in their list of final discovery disputes for resolution by the Special Master. *See* ECF No. 381 at 2, 9–18.

Plaintiffs, apparently aware of their timeliness issue, nominally and generically attempt to tie their new Motion to newly produced documents. But, this is easily exposed as false because all of the documents cited in support of Plaintiffs' Motion were produced *before* the original close of discovery in this matter. *See* ECF No. 485 at 10 (citing Exs. 4, 19, 22, 23, and 24). Plaintiffs could have timely filed this motion, but failed to do so.

### III. PLAINTIFFS' MOTION SEEKS UNNECESSARY AND UNWARRANTED DISCOVERY.

In addition to being untimely and seeking inappropriate relief against Vail Health, Plaintiffs' Motion seeks discovery beyond the scope of what is relevant, necessary, or proportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b). This is confirmed by Plaintiffs' own conduct and representations.

First, that Plaintiffs failed to timely raise this dispute, failed to serve a proper subpoena, and refused even to reach out to counsel for Mr. Shannon and Ms. Kirchner, confirms that these text messages have limited, if any, relevance. When Vail Health sought to facilitate a resolution to this discovery dispute, Plaintiffs failed even to try to go through the proper channels or follow the proper procedures. Not only did Plaintiffs fail to serve any new subpoenas, as Vail Health had offered to allow, Plaintiffs *refused* to even *contact* the individuals' counsel. Plaintiffs' refusal to take any steps to obtain these text messages through cooperative means, or a properly directed subpoena, shows that Plaintiffs are less focused on the materials themselves and more focused on imposing burden on Vail Health through motions' practice, business disruption, and delayed resolution of this lawsuit.

Second, Plaintiffs have on multiple occasions made clear that they do not intend to use any of this additional discovery to supplement their expert liability reports. *See* ECF No. 484 at 7 n.4; *see also* ECF No. 493 at 1, 4. If these text messages (or other discovery) were so relevant as to warrant the intrusion into these individuals personal devices, Plaintiffs' presumably would at least want to consider using them in their expert reports on the merits. They do not, confirming the dilatory and unnecessary nature of Plaintiffs' Motion.

Finally, any purported need for text messages has been negated by Vail Health's production of thousands of pages of documents, including the emails of all three of the individuals at issue

here. In recent months Vail Health has collected and searched emails from Vail Health's system for nine additional custodians, including Mr. Shannon, ran specific search terms across these emails at Plaintiffs' request, pulled specific documents at Plaintiffs' request, and offered to search and collect relevant text messages that Mr. Brown voluntarily provided to Vail Health, including those with these other individuals. There is no reason to expect that the handful of text messages referenced in the emails Plaintiffs cite would be additive to the thousands of emails Vail Health has and will produce. *See* Fed. R. Civ. P. 26(b).

At this late stage of the litigation, Plaintiffs' failure to seek these messages through subpoena *or* cooperation and instead attempt to compel third-party text messages from a party who does not have them is dilatory, cumulative, and highlights Plaintiffs' continued efforts to prevent this case from moving forward on its merits.

### IV. PLAINTIFFS' UNFOUNDED ACCUSATIONS THAT VAIL HEALTH VIOLATED ITS PRESERVATION OBLIGATIONS ARE WITHOUT MERIT.

There is no basis to allege, as Plaintiffs do here, that Vail Health failed to fulfill its preservation obligations. Rather, Vail Health upheld its obligation to preserve documents by issuing litigation holds to potential custodians in both the state court and federal cases, including all of the individuals whose text messages are at issue here. Ex. E ¶¶ 3–4. Well before proceedings began in this Court, Vail Health distributed a litigation hold to relevant custodians for the state court litigation. *Id.* ¶ 3. While many aspects of the state court case overlap with this federal case, Vail Health sent a separate and additional litigation hold to an expanded list of relevant custodians. *See id.* at ¶ 4. The litigation hold required these individuals to preserve all information "including documents, paper files, and electronically stored information," and further required preservation

-13-

of "employee personal email accounts, and even cell phone or I-Pads if used for text or instant messaging for business purposes." *Id*.

As pertinent here, Vail Health specifically distributed its litigation hold to Mr. Cook, Ms. Kirchner, and Mr. Shannon, and these individuals were kept apprised of the ongoing litigation and made aware of their ongoing preservation obligations. *Id.* Vail Health also collected and produced relevant emails, financial records, and other documents early in this case and ensured that other emails and records were preserved, as confirmed by Vail Health's collection and production of additional emails and records in light of the Special Master's Recommendations. Thus, Vail Health satisfied its preservation obligations. *See e.g.*, *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1158, 1162–64 (D. Colo. 2015) (citations omitted) ("[W]hether a party has honored its obligation to preserve evidence turns on reasonableness, which must be considered in the context of whether what was done—or not done—was *proportional* to that case and consistent with clearly established applicable standards.").

Plaintiffs' speculation that Vail Health spoliated evidence is unfounded and a far cry from satisfying the high bar applicable to such a claim. *See Grabenstein v. Arrow Elecs., Inc.*, No. 10-CV-02348-MSK-KLM, 2012 WL 1388595, at *2 (D. Colo. Apr. 23, 2012). Vail Health issued good faith and reasonable litigation holds for both the state and federal litigation, advised individuals to preserve relevant information, and collected and produced relevant information in its possession, custody, and control. That Vail Health does not "have" the text messages sought by Plaintiffs is nothing more than a reflection of the fact that Vail Health does not have possession, custody, or control of the text messages on the personal cell phones of Mr. Cook, Ms. Kirchner, or Mr. Shannon, nor the legal right to require these individuals to turn over their cell phones for inspection and production of their text messages to Plaintiffs. *See* Ex. E ¶ 5.

-14-

Any accusation of spoliation or threats of sanctions is unsupported and should be rejected.

## CONCLUSION

For the foregoing reasons, Vail Health respectfully requests that the Court deny Plaintiffs' Motion to Compel #6 Related to Text Messages, ECF No. 485.

August 21, 2023

                                         Respectfully submitted,

                                          */s/ Evan M. Rothstein*
                                         Evan M. Rothstein (Bar No. 35990)
                                         Colin O'Brien (Bar No. 41402)
                                         David S. Jelsma (Bar No. 53916)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         1144 Fifteenth Street, Suite 3100
                                         Denver, Colorado 80202
                                         Tel: (303) 863-1000
                                         Evan.Rothstein@arnoldporter.com
                                         Colin.Obrien@arnoldporter.com
                                         David.Jelsma@arnoldporter.com

                                         James L. Cooper
                                         Francesca Pisano
                                         Andrew Ellingsen
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         601 Massachusetts Ave, NW
                                         Washington, DC 20001-3743
                                         Tel: (202) 942-5000
                                         James.Cooper@arnoldporter.com
                                         Francesca.Pisano@arnoldporter.com
                                         Andrew.Ellingsen@arnoldporter.com

                                         Leah Schultz
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         700 Louisiana Street | Suite 4000
                                         Houston, TX 77002-2755
                                         Tel: (713) 576-2400
                                         Leah.Schultz@arnoldporter.com

                                         Sam Sullivan
                                         ARNOLD & PORTER KAYE

-16-

                              SCHOLER LLP
                              250 West 55th Street
                              New York, NY 10019-9710
                              Tel: (212) 836-8000
                              Sam.Sullivan@arnoldporter.com
                              ***Counsel for Defendant Vail Health***

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, I served via CM/ECF the foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL #6** on all counsel of record.

*/s/ Evan M. Rothstein*

-17-