# EXHIBIT D

# Schultz, Leah

| | |
|---|---|
| **From:** | Rothstein, Evan M. |
| **Sent:** | Wednesday, August 16, 2023 6:05 PM |
| **To:** | sonya braunschweig |
| **Cc:** | alkildow@aol.com; O'Brien, Colin M.; Sullivan, Sam; Schultz, Leah; Pisano, Francesca |
| **Subject:** | RE: SRC/Vail - Follow-up to July 31 Conferral |

Dear Sonya-

We are not able to heal old wounds.  You and Alan are free to take whatever steps you deem necessary to do that on your own.  What we can do, and have done, is make every effort to move the underlying lawsuit forward.  To that end, we respond below on your specific topics, many of which we have already addressed in previous conferrals and exchanges, but we will do so again here:

1. Does Vail Health maintain Howard Head financial data and can it be segregated from Vail Health? **We offered to put this issue to bed by voluntarily presenting a Rule 30(b)(6) witness to resolve the pending Motion to Compel.  We understand Plaintiffs may not wish to proceed with the Rule 30(b)(6) deposition, and we will respond to your separate email on the deposition later today.  If we cannot reach an agreement, we are prepared instead to produce an affidavit and/or otherwise address this issue with the Special Master or the Court.**

2. Were the text messages ever collected and reviewed? **We have answered this question. We specifically told you that DGS collected and produced texts in the state court case. The state court production has been incorporated into the federal court case. And, as we've told you, we are now in the process of working with a vendor to collect and extract Nico Brown's texts.**

3. When was a litigation hold put in place, who received the litigation hold, and what locations were subject to the litigation hold? **We answered your questions about the litigation hold in previous conferrals. You asked whether Vail Health implemented a litigation hold. We told you it had. We told you it did so both for your state lawsuit and your federal lawsuit. You asked whether Mike Shannon received the litigation holds. We told you he had. You asked whether Doris Kirchner received the litigation holds. We told you she had. In short, we believe Vail Health fulfilled its obligations under the federal rules, and we will address this issue directly with the Court as needed in light of your motions.**

4. Does Kirchner and Shannon have cooperation/indemnification agreements with Vail Health? Why won't they produce their texts to Vail Health? **We have addressed this issue. We do not speak for, nor represent, Mike Shannon or Doris Kirchner. They are represented by their own counsel, John McHugh. We previously advised you to reach out to him.  We previously offered as part of a global compromise not to object to a subpoena, except to the extent it implicated privileges or immunities. You declined to even reach out to Mr. McHugh instead asking us to "use our influence" with him.  When you shifted focus to Nico Brown, we offered to produce his text messages voluntarily to try to move forward.  Plaintiffs again declined to compromise. As to the cooperation and indemnification query, we made clear that we do not think the existence or non-existence of any such agreements would change the analysis. We are not aware of any agreements that would require Mr. Shannon or Ms. Kirchner to hand over their personal devices absent a subpoena. In any event, Plaintiffs have opted to proceed with a motion to compel against Vail Health. Accordingly, we will address these issues with the Court and the Court can resolve our disagreements.**

5. Has Board Effects been searched for responsive documents? **You noted that the "Board Effects" might be a useful location to identify the Deloitte, Percival, and Remedy consultant reports, as well as the**

1

**Steadman/SPRI Agreements. We have located and are producing those documents. We have not separately done a broad collection or review of the Board Effects on its own. You did not previously ask us to do so or indicate that you thought it was necessary, nor do we think it is necessary.  We understand and expect that such an effort would produce information cumulative of what has already been produced and/or is being produced.**

6. Do you have Brown's texts and how will you search those for responsive information? **We have answered your question on this topic. We told you we were in the process of extracting Mr. Brown's text messages.  Once we get them loaded, we will conduct a good faith and reasonable review for relevance based on the claims and defenses in this case, but we need to finish the loading process.**

As for the patient data, Vail Health offered to produce data outside the Vail Valley through May 31, 2023, if Plaintiffs agreed not to request an expanded date range for any other data sets that have already been produced. Please confirm whether Plaintiffs agree, and if so, Vail Health will update the Cerner file for outside the Vail Valley (VH_Fed_00009838) through May 31, 2023.

