## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

## DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO REISSUE SCHEDULING ORDER

---

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") files this Reply to Plaintiffs' Response to Motion to Reissue Scheduling Order, ECF No. 493 ("Response"), and in Support of Vail Health's Motion to Reissue Scheduling Order, ECF No. 484 ("Motion").

## INTRODUCTION

Vail Health desires to drive this case toward a resolution on the merits. The reissuance of a fair and reasonable scheduling order is a necessary condition to achieve that end. While Plaintiffs' Response may use the word "agreement" as to many deadlines, on nearly every key point that necessitated Vail Health's Motion in the first instance, there is no agreement. In fact, it appears that neither Vail Health's extensive and accommodating efforts to reach a joint proposal before seeking judicial intervention nor this Motion has had any impact on moving Plaintiffs towards a schedule that is fair to both Parties.

Prior to the Motion's filing, Plaintiffs' conditioned their acceptance of *any* schedule on a list of demands including that Vail Health waive summary judgment briefing and expert depositions and challenges. Though Plaintiffs nominally relent on these conditions in their Response, many of Plaintiffs' last-minute proposed modifications do nothing to bring this litigation closer to finality or supply real deadlines. For instance, while Plaintiffs rescind their demand that Vail Health waive summary judgment entirely, the alternative proposed deadline—fifteen days from *today*—has the same effect. This is especially true considering Plaintiffs' proposal includes actual (and generous) deadlines for Plaintiffs to raise *additional new* discovery disputes. Similarly, Plaintiffs retract the demand that Vail Health waive their right to challenge experts, but propose hyper-narrow and unworkable windows for expert depositions.

At this point in time, Vail Health's compliance with all previous Orders is nearly complete, and is anticipated to be completed on September 8, 2023. Entering Plaintiffs' proposed deadlines will inevitably (and is designed to) extend discovery and this case in perpetuity. Nowhere is that more blatant than with the deadlines Plaintiffs propose for new and additional Rule 26 and 37 motions—which essentially ensures that this case will remain mired in discovery disputes well into 2024, nearly 3 years after fact discovery closed. The time is now for the Court to put appropriate scaffolding on this case to drive it to completion.

## ARGUMENT

Vail Health's Proposed Scheduling Order will usher this case toward an orderly and timely decision on the merits. Plaintiffs' proposal, by contrast and by design, all but guarantees that this case will continue to languish. Vail Health therefore respectfully requests that the Court grant Vail

Health's Motion and issue Vail Health's Modified Proposed Scheduling Order, attached hereto as Exhibit A.[1]

Although the parties now "agree" on many of the proposed deadlines, Vail Health disagrees with Plaintiffs' proposals regarding centrally important dates and details: (1) the summary judgment deadline, (2) the scheduling of expert depositions, (3) the deadline for new motions under Rules 26 and 37, and (4) the need for a 30(b)(6) deposition or a production deadline for Howard Head financial data.[2]

## I.    Summary Judgment Should Occur After Resolution of Plaintiffs' Discovery Disputes.

Plaintiffs' proposed summary judgment deadline of September 15, 2023, is inefficient and unworkable given Plaintiffs' outstanding discovery demands and pending motions.  Not only have Plaintiffs recently filed their Motion to Compel No. 6 regarding text messages, *see generally* ECF No. 485, but in filing their Response to the instant Motion Plaintiffs add a proposed deadline of October 27, 2023 for new motions under Rules 26 and 37.  ECF No. 493 at 1.  Thus, Plaintiffs propose that the parties and Court approach summary judgment in the shadow of an unsettled

---

[1] The Modified Proposed Scheduling Order, Exhibit A, differs from Vail Health's original proposed schedule in only two ways.  First, in response to Plaintiffs' request for a deadline to bring further Rule 26 and Rule 37 motions, Vail Health has incorporated a deadline of September 22, 2023, for any such motions arising out of the Special Master's Recommendations issued after the close of discovery.  *See infra* at Section III.  Second, Vail Health has removed the deadline for the 30(b)(6) deposition that Vail Health had voluntarily offered to Plaintiffs to resolve their Rule 37(b) Motion related to Howard Head Financial Data, ECF No. 425.  As Plaintiffs declined Vail Health's proposal, Vail Health instead addressed the purported issues related to Howard Head financial data through a voluntary affidavit to put the issue to rest.  *See infra* at Section IV; *see also* ECF No. 494.

