# EXHIBIT B

**Schultz, Leah**
___

| | |
|---|---|
| **From:** | Rothstein, Evan M. |
| **Sent:** | Wednesday, August 16, 2023 10:41 PM |
| **To:** | alkildow@aol.com |
| **Cc:** | O'Brien, Colin M.; Schultz, Leah; sonya braunschweig |
| **Subject:** | RE: Sports Rehab Consulting v. Vail Health--Plaintiffs' Proposed Scheduling Order Modification |

Dear Alan,

We appreciate the effort to reach a mediated resolution on the schedule.  Please note though that we first proposed a scheduling order more than two months ago and since that time made significant effort to confer with you on this issue.  In addition to consistently seeking your input on our proposals, when you did engage, we listened, and adjusted our proposed dates multiple times to accommodate Plaintiffs' concerns.  Yet, after we did that, Plaintiffs then refused to enter *any* scheduling order unless we acquiesced to unreasonable conditions.  And as a result, we had to file a motion.  Thus, your new alleged "agreements," which were proposed a mere 48 hours before Plaintiffs' response is due, are not well received.

Moreover, this new proposal does not actually agree to many of our proposed deadlines, despite the claims that there is now "agreement" on several deadlines. Rather, it purports to agree to certain deadlines while substantively changing what was covered by those deadlines and/or injecting new deadlines that you have staggered in a way that we have already made clear are not workable.  It does not appear we are in agreement on much of anything.

By way of example:

- You accelerated and staggered the summary judgment deadline in an unusual, unsupported, and inefficient way. As we have told you, we are not going to agree to a summary judgment deadline that precedes the deadline for completing any further fact/expert discovery. It makes no practical sense to do so.  This is especially true in that you have injected a deadline for more motions' practice about discovery, more than a *month* after your proposed summary judgment deadline.

- You claim there is "agreement" on supplemental and rebuttal expert disclosure deadlines. This is not correct. We proposed deadlines for all supplemental and rebuttal expert disclosures on September 29 and November 10, respectively. Your proposal purports to agree to those dates, but substantively changes the deadline to relate only to the damages experts. Thus, there is no agreement. As we've made clear, Vail Health reserves its right to supplement one, both, or none of its expert disclosures, and Plaintiffs are free to do the same.  If Plaintiffs decline to do so, despite their continued demands for further fact discovery, that is Plaintiffs' choice. But it is not accurate to claim we are in agreement when your proposal changes the substance and scope of the deadlines.

- You assert that "Vail Health agreed to deposition by August 31" for the 30(b)(6). This is inaccurate and incomplete.  We did offer and agree that we would present a Rule 30(b)(6) witness before August 31 to resolve Plaintiffs' Motion to Compel#1 as part of our proposal for global resolution on discovery. You rejected that proposal, unfortunately. Nevertheless, we maintained our willingness to present a Rule 30(b)(6) witness to put this issue to bed.  We even provided, in emails and in our motion, that we were still willing to present the 30(b)(6) witness before August 31 if Plaintiffs agreed they would not seek to hold open, or reopen, the deposition based on any subsequently produced documents. Plaintiffs did not agree to even that reasonable proposal. Thus, there is no and never was any agreement to present a 30(b)(6) witness before August 31.

- You also have injected substantive new restrictions on expert depositions, while inaccurately suggesting you are merely changing the dates on which those expert depositions would occur. Vail Health's proposed deadlines for

1

completing expert depositions applied to the depositions of all experts. Your revised proposal only includes dates that would allow Vail Health to depose Plaintiffs' antitrust expert and purports to say a deposition of a damages expert in another case suffices here.  Vail Health reserves its right to depose one, both, or none of Plaintiffs' experts, and at this stage we anticipate deposing both. Plaintiffs are free to do the same. But Plaintiffs proposal is not merely purporting to adjust dates; rather, it is trying to restrict Vail Health's ability pursue its defense.

- You also have provided an arbitrary and narrow window for us to depose Plaintiffs' damages expert and then staggered it in a problematic way. Even setting aside scheduling issues, the proposed restrictive dates provide Vail Health with little or no time to update its rebuttal reports after the deposition, which prevents Vail Health from choosing to wait to depose the experts until all disclosures are served (as it may so choose).

We remain open to adjusting deadlines in a way that works for both parties, but this last minute proposal does not move the discussion in that direction.  If we cannot reach agreement, the Court will need to resolve our motion and implement a schedule it deems appropriate.

Kind regards,

Evan

_____
Evan Rothstein
Partner | Bio

Arnold & Porter

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Tuesday, August 15, 2023 11:50 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** Sports Rehab Consulting v. Vail Health--Plaintiffs' Proposed Scheduling Order Modification

External E-mail

Evan:

Plaintiffs' response to Vail Health's motions regarding a modification of the existing scheduling order is due on Thursday.  We would like to be in a position to inform Magistrate Judge Crews that the parties have reached agreement with respect to a proposal on a modification of the existing scheduling order, or at least narrow the areas of their disagreement.  We are, therefore, attaching a proposed modified schedule with a few differences from the one you filed with the court.  (1) We request a significant change in the date by which Vail Health would be required to file its motion for summary judgment to September 15; (2) we have included a September 22 date for Vail Health to produce Howard Head financial data if it exists (this will require discussion); (3) we suggest a change in the date of the deposition of Plaintiffs' antitrust expert Leslie Schafer to take place on a day during the weeks of Octobers 2 to 13; and (4) the deposition of Plaintiffs' damages expert would take place on a day during the week of November 13 to 17.

2

Plaintiffs are agreeing to most of Vail Health's proposed dates but need to move certain things up to provide us with sufficient time for the pre-trial filing deadlines in the Eagle County action between the parties.  The idea reflected in the attached proposal is to permit Plaintiffs to attend to things that need to be done in the federal action in the fall and provide sufficient time to prepare for the Eagle County trial in the late fall and early winter.  The most important advantage to moving the summary judgment motion up to September 15 would be to give Judge Martinez much more time to consider the summary judgment motion that Vail Health apparently intends to file, thus making it more likely that the parties and the Court can have the case trial ready by next June.  Vail Health has had the documents and data necessary to file a summary judgment for several years now and you seem to have the personnel to get that done in a month.

We would appreciate any comments you may have concerning the proposal.  Each date for which Vail Health can find its way to agree might speed the issuance of a modified scheduling order.  We will, therefore, appreciate any response(s) you may have—which changes to you agree upon and which you do not.  That will help us provide MJ Crews with more complete and accurate information on the status of the party's positions when Plaintiffs' response is filed on Thursday.

Thank you in advance for your professional courtesy in providing a prompt response.

Regards,

Alan Kildow
970-390-6675