IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RULE 37
MOTION TO COMPEL #6 RELATING TO TEXT MESSAGES**

---

## INTRODUCTION

"In the contemporary world of communications,…the Court is baffled as to how Defendants can reasonably claim to believe that their text messages would be immune from discovery."[1]  Vail Health seeks immunity here through the Declaration of Katie Lawlor, who does not aver having first-hand knowledge about anything to which she testifies,[2] violating Fed. R. Evid. 602.  Vail Health fails to mention agreements and corporate policies that give it the right to demand the texts from Shannon, Kirchner, and Cook,[3] and contradictory statements from the state court action, in which its counsel, Davis Graham, collected texts and emails from personal devices of Shannon, Kirchner, Brown, and O'Brien, never claiming that they did not have control over those documents.[4]

---

[1]     *Paisley Park Enters., Inc. v. Boxhill*, 330 F.R.D. 226, 234 (D. Minn. 2019).
[2]     Kildow Reply Decl. ¶¶ 19-36; Exs. 32-34.
[3]     Kildow Reply Decl. ¶¶ 12-13, 25-34; Ex. 35-36, 46-48.
[4]     Kildow Reply ¶¶ 41-56; Exs. 37-41.

**ARGUMENT**

**I.     VAIL HEALTH HAS A LEGAL RIGHT TO COLLECT ITS DIRECTORS' TEXTS.**

Under Rule 34 a party must produce documents in the possession of third-parties over which it has control—that is, "the legal right to obtain the documents on demand" from those third-parties.[5]  The response states: "Vail Health does not have any cooperation, indemnification, or other agreement with Mr. Cook, Ms. Kirchner, or Mr. Shannon that requires these individuals to hand over their personal cell phones…."[6]

Two years after Plaintiffs requested such agreements for Kirchner and Brown, on September 4, 2023—at 5:19 p.m. on Labor Day—Vail Health produced board resolutions dated April 17, 2019 that indemnify Shannon, Kirchner, and Brown and require their cooperation in the state court case.[7]  According to Kirchner's sworn testimony, the agreement extends to the federal case.[8]  Under Vail Health's D & O policy, as directors and/or officers ("Insureds") Shannon, Kirchner, and Cook are required to cooperate with the "conduct of actions…including…securing and giving evidence….."[9]  Vail Health's response and Lawlor's declaration do not address these fundamental issues of control.

The response then quotes Lawlor's declaration that "Vail Health similarly does not have any employee policy that would entitle, or would have entitled, Vail Health access to these individuals cell phones…."[10]  Plaintiffs do not seek their personal phones, they seek Vail Health business records that are (presumably) electronically stored on their

---

5      ECF No. 485 at 7.
6      ECF No. 495 at 8.
7      Ex. 48; ECF No. 485 at 7.
7      Ex. 48; Kildow Reply Decl. ¶¶ 12-13.
8      ECF No. 486-2 at 12:14-13:23.
9      Ex. 49 at VAIL_00411.
10     ECF No. 495 at 8.

phones and required to be turned over to Vail Health. Vail Health's 2019 Code of Conduct states that it "applies to all Vail Health employees, members of the Board of Directors,…volunteers, agents,…and others, when they are representing or acting on behalf of Vail Health." It states that "any non-public business, strategic, financial, personnel, commercial or technological information, or plans or data acquired during employment or affiliation with Vail Health….belongs to Vail Health….[And] upon termination,…individuals may not copy, take or retain any documents containing Vail Health proprietary or confidential information…."[11]  So Shannon and Kirchner should have turned over their Vail Health business communications long ago.

At pages 8-9, Vail Health cites seven cases factually and legally inapplicable. They do not involve key material witnesses at the highest-level of executive and board management (fiduciaries), whose work-related texts should have been collected when they were serving in those roles. Nor do they address any cooperation or indemnification agreements and policies that require these fiduciaries to act in the entity's best interests and return corporate documents.[12]  *Halabu Holdings v. Old National Bancorp*, is of no

---

[11]   Ex. 35 at VH_Fed_00146, 00152.

