

# Exhibit 43

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br><br>Eagle County Justice Center<br>885 Chambers Avenue<br>Eagle, Colorado 81631 | DATE FILED: November 4, 2019 9:51 PM<br>CASE NUMBER: 2017CV30102 |
| **Plaintiffs:** LINDSAY WINNINGER, an individual, and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendants:** DORIS KIRCHNER, an individual, and VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation, | ☐ COURT USE ONLY ☐ |
| **Counter-Plaintiff:** VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Counter-Defendants:** LINDSAY WINNINGER, an individual and SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, | Case No. 2017CV030102<br><br>Division 4 Courtroom 4 |
| **Third-Party Plaintiff:** VAIL CLINIC, INC. D/B/A VAIL VALLEY MEDICAL CENTER, a Colorado nonprofit corporation,<br><br>v.<br><br>**Third-Party Defendant:** DAVID J. CIMINO, an individual. | |

## SPECIAL MASTER ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE TEXT MESSAGES, EMAILS AND OTHER RESPONSIVE DOCUMENTS

THIS MATTER comes before the Special Master on Defendants' Motion to Compel Plaintiffs to Produce Text Messages, Emails and other Responsive Documents. Having reviewed

the briefs and heard argument by counsel, the Special Master finds that the information sought by Defendants is highly relevant to resolution of the claims and defenses in this case, and therefore:

IT IS HEREBY ORDERED that Defendants' Motion to Compel Plaintiffs to Produce Text Messages, Emails and other Responsive Documents is GRANTED as follows:

Brad Schoenthaler is ordered to appear for a deposition (as was originally ordered October 10, 2019) on October 23, 2019 (or as soon as can be scheduled no later than November 15, 2019) and ordered to answer the questions Plaintiffs' counsel instructed him not to answer at his deposition on December 21, 2018, concerning documents he took from Howard Head Sports Medicine, as well as any follow-up to those questions which was precluded by virtue of Plaintiffs' instructions not to answer.

Plaintiffs are ordered to produce by November 25, 2019:

(1) all emails with the Steadman Parties from October 1, 2015 through the present;

(2) all emails with patients Plaintiffs have identified in their disclosures, as well as all other patients whom Cimino treated or solicited during his employment at SRC;

(3) all emails with Cimino from October 1, 2015 through the present;

(4) all emails between Brad Schoenthaler and Lindsey Winninger from October 1, 2015 to the present;

(5) all invoices, payments, and dates of treatment for the patients treated by Winninger, SRC or Cimino from October 1, 2015 to the present;

(6) all payments that Plaintiffs made to Cimino since November 11, 2015;

(7) Cimino's work calendar reflecting his appointments at SRC from November 1, 2015 through October 31, 2016;

(8) all documents that Winninger copied from her work computer at Howard Head Sports Medicine as she testified to in her deposition on October 30, 2018;

(9) all Winninger calendars from November 1, 2015 to the present and all Cimino calendars from November 1, 2015 through October 31, 2016.

Any documents withheld from production on the basis of patient treatment information, except for patient treatment regimen or medical treatment records, or attorney-client privilege, shall be separately logged by Plaintiffs simultaneously with the production of these documents. Copies of the documents logged will be provided to the Special Master for review.

Defendants' Motion to Compel production of the SRC non-compete signed by Cimino and the SRC employee handbook is Denied based on Plaintiffs' representation that they cannot locate these documents.

Dated: November 4, 2019, nunc pro tunc October 10, 2019

BY THE SPECIAL MASTER:

_____
W. Terry Ruckriegle
Special Master