# Exhibit 47

# VAIL CLINIC, INC., d/b/a VAIL HEALTH

## RESOLUTIONS FOR ADOPTION BY THE EXECUTIVE COMMITTEE

### April 17, 2019

**WHEREAS,** Vail Clinic Inc., d/b/a/ Vail Health (the "Company") and certain of its officers, directors and employees have been named in a lawsuit captioned <u>Lindsay Wenninger; Sports Rehab Consulting LLC v. Doris Kirchner; Vail Clinic, Inc. dba Vail Valley Medical Center</u>, 17cv30102 (Eagle Cty D.C., April 25, 2017) (the "Proceeding");

**WHEREAS,** Section 7.1(b)(2) of the Company's Amended and Restated Bylaws (the "Bylaws") provides that the Company shall indemnify any person who was or is a party or is threatened to be made a party to any action, suit or proceeding by reason of the fact that the person is or was a director or officer of the Company if such person acted in good faith, and reasonably believed that his or her conduct was in the best interests of the Company or was at least not opposed to the Company's best interests; and

**WHEREAS,** Section 7.1(c) of the Bylaws provides that, if authorized by the Board, the Company may also pay for or reimburse the reasonable expenses incurred by a director or officer who is a party to a proceeding, if:

(i) the director or officer provides a written affirmation that he or she believes in good faith that he or she has met the required standards of conduct set forth in Section 7.1(d) of the Bylaws (i.e. such person's conduct was honest, in good faith and in the best interests of the Company or at least not opposed to the Company's best interests, and such person did not derive an improper personal benefit from the conduct),

(ii) the director or officer provides a written undertaking to repay the advance of expenses if it is ultimately determined that he or she did not meet such standard of conduct, and

(iii) a determination is made by the Board that there are no facts known to it that would preclude the Company's indemnification of such director or officer; and

**WHEREAS,** pursuant to Section 7.1(f) of the Bylaws, the Board may agree to indemnify and advance expenses to an employee of the Company to the same extent as a director or officer; and

**WHEREAS,** the members of the Executive Committee, acting on behalf of the Board of Directors of the Company, desire to indemnify and advance expenses to each of Doris Kirchner, Michael Shannon, Nicholas Brown with respect to the Proceeding, each of whom has furnished a written affirmation of their standard of conduct and a written undertaken to repay advances of expenses if required as summarized above; provided however that the members of the Executive Committee desire that Company's obligations hereunder apply only if and to the extent that such amounts in connection with the Proceeding are not covered and paid by the Company's policies of insurance; and

**WHEREAS**, the Executive Committe knows of no facts that would preclude indemnification of such persons.

**IT IS HEREBY:**

2

**RESOLVED,** that the members of the Executive Committee, acting on behalf of the Board of Directors have determined that each of Doris Kirchner, Michael Shannon and Nicolas Brown have met the standard of conduct required in Section 7.1 of the Bylaws to qualify for indemnification with respect to the Proceeding;

**FURTHER RESOLVED,** that the Company is hereby authorized to provide indemnification to each of Doris Kirchner, Michael Shannon and Nicholas Brown with respect to the Proceeding to the fullest extent provided under Section 7.1 of the Bylaws, including paying or reimbursing the reasonable expenses incurred by them in connection with the Proceeding, provided however, that the Company's obligations hereunder shall apply only if and to the extent that such amounts in connection with the Proceeding are not covered and paid by the Company's insurance policies; and

**FURTHER RESOLVED,** that the proper officers of the Company are, and each of them hereby is, authorized to execute such other documents, agreements, certificates and instruments and to take all other such action as they, or any of them, deem necessary, advisable, convenient or proper in connection with and in furtherance of the foregoing resolutions.

VH_00037593