IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

**PLAINTIFFS' REQUEST TO REFER RULE 37 MOTION TO COMPEL #6 RELATING TO TEXT MESSAGES TO SPECIAL MASTER**

Plaintiffs respectfully seek a referral of their Motion to Compel #6 to the Special Master based on the April 26, 2023 discussions with Magistrate Judge Crews. The motion arises out of prior discovery orders issued by the Special Master in 2022, and which Magistrate Judge Gallagher adopted in their entirety in the March 13, 2023 Order.

## CONFERRAL

On August 25, 2023, during a conference with the Special Master, the parties discussed Plaintiffs' motion to compel #6. Plaintiffs indicated that the motion would be best decided by the Special Master, given his knowledge of the case. Vail Health noted its opposition to any referral. The Special Master stated that if any party sought a referral, then a request should be filed with the Court. On September 1, 2023, Plaintiffs held a meet and confer with Vail Health via Zoom and again addressed this issue. Vail Health stated it opposes Plaintiffs' request to refer their motion to the Special Master.

## REQUEST FOR REFERRAL

### I.   PROCEDURAL BACKGROUND

1. On July 20, 2021, Magistrate Judge Gallagher appointed former Colorado Fifth Judicial District Chief Judge Terry Ruckriegle to serve as Special Master in this case over discovery issues referred to him by the Magistrate Judge. [ECF No. 123.] Judge Ruckriegle was selected because of his experience as Special Master in the related state court action involving Plaintiffs and Vail Health, in which he was appointed in July 2019. Judge Ruckriegle was therefore very familiar with the parties and discovery ordered in the state court action given that his appointment lasted longer than one year.

2. Magistrate Judge Gallagher subsequently referred Plaintiffs' five prior motions to compel to Special Master Ruckriegle. [ECF Nos. 135, 161, 199.] The Special Master subsequently issued Orders on the motions to compel [ECF Nos. 362, 381-83, 398.] A number of objections were filed with respect to certain of the five orders in this somewhat procedurally complicated Sherman Act § 2 antitrust case. Magistrate Judge Gallagher overruled the objections and adopted each of the five Orders of the Special Master in their entirety in his March 13, 2023 Order. [ECF No. 457.]

3. With Magistrate Judge Gallagher's confirmation as an Article III judge, Magistrate Judge Crews was reassigned to this action on April 3, 2023. [ECF No. 461.]

4. On April 26, 2023, Magistrate Judge Crews held a conference with the parties, and Special Master Ruckriegle attended as well by telephone. Several issues were discussed related to the scope of certain Special Master Orders, with further explanations being provided by the Special Master. [*See, e.g.,* ECF No. 475 at 29:9-31:23, 46:1-7.] During the discussions, Magistrate Judge Crews noted that he would

2

defer to Special Master Ruckriegle's intended scope of the Orders, which makes sense given his issuance of the Orders and familiarity with the discovery disputes.  [*See, e.g., id.* at 32:13-20, 37:1-18, 46:14-20, 49:20-50:7.]

5.      Magistrate Judge Crews also stated that he would continue to follow Judge Gallagher's order "appointing the Special Master, and where he indicates the parties were not to follow his practice standards with discovery disputes, but instead file motions and so forth, I'm following that same order.  So you need not comply with my practice standards on how discovery disputes are to be resolved.  Just continue to follow the order that Judge Gallagher issued appointing the Special Master."  [ECF No. 38:16-23.]

6.      Shortly after the conference, Plaintiffs sought clarification as to whether Plaintiffs' Rule 37(b)(2) motion to compel compliance with Special Master Orders related to Howard Head financial information was intended to be referred to the Special Master. [ECF No. 425.]

7.      In an email from chambers, the parties were informed: "Judge Crews took a look at the Motion to Compel and because it also appears to implicate the scope of Judge Ruckriegle's orders, he will be referring that motion to the special master.  Whether you wish to bring these issues up with Judge Ruckriegle informally in your forthcoming conversations or whether you would like for him to address the motion formally is up to you.  Either way, it will be referred to him for determination."  Shortly thereafter, the motion was referred to the Special Master because the motion "implicate[d] the same issues discussed during [the April 26] discovery conference…."  [ECF No. 469.]

8.      On July 30, 2023, Plaintiffs filed their Rule 37 Motion to Compel #6 Relating to Text Messages.  [ECF No. 485.]  That motion seeks the production of the text

3

messages of three former and current directors and officers of defendant Vail Health: former Board Chairman Mike Shannon, former CEO and director Doris Kirchner, and current CEO and director Will Cook.

9. On July 31, 2023, Judge Martínez referred the motion to Magistrate Judge Crews. [ECF No. 487.]

10. On August 22, 2023, the Special Master and counsel for the parties participated in a conference regarding Order #5. At the conclusion of that discussion, the issue of referral of Motion #6 to Special Master Ruckriegle was discussed. Plaintiffs stated that it made sense for the motion to be referred to him given his knowledge and experience. Vail Health stated that for certain legal reasons (which Plaintiffs did not understand), the matter should remain with the Magistrate Judge assigned to the case.

11. On September 1, 2023, counsel for the parties participated in a LRule 7.1(a) conferral to discuss several discovery matters. The parties again discussed their positions on a possible request to refer Motion to Compel #6 to Special Master Ruckriegle. Plaintiffs again stated that they were of the view that a referral was appropriate and asked if Vail Health would join in such a request. Counsel for Vail Health stated that they would not and were opposed a referral to Special Master Ruckriegle. Plaintiffs then stated that they would move forward with their request to Magistrate Judge Crews.

## II.     BASIS FOR THE REQUEST FOR REFERRAL

12. The basis for Plaintiffs' request is similar to the referral regarding Special Master Order #5 on attorney-client privilege and the Rule 37(b)(2) motion on Howard Head financials—the Special Master's knowledge and experience makes him an obvious choice from the standpoint of judicial efficiency and economy.

13. The issue of the production of texts was a matter brought before the Special Master in the state court action. Some of the instructions and orders regarding discovery there have a bearing on issues raised in Plaintiffs' motion #6. For example, Plaintiffs assert that certain positions taken by Vail Health here are diametrically opposed to positions successfully taken in the state court action, thereby implicating the doctrine of judicial estoppel. Special Master Ruckriegle is in a better position to address those issues given that he was the one that issued those Orders in the state court action.

14. Special Master Ruckriegle is also familiar with the nature and claims in this antitrust case addressed in Motions to Compel #1-5 and his Orders on those motions. He is familiar with the parties, their counsel, the arguments made on prior motions, and the scope of his Orders, all of which are implicated by Plaintiffs' motion #6.

15. The parties are attempting to get the case ready for trial by June 2024, and a swift adjudication of this issue will help move some of the remaining open discovery issues along. The issues raised with respect to the texts involve the senior most levels of Vail Health management during periods critical to numerous liability issues such as relevant geographic market, market penetration and market share, exclusionary conduct such as market allocation, etc. Special Master Ruckriegle's knowledge of the parties, claims, and issues will be very valuable in assisting the parties to conclude discovery.

## **CONCLUSION**

Plaintiffs respectfully request that Plaintiffs' motion to compel #6 also be referred to the Special Master.

Dated: September 5, 2023
        *s/Alan L. Kildow*
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC

6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I served a true and correct copy of Plaintiffs' Request to Refer Rule 37 Motion to Compel #6 Relating To Text Messages To Special Master on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

                                                    *s/Alan L. Kildow*
                                                    Alan L. Kildow