IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

---

**PLAINTIFFS' RULE 37(b)(2) MOTION #2 TO COMPEL COMPLIANCE
WITH SPECIAL MASTER ORDER #5 [ECF NO. 398] AND
MARCH 13, 2023 MAGISTRATE ORDER [ECF NO. 457]**

---

## INTRODUCTION

Plaintiffs move the Court under Fed. R. Civ. P. 37(b)(2)(A) for another order requiring Vail Health to produce privilege log entries ordered by Special Master Order #5 and the March 13, 2023 Order of then Magistrate Judge Gallagher to be produced.[1] In other words, Plaintiffs seek to enforce two discovery orders flouted by Vail Health and request sanctions to protect the integrity of this Court's orders. Numerous cases have applied the Tenth Circuit's *Ehrenhaus*[2] guidelines when imposing Rule 37(b)(2)(A) sanctions. One case like this one is *Lee v. Max International, LLC*, where then Judge Gorsuch asked: "How many times can a litigant ignore his discovery obligations before his misconduct catches up with him?"[3] Plaintiffs ask the same question here.

---

[1]     ECF Nos. 398, 457.
[2]     *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).
[3]     638 F.3d 1318, 1319 (10th Cir. 2011).

1

The Special Master issued Order #5 compelling Vail Health to produce certain privilege log entries challenged by Plaintiffs. Vail Health objected. On March 13, Magistrate Judge' Gallagher overruled all objections and adopted Order #5 in its entirety. Vail Health filed no objection to the March 13 Order. Faced with two orders requiring production and no right of review by the district court, six months later, Vail Health still continues to withhold 127 entries in defiance of the Orders.

In *Lee*, the defendant sought Rule 34 documents that the plaintiffs failed to produce. The magistrate judge granted defendant's motion to compel and required, like here, the production of documents. "Despite the order, only a trickle of material followed."[4] The defendant moved again, but this time requested sanctions that included an order dismissing the case. The magistrate judge did not order dismissal but gave the plaintiff one more chance to comply, which it did not do.[5] The defendant filed another Rule 37(b)(2) motion, again requesting dismissal. This time, the magistrate judge issued a report and recommendation to dismiss the case after confirming that the plaintiffs had "blatant[ly] and without apparent excuse flouted the [] order [to produce]."[6] The district court judge adopted the recommendation and dismissed the plaintiffs' case.[7] The Tenth Circuit affirmed, stating: "Plaintiffs failed [to produce documents] at all three turns. And three strikes are more than enough to allow the district court to call a litigant out."[8]

Here, Vail Health had numerous chances to produce the entries challenged by Plaintiffs and ordered by the Court. As in *Lee*, at each "turn," it has refused to produce

---

[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.* at 1320.
[8]   *Id.* at 1321.

them.  Its time to file an objection to the March 13 Order long since expired, and no legal justification exists for refusing to produce the documents.  At this stage, Vail Health is staring directly in the face of the Special Master and Magistrate Judge and saying: "We are not going to obey your Orders."  In *Lee*, involving similar acts of defiance, the magistrate judge, the district court, and the Tenth Circuit knew exactly what to do under Rule 37(b)(2)(A)—dismiss the plaintiffs' case with prejudice.[9]  Plaintiffs contend that the *Ehrenhaus* factors are satisfied here and would warrant dismissal of Vail Health's defenses, with one notable exception: a necessary prior warning to Vail Health of the possibility of dismissal has not yet been issued.[10]  Vail Health should not (but must) be given one last swing at the plate to produce the documents.  That last swing and sanctions are what Plaintiffs request be imposed consistent with *Ehrenhaus*.

## **CONFERRAL**

Under Fed. R. Civ. P. 37(d)(1)(B) and D.C.Colo.LR 7.1(a), Plaintiffs conferred with Vail Health, sending numerous emails and memoranda[11] and holding multiple telephone and video conferrals,[12] resulting in an August 25, 2023 conference with the Special Master.  At that time, the Special Master reconfirmed the scope of Order #5, which was consistent with Plaintiffs' interpretation since the Order was issued on October 21, 2022.  Yet, Vail Health has not complied with Order #5 or the March 13 Order by producing the 127 entries that both parties agree are subject to production under Order #5.[13]  Plaintiffs must seek the Court's intervention once again.

