**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

    Defendant.

## DECLARATION OF ALAN L. KILDOW

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct:

1. I am one of the attorneys representing Plaintiffs in this matter and have personal knowledge of the facts stated herein.

2. Plaintiffs conferred with Vail Health, sending numerous emails and memoranda and holding multiple telephone and video conferrals about Vail Health's failure to comply with Special Master Order #5, which was adopted by the Magistrate Judge on March 13, 2023.  *See* Exs. 1-8.  These conferrals eventually resulted in a telephonic conference with Special Master Ruckriegle on August 25, 2023.  At that time, the Special Master reconfirmed the scope of Order #5, which was consistent with Plaintiffs' interpretation since the Order was issued on October 21, 2022.  Yet, Vail Health has not complied with Order #5 by producing the remaining 127 entries that both parties

agree are subject to Order #5. Plaintiffs had no other choice but to seek the Court's intervention.

3. After an April 26 conference with Magistrate Judge Crews, Vail Health (through its Davis Graham lawyers) produced 74 of the 327 entries challenged by Plaintiffs.

4. Beginning on May 2, 2023, Plaintiffs sent Arnold & Porter a number of communications about lack of compliance with Order #5.  *See* Exs. 4-8.

5. In June, Vail Health produced another 131 entries from the log.  *See, e.g.,* Ex. 8 at attachment; Ex. 10, Pls.' Position Statement at Ex. 1.  In early June, Vail Health informed Plaintiffs that it intended to withhold certain entries from the log because it deemed them "privileged," despite two court orders saying otherwise.  *See* Ex. 7, letter at 2.  It later identified that it withheld 127 entries.

6. On June 29, the parties conferred and agreed to consult with the Special Master about the 127 remaining entries.  Ex. 8.  As the result of the June 29 conference, the parties agreed to provide position statements to the Special Master in mid-July.  *See* Exs. 9-10.  On August 25, 2023, Special Master Ruckriegle held a telephonic conference with counsel for the parties.

7. During the conference, Vail Health repeatedly argued that the Special Master should issue a "clarifying" order that Order #5 was decided on the grounds that Vail Health's prior counsel had "waived the attorney-client privilege" and that waiver led to Order #5 to compel the production of documents identified on its privilege log.

8. No explanation was provided as to why such a request was being made, and I thought it interesting that at no time during the August 25 conference did Vail Health

2

ever suggest that Order #5 was wrong. They only seemed to be interested in obtaining some type of statement regarding "waiver."

9. The Special Master heard Vail Health out and then explained that the issue presented in Order #5 was not waiver of the attorney-client privilege but Vail Health's failure to establish privilege in the first place. Order #5 was largely decided on the lack of evidence submitted by Vail Health to support its contention of privilege. Waiver of attorney-client privilege—in the way Vail Health was using it—might arise when a party has established privilege, and the question thereafter becomes whether it was waived. But that was not the case with respect to what was presented by Vail Health in responding to Plaintiffs' Motion to Compel #5.

10. Toward the conclusion of the August 25 conference, the Special Master reconfirmed that Order #5 requires the entries challenged by Plaintiffs for which there was no evidentiary proof to be produced by Vail Health. Following the conference, counsel for the parties conferred on the exact identification of the logged entries that remained to be produced. The entries agreed upon were set forth in what the parties have called "Exhibit 1." The final, agreed upon list is attached to the September 5, 2023 email of Leah Schultz to Sonya Braunschweig. *See* Ex. 14 at Ex. 1.

11. On September 1, 2023, Vail Health sent Plaintiffs a proposed Order it stated it desired to forward to the Special Master. *See* Ex. 11. Over the course of many days, the parties exchanged communications regarding this issue. *See* Exs. 12-17. The apparent reason for Vail Health's proposal was "an order confirming waiver," but it did not explain why that was necessary. *See* Ex. 18. It asked Plaintiffs to agree to the proposed order to establish "waiver" as the rationale for Order #5, which would then be jointly

3

submitted to the Special Master. Plaintiffs repeatedly expressed their skepticism, and on September 6, Vail Health responded as follows: "[W]e need this order to reflect the Special Master's confirmation that his Report No. 5 intended to find waiver as to the documents listed in Ex. 1 before we are in a position to produce those documents as we believe they are privileged. Without that inclusion, we cannot agree [to produce the documents]." *See* Ex. 16 at 1. No authority or legal reasoning was provided that would entitle Vail Health to insist on a new and very different order as a condition for its compliance with the Orders issued by the Special Master and the Magistrate Judge.

12. For many reasons, I (and Sonya Braunschweig) felt uncomfortable with Vail Health's whole approach. First and foremost, I was and still am wondrous as to how a subsequent order can be issued by the Special Master long after Order #5 and Magistrate Judge Gallager's March 13 Order were issued. All the reconsideration and objection/appeal periods have expired, and such an order would be contrary to all applicable Tenth Circuit law on this subject. At this stage, it would be inappropriate to go back and attempt to revise the evidence submitted, the arguments of the parties, findings of fact, and legal reasoning of the Court that underpin the Orders. And my impression from the August 25 conference was that the Special Master too would be uncomfortable with any further orders in that vein. He also made it clear that anything further would need to be based upon a joint submission. For the reasons stated, Plaintiffs declined the invitation for a joint submission with Vail Health. *See* Ex. 17.

13. On September 12, 2023, Vail Health submitted its own request for an order directly to the Special Master. *See* Ex. 18. Plaintiffs sent a response to the Special Master the following day. Ex. 19.

4

14. As of this filing, Vail Health has still not produced the entries ordered to be produced under Special Master Order #5 and the March 13, 2023 Order.

Executed on the 26th day of September in Vail, Colorado.

                                                *s/ Alan L. Kildow*
                                                Alan L. Kildow