# Exhibit 3

```
                                                                    1

 1                   UNITED STATES DISTRICT COURT
                       DISTRICT OF COLORADO
 2

 3   SPORTS REHAB CONSULTING,      .   Case No. 19-cv-02075-WJM-SKC
     LLC, and LINDSAY WINNINGER,   .
 4   an individual,                .
                                   .
 5              Plaintiffs,        .
                                   .
 6   vs.                           .   Byron G. Rogers US Courthouse
                                   .   1929 Stout Street
 7   VAIL CLINIC, INC. a Colorado. .   Denver, CO  80294
     nonprofit corporation doing   .
 8   business as VAIL HEALTH,      .
                                   .
 9              Defendant.         .
                                   .   April 26, 2023
10   . . . . . . . . . . . . . . . .   9:32 a.m.

11
              TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
12              S. KATO CREWS, UNITED STATES MAGISTRATE JUDGE

13
     APPEARANCES:
14
     For the Plaintiff:            Alan L. Kildow, Attorney at Law
15                                 By:  Alan L. Kildow
                                   790 Potato Patch Drive
16                                 Vail, CO  81657
                                   (970) 390-6675
17
                                   Sonya R. Braunschweig*
18                                 5501 Irving Avenue South
                                   Minneapolis, MN  55419
19                                 (612) 819-2304

20   For the Defendant:            Davis Graham & Stubbs
                                     LLP-Denver
21                                 By:  Daniel A. Richards
                                   By:  Jacqueline V. Roeder
22                                 1550 17th Street
                                   Suite 500
23                                 Denver, CO  80202
                                   (303) 892-9400

24

25
```

2

```
 1  Appearances continued:

 2  Special Master:              The Hon. William T. Ruckriegle*
                                 P. O. Box 3305
 3                               Breckenridge, CO  80424
                                 (970) 390-9865
 4
     Court Recorder:             Clerk's Office
 5                               U.S. District Court
                                 1929 Stout Street
 6                               Denver, CO  80294

 7  Transcription Service:       AB Litigation Services
                                 216 16th Street, Suite 600
 8                               Denver, CO  80202
                                 (303) 296-0017
 9
     *Appearing by telephone.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1                THE COURT:  Sure.
 2                MR. KILDOW:  I mean, I'd rather have -- I don't
 3   like the June 7th date, but that's the date that you've
 4   identified.  But rather than have, you know, kind of a drop
 5   dead date of June 7th, it seems to me that if we could begin
 6   the production of documents on a rolling basis at least by
 7   June 7th so that something is -- if they come back and say we
 8   can't get it all done, you can get some of it done by June
 9   7th.  What you've completed as far as your searches and your
10   review and can be produced should be produced then, and that
11   should continue on a rolling basis.
12                THE COURT:  Yeah, I won't order that.  You all can
13   confer over that, maybe can reach an agreement with respect
14   to particular custodians as you get it done with those
15   custodians you'll produce that information in that rolling
16   fashion.  I won't order that it be done in that fashion.  I
17   will strongly suggest it should be, but I'm not going to
18   issue that as an order.  They can do their searches, they can
19   get their documents, they can produce it by that ultimate
20   deadline.
21                All right, that's all --
22                MS. BRAUNSCHWEIG:  Your Honor --
23                THE COURT:  Go ahead.
24                MS. BRAUNSCHWEIG:  -- one additional issue that we
25   raised with your law clerk, and that is the production of
```

1  non-privileged documents from the privilege log, which would
2  have been order number 5.  We identified that there are
3  probably over 300 to 400 entries that Plaintiff claims should
4  be produced pursuant to that order.  Vail Health's position
5  is that there are 70.
6           I wasn't sure from your discussion today about
7  continuing with Special Master Ruckriegle whether that issue
8  should be addressed with him and we should file a motion --
9  because we kind of spread it up as a potential discovery
10 dispute issue when we raised the issue with your law clerk.
11          THE COURT:  And I'm only vaguely informed on that
12 issue, so explain to me how is it that -- I mean presumably
13 Judge Ruckriegle and/or Judge Gallagher issued an order
14 saying produce these particular documents that -- for which a
15 privilege had been claimed.  Right?  How is there a dispute
16 over which documents pertain to that order?
17          MS. BRAUNSCHWEIG:  Well, they're taking a
18 restrictive view in terms of certain documents referencing
19 footnotes where it appears to me that the principles that
20 were applied by Special Master Ruckriegle apply to a broad
21 block of documents, and order number 5 addressed a section of
22 those to show examples of their failure to produce a log that
23 was compliant with the law, or provide proof of
24 attorney/client privilege generally, and then the order
25 specifically addressed certain specific entries in that

