# Exhibit 7

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, June 7, 2023 4:30 PM |
| **To:** | O'Brien, Colin M. |
| **Subject:** | Re: SRC v. Vail Health - Letter Regarding Supplemental Production |

Colin,

Before our call next week, I would like you to reconsider the position taken related to privilege log Item Nos. 49 and 54, which Plaintiffs requested be produced. I thought it would be helpful for you to have a more complete understanding as to why we continue to object to Vail Health's declination to produce those two items.

These two items are part of the 238 communications referenced in Plaintiffs' motion to compel #5 at n.17. Special Master Order #5 stated: "The Plaintiffs calculate that there are 238 entries on Vail Health's privilege log that involve communications by or to an attorney, but Vail Health has not offered a separate analysis justifying its claim of privilege for each of those 238 documents. Vail Health's brief identifies only 16 specific documents it alleges fall into the subcategory of attorney-client communications, and as to those 16 documents, it makes only a categorical argument that those documents are privileged because '[t]hey are communications from a client to an attorney seeking legal advice.' (D. 213 at 8). For the same reasons above, the Special Master finds that the conclusory assertion that documents are 'seeking legal advice' does not suffice to carry Vail Health's burden of proof." ECF 393 at 6-7. When Vail Health appealed Special Master Order #5, it expressly referenced and objected to the production of the 238 items ordered to be produced. *See* ECF 414 at 6 and n.1. Magistrate Judge Gallagher affirmed the Special Master Order #5 in its entirety. It is thus unclear how Vail Health can continue to object to the production of Item Nos. 49 and 54 that have now been (twice) ordered to be produced.

I have attempted to cross-reference the June 3 production to the privilege log, but it is often difficult to do because the descriptions are terse and the entries do not appear to always follow the email string. Is it possible when you produce the privilege log, that there be a column added that identifies the bates number for the Item Nos. that have been produced? The cross-reference of reproduced documents helps but that works for the redacted documents.

Best regards,

Sonya

On Wed, Jun 7, 2023 at 3:27 PM O'Brien, Colin M. <Colin.Obrien@arnoldporter.com> wrote:

> Sonya,
>
> I am happy to work with you to address your questions.
>
> First, we reviewed the documents that hit on the search terms applied to the top line Nico Brown emails as we indicated in our production cover letter. We did not produce irrelevant or non-responsive documents. We sought to take a broad approach to relevance in our review and produced approximately 50% of the original hits/families, but we are not going to produce the non-responsive documents nor are we going to try to catalogue and describe the non-

1

responsive documents. We've tried to work with you fairly and transparently as I think has been clear, but that's a bridge too far and goes well beyond what is required.

Second, we have attached an index to allow you to cross-reference documents reproduced with a new bates range against their bates range from prior productions. We had hoped to do a production overlay so that any such documents would reflect the same bates range, but we had some database and processing issues that made doing so infeasible with last weekend's production.

Third, we have addressed all of the issues related to *split-family* documents (*i.e.*, emails produced without complete families). The additional emails to which you are referring are ones in which a lower email referencing an attachment is embedded within a broader email string that was produced as a complete family. That's a different issue, and we have treated those as a separate batch. We are looking to address those documents in our June 16 production. As to natives, we plan to produce Excels and similar file types in native.

Fourth, we are maintaining privilege and redaction claims on a subset of the documents that you asked us to revisit or identified as subject to the Special Master's Order on privilege. The basis for doing so generally falls into three categories—privilege/work product, board minute redactions as authorized by the Special Master, and about five documents from the state court production that had preexisting redactions. For those documents on which we are maintaining our privilege/redaction claims, we will highlight their entries in the updated privilege and redaction log to facilitate a meaningful conferral to try to resolve any remaining issues without court intervention, if possible. For your reference, the Steadman communications you noted in your email (*i.e.*, VH_Fed_000003951-53; VH_Fed_00003957-58; and VH_Fed_00003962) *are* on the existing privilege log. They are items 49, 54, and 55. There was only one exception, VH_Fed_00003975, but we produced that document in full without redactions.

Fifth, we anticipate producing the updated privilege log within a week of our June 16 production. As noted, this privilege log will highlight any documents with previous disputes related to privilege/redaction claims to facilitate a conferral. It will also cover any documents for which we are asserting privilege from our June 3 or anticipated June 16 productions. As to the bates range about which you noted a privileged slip sheet in your email, VH_Fed003197–205, the slip sheet for the document at the start of that range is not a privilege placeholder. It is a native file placeholder. *See* VH_Fed_00003197 ("**Placeholder. Native File Production**."). The remaining documents in that bates range were produced in full and without redactions. *See* VH_Fed_00003198–205.

Finally, I am happy to confer with you, but I am working and traveling out of the country this week through Monday. How about we confer on Tuesday, June 13? I think that makes practical sense anyway as we'll have a better handle on the anticipated production for June 16 at that point as well.

Thanks,

2

Colin

_____

Colin O'Brien
Partner | Bio

**Arnold & Porter**

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2360
Colin.Obrien@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, June 6, 2023 5:57 PM
**To:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: SRC v. Vail Health - Letter Regarding Supplemental Production

External E-mail

Counsel,

Thank you for the letter clarifying the production.  I do have some questions about the production that I hope you can help me with.

To aid in the review going forward, could you please identify whether there were any nonresponsive documents in the production set for the Nico Brown emails using the first two searches identified on page one of the June 2 letter?  And if so, the nature of the nonresponsiveness?  Also, were there any documents claimed to be privileged from those searches?

