# Exhibit 10

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, July 12, 2023 9:28 PM |
| **To:** | Terry Ruckriegle; ruckriegle, terry |
| **Cc:** | Alan Kildow; O'Brien, Colin M.; Rothstein, Evan M.; Schultz, Leah |
| **Subject:** | Sports Rehab v Vail Health [19-2075]--Plaintiffs and Vail Health's Submissions on SM Order #5 |
| **Attachments:** | 7.10.23 - Vail Health's Brief Seeking Clarification of Scope of Order No. 5 (1).pdf; July 12 2023 Pls Position On SM Order #5.pdf; Exhibit 1 to July 12 2023 Pls Position On SM Order #5.pdf |

Dear Judge Ruckriegle,

I have attached Vail Health's position and Plaintiffs' position so that you have both submissions in one email.  I have sent it to both your email accounts.  Hopefully that helps.

Best regards,

Sonya Braunschweig

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC & LINDSAY WINNINGER,

      Plaintiffs,

v.

VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

### VAIL HEALTH'S POSITION ON SPECIAL MASTER'S ORDER NO. 5

---

### INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs seek to compel the production of documents that are protected by attorney-client privilege. In its Opinion and Recommendation on Motion to Compel No. 5 (the "Opinion"), the Special Master found that "Vail Health has not carried its burden of proving that the identified documents are privileged and that it must therefore Disclose each of the items sought by the Plaintiffs, *see* n. 4…" Dkt. 398 pp. 6-7. In the referenced footnote, the Special Master explains that "[a]s the movants, [Plaintiffs] must identify the specific documents they seek to compel" and limited the findings to only those expressly enumerated documents. *Id.* pp. 3-4. ("Thus, the Special Master's review and findings herein are **limited** to the specific item numbers recited in the motion to Compel…in D. 195 at n.42, n. 53, n. 56, and n. 59") (emphasis added).

Pursuant to the Opinion, Vail Health disclosed from its privilege log all documents identified in n. 4. Independently, and in a good faith attempt to comply with the broader guidance from the Opinion and seek closure on this issue, Vail Health reviewed and disclosed 91 additional items from its privilege log. [1]

---

[1] Vail Health also agrees to produce Item Nos. 95, 97-99, 105, 141, 143, 173, 201, 290, 303-305, 326-328, 343-344, 346-351, 382, 386, 391, 392, 395, 443-445, 447, 449, 535, 540, 545, 552-553 to narrow the issues in dispute. These documents will accompany the next iteration of Vail Health's rolling production.

Plaintiffs' though will not relent and seek the disclosure of an additional 116 items previously withheld as privilege that were not referenced specifically in the Special Master's Order. Vail Health has independently re-reviewed these documents and determined that those items are still appropriately withheld on the basis of attorney-client privilege because these entries consist of communications for the purpose of seeking legal advice from counsel.[2]

Accordingly, and as explained in more detail below, Vail Health respectfully requests that the Special Master clarify its Opinion regarding Motion to Compel No. 5 to exclude from production the remaining 116 documents Plaintiffs seek to compel. Vail Health is willing to produce any documents *in camera* for review by the Special Master, if requested.

## ARGUMENT

The documents Plaintiffs contend fall within the scope of the Opinion fall into four categories: (1) outside counsel's correspondence with Vail Health's about its active litigation; (2) Vail Health correspondence with outside counsel Duane Morris for the purpose of seeking advice regarding regulatory and statutory compliance; (3) correspondence between Vail Health and its outside counsel Duane Morris which sought business advice, but were produced with limited redactions for the portion of the communications which sought legal advice; and (4) correspondence between Vail Health and outside counsel Duane Morris for the purpose of revising or interpreting contracts and agreements.

**Litigation Tracker and Strategy.**[3] The vast majority of these 40 documents are correspondence between Duane Morris attorneys or support staff to Vail Health with a weekly status update of all pending litigation that Duane Morris handled on behalf of Vail Health. This

---

[2] When this issue was raised to Judge Crews, he explicitly provided that due to ambiguity in the Opinion, Vail Health would still have an opportunity to appeal any decision to produce additional documents. *See* Transcript of April 26, 2023 status conference at pp. 47-50.

[3] Items Nos. 478-496, 498-502, 505-517, 519-522, 527, 530, 539.

category also includes correspondence between Vail Health and its outside counsel Janet Savage discussing the litigation strategy in the Parties' currently pending state court litigation. These documents include questions for the client and confidential attorney impressions regarding the direction of litigation strategy. On their face, these documents do not appear to fall within the scope of the Opinion – because they are not documents dealing with business advice and are purely documents prepared by counsel the purpose of offering legal advice to the client about a myriad of pending litigation.

**Regulatory and Statutory Compliance Advice.**[4] These 29 documents are correspondence from Vail Health to its outside counsel at Duane Morris for the purpose of seeking legal advice regarding how to organize the ownership structure of the joint venture to comply with Stark Law, which bars self-referrals. While these documents are discussing the joint venture, these communications were not made for the purpose of seeking business advice – but are rather seeking advice from counsel on how to ensure compliance with laws and accompanying regulations while pursuing the joint venture. The Special Master should clarify its Opinion and find that these documents do not fall within the scope of documents that Vail Health is required to produce.

**Redactions.**[5] These 10 documents are documents that generally contain correspondence to counsel for the purpose of seeking business advice. These documents, however, have been produced with limited redactions which redact portions of the documents which expressly seek legal advice from counsel. The Opinion does not speak about documents that Vail Health's has produced with redactions and accordingly the Special Master should clarify that those documents need not be produced in full.

