

# Exhibit 16

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, September 6, 2023 3:59 PM |
| **To:** | Schultz, Leah |
| **Cc:** | alkildow@aol.com; O'Brien, Colin M.; Rothstein, Evan M. |
| **Subject:** | Re: Sports Rehab Consulting LLC v. Vail Health |
| **Attachments:** | 2023-09-06 Pls Revisions to Vail Health's SM Notice re Motion to Compel #5.docx |

Leah,

Attached are Plaintiffs' revisions to your draft.

Sonya

On Wed, Sep 6, 2023 at 2:43 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya -

We need a clear order from the Special Master—not a stipulation of the parties— to confirm that the Special Master intended his previous order to apply to the documents identified in Exhibit 1.  This order needs to be on the record.  These are privileged documents.  We cannot produce these documents without a record order confirming the Special Master's intent.  The Special Master indicated he was willing to enter such an order, and we drafted an order to that effect so that we could send it to the Special Master, have it entered, produce the documents, and be done with it.  If you can agree to the draft proposed order, to assuage your concerns about appeals, we will specifically note in our email to the Special Master that Vail Health will not appeal this order and ask the Special Master to enter it as promptly as possible so that we can produce these documents with our September 8 production.

We can continue to fight over this and draw it out or we can move forward.  That's up to you.  We have told you that we will produce the documents, which is what you say you want, but we need the order entered first.

We have again reattached the order we circulated last week for reference.

Thanks

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755

1

T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 12:45 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Please explain why you "need an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1." Our proposal had the Special Master confirming that. You also state that: "We also have made clear that Vail Health would not appeal the draft order we proposed." The order that you sent on Friday did not say that, and we did not receive an attachment to the email that was just sent.

Sonya

On Wed, Sep 6, 2023 at 12:34 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya -

We do not agree to this draft stipulation, and we do not understand its purpose. A stipulation ignores what we discussed with the Special Master, what we discussed at our conferral on Friday, and dispenses with our draft order entirely. We made clear that we need an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1. We also have made clear that Vail Health would not appeal the draft order we proposed. While the inclusion of that in a draft order of the Special Master would be inappropriate and misplaced, we do not think the district court would look upon us kindly if we reneged on what we have now confirmed in two separate emails.

If the true purpose of this is the pursuit of these materials from a substantive perspective, Plaintiffs should have no problem entering our proposed Order. We are committed to producing the documents by September 8, avoiding any further appeals, and moving on. We can only do so if the Special Master enters the proposed draft we circulated last week. If you insist on extended back-and-forth on edits or on adopting a wholesale different approach to the order (*e.g.*, your draft stipulation), this matter is going to continue to drag out, delaying your receipt of any document. In

that instance, we will no choice but to reserve our right to appeal the privilege dispute to the district court. If you have specific—and neutral—edits to the draft proposed order (re-attached), please let us know and we will be happy to consider them, but we need to get this submitted to the Special Master today if you wish to facilitate a production by September 8.

Let us know.

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 9:45 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Attached is Plaintiffs' response to Vail Health's proposed order.

Sonya

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

and LINDSAY WINNINGER, an individual,

       Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

       Defendant.

---

**[PROPOSED] SPECIAL MASTER'S NOTICE CONFIRMING SCOPE OF REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL #5**

---

This matter comes before the Special Master in connection with the Special Master's Report and Recommendation Regarding Motion to Compel #5 ("~~Recommendation~~ Report #5), which the Special Master issued on October 21, 2022 (D. 398). On March 13, 2023, Magistrate Judge Gallagher ~~affirmed~~ adopted ~~Recommendation~~ Report #5 in its entirety(D. 457). ~~This matter was subsequently transferred to Magistrate Judge Crews.~~ At a hearing on April 26, 2023, Magistrate Judge Crews authorized the parties to seek the Special Master's clarification ~~and confirmation~~ as to the intended scope of ~~Recommendation~~ Report #5, as affirmed by Judge Gallagher. *See* Tr. at 50:3–7 ("So when you all go back to work with Judge Ruckriegle, whatever he tells you is the intended scope, or is the scope of that order with regard to the attorney/client privilege documents, that is the scope. That is the answer of this Court in terms of the clarification of that order."). ~~Vail Health and Plaintiffs subsequently requested that the Special Master confirm the scope of Recommendation #5.~~

During an August 25, 2023 conference with the parties, the Special Master reconfirmed the scope of Report ~~In Recommendation~~ #5, ~~the Special Master found~~ that Vail Health's privilege log, briefing, and argument ~~submitted by Vail Health's prior counsel, Davis, Graham, and Stubbs,~~ did not ~~contain the requisite specificity to~~ meet Vail Health's burden of proof to establish attorney-client privilege over the documents for which Plaintiffs sought to compel production. *See, e.g.*, ECF 398 at 5 ("The Special Master finds that, as a general matter, Vail Health's presentation with regard to the items the Plaintiffs seek to compel is insufficiently specific to establish its claims of attorney-client privilege."). ~~The Special Master made this finding as to each of the four categories of "business valuation" documents challenged by Plaintiffs. See, e.g., id. at 4–7 (Attorney-Client Communications); id. at 8–12 (Client-to-client communications); id. at 12–17 (Attorney-Appraiser-Client & Appraiser-Client communications). In light of the Special Master's finding~~

Field Code Changed

~~that Vail Health failed to satisfy its burden to establish privilege, the Special Master issued a recommendation that Vail Health disclose the documents challenged by Plaintiffs.  *See, e.g.*, ECF No. 398 at 7, 12, 13, 21.~~

The Special Master hereby <u>re</u>confirms that ~~this~~ <u>the</u> findings in ~~Recommendation~~ <u>Report</u> #5 applied to ~~all of~~ the <u>items challenged by Plaintiffs, including the remaining</u> items <u>not yet produced as</u> identified <u>in the attached</u> Exhibit 1.  Accordingly, Vail Health~~, through previous counsel, Davis, Graham, and Stubbs, waived privilege as to these specific documents and~~ must ~~disclose~~ <u>produce</u> th<u>e entries on Exhibit 1</u> ~~em within 5 days after the issuance of this Notice~~<u>on or before September 8, 2023</u>.

**Dated:** September ___, 2023

_____

W. Terry Ruckriegle
Special Master

Field Code Changed