# Exhibit 17

| | |
|---|---|
| **From:** | Schultz, Leah <Leah.Schultz@arnoldporter.com> |
| **Sent:** | Thursday, September 7, 2023 2:09 PM |
| **To:** | sonya braunschweig |
| **Cc:** | alkildow@aol.com; O'Brien, Colin M.; Rothstein, Evan M. |
| **Subject:** | RE: Sports Rehab Consulting LLC v. Vail Health |

Sonya,

That's exactly the point.

We understood from the conference that the Special Master intended to find that Vail Health waived its right to withhold these documents based on a privilege claim precisely because DGS had failed to provide adequate privilege log descriptions and failed to present evidence sufficient to establish privilege. That's waiver and the *Peat* case you cite similarly discusses this as waiver in quoting the district court. *Peat, Marwick, Mitchell & Co. v.* 748 F.2d 540, 542 (10th Cir. 1984) ("'Moreover, the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient. Here, the Peat, Marwick defendants' failure to comply with Rule 34 constitutes a waiver of any objection, and their failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate.'") (citations omitted).  In our draft proposed order, we have already cited and quoted specific parts of the Special Master's Order No. 5 related to his findings about the inadequacy of the privilege log and evidence submitted by DGS.

Again, if we have misunderstood the Special Master, and the Special Master did not intend to find a privilege waiver, Vail Health would still have the right to withhold these documents as privileged and Vail Health will exercise that right. Unfortunately, however, we understood the Special Master as intending to apply his waiver-related findings in Order No. 5 to these documents.  We want to comply with the Special Master and move forward, which is why we are prepared to produce these documents upon entry of our draft order confirming his intended scope of Order No. 5.

Please talk with Alan and get back with us.

_____

Leah Schultz
Associate | Bio

## Arnold & Porter

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Thursday, September 7, 2023 11:45 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Your characterization that privilege has been waived assumes the Special Master found them to be privileged, he did not. No evidence was produced in response to Plaintiffs' motion to compel proving that they were privileged. *See, e.g.,* ECF No. 398 at 6-7; *Peat, Marwick, Mitchell & Co. v.* 748 F.2d 540, 542 (10th Cir. 1984).

Please identify in Special Master Order #5 and the March 13 Order where the items identified in Exhibit 1--the remaining logged entries subject to Order #5--were deemed to be privileged in the first instance and that the Special Master and Magistrate Judge then found Vail Health (through its prior counsel) had waived privilege.

Alan is out of the office until late afternoon, and I will discuss this with him upon his return.

Sonya

On Thu, Sep 7, 2023 at 11:11 AM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya,

We disagree with you, and we do not understand why you are insisting on fighting us here.

The only legal basis by which Vail Health could be ordered to produce the privileged documents identified in Exhibit 1 is based on a finding by the Special Master that Vail Health waived privilege as to those documents.  We raised this issue with the Special Master in our conference the other week. Our understanding from that conference was that the Special Mater viewed Vail Health as waiving privilege on these documents because DGS failed to provide sufficient specificity in the privilege log and failed to otherwise establish privilege in its briefing and arguments.  In our draft proposed order, we cited specific parts of his previous opinion on this issue.

If, as you claim, the Special Master did not find a waiver of privilege as to these documents, we would need to appeal to the district court any purported obligation to disclose the privileged documents.  Absent a finding of waiver, there would be no basis to require the disclosure of privileged documents.  We suspect the district court would agree and would remand the issue to the Special Master to make a determination of waiver as to these specific documents. We are trying to cut through that process because we understood from the conference the other week that the Special Master had intended to find a waiver as to these specific documents for the reasons set forth in our draft proposed order. If you disagree and believe that the Special Master did not find, and did not intend to find, a privilege waiver as to these documents, then we will need to seek further clarification from the Special Master.

If we need to go back to the Special Master and/or appeal to the district court, so be it.  But we have committed to producing these documents without appeal promptly upon entry of our draft proposed order confirming a waiver finding as to these documents.  It seems to us Plaintiffs are more interested in continuing to pick fights than get the documents they purport to want produced.

