

# Exhibit 18

| From: | Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com> |
|-------|-------------------------------------------------------|
| Sent: | Tuesday, September 12, 2023 7:06 PM |
| To: | Terry Ruckriegle; ruckriegle, terry |
| Cc: | O'Brien, Colin M.; Schultz, Leah; Sullivan, Sam; Pisano, Francesca; alkildow@aol.com; sonya braunschweig |
| Subject: | Sports Rehab v Vail Health [19-2075]--MTC #5 re privilege |
| Attachments: | Exhibit A - Vail Health's Conferral with Pltfs.pdf; SRC_Vail - Special Master Confirmation Order re Motion to Compel No. 5 with Exhibit(174528238.1).docx; Exhibit B - 9.12 Email from A. Kildow re Order No. 5.pdf |

Dear Judge Ruckriegle:

We write (including Plaintiffs' counsel) on behalf of Vail Health to close out one of the issues raised at the status conference on August 25. To that end, we request that the Special Master formally enter the attached proposed order (Word) confirming the intended scope of Order No. 5.

As we discussed on August 25, Vail Health and Plaintiffs sought clarification as to the scope of Order No. 5—specifically, to confirm whether the Special Master had intended to require Vail Health to disclose the documents identified in Exhibit 1 (attached to draft order) due to a finding of waiver based on the lack of specificity in the privilege log, briefing, and arguments presented to the Special Master by Vail Health's prior counsel. We understood from our discussion on August 25 that the Special Master had so intended. As we explained at the conference, Vail Health is prepared to comply with the Special Master's intent and produce these documents. Given Vail Health's contention that these documents are privileged, however, Vail Health asked that the Special Master enter an order on the record formally confirming Order No. 5's findings as to waiver also applied to these documents. Vail Health understood that the Special Master was open to doing so and directed the parties to confer on a joint submission.

Vail Health prepared its draft order and circulated it to Plaintiffs on September 1. Vail Health and Plaintiffs are in agreement that the affected documents are those identified in Exhibit 1. For reasons unknown, however, Plaintiffs were unwilling to agree the joint submission of the draft proposed order itself. As Vail Health advised Plaintiffs, Vail Health is willing to produce the documents identified in Exhibit 1 within 3 business days of the Special Master's entry of this order and Vail Health will not appeal this draft proposed order. Nonetheless, Plaintiffs refused.

Vail Health's correspondence with Plaintiffs is attached. As reflected in this correspondence, Vail Health spent several days trying to prepare a joint submission to the Special Master. Instead of responding to Vail Health's substantive email on the need for an order confirming waiver, which Vail Health sent last week, Plaintiffs instead threatened to file a sanctions motions against Vail Health earlier today—despite Vail Health's efforts to put this issue to rest.

Accordingly, while mindful of the admonition to avoid motions by email, Vail Health felt it necessary to reach out in an effort to *avoid* further motions' practice. Vail Health does not believe further motions practice is to anyone's benefit, but an appropriate record is necessary before Vail Health can proceed with its production. Vail Health remains ready to produce the subject documents without objection or appeal upon entry of the attached order.

Vail Health thus respectfully asks that the Special Master enter this draft proposed order so that Vail Health can have the necessary record, produce the documents, and the parties can put an end to this discovery dispute.


Kind regards,

Evan


_____

Evan Rothstein

Partner | Bio

## Arnold & Porter

1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2569
T: +1 303.863.2308
Evan.Rothstein@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com



**Exhibit A**

**Schultz, Leah**

---

| | |
|---|---|
| **From:** | Schultz, Leah |
| **Sent:** | Thursday, September 7, 2023 2:09 PM |
| **To:** | sonya braunschweig |
| **Cc:** | alkildow@aol.com; O'Brien, Colin M.; Rothstein, Evan M. |
| **Subject:** | RE: Sports Rehab Consulting LLC v. Vail Health |

Sonya,

That's exactly the point.

