

# Exhibit 19

| | |
|---|---|
| **From:** | sonya braunschweig <sonya.braunschweig@gmail.com> |
| **Sent:** | Wednesday, September 13, 2023 4:17 PM |
| **To:** | Terry Ruckriegle; ruckriegle, terry |
| **Cc:** | O'Brien, Colin M.; Schultz, Leah; Sullivan, Sam; Pisano, Francesca; alkildow@aol.com; Rothstein, Evan M. |
| **Subject:** | Re: Sports Rehab v Vail Health [19-2075]--MTC #5 re privilege |
| **Attachments:** | Pls' Ex A Pls Proposed Stipulation with SM Confirmation.pdf; Pls' Ex B Pls' Revisions to VH proposed notice.pdf |

Dear Judge Ruckriegle:

Plaintiffs apologize for the length of this email, but Vail Health's submission raises factual omissions, inaccuracies, and ethical issues for which we feel compelled to address in detail.  We sought to avoid further motion practice and attempted to work with Vail Health on a solution that would get the remaining documents produced that are subject to Special Master #5.  What we encountered, however, was not what we anticipated as the result of the August 25 conference, as discussed below.

At the outset it should be pointed out that since Vail Health filed its objection to Special Master Order #5 (ECF No. 414), Plaintiffs have consistently maintained that it (and Judge Gallagher's adoption of that Order in its entirety) was unambiguous and required no clarification.  The email sent to you yesterday on behalf of Vail Health suggests that Plaintiffs sought clarification of Order #5.  That is incorrect.  Plaintiffs never sought any such clarification because it is clear and unambiguous.  We felt then, as we do now, that Vail Health was ordered to produce the entries challenged by Plaintiffs.  The basis for the Order was that Vail Health failed to carry its burden—indeed failed to present any evidence—to establish attorney-client privilege as to the documents at issue.

Despite being subject to an order compelling it to produce the challenged documents, Vail Health—as it has done so many times before—refused to comply with Order #5 and produce the challenged entries.  Vail Health could have, but did not, appeal Judge Gallagher's March 13 Order despite knowing Plaintiffs' position as to the scope of Special Master Order #5.  *See* ECF No. 421.  It waited until the April 26 conference before Magistrate Judge Crews to claim it did not understand Order #5 and Judge Gallagher's March 13 Order.  Instead, it wanted another bite at the apple to attempt to resurrect an appeal it knowingly chose to forego.  By then, the time to object to, appeal from, or otherwise contest the March 13 Order had expired.

1

During the August 25 conference, the Special Master confirmed again—like at the April 26 conference—that Order #5 encompassed the entries specifically challenged by Plaintiffs.  And as Magistrate Judge Crews made clear at the April 26 conference, the scope of the Order as you confirmed would be the Order of the Court.  And yet, during the August 25 conference, Vail Health initially pressed you to re-review 127 entries that you had already reviewed and decided were not privileged.  (That was about a year ago.)  When that proved unavailing, Vail Health then sought written confirmation related to the scope of Order #5.

Based on the discussions at the August 25 conference, it was our understanding that any submission would be little more than a simple paragraph reconfirming what Order #5 and Judge Gallagher had already ordered.  We also anticipated that it would include an exhibit identifying those entries remaining to be produced under Order #5.  There would not be, however, any subsequent order issued that would start this whole process over again.  It is with that understanding that Plaintiffs agreed to work with Vail Health on a joint submission.  (There is no dispute between the parties as to the remaining entries to be produced.  They are identified in Exhibit 1 attached to Vail Health's proposed notice.  It is the notice that Plaintiffs take issue with, and for good reason.  It should also be noted that Vail Health continues to improperly withhold attachments for those entries that were produced, which also contravenes Order #5.  *See* ECF No. 398 at 7 n. 8.  But we leave that issue for another day.)

When Plaintiffs finally received Vail Health's draft, we became concerned because it went far beyond what was discussed on August 25.  You likely recall that Vail Health repeatedly argued that Order #5 was based on "waiver" of attorney-client privilege, which you stated was incorrect.  You explained that the issue presented in Order #5 was not waiver of attorney-client privilege but the failure to establish attorney-client privilege in the first place.  Waiver of attorney-client privilege—in the way Vail Health has used it in its proposed notice—arises in the context of when a party has established privilege and then the question becomes whether the party has waived attorney-client privilege, intentionally or inadvertently.

