UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-SKC

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**DEFENDANT VAIL HEALTH'S RESPONSE TO PLAINTIFFS' REQUEST TO REFER RULE 37 MOTION TO COMPEL #6 RELATING TO TEXT MESSAGES TO SPECIAL MASTER**

---

Defendant Vail Clinic, Inc. d/b/a Vail Health ("Vail Health") files this Response to Plaintiffs' Request to Refer Rule 37 Motion to Compel #6 Relating to Text Messages to Special Master, ECF No. 501 (the "Request to Refer").

\*    \*    \*

Vail Health respectfully requests that the Court reject Plaintiffs' Request to Refer Motion to Compel #6, ECF No. 485 (the "Motion") to the Special Master. Plaintiffs' Motion turns on the threshold legal question of whether the Special Master has the ability, or authority, to grant Plaintiffs their requested relief. Given that any recommendation with respect to this legal issue will inevitably result in further objections and appeal to the Court, *see* Fed. R. Civ. P. 53(f)(4), it would be inefficient and impractical to refer the Motion to the Special Master in the first instance.

Specifically, Plaintiffs' Motion asks the Court to force three individuals—Mike Shannon, Doris Kirchner, and Will Cook—to hand over their *personal* cell phones for collection and

inspection in this case. However, none of these individuals are parties to this litigation, and none have been served subpoenas for this discovery. ECF No. 495 at 7. In fact, Plaintiffs *specifically refused* to follow the necessary procedures to serve these individuals with subpoenas under Federal Rule of Civil Procedure 45, as required. *Id.* Rule 45 establishes procedures and guardrails for obtaining non-party discovery that are designed to protect non-parties from precisely the type of overly burdensome and intrusive discovery Plaintiffs now seek. Plaintiffs cannot circumvent these protections by filing a Motion under the guise of seeking discovery from Vail Health, when in reality the Motion seeks discovery from these individuals *in absentia*. These three individuals are not before the Court or the Special Master. As such, the Special Master cannot grant the non-party discovery demanded by Plaintiffs and a referral to the Special Master will only compound the costs and delays associated with Plaintiffs' ill-filed Motion. *See, e.g.*, *Zawadzki v. Cmty. Hosp. Ass'n*, Nos. 09-cv-01682-LTB-MEH, 09-cv-02450-CMA, 2010 WL 3085719, at *5 (D. Colo. Aug. 6, 2010) (denying motion for production of a defendant's own insurance files in the hands of a third-party and requiring plaintiff to proceed under Rule 45 so that "the parties are ensured proper process through federal law and rules").

Before Plaintiffs filed their Motion, Vail Health advised Plaintiffs to serve subpoenas on these individuals if they wished to pursue this discovery—and Vail Health specifically offered Plaintiffs additional time to do so. ECF No. 495 at 7, Ex. C, and Ex. D. Plaintiffs did not. Instead, Plaintiffs made a conscious, affirmative decision not to subpoena these three individuals. But these individuals are just that, individuals. At least two of them are represented by counsel, and none of them have voluntarily agreed to turn over their personal cell phones to Vail Health for inspection and production to Plaintiffs. *Id.* at 2. That these individuals are current or former employees and directors of Vail Health does not change the fact that Vail Health has no legal right

to force them to turn over their personal cell phones, nor does it absolve Plaintiffs of their obligations to serve the necessary subpoenas for this type of discovery. *See id.* at 8–9 (citing numerous additional cases denying motions to compel discovery from the personal devices of board members, officers, and employees).

That Plaintiffs ask the Court to refer their legally deficient Motion to the Special Master *and* require Vail Health to pay the Special Master's fees and Plaintiffs' costs for doing so, is particularly galling. To the extent Plaintiffs purport to seek fees and costs based merely on the referral of Plaintiffs' Motion to the Special Master, *see* ECF No. 499 at 10 ¶ 3, ECF No. 485 at 14–15 ¶ 3, that is procedurally and substantively improper. The Special Master has discretion in allocating fees and costs in the first instance. ECF No. 123 at ¶ 7 (Court's Order granting the Special Master discretion to assess fees and expenses to the responsible party for "any particular portion of the proceedings necessitated by the conduct of one party"). Here, that discretion weighs in favor of awarding fees and costs to Vail Health, not Plaintiffs, because Plaintiffs have not only refused to honor the procedural and substantive protections of Rule 45, but have consciously chosen to circumvent those protections by filing a legally deficient and misdirected Motion that improperly seeks discovery from non-parties *in absentia*.

Vail Health ultimately contends that Plaintiffs' Motion seeks unnecessary, untimely, and disproportionate discovery under any circumstances. But while each of these disputes might plausibly have been resolved by the Special Master in the context of motions filed pursuant to Rule 45, they are now irrelevant. Plaintiffs chose to file a legally deficient Motion in which they requested that the Court order Vail Health to produce discovery outside of its possession, custody, and control from the *personal* cell phones of non-parties—non-parties Plaintiffs affirmatively chose not to subpoena despite every opportunity to do so. Vail Health should not be forced to

incur the further delays, objections, appeals, and costs that will necessarily arise if Plaintiffs' ill-filed Motion is referred to the Special Master. Accordingly, Plaintiffs' Motion should be denied by the Court as should Plaintiffs' Request for Referral.

September 26, 2023

                                        Respectfully submitted,

                                        */s/ Evan M. Rothstein*
                                        Evan M. Rothstein (Bar No. 35990)
                                        Colin O'Brien (Bar No. 41402)
                                        David S. Jelsma (Bar No. 53916)
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        1144 Fifteenth Street, Suite 3100
                                        Denver, Colorado 80202
                                        Tel: (303) 863-1000
                                        Evan.Rothstein@arnoldporter.com
                                        Colin.Obrien@arnoldporter.com
                                        David.Jelsma@arnoldporter.com

                                        James L. Cooper
                                        Francesca Pisano
                                        Andrew Ellingsen
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 Massachusetts Ave, NW
                                        Washington, DC 20001-3743
                                        Tel: (202) 942-5000
                                        James.Cooper@arnoldporter.com
                                        Francesca.Pisano@arnoldporter.com
                                        Andrew.Ellingsen@arnoldporter.com

                                        Leah Schultz
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        700 Louisiana Street | Suite 4000
                                        Houston, TX 77002-2755
                                        Tel: (713) 576-2400
                                        Leah.Schultz@arnoldporter.com

-5-

Sam Sullivan
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com
***Counsel for Defendant Vail Health***


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I served via CM/ECF the foregoing **RESPONSE TO PLAINTIFFS' REQUEST TO REFER** on all counsel of record.

*/s/ Evan M. Rothstein*