## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

       Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

       Defendant.

---

## RENEWED MOTION TO RESTRICT PORTIONS OF VAIL HEALTH'S RESPONSE TO PLAINTIFFS' RULE 37(B) MOTION, AND EXHIBITS 2, 4-9 THERETO

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Defendant Vail Clinic, Inc., d/b/a Vail Health ("Vail Health") moves to place Level 1 filing restrictions on portions of Vail Health's Response to Plaintiffs' Rule 37(b) Motion #1 to Compel (ECF No. 436) (the "Response"); portions of Exhibits 2, 8, and 9 thereto (ECF Nos. 436-2, 436-7, 436-8); and the entirety of Exhibits 4-7 thereto (ECF Nos. 436-3 through 436-6).

Pursuant to D.C.COLO.LCivR 7.1(a), Vail Health's counsel conferred with Plaintiffs' counsel regarding the originally filed Motion for Leave to Restrict (ECF No. 441) (the "Original Motion"). Plaintiffs opposed Vail Health's request to restrict as to Exhibits 2, 8, and 9.  Vail Health understands that Plaintiffs continue to oppose Vail Health's request to restrict as to Exhibits 2, 8, and 9.

Per the Court's restriction procedure, Vail Health has attached restricted exhibits in which all content for which Level 1 filing restriction is requested is visible to the Court.  For redacted

documents, Vail Health has also attached a public version of the exhibit with redactions applied. For ease of reference, exhibits to this Motion and the corresponding document for which restrictions are sought are identified here:

- Exhibit A reflects proposed redactions to the Response.

- Exhibit B reflects proposed redactions to Exhibit 2 to the Response.

- Exhibit C reflects Exhibit 4 to the Response.

- Exhibit D reflects Exhibit 5 to the Response.

- Exhibit E reflects Exhibit 6 to the Response.

- Exhibit F reflects Exhibit 7 to the Response.

- Exhibit G reflects proposed redactions to Exhibit 8 to the Response.

- Exhibit H reflects proposed redactions to Exhibit 9 to the Response.

- Exhibit I is a public exhibit applying proposed redactions to the Response.

- Exhibit J is a public exhibit applying proposed redactions to Exhibit 2 to the Response.

- Exhibit K is a public exhibit applying proposed redactions to Exhibit 8 to the Response.

- Exhibit L is a public exhibit applying proposed redactions to Exhibit 9 to the Response.

In support of this Renewed Motion to Restrict (the "Renewed Motion"), Vail Health states as follows:

1. Vail Health filed its Response on January 19, 2023. At that time, Vail Health filed portions of the Response, portions of Exhibits 1, 2, 8, and 9 thereto, and Exhibits 4-7 thereto in their entirety under Level 1 restrictions.

2. Vail Health filed the Original Motion on February 2, 2023.

3. On February 17, 2023, the Court issued an order granting in part and denying in part several motions to restrict (ECF No. 445) (the "Restriction Order"). The Restriction Order

granted certain motions to restrict (ECF Nos. 331, 335, 347, 354, and 429) on the terms laid out

therein.  The Restriction Order denied other motions to restrict (ECF Nos. 378 and 410).  The

Restriction Order granted in part another motion to restrict (ECF No. 393).

4.       On September 29, 2023, the Court issued an order striking the Original Motion

(ECF No. 508) (the "Order to Strike"), finding that the Original Motion failed to comply with

the Court's procedure for filing motions to restrict in this case, laid out in ECF No. 313.  *See*

ECF No. 508.   The Court further found that at least some of the documents filed under

restriction had since been ordered to be made public, namely the Expert Report of Dr. Monica

Noether (the "Noether Report").  *Id*.  The Court ordered that Vail Health file a renewed motion

to restrict that complied with its procedure and excluded documents subsequently ordered to be

made public.  *Id*.

5.       The Restriction Order denied ECF No. 378, which sought to restrict the Noether

Report.  *See* Restriction Order, at 6-8.  As such, Vail Health no longer seeks to maintain filing

restrictions on Exhibit 1, the redacted portions of which consisted of the Noether Report.  Nor

does Vail Health seek to maintain filing restrictions on those previously-redacted portions of

Exhibit 8 that quote the Noether Report.

