# Exhibit L

# Public Redacted Version

# Document: ECF – 436-8 (Withhold)

Not Previously Restricted

Case 1:09-cv-02075-WJM-SKC Document 485-13 filed 10/13/23 USDC Colorado page 2 of 4

# EXHIBIT 9

# RESTRICTED

**From:** Alan Kildow <alkildow@aol.com>
**Sent:** Monday, August 8, 2022 10:22 AM
**To:** Stevenson, Shannon <Shannon.Stevenson@dgslaw.com>; Richards, Daniel <Daniel.Richards@dgslaw.com>
**Cc:** Roeder, Jackie <Jackie.Roeder@dgslaw.com>; 'sonya braunschweig' <sonya.braunschweig@gmail.com>
**Subject:** FW: Motion to Compel #2--Howard Head financial information

Counsel,

In the July 6 Report at para. 24, the Special Master stated that Vail Health argued that financial information about Howard Head cannot be separately identified or isolated. If that was true, the Report required Vail Health "to submit an affidavit by someone who can confirm such information cannot be identified or isolated, within 14 days" of the July 6 Report.  As of this writing, Vail Health has provided no such affidavit, nor did it object to that portion of the Special Master's Report.  Further, from the summary Howard Head financial information that Vail Health did produce, *see* Ex. 22 to Mot. to Compel #2 (VH_Fed_00764), and the number of analyses Brown undertook for multiple joint ventures, *see* Ex.19 to Pls.' Mot. to Compel # 2 (attaching Howard Head's "solid" financial "numbers" from a HH Income Statement Rollup by location for in patient and outpatient, as well as a breakdown of direct and indirect costs); Ex. 20 to Mot. to Compel #2 (attaching financial roll-up for Howard Head , this information does exist in response to Steadman's request for "up-to-date financials as well as a operating metrics for Howard Head").

So we know the information we seek exists--Brown admitted that in his sworn testimony.

During the July 29 conferral, Mr. Richards stated that the information Plaintiffs' seek is found in VH_Fed_00764, which Plaintiffs attached at Ex. 22 to Mot. to Compel #2. That one-page document is nothing more than a summary of information that does not break down the direct and indirect costs by category or by Howard Head location and is limited to FY 2015-2020. (*See* attachment to this email.) That document was created for purposes of litigation and notably does not match the information used by Brown for his analyses in Exs. 19-20 attached to Plaintiffs' Mot. to Compel #2.

To create the summary in VH_Fed_00764, Vail Health had to access the underlying financial source data that has not been produced and which we know exists from other documents produced in this action. *See* Exs. 19-20 attached to Mot. to Compel #2. Moreover, the summary information, which is limited to FY 2015 to 2020, does not encompass all the relevant years, which the Court previously ordered is from November 1, 2012 to the present.

As Plaintiffs have repeatedly explained, they seek the underlying financial data maintained in Vail Health's financial systems that support the summary found in VH_Fed_00764. Based on documents produced by Brown--in which he manipulated underlying financial data provided to him by Karen Hannah--we know that this data exists. *See* Exs. 19-20 to Mot. to Compel #2. We simply ask that you generate reports for each Howard Head location that identifies all revenues and expenses/costs (direct and indirect) for each subcategory, including gross revenues (in patient and out patient), revenue deductions, net patient revenue, other miscellaneous revenue, net operating revenue, net patient revenue less provision for bad debt, operating expenses by each category (salaries and wages by productive and nonproductive), employee benefits, supplies and materials by medical supplies pharmaceuticals, and other supplies, contracted services, professional fees, consulting fees, advertising and marketing, utilities, rental lease costs, other operating expenses, purchased department functions,  repairs and maintenance, depreciation, insurance services, other indirect allocations, and any other direct costs included in that category), total operating expenses, net operating income, net operating income, non operating income (expense), total non operating income (expense) excess of revenues over expenses, indirect expenses/allocation for such things as information services, health information management, patient financial services, insurance verification, human resources and any other indirect expenses included in the summary at VH_Fed_00764 as indirect expenses.  Examples of the types of financial detail that Howard Head maintains and which Plaintiffs seek can be found in Exs. 18-20 to Plaintiffs' Mot. to Compel #2.

We have asked for this basic financial information repeatedly and do not understand why you will not produce it, particularly when information is necessary to the running of any business, as Brown himself confirmed in his sworn testimony.  Similar information was provided to independent third-party consultants such as Haverford.  *See* Ex. 18 to Mot. to Compel #2 at VH_Fed_002041 (attaching 2015 financials for Howard Head). Plaintiffs have no way to verify what the direct and indirect expenses

are, or whether they were accurately stated in VH_Fed_00764. Moreover, VH_Fed_00764 lacks any evidentiary foundation.

Please produce the financial data Plaintiffs requested, as well as identify the person most knowledgeable about the production of the data, so that we may resolve a good portion of Motion #2 and make Judge Ruckriegle's job a whole lot easier.  Please confirm immediately whether the financial information outlined here will be produced, and when that will happen.  We would not that the Special Master's Report was issued on July 6, yet over one month later nothing has been produced and no affidavit was presented.  In  light of that chronology, you should be able to let us know the answers to these questions by the end of the day.  It's just (1) will you produce it, and (2) when you will produce it.

We look forward to your response.

Alan Kildow
970-390-6675