UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 19-cv-02075-WJM-GPG

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company,
and LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC. d/b/a VAIL HEALTH, a Colorado nonprofit corporation,

      Defendant.

---

**SPECIAL MASTER REPORT AND RECOMMENDATION
BASED UPON SPECIAL MASTER FINDINGS OF FACT AND CONCLUSIONS OF
LAW DENYING PLAINTIFFS' MOTION TO COMPEL NO. 6**

---

This matter has been referred to the Special Master by Magistrate Judge Crews, ECF No. 506, for a Report and Recommendation Regarding Plaintiffs Sports Rehab Consulting ("SRC"), LLC, and Lindsay Winninger's ("Plaintiffs") Motion to Compel No. 6 ("the Motion"). ECF No. 485. The Special Master has also considered Defendant Vail Health ("Vail Health's or Defendant's") Response, ECF. No. 495, Plaintiffs' Reply, ECF No. 499, and the arguments on the Motion presented at the Parties' November 28, 2023, status conference.

Defendant argues that the Special Master should Deny the Motion on multiple grounds: (1) Plaintiffs' Motion is untimely because Plaintiffs did not move for the requested relief prior to the close of fact discovery on December 21, 2021, despite knowing the factual issues underlying their Motion and having the opportunity to do so; (2) Plaintiffs' Motion is procedurally and substantively improper because Plaintiffs failed to serve Rule 45 subpoenas on the non-party individuals affected by their Motion and from whom Plaintiffs seek discovery; (3) Plaintiffs'

1

Motion is procedurally and substantively improper because Vail Health is not in possession, custody, or control of the personal devices of the affected non-party individuals from which Plaintiffs seek discovery; and (4) Plaintiffs have not met their burden to establish that the discovery sought by Plaintiffs is proportional to the needs of this case.

Defendant's also urge the Special Master to further Deny Plaintiffs' request for sanctions as moot and because the record confirms that Vail Health informed the non-party individuals through litigation hold notices of their obligation to preserve electronically stored information, including any relevant text messages in their possession, custody, or control. Defendants also claim Plaintiffs have not met their burden to establish spoliation as Plaintiffs presented no supporting evidence and never sought the production of the requested text messages from the non-party individuals in possession, custody, and control of the personal devices on which any such text messages would reside.

## BACKGROUND

Plaintiffs' Motion to Compel No. 6 seeks an order compelling Vail Health to produce text messages from the personal devices of three non-party individuals in this case: Doris Kirchner, Michael Shannon, and William Cook. Ms. Kirchner is the former CEO of Vail Health, Mr. Shannon is a former director of Vail Health, and Mr. Cook is the current CEO of Vail Health.

Plaintiffs served their First Set of Requests for Production of Documents on October 7, 2019. Vail Health objected to Plaintiffs' requests arguing that they sought documents not within Vail Health's possession, custody, or control, and that were therefore more properly obtained from third parties. Vail Health represented that, through its conferral and compliance memoranda, informed Plaintiffs of the repositories and custodians searched in its discovery responses. Vail Health did not represent to Plaintiffs that it collected text messages from Ms. Kirchner, Mr.

2

Shannon, or Mr. Cook. Plaintiffs were aware of Vail Health's position. *See* e.g., ECF No. 218 at 40:16-41:7.

Prior to the close of discovery in December 2021, Plaintiffs filed five motions to compel. Their motions raised legitimate disputes about the scope of Vail Health's collection and searches but made no specific reference to text messages. Defendant argued that "Some of the issues Plaintiffs raise are not properly before the Special Master because they were not presented in any of Plaintiffs' Motions to Compel #1-5. With respect to Plaintiffs' RFPs, these include…. issue #18 (Doris Kirchner's text messages)." Plaintiffs omitted raising this issue with regard to text messages in their list of discovery disputes before the Special Master at the close of discovery. *See* ECF No. 381 at 9-18.

