IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02075-WJM-SBP

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and,
LINDSAY WINNINGER, an individual,

    Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation d/b/a Vail Health,

    Defendant.

## ORDER GRANTING RENEWED MOTION FOR LEAVE TO RESTRICT

**Susan Prose, United States Magistrate Judge**

This matter is before the court on defendant Vail Clinic, Inc.'s ("Vail") Renewed Motion for Leave to Restrict, ECF No. 572 ("Renewed Motion") after it was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1). *See* Memorandum, ECF No. 574. Plaintiffs Sports Rehab Consulting, LLC, and Lindsay Winninger ("Plaintiffs") oppose the Renewed Motion, ECF No. 584 ("Response"). For the reasons below, the Renewed Motion is **GRANTED**.

### BACKGROUND

Only a cursory summary of the allegations in this case is necessary to place the issues in the Renewed Motion in context. At one time, Plaintiffs were engaged in the business of providing physical therapy and rehabilitation services in and around the Vail Valley in Colorado. They contend that Vail, through its Vail Health entity and associated facilities and providers, has

1

secured a monopoly on the provision of physical therapy services in the Vail Valley and that Vail has engaged in anticompetitive acts in order to control prices and stifle competition from unaffiliated physical therapy providers like the Plaintiffs.

Previously, Vail sought leave to restrict Plaintiffs' Opposition to Motion for Summary Judgment, ECF No. 543, and certain documents attached in support of the motion. *See* ECF No. 552 ("Previous Motion"). The court denied the Previous Motion without prejudice to refiling. ECF No. 561 ("Previous Order"). The court explained that any renewed motion must:

> (1) specifically identify, with precision, each item of "confidential business and financial information" it claims is disclosed in the Plaintiffs' summary judgment response brief and which should be restricted from public access;
> (2) not seek restriction for any item of information (in the particular form identified in the Plaintiffs' brief or in any substantially-similar form) that has been publicly disclosed previously in any manner, e.g. in this litigation, in publicly-available administrative or regulatory filings, in press releases, or otherwise; and
> (3) explain how competitors could make adverse use of the information if it were publicly-revealed, or what other privacy interest Vail asserts is applicable to the information. These are nothing more than the existing requirements of Local Rule 7.2(c), but the court emphasizes that compliance with those requirements calls for far more analysis than Vail has offered in its prior motions to restrict.

Previous Order at 11-12.

Vail's Renewed Motion purports to heed the court's instructions and argues that it has properly justified its requests for restricting the documents specified in the motion. The court respectfully agrees.

**LEGAL STANDARDS**

Motions to restrict are governed by D.C.COLO.LCivR 7.2. That rule creates a presumption that all documents filed with the court will be made available for public access. Local Rule 7.2(a). A party seeking to restrict access to a particular document must: (1) identify

2

the document to be restricted; (2) identify a clear and serious injury that would result if public access to that document were maintained; (3) demonstrate that the filer's private interest in restricting access outweighs the public interest in access to the document; and (4) show why alternatives to restriction, such as redaction or summarization, are impractical and why restriction is the only reasonable way to adequately protect the filer's privacy interest. D.C.COLO.LCivR 7.2(c)(1)-(4).

There is a presumption that documents filed in a lawsuit pertinent to a judicial determination should be freely available to the public. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012). The presumption is of longstanding duration:

> The presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records-rights which are "beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984). The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Of course, the public's right of access is not absolute. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion to seal documents if the public's right of access is outweighed by competing interests. *Id.* The court exercises this discretion in light of the relevant facts and circumstances of the particular case. *Id.* The party seeking to restrict public access "must articulate a real and substantial interest that justifies depriving the

public of access to the records that inform [the court's] decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (recognizing that "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing").

## ANALYSIS

Having carefully reviewed the Renewed Motion, the Response, and the documents for which Vail seeks restrictions, the court is persuaded by the reasoning in the Renewed Motion that the requirements set forth in D.C.COLO.L.Civ.R 7.2 have been met. The Renewed Motion details why restrictions are appropriate for each document for which Vail seeks to restrict access. *See generally* Renewed Motion. Specifically, Vail explains how each document implicates information which, if disclosed, could harm Vail's competitive position. *See, e.g.*, Renewed Motion at 5 (exhibits "reflect confidential, internal strategy and monetary impacts related to Vail Health's billing"); *id.* at 6 (explaining that information related to leases "could be improperly leveraged against Vail Health . . . by future counterparties to contracts"); *id.* (documents "reflect the internal business and negotiation strategies" that could be leveraged against Vail Health . . . to adversely influence an arms-length transaction"); *id.* at 6-7 (document contains "sensitive financial and commercial considerations" regarding billing rates); *id.* at 8 (document contains "detailed financial and commercial information" concerning an "unconsummated joint venture," including information about "gross margin operating income/[Earnings Before Interest, Taxes, Depreciation, and Amortization]"); *id.* at 9 (explaining that document that could be leveraged against Vail "by allowing physical therapy competitors to see non-public information about

4

referrals, patient visits, and pricing that they could use to gain a competitive advantage against Vail").

This detailed approach demonstrates Vail's good-faith efforts to comply with the Previous Order and Local Rule 7.2. While Plaintiffs generally disagree with Vail's characterization of the sensitivity of the information, the court finds that Vail is in a better position to assess the impact of disclosure on its competitive position. Furthermore, the court observes that no third party has objected to Vail's request for restrictions, indicating that the documents at issue are not of heightened public concern. Accordingly, Vail's Renewed Motion for Leave to Restrict is **GRANTED**.

The Clerk's Office is requested to maintain Level 1 restrictions on the following Exhibits to Plaintiff's Opposition to Motion for Summary Judgment, ECF No. 543-1:

(1) Exhibits 1-4 (ECF Nos. 543-2 to 543-5);

(2) Exhibits 9-10 (ECF Nos. 543-7 and 543-8);

(3) Exhibits 17-23 (ECF Nos. 543-15 to 543-21);

(4) Exhibit 46 (ECF No. 543-26);

(5) Exhibit 48 (ECF No. 543-28);

(6) Exhibits 53-54 (ECF Nos. 543-33 and 543-34);

(7) Exhibit 75 (ECF No. 543-38);

(8) Exhibit 77 (ECF No. 543-40);

(9) Exhibit 79 (ECF No. 543-41);

(10) Exhibit 82 (ECF No. 543-43);

(11) Exhibit 87 (ECF No. 543-47); and

   (12) Exhibits 90-93 (ECF Nos. 543-49 to 543-52).

Additionally, the Clerk's Office is requested to:

   (1) Maintain a Level 1 restriction on Plaintiff's Opposition to Motion for Summary Judgment, ECF No. 543-1, and to file Exhibit A to the Renewed Motion, ECF No. 572-1, as a public version of that document; and

   (2) Maintain a Level 1 restriction on Exhibit 11 to Plaintiff's Opposition to Motion for Summary Judgment, ECF No. 543-9, and file Exhibit B to the Renewed Motion, ECF No. 572-2, as a public version of that document.[1]

DATED: March 31, 2025       BY THE COURT:

                  _____
                  Susan Prose
                  United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").