**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-2075-WJM-SBP

SPORTS REHAB CONSULTING LLC, a Colorado limited liability company, and
LINDSAY WINNINGER, an individual,

      Plaintiffs,

v.

VAIL CLINIC, INC., a Colorado nonprofit corporation, d/b/a Vail Health,

      Defendant.

_____

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT VAIL CLINIC, INC.'S MOTION FOR LEAVE TO SUBMIT
DETAILED TIME RECORDS *EX PARTE* FOR *IN CAMERA* REVIEW**
_____

Before the Court is Defendant Vail Clinic, Inc.'s Motion for Leave to Submit

Detailed Time Records *Ex Parte* for *In Camera* Review (ECF No. 637) ("Motion").

Plaintiffs Sports Rehab Consulting LLC and Lindsay Winninger (jointly, "Plaintiffs") filed

a response, to which Vail Health filed a reply.  (ECF Nos. 646, 649.)  For the following

reasons, the Motion is granted in part and denied in part.

**I.      ANALYSIS**

In August 2025, the Court granted Vail Health's motion for summary judgment.

(ECF No. 628.)  That Order is currently on appeal before the Tenth Circuit Court of

Appeals.  (ECF No. 241.)

In October 2025, Vail Health moved for $2,267,218.35 in attorneys' fees as a

sanction for Plaintiffs' and Plaintiffs' counsel's alleged vexatious conduct pursuant to the

1

Court's inherent authority and 28 U.S.C. § 1927.  (ECF No. 636.)  It also filed a

contemporaneous motion asking the Court to review Vail Health's counsel's billing

entries in support of the fee motion *in camera—i.e.,* outside the reach of Plaintiffs.  (ECF

No. 637.)  Vail Health insists that *in camera* review "is warranted due to the privileged

and confidential information contained in the time records and the risk of harm to Vail

Health from disclosure."  (*Id.* at 1.)  It also asserts, in footnotes, that *in camera* review is

necessary based on its "joint-defense privilege" and to protect its counsel's

"commercially sensitive pricing and financial information . . . ."  (*Id.* at 4 n.3; 5 n.4.)

Plaintiffs oppose the Motion on several grounds.  (ECF No. 646.)  In their view,

Local Rule 54.3 forecloses the Motion because it demands that a moving party disclose

detailed descriptions of the services rendered, the time expended, and the hourly rate

charged for each person for whom the fees are claimed.  (*Id.* at 2.)  Plaintiffs also assert

that Vail Health waived its request for *in camera* review by disclosing in a declaration

the amount of fees it has incurred in this case (roughly $8 million) and revealing its

litigation strategies during settlement conference, mediation, and in its various motions

filed throughout the case.  (*Id.* at 7.)  Finally, Plaintiffs say that granting the Motion

would deprive them of due process.  (*Id.* at 9.)

The Court disagrees with Plaintiffs that Local Rule 54.3 controls here.  That

argument would have more purchase if Vail Health were moving for fees as a prevailing

party.  But it's not.  Vail Health is moving for fees pursuant to the Court's inherent

authority and section 1927.  (*See generally* ECF No. 636.)  Another Judge in this District

has explained why that distinction matters:

Defendant contends Rule 54.3 is inapplicable to his motion, because the motion is for section 1927 sanctions in the form of attorney fees and is, thus, not a motion for attorney fees to which the Local Rule applies. (Def.'s Fees and Sanctions Reply at 5–6.) I agree. Local Rule 54.3 plainly states that it applies to 'motion[s] for attorney fees,' rather than motions for sanctions. D.C.Colo.LCivR 54.3 (2007). Moreover, I find Federal Rule of Civil Procedure 54(d)(2) persuasive by analogy. As discussed above, this rule lays out the prerequisites to counsel receiving attorney fees, including that the moving party must 'state the amount or provide a fair estimate of the amount sought.' Fed.R.Civ.P. 54(d)(2)(B) (2007). Subsection (d)(2)(E) of the rule, however, makes clear that the prerequisites for receipt of fees 'do not apply to claims for fees and expenses as sanctions for violation of these rules or under [section] 1927.' Fed.R.Civ.P. 54(d)(2)(E) (2007); *see Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1226 (10th Cir.2006) (noting that defendant's counsel's failure to specify the basis for the ultimate award in violation of Federal Rule of Civil Procedure 54 [d] [2][B] was irrelevant in the context of a motion for section 1927 sanctions).