Kind regards,

Evan

_____

Evan Rothstein
Partner | Bio

Arnold & Porter

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Monday, August 14, 2023 12:18 PM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Sullivan, Sam <Sam.Sullivan@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>; Pisano, Francesca <Francesca.Pisano@arnoldporter.com>
**Subject:** Re: SRC/Vail - Follow-up to July 31 Conferral

External E-mail

Evan,

It bears pointing out what the Special Master said in Order #4: "When considering Vail Health's response that it has produced all of the documents in its possession that are responsive, such a response is one that Plaintiffs, the court, and special master are essentially required to accept, *regardless of how credible that assertion may be....*Plaintiffs may inquire via depositions or other remaining discovery devices as to why documents that seem like they should still exist no longer do, and in appropriate circumstances, the Plaintiffs *can seek sanctions if Vail Health engaged in acts of concealment or spoliation."* ECF No. 383 at 2. Vail Health's motto now is Plaintiffs need to "forgive and forget" what Vail Health and its counsel chose to do in the past, regardless of whether evidence was destroyed or concealed. But we know if the roles were reversed, Vail Health would not "forgive and forget." As we made clear from the beginning of your engagement, Plaintiffs will pursue whatever relief is necessary if Plaintiffs discover Vail Health concealed or destroyed evidence.  So no, Plaintiffs will not waive any rights to pursue sanctions for concealment and spoliation if the evidence supports such motions.  If Vail Health has nothing to hide, it should have no issue with Plaintiffs' position.

2

You claim that Vail Health has been transparent.  If so, then one would expect that we would have answers to the following questions:

1.  Does Vail Health maintain Howard Head financial data and can it be segregated from Vail Health?
2.  Were the text messages ever collected and reviewed?
3.  When was a litigation hold put in place, who received the litigation hold, and what locations were subject to the litigation hold?
4.  Does Kirchner and Shannon have cooperation/indemnification agreements with Vail Health? Why won't they produce their texts to Vail Health?
5.  Has Board Effects been searched for responsive documents?
6.  Do you have Brown's texts and how will you search those for responsive information?

Instead, when we have posed those questions, we have faced answers from you that: "this is not a deposition," we are looking for "a gotcha moment," and what we seek is "discovery about discovery."  So we are not living in the past.  We are in the present with you giving us these responses.  From our perspective, this is not "transparency."  Transparency would have been that you disclosed to us from the start that you were not getting emails and texts from the Board members directly.  Rather, you were obtaining the Board emails from Vail Health's system, which means that emails between Board members that did not include a Vail Health employee would never be captured.  A little disclosure goes a long way in moving things forward.

From the start, Colin told us to identify what Plaintiffs wanted to be produced.  Initially, we provided the explanation and support for why it needed to be produced, but Colin stated that was not needed.  He wanted Plaintiffs to simply identify the items requested, so we stopped providing the explanation and legal support.  In turn, you have repeatedly accused Plaintiffs of expanding the scope of what needed to be produced, which is incorrect.  Plaintiffs have sought the same items for the past two years.  It must also be pointed out that as counsel for Vail Health, you have an independent obligation to ensure that Vail Health's discovery responses are complete and correct and that Vail Health has complied with its obligations under the Special Master's Orders, regardless if they were made when Davis Graham was representing Vail Health. Further, under Fed. R. Civ. P. 26(e), Vail Health "is under a duty to amend a prior response in an interrogatory, request for production or request for admission when the party learns that the prior response is incomplete or incorrect in some material respect and if the additional or corrective information has not been made known to the other parties during the discovery process."  Vail Health's efforts thus far have been limited to conducting email searches despite Plaintiffs identifying other locations within Vail Health that need to be searched for responsive documents, such as Board Effects and text messages.  Plaintiffs' request follows Special Master Order #2, in which he said that after disclosure of the SPI, "[t]he parties would then be in a position to discuss whether additional search locations or search terms might be likely to lead to the discovery of additional responsive information."  ECF No. 381 at 2.  And the reason he made that statement is because he found that "[i]t often seems that Vail Health should have more information on a given topic than it has produced, and there may even be indications in some documents that Vail Health actually had, at some point, additional responsive information that it now claims to lack."  *Id.*