[2] Plaintiffs' counsel sent Vail Health their "proposed scheduling order modifications" reflecting purported agreements a mere 48 hours before their Response was due.  Vail Health nonetheless advised Plaintiffs as to its disagreement on several points on which Plaintiffs inaccurately represented that the parties were purportedly in agreement.  *See* August 15, 2023 Email Correspondence from E. Rothstein to A. Kildow attached hereto as Exhibit B.

factual record—a fool's errand considering the intimate relationship between the facts and summary judgment.  *See* Fed. R. Civ. P. 56(a).

Although Plaintiffs claim their premature summary judgment deadline is proposed so that Judge Martinez may have "sufficient time to consider the motion," ECF No. 493 at 2, asking Judge Martinez to decide summary judgment while discovery disputes remain pending would result in precisely the type of wasteful, meaningless summary judgment motions that his practice standards caution against.  *See* WJM Revised Practice Standards II.D.1; *see also, e.g.*, *SBM Site Services LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2012 WL 280498, at *2 (D. Colo. Jan. 31, 2012) (J. Martinez) (denying summary judgment filed before discovery was completed and allowing opportunity to refile once discovery was completed).

Vail Health proposes a summary judgment deadline of February 29, 2024.  This date will allow the Court to consider summary judgment only *after* resolution of outstanding discovery disputes, thereby encouraging efficient, robust, and definitive briefing before the Court is asked to rule.  Considering the history of these proceedings and Plaintiffs' continued attempts to expand discovery beyond what is relevant or proportional to the needs of the case, the Court ought not be forced to consider summary judgment in the shadow of unsettled discovery disputes as Plaintiffs' proposals imply.  Although Vail Health believes its discovery obligations will be fully discharged by September 8, 2023, Plaintiffs' recent discovery motions and their proposal to include a deadline for additional motions under Rule 26 and 37 suggest otherwise.

## II.    A December 22, 2023 Expert Deposition Deadline is appropriate.

Vail Health proposes an expert deposition deadline of December 22, 2023.  Plaintiffs, on the other hand, do not propose a specific deadline at all, but rather ask the Court to set specific deposition windows for specific experts.  *See* ECF No. 493 at 1 (October 2-13 for antitrust expert

Dr. Leslie Schafer, and November 1-10 for damages expert Mr. Arthur Cobb).  This level of specificity is unusual at best, and the Court need not accept Plaintiffs' invitation to inject the Court into a scheduling process for no reason.  Plaintiffs' proposed narrow windows come before Vail Health's deadline of December 22, 2023, meaning the parties are in fact in agreement that December 22 is an appropriate outside deadline by which all expert depositions should be complete.  The appropriate course of action is therefore for the Court to enter December 22, 2023 as the deadline to complete expert depositions.  Counsel may then confer with clients and one another to ensure that the depositions are scheduled and completed in a timely and cooperative manner, as is usual practice, and without unnecessarily involving the Court.

## III.   New Motions Under Rule 26 or 37 Should be Brought Within Fourteen Days of Vail Health's September 8 Production

Vail Health has gone above and beyond the Special Master's Orders to settle Plaintiffs' discovery disputes and finally shepherd this case to a decision on the merits.  These efforts have been costly and time-intensive, including the collection of emails for nine new custodians at Plaintiffs' request, dozens of conferrals with Plaintiffs over numerous iterations of proposed search terms, the production of thousands of additional documents, the commitment to review over 25,000 additional documents by September 8, 2023, the production of extensive additional patient data outside of the Vail Valley, and the production of documents on which the Special Master overruled previous assertions of privilege.  Vail Health's productions of these documents has been ongoing since Judge Gallagher adopted the Special Master's Recommendations, and is anticipated to be complete as of September 8, 2023.