[12]   *See Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL, 2013 WL 3819974, at *6 (D. Kan. July 24, 2013) (no evidence employees used their phones to conduct Costco business); *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 521-22 (D. Colo. 2003) (providing multiple, detailed declarations from management to prove autonomy and lack of control over foreign sister corporations); *Douglas v. Bd. of Trs. of Cloud Cnty. Cmty. Coll.*, No. 2:21-cv-2400-KHV-TJJ, 2022 WL 4591750, at *1 (D. Kan. Aug. 20, 2022) (conclusory statement providing no legal analysis or explanation); *Kickapoo Tribe of Indians v. Nemaha Brown Watershed Joint Dist. No. 7*, 294 F.R.D. 610, 619 (D. Kan. 2013) (denying request to forensically image personal devices; no evidence personal devices used for business); *Noaimi v. Zaid*, 283 F.R.D. 639, 642 n.13 (D. Kan. 2012) (denying motion without prejudice to allow defendants to refile motion if deposition reveals two corporations are "essentially one and the same"); *Zawadzki v. Cmty. Hosp. Ass'n*, Civil Action No. 09-cv-01682-LTB-MEH, 2010 WL 3085719, at *5 (D. Colo. Aug. 6, 2010) (insurer provided affidavit that insureds never had control over insurer's claims files).

help to Vail Health either. The bank objected to one specific request because "it does not have possession, custody, or control over its employees' personal cell phone devices…."[13] No evidence was presented to overcome that objection. Vail Health never made that objection here and cannot resurrect it in its response—to be preserved, it had to be made in response to Plaintiffs' RFPs.[14] Further, Plaintiffs have provided ample evidence of custody and control[15] in contrast to Lawlor's conclusory legal assertions.

Vail Health argues that it does not have control over its current CEO, director, and employee Cook.[16] But courts routinely hold that the documents of officers and employees must be produced because the corporations have control over them. If they do not comply, they could be terminated.[17] And here Cook is not just any employee. He has a financial incentive to retain his seven-figure salary and see Vail Health succeed in this lawsuit. "We may assume that in many cases where corporate principals refuse to cooperate in responding to discovery it is for substantial self-serving reasons. The fact remains that the corporation—whose employees, officers, and directors *could* provide the needed information—has not provided it."[18] Cook has not provided any sworn testimony as to why he has not collected and produced his work-related texts.

---

[13] No. 20-10427, 2020 WL 12676263, at *1 (E.D. Mich. June 9, 2020).
[14] *Brandt v. Individual*, Civil Action No. 15-cv-02785-RM-NYW, 2018 WL 11414905, at *5 n.3 (D. Colo. May 22, 2018); *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, Civil Action No. 13-cv-01511-WYD-BNB, 2014 WL 1515588, at *1 (D. Colo. Apr. 17, 2014).
[15] Kildow Reply Decl. ¶¶ 22-27, 30-33, 39, 44-46, 48-52, 63-65.
[16] ECF No. 495-8 at 8.
[17] *Flagg v. City of Detroit*, 252 F.R.D. 346, 354 (E.D. Mich. 2008) (citing *Riddell Sports v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994)). See also *Preservation Prods., LLC v. Nutraceutical Clinical Labs. Int'l, Inc.*, 214 F.R.D. 494, 495 (N.D. Ill. 2003); *Miniace v. Pacific Maritime Assoc.*, No. C 04-03506 SI, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006); *Herbst v. Able*, 63 F.R.D. 135, 138 (S.D.N.Y. 1972).
[18] *Diaz v. Wash. State Migrant Council*, 265 P.3d 59, 80 (Wash. App. Ct. 2011) (emphasis added).

## II. VAIL HEALTH BREACHED ITS DUTY TO PRESERVE EVIDENCE WHEN IT FAILED TO COLLECT THE TEXTS OF SHANNON, KIRCHNER, AND COOK.