---

[9]   *Id.* at 1324.
[10]  *Ehrenhaus*, 965 F.2d at 920-21.
[11]  *See, e.g.,* Ex. 1; Ex. 2 at 3-5; Exs. 4-8, 11-19.
[12]  *See, e.g.,* Ex. 6.
[13]  Ex. 14 at Ex. 1 (Vail Health identifying remaining 127 entries at issue).

**PROCEDURAL BACKGROUND**

On August 12, 2021, Plaintiffs filed Motion to Compel #3, which addressed, in part, Vail Health's failure to produce a privilege log.[14]  On September 10, 2021, Vail Health produced a log, and two days later, Plaintiffs detailed its numerous deficiencies.[15]  Vail Health did not take the criticisms seriously, brusquely saying the log was compliant and doubling down by withholding hundreds of documents entered on the log.[16]  At that time, Vail Health could have supplemented the log with facts and context to substantiate the privilege claimed, document by document.[17]  It did not do so even though it ultimately agreed to produce a revised log,[18] which it did not timely do.

Left with no choice, on October 17, 2021, Plaintiffs filed Motion to Compel #5, challenging 391 entries on Vail Health's privilege log.[19]  Plaintiffs sought production, or alternatively, *in camera* review, of the challenged entries.[20]  Vail Health characterized the motion as nothing more than "vexatious litigation tactics."[21]  In response, Vail Health substantively addressed only 20 of the 391 challenged entries, of which upon review only 3 were deemed privileged.[22]  Vail Health could have further substantiated its claim of privilege in its revised log,[23] but it did not.

---

14     ECF No. 132 at 2.
15     ECF No. 195-2 at 3.
16     *Id.*; ECF No. 213 at 2-6.
17     See ECF No. 457 at 28-29 (document-by-document would provide context to support privilege).
18     *Id.* at 1.
19     ECF No. 414 at 1.
20     ECF No. 195.
21     ECF No. 213 at 1.
22     *See, e.g.*, ECF No. 398 at 5-8, 9-12, 15-16 (addressing Item Nos. 62, 116-17, 172, 252, 293, 372-73, 376, 379-82, 435, 438, 440-41, 544).
23     ECF No. 396.

After having conducted an *in camera* review of the documents,[24] Special Master Order #5[25] meticulously explains how Vail Health failed to furnish the necessary proof to support the claim of privilege.[26] He provided specific examples, such as the 238 attorney-recipient entries that were ordered to be produced because Vail Health's conclusory assertion they involved "legal advice" was inadequate.[27] Vail Health filed an objection to Order #5 on November 11, 2022.[28] In its objection, Vail Health sought to avoid responsibility for establishing privilege by unfairly shifting its burden of proof to the Special Master. On March 13, 2023, the Magistrate Judge adopted Order #5 in its entirety.[29] In doing so, the Special Master and the Magistrate Judge agreed with Plaintiffs that both logs were deficient.[30] Despite the clear findings in both Orders, Vail Health refuses to produce 127 of the 327 entries.[31]

The March 13 Order provides the usual notice: "Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), **any party may file Objections to this order within 14 days, and the failure to file Objections as to any issue may operate as a waiver of further review as to that issue.**"[32] Understanding full-well the consequences of failing

---

[24] *See* ECF No. 398 at 2.
[25] ECF No. 398.
[26] *See, e.g.*, *id.* at 5 ("Vail Health's presentation…is insufficiently specific"); *id.* at 6 ("Nor is there any evidence…that the information…is confidential and intended to be kept so"); *id.* ("Vail Health has the burden of proof…any uncertainty…works to Vail Health's detriment"); *id.* at 7 ("conclusory assertion that documents are 'seeking legal advice' does not…carry Vail Health's burden"); *id.* at 9 ("neither Vail Health's briefing nor Mr. Brown's affidavit offers any additional context"); *id.* ("conclusory explanation in the privilege log is insufficient"); *id.* at 10 ("Categorical arguments fail to establish…privilege").
[27] *Id.* at 6-7.
[28] ECF No. 414.
[29] ECF No. 457 at 29.
[30] ECF No. 398 at 5-7, 8-10, 15; ECF No. 457 at 26-29.
[31] Ex. 14 at Ex. 1 (Vail Health identifying the 127 remaining entries at issue).
[32] ECF No. 457 at 29-30 (emphasis added).