1  order.  It's not a document by document analysis.  It's more
2  like a category by category analysis.
3              THE COURT:  Okay.  And so Mr. Richards, what's
4  your disagreement there on which documents need to be
5  produced?
6              MR. RICHARDS:  Your Honor, the Special Master
7  referenced specific footnotes as the documents referenced in
8  these footnotes are the documents that need to be produced.
9  And those are the documents that we are going to produce
10 today, actually.
11             So we think the Special Master's order is clear,
12 and we're a little bit at a loss for where this broader set
13 of documents is coming from.  There are references to other
14 documents in the order, but in terms of what was actually
15 ordered to be produced, we think that the order is clear.
16             THE COURT: Okay.  So Judge Ruckriegle -- and by
17 the way, let me digress for a second.  I didn't ask you when
18 I said that May 17th date as the outside date, does that work
19 for you?
20             JUDGE RUCKRIEGLE:  Those deadlines work for me.
21             THE COURT:  Okay, great.  Thank you.  And so on
22 this issue of attorney/client privilege.  If you recall the
23 order you issued on that, and you've heard counsel.  Did the
24 scope of that order include categories of documents beyond
25 what you might have specifically identified in the footnotes?

1              JUDGE RUCKRIEGLE:  I'll apologize because I don't
2   have that brought up.  I think I used those as examples, but
3   there were a number of rows that -- I only used them as
4   examples.  There were a number of the objections that fell
5   into that category.  And so I think it was broader than just
6   the ones that were narrowly identified.  But I say that, not
7   having it right in front of me.
8              I had 4 up.  If you want me to go look at it, but
9   I don't want to take your time.  I think counsel and I can
10  work on that.  I would just say that -- to remind counsel --
11  that when they do file anything that is related to me for the
12  benefit of the clerks and for everyone else, that they
13  identify that as a Special Master motion or response.
14             THE COURT:  Okay.  All right, thank you.  And so
15  I'll just order that you all -- as you're working with Judge
16  Ruckriegle regarding the search terms, have conversation with
17  him about the scope of that attorney/client privilege piece
18  and whether it included any documents beyond those footnotes.
19  The Court would enforce whatever Judge Ruckriegle indicates
20  is what he intended in terms of the scope of that order.
21             MR. RICHARDS:  Thank you, Your Honor.  We would
22  just ask if the Special Master -- if the results of that
23  process is that the Special Master determines that he
24  intended to order a broader list of documents to be produced
25  than were referenced in the specific footnotes, we would just