The June 2 letter addresses split families.  There may be a misunderstanding between the parties about the documents identified in my memorandum that Colin and I referred to during our May 9 conferral.  At pages 3-8 of that memorandum, I highlighted emails that were part of the string that had not been produced on their own--meaning that an embedded email had an attachment that had not been produced. I also asked that native files be produced, as the attachment appears to be a native file that was produced as a PDF.  Most of the issues related to pages 3-8 appear to remain open.  If I'm mistaken, please let me know.  (Going forward, it would be helpful if documents are being reproduced that the original bates number also be included.  A couple of documents in the June 3 production did contain that information, which was very helpful.)

3

As to redactions, on May 11 and 12, I sent Colin multiple emails containing exhibits that were compilations of the various documents that contained redactions. Some of those documents have been addressed, others have not.  Could you please let us know your position on the remaining redactions in exhibits that I sent on May 11 and 12?  For example, the last email that I sent on May 12 contained a number of communications with a representative from Steadman. I am not aware of Vail Health producing any log for those communications, so it is unclear why they were redacted in the first place.

As to privilege, the June 3 production contains slip sheets stating that documents were withheld on the grounds of privilege.  *See* VH_Fed003197-205.  We assume from your letter that these withheld documents were subject to Special Master Order #5.  If we are mistaken, please let us know.  Otherwise, please identify what Item Nos. from the log the slip sheets refer to and explain your basis for withholding these documents despite two orders ordering otherwise. Vail Health appealed this issue and lost, so it is unclear what you could appeal now.

Finally, there may be other issues, such as missing emails and attachments.  Those issues, however, are better addressed once we have had time to fully analyze the documents.

I look forward to hearing from you on these issues and would be happy to schedule a call this week to discuss in more detail.  Just let me know what works for you.

Best regards,

Sonya

On Fri, Jun 2, 2023 at 7:35 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

> Counsel:
>
> Please find the attached correspondence.
>
> Best,
>
> Leah
>
> _____
> Leah Schultz
> Associate | Bio
>
> Arnold & Porter
>
> 700 Louisiana Street | Suite 4000

Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

5

# Arnold & Porter

Colin O'Brien
+1 303.863.2360
Colin.obrien@arnoldporter.com

June 2, 2023

**VIA E-MAIL**

Sonya R. Braunschweig
5501 Irving Avenue South
Minneapolis, MN 55419
sonya.braunschweig@gmail.com

      Re:    *Sports Rehab Consulting LLC et. al v. Vail Clinic, Inc. d/b/a Vail Health*, Civil Action No. 1:19-cv-02075-WJM-SKC, D. Colo.

Counsel:

      This correspondence is being made in connection with the supplemental production of Defendant Vail Health Clinic, Inc. d/b/a Vail Health's ("Vail Health"), which Vail Health had anticipated delivering on June 2, 2023. As a result of a processing issue, Vail Health now anticipates this production will be delivered to Plaintiffs on June 3, 2023. Vail Health anticipates a further supplemental production on or before June 16, 2023.

      This production includes non-privileged and responsive documents and families that Vail Health identified based on applying the below sets of search terms to top-line Nico Brown emails (to/from/cc) contained in the original four federal custodian files or the nine additional custodians for which Vail Health voluntarily collected emails at Plaintiffs' request.

| |
|---|
| (("Howard Head" OR HH OR HHSM OR therapy OR PT) AND (*facility* w/3 billing)) |
| (("Howard Head" OR HH OR HHSM OR therapy OR PT) AND ("sensitivity analysis")) |

      Vail Health is in the process of reviewing those documents and families that hit on the two remaining sets of search terms that you requested Vail Health apply to the top-line Nico Brown emails and will supplement its production on a rolling basis.

Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100 | Denver, CO 80202-2569 | www.arnoldporter.com

US 173848737v5

# Arnold & Porter

June 2, 2023
Page 2

      Vail Health undertook a supplemental review of those documents that Plaintiffs identified as falling within the sets of documents with privilege, redaction, and/or split-family issues.

      **Split Families**: Vail Health has confirmed that its recent production on April 26, 2023, resolved the split family issues and included all attachments for the following documents that Plaintiffs identified as having potential split-family issues: VH_Fed_00007609, VH_Fed_00008667, VH_Fed_00008686, VH_Fed_00008903, VH_Fed_00009736, VH_Fed_00007822, VH_Fed_00001429, VH_Fed_00009466, VH_Fed_00003420, VH_Fed_00006932, VH0004002 and VH_Fed_00004002. In this supplemental production, Vail Health is producing the complete families for two documents that had split family issues not resolved by the production on April 26, 2023: VH_Fed_00009715 and VH_Fed_00004855.

      **Redactions**: Vail Health's supplemental production includes unredacted versions of the following documents for which Plaintiffs asked Vail Health to withdraw previous redactions: VH_Fed_00002987, VH_Fed_00003065, VH_Fed_00002226, VH_Fed_00007875, VH_Fed_00003975, VH_Fed_00004031, VH_Fed_00004034, VH_Fed_00004037, VH_Fed_00004154, VH_Fed_00004161, VH_Fed_00004169, VH_Fed_00007011.

      **Privilege:** Vail Health's supplemental production includes unredacted copies of 107 documents that Plaintiffs identified as falling within the Special Master's ruling on privilege in Order No. 5 and for which Vail Health will not appeal the Special Master's Order.

      Vail Health will provide Plaintiffs with an updated privilege log and will highlight the specific entries for those documents for which Vail Health maintains its privilege objection to the Special Master's Order. Vail Health will confer with Plaintiffs to try to eliminate any disputes related to these documents, but Vail Health reserves its right to appeal the Special Master's Order as to these documents, if necessary.

      Sincerely,

      */s/ Colin O'Brien*
      Colin O'Brien

CC:    Alan L. Kildow

# Arnold & Porter

June 2, 2023
Page 3

      Evan Rothstein
      Leah Schultz

US 173848737v5