---

[4] Items Nos. 89, 91, 122-123, 127, 129, 130, 132, 134, 136, 146-147, 173, 257-258, 265, 267-269, 276, 278-279, 283, 297, 301-302, 311, 313.
[5] Item Nos. 35-37, 49, 51, 53, 62, 69-70, 75.

**Contract Revisions and Advice.**[6] These 37 documents are correspondence between Vail Health and its outside counsel at Duane Morris for the purpose of offering or seeking legal advice regarding revisions to a number of contracts and agreements. This includes revisions to licensing and operating agreements for proposed joint ventures, comments regarding and revisions of employment agreements, lease agreements, term sheets, and letters of intent. Correspondence within this category include red-lined attachments showing counsel's mark-ups of documents or Vail Health's comments to counsel to incorporate into the next turn of the document. Accordingly, the Special Master should clarify that its Opinion did not intend for these documents to be produced by Vail Health.

<u>**CONCLUSION**</u>

Accordingly, Vail Health respectfully requests that the Special Master clarify that the Opinion did not intend to include the 116 documents listed in footnotes 2-6 and find that Vail Health is permitted to maintain attorney-client and work product privileges as to these documents.

Respectfully submitted this 10th day of July, 2023.

Dated: July 10, 2023.

*/s/ Evan M. Rothstein*
Colin O'Brien (Bar No. 41402)
Colin.Obrien@arnoldporter.com
Evan M. Rothstein (Bar No. 35990)
Evan.Rothstein@arnoldporter.com
ARNOLD & PORTER KAYE
SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Fax: (303) 863-2301

---

[6] Item Nos. 54, 106, 154-155, 158, 162-164, 175, 178, 180, 202, 208, 220-224, 355, 359-360, 363, 365, 414, 421, 423, 425, 450, 452-453, 455, 523-526, 542, 556, 570, 573.

Leah Schultz
Texas Bar No. 24126910
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Steet
Suite 4000
Houston, TX 77002-2755
Telephone:713-576-2439
Email: leah.schultz@arnoldporter.com

***Attorneys for Defendant VAIL CLINIC, INC., d/b/a VAIL HEALTH, a Colorado nonprofit corporation***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**PLAINTIFFS' POSITION ON SPECIAL MASTER ORDER #5 [ECF No. 398]**

---

**INTRODUCTION**

Before filing motion to compel #5 two years ago, Plaintiffs detailed for Vail Health the deficiencies with its privilege log.[1]  It did not take the criticisms seriously, brusquely saying the log was compliant and doubling down by withholding hundreds of entries.[2]  It characterized motion #5 as nothing more than "vexatious litigation tactics."[3]  The Special Master and then-Magistrate Judge Gallagher disagreed, concluding that the initial and amended logs were deficient.[4]  Vail Health could have supplemented the logs with facts and context to substantiate the privilege claimed, document by document.[5]  It did not do so, choosing instead to address 20 of the 391 challenged entries, only 3 of which were actually privileged.[6] That approach was no mistaken waiver, it was a deliberate strategy.

---

[1]     ECF No. 195-2.
[2]     *Id.*; ECF No. 213 at 2-6.
[3]     ECF No. 213 at 1.
[4]     ECF No. 398 at 5-7, 8-10, 15; ECF No. 457 at 26-29.
[5]     *See* ECF No. 457 at 28-29 (document-by-document would provide context to support privilege).
[6]     *See, e.g.*, ECF No. 398 at 5-8, 9-12, 15-16 (addressing Item Nos. 62, 116-17, 172, 252, 293, 372-73, 376, 379-82, 435, 438, 440-41, 544).

Order #5 meticulously explains how Vail Health failed to furnish the necessary proof[7] by providing specific examples, such as the 238 attorney-recipient entries that were ordered to be produced because Vail Health's conclusory assertion they involved "legal advice" was inadequate.[8]   To this day, Vail Health has not produced 93 of the 238 entries,[9] although the Magistrate Judge overruled all of Vail Health's objections.[10]

On appeal, Vail Health sought to avoid responsibility by unfairly shifting its burden of proof to the Special Master.   It dismissively said he should have divined the foundational requirements of who, what, and why for complicated, multiparty, multicorporate business transactions through a (cursory) privilege log and *in camera* review of the (disorganized) documents.   Without mentioning Tenth Circuit law, Vail Health sought to justify and excuse its failures by claiming the Special Master imposed an "unrealistic and unsupported standard for demonstrating privilege" on a document-by-document basis.[11]  But like the Special Master, Magistrate Judge Gallagher rejected Vail Health's "general categorical and conclusory arguments encompassing broad swaths of documents."[12]  Vail Health seeks to relitigate the same privilege issues here—in the same cursory and unsupported fashion—but now under the guise of asking for "clarification."

---

[7]      *See, e.g.*, *id.* at 5 ("Vail Health's presentation…is insufficiently specific"); id. at 6 ("Nor is there any evidence…that the information…is confidential and intended to be kept so"); *id.* ("Vail Health has the burden of proof…any uncertainty…works to Vail Health's detriment"); *id.* at 7 ("conclusory assertion that documents are 'seeking legal advice' does not…carry Vail Health's burden"); *id.* at 9 ("neither Vail Health's briefing nor Mr. Brown's affidavit offers any additional context"); *id.* ("conclusory explanation in the privilege log is insufficient"); *id.* at 10 ("Categorical arguments fail to establish the necessary elements of privilege").