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 7:28 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Your addition of waiver does not comport with Special Master Order #5, the March 13 Order of Judge Gallagher, or the Special Master's recent comments regarding the intent or construction of that Order.  Plaintiffs do not agree with your draft.

Sonya

On Wed, Sep 6, 2023 at 7:15 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya –

Our proposed revisions to the order are attached in a clean and redlined version. As we have stated in our conferrals, emails, and as we conveyed to the Special Master, we need this order to reflect the Special Master's confirmation that his Report No. 5 intended to find waiver as to the documents listed in Exhibit 1 before we are in a position to produce those documents as we believe they are privileged. Without that inclusion, we cannot agree. We will strive to produce the documents on Exhibit 1 as quickly as possible once the Special Master signs this order, but the timing of production must be tied to the Special Master's entry of the order—and the more prolonged back-and-forth we have, the more difficult it will be to get the order entered and the production run for September 8.

Let us know if you accept the order as currently drafted and we will send to the Special Master.

3

_____

Leah Schultz
Associate | Bio


700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**UNITED STATES DISTRICT COURT**
*DISTRICT OF COLORADO*

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

and LINDSAY WINNINGER, an individual,

       Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

       Defendant.

_____

**[PROPOSED] SPECIAL MASTER'S NOTICE CONFIRMING SCOPE OF REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL #5**

_____

    This matter comes before the Special Master in connection with the Special Master's Report and Recommendation Regarding Motion to Compel #5 ("Report #5), which the Special Master issued on October 21, 2022 (D. 398).  On March 13, 2023, Magistrate Judge Gallagher - adopted Report #5 in its entirety(D. 457).  At a hearing on April 26, 2023, Magistrate Judge Crews authorized the parties to seek the Special Master's clarification as to the intended scope of Report #5, as affirmed by Judge Gallagher.  *See* Tr. at 50:3–7 ("So when you all go back to work with Judge Ruckriegle, whatever he tells you was the intended scope, or is the scope of that order with regard to the attorney/client privilege documents, that is the scope.  That is the answer of this Court in terms of the clarification of that order.").  Vail Health subsequently requested that the Special Master confirm the scope of Recommendation #5.

    During an August 25, 2023 conference with the parties, the Special Master reconfirmedconfirmed the scope of Report #5.  The Special Master found that Vail Health's privilege log, briefing, and argument submitted by Vail Health's prior counsel, Davis, Graham, and Stubbs, did not contain the requisite specificity to meet Vail Health's burden of proof to establish attorney-client privilege over the documents for which Plaintiffs sought to compel production.  *See, e.g.*, ECF 398 at 5 ("The Special Master finds that, as a general matter, Vail Health's presentation with regard to the items the Plaintiffs seek to compel is insufficiently specific to establish its claims of attorney-client privilege.").  The Special Master made this finding as to each of the four categories of "business valuation" documents challenged by Plaintiffs.  *See, e.g., id.* at 4–7 (Attorney-Client Communications); *id.* at 8–12 (Client-to-client communications); *id.* at 12–17 (Attorney-Appraiser-Client & Appraiser-Client communications).  In light of the Special Master's finding that Vail Health failed to satisfy its burden to establish privilege, the Special

**Field Code Changed**

Master issued a recommendation that Vail Health disclose the documents challenged by Plaintiffs. *See, e.g.*, ECF No. 398 at 7, 12, 13, 21.

The Special Master hereby ~~reconfirms~~confirms that the findings in Report #5 applied to ~~the items challenged by Plaintiffs, including~~ the remaining items not yet produced as identified in the attached Exhibit 1.  Accordingly, Vail Health, through previous counsel, Davis, Graham, and Stubbs, waived privilege as to these specific documents and must ~~produce~~disclose the entries on Exhibit 1 ~~on or before September 8, 2023~~within 3 business days after the issuance of this Notice.
.

**Dated:** September __, 2023

_____
W. Terry Ruckriegle
Special Master

Field Code Changed

US 174470863v4