We understood from the conference that the Special Master intended to find that Vail Health waived its right to withhold these documents based on a privilege claim precisely because DGS had failed to provide adequate privilege log descriptions and failed to present evidence sufficient to establish privilege. That's waiver and the *Peat* case you cite similarly discusses this as waiver in quoting the district court. *Peat, Marwick, Mitchell & Co. v.* 748 F.2d 540, 542 (10th Cir. 1984) ("'Moreover, the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient. Here, the Peat, Marwick defendants' failure to comply with Rule 34 constitutes a waiver of any objection, and their failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate.'") (citations omitted).  In our draft proposed order, we have already cited and quoted specific parts of the Special Master's Order No. 5 related to his findings about the inadequacy of the privilege log and evidence submitted by DGS.

Again, if we have misunderstood the Special Master, and the Special Master did not intend to find a privilege waiver, Vail Health would still have the right to withhold these documents as privileged and Vail Health will exercise that right. Unfortunately, however, we understood the Special Master as intending to apply his waiver-related findings in Order No. 5 to these documents.  We want to comply with the Special Master and move forward, which is why we are prepared to produce these documents upon entry of our draft order confirming his intended scope of Order No. 5.

Please talk with Alan and get back with us.

_____

Leah Schultz
Associate | Bio

**Arnold&Porter**
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Thursday, September 7, 2023 11:45 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

1

Your characterization that privilege has been waived assumes the Special Master found them to be privileged, he did not. No evidence was produced in response to Plaintiffs' motion to compel proving that they were privileged. *See, e.g.,* ECF No. 398 at 6-7; *Peat, Marwick, Mitchell & Co. v.* 748 F.2d 540, 542 (10th Cir. 1984).

Please identify in Special Master Order #5 and the March 13 Order where the items identified in Exhibit 1--the remaining logged entries subject to Order #5--were deemed to be privileged in the first instance and that the Special Master and Magistrate Judge then found Vail Health (through its prior counsel) had waived privilege.

Alan is out of the office until late afternoon, and I will discuss this with him upon his return.

Sonya

On Thu, Sep 7, 2023 at 11:11 AM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

> Sonya,
>
> We disagree with you, and we do not understand why you are insisting on fighting us here.
>
> The only legal basis by which Vail Health could be ordered to produce the privileged documents identified in Exhibit 1 is based on a finding by the Special Master that Vail Health waived privilege as to those documents.  We raised this issue with the Special Master in our conference the other week. Our understanding from that conference was that the Special Mater viewed Vail Health as waiving privilege on these documents because DGS failed to provide sufficient specificity in the privilege log and failed to otherwise establish privilege in its briefing and arguments.  In our draft proposed order, we cited specific parts of his previous opinion on this issue.
>
> If, as you claim, the Special Master did not find a waiver of privilege as to these documents, we would need to appeal to the district court any purported obligation to disclose the privileged documents.  Absent a finding of waiver, there would be no basis to require the disclosure of privileged documents.  We suspect the district court would agree and would remand the issue to the Special Master to make a determination of waiver as to these specific documents. We are trying to cut through that process because we understood from the conference the other week that the Special Master had intended to find a waiver as to these specific documents for the reasons set forth in our draft proposed order. If you disagree and believe that the Special Master did not find, and did not intend to find, a privilege waiver as to these documents, then we will need to seek further clarification from the Special Master.
>
> If we need to go back to the Special Master and/or appeal to the district court, so be it.  But we have committed to producing these documents without appeal promptly upon entry of our draft proposed order confirming a waiver finding as to these documents.  It seems to us Plaintiffs are more interested in continuing to pick fights than get the documents they purport to want produced.
>
> _____
> Leah Schultz
> Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 7:28 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Your addition of waiver does not comport with Special Master Order #5, the March 13 Order of Judge Gallagher, or the Special Master's recent comments regarding the intent or construction of that Order.  Plaintiffs do not agree with your draft.