Mr. Rothstein's September 12 email refers to "Vail Health's substantive email on the need for an order confirming waiver…."  He neglects to mention that Plaintiffs' response to the email was: "Why does Vail Health "*need* an order confirming waiver?"  What is the purpose of it?  Vail Health never provided a substantive answer to those

questions other than to say it needed "an order on the record from the Special Master confirming that his ruling on privilege applied to the documents identified in Exhibit 1." But it has never explained *why*.

Plaintiffs had no objection to the latter request related to Exhibit 1, so we provided a stipulation to that effect, a signature block for the Special Master, and incorporated Exhibit 1. *See* Pls.' Ex. A. The stipulation also included a provision that Vail Health would not appeal. Vail Health rejected the stipulation and insisted Plaintiffs use Vail Health's proposed notice. Concerned that the root of Vail Health's request was to garner an order for purposes of appeal, Plaintiffs revised Vail Health's notice but only after Vail Health represented it would not appeal such an order. *See* Pls.' Ex. B. Vail Health again rejected Plaintiffs' revisions, insisting again that the proposed notice be substantially as Vail Health proposed.

One of the fundamental reasons why Plaintiffs declined Vail Health's invitation to agree to the proposed notice attached to Mr. Rothstein's email is that it is not truthful. It states at page 2 that "Vail Health, through previous counsel, Davis, Graham, and Stubbs, waived privilege as to these specific documents…." The issue of waiver was never addressed or adjudicated in Order #5 or Judge Gallagher's March 13 Order as to the entries for which privilege was not established. So the inclusion of that "finding" would be misleading and untrue.

That purported "finding" is problematic for another fundamental reason. It appears to induce the Special Master to enter a *new* order identifying a completely different legal basis for the findings in Order #5. We are concerned that Vail Health would attempt to use such a newly-minted order on "waiver" to refuse to produce the remaining entries and begin the appeal process all over again. If this were to occur, this would create a legal issue that would likely remain with the case up to the Tenth Circuit. If our concerns are not well founded, Vail Health would have agreed to the straightforward stipulation we proposed initially. *See* Pls.' Ex. A. But it would not do that, and we do not know the reason why. The absence of a fulsome and coherent explanation for its refusal is a sufficient reason to reject Vail Health's request. Its purpose remains opaque.

Plaintiffs are also uncomfortable with Vail Health's proposal because it puts Plaintiffs and the Special Master in the middle of Vail Health and its former counsel Davis Graham. Because the process had an unseemly feel to it, we could not, and would not, agree to the language related to Davis Graham. There are several reasons why. *See* Pls.' Ex. B as to deletions. *First and most importantly*, it is inappropriate to ask the Special Master to make new factual findings

about Davis Graham that are likely intended to be used in a subsequent malpractice proceeding. *Second,* if Plaintiffs agreed to the proposed Order, we too could be accused of interjecting ourselves into a dispute between Vail Health and its prior counsel.

Given these reasons and the possible ramifications, we therefore respectfully suggest that the Special Master proceed with great caution.  In our opinion, it would be inappropriate for any court to agree to the procedure that Vail Health proposes.  We are hopeful that upon further reflection, Vail Health will either: (1) propose a notice that removes the objectionable language; or (2) finally comply with Order #5 and produce the entries on the undisputed Exhibit 1.  If not, then it may be that a Rule 37(b)(2) motion is the only option available to avoid the many issues presented by Vail Health's proposed notice. Thank you for your consideration of this matter.

Respectfully submitted,

Sonya Braunschweig



# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

and LINDSAY WINNINGER, an individual,

       Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

       Defendant.

_____

**PARTIES' STIPULATION REGARDING SPECIAL MASTER ORDER #5**
_____

       The parties hereby stipulate  regarding Special Master Order #5:

       1.     On August 25, 2023, counsel for the parties participated in a conference call with Special Master Ruckriegle regarding the scope of Special Master Order #5 (D. 398) on Plaintiffs' Motion to Compel #5 to Produce Documents on Vail Health's Inadequate Privilege Log, or Alternatively, In Camera Review at Vail Health's Cost (D. 195).  In their motion, Plaintiffs challenged 391 entries on Vail Health's log.

       2.     During the August 25 conference, the Special Master reconfirmed the scope of Special Master Order #5 that Vail Health had not met its burden of proof—through its privilege log, briefing, and argument—to establish attorney-client privilege over 327 logged entries for which Plaintiffs sought to compel production.

       3.     Vail Health, through its prior and current counsel, produced a portion of the 327 challenged entries.  The parties stipulate and agree that the remaining logged entries to be produced under Special Master Order #5 are identified in the attached Exhibit 1.

4.      The parties further stipulate and agree that Vail Health shall produce the remaining logged entries identified in the attached Exhibit 1—without any further objections, appeals, requests for reconsideration, or further litigation of any nature with respect to Special Master Order #5—on or before September 8, 2023.