6.       Vail Health seeks to maintain Level 1 filing restrictions on portions of the

Response; portions of Exhibits 2, 8, and 9 thereto (ECF Nos. 436-2, 436-7, 436-8); and Exhibits

4-7 thereto (ECF Nos. 436-3 through 436-6).

7.       As identified in the cover sheets to the exhibits filed along with the Renewed

Motion, the following documents and/or portions of documents  have been previously restricted

by the Court at a Level 1 restriction and are presumptively entitled to a Level 1 Restriction, *see*

ECF No. 313:

3

- All redacted portions of the Response (ECF No. 436) (attached as Ex. A to the Renewed Motion) (redacted portion previously restricted at Level 1 per ECF No. 147 granting ECF No. 146 as to ECF No. 130-5);

- Certain redacted portions of Exhibit 2 thereto (ECF No. 436-2) (attached as Ex. B to the Renewed Motion) (redacted portions on pages[1] 32-35 previously restricted at Level 1 per ECF No. 445 granting ECF No. 331 as to ECF Nos. 229-5, 262-10);

- Exhibit 4 thereto (ECF No. 436-3) (attached as Ex. C to the Renewed Motion) (previously restricted at Level 1 per ECF No. 147 granting ECF No. 146 as to ECF No. 130-5);

- Exhibit 5 thereto (ECF No. 436-4) (attached as Ex. D to the Renewed Motion) (previously restricted at Level 1 per ECF No. 445 granting ECF No. 331 as to ECF No. 229-3); and

- Certain portions of Exhibit 7 thereto, which exhibit Vail Health seeks to restrict in full, (ECF No. 436-6) (attached as Ex. F to the Renewed Motion) (pages 8-54 previously restricted at Level 1 per ECF No. 445 granting ECF No. 429 as to ECF No. 426-2; pages 60-75 previously restricted at Level 1 per ECF No. 445 granting ECF No. 429 as to ECF No. 426-11).

8.     Vail Health seeks to restrict at Level 1 via redaction the following portions of documents that have not been previously restricted by the Court:

- Pages 18-31 of Exhibit 2 to the Response (ECF No. 436-2) (attached as Ex. B to the Renewed Motion), which contain Vail Health's confidential business information, including information derived from confidential draft contracts, and the names and addresses of Vail Health personnel;

---

[1] All page numbers herein refer to the page number of the underlying exhibit, not counting the cover sheet for filing with this Renewed Motion, which corresponds to the ECF-stamped page number of the underlying exhibit.

- Pages 36-37 of Exhibit 2 to the Response (ECF No. 436-2) (attached as Ex. B to the Renewed Motion), which contain Vail Health's confidential business information, including data on hiring;

- Pages 38-70 of Exhibit 2 to the Response (ECF No. 436-2) (attached as Ex. B to the Renewed Motion), which contain Vail Health's confidential business information, including the content of Vail Health's employment offer letters, such as employment terms;

- Pages 3, 9-10, 17, 21, and 27-28 of Exhibit 8 to the Response (ECF No. 436-7) (attached as Ex. G to the Renewed Motion), which contain the names of VH personnel; quotes and information from restricted deposition transcripts; and Vail Health's confidential business information, including its organizational structure; and

- Pages 2-3 of Exhibit 9 to the Response (ECF No. 436-8) (attached as Ex. H to the Renewed Motion), which contain quotes from a restricted deposition transcript.

9.     Vail Health notes that Exhibit 2 contains several distinct documents, including several produced documents that were redacted for personally identifying information in the original produced versions.  These redactions were affirmed by the Special Master.  *See* ECF No. 381, at 7.  Because that personally identifying information was redacted from the produced documents, those redactions appear even in the restricted version of Exhibit 2.  Those produced documents have beginning Bates labels:  VH_Fed_00000994,  VH_Fed_00000965, VH_Fed_00000968,     VH_Fed_00000971,     VH_Fed_00000986,     VH_Fed_00000974, VH_Fed_00000977,  VH_Fed_00000980,  VH_Fed_00000983,  VH_Fed_00000988,  and VH_Fed_00000990.