After Defendant substituted its counsel in April 2023, Vail Health initially undertook efforts to comply with the previously long-disputed Orders on Motions to Compel No. 1-5 (which had been upheld by the Court), ECF Nos. 267, 381, 382, 383, 398, purportedly including collecting and reviewing nine additional custodians at Plaintiffs' request, performing a supplemental collection of emails between Vail Health custodians and its former Board chair Mr. Shannon, running additional search terms over the Vail Health emails of Ms. Kirchner, Mr. Shannon, and Mr. Cook, and proceeding with the rolling production of over 100,000 pages of documents. That is why, along with the suggestion of former Magistrate Judge Crews, the Special Master encouraged current counsel to meet and confer. Plaintiffs further requested that Vail Health produce text messages including those of Ms. Kirchner, Mr. Shannon, and Mr. Cook. Vail Health objected to this request as beyond the scope of Orders No. 1-5 and on the grounds that the requested text messages were not in their possession, custody, and control. Mr. Shannon and Ms. Kirchner have long been represented by separate counsel. Vail Health apparently contacted them in an

attempt to facilitate a potential agreement regarding the requested text messages as between them and Plaintiffs. When Vail Health could not secure an agreement for the voluntary production of the requested text messages, Vail Health suggested that Plaintiffs could serve Rule 45 subpoenas to which Vail Health would not object, regardless of the closure of fact discovery and Plaintiffs' failure to serve Rule 45 subpoenas. Plaintiffs declined to contact counsel for the affected individuals or serve Rule 45 subpoenas and instead filed the instant Motion.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

### I.  Plaintiffs' Motion is Untimely.

An aggrieved party has an obligation to raise discovery issues in a timely manner, and courts look to the close of discovery to determine whether a motion to compel is timely. *See Spacecon Specialty Contractors, LLC v. Bensinger*, 2011 WL 782677, at *2 (D. Colo. Mar. 1, 2011) (citation omitted); *Betts v. Work Zone Traffic Control, Inc.*, 2017 WL 3424996, at *1 (D. Colo. Aug. 9, 2017) (collecting cases). A court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. *See Santrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citation omitted).

Fact discovery in this matter closed on December 20, 2021. Plaintiffs have known since at least November 2021 that Vail Health did not produce the requested text messages in response to Plaintiffs' discovery requests, pursuant to Vail Health's objections and letters outlining its search process information. Despite filing five motions to compel while discovery was ongoing, Plaintiffs failed to include the text messages at issue here from Vail Health through a more timely motion to compel and chose not to serve any Rule 45 subpoenas on the affected third party individuals. Accordingly, the Special Master finds that Plaintiffs' Motion is untimely.

### II.  Plaintiffs Could Have Served Rule 45 Subpoena's During the Discovery Period

The Federal Rules of Civil Procedure establish the fundamental procedures for compelling discovery from non-party individuals. A more direct method for Plaintiffs to have sought production of text messages from the personal devices of the third party individuals would have been for Plaintiffs to serve Rule 45 subpoenas, given that two of the individuals were long represented by counsel known to Plaintiffs. *Zawadzki v. Community Hosp. Assn.*, 2010 WL 3085719, at *5 (D. Colo. Aug. 6, 2010) (denying motion for production of a defendant's own insurance files in the hands of a third-party and requiring plaintiff to proceed under Rule 45 so that "the parties are ensured proper process through federal law and rules"). Plaintiffs apparently decided not to serve such subpoenas or file this Motion prior to the close of discovery. They further chose not to serve the necessary subpoenas when Defendant offered the opportunity to do after discovery had closed. When Vail Health took it upon itself to inquire whether the third parties would voluntarily provide their personal/private text messages, Vail Health was unsuccessful in securing such voluntary production from these non-party, former Vail Health executives, Defendant urged Plaintiffs to pursue a subpoena, including agreeing to not object to such a subpoena. The Special Master recognizes that this approach might not have likely been successful considering the historical conflicts between counsel. But Plaintiffs could have then pursued potential remedies from the court. This itself justifies the Special Master recommending that the court grant leave for Plaintiffs to follow the Rule 45 process *only as to the issue of JOINDER*. Plaintiffs cite no authority in support of their position that Defendant itself must serve subpoenas on these individuals for discovery *sought by* Plaintiffs. Rule 45 does directly allow Plaintiffs to serve subpoenas on the affected non-party individuals, albeit former executives of the highest level, from whom Plaintiffs seek discovery.

Plaintiffs/SRC now contend that documents produced in the "last several months" places

5

text messages newly at issue. The Special Master finds this is *not* supported by the record. Plaintiffs' own submissions in support of its Motion rely on documents and testimony that were produced *prior* to the close of discovery in this matter, from years ago. *See Mot. at Exs. 4, 19, 22, and 23.* In those Exhibits showing exchanges between the parties, Plaintiffs did have opportunities to broach this issue, although they did not pursue motions or subpoenas prior to the close of discovery. Defendant claims Plaintiffs had opportunities to serve Rule 45 subpoenas on the affected individuals even after the close of discovery but did not. However, the record of the immediately preceding documents discloses that Plaintiff's did pursue a course of attempting to meet and confer with Defendant as they had been directed to do by both Magistrate Judge Crews and the Special Master. E.g. ECF No. 468. The current counsel's responsiveness was an improvement over prior counsels, but with minimal difference in outcome. The Special Master concludes that Plaintiffs' motion must be Denied due to failure to serve Rule 45 subpoenas on the non-party individuals Shannon, Kirchner and Cook, from whose personal devices Plaintiffs seek discovery. However, the Special Master recommends an appropriate remedy *in the interest of justice* as outlined above.