*Graymore, LLC v. Gray*, 2007 WL 4062706, at *6 (D. Colo. Nov. 15, 2007). Based on this reasoning, the court found that the moving party's "failure to support his request for fees as a sanction with an affidavit and detailed description of the basis for the fees does not render the motion unviable." *Id.* And the court added that "[it] would require such information to calculate any fees owed, but it does not need the information to determine whether sanctions are due." *Id.* In other words, the *Graymore* court made clear that a court—not the non-moving party—must review detailed billing entries to assess attorneys' fees under section 1927. *Id.*

The Court is persuaded by this reasoning. Moreover, the Court observes that the Tenth Circuit has affirmed a district court's authority to review billing records *in camera* where doing so would protect privileged or otherwise confidential information. *See, e.g.,*

3

*Team Sys. Int'l, LLC v. Haozous*, 706 Fed. App'x. 463, 466 (10th Cir. 2017) (affirming district court's authority to review billing statements and time records in camera); *United States v. Anderson (In re Grand Jury Subpoenas)*, 906 F.2d 1485, 1492–93 (10th Cir. 1990) (holding that fee contracts could reveal attorney-client privilege and noting that *in camera* review of any of possibly privileged documents would be appropriate).

Still, the Court observes that it has some discretion in deciding whether to grant a motion for *in camera* review in these circumstances.  *See Team Sys. Int'l, LLC*, 706 Fed. App'x. at 466–67 ("Accordingly, we are not persuaded the district court *abused its discretion* when it conducted its *in camera* review of the billing statements and time records.") (emphasis added).  And here, given the extraordinary amount of fees Vail Health seeks, as well as the fact that the Court would likely benefit from adversarial input as to the reasonableness of Vail Health's billing records, the Court will exercise its discretion to give Plaintiffs access to *some* of Vail Health's billing records on a redacted basis.  The extent of that access is outlined below.

## II.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.    The Motion is GRANTED IN PART AND DENIED IN PART as follows;

2.    Vail Health shall file **unredacted** copies of its counsel's detailed time records *ex parte* for the Court's *in camera* review as to **all fees** it seeks—including the categories listed below (ECF No. 636-1 at 27–34)—by no later than **April 13, 2026.** This filing shall be filed under **Restriction Level 3**;

3.    Vail Health shall file **redacted** copies of its counsel's detailed billing

records as to the following categories of fees it seeks:

     a. Fees as to the Scheduling Order Dispute (ECF No. 636-1 at 27);

     b. Fees as to the Text Messages and Motion to Compel No. 6 (*id.* at 29); and

     c. Fees as to Sanctions Threats and Allegations of Criminal and Fraudulent Conduct (*id.* at 31).

These redacted time records shall be filed under **Restriction Level 1**, as stipulated by Plaintiffs, by no later than **April 15, 2026**.  (*See* ECF No. 637 at 2 n.2 ("Plaintiffs do not oppose affording Vail Health's detailed time records with Level 1 restrictions under D.C.COLO.LCivR 7.2(b) . . . .").)  **Vail Health is ORDERED to redact from their time records ONLY that information which is CLEARLY subject to the attorney-client privilege or work product doctrine**;

4.     Should Vail Health ultimately decide that it cannot, for whatever reason, produce the required redacted documents to Plaintiffs, it shall withdraw its fees motion by no later than **April 15, 2026;** and

5.     Plaintiffs shall file a supplemental brief in opposition to Vail Health's fee motion (ECF No. 636) which addresses the issues raised by the billing records ordered produced above by no later than **April 30, 2026**.  Vail Health shall file a reply to this supplemental opposition brief by no later than **May 8, 2026**.

     Dated this 9th day of April, 2026.

BY THE COURT:

_____

William J. Martínez

5

Senior United States District Judge