Plaintiffs have repeatedly, through conferrals, emails, and memoranda, attempted to identify the documents that have sought for well over two years and the locations that some of these documents may be found. We have been engaging in this process for months.  We timely modified search terms, but could only do so once Vail Health provided information about the individual searches--something that Vail Health initially refused to do.  Plaintiffs also attempted to understand what was nonresponsive so that the searches could be modified accordingly.  Vail Health refused to share that information, so Plaintiffs did their best to modify the searches to limit the number of documents to be reviewed  It has taken Vail Health two-and-a-halfs months to review and produce 20,000 documents, which does not make sense when Vail Health has 4-5 attorneys reviewing documents, some on a full-time basis.  One person reviewing full-time would have finished that search by mid-June.  Plaintiffs also proposed a final discovery plan for the email searches, including dates for production. Vail Health agreed to putting such a plan together so that the parties could be on the same page, but then Vail Health rejected the proposed plan without explanation or conferral.

Since early May, we have attempted to work with you on the production of the SPRI/VSOF lease agreements and research affiliation agreements. We held off filing a motion to stay in May to give you and your client ample opportunity to decide whether it would voluntarily agree to produce the documents. We again sought your position on the motion in June, and we agreed to hold off again when you said more time was needed.  And while Vail Health agreed to produce the lease agreements on July 27, it continued to stall making a decision on the research affiliation agreements, with Colin telling us at the July 31 conferral that he did not understand that was what we were requesting.  Plaintiffs only received confirmation that Vail Health would produce those agreements after Vail Health was forced to file a response to Plaintiffs' motion to stay. All of this could have been avoided long ago.

So please identify when Plaintiffs have been unwilling to move things forward in an effort to compromise. From our perspective, our conferrals are not as productive as they could be because Vail Health generally only agrees to 30 minutes to discuss a multitude of issues and because Vail Health is not able or willing to state what it will or won't do during the conferral. So instead of reaching

3

resolution one way or the other, we end up having to send multiple communications and holding additional conferrals. Plaintiffs identified the discovery issues back in May, so getting on a call and giving Plaintiffs a final response to their requests should be perfunctory, but it is not. Additionally, you claim that somehow Plaintiffs responding to you in "two hours" is somehow inappropriate.  Most of the discovery requests at issue were served 4 years ago, so there is not anything "new" about Plaintiffs' requests.  For the past two years, we have sought the same documents, so there is nothing "new" for Vail Health either.  Vail Health taking weeks and months to make decisions about documents and other discovery that should have been addressed long ago is what is inappropriate here. Plaintiffs have wasted months trying to reach a compromise on issues that could have already been decided by the Court, such as Plaintiffs' Rule 37(b)(2) motion filed on December 19, 2022.  As to that issue, Vail Health continues to refuse to disclose whether or not Howard Head financial data exists or not, so if you hear frustration on our end, it is understandable given what we have faced and continue to face from Vail Health.

Moreover, I have not "screamed" during any conferral, so please refrain from accusing me of that.  In the limited time given for these discussions, I have attempted to handle the discovery conferrals professionally and succinctly, and I believe that Colin and Leah would confirm that.  And yes, it is very frustrating for Plaintiffs to have to rehash the same topics over and over again because Vail Health will not provide a definitive answer one way or the other.  We do not want to, but when you do not respond, we have no other choice but to again send correspondence and hold a conferral in an attempt to provide Vail Health the opportunity to reconsider its prior positions so that the parties can avoid another round of motions. If motions are necessary, so be it, but we ask that you provide timely responses to avoid dragging out the same issues for months.