While Vail Health opposes Plaintiffs continued efforts to expand discovery, Vail Health agrees with Plaintiffs that the Court should impose a deadline for Plaintiffs to file any new motions under Rules 26 or 37.  Such motions should be limited to any remaining discovery disputes

specifically arising out of the five recommendations of the Special Master issued after the close of discovery (*i.e.*, ECF Nos. 362, 381, 382, 383, 398).  Such a deadline serves the salutary purpose of providing an outside date by which Vail Health and the Court could be assured repose from Plaintiffs' myriad discovery demands.  Plaintiffs' proposed deadline of October 27, 2023, however, is not appropriate because it is seven full weeks after Vail Health's final productions pursuant to the Special Master's discovery orders.  As Plaintiffs have themselves stated, a more appropriate timeframe for such motions is 14 days after final productions.  *See* ECF 484-2 at 3 (Plaintiffs proposing "14 days after Vail Health certifies productions are complete" as the "deadline to request input of the Special Master on any unresolved disputes related to his orders").  Likewise, filing sooner rather than later brings any of Plaintiffs' issues to the Court in as timely and efficient a manner as possible, thereby preserving the February 29, 2024 summary judgment deadline and a June 2024 trial date.  Vail Health will complete production of documents pursuant to the Special Master's orders by September 8, 2023, and therefore respectfully requests that the Court enter a deadline of September 22, 2023 for additional motions under Rules 26 or 37.[3]

## IV.    Deadlines for Depositions or Document Production Related to Howard Head Financial Data Are Moot in Light of Vail Health's Recent Productions and Filings.

Vail Health's Motion and Plaintiffs' Response are moot to the extent they include deadlines for either a 30(b)(6) deposition on Howard Head financial data, or production of Howard Head financial data.

There is no order requiring Vail Health to put up a 30(b)(6) witness regarding Howard Head financials.  Vail Health was originally willing to offer a voluntary witness for a limited

---

[3]   Likewise, even if the Court were to order production of any documents in connection with Plaintiffs' Motion to Compel No. 6, Plaintiffs should bring motions under Rules 26 or 37 within fourteen days of that production.

30(b)(6) deposition to put the dispute to rest. *See* ECF No. 484 at 4, 6 n.3. Since then, however, Plaintiffs would not agree to reasonable parameters for that voluntary deposition – including a time limit, location, or that it would fully resolve the request for sanctions in their Motion to Compel. On August 18, 2023, in lieu of a deposition, Vail Health filed its Supplemental Notice Regarding Plaintiffs' Rule 37(b) Motion and the Declaration of Mike Brown Pursuant to 28 U.S.C. § 1746. ECF Nos. 494, 494-6. This Declaration, combined with the Declaration of Dr. Monica Noether, sent by Vail Health to the Special Master and Plaintiffs alongside their Report to the Court on July 20, 2022, address all of Plaintiffs' proposed bases for its Rule 37(b) Motion and a 30(b)(6) deposition. The 30(b)(6) deposition is no longer necessary in the scheduling order.

The Brown and Noether Declarations likewise clarify Plaintiffs' misunderstandings with respect to certain Howard Head financial data. To date, Vail Health has already produced Howard Head financial data from its Strata database and has and will produce any additional Howard Head financial data that hit on Plaintiffs' extensive search terms by its September 8 anticipated deadline. Accordingly, the Scheduling Order need not include any deadlines related to the production of Howard Head financial data

## **CONCLUSION**

Vail Health has spent months diligently fulfilling its discovery obligations so that this case may finally reach resolution. Vail Health's proposed scheduling order not only gives Plaintiffs plenty of time to prepare for trial of the state case in February 2024 (their original professed concern) and ensures that no more judicial or party resources are squandered on the road to a decision on the merits. Vail Health therefore respectfully requests that the Court grant the Motion and enter the Modified Proposed Scheduling Order attached hereto as Exhibit A.

August 31, 2023

Respectfully submitted,

*/s/ Evan M. Rothstein*
Evan M. Rothstein (Bar No. 35990)
Colin O'Brien (Bar No. 41402)
David S. Jelsma (Bar No. 53916)
ARNOLD & PORTER KAYE
SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Evan.Rothstein@arnoldporter.com
Colin.Obrien@arnoldporter.com
David.Jelsma@arnoldporter.com

James L. Cooper
Francesca Pisano
Andrew Ellingsen
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
James.Cooper@arnoldporter.com
Francesca.Pisano@arnoldporter.com
Andrew.Ellingsen@arnoldporter.com

Leah Schultz
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
Tel: (713) 576-2400
Leah.Schultz@arnoldporter.com

Sam Sullivan
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com
**Counsel for Defendant Vail Health**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2023, I served via CM/ECF the foregoing

**DEFENDANT VAIL HEALTH'S REPLY IN SUPPORT OF MOTION TO REISSUE**

**SCHEDULING ORDER**  on all counsel of record.

<u>/s/  Evan M. Rothstein</u>