Vail Health implicitly assumes it did not, and does not, bear the burden of preserving texts[19] and attempts to shift its burden to Plaintiffs to serve third-party subpoenas.[20] But it was Vail Health's burden to preserve, collect, and produce[21] the responsive texts, just as it reported to have done in the state court action. Lawlor's declaration admits that Vail Health did not provide litigation hold notices to Kirchner, Shannon, and Brown in the state court case until November 21, 2017,[22] almost two years after Vail Health hired counsel and threatened litigation.[23] And in the federal action, it admits that litigation holds were not provided to these key management witnesses until November 6, 2019,[24] four months after the complaint was filed. But it is well established that the duty to preserve evidence arises when a party reasonably anticipates litigation.[25]

Here, that duty was triggered on January 15, 2016 with cease-and-desist letters and confirmed for the antitrust-related discovery at the latest on August 27, 2017, by Plaintiffs' defense of anticompetitive conduct to Vail Health's counterclaim.[26] From that point forward, Vail Health knew or reasonably could foresee imminent or pending litigation. Instead, it delayed the holds for months and years, creating a risk of spoliation,

---

[19] *Doe v. Willis*, No. 8:21-cv-1576-VMC-CPT, 2023 WL 2918507, at *9 (M.D. Fla. Apr. 12, 2023).
[20] ECF No. 495 at 8.
[21] *Doe*, 2023 WL 2918507, at *9 ("burden rests with the preserving party").
[22] ECF No. 495-5 ¶ 4.
[23] *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010) ("plaintiff's duty is more often triggered before litigation commences"); *Club v. Pitney Bowes, Inc.*, 257 F.R.D. 334, 340 (D. Conn. 2009) (finding duty to arose when counsel hired for potential litigation).
[24] ECF No. 495-5 ¶ 4.
[25] *McCargo v. Tex. Roadhouse, Inc.*, Civil Action No. 09-cv-02889-WYD-KMT, 2011 WL 1638992, at *3 (D. Colo. May 2, 2011) (quoting *Pension Comm.*, 685 F. Supp. 2d at 466).
[26] Kildow Reply Decl. ¶ 40.

which was magnified by failing to collect all work-related texts once the holds were in place. Vail Health acknowledges that even now it "does not have possession, custody, or control of the text messages that Plaintiffs seek."[27] The excuse is that "Vail Health has no legal right [in 2021-2023] to require these individuals to turn over their cell phones,"[28] even though it exercised its control to obtain texts in the state court action [in 2017 and 2019],[29] which is what Plaintiffs seek here.

But as we have seen, the cooperation agreement, federal rules, and case law require just the opposite of what Vail Health claims. In *McCargo,* this Court held: "After the duty to preserve attaches, the failure to collect either paper or electronic records from key players [that results in the destruction of ESI] is grossly negligent or willful behavior."[30] Vail Health and its counsel were therefore required to take the necessary steps to ensure that ESI, such as texts,[31] were collected, reviewed, and produced.[32] Its response and declaration are admissions that it was negligent in waiting months and years to implement litigation holds and by failing to adequately collect Kirchner and Shannon work-related texts when they were directors. At that point, there was no debate about control.

---

[27]   ECF No. 495 at 7; ECF No. 495-5 ¶ 4.
[28]   ECF No. 495 at 1.
[29]   Kildow Reply ¶¶ 41-56; Exs. 37-41.
[30]   2011 WL 1638992, at *8 (citing *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1203 (D. Utah 2010)).
[31]   *In re Pradaxa (Dagigatran Etexilate) Prods. Liability Litig.*, Case No. 3:12–md–02385–DRH–SCW, 2013 WL 6486921, at *14 (N.D. Ill., Dec. 9, 2013) ("duty to preserve is not a passive obligation….defendants had a duty to ensure that their employees understood that text messages were included in the litigation hold").
[32]   *Phillips Elecs.*, 773 F. Supp. 2d at 1203. See also *Nacco Materials Handling Group, Inc. v. Lilly Co.*, 278 F.R.D. 395, 404 (W.D. Tenn. 2011); *J.S.T., In re Pradaxa Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 6486921, at *12 (S.D. Ill. Dec. 9, 2013); The Sedona Conference, *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production* (January 2004), available at http://www.thesedonaconference.org/publications_html.