to comply with the 14-day filing period, on March 22, Vail Health sought a 14-day extension that would give it until April 10 to file.[33] It also requested a 30-day extension, until April 26, to produce the documents.[34] Plaintiffs did not oppose the requests, but given the move of Magistrate Judge Gallagher to Article III status, the motion was never granted. Regardless, April 10 came and went without an objection, so on April 11, Plaintiffs sent an email to Vail Health's lawyers outlining the documents to be produced.[35] Shortly thereafter they followed up with a more formal and complete memorandum addressing the production ordered.[36] So Vail Health knew the entries to be produced, yet April 26 came and went without full compliance with Order #5 or the March 13 Order.

On April 26 Plaintiffs raised this issue with newly-assigned Magistrate Judge Crews.[37] He authorized the parties to consult with the Special Master, but not before confirming that whatever the Special Master said was the scope of Order #5, that was the scope that must be followed.[38] After the April 26 conference, Vail Health (through its Davis Graham lawyers) produced 74 of the 327 entries challenged by Plaintiffs.[39] Two days later, Vail Health replaced Davis Graham with Arnold & Porter as its legal counsel.[40]

Beginning May 2, 2023, Plaintiffs sent Arnold & Porter several communications about lack of compliance with Order #5.[41] In June, Vail Health produced another 131 entries from the log and then informed Plaintiffs that it would not produce certain entries

---

33 ECF No. 460.
34 *Id*.
35 Ex. 1.
36 Ex. 2 at 3-5.
37 Ex. 3 at 49:20-50:7; ECF No. 461.
38 Ex. 3 at 50:3-7.
39 Kildow Decl. ¶ 3.
40 ECF Nos. 470, 472.
41 Kildow Decl. ¶ 4; Ex. 4, memorandum at 4; Exs. 5-8.

6

on the log because Vail Health deemed them "privileged,"[42] despite two court orders saying otherwise. On June 29, the parties agreed to consult with the Special Master about the 127 remaining entries subject to Order #5. The parties provided position statements in mid-July,[43] and the Special Master held a conference on August 25.[44]

There, Vail Health repeatedly argued that the Special Master should issue a "clarifying" order that Order #5 was decided on the grounds that Vail Health's prior counsel had "waived the attorney-client privilege" and that waiver led to the Order #5 compelling production of the documents.[45] Vail Health never said Order #5 was wrong, only that it should have focused on the waiver issue.[46] The Special Master explained that the issue presented in Order #5 was not waiver of the attorney-client privilege but Vail Health's failure to establish privilege in the first place. Waiver of attorney-client privilege—in the way Vail Health was using it—might arise when a party has established privilege, and the question thereafter becomes whether it was waived.[47] The Special Master reconfirmed that Order #5 requires the entries challenged by Plaintiffs to be produced,[48] the remainder of which are catalogued in Exhibit 1, which no party disputes.[49]

Despite Order #5, the March 13 Order, the August 25 conference, and the Special Master's clear statements, Vail Health would not produce the 127 entries.[50] Instead, over the course of many days, the parties exchanged numerous communications about the

---

[42] Kildow Decl. ¶ 5; Ex. 7, letter at 2.
[43] Exs. 9-10.
[44] Kildow Decl. ¶ 6.
[45] *Id.* ¶ 7.
[46] *Id.* ¶ 8.
[47] *Id.* ¶ 9.
[48] *Id.* ¶ 10.
[49] Ex. 14 at Ex. 1.
[50] Kildow Decl. ¶ 11.

issue.[51]  On September 6 and 12, Vail Health said it needed an order confirming waiver but did not explain why.  It asked Plaintiffs to agree to a new order establishing "waiver" as the rationale for Order #5, which would then be submitted jointly to the Special Master.  For many reasons, Plaintiffs were uncomfortable with that request and would not agree to revising prior Court Orders.[52]  The Special Master also indicated he was uncomfortable with any further orders unless based on a joint submission.  Against these facts, Vail Health directly submitted its new order to the Special Master despite Plaintiffs' objection.[53]

## ARGUMENT

### I. VAIL HEALTH KNOWINGLY WAIVED ANY OBJECTION TO THE MAGISTRATE JUDGE'S ORDER COMPELLING THE DOCUMENTS TO BE PRODUCED.