1  ask that we have an opportunity to evaluate those specific
2  documents and determine whether there are any that we need to
3  appeal to the District Court judge, because these are
4  important issues of attorney/client privilege.
5            We interpreted the order to reference specific
6  footnotes.  To the extent the Special Master determines
7  there's a broader set we would just ask for an opportunity to
8  appeal those, if necessary.  If they implicate important
9  issues of attorney/client privilege.
10           THE COURT:  All right, that's fine.  Yeah, you can
11 preserve your appeal rights with respect to that issue.  And
12 perhaps -- I think Judge Gallagher had it set up that you
13 would -- you could make objections to the Magistrate Judge.
14           MR. KILDOW:  Yes, he did.  But they -- and the
15 time for them to appeal was extended significantly, and they
16 did not appeal that.  There was nothing that was appealed.
17           THE COURT:  I think this is a different issue
18 though.  I think this is with the clarification that is going
19 to be provided, appealing that based on the clarification.
20           MR. KILDOW:  Well --
21           THE COURT:  At least that would be -- or that
22 would at least be the argument.  What I'm trying to figure
23 out is whether -- and perhaps I spoke out of turn by saying
24 whatever Judge Ruckriegle indicates is his clarification on
25 that piece that I would simply adopt that.  That may be the

```
 1  case, but maybe on that issue, if this is postured by Judge
 2  Gallagher, that there's an objection to the Magistrate Judge
 3  first, I should probably preserve that structure.  So you can
 4  reserve your appellate right --
 5              MS. BRAUNSCHWEIG:  And --
 6              THE COURT:  Go ahead.
 7              MS. BRAUNSCHWEIG:  Additionally, I mean, I'm not
 8  trying to interject, but that process would be improper, but
 9  the order -- or the objection that was filed to the Special
10  Master order number 5 up to Gallagher, which Judge Gallagher
11  affirmed in the March 13th order, did go beyond 70 entries
12  that --
13              THE COURT:  We lost you for a minute, I think.
14  Did go beyond what?
15              MS. BRAUNSCHWEIG:  I said that the appeal from
16  Special Master Ruckriegle's order number 5 to Magistrate
17  Judge Gallagher appealed more than just 70 entries that
18  they're producing.  And the March 13th order affirmed all of
19  the Special Master's decision as it relates to the
20  inadequacies of the privilege log in establishing privilege
21  for each one of the documents.
22              So the issue was already presented to the
23  Magistrate Judge and affirmed by him.
24              THE COURT:  Okay.
25              MR. KILDOW:  One additional issue, Your Honor --
```

49

1        THE COURT:  Hold on.  Hold on, one second.  So --
2   and Mr. Richards, you agree at least procedurally that -- the
3   posture that Ms. Braunschweig has described is accurate
4   procedurally?
5        MR. RICHARDS:  Your Honor, we agree that the
6   Special Master issued motion to compel order number 5.  We
7   appealed that order in its entirety to Judge Gallagher, and
8   we did not appeal Judge Gallagher's order to Judge Martinez
9   because we understood it to only order the specific documents
10  that were identified in the Special Master's order.
11       If there are additional documents that the Special
12  Master clarifies need to be produced, what we're asking for
13  is an opportunity to appeal that, because we did not
14  understand the order to require the production of additional
15  documents.
16       THE COURT:  Okay.
17       MR. RICHARDS:  I think given that these are
18  important issues of attorney/client privilege, I think that
19  that is critical.
20       THE COURT:  Okay.  So in keeping with what I've
21  indicated previously, the Court is interpreting this
22  discovery dispute as a motion -- a joint motion by the
23  parties seeking clarification of Judge Gallagher's order, and
24  in providing that clarification, the Court is deferring to
25  Judge Ruckriegle, the Special Master, who is on the line, who

1  can speak to the scope that he intended on the orders that
2  are in dispute.
3              So when you all go back to work with Judge
4  Ruckriegle, whatever he tells you was the intended scope, or
5  is the scope of that order with regard to the attorney/client
6  privilege documents, that is the scope.  That is the answer
7  of this Court in terms of the clarification of that order.
8              Therefore, I think that means, to the extent that
9  the Defendants want to appeal that order or this Court's
10 order adopting Judge Ruckriegle's clarification, they would
11 have the right to make that appeal.  The Plaintiff can make
12 their arguments if they feel that that is still somehow time
13 barred by what was raised previously already.
14             All right, Counsel.  I need to wrap this hearing
15 up.
16             MR. KILDOW:  It will just take a second.
17             THE COURT:  All right, one second.
18             MR. KILDOW:  Is the issue of the number of
19 custodians to be searched also then to be referred to the
20 Special Master?
21             THE COURT: Correct.
22             MR. KILDOW:  Thank you.
23             THE COURT:  All right, Counsel and Judge
24 Ruckriegle, I appreciate everyone's time, and I appreciate
25 your patience.  We will be in recess.  Thank you.

51

1          MR. KILDOW:  Thank you, Your Honor.
2              (Time noted:  11:00 a.m.)
3                   * * * * *
4                   CERTIFICATE
5     I, RANDEL RAISON, certify that the foregoing is a
6 correct transcript from the official electronic sound
7 recording of the proceedings in the above-entitled matter, to
8 the best of my ability.

9 *[signature: Randel Raison]*
10
11 _____          May 8, 2023
12 Randel Raison