[8]      *Id.* at 6-7.

[9]      Ex. 1 (identifying the production status of entries challenged by Plaintiffs.

[10]     ECF No. 414 at 6 n.1, 7 n.2 (appealing the 238 entries); ECF No. 457 at 17, 26-29.

[11]     ECF No. 414 at 1.   *But see* ECF No. 457 at 27-29, n.9 (noting Vail Health "could have gone document-by-document, offering context and interpretation and analysis, and that by doing so, it could have adequately supported its claims of privilege;" in not doing so, Vail Health failed to meet its burden); *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996) (stating privilege will be rejected if not detailed by privilege log, affidavit, or testimony); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B,* 230 F.R.D. 398, 404-09 (D. Md. 2005) (requiring analysis of 600 documents).

[12]     ECF No. 457 at 26.

## <u>ARGUMENT</u>

In motion to compel #5, Plaintiffs challenged hundreds of purported privileged entries; the ones at issue here are summarized in the chart below:

| Footnote | General Description | Status |
|---|---|---|
| 16 | 5 items copying Shannon's outside administrative assistant | Produced |
| 17 | 238 items with attorney as recipient; conclusory statements did not establish legal advice was requested or given | Partially produced |
| 20, 22, 26-28 | 130 items with no meaningful descriptions or identifying any legal advice requested or given | Partially produced |
| 21 | 37 items involving nonprivileged third parties | Produced |
| 42, 53, 56, 59 | 70 items related independent third-party business valuations | Produced |

The challenged entries fall into three broad categories: (1) attorney-to-client communications; (2) client-to-client communications; and (3) third-party communications. To address these categories, the Special Master used the business valuation entries to illustrate Vail Health's failure to meet its burden of proof. The general legal principles, Vail Health's conclusory claims of privilege, and its failure to provide evidentiary support applied equally to the other challenged entries, as Order #5 clearly explains.

In footnotes 3 and 4 of Order #5, the Special Master outlined his approach: "SRC and Winninger raise additional arguments concerning the sufficiency of the contents of Vail Health's privilege log. Those issues will be addressed, inferentially if not explicitly, in the course of the discussion below."[13] "As the movants, SRC and Winninger must identify the specific documents they seek to compel. Thus, the Special Master's review and findings herein are limited to the specific item numbers recited in the Motion to Compel."[14] In its introduction, Vail Health also quotes—in part—this portion of Order #5 but then uses

---

[13]     ECF No. 398 at 3 n.3.  *See also* ECF No. 475 at 46:1-7 ("I think it [Order #5] was broader than just the ones narrowly identified.").
[14]     ECF No. 398 at 3-4 n.4.

ellipses to make it appear that the Special Master's 22-page, single-spaced decision is strictly limited to 70 entries identified in footnotes 42, 53, 56, and 59.[15]   But that mischaracterizes footnote 4, which states: "**For purposes of this [business valuation]** *section*, those item numbers are listed in D. 195 at n. 42, n. 53, n. 56, n. 59."[16]

At the April 26, 2023 conference, Vail Health claimed for the first time it needed to clarify the scope of Order #5.   Vail Health's position is disingenuous at best given it expressly appealed the 238 attorney-recipient entries,[17] and there was no ambiguity in Plaintiffs' December 2, 2022 response detailing *all* entries subject to Order #5.[18]   Fully aware of this, Vail Health did not timely seek to clarify Order #5.   Instead, it agreed to produce 131 entries, 5 of which Plaintiffs did not challenge and 39 only after the parties agreed to seek clarification, as Exhibit 1 shows.   The entries produced thus far confirm the correctness of Order #5: key nonprivileged documents were concealed on the log.

Even now, Vail Health seeks less a clarification than a resurrection of privilege for documents ordered to be produced long ago.   For example, on June 23, 2023, Vail Health amended its 2021 log to assert a never-before-raised work product defense for 43 entries at issue here.   And its July 10 position makes statements about the withheld entries, albeit conclusory and unverified, that could have and should have been made two years ago.[19] These newly-asserted facts and claims of privilege were (1) not disclosed in the two, 2021 privilege logs; (2) not raised in response to Plaintiffs' motion #5; and (3) not previously supported by any evidentiary proof.   In other words, Vail Health is attempting to take us

---

[15]     Vail Health Position at 1.
[16]     ECF No. 398 at 4 n.4 (emphasis added).
[17]     ECF No. 414 at 6 n.1, 6 n.7.  If, however, Vail Health's objection had been sustained, no doubt Vail Health would have argued that the 238 entries were clearly encompassed in such an order.
[18]     ECF No. 421 at 5-9.
[19]     *Compare* ECF No. 195-4; ECF No. 213 at 5-6 (conclusory statements that reports discussed "legal matters") *with* Vail Health Position at 2-3 (describing report to include Savage's state court litigation strategy).

back to where we were two years ago.  It asks the Special Master to find its "new and improved" conclusory assertions (unsupported by evidentiary proof) sufficient to rewrite Order #5.  But "a 'new and improved' privilege log is untimely if done after the Court was requested to determine the issue and after entry of the Court's order directing production…."[20]  If that does not work, Vail Health suggests that the Special Master conduct another *in camera* review of the same items already reviewed over a year ago.[21] The prejudicial cost and delay caused by Vail Health's prior choices is inestimable.