Sonya

On Wed, Sep 6, 2023 at 7:15 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya –

Our proposed revisions to the order are attached in a clean and redlined version. As we have stated in our conferrals, emails, and as we conveyed to the Special Master, we need this order to reflect the Special Master's confirmation that his Report No. 5 intended to find waiver as to the documents listed in Exhibit 1 before we are in a position to produce those documents as we believe they are privileged. Without that inclusion, we cannot agree. We will strive to produce the documents on Exhibit 1 as quickly as possible once the Special Master signs this order, but the timing of production must be tied to the Special Master's entry of the order—and the more prolonged back-and-forth we have, the more difficult it will be to get the order entered and the production run for September 8.

Let us know if you accept the order as currently drafted and we will send to the Special Master.

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 3:59 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Attached are Plaintiffs' revisions to your draft.

Sonya

On Wed, Sep 6, 2023 at 2:43 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya -

We need a clear order from the Special Master—not a stipulation of the parties— to confirm that the Special Master intended his previous order to apply to the documents identified in Exhibit 1.  This order needs to be on the record.  These are privileged documents.  We cannot produce these documents without a record order confirming the Special Master's intent.  The Special Master indicated he was willing to enter such an order, and we drafted an order to that effect so that we could send it to the Special Master, have it entered, produce the documents, and be done with it.  If you can agree to the draft proposed order, to assuage your concerns about appeals, we will specifically note in our email to the Special Master that Vail Health will not appeal this order and ask the Special Master to enter it as promptly as possible so that we can produce these documents with our September 8 production.

4

We can continue to fight over this and draw it out or we can move forward.  That's up to you.  We have told you that we will produce the documents, which is what you say you want, but we need the order entered first.

We have again reattached the order we circulated last week for reference.

Thanks

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 12:45 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Please explain why you "need an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1."  Our proposal had the Special Master confirming that.  You also state that: "We also have made clear that Vail Health would not appeal the draft order we proposed."  The order that you sent on Friday did not say that, and we did not receive an attachment to the email that was just sent.

Sonya

On Wed, Sep 6, 2023 at 12:34 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

  Sonya -

We do not agree to this draft stipulation, and we do not understand its purpose.  A stipulation ignores what we discussed with the Special Master, what we discussed at our conferral on Friday, and dispenses with our draft order entirely. We made clear that we need an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1. We also have made clear that Vail Health would not appeal the draft order we proposed. While the inclusion of that in a draft order of the Special Master would be inappropriate and misplaced, we do not think the district court would look upon us kindly if we reneged on what we have now confirmed in two separate emails.

If the true purpose of this is the pursuit of these materials from a substantive perspective, Plaintiffs should have no problem entering our proposed Order.  We are committed to producing the documents by September 8, avoiding any further appeals, and moving on.  We can only do so if the Special Master enters the proposed draft we circulated last week.  If you insist on extended back-and-forth on edits or on adopting a wholesale different approach to the order (*e.g.*, your draft stipulation), this matter is going to continue to drag out, delaying your receipt of any document.  In that instance, we will no choice but to reserve our right to appeal the privilege dispute to the district court. If you have specific—and neutral—edits to the draft proposed order (re-attached), please let us know and we will be happy to consider them, but we need to get this submitted to the Special Master today if you wish to facilitate a production by September 8.

Let us know.

_____
Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Wednesday, September 6, 2023 9:45 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Attached is Plaintiffs' response to Vail Health's proposed order.

Sonya

On Tue, Sep 5, 2023 at 8:33 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya –

We already addressed both issues in our conferral. Please get us your proposed revisions as soon as possible so that we can get the order before the Special Master. As we articulated to the Special Master in our status conference and reiterated during our meet and confer with you on Friday, we need the Special Master to sign an order before we are in a position to produce the documents on Exhibit 1.  As we also discussed on Friday, Vail Health does not currently plan to appeal this order. But again, we need to discuss the final order with our clients, and we cannot do that until we see your proposed revisions.