Dated: September ___, 2023

————————————————————
Alan L. Kildow, MN# 0143133
790 Potato Patch Drive
Vail, CO 81657
Telephone: (970) 390-6675
E-mail: alkildow@aol.com

Jesse Wiens, Colo. #33903
Jesse Wiens Law
0069 Edwards Access Road, Suite 8
Edwards, Colorado 81632
Telephone: (970) 855-0078
E-mail: jesse@jessewienslaw.com

Sonya R. Braunschweig, MN# 0290292
5501 Irving Avenue South
Minneapolis, MN 55419
Telephone: (612) 819-2304
E-mail: sonya.braunschweig@gmail.com

Attorneys for Plaintiffs Lindsay Winninger and
Sports Rehab Consulting LLC

Dated: September ___, 2023

————————————————————
Evan Rothstein
Colin O'Brien
David Jelsma
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202

James Cooper
Francesca Pisano
Andrew T. Ellingsen
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

2

Leah A. Schultz
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002

Samuel David Sullivan
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Counsel for Defendant Vail Health

## BY THE SPECIAL MASTER

The Special Master hereby confirms that the stipulation is correct.

Dated: September ___, 2023

_____
W. Terry Ruckriegle
Special Master



**Exhibit B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,

and LINDSAY WINNINGER, an individual,

       Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

       Defendant.

---

**[PROPOSED] SPECIAL MASTER'S NOTICE CONFIRMING SCOPE OF REPORT**
**AND RECOMMENDATION REGARDING MOTION TO COMPEL #5**

---

This matter comes before the Special Master in connection with the Special Master's Report and Recommendation Regarding Motion to Compel #5 ("~~Recommendation~~ Report #5), which the Special Master issued on October 21, 2022 (D. 398). On March 13, 2023, Magistrate Judge Gallagher ~~affirmed~~ adopted ~~Recommendation~~ Report #5 in its entirety(D. 457). ~~This matter was subsequently transferred to Magistrate Judge Crews.~~ At a hearing on April 26, 2023, Magistrate Judge Crews authorized the parties to seek the Special Master's clarification ~~and confirmation~~ as to the intended scope of ~~Recommendation~~ Report #5, as affirmed by Judge Gallagher. *See* Tr. at 50:3–7 ("So when you all go back to work with Judge Ruckriegle, whatever he tells you was the intended scope, or is the scope of that order with regard to the attorney/client privilege documents, that is the scope. That is the answer of this Court in terms of the clarification of that order."). ~~Vail Health and Plaintiffs subsequently requested that the Special Master confirm the scope of Recommendation #5.~~

During an August 25, 2023 conference with the parties, the Special Master reconfirmed the scope of Report ~~In Recommendation~~ #5, ~~the Special Master found~~ that Vail Health's privilege log, briefing, and argument ~~submitted by Vail Health's prior counsel, Davis, Graham, and Stubbs,~~ did not ~~contain the requisite specificity to~~ meet Vail Health's burden of proof to establish attorney-client privilege over the documents for which Plaintiffs sought to compel production. *See, e.g.*, ECF 398 at 5 ("The Special Master finds that, as a general matter, Vail Health's presentation with regard to the items the Plaintiffs seek to compel is insufficiently specific to establish its claims of attorney-client privilege."). ~~The Special Master made this finding as to each of the four categories of "business valuation" documents challenged by Plaintiffs. See, e.g., id. at 4–7 (Attorney-Client Communications); id. at 8–12 (Client-to-client communications); id. at 12–17 (Attorney-Appraiser-Client & Appraiser-Client communications). In light of the Special Master's finding~~

Field Code Changed

~~that Vail Health failed to satisfy its burden to establish privilege, the Special Master issued a recommendation that Vail Health disclose the documents challenged by Plaintiffs. *See, e.g.*, ECF No. 398 at 7, 12, 13, 21.~~

The Special Master hereby ~~re~~confirms that ~~this~~the findings in ~~Recommendation~~ Report #5 applied to ~~all of~~ the items challenged by Plaintiffs, including the remaining items not yet produced as identified in the attached Exhibit 1.  Accordingly, Vail Health~~, through previous counsel, Davis, Graham, and Stubbs, waived privilege as to these specific documents and~~ must ~~disclose~~ produce th~~e~~ entries on Exhibit 1 ~~em~~ ~~within 5 days after the issuance of this Notice~~on or before September 8, 2023.

**Dated:** September __, 2023

_____
W. Terry Ruckriegle
Special Master

Field Code Changed