10.    Vail Health seeks to restrict at Level 1 the following documents that have not been previously restricted, or only portions of which have been previously restricted, by the

Court:

- Exhibit 6 to the Response (ECF No. 436-5) (attached as Ex. E to the Renewed Motion). This document contains Vail Health's confidential business information, including the prices of its services and the quantity of those services delivered; and

- All portions of Exhibit 7 to the Response (ECF No. 436-6) (attached as Ex. F to the Renewed Motion) not identified in Paragraph 7. Pages 1-7 contain Vail Health's confidential business information, including an email attaching financial spreadsheets. Pages 55-59 contain Vail Health's confidential business information, including narrative information and data about Vail Health's financial performance. Pages 76-87 contain Vail Health's confidential business information, including data about Vail Health's financial performance.

11.     "[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the [records] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

12.     The law is clear that disclosure of financial data puts businesses at competitive risk that outweighs the presumption of public access. *Suture Express, Inc. v. Owens & Minor Distribution*, 851 F.3d 1029, 1047 (10th Cir. 2017) (sealing business's "confidential documents, financial information, and contracts"); *Snyder v. Beam Techs., Inc.*, Civil Action No. 20-cv-03255- NYW, 2022 U.S. Dist. LEXIS 219817, at *10 (D. Colo. Dec. 6, 2022) (holding that restriction of exhibit was appropriate where "public disclosure . . . could reveal [the party's] confidential financial information, and the risks of harm associated with public disclosure outweigh the presumption of public access"); *Rickaby v. Hartford Life & Accident*

*Ins. Co.*, No. 11-cv-00520- RM-BNB, 2016 U.S. Dist. LEXIS 53485, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party); *All Plastic, Inc. v. SamDan LLC*, Civil Action No. 20-cv-01318-NYW, 2021 U.S. Dist. LEXIS 136211, at *4 (D. Colo. Apr. 6, 2021) (finding restriction of documents appropriate to protect disclosure of nonpublic sales data).

13.     This Court has repeatedly rejected the argument that Vail Health, as a nonprofit healthcare system, has no privacy interest in its confidential business information, or that its privacy interest is outweighed by the public's interest in court records. (*See*, *e.g.*, ECF Nos. 136, 147, 224, 309, 310, 329).

14.     In addition, information that implicates common law privacy interests, such as names, addresses, and other personally identifiable information of non-party individuals, is protectible. *Brokop v. Farmland Partners Inc.*, Civil Action No. 18-cv-02104-DME-NYW, 2021 U.S. Dist. LEXIS 260441, at *7 (D. Colo. Dec. 16, 2021) (imposing Level 1 restriction of "personally identifiable information" of non-party former employee); *Markley v. United States Bank Nat'l Ass'n*, No. 19-cv-01130-RM-NYW, 2021 U.S. Dist. LEXIS 213922, at *11-12 (D. Colo. Sep. 14, 2021) (restricting document that "would reveal confidential information related to employees who are not parties to the instant action"); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000) (finding that the privacy rights of non-parties outweighed the public's interest in unfettered access to court records).

15.     The portions of the Response and Exhibits 2 and 4-9 that Vail Health proposes to restrict and were not previously restricted can be grouped into four categories: (1) Vail Health's Confidential Financial Data, (2) Vail Health's Confidential Business Information, (3)

Quotes from Confidential or Restricted Documents, and (4) Personal Information of Vail Health Personnel. Each category warrants Level 1 restriction. The disclosure of Vail Health's confidential financial and business information could cause competitive harm to Vail Health. The disclosure of the personal information of Vail Health's employees could cause harm to those individuals, and, moreover, the public has no interest in that information.

16. **Vail Health's Confidential Financial Data.** Exhibit 2 and Exhibit 7 contain Vail Health's confidential financial data.[2] This data appears in the form of spreadsheets, charts, graphs, and financial statements and analyses. The data is recent and its disclosure would pose a risk of competitive harm to Vail Health. *Suture Express, Inc.*, 851 F.3d at 1047 (sealing business's "financial information"); *All Plastic, Inc.*, 2021 U.S. Dist. LEXIS 136211, at *4 (finding restriction of documents appropriate to protect disclosure of nonpublic sales data). The law is clear that the risk of disclosure of financial data outweighs the public's interest in it.