> **III. Vail Health is Not in Possession, Custody, or Control of the Personal Devices and Text Messages of the Non-Parties.**

Under Fed. R. Civ. P 34(a)(4)(1), parties have a right to request documents within the opposing party's possession, custody, or control. Documents are deemed to be within the possession, custody, or control if the party has actual possession, custody, or control or has the legal right to obtain them on demand. *See e.g., Cotton v. Costco Wholesale Corp.*, No. 12-2731-JW, 2013 WL 3819974, at *6 (D. Kan. July 24, 2013) (denying a motion to compel because employer did not have actual possession, custody, or control of employee's personal cell phones). *However, in its discovery responses and objections, Vail Health repeatedly expressed exceptions*

6

*and justification for not completely and totally conducting full searches of their records for such text messages. E.g. See* ECF 495-1 (Ex. A pp. 1-3, dated October 9, 2020) ; 495-4 p-1 paras. 2, 3 , 4.

Courts within the Tenth Circuit confirm that companies do not have possession, custody, or control of the devices and text messages of their employees. *See e.g., Douglas, et al. v. Bd. Of Trs. Of Cloud Cnty. Cmty. Coll.*, 2022 WL 4591750 at *1 (D. Kan. Aug. 20, 2022) ("The Court denied Plaintiffs' request that Defendant College be required to search its board members' personal computers, devices, and email accounts in response to the disputed discovery requests, because they are not in the Defendant College's possession, custody or control."); *Kickapoo Tribe of Indians of Kikapoo Rsrv. in Kan v. Nemaha Brown Watershed Dist.*, 294 F.R.D. 610, 613–14 (D. Kan. 2013) (finding the personal documents of former board members, staff, and employees were not in the defendant's possession, custody, or control); *Noaimi v. Zaid,* 283 F.R.D. 639, 642 (D. Kan. 2012) (finding that being a shareholder or an officer in a company was insufficient to find that documents were in the company's control).

Defendant argues that this legal authority supports the conclusion that Vail Health does not have possession, custody, or control of Ms. Kirchner, Mr. Shannon, or Mr. Cook's personal devices and thus have no legal right to force these individuals to turn over their personal devices to Vail Health for collection, review, and production of text messages in this litigation. Nevertheless, it does not support a conclusion that VH *did not ever* possess such in their records. Plaintiffs cite Vail Health's Code of Conduct, indemnification agreements for Mr. Shannon and Ms. Kirchner, and Vail Health's D&O Insurance Policy as purported evidence of Vail Health's control over these individuals text messages, but none of these agreements cover personal devices or provide Vail Health the enforceable right to collect and produce these individual's personal

7

devices and text messages for use in this case. Nevertheless, none of these individuals have agreed to turn over their personal devices for production in this case. *See* Mot. at Ex. 7, Rep. Ex. 8; Opp. at Ex. E. Therefore, the Special Master concludes Plaintiffs' Motion itself should be Denied on those grounds.

### IV. Discovery of These Third-Party Text Messages Are Necessary and Proportionate to the Needs of the Case.

Even taking into consideration that Plaintiffs did not file a timely motion and/or serve the requisite subpoenas, Plaintiffs have met their burden to establish that the discovery sought from the personal devices is necessary and proportionate to the needs of this case. The Special Master finds that such evidence, in its limited focus relating to expansion of physical therapy facilities ets., is necessary and proportionate. The Special Master can confidently make such a finding based upon having seen several areas of evidence while serving in this capacity in both state and federal courts since the initial appointments July 18, 2019, and July 20, 2021. *ECF. No. 123.*

Under Fed. R. Civ. P. 26(b)(1), discovery must be relevant and proportional to the needs of the case. To determine proportionality, a court should examine whether the discovery sought would help meaningfully resolve the existing dispute. *See GSL Grp., Inc. v. Travelers Indem. Co.*, 2020 WL 4282291, at *12 (D. Colo. July 24, 2020) (denying motion to compel where discovery sought would not resolve the existing issues in dispute). This dispute and the evidence surrounding it is so complex and conflicted that it is not realistic to making a findings that any one piece or type of evidence would "resolve the issues." However, the Special Master finds that this particular type of evidence could contribute to the outcome of this case. Hint- that is why this issue has been so hard-fought by Vail Health and its counsel for years.