Finally, it does not seem that you understood Plaintiffs with respect to the patient data outside the Vail Valley.  You state "we will consider Plaintiffs' **new request** to now expand the time period covered by the Cerner data as well."  We do not understand what "new request" needs to be considered. Plaintiffs always requested the patient data "to the present." To resolve this issue first raised on April 28, two days after the data was produced, **Plaintiffs agreed to the May 31, 2023 date proposed by Vail Health last week.** As you should be aware, Plaintiffs' use of the term "Cerner" simply refers to the system where the current patient data is stored: Paragon is the legacy system; Cerner is the current system.  Vail Health reproduced the Paragon system patient data on July 21 due to some unidentified error (that you agreed to identify but have not yet done).  So the updated patient data through May 31, 2023, the date you agreed to produce the data as stated in Leah's August 8 email, must come from the Cerner system.  Please confirm when the updated data will be produced.

Sonya

On Fri, Aug 11, 2023 at 5:05 PM Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com> wrote:

> Sonya,
>
> The response below is unfortunate and follows a similar pattern of intransigence based on prior alleged actions.  It was also sent just a few hours after we provided thoughtful updates on myriad issues.  We have made significant efforts to engage and compromise, all in a transparent attempt to move forward.  But we are continually met with anger and vitriol based on alleged transgressions by DGS well in the past—both on our telephonic conferrals and in written correspondence, as below.
>
> From our perspective, Plaintiffs appear unable or unwilling to move forward with any compromise on any topic despite our substantial efforts and engagement. We cannot to continue to participate in conferrals with Plaintiffs where no attempts at agreement are made.  And it should go without saying that your screaming, which was notably omitted from Plaintiffs' "memorandum of conferral," is unproductive.
>
> If we cannot collectively turn the page and have productive dialogue, we will need to have the Special Master and the Court resolve any remaining discovery disagreements. We are going to move forward with the productions on the anticipated dates we specified. We are in the process of extracting Mr. Brown's text messages and we will conduct a

good faith and reasonable review of those messages. And we will consider Plaintiffs' new request to now expand the time period covered by the Cerner data as well.

Regards,

Evan

_____

Evan Rothstein
Partner | Bio

**Arnold & Porter**

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, August 8, 2023 3:45 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>
**Cc:** Alan Kildow <Alkildow@aol.com>
**Subject:** Fwd: SRC/Vail - Follow-up to July 31 Conferral

External E-mail

Counsel,

We have responded to your bullet points in bold below.

One other issue is Brown's text messages.  Do you have them?  And if so, in what format and how are you identifying responsive texts and with what individuals?  We were previously informed that we would have some input as to this search.

Sonya

5

---------- Forwarded message ---------
From: **Schultz, Leah** <Leah.Schultz@arnoldporter.com>
Date: Tue, Aug 8, 2023 at 2:07 PM
Subject: SRC/Vail - Follow-up to July 31 Conferral
To: Alan Kildow <alkildow@aol.com>, sonya braunschweig <sonya.braunschweig@gmail.com>
Cc: Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>, O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>


Alan & Sonya:


We are writing to address various issues raised in our conferral on Monday, July 31. As we previously said, we disagree with numerous of the characterizations and statements made in the subsequent "memorandum of conferral" that you sent, but we do not think it is productive to fall into this type of back-and-forth, which seems to be what happened with DGS. **We take issue with your characterization. Davis Graham and Vail Health repeatedly concealed, misrepresented, and delayed production of documents for years. You were not there and have no idea how many times we tried to resolve discovery issues only to face a brick wall every step of the way. So please do not accuse us of not being productive when we attempt to explain how we view things when we hear the same exact same statements being used again to avoid candid responses.**