The Response states that "Plaintiffs' speculation that Vail Health spoliated evidence is unfounded…."[33] But the Response makes indisputably clear that Vail Health does not have *physical* possession of the texts, which alone raises the prospect of spoliation. And spoliation is not limited to shredding documents, the mere "loss of evidence" is enough.[34] Vail Health has admittedly lost evidence of its directors and whether the texts can ever be recovered is unknown, given that Vail Health has provided no evidentiary support that they have not be lost.

### III. PLAINTIFFS' REQUESTS FOR THE TEXT WERE TIMELY.

The Response says Plaintiffs' motion is untimely,[35] but "[t]he Federal Rules []place no prescribed time limit on the outside date for filing a motion to compel discovery."[36] "The broad discretion afforded courts over discovery matters includes the discretion to determine whether a movant's tardiness constitutes undue delay."[37] Here, the facts demonstrate that neither Plaintiffs' Rule 34 RFPs were untimely nor was this motion.

*First*, the instructions and definitions in Plaintiffs' October 17, 2019 RFPs state: "Defendant is requested to search all documents within their possession, custody, or control or their agents, wherever located. This includes…documents…stored electronically, or held by any officer [or] director…."[38] "'Custodians' mean…**Doris Kirchner, Michael Shannon**" and Will Cook.[39] "'Communication'" means the transmission, sending, or receipt of information of any kind by any means…including…

---

[33] ECF No. 495 at 14.
[34] *McCargo*, 2011 WL 1638992, at *3.
[35] ECF No. 495 at 10-11.
[36] *Sage Prods., LLC v. Chemrite Copac, Inc.*, No. 19 CV 5308, 2021 WL 5299789, at *3 (N.D. Ill. Nov. 12, 2021).
[37] *Id*.
[38] ECF No. 385-7, Instructions ¶ 1.
[39] *Id*., Definitions ¶ 6 (emphasis added).

7

computer electronics of any kind (including electronic mail) [and] **text messages**...."[40] "'Document' 'is used in its broadest sense...and includes any...electronically-stored information—including...electronic mail, [and] **text messages**...stored in any medium from which information can be obtained...in your possession, custody, or control."[41] So Vail Health knew that directors' and executives' texts were required.[42]

Vail Health took the same position against Plaintiffs in the state court action when seeking to compel texts from the personal devices of Sports Rehab principals.[43] It relied on definitions in its RFPs, which included "texts," for the proposition that "texts" were specifically requested. Special Master Ruckriegle accepted that argument, ordering Plaintiffs to produce "all texts" even if they were personal. Here, therefore, Vail Health should be judicially estopped from disputing that the definitions in Plaintiffs' RFPs, which includes "text messages" is inapplicable—that is, estopped from disputing the fact that Plaintiffs sought, from day one, the texts of Vail Health's directors and officers. Otherwise, Vail Health's position would be "clearly inconsistent" with its position in state court, upon which it succeeded.[44] If not estopped now from departing from its state court position, it would be given an unfair advantage in this federal court action.[45]

*Second*, Vail Health's "litigation hold letter expressly addresses preservation of 'employee personal email accounts, and even cell phone or I-Pods if used for text or

---

[40] *Id.*, Definitions ¶ 14 (emphasis added).
[41] *Id.*, Definitions ¶ 15 (emphasis added).
[42] *Healthwerks, Inc. v. Stryker Spine,* no. 14-cv-93, 2017 WL 886826, at *3 (E.D. Wis. Mar. 6, 2012).
[43] Kildow Reply Decl. ¶ 66; Exs. 42-44.
[44] Exs. 43 and 44.
[45] *BancInsure, Inc. v. F.D.I.C.*, 796 F.3d 1226, 1240 (10th Cir. 2015).

instant messaging for business purposes."[46] So Vail Health and its counsel knew two years before the discovery deadline that texts of Shannon and Kirchner were requested.[47] When Plaintiffs' filed their motions to compel months before the discovery deadline, Vail Health understood that Plaintiffs sought texts of Shannon, Kirchner, Cook, and Brown.[48]