#### A. The Tenth Circuit's "Firm Waiver Rule" Precludes Further Review.

In his thorough and thoughtful March 13 Order, then Magistrate Judge Gallagher adopted the Special Master's Report and Recommendation compelling Vail Health to produce the entries challenged by Plaintiffs.  The Magistrate Judge duly advised Vail Health that it had 14 days to file an objection to the Order or waive any review by Judge Martínez.  The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]."[54]  "[The rule] provides that the failure to make timely objection...waives appellate review of both factual and legal questions."[55]  In this case, the Special Master made both findings of fact and conclusions of law that were adopted by the Magistrate Judge, so any objection was waived long ago.

---

[51]     Exs. 11-17.
[52]     Ex. 19.
[53]     Ex. 18.
[54]     *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir.2010) (quoting *Wirsching v. Colorado,* 360 F.3d 1191, 1197 (10th Cir. 2004) (internal quotation marks omitted)).  *See also Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015).
[55]     *Casanova,* 595 F.3d at 1123 (citation omitted).

Vail Health's time for presenting competent evidence to establish the attorney-client privilege expired two years ago, as the Tenth Circuit instructed in *Peat, Marwick, Mitchell & Co. v. West*.  There, the defendant sought reconsideration or clarification of a privilege issue by submitting an affidavit *after* the district court had ruled.  The Tenth Circuit rejected the belated attempt, holding that a party's failure to establish privilege in opposing a motion to compel is "not excused because the document is later shown to be one which would have been privileged if a timely showing had been made."[56]  Vail Health's most recent attempts to revive its privilege claim under the pretext of seeking a "new" order from the Special Master are untimely under *Peat, Marwick*.

In rare instances and in the "interests of justice"—primarily involving *pro se* parties, prison inmates, or similar under-represented litigants—a court may grant relief from the firm waiver rule.  Among the factors considered to invoke the exception are "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised."[57]  None of these factors are applicable here.  Vail Health is a sophisticated billion-dollar medical institution reaping $40-50 million in profits each year.  At the time the objection was required to be filed, Vail Health was represented by one of Denver's most established and prestigious law firms.  It made a conscious decision *not* to object to the March 13 Order, which is now final.

---

[56]   748 F.2d 540, 542 (10th Cir. 1984).  *See also Zander v. Craig Hosp.*, Civil Action No. 09-cv-02121-KHV-BNB, 2011 WL 834190, at *1 (D. Colo. Mar. 4, 2011); *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 649 (D. Colo. 2004) (holding hospital failed to provide sufficient information to determine whether each element of privilege was established); *Skepnek v. Roper & Twardowsky, L.L.C., No*. 11-4102-KHV, 2013 WL 6071992, at *3 (D. Kan. Nov. 18, 2013) (rejecting attempt to reassert privilege when defendants "failed to meet their burden to support that privilege originally").

[57]   *Morales–Fernandez v. INS,* 418 F.3d 1116, 1120 (10th Cir.2005).

### B. Vail Health Has No Legal Justification To Defy The Orders.

A party asserting attorney-client privilege bears the burden of showing with competent evidence that the privilege clearly applies.[58] Vail Health made a conscious decision *not* to provide the Special Master with the evidentiary proof or context necessary to substantiate all its claims of privilege.[59] Instead, it chose to address only 5% of the challenged entries on its privilege log, of which only 3 entries were found to actually be privileged. Vail Health provided no evidentiary support for the remaining 95%. It merely relied on bald assertions of the attorney-client privilege.[60] Its "failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate."[61] That is precisely what the Special Master found here,[62] and what the Magistrate Judge adopted.[63] Vail Health therefore has no legal basis to withhold production of the remaining 127 entries,[64] including any attachments.[65]

### C. Vail Health's Refusal To Produce The Remaining 127 Entries Constitutes Willful Defiance Of The Orders.

Vail Health's September 12, 2023 email and proposed order to Special Master Ruckriegle is an overt act of defiance: it insists that if the Special Master does not issue a new order that fundamentally changes the factual and legal basis of Order #5, it will not