The time for Vail Health to have made the required showing expired two years ago, as the Tenth Circuit in *Peat, Marwick, Mitchell & Co. v. West* instructs.  There, like here, the defendant sought reconsideration or clarification of a privilege issue by submitting an affidavit *after* the court had ruled.  The Tenth Circuit rejected the belated attempt, holding that a party's failure to establish privilege in opposing a motion to compel is "not excused because the document is later shown to be one which would have been privileged if a timely showing had been made."[22]  Vail Health's untimely attempt to revive its privilege claim under the pretext of seeking clarification should not be countenanced here either.

## CONCLUSION

Plaintiffs respectfully request that the Special Master issue an Order adopting Plaintiffs' Exhibit 1 as the challenged entries subject to Order #5, including attachments.[23]

---

[20]    *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 3694862, at *3 (D. Kan. Dec. 13, 2006).

[21]    Vail Health Position at 2.

[22]    748 F.2d 540, 542 (10th Cir. 1984).  *See also Zander v. Craig Hosp.*, Civil Action No. 09-cv-02121-KHV-BNB, 2011 WL 834190, at *1 (D. Colo. Mar. 4, 2011); *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 649 (D. Colo. 2004) (holding hospital failed to provide sufficient information to determine whether each element of privilege was established); *Skepnek v. Roper & Twardowsky, L.L.C.*, No. 11-4102-KHV, 2013 WL 6071992, at *3 (D. Kan. Nov. 18, 2013) (rejecting attempt to reassert privilege when defendants "failed to meet their burden to support that privilege originally *and* in response to plaintiffs' motion to compel").

[23]    ECF No. 398 at n.8 ("attachment[s] shall be disclosed as well").

Dated: July 12, 2023

_s/Alan L. Kildow_

Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and
Sports Rehab Consulting LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023, I served a true and correct copy of Plaintiffs' Position On Special Master Order #5 [ECF No. 398], including exhibit, on the following:

Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

_s/Alan L. Kildow_
Alan L. Kildow

# Exhibit 1

## PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
## SUBJECT TO SPECIAL MASTER ORDER #5

**Legend:**   * On June 26, 2023, Vail Health stated in a chart that 4 more entries will be produced.

    ** On July 7, 2023, Vail Health stated by email that 40 more entries will be produced.  Plaintiffs sought and received confirmation that 6 had already been produced (Item Nos. 345, 393-94, 536-38).

    *** On July 10, 2023, Vail Health stated by email that 3 more entries will be produced.

    **** On July 10, 2023, Vail Health stated in its position statement that 2 more entries will be produced.

    # Entries not addressed in Vail Health's July 10, 2023 position.

    ☐ Entries that should be produced under Order #5.  No bates numbers exist because the entries have not been produced.

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] 80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1] Item Nos. | Additional Produced Item Nos. | Davis Graham Production on April 26, 2023 Bates Nos. | Arnold & Porter Productions Bates Nos. |
|---|---|---|---|---|---|---|
| 1 | | 35 | 35 | | | |
| 2 | | 36 | 36 | | | |
| 3 | | 37 | 37 | | | |
| | | 38 | 38 | | | Will be produced* |
| | | 48 | 48 | | | VH_Fed0010086 |
| 4 | | 49 | 49 | | | |
| 5 | | 51 | 51 | | | |
| 6 | | 54 | 54 | | | |
| | | | | 56 | | VH_Fed0010092 |
| | | 57 | 57 | | | VH_Fed0010097 |
| | | 58 | 58 | | | Will be produced* |
| | | 59 | 59 | | | Will be produced* |
| | | 60 | 60 | | | Will be produced* |
| | | | | 61 | | VH_Fed0010100 |
| 7 | | 62 | 62 | | | |
| | | 64 | 64 | | | VH_Fed0010115 |
| 8 | | 69 | 69 | | | |
| 9 | | 70 | 70 | | | |
| | | 73 | 73 | | | VH_Fed0010158 |
| 10 | | 75 | 75 | | | |
| 11 | | 89 | 89 | | | |
| 12 | | 91 | 91 | | | |
| | | 95 | 95 | | | Will be produced** |
| | | 97 | 97 | | | Will be produced** |
| | | 98 | 98 | | | Will be produced** |
| | | 99 | 99 | | | Will be produced** |
| | | 101 | 101 | | | VH_Fed0011306 |
| | | 104 | 104 | | | VH_Fed0011308 |

---

[1]    The chart identifies Plaintiffs' challenged entries addressed in footnotes 16-17, 20-22, 26-28, 42, 53, 56, 59 to Plaintiffs' motion to compel #5.  *See* ECF No. 195.