Alternatively, if you agree to filing the version that we sent you, we would be in a position to agree to both produce the documents by September 8th (assuming the order gets entered prior to then) and commit to not appealing.

Best,

Leah

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Tuesday, September 5, 2023 6:36 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

We are still considering the proposed order that you sent on Friday.  Based on your email, please confirm that we will (1) receive the entries on Exhibit 1 by September 8; and (2) that Vail Health will not be appealing or objecting in any way to the production of any entries identified in Exhibit 1.

Sonya

On Tue, Sep 5, 2023 at 10:59 AM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Sonya –

I hope you had a happy Labor Day. Thank you for your revisions to this. I've attached a clean copy which accepts your changes.

I don't think we received your revisions to our proposed order. We would like to get this to the Special Master today if we are going to aim to complete production of these documents by the September 8 deadline, so please do let us know if you have any changes.

Best,

Leah

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

___

**From:** sonya braunschweig <sonya.braunschweig@gmail.com>
**Sent:** Friday, September 1, 2023 2:28 PM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Cc:** alkildow@aol.com; O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Subject:** Re: Sports Rehab Consulting LLC v. Vail Health

External E-mail

Leah,

Thank you for sending.  Attached are Plaintiffs' revisions to Exhibit 1, which is referenced in the proposed order we received earlier today.  I think the comments are self explanatory, but if you have any questions, please let me know.  As I stated on our call, Plaintiffs will be providing revisions to the proposed order as well.

Sonya

On Fri, Sep 1, 2023 at 1:14 PM Schultz, Leah <Leah.Schultz@arnoldporter.com> wrote:

Alan and Sonya:

To follow up on our call, attached please find our proposed Exhibit A which is an index of documents that are subject to disclosure due to the clarification regarding Motion No. 5.

Best,

Leah

_____
Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Wednesday, August 30, 2023 10:46 AM
**To:** Schultz, Leah <Leah.Schultz@arnoldporter.com>; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** RE: Sports Rehab Consulting LLC v. Vail Health

9

External E-mail

Leah:

We will be available for a conference at 10:00 a.m. MDT on Friday.  For that discussion, we will need a final draft of whatever writing Vail Health is proposing, as suggested by Evan last Friday.  This issue has been hanging out there since April—when Arnold & Porter became counsel—and long beore that when DGS represented Vail Health.  The Special Master clearly articulated the meaning of Order #5 so now there is no basis to delay final resolution of this issue, and that must be done immediately.  If there is no agreement on any writing *and* Vail Health's unconditional agreement to produce the remaining documents ordered by Order #5, Plaintiffs will file a Rule 37(b)(2) motion.  So please be ready to put an end to this issue on Friday.

Thanks,

Alan Kildow

970-390-6675

---

**From:** Schultz, Leah <Leah.Schultz@arnoldporter.com>
**Sent:** Tuesday, August 29, 2023 6:33 PM
**To:** alkildow@aol.com; Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>
**Subject:** RE: Sports Rehab Consulting LLC v. Vail Health

Alan -

We're available to meet between 10-12 MT on Friday. Please let us know if anything in that window works for you all and I'll circulate a meeting invite.

Best,

Leah

_____

Leah Schultz
Associate | Bio

700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2439
Leah.Schultz@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** alkildow@aol.com <alkildow@aol.com>
**Sent:** Tuesday, August 29, 2023 10:30 AM
**To:** Rothstein, Evan M. <Evan.Rothstein@arnoldporter.com>
**Cc:** O'Brien, Colin M. <Colin.Obrien@arnoldporter.com>; Schultz, Leah <Leah.Schultz@arnoldporter.com>; sonya braunschweig <sonya.braunschweig@gmail.com>; alkildow@aol.com
**Subject:** Sports Rehab Consulting LLC v. Vail Health

External E-mail

Evan:

Plaintiffs request your participation in a meet & confer to discuss two issues:

1. The status of any decision you may have made regarding some type of writing concerning Order #5 and the production of documents alleged to be subject to the attorney-client privilege, as discussed with Special Master Ruckriegle last Friday afternoon. We request that whatever Vail Health intends to do be finalized immediately so the documents that have not been produced can be included as part of the September 8 production.