17. **Vail Health's Confidential Business Information.** Exhibits 2 and 6-8 reveal Vail Health's confidential business information, including confidential employment offer letters, information from confidential draft contracts, Vail Health's prices, and Vail Health's corporate structure.[3] Publication of the details of Vail Health's prior employment and business contracts could create an unfair competitive advantage to Vail Health's competitors. It could also negatively impact Vail Health's relationships with its prior partners and disadvantage its ability to market itself to future partners. *See Snyder v. Beam Techs., Inc.*, 2022 U.S. Dist. LEXIS 219817, at *10 (restricting stock option agreement, finding its publication would negatively impact the party's relationships with customer and ability to market itself to

---

[2] This information is redacted on Page 32-35 of Exhibit B and on pages 55-59 and 76-87 of Exhibit F.
[3] This information is redacted on Pages 17-31, and 36-70 of Exhibit B, Pages 1-7, 55-59, and 76-87 of Exhibit F, and Pages 3, 9-10, 17, 21, and 27-28 of Exhibit G.  It is contained throughout Exhibit 6.

investors and clients).

18.     **Quotes from Restricted Documents.**  Exhibits 8 and 9 quote from restricted and confidential documents, including a deposition transcript.[4]  Information "derive[d] from documents . . . already designated as restricted" warrants the same restriction as the documents themselves.  *Murphy v. Schaible, Russo & Co.*, Civil Action No. 19-cv-02808-WJM-NYW, 2020 U.S. Dist. LEXIS 260737, at *10 (D. Colo. Nov. 12, 2020).  Quotations from restricted deposition transcripts and other restricted documents are entitled to the same Level 1 restriction afforded those documents.

19.     **Personal Information of Vail Health Personnel.**  Exhibits 2 and 8 include the names of Vail Health employees and former employees, with some pages also revealing employee addresses.[5]  This information implicates common law privacy interests, and it has no value to the public because it is not relevant to this dispute.  "There is no particular public interest in having access to documents that are not relevant."  *Valenzuela v. Coleman*, Civil Action No. 18-cv-00329- MSK-STV, 2020 U.S. Dist. LEXIS 190780, at *40 (D. Colo. Oct. 15, 2020) (imposing Level 1 restriction on individual's "driving record and application for a driver's license" because the materials were irrelevant to the dispute).  The proposed redactions of personal information about Vail Health employees are therefore entitled to restriction.

## <u>CONCLUSION</u>

Vail Health respectfully requests that the Court grant the Renewed Motion.

---

[4] This information is redacted on Pages 9-10 and 17 of Exhibit G, and Pages 2-3 of Exhibit H.
[5] This information is redacted on Pages 19-29 of Exhibit B and Pages 17, 21,and  27-28 of Exhibit G.

October 13, 2023

Respectfully submitted,

*/s/ Evan M. Rothstein*
Evan M. Rothstein (Bar No. 35990)
Colin O'Brien (Bar No. 41402)
David S. Jelsma (Bar No. 53916)
ARNOLD & PORTER KAYE
SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 863-1000
Evan.Rothstein@arnoldporter.com
Colin.Obrien@arnoldporter.com
David.Jelsma@arnoldporter.com

James L. Cooper
Francesca Pisano
Andrew Ellingsen
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
James.Cooper@arnoldporter.com
Francesca.Pisano@arnoldporter.com
Andrew.Ellingsen@arnoldporter.com

Leah Schultz
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana Street | Suite 4000
Houston, TX 77002-2755
Tel: (713) 576-2400
Leah.Schultz@arnoldporter.com

Sam Sullivan
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Sam.Sullivan@arnoldporter.com

*Counsel for Defendant Vail Health*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 13, 2023, I served via CM/ECF the foregoing **RENEWED**

**MOTION TO RESTRICT** on all counsel of record.

*/s/ Evan M. Rothstein*
Evan M. Rothstein