Plaintiffs have preliminarily demonstrated that the production of Mr. Shannon, Ms.

8

Kirchner, and Mr. Cook's text messages is relevant and proportional to the needs of the case, and that their production could meaningfully help resolve this case. Vail Health brags that it has now made a substantial document production in this case, totaling over 100,000 pages. Much of what Defendant has now produced is what Vail Health should have produced months, or in some instances years ago, but refused apparently on advice of counsel. To the credit of current counsel, most, if not all, of this was in compliance with recommendations of the SM and Orders of the court. Accordingly, the Special Master declines to recommend that the Motion be denied because I find that Plaintiffs have met their burden to show the text messages sought are necessary and proportionate to the needs of this dispute.

## V. It is Unclear Whether Vail Health has Met its Duty to Preserve Evidence.

To prove spoilation, the movant must show by a preponderance of the evidence that the opposing party failed to preserve evidence or destroyed it. *See Grabenstein v. Arrow Elecs., Inc.*, 2012 WL 1388595, at *2 (D. Colo. Apr. 23, 2012); *Oldenkamp v. United American Insurance Company*, 619 F. 3d 1243, 1251. Plaintiffs do not meet this moderate bar because they have not presented evidence to support their spoliation claim-even that Vail Health ever had possession, custody, or control of these texts.

The record shows that Vail Health fulfilled its obligation to preserve documents by issuing litigation hold notices to potential custodians in both the state and federal court cases, including to Ms. Kirchner, Mr. Shannon, and Mr. Cook, the individuals whose text messages are at issue in Plaintiffs' Motion. ECF No. 495 Ex. E ¶¶ 3-4. Vail Health's litigation hold notice advised the recipients to preserve all relevant information including "documents, paper files, and electronically stored information" and expressly requested the individuals preserve "employee personal email accounts, and even cell phone or I-Pads if used for text or instant messenger for business purposes."

The mere fact that Vail Health does not now possess the devices containing these non-party text messages does not prove spoilation.  It exhibits that Vail Health did not have legal possession, custody, or control over the personal devices and text messages to begin with, ECF No. 495 Ex. E ¶ 5,  and Vail Health does not have a legal right to force their production in this case.  Plaintiffs have not taken the alternative steps to collect any relevant text messages from the affected individuals, much less met their burden to establish spoilation.  Consequently, the Special Master concludes that Plaintiffs' request for sanctions should be Denied.

### Recommendations

Therefore, the Special Master concludes that Plaintiffs' Motion should be Denied as follows:

1. Vail Health is not required to collect, review, or produce text messages from the personal devices of Michael Shannon, Doris Kirchner, or Will Cook because Plaintiffs' Motion was untimely and should be Denied.

2. The Special Master concludes that Defendant's argument that Plaintiff's Motion should be Denied on the grounds that Plaintiffs failed to serve the requisite Rule 45 subpoenas on the affected individuals is not a justifiable basis for Denial.

3. Vail Health does not now have nor ever had possession, custody, or control of these individuals' personal devices based upon the Declaration of Katie Lawler ECF No. 495 Ex. E ¶ 5, and  the Special Master recommends Plaintiff's Motion be Denied. Because of the special circumstances and specific findings herein, the Special Master does recommend that Plaintiffs be allowed a very limited opportunity such as seven (7) days to pursue the remedy of Rule 45 subpoenas upon Michael Shannon and Doris Kirchner to turn over their cell phones or specific text messages

10

      requested by Plaintiffs in this case. See ECF No. 512 p. 2, ¶ 2.

4.    The Special Master concludes that the requested discovery is proportionate to the needs of this case and recommends that the Motion not be Denied on that basis.

5.    Plaintiffs' request for sanctions in general should be Denied on the grounds that Plaintiffs did not meet their burden to establish possession or destruction as a basis for sanctions.

### Objections to this Report and Recommendation:

Adopting the requirements of Fed. R. Civ. P. 72(a), the Special Master directs that any party may file Objections to the Magistrate Judge within 14 days of the date of this Report.

      Dated this 29th day of April 2024.

*W. Terry Ruckriegle*

*Special Master*

*Box 3305*

*Breckenridge, CO 80424*

*970-390-9865 phone*

*terry@ruckriegle.com*