We will instead focus on the steps we continue to take as part of our voluntary production of documents to move this case forward, despite our continued disagreement with Plaintiffs' discovery demands. We will let the Court resolve further disagreements if/as needed, but here is where things stand on our end:


- **Rolling Production:** Vail Health anticipates an additional rolling production on August 18 and a final production on September 8. Vail Health may do additional rolling productions in the interim if it makes practical sense, but the need to prepare and QC rolling productions takes away from our efforts to complete the expansive review and production sought by Plaintiffs and contemplated for completion by Vail Health by September 8.  **We would appreciate rolling productions every two weeks, just as before.  The production of a substantial number of documents amounts to a data dump.  Plaintiffs need sufficient time to review, which your proposed schedule does not allow.**

- **Privilege Log:** Vail Health will send you a second updated privilege log and corresponding bates index to reflect the documents that Vail Health previously pulled down from DGS' previous log by the end of this week.  We anticipate sending the first iteration of Vail Health's privilege log for productions facilitated by A&P by the end of next week, with a follow up after Vail Health completes its remaining productions.  **We look forward to receiving these documents.**

- **Patient Data:** We continue to disagree with Plaintiffs' demand that Vail Health produce patient data for outside the Vail Valley beyond the May 11, 2022 cut-off used for patient data within the Vail Valley. When we conferred, we understood Plaintiffs to seek patient data for outside the Vail Valley through the date of the Special Master's Order. We now understand Plaintiffs to be seeking such data through today. While this is an example of the concerns we have raised about expanding and changing discovery demands, we will make the following proposal to put this issue to bed: Vail Health will agree to produce patient data for outside the Vail Valley through May 31, 2023, if Plaintiffs agree that they will not request that Vail Health expand the date range for any other data sets that have already been produced.  **We have requested the patient data outside the Vail Valley be produced "to the present," which is consistent with the Orders**

6

and discovery requests.  In an effort to resolve the date parameters of data outside the Vail Valley, we will agree to a cut off date through May 31, 2023.  We ask that the Cerner file for outside the Vail Valley be reproduced in whole up through May 31, 2023.

- **Consultant Reports:**  Vail Health will make a concerted effort to collect and produce the Deloitte, Percival, and Remedy consulting reports on which you have focused. While we spent months working with you to test and hone search terms to serve as an agreed-upon good faith and reasonable collection and production of information sought by Plaintiffs, we will specifically aim to locate and produce these reports as part of the anticipated production on August 18. We will advise if you we are unable to do so. **Recent productions reflect that responsive documents are found in Board Effects, which is the software system and repository used by the Vail Health Board and its committees.  Vail Health has an independent obligation to identify and search relevant locations for responsive documents.  Plaintiffs have repeatedly raised the issue of searching Board Effects, and it appears to date that this still has not been done.**

- **Lease Agreements/Motion to Stay:** We will respond to your Motion to Stay in due course. We are working to finalize our collection and loading of the leases and research agreements we have agreed voluntarily to produce. We anticipate producing these documents on or before August 18, which will allow you sufficient time to review those materials in advance of your reply brief. We also anticipate providing a list of the specific lease and research agreements that we will be producing to avoid any confusion and to allow you to readily locate these materials.  **You have now stated--for the first time--that Vail Health is collecting and loading the "research [affiliation] agreements" for apparently SPRI and VSOF, which you state that Vail Health has agreed to voluntarily produce.  If in fact Vail Health produces those agreements, then the motion to stay would be moot. Please explain why any further briefing would then be necessary and why we should burden the Court when the issues raised in that motion would appear to have been resolved if Vail Health produces the information.**

- **30(b)(6) Deposition:** We will separately respond to your email related to the anticipated 30(b)(6) deposition. **We we will address this separately in response to your email.**

Best,

Leah

_____
Leah Schultz
Associate | Bio

**Arnold & Porter**

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com