*Third*, between the service of the RFPs and April 26, 2023 (before A&P became counsel of record), Vail Health produced limited documents and refused to produce vast swaths of information, including patient data, accounting data, board documents, consulting reports, contracts, etc. It was impossible to determine what Vail Health had produced of the available "documents," as Special Master himself recognized.[49] And its lead counsel at the time—Shannon Stephenson—certified Vail Health's Responses under Rule 26(g). After December 31, 2021, the consistent refrain was: "Discovery is over, we're not producing anything unless it is ordered by the Special Master." And even when the Special Master ordered something to be produced, Vail Health appealed the orders to the Magistrate Judge, which were not finalized until March 13, 2023. There have been an endless stream of conferrals for texts that went nowhere.[50]

*Fourth*, Vail Health failed to comply with Fed .R. Civ. P. 34(b)(2)(C), which states: "For each item or category" in a request for production, the response must "state with specificity the grounds for objecting to the request, including the reasons" and "whether any responsive materials are being withheld on the basis of the objection." Vail Health never lodged any specific objection based on control or privacy concerns; general

---

| | |
|---|---|
| 46 | ECF No. 385-7, Definitions ¶ 4, at . |
| 47 | *Sage Prods.,* 2021 WL 5299789, at *3. |
| 48 | *Id.* at *1. |
| 49 | Kildow Reply Decl. ¶¶ 57-65. |
| 50 | ECF No. 485-1 ¶ 2-11, 16-21, 25-27, 29-31, 33-38, 40.¶ |

objections are disregarded.[51]  Vail Health has thus waived any objection now for producing texts.  Had Vail Health complied with Rule 34, perhaps none of this would have occurred, but at least there is no ground for untimeliness.  Further, concerns about privacy were already addressed in the state case when Vail Health produced (limited) texts.[52]

*Finally,* on March 13, 2023, Magistrate Judge Gallagher overruled all objections and adopted Special Master Orders #1-5 in their entirety.  So as of March 13, Vail Health was ordered to produce "documents," which includes texts, outside the Vail Valley.  There is nothing untimely about Plaintiffs seeking Vail Health's compliance with court orders.

## IV. VAIL HEALTH SHOULD BE ORDERED TO PRODUCE THE TEXTS.

Plaintiffs request the following relief:

1. Vail Health should be ordered to produce the texts of Shannon, Kirchner, and Cook that are responsive to Plaintiffs' RFPs, and do so within 21 days of the order.

2. If Vail Health fails to produce those texts, as a sanction under Rule 37(e) and 26(g), Plaintiffs should be allowed to take a Rule 30(b)(6) deposition, at Vail Health's cost, to determine why the texts were not produced.  If spoliated, Plaintiffs are entitled to inquire as to when, how, why, and who was responsible and may seek any further relief.

3. If this motion is referred to the Special Master, Vail Health should be required to pay his fees and Plaintiffs' reasonable attorneys' fees.

## **CONCLUSION**

Plaintiffs respectfully request that their motion be granted in its entirety.

---

[51] *Kissing Camels Surgery Center, LLC v. Centura Health Corp.*, Civil Action No. 12-cv-0312-WJM-NYW, 2016 WL 277721 (D. Colo. Jan. 22, 2016); *Banks v. Jackson*, Civil Action No. 20-cv-02074-KMT, 2021 WL 3857614, at *2 (D. Colo. Aug. 27, 2021); *All Plastic, Inc. v. SamDan LLC*, Civil Action No. 20-cv-01318-NYW, 2021 WL 2979005, at *8 (D. Colo. 2021).

[52] Kildow Reply Decl. ¶¶ 67-69.

Dated: September 5, 2023

*s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I served a true and correct copy of Plaintiffs' Reply to Rule 37 Motion to Compel #6 Relating To Text Messages, including exhibits, some of which are filed restricted, on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

                    *s/Alan L. Kildow*
                    Alan L. Kildow