---

[58] *RCHFU, LLC v. Marriott Vacations Worldwide Corp.,* Civil Action No. 16-cv-1301-PAB-GPG, 2018 U.S. Dist. LEXIS 198355, at *2 (D. Colo. May 22, 2018) (citing *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999)).
[59] *See United States v. Constr. Prods. Research*, 73 F.3d 464, 473-74 (2d Cir. 1996) (stating claim of privilege will be rejected if sufficient detail—through privilege log, affidavit, or deposition testimony—does not demonstrate all legal elements of privilege).
[60] ECF No. 398 at 5, 7, 9, 10.
[61] *Peat, Marwick,* 748 F.2d at 542.
[62] ECF No. 398 at 4-7, 20-21.
[63] ECF No. 457 at 26.
[64] Ex. 14 at Ex. 1 (identifying 127 entries that have not been produced).
[65] ECF No. 398 at 7 n.8 ("attachment shall be disclosed as well").

produce the remaining 127 entries.[66] On August 25, the Special Master made it clear that Order #5 encompassed the entries specifically challenged by Plaintiffs and that the basis for it was Vail Health's failure to prove they were privileged in the first instance. He emphasized that Order #5 was not based on Vail Health's waiver of the privilege.

After the conference, Vail Health insisted on an order confirming waiver.[67] It refused to explain why it needed "an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1."[68] "[W]e need this order to reflect the Special Master's confirmation that his Report No. 5 intended to find waiver as to the documents listed in Ex. 1 before we are in a position to produce those documents as we believe they are privileged. Without that inclusion, we cannot agree [to produce the documents]."[69] No legal authority was provided entitling Vail Health to insist on a new order as a condition for its compliance with the Orders.[70] Plaintiffs declined to join a submission that was untruthful and would have altered the factual findings and legal reasoning of the two Orders, among other issues.[71] Plaintiffs do not understand how a magistrate judge's order could be materially changed by a special master *after* it had been issued. Vail Health never explained. Vail Health's noncompliance is a deliberate and willful violation[72] of this Court's discovery Orders, the Rules of Civil Procedure, and controlling Tenth Circuit law.

---

[66] Kildow Decl. ¶ 12; Ex. 18.
[67] Kildow Decl. ¶ 11.
[68] Ex. 15 at 1.
[69] Ex. 17 at 3.
[70] *See, e.g.,* Exs. 16-18.
[71] Ex. 17, 19.
[72] *See Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1158 (10th Cir. 2013) ("Default judgment is generally considered a harsh sanction…used only when a party's noncompliance is due to 'willfulness, bad faith, or any fault of'" the disobedient party).

## II. VAIL HEALTH SHOULD BE ORDERED TO PRODUCE THE DOCUMENTS AND SANCTIONED FOR ITS WILFULL DEFIANCE OF THIS COURT'S ORDERS.

Rule 37(b)(2)(A) provides that "if a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders." That may include "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party."[73] The Tenth Circuit has suggested balancing five factors:[74] "(1) the degree of actual prejudice to the [party seeking the discovery]; (2) the amount of interference with the judicial process; (3) the culpability of the [responding party]; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[75]

The facts here demonstrate a willful disregard of the discovery Orders. Although Vail Health's contumacious conduct warrants consideration of dismissal, Plaintiffs refer the Court to the *Ehrenhaus* factors as a guide. *First*, the degree of prejudice that Vail Health has caused Plaintiffs is substantial and unjustified. Over the course of over two years, Plaintiffs sent literally dozens of communications to Vail Health and participated in innumerable LRule 7.1(a) conferrals on these issues. Plaintiffs first attempted to convince Vail Health to provide a privilege log compliant with relevant case law, but that proved futile and necessitated a Rule 37 motion.

Altogether, the motion and the objection to Order #5 filed by Vail Health sapped about two years from the final disposition of this case. The prejudice in terms of the cost of the Special Master, Plaintiffs' attorney time, and delay of discovery has been

---

[73] Fed. R. Civ. P. 37(b)(2)(A)(v), (vi).
[74] *Ehrenhaus*, 965 F.2d at 920-21.
[75] *Id.* (citations omitted).

substantial. *Second*, the interference with the judicial process has been astonishing. The adjudication of the Rule 37 motions, the objection to Order #5, the magistrate judge's resources, and the continued refusal to comply have detracted from the judicial process.