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6]<br><br>80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1]<br><br>Item Nos. | Additional Produced<br><br>Item Nos. | Davis Graham Production on April 26, 2023<br><br>Bates Nos. | Arnold & Porter Productions<br><br>Bates Nos. |
|---|---|---|---|---|---|---|
| | | 105 | 105 | | | Will be produced**** |
| 13 | | 106 | 106 | | | |
| | | 108 | 108 | | | VH_Fed0013096 |
| | | 109 | 109 | | | VH_Fed0013098 |
| | 116 | 116 | | | VH_Fed00844 | |
| | 117 | 117 | 117 | | VH_Fed008446<br>VH_Fed008489 | |
| 14 | | 122 | 122 | | | |
| 15 | | 123 | 123 | | | |
| 16 | | 127 | 127 | | | |
| 17 | | 129 | 129 | | | |
| 18 | | 130 | 130 | | | |
| | 131 | 131 | 131 | | VH_Fed009461<br>VH_Fed009463<br>VH_Fed009464<br>VH_Fed009465 | |
| 19 | | 132 | 132 | | | |
| | 133 | 133 | 133 | | VH_Fed009466<br>VH_Fed009472<br>VH_Fed009473<br>VH_Fed009474 | |
| 20 | | 134 | 134 | | | |
| | 135 | 135 | 135 | | VH_Fed009475<br>VH_Fed009478<br>VH_Fed009479<br>VH_Fed009480 | |
| 21 | | 136 | 136 | | | |
| | | 141 | 141 | | | Will be produced*** |
| 22 | | 142 | 142 | | | Not included# |
| | | 143 | 143 | | | Will be produced*** |
| | | 145 | 145 | | | VH_Fed0010101 |
| 23 | | 146 | 146 | | | |
| 24 | | 147 | 147 | | | |
| | | 148 | 148 | | | VH_Fed0010104 |
| | | 149 | 149 | | | VH_Fed0010106 |
| | | 150 | 150 | | | VH_Fed0010108 |
| 25 | | 154 | 154 | | | |
| 26 | | 155 | 155 | | | |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
| --- | --- | --- | --- | --- | --- | --- |
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| 27 | | 156 | 156 | | | |
| 28 | | 158 | 158 | | | |
| 29 | | 162 | 162 | | | |
| 30 | | 163 | 163 | | | |
| 31 | | 164 | 164 | | | |
| | | 165 | 165 | | | VH_Fed009840 VH_Fed009843 VH_Fed009887 |
| | | 166 | 166 | | | VH_Fed009900 VH_Fed009903 VH_Fed009904 |
| | | 168 | 168 | | | VH_Fed009905 VH_Fed009907 |
| | 171 | | 171 | | | VH_Fed0010163 |
| | 172[2] | | | | | |
| | | 173 | 173 | | | Will be produced**** |
| | 174 | 174 | 174 | | VH_Fed009481 VH_Fed009485 VH_Fed009486 | |
| 32 | | 175 | 175 | | | |
| 33 | | 176 | 176 | | | Not included# |
| 34 | | 178 | 178 | | | |
| 35 | | 180 | 180 | | | |
| | | | 201 | | | Will be produced*** |
| 36 | | 202 | 202 | | | |
| 37 | | 204 | 204 | | | Not included# |
| | | 205 | 205 | | | VH_Fed0010109 |
| | | 206 | 206 | | | VH_Fed0010111 |
| 38 | | 208 | 208 | | | |
| | | 214 | 214 | | | VH_Fed0013150 |
| | | 215 | 215 | | | VH_Fed0013155 |
| | | 216 | 216 | | | VH_Fed0013159 |
| | 217 | 217 | 217 | | VH_Fed009600 | |
| | | | 218 | | | VH_Fed0013163 |

[2] The Special Master excluded Item No. 172 from production.  ECF No. 398 at 8.

3

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] 80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1] Item Nos. | Additional Produced Item Nos. | Davis Graham Production on April 26, 2023 Bates Nos. | Arnold & Porter Productions Bates Nos. |
|---|---|---|---|---|---|---|
|  | 219 |  | 219 |  | VH_Fed009663 VH_Fed009665 VH_Fed009667 VH_Fed009668 VH_Fed009669 VH_Fed009670 VH_Fed009671 |  |
| 39 |  | 220 | 220 |  |  |  |
| 40 |  | 221 | 221 |  |  |  |
| 41 |  | 222 | 222 |  |  |  |
| 42 |  | 223 | 223 |  |  |  |
| 43 |  | 224 | 224 |  |  |  |
|  |  | 228 | 228 |  |  | VH_Fed009912 VH_Fed009916 VH_Fed009917 VH_Fed009924 |
|  |  | 229 | 229 |  |  | VH_Fed009931 VH_Fed009934 VH_Fed009935 VH_Fed009942 |
|  |  | 230 | 230 |  |  | VH_Fed009949 |
|  |  | 231 | 231 |  |  | VH_Fed009949 |
|  |  | 232 | 232 |  |  | VH_Fed009949 |
|  |  | 233 | 233 |  |  | VH_Fed009949 |
|  |  | 234 | 234 |  |  | VH_Fed009949 |
|  |  | 235 | 235 |  |  | VH_Fed009952 VH_Fed009954 VH_Fed009961 VH_Fed009968 |
|  |  | 237 | 237 |  |  | VH_Fed0011317 |
|  |  | 241 | 241 |  |  | VH_Fed0013165 |
|  |  | 242 | 242 |  |  | VH_Fed0013171 |
|  |  | 243 | 243 |  |  | VH_Fed0013176 |
|  |  | 244 | 244 |  |  | VH_Fed009969 (Christie Faires) |
|  |  | 245 | 245 |  |  | VH_Fed009974 (Christie Faires) |
|  |  | 246 | 246 |  |  | VH_Fed009978 |
|  | 247 | 247 | 247 |  | VH_Fed007870 VH_Fed007874 |  |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] 80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1] Item Nos. | Additional Produced Item Nos. | Davis Graham Production on April 26, 2023 Bates Nos. | Arnold & Porter Productions Bates Nos. |
|---|---|---|---|---|---|---|
| | | 248 | 248 | | | VH_Fed009983 (Christie Faires) |
| | | 249 | 249 | | | VH_Fed009987 |
| | | 250 | 250 | | | VH_Fed009991 VH_Fed009995 VH_Fed0-10002 VH_Fed0010009 |
| | 252 | 252 | 252 | | | VH_Fed0010010 VH_Fed0010013 VH_Fed0010020 VH_Fed0010027 |
| | | 253 | 253 | | | VH_Fed0010013 VH_Fed0010020 VH_Fed0010027 |
| 44 | | 257 | 257 | | | |
| 45 | | 258 | 258 | | | |
| 46 | | 265 | 265 | | | |
| 47 | | 267 | 267 | | | |
| 48 | | 268 | 268 | | | |
| 49 | | 269 | 269 | | | |
| | | 273 | 273 | | | VH_Fed0010072 |
| 50 | | 276 | 276 | | | |
| 51 | | 278 | 278 | | | |
| 52 | | 279 | 279 | | | |
| 53 | | 283 | 283 | | | |
| | | 285 | 285 | | | VH_Fed0010069 |
| | | 287 | 287 | | | VH_Fed0010114 |
| | | | | 290 | | Will be produced** |
| 54 | | 291 | 291 | | | Not included# |
| | | 293[3] | | | | |
| 55 | | 297 | 297 | | | |
| | | 298 | 298 | | | VH_Fed009909 VH_Fed009910 VH_Fed009911 |
| 56 | | 300 | 300 | | | Not included# |
| 57 | | 301 | 301 | | | |
| | | 303 | 303 | | | Will be produced** |