2. The production of Howard Head financial data. The declaration of Vail Health's VP of Finance tells us very little other than it acknowledges that the Strata software provides Vail Health with the ability to access Howard Head financial data. We now need to discuss what financial data Plaintiffs want produced and when it will be produced.

We are available this week and request that a discussion occur any time between now and Friday, so let us know when you or someone from your team is free.

Thanks,

Alan Kildow

970-390-6675

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com



**Exhibit B**

**Schultz, Leah**

---

**From:** alkildow@aol.com
**Sent:** Tuesday, September 12, 2023 3:58 PM
**To:** Rothstein, Evan M.; O'Brien, Colin M.; Schultz, Leah
**Cc:** sonya braunschweig; alkildow@aol.com
**Subject:** Sports Rehab Consulting, et al. v. Vail Health--Compliance With Order #5

External E-mail

Counsel:

On August 25, 2023, counsel for the parties participated in a telephonic conference with Special Master Ruckriegle concerning the scope of Order #5 and Magistrate Judge Gallagher's March 13 Order adopting Order #5.  On Friday, September 8, Vail Health produced a significant number of documents, although we have yet to find the documents at issue and identified in Exhibit 1 to precious communications.  So we now assume that the September 8 production does not include the withheld documents and given the numerous communications among counsel for the parties, Vail Health is continuing to decline to comply with Order #5.

Out of an abundance of caution, we ask that you confirm that our assumption is correct, and Vail Health is continuing to decline to produce the documents identified in Exhibit 1.  If we are incorrect, however, please advise us immediately and produce the documents.  Otherwise, we will be proceeding forthwith with another motion to compel, this one under Fed.R.Civ.P. 37(b)(2), requesting that the Court enter an order compelling production of the documents at issue.

Thank you in advance for your professional courtesy in responding promptly to this email.

Regards,

Alan Kildow
970-390-6675

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

and LINDSAY WINNINGER, an individual,

        Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

        Defendant.

---

**[PROPOSED] SPECIAL MASTER'S NOTICE CONFIRMING SCOPE OF REPORT AND RECOMMENDATION REGARDING MOTION TO COMPEL #5**

---

This matter comes before the Special Master in connection with the Special Master's Report and Recommendation Regarding Motion to Compel #5 ("Report #5), which the Special Master issued on October 21, 2022 (D. 398). On March 13, 2023, Magistrate Judge Gallagher - adopted Report #5 in its entirety(D. 457). At a hearing on April 26, 2023, Magistrate Judge Crews authorized the parties to seek the Special Master's clarification as to the intended scope of Report #5, as affirmed by Judge Gallagher. *See* Tr. at 50:3–7 ("So when you all go back to work with Judge Ruckriegle, whatever he tells you was the intended scope, or is the scope of that order with regard to the attorney/client privilege documents, that is the scope. That is the answer of this Court in terms of the clarification of that order."). Vail Health subsequently requested that the Special Master confirm the scope of Recommendation #5.

During an August 25, 2023 conference with the parties, the Special Master confirmed the scope of Report #5. The Special Master found that Vail Health's privilege log, briefing, and argument submitted by Vail Health's prior counsel, Davis, Graham, and Stubbs, did not contain the requisite specificity to meet Vail Health's burden of proof to establish attorney-client privilege over the documents for which Plaintiffs sought to compel production. *See, e.g.*, ECF 398 at 5 ("The Special Master finds that, as a general matter, Vail Health's presentation with regard to the items the Plaintiffs seek to compel is insufficiently specific to establish its claims of attorney-client privilege."). The Special Master made this finding as to each of the four categories of "business valuation" documents challenged by Plaintiffs. *See, e.g., id.* at 4–7 (Attorney-Client Communications); *id.* at 8–12 (Client-to-client communications); *id.* at 12–17 (Attorney-Appraiser-Client & Appraiser-Client communications). In light of the Special Master's finding that Vail Health failed to satisfy its burden to establish privilege, the Special Master issued a

Field Code Changed

recommendation that Vail Health disclose the documents challenged by Plaintiffs.  *See, e.g.*, ECF No. 398 at 7, 12, 13, 21.