*Third*, the culpability of Vail Health is manifest. Tenth Circuit law to establish the attorney-client privilege can be easily understood by any litigant. Vail Health, however, ignored the most elementary requirements when preparing its privilege log and failed to present competent evidence when responding to Plaintiffs' Motion to Compel #5, which both the Special Master and Magistrate Judge both found inadequate.[76] On August 25, 2023, the Special Master took additional time to again reiterate his clear findings in Order #5, but even that did not satisfy Vail Health. Its insistence on another order that would fundamentally change the factual and legal grounds of the prior order defies comprehension. Particularly when all appeals have been exhausted (foregone). These facts can only be described as willful defiance. The Tenth Circuit has defined "a willful failure [to comply with a court order] as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[77] Vail Health's conduct demonstrates its state of mind: a knowing, willful defiance of two discovery orders.

*Finally*, we address the efficacy of lesser sanctions than entry of a default judgment, as required by *Ehrenhaus*. As stated, dismissal at this stage would be premature. Plaintiffs request that the Court impose a balanced, well-considered set of sanctions that conform with Tenth Circuit's guidelines. Plaintiffs are of the view that such

---

[76]   ECF. No. 348 at 4, 5, 6, 7; ECF No. 457 at 26.
[77]   *Klein-Becker*, 711 F.3d at 1158 (10th Cir. 2013) (citing *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir.1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir.1965)). *See also Lee*, 638 F.3d. at 1321.

sanctions should provide Plaintiffs with the production of the 127 remaining entries,[78] compensate them for the time expended in obtaining compliance with the discovery Orders, and provide notice to deter future conduct by Vail Health that is inconsistent with the law. Plaintiffs, therefore, move the Court for an order imposing the following sanctions available under Fed. R. Civ. P. 37(b)(2)(A):

(1) Production of the 127 documents set forth in Exhibit 1, and any attachments withheld, within ten (10) days of the Court's order.[79]

(2) Notice that further noncompliance with Court orders may result in a default judgment.[80]

(3) Notice that further noncompliance with Court orders may result in an order to show cause why Vail Health should not be held in contempt of Court.[81]

(4) Payment of the Special Master's fees for considering and adjudicating the motion if it is referred to him.[82]

(5) Payment of the attorneys' fees of Plaintiffs' counsel for reasonable time incurred in bringing this motion.[83]

## CONCLUSION

Plaintiffs respectfully request that their motion be granted, that Vail Health be ordered to comply with the discovery Orders, and the Court award the above sanctions.

---

[78] Ex. 14 at Ex. 1 (identifying the 127 entries at issue).
[79] *Id.*; ECF No. 398 at 7 n.8; Fed. R. Civ. P. 37(b)(2)(A).
[80] Fed. R. Civ. P. 37(b)(2)(A)(vi).
[81] Fed. R. Civ. P. 37(b)(2)(A)(vii).
[82] Fed. R. Civ. P. 37(b)(2)(C).
[83] *Id.*

| | |
|---|---|
| Dated: September 26, 2023 | *s/ Alan L. Kildow*<br>Alan L. Kildow, MN# 0143133<br>790 Potato Patch Drive<br>Vail, CO 81657<br>Telephone: (970) 390-6675<br>E-mail: alkildow@aol.com<br><br>Jesse Wiens, Colo. #33903<br>Jesse Wiens Law<br>0069 Edwards Access Road, Suite 8<br>Edwards, Colorado 81632<br>Telephone: (970) 855-0078<br>E-mail: jesse@jessewienslaw.com<br><br>Sonya R. Braunschweig, MN# 0290292<br>5501 Irving Avenue South<br>Minneapolis, MN 55419<br>Telephone: (612) 819-2304<br>E-mail: sonya.braunschweig@gmail.com<br><br>Attorneys for Plaintiffs Lindsay Winninger and Sports Rehab Consulting LLC |

15

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, I served a true and correct copy of Plaintiffs' Rule 37(b)(2) Motion #2 To Compel Compliance with Special Master Order #5 [ECF No. 398] And March 13, 2023 Magistrate Order [ECF No. 457], including exhibits, on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

                                        *s/ Alan L. Kildow*
                                        Alan L. Kildow