---

[3]   The Special Master excluded Item No. 293 from production.  ECF No. 398 at 8.

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] 80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1] Item Nos. | Additional Produced Item Nos. | Davis Graham Production on April 26, 2023 Bates Nos. | Arnold & Porter Productions Bates Nos. |
|---|---|---|---|---|---|---|
| | | 304 | 304 | | | Will be produced** |
| | | 305 | 305 | | | Will be produced** |
| | | 308 | 308 | | | VH_Fed0010123 |
| | | 309 | 309 | | | VH_Fed0013223 |
| | | 310 | 310 | | | VH_Fed0011325 |
| 58 | | 311 | 311 | | | |
| 59 | | 313 | 313 | | | |
| | | 317 | 317 | | | VH_Fed0010070 |
| | 320 | 320 | 320 | | VH_Fed008214 VH_Fed008215 | |
| | 321 | | 321 | | VH_Fed009522 VH_Fed009524 | |
| | 322 | | 322 | | VH_Fed007822 (Christie Faires) | |
| | 323 | | 323 | | VH_Fed007822 | |
| | 324 | | 324 | | VH_Fed007822 (Christie Faires) | |
| | 325 | | 325 | | VH_Fed007822 (Christie Faires) | |
| | | 326 | 326 | | | Will be produced** |
| | | | 327 | | | Will be produced** |
| | | | 328 | | | Will be produced** |
| | 329 | 329 | 329 | | VH_Fed007822 VH_Fed007827 VH_Fed007829 | |
| | 330 | | 330 | | VH_Fed009564 | |
| | 331 | | 331 | | VH_Fed009564 | |
| | 332 | | 332 | | VH_Fed009564 VH_Fed009566 VH_Fed009568 VH_Fed009606 | |
| | 333 | | 333 | | VH_Fed009612 VH_Fed009614 VH_Fed009616 VH_Fed009654 | |
| | | 334 | 334 | | | VH_Fed009908 |
| | | | | 336 | | VH_Fed0010044 |
| | | | 337 | | | VH_Fed0010044 |
| | | | 338 | | | VH_Fed0010044 |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|---|---|---|---|---|---|---|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| | | | 339 | | | VH_Fed0010044 VH_Fed0010047 |
| | 340 | | 340 | | VH_Fed007893 VH_Fed007898 VH_Fed007902 VH_Fed007903 VH_Fed007911 VH_Fed007913 VH_Fed007918 VH_Fed007919 | |
| | | 341 | 341 | | | VH_Fed0010048 |
| | | | 342 | | | VH_Fed0010048 |
| | | | 343 | | | Will be produced** |
| | | | 344 | | | Will be produced** |
| | 345 | | 345 | | | VH_Fed0010048 |
| | | | 346 | | | Will be produced** |
| | | | 347 | | | Will be produced** |
| | | | 348 | | | Will be produced** |
| | | | 349 | | | Will be produced** |
| | | | 350 | | | Will be produced** |
| | | | 351 | | | Will be produced** |
| | | | 352 | | | VH_Fed0010048 VH_Fed0010053 VH_Fed0010054 VH_Fed0010062 |
| 60 | | 353 | 353 | | | Not included |
| 61 | | 355 | 355 | | | |
| 62 | | 359 | 359 | | | |
| 63 | | 360 | 360 | | | |
| 64 | | 363 | 363 | | | |
| 65 | | 365 | 365 | | | |
| | | 370 | 370 | | | VH_Fed0010093 |
| | | 371 | 371 | | | VH_Fed0011310 |
| | 372 | | 372 | | VH_Fed008159 | |
| | 373 | 373 | 373 | | VH_Fed008163 | |
| | 374 | | 374 | | VH_Fed008686 VH_Fed008690 | |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|---|---|---|---|---|---|---|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| | 375 | | 375 | | VH_Fed008903 VH_Fed008907 VH_Fed008912 VH_Fed008925 VH_Fed008961 VH_Fed009174 | |
| | 376 | | 376 | | VH_Fed009350 VH_Fed009352 VH_Fed009357 | |
| | | 377 | 377 | | | VH_Fed0013103 |
| | | | | 378 | | VH_Fed0013107 |
| | 379 | | 379 | | VH_Fed009370 | |
| | 380 | | 380 | | VH_Fed009370 | |
| | 381 | | 381 | | VH_Fed009370 | |
| | | 382 | 382 | | | Will be produced** |
| | 383 | | 383 | | VH_Fed009374 VH_Fed009376 VH_Fed009381 VH_Fed009394 | |
| | 384 | | 384 | | VH_Fed009430 VH_Fed009432 VH_Fed009437 | |
| 66 | | 385 | 385 | | | Not included# |
| | | 386 | 386 | | | Will be produced** |
| | | | 388 | | | VH_Fed0010078 |
| | | | 389 | | | VH_Fed0010081 |
| | | | 390 | | | VH_Fed0010084 |
| | | 391 | 391 | | | Will be produced** |
| | | 392 | 392 | | | Will be produced** |
| | | | 393 | | | VH_Fed0010153 |
| | | | 394 | | | VH_Fed0010156 |
| | | 395 | 395 | | | Will be produced** |