The Special Master hereby confirms that the findings in Report #5 applied to the remaining items not yet produced as identified in the attached Exhibit 1.  Accordingly, Vail Health, through previous counsel, Davis, Graham, and Stubbs, waived privilege as to these specific documents and must disclose the entries on Exhibit 1 within 3 business days after the issuance of this Notice. .

**Dated:** September __, 2023

W. Terry Ruckriegle
Special Master

Field Code Changed

**EXHIBIT 1**
List of Remaining Entries to be Produced Under
Special Master Order No. 5

| | | |
|---|---|---|
| Item No. 35 | Item No. 158 | Item No. 297 |
| Item No. 36 | Item No. 162 | Item No. 300 |
| Item No. 37 | Item No. 163 | Item No. 301 |
| Item No. 49 | Item No. 164 | Item No. 311 |
| Item No. 51 | Item No. 175 | Item No. 313 |
| Item No. 54 | Item No. 176 | Item No. 353 |
| Item No. 62 | Item No. 178 | Item No. 355 |
| Item No. 69 | Item No. 180 | Item No. 359 |
| Item No. 70 | Item No. 202 | Item No. 360 |
| Item No. 75 | Item No. 204 | Item No. 363 |
| Item No. 89 | Item No. 208 | Item No. 365 |
| Item No. 91 | Item No. 220 | Item No. 385 |
| Item No. 106 | Item No. 221 | Item No. 409 |
| Item No. 122 | Item No. 222 | Item No. 414 |
| Item No. 123 | Item No. 223 | Item No. 421 |
| Item No. 127 | Item No. 224 | Item No. 423 |
| Item No. 129 | Item No. 257 | Item No. 425 |
| Item No. 130 | Item No. 258 | Item No. 450 |
| Item No. 132 | Item No. 265 | Item No. 452 |
| Item No. 134 | Item No. 267 | Item No. 453 |
| Item No. 136 | Item No. 268 | Item No. 455 |
| Item No. 142 | Item No. 269 | Item No. 478 |
| Item No. 146 | Item No. 276 | Item No. 479 |
| Item No. 147 | Item No. 278 | Item No. 480 |
| Item No. 154 | Item No. 279 | Item No. 481 |
| Item No. 155 | Item No. 283 | Item No. 482 |
| Item No. 156 | Item No. 291 | Item No. 483 |

Field Code Changed

**EXHIBIT 1**
List of Remaining Entries to be Produced Under
Special Master Order No. 5

| | |
|---|---|
| Item No. 484 | Item No. 514 |
| Item No. 485 | Item No. 515 |
| Item No. 486 | Item No. 516 |
| Item No. 487 | Item No. 517 |
| Item No. 488 | Item No. 519 |
| Item No. 489 | Item No. 520 |
| Item No. 490 | Item No. 521 |
| Item No. 491 | Item No. 522 |
| Item No. 492 | Item No. 523 |
| Item No. 493 | Item No. 524 |
| Item No. 494 | Item No. 525 |
| Item No. 495 | Item No. 526 |
| Item No. 496 | Item No. 527 |
| Item No. 498 | Item No. 530 |
| Item No. 499 | Item No. 539 |
| Item No. 500 | Item No. 542 |
| Item No. 501 | Item No. 556 |
| Item No. 502 | Item No. 570 |
| Item No. 505 | Item No. 573 |
| Item No. 506 | |
| Item No. 507 | |
| Item No. 508 | |
| Item No. 509 | |
| Item No. 510 | |
| Item No. 511 | |
| Item No. 512 | |
| Item No. 513 | |

Field Code Changed