| | 396 | | 396 | | VH_Fed007945 VH_Fed007946 VH_Fed007949 | |
| | 397 | | 397 | | VH_Fed008364 VH_Fed008366 VH_Fed008369 | |
| | | | 398 | | | VH_Fed0011321 |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|-----|---------------|----------------|---------------|----------------|---------------|----------------|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| | | 399 | 399 | | VH_Fed008403 VH_Fed008404 VH_Fed008407 | |
| | | | 400 | | | VH_Fed0013195 |
| | | | 401 | | | VH_Fed0013192 VH_Fed0013182 |
| 67 | | 409 | 409 | | | Not included# |
| 68 | | 414 | 414 | | | |
| | | | 417 | | | VH_Fed0010075 |
| | | | 418 | | | VH_Fed0010077 |
| | | | 419 | | | VH_Fed0010148 |
| | | | 420 | | | VH_Fed0011327 |
| 69 | | 421 | 421 | | | |
| 70 | | 423 | 423 | | | |
| 71 | | 425 | 425 | | | |
| | 427 | 427 | 427 | | VH_Fed008168 | |
| | 428 | 428 | 428 | | VH_Fed008168 VH_Fed008170 | |
| | 429 | 429 | 429 | | VH_Fed008173 | |
| | 430 | | 430 | | VH_Fed009450 | |
| | 431 | 431 | 431 | | VH_Fed009450 | |
| | 432 | 432 | 432 | | VH_Fed009450 VH_Fed009454 VH_Fed009457 | |
| | 433 | 433 | 433 | | VH_Fed007935 VH_Fed007936 | |
| | 434 | | 434 | | VH_Fed007983 VH_Fed007985 | |
| | 435 | 435 | 435 | | VH_Fed007994 VH_Fed007996 | |
| | 436 | | 436 | | VH_Fed008005 VH_Fed008007 | |
| | 437 | 437 | 437 | | VH_Fed008016 VH_Fed008018 | |
| | 438 | 438 | 438 | | VH_Fed008114 VH_Fed008115 VH_Fed008116 | |
| | 439 | | 439 | | VH_Fed008534 VH_Fed008536 | |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|---|---|---|---|---|---|---|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| | 440 | | 440 | | VH_Fed008579 VH_Fed008580 | |
| | 441 | | 441 | | VH_Fed008623 VH_Fed008624 | |
| | | 443 | 443 | | | Will be produced** |
| | | 444 | 444 | | | Will be produced** |
| | | 445 | 445 | | | Will be produced** |
| | | 447 | 447 | | | Will be produced** |
| | | 449 | 449 | | | Will be produced** |
| 72 | | 450 | 450 | | | |
| 73 | | 452 | 452 | | | |
| 74 | | 453 | 453 | | | |
| 75 | | 455 | 455 | | | |
| | 456 | 456 | 456 | | VH_Fed008251 VH_Fed008252 | |
| | 457 | 457 | 457 | | VH_Fed009672 VH_Fed009674 | |
| | 458 | | 458 | | VH_Fed008667 | |
| | 459 | 459 | 459 | | VH_Fed008667 | |
| | 460 | 460 | 460 | | VH_Fed008667 | |
| | 461 | 461 | 461 | | VH_Fed008667 | |
| | 462 | 462 | 462 | | VH_Fed008667 | |
| | 463 | 463 | 463 | | VH_Fed008667 | |
| | 464 | 464 | 464 | | VH_Fed008667 | |
| | 465 | 465 | 465 | | VH_Fed008667 | |
| | 466 | 466 | 466 | | VH_Fed008667 | |
| | 467 | 467 | 467 | | VH_Fed008667 | |
| | 468 | | 468 | | VH_Fed008667 VH_Fed008673 | |
| | 470 | | 470 | | VH_Fed009560 VH_Fed009562 VH_Fed009563 | |
| | 473 | | 473 | | VH_Fed009712 VH_Fed009713 VH_Fed009714 | VH_Fed0013197 VH_Fed0013198 VH_Fed0013202 VH_Fed0013203 VH_Fed0013204 |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|---|---|---|---|---|---|---|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| | 474 | | 474 | | VH_Fed009736 VH_Fed009737 VH_Fed009741 VH_Fed009764 VH_Fed009772 VH_Fed009822 VH_Fed009824 VH_Fed009829 VH_Fed009837 | |
| 76 | | 478 | 478 | | | |
| 77 | | 479 | 479 | | | |
| 78 | | 480 | 480 | | | |
| 79 | | 481 | 481 | | | |
| 80 | | 482 | 482 | | | |
| 81 | | | 483 | | | |
| 82 | | 484 | 484 | | | |
| 83 | | | 485 | | | |
| 84 | | | 486 | | | |
| 85 | | | 487 | | | |
| 86 | | | 488 | | | |
| 87 | | 489 | 489 | | | |
| 88 | | 490 | 490 | | | |
| 89 | | | 491 | | | |
| 90 | | | 492 | | | |
| 91 | | | 493 | | | |
| 92 | | | 494 | | | |
| 93 | | | 495 | | | |
| 94 | | | 496 | | | |
| 95 | | | 498 | | | |
| 96 | | | 499 | | | |
| 97 | | | 500 | | | |
| 98 | | | 501 | | | |
| 99 | | | 502 | | | |
| | 504 | | 504 | | VH_Fed007831 VH_Fed007833 VH_Fed007836 | |
| 100 | | | 505 | | | |
| 101 | | | 506 | | | |

11

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] | | Plaintiffs' Identification[1] | Additional Produced | Davis Graham Production on April 26, 2023 | Arnold & Porter Productions |
|---|---|---|---|---|---|---|
| | 80 Item Nos. | 238 Item Nos. | Item Nos. | Item Nos. | Bates Nos. | Bates Nos. |
| 102 | | | 507 | | | |
| 103 | | | 508 | | | |
| 104 | | | 509 | | | |
| 105 | | | 510 | | | |
| 106 | | | 511 | | | |
| 107 | | | 512 | | | |
| 108 | | | 513 | | | |
| 109 | | | 514 | | | |
| 110 | | | 515 | | | |
| 111 | | | 516 | | | |
| 112 | | | 517 | | | |
| | | 518 | 518 | | | VH_Fed0010067 VH_Fed0010068 |
| 113 | | | 519 | | | |
| 114 | | | 520 | | | |
| 115 | | | 521 | | | |
| 116 | | 522 | 522 | | | |
| 117 | | 523 | 523 | | | |
| 118 | | 524 | 524 | | | |
| 119 | | 525 | 525 | | | |
| 120 | | 526 | 526 | | | |
| 121 | | | 527 | | | |
| | 529 | | 529 | | VH_Fed007925 VH_Fed007926 | |
| 122 | | | 530 | | | |
| | | 533 | 533 | | | VH_Fed0010088 |
| | | 535 | 535 | | | Will be produced** |
| | | 536 | 536 | | | VH_Fed0010089 VH_Fed0010090 |
| | | 537 | 537 | | | VH_Fed0010091 |
| | | 538 | 538 | | | VH_Fed0010113 |
| 123 | | 539 | 539 | | | |
| | | 540 | 540 | | | Will be produced** |
| | | 541 | 541 | | | VH_Fed0010125 VH_Fed0010126 |
| 124 | | 542 | 542 | | | |

**PLAINTIFFS' ANALYSIS OF PRIVILEGE LOG ENTRIES
SUBJECT TO SPECIAL MASTER ORDER #5**

| No. | Vail Health's Objection To SM Order #5 [ECF 414 at 6] 80 Item Nos. | 238 Item Nos. | Plaintiffs' Identification[1] Item Nos. | Additional Produced Item Nos. | Davis Graham Production on April 26, 2023 Bates Nos. | Arnold & Porter Productions Bates Nos. |
|---|---|---|---|---|---|---|
|  | 544 |  | 544 |  | VH_Fed008028 VH_Fed008030 VH_Fed008066 VH_Fed008067 VH_Fed008110 VH_Fed008111 |  |
|  |  | 545 | 545 |  |  | Will be produced** |
|  |  | 551 | 551 |  |  | VH_Fed0010175 |
|  |  | 552 | 552 |  |  | Will be produced** |
|  |  | 553 | 553 |  |  | Will be produced** |
|  | 554 | 554 | 554 |  |  | VH_Fed0010180 |
| 125 |  | 556 | 556 |  |  |  |
|  | 559 |  | 559 |  | VH_Fed008164 VH_Fed008165 |  |
|  | 560 | 560 | 560 |  | VH_Fed008177 VH_Fed008178 |  |
|  | 562 | 562 | 562 |  | VH_Fed008290 VH_Fed008292 |  |
|  | 563 | 563 | 563 |  | VH_Fed008326 VH_Fed008327 VH_Fed008330 |  |
|  | 564 |  | 564 |  | VH_Fed008441 VH_Fed008443 |  |
|  |  | 565 | 565 |  |  | VH_Fed0013100 |
|  |  | 566 | 566 |  |  | VH_Fed0013102 |
| 126 |  | 570 | 570 |  |  |  |
|  | 571 | 571 | 571 |  | VH_Fed008490 VH_Fed008491 |  |
|  |  |  | 572 |  |  | VH_Fed0013100 VH_Fed0013102 |
| 127 |  | 573 | 573 |  |  |  |

| SUMMARY CHART | |
|---|---|
| **Total To Be Produced** | 327 |
| Produced By Vail Health (Davis Graham) | 74 |
| Produced By Vail Health (Arnold & Porter) | 131 |
| Produced But Not Challenged By Plaintiffs | <5> |
| **Total Not Produced** | 127 |